Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice* Motion
    Forthcoming)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., | Case No.: 5:20−cv−02332 JWH (KKx) |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S
## <u>MOTION TO DISMISS COMPLAINT</u>

.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................... iii

STATEMENT OF THE MOTION ........................................................ 1

INTRODUCTION AND STATEMENT OF FACTS ............................. 1

ARGUMENT ........................................................................................ 2

I.    Legal Standard ........................................................................ 2

II.   First Cause of Action ............................................................. 2

    A. Plaintiff Failed to Plead Sufficient Allegations Under Any Theory or Subset of Fraud to Establish a *Prima Facie* Case and Fails to Plead Damages ....................................................... 2

    B. Plaintiff Failed to Plead with Particularity a Fraudulent Inducement Theory of Fraud........................................................ 3

    C. Plaintiff Failed to Plead with Particularity a Nondisclosure Theory of Fraud............................................... 4

    D. Plaintiff Failed to Plead with Particularity a Concealment Theory of Fraud............................................... 5

    E. Plaintiff Failed to Adequately Plead Damages and Failed to Plead Damages Resulted from any type of Fraud........................................ 6

III.  Second Cause of Action ....................................................... 7

IV.  Third Cause of Action .......................................................... 8

    A. Plaintiff Alleged an Implied-In-Fact Contract when the Contract was an Express Contract............................................... 8

    B. Plaintiff Failed to Specify the Dates Payments Needed to be Made to avoid the Lienholder from Repossessing the Vehicle......................... 9

V.    Fourth Cause of Action ........................................................ 10

VI.  Fifth Cause of Action .......................................................... 12

A. Plaintiff Failed to Allege Wrongful Conduct by Mr. Heredia in
   Sufficient Detail to Support His Claim ............................................. 13

B. Plaintiff Failed to Allege Interference With Probable
   Expectancies .................................................................................... 13

VII.   Sixth Cause of Action .............................................................................. 14

VIII.  Seventh Cause of Action .......................................................................... 15

IX.    Eighth Cause of Action ............................................................................ 16

CONCLUSION .................................................................................................... 17

# TABLE OF AUTHORITIES

## CASES

*Agnew v. Parks*, 172 Cal.App.2d 756 (1959) .......................................................... 6

*All. Mortg. Co. v. Rothwell*, 10 Cal.4th 1226 (1995)............................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................................. 2, 13

*Beckwith v. Dahl*, 205 Cal.App.4th 1039 (2012).................................................. 5, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................................... 2, 12

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*,

    162 Cal.App.4th 858 (2008)............................................................................ 5

*Brea v. McGlashan*, 3 Cal.App.2d 454 (1934) ........................................................ 17

*Brewer v. Indymac Bank*, 609 F.Supp.2d 1104 (E.D. Cal. 2009)............................. 5

*Cerra v. Blackstone*, 172 Cal.App.3d 604 (1985) ................................................... 11

*Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1 (1977) ................... 16

*Copart, Inc. v. Sparta Consulting, Inc.*,

    277 F.Supp.3d 1127 (E.D. Cal. 2017) ............................................................ 3

*Division of Labor Law Enforcement v. Transpacific Transportation Co.*,

    69 Cal.App.3d 268 (1977) ............................................................................... 9

*Duke v. Superior Court*, 18 Cal.App.5th 490 (2017)......................................... 10-11

*E. J. Franks Construction, Inc. v. Sahota*,

    226 Cal.App.4th 1123 (2014)....................................................................... 15

*Engalla v. Permanente Med. Grp., Inc.*,

    15 Cal.4th 951 (1997), as modified (July 30, 1997)...................................... 3

*Food Safety Net Services v. Eco Safe Systems USA, Inc.*,

    209 Cal.App.4th 1118 (2012) ........................................................................ 3

*Goehring v. Chapman University*, 121 Cal.App.4th 353 (2004)............................... 7

*Hall v. Dep't of Adoptions*, 47 Cal.App.3d 898 (Ct. App. 1975)............................. 6

*In re De Laurentiis Entertainment Group, Inc.*,
  963 F.2d 1269 (9th Cir. 1992) ...................................................... 16

*Kaar v. Wells Fargo Bank, N.A.*,
  2016 WL 3068396 (N.D. Cal. Jun. 1, 2016) ................................... 9

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ........................... 4, 5, 8

*Knox v. Dean*, 205 Cal.App.4th 417 (2012) ................................................ 7

