1   James L. Greeley (SBN 218975)
      jgreeley@vgcllp.com
2   Diyari Vázquez (SBN 222461)
      dvazquez@vgcllp.com
3   Alexander R. Safyan (SBN 277856)
      asafyan@vgcllp.com
4   VGC, LLP
    1515 7th Street, No. 106
5   Santa Monica, California 90401
    Telephone:   (424) 272-9885
6
    Attorneys for Plaintiff
7   JOSEPH DIAZ, JR.

8

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11                    **EASTERN DIVISION**

12

13  JOSEPH DIAZ, JR.,                    Case No. 5:20-cv-02332-JWH-KK

14            Plaintiff,                 **PLAINTIFF'S OPPOSITION TO
                                         DEFENDANT RALPH HEREDIA'S
15       v.                             MOTION TO DISMISS**

16  RALPH HEREDIA, true name             Date:        January 8, 2021
    RAFAEL HEREDIA TARANGO, a/k/a        Time:        9:00 a.m.
17  RAFAEL HEREDIA, a/k/a RAFAEL         Courtroom:   2
    BUSTAMANTE; JOHN DOE, ESQ.;         Judge:       Hon. John W. Holcomb
18  and JANE DOES 1 through 20,
    inclusive,                           [Declaration of Alexander R. Safyan
19                                       and Proposed Order submitted
            Defendants.                  herewith]
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................... 2

ARGUMENT ........................................................................................................... 4

I.    Heredia Failed to Comply with the Central District's Local Rules in Filing His Motion to Dismiss ...................................................................................... 4

II.   Heredia's Motion to Dismiss Fails on the Merits ............................................ 5

    A.    Plaintiff Adequately Alleges Fraud Based on Heredia's Concealment of Material Facts ...................................................................................... 5

    B.    Plaintiff Adequately Alleges Breach of Fiduciary Duty ......................... 8

    C.    Plaintiff Adequately Alleges Breach of Contract Relating to the Lexus ...................................................................................................... 9

    D.    Plaintiff Adequately Alleges Conversion of Specific Amounts of Money and Personal Property ............................................................... 11

    E.    Plaintiff Adequately Alleges Tortious Interference with His Business Relationship with Golden Boy ............................................... 12

    F.    Plaintiff Adequately Alleges Violation of the Ali Act ......................... 14

    G.    Plaintiff Adequately Alleges Quantum Meruit ..................................... 15

    H.    Plaintiff States a Right to an Accounting ............................................. 17

CONCLUSION ...................................................................................................... 17

1

# TABLE OF AUTHORITIES[1]

2

C<small>ASES</small>

3

4
Alcatel-Lucent USA, Inc. v. Dugdale Comms., Inc.,
  2009 WL 3346784 (C.D. Cal. Oct. 13, 2019) .......................................... 4

5

6
Andrews Farms v. Calcot, Ltd.,
  527 F. Supp. 2d 1239 (E.D. Cal. 2007) ................................................... 7

7
Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ................................................................................ 5

8

9
Atencio v. TuneCore, Inc.,
  2017 WL 10059254 (C.D. Cal. Aug. 17, 2017) ............................... 16, 17

10

11
Baldwin v. Marina City Props., Inc.,
  79 Cal. App. 3d 393 (1978) ................................................................... 13

12
Blank v. Kirwan,
  39 Cal. 3d 311 (1985) ........................................................................... 13

13

14
Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................................ 5

15

16
Brea v. McGlashan,
  3 Cal. App. 2d 454 (1934) ..................................................................... 17

17
Cerra v. Blackstone,
  172 Cal. App. 3d 604 (1985) ................................................................. 12

18

19
Division of Labor Law Enforcement v. Transpacific Transp. Co.,
  69 Cal. App. 3d 268 (1977) ..................................................................... 9

20

21
Golden Boy Promotionos LLC v. Haymon,
  2017 WL 460736 (C.D. Cal. Jan. 26, 2017) ............................................ 8

22
Haigler v. Donnelly,
  18 Cal. 2d 674 (1941) ........................................................................... 11

23

24
Haggerty v. Warner,
  115 Cal. App. 2d 468 (1953) ................................................................. 15

25

26
In re De Laurentiis Ent't Group, Inc.,
  963 F.2d 1269 (9th Cir. 1992) ............................................................... 15

27

28
[1] All emphases in this brief are added and internal citations omitted unless stated otherwise.

ii

Jaffe v. Carroll,
   35 Cal. App. 3d 53 (1973) ........................................................................ 9

Keen Consulting Group v. Rugged Events Holdings, LLC,
   2019 WL 6646701 (C.D. Cal. July 11, 2019) ........................................ 16

Knutson v. Foster,
   25 Cal. App. 5th 1075 (2018) .................................................................. 8

Lazar v. Super. Ct.,
   12 Cal. 4th 631 (1996) ............................................................................ 6

Lee v. Hanley,
   61 Cal. 4th 1225 (2015) .......................................................................... 11

Lovejoy v. AT&T Corp.,
   92 Cal. App. 4th 85 (2001) ...................................................................... 6

Maglica v. Maglica,
   66 Cal. App. 4th 442 (1998) .................................................................... 5

McKell v. Wash. Mutual, Inc.,
   142 Cal. App. 4th 1457 (2006) .............................................................. 10

