Rajan O. Dhungana (SBN: 297794)
 rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*
 Application Filed and Pending)
 emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., <br><br>      Plaintiff, <br><br> vs. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br>      Defendants. | Case No.: 5:20−cv−02332 JWH (KKx) <br><br> **DEFENDANT RALPH HEREDIA'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS- 1

# INTRODUCTION

Defendant Ralph Heredia, through undersigned counsel, replies to Plaintiff Joseph Diaz, Jr.'s Opposition to Defendant Ralph Heredia's Motion to Dismiss.

# ARGUMENT

**I. Plaintiff suffered no prejudice with respect to the failure to meet and confer.**

Defendant acknowledges that no meet and confer occurred in this case. Notwithstanding, "[i]f a party does not suffer any prejudice as a result of non-compliance with Local Rule 7-3, the Court may consider the merits of the motions." *Ballard v. Bhang Corp.*, 2020 WL 6018939, at *3 (C.D. Cal. Sept. 25, 2020) (citing *Reed v. Sandstone Properties, L.P.*, 2013 WL 1344912 at *6 (C.D. Cal. Apr. 2, 2013); *De Walshe v. Togo's Eateries, Inc.*, 567 F. Supp. 2d 1198, 1205 (C.D. Cal. 2008) ("[T]he Court finds that any potential violation of Local Rule 7-3 did not prejudice Plaintiff and the Court exercises its discretion to evaluate Defendant's motion on its merits."). "[Defendant] does not appear to have suffered any prejudice from Plaintiff's failure to meet and confer sufficiently in advance, and [Defendant] was able to prepare and submit an opposition. Thus, it appears that no prejudice will result if the Court considers the motion to remand on the merits notwithstanding Plaintiff's failure to comply with Local Rule 7–3." *Wilson-Condon v. Allstate Indem. Co.*, at *1 (C.D. Cal. Aug. 4, 2011). Here, Plaintiff suffered no prejudice. Further, Plaintiff "was able to prepare and submit an opposition." *Id*. Defendant recognizes the local rule and respectfully requests this Court to hear the merits of Plaintiff's motion or, alternatively, allow Plaintiff to file a renewed motion after meeting and conferring with Plaintiff's counsel. *See Reiser v. Safeco Ins. Co. of Am.*, 2012 WL 12878611, at *1 (C.D. Cal. Aug. 28, 2012).

**II. Plaintiff's Complaint Fails to State Any Plausible Offense**

Defendant relies on his initial Motion to Dismiss for challenges to the claims

not specifically addressed in this Reply.

**A.      First Cause of Action - Fraud Must be Plead with Particularity**

Allegations of fraud must "be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citations omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id*. (citing *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997)); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("[A] pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement."). "To satisfy Rule 9(b), a plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction." *In Re Samsung Galaxy Smartphone Marketing and Sales Practices Litigation*, 2020 WL 7664461, at *3 (N.D. Cal. Dec. 24, 2020) (citing *Cooper*, 137 F.3d at 625 (emphasis in original)).

The requisite level of detail is simply missing from Plaintiff's Complaint. Plaintiff's opposition attempts to clarify the particular type of fraud he says he alleges, now suggesting he intends to base his fraud claim on concealment of a material fact. *See* Pl.'s Opp. to Def's Mt. to Dismiss (Dkt. 14) ("Opp.") at 5. In his Opposition, however, Plaintiff suggests Defendant was under a legal duty to disclose a prior conviction even though, he must know, no such legal duty exists. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that claims need to rise "above the speculative level.").

1    Moreover, Plaintiff's Complaint fails to offer even a hint as to how he would
2 have been able to earn more money, or would have been better able to advance his
3 career, had he been aware of the prior conviction. *See* Compl. (Dkt. 3) at ¶¶ 41-42,
4 101. Instead, Plaintiff alleges, wholly conclusory, that he would have earned more
5 or done better had he known one thing more about Defendant's history. These
6 speculative and conclusory allegations fail to survive the scrutiny of plausibility.

### B.   Fifth Cause of Action - Tortious Interference

   The parties agree that to establish his fifth claim Plaintiff must show: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) economic harm to the Plaintiff. Pl. Opp. at 13. Now Plaintiff suggests that within his Complaint were "two" intentional acts on the part of Defendant that he committed with an intent to disrupt Plaintiff's relationship with Golden Boy. First, Plaintiff suggests: "Heredia misrepresented on Plaintiff's promotional agreement with Golden Boy that he was Plaintiff's 'manager' along with Moses and falsely signed the agreement under that pretense[.] Pl. Opp. at 14. Additionally (or alternatively), he suggests: Heredia "complained to Golden Boy about the quality of [free Las Vegas] tickets, stating that Plaintiff was upset the tickets were not floor seats and felt that Golden Boy was not taking care of Plaintiff's "team." According to Plaintiff, these are the two "direct examples of intentional wrongful acts by Heredia that interfered with Plaintiff's relationship with Golden Boy." Pl. Opp. at 14.

   Again, however, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is *plausible on its face*.'" *Iqbal*, 556 U.S. at 678 (italics added) (quoting *Twombly*,

550 U.S. at 570). The facts alleged must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]" *Id*. Plaintiff's suggestion that Defendant intended to interfere in Plaintiff's promotional agreement at the time Plaintiff named Defendant and his brother as Plaintiff's managers is not plausible. Likewise, Plaintiff's suggestion that Defendant engaged in a deliberate effort to undermine Plaintiff's relationship with Golden Boy when he complained about the quality of free tickets to a Las Vegas event is similar nonsense.

C.   **Sixth Cause of Action – Ali Act Violation**

Similarly, Plaintiff's Complaint alleges that Plaintiff "would have earned more money and benefits" is speculative at best and contains no indicia of injury since there is no actual injury defined. See Compl. ¶ 101. Plaintiff's Complaint is a textbook example of throwing lots of dirt into a complaint, listing every conceivable cause of action, and hoping something takes root. The Supreme Court suggests Rule 12(b)(6) was always intended to cull the weeds.

//
//
//
//
//
//
//
//
//
//
//
//

## **CONCLUSION**

For the reasons stated here and in his initial Memorandum, the Court should grant Defendant Ralph Heredia's Motion to Dismiss.

Dated: December 28, 2020      Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
Eric S. Montalvo (*Pro Hac Vice*
Application Filed and Pending)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
rdhungana@fedpractice.com
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia