UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

(EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., <br><br>   Plaintiff, <br><br> vs. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br>   Defendants. | Case No.: 5:20-cv-02332-JWH-KK <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE** |

[PROPOSED] ORDER- 1

Currently pending before the Court is Defendant Ralph Heredia's Motion to Dismiss the Complaint of Plaintiff Joseph Diaz, Jr., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. After considering the papers filed in support of and in opposition to the Motion, the Court orders that the Motion is **GRANTED** as set forth herein.

    1. Plaintiff's First Cause of Action.

Plaintiff Joseph Diaz, Jr. failed to plead sufficient allegations, failed to plead with particularity a fraudulent inducement theory of fraud, failed to plead with particularity a nondisclosure theory of fraud, failed to plead with particularity a concealment theory of fraud, and failed to adequately plead damages resulting from any type of fraud. The Court **GRANTS** Defendant's Motion.

    2. Plaintiff's Second Cause of Action.

Plaintiff Joseph Diaz, Jr. has alleged a breach of fiduciary duty against the wrong party, Ralph Heredia, and as such, cannot allege a breach of fiduciary duty against the wrong party. The Court **GRANTS** Defendant's Motion.

    3. Plaintiff's Third Cause of Action.

Plaintiff Joseph Diaz, Jr. had an express contract, and this cannot allege an implied-in-fact contract. The Court **GRANTS** Defendant's Motion.

    4. Plaintiff's Fourth Cause of Action.

Plaintiff Joseph Diaz, Jr. did not show a factual basis in support of the fundamental element of ownership necessary for a conversion action under California law. The Court **GRANTS** Defendant's Motion.

    5. Plaintiff's Fifth Cause of Action.

Plaintiff Joseph Diaz, Jr. fails to allege a prima facie case of tortious interference with prospective economic advantage under California law and failed to allege any wrongful conduct by Defendant to support the claim. The Court **GRANTS** Defendant's Motion.

6. Plaintiff's Sixth Cause of Action.

Plaintiff Joseph Diaz, Jr. fails to allege that Defendant is employed by Golden Boy Productions, and fails to show what harm Plaintiff has suffered as a result of Defendant's conduct, and fails to show any damages incurred. The Court **GRANTS** Defendant's Motion.

7. Plaintiff's Seventh Cause of Action.

Plaintiff Joseph Diaz, Jr. claim of quantum meruit fails because there was an express contract in place between Plaintiff and Defendant and Plaintiff does not allege that he has not been compensated a reasonable value for his services rendered. The Court **GRANTS** Defendant's Motion.

8. Plaintiff's Eighth Cause of Action.

Plaintiff Joseph Diaz, Jr. has requested an action for accounting from the wrong party. Plaintiff had a contract with Heredia Boxing Management Inc. and Mr. Moses Heredia, not with Defendant Heredia herein, and therefore the Plaintiff cannot request an accounting from the wrong party. The Court **GRANTS** Defendant's Motion.

Based on the foregoing, the Court hereby **ORDERS** that Plaintiff's Motion is **GRANTED** and this action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

Dated: _____, 2021.   By_____
                              John W. Holcomb
                              UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER- 3