James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Alexander R. Safyan (SBN 277856)
  asafyan@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>        Plaintiff,<br><br>     v.<br><br>RALPH HEREDIA, true name<br>RAFAEL HEREDIA TARANGO, a/k/a<br>RAFAEL HEREDIA, a/k/a RAFAEL<br>BUSTAMANTE; JOHN DOE, ESQ.;<br>and JANE DOES 1 through 20,<br>inclusive,<br><br>        Defendants. | Case No. 5:20-cv-02332-JWH-KK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH HEREDIA'S MOTION TO DISMISS (ECF NO. 23)**<br><br>Date:        February 19, 2021<br>Time:       9:00 a.m.<br>Courtroom:  2<br>Judge:     Hon. John W. Holcomb<br><br>[Proposed Order submitted herewith] |

# TABLE OF CONTENTS

INTRODUCTION ......................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................... 1

ARGUMENT ................................................................................................ 3

I.   Heredia Should Not Be Granted a Do-Over for His Flaunting of the Central District's Local Rules ............................................................................ 3

II.  Heredia's Motion to Dismiss Still Fails on the Merits ....................... 5

   A.  Plaintiff Adequately Alleges Fraud Based on Heredia's Concealment of Material Facts ........................................................................... 5

   B.  Plaintiff Adequately Alleges Breach of Fiduciary Duty ........................ 8

   C.  Plaintiff Adequately Alleges Breach of Contract Relating to the Lexus ........................................................................... 9

   D.  Plaintiff Adequately Alleges Conversion of Specific Amounts of Money and Personal Property .............................................. 11

   E.  Plaintiff Adequately Alleges Tortious Interference with His Business Relationship with Golden Boy .............................................. 12

   F.  Plaintiff Adequately Alleges Violation of the Ali Act ......................... 14

   G.  Plaintiff Adequately Alleges Quantum Meruit ..................................... 15

   H.  Plaintiff States a Right to an Accounting ............................................ 17

CONCLUSION ........................................................................................... 18

# TABLE OF AUTHORITIES[1]

## CASES

Alcatel-Lucent USA, Inc. v. Dugdale Comms., Inc.,
  2009 WL 3346784 (C.D. Cal. Oct. 13, 2019)............................................4

Andrews Farms v. Calcot, Ltd.,
  527 F. Supp. 2d 1239 (E.D. Cal. 2007) .................................................7

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) .........................................................................5

Atencio v. TuneCore, Inc.,
  2017 WL 10059254 (C.D. Cal. Aug. 17, 2017) .............................. 16, 17

Baldwin v. Marina City Props., Inc.,
  79 Cal. App. 3d 393 (1978) ...............................................................13

Blank v. Kirwan,
  39 Cal. 3d 311 (1985) ......................................................................13

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ..........................................................................5

Brea v. McGlashan,
  3 Cal. App. 2d 454 (1934) .................................................................17

Cerra v. Blackstone,
  172 Cal. App. 3d 604 (1985) .............................................................12

Division of Labor Law Enforcement v. Transpacific Transp. Co.,
  69 Cal. App. 3d 268 (1977) ................................................................9

Golden Boy Promotionos LLC v. Haymon,
  2017 WL 460736 (C.D. Cal. Jan. 26, 2017)............................................8

Haigler v. Donnelly,
  18 Cal. 2d 674 (1941) ......................................................................11

Haggerty v. Warner,
  115 Cal. App. 2d 468 (1953) .............................................................15

In re De Laurentiis Ent't Group, Inc.,
  963 F.2d 1269 (9th Cir. 1992) ..........................................................15

---

[1] All emphases in this brief are added and internal citations omitted unless stated otherwise.

ii

Jaffe v. Carroll,
 35 Cal. App. 3d 53 (1973) ........................................................................... 9

Keen Consulting Group v. Rugged Events Holdings, LLC,
 2019 WL 6646701 (C.D. Cal. July 11, 2019) .......................................... 16

Knutson v. Foster,
 25 Cal. App. 5th 1075 (2018) ...................................................................... 8

Lazar v. Super. Ct.,
 12 Cal. 4th 631 (1996) ................................................................................. 5

Lee v. Hanley,
 61 Cal. 4th 1225 (2015) ............................................................................. 11

Lovejoy v. AT&T Corp.,
 92 Cal. App. 4th 85 (2001) .......................................................................... 6

Maglica v. Maglica,
 66 Cal. App. 4th 442 (1998) ...................................................................... 16

McKell v. Wash. Mutual, Inc.,
 142 Cal. App. 4th 1457 (2006) .................................................................. 10

Menjivar v. Trophy Props. IV DE, LLC,
 2006 WL 2884396 (N.D. Cal. Oct. 10, 2006) ............................................. 7

Navarro v. Block,
 250 F.3d 729 (9th Cir. 2001) ....................................................................... 5

Oakdale Vill. Group v. Fong,
 43 Cal. App. 4th 539 (1996) ...................................................................... 11

Sateriale v. R.J. Reynolds Tobacco Co.,
 697 F.3d 777 (9th Cir. 2012) ....................................................................... 5

Singer v. Live Nation Worldwide, Inc.,
 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) ............................................... 4

