Rajan O. Dhungana (SBN: 297794)
　rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
　emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Mr. Ralph Heredia

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA
(EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: 5:20−cv−02332 JWH (KKx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO WITHDRAW MOTION TO DISMISS (ECF NO. 23) AND MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION**<br><br>Date:　　　March 12, 2021<br>Time:　　　9:00am<br>Courtroom: 2<br>Judge:　　　Hon. John W. Holcomb |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF THE MOTION ..................................................................................... 1

INTRODUCTION AND STATEMENT OF FACTS ..................................................... 1

I.    Factual Background ............................................................................................... 1

II.    Procedural Background ........................................................................................ 4

ARGUMENT ........................................................................................................................... 4

I.    Plaintiff's Complaint concerns issues currently being arbitrated by the California State Athletic Commission and as such this lawsuit should be stayed and arbitration compelled. ................................................................................. 4

    A.    Standard for Compelling Arbitration. .................................................... 5

    B.    The plain language of the contract shows that all of Plaintiffs causes of action are arbitrable. ......................................................................................... 6

    C.    Defendant did not waive their right to arbitration. ............................... 8

CONCLUSION ..................................................................................................................... 12

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO WITHDRAW MOTION TO DISMISS (ECF NO. 23) AND MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

i

# TABLE OF AUTHORITIES

## CASES

*Ashbey v. Archstone Property Mgmt., Inc.*,
   785 F.3d 1320 (9th Cir. 2015) ................................................................. 5

*Brickstructures, Inc. v. Coaster Dynamix, Inc.*,
   952 F.3d 887 (7th Cir. 2020) ................................................................... 9

*Britton v. Co-op Banking Group*,
   916 F.2d 1405 (9th Cir. 2010) ............................................................... 10

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
   207 F.3d 1126 (9th Cir. 2000) ......................................................... 4, 5, 7

*Cortez v. Nationstar Mortg. LLC*,
   2020 WL 2303090 (C.D. Cal. Mar. 2, 2020) ......................................... 4

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985) .......................... 5

*E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279 (2002) ................................ 8

*Fisher v. A.G. Becker Paribas Inc.*,
   791 F.2d 691 (9th Cir. 1986) ............................................................. 9, 11

*In re Mirant Corp*, 613 F.3d 584 (5th Cir. 2010) ..................................... 10

*Martin v. Yasuda*, 829 F.3d 1118 (9th Cir. 2016) .................... 8, 9, 10, 11

*Mastrobuono v. Shearson Lehman Hutton, Inc.*,
   514 U.S. 52 (1995) ................................................................................. 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ................................................................................... 5

*Nat'l Found. for Cancer Research v. A.G. Edwards & Sons*,
   821 F.2d 772 (D.C. Cir. 1987) ............................................................. 10

*Newirth by & through Newirth v. Aegis Senior Communities, LLC*,
   931 F.3d 935 (9th Cir. 2019) ............................................. 8, 9, 10, 11, 12

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO WITHDRAW MOTION TO DISMISS (ECF NO. 23) AND MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

ii

*United States v. Park Place Assocs., Ltd.*,
    563 F.3d 907 (9th Cir. 2009) .................................................................................. 8
*Van Ness Townhouses v. Mar Indus. Corp.*,
    862 F.2d 754 (9th Cir. 1988) ........................................................................... 10, 11
*Ward v. Goossen*, 71 F. Supp. 3d 1010 (N.D. Cal. 2014) ................................... 7, 8

## STATUTES

The Federal Arbitration Act ............................................................................. 1, 5, 8
9 U.S.C. § 2 ........................................................................................................ 5, 8
9 U.S.C. § 3 ........................................................................................................... 8
9 U.S.C. § 4 ........................................................................................................... 5
Cal. Bus. & Prof. Code § 18602 .............................................................................. 4
Cal. Bus. & Prof. Code § 18640 .............................................................................. 4

## REGULATIONS

Cal. Code Regs. tit. 4, § 201 ............................................................................... 4, 6
Cal. Code Regs. tit. 4, § 220 .................................................................................. 4,
Cal. Code Regs. tit. 4, § 221 ................................................................... 1, 3, 4, 5, 7
Cal. Code Regs. tit. 4, § 222 ................................................................................ 1, 4
Cal. Code Regs. tit. 4, § 224 .................................................................................... 4
Cal. Code Regs. tit. 4, § 225 .................................................................................... 4
Cal. Code Regs. tit. 4, § 226 .................................................................................... 4
Cal. Code Regs. tit. 4, § 227 .................................................................................... 4
Cal. Code Regs. tit. 4, § 230 .................................................................................... 4

