Rajan O. Dhungana (SBN: 297794)
　rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
　emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Mr. Ralph Heredia

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>　　　Plaintiff,<br>vs.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>　　　Defendants. | Case No.: 5:20−cv−02332 JWH (KK)<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION**<br><br>Date:　　　March 12, 2021<br>Time:　　　9:00am<br>Courtroom: 2<br>Judge:　　　Hon. John W. Holcomb<br><br>[Declarations of Carmina Ledesma, Moses Heredia, Steve Bash, Rajan Dhungana, and Eric Montalvo submitted herewith] |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .................................................................................................. 1

ARGUMENT .......................................................................................................... 2

I. Plaintiff Conceded that the Boxer-Manager Contract is Valid and Enforceable. ................................................................................................. 2

II. Defendant Heredia is a Co-Owner and an Employee of Heredia Boxing Management, Inc. and Performed Acts Pursuant to his Employment which Fall under the Provisions of the Boxer-Manager Contract Making him a Necessary Party to the Arbitration. ............................................................. 3

III. Plaintiff's Complaint Centers on the Validity of the Boxer-Manager Contract and According to the Commission during an Exchange Discussing the Upcoming Arbitration Proceedings the Same Allegations Raised in the Complaint have been Raised before the Commission Requiring—at a minimum—a Stay of Proceedings as the Boxer-Manager Contract is Currently being Arbitrated .......................................................................... 4

IV. Removal to Federal Court does not Result in Waiver nor does Withdrawing a Motion to Dismiss in the Early Stages of Litigation. ................................ 6

V. Defendant's Counsel made a Good Faith Effort to Meet and Confer but All Attempts to Meet and Confer have Resulted in Declinations to Participate in any Meaningful Discourse. ........................................................................ 7

CONCLUSION ....................................................................................................... 9

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS
PENDING ARBITRATION

i


# TABLE OF AUTHORITIES

## CASES

*Amisil Holdings Ltd. v. Clarium Capital Mgmt.*,
   622 F. Supp. 2d 825 (N.D. Cal. 2007) ........................................................ 1, 4

*Ashbey v. Archstone Property Mgmt., Inc.*,
   785 F.3d 1320 (9th Cir. 2015) ........................................................................ 2

*Assad v. Josefsson*,
   2018 WL 6075344 (C.D. Cal. Sept. 14, 2018) .............................................. 8

*Bohn v. Pharmavite, LLC*,
   2013 WL 4517173 (C.D. Cal. Feb. 5, 2013) ................................................. 8

*Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*,
   50 F.3d 388 (7th Cir. 1995) ........................................................................ 6, 7

*CarMax Auto Superstores California LLC v. Hernandez*,
   94 F. Supp. 3d 1078, (C.D. Cal. 2015) .......................................................... 8

*CoinLab Inc. v. MT Gox KK*,
   513 B.R. 576 (W.D. Wash. 2014) .................................................................. 2

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985) .................................. 5, 6

*Grand Wireless, Inc. v. Verizon Wireless, Inc.*,
   748 F.3d 1 (1st Cir. 2014) .............................................................................. 4

*Halim v. Great Gatsby's Auction Gallery, Inc.*,
   516 F.3d 557 (7th Cir. 2008) ......................................................................... 7

*Letizia v. Prudential Bache Sec., Inc.*,
   802 F.2d 1185 (9th Cir. 1986) ....................................................................... 4

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) ......................................................................... 2

*Martin v. Yasuda*, 829 F.3d 1118 (9th Cir. 2016) ................................................. 7

*Pearson v. Skylark Co.*,
   2000 WL 33201876 (D. Or. Dec. 21, 2000) .................................................. 7

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS
PENDING ARBITRATION

ii

*Rent-A-Center, West, Inc. v. Jackson*,
    561 U.S. 63 (2010) .................................................................................... 2

*Reynolds v. NRC Envtl. Servs. Inc.*,
    2020 WL 6083112 (C.D. Cal. Aug. 24, 2020) ............................................ 1

*Superbalife, Int'l v. Powerpay*,
    2008 WL 4559752 (C.D. Cal. Oct. 7, 2008) ................................................ 8

