James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | Case No. 5:20-cv-02332-JWH-KK |
| Plaintiff, | **PLAINTIFF JOSEPH DIAZ, JR.'S EVIDENTIARY OBJECTIONS TO NEW SUBMITTED EVIDENCE WITH DEFENDANT RALPH HEREDIA'S REPLY TO MOTION TO COMPEL ARBITRATION** |
| v. | |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | Date:        March 12, 2021<br>Time:        9:00 a.m.<br>Courtroom:   2<br>Judge:       Hon. John W. Holcomb |
| Defendants. | |

In yet *another* blatant disregard of this Court's Order, the Central District Local Rules, the Federal Rules of Civil Procedure and the common law of California District courts and the Ninth Circuit, on February 26, 2021, Defendant Ralph Heredia ("Defendant") submitted new "evidence" with his reply in support of his motion to compel arbitration ("Reply"). The new evidence, which consists of *five* declarations with eight exhibits, is improper because such new evidence and related argument cannot be raised for the first time on reply.

In addition, the declarations and exhibits are inadmissible because they contain *largely irrelevant* information—aside from Moses Heredia's admission that he and Diaz are the *only* signatories to the agreement that contains the arbitration clause that Defendant seeks to enforce. This new evidence also includes private and confidential information about Plaintiff Joseph Diaz, Jr.'s ("Diaz") finances—the disclosure of which is in violation of Diaz's constitutional right to privacy and appears to be designed to embarrass and harass Diaz, a public figure, in this highly publicized matter. See Madrigal v. Allstate Indem. Co., 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'").

Diaz objects to the new evidence filed by Defendant and requests that the Court sustain his objections, disregard Defendant's inadmissible evidence submitted in support of his unmeritorious motion, and strike the irrelevant statements and exhibits containing Diaz's personal financial information from the Court's record.

## I. THE COURT SHOULD DISREGARD DEFENDANT'S NEW REPLY EVIDENCE

It is well settled that new evidence and arguments cannot be raised for the first time on reply. Townsend v. Monster Beverage Corp., 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond."). But this is precisely what

- 1 -

Defendant has done. Defendant presented *five* declarations and eight exhibits on Reply. This significant amount of new evidence relates to issues that are largely irrelevant to this motion (and this lawsuit altogether) and that Defendant should and could have fully briefed in his moving papers. For instance, the only attempt that Defendant makes to argue that the arbitration clause that Defendant seeks to enforce somehow applies to him, conceding (as he must) that he is not a party to the agreement, is that he is an owner of Heredia Boxing Management ("HRB"). But that does nothing to change the fact that this Court must deny his motion because HRB is *not a party* to the agreement either.

The Court should not permit Defendant to wait until his Reply to spring on Diaz evidence and argument (even though the purported evidence and argument that Defendant presented on Reply is insufficient to carry his burden of proof). See id.; C.D. Cal. R. 7-10 (limiting reply papers to "rebuttal evidence"); Iconix, Inc. v. Tokuda, 457 F. Supp. 2d 969, 975-76 (N.D. Cal. 2006) (sustaining objection to evidence first filed in reply brief). "The remedy for dealing with new evidence first appearing in a reply is that [the court] will not consider issues or evidence raised for the first time in [the] reply." Kaufman v. City of San Francisco, 2009 WL 5184468, at *1 (N.D. Cal. Dec. 22, 2009) (quoting Am. Traffic Solutions, Inc. v. Redflex Traffic Sys., Inc., 2009 WL 775104, at *1 (D. Ariz. Mar. 20, 2009)). If the Court is inclined to consider such evidence, it must provide Diaz the opportunity to respond. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond").

Accordingly, Diaz objects to the submission of the declarations and attached exhibits filed with Defendant's Reply as improper and contrary to Local Rule 7-10. Therefore, the Court should not consider Defendant's new purported evidence.

1   **II.    DEFENDANT'S NEW REPLY EVIDENCE SHOULD BE STRICKEN**
2   **FROM THE COURT'S RECORD**

3          Diaz also objects to the new Reply evidence on the grounds detailed below.
4   Most concerning is the fact that Defendant has used this Court as a platform to reveal
5   private and confidential financial information about Diaz's finances. The Court may
6   properly strike these statements and exhibits from the record.

7          **A.    Declaration of Carmina Ledesma**

8          The statements in Ms. Ledesma's declaration lack foundation, are based on
9   inadmissible speculation and hearsay, and *are completely irrelevant* to this motion to
10  compel arbitration and this litigation.  There is not even any mention of the arbitration
11  clause that Defendant purports to enforce (even though Defendant concedes he is not
12  a party to the agreement) or the contract that contains that clause.  Ms. Ledesma's
13  declaration appears to have been filed solely to harass and embarrass Diaz in violation
14  of Diaz's constitutional right to privacy.

| Purported Testimony | Grounds for Objections | Ruling |
|---|---|---|
| "Based on his interactions with me, I believe he knew I was an employee of Heredia Boxing Management, Inc." (Par. 5 at p. 2:11-12) | **No Foundation /Lack of Personal Knowledge.** <u>Fed. R. Evid.</u> 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").<br><br>**Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |
| "Mr. Moses Heredia instructed me to | **Irrelevant.** <u>Fed. R. Evid.</u> | Sustained ___ |

- 3 -

| | | |
|---|---|---|
| [*language omitted to protect Diaz's privacy*] from the Heredia Boxing Management, Inc. account. My understanding was that [*language omitted to protect Diaz's privacy*]. Mr. Diaz and I exchanged text messages [*language omitted to protect Diaz's privacy*]." (Par. 5 at p. 2:12-15) | 402 ("Irrelevant evidence is not admissible."). <br><br> **Violates Constitutional Right to Privacy.** <u>Madrigal v. Allstate Indem. Co.</u>, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). <br><br> **No Foundation /Lack of Personal Knowledge.** <u>Fed. R. Evid.</u> 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). <br><br> **Hearsay.** <u>Fed. R. Evid.</u> 802 (noting that "[h]earsay is not admissible" unless a specific | Overruled ___ |

- 4 -

| | | |
|---|---|---|
| | rule applies). | |
| "Attached hereto as Exhibit A is a true and correct copy portion of a text exchange I had with Mr. Diaz. In these text messages, Mr. Diaz provided information concerning [*language omitted to protect Diaz's privacy*]. I recognize these screen captures as they are screen captures from my phone and fairly and accurately depict a portion of the conversation between Mr. Diaz and me." <br><br> (Par. 6 at p. 2:17-22) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Violates Constitutional Right to Privacy.** Madrigal v. Allstate Indem. Co., 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | Sustained ___ <br><br> Overruled ___ |
| Exhibit A | **Irrelevant**. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Violates Constitutional Right to Privacy.** Madrigal v. Allstate Indem. Co., 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial | Sustained ___ <br><br> Overruled ___ |

- 5 -

| | |
|---|---|
| | information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). |

### B.    Declaration of Moses Heredia (Defendant's brother)

The statements in Mr. Heredia's declaration lack foundation, are based on inadmissible speculation and hearsay, and are largely *irrelevant* to this motion to compel arbitration and this litigation.  Mr. Heredia's declaration also appears to have been filed to harass and embarrass Diaz in violation of Diaz's constitutional right to privacy.

| Purported Testimony | Grounds for Objections | Ruling |
|---|---|---|
| "I am a co-owner and CEO of Heredia Boxing Management, Inc. (hereinafter "HBM") a duly registered California Corporation." (Par. 2 at p. 2:5-6) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___ <br><br> Overruled ___ |
| "Mr. Ralph Heredia is also a co-owner and employed by HBM." (Par. 3 at p. 2:7) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___ <br><br> Overruled ___ |
| "Mr. Diaz's falsely claims in his Declaration to have never met any employees of HBM." (Par. 11 at p. 2:25-26) | **No Foundation /Lack of Personal Knowledge.** Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal | Sustained ___ <br><br> Overruled ___ |

- 6 -

| | | |
|---|---|---|
| | knowledge of the matter."). **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | |
| "Mr. Diaz maintained frequent communications with Ms. Carmina Ledesma." (Par. 12 at p. 3:1-2) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). **No Foundation /Lack of Personal Knowledge.** Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). **Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Sustained ___ Overruled ___ |
| "Mr. Diaz and I had an oral agreement that [*language omitted to protect Diaz's privacy*]." (Par. 13 at p. 3:3-6) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). **Violates Constitutional Right to Privacy.** Madrigal | Sustained ___ Overruled ___ |

- 7 -

| | | |
|---|---|---|
| | v. Allstate Indem. Co., 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | |
| "Pursuant to the terms of the oral agreement, Mr. Diaz would provide Ms. Ledesma information concerning [*language omitted to protect Diaz's privacy*]. The actions of Mr. Diaz and I demonstrate that I accepted Mr. Diaz's offer and we intended to enter into an oral agreement so Mr. Diaz could focus on his boxing career." (Par. 14 at p. 3:7-11) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Violates Constitutional Right to Privacy.**  Madrigal v. Allstate Indem. Co., 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | Sustained ___<br><br>Overruled ___ |
| "I also insisted that he avail himself of [*language omitted to protect Diaz's* | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is | Sustained ___ |

- 8 -

| | | |
|---|---|---|
| *privacy*].”<br>(Par. 15 at p. 3:12-13) | not admissible.”).<br><br>**Violates Constitutional Right to Privacy.** <u>Madrigal v. Allstate Indem. Co.</u>, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) (“right to privacy ‘embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information’”). | Overruled ___ |
| “I directed Ms. Ledesma to assist Mr. Diaz and [*language omitted to protect Diaz’s privacy*]. See Declaration of Ms. Carmina Ledesma and Exhibit A concerning the text messages.”<br>(Par. 16 at p. 3:14-17) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 (“Irrelevant evidence is not admissible.”).<br><br>**Violates Constitutional Right to Privacy.** <u>Madrigal v. Allstate Indem. Co.</u>, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) (“right to privacy ‘embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, | Sustained ___<br><br>Overruled ___ |

- 9 -

| | | |
|---|---|---|
| | statements, or other account information'"). | |
| "Furthermore, HBM also sent additional money via check to Mr. Diaz." (Par. 17 at p. 3:18) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). **Violates Constitutional Right to Privacy.** Madrigal v. Allstate Indem. Co., 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | Sustained ___ Overruled ___ |
| "Attached hereto as Exhibit B are true and correct images of checks sent from HBM to Mr. Diaz. I recognize the checks as they were sent from the HBM account and fairly and accurately depict a portion of the checks HBM has sent to Mr. Diaz." (Par. 18 at p. 3:19-22) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). **Violates Constitutional Right to Privacy.** Madrigal v. Allstate Indem. Co., 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces | Sustained ___ Overruled ___ |

- 10 -

| | | |
|---|---|---|
| | confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | |
| "On July 24, 2020, Mr. Diaz texted me concerning our future and asked for an additional [*language omitted to protect Diaz's privacy*]." (Par. 19 at p. 3:23-24) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). <br><br> **Violates Constitutional Right to Privacy.** <u>Madrigal v. Allstate Indem. Co.</u>, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | Sustained ___ <br><br> Overruled ___ |
| "Attached hereto as Exhibit C is a true and correct copy of the July 24, 2020 text exchange between Mr. Diaz and me. I recognize this screen captures as it is a screen capture from my phone and fairly and accurately depict a | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained ___ <br><br> Overruled ___ |

| | | |
|---|---|---|
| portion of the conversation between Mr. Diaz and me." (Par. 20 at p. 3:25-4:2) | | |
| "Attached hereto as Exhibit D is a true and correct copy of an image of a check sent on July 25, 2020 from me to Mr. Diaz. I recognize the check as it was sent from one of my accounts and fairly and accurately depict check I sent to Mr. Diaz on July 25, 2020." (Par. 21 at p. 4:3-6) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). <br><br>**Violates Constitutional Right to Privacy.** <u>Madrigal v. Allstate Indem. Co.</u>, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | Sustained ___ <br><br> Overruled ___ |
| "On or about August 12, 2020, I learned for the first time through social media that Mr. Diaz signed with MTK Global management and promotion company." (Par. 22 at p. 4:7-9) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). <br><br>**Hearsay.** <u>Fed. R. Evid.</u> 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Sustained ___ <br><br> Overruled ___ |

- 12 -

| | | |
|---|---|---|
| | **Best Evidence Rule.** <u>Fed. R. Evid.</u> 1002 ("An original writing . . . is required in order to prove its contents unless these rules or a federal statute provides otherwise."). | |
| "On or about August 20, 2020, I submitted a proper request for arbitration to the Commission per the terms of the Boxer-Manager Contract." (Par. 23 at p. 4:7-9) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). **Legal Conclusion.** <u>Fed. R. Evid.</u> 702 | Sustained \_\_\_ Overruled \_\_\_ |
| "Attached hereto as Exhibit E is a true and correct copy of the Request for Arbitration, cover letter, and declaration. I recognize my signature on the Request for Arbitration and declaration. I also recognize the cover letter drafted by Mr. Steve Bash as I reviewed that document. The Commission accepted the request. The arbitration is in the process of being scheduled within the next 60 days and have been delayed due to the ongoing COVID-19 pandemic." (Par. 24 at p. 4:12-17) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained \_\_\_ Overruled \_\_\_ |
| "At no time between August 12, 2020 | **Irrelevant.** <u>Fed. R. Evid.</u> | Sustained \_\_\_ |

| | | |
|---|---|---|
| through the present has Mr. Diaz included me in ongoing negotiations with Golden Boy Promotions up to and including the securing of the mandatory title defense fight against Mr. Shavkatdzhon Rakhimov." (Par. 25 at p. 4:18-21) | 402 ("Irrelevant evidence is not admissible."). **No Foundation /Lack of Personal Knowledge.** <u>Fed. R. Evid.</u> 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). **Hearsay.** <u>Fed. R. Evid.</u> 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Overruled ___ |
| "All attempts in reaching an understanding have been met with hostility." (Par. 26 at p. 4:22-23) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained ___ Overruled ___ |
| "On or about February 12, 2021, prior to the mandatory title defense fight against Mr. Shavkatdzhon Rakhimov, Mr. Diaz failed to make weight." (Par. 27 at p. 4:24-25) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained ___ Overruled ___ |
| "Mr. Diaz's failure to make weight resulted in him forfeiting his IBF | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is | Sustained ___ |

- 14 -

| | | |
|---|---|---|
| super featherweight belt and having to pay fines to the Commission. Mr. Diaz's unlicensed managers then entered into negotiations with Mr. Rakhimov's promoter to salvage the fight.  These negotiations are a strictly management function." (Par. 28 at p. 4:26-5:2) | not admissible.").<br><br>**No Foundation /Lack of Personal Knowledge.** <u>Fed. R. Evid.</u> 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").<br><br>**Hearsay.** <u>Fed. R. Evid.</u> 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Overruled ___ |
| "I did not participate in these negotiations.  I was informed that during the negotiations and communication with the Commission that Mr. James Greeley of VGC, LLP asserted that the boxing management contract was 'not valid' and 'no payment would be made to HBM.' Mr. Paul Gibson from MTK Global also took the same positions contrary to the Commissions that payment should be made." (Par. 29 at p. 5:3-7) | **Irrelevant.**  <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible.").<br><br>**No Foundation /Lack of Personal Knowledge.** <u>Fed. R. Evid.</u> 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). | Sustained ___<br><br>Overruled ___ |

| | | |
|---|---|---|
| | **Hearsay.** <u>Fed. R. Evid.</u> 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | |
| "Under the Boxer-Manager Contract, Mr. Diaz is required to pay 18% of his purse to me as his manager.  This did not occur after the fight on February 13, 2021.  As of the date of this Declaration, it still has not yet occurred." (Par. 30 at p. 5:8-10) | **Irrelevant.**  <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |
| Exhibit B | **Irrelevant.**  <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible.").<br><br>**Violates Constitutional Right to Privacy.** <u>Madrigal v. Allstate Indem. Co.</u>, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | Sustained ___<br><br>Overruled ___ |

| | | |
|---|---|---|
| Exhibit C | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). <br><br> **Violates Constitutional Right to Privacy.** <u>Madrigal v. Allstate Indem. Co.</u>, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form it takes, whether that form be tax returns, checks, statements, or other account information'"). | Sustained ___ <br><br> Overruled ___ |
| Exhibit D | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). <br><br> **Violates Constitutional Right to Privacy.** <u>Madrigal v. Allstate Indem. Co.</u>, 2015 WL 12746225, at *7 (C.D. Cal. Apr. 22, 2015) ("right to privacy 'embraces confidential financial information in whatever form | Sustained ___ <br><br> Overruled ___ |

| | | |
|---|---|---|
| | it takes, whether that form be tax returns, checks, statements, or other account information'"). | |
| Exhibit E | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |

### C.    Declaration of Rhajan Dhungana

The statements in Mr. Dhungana's declaration *are completely irrelevant* to this motion to compel arbitration.  There is not even any mention of the arbitration clause that Defendant purports to enforce (even though Defendant concedes he is not a party to the agreement) or the contract that contains that clause.

| Purported Testimony | Grounds for Objections | Ruling |
|---|---|---|
| "On December 9, 2020, Defendant filed a motion to dismiss." (Par. 2 at p. 2:6) | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |
| "On January 5, 2021, following the denial without prejudice, I called Mr. Alexander Safyan, VGC, LLP to discuss a refiling the motion to dismiss. The call lasted approximately 25 minutes. During the call Mr. Safyan stated words to the effect of 'This is the meet and confer.' This statement contained the legally operative language concerning the requirement under Local Rule 7-3. I | **Irrelevant.** <u>Fed. R. Evid.</u> 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |

| | |
|---|---|
| asked Mr. Safyan to speak again so that I could include Mr. Montalvo, my co-counsel, and Mr. Safyan did not agree to a rescheduled call, again reiterated that 'This is the meet and confer, right now'."<br>(Par. 2 at p. 2:9-16) | |

### D.   Declaration of Eric Montalvo

The statements in Mr. Montalvo's declaration *are completely irrelevant* to this motion to compel arbitration and this litigation, and are riddled with inadmissible hearsay.   There is not even any mention of the arbitration clause that Defendant purports to enforce (even though Defendant concedes he is not a party to the agreement).

| Purported Testimony | Grounds for Objections | Ruling |
|---|---|---|
| "On February 10, 2021, I called Mr. Andy Foster of the State Athletic Commission (hereinafter 'Commission') to discuss the upcoming bout between Mr. Diaz and his mandatory contender Mr. Shavkatdzhon Rakhimov. The purpose of this call concerned the management fees that would be owed to Mr. Moses Heredia. I asked the Commission to hold those in trust pending the arbitration on the Boxer-Manager Contract's validity." | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |

| | | |
|---|---|---|
| (Par. 3 at p. 2:9-14) | | |
| "During this call, Mr. Foster stated he knew about this lawsuit and the arguments concerning Mr. Ralph Heredia. Mr. Foster stated that he had received correspondence from Mr. Diaz's counsel concerning the arbitration which involved arguments concerning Mr. Ralph Heredia." (Par. 4 at p. 2:15-18) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Sustained ___ <br><br> Overruled ___ |
| "Mr. Foster stated he would discuss my request to withhold funds in trust with opposing counsel during this call." (Par. 5 at p. 2:19-20) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Sustained ___ <br><br> Overruled ___ |
| "On February 13, 2021, no payment was remitted to Mr. Moses Heredia. My understanding is that Mr. Diaz did not believe the Boxer-Manager Contract is valid and told Golden Boy Promotions not to pay Mr. Moses Heredia." (Par. 6 at p. 2:21-23) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Sustained ___ <br><br> Overruled ___ |
| "On February 18, 2021, I directed my associate to send a letter I | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is | Sustained ___ |

- 20 -

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | drafted to counsel for Golden Boy Promotions, counsel for Mr. Diaz, and Mr. Gibson of MTK Global demanding compliance with the Boxer-Manager Contract."<br>(Par. 7 at p. 2:24-26) | not admissible."). | Overruled ___ |
| 7<br>8<br>9<br>10 | "As of the time of this declaration I have not received a response to this demand."<br>(Par. 8 at p. 3:1-2) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | "On February 18-19, 2021, Mr. Foster stated the Commission is able to hold the arbitration in the case of *Moses Heredia v. Joseph Diaz* on March 19, 2021. Upon follow up Mr. Foster requested my associate reach out to opposing counsel and attempt to come up with a date that is feasible for both parties and that the Commission has availability starting in mid-March."<br>(Par. 9 at p. 3:3-7) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Sustained ___<br><br>Overruled ___ |
| 22<br>23<br>24<br>25<br>26 | "Attached hereto as Exhibit F is a true and correct copy of the email chain from Mr. Foster. I was copied on all e-mails."<br>(Par. 10 at p. 3:8-9) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |
| 27<br>28 | "On February 24, 2021, my associate emailed Mr. James Greeley with a | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is | Sustained ___ |

- 21 -

| | | |
|---|---|---|
| letter signed by me requesting his availability for the arbitration. Attached hereto as Exhibit G is a true and correct copy of the email and letter from me to Mr. Greeley." (Par. 11 at p. 3:10-13) | not admissible."). | Overruled ___ |
| Exhibit F | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___ <br><br> Overruled ___ |
| Exhibit G | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___ <br><br> Overruled ___ |

### E.   Declaration of Steven Bash

The statements in Mr. Bash's declaration *are completely irrelevant* to this motion to compel arbitration and this litigation, and are riddled with inadmissible hearsay and speculation. There is not even any mention of the arbitration clause that Defendant purports to enforce (even though Defendant concedes he is not a party to the agreement) or the contract that contains that clause.

| Purported Testimony | Grounds for Objections | Ruling |
|---|---|---|
| "I spoke to Mr. George Gallegos, an attorney that works for Golden Boy Promotions on February 12, 2021 concerning the scheduled bout on February 13, 2021 between Mr. Joseph 'JoJo' Diaz, Jr. and Mr. Shavkatdzhon Rakhimov." (Par. 3 at p. 2:6-8) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). <br><br> **Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies). | Sustained ___ <br><br> Overruled ___ |

- 22 -

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | "Mr. Gallegos and I discussed the payment of management fees to Mr. Moses Heredia. After the conversation, I had the impression that Golden Boy Promotions would pay the management fee unless Mr. Diaz instructed Golden Boy not to make the payment. Mr. Gallegos related to me that Mr. James Greeley was at the bout site in Indio, California and was communicating directly with Mr. Gallegos regarding all payments and deductions to be made by Mr. Diaz."<br>(Par. 4 at p. 2:9-14) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies).<br><br>**No Foundation /Lack of Personal Knowledge.** Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). | Sustained ___<br><br>Overruled ___ |
| 18<br>19<br>20 | "On February 12, 2021, Mr. Diaz failed to make weight."<br>(Par. 5 at p. 2:15) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |
| 21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | "Because of Mr. Diaz's failure to make weight he forfeited his IBF super featherweight belt. Further, he had to pay a fine of $50,000 to the California State Athletic Commission (hereinafter 'Commission') and $50,000 to the opposing fighter."<br>(Par. 6 at p. 2:16-19) | **Irrelevant.**  Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). | Sustained ___<br><br>Overruled ___ |

| | | |
|---|---|---|
| "The opposing fighter's promoter wanted more than the minimum $50,000. In order to salvage the fight, Mr. Rakhimov's manager and promoter negotiated with Mr. Paul Gibson of MTK Global for an increased amount. From news and California State Athletic Commission reports, this was an additional $50,000. This negotiation is normally handled by the boxer's licensed boxing manager."<br>(Par. 7 at p. 2:20-25) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies).<br><br>**No Foundation /Lack of Personal Knowledge.** Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). | Sustained ___<br><br>Overruled ___ |
| "After the fight, I had another conversation with Mr. Gallegos who informed me that Mr. Diaz instructed Golden Boy Promotions not to make the required management fee payment claiming the Boxer-Manager Contract is invalid. Mr. Diaz did instruct Golden Boy Promotions to pay his trainers and strength and conditioning coach directly but not his manager."<br>(Par. 8 at p. 2:26-3:3) | **Irrelevant.** Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").<br><br>**Hearsay.** Fed. R. Evid. 802 (noting that "[h]earsay is not admissible" unless a specific rule applies).<br><br>**No Foundation /Lack of Personal Knowledge.** Fed. | Sustained ___<br><br>Overruled ___ |

- 24 -

| | R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). | |
|---|---|---|

Dated:  March 1, 2021                **VGC, LLP**


                                     By:   */s/ Diyari Vázquez*

                                     James L. Greeley
                                     Diyari Vázquez
                                     Attorneys for Plaintiff
                                     JOSEPH DIAZ, JR.

PLAINTIFF'S OBJECTIONS TO NEW EVIDENCE