UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DIAZ JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, <br><br> Defendants. | Case No. 5:20-cv-02332-JWH-KKx <br><br> **ORDER DENYING DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF No. 25]** |

Currently pending before the Court is the motion of Defendant Ralph Heredia to compel arbitration.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, as set forth herein.

This Court's Local Rules require "counsel contemplating the filing of any motion first [to] contact opposing counsel to ***discuss thoroughly*** . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis added). The Local Rules further provide that the "Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." L.R. 7-4.

This Court expects and requires strict compliance with the Local Rules. Here, despite a previous admonishment to comply with the Local Rules[3]—specifically L.R. 7-3—Heredia's counsel failed to engage in any substantive Conference of Counsel before filing the Motion, as required by L.R. 7-3. Instead, a few hours before filing the instant Motion, Heredia's counsel transmitted a one-sentence email to Diaz's counsel stating: "The purpose of this email is to request whether Mr. Diaz will consent to a motion to stay the proceedings pending arbitration?"[4] That bare question, which does not discuss

---

[1] Def.'s Mot. to Compel Arbitration and/or Stay the Proceedings Pending Arbitration (the "Motion") [ECF No. 25].

[2] The Court considered the following papers: (1) the Motion (including its attachments); (2) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 28]; and (3) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 29]; and Pl.'s Obj. to New Evid. in Supp. of the Reply [ECF No. 30].

[3] *See* Order Denying Def.'s Mot. to Dismiss Without Prejudice [ECF No. 22]; Order re Mot. of Def. to Withdraw Second Mot. to Dismiss [ECF No. 26] 2:16–18 ("All counsel are **DIRECTED** to review thoroughly and hereafter comply assiduously with this Court's Local Rules.").

[4] *See* Opposition 6:1–4; Decl. of James L. Greeley in Supp. of the Opposition (the "Greeley Decl.") [ECF No. 28-2] ¶ 6; Ex. E to the Greeley Decl. [ECF No. 28-7].

the substance of the motion and is phrased to elicit a binary "yes" or "no" response, does not meet the requirement for counsel to "***discuss thoroughly*** the . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis added). Heredia attempts to excuse the failure of his counsel to meet and confer adequately by shifting blame to Diaz's counsel, stating "the lack of dialogue is on both parties," and then by proceeding to explain that the communications between counsel in this case have not been productive thus far.[5] But Heredia's counsel's one-sentence communication regarding the instant Motion does not constitute an invitation to engage in a substantive conference regarding the issues presently before the Court.

The Court expects counsel for both parties to engage in a thorough and professional discussion of the substance of any contemplated motion before that motion is filed, as L.R. 7-3 requires, regardless of the ultimate outcome of any such discussions. If the parties find that they are not able (or willing) to engage in productive oral communications, then the Court expects the parties to engage in a thorough discussion of the substantive issues in writing (something more than a one sentence binary question).

For the third time, the Court admonishes counsel henceforth to comply strictly with all Local Rules, including L.R. 7-3. Any future failure to comply with the Local Rules will be grounds for sanctions pursuant to L.R. 83-7.

Based upon the foregoing, pursuant to L.R. 7-4, the Court hereby **ORDERS** that Heredia's Motion is **DENIED with prejudice**, for his counsel's failure to comply with L.R. 7-3.

**IT IS SO ORDERED.**

Dated: March 10, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[5]   Reply 8:5; *see also id.* at 7:25–9:2.