Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Mr. Ralph Heredia

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**(EASTERN DIVISION)**

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No.: 5:20-cv-02332-JWH-KK<br><br>**DECLARATION OF ERIC MONTALVO IN SUPPORT OF DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**<br><br>Date:　　　April 23, 2021<br>Time:　　　9:00 a.m.<br>Courtroom:　2<br>Judge:　　 Hon. John W. Holcomb |

I, Eric Montalvo, hereby declare as follows:

1. I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto.

2. I am an attorney duly licensed to practice law in the District of Columbia, the State of New Jersey, and the Commonwealth of Pennsylvania. I have been admitted to this Court *pro hac vice* [ECF No. 21.] I am the founding partner of Eric S. Montalvo, PLLC d/b/a the Federal Practice Group.

3. I practice regularly within the District of D.C., the Court of Federal Claims, and the Eastern District of Virginia. I fully acknowledge my obligation to adhere to the local rules of the court. I respectfully submit that, notwithstanding my failure, that any deviation from the rules was related to a misunderstanding and not a disregard.

4. The term "meet and confer" as used within the federal courts above comports with a much less extensive/ rigorous engagement consistent with my exchange in this case. For example, U.S. Dist. Ct. Rules D.C., LCvR 7(m) states that prior to filing a motion a good faith discussion is required to determine if there is any opposition to the relief sought and to narrow the areas of disagreement. The District of D.C. does not require this discussion be had within a particular time frame or the level of discussions required. In the event that counsel agrees, declines, or does not consent then counsel may file appropriate pleadings indicating as such.

5. I proceeded in this case with the misunderstanding that I fully complied with the requirements to meet and confer. I apologize to the Court for my failure to fully understand the critical distinction in application between the jurisdictions. I would respectfully request the Court consider the circumstances under which undersigned Counsel confronted when filing the Motion to Compel Arbitration and/or Stay the Proceedings Pending Arbitration ("Motion to Compel") [ECF No. 25].

6. Counsel was on course to file responsive pleadings associated with Defendant's previous Motion to Dismiss [ECF No. 23]. Counsel was also researching the issues surrounding Plaintiff's participation in arbitration. Defendant had not been placed on notice that Plaintiff responded to the arbitration proceedings. Arbitration proceedings had not been scheduled and it appeared that Plaintiff had abandoned arbitration in favor of litigation – although, in Defendant's view, against the wrong Defendant's. Plaintiff's counsel indicated that they had responded to the arbitration in correspondence received on or about December 21, 2020. Defendant's experience with Plaintiff has been fraught with misstatements and misinformation. This has included, *inter alia*, Mr. Greely, Plaintiff's counsel directing Golden Boy Promotions not to make payment on the manager contract that Plaintiff has himself acknowledged as valid. The bald assertion that a response had been made to the arbitration proceedings required additional investigation and research. Even though Defendant has not received the supposed response to arbitration it is clear that Plaintiff both acknowledges the arbitration and its intent to participate. Defendant and Plaintiff are awaiting final confirmation of the arbitration date to be provided by the California Attorney General's office which is anticipated to occur during May, 2021.

7. Plaintiff's counsel had been actively engaged with the Commission regarding the conduct of the arbitration prior to the filing of ECF No. 25. This was made known to me as a result of Defendant's request and engagement with the Commission to hold the fight proceeds in dispute until final resolution of the matters in arbitration given Plaintiff's lack of any attempt to resolve the contract dispute directly with Defendant combined with Plaintiff's social media attacks against Defendant. Please note that undersigned counsel was not previously counsel in the arbitration matter. Undersigned counsel had engaged with arbitration counsel to confirm his understanding of the arbitration posture.

8. On track to file its response to Plaintiff's Opposition [ECF No. 24], the research led to the conclusion that Defendant's had a meritorious request to stay the current proceedings so that the matters in question could be resolved in arbitration. It also became apparent that if the Court were to rule in any way on the dispositive motion that Defendant might be waiving the arbitrability of the issues.

9. It was undersigned counsel's honest belief that Plaintiff was fully aware of the arbitration and the surrounding circumstances. Based on the parties engagement with the Commission and the impending filing deadline undersigned counsel's judgment was that it was necessary to file the Motion to Compel [ECF No. 25] and withdraw the Motion to Dismiss [ECF No. 23] to preserve Defendant's rights with regard to any arbitration. Pursuing the Motion to Dismiss put my client on the horns of a dilemma. On the one hand, research indicated that if my client continued to pursue a ruling on the merits of the Motion to Dismiss he may waive his or his employers' rights to pursue arbitration. On the other hand, I believed it was necessary to file the Motion to Compel at the earliest opportunity to ensure that it was timely filed.

10. Notwithstanding my honest and mistaken belief that the "meet and confer" was sufficient prior to the filing, undersigned counsel fully understand that he should have sought an extension instead in order to comply with the more rigorous requirements contemplated pursuant to Local Rule 7-3.

11. For the Motion to Compel [ECF No. 25], after seeking, in good faith, whether Plaintiff opposed the relief sought in the Motion to Compel, and receiving that there was indeed opposition and no grounds to narrow that area of disagreement the motion was filed in accordance with my mistaken belief informed by my previous engagements with counsel in the aforementioned Courts.

12. My belief concerning the necessity to file the Motion to Compel came as I reviewed a number of drafts of our reply to the Motion to Dismiss. Portions of the Boxer-Manager Contract are contained in Plaintiff's complaint. *See* Pl. Compl.

¶ 44. I believed that under the incorporation by reference rule, the entire Boxer-Manager Contract should have been examined by the Court concerning the Motion to Dismiss. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

13.  The incorporation by reference of the Boxer-Manager Contract lead to an argument concerning the arbitration proceedings being conducted by the California State Athletic Commission ("Commission"). In researching this argument, I discovered that we could potentially waive my clients' rights to arbitration if we continued to pursue the Motion to Dismiss.

14.  In my review of the procedural requirements, I believed filing the Motion to Compel on the date it was filed was required. I concede this understanding was a calendaring error and apologize to the Court.

15.  I have acted in good faith in attempting to familiarize and operate within this jurisdiction. For example, I retained outside counsel concerning other matters particular to California Law, in *Heredia v. MTK Global Sports Management, LLC, et. al.*, Case No. 5:20-cv-02618-JWH-KK (C.D. Cal. 2020). After retaining outside counsel, I directed that VGC, LLP be voluntarily dismissed from that lawsuit given the mixed activities (representation and management) could be viewed as protected conduct by a law firm notwithstanding that the management was conducted without proper licensure.  After ECF No. 33 undersigned counsel retained and consulted outside California counsel regarding the decision it became clear that my understanding of the "meet and confer" compared to the requirements within this jurisdiction was simply wrong.

16.  As a retired Marine, Judge Advocate, and practitioner in federal court I am very clear regarding my requirement to follow the local rules requirements.

17.  This is literally the first time I have ever confronted such an issue since becoming an attorney in 2002.  I pray that my client need not suffer for this good faith misunderstanding.  I have and will continue to work and research issues,

DECLARATION OF ERIC MONTALVO ISO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER

5

in good faith, where I am unfamiliar. I continue to consult outside counsel to assist in meeting the requirements of the Local Rules for this District.

18. With respect to the filing of this motion for relief from a judgment or order. I asked my assistant to schedule a call with Plaintiff's counsel.

19. My assistant emailed Plaintiff's counsel on Sunday, March 14, 2021 seeking a time to schedule a call.

20. In response to an email from Plaintiff's counsel on March 16, 2021, I directed one of my associates to send a letter to Plaintiff's counsel outlining the basis for our intended motion.

21. Plaintiff's counsel also submitted their availability for on Wednesday, March 17, 2021 and Thursday March, 18, 2021. Unfortunately, I was unavailable during the time of Plaintiff's counsel's availability on March 17, 2021.

22. Mr. Dhungana, California counsel, was also unavailable on Wednesday during the times Plaintiff's counsel was available.

23. The parties were able to have a discussion on Thursday March 18, 2021. However, this is only six days prior to the deadline to file the above-captioned motion.

24. Later on March 18, 2021, I asked my associate to reach out to Plaintiff's counsel concerning the filing requirements in accordance with L.R. 7-3 and L.R. 7-18.

25. On March 19, 2021, Plaintiff's counsel responded stating that if Defendant Heredia wished to file a motion to extend time to file their Rule 60 motion by one week, Plaintiff's would not oppose said motion.

26. On March 22, 2021, Mr. Dhungana filed a Motion for Extension of Time to File. [ECF No. 34.]

27. During the filing of the Motion, one question in the CM/ECF system asked "Motion Hearing set for …" This question caused some confusion.

28. My associate called the CM/ECF help desk concerning this question on March 22, 2021.

29. The response from the CM/ECF help desk was to "bypass and click next." However, this resulted in a notice of deficiency [ECF No. 35.]

30. My understanding is that absent an Order from the Court, counsel should not assume any extension has been granted. As such, Defendant respectfully submits his Motion for relief from a judgment or order. Executed March 24, 2021 in Washington, DC.

_____
Eric Montalvo