| | |
|---|---|
| 1 | Rajan O. Dhungana (SBN: 297794) |
| 2 |    rdhungana@fedpractice.com |
| 3 | Eric S. Montalvo (*Pro Hac Vice*) |
|   |    emontalvo@fedpractice.com |
| 4 | FEDERAL PRACTICE GROUP |
| 5 | 1750 K Street, N.W., Suite 900 |
|   | Washington, D.C. 20006 |
| 6 | Telephone: (202) 862-4360 |
| 7 | Fax: (888) 899-6053 |
| 8 | *Attorneys for Defendant* |
| 9 | Mr. Ralph Heredia |

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., | Case No.: 5:20−cv−02332 JWH-KK |
|     Plaintiff, | |
| vs. | **DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR RELIEF FROM A JUDGMENT OR ORDER** |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
|     Defendants. | Date:     April 30, 2021<br>Time:    9:00am<br>Courtroom: 2<br>Judge:   Hon. John W. Holcomb<br><br>[Declaration of Eric Montalvo and Proposed Order submitted herewith] |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF THE MOTION .........................................................................1

INTRODUCTION AND STATEMENT OF FACTS .............................................1

I.    Factual Background ...........................................................................................1

II.   Procedural Background ....................................................................................2

ARGUMENT ...........................................................................................................3

I.    Defendant's misunderstanding of the meet and confer rule pursuant to L.R. 7-3 is excusable neglect and this Court should hear the Motion to Compel on its merits ...........................................................................................................3

    A.   Standard for a Motion for Relief from a Judgment or Order .................4

    B.   Excusable Neglect Covers the exact type of situation present in this case. .........................................................................................................6

    C.   Local Rule 7-18 also Favors Defendant's Argument to Hear the Motion to Compel on the Merits. .........................................................................10

CONCLUSION ......................................................................................................11

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

i

# TABLE OF AUTHORITIES

## CASES

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253 (9th Cir. 2010) ............... passim

*Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*,
    843 F.2d 808 (4th Cir. 1988) ................................................................. 8

*Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*,
    248 F.3d 892 (9th Cir. 2001) ................................................................. 6

*AT & T Technologies, Inc. v. Communications Workers*,
    475 U.S. 643 (1986) .............................................................................. 8

*Bateman v. U.S. Postal Serv.*,
    231 F.3d 1220 (9th Cir. 2000) ..................................................... 5, 7, 9, 10

*Bouret-Echevarria v. Caribbean Aviation Maintenance Corp.*,
    784 F.3d 37 (1st Cir. 2015) .................................................................... 4

*Briones v. Riviera Hotel & Casino*,
    116 F.3d 379 (9th Cir. 1997) ................................................................. 4

*CEP Emery Tech Invs. LLC v. JP Morgan Chase Bank, N.A.*,
    2011 WL 1226028 (N.D. Cal. Apr. 1, 2011) ........................................... 7

*Charter Township of Muskegon v. City of Muskegon*,
    303 F.3d 755 (6th Cir. 2002) ................................................................. 4

*City of Indio v. Solomon*,
    2012 WL 12888855 (C.D. Cal. Aug. 1, 2012) ............................... 4, 5, 9, 10

*Egelhoff v. Egelhoff ex rel. Breiner*,
    532 U.S. 141 (2001) .............................................................................. 7

*Fletcher v. Baca*, 2014 WL 12856063 (C.D. Cal. June 2, 2014) ........................... 6

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    139 S. Ct. 524 (2019) ............................................................................ 8

*Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*,
    776 F.2d 1277 (5th Cir. 1985) ............................................................... 8

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

ii

*Johel Valiente et al v. Swift Transportation Co. of Arizona,*
 *LLC, et al.*, 2021 WL 879106 (C.D. Cal. Jan. 22, 2021) .............................. 5
*Latshaw v. Trainer Wortham & Co., Inc.*,
 452 F.3d 1097 (9th Cir. 2006) ................................................................. 6, 7
*Martinez v. United States*,
 2018 WL 5801581, (C.D. Cal. June 8, 2018) ............................................... 6
*Mitchell v. Keith*, 752 F.2d 385 (9th Cir. 1985) ......................................................... 4
*MyGo, LLC v. Mission Beach Indus., LLC*,
 2017 WL 1354790 (S.D. Cal. Apr. 13, 2017) ............................................... 9
*Nguyen v. Tesla, Inc.*, 2020 WL 4530426, (C.D. Cal. July 24, 2020) .................... 6
*Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) ........................................... 5, 7, 9
*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
 507 U.S. 380 (1993) .............................................................................. 4, 5, 6
*Savarese v. Edrick Transfer & Storage. Inc.*,
 513 F.2d 140 (9th Cir. 1975) ........................................................................ 6
*Sears, Sucsy & Co. v. Ins. Co. of N. Am.*,
 392 F.Supp. 398 (N.D. Ill. 1974) .................................................................. 4
*SEC v. Platforms Wireless Int'l Corp.*,
 617 F3d 1072 (9th Cir. 2010) ....................................................................... 7
*Sparks v. NBC E-Online*,
 2021 WL 860001 (C.D. Cal. Mar. 8, 2021) .................................................. 6
*Speiser, Krause & Madole P.C. v. Ortiz*,
 271 F.3d 884 (9th Cir. 2001) ...................................................................... 10
*TCI Group Life Ins. Plan v. Knoebber*,
 244 F.3d 691 (9th Cir. 2001) ........................................................................ 7
*Werner v. Evolve Media, LLC*,
 2020 WL 7890835 (C.D. Cal. Nov. 10, 2020) .......................................... 7, 9

| | | |
|---|---|---|
| 1 | *United States ex rel. Hoggett v. University of Phoenix,* | |
| 2 | 863 F.3d 1105 (9th Cir. 2017) | 6 |
| 3 | **STATUTES** | |
| 4 | The Federal Arbitration Act | 8 |
| 5 | **RULES** | |
| 6 | Fed. R. Civ. P. 59(e) | 6 |
| 7 | Fed. R. Civ. P. 60(b) | passim |
| 8 | Fed. R. Civ. P. 60(c) | 9 |
| 9 | Local Rule 7-3 | 1,2, 3, 7, 10 |
| 10 | Local Rule 7-18 | 1, 3,4, 5, 10 |
| 11 | U.S. Dist. Ct. Rules D.C., LCvR 7(m) | 1, 7 |
| 12 | **OTHER** | |
| 13 | J. Moore, Federal Practice, P60.27(1) (2d ed. 1974) | 4 |
| 14 | Motion for Relief From Judgment Based on Mistake, | |
| 15 | Newly-Discovered Evidence, Fraud, Etc. (FRCP 60(b)), | |
| 16 | Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 20-E | 4 |
| 17 | Motion to Alter or Amend Judgment (FRCP 59(e)), | |
| 18 | Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 20-C | 6 |

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

iv

# STATEMENT OF THE MOTION

Defendant Ralph Heredia, through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of his Motion for Relief from a Judgment or Order. This motion is pursuant to Fed. R. Civ. P. 60(b)(1) and L.R. 7-18.

# INTRODUCTION AND STATEMENT OF FACTS

**I.    Factual Background**

On March 10, 2021, the Honorable Judge Holcomb denied Defendant Heredia's Motion to Compel Arbitration and/or Stay the Proceedings Pending Arbitration [ECF No. 33] (hereinafter "Motion to Compel") for Defendant Heredia's counsel failure to follow L.R. 7-3.

Mr. Eric Montalvo is admitted to this case *pro hac vice*. *See* Order Granting Application of Non-Resident Attorney to Appear in a Specific Case Pro Hac Vice. [ECF No. 19]. Mr. Montalvo's practice is mostly on the east coast where the requirements to meet and confer are routinely completed via email and do not require lengthy discussions with opposing counsel. *See* Decl. of Eric Montalvo; *see also* U.S. Dist. Ct. Rules D.C., LCvR 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement.") Mr. Montalvo operated in this jurisdiction with the same understanding of the meet and confer requirements. After seeking whether Plaintiff opposed the relief sought in the Motion to Compel and receiving that there was indeed opposition and conceivably no grounds to narrow that area of disagreement, Mr. Montalvo directed that the motion be filed in accordance with his normal practice. This was a mistaken belief in good faith.

Defendant's counsel believed the Motion to Compel needed to be filed after conducting additional research into the currently pending arbitration proceedings

being conducted by the California State Athletic Commission ("Commission"). Defendant's counsel's reading of Plaintiff's complaint showed that several of the matters contained in Plaintiff's Complaint stem from the Boxer-Manager Contract's validity and enforceability. Defendant's counsel's research indicated that if Defendant continued to pursue a ruling on the merits of the Motion to Dismiss, that may result in waiver of his or his employers rights to pursue arbitration. In Defendant's counsel's review of the procedural requirements, Defendant's counsel believed filing the Motion to Compel on the date it was filed was required. Defendant's counsel concedes this understanding may have been a calendaring error.

Defendant's counsel acted in good faith in attempting to familiarize and operate in this jurisdiction. Defendant's counsel retained outside counsel concerning other matters particular to California Law. For example, in *Heredia v. MTK Global Sports Management, LLC, et. al.*, Case No. 5:20-cv-02618-JWH-KK (C.D. Cal. 2020). After retaining outside counsel, Defendant's counsel voluntarily dismissed VGC, LLP from that lawsuit. This shows counsel's good faith in working through issues where counsel is unfamiliar. Defendant's counsel has similarly retained outside counsel to review this motion to ensure compliance with applicable California law and the Local Rules of this Court.

II.     **Procedural Background**

On November 11, 2020, Mr. Ralph Heredia removed this lawsuit to Federal Court. [ECF No.'s 1-3].

On December 9, 2020, Defendant filed a Notice of Motion and Motion to Dismiss for Failure to State a Claim. [ECF No. 9]. Defendant failed to follow Local Rule ("L.R.") 7-3 and conduct a meet and confer prior to the filing of that motion. [ECF No. 17]. On January 5, 2021, the Honorable Judge John W. Holcomb denied Defendants motion without prejudice citing the failure to follow the local rules. [ECF No. 22].

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

2

After a L.R. 7-3 compliant meet and confer on January 6, 2021, Defendant re-filed his Motion to Dismiss for Failure to State a Claim. [ECF No. 23]. Plaintiff filed their Opposition to the Motion to Dismiss on January 29, 2021. [ECF No. 24].

On February 5, 2021, Defendant's counsel email Plaintiff's counsel concerning a motion to compel arbitration and asked "whether Mr. Diaz will consent to a motion to stay the proceedings pending arbitration." *See* Opposition 6:1–4 [ECF No. 28]; Decl. of James L. Greeley in Supp. of the Opposition ("Greeley Decl.") [ECF No. 28-2] ¶ 6; Ex. E to the Greeley Decl. [ECF No. 28-7]. Plaintiff's counsel replied with a one word answer: "No." *See* Ex. E to the Greeley Decl. [ECF No. 28-7]. Defendant filed the "Motion to Compel" [ECF No. 25] shortly thereafter. Plaintiff filed his Opposition to the Motion to Compel on February 19, 2021 [ECF No. 28].

On March 10, 2021, this Court denied with prejudice Defendant Heredia's Motion to Compel "for his counsel's failure to comply with L.R. 7-3." *See* Order Denying Defendants Motion to Compel Arbitration. [ECF No. 33].

On March 22, 2021, Defendant submitted a motion to extend the time to file this motion with consent of counsel [ECF No. 34]. On March 24, 2021, Defendant submitted its motion because the motion to extend time to file had not yet been decided [ECF No. 36]. On March 25, 2021, the Court approved the motion to extend the time to file [ECF No. 38]. Defendant's counsel then withdrew its motion for the purpose of complying with L.R.'s 7-3 and 7-18 on March 30, 2021. Defendant then refiled this current Motion for Relief from a Judgment or Order.

## ARGUMENT

**I.   Defendant's misunderstanding of the meet and confer rule pursuant to L.R. 7-3 is excusable neglect and this Court should hear the Motion to Compel on its merits.**

As stated below, counsel's reasonable misunderstanding and misapplication of L.R. 7-3 and the calendaring error in filing Motion to Compel early is excusable

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

3

neglect and this court should hear Defendant Ralph Heredia's Motion to Compel.

## A.  Standard for a Motion for Relief from a Judgment or Order.

"Rule 60(b) is 'remedial in nature and ... must be liberally applied.'" *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1262 (9th Cir. 2010) (internal citations omitted). Fed. R. Civ. P. 60(b), in relevant part, allows a court to relieve a party or its legal representative from a final order for the following reasons: "(1) ***mistake, inadvertence, surprise, or excusable neglect***." (emphasis added.)

"Procedural rules such as Rule 60(b) and this Court's Local Rule 7-18 seek to promote the sometimes-competing values of finality, judicial economy, and fairness." *City of Indio v. Solomon*, 2012 WL 12888855, at *5 (C.D. Cal. Aug. 1, 2012) (citing *Mitchell v. Keith*, 752 F.2d 385, 392 (9th Cir. 1985).) The purpose of Fed. R. Civ. P. 60(b) is to balance the principle of finality of a judgment with the court's interest in seeing that justice is done in light of all the facts. *See* Motion for Relief From Judgment Based on Mistake, Newly-Discovered Evidence, Fraud, Etc. (FRCP 60(b)), Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 20-E (citing *Charter Township of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002); *Bouret-Echevarria v. Caribbean Aviation Maintenance Corp*., 784 F.3d 37, 41-42 (1st Cir. 2015).) "Two of the objectives behind Rule 60 are both competing and conflicting. On one hand the rule buttresses the finality of judgments, while on the other it provides a number of grounds for relief from final judgments." *Sears, Sucsy & Co. v. Ins. Co. of N. Am*., 392 F.Supp. 398, 407 (N.D. Ill. 1974) (citing J. Moore, Federal Practice, P60.27(1), at 340 (2d ed. 1974).)

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1260–62 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Briones*

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

4

1  *v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for
2  consideration of Rule 60(b) motions); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220
3  (9th Cir. 2000); *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc)). This
4  equitable test is commonly referred to as the *Pioneer/Briones* equitable balancing
5  test. *Id*. at 1261.

6       In *Pincay*, the Ninth Circuit made clear that its equitable approach
7  concerning Rule 60(b), based on *Pioneer,* had superseded the formalistic rules of
8  the pre-*Briones* period. *Pincay*, 389 F.3d at 855 ("We now hold that *per se* rules
9  [for determining "excusable neglect"] are not consistent with *Pioneer*."); *see also*
10 *City of Indio*, 2012 WL 12888855, at *5 (citing *Pincay*, 389 F.3d at 855.)

11      In *City of Indio*, the court interpreted a motion under Rule 60(b) to also
12 incorporate L.R. 7-18, motions for reconsideration. *Id*. at *6 ("As such, Local Rule
13 7-18 serves as a cross-check for the Court's proper application of the four *Briones*
14 factors.") L.R. 7-18 states, in relevant part:

15     A motion for reconsideration of an Order on any motion or
16     application may be made only on the grounds of (a) a material
17     difference in fact or law from that presented to the Court that, in the
18     exercise of reasonable diligence, could not have been known to the
19     party moving for reconsideration at the time the Order was entered, or
20     (b) the emergence of new material facts or a change of law occurring
21     after the Order was entered, or (c) a manifest showing of a failure to
22     consider material facts presented to the Court before the Order was
23     entered.

24     "Local Rule 7-18 does not narrow the Rule 60(b) grounds or the factors, but
25 rather provides additional guidance for applying them." *Johel Valiente et al v.*
26 *Swift Transportation Co. of Arizona, LLC, et al.*, 2021 WL 879106, at *1 (C.D. Cal.
27 Jan. 22, 2021) (citing *City of Indio*, 2012 WL 12888855, at *6.) The granting or
28 denial of a Rule 60(b) motion is left largely to the discretion of the District Court.

*Fletcher v. Baca*, 2014 WL 12856063, at *1–2 (C.D. Cal. June 2, 2014) (citing *Savarese v. Edrick Transfer & Storage. Inc.*, 513 F.2d 140, 146 (9th Cir. 1975).)

Further, a motion pursuant to Rule 60(b) may also be considered a motion to alter or amend judgment under Rule 59(e) depending on when the motion is filed. *Nguyen v. Tesla, Inc.*, 2020 WL 4530426, at *2 (C.D. Cal. July 24, 2020), *appeal dismissed*, 2020 WL 6875203 (9th Cir. Nov. 20, 2020) (citing *Martinez v. United States*, 2018 WL 5801581, at *1 (C.D. Cal. June 8, 2018) (citing *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).) District courts have power to "alter or amend" a judgment by motion under Rule 59(e). "The motion must seek to 'alter or amend' the judgment. This means seeking a substantive change of mind by the court." *See* Motion to Alter or Amend Judgment (FRCP 59(e)), Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 20-C. (citing *United States ex rel. Hoggett v. University of Phoenix,* 863 F.3d 1105, 1108 (9th Cir. 2017) ("A motion that does not request a substantive change of mind by the court is not an FRCP 59(e) motion to alter or amend the judgment.").)

A Rule 59(e) motion may be granted: (1) "to correct manifest errors of law or fact"; (2) "to present newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Sparks v. NBC E-Online*, 2021 WL 860001, at *2 (C.D. Cal. Mar. 8, 2021) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).) Here, there is not judgment and only an order from the Honorable Judge Holcomb. Thus, this motion is properly considered a Rule 60(b) motion.

**B.     Excusable Neglect Covers the exact type of situation present in this case.**

A party's litigation mistakes generally are not grounds for relief under Fed. R. Civ. P. 60(b). *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100-1102 (9th Cir. 2006) (collecting cases); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993). However, these cases are

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

6

distinguishable from the case at hand where Defendant's counsel believed he met the requirements of the rule but fell short. Here, there was no "deliberate" or strategic choice to violate L.R. 7-3 but rather a good faith effort to meet the intent of the rule. *Latshaw*, 452 F.3d at 1101. In Defendant's counsel's practice in D.C., use of email and short conversations generally meet the requirements for a conference of counsel prior to any motion filing. *See* U.S. Dist. Ct. Rules D.C., LCvR 7(m); *see also Ahanchian*, 624 F.3d at 1262 (holding while failure to follow a local rule may be a "weak justification" it may be considered excusable neglect.) Further, the Ninth Circuit has excused "calendaring mistakes caused by the failure to apply a clear local rule" in previous Rule 60(b) motions. *Ahanchian*, 624 F.3d at 1262 (citing *Pincay*, 389 F.3d at 860; *Bateman*, 231 F.3d at 1225).

Excusable neglect may serve as a basis for relief, provided Defendant as the moving party, has shown diligence in seeking relief, and the opposing party has not suffered prejudice in the interim. *SEC v. Platforms Wireless Int'l Corp.*, 617 F3d 1072, 1100 (9th Cir. 2010). "To be prejudicial, the setting aside of a judgment or order must result in greater harm than simply delaying resolution of the case." *CEP Emery Tech Invs. LLC v. JP Morgan Chase Bank, N.A.*, 2011 WL 1226028, at *3 (N.D. Cal. Apr. 1, 2011). Further, "to be considered prejudicial, the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Werner v. Evolve Media, LLC*, 2020 WL 7890835, at *3 (C.D. Cal. Nov. 10, 2020) (internal quotations omitted) (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).)

In this case, "the danger of prejudice to the opposing party" is minimal. *Bateman*, 231 F.3d at 1224–25 ("The prejudice to the Postal Service was minimal. It would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have had to reschedule the trial date. But

such prejudice is insufficient to justify denial of relief under Rule 60(b)(1).") (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir. 1985) ("the mere possibility of prejudice from delay, which is inherent in every case, is insufficient to require denial of a 60(b)(1) motion").) Here, Plaintiff may encounter a slight delay in the case to allow the Court to hear the Motion to Compel on the merits. But that delay is insufficient to deny a Rule 60(b)(1) motion. Further, Plaintiff has already conceded in his Opposition that he is participating in the Commission's arbitration proceeding. See Pl. Opp. at 9:21-27 [ECF No. 28].

      Hearing the Motion to Compel on the merits allows this Court to determine if the pending and ongoing arbitration proceedings that involve the underlying Boxer-Manager Contract merit a stay of the proceedings. Both parties are participating in that arbitration. One of the issues raised in Plaintiff's Complaint is whether the underlying Boxer-Manager Contract was a product of fraud. *See e.g.* Pl. Compl. at ¶ 47 ("This was a fraud perpetrated on the Commission.") [ECF No. 3]. The reason for the delay is to prevent a situation where both the Commission and the Court are reviewing the same issues. This type of situation is highly frowned upon and would be violative of the Federal Arbitration Act. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("We have held that a court may not rule on the potential merits of the underlying claim that is assigned by contract to an arbitrator." … "A court has no business weighing the merits of the grievance because the agreement is to submit all grievances to arbitration, not merely those which the court will deem meritorious.) (internal quotations omitted) (citing *AT & T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 649–650 (1986).)

      The second factor, "the length of the delay and its potential impact on the proceedings" also favors Defendant. *Ahanchian*, 624 F.3d at 1262. Here, as stated

above, the delay is minimal for the Court to hear the motion on the merits. The motion is being submitted 14 days after the order denying the Motion to Compel—well within the one year mark outlined in Fed. R. Civ. P. 60(c). *see also Werner*, 2020 WL 7890835, at *4. The parties are not in discovery yet and this case is still in the early stages of litigation which favor Defendant. *See MyGo, LLC v. Mission Beach Indus., LLC*, 2017 WL 1354790, at *3 (S.D. Cal. Apr. 13, 2017) (holding that the early stages of litigation favor a stay in a motion for reconsideration concerning a patent reexamination.) If the Court decides to rule in favor of a stay pending arbitration the impact of that ruling is also minimal. The arbitration will necessarily resolve issues in the current lawsuit regarding the underlying Boxer-Manager contract. This factor favors Defendant as the only impact is a minimal delay in hearing the Motion to Compel on the merits or a short stay of proceedings in order for the arbitration to commence.

The third factor, "the reason for the delay" once again favors Defendant. *Ahanchian*, 624 F.3d at 1260–62. "The purpose of the factor is to distill the reasons for the inevitable delay caused by any motion to reconsider." *City of Indio*, 2012 WL 12888855, at *7 & FN 9. (citing *Bateman*, 231 F.3d at 1224.) Defendant's counsel mistakenly followed his normal practice based on the local rules in the District of D.C. where the rule does not require as much of a discussion with opposing counsel. Further, Defendant's counsel believed that filing the Motion to Compel on the day he did was required and thus resulting in a calendaring mistake. As stated above, the Ninth Circuit has excused "calendaring mistakes caused by the failure to apply a clear local rule" in previous Rule 60(b) motions. *Ahanchian*, 624 F.3d at 1262 (citing *Pincay*, 389 F.3d at 860; *Bateman*, 231 F.3d at 1225). Here, a misunderstanding of the rule couple with a good faith effort to determine if any resolution was possible is similar to the types of calendaring mistakes in *Ahanchian*, *Pincay*, and *Bateman*.

Lastly, under the fourth factor, Defendant acted in good faith concerning

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

9

L.R. 7-3 and is now moving in good faith with this motion. *Ahanchian*, 624 F.3d at 1262. Defendant's counsel primarily practices in D.C. In D.C., the common practice is to use short emails and quick phone calls to meet and confer. This is not bad faith. *Id*. (holding that mistaken beliefs are not bad faith.) Defendant's counsel used this same practice with respect to this lawsuit. Defendant has only sought one short delay with respect to this current motion in order to ensure compliance with L.R. 7-3 and L.R. 7-18. Further Defendant is moving quickly with respect to this current motion. *See Bateman*, 231 F.3d at 1225; *see also Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 889 (9th Cir. 2001) (Ferguson, J., dissenting) (emphasizing that after *Pioneer* the failure to follow court rules can constitute excusable neglect.) As a further example of good faith, Defendant's counsel has also sought outside counsel with respect to other issues of California law in *Heredia v. MTK Global Sports Management, LLC, et. al.*, Case No. 5:20-cv-02618-JWH-KK (C.D. Cal. 2020).

**C.  Local Rule 7-18 also Favors Defendant's Argument to Hear the Motion to Compel on the Merits.**

With respect to L.R. 7-18, Defendant's Counsel believes that the Court should have considered material facts presented to the Court concerning the arbitrability of the controversy and requests that the Court look into the merits of its arguments. "[W]hen the four *Briones* factors indicate that relief from judgment should be granted, they will also indicate that one of the three Local Rule 7-18 provisions is fulfilled." *City of Indio*, 2012 WL 12888855, at *6. The material facts here that were not considered are both parties are participating in the arbitration and there is no question over the arbitrability of the controversy. Defendant argued in its Motion to Compel that Plaintiff initiated this lawsuit and stated the Boxer-Manager contract was a product of fraudulent inducement. *See* Def. Mem. at 6-8 [ECF No. 25-1]. Defendant Heredia's argument centered on the requirement to arbitrate under the Boxer-Manager contract. Plaintiff raised in his Opposition that

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

10

Defendant Heredia did not sign the Boxer-Manager contract and thus there is no agreement to arbitrate between Plaintiff and Defendant Heredia. *See* Pl. Opp. at 9 [ECF No. 28]. In Defendant's Reply he retorted that an employee of an entity that signed an arbitration agreement may compel a signatory to the contract to arbitrate. *See* Def. Mem. at 4 [ECF No. 29]. The Court did not consider the material fact that 1) there is a valid agreement compelling the parties to arbitrate, 2) that an employee of an entity may compel a signatory to the contract to arbitrate, and 3) both parties are actively engaged in a concurrent arbitration proceeding involving the validity and enforceability of the Boxer-Manager contract. *See* ECF No. 33. Defendant Heredia respectfully requests the Court do so to avoid the situation where a lawsuit and an arbitration are proceeding concurrently surrounding the same or similar issues.

## CONCLUSION

For the reasons stated here, the Court should grant Defendant Ralph Heredia's Motion for Relief from a Judgment or Order.

Dated: March 31, 2021                     Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
rdhungana@fedpractice.com
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

DEFENDANT RALPH HEREDIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR RELEIF FROM A JUDGMENT OR ORDER

11