James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>                Plaintiff,<br><br>        v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No. 5:20-cv-02332-JWH-KK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH HEREDIA'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**<br><br>Date:          April 30, 2021<br>Time:         9:00 a.m.<br>Courtroom:  2<br>Judge:        Hon. John W. Holcomb<br><br>[Declaration of Diyari Vázquez submitted herewith] |

1    Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz") hereby opposes Defendant Ralph
2    Heredia's ("Heredia" or "Defendant") Motion for Relief from a Judgment or Order.

3    **I.    INTRODUCTION**

4    After the recent dismissal of Defendant's motion to arbitrate because of counsel's
5    repeated failure to meet and confer, Defendant now doubles down and requests that the
6    Court reconsider its prior ruling under Rule 60(b).  While Defendant claims the Court
7    failed to consider counsel's alleged "good faith" in connection with the motion to
8    arbitrate, the current motion leaves no doubt good faith was not Defendant's intent.

9    It is well-settled law in the Ninth Circuit that an attorney's mistake or ignorance
10   is not a basis for a Rule 60(b) motion.  See Latshaw v. Trainer Wortham & Co., Inc.,
11   452 F.3d 1097, 1100-1102 (9th Cir. 2006) (collecting cases).  Defendant admits and
12   acknowledges the principle, and even cites Latshaw.  (Dkt. 36-1 p. 6.)  The Court may
13   end its analysis here.  Defense counsel admits that he did not understand this District's
14   meet and confer rules, and that he did not properly meet and confer prior to filing the
15   motion to arbitrate.  (Declaration of Eric Montalvo (the "Montalvo Decl.") ¶¶ 3-5, 10-
16   11, 15-17.)  Defendant contends that counsel's mistake is distinguishable because it was
17   allegedly made in good faith.  But Defendant does not cite a single Rule 60(b) case
18   holding that the attorney's intention (i.e. good faith or bad faith) underlying the mistake
19   is relevant to Rule 60(b) analysis.  Case law makes clear that attorney "ignorance" of
20   law or court rule is not a proper ground for Rule 60(b) relief.  See, e.g., Engelson v.
21   Burlington Nothern R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992).   Whether the
22   attorney's ignorance or mistake is founded in "good faith" is irrelevant.

23   Even if "good faith" attorney ignorance or mistake were a proper ground for
24   60(b) relief, it would not be available to Defendant here.  Defense counsel has not acted
25   in good faith with respect to its obligation to follow the local rules.  Had either Mr.
26   Montalvo or Mr. Dhungana, a licensee of the California Bar, been familiar with the
27   local rules, they would have properly met and conferred prior to filing the ill-fated
28   motion to arbitrate.  Even if it is true that Mr. Montalvo is unfamiliar with the Central

1

1   District meet and confer process because he is admitted to and practices primarily in

2   other Districts, Defendant fails to provide any explanation as to why his *local counsel*,

3   who is admitted in the Central District and claims to practice here, was unable to

4   properly advise Mr. Montalvo regarding L.R. 7-3.  Nor does Defendant explain why

5   Mr. Montalvo has evidently been unable to review the Central District's local rules and

6   understand the requirements of L.R. 7-3.  If Mr. Montalvo had been acting in good faith,

7   he would have familiarized himself with the local rules.  Further, as the Court's Order

8   made clear, counsel failed to follow L.R. 7-3 more than once and after being specifically

9   admonished by the Court regarding counsel's meet and confer obligations – behavior

10  that is inconsistent with any reasonable concept of "good faith."

11         Defense counsel's lack of good faith is also evident in the misstatements made in

12  connection with Mr. Montalvo's *pro hac vice* application.  Mr. Dhungana does not, as

13  represented to this Court under oath, maintain offices in this District and neither he nor

14  Mr. Montalvo is familiar with the Central District's local rules.  Mr. Montalvo knows

15  the location of Mr. Dhungana's offices because, in addition to seeking out and retaining

16  Mr. Dhungana in Nevada, Mr. Montalvo was copied on email correspondence in

17  November 2020 from Plaintiff's counsel pointing out that Mr. Dhungana did not

18  maintain offices in the Central District of California.  Declaration of Diyari Vázquez

19  (the "Vázquez Decl.") ¶ 7, Ex. E.)

20         Even after losing the motion to arbitrate because of their failure to properly meet

21  and confer, Messrs. Dhungana and Montalvo have evidently not educated themselves

22  on their meet and confer obligations.  In connection with this Rule 60(b) motion,

23  defense counsel met and conferred with counsel for Plaintiff six days before Defendant

24  filed his pending Rule 60(b) motion.  (Montalvo Decl. ¶ 23.)  While Plaintiff's counsel

25  did not oppose Defendant's motion to extend the time to file its 60(b) motion, Plaintiff

26  never agreed that the motion could be filed without the full seven-day period required

27  by L.R. 7-3.  And while Defense counsel argues that he acted in "good faith" in the

28  matter of *Heredia v. MTK Global Sports Management, LLC, et. al.*, Case No. 5:20-cv-

2

02618-JWH-KK (C.D. Cal. 2020), because he "voluntarily dismissed" VGC, LLP from that frivolous lawsuit, in truth, Defense counsel dismissed VGC, LLP following the threat of Rule 11 sanctions and an anti-SLAPP motion.

The Court should deny Defendant's motion to reconsider the Court's ruling on the motion to arbitrate.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    <u>The Court Denies Defendant's Motion to Compel Arbitration Because Defendant Did Not Comply with L.R. 7-3</u>

On March 10, 2021, the Court denied Defendant's motion to compel arbitration *with prejudice* based on defense counsel's violation of L.R. 7-3: "despite a previous admonishment to comply with the Local Rules—specifically L.R. 7-3—Heredia's counsel failed to engage in any substantive Conference of Counsel before filing the Motion, as required by L.R. 7-3." (Dkt. 33.)  The Court observed Heredia's counsel "attempt[ed]" to shift the blame for violation of the Local Rules to Plaintiff's counsel, but found Heredia's counsel's one-sentence email did not "constitute an invitation to engage in a substantive conference regarding the issues presently before the Court." (Id.)

### B.    <u>Defense Counsel's Misstatements in Connection with Mr. Montalvo's *Pro Hac Vice* Application</u>

In applying for *pro hac vice* admission, Mr. Montalvo certified under penalty of perjury that he was "familiar with the Court's Local Civil and Criminal Rules." (Vázquez Decl. ¶ 6, Ex. E (Dkt. 16).)  Mr. Montalvo also designated a local counsel in connection with the *pro hac vice* application, Mr. Rajan Dhungana. (Id.)  Mr. Dhungana certified under penalty of perjury that he "maintain[ed] an office in the Central District of California for the practice of law, in which I am physically present on a regular basis to conduct business." (Id.)  After commencement of this litigation, Mr. Dhungana became a partner at the Federal Practice Group founded by lead counsel, Mr. Montalvo, with offices in Washington, DC. (Id. at ¶ 4, Ex. C.)

Mr. Dhungana does not seem to maintain any office in the Central District of California.  On his attorney profile for the State Bar of California, Mr. Dhungana lists his address as "Federal Practice Group, 1750 K St NW, Ste 900, Washington, DC 20006-2317.  (Vázquez Decl. ¶ 8, Ex. G.)  When he signed Mr. Montalvo's *pro hac* application, Mr. Dhungana listed the same Washington D.C. address for the Federal Practice Group.  (Id. at Ex. E.)  The Federal Practice Group appears to maintain offices exclusively in Washington, D.C.  The firm's website lists the firm address as "1750 K. Street, NW, 9th Floor, Washington, DC 20006" and states that the firm is "headquartered in Washington, D.C."  (Id. at ¶ 5, Ex. D.)

Plaintiff's counsel has been unable to find any record of The Federal Practice Group or Mr. Dhungana maintaining offices in California.  (Id. at ¶ 9.)  In November 2020 email correspondence with Mr. Dhungana, Plaintiff's counsel observed "[a]s a member of the California State bar (although your office is in Nevada), I trust you are familiar with the rules governing service."  (Id. at ¶ 6, Ex. E.)  Mr. Dhungana responded and offered to accept service via email or post at the address "Rajan O. Dhungana, Sahara Legal Group, 7320 S Rainbow Blvd, STE 102-360, **Las Vegas, Nevada** 89139 (Id. (emphasis added)).  Mr. Dhungana's current LinkedIn page states that he is located in "Reno, Nevada."  (Id. at¶ 6, Ex. E.)

### C.   Defendant Fails to Timely Meet and Confer Prior to Filing His Rule 60(b) Motion

Defendant admits that his motion does not comply with L.R. 7-3's requirement that the conference between counsel be held seven days prior to filing the motion.  (*See* Dkt. 36-2 ¶ 23 ("However [the date the parties held a meet and confer call] is only six days prior to the deadline to file [the Rule 60(b) motion").  Defendant seems to blame this failure on plaintiff's counsel and the CM/ECF help desk.

Defense counsel requested to meet and confer regarding the Rule 60(b) motion on Sunday March 14, 2021.  (Dkt. 36-2 ¶ 19.)  On March 16, 2021, Plaintiff's counsel proposed conference dates for March 17 and 18. (Vázquez Decl. ¶ 2, Ex. A.)   In

response, Defense counsel stated that they were "proposing Thursday March 18th at 4:00 PM EST."  (Id.)  The conference was held telephonically on March 18—six days prior to when Defendant initially filed the instant Motion on March 24, 2021.  Defense counsel does not explain why it was unable to meet and confer within the *seven-day* window under L.R. 7-3.

Mr. Dhungana seemed to understand the timing problem under L.R. 7-3, as he attempted to file a motion seeking to extend the time to file the Rule 60(b) motion prior to filing the instant motion. (Dkt. 36-2 (Montalvo Decl.) ¶¶ 26-29.)  An extended deadline would have allowed Defendant to file the motion to reconsider within the seven-day window required by L.R. 7-3.  Plaintiff did not oppose the motion to extend time. But the motion to extend was rejected for missing or incorrect hearing information. (Dkt. 35.)  Defendant blamed the CM/ECF help desk for the deficiency. (Dkt. 36-2 ¶¶ 26-29.)  Although the Court ultimately chose to order an extension of time to March 31, 2021 to file the Rule 60(b) motion despite the deficiency (Dkt. 38), Defendant waited until the last day (only two days before Plaintiff's opposition was due) to withdraw the improperly filed motion.

Defense counsel's repeated procedural violations have caused Plaintiff to spend substantial sums responding to Defendant's improperly filed motions. Plaintiff's attorneys' fees have nearly doubled after having to file an opposition to Defendant's improperly filed motion to compel arbitration and now this motion. (Vázquez Decl. ¶ 10; Dkt. 28-2.) Defense counsel's argument that he acted in "good faith" in the matter of *Heredia v. MTK Global Sports Management, LLC, et. al.*, Case No. 5:20-cv-02618-JWH-KK (C.D. Cal. 2020), because he "voluntarily dismissed" VGC, LLP from that frivolous lawsuit does not help him. In truth, Defense counsel dismissed VGC, LLP following the threat of Rule 11 sanctions (which resulted in a First Amended Complaint) and an anti-SLAPP motion.  (Vázquez Decl. ¶ 11.)  VCG, LLP was forced to retain its own counsel, spend time and incur expenses in order to defend itself from Defendant's allegations in *Heredia*, which were designed to chill VGC, LLP's right to practice law

5

1   and thwart Mr. Diaz's fundamental right of access to the courts with his counsel of

2   choice.  (Id.)

3   **III.    ARGUMENT**

4       **A.    <u>Mr. Montalvo's Alleged "Mistakes" Are Not Grounds for Relief</u>**

5             **<u>Under F.R. 60(b)</u>**

6         In the Ninth Circuit, alleged attorney-based mistakes or "excusable neglect" are

7   not grounds for relief under Rule 60(b)(1).  <u>Latshaw v. Trainer Wortham & Co.</u>, 452 F.

8   3d 1097, 1100 (9th Cir. 2006) (extending refusal to provide relief on excusable neglect

9   grounds to alleged attorney-based mistakes of law); <u>Casey v. Albertson's, Inc.</u>, 362 F.3d

10  1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their

11  lawyers, and alleged attorney malpractice does not usually provide a basis to set aside

12  a judgment pursuant to Rule 60(b)(1) (internal quotation marks and citation omitted).

13  <u>Engelson v. Burlington Nothern R. Co.</u>, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither

14  ignorance nor carelessness on the part of the litigant or his attorney provide grounds for

15  relief under Rule 60(b)(1)").  Here, defense counsel's neglect is not a proper basis for

16  relief under Rule 60(b).

17        Strangely, Defendant concedes that alleged "mistakes" are not grounds for 60(b):

18  "[a] party's litigation mistakes generally are not grounds for relief under Fed. R. 60(b)."

19  (Dkt. 36-1 p. 6.)  Defendant, however, disingenuously attempts to distinguish applicable

20  precedent on the ground that Mr. Montalvo's conduct was not a "deliberate or strategic

21  choice to violate L.R. 7-3 but rather a good faith effort to meet the intent of the rule."

22  (Id.)   But the prior cases expressly state that attorney-based "mistakes," "excusable

23  neglect," and "ignorance or carelessness" *are not* bases for 60(b) relief.  <u>See</u>, generally,

24  <u>Casey</u>, 362 F.3d at 1260; <u>Latshaw</u>, 452 F. 3d 1100.  While mistakes and ignorance are

25  not  necessarily  inconsistent  with  "good  faith,"  as  set  forth  in  more  detail  below,

26  Defendant's actions here were not in good faith.

27        Plaintiff disputes that Defendant's failure to meet and confer pursuant to L.R. 7-

28  3 should be analyzed using the four-factor <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs.</u>

Ltd. P'shipi, 507 U.S. 380, 395 (1993) test, as outlined in <u>Ahanchian v. Xenon Pictures,</u> <u>Inc.</u>, 624 F.3d 1253 (9th Cir. 2010). That factor test is used to determine when a party's *failure to meet a deadline* constitutes excusable neglect—not when a party neglects to meet and confer prior to filing a motion. Motions may be denied in this District for failure to follow L.R. 7-3 without engaging in the analysis of the factors set forth in <u>Pioneer</u>. <u>See</u>, <u>e.g.</u>, <u>Alcatel-Lucent USA v. Dugdale Comm., Inc.</u>, 2009 WL 3346784 at *4 (C.D. Cal. Oct. 13, 2009) (denying motion to dismiss based on defendant's failure to meet and confer); <u>Mays v. Wal-Mart Stores, Inc.</u>, 330 F.R.D. 562 (C.D. Cal. Feb. 20, 2019) (reversed and remanded on other grounds); <u>Superbalife, Int'l v. Powerpay</u>, 2008 WL 4559752 at *1 (Oct. 7, 2008) (denying motion to dismiss based on failure to confer pursuant to L.R. 7-3). For this reason, the bulk of legal analysis cited in Defendant's brief is not on point as it discusses and cites cases concerning counsel or a party missing various deadlines, not a failure to meet and confer. In fact, Defendant does not cite to a single case concerning a failure to meet and confer under L.R. 7-3. (Dkt. 36-1.)

Even if the four-factor <u>Pioneer</u> test were applicable, it favors Plaintiff. Plaintiff has already been materially prejudiced and forced to spend substantial sums responding to Defendant's improperly filed motions—and now is forced to expend resources fighting Defendant's improper efforts to reconsider the ruling on arbitration. The proceeding has also been delayed for weeks now as the parties address Plaintiff's failures to follow the local rules. No good excuse for the delay exists. Counsel's purported ignorance of the local rules is certainly not an excuse for delay. Nor were defendant or his counsel's actions in good faith.

### B.    Even if a "Good Faith" Mistake Were Grounds for Reconsideration, Mr. Montalvo Did Not Act in Good Faith

The premise throughout defendant's Rule 60(b) motion is that any failure to follow the local rules were inadvertent, good faith mistakes. This claim is at odds with the facts. The local rules and practice regarding meeting and conferring in other

1    jurisdictions is irrelevant to whether Defendant followed the local rules in this District.[1]
2    Mr. Montalvo attested in his *pro hac* application that he was "familiar" with this
3    District's Local Rules.  That sworn statement cannot be reconciled with either Mr.
4    Montalvo's failure to appreciate that this District's meet and confer rules are different
5    from those in D.C. or his repeated failure to follow the Local Rules.  Nor can it explain
6    why Mr. Montalvo repeated the "mistake" after being specifically admonished by the
7    Court regarding L.R. 7-3.  (See, Dkts. 22, 26 and 33.)   Mr. Montalvo also strangely
8    declares that it was only when he "retained and consulted" with "outside California
9    counsel" *after* the Court entered the order on the motion to arbitrate that he was "simply
10   wrong" about the requirements of L.R. 7-3.  Why did Mr. Montalvo not retain this
11   outside counsel sooner, as in response to the Court's prior admonishments?  Why was
12   Mr. Montalvo's local counsel unable to advise about L.R. 7-3?

13       Defense counsel does not explain why its local counsel was not aware of this
14   District's Local Rules.  Paragraph 22 of Mr. Montalvo's declaration identifies another
15   attorney at Mr. Montalvo's law firm, Mr. Dhungana, as "California counsel."  (Dkt. 36-
16   2.)  Mr. Dhungana is also designated as local counsel on Mr. Montalvo's *pro hac*
17   application and every filing submitted by Defendant to this Court.  But Defendant never
18   explains why Mr. Dhungana was unable to provide appropriate advice regarding the
19   meet and confer rules.

20       Finally, the claim that defense counsel acted in good faith is belied by the
21   misrepresentations made by Messrs. Dhungana and Montalvo in connection with Mr.
22   Montalvo's *pro hac* application.  Neither made a good faith effort to familiarize
23   themselves with the Local Rules.  They may not be in the position they now find
24   themselves had they done so.  L.R. 83-2.1.3.4 requires any attorney designated as Local
25   Counsel to "maintain an office within the District for the practice of law, in which the
26   attorney is physically present on a regular basis to conduct business."  Mr. Dhungana

27   _____

28   [1] Plaintiff questions whether Defendant's one-sentence email constitutes a
     sufficient meet and confer effort in any jurisdiction.

also does not seem to keep a physical office in this District.  (Vázquez Decl. ¶¶ 3-9, Exs. B-G.)  As the founding partner of the Federal Practice Firm where Mr. Dhungana is also a partner, Mr. Montalvo either knew or should have known where Mr. Dhungana keeps physical offices.  Plaintiff submits that the instant case illustrates exactly why such a local rule exists—to ensure that every party is represented by counsel who practices frequently in the District and is familiar with the rules and procedures here.

## C.    Both Defendant's Motion to Arbitrate and the Current Motion for Reconsideration Should Be Denied Because of Defendant's Ongoing Violations of L.R. 7-3

L.R. 7-3 requires counsel to meet and confer seven days prior to filing a motion. L.R. 7-4 states that the Court may "decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."  Even dispositive motions may be denied for failure to comply with L.R. 7-3.  Alcatel-Lucent USA, 2009 WL 3346784, at *4 (denying motion to dismiss for failure to comply with Local Rule 7-3); Superbalife, Int'l, 2008 WL 4559752, at *2 (denying motion to dismiss for failure to comply with Local Rule 7-3); Singer v. Live Nation Worldwide, Inc., 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment for failure to comply with Local Rule 7-3).

Here, Defendant admits that its lead counsel, Mr. Montalvo, did not follow L.R. 7-3 prior to filing the motion to arbitrate.  (See, e.g., Dkt. 36-2 ¶ 10.)  The Court's decision to dismiss the motion to arbitrate with prejudice was consistent with the case law interpreting L.R. 7-3.  Unfortunately, it seems as if counsel remains unclear about L.R. 7-3, as counsel failed to timely meet and confer prior to filing the instant motion for reconsideration.  (Vázquez Decl. ¶ 2, Ex. A.)  This presents an independent ground for denying the motion for reconsideration.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER

1

2

### D. <u>Even if Defendant Had Complied with L.R. 7-3, the Motion to Arbitrate Would Fail on the Merits</u>

3      As argued extensively in prior briefing (Dkt. 28), Defendant's motion to arbitrate

4   fails on the merits for multiple reasons.  First, the motion fails because there is no

5   arbitration agreement between Heredia and Plaintiff.  The Boxer-Manager contract is

6   between Plaintiff and Moses Heredia only.  (Dkt. 28-1 (Diaz Decl. Ex. A.); <u>Perez v.</u>

7   <u>DirecTV Group Holdings, LLC</u>, 251 F. Supp. 3d 1328, 1337 (C.D. Cal. 2017).  Second,

8   the Boxer-Manager contract (to which Heredia is not a party) does not encompass the

9   dispute at issue in this litigation.  The Boxer-Manager contract's arbitration provision

10  expressly extends only to controversies "between the parties hereto."  Because

11  Plaintiff's claims in this lawsuit concern only a non-party to the Boxer-Manager

12  contract, they are not subject to arbitration. <u>Ashbey v. Archstone Property Mgmt., Inc.</u>,

13  785 F.3d 1320, 1323 (9th Cir. 2015).  Finally, if defendant ever had a right to arbitrate

14  the claims in this case, that right was waived the right by removing this case to federal

15  court and filing two motions to dismiss prior to seeking to arbitrate. <u>See</u>, <u>e.g.</u>, <u>Martin v.</u>

16  <u>Yasuda</u>, 829 F.3d 1118, 1125 (9th Cir. 2016).

17  ## IV.   CONCLUSION

18      For any of the three independent reasons discussed above, the Court should deny

19  Heredia's motion for relief from a judgment or order.

20

Dated:  April 9, 2021          **VGC, LLP**

21

22                              By:   <u>/s/ Diyari Vázquez</u>
                                James L. Greeley
23                              Diyari Vázquez
                                Attorneys for Plaintiff
24                              JOSEPH DIAZ, JR.

25

26

27

28