Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Mr. Ralph Heredia

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 5:20−cv−02332 JWH-KK <br><br> **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER** <br><br> Date:    April 30, 2021 <br> Time:    9:00am <br> Courtroom: 2 <br> Judge:   Hon. John W. Holcomb <br><br> [Declaration of Rajan Dhungana submitted herewith] |

## INTRODUCTION

Defendant Ralph Heredia (hereafter "Defendant"), through undersigned counsel, replies to Plaintiff Joseph Diaz, Jr.'s (hereinafter "Plaintiff") Opposition to Defendant's Motion for Relief from a Judgment or Order.

The "per se" rules that once governed Rule 60(b) are no longer applicable in the Ninth Circuit. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ("We now hold that *per se* rules [for determining "excusable neglect"] are not consistent with *Pioneer*.") (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993)). Plaintiff attempts to guide this court to the pre-*Pioneer* era or disregard *Pioneer* and have this Court base its decision overruled case law.

Further, Defendant's local counsel maintains an office within the district. *See* Declaration of Rajan Dhungana (hereinafter "Dhungana Decl.") Defendant also withdrew his previously filed motion [ECF No. 39] and refiled the instant motion [ECF No. 40] in order to comply with both Local Rule's (L.R.) 7-3 and 7-18. Plaintiff's argument that the L.R.'s have somehow been violated is unfounded.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual Background and Procedural History Concerning Local Counsel's Office Location.

Defendant's local counsel maintains an office in the district. Here, Mr. Dhungana maintains an office in Hesperia, California as stated in the Application of Non-Resident Attorney Eric S. Montalvo to Appear Pro Hac Vice [ECF No. 21]. Plaintiff's counsel refers this court to ECF No. 16. However, ECF No. 16 contained deficiencies and has been superseded by ECF No. 21. Mr. Dhungana used the Hesperia office prior to joining the Federal Practice Group and continues to meaningfully use this office after joining the Federal Practice Group. This is the office that is listed on CM/ECF.

### II. Procedural History Concerning the Instant Motion.

On March 10, 2021 the Court denied Defendant's Motion to Compel


Arbitration and / or Stay the Proceedings Pending Arbitration (hereinafter "Motion to Compel") based on a failure to follow the L.R. 7-3. [ECF No. 33]. On March 18, 2021, Defendant's counsel and Plaintiff's counsel conducted a meet and confer. However, due to a scheduling issue, the meet and confer was not conducted a full seven days prior to the requirement to file the instant motion. *See* Vázquez Decl. ¶2 Ex. A [ECF No. 41-1, 41-2]. Defendant's counsel reached out to Plaintiff's counsel and asked if Plaintiff's counsel would not oppose a 7 day extension. Plaintiff's counsel agreed. *See* Montalvo Decl. ¶25 [ECF No. 40-2]. Defendant submitted a Motion for Extension of Time to File (hereinafter "Motion for Extension") [ECF No. 34]. On March 24, 2021, the Motion for Extension had not been acted upon. Defendant did not assume he would get the extension and filed ECF No. 36 with an explanation concerning the meet and confer.

The Court granted the Motion for Extension on March 25, 2021—after Defendant filed ECF No. 36. *See* ECF No. 38. After the Court granted the Motion for Extension, Defendant withdrew his previously filed motion in order to comply with L.R.'s 7-3 and 7-18. [ECF No. 39]. Defendant then refiled the instant motion in compliance with both of the L.R.'s at issue.

## ARGUMENT

### I. Plaintiff's Argument Harkens Back to a Time of *Per Se* Rules Which Have Been Specifically Overruled.

Plaintiff argues that an attorney's mistake or ignorance is not a basis for a Rule 60(b) motion. *See* Pl. Opp. at 1: 9-11. This is incorrect. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (holding while failure to follow a local rule may be a "weak justification" it may be considered excusable neglect.) Further, the Ninth Circuit has excused "calendaring mistakes caused by the failure to apply a clear local rule" in previous Rule 60(b) motions. *Id.* (citing *Pincay*, 389 F.3d at 860; *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).)

Plaintiff attempts to guide this court to outdated and overruled case law to

1  argue for a per se rule that a mistake cannot be consider excusable neglect. *Pincay*,
2  389 F.3d at 855 ("We now hold that *per se* rules [for determining "excusable
3  neglect"] are not consistent with *Pioneer*.") (citing *Pioneer,* 507 U.S. 380).
4  Plaintiff cites to *Engelson v. Burlington Northern R. Co.,* 972 F.2d 1038, 1042 (9th
5  Cir. 1992). However, *Engelson* was decided before *Pioneer* and overruled. *See e.g.*
6  *In re Betancourt*, 2017 WL 3482035, at *8 (B.A.P. 9th Cir. Aug. 14, 2017), aff'd,
7  756 F. App'x 741 (9th Cir. 2019) ("Subsequent to *Pioneer*, the Ninth Circuit has
8  clarified that counsel error in responding to directives in court orders and rules is
9  not per se excluded from excusable neglect relief.") (citing *Pincay*, 389 F.3d at
10 859).)

Plaintiff also attempts to argue that good faith is not part of the calculus. However, it is the fourth prong of the *Pioneer/Briones* Test. *Pincay*, 389 F.3d at 855. ("…whether the moving party's conduct was in good faith.") (citing *Pioneer*, 507 U.S. at 395.); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the *Pioneer* test for consideration of Rule 60(b) motions). Second, case law delineates that where a counsel makes an intentional or calculated and strategic decision to pursue a particular course of action—mistakes of *law*—Rule 60(b) is not applicable. "Rule 60(b)(1) relief is unavailable to parties who simply misunderstand the legal consequences of their deliberate acts." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006). Here, the mistakes or excusable neglect are procedural and Rule 60(b) relief is available. Indeed, Defendant cites to several cases in his Memorandum of Points and Authorities concerning relief being granted in this Circuit for procedural missteps.

## II. Plaintiff's Internet Search is not a Substitute for Facts – Mr. Dhungana Has and Continues to Maintain an Office in the District.

Plaintiff's counsel suggests that the *pro hac vice* application of Mr. Montalvo does not comply with L.R. 83-2.1.3.4. A local counsel must "maintain an office within the District for the practice of law, in which the attorney is

physically present on a regular basis to conduct business." Here, Mr. Dhungana maintains an office in Hesperia, California as stated in the application for *pro hac vice* (ECF No. 21). Mr. Dhungana used this office prior to joining the Federal Practice Group and continues to meaningfully use this office after joining the Federal Practice Group. In *KRBL Ltd.*, the court sanctioned an attorney for not maintaining an office in the district. The court found the attorney in question "rented a location within the District only after the denial of the first set of pro hac vice applications, and admits that he had no meaningful connection to the office, which he ceased to rent after denial of the second set of pro hac vice applications." *KRBL Ltd. v. Overseas Food Distribution LLC*, 715 F. App'x 696, 697 (9th Cir. 2018). Here, Mr. Dhungana has a history of using the above mentioned office space prior to the *pro hac vice* application and will continue to use that office space for the foreseeable future. *See* Dhungana Decl. In *O'dea*, a counsel joined another firm, moved to a different address, and no longer maintained an office location inside the district. *O'Dea v. Conagra Foods, Inc.*, 2014 WL 11397890, at *2 (S.D. Cal. Jan. 30, 2014). Unlike in *O'Dea*, here, as stated above, Mr. Dhungana joined a new firm, namely the Federal Practice Group, and has maintained an address inside the district. *See* Dhungana Decl. Thus, there is no violation of LR 83-2.1.3.4.

### III. Defendant Complied with L.R. 7-3 in this Instant Motion.

Plaintiff argues that Defendant did not comply with L.R. 7-3 in this instant motion. This is incorrect. Plaintiff references a previously filed and withdrawn motion [ECF No.'s 36 and 39] in its opposition. See Pl. Opp. at 4:21-25 [ECF No. 41]. Defendant refiled the instant motion in accordance with L.R. 7-3.

Defendant needed an extension, which Plaintiff did not oppose, in order to comply with both L.R. 7-3 and 7-18. In accordance with L.R. 7-18, a motion that seeks reconsideration "must be filed no later than 14 days after entry of the Order that is subject of the motion or application." This time can be extended through a motion to extend filing. On March 10, 2021, this Court denied Defendant's Motion

to Compel. [ECF No. 33]. The filing deadline for Defendant's Motion for Relief from a Judgment or Order became March 24, 2021. Due to a scheduling conflict, Defendant and Plaintiff did not conduct a meet and confer until March 18, 2021. *See* Montalvo Decl. ¶¶ 20-24. Defendant's counsel discussed a motion to extend time with Plaintiff's counsel and Plaintiff's counsel stated they did not oppose. Defendant filed the motion for extension. [ECF No. 34] Prior to the motion being granted on March 25, 2021 [ECF No. 38], Defendant filed ECF No. 36 explaining the filing timeline issue between L.R. 7-3 and L.R. 7-18. If Defendant didn't withdraw and refile the motion, there may have been a L.R. 7-3 issue. However, Defendant withdrew its previously filed motion [ECF No. 39] and refiled the instant motion solving the L.R. 7-3 issue.

### IV.   The Motion to Compel Arbitration and /or Stay the Proceedings Pending Arbitration is Meritorious.

The California State Athletic Commission and the California Office of the Attorney General scheduled this Arbitration on May 6, 2021. Plaintiff argues in his Opposition that the Motion to Compel would fail on the merits. However, Plaintiff does not address Defendant's argument concerning when an non-signatory employee to an arbitration agreement may compel arbitration of a signatory. *See e.g. Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1188 (9th Cir. 1986); *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F. Supp. 2d 825, 832 (N.D. Cal. 2007) ("Taken together, *Letizia* and *Britton* establish that agents of a signatory can compel the other signatory to arbitrate so long as (1) the wrongful acts of the agents for which they are sued relate to their behavior as agents or in their capacities as agents (*Letizia* ) and (2) the claims against the agents arise out of or relate to the contract containing the arbitration clause (*Britton* ) (consistent with the language of the arbitration clause).")

### CONCLUSION

For the reasons stated here and in his initial Memorandum, the Court should

grant Defendant Ralph Heredia's Motion to Dismiss, alternatively, dismiss or stay the proceedings pending arbitration.

Dated: April 16, 2021              Respectfully submitted,


/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com


/s/ *Eric. S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia