UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DIAZ JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, <br><br> Defendants. | Case No. 5:20-cv-02332-JWH-KKx <br><br> **ORDER GRANTING MOTION OF DEFENDANT RALPH HEREDIA FOR RELIEF FROM JUDGMENT OR ORDER [ECF No. 40] AND DENYING MOTION OF DEFENDANT RALPH HEREDIA TO COMPEL ARBITRATION [ECF No. 25]** |

Before the Court is the motion of Defendant Ralph Heredia for relief from the Court's order entered on March 10, 2021, denying Heredia's motion to compel arbitration for noncompliance with this Court's Local Rules.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court **GRANTS** the Motion, for the purpose of ruling on the merits on Heredia's Motion to Compel Arbitration, which the Court **DENIES**.

## I. BACKGROUND

The parties are familiar with the factual and procedural background of this case. However, the following events are relevant to the Motion presently before the Court:

On February 5, 2021, Heredia moved to compel arbitration of this action.[3] Plaintiff Joseph Diaz, Jr., opposed that motion on February 19, 2021.[4] Heredia replied on February 26, 2021.[5] The Court denied Heredia's Arbitration Motion, with prejudice, because—despite ***two*** prior admonitions by this Court that counsel must comply with the Court's Local Rules (in particular, L.R. 7-3)[6]—

---

[1] Def.'s Mot. for Relief from J. or Order re Mot. to Compel Arbitration (the "Motion") [ECF No. 40].

[2] The Court considered the following papers in connection with the Motion: (1) the Motion (including its attachments); (2) Pl.'s Opp'n to the Motion (including its attachments) (the "Opposition") [ECF No. 41]; and (3) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 42].

[3] *See* Def.'s Mot. to Compel Arbitration and/or Stay the Proceedings Pending Arbitration (the "Arbitration Motion") [ECF No. 25]; *see also* Order re Mot. of Def. to Withdraw Second Mot. to Dismiss (the "Withdrawal Order") [ECF No. 26] (deeming the Arbitration Motion filed and setting a briefing schedule).

[4] *See* Pl.'s Opp'n to the Arbitration Motion (the "Arbitration Opposition") [ECF No. 28].

[5] Def.'s Reply in Supp. of the Arbitration Motion (the "Arbitration Reply") [ECF No. 29].

[6] *See* Order Denying Def.'s Mot. to Dismiss Without Prejudice (the "Dismissal Order") [ECF No. 22]; Order re Mot. of Def. to Withdraw Second Mot. to Dismiss [ECF No. 26] 2:16–18 ("All counsel are **DIRECTED** to review thoroughly and hereafter comply assiduously with this Court's Local Rules.").

Heredia's counsel failed to engage in any substantive Conference of Counsel before filing the Arbitration Motion, as required by L.R. 7-3.[7]

Through the instant Motion, which Heredia filed on March 31, 2021,[8] Heredia seeks relief from the Court's Arbitration Order pursuant to Rule 60 of the Federal Rules of Civil Procedure. Diaz opposed the Motion on April 9, 2021, and Heredia replied on April 16, 2021.

## II.  LEGAL STANDARD

### A.  Relief from Judgment

The Federal Rules of Civil Procedure provide that "[o]n motion . . . the court *may* relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. Proc. 60(b)(1) (emphasis added), or "any other reason that justifies relief," *id.* at 60(b)(6).

### B.  Motion to Compel Arbitration

Pursuant to the Federal Arbitration Act (the "FAA"), "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. While the FAA reflects a "liberal federal policy favoring arbitration," *AT & T Mobility v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)), "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit," *United Steelworkers v. Warrior & Gulf Navigation Co.*,

---

[7]  *See* Order Denying Def.'s Mot. to Compel Arbitration (the "Arbitration Order") [ECF No. 33].

[8]  On March 25, 2021, the Court granted Heredia's request for an extension of time to file the instant Motion. *See* Order Granting Consent Mot. to Extend Time to File [ECF No. 38].

363 U.S. 574, 582 (1960). "Because the FAA mandates that 'district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed,' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (internal citations and emphasis omitted) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000)).

In evaluating the validity of an arbitration agreement, federal courts "apply ordinary state-law principles that govern the formation of contracts," *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)), "while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration," *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)).

### III.  DISCUSSION

Although the instant Motion seeks relief from only the Court's Arbitration Order, in view of the procedural history of this case and because the Arbitration Motion is fully briefed, the Court addresses both motions on the merits.

**A.  Motion for Relief from Judgment**

Heredia contends that his counsel's "reasonable misunderstanding" of the requirements of L.R. 7-3 constitutes excusable neglect that justifies relief from the Arbitration Order pursuant to Rule 60(b)(1)[9] and that the Arbitration

---

[9]  *See* Motion 3:24–10:14.

-4-

Motion should be adjudicated on the merits.[10] Diaz responds that under binding Ninth Circuit authority, Heredia's counsel's mistake or ignorance with respect to the law or this Court's Local Rules does not constitute grounds for relief from judgment under Rule 60(b)(1).[11]

      The Ninth Circuit has repeatedly affirmed that a mistake by a party's attorney is not a ground for relief under Rule 60(b)(1). *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100–1101 (9th Cir. 2006); *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."); *Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (quotation marks and citation omitted). Based upon those authorities, other district courts in this circuit have denied relief under Rule 60(b)(1) based upon mistakes by a party's attorney. *See, e.g.*, *Reynoso v. City & Cnty. of San Francisco*, 2016 WL 4364144, at *2–*3 (N.D. Cal., Aug. 16, 2016) (denying motion under Rule 60(b)(1) and holding that mistakes by plaintiff's counsel were not sufficient grounds for relief); *Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acq., LLC*, 2013 WL 12404198, at *3 (C.D. Cal. Dec. 17, 2013) (denying relief where party's attorney misunderstood the effect of voluntary dismissal).

      As the court in *Cabot Golf* explained, "[a]n inadvertent 'mistake' that might justify relief [under Rule 60(b)(1)] typically involves a misunderstanding of the surrounding facts and circumstances." *Cabot Golf*, 2013 WL 12404198, at *3 (quotations omitted) (quoting *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th

---

[10]    *See id.* at 10:15–11:12.

[11]    *See* Opposition 6:4–7:22.

-5-

Cir. 2009)). But, "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), *cited with approval in Latshaw*, 452 F.3d at 1101.

Here, Heredia explains that his counsel, whose primary practice is in the District of Columbia, simply misunderstood the requirements of L.R. 7-3; "there was no 'deliberate' or strategic choice to violate L.R. 7-3 but rather a good faith effort to meet the intent of the rule."[12] According to Heredia, in his counsel's practice in the District of Columbia, the "use of email and short conversations generally meet the requirements for a conference of counsel prior to any motion filing."[13]

In view of this Court's prior orders, the Court finds that explanation wholly inadequate—if not disingenuous. In particular, on January 5, 2021, the Court denied Heredia's motion to dismiss, **without prejudice**, based upon Heredia's counsel's admitted failure to engage in **any** conference of counsel before filing that motion, as required by L.R. 7-3.[14] In that order, the Court specifically explained:

> L.R. 7-3 requires "counsel contemplating the filing of any motion first [to] contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." L.R. 7-4 further provides that the "Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."[15]

---

[12] Motion at 7:2–4.
[13] *Id.* at 7:4–6.
[14] Dismissal Order 2:8–20.
[15] *Id.* at 2:8–12.

The Court then admonished counsel "henceforth to comply strictly with all Local Rules, including L.R. 7-3."[16] In view of that admonition, the Court simply cannot accept Heredia's counsel's (feigned) claim of ignorance or mistake regarding the Court's expectation that counsel comply "strictly"[17] and "assiduously"[18] with the Local Rules, specifically L.R. 7-3.

The Court also finds Heredia's counsel's effort to excuse his violation of L.R. 7-3—by referencing the rules of other courts—to be graspingly feeble. In connection with the Arbitration Motion, Heredia's counsel's purported L.R. 7-3 conference of counsel consisted of a one-sentence email to Diaz's counsel—only a few hours before Heredia's counsel filed the Arbitration Motion—stating: "The purpose of this email is to request whether Mr. Diaz will consent to a motion to stay the proceedings pending arbitration?"[19] It is hard to believe that courts in other districts, such as the District of Columbia, would consider that exiguous communication to be a "good-faith effort"[20] to engage in a substantive discussion of the impending motion with opposing counsel. In any event, Heredia's counsel's email undoubtedly does not satisfy this Court's Local Rules, which require counsel to "***discuss thoroughly*** the . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis added).

---

[16] *Id.* at 2:16–18.

[17] *Id.*

[18] Withdrawal Order 2:16–18.

[19] Arbitration Order 2:16–19.

[20] In support of Heredia's counsel's argument that the "use of email and short conversations generally meet the requirements for a conference of counsel" in other districts in which he practices, Heredia cites the Local Civil Rules of the United States District Court for the District of Columbia. *See* Motion 7:4–7. With respect to the "Duty to Confer on Nondispositive Motions," those rules provide in pertinent part:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a ***good-faith effort*** to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. . . .

D. D.C., LCvR 7(m) (emphasis added).

-7-

However, notwithstanding the discussion above, because there is a strong federal policy in favor of resolving matters on the merits, the Court concludes that relief from the Arbitration Order is appropriate pursuant to Rule 60(b)(6), in order to rule on Heredia's Arbitration Motion on the merits. *See City of Indio v. Solomon*, 2012 WL 12888855, at *5 (C.D. Cal. Aug. 1, 2012) ("Procedural rules such as Rule 60(b) and this Court's Local Rule 7-18 seek to promote the sometimes-competing values of finality, judicial economy, and fairness."). Accordingly, Heredia's Motion is **GRANTED**, pursuant to Rule 60(b)(6).[21]

## B. The Arbitration Motion

As explained in the preceding sections, the Arbitration Motion is fully briefed. Accordingly, the Court addresses Heredia's Arbitration Motion on the merits.

In his Arbitration Motion, Heredia seeks to compel arbitration based upon the arbitration provision contained within the "Boxer-Manager Contract" entered into between Moses Heredia[22]—who is Defendant Ralph Heredia's brother—and Diaz.[23] That contract provides in pertinent part:

> All controversies ***arising between the parties hereto***, including but not limited to controversies concerning the validity and/or enforceability of this contract, shall be submitted for arbitration in the following manner: [A detailed arbitration procedure follows].[24]

Heredia contends that based upon Diaz's allegation that Heredia was Diaz's "de facto" or "true" manager, the claims in this action are subject to

---

[21] Heredia should note well that, despite this ruling, the Court will tolerate no further violations of the Local Rules.

[22] For the purpose of this order, "Heredia" refers to Defendant Ralph Heredia, unless otherwise indicated.

[23] *See* Arbitration Motion 6:4–8:25.

[24] *See* Boxer-Manager Contract (the "Management Contract") [ECF No. 25-2] ¶ (C)(4) (emphasis added).

-8-

arbitration.[25] Diaz responds that Heredia is not a party to the Management Contract, and, therefore, there is no agreement to arbitrate between Heredia and Diaz.[26] Diaz also contends that the Management Contract does not encompass the claims in this action.[27] In his Reply, Heredia acknowledges that he is not named as a party to the Management Contract, but he argues that he has standing to enforce the Management Contract as the co-owner and employee of "Heredia Boxing Management"—apparently, the Heredia brothers' boxing management company.[28] In support of that argument, Heredia submits a declaration by, among other declarants, his brother Moses.

The Court concludes that Heredia, a nonsignatory to the Management Contract, does not have the right to compel arbitration under that agreement. *See Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013) ("Generally, the contractual right to compel arbitration may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration.") (quotations and citation omitted); *Perez v. DirecTV Group Holdings, LLC*, 251 F. Supp. 3d 1328, 1337 (C.D. Cal. 2017) (to similar effect); *see also* Cal. Civ. Code § 1550 (a valid contract requires the "consent" of the parties to the contract). In the absence of "clear and unmistakable evidence," courts do not assume that the parties agreed to arbitrate. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943–45 (1995). There is simply no competent evidence that Heredia and Diaz agreed to arbitrate.

Furthermore, assuming *arguendo* that Heredia is an employee of Heredia Boxing Management, that entity is not a party to the Management Contract either. The Management Contract is between "Moses Heredia" and "Joseph

---

[25] *See* Arbitration Motion 6:4–8:25.
[26] *See* Arbitration Opposition 7:17–8:26.
[27] *See id.* at 9:1–11:2.
[28] *See* Arbitration Reply 3:15–4:21.

Diaz Jr."—Moses Heredia is designated as the "Manager" and Diaz is designated as the "Boxer."[29] The Management Contract does not contain any reference to "Ralph Heredia" or "Heredia Boxing Management."[30] For that reason, the cases that Heredia cites in support of his argument that a non-signatory employee can enforce an arbitration agreement entered into by his employer are distinguishable. In each of those cases, the employer was a signatory to the contract. *See Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1188 (9th Cir. 1986) (non-signatory employees had standing to enforce arbitration agreement, where the lawsuit concerned the employees' allegedly wrongful acts during the scope of their employment and the signatory employer clearly indicated its intention to protect its employees through its Customer Agreement"); *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1 (1st Cir. 2014) ("When the non-signatory party is an employee of ***the signatory corporation*** and the underlying action in the dispute was undertaken in the course of the employee's employment, these circuits have fashioned, uniformly, a federal rule designed to protect the federal policy favoring arbitration.") (emphasis added).

Accordingly, the Court **DENIES** Heredia's Arbitration Motion.

## IV.  CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

1. Heredia's Motion for Relief from Judgment is **GRANTED**, pursuant to Rule 60(b)(6).

2. Heredia's Motion to Compel Arbitration is **DENIED**.

---

[29] *See generally* Management Agreement.

[30] The Court notes that the Management Contract provides two signature lines for "Co-Manager's Signature (if applicable)." *See id.* Those lines are unsigned.

3. Heredia's counsel of record, Rajan O. Dhunga and Eric S. Montalvo, are **DIRECTED** to read this Court's Local Civil Rules (available at http://www.cacd.uscourts.gov/sites/default/files/documents/LocalRules_Chap1_12_20.pdf) in their entirety. On or before May 25, 2021, Mr. Dhunga and Mr. Montalvo are each **DIRECTED** to file a Notice of Declaration of Compliance with Order, in which each shall attest, under penalty of perjury, that he has read this Court's Local Civil Rules in their entirety.

**IT IS SO ORDERED.**

Dated: May 18, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE