Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Mr. Ralph Heredia

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (EASTERN DIVISION)

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> vs. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 5:20-cv-02332-JWH-KKx <br><br> **NOTICE OF MOTION AND MOTION TO EXTEND TIME TO FILE** <br><br> Current Response Date: June 2, 2021 <br> New Response Date:    June 16, 2021 |

1

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT Defendant Ralph Heredia will and hereby does move the Court to grant an extension of fourteen (14) days to file either file a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) or a motion for a judgment on the pleadings pursuant to Fed. R. Civ. Pro. 12(c).

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Defendant Ralph Heredia, respectfully moves this Court for a fourteen (14) day extension to file a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) and / or motion for a judgment on the pleadings Pursuant to Fed. R. Civ. Pro. 12(c). This extension will bring the filing deadline from June 2, 2021 to June 16, 2021. The parties were unable to reach a resolution on the issue of a continuance and this motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 26, 2021 (seven days prior to the last day for filing the motion).

Good cause exists for this extension because the parties conducted a meet and confer on May 26, 2021 in accordance with L.R. 7-3. Plaintiff's position during the meet and confer was that a Rule 26(f) conference is appropriate and the next step in the case. Defendant's position during the meet and confer is that it still had the ability to file a dispositive motion or that Defendant needed to file his answer prior to going into a Rule 26(f) conference. During the meet and confer, Plaintiff's counsel inquired if there are any new bases for the motion to dismiss as this would be the third such motion filed.[1] Plaintiff's counsel asked, to the extent there were any additional substantive bases concerning the motion to dismiss, that the parties hold an additional meet and confer. Defendant acknowledges that if there were additional bases to move for the motion to dismiss not previously indicated that a subsequent meet and confer would be necessary.  As such,

---

[1] The first motion to dismiss [ECF No. 9] was dismissed without prejudice. [ECF No. 22]. The second motion to dismiss [ECF No. 23] was withdrawn and recognized by the Court as withdrawn. [ECF. No. 26].

Defendant's counsel requested from Plaintiff's counsel whether, in the event Defendant found additional information relevant to the motion, they would agree with stipulating to an extension of time to meet both the filing deadline and Local Rule 7-3. Plaintiff's counsel declined to agree to that request.

Defendant's counsel conducted additional research after the meet and confer on all the issues raised. The research indicated that a motion to dismiss, motion for summary judgment and/or judgment on the pleadings may be appropriate as there exist facts directly contrary to Plaintiff's factual assertions in his complaint that are known to Plaintiff. These facts would need to be appended to any such pleading and considered prior to the filing of any such pleading as Plaintiff would need to consider the current form of its pleadings.

On June 2, 2021, Defendant's counsel notified Plaintiff's counsel, consistent with the previously held meet and confer, that it had indeed found new substantive bases and asked if Plaintiff's counsel once again whether they would consent to a 14-day extension in order to be provided the new information and provide time for another meet and confer. Plaintiff's counsel as of the time of this filing had not yet responded to this request.  As such, Defendant is submitting this motion as if Plaintiff declined to give consent—which is consistent with Plaintiff position on May 26, 2021.

Because Defendant has new substantive arguments concerning a motion to dismiss, summary judgment, or for judgment on the pleadings. Defendant believes that additional time is required to comply with the local rules and for Plaintiff to consider its pleadings in the matter.  This extension will provide the parties the ability to fully comply with the local rules and potentially impact the nature of the pending litigation to narrow the issues in dispute.  During this same period Defendant's counsel is also confronting several other previously scheduled deadlines and proceedings, some of which are related matters in this case.  For example, the California State Athletic Commission's arbitration, originally

scheduled for May 6, 2021, was continued on Plaintiff/Respondents request to June 10, 2021.

    The extension for fourteen (14) days is appropriate because this will allow the parties sufficient time to meet and confer and properly consider the new substantive bases being proffered by Defendant.

    For these reasons and for good cause shown, Defendant Heredia respectfully requests an extension of 14 days be granted, through and to include, Wednesday, June 16, 2021.

Dated: June 2, 2021                    Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia