James L. Greeley (SBN 218975)
 jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
 dvazquez@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 5:20-cv-02332-JWH-KK <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH HEREDIA'S MOTION TO EXTEND TIME TO FILE** <br><br> [Declaration of Diyari Vázquez submitted herewith] <br><br> Date: June 18, 2021 <br> Time: 9:00 a.m. <br> Courtroom: 2 <br> Judge: Hon. John W. Holcomb |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME

Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz") hereby opposes Defendant Ralph Heredia's ("Heredia" or "Defendant") Motion to Extend Time (the "Motion") (Dkt. 47.).

## I. INTRODUCTION

The Court's repeated admonishments that Defendant and his counsel "comply assiduously" with the Local Rules, have once again fallen on deaf ears. Defendant has filed yet another non-compliant motion designed to further delay these proceedings and cause prejudice to Plaintiff. The Motion should be denied with prejudice.

The Motion is facially non-compliant with the Local Rules, and does not provide proper notice, because the first page of the Notice does not include Judge Holcomb's name or the date, time or place of the hearing. The only reason Plaintiff knows the date that Defendant chose for the hearing on the Motion is because the Notice of Electronic Filing associated with the Motion states: "Motion set for hearing on 6/18/2021 at 9:00 a.m."

The Motion also does not provide sufficient notice pursuant to L.R. 6-1, which requires that motions be filed at least 28 days prior to hearing. Here, Defendant set the Motion for hearing on June 18—just 16 days after Defendant filed the Motion. Of course, Defendant's failure to properly notice the Motion made it impossible for Plaintiff to comply with the 21-day notice period for oppositions in L.R. 7-9. Plaintiff therefore endeavored to file an opposition as soon as practicable under the circumstances.

Continuing an unfortunate practice and contrary to this Court's repeated directive, Defendant also failed to properly meet and confer pursuant to L.R. 7-3. To this day, Plaintiff does not know the substance of Defendant's proposed motion(s) or even what type of motion Defendant intends to file. Defendant continues to disregard the Local Rules despite defense counsel's attestation to this Court that they had read the Local Rules. This Court may properly deny Defendant's Motion.

## II. RELEVANT FACTUAL BACKGROUND

On May 21, 2021, Plaintiff emailed to ask Defendant's counsel about their availability for a Rule 26 conference, as this case was filed almost eight months ago and the parties have yet to begin discovery. (Declaration of Diyari Vázquez (the "Vázquez Decl.") ¶ 2, Ex. 1.) In response, Defendant's counsel stated that they wanted to confer on "a motion enlarging time, and also a potential motion to dismiss" concurrently with Plaintiff's Rule 26 conference. (*Id*.)

Counsel participated in a telephonic conference on May 26, 2021. (Dkt. 47.) Defendant, however, refused to participate in a Rule 26 conference claiming that it was premature because Defendant had not yet filed an answer. (*See* Dkt. 47 p. 2; Vázquez Decl. ¶ 3, Ex. 1). Plaintiff disagreed and asked for authority to support Defendant's position. (Vázquez Decl. ¶ 3, Ex. 1). To date, defense counsel has not provided any authority to support counsel's statements about their interpretation of the law. (*Id*.)

Because Defendant had already filed two previous motions to dismiss, one that this Court denied and the second that Defendant withdrew *after* Plaintiff filed his opposition, Plaintiff inquired about the substantive bases of the third motion. (Dkt. 47 p. 2; Vázquez Decl. ¶ 4, Ex. 1.) Defendant responded that the bases for the third motion to dismiss would be the same bases set forth in the prior motion(s) and instructed Plaintiff's counsel to read the prior motion(s). (Vázquez Decl. ¶ 4.) Plaintiff then asked Defendant if there were any new substantive bases for the third motion that had not been set forth in the previous motions. (*Id*. at ¶ 5.) After initially indicating that the telephonic conference was not meant to be a "substantive" meet and confer, defense counsel explained that they were not aware of any additional bases at the time of the conference but intended to perform research after the call to determine if the law had changed since the filing of Defendant's second motion to dismiss and/or whether additional arguments would be raised. (*Id*. at ¶¶ 5-6.) While acknowledging that there might not be any additional bases, defense counsel reserved

the right to assert new bases for the third motion to dismiss depending on the outcome of their research.  (*Id*.)  Plaintiff explained its position that Defendant should have been prepared to discuss any new substantive basis for a motion to dismiss and should have conducted their research prior to the call.  (Vázquez Decl. ¶ 6.)  Plaintiff also requested that, to the extent that there were new substantive bases for the motion to dismiss, the parties hold an additional meet and confer conference to discuss those new bases pursuant to L.R. 7-3 and determine whether a resolution could be reached.  (Dkt. 47 p. 2.)  Defendant, however, conditioned an additional meet and confer on Plaintiff stipulating to a 14-day extension of time for Defendant to file the third motion to dismiss.  (Vázquez Decl. ¶ 7; Dkt. 47 pp. 2-3.)

During the May 26, 2021 conference of counsel, Plaintiff noted that: (1) to the extent that Defendant wanted to include additional substantive grounds in its motion to dismiss, it was incumbent on Defendant to perform that research prior to the L.R. 7-3 conference; (2) Defendant was unable to confirm whether it would even need the extension of time (and Plaintiff has already been substantially prejudiced by Defendant's dilatory tactics); and (3) Plaintiff could not agree to an extension without first knowing what the substantive bases of the planned motion were.  (Vázquez Decl. ¶ 8.)  Plaintiff reiterated his position that Defendant had failed to meaningfully meet and confer, and that the third motion to dismiss is yet another attempt by Defendant to delay the proceedings and prejudice Plaintiff.  (*Id*.)  Defendant ultimately acknowledged that L.R. 7-3 required the parties to meet and confer regarding new bases for the motion to dismiss.  (Dkt. 47 p. 2.)

Defendant never discussed a potential motion for judgment on the pleadings or summary judgment during the May 26, 2021 conference of counsel.  (Vázquez Decl. at ¶ 9.)  On June 2, 2021, *one week after* the telephonic meet and confer, defense counsel emailed Plaintiff.  (*Id*. at ¶ 10, Ex. 1.)  Defendant stated that, after conducting "additional research," counsel had identified new substantive bases for the motion to dismiss including moving for a judgment on the pleadings."  (*Id*.)  This was the *first*

*time* that Defendant had ever mentioned a judgment on the pleadings. (*Id.*) Of course, a judgment on the pleadings is *not* a "substantive basis" for a motion to dismiss. It is an entirely different kind of motion, governed by different standards. During the May 26, 2021 conference, Defendant had not indicated that it was considering filing any motion other than a motion to dismiss. (*Id.*) In the June 2, 2021 email, Defendant stated that "in order to comply with the Local Rules, we would need an extension of time to file a motion after a second meet and confer" and requested a 14 day extension to "prepare a letter concerning the new bases, schedule the meet and confer, and discuss the issues." (*Id.* at Ex. 1.) Defendant did not explain why an additional two-week period was necessary or why it was unable to perform the research prior to the original May 26, 2021 telephonic conference or in the *seven days that passed* since that conference. (*Id.*)

Before Plaintiff could respond to the June 2, 2021 email, Defendant filed the Motion on June 2, 2021. (Vázquez Decl. ¶ 11; Dkt. 47.) In addition to a judgment on the pleadings, Defendant indicated for the first time in the Motion that a "summary judgment" may be appropriate because there "exist facts directly contrary to Plaintiff's factual assertions in his complaint that are known to Plaintiff." (*Id.*) Prior to the filing of the Motion, Defendant had never mentioned the early summary judgment motion that Defendant believes is appropriate to file prior to a Rule 26 conference. (*Id.*)

After receiving and reviewing the Motion, Plaintiff emailed defense counsel on June 3:

> Your email confirms that Defendant did not research possibly substantive bases for his third motion to dismiss prior to the L.R. 7-3 conference about that motion, and by failing to do so, [Defendant] failed to meaningfully meet and confer. In addition, this is the first mention of a motion for judgment on the pleadings. Your office did not even allow us an opportunity to

respond to the below email and instead filed a motion the same day.  We will address this with the Court.

(Vázquez Decl. ¶ 12, Ex. 1.)  As of the filing of this Opposition, Defendant had not responded to this email.  (*Id*. at ¶ 13.)

### III.   ARGUMENT

#### A.   The Motion Should Be Denied Because It Violates L.R. 6-1 and 7-4.

L.R. 7-4 allows the Court to decline to consider a motion unless it complies with L.R. 7-3 through 7-8.  L.R. 7-4 also requires that the first page of the notice of motion include "the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed."  The first page of the Notice for Defendant's Motion, however, does not contain the date and time of the motion hearing, and does not state the name of the judicial officer before whom the motion has been noticed. (Dkt. 47 at p. 1.)  The Court may decline to hear the Motion for this reason.

Defendant's Motion should also be denied with prejudice because it fails to comply with L.R. 6-1.  This Court's Standing Order requires motions to be filed and set for hearing pursuant to L.R. 6-1.  (Dkt. 6 (Standing Order) at ¶ 9.)  L.R. 6-1 states: "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing."  The Notice of Electronic Filing associated with the Motion states: "Motion set for hearing on 6/18/2021 at 9:00 a.m."  Defendant filed the Motion on June 2, 2021.  Twenty-eight days from June 2, 2021 is Wednesday, June 30, 2021.  The first day that the Motion could have been scheduled for under L.R. 6-1 is Friday July 2, 2021.  Under L.R. 7-12, the Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule.  *See, e.g., Tiscaereno v. Bass,* 2011 WL 13213569 at *5-6 (C.D. Cal. 2011) (denying motion to dismiss in light of failure to comply with L.R. 6-1).

### B. The Motion Should Be Denied Because Defendant Once Again Failed to Meet and Confer.

L.R. 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." The conference "shall" take place at least seven days prior to the filing of the motion.

Defendant violated L.R. 7-3 in several ways. First, to this day, Defendant has never met and conferred regarding: (1) the "additional" substantive bases for its third motion to dismiss; (2) a judgment on the pleadings; or (3) a summary judgment motion. But Counsel was required to do so at least seven days prior to filing these contemplated motions. To the extent that deadlines existed by which Defendant needed to file a motion, it was incumbent on Defendant to plan its research and L.R. 7-3 conferences accordingly. Nor was Plaintiff under any obligation to stipulate to an extension because of a deadline facing Defendant (especially when Defendant admitted that it had not even researched whether there would be additional substantive bases for his proposed motion). Plaintiff also remains concerned about Defendant's time-wasting tactics. Here, while continuing to refuse participating in a Rule 26 conference, Defendant proposed a *two-week* extension of time to hold a second meet and confer regarding the same motion, when Defendant should have been prepared for a meet and confer the first time.

Defendant's failures to follow the Local Rules continue to impose significant costs on Plaintiff and waste the parties' and the Court's time. Defendant is so committed to its time-wasting and delay strategy, that he continues to flout the Local Rules despite clear instruction from this Court to adhere to those. While Defendant insists on multiple meet and confer periods to "research" a motion to dismiss that has already been filed twice, Defendant refuses to commence with discovery. Why was Defendant unable to ascertain the need for a purported judgment on the pleadings motion or summary judgment before now (when the case has been pending for nearly

eight months)?  The answer is clear:  Defendant's goal is to delay this litigation and cause prejudice to Plaintiff.

### IV.   CONCLUSION

For the reasons stated herein (and reflected in the history of this case), Plaintiff respectfully requests that the Court deny Defendant's Motion, order Defendant to participate in the Rule 26 conference, and take all other action that the Court deems appropriate, including but not limited to imposing sanctions pursuant to L.R. 83-7 (especially given the Court's repeated admonitions including Dkt. No. 33.)

Dated:  June 4, 2021             **VGC, LLP**

By:  */s/ Diyari Vázquez*

James L. Greeley
Diyari Vázquez
Attorneys for Plaintiff
JOSEPH DIAZ, JR.