James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH HEREDIA, true name<br>RAFAEL HEREDIA TARANGO, a/k/a<br>RAFAEL HEREDIA, a/k/a RAFAEL<br>BUSTAMANTE; JOHN DOE, ESQ.;<br>and JANE DOES 1 through 20,<br>inclusive,<br><br>        Defendants. | Case No. 5:20-cv-02332-JWH-KK<br><br>**DECLARATION OF DIYARI VÁZQUEZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH HEREDIA'S MOTION TO EXTEND TIME TO FILE**<br><br>Date:          June 18, 2021<br>Time:          9:00 a.m.<br>Courtroom:  2<br>Judge:         Hon. John W. Holcomb |

## DECLARATION OF DIYRI VÁZQUEZ

I, Diyari Vázquez, hereby declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and before this Court.  I am the Head of Litigation at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr.  I have personal knowledge of the following facts, and, if called as a witness, I could and would testify competently with respect thereto.

2.     On May 21, 2021, I emailed counsel for Defendant Ralph Heredia ("Defendant") to request that the parties hold the Rule 26 conference.  Defense counsel responded stating that they would like to meet and confer on a "potential" *third* motion to dismiss.

3.     On May 26, 2021, I participated in a telephonic conference with counsel for Defendant. During that conference, defense counsel refused to participate in a Rule 26 conference. Mr. Montalvo took the position that a Rule 26 conference is not appropriate until Defendant files an answer. I disagreed and asked for authority to support Defendant's position.  To date, defense counsel has not provided any authority to support counsel's statements about their interpretation of the law.

4.     I then asked for the bases for Defendant's third motion to dismiss.  Mr. Montalvo stated that it was the same bases as the prior motion(s) to dismiss.  I asked for more specificity, and he instructed me to read the prior motion(s).  Mr. Montalvo then asked whether we were done with the "chit chat."  I took offense to the fact that he referred to what was meant to be a meet and confer pursuant to L.R. 7-3 as "chit chat."

5.     I then asked defense counsel whether Defendant intended to bring any new substantive arguments in his third motion to dismiss.  Mr. Montalvo responded that the call was not meant to be a "substantive" meet and confer.

6.     After I once again asked whether Defendant intended to raise new substantive arguments in their third motion to dismiss, Mr. Dhungana explained that defense counsel were not aware of any additional bases for Defendant's third motion to dismiss at the time of the conference, but intended to perform additional research after

1

the meet and confer to determine if the law had changed since the filing of Defendant's second motion to dismiss and/or whether additional arguments would be raised.  While acknowledging that there might not be any additional bases, Defense counsel reserved the right to assert new bases for the third motion to dismiss depending on the outcome of their research.  I explained Plaintiff's position: Defendant should have been prepared to discuss any new substantive basis for a motion to dismiss and should have conducted their research prior to the call.

7.    I asked Mr. Dhungana to inform my office if Defendant intended to bring additional substantive arguments so that we could properly meet and confer and determine whether we could reach a resolution.  Mr. Montalvo interjected and demanded, as a condition to hold an additional meet and confer on these new substantive grounds for a motion to dismiss, that Plaintiff stipulate to a 14-day extension of time to file the third motion to dismiss.

8.    In response to the request to stipulate, I noted that: (1) to the extent that Defendant wanted to include additional substantive grounds in its motion to dismiss, it was incumbent on Defendant to perform that research prior to the L.R. 7-3 conference; (2) Defendant was unable to confirm whether it would even need the extension of time (and Plaintiff has already been substantially prejudiced by Defendant's dilatory tactics); and (3) Plaintiff could not agree to an extension without first knowing what the substantive bases of the planned motion were.  I also expressed my belief that Defendant had failed to meaningfully meet and confer, and that the third motion to dismiss is yet another attempt by Defendant to delay the proceedings and prejudice Plaintiff.

9.    During the May 26, 2021 telephone conference, Defendant did not discuss a potential motion for judgment on the pleadings or summary judgment.

10.    *One week after* the telephonic conference, on June 2, 2021, I received an email from Jason Moy stating that Defendant had "identified new substantive bases for the motion to dismiss including moving for a judgment on the pleadings."  Prior to this email sent on June 2, Defendant had never mentioned a potential judgment on the

pleadings.  Mr. Moy also asked whether Plaintiff would stipulate to a 14-day extension of time to file their motion to dismiss (or judgment on the pleadings—it is still unclear which motion Defendant intends to file).  Mr. Moy did not identify or explain the "new substantive bases" for the motion to dismiss or judgment on the pleadings.

11.   A few hours later on June 2, without even giving Plaintiff an opportunity to respond to Mr. Moy's email, Defendant filed the instant Motion for extension of time. The Motion is the first time that Defendant has mentioned the potential for filing a motion for summary judgment.

12.   After receiving and reviewing the Motion, I emailed defense counsel on June 3:

> Your email confirms that Defendant did not research possibly substantive bases for his third motion to dismiss prior to the L.R. 7-3 conference about that motion, and by failing to do so, [Defendant][1] failed to meaningfully meet and confer.  In addition, this is the first mention of a motion for judgment on the pleadings.  Your office did not even allow us an opportunity to respond to the below email and instead filed a motion the same day.  We will address this with the Court.

13.   As of the filing of this Opposition, Defendant has not responded to this email.

14.   Attached hereto as **Exhibit 1** are true and correct copies of the e-mail correspondence between Defendant's attorneys and me from May 21, 2021 to June 3, 2021.

---

[1] I mistakenly wrote in the email "Plaintiff" instead of "Defendant."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed June 4, 2021 in Santa Monica, California.

/s/ Diyari Vázquez
Diyari Vázquez

DECLARATION OF DIYARI VÁZQUEZ