**From:** **Diyari Vazquez** dvazquez@vgcllp.com
**Subject:** Re: RE; Diaz v. Heredia matter Meet and Confer request - Supplemental Pleadings
**Date:** June 3, 2021 at 12:40 PM
**To:** Jason Moy jmoy@fedpractice.com
**Cc:** jgreeley@vgcllp.com, **Christian Anstett** canstett@vgcllp.com, **Eric Montalvo** emontalvo@fedpractice.com, **Rajan Dhungana** rdhungana@fedpractice.com, **Ji-Eun Lee** jlee@fedpractice.com

Counsel,

Your email confirms that Defendant did not research possibly substantive bases for his third motion to dismiss prior to the L.R. 7-3 conference about that motion, and by failing to do so, Plaintiff failed to meaningfully meet and confer. In addition, this is the first mention of a motion for judgment on the pleadings. Your office did not even allow us an opportunity to respond to the below email and instead filed a motion the same day. We will address this with the Court.

Regards,

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments.

> On Jun 2, 2021, at 2:41 PM, Jason Moy <jmoy@fedpractice.com> wrote:
>
> Dear Counsel,
>
> On behalf of Mr. Montalvo, after conducting additional research, we have identified new substantive bases for the motion to dismiss including moving for a judgment on the pleadings. As discussed on May 26, you had requested we conduct a subsequent meet and confer to discuss any new basis. Also as discussed on May 26, in order to comply with the Local Rules, we would need an extension of time to file a motion after a second meet and confer. Would you consent to a fourteen (14) day extension motion to allow us to prepare a letter concerning the new bases, schedule the meet and confer, and discuss the issues?
>
> Please advise.
>
> Thank you,

**Jason Moy | Senior Associate**
Federal Practice Group
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN LAW

<image001.png>   <image002.png>   <image003.png>   <image004.png>

**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Diyari Vazquez <dvazquez@vgcllp.com>
**Sent:** Thursday, May 27, 2021 4:35 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Jason Moy <jmoy@fedpractice.com>; jgreeley@vgcllp.com; Christian Anstett <canstett@vgcllp.com>
**Subject:** Re: RE; Diaz v. Heredia matter Meet and Confer request - Supplemental Pleadings

Counsel,

Are there any cases or statutes you have on point to the discussion below? And what is the support for your contention that the document on Judge Holcomb's page in the "Orders and Additional Documents section" is an "order setting scheduling conference standing order example"? It is not labeled as such. Why do you think Judge Holcomb made that document available on his website along with his standing order? It is clear that Judge Holcomb expects parties to hold the Rule 26 conference early on. And so does the plain language of Rule 26(f).

In any case, there is good cause to commence with discovery prior to an answer being filed —Defendant's dilatory tactics. Defendant has already wasted time and imposed expense on Plaintiff by, among other things: repeatedly failing to follow the local rules, re-filing the same or similar motions multiple times, filing and then withdrawing motions, failing to meet and confer, filing a motion for arbitration where the defendant was not a party to the contract containing the arbitration clause, and holding a meet and confer regarding a motion to dismiss where Defendant reserved the right to add undisclosed substantive bases to the motion based on research Defendant had not yet performed.

This case has already been pending for almost seven months and no discovery has yet to take place. In response to Plaintiff's request for a Rule 26 conference, Defendant refused to participate in said conference and instead now intends to file a third motion to dismiss (even though the first motion was denied and the second withdrawn—*after* Plaintiff spent

the time and resources to oppose the second motion). This is clearly another dilatory tactic by Defendant designed to further prejudice Plaintiff and evade Defendant's discovery obligations. We trust Judge Holcomb will agree.

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment

<image005.png>

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this email message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply email. We also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

> On May 26, 2021, at 10:00 PM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:
>
> Counsel,
>
> You asked to meet and confer concerning "the Rule 26 conference." In our call you reference a "standing order" as the document you relied upon stating that in the standing order in this case the judge asked the parties to engage in discovery early. The standing order in this case does not require parties to engage in a Rule 26 conference prior to an answer being filed.
>
> Upon review of the standing order of this case no such language exists. On Judge Holcomb's page there are no additional standing orders that direct counsel to engage in discovery prior to an answer being filed. There is a order setting scheduling conference standing order example, which has not been filed in this case, on Judge Holcomb's page. The example order does contain language that encourages counsel to being to conduct discovery actively before the scheduling conference. However, without an answer, it is difficult to engage in meaningful discussions about discovery because complaints and answers are the pleadings that frame the scope of discovery. For example, if several causes of actions are dismissed, why would we need to engage in discovery concerning a dismissed cause of action?

However, there is a notice to parties of court-directed ADR program (Docket 5). Parties "must participate in an ADR process before trial." This also must be discussed with the respective clients before a conference under Rule 26(f). Is this the document you intended to reference? If so, what is your position on mediation? If not, what specific document, order, or rule are you relying on?

Best,

<image001.png>

---

**From:** Diyari Vazquez <dvazquez@vgcllp.com>
**Sent:** Wednesday, May 26, 2021 3:52 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Rajan Dhungana <rdhungana@fedpractice.com>; Jason Moy <jmoy@fedpractice.com>; jgreeley@vgcllp.com; Christian Anstett <canstett@vgcllp.com>
**Subject:** Re: RE; Diaz v. Heredia matter Meet and Confer request - Supplemental Pleadings

What is inaccurate?

Diyari Vazquez
VGC, LLP
(424) 272-9855

> On May 26, 2021, at 3:44 PM, Eric Montalvo <emontalvo@fedpractice.com> wrote:
>
> Counsel,
>
> We reject the below summation as accurate or complete. If you intend on filing false statements to the court we will address that accordingly.
>
> Eric S. Montalvo
> Founding Partner
>
> <image001.png>
>
> <image002.png>
>
> <image003.png>
>
> <image004.png>

<image004.png>

<image005.png>

**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Diyari Vazquez [mailto:dvazquez@vgcllp.com]
**Sent:** Wednesday, May 26, 2021 4:19 PM
**To:** Rajan Dhungana
**Cc:** Jason Moy; jgreeley@vgcllp.com; Eric Montalvo; Christian Anstett
**Subject:** Re: RE; Diaz v. Heredia matter Meet and Confer request - Supplemental Pleadings

Counsel:

I write to memorialize the telephonic meet and confer conference earlier this morning concerning: (1) Plaintiff's request to hold a Rule 26(f) conference; and (2) Defendants' proposed motion to dismiss. Please find a summary of the conversation and the parties' respective positions below.

Rule 26(f) Conference

Defendant declined to participate in a Rule 26(f) conference. Defendant contends that a Rule 26(f) conference cannot be held prior to Defendant filing an answer. Counsel stated they would provide case law supporting their position.

Plaintiff contends that under the Judge's standing order and prevailing law, the Rule 26(f) conference should be held as soon as possible. Absent Defendant providing case law supporting their position, Plaintiff intends to file a motion to compel a Rule 26(f) conference if Defendant does not provide a date certain for a Rule 26(f) conference in the next calendar week.

Defendant's Third Motion to Dismiss

Defendant intends to file a third motion to dismiss. Defendant stated that the bases for the motion are the same bases as in the prior two motions to dismiss. Defendant refused to discuss the substance of the upcoming motion and instead directed Plaintiff

to read the prior motions. Defendant's counsel indicated he was going to conduct further research to determine if there had been a change in the law since the last motion and whether there would be any substantive change to the prior motions.

Plaintiff asked that, to the extent that Defendant intends to move on any substantive basis that was not set forth in the prior motions to dismiss, the parties hold a second meet and confer conference to discuss the new substantive bases in order to determine if there might be a resolution to the new issues. Defendant did not agree to do so. Instead, Defendant demanded that Plaintiff stipulate to allow Defendant an enlarged period of time to meet and confer in order for Defendant to file the motion to dismiss before agreeing to a further meet and confer.

It is Plaintiff's position that Defendant should have researched possibly substantive bases for its third motion to dismiss prior to the L.R. 7-3 conference about that motion, and by failing to do so, Plaintiff failed to meaningfully meet and confer. It is also Plaintiff's position that this third motion to dismiss is yet another attempt by Defendant to delay the proceedings and cause prejudice to Plaintiff.

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment

<image006.png>

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this email message and its attachments are intended solely for the addressee(s). This email transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, then are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than you who the intended recipient is not intended to waive any right or privilege. If you have received this transmission in error, please alert the sender by reply email and then delete this message and its attachments. Unless expressly stated in this email, nothing in this message should be construed as a digital or electronic signature.

> On May 21, 2021, at 2:14 PM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:
>
> Good afternoon Counsel,
>
> We would also like to meet and confer on a motion enlarging time, and also a potential motion to dismiss on our end.
> We are available Monday 05/24 at 1:00 pacific,
> Or Tuesday 05/25 07:30am pacific,
> Or Wednesday 05/26 at 11:00am pacific.
>
> Sincerely,
>
> <image001.png>
>
> ---
>
> **From:** Diyari Vazquez <dvazquez@vgcllp.com>
> **Sent:** Friday, May 21, 2021 5:17 AM
> **To:** Rajan Dhungana <rdhungana@fedpractice.com>
> **Cc:** Jason Moy <jmoy@fedpractice.com>; jgreeley@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Christian Anstett <canstett@vgcllp.com>
> **Subject:** Re: RE; Diaz v. Heredia matter Meet and Confer request - Supplemental Pleadings
>
> Counsel,
>
> Please let us know your availability next week for the Rule 26 conference.
>
> Thanks,
>
> Diyari
>
> —
>
> Diyari Vázquez  |  Head of Litigation & Employment
>
> <image002.png>
>
> 1515 7th Street, No. 106
> Santa Monica, CA 90401
> T: 424 272 9855
> www.vgcllp.com

On May 13, 2021, at 11:43 AM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:

Good morning counsels,

10am pacific is confirmed.

<image001.png>

**From:** Jason Moy <jmoy@fedpractice.com>
**Sent:** Thursday, May 13, 2021 10:37 AM
**To:** 'Diyari Vazquez' <dvazquez@vgcllp.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** jgreeley@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Christian Anstett <canstett@vgcllp.com>
**Subject:** RE: RE; Diaz v. Heredia matter Meet and Confer request - Supplemental Pleadings

Hello Ms. Vazquez,

We would like to inform the court about the new date for the arbitration in the arbitration between Mr. Heredia and Mr. Diaz.

Best Regards,

Jason Moy

<image002.png>

<image003.png> <image004.png>
<image005.png> <image006.png>

**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Diyari Vazquez [mailto:dvazquez@vgcllp.com]
**Sent:** Thursday, May 13, 2021 1:00 PM
**To:** Rajan Dhungana
**Cc:** jgreeley@vgcllp.com; Jason Moy; Eric Montalvo; Christian Anstett
**Subject:** Re: RE; Diaz v. Heredia matter Meet and Confer request - Supplemental Pleadings

Hello Rajan,

What supplemental pleadings do you intend to file? We can talk tomorrow at 10:00 am PST.


Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment

<image007.png>

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

> On May 12, 2021, at 4:08 PM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:
>
> Good afternoon Counsels,
>
> On the Diaz v. Heredia matter, we intend to file supplemental pleadings this week.
> I'm checking to see if we can schedule a meet and confer for 10 mins or so over the phone tomorrow or Friday to discuss.
>
> Sincerely,
>
> <image001.png>