James L. Greeley (SBN 218975)
 jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
 dvazquez@vgcllp.com
Christian Anstett (SBN 240179)
 canstett@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 5:20-cv-02332-JWH-KK<br><br>**DECLARATION OF JAMES L. GREELEY RE OSC WHY SANCTIONS SHOULD NOT ISSUE**<br><br>Courtroom:　　2<br>Judge:　　Hon. John W. Holcomb |

## DECLARATION OF JAMES L. GREELEY

I, James L. Greeley, hereby declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and before the United States Central District of California.  I am a Principal at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr.  I have personal knowledge of the following facts, and, if called as a witness, I could and would testify competently with respect thereto.

2.     I have been a member in good standing with The State Bar of California for nearly 20 years.  I received my Juris Doctor from Harvard University Law School in 2001.  I was a member of the litigation department at O'Melveny & Myers, LLP over the course of 15 years, where I litigated complex litigation matters before the Central District.  In 2017, I founded VGC, LLP.

3.     During my nearly 20 years practicing law, this is the first time that I have failed to appear before a District Court in any proceeding.  I have never been sanctioned by a court of law.  I have the utmost respect for the Court and deeply apologize for the inconvenience that my inability to appear at the June 24, 2021 status conference may have caused the Court or counsel.

4.     I was available and prepared to attend the originally scheduled status conference before this Court on June 18, 2021.  On June 17, that conference was rescheduled by this Court to June 24, 2021.  Unfortunately, circumstances outside of my control prevented me from attending the June 24, 2021 status conference.  At the time of the rescheduled status conference, I was traveling with my family, including my young daughters, in rural Minnesota, without a stable internet connection and spotty cellphone reception.  I traveled to visit a family member who has undergone a series of major surgeries at the Mayo Clinic in Rochester, Minnesota. These surgeries, the most complicated performed at the Mayo Clinic, are necessary to address life-threatening complications.  My family member is in his late seventies and each surgery carries great risk.  He survived the first two operations, but the second damaged a major organ, and

he will require a third operation to address the damage. I did not think it appropriate under these circumstances—traveling with young children and spotty reception—to attempt to attend a videoconference before the Court.  In fact, I believed it would demonstrate a lack of professionalism and lack of respect for the Court's time to do so.

5.     When the Court noticed the continuance in the date of the status conference, I confirmed with Mr. Anstett that he would be able to appear at the June 24 status conference.  Mr. Anstett is a seasoned litigator in practice for 16 years.  Since the time he joined VGC, Mr. Anstett has been intimately involved and actively working on this matter.  Mr. Anstett has been involved in nearly all meet and confer calls with opposing counsel (with the exception of one call handled by his predecessor, Mr. Alexander Safyan), and has worked on the briefs that have been filed in this case since he joined the firm.  Mr. Anstett is knowledgeable about the issues and facts involved in this case, and familiar with its procedural history. Mr. Anstett participates and collaborates in all strategy meetings regarding this matter and is authorized to make decisions regarding the matter.

6.     Given Mr. Anstett's involvement and knowledge of the case and his many years of experience appearing before the Central District of California, I did not think it was necessary to burden the Court and opposing counsel with requesting a different date for the status conference due to my unavailability.  I believed that it was important for the conference to proceed on the earliest possible date because this case has been pending for eight months and the parties have yet to start discovery.  That delay has become expensive for our client and has postponed his ability to litigate his claims.  I did not want to cause further delay by rescheduling the conference a second time, especially when Mr. Anstett was available for the hearing.

7.     Mr. Anstett, who appeared at the June 24, 2021 conference, joined our firm in March 2021, replacing a former litigation partner, Mr. Safyan.  We removed Mr. Safyan from the caption in our filings in this matter, but committed an oversight by failing to replace his name in the caption with Mr. Anstett months ago.  I apologize that

the Court was caught off guard by Mr. Anstett's appearance at the June 24, 2021 conference.

8.     By way of background, the litigation department at VGC LLP consists of three partners with between 16 and 20 years of experience litigating in California: Mr. Anstett, Ms. Vázquez, and me.  We are soon to add a fourth attorney who has been practicing for 22 years in California. We do not view our staffing of a given matter as one or more partners being lead counsel with associate support.  We all strategize, collaborate and make decisions with regards to the various matters that we handle on behalf of our clients.  The reasons for this staffing are twofold:

        a.     First, it ensures that at any given time a senior member of the firm is available with the requisite experience and knowledge of a matter to handle any issue that may arise—even when, as in the case of the June 24, 2021 hearing before this Court, others may be unavailable.

        b.     Second, we staff cases with a view toward delivering maximum value to our clients—i.e., providing the best representation at the lowest cost. Compared to the larger firms each of us left to join VGC, where it was typical to have a partner and one or two associates on a call or at a conference, we often have one partner only.  Many times, our clients specifically instruct us against having multiple attorneys on a call or at a conference, which would result in double or triple-billing as they view it.

9.     Our client in this matter, Joseph Diaz, is a young boxer from a humble background who alleges he has been financially victimized by the Defendant.  He does not have extensive resources.  Defendant has demonstrated he understands this by repeatedly highlighting his financially precarious position and pointing out that he has been forced to borrow money from Defendant (and his brother) on many occasions to pay for his living expenses between bouts.  Defendant has made it as expensive as possible for Mr. Diaz to pursue his claims.  To date, Defendant removed the matter from state court, filed two motions to dismiss (the last of which he withdrew after we spent

3

the time and expense of opposing that motion) and a motion to compel arbitration (even though Defendant is not a party to the agreement containing an arbitration clause)—without following the Local Rules or properly meeting and conferring.  Defendant has now indicated he will file a third motion to dismiss.  In compliance with the Court's order, Ms. Vázquez and I, along with Mr. Anstett, attended the most recent June 29, 2021 meet and confer teleconference with opposing counsel regarding more planned procedural motions by Defendant, and discussed his intent to remand the case to state court after removing it to the Central District himself—which seems like another procedural tactic to delay getting to the merits of Mr. Diaz's claims.  Eight months after filing his complaint, our client, Mr. Diaz, has received no discovery—and defense counsel continues to refuse to participate in a Rule 26 conference.

10.     Meanwhile, in addition to the procedural tactics described above, Defendant's half-brother, Moses Heredia, and his affiliated entity Heredia Boxing Management, Inc., filed what can only be characterized as a retaliatory, bogus lawsuit against this law firm alleging—as far as we can comprehend it—our firm was somehow involved in a civil RICO conspiracy with supposed international drug traffickers based in the middle east.  That matter is simultaneously pending before this Court, although our firm has been dismissed in the face of threatened Rule 11 and anti-SLAPP motions.  Further, Moses Heredia (Defendant's brother) filed an arbitration action against Mr. Diaz.  We have been forced to undertake extensive work on these additional matters without thus far any reimbursement of costs or fees despite what we view as Defendant (and his brother's) questionable tactics.

11.     Given this history, we have been particularly sensitive to keeping costs down rather than adding to the burden that Mr. Diaz is facing in litigating the merits of his claims.   For this additional reason, and given the wealth of experience and knowledge about the case that each of the attorneys working on this case has, we believed that Mr. Anstett's appearance at the status conference, without Ms. Vázquez or me also being present, was appropriate.

12.     I have reviewed all orders in this matter more than once and interpreted the Court's standing order to require lead counsel to appear at scheduling and pretrial conferences, which Ms. Vázquez and I plan to attend.  I also reviewed the Court's revised civil trial scheduling order which refers to the final pretrial conference as the "pretrial conference."  This seemed consistent with my understanding that the "pretrial conference" refers to the final pretrial conference immediately preceding a trial that deals primarily with various trial issues.  I did not (previously) understand that the status conference was also considered a "pretrial conference" that required lead counsel to appear.  I deeply apologize for my misunderstanding.  I now understand the Court has ordered Ms. Vázquez and me to attend all conferences before the Court and will do so.

13.     I certainly intended no disrespect to the Court in failing to appear at the June 24, 2021 conference.  I have the utmost regard for the seriousness of the process and look very much forward to finally litigating the merits of this particular matter.

14.     I respectfully request that the Court vacate the Order to Show Cause and not issue sanctions.  Again, I deeply apologize for my failure to appear and will ensure it does not happy again.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 1, 2021 in Mahtomedi, Minnesota.

_____
James L. Greeley