James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Christian Anstett (SBN 240179)
  canstett@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 5:20-cv-02332-JWH-KK <br><br> **DECLARATION OF DIYARI VÁZQUEZ RE OSC WHY SANCTIONS SHOULD NOT ISSUE** <br><br> Courtroom:  2 <br> Judge:  Hon. John W. Holcomb |

## DECLARATION OF DIYRI VÁZQUEZ

I, Diyari Vázquez, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before the United States Central District of California. I am the Head of Litigation at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. I have personal knowledge of the following facts, and, if called as a witness, I could and would testify competently with respect thereto.

2. I have been a member in good standing with The State Bar of California for nearly 19 years. I received my Juris Doctor from New York University School of Law in 2002. During my time at NYU Law, I was selected to spend a semester abroad at the University of Copenhagen. Prior to my time at NYU Law, I obtained a Bachelor of Science in Management with a major in Accounting and minor in Psychology from the A.B. Freeman School of Business at Tulane University, where I graduated cum laude in 1999. Prior to my time at Tulane University, I studied for 14 years at the American Military Academy.

3. During my nearly 19 years practicing law, this is the first time that I have failed to appear before a District Court in any proceeding. I have never been sanctioned by a court of law. I have the utmost respect for the Court and deeply apologize for the inconvenience that my inability to appear at the June 24, 2021 status conference may have caused the Court or counsel.

4. On June 6, 2021, the Court set a status conference for June 18, 2021. On June 17, 2021, the status conference was rescheduled for June 24, 2021.

5. On June 24, 2021, I was ordered to appear at a Mandatory Settlement Conference ("MSC") in the matter of *Silvestri, et al. v. Bekins Van Lines, Inc., et al.*, Los Angeles Superior Case No. 19SMCV01475. I represent the plaintiffs in that matter. I am the only attorney that is handling the *Silvestri* matter on behalf of the plaintiffs. Prior to June 17, 2021, I had made arrangements with the plaintiffs in the *Silvestri* matter to prepare for and attend the MSC on June 24. I currently do not have a colleague who

is sufficiently familiar with the facts of the *Silvestri* matter that could have prepared with the plaintiffs and attended the MSC in my stead.

6. I have known Mr. Christian Anstett since 2008. We have practiced law together for several years since we met as litigation associates at the law firm of Baker Marquart Crone Hawxhurst, LLP—a premier litigation firm that spun off from Quinn Emanuel Urquhart & Sullivan (where Mr. Anstett had previously worked). Mr. Anstett is a seasoned litigator in practice for 16 years.

7. In early March 2021, Mr. Anstett joined VGC, LLP as a litigation partner. Since the time he joined VGC, Mr. Anstett has been intimately involved and actively working on this matter. Mr. Anstett has been involved in nearly all meet and confer calls with opposing counsel (with the exception of one call handled by his predecessor, Mr. Alexander Safyan), and has worked on the briefs that have been filed in this case since he joined the firm. Mr. Anstett is knowledgeable about the issues and facts involved in this case, and familiar with its procedural history. Mr. Anstett participates and collaborates in all strategy meetings regarding this matter and is authorized to make decisions regarding the matter.

8. When the Court noticed the continuance of the date of the status conference, I confirmed with Mr. Anstett that he would be able to appear at the June 24 status conference. Given Mr. Anstett's intimate knowledge of the case and his many years of experience appearing before the Central District of California, I did not think it was necessary to burden the Court and opposing counsel with requesting a different date for the status conference due to the conflict in my schedule. Prior to the conference, our team worked together to prepare for the conference and address the issues we anticipated the Court may discuss at the conference. I believed that it was important for the conference to proceed on the earliest possible date because this case has been pending for eight months and the parties have yet to start discovery. That delay has become expensive for our client and has postponed his ability to litigate his claims. I did not want to cause further delay by rescheduling the conference a second time,

especially when Mr. Anstett was available for the hearing

9. I reviewed the Court's minute order regarding the June 24 status conference to determine whether "lead counsel" was required to appear at the status conference. The order did not include that direction. I also reviewed the Court's standing order to determine whether "lead counsel" was required to attend status conferences. My understanding from my review of the standing order is that "lead counsel" is required to appear at the scheduling and pretrial conferences. I also reviewed the Court's revised civil trial scheduling order which refers to the final pretrial conference as the "pretrial conference." This seemed consistent with my understanding that the "pretrial conference" refers to the final pretrial conference immediately preceding a trial that deals primarily with various trial issues. I did not (previously) understand that the status conference was also considered a "pretrial conference." I deeply apologize for my misunderstanding. I will appear at any future status, pretrial and scheduling conferences set by this Court.

10. I respectfully request that the Court vacate the Order to Show Cause and not issue sanctions. Again, I deeply apologize for my failure to appear and will ensure it does not happen again.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed July 1, 2021 in Santa Monica, California.

_____
Diyari Vázquez