Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., <br><br> Plaintiff, <br> vs. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 5:20-cv-02332-JWH-KKx <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE AND LACK OF SUBJECT MATTER JURISDICTION** <br><br> Date:   August 6, 2021 <br> Time:   9:00 a.m. <br> Courtroom: 2 <br> Judge:  Hon. John W. Holcomb |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................... iv

STATEMENT OF THE MOTION ................................................................ 1

INTRODUCTION, FACTS, AND PROCEDURAL BACKGROUND .................... 1

   I.    Factual Background. ........................................................ 2

   II.   Request for Judicial Notice ........................................... 2

   III.  Procedural History ....................................................... 3

LEGAL STANDARD ................................................................................. 4

   I.    Legal Standard for a Motion to Dismiss ....................... 4

   II.   Legal Standard for Incorporation by Reference and Judicial Notice ............ 5

ARGUMENT ........................................................................................... 6

   I.    There is no Federal Question Jurisdiction as Plaintiff's Sixth Cause of Action Concerns: A) Contract Between Plaintiff and Moses Heredia, B) is Subject to the Exclusive Jurisdiction of the Commission and Binding Arbitration, and C) Fails to State an Offense of the Muhammad Ali Boxing Reform Act ("Ali Act"). 6

      A.  Plaintiff's Allegation Concerning the Boxer-Manager Contract Concerns Moses Heredia and not Defendant Ralph Heredia. ........................................ 6

      B.  The Boxer-Manager Contract is Under the Exclusive Jurisdiction of the California State Athletic Commission and Pending Decision from the Arbitration rendering Plaintiff's Complaint Unripe and Any Attack on the Arbitration Improper at this Stage. .............................................................. 7

      C.  Plaintiff failed to allege a Violation of the Ali Act. ................................. 8

   II.   Plaintiff's Theory of Fraud does not State an Offense. ................................. 11

i

A.  Plaintiff Failed to Plead Sufficient Allegations Under Any Theory or Subset of Fraud to Establish a Prima Facie Case and Fails to Plead Damages. 11

B.  Plaintiff Failed to Plead with Particularity a Fraudulent Inducement Theory of Fraud. ........................................................................... 12

C.  Plaintiff Failed to Plead with Particularity a Nondisclosure Theory of Fraud. ................................................................................. 14

D.  Plaintiff Failed to Plead with Particularity a Concealment Theory of Fraud. ................................................................................. 15

E.  Plaintiff Failed to Adequately Plead Damages and Failed to Plead Damages Resulted from any type of Fraud. ................................... 16

III.   Ralph Heredia, not a party to the Boxer Manager Contract, does not have a Fiduciary Duty and Thus the Second Cause of Action must be Dismissed. ......... 17

IV.   Plaintiff Failed to Allege Sufficient Facts Concerning an Alleged Implied-In-Fact Contract and Thus the Third Cause of Action must be Dismissed. .......... 18

V.   Plaintiff Failed to Allege Sufficient Facts Concerning an Alleged Conversion and Thus the Fourth Cause of Action must be Dismissed. ................ 20

VI.   Plaintiff Failed to Allege Sufficient Facts Concerning an Alleged Tortious Interference with Prospective Economic Advantage and Thus the Fifth Cause of Action must be Dismissed. .................................................................... 21

A.  Plaintiff Failed to Allege Wrongful Conduct by Heredia in Sufficient Detail to Support His Claim. ......................................................... 22

B.  Plaintiff Failed to Allege Interference with Probable Expectancies. ....... 22

VII.   Plaintiff Failed to Allege Sufficient Facts Concerning Quantum Meruit and Thus the Seventh Cause of Action must be Dismissed. ....................................... 23

VIII.   Plaintiff Failed to Allege the Correct Individual for an Accounting and Thus the Eighth Cause of Action must be Dismissed. ........................................... 24

CONCLUSION ......................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174 (9th Cir. 2010) ...................... 7

*Agnew v. Parks*, 172 Cal.App.2d 756 (1959) ............................................................ 16

*All. Mortg. Co. v. Rothwell*, 10 Cal.4th 1226 (1995) ................................................ 17

*Arizona v. California*, 460 U.S. 605 (1983) ................................................................ 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................ *passim*

*Beckwith v. Dahl*, 205 Cal.App.4th 1039 (2012) ................................................. 15, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................... 4, 8, 13, 21

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*,
    162 Cal.App.4th 858 (2008) ............................................................................... 15

*Brea v. McGlashan*, 3 Cal.App.2d 454 (1934) .......................................................... 25

*Brewer v. Indymac Bank*, 609 F.Supp.2d 1104 (E.D. Cal. 2009) ............................. 16

*Cerra v. Blackstone*, 172 Cal.App.3d 604 (1985) .................................................... 20

*Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1 (1977) .................... 24

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ........................................................................... 12

*Clinton v. Hendricks & Lewis PLLC*,
    557 F. App'x 665 (9th Cir. 2014) ................................................................... 8, 10

*Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) ...................................................... 12

*Copart, Inc. v. Sparta Consulting, Inc.*,
    277 F.Supp.3d 1127 (E.D. Cal. 2017) ............................................................... 13

*Cummings v. Future Nissan*, 128 Cal. App. 4th 321 (2005),
    as modified (Apr. 8, 2005) ............................................................................. 9, 11

*Division of Labor Law Enforcement v. Transpacific Transportation Co.*,
    69 Cal.App.3d 268 (1977) .................................................................................. 19

*Duke v. Superior Court*, 18 Cal.App.5th 490 (2017) ............................................... 20

*E. J. Franks Construction, Inc. v. Sahota*,

226 Cal.App.4th 1123 (2014) ........................................................... 23

*Engalla v. Permanente Med. Grp., Inc.*,

    15 Cal.4th 951 (1997), as modified (July 30, 1997) ....................................... 13

*Food Safety Net Services v. Eco Safe Systems USA, Inc.*,

    209 Cal.App.4th 1118 (2012) ...................................................................13-14

*Goehring v. Chapman University*, 121 Cal.App.4th 353 (2004) ............................. 17

*Hall v. Dep't of Adoptions,* 47 Cal.App.3d 898 (Ct. App. 1975) ............................. 16

*In re De Laurentiis Entertainment Group, Inc.*,

    963 F.2d 1269 (9th Cir. 1992) ........................................................... 24

*In Re Samsung Galaxy Smartphone Marketing and*

    *Sales Practices Litigation*, 2020 WL 7664461

    (N.D. Cal. Dec. 24, 2020) ................................................................ 12

*Kaar v. Wells Fargo Bank, N.A.*,

    2016 WL 3068396 (N.D. Cal. Jun. 1, 2016) ...................................... 19

*Kearns v. Ford Motor Co*., 567 F.3d 1120 (9th Cir. 2009) ................................ 15, 18

*Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988 (9th Cir. 2018).................... 5, 6

*Kimberlin v. Quinlan*, 199 F.3d 496 (DC Cir. 1999) ........................................... 7

*Knox v. Dean*, 205 Cal.App.4th 417 (2012) ............................................. 18

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003) ................... 22

*Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271 (D.C. Cir. 1994) ............................. 5

*Lazar v. Superior Court*, 12 Cal.4th 631 (1996) ................................................ 12, 13

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ................................... 5

*Lee v. Hanley*, 61 Cal.4th 1225 (2015) ......................................................... 20

*Los Defensores, Inc. v. Gomez*, 223 Cal.App.4th 377 (2014) ............................ 24

*Lovejoy v. AT & T Corp.*, 92 Cal.App.4th 85 (2001) ...................................... 16

*Maglica v. Maglica*, 66 Cal.App.4th 442 (1998) ............................................ 18

*Marino v. Writers Guild of Am., E., Inc*.,

    992 F.2d 1480 (9th Cir. 1993) ........................................................... 8

v

Mem. of Points and Authorities ISO MTD for Failure to State an Offense and Subj. Matter Jx.

*Marvin v. Marvin*, 18 Cal.3d 660 (1976)..................................................18
*Misha Consulting Grp., Inc. v. Core Educ. and*
       *Consulting Solutions, Inc.*,
       2013 WL 6073362 (N.D. Cal. Nov. 15, 2013)..............................19
*Moncharsh v. Heily & Blase*, 3 Cal. 4th 1 (1992) ..................................11
*Ochs v. PacifiCare of California*, 115 Cal.App.4th 782 (2004)..............24
*Parino v. BidRack, Inc.*, 838 F.Supp.2d 900 (N.D. Cal. 2011) ........13, 14
*Patrick v. Alacer Corp.*, 167 Cal.App.4th 995 (2008)..............................17
*Richman v. Hartley*, 224 Cal.App.4th 1182 (2014)..................................19
*Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal.4th 394 (1996) ..............13
*Roy Allan Slurry Seal, Inc., v. American Asphalt South*,
       2 Cal.5th 505 (2017).....................................................................23
*RSB Vineyards, LLC v. Orsi*, 15 Cal.App.5th 1089 (2017).....................15
*S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498 (9th Cir. 1990)................7
*Slaieh v. Simons*, 584 B.R. 28 (C.D. Cal. 2018).....................................18
*Small v. Fritz Companies, Inc.*, 30 Cal.4th 167 (2003) ..........................17
*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
       551 U.S. 308, (2007) ......................................................................5
*Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)
       (cert. denied 508 U.S. 951 (1993)).................................................6
*U.S. v. Alexander*, 106 F.3d 874 (9th Cir. 1997) ....................................6
*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)..............12
*Ward v. Nat'l Entm't Collectibles Ass'n, Inc.*,
       2012 WL 12885073, (C.D. Cal. Oct. 29, 2012) ...........................16
*Westside Center Associates v. Safeway Stores 23, Inc.*,
       42 Cal.App.4th 507 (1996).............................................................23
*Youst v. Longo*, 43 Cal.3d 64 (1987) ......................................................23

**STATUTES**

Federal Arbitration Act, 9 U.S.C. §§ 1-16...................................................................2, 8

Juneteenth National Independence Day Act. Pub. L. No. 117-17 § 2,

135 Stat. 287 (2021) (codified as amended at 5 U.S.C. § 6103(a))..............................4

Muhammad Boxing Reform Ali Act, 15 U.S.C. §§ 6301-6315 ..................................1

15 U.S.C. § 6301 .........................................................................................................8

15 U.S.C § 6308 ..........................................................................................................8

15 U.S.C. § 6309(d) ..............................................................................................8, 10

28 U.S.C. § 1331 .................................................................................................4, 11

Cal. Bus. & Prof. Code § 18640 .......................................................................1, 2, 7

Cal. Civil Code § 1619..............................................................................................18

Cal. Com. Code § 9609.............................................................................................19

**REGULATIONS**

4 CCR § 220...............................................................................................................2

4 CCR § 221...............................................................................................................2

4 CCR § 222...............................................................................................................2

4 CCR § 227......................................................................................................1, 2, 7

**RULES**

Fed. R. Civ. P. 9(b) ....................................................................................5, 12, 14 ,15

Fed. R. Civ. P. 12(b)(6)......................................................................................1, 3, 5

Fed. R. Civ. P. 26(f) ..................................................................................................3

Fed. R. Evid. 201 ..................................................................................................2, 5

**OTHER**

55 Cal. Jur.3d Restitution 360-61 (1980) ................................................................24

B. Witkin, *Summary of California Law: Contracts § 91* (1987)..............................24

vii

Mem. of Points and Authorities ISO MTD for Failure to State an Offense and Subj. Matter Jx.

## STATEMENT OF THE MOTION

Defendant Ralph Heredia, through undersigned counsel and pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(6), respectfully submits this Memorandum of Points and Authorities in support of his Motion to Dismiss for failure to state an offenses on all claims brought against him in Counts I, II, III, IV, V, VI, VII, and VIII of Plaintiff's Complaint [ECF No. 3]. Heredia requests that all causes of action be dismissed.

## INTRODUCTION, FACTS, AND PROCEDURAL BACKGROUND

As a result of the Court's ruling in ECF No. 44, the law of the case in this matter holds that Mr. Ralph Heredia is not a party to the contract referenced, incorporated, and relied upon in Plaintiff's complaint. Plaintiff does not allege any separate oral contract between himself and Defendant with respect to boxing management. Therefore, any contract-based claims being raised by Plaintiff in relation to the Muhammad Boxing Reform Ali Act, 15 U.S.C. §§ 6301-6315 are not cognizable and must be dismissed.

The contract discussed in the Plaintiff's complaint requires that any dispute be arbitrated by the California State Athletic Commission (hereinafter "Commission"). 4 CCR § 227. The Commission has exclusive jurisdiction over boxing in California.[1] Plaintiff and Moses Heredia participated in this arbitration, the parties fully briefed the issues, exchanged exhibits, and examined witnesses at that arbitration. The arbitration proceedings occurred on June 10, 2021. Plaintiff raised his theory of fraud at this arbitration. Whether the Boxer-Manager Contract (hereinafter "Contract") is valid is an issue that has been raised at the arbitration and pending a

---

[1] Cal. Bus. & Prof. Code § 18640, states: "The commission has the sole direction, management, control of, and jurisdiction over all professional and amateur boxing, professional and amateur kickboxing, all forms and combinations of forms of full contact martial arts contests, including mixed martial arts, and matches or exhibitions conducted, held, or given within this state. No event shall take place without the prior approval of the commission. No person shall engage in the promotion of, or participate in, a boxing or martial arts contest, match, or exhibition without a license, and except in accordance with this chapter and the rules adopted here under."

decision by the Commission. Plaintiff is attempting to improperly relitigate or collaterally attack matters that are currently pending before the arbitration rendering their claims unripe. As such, any review of the Contract by this Court would be premature and inappropriate under the Federal Arbitration Act. 9 U.S.C. §§ 1-16.

Lastly, Plaintiff failed on several fronts to plea sufficient facts to state claims that are plausible and failed to plea with sufficient specificity for the alleged fraud.

## I.    Factual Background.

On February 23, 2017, Diaz and Moses Heredia—not Defendant—signed the Contract alleged in the complaint. Mr. Larry Ervin, from the Commission, oversaw the signing of the Contract and signed the Contract himself. *See* Complaint at ¶¶2, 44, & 45. As discussed below, Defendant respectfully requests this Court to incorporate by reference the entire Contract.

The Contract is on the pre-approved two-page form promulgated by the Commission, executed in front of the Commission's representative, and received written approval from the Commission on February 24, 2017 with a stamped contract number. *See* Exhibit 1, Boxer-Manager Contract; *see also* 4 CCR §§ 220, 221, & 222. Any dispute to this contract—including contract validity—is subject to binding arbitration in front of the Commission. *See* Exhibit 1 at ¶C.4; *see also* 4 CCR § 227. The Commission has the "sole direction, management, control of, and jurisdiction over all professional … boxing … ." Cal. Bus. & Prof. Code § 18640.

Through the keen management provided, Diaz flourished and on January 30, 2020, Diaz became the International Boxing Federation super featherweight world champion by defeating Tevin Farmer. Complaint at ¶1.

## II.   Request for Judicial Notice

As discussed below, Defendant respectfully requests this Court to take Judicial Notice pursuant to Fed. R. Evid. 201 of the following facts:

1)    Mr. Moses Heredia submitted a request for arbitration on August 20, 2020 to the Commission.

2)    On June 10, 2021, the Commission held the arbitration concerning the Contract between Plaintiff and Mr. Moses Heredia in accordance with the rules and procedures established by the Commission.

## III.   Procedural History

On December 9, 2020, Defendant filed a Notice of Motion and Motion to Dismiss for failure to state a claim. ECF No. 9. Defendant failed to follow Local Rule 7-3 and on January 5, 2021, the Honorable Judge John W. Holcomb denied Defendants motion without prejudice citing the failure to follow the local rules. *See* ECF No. 22.

Defendant Heredia's counsel conducted a meet and confer pursuant to Local Rule 7-3, on January 5, 2021 concerning the intent to re-file a motion to dismiss for failure to state a claim under Rule 12(b)(6). Counsel were unable to reach a resolution for the motion. On January 19, 2021, Defendant Heredia re-filed the motion to dismiss. ECF No. 23. On February 5, 2021, Defendant Heredia withdrew his motion to dismiss and filed a motion to compel arbitration and or stay the proceedings pending arbitration. ECF No. 25. On March 10, 2021, the Court denied with prejudice Defendant Heredia's motion to compel arbitration for counsel not following the local rules. ECF No. 33. On March 31, 2021, Defendant Heredia filed a motion for relief from judgment or order. ECF No. 40. On May 19, 2021, the Court granted Defendant Heredia's motion for relief from judgment or order and denied Defendant Heredia's motion to compel arbitration and or stay the proceedings pending arbitration. ECF No. 44.

Thereafter, the parties met and conferred on May 26, 2021 concerning Plaintiff's desire to have a Rule 26(f) conference and Defendant's intent to submit this dispositive motion. On June 2, 2021, Defendant asked if Plaintiff would consent to an extension of time. Defendant did not receive a response (until the following day), believed filing a motion for extension of time was required, and filed a motion to extend. Plaintiff opposed this motion to extend. On June 6, 2021, the Court

1  ordered the parties to a conduct a Status Conference on June 18, 2021. The

2  conference date shifted due to the passage of the Juneteenth National Independence

3  Day Act. Pub. L. No. 117-17 § 2, 135 Stat. 287 (2021) (codified as amended at 5

4  U.S.C. § 6103(a)). The conference took place on June 24, 2021.

5      After the conference, the Court issued a minute order laying out the timeline

6  for meeting and conferring and filing of this motion. ECF No. 53. At noon On June

7  28, 2021, Defendant's counsel transmitted a letter detailing the substance of

8  Defendant's anticipated motion to Plaintiff's counsel. On June 29, 2021, the parties

9  met and conferred. During this meet and confer, Defendant reminded Plaintiff, in

10  accordance with ECF No. 53, of the several exhibits disclosed at the arbitration

11  including, among other things, that tickets for the Saul "Canelo" Alvarez and

12  Gennadiy Golovkin bout where purchased by Moses Heredia. Additionally, after a

13  voluminous exchange of documents by the parties at the arbitration, Plaintiff is on

14  notice of facts he knows are not consistent with what is in his complaint. Defendant

15  asked if Plaintiff would be amending his complaint. Plaintiff's counsel declined to

16  amend the complaint and stated that the provided receipt has not been authenticated.

17  Plaintiff could easily have checked with Golden Boy Promotions to see that the

18  receipt is authentic but apparently did not bother doing so. As such, Defendant now

19  timely files this instant motion.

20                    **LEGAL STANDARD**

21  **I.    Legal Standard for a Motion to Dismiss**

22      "To survive a motion to dismiss, a complaint must contain sufficient factual

23  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

24  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

25  U.S. 544, 570 (2007)). Federal courts must also have subject matter jurisdiction for

26  cases involving federal question jurisdiction. *See* 28 U.S.C. § 1331. To be sure, the

27  facts alleged need not be "detailed." *Twombly*, 550 U.S. at 555. But they must allow

28  "the court to draw the reasonable inference that the defendant is liable for the

1   misconduct alleged[.]" *Id*. Where a pleading offers only "labels and conclusions" or
2   "a formulaic recitation of the elements of a cause of action," the pleading "will not
3   do." *Id*. And while a court assumes the truth of the factual allegations, it does not
4   assume the truth of legal conclusions or accept inferences that a plaintiff draws. *See*
5   *Iqbal*, 556 U.S. at 678; *Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C.
6   Cir. 1994). Further, complaints involving fraud must be plead with particularity.
7   Fed. R. Civ. P. 9(b).

8   **II.   Legal Standard for Incorporation by Reference and Judicial Notice**

9        "Generally, district courts may not consider material outside the pleadings
10  when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal
11  Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998
12  (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.
13  2001)). There are two exceptions to this general rule: the incorporation-by-reference
14  rule and judicial notice under Fed. R. Evid. 201.

15       The incorporation-by-reference rule allows documents incorporated into the
16  complaint by reference to be examined by the court. *Id*. (citing *Tellabs, Inc. v.*
17  *Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)). Here, Plaintiff incorporated
18  portions of the Contract into his Complaint. *See* Pl. Compl. ¶ 44. As such, Defendant
19  Heredia respectfully requests this Court review the entire Contract for this motion.
20  *See* Exhibit 1. Plaintiff incorporated portions of the Promotion Agreement Term
21  Sheet into his Complaint. *See* Pl. Compl. ¶ 46. As such, Defendant Heredia
22  respectfully requests this Court review the entire Promotion Agreement Term Sheet
23  for this motion. *See* Exhibit 2.

24       Judicial notice under Fed. R. Evid. 201 "permits a court to notice an
25  adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999
26  (citing Fed. R. Evid. 201). "A fact is 'not subject to reasonable dispute' if it is
27  'generally known,' or 'can be accurately and readily determined from sources whose
28  accuracy cannot reasonably be questioned.'" *Id*. Here, the request for the arbitration
    and the actual arbitration with the Commission is generally known to all relevant

parties to this case. Plaintiff has mentioned in its pleadings to this Court that it is aware of the arbitration and has and will participate in that arbitration. *See* ECF No. 28 4:11-22, 9:21-27. The Court denied Defendant's motion on whether this case should be stayed pending this arbitration. *See* ECF No. 44. Plaintiff participated in this arbitration on June 10, 2021. As such, Defendant Heredia respectfully requests this Court to take judicial notice of the request for arbitration and the fact that Plaintiff, his counsel, and Defendant (who was specifically requested by Plaintiff), Moses Heredia, and Defendant's counsel participated in the arbitration. Defendant Heredia understands that if judicial notice is taken, it "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Defendant Heredia's purpose behind the request for judicial notice is for the court to understand that many—*if not all*—of the claims made in Plaintiff's complaint are currently subject to a binding arbitration decision from the Commission.

## ARGUMENT

This Court should grant Defendant Ralph Heredia's motion to dismiss for the following reasons:

I.   **There is no Federal Question Jurisdiction as Plaintiff's Sixth Cause of Action Concerns: A) Contract Between Plaintiff and Moses Heredia, B) is Subject to the Exclusive Jurisdiction of the Commission and Binding Arbitration, and C) Fails to State an Offense of the Muhammad Ali Boxing Reform Act ("Ali Act")**

   A.   **Plaintiff's Allegation Concerning the Boxer-Manager Contract Concerns Moses Heredia and not Defendant Ralph Heredia.**

Defendant Heredia is not a party to the Contract. *See* Exhibit 1. The Court has already ruled that Ralph Heredia is not a party to the Contract. *See* ECF No. 44. "Under the 'law of the case doctrine,' 'a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the identical case … .'" *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)

6

(citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (cert. denied 508 U.S. 951 (1993)) and *Arizona v. California*, 460 U.S. 605, 618 (1983)); *see also Kimberlin v. Quinlan*, 199 F.3d 496, 500 (DC Cir. 1999) (internal citations, emphasis and quotations omitted) ("The law-of-the-case doctrine rests on a simple premise: "the same issue presented a second time in the same case in the same court should lead to the same result.") Plaintiff did not allege an oral contract regarding boxing management between Plaintiff and Ralph Heredia. Plaintiff knows how to do so as he alleged an implied-in-fact contract with respect to his third cause of action. As such, there is no management contract between Plaintiff and Defendant. Plaintiff cannot claim a contract issue with a non-party of the contract. Any claims that arise from the Contract are not proper and must be dismissed.

**B.    The Boxer-Manager Contract is Under the Exclusive Jurisdiction of the California State Athletic Commission and Pending Decision from the Arbitration rendering Plaintiff's Complaint Unripe and Any Attack on the Arbitration Improper at this Stage.**

The Contract referenced, incorporated, and relied upon by Plaintiff is under the exclusive jurisdiction of the Commission. Cal. Bus. & Prof. Code 18640. The Contract mandates that disputes be arbitrated. *See* Exhibit 1 at C.4; 4 CCR §227. This matter, including contract validity, was arbitrated on June 10, 2021 by the Commission and is currently pending a decision. Plaintiff's contract-based claims are premature and unripe for this Court to review. *Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1184 (9th Cir. 2010) (holding that a final decision from the arbitrator is required for a claim to be ripe). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *S. Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990).

Plaintiff is attempting to collaterally attack the arbitration procedure by enlisting this Court to review the underlying contract-based claims. "As the district court properly concluded, the arbitration award 'necessarily presumed the validity

1    and enforceability' of the [contract]—an agreement that Clinton may not now

2    collaterally attack." *Clinton v. Hendricks & Lewis PLLC*, 557 F. App'x 665, 668 (9th

3    Cir. 2014). *Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1484 (9th Cir.

4    1993). ("[I]t is well settled that a party may not sit idle through an arbitration

5    procedure and then collaterally attack that procedure … .") The appropriate

6    procedure is to seek vacatur or other relief pursuant to the Federal Arbitration Act. 9

7    U.S.C. §§ 1-16. As such, any contract-based claims must be dismissed.

8           **C.    Plaintiff failed to allege a Violation of the Ali Act.**

9           Furthermore, the contract-based claims fail to meet the requirements to state a

10   cause of action under the Ali Act. 15 U.S.C § 6308 makes it unlawful for "a

11   manager—(i) to have a direct or indirect financial interest in the promotion of a

12   boxer;" or "(ii) to be employed by or receive compensation or other benefits from a

13   promoter, except for amounts received as consideration under the manager's contract

14   with the boxer." Manager for the purpose of the Ali Act means: "a person who

15   receives compensation for service as an agent or representative of a boxer." 15

16   U.S.C. § 6301(5). If such actions were to occur, then federal law provides a private

17   right of action to the individual boxer so long as the individual "suffers economic

18   injury." 15 U.S.C. § 6309(d). As such, any violation of the Ali Act must be done by

19   a manager as defined by the statute and cause an economic injury. Plaintiff's cause

20   of action fails on both portions of the statute.

21          1.    <u>*Plaintiff failed to allege—nor can he allege—that Defendant has a direct*</u>

22                <u>*or indirect financial interest in Golden Boy Promotions*</u>

23          Plaintiff failed to allege beyond conjecture and conclusion that Defendant

24   received compensation for management services provided to Plaintiff. *Twombly*, 550

25   U.S. at 555. The Contract delineates that Moses Heredia—not Ralph Heredia—

26   receives the funds from any bouts. In Plaintiff's complaint, he even concedes this

27   point: "As a boxing manager, Heredia's compensation is a percentage of the money

28   the boxer (Diaz) earns, which amount is supposed to be fixed by contract, and which

8

Mem. of Points and Authorities ISO MTD for Failure to State an Offense and Subj. Matter Jx

1  contract must be approved by the [] Commission." And "Practically speaking,

2  Heredia stole *whatever portion* he received of the 18% manager's fee from Diaz.

3  Heredia was not a party to the Current Agreement." Pl. Compl. at ¶2 and 51

4  (emphasis added). There is a contract. The contract was approved by the

5  Commission. Moses and not Defendant is Plaintiff's manager who received the

6  compensation pursuant to the terms of the agreement. Plaintiff's pleading of

7  "whatever portion" is insufficient to show that Defendant received compensation

8  when the terms of the Contract are clear.

9         Plaintiff's attempt to blur the lines with a tortured analysis concerning some

10  incomprehensible fraudulent scheme also does not somehow convert Defendant into

11  a manager for the purposes of the Ali Act and certainly does not show any direct or

12  indirect benefit from Golden Boy received by Defendant. Defendant notes that while

13  a court assumes the truth of the factual allegations, it not required to tumble down

14  the rabbit hole of Plaintiff's spun yarn concluding that Moses Heredia was only a

15  "paper" manager. *See Iqbal*, 556 U.S. at 678; Pl. Compl. at ¶4, 37. Indeed, Plaintiff

16  participated in the arbitration proceedings and thereby conceded that the Contract is

17  valid, and Moses is a proper manager. *Cummings v. Future Nissan*, 128 Cal. App.

18  4th 321, 328–29 (2005), as modified (Apr. 8, 2005) ("Those who are aware of a

19  basis for finding the arbitration process invalid must raise it at the outset or as soon

20  as they learn of it so that prompt judicial resolution may take place before wasting

21  the time of the adjudicator(s) and the parties."); *Clinton*, 557 Fed.App'x at 668.

22         2. *Plaintiff failed to allege that Defendant is Employed by or Received*

23         *Compensation or Other Benefits from Golden Boy Promotions.*

24         Plaintiff failed to allege that Defendant Heredia is employed by Golden Boy

25  Promotions—because is not. Plaintiff failed to allege that Defendant Heredia

26  received compensation from Golden Boy Promotions—because he hasn't. Plaintiff

27  alleges that Defendant "wanted" tickets to a particular fight. Pl. Compl. at ¶56, 100.

28  Plaintiff failed to allege how Defendant's desire for these tickets constitutes an

9

economic benefit to Plaintiff. Plaintiff failed to alleged any facts that these tickets were the property of Plaintiff, failed to allege how Defendant received these tickets, and failed to allege beyond conclusory statements that Plaintiff received an "economic injury" as required by the Ali Act. 15 U.S.C. § 6309(d). Plaintiff failed to allege beyond any conclusory terms that the alleged tickets received caused harm to Plaintiff. Specifically, Plaintiff failed to allege that he did not receive certain monies owed to him or that he was unable to secure a particular bout because of Defendant's alleged "want" for tickets.

With respect to other benefits alleged by Plaintiff, he similarly fails to state an offense. Plaintiff states that Defendant "received benefits from Golden Boy that were for his own benefit and not for Diaz's benefit, as alleged in this Complaint." Pl. Compl. at ¶ 100. However, a scouring review of the Complaint does not list any "benefits" received other than the allegation concerning tickets. *See* Pl. Compl. at ¶ 5, 39, 47, 55, 56. Plaintiff's complaint recognizes that the tickets were at the discretion of the promoter to distribute. Plaintiff does not provide any evidence of a right to tickets or legal entitlement to certain types of tickets or seat access.

Plaintiff summarily states that "Diaz *would* have earned more money and/or benefits," Pl. Compl. at ¶ 101 (emphasis added), yet fails to specify the amount of money, what specific benefits he would have received, or that he would have been entitled to, or eligible to receive, such money or benefits. Indeed, Plaintiff had a detailed Promotion Agreement Term Sheet between him and Golden Boy that was entire separate from any dealings with Plaintiff and Moses Heredia. *See* Pl. Compl at ¶46. This contract controlled any additional money or benefits. See Exhibit 2. This contract was not and could not be altered by Defendant Heredia. As such, Plaintiff's Sixth Cause of Action must be dismissed.

As this is the only cause of action that supports Federal Question Jurisdiction. 28 U.S.C. § 1331; *See also* ECF No. 1. This Court must cease exercising jurisdiction in this case and dismiss it for lack of jurisdiction. Defendant originally removed this

1    action, however, upon further investigation, development of facts, and research, now

2    believes Plaintiff has failed to state an offense under the Ali Act.

3    **II.      Plaintiff's Theory of Fraud does not State an Offense.**

4            Plaintiff's theory of fraud is based on their own unsupported conclusion that

5    somehow Moses Heredia is just a so-called "paper" manager. See Pl. Compl. at ¶4,

6    37. There is no support for this alleged fiction. Plaintiff has stated in pleadings he

7    will participate in the arbitration (ECF No. 28), participated in the arbitration

8    between Moses Heredia and the Commission, and did not attack the validity of the

9    arbitration proceedings prior to the arbitration. *Cummings,* 128 Cal. App. 4th at 328–

10   29. ("Those who are aware of a basis for finding the arbitration process invalid must

11   raise it at the outset or as soon as they learn of it so that prompt judicial resolution

12   may take place before wasting the time of the adjudicator(s) and the parties.") A

13   contract that is a product of fraud would also render the arbitration provision invalid.

14   *Id.* at 328. ("*Moncharsh* held that if a party believes the entire contractual agreement

15   or a provision for arbitration is illegal, it must oppose arbitration on this basis before

16   participating in the process or forfeit the claim.") (citing *Moncharsh v. Heily &*

17   *Blase*, 3 Cal. 4th 1, 31 (1992)). Plaintiff participated in the arbitration and thus

18   vitiated his own Complaint that Moses Heredia was just a "paper" manager. As

19   such, this is a valid contract. Even if, *assuming arguendo*, that Plaintiff's cause of

20   action survives this analysis. There is still no stated cause of action for several

21   additional reasons list below.

22       **A.      Plaintiff Failed to Plead Sufficient Allegations Under Any Theory**

23   **or Subset of Fraud to Establish a Prima Facie Case and Fails to**

24   **Plead Damages.**

25           Plaintiff's first cause of action must be dismissed because it fails to allege a

26   *prima facie* case of fraud under California law. Fraud must be pleaded with

27   particularity. Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

28   1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that

1  Rule 9(b)'s particularity requirement applies to state-law causes of action."). "To

2  satisfy Rule 9(b), a plaintiff "must set forth *more* than the neutral facts necessary to

3  identify the transaction." *In Re Samsung Galaxy Smartphone Marketing and Sales*

4  *Practices Litigation*, 2020 WL 7664461, at *3 (N.D. Cal. Dec. 24, 2020) (citing

5  *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original)).

6      "Averments of fraud must be accompanied by 'the who, what, when, where,

7  and how' of the misconduct charged." *Id.* (citing *Cooper,* 137 F.3d at 627); *see also*

8  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir.

9  2011) ("[A] pleading must identify the who, what, when, where, and how of the

10  misconduct charged, as well as what is false or misleading about the purportedly

11  fraudulent statement."). The elements of fraud in California are: "(a)

12  misrepresentation (false representation, concealment, or nondisclosure); (b)

13  knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d)

14  justifiable reliance; and (e) resulting damage." *See e.g.*, *Lazar v. Superior Court*, 12

15  Cal.4th 631, 638 (1996). California law contains several varieties of fraud. Plaintiff

16  failed to plead with particularity the type of fraud he is alleging. Here, Plaintiff

17  received the benefit of his bargain with Moses Heredia. Plaintiff received

18  management services, a promotion contract negotiated by Moses, and became a

19  world champion. That certainly does not sound like an intent to defraud. It is

20  illogical and a legal impossibility that Ralph Heredia, the individual who is not a

21  contracted party could have the requisite intent to defraud Plaintiff. This is even

22  more illogical when it is plain on the face of Plaintiff's complaint that Plaintiff

23  became a World Champion.

24      **B. Plaintiff Failed to Plead with Particularity a Fraudulent Inducement**

25          **Theory of Fraud.**

26      The requisite level of detail is simply missing from Plaintiff's Complaint.

27  Plaintiff alleges in his Complaint [ECF No. 3 at ¶63] that Defendant Heredia

28  allegedly "induce[d]" Plaintiff into contract. Plaintiff suggests Defendant was under

a legal duty to disclose a prior conviction even though, he must know, no such legal duty exists. [ECF No. 3 at ¶62]. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that claims need to rise "above the speculative level.")

"Fraud in the inducement is a subset of fraud." *Parino v. BidRack, Inc*., 838 F.Supp.2d 900, 906 (N.D. Cal. 2011). "A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." *Lazar*, 12 Cal.4th at 638. (citations omitted). "Promissory fraud or fraud in the inducement, a subspecies of fraud and deceit, has the same elements [as fraud] but also requires that the 'defendant fraudulently induce[d] the plaintiff to enter into a contract.'" *Copart, Inc. v. Sparta Consulting, Inc.,* 277 F.Supp.3d 1127, 1148 (E.D. Cal. 2017) quoting *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal.4th 951, 973-974 (1997), as modified (July 30, 1997). As stated above, the promise Moses made to Plaintiff to manage him was upheld. Assuming arguendo, that Ralph managed Plaintiff, there is still no "promise … made without … intention." *Lazar*, 12 Cal.4th at 638.

"Fraud in the inducement … occurs when the promisor knows what he is signing but his consent is *induced* by fraud." *Rosenthal v. Great W. Fin. Sec. Corp*., 14 Cal.4th 394, 415 (1996) (internal citations omitted) (emphasis in the original). "To establish a claim of fraudulent inducement, one must show that the defendant did not intend to honor its contractual promises when they were made." *Food Safety Net Services v. Eco Safe Systems USA, Inc.*, 209 Cal.App.4th 1118, 1131 (2012). "To plead a claim for fraud in the inducement, Plaintiffs' allegations must be sufficiently detailed to meet the heightened Rule 9(b) pleading standard for fraud."

*Parino*, 838 F.Supp.2d at 906.

Plaintiff failed to plead that Defendant Heredia did not intend to honor his contractual promises. Plaintiff stated in his complaint that the 2017 contract was between Plaintiff and Moses Heredia—who is not a defendant in this case. [ECF No. 3 at ¶¶ 4, 36-37, 40, 44-47, 58, 62] This Court also recognized that Defendant Heredia is not a party to the Boxer-Manager contract. [ECF No. 44 9:10-11].

As such, there is no management contract between Plaintiff and Defendant Heredia. Therefore, Defendant Heredia did not induce Plaintiff nor could have Defendant Heredia induced Plaintiff. Assuming, *arguendo,* that Defendant Heredia set up some sort of scheme to "use" his half-brother, Moses Heredia, a duly-licensed boxing manager per the Complaint, there is still no fraud as the Plaintiff received everything he bargained for to include becoming a World Champion boxer under the management of Moses Heredia. Clearly, helping a boxer achieve the pinnacle of success does not show that at the time of contract formation Defendant Heredia did not intend to honor his promises, contractual or otherwise. Thus, Plaintiff failed to plead that Defendant Heredia did not intend to honor his contractual promises.

Further, there are no damages. Plaintiff's Complaint fails to offer even a hint as to how he would have been able to earn more money or would have been better able to advance his career, had he been aware of the prior conviction. [ECF No. 3 at ¶¶ 41-42, 101]. Instead, Plaintiff alleges, wholly conclusory, that he would have earned more or done better had he known one thing more about Defendant's history. These speculative and conclusory allegations fail to survive the scrutiny of plausibility. As such, any cause of action for fraud in the inducement must be dismissed.

### C. Plaintiff Failed to Plead with Particularity a Nondisclosure Theory of Fraud.

Plaintiff alleges in his Complaint at ¶63-64 that Defendant Heredia "intentionally concealed and/or failed to disclose" facts to the Plaintiff.

Mem. of Points and Authorities ISO MTD for Failure to State an Offense and Subj. Matter Jx

1   Nondisclosure is a claim for misrepresentation in a cause of action for fraud. *Kearns*
2   *v. Ford Motor Co*., 567 F.3d 1120, 1127 (9th Cir. 2009). "[A] cause of action for
3   misrepresentation requires an affirmative statement, not an implied assertion." *RSB*
4   *Vineyards, LLC v. Orsi*, 15 Cal.App.5th 1089, 1102 (2017). "[T]here are two
5   causation elements in a fraud cause of action. First, the plaintiff's actual and
6   justifiable reliance on the defendant's misrepresentation must have caused him to
7   take a detrimental course of action. Second, the detrimental action taken by the
8   plaintiff must have caused his alleged damage. *Beckwith v. Dahl*, 205 Cal.App.4th
9   1039, 1062 (2012). A nondisclosure must be pleaded with particularity under Rule
10  9(b). *Kearns*, 567 F.3d at 1127.

11          Plaintiff pleads that the nondisclosure in this case concerns various alleged
12  concealments. Complaint ¶62. Plaintiff fails to allege when these alleged
13  misrepresentations or nondisclosures occurred, where they occurred, and to whom
14  they occurred. Plaintiff additionally fails to allege any justifiable reliance or that any
15  said reliance caused Diaz to take a detrimental course of action. To the contrary, it
16  was under the Moses Heredia's management that Diaz flourished and became a
17  World Champion. Further, Plaintiff contracted with Moses Heredia – not Defendant
18  Heredia. As such, any cause of action for fraud based on nondisclosure or
19  misrepresentation must be dismissed.

20          **D. Plaintiff Failed to Plead with Particularity a Concealment Theory of**
21          **Fraud.**

22          Plaintiff also alleges that Defendant Heredia concealed certain facts from
23  Plaintiff. "Concealment is a species of fraud or deceit." *Blickman Turkus, LP v. MF*
24  *Downtown Sunnyvale, LLC*, 162 Cal.App.4th 858, 868 (2008). "The following
25  elements must be proven to establish a fraud by concealment claim: 1) the defendant
26  concealed or suppressed a material fact, 2) the defendant was under a duty to
27  disclose the fact to the plaintiff, 3) the defendant intentionally concealed or
28  suppressed the fact with the intent to defraud the plaintiff, 4) the plaintiff was

unaware of the fact and would not have acted as he did had he known of the concealed or suppressed fact, and 5) the plaintiff sustained damages as a result of the concealment or suppression of the fact." *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1120–21 (E.D. Cal. 2009) citing *Lovejoy v. AT & T Corp*., 92 Cal.App.4th 85, 96 (2001). Plaintiff fails to allege with particularity why the facts allegedly concealed are material. Complaint at ¶62. Plaintiff fails to allege that Heredia was under any duty to disclose the allegedly concealed facts to Plaintiff. Plaintiff fails to allege Heredia intentionally concealed any fact with the requisite intent to defraud. Plaintiff does not plead with particularity the harm caused by the alleged concealment. As such, any cause of action for fraud based on concealment must be dismissed.

### E. Plaintiff Failed to Adequately Plead Damages and Failed to Plead Damages Resulted from any type of Fraud.

Plaintiff alleges in his Complaint at ¶67 that Plaintiff "has suffered damages in an amount to be proved at trial." Plaintiff failed to allege and cannot allege any damages here. "It is the rule that fraud without damages is not actionable." *Agnew v. Parks*, 172 Cal.App.2d 756, 768 (1959). Moses Heredia managed the Plaintiff to become a world champion boxer. While damages are not required to be pled with particularity, they must in fact be pled. *Ward v. Nat'l Entm't Collectibles Ass'n, Inc*., 2012 WL 12885073, at *6 (C.D. Cal. Oct. 29, 2012) (internal citations omitted). A bald assertion of harm is not enough to sustain a *prima facie* case. "Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically)." *Hall v. Dep't of Adoptions,* 47 Cal.App.3d 898, 904 (Ct. App. 1975). Further, California recognizes two measurements of damages in fraud claims: "out-of-pocket" and "benefit-of-the-bargain." *All. Mortg. Co. v. Rothwell*, 10 Cal.4th 1226, 1240 (1995).

Neither of these measurements of damages is pleaded. Plaintiff did not pay anything; therefore, he was not out of pocket for his management services nor was

1  this alleged. Plaintiff received the benefit of his bargain and became a World

2  Champion boxer with a lucrative promotion agreement.

3        Plaintiff's Complaint does not state what Plaintiff believed he was going to

4  receive and did not in fact receive. "In an action for common law fraud, damage is

5  an essential element of the cause of action. Misrepresentation, even maliciously

6  committed, does not support a cause of action unless the plaintiff suffered

7  consequential damages." *Patrick v. Alacer Corp.*, 167 Cal.App.4th 995, 1016–1017

8  (2008) (internal citations and brackets omitted). "If the existence—and not the

9  amount—of damages alleged in a fraud pleading is 'too remote, speculative or

10 uncertain,' then the pleading cannot state a claim for relief." *Small v. Fritz*

11 *Companies, Inc*., 30 Cal.4th 167, 202 (2003). "At the pleading stage, the complaint

12 'must show a cause and effect relationship between the fraud and damages sought;

13 otherwise no cause of action is stated." *Id.* "It is not enough for the complaint to

14 allege damage was suffered. The fraud plaintiff must also allege his damages were

15 caused by the actions he took in reliance on the defendant's misrepresentations."

16 *Beckwith*, 205 Cal.App.4th at 1064, citing *Goehring v. Chapman University*, 121

17 Cal.App.4th 353, 364–365 (2004). There are not out of pocket damages as Plaintiff

18 cannot point to any actual loss. Further, Plaintiff received everything he was

19 supposed to get as part of the benefit of the bargain. As such, any cause of action for

20 fraud or any subset of fraud must be dismissed.

21 **III.    Ralph Heredia, not a party to the Boxer Manager Contract, does not have**

22 **a Fiduciary Duty and Thus the Second Cause of Action must be**

23 **Dismissed.**

24       The elements of a cause of action for breach of fiduciary duty are the

25 existence of a fiduciary duty, breach of that duty, and damage proximately caused by

26 that breach. *Knox v. Dean*, 205 Cal.App.4th 417, 432-433 (2012); *see also Slaieh v.*

27 *Simons*, 584 B.R. 28, 41 (C.D. Cal. 2018). Here, Plaintiff fails to plead anything

28 beyond conclusory terms, fails to plead damages beyond stating they will be proved

at trial, and fails to plead how any alleged damages were proximately caused by an alleged breach of fiduciary duty. To the extent that Plaintiff's allegations are based on claims of fraud, they have not been pled with sufficient particularity as required. *See Kearns*, 567 F.3d at 1126. Moreover, Plaintiff signed his contract with Moses Heredia—not Defendant Heredia. As such, the allegations of a breach of a fiduciary duty are directed at the wrong individual, and this cause of action must be dismissed. This concept of "paper" versus "true" or "de facto" manager is simply meaningless artificial legally conclusive labels wholly dreamed up by Plaintiff. This court is under no requirement to accept this labeling. *Iqbal*, 556 U.S. at 678.

**IV.    Plaintiff Failed to Allege Sufficient Facts Concerning an Alleged Implied-In-Fact Contract and Thus the Third Cause of Action must be Dismissed.**

A contract may be express or implied. Cal. Civil Code § 1619. "[A]n implied-in-fact contract entails an actual contract, but one manifested in conduct rather than expressed in words." *Maglica v. Maglica*, 66 Cal.App.4th 442, 455 (1998). "If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one." *Marvin v. Marvin*, 18 Cal.3d 660, 678, fn. 16 (1976) (internal citation omitted).

Here, Plaintiff states that there was an agreement to loan the vehicle. Complaint at ¶76. This verbal agreement is not conduct based and hence the contract is an express contract. Plaintiff mislabeled this cause of action as a breach of an implied-in-fact contract.

Breach of contract, express or implied, requires the same elements to be pleaded. *See Division of Labor Law Enforcement v. Transpacific Transportation Co.*, 69 Cal.App.3d 268, 275 (1977) ("As to the basic elements, there is no difference between an express and implied contract."). "To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the

plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the plaintiff." *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014). "To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant." *Kaar v. Wells Fargo Bank, N.A.*, 2016 WL 3068396, at *1 (N.D. Cal. Jun. 1, 2016). This requires the plaintiff to "identify with specificity the contractual obligations allegedly breached by the defendant." *Misha Consulting Grp., Inc. v. Core Educ. and Consulting Solutions, Inc.*, 2013 WL 6073362, at *1 (N.D. Cal. Nov. 15, 2013).

Plaintiff alleges that the contract was a loan contract, wherein Heredia would purchase the car and presumably hold title and then provide the car to Plaintiff while Plaintiff paid Defendant Heredia for the car in agreed upon increments. Plaintiff then alleges that Defendant Heredia breached the implied-in-fact contract by taking possession of the car, by not returning Plaintiff's payment of $25,000.00 and by not compensating Plaintiff for the $4000.00 in modifications to the car and the alleged $300.00 left in the car. Complaint at ¶¶76-79. Plaintiff, however, does not provide any fact revealing the content of the terms of the alleged contract. In other words, Plaintiff has identified acts which the Plaintiff believes to constitute breach without identifying: (1) what Plaintiff's own duties under the contract were [such as terms of the repayment obligation, requirement to keep insurance on the vehicle] and (2) what obligations were placed on Defendant Heredia. Moreover, it is unclear on what grounds Defendant Heredia's action in repossessing his own car constitutes breach, especially because repossession for failure to pay is permitted under California law. Cal. Com. Code § 9609. Nor does Plaintiff state that Defendant Heredia was prohibited from repossessing the vehicle when Plaintiff defaulted on the loan agreement.

As such, this court should dismiss Plaintiff's cause of action predicated on breach of an implied-in-fact contract, because Plaintiff has not provided sufficient

Mem. of Points and Authorities ISO MTD for Failure to State an Offense and Subj. Matter Jx

1  fact to support the plausible existence or breach of an implied-in-fact contract.

2  **V.      Plaintiff Failed to Allege Sufficient Facts Concerning an Alleged**

3         **Conversion and Thus the Fourth Cause of Action must be Dismissed.**

4         To sustain a conversion cause of action under California law, a plaintiff must

5  demonstrate that (1) plaintiff had a right to possess an item of personal property; (2)

6  that defendant substantially interfered with plaintiff's property right; (3) that plaintiff

7  did not consent; (4) that plaintiff suffered harm; and (5) that defendant's conduct

8  was a substantial factor in causing plaintiff's harm. *See Duke v. Superior Court*, 18

9  Cal.App.5th 490, 508 (2017); *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015); *Cerra v.*

10 *Blackstone*, 172 Cal.App.3d 604, 609 (1985) ("The first element of that cause of

11 action is his ownership or right to possession of the property at the time of the

12 conversion.").

13        Plaintiff offers a formulaic restatement of the elements underlying a

14 conversion cause of action and concludes that Defendant Heredia acted in violation

15 of each element. Plaintiff, however, fails to present a factual basis in support of the

16 fundamental element of ownership. *See Cerra*, 172 Cal.App.3d at 609.

17        Plaintiff asserts that he owned or was entitled to possess the tickets for other

18 matches, the 18% manager's fee and the $29,300.00 in connection to the vehicle.

19 Plaintiff, however, does not allude to any factual basis in support of his alleged right

20 to possess or own the aforementioned items.

21        Plaintiff's contractual agreement with Moses Heredia explicitly reserves an

22 18% fee to the manager as payment, meaning that Plaintiff has no entitlement,

23 contractual or otherwise, to the amount contained in the 18% fee. Moreover,

24 contrary to the position stated above, Plaintiff's complaint recognizes that the tickets

25 were at the discretion of the promoter to distribute. Plaintiff does not provide any

26 evidence of a right to tickets and as such his claim of legal entitlement to certain

27 types of tickets or seat access. In addition, Plaintiff states that he has a contractual

28 right to the $29,300.00 in connection to the alleged repossession of the vehicle.

Plaintiff fails to demonstrate that such a contract existed, and similarly fails to provide what general terms of the alleged contract may be. As such, Plaintiff cannot indicate which general terms of the alleged implied-in-fact loan contract compelled such a contractual right to the return of the $25,000.00 in payments, the $4,000.00 that Plaintiff put into in modifying the car, or ownership of the car. Merely claiming the existence of a contract without providing an indication of the contract's contents is simply a naked conclusion without any factual support. This is exactly the sort of naked conclusion that is well suited for dismissal. *See Twombly*, 550 U.S. 544 (2007). Nor does plaintiff provide any factual support to buttress his claim for the $300.00 which Plaintiff claims he left in the car. In summation, Plaintiff fails to demonstrate that he owns the items on which he bases his conversion claim.

Plaintiff also alleges that 2% of his earnings were converted because Heredia used the 2% to pay for legal services. Once again, Defendant Heredia did not receive this, rather, Moses Heredia received any and all portions of the management fee per the contract. Plaintiff's allegation that Defendant received any monies is completely unsupported by fact. Plaintiff therefore fails to put forward a plausible argument that is more than just labels and conclusions with respect to his allegations concerning the 2%. Thus, Plaintiff fails to put forward any facts in support of his conversion cause of action regarding the management fees, tickets, and vehicle. As such, plaintiff's cause of action concerning conversion should be dismissed.

## VI.   Plaintiff Failed to Allege Sufficient Facts Concerning an Alleged Tortious Interference with Prospective Economic Advantage and Thus the Fifth Cause of Action must be Dismissed.

Plaintiff's complaint must be dismissed because it fails to allege a *prima facie* case of tortious interference with prospective economic advantage under California law. To establish this claim, a plaintiff must show that: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3)

intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003). Because Plaintiff fails to state adequate facts satisfying the first and third elements, the complaint must be dismissed.

### A. Plaintiff Failed to Allege Wrongful Conduct by Heredia in Sufficient Detail to Support His Claim.

A claim for tortious interference of prospective economic advantage requires showing of intentional acts on the part of the defendant designed to disrupt the relationship. *Id*. Plaintiff alleges that Heredia has engaged in intentional and wrongful conduct designed to interfere with the relationship between Plaintiff and the Golden Boy. Complaint, ¶ 92. However, there are not sufficient facts in the Complaint to support such allegations. Instead, the Complaint consists merely of repetitive statements that defendant "did not vigorously negotiate with Golden Boy" so that he "can squeeze more out of Golden Boy for himself and his other clients" and Heredia failed to "adequately protect or advance" Plaintiff's interests. Complaint, ¶¶ 41, 42, 92. These conclusory allegations, without any factual support, should not be accepted by this Court. *See Iqbal*, 556 U.S. at 678 (noting that while a court assumes the truth of the factual allegations, it does not assume the truth of legal conclusions or accept inferences that a plaintiff draws.) Because Plaintiff fails to point to specific wrongful conduct by defendant, the claim does not rise "above the speculative level" and should be dismissed.

### B. Plaintiff Failed to Allege Interference with Probable Expectancies.

Additionally, to prove the tort of intentional interference with prospective economic advantage, a plaintiff must establish the probability of future economic benefits. *See Roy Allan Slurry Seal, Inc., v. American Asphalt South*, 2 Cal.5th 505, 509 (2017). In other words, a plaintiff must prove that "it is reasonably probable the plaintiff would have received the expected benefit had it not been for the defendant's

interference." *See Westside Center Associates v. Safeway Stores 23, Inc.*, 42 Cal.App.4th 507, 523 (1996). If, however, the probability of economic benefit is too speculative, a court will find the claim insufficient. *See Youst v. Longo*, 43 Cal.3d 64, 77 (1987) (holding that the loss of chance to win a sporting contest is too speculative to support a tortious interference claim.) Notably, the *Youst* court ruled that the plaintiff failed to properly state a claim because "the complaint only alleged in conclusory terms that defendant's wrongful interference resulted in a lost opportunity to finish higher in the money." *Id.*

Here, like in *Youst*, Plaintiff's expectancy of prospective economic advantage is speculative in nature. Plaintiff alleges that Heredia wrongfully disrupted his economic relationship with Golden Boy because, but for defendant's interference, he would have fought better matches, build his pedigree faster advancing his career, and ultimately obtain greater purses. (Complaint at ¶¶91, 93.) This causal sequence is unduly attenuated and speculative. Plaintiff failed to specify any bout he would have fought but for the alleged actions of Defendant. Because Plaintiff fails to meet the requirement of showing reasonable expectancy of future benefits, the claim must be dismissed.

In conclusion, because Plaintiff fails to state adequate facts satisfying the first element and the third element, the claim of tortious interference with prospective economic advantage must be dismissed.

## VII.   Plaintiff Failed to Allege Sufficient Facts Concerning Quantum Meruit and Thus the Seventh Cause of Action must be Dismissed.

Quantum meruit is a Latin phrase that means "as much as deserved." It is used when there is no contract or agreement in place. *See E. J. Franks Construction, Inc. v. Sahota*, 226 Cal.App.4th 1123, 1127–1128 (2014). "To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended

23

to and did benefit the defendant." *Ochs v. PacifiCare of California*, 115 Cal.App.4th 782, 794 (2004). It is an "equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the *reasonable value* of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (emphasis added) (citing B. Witkin, *Summary of California Law: Contracts § 91* (1987); 55 Cal. Jur.3d Restitution 360-61 (1980)). "The whole point of quantum meruit recovery is compensate plaintiffs who have provided a benefit to defendants but who do *not* have a contract—expressed or implied—with those defendants." *Id.* at 1272 (emphasis in original).

This cause of action fails on two points. First, there was a contract for the boxing management, with Moses Heredia and not Defendant Heredia, and allegedly for the car. Second, Plaintiff has not alleged that he has not been compensated a "reasonable value" for his "services rendered." Indeed, his compensation was determined by the Promotion Agreement Term Sheet. As such, this cause of action should be dismissed.

## VIII.  Plaintiff Failed to Allege the Correct Individual for an Accounting and Thus the Eighth Cause of Action must be Dismissed.

An action for an accounting is equitable in nature. It may be brought to compel the defendant to account to the plaintiff for money or property, (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *See Los Defensores, Inc. v. Gomez*, 223 Cal.App.4th 377, 401 (2014); *see also Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1, 14 (1977). To plead a request for an accounting, a complaint "need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." *Brea v. McGlashan*, 3 Cal.App.2d 454, 460 (1934).

1        Plaintiff asks for an accounting however he asks for an accounting from

2    Defendant Heredia, not Moses Heredia, the boxing manager he has contracted with.

3    As the Plaintiff failed to state facts showing the proper relationship that requires an

4    accounting, this cause of action should be dismissed.

5    **<u>CONCLUSION</u>**

6        For the foregoing reasons, Ralph Heredia respectfully requests that this Court

7    dismiss Plaintiff's complaint in its entirety.

8

9    Dated: July 6, 2021             Respectfully submitted,

10

11                   /s/ *Rajan O. Dhungana*

12                   Rajan O. Dhungana (SBN: 297794)

13                   FEDERAL PRACTICE GROUP
     14481 Aspen Street
     Hesperia, CA 92344
14   Telephone: (310) 795-6905
     rdhungana@fedpractice.com
15

16                   /s/ *Eric S. Montalvo*

17                   Eric S. Montalvo (*Pro Hac Vice*)

18                   FEDERAL PRACTICE GROUP
     1750 K Street, N.W., Suite 900
19   Washington, D.C. 20006
     Telephone: (202) 862-4360
20   Fax: (888) 899-6053
     emontalvo@fedpractice.com
21

22                   *Attorneys for Defendant*

23                   Ralph Heredia

24

25

26

27

28