Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Mr. Ralph Heredia

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., | Case No.: 5:20-cv-02332-JWH-KKx |
| Plaintiff, | |
| vs. | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE AND LACK OF SUBJECT MATTER JURISDICTION** |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | Date:        August 6, 2021<br>Time:        9:00 a.m.<br>Courtroom: 2<br>Judge:       Hon. John W. Holcomb |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT pursuant to Federal Rule of Evidence 201, Defendant Ralph Heredia hereby requests the Court take judicial notice of the following facts and documents, attached as Exhibits 1-2, in support of Defendant Heredia's Motion to Dismiss for Failure to State an Offense and Lack of Subject Matter Jurisdiction:

**Facts**:

1.  Mr. Moses Heredia submitted a request for arbitration on August 20, 2020 to the California State Athletic Commission (hereinafter "Commission").
2. On June 10, 2021, the Commission held the arbitration concerning the Contract between Plaintiff and Mr. Moses Heredia in accordance with the rules and procedures established by the Commission.

**Documents**:

1. The Boxer-Manager Contract dated February 23, 2017, a true and correct copy of which is attached hereto as **Exhibit 1**.
2. The Promotion Agreement Term Sheet dated March 22, 2017, a true and correct copy of which is attached hereto as **Exhibit 2**.


"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). There are two exceptions to this general rule: the incorporation-by-reference rule and judicial notice under Fed. R. Evid. 201.

The incorporation-by-reference rule allows documents incorporated into the complaint by reference to be examined by the court. *Id*. (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)). Here, Plaintiff incorporated portions of the Boxer-Manager Contract into his Complaint. *See* Pl. Compl. ¶ 44.

Further, Plaintiff discusses the Boxer-Manager Contract through his Complaint. As such, Defendant Heredia respectfully requests this Court review the entire Contract for this motion. *See* **Exhibit 1**.

Plaintiff incorporated portions of the Promotion Agreement Term Sheet into his Complaint. *See* Pl. Compl. ¶ 46. Plaintiff discusses the Promotion Agreement Term Sheet as a central piece of evidence is his fraud allegation. As such, Defendant Heredia respectfully requests this Court review the entire Promotion Agreement Term Sheet for this motion. *See* **Exhibit 2**.

Judicial notice under Fed. R. Evid. 201 "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (citing Fed. R. Evid. 201). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id*. "Judicial notice is proper when a fact is not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Wible v. Aetna Life Ins. Co*., 375 F. Supp. 2d 956, 966 (C.D. Cal. 2005). Here, the request for the arbitration and the actual arbitration with the Commission is generally known to all relevant parties to this case. Plaintiff has mentioned in its pleadings to this Court that it is aware of the arbitration and has and will participate in that arbitration. *See* ECF No. 28 4:11-22, 9:21-27. The Court denied Defendant's motion on whether this case should be stayed pending this arbitration. *See* ECF No. 44. Plaintiff participated in this arbitration on June 10, 2021. As such, Defendant Heredia respectfully requests this Court to take judicial notice of the request for arbitration and the fact that Plaintiff, his counsel, and Defendant (who was specifically requested by Plaintiff), Moses Heredia, and Defendant's counsel participated in the arbitration. Defendant Heredia understands that if judicial notice is taken, it "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999.

1        Given the centrality of each exhibit to the allegations in Plaintiff's Complaint

2    and that each exhibit's authenticity is not subject to reasonable dispute,

3    incorporation by reference is proper under the applicable law. Further, judicial notice

4    of the two above mentioned facts are proper as they are facts that can be "accurately

5    and readily determined from sources whose accuracy cannot reasonably be

6    questioned." Fed. R. Evid. 201. Thus, under the standards for incorporation by

7    reference and judicial notice, the Court may properly consider the above detailed

8    facts and documents.

9

10   Dated: July 6, 2021                    Respectfully submitted,

11

12                                          /s/ *Rajan O. Dhungana*
                                            Rajan O. Dhungana (SBN: 297794)

13                                          FEDERAL PRACTICE GROUP

14                                          14481 Aspen Street
                                            Hesperia, CA 92344

15                                          Telephone: (310) 795-6905

16                                          rdhungana@fedpractice.com

17                                          /s/ *Eric S. Montalvo*

18                                          Eric S. Montalvo (*Pro Hac Vice*)
                                            FEDERAL PRACTICE GROUP

19                                          1750 K Street, N.W., Suite 900

20                                          Washington, D.C. 20006
                                            Telephone: (202) 862-4360

21                                          Fax: (888) 899-6053

22                                          emontalvo@fedpractice.com

23                                          *Attorneys for Defendant*

24                                          Ralph Heredia

25

26

27

28