```
                  UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
                  (EASTERN DIVISION - RIVERSIDE)
```

```
JOSEPH DIAZ, JR.,              ) CASE NO: 5:20-CV-02332-JWH-KK
                              )
           Plaintiff,         )              CIVIL
                              )
      vs.                     )      Riverside, California
                              )
RALPH HEREDIA, ET AL.,        )      Thursday, June 24, 2021
                              )
           Defendants.        )
```

STATUS CONFERENCE

BEFORE THE HONORABLE JOHN W. HOLCOMB,
UNITED STATES DISTRICT JUDGE

<u>APPEARANCES</u>:              See page 2

Courtroom Deputy:        Irene Vazquez

Court Reporter:          Recorded; Digital

Transcribed By:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988

**Proceedings recorded by electronic sound recording; transcript
produced by transcription service.**

**<u>APPEARANCES</u>:**            (Via Video Conference)


For Plaintiff:            CHRISTIAN ANSTETT, ESQ.
                          DVG Law Group
                          1515 7th Street, No. 106
                          Santa Monica, CA 80401


For Defendants:           RAJAN O. DHUNGANA, ESQ.
                          Federal Practice Group
                          14481 Aspen Street
                          Hesperia, CA 92344

                          ERIC S. MONTALVO, ESQ.
                          Federal Practice Group
                          1750 K Street NW, Suite 900
                          Washington, DC 20006

1          <u>**Riverside, California; Thursday, June 24, 2021**</u>

2                        **(Video Conference)**

3                         **(Call to Order)**

4          **THE CLERK:**  Okay, Counsel, we're going to get started

5     then.

6          Please come to order.  This Court is now in session.

7     The Honorable John W. Holcomb, United States District Judge,

8     presiding.  Calling Case Number ED-cv-20-2332; Joseph Diaz Jr.

9     versus Ralph Heredia, et al.

10         If I can please have Counsel state their appearances,

11    starting with Plaintiff's Counsel.

12         **MR. ANSTETT:**  Christian Anstett from DVG on behalf of

13    Plaintiff.

14         **THE COURT:**  Good morning, Mr. Anstett.

15         **MR. ANSTETT:**  Good morning, Your Honor.

16         **MR. DHUNGANA:**  Rajan Dhungana, Federal Practice

17    Group, on behalf of Ralph Heredia.

18         **MR. MONTALVO:**  Good morning, Your Honor.  This is

19    Eric Montalvo on behalf of Ralph Heredia.

20         **THE COURT:**  Good morning, Counsel.

21         I want to pronounce your name properly -- Dhungana?

22    How do you pronounce it?

23         **MR. DHUNGANA:**  Yes, Your Honor.  That's correct, Your

24    Honor.  Thank you.

25         **THE COURT:**  I want to pronounce it properly.

4

1          All right.  I think you could -- we don't have our

2     regular court reporter here today.  We're recording this

3     electronically.

4          And I think you could hear some of the pretrial -- or

5     prehearing discussions I've had with my clerk.  I'm not happy,

6     Mr. Anstett, that lead Counsel for Plaintiff is not present.

7          I believe my standing order requires Counsel to be

8     present.  If there was some problem or issue, they should have

9     contacted the Court, and we could have rescheduled this hearing

10    for a time that works for everybody.

11          Are you fully prepared to discuss this case?  Do you

12    know all the details?

13          **MR. ANSTETT:**  I am familiar with the details of the

14    case, Your Honor.

15          **THE COURT:**  All right.  Well, let's see how far we

16    can get.

17          Mr. Anstett, from Plaintiff's perspective, when was

18    the answer due?

19          **MR. ANSTETT:**  Your Honor, I am not -- from

20    Plaintiff's perspective, I am not sure that the answer is due

21    yet.

22          **THE COURT:**  And why is that?

23          **MR. ANSTETT:**  Because of the motion practice filed by

24    the opposing party -- by Defendant.

25          **THE COURT:**  We're still working on the original

1    complaint, correct?  There has not been an amended complaint

2    filed?

3            **MR. ANSTETT:**  There has not been an amended complaint

4    filed, Your Honor.

5            **THE COURT:**  And that original complaint was filed on

6    October 7th of last year, in San Bernardino County Superior

7    Court, right?

8            **MR. ANSTETT:**  Yes, Your Honor.

9            **THE COURT:**  And it's now June.  So we're what, nine

10   months later, eight months later?

11           I know that there were attempts by the Defendant to

12   file -- well, there were motions filed; one that was denied,

13   one that was withdrawn, then there was the motions on -- a

14   Motion to Compel Arbitration.  But that was denied back in May

15   18th, more than a month ago.

16           So, again, when does Plaintiff think that some

17   response is due from Defendant?

18           **MR. ANSTETT:**  Well, certainly, Your Honor, we would

19   like to proceed with the case.  And we --

20           **THE COURT:**  No, no, no.  Answer my question.  When

21   does Plaintiff think a response was due or is due?  What's the

22   date?

23           **MR. ANSTETT:**  Your Honor, I need further time to

24   research that question, sir.

25           **THE COURT:**  Well, that's what I feared.  That's why I

6

1    require lead Counsel to be present.

2            I'm going to issue an order to show cause why I

3    shouldn't issue sanctions for lead Counsel's failure to be

4    present.  They can explain their absence here today.  I don't

5    know if something came up at the last minute that prevented

6    them from appearing, or what happened.

7            But that's not okay.  You understand?

8            **MR. ANSTETT:**  I do, Your Honor.

9            **THE COURT:**  All right.  Now, let's turn --

10           **MR. ANSTETT:**  I apologize.

11           **THE COURT:**  -- to Defendants.  Let me state this as

12   politely as I can.  I think you know that I'm not happy with --

13   Counsel, with your performance.  You keep violating the Local

14   Rules.

15           I asked you read the Local Rules cover to cover, and

16   certify to me, under penalty of perjury, that you had done so.

17   And you did that.  But then you file another motion that

18   doesn't comply with the Local Rules.  And I just don't

19   understand.  I don't understand the continued struggles to

20   comply with the Local Rules.

21           Your client -- I'll tell you, your client is not

22   well-served by your failure to follow the rules.

23           Now, when do you think the response is due, or was

24   due -- is or was to the complaint, which was filed last

25   October?  Do you think it was due on --

7

1        **MR. DHUNGANA:**  Yes, Your Honor.

2        **THE COURT:**  -- June 2nd, the day that you filed the

3    ill-fated Motion to Continue the Deadline?  When do you think

4    it was due?

5        **MR. DHUNGANA:**  When we filed the motion, Your Honor,

6    that was the day that we believe that an answer or a

7    dispositive motion was due, because it was within the 14 days

8    of the Court's denial of the stay.  So, yes, Your Honor.

9        And then we conducted a meet-and-confer prior to

10   seven days.  And during that meet-and-confer, we requested of

11   Counsel whether they would consent -- because she requested, if

12   there are any other facts or law that we discover prior to

13   filing, that, you know, if we wanted to raise that, that, you

14   know, we would have to conduct another meet-and-confer.

15       I said, "Fine."

16       So then we then requested that -- if she would

17   stipulate or consent to an extension of time so we could

18   conform with the Local Rules.  She declined.  She said she was

19   not going to consent to that.

20       So we prepared.  So when I was looking at it, I knew

21   that if I filed the substantive motion without a subsequent

22   meet-and-confer -- you know, because we did find some

23   additional issues -- that that would not be in compliance with

24   the Local Rules.

25       So that's why we filed a Motion for Continuance so

1    that we could comply with a subsequent meet-and-confer to

2    discuss.

3            Because there are facts that have come up since --

4    especially since we're now on the other end of the

5    arbitration -- that directly impact the pleadings.  The

6    pleadings are not accurate at this point, so they may need to

7    amend their complaint.

8            And there's also -- we'll have a case.  Because once

9    the Judge made a determination that Mr. Heredia is not any

10   party to the contract, it would then also impact the case.

11           And then the issue relating to the Federal question

12   that brought us into why we were able to move or request

13   movement into the Federal Court we believe is no longer

14   present.  Because a fraud was not raised in the arbitration.

15           And under --

16           **THE COURT:**  All right.  Okay.

17           **MR. DHUNGANA:**  -- (audio glitch) --

18           **THE COURT:**  All right.  I've heard enough.

19           **MR. DHUNGANA:**  Yes, sir.

20           **THE COURT:**  I think you're right.  I think a response

21   was due on June 2nd.  There may be some authority that I'm not

22   aware of that extends that date more than two weeks past the

23   date that I entered the order denying the Motion to Compel

24   Arbitration.  But I think it's two weeks.  That's why I was

25   asking.

1          I understand the Defendant wants to file a Rule 12(b)

2  Motion in response to the complaint.  Maybe that's meritorious;

3  maybe it's not.  I'm not ruling on that today.  I also

4  understand, from the papers, that Defendant is contemplating a

5  Rule 12(c) Motion and a Summary Judgment Motion.

6          Now, neither of those types of motions, a Rule 12(c)

7  or Rule 56 Motion -- in both instances, Defendant needs to

8  answer, and then file that motion.  In other words, filing an

9  answer will not impact Defendant's ability to file either of

10  those motions.

11          So I don't get what they have to do with the

12  inability to meet and confer and marshal all the arguments that

13  have to do with a 12(b) Motion.

14          In any event, this case needs to get moving along.

15  So here's what we're going to do.  Defendant needs to figure

16  out what it's going to do in response to this complaint; file a

17  Rule 12(b) Motion, answer, or do something else.  And you need

18  to figure that out immediately.

19          Today is Thursday.

20          **MR. DHUNGANA:**  Yes, Your Honor.

21          **THE COURT:**  I want you file -- I want to send a

22  letter on Monday.  Let me back up.

23          If you're going to answer, do that by Tuesday.

24          **MR. DHUNGANA:**  Answer by Tuesday of this next week,

25  correct, Your Honor?

10

1          **THE COURT:**  Tuesday the 29th.

2          If you intend to file a motion in lieu of an answer,

3   I want you to send a letter on -- no later than noon, on

4   Monday, June 28th.

5          **MR. DHUNGANA:**  Is that Pacific Standard Time, sir, or

6   Eastern?

7          **THE COURT:**  Pacific Time.  I understand that you may

8   be back east.  That's fine.  But all my times will be Pacific,

9   where the Court is located.

10         **MR. DHUNGANA:**  Understood.  Thank you, Your Honor.

11         **THE COURT:**  So send a letter by noon, on Monday, with

12   all the grounds -- it's a Local Rule 7-3 letter -- setting

13   forth all the grounds that you want to discuss on Tuesday for

14   why you believe that you have a meritorious Rule 12(b) Motion,

15   or whatever it may be.

16         So your letter is the 28th, your Local Rule 7-3

17   meeting will be the 29th.

18         Mr. Anstett, I expect lead Counsel to participate in

19   that conference on the 29th.

20         **MR. ANSTETT:**  Yes, Your Honor.

21         **THE COURT:**  And I'm sure Defendant's Counsel will

22   accommodate Plaintiff's Counsel's schedule, whether it's early

23   before the day begins, if it's late, after the workday is over,

24   I don't care.  But do it on the 29th.  I want all Counsel to do

25   that.

1          **MR. DHUNGANA:**  Understood.

2          **THE COURT:**  Now, that's if Defendant is going to file

3     a motion.  If Defendant is simply going to file an answer, do

4     that on the 29th, and Defendant need not send a letter on the

5     28th.

6          But assuming it's going to be a motion, the letter,

7     noon, 28th; Local Rule 7-3, Counsel, telephonically or by

8     Zoom -- or in person, I don't care -- sometime on the 29th.

9     All lead Counsel be present at that Local Rule 7-3 conference.

10         The deadline will be Tuesday, July 6th, for Defendant

11    to file its motion.  And, again, if you're going to answer,

12    then do that by Tuesday, June 29th.

13         Let's get this case moving along.

14         **MR. ANSTETT:**  Yes, Your Honor.

15         **MR. MONTALVO:**  Yes, Your Honor.

16         **MR. DHUNGANA:**  Yes, Your Honor.

17         Your Honor, for clarification, the letter is to

18    opposing Counsel; not to the Court, or does the Court want a

19    copy of the letter?

20         **THE COURT:**  Letter is to opposing Counsel.  And,

21    again, I know that, Defendant's Counsel, you've struggled with

22    following the Local Rules.

23         Do your research.  Figure out what your grounds are

24    going to be for your motion.  Explain in your letter your

25    grounds.  And then you discuss it thoroughly on Tuesday, the

1    29th.

2          Now, perhaps -- the way this is supposed to work is,

3    Defendant's Counsel, if you're correct, if Mr. Montalvo -- am I

4    pronouncing your name correctly?  I'm not trying to

5    mispronounce anybody's name.

6          **MR. MONTALVO:**  No, I understand, Your Honor.  Yes,

7    Your Honor.  Montalvo.

8          **THE COURT:**  Okay, Mr. Montalvo, I think you said that

9    the pleadings are incorrect in some fashion.  You may be right.

10   I don't know.  But explain that in your letter, and perhaps

11   Plaintiff will say, "Gee, you're right.  We need to amend our

12   complaint."

13         Then give me a stipulation -- well, actually, they

14   can -- check the rules.  They may be able to amend their

15   complaint as of right.  But get that done immediately.

16         **MR. MONTALVO:**  Yes, Your Honor.

17         **THE COURT:**  In fact, tell you what, if Defendant is

18   not going to either file an answer on the 29th or a motion on

19   July 6th, on July 6th, I want a joint report from the parties

20   explaining what the plan is for moving forward.

21         Perhaps that will be, "Plaintiff is going to amend

22   its complaint by X date."

23         I just want a plan in place so we're moving this case

24   forward.  Does everybody understand that?

25         **MR. SPEAKER:**  Yes, Your Honor.

13

1          **THE COURT:**  All right.  That covers what I wanted to

2    cover; my agenda here.

3          Now, let me hear from Counsel.  What do you want to

4    tell me.  What else is going on?  What else do we need to

5    accomplish here today?

6          Mr. Anstett?

7          **MR. ANSTETT:**  Your Honor, nothing from Plaintiff's

8    perspective to that.  It indicates on track with our primary

9    purpose today.

10         I would actually -- there is one issue that would be

11   beneficial to talk about today.  And that is Your Honor's view

12   on the timing of the Rule 26 conference.

13         From your -- I was a bit -- is the Court's normal

14   practice to issue an order about when that conference should

15   take place?

16         **THE COURT:**  A short answer is yes.  As I think the

17   parties mentioned in one of the papers that they -- one of you

18   filed with me -- on my website, on my page, there's an

19   exemplary order setting the scheduling conference.  I typically

20   send that out.

21         I do typically wait until the pleadings are closed or

22   at least moved further along than they are now.  But in this

23   instance, since it's been so long, I think the parties should

24   move forward with a Rule 26(f) conference.

25         Mr. Montalvo, what are your thoughts?  How quickly

14

 1   can you be prepared to do that?  A couple weeks sufficient?

 2           Now, let me back up.  I understand that you think

 3   that there is still some issues in play, that the pleadings are

 4   incorrect, as you put -- as you phrased it, and that there may

 5   be issues that arise in your anticipated Rule 12(b) Motion.  I

 6   understand that.

 7           Nevertheless, I think you need to move forward with a

 8   Rule 26(f) conference and get started with discovery.

 9           So that's the preface.

10           Mr. Montalvo, what are your thoughts on the timing

11   for a Rule 26(f) conference?

12           **MR. MONTALVO:**  Well, Your Honor, just in terms of

13   following the sequence -- and I understand Your Honor's

14   question -- if we file a motion -- well, first, if we file the

15   paper on the Rule 7-3 on Monday, and the Plaintiff decides to

16   amend the complaint, then discovery should not, you know,

17   proceed until, you know, we've had a chance to look at the new

18   amended complaint.

19           I believe that that would -- you know, if they do

20   amend the complaint, it's a matter of right because we have not

21   yet answered then -- or stipulated -- the Court, you know,

22   grants that motion however --

23           **THE COURT:**  We lost your audio --

24           **MR. MONTALVO:**  Yes, sir.

25           **THE COURT:**  -- temporarily.  Say that last part

1 again, please, Mr. Montalvo.

2          **MR. MONTALVO:**  Yes, Your Honor.  So in the event that

3 the Court grants the amended complaint, per party stipulation,

4 then we would have to wait for the amended complaint because

5 that would alter the scope of discovery.

6          And then we could determine at that point to either

7 answer or there may be another, you know, dispositive motion

8 that the Court -- you know, in terms of sequence at that point.

9          So I feel like getting into discovery, particularly

10 at this point, you know, raising some of the issues -- because,

11 I mean, they're very germane to -- now that we've had the

12 arbitration and gone through, you know, eight, ten hours of

13 discussion on the case, I think the facts are very clear and

14 there are some -- and, you know, if Counsel were on, I think

15 that, you know, he should -- he would acknowledge that there

16 were certain things that came up in the arbitration that do

17 impact the current pleadings.

18          So with -- assuming I'm wrong or whatever, you know,

19 I do believe that we should wait until at least the 6th.  And

20 then at that point we could schedule a conference.  By that

21 time, either the amended complaint would be filed, or the Court

22 would be reviewing, and they would be responding to the Motion

23 to Dismiss.

24          **THE COURT:**  I understand your perspective.  Let me

25 ask this question.  You've made a reference a couple times, and

16

1    I think you referenced it in your papers, to this arbitration.

2          What is happening with this arbitration?  What's the

3    status of it?  How will it impact this case?

4          Mr. Anstett, I'm going to ask you the same questions.

5    But let me hear from Mr. Montalvo first.

6          **MR. MONTALVO:**  Sure.  So one way we'll impact is, one

7    of the allegations is relating to fraud in this current matter.

8    And so -- and it's relating to the fraudulent inducement into

9    the contract.

10         And so the problem here at this juncture is that, if

11   we look at the pleadings and the argument raised in front of

12   the commission -- because arbitration's already concluded or

13   awaiting the Judge's -- I mean, the arbitrator's determination

14   that the commissioner is indicated on the record -- and I have

15   the transcript that contract is valid -- that if fraud is not

16   raised before the commission, the Court does not have

17   jurisdiction to, you know, review that determination.

18         And so since they're raising this as it relates to

19   this particular contract, we believe that that directly

20   impacts, you know, Court's jurisdiction on that issue.

21         And in addition to that, the Federal question, if

22   Mr. Heredia is not a party to the contract, we are litigating,

23   you know, a private cause of action, essentially, you know, at

24   this point; not a Federal question.

25         And so we believe that now -- in addition, part of

1    the fraud allegation was that there were some tickets that were

2    got -- you know, received inappropriately, what have you.

3    During the arbitration, we were able to demonstrate factually

4    that Mr. Heredia purchased those tickets with his own funds.

5           There's allegations that there were proper licensure.

6    That was resolved.  There was testimony, also, regarding

7    Mr. Diaz's was -- knew Mr. Heredia's participation, knew of his

8    history, signed a waiver of release for Mr. Ralph Heredia from

9    the previous contract, and sign an acknowledgement in front of

10   the commission with explanation, you know, for Mr. Moses

11   Heredia.

12          So all those facts are now in place in the record,

13   you know, and I believe that that impacts, you know, a good

14   portion of the Plaintiff's allegations here, or at least they

15   should be amending them to accurately reflect the position.

16          So we believe they are impactful to the Court, and

17   whether this is resolved in the Federal Court or it has to back

18   to --

19          **THE COURT:**  All right.

20          **MR. MONTALVO:**  -- go back to State Court because of

21   the Federal question --

22          **THE COURT:**  All right.  Thank you for the

23   explanation.  I'm not saying I agree or disagree.  But I

24   appreciate hearing your client's position.

25          Mr. Anstett, do you care to respond substantively?

18

1          **MR. ANSTETT:**  Yes, Your Honor.  Opposing Counsel is

2    correct that the arbitration was held recently, about two weeks

3    ago.

4          But there has been no decision made yet.  The parties

5    submitted closing by a written statement that was -- we ran out

6    of time on the day of the arbitration.  That closing was

7    submitted a week after the arbitration.

8          We believe that there was additional facts and

9    evidence uncovered in the course of our research, in

10   preparation for that closing, that will impact the direction

11   the arbitrator indicated he was leaning on deciding on certain

12   matters.

13         So there's been no decision issued yet.  We believe

14   that we will ultimately prevail in the arbitration on fact --

15   factually.  And we believe -- I dispute that there was any

16   finding entered in that arbitration up to this point.

17         I also believe that some of the -- I do not expect

18   that, based on the outcome, the complaint will need to be

19   amended.  Perhaps, in certain respects, but I do not --

20         **THE COURT:**  I didn't quite catch that.  Did you say

21   you do not -- client does not believe that its complaint needs

22   to be amended?

23         **MR. ANSTETT:**  Well, we would need to see the

24   arbitrator's ruling before making a final decision on that.

25         But I do not -- there are parts of it that I do not

1  believe will be amended no matter what the decision of the

2  arbitrator is on certain issues.

3       And I believe that the arbitration actually -- as

4  opposing Counsel pointed out, the parties are very familiar

5  with the factual issues and the legal contentions between the

6  parties.  And that's a further reason why I think it's (audio

7  glitch) deal with this case substantively.

8       **THE COURT:**  All right.  So these -- perhaps these

9  issues should be the topic of discussion on the 29th, when the

10  parties have the Local Rule 7-3 conference regarding

11  Defendant's anticipated motion.

12       And, ideally, the parties would reach an agreement

13  about how to proceed; not on the underlying dispute, but how to

14  proceed.  And, if not, then Defendant files its motion, and the

15  Court will deal with it.  All right.  Thank you.

16       Mr. Montalvo, what else?  What else do we need to

17  accomplish here today?

18       **MR. MONTALVO:**  I appreciate the Court's listening to

19  Defendant's position.  I would like to personally apologize for

20  any view that, you know, I am trying to avoid or complicate the

21  rules.

22       I didn't, you know, really deliberately -- trying to

23  make sure that I'm doing the right thing.  And that's one of

24  the reasons I didn't file the motion previously.  Because I

25  wanted to try to conduct another meet-and-confer, you know,

1    prior to filing any substantive motion that is contemplated.

2           So, otherwise, we would have certainly filed it, you

3    know, timely.  So I apologize to the Court.  And it's Counsel's

4    declaration that I will conform with the rules.  I have no

5    desire not to.

6           **THE COURT:**  Well, I appreciate that.  The point of

7    Local Rule 7-3, as I'm sure everybody knows by now, is for

8    Counsel to discuss thoroughly the issues.

9           Counsel may or may not come to an agreement on the

10   underlying dispute.  Shockingly, more often than not, there's

11   not an agreement.  But at least everybody knows each other's

12   position.

13          And that's the point of the rule; so that the dispute

14   is clearly identified, the contours of the dispute are clear to

15   everyone, whether it's a Rule 12(b)(6) dispute or whatever.

16   Everybody understands what that arguments are, and they can

17   fairly and fully respond to each other.

18          In other words, there's no hide-the-ball here.  Get

19   it out on the table.  Discuss the issues.  Come to an

20   agreement.  Determine that there is no agreement, there is no

21   room for compromise.  And let the Court decide.  But define the

22   problem clearly.  That's the goal, the policy, behind Local

23   Rule 7-3.

24          And that's what I expect the parties to do over these

25   next few days.  If there's going to be a motion, outline the

21

1   contours clearly of the dispute so everybody knows, as I said,

2   what each other's position is.

3         Okay.  Mr. Montalvo, anything else we need to

4   accomplish?

5         **MR. MONTALVO:**  No, Your Honor.

6         **THE COURT:**  All right.  I'll issue a minute order

7   memorializing the -- my directive here at this hearing.

8         I'll also issue an order to show cause, Mr. Anstett,

9   for your colleagues so they can explain to me why they're not

10  here.  And we'll take it from there.

11        Any questions?  Anything else?

12        **MR. SPEAKER:**  No, Your Honor.  (Audio glitch).  Yes,

13  Your Honor.

14        **THE COURT:**  All right.  Have a good day.

15        **THE CLERK:**  Court is adjourned.

16      **(Proceeding adjourned)**

17

18

19

20

21

22

23

24

25

CERTIFICATION


I certify that the foregoing is a correct transcript from the
electronic sound recording of the proceedings in the above-
entitled matter.




_____                    July 23, 2021


                    TONI HUDSON, TRANSCRIBER