Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (admitted *Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6083

*Attorneys for Defendant Ralph Heredia*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02332-JWH-KK<br><br>Defendant Ralph Heredia's Answer to the First Amended Complaint |

**DEFENDANT RALPH HEREDIA'S ANSWER TO THE**
**FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure and this Court's September 8, 2021 Order (ECF 71), Defendant Ralph Heredia, by counsel, timely answers the First Amended Complaint, and states as follows:

**First Defense**

The First Amended Complaint fails to state a claim upon which relief can be granted.

DEFENDANT RALPH HEREDIA'S ANSWER TO THE FIRST AMENDED COMPLAINT - 1

**Second Defense**

**INTRODUCTION**

1. Paragraph 1 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

2. Paragraph 2 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

3. Paragraph 3 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

4. Defendant denies the allegations in sentences 1, 2, 3, 4, 5, 7, 8, and 9 of this paragraph. Defendant is without knowledge or information sufficient to admit or deny the allegations of sentence 6 and therefore denies them.

5. Defendant denies the allegations of this paragraph.

6. Defendant denies the allegations of this paragraph.

7. Paragraph 7 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

9. Defendant admits the allegations in this paragraph.

10. Defendant is without knowledge or information sufficient to admit or deny the allegations in sentences 1 and 3 of this paragraph and therefore denies them. Defendant admits the allegation in sentence 2 of this paragraph.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations of sentences 1 and 3 of this paragraph and therefore denies them. The allegations of sentence 2 of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

DEFENDANT RALPH HEREDIA'S ANSWER TO THE FIRST AMENDED COMPLAINT - 2

13. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to admit or deny the allegations of this paragraph and therefore denies them.

## JURISDICTION AND VENUE

14. Paragraph 14 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

15. Paragraph 15 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

16. Paragraph 16 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

## FACTUAL ALLEGATIONS

17. Paragraph 17 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

18. Paragraph 18 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

19. Paragraph 19 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

20. Paragraph 20 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

21. Paragraph 21 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

22. Paragraph 22 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

23. Paragraph 23 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

24. Paragraph 24 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

25. Paragraph 25 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

26. Paragraph 26 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

27. Paragraph 27 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

28. Paragraph 28 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

29. Paragraph 29 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

30. Sentence 1 of Paragraph 30 contains no allegations to which a response is required. To the extent a response is required to the allegations of that sentence, Defendant denies them. Sentence 2 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies them. Defendant admits the allegations of Sentences 3 and 4. Sentence 5 contains no allegations to which a response is required. To the extent a response is required to the allegations of that sentence, Defendant denies them.

31. Paragraph 31 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

32. Paragraph 32 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

33. Paragraph 33 contains no allegations to which a response is required. To the extent a response is required, Defendant denies them.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies them.

35. Defendant admits the allegations of this paragraph.
DEFENDANT RALPH HEREDIA'S ANSWER TO THE FIRST AMENDED COMPLAINT - 4

36. Defendant admits the allegations of this paragraph.

37. Defendant denies the allegations of this paragraph.

38. Defendant admits the allegations of this paragraph.

39. Defendant admits the allegation in sentence 1 of this paragraph. Defendant is without knowledge or information sufficient to admit or deny the allegation in sentence 2 of this paragraph and therefore denies them. Defendant denies the allegations in sentences 3 and 4 of this paragraph.

40. Defendant is without knowledge or information sufficient to admit or deny the allegations in sentences 1 and 2 of this paragraph and therefore denies them.  Defendant admits that the allegation in sentence 3 correctly state the arbitrator's decision with respect to the validity of the 2012 contract. All remaining allegations of Paragraph 40 are denied.

41. Defendant denies the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

43. Defendant denies the allegations in sentences 1, 2, 3, and 4 of this paragraph. Defendant is without knowledge or information sufficient to admit or deny the allegations in sentences 5, 6, and 7 of this paragraph and therefore denies them.

44. Defendant admits the allegations in sentences 1, 6, and 8 of this paragraph. Defendant is without knowledge or information sufficient to admit or deny the allegations in sentences 2 and 3 of this paragraph and therefore denies them.  Defendant denies the allegations in sentences 4, 5, and 7 of this paragraph.

45. Defendant denies the allegation in sentence 1 of this paragraph that the Release was signed concurrently with the 2017 Agreement. Defendant admits the remaining allegations in sentence 1. With respect to sentence 2, Defendants admits that a representative of the California Athletic Commission signed the Release; denies that it was "strange[];" and states that the final phrase of sentence 2 sets forth a legal conclusion to which no response is required. To the extent a response to such legal conclusion is required, Defendant denies the allegations of the last phrase of sentence 2 of this paragraph. Defendant denies the allegations of sentence 3 in that

the 2017 Agreement was not styled a "release." To the extent that sentence 3 refers to the Release and not the 2017 Agreement, Defendant denies that the Release did not release prior claims. Defendant admits the allegations in sentence 4. Defendant is without knowledge or information sufficient to admit or deny the allegations of sentence 5 and therefore denies them. Sentence 6 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in sentence 6.

46. Defendant admits the allegations in sentences 5 and 7 of this paragraph. Defendant denies the allegations in sentences 1, 2, 3, 4, 6, 8, and 9 of this paragraph.

47. Defendant denies the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

49. Defendant denies the allegations of this paragraph.

50. Defendant denies the allegations of this paragraph.

51. Defendant denies the allegations of this paragraph.

52. Defendant denies the allegations of this paragraph.

53. Defendant denies the allegations of this paragraph.

54. Defendant admits the allegations of this paragraph.

55. Defendant admits the allegations in the sentences 1 and 2 of this paragraph. Defendant denies the allegations in sentence 3 of this paragraph.

56. Defendant denies that he "induced" Diaz to enter into the 2017 Agreement but admits the remaining allegations in sentence 1 of this paragraph. However, Defendant believes that the title was taken out of context. Defendant denies the remaining allegations of this paragraph.

57. Defendant denies the allegations of this paragraph.

58. Defendant denies the allegations of this paragraph.

59. Defendant denies the allegations in sentences 2 and 7 of this paragraph. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

DEFENDANT RALPH HEREDIA'S ANSWER TO THE FIRST AMENDED COMPLAINT - 6

60. Defendant denies the allegations of this paragraph.

61. Defendant denies the allegations of this paragraph.

62. Defendant denies the allegations in sentences 1 and 8 of this paragraph. Defendant admits the allegations in sentences 2 and 4 of this paragraph. Defendant is without knowledge or information sufficient to admit or deny the allegations in sentences 3, 5, 6, and 7 of this paragraph and therefore denies them. Sentence 9 of this paragraph sets forth a legal conclusion to which no response is required and further it does not reference the Defendant so Defendant is without knowledge sufficient to admit or deny the allegation. To the extent a response may be required, however, Defendant denies the allegations of sentence 9.

63. Defendant denies the allegations in sentences 1 and 2 of this paragraph. Defendant admits that Plaintiff was to pay Defendant for the vehicle but denies that this payment was "in addition to the contractual manager's fee." Defendant admits the allegations in sentences 4, 5 and 6 of this paragraph.

64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations of this paragraph.

66. Defendant denies the allegations of this paragraph.

67. Defendant denies the allegations of this paragraph.

68. Defendant denies the allegations of this paragraph.

69. Defendant denies the allegations of this paragraph.

70. Defendant denies the allegations of this paragraph.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Fraud

### (Against Heredia)

72. Defendant repeats and incorporates by reference his responses to all previous paragraphs in response to this paragraph.

73. Defendant denies the allegations of this paragraph.

74. Defendant denies the allegations of this paragraph.

74a. Subparagraph 74a sets forth legal a conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this subparagraph.

74b. Defendant admits that he has a felony conviction.

74c. Defendant denies the allegations of this subparagraph.

74d. Defendant denies the allegations of this subparagraph.

74e. Defendant denies the allegations of this subparagraph.

74f. Defendant denies the allegations of this subparagraph.

74g. Defendant denies the allegations of this subparagraph.

74h. Defendant denies the allegations of this subparagraph.

74i. Defendant denies the allegations of this subparagraph.

75. Defendant denies the allegations of this paragraph.

76. Defendant denies the allegations of the first sentence of this paragraph. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies them.

77. Defendant denies the allegations of this paragraph.

78. Paragraph 78 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

79. Paragraph 79 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

80. Paragraph 80 sets forth legal conclusions to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

## SECOND CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against Heredia)

81. Defendant repeats and incorporates by reference his response to all previous paragraphs in response to this paragraph.

82. Paragraph 82 contains no allegations to which a response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

83. Paragraph 83 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

84. Paragraph 84 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

85. Paragraph 85 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

86. Paragraph 86 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

### Breach of Implied-in-Fact Contract

### (Against Heredia)

87. Defendant repeats and incorporates by reference his response to all previous paragraphs in response to this paragraph.

88. Sentences 1 and 2 of paragraph 88 set forth legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations in sentences 1 and 2 of this paragraph. Defendant admits the allegations of sentences 3, 4, and 5 of this paragraph.

89. Paragraph 89 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

90. Defendant denies the allegations of this paragraph.

91. Sentence 1 of paragraph 91 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of sentence 1 of this paragraph. Defendant denies the remaining allegations of this paragraph.

92. Paragraph 92 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

### Conversion

### (Against All Defendants)

93. Defendant repeats and incorporates by reference his response to all previous paragraphs in response to this paragraph.

94. Paragraph 94 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

95.     To the extent the allegations of Paragraph 95, including subparagraphs, relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Defendant denies the allegations of Paragraph 95 that relate to him.

95a.    Subparagraph 95a sets forth legal conclusions to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this subparagraph that relate to him.

95b.    Subparagraph 95b sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegation of this subparagraph.

95c.    Subparagraph 95c sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this subparagraph that relate to him.

95d.    Subparagraph 95d sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this subparagraph that relate to him.

95e.    Subparagraph 95e sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this subparagraph.

96.     To the extent the allegations of Paragraph 96 relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Further, Paragraph 96 sets forth legal conclusions to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph that relate to him.

97. To the extent the allegations of Paragraph 97 relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Further, Paragraph 97 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph that relate to him.

98. To the extent the allegations of Paragraph 98 relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Further, Paragraph 98 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph that relate to him.

99. Paragraph 99 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

## FIFTH CAUSE OF ACTION

### Tortious Interference with Prospective Economic Advantage

### (Against Heredia)

100. Defendant repeats and incorporates by reference his response to all previous paragraphs in response to this paragraph.

101. Defendant admits the allegations of this paragraph.

102. Defendant admits the allegation in sentence 1 of this paragraph. Sentence 2 of this paragraph sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations.

103. Defendant admits the allegations of this paragraph.

104. Defendant denies the allegations of this paragraph.

105. Defendant denies the allegations of this paragraph.

106. Paragraph 106 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

107. Paragraph 107 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

## SIXTH CAUSE OF ACTION

**Violation of the Muhammad Ali Boxing Reform Act**

**(Against Heredia)**

108. Defendant repeats and incorporates by reference his response to all previous paragraphs in response to this paragraph.

109. Paragraph 109 contains no allegations to which a response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

110. Paragraph 110 contains no allegations to which a response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

111. Defendant denies the allegations of this paragraph.

112. Defendant denies the allegations of this paragraph.

113. Paragraph 113 sets forth legal conclusions to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

114. Paragraph 114 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph.

## SEVENTH CAUSE OF ACTION

### Quantum Meruit

### (Against All Defendants)

115. Defendant repeats and incorporates by reference his response to all previous paragraphs in response to this paragraph.

116. To the extent the allegations of Paragraph 116, including subparagraphs, relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Defendant denies the allegations of Paragraph 116 that relate to him.

116a. Defendant denies the allegations of this subparagraph.

116b. Defendant denies the allegations of this subparagraph that relate to him.

116c. Defendant denies the allegations of this subparagraph.

117. To the extent the allegations of Paragraph 117 relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Defendant denies the allegations of this paragraph that relate to him.

118. To the extent the allegations of Paragraph 118 relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Further, Paragraph 118 sets forth legal conclusions to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph that relate to him.

119. To the extent the allegations of Paragraph 119, including subparagraphs, relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without

knowledge or information sufficient to admit or deny those allegations. Further, Paragraph 119 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph that relate to him.

## EIGHTH CAUSE OF ACTION

### Accounting

### (Against All Defendants)

120. Defendant repeats and incorporates by reference his response to all previous paragraphs in response to this paragraph.

121. To the extent the allegations of Paragraph 121 relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Further, Paragraph 121 sets forth a legal conclusion to which no response is required. To the extent a response may be required, however, Defendant denies the allegations of this paragraph that relate to him.

122. To the extent the allegations of Paragraph 122 relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Defendant is without knowledge sufficient to admit or deny the allegations of this paragraph and therefore denies them.

123. Defendant denies the allegations of this paragraph.

124. To the extent the allegations of Paragraph 124 relate to entities other than Defendant, they do not require a response from Defendant. To the extent a response is required to those allegations relating to other entities, Defendant is without knowledge or information sufficient to admit or deny those allegations. Defendant denies the remaining allegations of this paragraph.

125. Any remaining allegations not specifically admitted are denied.

DEFENDANT RALPH HEREDIA'S ANSWER TO THE FIRST AMENDED COMPLAINT - 15

## ADDITIONAL DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party.

2. Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant.

3. Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant.

4. Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands.

5. Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff.

6. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

7. Plaintiffs' claims are barred by a binding decision by an arbitrator.

8. Defendant specifically reserves the right to assert all other defenses, not currently known, which he may learn through discovery.

## **CONCLUSION**

WHEREFORE, having fully answered the First Amended Complaint, Defendant Heredia respectfully requests that it be dismissed, with prejudice, and that the Court award, as part of its judgment, his costs of suit incurred herein, together with such other relief as to the Court may seem just and proper.

Dated: September 17, 2021                Respectfully submitted,


/s/ *Rajan O. Dhungana*

Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

DEFENDANT RALPH HEREDIA'S ANSWER TO THE FIRST AMENDED COMPLAINT - 16

rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*

Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

DEFENDANT RALPH HEREDIA'S ANSWER TO THE FIRST AMENDED COMPLAINT - 17

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I filed the foregoing Defendant Ralph Heredia's Answer to the First Amended Complaint with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
    jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
    dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
    gsimas@vgcllp.com
Christian Anstett (SBN 240179)
    canstett@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: September 17, 2021          Respectfully submitted,

                                                     /s/ *Rajan O. Dhungana*

                                                     Rajan O. Dhungana (SBN: 297794)
                                                     FEDERAL PRACTICE GROUP
                                                     14481 Aspen Street
                                                     Hesperia, CA 92344
                                                     Telephone: (310) 795-6905

                                                     *Attorney for Defendant*
                                                     Ralph Heredia

DEFENDANT RALPH HEREDIA'S ANSWER TO THE FIRST AMENDED COMPLAINT – CERTIFICATE OF SERVICE