

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSEPH DIAZ JR.

          Plaintiff(s),

    v.

RALPH HEREDIA , et al.


          Defendant(s).

Case No.
5:20–cv–02332–JWH–KK

**ORDER SETTING SCHEDULING
CONFERENCE**

Date: November 19, 2021
Time: 11:00 AM
Ctrm: 2
3470 Twelfth Street
Riverside, California 92501

**PLEASE READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME
RESPECTS FROM THE LOCAL RULES.**

1  This case has been assigned to Judge John W. Holcomb. This matter is

2  set for a Scheduling Conference on the date set forth above. If Plaintiff has not

3  already served the operative Complaint on *all* defendants, Plaintiff is

4  **DIRECTED** to do so *promptly*, and Plaintiff shall file proofs of service within

5  three days thereafter. Defendants shall also timely serve and file their respective

6  responsive pleadings, and they shall file proofs of service within three days

7  thereafter.

8  The Court will conduct the Scheduling Conference pursuant to Rule 16(b)

9  of the Federal Rules of Civil Procedure. The parties are reminded of their

10  obligations under Rule 26(f) to confer regarding a discovery plan no later than

11  21 days before the Scheduling Conference and to e-file a "Joint Rule 26(f)

12  Report" with the Court no later than 14 days before the Conference. Mandatory

13  paper chambers copies of the Joint Rule 26(f) Report must be (a) delivered to

14  Judge Holcomb's drop box outside the door of Courtroom 2 by 5:00 p.m. on the

15  first court day following the e-file; or (b) transmitted via FedEx, UPS, or other

16  overnight service, for delivery no later than 5:00 p.m. on the first court day

17  following the e filing, addressed to the Chambers of Judge John W. Holcomb,

18  U.S. District Court for the Central District of California, Courtroom 2, 3470

19  Twelfth Street, Riverside, CA 92501.

20  The Court encourages counsel to begin to conduct discovery actively

21  *before* the Scheduling Conference. At the very least, the parties shall comply

22  fully with the letter and spirit of Rule 26(a) and thereby obtain and produce

23  most of what would be produced in the early stage of discovery, because at the

24  Scheduling Conference the Court will impose strict deadlines to complete

25  discovery.

26  This Court does not exempt parties appearing *in propria persona* from

27  compliance with any of the Local Rules, including L.R. 16. "Counsel," as used

28  in this order, includes parties appearing *in propria persona*.

# I.  JOINT RULE 26(f) REPORT

The Joint Rule 26(f) Report, which shall be filed **no later than 14 days** before the Scheduling Conference, shall be drafted by Plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately represented parties are in the case. The Joint Rule 26(f) Report shall specify the date of the Scheduling Conference on the caption page. It shall report on all matters described below, which include those required to be discussed by Rule 26(f) and L.R. 26:

1.  <u>Statement of the case</u>:  A short synopsis (not to exceed two pages) of the main claims in the Complaint and in the Counterclaim (if any) and the primary affirmative defenses.

2.  <u>Subject Matter Jurisdiction</u>:  A Statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.

3.  <u>Legal Issues</u>:  A brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

4.  <u>Parties, Evidence, etc.</u>:  A list of parties, witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

5.  <u>Damages</u>:  The realistic range of provable damages.

6.  <u>Insurance</u>:  Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

7.  <u>Motions</u>:  A statement of the likelihood of motions seeking to add other parties or claims, to file amended pleadings, to transfer venue, etc.

8.  <u>Manual for Complex Litigation</u>:  Whether all or part of the procedures of the Manual for Complex Litigation should be utilized for this case.

\\\

9.   <u>Status of Discovery</u>:  A discussion of the present state of discovery, including a summary of completed discovery.

10.   <u>Discovery Plan</u>:  A detailed discovery plan, as contemplated by Rule 26(f). State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that "discovery will be conducted as to all claim and defenses," or other vague description, is not acceptable.

11.   <u>Discovery Cut-off</u>:  A proposed discovery cut-off date. This means the final day for the ***completion of discovery***, including the resolution of all discovery motions.

12.   <u>Expert Discovery</u>:  Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).

13.   <u>Dispositive Motions</u>:  A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

14.   <u>Settlement/Alternative Dispute Resolution (ADR)</u>:  A statement of what settlement discussions or written communications have occurred (***excluding any statement of the terms discussed***). If counsel have received a Notice to Parties of Court-Directed ADR Program (Form ADR-08), the case presumptively will be referred to the Court Mediation Panel or to private mediation (at the parties' expense). If the parties jointly desire a settlement conference with the assigned Magistrate Judge, they should so indicate in their report. The case may not proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties, have appeared personally at an ADR proceeding.

15.    Trial Estimate:  A realistic estimate of the time required for trial and whether trial will be a bench trial or jury trial. Each side should specify (by number, not by name) how many witnesses it contemplates calling.

16.    Trial Counsel:  The name(s) of the attorney(s) who will try the case.

17.    Independent Expert or Master:  Whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

18.    Timetable:  *Complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report*. Each side should write in the month, day, and year it requests for each event. At the Scheduling Conference, the Court will review this form with counsel. The proposed date for each event shall fall on a Friday, except the trial date, which is a Monday. Counsel should ensure that requested dates do not fall on a holiday. In appropriate cases, *the Court may order different dates from those proposed by the parties*. The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut-off date for motions is the last date on which motions may be *heard*, not filed. The Court directs counsel's attention to L.R. 6-1 regarding the timing of motions, oppositions thereto, and hearings thereon.

19.    Amending Pleadings and Adding Parties:  Please note that the Court does not typically set a separate deadline for the parties to amend their pleadings or to add parties. A party who wishes to amend its pleading or to add one or more parties shall seek a stipulation from the other parties. If the parties cannot reach such a stipulation, then the party seeking to amend shall comply with Rule 15(a) and, if applicable, Rule 16(b)(4) of the Federal Rules of Civil Procedure, as well as L.R. 15-1 through L.R. 15-3 and L.R. 16-14.

20.   <u>Other issues</u>:  A statement of any other issues affecting the status or management of the case (*e.g.,* unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdiction, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof. ***The Court does not like surprises.*** Accordingly, counsel and the parties are directed to raise in the Joint Rule 26(f) Report any and all issues that may tend to make this case unusual, challenging, or difficult.

21.   <u>Consent to Proceed Before Magistrate Judge</u>: A statement that counsel for all parties have discussed whether the parties consent to have a Magistrate Judge of this Court conduct any and all necessary proceedings and order the entry of judgment in this matter pursuant 28 U.S.C. § 636(c) and General Order 12-01. The statement should indicate whether the parties consent to the assignment of this matter to a Magistrate Judge.

The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.

## II.  <u>SCHEDULING CONFERENCE</u>

Scheduling Conferences will be held in Courtroom 2, 3470 Twelfth Street, Riverside, California. Counsel shall comply with the following:

1.   <u>Participation</u>:  Lead trial counsel for each party must be present. Counsel must be prepared to discuss the substantive issues in the case and authorized to address scheduling with the Court and opposing counsel. If lead trial counsel for a party cannot be present because of an unreconcilable scheduling conflict, then that party shall seek a stipulation with the other parties to continue the Scheduling Conference (by no more than three weeks) to a date on which all lead counsel can attend. If the parties cannot reach such a stipulation, then lead trial counsel who cannot attend the Scheduling Conference shall file an *ex parte* application seeking to be excused.

1        2.   <u>Continuance</u>:  Other than as set forth in the preceding paragraphs, a

2    continuance of the Scheduling Conference will be granted only for good cause.

3    **III.  <u>NOTICE TO BE PROVIDED BY COUNSEL</u>**

4        Plaintiff's counsel or, if Plaintiff is appearing *pro se*, Defendant's

5    counsel, shall provide this Order to any parties who first appear after the date of

6    this Order and to parties who are known to exist but have not yet entered

7    appearances.

8    **IV.  <u>COURT'S WEBSITE</u>**

9        Copies of this and all other orders of this Court that may become

10   applicable to this case are available on the Central District of California website,

11   at www.cacd.uscourts.gov, under "Judge's Procedures and Schedules." Copies

12   of the Local Rules are also available on the website.

13       **IT IS SO ORDERED.**

14

15   Dated: September 21, 2021

16   _____

17   John W. Holcomb
     UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A:  SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

| | | | |
|---|---|---|---|
| **Case No.:** | | | |
| **Case Name:** | | | |
| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
| ☐ Jury Trial *or* ☐ Bench Trial  **(Monday at 9:00 a.m.)** Length: ___ days | | | |
| Final Pretrial Conference [L.R. 16] **(Friday–17 days before trial date)** | | | |
| Hearing on Motions *in Limine* **(Friday–7 days before Final PTC)** | | | |
| Last Date to Hear Non-Discovery Motions | | | |
| Last Date to Conduct Settlement Conference | | | |
| All Discovery Cut-Off (including hearing all discovery motions) | | | |
| Expert Disclosure (Rebuttal) | | | |
| Expert Disclosure (Initial) | | | |

ADR [L.R. 16-15] Settlement Choice:

    ☐   Attorney Settlement Officer Panel

    ☐   Private Mediation

    ☐   Magistrate Judge