1  James L. Greeley (SBN 218975)
      jgreeley@vgcllp.com
2  Diyari Vázquez (SBN 222461)
      dvazquez@vgcllp.com
3  Gina Simas (SBN 205367)
      gsimas@vgcllp.com
4  **VGC, LLP**
   1515 7th Street, No. 106
5  Santa Monica, California 90401
   Telephone: (424) 272-9885
6
   Attorneys for Plaintiff
7  JOSEPH DIAZ, JR.

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11                  **EASTERN DIVISION**

12  JOSEPH DIAZ, JR.,                    | Case No. 5:20-cv-02332-JWH-KK

13            Plaintiff,                 | **PLAINTIFF JOSEPH DIAZ, JR.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**

14       v.

15  RALPH HEREDIA, true name             | *[Declarations of Joseph Diaz, Jr. and Diyari Vázquez and [Proposed] Order concurrently filed herewith]*
    RAFAEL HEREDIA TARANGO, a/k/a
16  RAFAEL HEREDIA, a/k/a RAFAEL
    BUSTAMANTE; JOHN DOE, ESQ.;
17  and JANE DOES 1 through 20,          | Courtroom:    2
    inclusive,                          | Judge:        Hon. John W. Holcomb
18
19            Defendants.

20

21

22

23

24

25

26

27

28

**TO THE COURT, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Joseph Diaz, Jr. ("Plaintiff"), by and through his undersigned counsel, hereby moves the Court for an Order sealing the redacted portions of the Joint Report of Meeting Under Rule 26(f) ("Joint Report"). This Application is made pursuant to Local Civil Rule 79-5.

Good cause exists to grant this Motion. Plaintiff applies for an Order sealing redacted portions of the Joint Report where Defendants seek to disclose Plaintiff's confidential medical and financial information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and invade Plaintiff's right to financial privacy (hereinafter the "Confidential Statements"). The public disclosure of the Confidential Statements would violate Plaintiff's privacy rights. Defendants also inserted inflammatory and libelous statements into the Joint Report in their continued attempt to use this Court as a forum to promote public scandal. Specifically, the statements in the Joint Report that Plaintiff seeks to be sealed are located at Joint Report Pages 4:18-20; 4:22-24; 4:27-5:3; 10:23; 10:27; 11:3-4; 11:6; 11:19; 12:11. The Court should not allow the Joint Report to be used as a vehicle for improper purposes.

Plaintiff met and conferred with Defendants' counsel and requested that they refrain from including the Confidential Statements and libelous statements from the Joint Report.  Defendants, however, refused.

This Application is based upon this Notice, the Memorandum of Points and Authorities, and the Declarations of Joseph Diaz, Jr. and Diyari Vázquez filed in support of this Application, the pleadings, records and files in this case, and upon such oral and documentary evidence that may be considered or relied upon by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

Plaintiff requests that the Court permit him to file under seal specific statements contained in Defendants' portion of the Joint Report. The redacted information constitutes private and confidential medical and financial information concerning the

1

Plaintiff, and the public disclosure of the information would reveal sensitive personal information and violate HIPAA and other applicable laws. As specified in the Declarations of Joseph Diaz, Jr. and Diyari Vázquez in support of this Application, the redacted statements that Plaintiff seeks to file under seal refer to his (1) medical information protected by state and federal law; (2) financial information subject to privacy protections; and (3) inflammatory and libelous statements designed to promote public scandal. Medical information is typically sealed and is of no interest to the public. *See MultiCraft Imports, Inc. v. Mariposa USA, Inc*., 2017 WL 5664995, at *2 (C.D. Cal. May 16, 2017). Similarly, courts in the Ninth Circuit routinely grant motions to seal confidential financial information. *See, e.g., F.D.I.C. v. Tarkanian*, 2012 WL 1327856 at *2 (S.D. Cal. April 17, 2012) (granting *ex parte* motion to seal statements containing financial information because it "might become a vehicle for improper purposes in the hands of business competitors or private citizens."). Here, Plaintiff requested Defendants omit the Confidential Statements and libelous statements from the Joint Report as they are unnecessary and violate this Court's Order instructing the Parties to only file a "short synopsis (not to exceed two pages) of the main claims in the Complaint and … primary affirmative defenses." (*See* Vázquez Decl. ¶ 8). Defendants' counsel refused to remove the information and, consequently, Plaintiff is forced to file this Application. *Id.* Because good cause exists to file this sensitive medical and financial information under seal and no public interest exists in disclosing the largely libelous statements, Plaintiff respectfully requests that this Court grant his Application. (*See* Diaz Decl. ¶¶ 3-5; Vázquez Decl. ¶¶ 3-7).

## II.    Legal Standard

The United States Supreme Court explicitly recognizes the discretionary power of the court to control and seal records and files in its possession. *See Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.* Thus, the law gives district courts broad latitude

2

1    to grant protective orders to prevent disclosure of many types of information, including
2    medical information and financial information. Local Rule 79-5 specifically provides
3    that this court may issue an order to file a document, or portions thereof, under seal.
4    L.R. 79-5. Although there is a federal common law right to access public records and
5    documents, "[i]t is uncontested . . . that the right to inspect and copy judicial records is
6    not absolute." *Nixon,* 435 U.S. at 598 ("courts have refused to permit their files to serve
7    as reservoirs of libelous statements for press consumption"). Where a litigant seeks to
8    seal attachments to a dispositive motion, the litigant must show "compelling reasons"
9    to seal the attachments. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–
10   1179 (9th Cir. 2006) (explaining that "[i]n general, 'compelling reasons' sufficient to
11   outweigh the public's interest in disclosure and justify sealing court records exist when
12   such ***'court files might have become a vehicle for improper purposes,' such as the use***
13   ***of records to gratify private spite, promote public scandal, circulate libelous***
14   ***statements,*** or release trade secrets."). For nondispositive motions, like the Joint Report
15   at issue here, a party need only establish "good cause," with a "particularized showing"
16   of the need to file the document under seal. *Id.*

## III.   Argument

###    A.    Good Cause Exists to Seal the Redacted Statements that Outweighs the Common Law Right to Access.

20   Courts have long recognized that medical information "contains sensitive and
21   private information," such that "[a]ny interest the public may have in the disclosure of
22   that information "is outweighed by [a person's] interests in the privacy of [his] medical
23   . . . records." *Hedrick v. Grant*, 2017 WL 550044, at *2 (E.D. Cal. Feb. 10, 2017); *see*
24   *also Domingo v. Brennan*, 690 F. App'x. 928, 930 (9th Cir. 2017) ("The district court
25   did not abuse its discretion in granting defendant's motion to file documents under seal
26   because the documents contained sensitive medical information."); *Heldt v. Guardian*
27   *Life Ins. Co. of Am.*, 2018 WL 5920029, at *2 (S.D. Cal. Nov. 13, 2018) ("The
28   declarations and exhibits that Defendant seeks to file under seal contain Plaintiff's

3

medical information. Documents containing specific medical information may be filed under seal. The need to protect medical privacy qualifies as a 'compelling reason' to seal documents."). The release of such highly sensitive health information also implicates state and federal law, including HIPAA (*see* 45 C.F.R. §§ 164.501 et seq. & 160.103), which mandate that the protected health information be kept confidential, even during ongoing court proceedings. In addition, courts routinely protect confidential financial information finding that good cause exists to seal such information. *See, e.g., Tarkanian,* 2012 WL 1327856 at *2.

The Confidential Statements in the Joint Report relate to Plaintiff's confidential medical and financial information. Therefore, the filing of these statements under seal is justified and appropriate. Each of the statements contains non-public, highly sensitive medical and financial statements relating to the Plaintiff. Plaintiff has a right to maintain the confidentiality of his medical conditions and financial information, and not to publicly disclose them—particularly when, as here, disclosure would give the media and Plaintiff's competitors an inside look into Plaintiff's medical and financial condition. Here, because Plaintiff is a high profile and public figure, the revelation of such extremely sensitive information can be extremely detrimental. For example, Plaintiff has an important bout scheduled on December 4, 2021. The media attention that may result from the disclosure of the Confidential Statements, as well as the competitive advantage that could be gained by Plaintiff's opponent, is entirely unavoidable by simply sealing the Confidential Statements. (*See* Diaz Decl. ¶¶ 3-5). There is absolutely "good cause" to order all of the Confidential Statements be sealed.

This is especially the case when, as here, the party seeking to have the statements made public has a history of feeding the press stories from the litigation. (Vázquez Decl. ¶¶ 4-5, Exs. A & B). In other words, disclosure of the Confidential Statements and libelous statements that Plaintiff seeks to seal here would allow the Joint Report to "*become a vehicle for improper purposes*" including the use of these statements "*to gratify private spite, promote public scandal, and circulate libelous statements*" which

4

Ninth Circuit precedent holds is sufficient to grant a motion to seal. *Kamakana*, 447 F.3d at 1178–1179. Plaintiff's counsel made a simple request that the redacted statements be omitted from the Joint Report. (Vázquez Decl. ¶ 8). Yet Defendants insisted that they not be removed. (*Id.*). Given that the statements are entirely unnecessary to the Joint Report, their insertion can only be motivated by spite and a desire to promote public scandal. The Court should not allow the Joint Report to be used as a vehicle for improper purposes.

### B.   The Request is Narrowly Tailored.

Plaintiff narrowly requests to seal only statements in the Joint Report where his medical or financial information is discussed, as well as libelous and inflammatory statements designed to promote public scandal.

### C.   Requested Duration of Sealing

Plaintiff requests that the Confidential Statements and inflammatory and libelous statements in the Joint Report be permanently sealed.

## IV.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Application for Leave to File Under Seal the unredacted version of the Joint Report.


Dated:  November 5, 2021                     **VGC, LLP**

By: *  /s/ Diyari Vázquez*

James L. Greeley
Diyari Vázquez
Gina Simas
Attorneys for Plaintiff
JOSEPH DIAZ, JR.

1

## **CERTIFICATE OF SERVICE**

2

3        I, Diyari Vázquez, hereby certify that on November 5, 2021, I electronically

4   filed the foregoing with the Clerk of the Court using the CM/ECF system, which will

5   send notification of such filing to the e-mail addresses denoted on the Electronic Mail

6   Notice List, and I hereby certify that I have mailed the foregoing document to the non-

7   CM/ECF participants indicated on the Manual Notice List.

8   Dated: November 5, 2021                    By:   */s/ Diyari Vázquez*
                                                      Diyari Vázquez
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JOSEPH DIAZ, JR.'S APPLICATION FOR
LEAVE TO FILE UNDER SEAL