James L. Greeley (SBN 218975)
    jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
    dvazquez@vgcllp.com
Gina Simas (SBN 205367)
    gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885

*Attorneys for Plaintiff*
JOSEPH DIAZ, JR.

Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

*Attorneys for Defendants*
Ralph Heredia and Heredia Boxing Management

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | Case No. 5:20-cv-02332-JWH-KK |
| Plaintiff, | **JOINT REPORT OF MEETING UNDER RULE 26(f)** |
| v. | Scheduling Conference: November 19, 2021 at 11:00 a.m. |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | Courtroom:    2 |
| | Judge:    Hon. John W. Holcomb |
| Defendants. | |

**TO THE HONORABLE JUDGE JOHN W. HOLCOMB**:

The Parties hereby jointly submit their Report of the early meeting of counsel, as required by FED. R. CIV. P. 26(f), Local Rule 26-1, and this Court's Order setting the Scheduling Conference for November 19, 2012 at 11:00 AM [Dkt. 73].  An initial joint meeting was held by teleconference on October 13, 2021, and was attended by: James Greeley, Diyari Vázquez and Gina Simas for Plaintiff Joseph Diaz, Jr. ("Plaintiff"); and Eric Montalvo and Erik Cox for Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management ("HBM") (collectively "Defendants")

1.   **Statement of the Case**

(a)   **Plaintiffs' Statement:**

Plaintiff is a professional boxer and Heredia acted as his boxing manager. Heredia was supposed to represent Plaintiff in contractual negotiations relating to boxing contests, exhibitions, and training exercises.  As a boxing manager, Heredia's compensation was a percentage of the money that Plaintiff earned, which amount is supposed to be fixed by contract, and which contract must be approved by the California State Athletic Commission.  A boxing manager is a fiduciary who is supposed to be wholly devoted to his or her client's best interests and who has a professional, legal, and ethical responsibility to handle a boxer's business affairs with care and trust.  Heredia did not do this for Plaintiff.  Heredia manipulated, exploited, and stole from Plaintiff in violation of both state law and the federal Muhammad Ali Boxing Reform Act ("Ali Act").  While Heredia served as Plaintiff's manager, and unknown to Plaintiff, Heredia was not licensed as a boxing manager. The reason Heredia was not licensed is likely due to the fact that he has been hiding his true identity. The name "Ralph Heredia" is one such alias used to conceal his criminal past.  Heredia did not disclose these facts to Plaintiff.  After signing Plaintiff as a client, Heredia used Plaintiff to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia continuously put his own interests over Plaintiff's and sought

1

benefits for himself from Golden Boy rather than advocating for Plaintiff's interests—a violation of the Ali Act and his duties as a manager. Heredia also repeatedly stole from Plaintiff—both money and personal property. He did so with the help of an attorney, Defendant John Doe, Esq., whose name Plaintiff does not know and whom he never agreed to retain.

HBM is a California corporation and another vehicle of Heredia's theft from Diaz. The only officers and directors listed for HBM in its public filings with the California Secretary of State are Moses and Ralph Heredia. Those same filings describe HBM as a "boxing management" business. But the California Athletic Commission has no record stating that HBM has ever received a license. Despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars from Diaz's ring earnings. All of the payments to HBM were illicit and improper.

Through this action, Plaintiff seeks compensatory and punitive damages, as well as the recovery of his attorneys' fees, for Defendants' violations of state and federal law, including violation of the Muhammad Ali Boxing Reform Act (15 U.S.C. §§ 6301, et seq.); fraud; conversion; breach of fiduciary duty; breach of implied-in-fact contract; tortious interference with prospective economic advantage; accounting; and quantum meruit.

(b) **Defendants' Statement:**

Plaintiff is seeking the proverbial "second bite at the apple." The contractual relationship in question arises from a valid Boxer-Manager contract ("Contract") entered into between Diaz and Moses Heredia on February 23, 2017. Paragraph C.4 of the Contract states, in pertinent part, that "[a]ll controversies arising between the parties hereto, including but not limited to controversies concerning the validity and/or enforceability of this contract, shall be submitted to arbitration . . ." and "the decision of the arbitrator shall be final and binding upon the parties hereto and each of them bound thereby." On July 9, 2021, In the Matter of the Arbitration of Contract

2

Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer, the Commission, after concluding the Contract was valid, ruled that damages were to be "awarded to Manager for Boxer's breach of contract." [1]

The arbitration brief submitted to the Commission by Boxer's counsel, who also represent him in the instant matter, included, *inter alia*, the following allegations:

- **Ralph Heredia**, Not Claimant, Acted as Mr. Diaz's Boxing Manager

- **Ralph Heredia** Signed the 2012 contract as an Unlicensed Manager;

- **Ralph Heredia** urged Mr. Diaz to Sign the Subject Contract Placing Him Under Contract for More than Nine Uninterrupted Years in Violation of Cal. Law

- **Ralph Heredia** Signed the Golden Boy contract as Mr. Diaz's "Co-

---

[1] *See also* Arbitration Decision.  In February 2017, the parties took action to terminate the 2012 agreement that they believed was valid in order for Boxer and Manager to enter into an entirely new agreement which contained different terms (i.e., the Contract). On February 23, 2017, the parties met with Commission representative Larry Ervin to execute a Release of Contract that expressly released the parties from any further liability or obligation under the 2012 agreement. (See Exhibit 6, Release of Contract.) That same day, in the presence of Boxer's father and Commission representative Ervin, who reviewed the Contract with the parties prior to its execution, Boxer and Manager executed the Contract at issue in this arbitration. Under the terms of the Contract, Manager is to receive 18% of Boxer's fight purses and Boxer is guaranteed at least two (2) fights per year. More importantly, **the Contract was approved in writing by the Commission and duly recorded in the Commission's records as Contract ID No. M-2017-0006.  After the Contract was signed, Boxer and Manager's relationship appears to have remained strong and cooperative.** Manager helped Boxer negotiate another highly advantageous promotion contract with Golden Boy that included a $150,000 signing bonus, bouts on high-profile fight cards and lucrative incentive provisions. Manager helped negotiate a lucrative promotional deal with Golden Boy Promotions (Golden Boy) and also worked to obtain product endorsement deals for Boxer. **Over this time, the relationship between Boxer, Manager and Ralph Heredia appears to have been strong and cooperative.**

3

Manager"

•    **The Heredias** Used their Relationship with Mr. Diaz to Advance Their Own Interests at His Expense in Violation of their Contractual and Legal Duties…

The Heredias and Diaz's relationship spanned almost a decade, which included fiercely loyal and dedicated management that culminated in Diaz winning a World Championship.  The controversy underpinning this matter arose on August 12, 2020, when Diaz ended his successful relationship with the Heredias by publicly announcing that he signed an "agreement" with MTK Global Sports Management, LLC, ("MTK Global"), an unlicensed rival promotion and management company. After this public announcement, Diaz stopped communicating with the Heredias. This abrupt and public departure came on the heels of the Heredias helping Diaz secure new relationships that garnered him an advance of $100,000 during the same period he was still enjoying significant financial assistance from Heredia – financial assistance Diaz still refuses to repay.  This departure constituted a breach of the Boxer-Manager contract.  During the duration of the relationship the Heredias were extraordinarily successful in managing both Diaz's professional career and containing his increasingly poor judgement and choices. ███████████████ ███████████████████████████████████████████████████████ ██████████████████████ Heredia, recognizing Diaz's potential as a person and a fighter, committed every resource he could muster to assist Diaz so that he could achieve his true potential. ████████████████████████████████████ ██████████████████████████████████████████████████████████ █████████████████.

Shortly after Diaz stopped communicating with Heredia, he spiraled out of control.  On February 13, 2021, Diaz lost his World Championship belt by failing to make weight by 3.6 pounds ███████████████████████████████ ███████████████████████████████████████████████

4

1

2

3

4  　　　Virtually every allegation being raised by Plaintiff now was properly raised

5  before the Commission to no avail.  The Commission, the exclusive jurisdiction for

6  these issues, found the Contract valid and that Diaz benefitted from the longstanding

7  relationship between the parties.

8

9  2.  **Subject Matter Jurisdiction**

10  　　　(a)  **Plaintiff's Position:**

11  　　　This Court has subject matter jurisdiction over Plaintiff's claims under 28

12  U.S.C. § 1331 (action arising under the laws of the United States).  Specifically,

13  Plaintiff alleges that Defendants violated the Muhammad Ali Boxing Reform Act.

14  *See* 15 U.S.C. §§ 6301, *et seq*.  On November 9, 2020, Defendant Heredia removed

15  this action to this Court.  (<u>See</u> ECF No. 1.)

16  　　　(b)  **Defendants' Position:**

17  　　　Plaintiff has failed to allege a sufficient federal claim and thus the Court has

18  no subject matter jurisdiction.  Pursuant to the Court's May 18, 2021 Order [ECF

19  No. 44] holding that Defendant Ralph Heredia was not a signatory to the Boxer-

20  Manager contract relied on by Diaz ("Contract"), the law of this case is that

21  Defendant Heredia is not a party to the Contract referenced, incorporated, and relied

22  upon in Plaintiff's complaint. Plaintiff does not allege any separate oral contract

23  between himself and Defendant Heredia with respect to boxing management.

24  Therefore, any of Plaintiff's Contract-based claims in relation to the Muhammad

25  Boxing Reform Ali Act, 15 U.S.C. §§ 6301-6315 are not cognizable and must be

26  dismissed.

27

28

3.   **Legal Issues**

(a)   **Plaintiff's Position:**

Plaintiff alleges the following claims against Defendants Heredia and/or HBM: Fraud; Breach of Fiduciary Duty; Breach of Implied-In-Fact Contract; Conversion; Tortious Interference with Prospective Economic Advantage; Violation Of The Muhammad Ali Boxing Reform; Quantum Meruit; and Accounting. Unusual substantive and evidentiary issues will relate to issues previously decided during a June 2021 arbitration involving Plaintiff and Heredia's brother, Moses Heredia. Legal issues include, *inter alia*, whether Heredia was Plaintiff's manager, whether Heredia stole from Plaintiff, and whether Heredia intentionally concealed material facts from Plaintiff to induce him to enter into an arrangement with him whereby Heredia could manipulate, exploit, and take advantage of Plaintiff.

In June 2021, the California Athletic Commission held an arbitration between Moses Heredia and Plaintiff.  Defendant Heredia was not a party to this action. During this arbitration, the Commission expressly ruled that the 2012 Management Agreement between Plaintiff, on the one hand, and Heredia and Moses Heredia, on the other hand, was not a valid boxer-manager contract and "was invalid on its face" because it was not executed or approved by the Commission, in direct violation of the Commission's regulations.  This finding should have a res judicata or collateral estoppel effect in this action.   Legal issues will likely arise concerning the arbitrations' findings and non-findings.

(b)   **Defendant's Position:**

The legal issues identified in Plaintiff's First Amended Complaint have all been presented, and evidence received, during the arbitration between non-party to the instant matter Moses Heredia, and Plaintiff Diaz.  Thus, the issues have either been settled during the arbitration, or competent evidence has already been received on the issues.  Remaining key legal issues to be decided include:

• Whether Plaintiff's claims are insufficient and must fail as a matter of

6

law;

• Whether the Ali Act allegations are insufficiently pled and must fail, thus depriving the Court of jurisdiction;

• Whether the Court should take judicial notice under Fed. R. Evid. 201 of the arbitration proceedings including the July 9, 2021 California State Athletic Commission arbitration decision, as the arbitration and the evidence therein are not subject to reasonable dispute, and the facts presented in the arbitration proceedings including the decision are generally known to all relevant parties to this case;

• Whether Plaintiff's First Amended Complaint constitutes an improper collateral attack on the arbitration decision inasmuch as the First Amended Complaint purports to relitigate issues already percussively decided by the arbitrator;

• Whether Plaintiff's First Amended Complaint constitutes an improper collateral attack on the arbitration decision inasmuch as the issues presented in the First Amended Complaint are contrary to the issues decided by the arbitrator or presented and rejected by the arbitrator, such that the First Amended Complaint should be dismissed; and

• The arbitration decision has conclusively decided the issue of Moses Heredia's role as Diaz' boxing manager, Ralph Heredia's role as Moses' assistant, Diaz' knowledge of Ralph Heredia's history, and the loans made from Moses and Ralph Heredia to Diaz. Diaz' sworn testimony during the arbitration proceedings, where he was represented by the same counsel as in this case, directly contradicts his claims made in this case. The only claims not blocked by the statute of limitations is the 2017 boxer-manager agreement, which the arbitrator found to be valid, but cancelled effective July 10, 2021 because he determined the parties could no longer work together productively.

4.    **Parties, Evidence, etc:**

    (a)    **Plaintiff's Parties and Witnesses:**

           Joseph Diaz, Jr. (Plaintiff)

           Ralph Heredia (Defendant)

           Heredia Boxing Management (Defendant)

           Moses Heredia (Witness)

           Golden Boy Representative (Witness)

           Steve Bash (Witness)

           Robert Diaz (Witness)

Other witnesses identified in discovery that are relevant to the Plaintiff's claims.

    (b)    **Defendants' Parties and Witnesses:**

           All parties and witnesses named or called by Plaintiff, plus:

           Lynnay Navarette;

           Mike Powers;

           Joseph Diaz, Jr.

Other witnesses identified in discovery that are relevant to the allegations and defenses.

    (c)    **Plaintiff's Key Documents:**

      1.  Boxer – Manager Contracts

      2.  Promotion Agreement with Golden Boy Promotions LLC

      3.  Various articles concerning Plaintiff and Defendants

      4.  Emails and texts with all parties involved

      5.  Agreements among the parties

      6.  Copies of checks received by the Parties

      7.  Documents relating to Defendants' background

8. Arbitration Ruling Issued by the California State Athletic Commission in June 2021

9. Release of Contract

10. Telephonic records

11. Banking statements

12. Ticket receipt

13. Car title

Plaintiff reserves the right to object to any documentary or tangible evidence identified or attempted to be used by Defendant.  Plaintiff further reserves the right to rely on documents identified by Defendants or through discovery.

(d)   **Defendants' Key Documents:**

Defendants reserve the right to object to any documentary or tangible evidence identified or attempted to be used by Plaintiff.  Subject thereto, Defendants identify all documents identified by Plaintiff, and to the extent that such documents do not include the documents below, the documents described below:

1. Moses Heredia Boxing Manager License;

2. September 4, 2012 Boxer-Manager Contract No. M-2012-0012 among JoJo Diaz, Moses Heredia, and Ralph Heredia;

3. December 7, 2012 Promotion Contract Term Sheet with Golden Boy Promotions among JoJo Diaz, Golden Boy, and the Heredias;

4. February 23, 2017 Release of Boxer-Manager Contract No. M-2012-0012 signed by JoJo Diaz and the Heredias;

5. February 23, 2017 Boxer-Manager Contract No. 2017-0006 and the February 24, 2017 "Notice of Approved Contract" from the Commission signed by Heather Jackson of the California State Athletic Commission;

6. March 2017 emails concerning discussing the new Promotion

9

Contract Term Sheet;

7. March 22, 2017 Promotion Contract Term Sheet among JoJo Diaz, Golden Boy, and Moses Heredia;

8. Emails concerning the Tevin Farmer bout between Roberto Diaz of Golden Boy and the Heredias;

9. Pictures of the cut above JoJo Diaz's eye post-Farmer bout;

10. Medical documents and emails concerning JoJo Diaz's recovery post Farmer bout;

11. News stories concerning the California State Athletic Commission's decision concerning COVID-19;

12. August 12, 2020 public announcement by MTK Global Sports Management, LLC ("MTK Global") concerning its signing of Diaz;

13. Screenshots from MTK Global;

14. Press releases from MTK Global;

15. Declaration of Moses Heredia;

16. Text message from Diaz to Moses Heredia on July 24, 2020;

17. Declaration of Ralph Heredia;

18. Relevant text messages to Ralph Heredia;

   a. Text message calling Ralph "Bustie" with photo of Edward James Olmos in the movie "American Me";

   b. November 26, 2019 text concerning Diaz response to Golden Boy's tactics over the Farmer bout;

   c. February 2020 text from Mike Powers offering a ███████ loan;

   d. July 14, 2020 text from Diaz in response to not having to fight the rematch with Tevin Farmer;

   e. August 3, 2020 text from Diaz requesting ██████ and request to go over current outstanding debt;

f. August 9, 2020 text from Diaz stating signed a deal with MTK Global;

g. March 15, 2021 inadvertent text from Diaz ██████████

19. October 2018 Email communications between Diaz and Ralph Heredia ███████████████████;

20. Invoices and Communications with Dr. Steve Brown;

21. July 17, 2020 text from Breezh Nunez;

22. Declaration of Lynnay Navarette;

23. Check paid to Steve Martin to represent Diaz in hearing for protective order concerning Navarette;

24. August 20, 2020 Request for Arbitration submitted by Moses Heredia;

25. November 9, 2020 email from VGC to Golden Boy;

26. Public Announcement concerning Diaz' February 13, 2021 bout against Shavkatdzhon Rakhimov;

27. News story concerning Diaz failing to make weight for the February 13s, 2021 bout;

28. September 9, 2019 email from Diaz requesting a ████ loan in exchange for 30% management fees;

29. August 31, 2020 email from Mark St. Pierre of Closers Corp, LLC;

30. Diaz' arrests and associated court records;

31. Bout Accounting;

32. Debt Accounting with receipts;

33. Heredia Boxing Management charter documents;

34. Heredia Boxing Management information filings with the California Secretary of State;

11

35. Press concerning MTK's management of Diaz;

36. 2012 License for Mr. Ralph Heredia;

37. DAZN article concerning the Rakhimov bout;

38. Receipt for tickets for the Canelo fight;

39. Moses Heredia 2020-2021 manager application license;

40. Transcript of arbitration proceedings in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer;"

41. Financial records to support payments made and received by Mr. Diaz;

42. Text and Pictures of a March 2020 ███ Test administered by Diaz, Sr. (and test interpretation materials);

43. "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer;" Arbitration Decision.

44. Bout financial comparisons;

45. Car insurance communications regarding Mr. Diaz's payment delinquency and lapse of policy; and

46. Financial disbursements and communications relating to Mr. Diaz's vendors; landlords; creditors; and personal service providers.

5.    **Damages**

Plaintiff seeks compensatory and punitive damages, as well as the recovery of his attorneys' fees, an amount of which will be determined at trial.

Defendants contend that Plaintiff has suffered no damages inasmuch as all his claims are without merit.

6.   **Insurance**

Defendants assert that they do not have insurance coverage to cover the claims of the Plaintiff, but will comply with any Rule 26 disclosures and make any such assertion at the time of disclosure if after review of Defendants' insurance such an assertion remains.

7.   **Motions**

(a)   **Plaintiff's Position:**

After some discovery, Plaintiffs may seek to convert several DOE defendants to named parties in the case.  At this stage in the case, Plaintiff is not aware of other motions that may be filed in this case.  As discovery progresses, the Plaintiff will assess whether any discovery motions are necessary, as well as whether to file motion for summary judgment or motion for partial summary judgment.

(b)   **Defendants' Position:**

Defendants intend to file a Rule 12(c) motion for judgment on the pleadings for each of Ralph Heredia and HBM promptly, and early enough not to delay trial. Plaintiff's counsel and Defendants' counsel met and conferred on Defendants' intended 12(c) motions on October 18, 2021 pursuant to the Local Rules and this Court's expectations.

If Plaintiff's counts relating to the federal Ali Act are dismissed, Defendants intend to move for the case's return to state court as this Court will thereafter be deprived of jurisdiction.

The need or desirability of other motions may become evident upon further discovery and as the case progresses.

8.   **Manual for Complex Litigation**

The Parties do not anticipate utilizing the Manual for Complex Litigation.

9.    **Status of Discovery**

The Parties intend to propound written discovery requests during November 2021 through March 2022. Plaintiff propounded Requests for Admission, Interrogatories, and Requests for Production to Defendant Ralph Heredia on October 18, 2021.  The Parties have exchanged their Rule 26(a) Initial Disclosures by October 27, 2021.  The Parties have agreed that they will provide all disclosures as per Rule 26(a).

By the time this Report is filed with the Court, Defendants will have noticed the deposition of Plaintiff Joseph Diaz.

10.    **Discovery Plan**

(a)    **Plaintiff's Plan:**

Among other things, Plaintiff intends to (1) propound additional written discovery requests related to Plaintiff's claims; (2) take oral depositions of Heredia, Moses Heredia, HBM and any other individuals who Plaintiff discovers are necessary to prove Plaintiff's claims; and (3) designate financial and/or accounting expert.

**Plaintiff's discovery plan pursuant to Rule 26(f)(3):**

(A)    On October 27, 2021, Plaintiff timely served his Fed. R. Civ. P. 26(a) initial disclosures.

(B)    Discovery should commence immediately, particularly given Defendants' ongoing pattern of gamesmanship and unending efforts to delay this action.  Heredia removed this action over 11 months ago, and Defendants continue to engage in delay tactics.  Plaintiff desires to engage in discovery immediately.  To that end, Plaintiff served Heredia with Requests for Admission, Interrogatories, and Requests for Production to Defendant on October 18, 2021.

(C)    Plaintiff is presently unaware of any issues that may exist with respect to the disclosure, discovery, or preservation of electronically stored information.

(D)   Plaintiff anticipates that relevant documents or information might be subject to claims of privilege or of protection as trial preparation materials.

(E)   At present, no changes are necessary to the limitations on discovery imposed under these rules or by local rule.

(F)   A protective order is necessary in order to protect confidential, proprietary, or trade secret material produced in discovery including but not limited to financial information.  Plaintiff will prepare a proposed protective order modeled after the Central District's Model Stipulated Protective Order and will provide to Defendant.

(b)   **Defendants' Plan:**

By the time this Report is filed with the Court, Defendant Ralph Heredia will have noticed the deposition of Plaintiff Joseph Diaz.

**Defendants' discovery plan under Rule 26(f)(3) is as follows:**

(A)   what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

Defendants timely made their Fed. R. Civ. P. 26(a) initial disclosures on October 27, 2021.

(B)   the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

Discovery should be stayed until Defendants' Rule 12(c) motions are decided. To embark on discovery when it is possible or likely that many or all of Plaintiff's claims will be dismissed as incapable of supporting relief would be a waste of judicial resources and would not promote the just, speedy, and inexpensive determination of the action.

Should  discovery  eventually  proceed,  it  should  be  limited  to  any  issues

15

1  remaining after disposition of Defendants' Rule 12(c) motions.

2      (C)    any issues about disclosure, discovery, or preservation of electronically

3  stored information, including the form or forms in which it should be produced;

4          At present, Defendants are unable to assess any issues that may exist with

5  respect to the disclosure, discovery, or preservation of electronically stored

6  information.  Defendants will promptly bring any such issues of which they become

7  aware to the Court's attention.

8      (D)    any issues about claims of privilege or of protection as trial-preparation

9  materials, including—if the parties agree on a procedure to assert these claims after

10 production—whether to ask the court to include their agreement in an order under

11 Federal Rule of Evidence 502;

12          Defendants anticipate that relevant documents or information might be

13 subject to claims of privilege or of protection as trial preparation materials.

14 Defendants and Plaintiff will discuss agreeing on a procedure to assert these claims

15 after production and if an agreement is reached, will as the Court to include such

16 agreement in an order under Federal Rule of Evidence 502.

17     (E)    what changes should be made in the limitations on discovery imposed

18 under these rules or by local rule, and what other limitations should be imposed;

19          Defendants do not anticipate that any changes will be necessary in the

20 limitations on discovery imposed under these rules or by local rule.  Defendants do

21 not presently believe that any other limitations should be imposed.

22     (F)    any other orders that the court should issue under Rule 26(c) or under

23 Rule 16(b) and (c).

24          Defendants anticipate that a protective order may be necessary covering

25 confidential, proprietary, or trade secret material produced in discovery.  If such an

26 order appears necessary, the parties will attempt to stipulate to same and present it

27 to the Court by agreement.

28

11.   **Discovery Cut-off**

The Parties propose a discovery cut-off date of March 21, 2022.

12.   **Expert Discovery**

The Parties propose expert witness disclosures (initial) be disclosed by December 1, 2021 and expert disclosure (rebuttal) by January 7, 2022. an expert.

13.   **Dispositive Motions and Schedule**

(a)   **Plaintiff's Motions:**

At this time, it is premature for Plaintiff to determine what, if any, dispositive motions he might be bring.

(b)   **Defendants' Motions:**

Defendants intend to file a Rule 12(c) motion for each of Ralph Heredia and HBM and have met and conferred with Plaintiff on October 18, 2021 regarding these forthcoming motions.  Defendants will file their motions promptly.  After the close of discovery, Defendants may file a summary judgment motion or partial summary judgment motion on any remaining claims.

14.   **Settlement**

Although the Parties have attempted to resolve their disputes, no discussions have been successful to date.  The Parties are open to participating in Settlement Procedure No. 3, a non-judicial dispute resolution proceeding.

Plaintiff's counsel telephoned Defendants' counsel on October 21, 2021 asking about Defendants' interest in settling.  Defendants' counsel advised that previous settlement discussions had not been fruitful since all parties were not in the discussions and Defendants preferred a comprehensive settlement.  Defendants' counsel expressed interest in hearing any omnibus settlement proposal that Plaintiff wanted to make and Defendants' counsel is waiting to hear back from Plaintiff's

17

counsel as to whether they would be amenable to such a resolution.

15. **Trial Estimate**

The trial of this matter will be by the court with a jury.  The Parties have not completed sufficient discovery to realistically know the length of the trial but anticipate that the trial of this matter will take approximately seven to ten days. Plaintiff anticipates calling approximately six witnesses.

16. **Trial Counsel**

Plaintiff: James L. Greeley; Diyari Vázquez; and Gina Simas

Defendant: Eric Montalvo and Rajan Dhungana

17. **Independent Expert or Master:**

The appointment of a master is not necessary at this time.

18. **Timetable**: See Exhibit "A", which is attached hereto (Schedule of Pretrial and Trial Dates form).

19. **Amending Pleadings and Adding Parties**

(a)    **Plaintiff's Position:**

Plaintiff does not currently intend to amend its First Amended Complaint or add parties, but reserves the right to do so in the future.  Plaintiffs may seek to convert several DOE defendants to named parties in the case.

(b)    **Defendants' Position:**

Plaintiff has amended its complaint once after declaring he intended not to do so.  Defendants will oppose any further attempt to amend the complaint. Defendants do not anticipate adding parties but reserve their right to do so subject to information learned during discovery.

JOINT REPORT OF MEETING UNDER RULE 26(f)

20.    **Other Issues**

    (a)    **Plaintiff's Position:**

At this time, Plaintiff is unaware of any issues that may tend to make this action unusual, challenging, or difficult.

    (b)    **Defendants' Position:**

At this time, Defendants are unaware of any issues that may tend to make this action unusual, challenging, or difficult.

21.    **Consent to Proceed Before Magistrate Judge**

Counsel for all parties have discussed whether the Parties consent to have a Magistrate Judge of this Court conduct any and all necessary proceedings and order the entry of judgment in this matter pursuant 28 U.S.C. § 636(c) and General Order 12-01. The parties do not consent to the assignment of this matter to a Magistrate Judge.

19

## EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 5:20-cv-02332-JWH-KK | | |
|---|---|---|---|
| Case Name: | *Joseph Diaz, Jr. v. Ralph Heredia, et al.* | | |
| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
| **X** Jury Trial *or* ☐ Bench Trial **(Monday at 9:00 a.m.)** Length: 7-10 days | July 25, 2022 | July 11, 2022 | |
| Final Pretrial Conference [L.R. 16] **(Friday−17 days before trial date)** | July 15, 2022 | June 24, 2022 | |
| Hearing on Motions *in Limine* **(Friday−7 days before Final PTC)** | July 8, 2022 | June 17, 2022 | |
| Last Date to Hear Non-Discovery Motions | April 15, 2020 | April 15, 2022 | |
| Last Date to Conduct Settlement Conference | April 15, 2022 | April 15, 2022 | |
| All Discovery Cut-Off (including hearing all discovery motions) | March 31, 2022 | March 31, 2022 | |
| Expert Disclosure (Rebuttal) | January 7, 2022 | January 7, 2022 | |
| Expert Disclosure (Initial) | December 1, 2021 | December 1, 2021 | |

ADR [L.R. 16-15] Settlement Choice:

☐          Attorney Settlement Officer Panel

☒          Private Mediation

☐          Magistrate

          Judge

20

*Respectfully submitted,*

Dated:  November 5, 2021          **VGC, LLP**

By:    */s/ Diyari Vázquez*

James L. Greeley
Diyari Vázquez
Gina Simas
Attorneys for Plaintiff
JOSEPH DIAZ, JR.

Dated:  November 5, 2021          **FEDERAL PRACTICE GROUP**

By:    */s/ Eric Montalvo*

Eric S. Montalvo
Rajan O. Dhungana
Attorneys for Defendants
Ralph Heredia and
Heredia Boxing Management

JOINT REPORT OF MEETING UNDER RULE 26(f)

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), this signatory attests that the other signatories listed, on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

By:    */s/ Diyari Vázquez*
Diyari Vázquez

JOINT REPORT OF MEETING UNDER RULE 26(f)

# **CERTIFICATE OF SERVICE**

I, Diyari Vázquez, hereby certify that on November 5, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: November 5, 2021                By:  */s/ Diyari Vázquez*
                                                                    Diyari Vázquez

23