Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 5:20-cv-02332-JWH-KKx <br><br> **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Date:    December 10, 2021 <br> Time:    9:00 a.m. <br> Courtroom:  2 <br> Judge:   Hon. John W. Holcomb |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on December 10, 2021, at 9:00 a.m., before the Honorable John W. Holcomb, in Courtroom 2 of the United States Courthouse for the Central District of California, Eastern Division, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501, Defendant Ralph Heredia will and hereby does move the Court to dismiss Plaintiff's complaint via a motion for judgment on the pleadings.

This motion is made following the conference of counsel pursuant to Local Rule 7-3. Pursuant to Local Rule 7-3 and this Court's June 24, 2021 order [ECF No. 53], on October 18, 2021 (more than seven days prior to the filing of the motion) Defendant's counsel Eric Montalvo met and conferred with Plaintiff's counsel James Greeley and Gina Simas regarding this motion. Plaintiff's counsel responded that Plaintiff would oppose this motion and would not amend the complaint. As such, counsel were unable to reach a resolution for the motion.[1]

---

[1] Undersigned counsel will be filing all of the supporting exhibits under seal out of an abundance of caution given the Court's November 8 Order sealing portions of the Rule 26(f) Report [ECF No. 80.]. Defendants, however, contest that any of this information must be placed under seal, except for the Promotion Agreement, which contains a confidentiality provision which Plaintiff's counsel has disregarded. Further, Plaintiff's counsel made misrepresentations to the Court in its filing raising additional questions relating to the sealing of any of the exhibits. In connection with Plaintiff's application to seal part of the Rule 26(f) report, Plaintiff's counsel described the meet and confer, omitting relevant dates, to suggest that it complied with this Court's rules and clearly stated expectations. It did not.

Despite having Mr. Heredia's portion of the Rule 26(f) report in their possession since October 28, 2021, including the facts about his own public conduct that Mr. Diaz purportedly found so heinous (and has spoken to the media about *See* Exhibits 1-4) that it had to be filed under seal, Plaintiff's counsel waited until one day prior to the filing deadline to ask Mr. Montalvo's consent to first have Defendant remove the relevant information and then in the alternative file portions of the Rule 26(f) report under seal. Mr. Montalvo objected to the statements being removed. Mr. Montalvo also indicated that the information contained was, *inter alia*, included in public

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed in this action, the evidence of which the Court may take judicial notice;[2] and such further argument and matters as may be offered at the time of the hearing of this motion.

---

records. Noteworthy is that Mr. Diaz himself has spoken to these issues in the media. Moreover, some of the entries were the descriptions of evidentiary documents as required by the 26(f) report. None of it libelous because it is all true, documented, and relevant to the facts disputing that Mr. Heredia or anyone relating to him or HBM "stole" money.  This money was used entirely for Mr. Diaz's benefit which is well documented and known to Mr. Diaz and his counsel. In the email colloquy discussing same in which Mr. Montalvo refused to agree to this belated and what he viewed as an unfounded request stated the following, "I have reviewed and considered the concerns raised.  All of the information contained in the summary is public information.  Please file it as was written.  I understand if you want to seek a protective order.  All of this information is relevant to the defense in this case.  We will just need to deal with it through motions practice.  In response Mr. Simas stated, "I am trying very hard to maintain professional courtesy…" Mr. Montalvo's response to this arises in the following context:

During the October 18, 2021 meet and confer for this motion, Mr. Greeley started shouting and making scurrilous unprovoked personal and professional attacks on Mr. Montalvo, devolving into cursing and name-calling toward Mr. Montalvo to include challenging his man hood and that he was afraid to litigate and was a loser. This was not the first such unprovoked invective by Mr. Greeley. Ms. Simas statement that she was "trying very hard to maintain professional courtesy" was on the heels of this most recent encounter with VGC counsel and Mr. Montalvo's response he was sorry that she felt the need to try to be professional, and observed that was "something your firm struggles with" which is in this context.  This disrespectful and continuing behavior by VGC counsel has remained throughout the pendency of these matters.

[2] As stated, some of the very material that this Court ordered sealed had already been made public by Plaintiff himself before the Court ordered it filed under seal. Plaintiff's request that it be removed from the public record is at odds with his vociferous public statements wrongly impugning Defendant's character. Plaintiff

Dated: November 12, 2021            Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*

Ralph Heredia

---

simultaneously wants to be free to make bombastic public (false) statements about Mr. Heredia, then beseech the Court's protection to shield from further scrutiny his real misconduct including criminal and civil offenses that are a matter of public record. However, Mr. Heredia intends to move at the appropriate time for that material to be unsealed.