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003) ................ 13

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) ...................... 2

*Lazar v. Superior Court*, 12 Cal.4th 631 (1996) ........................................... 3

*Lee v. Hanley*, 61 Cal.4th 1225 (2015) ...................................................... 11

*Los Defensores, Inc. v. Gomez*, 223 Cal.App.4th 377 (2014) ........................... 16

*Lovejoy v. AT & T Corp.*, 92 Cal.App.4th 85 (2001) .................................... 5

*Maglica v. Maglica*, 66 Cal.App.4th 442 (1998) ......................................... 8

*Marvin v. Marvin*, 18 Cal.3d 660 (1976) .................................................. 8

*Misha Consulting Grp., Inc. v. Core Educ. and
  Consulting Solutions, Inc.*,
  2013 WL 6073362 (N.D. Cal. Nov. 15, 2013) ............................... 9

*McGough v. University of San Francisco*,
  214 Cal.App.3d 1577 (1989) ..................................................... 8

*Ochs v. PacifiCare of California*, 115 Cal.App.4th 782 (2004) ........................ 15

*Parino v. BidRack, Inc.*, 838 F.Supp.2d 900 (N.D. Cal. 2011) ...................... 3, 4

*Patrick v. Alacer Corp.*, 167 Cal.App.4th 995 (2008) .................................. 7

*Richman v. Hartley*, 224 Cal.App.4th 1182 (2014) ..................................... 9

*Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal.4th 394 (1996) ....................... 3

*Roy Allan Slurry Seal, Inc., v. American Asphalt South*,
  2 Cal.5th 505 (2017) ............................................................ 13

*RSB Vineyards, LLC v. Orsi*, 15 Cal.App.5th 1089 (2017) ........................... 4

*Slaieh v. Simons*, 584 B.R. 28 (C.D. Cal. 2018) ..................................................... 7-8

*Small v. Fritz Companies, Inc.*, 30 Cal.4th 167 (2003) ............................................ 7

*Unilab Corp. v. Angeles-IPA*, 244 Cal.App.4th 622 (2016) ................................. 8, 9

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ............................ 2

*Ward v. Nat'l Entm't Collectibles Ass'n, Inc.*,

    2012 WL 12885073, (C.D. Cal. Oct. 29, 2012) ........................................... 6

*Westside Center Associates v. Safeway Stores 23, Inc.*,

    42 Cal.App.4th 507 (1996) ......................................................... 14

*Youst v. Longo*, 43 Cal.3d 64 (1987) ..................................................... 14

## STATUTES

15 U.S.C § 6308 ..................................................................... 14

15 U.S.C. § 6309(d) ................................................................. 15

Cal. Civil Code § 1619 ............................................................. 8

Cal. Com. Code § 9609 ............................................................. 9

## REGULATIONS

4 CCR § 222 ........................................................................ 1

## RULES

Fed. R. Civ. P. 9(b) ........................................................... 2, 4, 5

Fed. R. Civ. P. 12(b)(6) ........................................................... 1

## OTHER

55 Cal. Jur.3d Restitution 360-61 (1980) ............................................ 16

B. Witkin, *Summary of California Law: Contracts § 91* (1987) .......................... 16

## STATEMENT OF THE MOTION

Defendant Ralph Heredia, through undersigned counsel and pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(6), respectfully submit this memorandum of points and authorities in support of his motion to dismiss all claims brought against him in Counts I, II, III, IV, V, VI, VII, and VIII of Plaintiff's Complaint (ECF 3). Mr. Heredia requests that all claims be dismissed.

## INTRODUCTION AND STATEMENT OF FACTS

On September 4, 2012, Plaintiff, Joseph "JoJo" Diaz, Jr., signed a "Boxer-Manager Contract" with Rafael ("Ralph") and Moses Heredia along with the California State Athletic Commission ("Commission"). Boxer-Manager Contracts by regulation can only last five years. 4 CCR § 222. On February 23, 2017, Mr. Diaz, Ralph Heredia, and Moses Heredia signed a release from the 2012 contract and Mr. Diaz and Moses Heredia signed a new Boxer-Manager Contract. Mr. Larry Ervin from the Commission oversaw the signing of the release and the new contract. *See* Complaint at ¶¶2, 44, & 45.

Through the Heredias keen management, Mr. Diaz flourished and on January 30, 2020, Mr. Diaz became the International Boxing Federation super featherweight world champion by defeating Tevin Farmer. Complaint at ¶1. This fight occurred only through the advocacy of the Heredias.

After Mr. Diaz became a world champion, MTK Global, another boxing management company, reached out to Mr. Diaz and offered him, upon information and belief, an advance of $100,000 on his next purse. MTK Global provided this advance in exchange for Mr. Diaz signing a "marketing advisory" agreement. Upon information and belief, MTK Global hired VGC, LLP to file suit on behalf of Mr. Diaz in an attempt to drive a wedge between Mr. Diaz and his current boxing manager. This case is simply about a rival company inducing a boxer to breach his contract based on promises of future success.

**ARGUMENT**

This Court should grant Defendant Ralph Heredia's motion to dismiss for the following reasons:

**I.** **Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be sure, the facts alleged need not be "detailed." *Twombly*, 550 U.S. at 555. But they must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]" *Id*. Where a pleading offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the pleading "will not do." *Id*. And while a court assumes the truth of the factual allegations, it does not assume the truth of legal conclusions or accept inferences that a plaintiff draws. *See Iqbal*, 556 U.S. at 678; *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, complaints involving fraud must be plead with particularity. Fed. R. Civ. P. 9(b).

**II.** **First Cause of Action**

**A.** **Plaintiff Failed to Plead Sufficient Allegations Under Any Theory or Subset of Fraud to Establish a *Prima Facie* Case and Fails to Plead Damages.**

Plaintiff's first cause of action must be dismissed because it fails to allege a *prima facie* case of fraud under California law. Further, fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action."). The elements of fraud in California are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or

"scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *See e.g.*, *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). California law contains several varieties of fraud. Plaintiff failed to plead with particularity the type of fraud he is alleging. Regardless, Plaintiff failed to allege a *prima facie* case of any subset of fraud under California law.

**B.      Plaintiff Failed to Plead with Particularity a Fraudulent Inducement Theory of Fraud.**

Plaintiff alleges in his Complaint at ¶63 that Defendant Heredia allegedly "induce[d]" Plaintiff into contract. "Fraud in the inducement is a subset of fraud." *Parino v. BidRack, Inc*., 838 F.Supp.2d 900, 906 (N.D. Cal. 2011). "A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud. An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." *Lazar*, 12 Cal.4th at 638 (citations omitted). "Promissory fraud or fraud in the inducement, a subspecies of fraud and deceit, has the same elements [as fraud] but also requires that the 'defendant fraudulently induce[d] the plaintiff to enter into a contract.'" *Copart, Inc. v. Sparta Consulting, Inc.,* 277 F.Supp.3d 1127, 1148 (E.D. Cal. 2017) quoting *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 973-974 (1997), as modified (July 30, 1997).

"Fraud in the inducement … occurs when the promisor knows what he is signing but his consent is *induced* by fraud." *Rosenthal v. Great W. Fin. Sec. Corp*., 14 Cal.4th 394, 415 (1996) (internal citations omitted) (emphasis in the original). "To establish a claim of fraudulent inducement, one must show that the defendant did not intend to honor its contractual promises when they were made." *Food Safety Net Services v. Eco Safe Systems USA, Inc.*, 209 Cal.App.4th 1118, 1131 (2012). "To plead a claim for fraud in the inducement, Plaintiffs' allegations

must be sufficiently detailed to meet the heightened Rule 9(b) pleading standard for fraud." *Parino*, 838 F.Supp.2d at 906.

Plaintiff failed to plead that Defendant Heredia did not intend to honor his contractual promises. Plaintiff stated in his complaint that the 2017 contract was between Plaintiff and Mr. Moses Heredia—who is not a defendant in this case. As such, there is no management contract between Plaintiff and Defendant Heredia. Therefore, Defendant Heredia did not induce Plaintiff nor could have Defendant Heredia induced Plaintiff. Assuming, *arguendo,* that Defendant Heredia set up some sort of scheme to "use" his half-brother, Mr. Moses Heredia, a duly-licensed boxing manager per the Complaint, there is still no fraud as the Plaintiff received everything he bargained for to include becoming a world champion boxer under the management of the Heredias. Clearly, helping a boxer achieve world-champion status does not show that at the time of contract formation Defendant Heredia did not intend to honor his promises, contractual or otherwise. Thus, Plaintiff failed to plead that Defendant Heredia or Mr. Moses Heredia did not intend to honor their contractual promises. As such, any cause of action for fraud in the inducement must be dismissed.

## C.   Plaintiff Failed to Plead with Particularity a Nondisclosure Theory of Fraud.

Plaintiff alleges in his Complaint at ¶63-64 that Defendant Heredia "intentionally concealed and/or failed to disclose" facts to the Plaintiff. Nondisclosure is a claim for misrepresentation in a cause of action for fraud. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1127 (9th Cir. 2009). "[A] cause of action for misrepresentation requires an affirmative statement, not an implied assertion." *RSB Vineyards, LLC v. Orsi*, 15 Cal.App.5th 1089, 1102 (2017). "[T]here are two causation elements in a fraud cause of action. First, the plaintiff's actual and justifiable reliance on the defendant's misrepresentation must have

caused him to take a detrimental course of action. Second, the detrimental action taken by the plaintiff must have caused his alleged damage. *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1062 (2012). A nondisclosure must be pleaded with particularity under Rule 9(b). *Kearns*, 567 F.3d at 1127.

Plaintiff pleads that the nondisclosure in this case concerns various alleged concealments. Complaint ¶62. Plaintiff fails to allege when these alleged misrepresentations or nondisclosures occurred, where they occurred, and to whom they occurred. Plaintiff additionally fails to allege any justifiable reliance or that any said reliance caused Mr. Diaz to take a detrimental course of action. To the contrary, it was under the Heredias' management that Mr. Diaz flourished and became a world champion. Further, Plaintiff contracted with Mr. Moses Heredia – not Defendant Heredia. As such, any cause of action for fraud based on nondisclosure or misrepresentation must be dismissed.

**D.     Plaintiff Failed to Plead with Particularity a Concealment Theory of Fraud.**

Plaintiff also alleges that Defendant Heredia concealed certain facts from Plaintiff. "Concealment is a species of fraud or deceit." *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal.App.4th 858, 868 (2008). "The following elements must be proven to establish a fraud by concealment claim: 1) the defendant concealed or suppressed a material fact, 2) the defendant was under a duty to disclose the fact to the plaintiff, 3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, 4) the plaintiff was unaware of the fact and would not have acted as he did had he known of the concealed or suppressed fact, and 5) the plaintiff sustained damages as a result of the concealment or suppression of the fact." *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1120–21 (E.D. Cal. 2009) citing *Lovejoy v. AT & T Corp.*, 92 Cal.App.4th 85, 96 (2001). Plaintiff fails to allege with particularity why the facts

allegedly concealed are material. Complaint at ¶62. Plaintiff fails to allege that Mr. Heredia was under any duty to disclose the allegedly concealed facts to Plaintiff. Plaintiff fails to allege Mr. Heredia intentionally concealed any fact with the requisite intent to defraud. Plaintiff does not plead with particularity the harm caused by the alleged concealment. As such, any cause of action for fraud based on concealment must be dismissed.

**E.     Plaintiff Failed to Adequately Plead Damages and Failed to Plead Damages Resulted from any type of Fraud.**

Plaintiff alleges in his Complaint at ¶67 that Plaintiff "has suffered damages in an amount to be proved at trial." Plaintiff failed to allege and cannot allege any damages here. "It is the rule that fraud without damages is not actionable." *Agnew v. Parks*, 172 Cal.App.2d 756, 768 (1959). The Heredias, through Heredia Boxing Management, managed the Plaintiff to become a world champion boxer. While damages are not required to be pled with particularity, they must in fact be pled. *Ward v. Nat'l Entm't Collectibles Ass'n, Inc*., 2012 WL 12885073, at *6 (C.D. Cal. Oct. 29, 2012) (internal citations omitted). A bald assertion of harm is not enough to sustain a *prima facie* case. "Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically)." *Hall v. Dep't of Adoptions,* 47 Cal.App.3d 898, 904 (Ct. App. 1975). Further, California recognizes two measurements of damages in fraud claims: "out-of-pocket" and "benefit-of-the-bargain." *All. Mortg. Co. v. Rothwell*, 10 Cal.4th 1226, 1240 (1995).

> The 'out-of-pocket' measure of damages 'is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received." The 'benefit-of-the-bargain' measure, on the other hand, is concerned with satisfying the expectancy interest of the defrauded

plaintiff by putting him in the position he would have enjoyed if the false representation relied upon had been true; it awards the difference in value between what the plaintiff actually received and what he was fraudulently led to believe he would receive.

*Id.* Neither of these measurements of damages is pleaded. The complaint does not state what Plaintiff believed he was going to receive and did not in fact receive. "In an action for common law fraud, damage is an essential element of the cause of action. Misrepresentation, even maliciously committed, does not support a cause of action unless the plaintiff suffered consequential damages." *Patrick v. Alacer Corp.*, 167 Cal.App.4th 995, 1016–1017 (2008) (internal citations and brackets omitted). "If the existence—and not the amount—of damages alleged in a fraud pleading is 'too remote, speculative or uncertain,' then the pleading cannot state a claim for relief." *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 202 (2003). "At the pleading stage, the complaint 'must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated." *Id.* "It is not enough for the complaint to allege damage was suffered. The fraud plaintiff must also allege his damages were caused by the actions he took in reliance on the defendant's misrepresentations." *Beckwith*, 205 Cal.App.4th at 1064, citing *Goehring v. Chapman University*, 121 Cal.App.4th 353, 364–365 (2004). There are no out of pocket damages as Plaintiff cannot point to any actual loss. Further, Plaintiff received everything he was supposed to get as part of the benefit of the bargain. As such, any cause of action for fraud or any subset of fraud must be dismissed.

## III.   Second Cause of Action

The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary duty, breach of that duty, and damage proximately caused by that breach. *Knox v. Dean*, 205 Cal.App.4th 417, 432-433 (2012); *see also*

*Slaieh v. Simons*, 584 B.R. 28, 41 (C.D. Cal. 2018). Here, Plaintiff fails to plead anything beyond conclusory terms, fails to plead damages beyond stating they will be proved at trial, and fails to plead how any alleged damages were proximately caused by an alleged breach of fiduciary duty. To the extent that Plaintiff's allegations are based on claims of fraud, they have not been pled with sufficient particularity as required. *See Kearns*, 567 F.3d at 1126. Moreover, Plaintiff signed his contract with Mr. Moses Heredia as part of Heredia Boxing Management – not Defendant Heredia. As such, the allegations of a breach of a fiduciary duty are directed at the wrong entity and/or individual, and this cause of action must be dismissed.

**IV.   Third Cause of Action**

   **A.   Plaintiff Alleged an Implied-In-Fact Contract when the Contract was an Express Contract**

   A contract may be express or implied. Cal. Civil Code § 1619. "[A]n implied-in-fact contract entails an actual contract, but one manifested in conduct rather than expressed in words." *Maglica v. Maglica*, 66 Cal.App.4th 442, 455 (1998). "The true implied contract, then, consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words." *McGough v. University of San Francisco*, 214 Cal.App.3d 1577, 1584 (1989). "An implied-in-fact contract is based on the conduct of the parties. Like an express contract, an implied-in-fact contract requires an ascertained agreement of the parties." *Unilab Corp. v. Angeles-IPA*, 244 Cal.App.4th 622, 636 (2016) (internal citation omitted). "If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the

surrounding circumstances, then the contract is an implied one." *Marvin v. Marvin*, 18 Cal.3d 660, 678, fn. 16 (1976) (internal citation omitted).

Here, Plaintiff states that there was an agreement to loan the vehicle. Complaint at ¶76. This verbal agreement is not conduct based and hence the contract is an express contract. As this is an express contract, this cause of action must be dismissed.

**B.     Plaintiff Failed to Specify the Dates Payments Needed to be Made to avoid the Lienholder from Repossessing the Vehicle.**

Assuming, *arguendo*, that this is an implied contract, the cause of action still fails. Breach of contract, express or implied, requires the same elements to be pleaded. *See Division of Labor Law Enforcement v. Transpacific Transportation Co.*, 69 Cal.App.3d 268, 275 (1977) ("As to the basic elements, there is no difference between an express and implied contract."). "To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014). "To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant." *Kaar v. Wells Fargo Bank, N.A.*, 2016 WL 3068396, at *1 (N.D. Cal. Jun. 1, 2016). This requires the plaintiff to "identify with specificity the contractual obligations allegedly breached by the defendant." *Misha Consulting Grp., Inc. v. Core Educ. and Consulting Solutions, Inc.*, 2013 WL 6073362, at *1 (N.D. Cal. Nov. 15, 2013). Under California law no notice of default is required to repossess a vehicle. Cal. Com. Code § 9609.

Plaintiff alleges that the contract was a loan contract, wherein Mr. Heredia would purchase the car and presumably hold title and then provide the car to Plaintiff while Plaintiff paid Mr. Heredia for the car in agreed upon increments.

Plaintiff then alleges that Mr. Heredia breached the implied-in-fact contract by taking possession of the car, by not returning Plaintiff's payment of $25,000.00 and by not compensating Plaintiff for the $4000.00 in modifications to the car and the alleged $300.00 left in the car. Complaint at ¶¶76-79. Plaintiff, however, does not provide any fact revealing the content of the terms of the alleged contract. In other words, Plaintiff has identified acts which the Plaintiff believes to constitute breach without identifying: (1) what Plaintiff's own duties under the contract were [such as terms of the repayment obligation] and what requirements had been placed on Plaintiff and (2) what obligations were placed on Mr. Heredia. Moreover, it is unclear on what grounds Mr. Heredia's action in repossessing his own car constitutes breach, especially in light of the fact that repossession for failure to pay is permitted under California law. Nor does Plaintiff state that Mr. Heredia was prohibited from repossessing the vehicle when Plaintiff defaulted on the loan agreement.

Plaintiff has not demonstrated that an implied-in-fact contract plausibly existed. Plaintiff alleges that Mr. Heredia breached the contract, without identifying what terms Mr. Heredia is alleged to have breached and without identifying what obligations Plaintiff had under the alleged contract. As such, this court should dismiss Plaintiff's cause of action predicated on breach of an implied-in-fact contract, because Plaintiff has not provided sufficient fact to support the plausible existence or breach of an implied-in-fact contract.

## V.     Fourth Cause of Action

To sustain a conversion cause of action under California law, a plaintiff must demonstrate that (1) plaintiff had a right to possess an item of personal property; (2) that defendant substantially interfered with plaintiff's property right; (3) that plaintiff did not consent; (4) that plaintiff suffered harm; and (5) that defendant's conduct was a substantial factor in causing plaintiff's harm. *See Duke v. Superior*

*Court*, 18 Cal.App.5th 490, 508 (2017); *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015); *Cerra v. Blackstone*, 172 Cal.App.3d 604, 609 (1985) ("The first element of that cause of action is his ownership or right to possession of the property at the time of the conversion.").

Plaintiff offers a formulaic restatement of the elements underlying a conversion cause of action and concludes that Mr. Heredia acted in violation of each element. Plaintiff, however, fails to present a factual basis in support of the fundamental element of ownership. *See Cerra*, 172 Cal.App.3d at 609.

Plaintiff asserts that he owned or was entitled to possess the tickets for other matches, the 18% manager's fee and the $29,300.00 in connection to the vehicle. Plaintiff, however, does not allude to any factual basis in support of his alleged right to possess or own the aforementioned items.

Plaintiff's contractual agreement with Mr. Moses Heredia explicitly reserves an 18% fee to the manager as payment, meaning that Plaintiff has no entitlement, contractual or otherwise, to the amount contained in the 18% fee. Moreover, contrary to the position stated above, Plaintiff's complaint recognizes that the tickets were at the discretion of the promoter to distribute. Plaintiff does not provide any evidence of a right to tickets and as such his claim of legal entitlement to certain types of tickets or seat access. In addition, Plaintiff states that he has a contractual right to the $29,300.00 in connection to the alleged repossession of the vehicle. Plaintiff fails to demonstrate that such a contract existed, and similarly fails to provide what general terms of the alleged contract may be. As such, Plaintiff cannot indicate which general terms of the alleged implied-in-fact loan contract compelled such a contractual right to the return of the $25,000.00 in payments, the $4,000.00 that Plaintiff put into in modifying the car, or ownership of the car. Merely claiming the existence of a contract without providing an indication of the contract's contents is simply a naked conclusion without any

factual support. This is exactly the sort of naked conclusion that is well suited for dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Nor does plaintiff provide any factual support to buttress his claim for the $300.00 which Plaintiff claims he left in the car. In summation, Plaintiff fails to demonstrate that he owns the items on which he bases his conversion claim.

Plaintiff also alleges that 2% of his earnings were converted because Mr. Heredia used the 2% to pay for legal services. Plaintiff's allegation is that Mr. Heredia paid for legal services for the benefit of Mr. Heredia using Plaintiff's money without the consent of Plaintiff. Plaintiff does not identify any such occasion or occurrence where legal services were used for the benefit of Mr. Heredia; as such, Plaintiff's allegation is completely unsupported by fact. Plaintiff therefore fails to put forward a plausible argument that is more than just labels and conclusions with respect to his allegations concerning the legal fees. Thus, Plaintiff fails to put forward any facts in support of his conversion pleading in regards to the 2% of his earnings, and fails to establish any factual basis for his claims of ownership over the 18% fee, the tickets to matches, and the vehicle related sum of approximately $29,300.00 in total. Plaintiff therefore fails to satisfy pleading standards and as such, plaintiff's cause of action concerning conversion should be dismissed.

## VI.   <u>Fifth Cause of Action</u>

Plaintiff's complaint must be dismissed because it fails to allege a *prima facie* case of tortious interference with prospective economic advantage under California law. To establish this claim, a plaintiff must show that: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) economic harm to the

plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003). Because Plaintiff fails to state adequate facts satisfying the first and third elements, the complaint must be dismissed.

### A.   Plaintiff Failed to Allege Wrongful Conduct by Mr. Heredia in Sufficient Detail to Support His Claim.

A claim for tortious interference of prospective economic advantage requires showing of intentional acts on the part of the defendant designed to disrupt the relationship. *Id*. Plaintiff alleges that Mr. Heredia has engaged in intentional and wrongful conduct designed to interfere with the relationship between Plaintiff and the promotor. Complaint, ¶ 92. However, there are not sufficient facts in the Complaint to support such allegations. Instead, the Complaint consists merely of repetitive statements that defendant "did not vigorously negotiate with Golden Boy" so that he "can squeeze more out of Golden Boy for himself and his other clients" and Mr. Heredia failed to "adequately protect or advance" Plaintiff's interests. Complaint, ¶¶ 41, 42, 92. These conclusory allegations, without any factual support, should not be accepted by this Court. *See Iqbal*, 556 U.S. at 678 (noting that while a court assumes the truth of the factual allegations, it does not assume the truth of legal conclusions or accept inferences that a plaintiff draws.) Because Plaintiff fails to point to specific wrongful conduct by defendant, the claim does not rise "above the speculative level" and should be dismissed.

### B.   Plaintiff Failed to Allege Interference With Probable Expectancies.

Additionally, to prove the tort of intentional interference with prospective economic advantage, a plaintiff must establish the probability of future economic benefits.  *See Roy Allan Slurry Seal, Inc., v. American Asphalt South*, 2 Cal.5th 505, 509 (2017). In other words, a plaintiff must prove that "it is reasonably

probable the plaintiff would have received the expected benefit had it not been for the defendant's interference." *See Westside Center Associates v. Safeway Stores 23, Inc*., 42 Cal.App.4th 507, 523 (1996). If, however, the probability of economic benefit is too speculative, a court will found the claim insufficient. *See Youst v. Longo*, 43 Cal.3d 64, 77 (1987) (holding that the loss of chance to win a sporting contest is too speculative to support a tortious interference claim.) Notably, the *Youst* court ruled that the plaintiff failed to properly state a claim because "the complaint only alleged in conclusory terms that defendant's wrongful interference resulted in a lost opportunity to finish higher in the money." *Id.*

Here, like in *Youst*, Plaintiff's expectancy of prospective economic advantage is speculative in nature. Plaintiff alleges that Mr. Heredia wrongfully disrupted his economic relationship with the promotor because, but for defendant's interference, he would have fought better matches, and the more challenging and high profile the bouts he fought, the faster he would build on his pedigree and further advance his career, and ultimately obtain greater purses. (Complaint at ¶¶91, 93.) This causal sequence is unduly attenuated and speculative as Plaintiff did failed to specify any particular bout he would have, or even reasonably could have, fought in, but for the alleged misdeeds of Plaintiff. Because Plaintiff fails to meet the requirement of showing reasonable expectancy of future benefits, the claim must be dismissed.

In conclusion, because Plaintiff fails to state adequate facts satisfying the first element and the third element, the claim of tortious interference with prospective economic advantage must be dismissed.

## VII.    Sixth Cause of Action

15 U.S.C § 6308 makes it unlawful for "a manager—(i) to have a direct or indirect financial interest in the promotion of a boxer;" or "(ii) to be employed by or receive compensation or other benefits from a promoter, except for amounts

received as consideration under the manager's contract with the boxer." If such actions were to occur, then federal law provides a private right of action to the individual boxer so long as the individual "suffers economic injury." 15 U.S.C. § 6309(d). Plaintiff's cause of action fails on both points.

First, Plaintiff failed to allege that Defendant Heredia is employed by Golden Boy Promotions. Plaintiff failed to allege beyond conclusory statements that Defendant Heredia received "benefits" from Golden Boy Promotions. Complaint at ¶99. Plaintiff mentions only one alleged benefit—tickets to a fight— yet fails to allege that these tickets were specifically received in connection with any management of Mr. Diaz performed by the Heredias.

Second, Plaintiff failed to allege beyond any conclusory terms that the alleged tickets received caused harm to Plaintiff. Specifically, that Plaintiff failed to receive any monies owed him or that he was unable to secure a particular bout. Plaintiff summarily states that "Diaz *would* have earned more money and/or benefits," Complaint at ¶ 101 (emphasis added), yet fails to specify the amount of money, what specific benefits he would have received, or that he would have been entitled to, or eligible to receive, such money or benefits. Indeed, Plaintiff had a detailed promotion agreement between him and Golden Boy that was entire separate from any dealings with Plaintiff and Heredia Boxing. This contract controlled any additional money or benefits. This contract was not and could not be altered by Defendant Heredia. As such, this cause of action must be dismissed.

## VIII. <u>Seventh Cause of Action</u>

Quantum meruit is a Latin phrase that means "as much as deserved." It is used when there is no contract or agreement in place. *See E. J. Franks Construction, Inc. v. Sahota*, 226 Cal.App.4th 1123, 1127–1128 (2014). "To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either

an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." *Ochs v. PacifiCare of California*, 115 Cal.App.4th 782, 794 (2004). It is an "equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the *reasonable value* of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (emphasis added) (citing B. Witkin, *Summary of California Law: Contracts § 91* (1987); 55 Cal. Jur.3d Restitution 360-61 (1980)). "The whole point of quantum meruit recovery is compensate plaintiffs who have provided a benefit to defendants but who do *not* have a contract—expressed or implied—with those defendants." *Id.* at 1272 (emphasis in original).

This cause of action fails on two points. First, there was a contract for the boxing management and allegedly for the car. Second, Plaintiff has not alleged that he has not been compensated a "reasonable value" for his "services rendered," or that the alleged tickets received by Defendant Heredia were intended as a particular benefit for said services. As such, this cause of action should be dismissed.

## IV.    Eighth Cause of Action

An action for an accounting is equitable in nature. It may be brought to compel the defendant to account to the plaintiff for money or property, (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *See Los Defensores, Inc. v. Gomez*, 223 Cal.App.4th 377, 401 (2014); *see also Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1, 14 (1977).

To plead a request for an accounting, a complaint "need only state facts showing the existence of the relationship which requires an accounting and the

statement that some balance is due the plaintiff." *Brea v. McGlashan*, 3 Cal.App.2d 454, 460 (1934).

Plaintiff asks for an accounting however he asks for an accounting from Defendant Heredia, not Mr. Moses Heredia, the boxing manager he has contracted with, or from Heredia Boxing Management, the boxing management company ran by Mr. Moses Heredia. As the Plaintiff failed to state facts showing the proper relationship that requires an accounting, this cause of action should be dismissed.

**CONCLUSION**

For the foregoing reasons, Mr. Ralph Heredia respectfully requests that this Court dismiss Plaintiff's complaint in its entirety.

Dated: December 9, 2020                    Respectfully submitted,


/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (310)795-6905
RDhungana@fedpractice.com

Eric S. Montalvo (*Pro Hac Vice* motion forthcoming)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

# CERTIFICATE OF SERVICE

I hereby certify that on December 9 2020, I filed the foregoing Defendant Ralph Heredia's Memorandum of Points and Authorities in support of his Motion to Dismiss Complaint with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via certified mail and email to the following:

James L. Greeley (SBN 218975)
    jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
    dvazquez@vgcllp.com
Alexander R. Safyan (SBN 277856)
    asafyan@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.


Dated: December 9, 2020                    Respectfully submitted,


                                           /s/ *Rajan O. Dhungana*
                                           Rajan O. Dhungana (SBN: 297794)
                                           FEDERAL PRACTICE GROUP
                                           1750 K Street, N.W., Suite 900
                                           Washington, D.C. 20006
                                           Telephone: (310)795-6905
                                           RDhungana@fedpractice.com


                                           Eric S. Montalvo (*Pro Hac Vice* motion
                                           forthcoming)
                                           FEDERAL PRACTICE GROUP

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT – CERTIFICATE OF SERVICE

1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFENDANT'S MOTION TO DISMISS COMPLAINT – CERTIFICATE OF SERVICE