Menjivar v. Trophy Props. IV DE, LLC,
   2006 WL 2884396 (N.D. Cal. Oct. 10, 2006) ....................................... 7

Navarro v. Block,
   250 F.3d 729 (9th Cir. 2001) ............................................................... 1, 5

Oakdale Vill. Group v. Fong,
   43 Cal. App. 4th 539 (1996) .................................................................. 11

Sateriale v. R.J. Reynolds Tobacco Co.,
   697 F.3d 777 (9th Cir. 2012) .................................................................. 5

Singer v. Live Nation Worldwide, Inc.,
   2012 WL 123146 (C.D. Cal. Jan. 13, 2012) .......................................... 4

Starr v. Baca,
   652 F.3d 1202 (9th Cir. 2011) ........................................................... 5, 10

Stevens v. Super. Ct.,
   180 Cal. App. 3d 605 (1986) .................................................................. 6

Superbalife, Int'l v. Powerpay,
   2008 WL 4559752 (C.D. Cal. Oct. 7, 2008) .......................................... 4

Teselle v. McLoughlin,
    173 Cal. App. 4th 156 (2009) ................................................................ 17

Welco Elecs., Inc. v. Mora,
    223 Cal. App. 4th 202 (2014) ................................................................ 11

William Morris Endeavor Ent't, LLC v. Writers Guild of America,
    --- F. Supp. 3d ---, 2020 WL 5640591 (C.D. Cal. 2020) .......................... 8

Wright v. Old Gringo Inc.,
    2018 WL 6568199 (S.D. Cal. Dec. 13, 2018) ........................................ 7

Youst v. Longo,
    43 Cal. 3d 64 (1987) ............................................................................ 13

STATUTES

15 U.S.C. § 6308 ............................................................................................ 14

15 U.S.C. § 6308 ............................................................................................ 15

Cal. Civ. Code § 1572 ...................................................................................... 6

Cal. Civ. Code § 1709 ...................................................................................... 6

Cal. Civ. Code § 1710 ...................................................................................... 6

Fed. R. Civ. P. 8 ............................................................................................ 16

L.R. 7-3 ........................................................................................................... 4

L.R. 7-4 ...................................................................................................... 4, 5

OTHER AUTHORITIES

Witkin, Summ. Of Cal. Law, Contracts .......................................................... 17

# INTRODUCTION

Defendant Ralph Heredia ("Heredia") seeks dismissal of every cause of action in Plaintiff Joseph Diaz, Jr.'s ("Plaintiff" or "Diaz") Complaint.  Heredia's motion is flawed in numerous ways and should be denied.

First, Heredia failed to comply with the Central District's Local Rules in filing his motion.  Most notably, Heredia's counsel did not meet and confer with Plaintiff's counsel in accordance with Local Rule 7-3 (or at all), which meet and confer could have resolved any ambiguities Heredia's counsel perceived in the Complaint.  Courts in the Central District routinely deny motions for failure to comply with the meet and confer requirement, and this is sufficient grounds by itself for the Court to deny Heredia's motion.

Second, Heredia's motion largely ignores the facts actually pleaded in the Complaint and substitutes its own version of events to create disputed factual issues that are inappropriate on a motion to dismiss.  Heredia begins his motion by making his own allegations "upon information and belief" regarding a non-party, MTK Global, who has nothing to do with the facts alleged by Plaintiff against Defendants in this case.  (See Def.'s Mem. of Points & Authorities (Dkt. 9-1) ("Mem.") at 1.) Heredia then accuses *Plaintiff* of breaching a contract with another non-party, Heredia's half-brother Moses, but has asserted no crossclaims and cannot in any event show how Plaintiff has breached that contract (because he has not).  Not only are Heredia's allegations factually incorrect, but, more importantly, they are improper at the pleading stage, where the court accepts as true all factual allegations pleaded by the plaintiff and all reasonable inferences to be drawn therefrom.  See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

At bottom, Heredia's motion is filled with arguments that improperly *dispute* the facts pleaded in the Complaint (e.g., that his implied contract with Plaintiff regarding the 2016 Lexus RC350 was actually express) and demand a level of specificity that is not required under the law (e.g., that Plaintiff allege exact dollar

1

amounts of damages under multiple claims—which Plaintiff does anyway).  Plaintiff has alleged more than sufficient factual content and has satisfied every element of his claims against Defendants.  If the Court decides to consider the merits of Heredia's motion, it should deny it on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a world champion professional boxer.  (Compl. (Dkt. 3) ¶ 1.) Heredia is his boxing manager, which is a defined role under the federal Muhammad Ali Boxing Reform Act ("Ali Act") and means Heredia owes a fiduciary duty to Plaintiff.  (Id. ¶¶ 2-3, 16, 29, 61.)  Rather than fulfill his fiduciary and other obligations to Plaintiff, Heredia manipulated, exploited, and stole from Plaintiff in all the numerous specific ways alleged in the Complaint.  Heredia concealed from Plaintiff, among other things, that he is a convicted felon using the name "Ralph Heredia" as an alias and that he is not licensed by the California State Athletic Commission ("Commission") as a boxing manager.  (Id. ¶¶ 4, 36, 44-45, 47, 61-67.) Heredia used his half-brother Moses, who is licensed by the Commission, to sign the boxing manager agreement with Plaintiff (the "Current Agreement") to get the necessary approval from the Commission, but Moses simply served as a "paper manager," while Defendant Heredia served as Plaintiff's *de facto* manager.  (Id. ¶¶ 4, 36-38, 40, 44-47, 58, 71-74.)  Heredia traded on Plaintiff's name and reputation to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions, and to sign other fighters, all of whom he also signed with Golden Boy. (Id. ¶¶ 5, 39-40, 42, 46.)  Heredia then repeatedly put his own interests over Plaintiff's interests, including by currying favor with Golden Boy rather than vigorously advocating for Plaintiff in negotiations, obtaining illicit benefits from Golden Boy at Plaintiff's expense, and failing to adequately advance Plaintiff's career.  (Id. ¶¶ 38-42, 55-58, 83, 89-94, 99-101, 104.)

Heredia did not just fail to protect Plaintiff's interests—as he was legally required to do—but he also actively *stole* from Plaintiff.  Despite the Current

2

Agreement calling for an 18% manager's fee (which was contractually owed to Moses Heredia, not Defendant Heredia), Defendant Heredia stole an extra 2%.  (Id. ¶¶ 43, 48-51, 83, 104.)  When Plaintiff confronted Heredia about the extra 2%, Heredia responded that this was the fee for "Diaz's lawyer" who Heredia had retained on Diaz's behalf to help with his affairs.  (Id. ¶ 48.)  But Plaintiff never agreed to any lawyer, and alleges that the extra 2% was actually used to pay for *Heredia's* lawyer: Defendant John Doe, Esq.  (Id. ¶ 49.)  Plaintiff alleges that John Doe, Esq. was directly aware of and participated in the scheme to steal the extra 2% (id. ¶ 50) and accordingly names him as a defendant under the conversion, quantum meruit, and accounting causes of action (see Compl., fourth, seventh, and eighth causes of action).  Heredia also stole from Plaintiff in violation of an implied contract between the parties relating to a 2016 Lexus RC350 (the "Lexus") that Heredia purportedly purchased for Plaintiff's benefit.  (Id. ¶¶ 52-54, 76-80, 83, 104.)  Specifically, Heredia "loaned" the car to Plaintiff by letting Plaintiff use the car as his own until he could pay it off from his boxing proceeds (in addition to the manager's fee).  (Id. ¶ 52.)  Plaintiff held up his end of the bargain by paying Heredia $25,000.00 after a particular boxing match, which money Heredia accepted.  (Id.)  However, in September 2020, Heredia repossessed the vehicle and took it back for himself, keeping Plaintiff's $25,000.00 payment plus his investment of an additional $4,000.00 in improvements to the vehicle and $300.00 of Plaintiff's cash that was in the vehicle.  (Id. ¶¶ 53-54.)

Plaintiff initiated this lawsuit by filing his Complaint against Defendants on October 7, 2020 in San Bernardino County Superior Court.  (See Dkt. 3.)  Defendant Heredia removed the action to this Court on November 9, 2020.  (See Dkt. 1.)  Heredia filed the current motion to dismiss on December 9, 2020.  (See Dkt. 9.)

///

///

///

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARGUMENT**

**I.      Heredia Failed to Comply with the Central District's Local Rules in Filing His Motion to Dismiss**

As a preliminary matter, Heredia's motion to dismiss should be denied because Heredia's counsel failed to meet and confer with Plaintiff's counsel prior to the filing of the motion.  Local Rule 7-3 requires that, except in circumstances not present here, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly … the substance of the contemplated motion and any potential resolution.  The conference shall take place at least seven (7) days prior to the filing of the motion."  L.R. 7-3.  The court is expressly authorized to decline to consider any motion that fails to meet this requirement.  See L.R. 7-4.  "The meet and confer requirements of Local Rule 7-3 are in place for a reason, and … nothing short of strict compliance with the local rules will be expected in this Court."  Alcatel-Lucent USA, Inc. v. Dugdale Comms., Inc., 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009).  Courts in the Central District routinely deny motions for failure to comply with the meet and confer requirement.  See, e.g., id.; see also Superbalife, Int'l v. Powerpay, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008) (denying motion to dismiss for failure to comply with Local Rule 7-3); Singer v. Live Nation Worldwide, Inc., 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment for failure to comply with Local Rule 7-3).  There was no attempt here by Heredia's counsel to meet and confer prior to (or even after) the filing of the motion. (See Declaration of Alexander R. Safyan ¶ 2.)  A pre-filing conference of counsel could have resolved any ambiguities Heredia's counsel perceived in the Complaint or at the very least narrowed the issues so that Heredia did not futilely move to dismiss *every* cause of action in the Complaint.  Because Heredia's counsel failed to meet and

4

1  confer in any manner with Plaintiff's counsel prior to the filing of the motion, the
2  motion should be denied for failure to comply with Local Rule 7-3.[2]

3  **II.      Heredia's Motion to Dismiss Fails on the Merits**

4          If the Court decides to consider Heredia's motion to dismiss on the merits, it
5  will see that the motion fails as to each cause of action.  The Complaint contains
6  well-pleaded factual allegations that sufficiently state each claim against Heredia.

7          A complaint need only plead "enough facts to state a claim to relief that is
8  plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A
9  claim has facial plausibility when the plaintiff pleads factual content that allows the
10  court to draw the reasonable inference that the defendant is liable for the misconduct
11  alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although the plausibility
12  standard asks for more than a sheer possibility, it "is not akin to a probability
13  requirement[.]" Id.  On a motion to dismiss, the court "[c]onstru[es] the complaint in
14  the light most favorable to the plaintiffs, and draw[s] all reasonable inferences from
15  the complaint in the plaintiffs' favor." Sateriale v. R.J. Reynolds Tobacco Co., 697
16  F.3d 777, 787 (9th Cir. 2012); Navarro, 250 F.3d at 732.  "If there are two alternative
17  explanations, one advanced by defendant and the other advanced by plaintiff, both of
18  which are plausible, plaintiff's complaint survives a motion to dismiss under Rule
19  12(b)(6)." Starr v. Baca, 652 F.3d 1202, 1216-17 (9th Cir. 2011).

20      **A.      Plaintiff Adequately Alleges Fraud Based on Heredia's**
21              **Concealment of Material Facts**

22          The elements of fraud in California are well known.  They are: "(a)
23  misrepresentation (false representation, concealment, or nondisclosure); (b)
24  knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d)

---

[2] Heredia's motion fails to comply with other requirements under the Local Rules,
though they are not as consequential as the failure to meet and confer.  For example,
Heredia failed to file a notice of motion that informed Plaintiff of the date and time
of the hearing. See L.R. 7-4.

5

justifiable reliance; and (e) resulting damage." <u>Lazar v. Super. Ct.</u>, 12 Cal. 4th 631, 638 (1996). There are multiple types of fraud. "Not every fraud arises from an affirmative misstatement of material fact. The principle is fundamental that deceit may be negative as well as affirmative; it may consist of suppression of that which it is one's duty to declare as well as of the declaration of that which is false.'" <u>Lovejoy v. AT&T Corp.</u>, 92 Cal. App. 4th 85, 95 (2001). "[I]t is . . . established by statute that intentional concealment of a material fact is an alternative form of fraud and deceit equivalent to direct affirmative misrepresentation." <u>Stevens v. Super. Ct.</u>, 180 Cal. App. 3d 605, 608-09 (1986) (citing Cal. Civ. Code §§ 1572(3), 1709, 1710(3)).

To state a claim for fraud based on concealment, a plaintiff must allege: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." <u>Lovejoy</u>, 92 Cal. App. 4th 85, 96. The Complaint satisfies all of these elements. It alleges multiple material facts that Heredia concealed or suppressed from Plaintiff, including that he was not licensed by the Commission as a boxing manager (perhaps the *most* material fact a boxing manager could conceal from his client), that he had a criminal history including a felony conviction, that he was taking benefits from Golden Boy at Plaintiff's expense, and that he was stealing from Plaintiff, among other facts. (See Compl. ¶¶ 36, 44-45, 47, 62.) It alleges that Heredia had a duty to disclose these facts to Plaintiff because he was his boxing manager and a fiduciary. (<u>Id.</u> ¶¶ 3, 16, 29, 61.) It alleges that Heredia intentionally concealed these facts with the intent to defraud Plaintiff. (<u>Id.</u> ¶¶ 63, 65.) It alleges that Plaintiff was unaware of these facts and would not have allowed Heredia to serve as his boxing manager, would not have allowed him to have access to his business

6

1   and financial affairs, and would not have allowed him to steer his boxing career had

2   he known them.  (Id. ¶ 65.)  And it alleges that Plaintiff was damaged by Heredia's

3   conduct.  (Id. ¶¶ 66-67, 50-51, 53.[3])

4        Heredia's arguments to dismiss the fraud cause of action are unavailing.  He

5   baldly asserts that Plaintiff fails to allege the materiality of the concealed facts, that

6   Heredia had a duty to disclose the concealed facts, or that Heredia intentionally

7   concealed the facts with the intent to defraud.  (Mem. at 5-6.)  This is plainly false,

8   as all of these elements are clearly alleged in the Complaint at the paragraphs cited

9   above.  Heredia also claims that Plaintiff fails to sufficiently allege his damages

10   suffered as a result of the fraud.  This is also false, for multiple reasons.  District

11   courts in California have long held that while Rule 9(b) requires pleading the

12   circumstances of fraud with particularity, fraud damages themselves need not be

13   pleaded with such specificity.  See, e.g., Menjivar v. Trophy Props. IV DE, LLC,

14   2006 WL 2884396, at *13 (N.D. Cal. Oct. 10, 2006) ("While Rule 9(b) requires

15   pleading the circumstances of fraud with particularity, defendants cite no case law,

16   and the Court finds none, requiring that fraud damages be pled with more specificity

17   than required under normal notice pleading"); Andrews Farms v. Calcot, Ltd., 527 F.

18   Supp. 2d 1239, 1252 (E.D. Cal. 2007) (noting the lack of "any authority that Rule

19   9(b) requires more particular pleading for the element of damages"); Wright v. Old

20   Gringo Inc., 2018 WL 6568199, at *15-16 (S.D. Cal. Dec. 13, 2018) ("In federal

21   court, Rule 9(b) requires the elements of fraud to be pleaded with particularity, which

22   means the circumstances of the fraud. … Rule 9(b), however, does not require that

23   fraud damages themselves be pleaded with specificity.").  But, in any event, Plaintiff

24   pleads *both* the circumstances of the fraud *and* his damages with particularity.  He

25   alleges the specific factual content that was concealed from him (e.g., Heredia's lack

26

27   [3] Plaintiff's fraud cause of action, like every cause of action in the Complaint,

28   incorporates by reference all the allegations in the Complaint that precede it.  (See Compl. ¶ 60.)

7

of licensure by the Commission, his felony conviction, and his intention to steal from Plaintiff).  (Compl. ¶ 62.)  He alleges specific times this occurred (e.g., in February and March 2017 when Heredia intentionally did not sign the Current Agreement submitted to the Commission for approval, but did sign the Golden Boy Agreement to formalize that relationship, and in September 2020 when Heredia repossessed the Lexus).  (Id. ¶¶ 43-46, 53.)  He specifically alleges out-of-pocket damages, including the additional 2% fee (on top of the 18% manager's fee) and the money he invested into the Lexus that Heredia stole from him.  (Id. ¶¶ 50-53.)  He also specifically alleges that he would have earned *more* money and been *better* able to advance his career if he had competent and qualified representation.  (Id. ¶¶ 41-42, 101 (Ali Act claim).)  The notion that Plaintiff suffered no damages and received the benefit of his bargain because he became a world champion boxer—through his talent and hard work—while under contract with Moses Heredia (which is repeated throughout Defendant Heredia's motion) is not just directly contrary to Plaintiff's allegations, but facially absurd.

### B. Plaintiff Adequately Alleges Breach of Fiduciary Duty

The elements of a claim for breach of fiduciary duty are: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damages proximately caused by that breach."  William Morris Endeavor Ent't, LLC v. Writers Guild of America, --- F. Supp. 3d ---, 2020 WL 5640591, at *4 (C.D. Cal. 2020).  An agent or representative's failure to disclose material terms to its principal is a classic breach of fiduciary duty.  See id. (citing Knutson v. Foster, 25 Cal. App. 5th 1075, 1094-95 (2018) (attorney agent's concealment of material facts from his athlete client, including conflicts of interest and terms relating to contract negotiations, constituted breach of fiduciary duty)).  Plaintiff alleges all of the necessary elements.  He alleges that Heredia owed him a fiduciary duty as his boxing manager, which is an indisputable legal principle.  See, e.g., Golden Boy Promotions LLC v. Haymon, 2017 WL 460736, at *1 (C.D. Cal. Jan. 26, 2017) ("Managers have a fiduciary relationship with the boxers they

8

1   manage …").  He also alleges that Moses Heredia was only his "paper manager,"

2   while Defendant Heredia was his *true* and *de facto* manager (Compl. ¶¶ 37-38, 45,

3   58), so Heredia's assertion that the breach of fiduciary duty claim is "directed at the

4   wrong entity and/or individual" because Moses Heredia signed the manager

5   agreement is wrong.  Indeed, the Complaint specifically alleges that Defendant

6   Heredia had Moses sign the contract (rather than him) precisely to try to avoid legal

7   scrutiny—it would be a perverse result if the Court allowed him to do exactly that.

8   Plaintiff plainly alleges that Heredia breached his fiduciary duty.  (Id. ¶ 72.)  He also

9   alleges that he suffered damages proximately caused by that breach (both out-of-

10  pocket damages and benefit-of-the-bargain damages).  (Id. ¶¶ 73-74, 41-42, 50-53.)

11      **C.    Plaintiff Adequately Alleges Breach of Contract Relating to the**

12              **Lexus**

13          Heredia first argues that Plaintiff's breach of implied-in-fact contract claim

14  should be dismissed because the parties' agreement relating to the Lexus was actually

15  express, not implied.  (Mem. at 8.)  Putting aside that this argument is wrong on the

16  facts, it is also irrelevant as a matter of law.  The manner in which Plaintiff labels his

17  breach of contract claim has no bearing on the substance of the allegations.  "It is an

18  elementary principle of modern pleading that the nature and character of a pleading is

19  to be determined from its allegations, regardless of what it may be called, and that the

20  subject matter of an action and issues involved are determined from the facts alleged

21  rather than from the title of the pleadings."  Jaffe v. Carroll, 35 Cal. App. 3d 53, 57

22  (1973).  Whether the parties' contract was implied through their conduct or in part

23  verbally expressed does not affect Plaintiff's allegations regarding Heredia's breach

24  of that contract.  It certainly is no basis to dismiss the claim—which Heredia even

25  tacitly acknowledges later in his brief.  (See Mem. at 9 ("Breach of contract, express

26  or implied, requires the *same elements* to be pleaded.") (citing Division of Labor Law

27  Enforcement v. Transpacific Transp. Co., 69 Cal. App. 3d 268, 275 (1977).)

28

Plaintiff adequately pleads every element of a breach of contract claim. "A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach, and damage to plaintiff resulting therefrom." McKell v. Wash. Mutual, Inc., 142 Cal. App. 4th 1457, 1489 (2006). Plaintiff alleges that a contract existed between him and Heredia under which Heredia "loaned" the Lexus to Plaintiff until Plaintiff could pay it off from his boxing proceeds. (Compl. ¶¶ 52-53, 76.) Plaintiff alleges that he performed by paying Heredia $25,000.00 toward the vehicle. (Id. & ¶¶ 77-78.) Plaintiff alleges that Heredia breached the contract by having the vehicle repossessed and taking it back for himself, in violation of the parties' agreement that Plaintiff could use the vehicle as his own and then would own it after paying it off. (Id. ¶ 79.) The resulting damage to Plaintiff was his loss of the vehicle and approximately $29,000.00 that he had invested into the vehicle. (Id. ¶ 80.)

Heredia contends that Plaintiff does not allege with sufficient detail the exact terms of the "contract," including the "terms of the repayment obligation" and what Heredia's obligations were. (See Mem. at 10.) There were no specific payment terms (such as dates payments were due) or discussions regarding title to the vehicle. This is precisely why Plaintiff alleges that the "contract" was *implied*: Heredia purchased the vehicle for Plaintiff's benefit, "loaned" the vehicle to Plaintiff until he could pay it off, then accepted Plaintiff's payment of $25,000.00. Any additional issues regarding Heredia's perceived rights to the vehicle are factual issues that are not appropriate for resolution on a motion to dismiss. See Starr, 652 F.3d at 1216-17 ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").

Heredia also claims (without any basis or citation) that his actions did not constitute a breach because he was within his legal right to repossess the vehicle. (See Mem. at 10.) Heredia evidently believes that he is not a loan shark, but a

10

licensed lender registered with the State of California to issue auto loans and repossess vehicles.  Whether there is any truth to this belief will be examined in discovery.  But Plaintiff clearly alleges that Heredia did *not* have the right to repossess the vehicle, that Plaintiff was *not* in default (indeed, there is no dispute that he paid Heredia $25,000.00 for the vehicle), and that Heredia's actions *did* constitute a breach of the parties' agreement.  (See Compl. ¶ 79.)  Plaintiff's allegations are sufficient to state a claim to relief for breach of contract under any label.

### D.   Plaintiff Adequately Alleges Conversion of Specific Amounts of Money and Personal Property

"Conversion is the wrongful exercise of dominion over the property of another."  Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2014).  "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages."  Id.  "Conversion is a strict liability tort."  Id.

To constitute conversion, "[i]t is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use."  Oakdale Vill. Group v. Fong, 43 Cal. App. 4th 539, 544 (1996).  "Money may be the subject of conversion if the claim involves a specific, identifiable sum; it is not necessary that each coin or bill be earmarked."  Welco Elecs., 223 Cal. App. 4th at 209 (citing Haigler v. Donnelly, 18 Cal. 2d 674, 681 (1941)).  The theft of money is a classic conversion claim, as Heredia's own cited authority recognizes.  See Lee v. Hanley, 61 Cal. 4th 1225, 1240 (2015).

Heredia's contention that Plaintiff has not adequately alleged conversion can be easily dispensed with by the simple fact that Plaintiff alleges he had $300.00 of cash in the Lexus that Heredia had repossessed and that Heredia stole that money. That by itself is sufficient to demonstrate conversion: (1) Plaintiff alleges that he had

11

ownership over the $300.00; (2) Plaintiff alleges that Heredia stole that money; and (3) Plaintiff alleges that he was damaged in at least that amount.  (See Compl. ¶¶ 53 (lines 17-18) & 83a.)  The Court's analysis can end there as to whether Plaintiff has stated a conversion claim.

Plaintiff alleges additional, specific sums of money and personal property that he owned or had the right to possess that was converted by Defendants, including: (i) the $29,000.00 Plaintiff invested in the Lexus that was not returned to him when the vehicle was repossessed; (ii) the extra 2% of Plaintiff's money (on top of the 18% manager's fee) that he never consented to being taken to pay John Doe, Esq.; and (iii) the tickets that were provided by Golden Boy *to Plaintiff* for the purpose of his family and friends attending his fights that were taken by Heredia.  (Id. ¶¶ 48-53, 55.) Heredia's arguments as to these items raise numerous factual issues that can be explored during discovery (e.g., that the tickets "were at the discretion of the promoter to distribute" or that there was no "occasion or occurrence where legal services [for the extra 2%] were used for the benefit of Mr. Heredia" (see Mem. at 11-12)), but, again, these are not proper for resolution on a motion to dismiss. Heredia's argument regarding the Lexus is simply nonsensical (in addition to being a factual argument)—if it is his position that he had the right to possess the Lexus and could take it back at any time, he cannot justify keeping Plaintiff's $29,000.00 invested into the vehicle.  Since he accepted (and kept) the money, taking the Lexus back for himself necessarily interfered with Plaintiff's right to possess it.  See, e.g., Cerra v. Blackstone, 172 Cal. App. 3d 604, 609 (1985) (recognizing that a plaintiff has the right to possession of a vehicle for which he has paid money *even where legal title remains with the seller*).

### E.    Plaintiff Adequately Alleges Tortious Interference with His Business Relationship with Golden Boy

The tort of interference with prospective economic advantage occurs if the defendant disrupts or diverts the business relationship of another by improper

---

12

methods which fall outside the boundaries of fair competition.  <u>Baldwin v. Marina City Props., Inc.</u>, 79 Cal. App. 3d 393, 406 (1978).  To establish such interference, the plaintiff must show (1) an existing business relationship *or* the existence of a prospective business relationship containing the probability of future economic benefit to the plaintiff, (2) knowledge by the defendant of the existing or prospective business relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) damages to the plaintiff proximately caused by the acts of the defendant.  <u>Id.</u> at 407; <u>Blank v. Kirwan</u>, 39 Cal. 3d 311, 330 (1985).

Heredia argues that Plaintiff fails to satisfy the first and third elements.  (Mem. at 13.)  Heredia is wrong.  As to the first element, Plaintiff clearly alleges an existing business relationship between himself and boxing promoter Golden Boy.  (Compl. ¶¶ 89, 46.)  Heredia's attempt to frame Plaintiff's claim as one of interference in a sporting contest like in <u>Youst v. Longo</u>, 43 Cal. 3d 64 (1987), while perhaps appealing on the surface because Plaintiff participates in sporting contests, is not persuasive.  Unlike the plaintiff in <u>Youst</u>, who alleged that his horse was literally interfered with during a horserace thereby preventing him from having a chance to win, Plaintiff here alleges interference with a business relationship which is specifically designed to provide him with the economic benefits of more money through his own actions and the actions of his representatives, such as his boxing manager.  (<u>See</u> Compl. ¶¶ 29, 42, 91.)  There is nothing speculative about these benefits—they are set forth in Plaintiff's promotional agreement with Golden Boy— and Heredia's opportunity to argue that these benefits were not reasonably expected even absent his interference will come later, not on a motion to dismiss.

As to the third element (intentional acts), Plaintiff alleges more than "merely … repetitive statements that defendant did not vigorously negotiate with Golden Boy" or that "Mr. Heredia failed to adequately protect or advance Plaintiffs' interests." (Mem. at 13.)  Plaintiff alleges at least two specific intentional wrongful

13

acts: i.e., that Heredia misrepresented on Plaintiff's promotional agreement with Golden Boy that he was Plaintiff's "manager" along with Moses and falsely signed the agreement under that pretense (Compl. ¶ 46), and a specific occurrence where Heredia represented to Golden Boy that *Plaintiff* wanted tickets to a highly anticipated fight in Las Vegas (when Plaintiff was not fighting on the card) and then complained to Golden Boy about the quality of the tickets, stating that *Plaintiff* was upset the tickets were not floor seats and felt that Golden Boy was not taking care of Plaintiff's "team" (id. ¶ 56). Heredia simply ignores these well-pleaded allegations, which are direct examples of intentional wrongful acts by Heredia that interfered with Plaintiff's relationship with Golden Boy.

**F.    Plaintiff Adequately Alleges Violation of the Ali Act**

As Plaintiff explains in his Complaint, the Ali Act's express purpose is to protect boxers from abusive and exploitative business practices by promoters and managers. (See Compl. ¶¶ 22-30.) To that end, the Ali Act, among other things, makes it expressly "unlawful" for "a manager" to "receive compensation or other benefits from a promoter, except for amounts received as consideration under the manager's contract with the boxer." 15 U.S.C. § 6308(b)(1)(B). This is precisely what Plaintiff alleges occurred in his Complaint: Heredia (the manager) received benefits from Golden Boy (the promoter) that were not part of any consideration Heredia was owed under a manager's contract with Plaintiff. (Id. ¶¶ 98-99.) The benefits were tickets to the highly anticipated fight in Las Vegas worth thousands of dollars. (Id. ¶ 100.) Plaintiff alleges that these tickets were not received by Heredia as consideration under Plaintiff's manager agreement and that Heredia actually *used* Plaintiff to obtain this illicit benefit. (Id. ¶¶ 99-100.)

It is difficult to comprehend a more clear-cut violation of the Ali Act. Plaintiff does not contend that Heredia was "employed" by Golden Boy. (Mem. at 15.) It also does not matter that Plaintiff "mentions only one alleged benefit" (the Las Vegas fight tickets). (Id.) To state the obvious, one illicit benefit is a violation.

14

Plaintiff has also satisfied the injury element of the Ali Act.  As noted in Plaintiff's Complaint, the Ali Act provides a private right of action to "[a]ny boxer who suffers economic injury as a result of a violation of this chapter."  15 U.S.C. § 6309(d); Compl. ¶ 98.  There is no requirement that Plaintiff demonstrate he "failed to receive any monies owed him or that he was unable to secure a particular bout." (Mem. at 15.)  Nor is there a requirement that he "specify the amount of money, what specific benefits he would have received, or that he would have been entitled to, or eligible to receive, such money or benefits."  (Id.)  These are additional terms invented by Heredia; no court has ever found that a plaintiff must allege damages under the Ali Act with such extreme specificity.  In fact, Plaintiff's counsel is unaware of a single case in which a boxer's Ali Act claim was dismissed for failure to plead specific damages—and Heredia cites none.  The statute requires "economic injury," which Plaintiff has plainly alleged (i.e., he "would have earned *more money and/or benefits* of his own from Golden Boy ….) (Compl. ¶ 101.)

### G.     Plaintiff Adequately Alleges Quantum Meruit

Heredia's argument for dismissal of Plaintiff's quantum meruit claim is disingenuous and faulty.  Heredia cites the Ninth Circuit case In re De Laurentiis Ent't Group, Inc., 963 F.2d 1269 (9th Cir. 1992), for the proposition that a plaintiff cannot maintain a quantum meruit claim where there is a contract between the parties.  (See Mem. at 16.)  De Laurentiis, however, expressly recognized the long-established principle that plaintiffs are "entitled to pursue both contract claims and quantum meruit claims arising out of the same transaction" so long as they "seek[] only one recovery."  963 F.2d at 1272 n.3 (citing Haggerty v. Warner, 115 Cal. App. 2d 468, 475 (1953)).  Plaintiff seeks only one recovery in connection with the implied contract he alleges (whether in contract or in quantum meruit): the return of approximately $29,000.00.  (See Compl. ¶¶ 104a, 80.)

It is also well settled that a plaintiff may plead alternative theories of recovery in a complaint.  Federal Rule of Civil Procedure 8(d) specifically permits the

15

pleading of alternative or even inconsistent claims and states that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." See Fed. R. Civ. P. 8(d)(2)-(3).  Thus, courts in the Central District consistently reject challenges like the one levied by Heredia here—particularly where the defendant also disputes the nature of the contract alleged, like Heredia does.  See, e.g., Keen Consulting Group v. Rugged Events Holdings, LLC, 2019 WL 6646701, at *3 (C.D. Cal. July 11, 2019) ("Here, Defendants deny the existence of any express contract yet argue that because Plaintiffs assert the existence of a contract, they cannot seek recovery under the theory of quantum meruit.  However, Federal Rule of Civil Procedure 8(d) specifically permits the pleading of alternative and even inconsistent claims. … Moreover, this Court has not explicitly determined the existence of a valid express contract but rather only that the FAC alleges facts plausibly supporting such a claim.  Accordingly, Defendants' Motion is DENIED as to the second cause of action."); Atencio v. TuneCore, Inc., 2017 WL 10059254, at *2 (C.D. Cal. Aug. 17, 2017) (denying motion to dismiss quantum meruit claim while concluding that plaintiff "sufficiently alleged the existence of a contract and [defendant's] breach of that contract" because defendant disputed the terms of the contract and availability of a contractual remedy and "[a]t the pleading stage, the Court will not venture to adjudicate these issues").

Moreover, only one part of Plaintiff's quantum meruit claim overlaps with his breach of implied contract claim.  Plaintiff also alleges that Heredia was unjustly enriched by the extra 2% fee he and John Doe, Esq. took that was not allowed under any contract, as well as whatever portion of Plaintiff's 18% manager's fee Heredia took because Heredia was not a party to Plaintiff's boxing manager agreement—his half-brother Moses was.  (See Compl. ¶¶ 104b, 105.)  California law has long recognized that the "underlying idea behind quantum meruit is the law's distaste for unjust enrichment.  If one has received a benefit which one may not justly retain, one should 'restore the aggrieved party to his or her former position by return of the thing

16

1   or its equivalent in money.'"  <u>Maglica v. Maglica</u>, 66 Cal. App. 4th 442, 449 (1998)

2   (citing 1 Witkin, Summ. of Cal. Law, Contracts § 91, at 122 (9th ed. 1987)).  "To

3   state a claim for quantum meruit, the plaintiff need only "prove that (1) he rendered

4   services to the defendant's benefit and (2) the defendant would be unjustly enriched if

5   the plaintiff was not compensated."  <u>Atencio</u>, 2017 WL 10059254, at *2.  Plaintiff

6   has done that.  He alleges that he rendered boxing services to Heredia for his benefit

7   and that Heredia was unjustly enriched by those services through his wrongful taking

8   of money and other personal property belonging to Plaintiff (including the referenced

9   tickets (Compl. ¶ 104c).

10      **H.      Plaintiff States a Right to an Accounting**

11          Heredia's motion to dismiss correctly states the standard for an accounting,

12  but then ignores the express allegations in Plaintiff's complaint that easily satisfy

13  that standard.  "A cause of action for accounting need only state facts showing the

14  existence of the relationship which requires an accounting and the statement that

15  some balance is due the plaintiff."  <u>Brea v. McGlashan</u>, 3 Cal. App. 2d 454, 460

16  (1934).  A fiduciary relationship is not even necessary to state a cause of action for

17  accounting, but it is a prime example of the type of relationship that qualifies for

18  such relief.  <u>Teselle v. McLoughlin</u>, 173 Cal. App. 4th 156, 179 (2009).  Plaintiff

19  expressly alleges that he was in a fiduciary relationship with Defendant Heredia.

20  (Compl. ¶¶ 2-3, 61, 71.)  He alleges that a balance of money is due to him, and the

21  precise amount cannot be ascertained without an accounting.  (<u>Id.</u> ¶ 110.)  That is all

22  that is required to state an accounting cause of action.

23                          **CONCLUSION**

24          For all the foregoing reasons, the Court should deny Heredia's motion to

25  dismiss.

26

27

28

1    Dated:  December 18, 2020          **VGC, LLP**

2

3                                                  By:_____

4                                                  James L. Greeley
                                                   Diyari Vázquez
5                                                  Alexander R. Safyan
                                                   Attorneys for Plaintiff
6                                                  JOSEPH DIAZ, JR.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28