Starr v. Baca,
 652 F.3d 1202 (9th Cir. 2011) ............................................................... 5, 10

Stevens v. Super. Ct.,
 180 Cal. App. 3d 605 (1986) ....................................................................... 6

Superbalife, Int'l v. Powerpay,
 2008 WL 4559752 (C.D. Cal. Oct. 7, 2008) ............................................... 4

iii

Teselle v. McLoughlin,
    173 Cal. App. 4th 156 (2009) ............................................................. 17

Welco Elecs., Inc. v. Mora,
    223 Cal. App. 4th 202 (2014) ............................................................. 11

William Morris Endeavor Ent't, LLC v. Writers Guild of America,
    --- F. Supp. 3d ---, 2020 WL 5640591 (C.D. Cal. 2020) .......................... 8

Wright v. Old Gringo Inc.,
    2018 WL 6568199 (S.D. Cal. Dec. 13, 2018) ......................................... 7

Youst v. Longo,
    43 Cal. 3d 64 (1987) ......................................................................... 13

### STATUTES

15 U.S.C. § 6308 ............................................................................... 14

15 U.S.C. § 6309 ............................................................................... 15

Cal. Civ. Code § 1572 .......................................................................... 6

Cal. Civ. Code § 1709 .......................................................................... 6

Cal. Civ. Code § 1710 .......................................................................... 6

Fed. R. Civ. P. 8 ................................................................................ 16

L.R. 7-3 ............................................................................................. 4

L.R. 7-4 ............................................................................................. 4

L.R. 83-2.1.3.4 .................................................................................... 4

### OTHER AUTHORITIES

Witkin, Summ. Of Cal. Law, Contracts ................................................... 16

iv

# INTRODUCTION

After this Court denied Defendant Ralph Heredia's ("Heredia") first motion to dismiss for failing to engage in any conference of counsel prior to filing the motion, Heredia's counsel engaged in a short, ineffectual phone call with Plaintiff's counsel and then filed a nearly ***verbatim*** motion to dismiss.  Indeed, other than a few revised sentences in the Introduction, Heredia's second motion is a ***word-for-word copy*** of his first motion.  Heredia made no attempt to respond substantively to the arguments raised in Plaintiff Joseph Diaz, Jr.'s ("Plaintiff" or "Diaz") Opposition to his first motion.  Instead, he wasted weeks of the Court's and Plaintiff's time by disregarding the Local Rules and then seeking a do-over with the exact same failed arguments.  Heredia's motion should be denied again—this time definitively.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a world champion professional boxer.  (Compl. (ECF No. 3) ¶ 1.) Heredia is his boxing manager, which is a defined role under the federal Muhammad Ali Boxing Reform Act ("Ali Act") and means Heredia owes a fiduciary duty to Plaintiff.  (Id. ¶¶ 2-3, 16, 29, 61.)  Rather than fulfill his fiduciary and other obligations to Plaintiff, Heredia manipulated, exploited, and stole from Plaintiff in all the numerous specific ways alleged in the Complaint.  Heredia concealed from Plaintiff, among other things, that he is a convicted felon using the name "Ralph Heredia" as an alias and that he is not licensed by the California State Athletic Commission ("Commission") as a boxing manager.  (Id. ¶¶ 4, 36, 44-45, 47, 61-67.) Heredia used his half-brother Moses, who is licensed by the Commission, to sign the boxing manager agreement with Plaintiff (the "Current Agreement") to get the necessary approval from the Commission, but Moses simply served as a "paper manager," while Defendant Heredia served as Plaintiff's *de facto* manager.  (Id. ¶¶ 4, 36-38, 40, 44-47, 58, 71-74.)  Heredia traded on Plaintiff's name and reputation to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions, and to sign other fighters, all of whom he also signed with Golden Boy.

1

(Id. ¶¶ 5, 39-40, 42, 46.)  Heredia then repeatedly put his own interests over Plaintiff's interests, including by currying favor with Golden Boy rather than vigorously advocating for Plaintiff in negotiations, obtaining illicit benefits from Golden Boy at Plaintiff's expense, and failing to adequately advance Plaintiff's career.  (Id. ¶¶ 38-42, 55-58, 83, 89-94, 99-101, 104.)

Heredia did not just fail to protect Plaintiff's interests—as he was legally required to do—but he also actively *stole* from Plaintiff.  Despite the Current Agreement calling for an 18% manager's fee (which was contractually owed to Moses Heredia, not Defendant Heredia), Defendant Heredia stole an extra 2%.  (Id. ¶¶ 43, 48-51, 83, 104.)  When Plaintiff confronted Heredia about the extra 2%, Heredia responded that this was the fee for "Diaz's lawyer" who Heredia had retained on Diaz's behalf to help with his affairs.  (Id. ¶ 48.)  But Plaintiff never agreed to any lawyer, and alleges that the extra 2% was actually used to pay for *Heredia's* lawyer: Defendant John Doe, Esq.  (Id. ¶ 49.)  Plaintiff alleges that John Doe, Esq. was directly aware of and participated in the scheme to steal the extra 2% (id. ¶ 50) and accordingly names him as a defendant under the conversion, quantum meruit, and accounting causes of action (see Compl., fourth, seventh, and eighth causes of action).  Heredia also stole from Plaintiff in violation of an implied contract between the parties relating to a 2016 Lexus RC350 (the "Lexus") that Heredia purportedly purchased for Plaintiff's benefit.  (Id. ¶¶ 52-54, 76-80, 83, 104.)  Specifically, Heredia "loaned" the car to Plaintiff by letting Plaintiff use the car as his own until he could pay it off from his boxing proceeds (in addition to the manager's fee).  (Id. ¶ 52.)  Plaintiff held up his end of the bargain by paying Heredia $25,000.00 after a particular boxing match, which money Heredia accepted.  (Id.)  However, in September 2020, Heredia repossessed the vehicle and took it back for himself, keeping Plaintiff's $25,000.00 payment plus his investment of an additional $4,000.00 in improvements to the vehicle and $300.00 of Plaintiff's cash that was in the vehicle.  (Id. ¶¶ 53-54.)

Plaintiff initiated this lawsuit by filing his Complaint against Defendants on October 7, 2020 in San Bernardino County Superior Court.  (See ECF No. 3.) Defendant Heredia removed the action to this Court on November 9, 2020.  (See ECF No. 1.)  Heredia filed his first motion to dismiss on December 9, 2020 (ECF No. 9), which this Court denied without prejudice on January 5, 2021 (ECF No. 22).  Heredia then filed his second motion to dismiss on January 19, 2021 (ECF No. 23), which is the motion at issue.[2]

## ARGUMENT

## I. Heredia Should Not Be Granted a Do-Over for His Flaunting of the Central District's Local Rules

Plaintiff previously indicated to the Court that Heredia's counsel violated Local Rule 7-3 by failing to engage in any conference of counsel prior to filing Heredia's first motion to dismiss.  (See Pl.'s Opp. (ECF No. 14) at 4.)  The Court consequently denied Heredia's motion but did so without prejudice (ECF No. 22), which Heredia has seized upon to delay addressing the merits of this action by refiling the same motion following the requisite conference of counsel.  After the Court's denial, Heredia's counsel engaged in a short phone call with Plaintiff's counsel to technically satisfy the meet and confer requirement, but made no attempt to deal with any of the arguments raised in Plaintiff's first Opposition and filed a nearly ***word-for-word copy*** of his first motion to dismiss (indeed, other than a few sentences in the Introduction, it is a ***verbatim*** copy of the previous motion the Court

---

[2] Since this lawsuit was initiated, Heredia also filed, press-released, and pushed in the media a fraudulent and transparently retaliatory lawsuit against Plaintiff's *counsel* herein (but not Plaintiff himself) designed to undermine this meritorious action, which other action is also now pending before this Court.  (See Heredia Boxing Mgmt., Inc., et al. v. MTK Global Sports Mgmt., LLC, et al., Case No. 5:20-cv-02618-JWH-KK, wherein Heredia initially alleged, seemingly apropos of nothing, that Plaintiff's counsel was the "agent" of an international drug cartel, among other bizarre and libelous falsehoods, some of which have since been withdrawn in the face of a Rule 11 letter.)

3

denied).  Heredia deliberately wasted weeks of the Court's and Plaintiff's time with no justification—his motion to dismiss could have, and should have, been resolved weeks ago.

As Plaintiff previously noted, courts in the Central District routinely deny motions for failure to comply with the Local Rules, and particularly the meet and confer requirement.  See, e.g., Alcatel-Lucent USA, Inc. v. Dugdale Comms., Inc., 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) (denying motion to dismiss for failure to comply with Local Rule 7-3); Superbalife, Int'l v. Powerpay, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008) (denying motion to dismiss for failure to comply with Local Rule 7-3); Singer v. Live Nation Worldwide, Inc., 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment for failure to comply with Local Rule 7-3).  These courts deny such *dispositive* motions with prejudice to avoid the offending party (in this case, Heredia) seeking a second bite at the same apple without repercussions.  Similarly, here, Heredia should not be granted a do-over given his deliberate and repeated flaunting of the Local Rules,[3] which has adversely impacted Plaintiff and this Court.  Plaintiff has had to incur unnecessary attorneys' fees and the Court has wasted valuable time and resources in now adjudicating the same motion twice.  The Court should deny Heredia's motion again—this time definitively and without opportunity for Heredia's further gamesmanship.

---

[3] Heredia's contempt for the Local Rules has been evident in myriad ways—not just in his counsel's failure to comply with the meet and confer requirement.  Heredia *again* failed to properly notify Plaintiff of the date and time of the hearing on his motion to dismiss in violation of Local Rule 7-4 (he incorrectly indicated that the hearing was on February 12, 2021, not February 19).  He also failed repeatedly to comply with the requirements for his counsel to be admitted *pro hac vice*, relying on "local counsel" who had no operations in California and who, since the filing of this lawsuit, has joined Heredia's primary counsel's firm in Washington, D.C.  See https://fedpractice.com/meet_our_team/rajan-o-dhungana/.  This is a violation of Local Rule 83-2.1.3.4, which may result in Heredia's counsel's disqualification from this action following appropriate discovery.

## II.   Heredia's Motion to Dismiss Still Fails on the Merits

Since the Argument section of Heredia's second motion to dismiss is a word-for-word copy of his first motion to dismiss, it naturally suffers from the same fatal flaws that its predecessor did.  Again, Heredia's motion largely ignores the facts actually pleaded in Plaintiff's Complaint and substitutes its own fabricated version of events to create disputed factual issues that are inappropriate for resolution on a motion to dismiss.  As explained below, Plaintiff has alleged more than sufficient factual content and has properly stated each of his claims against the Defendants.

A complaint need only plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although the plausibility standard asks for more than a sheer possibility, it "is not akin to a probability requirement[.]"  Id.  On a motion to dismiss, the court "[c]onstru[es] the complaint in the light most favorable to the plaintiffs, and draw[s] all reasonable inferences from the complaint in the plaintiffs' favor."  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 787 (9th Cir. 2012); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)."  Starr v. Baca, 652 F.3d 1202, 1216-17 (9th Cir. 2011).

### A.   Plaintiff Adequately Alleges Fraud Based on Heredia's Concealment of Material Facts

Again, the elements of fraud in California are well known.  They are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Lazar v. Super. Ct., 12 Cal. 4th 631,

5

638 (1996).  There are multiple types of fraud.  "Not every fraud arises from an affirmative misstatement of material fact.  The principle is fundamental that deceit may be negative as well as affirmative; it may consist of suppression of that which it is one's duty to declare as well as of the declaration of that which is false.'"  Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 95 (2001).  "[I]t is . . . established by statute that intentional concealment of a material fact is an alternative form of fraud and deceit equivalent to direct affirmative misrepresentation."  Stevens v. Super. Ct., 180 Cal. App. 3d 605, 608-09 (1986) (citing Cal. Civ. Code §§ 1572(3), 1709, 1710(3)).

To state a claim for fraud based on concealment, a plaintiff must allege: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."  Lovejoy, 92 Cal. App. 4th 85, 96.  The Complaint satisfies all of these elements.  It alleges multiple material facts that Heredia concealed or suppressed from Plaintiff, including that he was not licensed by the Commission as a boxing manager (perhaps the *most* material fact a boxing manager could conceal from his client), that he had a criminal history including a felony conviction, that he was taking benefits from Golden Boy at Plaintiff's expense, and that he was stealing from Plaintiff, among other facts.  (See Compl. ¶¶ 36, 44-45, 47, 62.)  It alleges that Heredia had a duty to disclose these facts to Plaintiff because he was his boxing manager and a fiduciary.  (Id. ¶¶ 3, 16, 29, 61.)  It alleges that Heredia intentionally concealed these facts with the intent to defraud Plaintiff.  (Id. ¶¶ 63, 65.)  It alleges that Plaintiff was unaware of these facts and would not have allowed Heredia to serve as his boxing manager, would not have allowed him to have access to his business and financial affairs, and would not have allowed him to steer his boxing career had

6

he known them.  (Id. ¶ 65.)  And it alleges that Plaintiff was damaged by Heredia's conduct.  (Id. ¶¶ 66-67, 50-51, 53.[4])

Heredia's arguments to dismiss the fraud cause of action are equally unavailing as they were in his first motion to dismiss.  Again, he baldly asserts that Plaintiff fails to allege the materiality of the concealed facts, that Heredia had a duty to disclose the concealed facts, or that Heredia intentionally concealed the facts with the intent to defraud.  (Mem. at 10-11.)  This is all plainly false, as all of these elements are clearly alleged in the Complaint at the paragraphs cited above.  Heredia also claims that Plaintiff fails to sufficiently allege his damages suffered as a result of the fraud.  This is also false, for multiple reasons.  District courts in California have long held that while Rule 9(b) requires pleading the circumstances of fraud with particularity, fraud damages themselves need not be pleaded with such specificity.  See, e.g., Menjivar v. Trophy Props. IV DE, LLC, 2006 WL 2884396, at *13 (N.D. Cal. Oct. 10, 2006) ("While Rule 9(b) requires pleading the circumstances of fraud with particularity, defendants cite no case law, and the Court finds none, requiring that fraud damages be pled with more specificity than required under normal notice pleading"); Andrews Farms v. Calcot, Ltd., 527 F. Supp. 2d 1239, 1252 (E.D. Cal. 2007) (noting the lack of "any authority that Rule 9(b) requires more particular pleading for the element of damages"); Wright v. Old Gringo Inc., 2018 WL 6568199, at *15-16 (S.D. Cal. Dec. 13, 2018) ("In federal court, Rule 9(b) requires the elements of fraud to be pleaded with particularity, which means the circumstances of the fraud. … Rule 9(b), however, does not require that fraud damages themselves be pleaded with specificity.").  But, in any event, Plaintiff pleads *both* the circumstances of the fraud *and* his damages with particularity.  He alleges the specific factual content that was concealed from him (e.g., Heredia's lack of licensure

---

[4] Plaintiff's fraud cause of action, like every cause of action in the Complaint, incorporates by reference all the allegations in the Complaint that precede it.  (See Compl. ¶ 60.)

1  by the Commission, his felony conviction, and his intention to steal from Plaintiff).

2  (Compl. ¶ 62.)  He alleges specific times this occurred (e.g., in February and March

3  2017 when Heredia intentionally did not sign the Current Agreement submitted to the

4  Commission for approval, but did sign the Golden Boy Agreement to formalize that

5  relationship, and in September 2020 when Heredia repossessed the Lexus).  (Id. ¶¶

6  43-46, 53.)  He specifically alleges out-of-pocket damages, including the additional

7  2% fee (on top of the 18% manager's fee) and the money he invested into the Lexus

8  that Heredia stole from him.  (Id. ¶¶ 50-53.)  He also specifically alleges that he

9  would have earned *more* money and been *better* able to advance his career if he had

10 competent and qualified representation.  (Id. ¶¶ 41-42, 101 (Ali Act claim).)  The

11 notion that Plaintiff suffered no damages and received the benefit of his bargain

12 because he became a world champion boxer—through his talent and hard work—

13 while under contract with Moses Heredia (which is repeated throughout Defendant

14 Heredia's motion) is not just directly contrary to Plaintiff's allegations, it is facially

15 absurd.

16    **B.    Plaintiff Adequately Alleges Breach of Fiduciary Duty**

17    The elements of a claim for breach of fiduciary duty are: "(1) the existence of a

18 fiduciary duty; (2) breach of that duty; and (3) damages proximately caused by that

19 breach."  William Morris Endeavor Ent't, LLC v. Writers Guild of America, --- F.

20 Supp. 3d ---, 2020 WL 5640591, at *4 (C.D. Cal. 2020).  An agent or representative's

21 failure to disclose material terms to his or her principal is a classic breach of fiduciary

22 duty.  See id. (citing Knutson v. Foster, 25 Cal. App. 5th 1075, 1094-95 (2018)

23 (attorney agent's concealment of material facts from his athlete client constituted

24 breach of fiduciary duty)).  Plaintiff alleges all of the necessary elements.  He alleges

25 that Heredia owed him a fiduciary duty as his boxing manager, which is an

26 indisputable matter of law.  See, e.g., Golden Boy Promotions LLC v. Haymon, 2017

27 WL 460736, at *1 (C.D. Cal. Jan. 26, 2017) ("Managers have a fiduciary relationship

28 with the boxers they manage …").  He also alleges that Moses Heredia was only his

8

1    "paper manager" while Defendant Heredia was his *true* and *de facto* manager

2    (Compl. ¶¶ 37-38, 45, 58), so Heredia's assertion that the breach of fiduciary duty

3    claim is "directed at the wrong entity and/or individual" because Moses Heredia

4    signed the manager agreement is wrong.  Indeed, the Complaint specifically alleges

5    that Defendant Heredia had his half-brother Moses sign the contract (rather than him)

6    *precisely* to try to avoid legal scrutiny—it would be a perverse result if the Court

7    allowed him to do exactly that.  Plaintiff plainly alleges that Heredia breached his

8    fiduciary duty.  (Id. ¶ 72.)  He also alleges that he suffered damages proximately

9    caused by that breach (both out-of-pocket damages and benefit-of-the-bargain

10   damages).  (Id. ¶¶ 73-74, 41-42, 50-53.)

11       **C.    Plaintiff Adequately Alleges Breach of Contract Relating to the**

12             **Lexus**

13       Heredia first argues that Plaintiff's breach of implied-in-fact contract claim

14   should be dismissed because the parties' agreement relating to the Lexus was actually

15   express, not implied.  (Mem. at 14.)  Putting aside that this argument is wrong on the

16   facts, it is also irrelevant as a matter of law.  The manner in which Plaintiff labels his

17   breach of contract claim has no bearing on the substance of the allegations.  "It is an

18   elementary principle of modern pleading that the nature and character of a pleading is

19   to be determined from its allegations, regardless of what it may be called, and that the

20   subject matter of an action and issues involved are determined from the facts alleged

21   rather than from the title of the pleadings."  Jaffe v. Carroll, 35 Cal. App. 3d 53, 57

22   (1973).  Whether the parties' contract was implied through their conduct or in part

23   verbally expressed does not affect Plaintiff's allegations regarding Heredia's breach

24   of that contract.  It certainly is no basis to dismiss the claim—which Heredia even

25   tacitly acknowledges later in his brief.  (See Mem. at 14 ("Breach of contract, express

26   or implied, requires the *same elements* to be pleaded.") (citing Division of Labor Law

27   Enforcement v. Transpacific Transp. Co., 69 Cal. App. 3d 268, 275 (1977).)

28

Plaintiff adequately pleads every element of a breach of contract claim.  "A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach, and damage to plaintiff resulting therefrom."  McKell v. Wash. Mutual, Inc., 142 Cal. App. 4th 1457, 1489 (2006).  Plaintiff alleges that a contract existed between him and Heredia under which Heredia "loaned" the Lexus to Plaintiff until Plaintiff could pay it off from his boxing proceeds.  (Compl. ¶¶ 52-53, 76.)  Plaintiff alleges that he performed by paying Heredia $25,000.00 toward the vehicle.  (Id. & ¶¶ 77-78.)  Plaintiff alleges that Heredia breached the contract by having the vehicle repossessed and taking it back for himself, in violation of the parties' agreement that Plaintiff could use the vehicle as his own and then would own it after paying it off.  (Id. ¶ 79.)  The resulting damage to Plaintiff was his loss of the vehicle and approximately $29,000.00 that he had invested into the vehicle.  (Id. ¶ 80.)

Heredia contends that Plaintiff does not allege with sufficient detail the exact terms of the "contract," including the "terms of the repayment obligation" and what Heredia's obligations were.  (See Mem. at 15.)  There were no specific payment terms (such as dates payments were due) or discussions regarding title to the vehicle. This is precisely why Plaintiff alleges that the "contract" was *implied*: Heredia purchased the vehicle for Plaintiff's benefit, "loaned" the vehicle to Plaintiff until he could pay it off, then accepted Plaintiff's payment of $25,000.00.  Any additional issues regarding Heredia's perceived rights to the vehicle are factual issues that are not appropriate for resolution on a motion to dismiss.  See Starr, 652 F.3d at 1216-17 ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").

Heredia also claims (without any basis or citation) that his actions did not constitute a breach because he was within his legal right to repossess the vehicle. (See Mem. at 15.)  Heredia evidently believes that he is a licensed lender registered

10

1  with the State of California to issue auto loans and repossess vehicles.  Whether there

2  is any truth to this belief will be examined in discovery.  But Plaintiff clearly alleges

3  that Heredia did *not* have the right to repossess the vehicle, that Plaintiff was *not* in

4  default (indeed, there is no dispute that he paid Heredia $25,000.00 for the vehicle),

5  and that Heredia's actions *did* constitute a breach of the parties' agreement.  (See

6  Compl. ¶ 79.)  Plaintiff's allegations are sufficient to state a claim to relief for breach

7  of contract under any label.

8      **D.**    **Plaintiff Adequately Alleges Conversion of Specific Amounts of**

9          **Money and Personal Property**

10      "Conversion is the wrongful exercise of dominion over the property of

11  another."  Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2014).  "The

12  elements of a conversion claim are: (1) the plaintiff's ownership or right to

13  possession of the property; (2) the defendant's conversion by a wrongful act or

14  disposition of property rights; and (3) damages."  Id.  "Conversion is a strict liability

15  tort."  Id.

16      To constitute conversion, "[i]t is not necessary that there be a manual taking of

17  the property; it is only necessary to show an assumption of control or ownership over

18  the property, or that the alleged converter has applied the property to his own use."

19  Oakdale Vill. Group v. Fong, 43 Cal. App. 4th 539, 544 (1996).  "Money may be the

20  subject of conversion if the claim involves a specific, identifiable sum; it is not

21  necessary that each coin or bill be earmarked."  Welco Elecs., 223 Cal. App. 4th at

22  209 (citing Haigler v. Donnelly, 18 Cal. 2d 674, 681 (1941)).  The theft of money is a

23  classic conversion claim, as Heredia's own cited authority recognizes.  See Lee v.

24  Hanley, 61 Cal. 4th 1225, 1240 (2015).

25      Heredia's contention that Plaintiff has not adequately alleged conversion can

26  be easily dispensed with by the simple fact that Plaintiff alleges he had $300.00 of

27  cash in the Lexus that Heredia had repossessed and that Heredia stole that money.

28  That by itself is sufficient to demonstrate conversion: (1) Plaintiff alleges that he had

11

ownership over the $300.00; (2) Plaintiff alleges that Heredia stole that money; and (3) Plaintiff alleges that he was damaged in at least that amount.  (See Compl. ¶¶ 53 (lines 17-18) & 83a.)  The Court's analysis can end there as to whether Plaintiff has stated a conversion claim.

But Plaintiff alleges additional, specific sums of money and personal property that he owned or had the right to possess that was converted by Defendants, including: (i) the $29,000.00 Plaintiff invested in the Lexus that was not returned to him when the vehicle was repossessed; (ii) the extra 2% of Plaintiff's money (on top of the 18% manager's fee) that he never consented to being taken to pay John Doe, Esq.; and (iii) the tickets that were provided by Golden Boy *to Plaintiff* for his family and friends to attend his fights that were taken by Heredia.  (Id. ¶¶ 48-53, 55.) Heredia's arguments as to these items raise numerous factual issues that can be explored during discovery (e.g., that the tickets "were at the discretion of the promoter to distribute" or that there was no "occasion or occurrence where legal services [for the extra 2%] were used for the benefit of Mr. Heredia" (see Mem. at 16-17)), but, again, these are not proper for resolution on a motion to dismiss. Heredia's argument regarding the Lexus is simply nonsensical (in addition to being a factual argument)—if it is his position that he had the right to possess the Lexus and could take it back at any time, he cannot justify keeping Plaintiff's $29,000.00 invested into the vehicle.  Since he accepted (and kept) the money, taking the Lexus back for himself necessarily interfered with Plaintiff's right to possess it.  See, e.g., Cerra v. Blackstone, 172 Cal. App. 3d 604, 609 (1985) (recognizing that a plaintiff has the right to possession of a vehicle for which he has paid money *even where legal title remains with the seller*).

### E.    Plaintiff Adequately Alleges Tortious Interference with His Business Relationship with Golden Boy

The tort of interference with prospective economic advantage occurs if the defendant disrupts or diverts the business relationship of another by improper

methods which fall outside the boundaries of fair competition.  <u>Baldwin v. Marina City Props., Inc.</u>, 79 Cal. App. 3d 393, 406 (1978).  To establish such interference, the plaintiff must show (1) an existing business relationship *or* the existence of a prospective business relationship containing the probability of future economic benefit to the plaintiff, (2) knowledge by the defendant of the existing or prospective business relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) damages to the plaintiff proximately caused by the acts of the defendant.  <u>Id.</u> at 407; <u>Blank v. Kirwan</u>, 39 Cal. 3d 311, 330 (1985).

Heredia argues that Plaintiff fails to satisfy the first and third elements.  (Mem. at 18.)  Heredia is wrong.  As to the first element, Plaintiff clearly alleges an existing business relationship between himself and boxing promoter Golden Boy.  (Compl. ¶¶ 89, 46.)  Heredia's attempt to frame Plaintiff's claim as one of interference in a sporting contest like in <u>Youst v. Longo</u>, 43 Cal. 3d 64 (1987) is not persuasive. Unlike the plaintiff in <u>Youst</u>, who alleged that his horse was literally interfered with during a horserace, thereby preventing him from having a chance to win, Plaintiff here alleges interference with a business relationship which is specifically designed to provide him with the economic benefits of more money through his own actions and the actions of his representatives, such as his boxing manager.  (<u>See</u> Compl. ¶¶ 29, 42, 91.)  There is nothing speculative about these benefits—they are set forth in Plaintiff's promotional agreement with Golden Boy—and Heredia's opportunity to argue that these benefits were not reasonably expected even absent his interference will come later, not on a motion to dismiss.

As to the third element (intentional acts), Plaintiff alleges more than "merely … repetitive statements that defendant did not vigorously negotiate with Golden Boy" or that "Mr. Heredia failed to adequately protect or advance Plaintiffs' interests." (Mem. at 18.)  Plaintiff alleges at least two specific intentional wrongful acts: i.e., that Heredia misrepresented on Plaintiff's promotional agreement with

13

Golden Boy that he was Plaintiff's "manager" along with Moses and falsely signed the agreement under that pretense (Compl. ¶ 46), and a specific occurrence where Heredia represented to Golden Boy that *Plaintiff* wanted tickets to a highly anticipated fight in Las Vegas (when Plaintiff was not fighting on the card) and then complained to Golden Boy about the quality of the tickets, stating that *Plaintiff* was upset the tickets were not floor seats and felt that Golden Boy was not taking care of Plaintiff's "team" (id. ¶ 56).  Heredia simply ignores these well-pleaded allegations, which are direct examples of intentional wrongful acts by Heredia that interfered with Plaintiff's relationship with Golden Boy.

### F.      Plaintiff Adequately Alleges Violation of the Ali Act

As Plaintiff explains in his Complaint, the Ali Act's express purpose is to protect boxers from abusive and exploitative business practices by promoters and managers.  (See Compl. ¶¶ 22-30.)  To that end, the Ali Act, among other things, makes it expressly "unlawful" for "a manager" to "receive compensation or other benefits from a promoter, except for amounts received as consideration under the manager's contract with the boxer."  15 U.S.C. § 6308(b)(1)(B).  This is precisely what Plaintiff alleges occurred in his Complaint: Heredia (the manager) received benefits from Golden Boy (the promoter) that were not part of any consideration Heredia was owed under a manager's contract with Plaintiff.  (Id. ¶¶ 98-99.)  The benefits were tickets to the highly anticipated fight in Las Vegas worth thousands of dollars.  (Id. ¶ 100.)  Plaintiff alleges that these tickets were not received by Heredia as consideration under Plaintiff's manager agreement and that Heredia actually *used* Plaintiff to obtain this illicit benefit.  (Id. ¶¶ 99-100.)

It is difficult to comprehend a more clear-cut violation of the Ali Act.  Plaintiff does not contend that Heredia was "employed" by Golden Boy.  (Mem. at 20.)  It also does not matter that Plaintiff "mentions only one alleged benefit" (the Las Vegas fight tickets).  (Id.)  To state the obvious, one illicit benefit is a violation.

Plaintiff has also satisfied the injury element of the Ali Act.  As noted in

14

1  Plaintiff's Complaint, the Ali Act provides a private right of action to "[a]ny boxer
2  who suffers economic injury as a result of a violation of this chapter."  15 U.S.C. §
3  6309(d); Compl. ¶ 98.  There is no requirement that Plaintiff demonstrate he "failed
4  to receive any monies owed him or that he was unable to secure a particular bout."
5  (Mem. at 20.)  Nor is there a requirement that he "specify the amount of money, what
6  specific benefits he would have received, or that he would have been entitled to, or
7  eligible to receive, such money or benefits."  (Id.)  These are additional terms
8  invented by Heredia.  No court has ever found that a plaintiff must allege damages
9  under the Ali Act with such extreme specificity.  In fact, Plaintiff's counsel is
10 unaware of a single case in which a boxer's Ali Act claim was dismissed for failure
11 to plead specific damages—and despite having multiple opportunities, both in his
12 reply to Plaintiff's first Opposition and in his renewed motion to dismiss, Heredia
13 cites none.  The statute requires "economic injury," which Plaintiff has plainly
14 alleged (i.e., he "would have earned *more money and/or benefits* of his own from
15 Golden Boy ….) (Compl. ¶ 101.)

16      **G.    Plaintiff Adequately Alleges Quantum Meruit**

17      Heredia's argument for dismissal of Plaintiff's quantum meruit claim is still
18 disingenuous and faulty.  Heredia cites the Ninth Circuit case In re De Laurentiis
19 Entertainment Group, Inc., 963 F.2d 1269 (9th Cir. 1992), for the proposition that a
20 plaintiff cannot maintain a quantum meruit claim where there is a contract between
21 the parties.  (See Mem. at 21.)  De Laurentiis, however, expressly recognized the
22 long-established principle that plaintiffs are "entitled to pursue both contract claims
23 and quantum meruit claims arising out of the same transaction" so long as they
24 "seek[] only one recovery."  963 F.2d at 1272 n.3 (citing Haggerty v. Warner, 115
25 Cal. App. 2d 468, 475 (1953)).  Plaintiff seeks only one recovery in connection with
26 the implied contract he alleges (whether in contract or in quantum meruit): the return
27 of approximately $29,000.00.  (See Compl. ¶¶ 104a, 80.)

28      It is also well settled that a plaintiff may plead alternative theories of recovery

15

in a complaint.  Federal Rule of Civil Procedure 8(d) specifically permits the pleading of alternative or even inconsistent claims and states that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  See Fed. R. Civ. P. 8(d)(2)-(3).  Thus, courts in the Central District consistently reject challenges like the one levied by Heredia here—particularly where the defendant also disputes the nature of the contract alleged, like Heredia does.  See, e.g., Keen Consulting Group v. Rugged Events Holdings, LLC, 2019 WL 6646701, at *3 (C.D. Cal. July 11, 2019) ("Here, Defendants deny the existence of any express contract yet argue that because Plaintiffs assert the existence of a contract, they cannot seek recovery under the theory of quantum meruit.  However, Federal Rule of Civil Procedure 8(d) specifically permits the pleading of alternative and even inconsistent claims. … Moreover, this Court has not explicitly determined the existence of a valid express contract but rather only that the FAC alleges facts plausibly supporting such a claim.  Accordingly, Defendants' Motion is DENIED as to the second cause of action."); Atencio v. TuneCore, Inc., 2017 WL 10059254, at *2 (C.D. Cal. Aug. 17, 2017) (denying motion to dismiss quantum meruit claim for similar reasons).

Moreover, only one part of Plaintiff's quantum meruit claim overlaps with his breach of implied contract claim.  Plaintiff also alleges that Heredia was unjustly enriched by the extra 2% fee he and John Doe, Esq. took that was not allowed under *any* contract, as well as whatever portion of Plaintiff's 18% manager's fee Heredia took because Heredia was *not a party* to Plaintiff's boxing manager agreement—his half-brother Moses was.  (See Compl. ¶¶ 104b, 105.)  California law has long recognized that the "underlying idea behind quantum meruit is the law's distaste for unjust enrichment.  If one has received a benefit which one may not justly retain, one should 'restore the aggrieved party to his or her former position by return of the thing or its equivalent in money.'"  Maglica v. Maglica, 66 Cal. App. 4th 442, 449 (1998) (citing 1 Witkin, Summ. of Cal. Law, Contracts § 91, at 122 (9th ed. 1987)).  "To state a claim for quantum meruit, the plaintiff need only "prove that (1) he rendered

16

services to the defendant's benefit and (2) the defendant would be unjustly enriched if the plaintiff was not compensated." <u>Atencio</u>, 2017 WL 10059254, at *2.  Plaintiff has done that.  He alleges that he rendered boxing services to Heredia for his benefit and that Heredia was unjustly enriched by those services through his wrongful taking of money and other personal property belonging to Plaintiff (including the referenced tickets (Compl. ¶ 104c)).

### H.    Plaintiff States a Right to an Accounting

Heredia's second motion to dismiss again ignores the express allegations in Plaintiff's Complaint that easily satisfy the standard for an accounting.  "A cause of action for accounting need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." <u>Brea v. McGlashan</u>, 3 Cal. App. 2d 454, 460 (1934).  A fiduciary relationship is not even necessary to state a cause of action for accounting, but it is a prime example of the type of relationship that qualifies for such relief.  <u>Teselle v. McLoughlin</u>, 173 Cal. App. 4th 156, 179 (2009).  Plaintiff expressly alleges that he was in a fiduciary relationship with Defendant Heredia.  (Compl. ¶¶ 2-3, 61, 71.) He alleges that a balance of money is due to him, and the precise amount cannot be ascertained without an accounting.  (<u>Id.</u> ¶ 110.)  That is all that is required to state a cause of action for accounting.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

For all the foregoing reasons, the Court should deny Heredia's second motion to dismiss.

Dated:  January 29, 2021

**VGC, LLP**

By:_____

James L. Greeley
Diyari Vázquez
Alexander R. Safyan
Attorneys for Plaintiff
JOSEPH DIAZ, JR.