# STATEMENT OF THE MOTION

Defendant Ralph Heredia, through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of his Motion to Withdraw Motion to Dismiss (ECF No. 23) and Motion to Compel Arbitration and/or Stay the Proceedings Pending Arbitration. This motion is pursuant to the language of the boxer-manager contract at the heart of the controversy, the Professional Boxing Rules of California which mandate arbitration between boxer and manager, *see* Cal. Code Regs. tit. 4, § 221 ("All disputes between the parties to the contract, including the validity of the contract, shall be arbitrated pursuant to the provisions of the contract."), and the Federal Arbitration Act as interpreted by case law.

# INTRODUCTION AND STATEMENT OF FACTS

## I.   Factual Background

Mr. Moses Heredia is the CEO and a director of Heredia Boxing Management, Inc. ("HBM"). HBM manages several fighters. Mr. Moses Heredia has employees that carry out duties. Mr. Ralph Heredia, brother of Mr. Moses Heredia, is the employee in HBM.

On February 23, 2017, Mr. Diaz and Mr. Moses Heredia, duly licensed boxing manage and brother of Defendant Heredia, signed a Boxer-Manager Contract. *See* Exhibit A. Mr. Larry Ervin from the California State Athletic Commission ("Commission") oversaw the signing of the new contract in accordance with the applicable Rules promulgated by the Commission. Cal. Code Regs. tit. 4, § 222; *see also* Exhibit A; Plaintiff's Complaint ("Pl. Compl.")(ECF No. 3) at ¶¶2, 44, & 45. The Commission approved the boxer manager contract the very next day on February 24, 2017. See Exhibit A.

Under this contract, Mr. Diaz fought nine bouts from February 23, 2017 to the present day. Through the keen management provided, Mr. Diaz flourished and

on January 30, 2020, Mr. Diaz became the International Boxing Federation (IBF) super featherweight world champion by defeating Tevin Farmer. Pl. Compl. at ¶1.

After Mr. Diaz became a world champion, MTK Global Sports Management, LLC ("MTK") (also doing business as Global Promotion Management LTD), another boxing management company, reached out to Mr. Diaz and offered him, upon information and belief, an advance of $100,000 on his next purse. MTK provided this advance in exchange for Mr. Diaz signing a "marketing advisory" agreement.

Mr. Diaz publically announced this signing on or about August 12, 2020. On or about August 20, 2020, Mr. Moses Heredia filed a request to arbitrate this breach of contract with the Commission. *See* Exhibit B (Request for Arbitration, Declaration of Mr. Moses Heredia, and Cover Letter from Mr. Steve Bash). Mr. Moses Heredia retained counsel other than counsel on this case.

According to Arbitration counsel, the Commission accepted the request and indicated that the arbitration may occur over Zoom instead of in person given the pandemic. Counsel representing Mr. Moses Heredia maintained its demand, as had previously been made, for an in person hearing. Due to the in person hearing demand, as a result of the date of this filing, the arbitration is still pending scheduling due to the ongoing COVID-19 pandemic.

During the pendency of this arbitration, Plaintiff filed a lawsuit in state court only against Mr. Ralph Heredia, an employee of HBM, and alleged that Defendant Heredia is the "de facto" or "true" manager while Mr. Moses Heredia is only a manager "on paper." Plaintiff alleges that a "fraud" has been perpetrated on the Commission. Pl. Compl. at ¶47. After its filing, Defendant Ralph Heredia removed the suit to Federal Court. ECF No.'s 1-3.

On December 18, 2020, HBM and Mr. Moses Heredia filed a complaint allegation, among other things, tortious interference of contract against MTK, Golden Boy Promotions, and VGC, LLP. *See Heredia Boxing Mgmt. Inc., et al. v.*

*MTK Global Sports Mgmt. LLC, et. al.*, Case No. 5:20-cv-02618-JWH-KKx. On December 21, 2020 Plaintiff's counsel sent a letter to Defendant Heredia's counsel. *See* Pl. Opp. at 3 FN2 (ECF No. 24). This letter presented new facts which Defendant's counsel relied upon to amend the *Heredia Boxing Mgmt. Inc., et al. v. MTK Global Sports Mgmt. LLC, et. al.*, Case No. 5:20-cv-02618-JWH-KKx complaint on January 18, 2021.

In this letter, aside from the gratuitous threats, Plaintiff's counsel also asserted that Mr. Diaz had responded to the arbitration request submitted by Mr. Moses Heredia. Defendant Heredia then undertook to research and obtain the response that was made by Mr. Diaz. This assertion was the first time counsel was made aware that Mr. Diaz had acknowledged the arbitration request and had responded to it. To this day, neither Defendant Heredia, Mr. Moses Heredia, arbitration counsel, nor undersigned counsel are in receipt of this response. Arbitration counsel was on holiday until on or about January 13, 2020. On or about January 13, 2020, was contacted and confirmed that he was not in receipt of the response.

Upon further investigation and the fact that Plaintiff was participating in arbitration regarding the **contract at issue in this case** it became clear that this lawsuit was premature and that instead of responding to the current motions that a motion to stay pending the outcome of mandatory arbitration was proper. Counsel determined to then move for such a stay and voluntarily withdraw its motion to dismiss in light of the pending arbitration. Counsel sought consent to file the motion to stay jointly which was declined by Plaintiff's counsel. Counsel conducted additional research concerning the arbitrability of the claims made by Plaintiff in light of the pending arbitration and the fact that Plaintiff's counsel is aware of and responded to the arbitration. As explained below, based on counsel's research, counsel believes Plaintiff's causes of action are encompassed in the arbitration provisions in the boxer-manager contract and required to be arbitrated

under the Professional Boxing Rules. Cal. Code Regs. tit. 4, § 221. Accordingly, Plaintiff now files a motion to withdraw its motion to dismiss and motion to compel arbitration and/or a stay of proceedings pending arbitration.

## II.     Procedural Background

On November 11, 2020, Mr. Ralph Heredia removed the suit to Federal Court. ECF No.'s 1-3.

On December 9, 2020, Defendant filed a Notice of Motion and Motion to Dismiss for failure to state a claim. *See* ECF No. 9. Defendant failed to follow Local Rule 7-3 and conduct a meet and confer prior to the filing of that motion. *See* ECF No. 17. On January 5, 2021, the Honorable Judge John W. Holcomb denied Defendants motion without prejudice citing the failure to follow the local rules. ECF No. 22.

After a meet and confer on January 6, 2021, Defendant re-filed the motion to dismiss. Plaintiff filed their reply on January 29, 2021 and referenced the December 21, 2020 letter.

After a meet and confer on February 5, 2021, Defendant files the instant motion.

## ARGUMENT

**I.     Plaintiff's Complaint concerns issues currently being arbitrated by the California State Athletic Commission and as such this lawsuit should be stayed and arbitration compelled.**

The California State Athletic Commission ("Commission") has jurisdiction over the professional boxing industry. Cal. Bus. & Prof. Code §§ 18602, 18640. The Commission in turn executed numerous regulations concerning the relationships between boxer and manager. *See* Cal. Code Regs. tit. 4, §§ 201, 220-222, 224-227, 230. Plaintiff and Mr. Moses Heredia (brother of Defendant

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO WITHDRAW MOTION TO DISMISS (ECF NO. 23) AND MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

4

Heredia) executed the contract in question in accordance with the applicable regulations in front of the Commission, on the form required, and submitted to the Commission for approval. *See* Cal. Code Regs. tit. 4, §§ 220-222.

With respect to disputes between boxer and manager, "[a]ll disputes between the parties to the contract, including the validity of the contract, **shall be arbitrated** pursuant to the provisions of the contract." Cal. Code Regs. tit. 4, § 221. (emphasis added). This language is also contained in the boxer-manager contract signed by Plaintiff and Mr. Moses Heredia.

A.   **Standard for Compelling Arbitration.**

"'The court's role under the Federal Arbitration Act is [ ] limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cortez v. Nationstar Mortg. LLC*, 2020 WL 2303090, at *2 (C.D. Cal. Mar. 2, 2020) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). As Defendant is seeking to compel arbitration, Defendant has the burden under the Federal Arbitration Act (FAA) to show the two elements established in *Chiron Corp*. *Id*. (citing *Ashbey v. Archstone Property Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015). Additionally, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983), *superseded by statute on other grounds*.

The FAA applies to contracts evidencing a transaction involving commerce and any arbitration agreement within its scope "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. If a party to an arbitration agreement refuses to arbitrate, the FAA allows for a petition to be filed in federal court for an order compelling arbitration. 9 U.S.C. § 4. If the two elements in *Chiron Corp* are satisfied, the FAA leaves no room for discretion by a district court, "but instead mandates that a district court *shall* direct the parties to proceed to arbitration."

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in the original).

///

**B.    The plain language of the contract shows that all of Plaintiffs causes of action are arbitrable.**

Plaintiff's Complaint fails to mention that an arbitration provision governs any disputes or claims under or relating to the boxer-manager contract. Accordingly, Defendant Heredia now seeks an order from this Court to compel arbitration and/or a stay of proceedings pending arbitration.

On August 20, 2020, Mr. Moses Heredia, Defendant Heredia's brother, referenced in Plaintiffs Complaint (*see* Pl. Compl. ¶¶ 4, 35-37, 39-40, 44, 46-47, 58-59, 62, & 105) (ECF No. 3), requested the Commission arbitrate a breach of contract committed by Plaintiff in accordance with the terms of the boxer-manager contract. *See* Pl. Compl. ¶ 44; *see also* Exhibit A.

In relevant part, the boxer-manager contract states:

> ***All controversies*** arising between the parties hereto, ***including but not limited to controversies concerning the validity and/or enforceability of this contract***, shall be submitted for arbitration in the following manner:
>
> [A detailed procedure for arbitration follows] … The parties hereto agree in the event of submission of any such controversy to arbitration, that the decision of such arbitrator shall be final and binding upon the parties hereto and each of them to be bound thereby.

*See* Exhibit A (emphasis added).

In his complaint, Plaintiff states—*pervasively*—that Defendant Heredia "used" his brother Mr. Moses Heredia to be a "paper manager" while Defendant Heredia was the "de facto" or "true" manager. *See e.g.* Pl. Compl. at ¶¶ 4, 35, 36, 37, 39, 40, 44, 47, 58, 59, 62, & 71 (ECF No. 3). This is a "controversy arising

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO WITHDRAW MOTION TO DISMISS (ECF NO. 23) AND MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

6

between the parties" and a challenge to the "validity and/or enforceability" of the boxer-manager contract and is required to be arbitrated under the plain language of the contract and the Professional Boxing Rules. *See* Cal. Code Regs. tit. 4, §§ 201, 221; *see also Ward v. Goossen*, 71 F. Supp. 3d 1010, 1013 (N.D. Cal. 2014) (citing the Federal Arbitration Act and *Chiron Corp*, 207 F.3d at 1130).

Plaintiff specifically alleges a concept of a "de facto" or "true" manager and "paper manager" as a factual element in Plaintiff's First Cause of Action (*See* Pl. Compl. at ¶ 62), Second Cause of Action (*See* Pl. Compl. at ¶ 71, Fourth Cause of Action (*See* Pl. Compl. at ¶ 83), Fifth Cause of Action (*See* Pl. Compl. at ¶ 90), and Seventh Cause of Action (*See* Pl. Compl. at ¶ 105). Additionally, Plaintiff's theory of "de facto" or "true" manager versus "paper manager" underscores all of the causes of action in Plaintiffs complaint—indeed it is the very heart of it. As the validity or enforceability of the contract in question controls the outcome of so many causes of action, this court should dismiss or stay the entirety of Plaintiff's complaint until the arbitration at the California State Athletic Commission is completed.

In *Ward*, the Northern District reviewed language of a boxing *promotion* agreement and held that under the terms of the contract the only matters to be arbitrated concerned the "validity and/or enforcement" of the contract. 71 F. Supp. 3d at 1017-1018. The applicable language in that contract differs greatly from the language in Exhibit A. The promotion agreement in *Ward* stated:

> All controversies concerning the validity and/or enforceability of the promotional contract and this addendum shall be submitted for arbitration in the following manner …

*Id*. at 1013. Here, the applicable language contains a much broader scope:

> ***All controversies*** arising between the parties hereto, ***including but not limited to controversies concerning the validity and/or enforceability of this contract***, shall be submitted for

arbitration in the following manner …

See Exhibit A.

Hence, the narrow reading in *Ward*, of what is arbitrable is not applicable to this case. 71 F. Supp. 3d at 1017-1018. However, the strong federal policy for compelling arbitration under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 2-3, is applicable to this case. *Id*. at 1013-1014. Indeed, a "court must compel arbitration when there is a valid agreement to arbitrate and the dispute falls into the scope of that agreement. *Id*. at 1013 (citation omitted). Further, "[c]ourts should therefore 'construe ambiguities concerning the scope of arbitrability in favor of arbitration....' *Id*. at 1014 (citing *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 66 (1995). The "'language of the contract … defines the scope of the disputes subject to arbitration.'" *Id*. (citing *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002)). In order "to give effect to every part" of the language in the contract pursuant to California state law, this court must read that all controversies between the parties must be arbitrated. *Id*. (internal citations omitted). To read that this contract does not require arbitration of the causes of action in Plaintiffs complaint would be to render portions of the arbitration clause "superfluous or meaningless." *Id*. 1015. Thus, the boxer-manager contract is subject to the mandatory arbitration provision. Plaintiff's complaint centers around where the contract with Mr. Moses Heredia is a sham or a fraud. Indeed, Plaintiff boldly claims that a fraud has been perpetrated on the Commission under Plaintiffs odd theory. See Pl. Compl. at ¶47. Clearly, Plaintiff is arguing about the validity of this contract. Accordingly, Plaintiff must be ordered to proceed under arbitration and the present action must be dismissed or alternatively stayed until the completion of the arbitration.

**C.    Defendant did not waive their right to arbitration.**

Defendant did not act inconsistently with its right to arbitrate. The right to

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO WITHDRAW MOTION TO DISMISS (ECF NO. 23) AND MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

8

arbitration, like other contractual rights, can be waived. *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (citing *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009)); *see also Newirth by & through Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 940 (9th Cir. 2019). "[w]aiver of a contractual right to arbitration is not favored," and "any party arguing waiver of arbitration bears a heavy burden of proof." *Newirth*, 931 F.3d at 940 (citing *Fisher v. A.G. Becker Paribas Inc*., 791 F.2d 691, 694 (9th Cir. 1986)). "A determination of whether 'the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements.'" *Martin*, 829 F.3d at 1124 (citing *Fisher*, 791 F.2d at 694). A party does not waive their right to arbitration if a motion to compel arbitration is not the first thing they file on the docket. *Brickstructures, Inc. v. Coaster Dynamix, Inc*., 952 F.3d 887, 892 (7th Cir. 2020).

"[A] party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id*.

Previously unknown to the Defendant, Plaintiff filed this current lawsuit AND simultaneously responded to the arbitration. Defendant's counsel began further investigation through research and discussions with the counsel representing Mr. Moses Heredia. Defendant needed to preserve its rights in the litigation and re-filed the motion to dismiss one day after completing its amended complaint in *Heredia Boxing Mgmt. Inc., et al. v. MTK Global Sports Mgmt. LLC, et. al*., Case No. 5:20-cv-02618-JWH-KKx. The matters contained in Plaintiffs complaint are arbitrable and, as such, is withdrawing its motion to dismiss and moving this court to compel arbitration.

"There is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate." *Id*. at 1125. Courts look to the

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO WITHDRAW MOTION TO DISMISS (ECF NO. 23) AND MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

9

totality of the circumstances of the parties' action. *Id.*, see also *Newirth*, 931 F.3d at 941 ("That is, a party acts inconsistently with exercising the right to arbitrate when it (1) makes an intentional decision not to move to compel arbitration and (2) ***actively litigates*** the merits of a case for a ***prolonged period of time*** in order to take advantage of being in court." (emphasis added)).

In *Martin*, after 17 months of litigation, the defendant moved to compel arbitration after engaging in discovery and numerous motions. *Martin*, 829 F.3d at 1126. The court viewed that as a waiver. *Id*. Here, Defendant has not waited in "extended silence and delay." *Id*. After receiving a letter just before the holidays concerning additional facts, Defendant's counsel took the time to amend its complaint in *Heredia Boxing Mgmt. Inc., et al. v. MTK Global Sports Mgmt. LLC, et. al.*, Case No. 5:20-cv-02618-JWH-KKx. One day after its filing, Defendant re-filed his motion to dismiss. Prior to seeking a ruling on that motion, Defendant is timely withdrawing it from the court and asserting its right to compel arbitration in reliance on Plaintiff's assertions prior to the court having to exercise its judicial imprimatur. Defendant has not made a "'conscious decision to ***continue to seek*** judicial judgment on the merits'" based on these newly discovered facts and additional research.  *Id*. (emphasis added) (citing *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988) (quoting *Nat'l Found. for Cancer Research v. A.G. Edwards & Sons*, 821 F.2d 772, 777 (D.C. Cir. 1987)). Inconsistent acts require "active[] litigation." *Id*. 1125. Withdrawing a motion to dismiss is the antithesis of activity. Further, in *Martin*, the court gathered several cases all which point to more than filing a motion to dismiss to show inconsistent acts. *Id*. (listing cases where waiver was found). Here, Defendant is not acting inconsistent, but rather ceasing any litigation efforts to move this court to compel arbitration. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 2010) (holding that someone who resisted litigation was not found to have waived the right to arbitration and did not actively litigate the issues). A party that engages

in some overt act that evinces a desire to resolve the arbitrable dispute in an arbitral forum does not waive their right to arbitration. *Newirth*, 931 F.3d at 941-942 (citing *In re Mirant Corp*, 613 F.3d 584, 589 (5th Cir. 2010).

  Plaintiff cannot be prejudiced when they properly responded to binding arbitration prior to filing a lawsuit on the same issues (contract validity and enforcement involving the same parties)? This runs afoul of both binding arbitration and the "first to file" rule. When deciding whether to apply the first-to-file rule, the court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. The two actions need not be identical; it is enough that they are "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989). Plaintiff cannot create their prejudice by disregarding mandatory arbitration in favor of a lawsuit, or in this case attempt to proceed in both. To make a showing of prejudice, Plaintiff needs to show more than "action inconsistent with [] arbitration." *Id*. 1126. (internal citations and quotations omitted). "To prove prejudice, plaintiffs must show more than 'self-inflicted' wounds that they incurred as a direct result of suing in [] court contrary to the provisions of an arbitration agreement." *Id*. (internal citations and quotations omitted).

  Specifically, to establish prejudice:

> [T]he plaintiffs must show that, as a result of the defendants having delayed seeking arbitration, they have incurred costs that they would not otherwise have incurred, [] that they would be forced to relitigate an issue on the merits on which they have already prevailed in court, [] or that the defendants have received an advantage from litigating in federal court that they would not have received in arbitration.

*Id*. at 1126. Here, Plaintiff initiated a lawsuit while simultaneously responding to arbitration. Plaintiff has not expended "considerable time and resources" directly related to an extended delay before seeking arbitration. *Id*. (internal citations

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING MOTION TO WITHDRAW MOTION TO DISMISS (ECF NO. 23) AND MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

11

omitted). The *Martin* court gathered cases where too much time has past. These cases range from 8 months to 18 months. *Id*. at 1127. (internal citations and quotations omitted); *see also Van Ness Townhouses*, 862 F.2d at 756, 759 (24 months of litigation). Plaintiff served Defendant on November 18, 2020. It has only been two and a half months since service. Only one and a half months since Defendant' counsel understood that Plaintiff is actively engaged in both a lawsuit and in arbitration for the same matter—the validity of the boxer-manager contract. Further, during this time, the holidays occurred and the U.S. Capitol was attacked causing widespread delays in Washington DC. *And* all of this occurred in the backdrop of a global pandemic.

Plaintiff responded to mandatory binding arbitration and filed a lawsuit anyway. "When a party agrees to arbitrate disputes, and then breaches that agreement by filing a lawsuit, '[a]ny extra expense incurred as a result of the [plaintiffs'] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [the defendant].' *Newirth*, 931 F.3d at 943 (citing *Fisher*, 791 F.2d at 698).

## CONCLUSION

For the reasons stated here and in his initial Memorandum, the Court should grant Defendant Ralph Heredia's Motion to Withdraw his Motion to Dismiss, grant the Motion to Compel Arbitration and/or Stay the Proceedings Pending Arbitration.

Dated: February 5, 2021                     Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, California 92344

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Appearing Pro Hac Vice*)
   emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006

*Attorneys for Defendant*
Ralph Heredia