*Ward v. Goossen*, 71 F. Supp. 3d 1010 (N.D. Cal. 2014) ........................................ 5

## STATUTES

The Federal Arbitration Act ................................................................................ 2, 6

9 U.S.C. § 2 ............................................................................................................ 2

9 U.S.C. § 3 ....................................................................................................... 2, 3

9 U.S.C. § 4 ............................................................................................................ 2

Cal. Bus. & Prof. Code § 18602 ............................................................................. 5

Cal. Bus. & Prof. Code § 18640 ............................................................................. 5

## REGULATIONS

Cal. Code Regs. tit. 4, § 221 .................................................................................. 5

## RULES

L.R. 7-3 ............................................................................................................... 8-9

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS
PENDING ARBITRATION

iii

# INTRODUCTION

Defendant Ralph Heredia, through undersigned counsel, replies to Plaintiff Joseph Diaz, Jr.'s Opposition to Defendant Ralph Heredia's Motion to Compel Arbitration. A valid agreement to arbitrate exists. Plaintiff concedes in its Opposition that the Boxer-Manager Contract and its arbitration clause are "valid and enforceable." (*See* Pl.'s Opp. at 9 (ECF No. 28).) The Boxer-Manager Contract states that "all controversies arising between the parties … shall be submitted for arbitration." (*See* Diaz Decl., Ex. A, § C.4.) Defendant Heredia may compel arbitration as he is being sued in his capacity as an employee of Heredia Boxing Management, Inc. (hereinafter "HBM"). Plaintiff's Opposition fails to account for Defendant Heredia being a co-owner and employee of Heredia Boxing Management, Inc. (hereinafter "HBM"). As such, in that role he can compel a signatory to the contract to arbitrate. *Reynolds v. NRC Envtl. Servs. Inc.*, 2020 WL 6083112, at *5 (C.D. Cal. Aug. 24, 2020) (citing *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 830 (N.D. Cal. 2007).)

The arbitration agreement encompasses the dispute as Plaintiff has stated in its Complaint that the underlying Boxer-Manager Contract is a "fraud upon the Commission" (*See* Pl. Compl. ¶47 (ECF No. 3).) Further, Plaintiff recently demonstrated this by actions. Just six days prior to filing his opposition on February 13, 2021, Plaintiff disputed the validity of the Boxer-Manager Contract and did not follow the terms of his contract. (*See* Heredia, Bash, and Montalvo Decl.'s) Plaintiff argued to the California State Athletic Commission and Golden Boy Promotions that the Boxer-Manager Contract is not valid based on Defendant Heredia's alleged acts or omissions. (*See* Heredia, Bash, and Montalvo Decl.'s) Plaintiff's opposition attempts to paint a picture that the validity of the Boxer-Manager Contract has nothing to do with his Complaint. That cannot be further from the truth. Plaintiff's Complaint necessarily relies on whether the Boxer-Manager Contract is valid and is inexorably intertwined. Plaintiff made the same or

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

1

similar arguments found in its Complaint to the Commission to support their determination not to render the contractually obligated management fees to Mr. Moses Heredia on February 13, 2021.

Because Mr. Ralph Heredia is an owner and employee of HBM, this Court should compel the arbitration of claims made against an employee in the scope of his employment that relate to the Boxer-Manager Contract. Further, As the Boxer-Manager Contract in question is being arbitrated by the California State Athletic Commission ("Commission") this Court should Order a Stay of the Proceedings until the arbitration ongoing at the Commission is concluded. (*See* Heredia and Bash Decl.'s) Staying the proceedings at a minimum is required under the Federal Arbitration Act when there is no contest concerning the validity of the contract or its arbitration clause. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (citing 9 U.S.C. §§ 2-4). Additionally, a stay of proceedings will ensure this Court does not needlessly re-litigate the validity of the underlying Boxer-Manager Contract. *CoinLab Inc. v. MT Gox KK*, 513 B.R. 576, 578 (W.D. Wash. 2014) ("The district court may stay an action 'pending resolution of independent proceedings which bear upon the case' if it finds 'it is efficient for its own docket and the fairest course for the parties.'") (citing *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.1979).)

## **ARGUMENT**

### **I.  Plaintiff Conceded that the Boxer-Manager Contract is Valid and Enforceable.**

Defendant must show that "(1) a valid agreement to arbitrate exists and if it does, (2) the agreement encompasses the dispute at issue." *Ashbey v. Archstone Property Mgmt., Inc*., 785 F.3d 1320, 1323 (9th Cir. 2015). Plaintiff conceded in his Opposition that the Boxer Manager Contract is valid and enforceable. (Pl. Opp. at 9.) Plaintiff is thereby conceding that the arbitration clause is also valid and

enforceable. Indeed, Plaintiff states that he is engaged in the arbitration against Mr. Moses Heredia. *Id*. Further, 9 U.S.C. § 3 states, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement … .

A valid agreement to arbitrate exists. Plaintiff argued in its opposition that Defendant Heredia did not sign the Boxer Manager Contract. As explained below, Defendant Heredia, an owner and employee of the parent company, as a non-signatory, can compel the arbitration of a signatory (Plaintiff).

**II.  Defendant Heredia is a Co-Owner and an Employee of Heredia Boxing Management, Inc. and Performed Acts Pursuant to his Employment which Fall under the Provisions of the Boxer-Manager Contract Making him a Necessary Party to the Arbitration.**

Plaintiff sued only Mr. Ralph Heredia, a co-owner and employee of HBM. (See Heredia Decl.). Plaintiff cannot avoid his obligations to arbitrate a "controversy arising" from the Boxer-Manager Contract by suing an employee and then claim they did not sign the contract. In an attempt to obfuscate this issue, Plaintiff submitted a declaration stating he has "… never met an employee of Heredia Boxing Management, Inc." (*See* Pl. Opp. and Diaz Decl.) This is not true. Mr. Diaz engaged in extensive communications with Ms. Carmina Ledesma regarding an agreement to help cover his bills. (*See* Ledesma Decl. and Ex. A. and Heredia Decl.) Moreover, checks sent to Plaintiff from Defendant were from HBM (*See* Heredia Decl. and Ex. B.). Additionally, Plaintiff communicated as recently

as July 24, 2020 discussing the need for more money, which was provided, and discussing his future with Mr. Moses Heredia. (See Heredia Decl. and Ex.'s C & D.)

Defendant Heredia's actions, as an owner, employee and agent of HBM, are all under the scope of the Boxer-Manager Contract. Non-signatory employees are covered by arbitration agreements. *Letizia v. Prudential Bache Sec., Inc*., 802 F.2d 1185, 1188 (9th Cir. 1986); *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1, 11 (1st Cir. 2014) ("When the non-signatory party is an employee of the signatory corporation and the underlying action in the dispute was undertaken in the course of the employee's employment, these circuits have fashioned, uniformly, a federal rule designed to protect the federal policy favoring arbitration."); *see also Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 832 (N.D. Cal. 2007) ("Taken together, *Letizia* and *Britton* establish that agents of a signatory can compel the other signatory to arbitrate so long as (1) the wrongful acts of the agents for which they are sued relate to their behavior as agents or in their capacities as agents (*Letizia* ) and (2) the claims against the agents arise out of or relate to the contract containing the arbitration clause (*Britton* ) (consistent with the language of the arbitration clause).") Here, Defendant Heredia is being sued for alleged wrongful acts pursuant to his role an employee (agent) of HBM and those claims arise out of or relate to the Boxer-Manager Contract containing an arbitration clause. As such, this Court must compel arbitration.

**III. Plaintiff's Complaint Centers on the Validity of the Boxer-Manager Contract and According to the Commission during an Exchange Discussing the Upcoming Arbitration Proceedings the Same Allegations Raised in the Complaint have been Raised before the Commission Requiring—at a minimum—a Stay of Proceedings as the Boxer-Manager Contract is Currently being Arbitrated.**

The central theme in Plaintiff's Complaint is that the Plaintiff was duped

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

4

into signing a contract with Mr. Moses Heredia while Defendant Heredia served as Plaintiff's boxing manager. (*See* Pl. Compl. ¶¶ 4, 35-37, 47, 51, 58, & 63 (ECF No. 3).) Plaintiff's Complaint states that Defendant Heredia "induced Diaz into an illicit arrangement whereby Heredia's half-brother, Moses Heredia, was Diaz's manager "on paper," while Defendant Heredia served as Diaz's de facto manager." *Id.* ¶ 4. And that this is a "fraud perpetuated on the Commission." *Id.* ¶ 47. That Defendant Heredia "did not disclose the true reason why he had his half-brother, Moses, sign the Current Agreement as the manager, rather than him." *Id.* Plaintiff's Complaint centers on whether the Boxer-Manager Contract is a byproduct of fraud or whether it is a valid and enforceable contract. Per the Boxer-Manager Contract's arbitration clause and the statutes and regulations governing professional boxing in California, the Commission is the correct body to make that determination. Cal. Bus. & Prof. Code §§ 18602, 18640; *see also* Cal. Code Regs. tit. 4, § 221. Mr. Moses Heredia filed a timely request for arbitration with the Commission to determine the validity of this contract. (*See* Heredia Decl. and Ex. E.)

   Defendant's counsel discussed the upcoming arbitration with the Commission. (*See* Montalvo Decl.) The Commission related that it had received a document from Plaintiff. In that writing, the same or similar arguments concerning Defendant Heredia were submitted to the Commission in furtherance of the arbitration to argue that the Boxer-Manager Contract is not valid. *Id.* As stated in Def.'s Mem. and given the broad language in the arbitration clause, the agreement encompasses the dispute at issue. (*See* Def.'s Mem. at 6-8. (discussing *Ward v. Goossen*, 71 F. Supp. 3d 1010 (N.D. Cal. 2014).)

   Assuming, arguendo, that not every cause of action asserted by Plaintiff is encompassed by the dispute, a stay of proceedings is still the appropriate course of action. In *Dean Witter*, the Supreme Court held that it is appropriate for a district court to compel arbitration or stay a proceeding pending arbitration when claims arise out of the same transaction and some are arbitrable and others are not. *Dean*

*Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985). In *Dean Witter*, the appellee, Byrd, invested with Dean Witter and signed an arbitration agreement. A dispute arose and litigation commenced. Dean Witter filed a motion to serve out state claims, compel their arbitration, and a stay of the arbitration pending resolution of the remaining federal claims involving securities. *Id*. at 215. The district court denied the motion, the Ninth Circuit upheld the decision, however, the Supreme Court reversed. *Id*. 215-217. In *Dean Witter*, the Supreme Court held when claims are "intertwined" "the Arbitration Act requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel …." *Id*. at 217. Further, the Federal Arbitration Act requires arbitration of arbitrable claims even if that results in piecemeal litigation. *Id.* 221.

Here, Defendant Heredia is essentially asking this Court to do the same thing—stay the proceedings so the causes of action asserted in Plaintiff's Complaint that are intertwined with the validity and enforceability of the Boxer-Manager Contract are arbitrated. Defendant Heredia is not asking for much time either. The Commission is ready to do the arbitration in mid-March. (*See* Montalvo Decl. and Ex. F.) Currently, the parties are pending scheduling of the arbitration. *Id.* and Ex. G. At a minimum this Court should grant a stay of proceedings to effectuate the intent of parties and arbitrate the arbitral claims raised in Plaintiff's Complaint that are intertwined with the claims already in front of the Commission.

**IV. Removal to Federal Court does not Result in Waiver nor does Withdrawing a Motion to Dismiss in the Early Stages of Litigation.**

Plaintiff suggests, incorrectly, that removing a case to federal court waives a Defendant's right to seek arbitration. Plaintiff cites to cases which do not actually hold that removing a case to federal court waives the right to arbitration. Plaintiff cites to *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc*., 50 F.3d 388, 390 (7th Cir. 1995), a Seventh Circuit case for the proposition that just removing a

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND/OR STAY THE PROCEEDINGS
PENDING ARBITRATION

6

1  case to federal court results in waiver. However, *Cabinetree* holding was
2  overturned by the Seventh Circuit and is counter to the standard in the Ninth
3  Circuit. *See Pearson v. Skylark Co.*, 2000 WL 33201876, at *3 (D. Or. Dec. 21,
4  2000) ("Pearson has failed to demonstrate that Skylark acted inconsistent with its
5  right to arbitrate by removing this case to federal court" under the standard in the
6  Ninth Circuit.) (citing *Cabinetree*, 50 F.3d at 390) (other internal citations
7  omitted.); *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th
8  Cir. 2008) ("This Court has explicitly held that simply moving to dismiss a case
9  does not waive one's right to arbitrate.") (citing *Cabinetree*, 50 F.3d at 390.)

Further in *Martin v. Yasuda*, the Ninth Circuit held an "extended silence and delay in moving for arbitration" is what indicates a "'conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims,' which would be inconsistent with a right to arbitrate." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (internal citations omitted). In the opinion, the word "removal" or any of its derivatives appears only once when citing to another case that listed a plethora of actions done by a defendant to show waiver. *Id*. (citing *Plows v. Rockwell Collins, Inc.*, 812 F.Supp.2d 1063, 1067–68 (C.D. Cal. 2011). Even in *Cabinetree*, the defendant engaged in months long litigation and thousands of pages of discovery before the Seventh Circuit found waiver. *Cabinetree*, 50 F.3d at 389. Further, a withdrawal of a motion is the antithesis of an indication that Defendant is seeking or "continuing to seek" a judicial judgment on the merits.

The standard for waiver in the cases cited in Plaintiff's opposition and Defendant's Memorandum is months of litigation with thousands of documents being exchanged. This simply has not occurred yet in this case.

## V.    Defendant's Counsel made a Good Faith Effort to Meet and Confer but All Attempts to Meet and Confer have Resulted in Declinations to Participate in any Meaningful Discourse.

Plaintiff brings up an issue already seemingly addressed by the Court in ECF

1  No. 26 when the Court directed the parties to file their respective response and
2  reply papers pertaining to the motion to compel arbitration and/or stay the
3  proceedings pending arbitration. Counsel has thoroughly reviewed and will
4  diligently comply with the Court's Local Rules.

5  However, the lack of dialogue is on both parties. The one word response
6  from Plaintiff's counsel ("No") shows that. (*See* Greeley Decl., Ex. E (Email
7  exchange between Counsel).) There were no additional questions asked by
8  Plaintiff's counsel, no additional engagement, and no request for a phone call to
9  discuss the motion— just "No." *See Bohn v. Pharmavite, LLC*, 2013 WL 4517173,
10 at *1 (C.D. Cal. Feb. 5, 2013) ("A good faith effort to comply with Local Rule 7–3
11 would have required the ***Parties*** to discuss the substance of the [motion].")
12 (emphasis added.)

13 Further, this is on the heels of the last communication with Plaintiff's
14 counsel on January 5, 2021 where Plaintiff's counsel engaged in a short phone call
15 and stated words to the effect of "This is the meet and confer." (*See* Dhungana
16 Decl.) The purpose of the meet and confer pursuant to Local Rule 7-3 is to
17 "determine whether it is possible to come to an agreement that obviates the need
18 for the motion." *CarMax Auto Superstores California LLC v. Hernandez*, 94 F.
19 Supp. 3d 1078, 1088 (C.D. Cal. 2015). Here, the hostility experienced when
20 attempting to discuss this case has shown that an agreement, at least at this stage, is
21 not possible. At a minimum, Defendant's counsel sought to meet and confer on this
22 issue in good faith and Plaintiff's counsel replied with a one-word declination. *See*
23 *Superbalife, Int'l v. Powerpay*, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008)
24 (discussing dismissal is appropriate when a good faith attempt is absent.) Any
25 further attempt to meet and confer would not have narrowed the issues concerning
26 the instant motion. *See Assad v. Josefsson*, 2018 WL 6075344, at *2 (C.D. Cal.
27 Sept. 14, 2018) (discussing the intent of the meet and confer rule is to narrow the
28 issues "to the important issues that remain in dispute.") Defendant's counsel

understands the seriousness of the Local Rules and will fully comply on all future filings regardless of the response received by Plaintiff's counsel.

## CONCLUSION

For the reasons stated here and in his initial Memorandum, the Court should grant Defendant Ralph Heredia's Motion to Compel Arbitration and/or Stay the Proceedings Pending Arbitration.

Dated: February 26, 2021             Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
rdhungana@fedpractice.com
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia