Rajan O. Dhungana (SBN: 297794)
  rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
  emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>Plaintiff,<br>vs.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-02332-JWH-KKx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:     December 10, 2021<br>Time:     9:00 a.m.<br>Courtroom:  2<br>Judge:    Hon. John W. Holcomb |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................... iv

STATEMENT OF THE MOTION ................................................................ 1

INTRODUCTION ........................................................................................ 1

I.   Request for Judicial Notice ............................................................. 3

II.  Procedural History .......................................................................... 3

LEGAL STANDARD .................................................................................. 3

I.   Legal Standard for a Motion for Judgment on the Pleadings ......... 3

II.  Legal Standard for Incorporation by Reference and Judicial Notice. ............. 4

ARGUMENT ............................................................................................... 5

I.   First Cause of Action ...................................................................... 5

     A. Plaintiff Did Not Plead Sufficient Allegations Under Any Theory or Subset of Fraud and Also Did Not Plead Damages ...................................... 5

     B. Plaintiff Did Not Plead with Particularity Nondisclosure Fraud .............. 6

     C. Plaintiff Did Not Plead with Particularity Fraudulent Inducement .......... 7

     D. Plaintiff Did Not Plead with Particularity Concealment Fraud ............... 7

     E. No Matter the Theory of Fraud, Plaintiff Has Not Adequately Pled Damages. ............. 8

II.  Second Cause of Action ................................................................... 9

     A. Ralph Heredia, Who is Not a Party to the 2017 Boxer-Manager Contract, Does Not Have a Fiduciary Duty to Diaz. ............. 9

III. Third Cause of Action ................................................................... 10

A. Plaintiff Does Not Allege Sufficient Facts to Pleade an Implied-In-Fact Contract .................................................................................. 10

IV.    Fourth Cause of Action ................................................................. 12

A. Plaintiff Did Not Allege Sufficient Facts Concerning Conversion ......... 12

1.  There Can Be No Conversion Under the 2012 Agreement ................... 18

2.  Plaintiff's Allegation of Conversion of The Lexus is Insufficiently Pled… 13

3.  No Monies Were Converted Under the 2017 Contract . ....................... 20

4.  Diaz Had No Right to Tickets Bought on The Open Market and Paid for with Moses Heredia's Own Money . ......................................................... 20

V.    Fifth Cause of Action ................................................................. 15

A. Plaintiff Did Not Allege Sufficient Facts to Plead Tortious Interference with Prospective Economic Advantage ...................................................... 15

1. Plaintiff Did Not Allege Interference with Probable Expectancies. ..... 16

2. Plaintiff Did Not Allege Wrongful Conduct by Heredia in Sufficient Detail to Support His Claim ................................................................. 17

VI.    Sixth Cause of Action ................................................................. 15

A. Plaintiff's Sixth Cause of Action Should Be Dismissed Because the Contract: 1) Is Only Between Plaintiff and Moses Heredia; 2) is Subject to the Exclusive Jurisdiction of the Commission and Binding Arbitration; and 3) Does Not State an Offense of the Ali Act ................................................ 18

1.  Plaintiff's Allegation Made About the Boxer-Manager Contract Concern Moses Heredia and not Defendant Ralph Heredia. ................................ 18

2.  The Boxer-Manager Contract is Under the Exclusive Jurisdiction of the California State Athletic Commission and has already definitively been adjudicated by them. ................................................................. 19

3.  Plaintiff did not allege a Violation of the Ali Act ..................................... 20

a. Plaintiff did not to allege—nor can he allege—that Defendant has a direct or indirect financial interest in Golden Boy Promotions .............. 20

b. Plaintiff did not allege that Defendant is Employed by or Received Compensation or Other Benefits from Golden Boy Promotions. .......... 21

VII.  Seventh Cause of Action ............................................................................ 22

A. Plaintiff Did Not Allege Sufficient Facts to Plead Quantum Meruit .......... 22

VIII.   Eighth Cause of Action .............................................................................. 23

A. Plaintiff Did Not Target the Correct Individual for an Accounting. .......... 23

CONCLUSION ......................................................................................................... 24

1

**TABLE OF AUTHORITIES**

2

**CASES**

3    *Agnew v. Parks*, 172 Cal.App.2d 756 (1959) ............................................... 8

4    *All. Mortg. Co. v. Rothwell*, 10 Cal.4th 1226 (1995)................................... 9

5    *Arizona v. California*, 460 U.S. 605 (1983) ............................................... 19

6    *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)............................................... 17, 21

7    *Beckwith v. Dahl*, 205 Cal.App.4th 1039 (2012)....................................... 6

8    *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*,

9        162 Cal.App.4th 858 (2008)........................................................ 8

10   *Brea v. McGlashan*, 3 Cal.App.2d 454 (1934)........................................ 24

11   *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104 (E.D. Cal. 2009).............. 8

12   *Cerra v. Blackstone*, 172 Cal.App.3d 604 (1985) ..................................... 12

13   *Civic Western Corp. v. Zila Industries, Inc.*, 66 Cal.App.3d 1 (1977) ...... 23

14   *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,

15        637 F.3d 1047 (9th Cir. 2011) .................................................... 6

16   *Clinton v. Hendricks & Lewis PLLC*,

17        557 F. App'x 665 (9th Cir. 2014) .............................................. 19

18   *Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997) ....................................... 6

19   *Cummings v. Future Nissan*, 128 Cal. App. 4th 321 (2005),

20        as modified (Apr. 8, 2005)........................................................ 21

21   *Division of Labor Law Enforcement v. Transpacific Transportation Co.*,

22        69 Cal.App.3d 268 (1977) ........................................................ 11

23   *Duke v. Superior Court*, 18 Cal.App.5th 490 (2017)................................. 12

24   *E. J. Franks Construction, Inc. v. Sahota*,

25        226 Cal.App.4th 1123 (2014)..................................................... 22

26   *Food Safety Net Services v. Eco Safe Systems USA, Inc.*,

27        209 Cal.App.4th 1118 (2012).................................................... 7

28   *Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc.*,

1       896 F. 2d 1542, 1550 (9th Cir. 1990) ........................................................ 4

2   *Hall v. Dep't of Adoptions,* 47 Cal.App.3d 898 (Ct. App. 1975) ................................ 9

3   *In re De Laurentiis Entertainment Group, Inc.,*

4       963 F.2d 1269 (9th Cir. 1992) ................................................................ 23

5   *In Re Samsung Galaxy Smartphone Marketing and*

6       *Sales Practices Litigation*, 2020 WL 7664461

7       (N.D. Cal. Dec. 24, 2020) ...................................................................... 6

8   *Kaar v. Wells Fargo Bank, N.A.,*

9       2016 WL 3068396 (N.D. Cal. Jun. 1, 2016) ................................................ 11

10   *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ................................ 6, 10

11   *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) .................... 4, 5

12   *Kimberlin v. Quinlan*, 199 F.3d 496 (DC Cir. 1999) ....................................... 19

13   *Knox v. Dean*, 205 Cal.App.4th 417 (2012) ................................................... 9

14   *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134 (2003) ................... 16

15   *Lazar v. Superior Court*, 12 Cal.4th 631 (1996) .............................................. 5

16   *Lee v. Hanley*, 61 Cal.4th 1225 (2015) ........................................................ 12

17   *Los Defensores, Inc. v. Gomez*, 223 Cal.App.4th 377 (2014) ............................. 23

18   *Lovejoy v. AT & T Corp.*, 92 Cal.App.4th 85 (2001) ........................................ 8

19   *Maglica v. Maglica*, 66 Cal.App.4th 442 (1998) ........................................... 11

20   *Marino v. Writers Guild of Am., E., Inc.*,

21       992 F.2d 1480 (9th Cir. 1993) ............................................................... 19

22   *Marvin v. Marvin*, 18 Cal.3d 660 (1976) .................................................... 11

23   *Misha Consulting Grp., Inc. v. Core Educ. and*

24       *Consulting Solutions, Inc.,*

25       2013 WL 6073362 (N.D. Cal. Nov. 15, 2013) ............................................ 11

26   *Ochs v. PacifiCare of California*, 115 Cal.App.4th 782 (2004) ........................... 23

27   *Parino v. BidRack, Inc.*, 838 F.Supp.2d 900 (N.D. Cal. 2011) ............................. 7

28   *Richman v. Hartley*, 224 Cal.App.4th 1182 (2014) ......................................... 10

*Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal.4th 394 (1996) ................................. 7

*Roy Allan Slurry Seal, Inc., v. American Asphalt South*,
  2 Cal.5th 505 (2017) ........................................................................ 16

*RSB Vineyards, LLC v. Orsi*, 15 Cal.App.5th 1089 (2017) ........................................ 6

*Slaieh v. Simons*, 584 B.R. 28 (C.D. Cal. 2018) ........................................................ 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308, (2007) ........................................................................ 4

*Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)
  (cert. denied 508 U.S. 951 (1993)) ................................................. 18

*U.S. v. Alexander*, 106 F.3d 874 (9th Cir. 1997) ..................................................... 18

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ................................ 5

*Ward v. Nat'l Entm't Collectibles Ass'n, Inc.*,
  2012 WL 12885073, (C.D. Cal. Oct. 29, 2012) ............................... 9

*Westside Center Associates v. Safeway Stores 23, Inc.*,
  42 Cal.App.4th 507 (1996) ............................................................. 16

*Youst v. Longo*, 43 Cal.3d 64 (1987) ................................................................. 16, 17

## STATUTES

Federal Arbitration Act, 9 U.S.C. §§ 1-16. ................................................................ 2

Muhammad Boxing Reform Ali Act, 15 U.S.C. §§ 6301-6315 ................................. 2

15 U.S.C. § 6301 ................................................................................................ 2, 20

15 U.S.C § 6308 ....................................................................................................... 20

15 U.S.C. § 6309(d) ........................................................................................... 20, 21

28 U.S.C. § 1331 ...................................................................................................... 22

Cal. Bus. & Prof. Code § 18640 ........................................................................ 1, 19

Cal. Civil Code § 338 (c) (1) ................................................................................... 11

Cal. Civil Code § 1619 ............................................................................................ 10

Cal. Com. Code § 9609 ............................................................................................ 12

1

## REGULATIONS

2
4 CCR § 227 ............................................................................................ 2, 19

3

## RULES

4
Fed. R. Civ. P. 9(b) ................................................................................ 4-7

5
Fed. R. Civ. P. 12(c) ............................................................................ 1, 3, 4

6
Fed. R. Evid. 201 .................................................................................. 3, 4

7

## OTHER

8
55 Cal. Jur.3d Restitution 360-61 (1980) ................................................ 23

9
B. Witkin, *Summary of California Law: Contracts § 91* (1987) ............................ 23

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STATEMENT OF THE MOTION**

Defendant Ralph Heredia ("Heredia"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(c), respectfully submits this Memorandum of Points and Authorities in support of his Motion For Judgment on the Pleadings on all claims brought against him in Counts I, II, III, IV, V, VI, VII, and VIII of Plaintiff's First Amended Complaint ("complaint") [ECF No. 67-1]. Heredia requests that all causes of action against him be dismissed.

**INTRODUCTION**

Plaintiff in response to an arbitration demand, as required by the valid 2017 Boxer-Manager Contract and the controlling statutes, presented his averments relating to the validity of the Contract to the California State Athletic Commission as reflected in the Exhibits 1-17.  Plaintiff lost and wishes to improperly relitigate these matters before this Court.

It is important to distinguish between Ralph Heredia and Moses Heredia ("Moses")[1]. Ralph is a defendant herein. Moses is not. Moses is CEO of co-defendant Heredia Boxing Management ("HBM"), and Ralph is Secretary and CFO. Through HBM, Moses is Diaz' duly-licensed boxing manager. Ralph works for Moses in Moses' boxing management activities and is a previously licensed manager performing duties under Moses' supervision and control, and at Moses' direction. Moses pays Ralph for Ralph's work.

Moses is properly licensed as a boxer manager by the California State Athletic Commission ("Commission"), which has exclusive jurisdiction over boxing in California. Cal. Bus. & Prof. Code § 18640. While Diaz and Moses, not Ralph, are the parties to a 2017 Boxer-Manager contract duly executed under California law and sanctioned by the Commission ("Contract"), Plaintiff did include Ralph as a party to

---

[1] By using first names, Defendant intends no disrespect to any party or to this Court. Given some of the relevant actors' same last names, use of their first names promotes clarity.

the Contract through various theories presented to the Commission and demanded his whereabouts and testimony during the proceedings which was taken.[2] The Contract required that any dispute be arbitrated by the Commission. 4 CCR § 227. Moses and Diaz participated before the Commission in binding arbitration. *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021) ("Arbitration"). In the Arbitration, Moses was represented by Ralph's counsel in this case, and Diaz was represented by his counsel in this case.

Diaz and Moses participated in the Arbitration, where Diaz raised his theory of fraud. The parties fully briefed the issues, exchanged exhibits, and examined witnesses. The Commission's decision upheld the Contract's validity. *See* Exhibit 5, *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021).

Any of Diaz' claims that are sufficiently pled have already been decided preclusively in the Arbitration. Diaz is attempting improperly to relitigate or collaterally attack matters that have been definitively resolved in the Arbitration. As such, any review of the Contract by this Court would be inappropriate under the Federal Arbitration Act. 9 U.S.C. §§ 1-16.

Diaz' claims under the Muhammad Ali Boxing Reform Act ("Ali Act"), 15 U.S.C. §§ 6301-6315, are also no longer cognizable. This Court's order [ECF No.

_____

[2] California Code of Regulations, title 4, section 221, subdivision (b), states in pertinent part: All disputes between the parties to the contract, including the validity of the contract, shall be arbitrated pursuant to the provisions of the contract. Additionally, paragraph C.4 of the Contract states, in pertinent part, **that "[a]ll controversies arising between the parties hereto, including but not limited to controversies concerning the validity and/or enforceability of this contract, shall be submitted to arbitration . . ." and "the decision of the arbitrator shall be final and binding upon the parties hereto and each of them bound thereby."** (*See* Exhibit 6, 2017 Boxer-Manager Contract.)

44] that Ralph is not a party to the Contract upon which Diaz' complaint relies is the law of the case. Diaz does not allege any separate oral contract between himself and Ralph with respect to boxing management. Therefore, Diaz' Ali Act claims must be dismissed, and with that this Court loses jurisdiction over any remaining claims, all of which sound in California state law.

Lastly, Plaintiff failed on several fronts to plead sufficient facts to state claims that are plausible and did not plead with sufficient particularity the alleged fraud.

## I.  Request for Judicial Notice

As discussed below, Heredia respectfully requests this Court take Judicial Notice pursuant to Fed. R. Evid. 201 of the following facts:

1) The entire record, including the decision, in the Arbitration: *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021).

## II.  Procedural History

Diaz filed his first amended complaint August 17, 2021. Defendant Ralph Heredia timely answered on September 17, 2021. Defendant Heredia Boxing Management ("HBM") was served on September 28, 2021. HBM timely answered on October 19, 2021.[3]

## LEGAL STANDARD

## I.  Legal Standard for a Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure Rule 12(c) a party may move for judgment on the pleadings any time after the pleadings are closed, so long as the motion is filed in sufficient time that it will not delay trial. Fed. R. Civ. Proc. 12(c). "For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,

---

[3] Defendant will revert to referring to individuals by their surnames.

896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* Complaints involving fraud must be plead with particularity. Fed. R. Civ. P. 9(b).

## II.    Legal Standard for Incorporation by Reference and Judicial Notice.

In deciding a motion for judgment on the pleadings, the court generally is limited to the pleadings and may not consider extrinsic evidence. *See* Fed. R. Civ. Proc. 12(c) (providing that a Rule 12(c) motion for judgment on the pleadings should be converted into a Rule 56 motion for summary judgment if matters outside the pleadings are considered by the court). There are two exceptions to this general rule: the incorporation-by-reference rule and judicial notice under Fed. R. Evid. 201.

**The Court should take judicial notice of the Contract.**

The incorporation-by-reference rule allows documents incorporated into the complaint by reference to be examined by the court. *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Here, Plaintiff incorporated portions of the Contract into his complaint. *See* First Amended Complaint at ¶ 54. As such, Defendant Heredia respectfully requests this Court review the entire Contract for this motion. *See* Exhibit 6. Plaintiff incorporated portions of the Promotion Agreement Term Sheet into his complaint. *See* First Amended Complaint at ¶ 56. As such, Defendant Heredia respectfully requests this Court review the entire Promotion Agreement Term Sheet for this motion. *See* Exhibit 7.

**The Court should take judicial notice of the Arbitration, including the record and the decision.**

Judicial notice under Fed. R. Evid. 201 "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (citing Fed. R. Evid. 201). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id*. Here, the Arbitration, including its record and decision, is generally known to all relevant parties to this case. Diaz

participated in the Arbitration on June 10, 2021 through his attorneys in this case. In that capacity, he submitted exhibits; testified; heard the testimony of Moses Heredia's witnesses; had the opportunity to and actually did cross-examine such witnesses as he chose to; and reviewed Moses Heredia's exhibits.

As such, Defendant Heredia respectfully requests that this Court take judicial notice of the Arbitration proceedings including the entire record and the decision rendered by the arbitrator. Heredia acknowledges that if judicial notice is taken, it "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Heredia desires the Court to understand that many—***if not all***—of Diaz' claims herein have already been resolved pursuant to the Arbitration.

## ARGUMENT

This Court should grant Defendant Ralph Heredia's motion for judgment on the pleadings for the following reasons:

**I.   First Cause of Action**

**A.   Plaintiff Did Not Plead Sufficient Allegations Under Any Theory or Subset of Fraud and Also Did Not Plead Damages.**

Plaintiff's first cause of action is fraud. This claim should be dismissed because it does not allege a *prima facie* case of fraud under California law.

The elements of fraud in California are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *See e.g.*, *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996).

Moreover, fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action.").

"To satisfy Rule 9(b), a plaintiff "must set forth *more* than the neutral facts

necessary to identify the transaction." *In Re Samsung Galaxy Smartphone Marketing and Sales Practices Litigation*, 2020 WL 7664461, at *3 (N.D. Cal. Dec. 24, 2020) (citing *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997) (emphasis in original)).

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (citing *Cooper,* 137 F.3d at 627); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011). ("[A] pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement.")

California law contains several varieties of fraud, as discussed below. Plaintiff did not plead with particularity the type of fraud he is alleging, but under any theory of fraud, his claims are insufficiently pled and should be dismissed.

**B.** Plaintiff Did Not Plead with Particularity Nondisclosure Fraud.

Plaintiff alleged in his First Amended Complaint at ¶76 that Heredia "intentionally concealed and/or failed to disclose" facts to the Plaintiff. If this is intended to plead a nondisclosure-type fraud, it is insufficiently pled and should be dismissed.

Nondisclosure is a claim for misrepresentation in a cause of action for fraud. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1127 (9th Cir. 2009). "[A] cause of action for misrepresentation requires an affirmative statement, not an implied assertion." *RSB Vineyards, LLC v. Orsi*, 15 Cal.App.5th 1089, 1102 (2017). "[T]here are two causation elements in a fraud cause of action. First, the plaintiff's actual and justifiable reliance on the defendant's misrepresentation must have caused him to take a detrimental course of action. Second, the detrimental action taken by the plaintiff must have caused his alleged damage. *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1062 (2012). A nondisclosure-type fraud claim must be pled with particularity under Rule 9(b). *Kearns*, 567 F.3d at 1127.

Plaintiff pled that the nondisclosure in this case concerned various alleged

1  concealments. First Amended Complaint at ¶75. Plaintiff does not allege when these

2  alleged misrepresentations or nondisclosures occurred, where they occurred, and to

3  whom they occurred. Nor does Plaintiff allege any justifiable reliance or that any

4  said reliance caused Diaz to take a detrimental course of action. As such, any claim

5  based in nondisclosure or misrepresentation fraud should be dismissed.

6      **C.** Plaintiff Did Not Plead with Particularity Fraudulent Inducement.

7      "Fraud in the inducement … occurs when the promisor knows what he is

8  signing but his consent is *induced* by fraud." *Rosenthal v. Great W. Fin. Sec. Corp*.,

9  14 Cal.4th 394, 415 (1996) (internal citations omitted) (emphasis in the original).

10  "To establish a claim of fraudulent inducement, one must show that the defendant

11  did not intend to honor its contractual promises when they were made." *Food Safety*

12  *Net Svcs. v. Eco Safe Systems USA, Inc.*, 209 Cal.App.4th 1118, 1131 (2012). "To

13  plead a claim for fraud in the inducement, Plaintiff's allegations must be sufficiently

14  detailed to meet the heightened Rule 9(b) pleading standard for fraud." *Parino*, 838

15  F.Supp.2d at 906. Plaintiff insufficiently pled fraud in the inducement and the claim

16  should be dismissed.

17      The *sine qua non* of a claim for fraud in the inducement is that a promise was

18  made pursuant to a contract. Mr. Heredia was not a party to the Contract that

19  underpins Plaintiff's complaint. This fact was conclusively determined by this Court

20  [ECF No. 44 9:10-11], and in the July 9, 2021 binding Arbitration decision by the

21  Commission. As a result, a claim for fraud in the inducement cannot survive as

22  alleged against Mr. Heredia.

23      In this claim, Plaintiff also referenced a 2012 boxer-manager contract, *see*

24  First Amended Complaint ¶74(e), that Plaintiff and both Moses and Ralph Heredia

25  signed, but Plaintiff admitted was not valid. There can be no contractual promise

26  under a contract Plaintiff himself admits was not valid.

27      **D. Plaintiff Did Not Plead with Particularity Concealment Fraud.**

28      Plaintiff alleged that Heredia "concealed" certain facts from Plaintiff.

"Concealment is a species of fraud or deceit." *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal.App.4th 858, 868 (2008). To the extent Plaintiff alleged a fraud by concealment claim, it, too, is insufficiently pled and should be dismissed.

"The following elements must be proven to establish a fraud by concealment claim: 1) the defendant concealed or suppressed a material fact, 2) the defendant was under a duty to disclose the fact to the plaintiff, 3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, 4) the plaintiff was unaware of the fact and would not have acted as he did had he known of the concealed or suppressed fact, and 5) the plaintiff sustained damages as a result of the concealment or suppression of the fact." *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1120–21 (E.D. Cal. 2009) (citing *Lovejoy v. AT & T Corp.*, 92 Cal.App.4th 85, 96 (2001)).

Plaintiff does not allege with particularity why the facts supposedly concealed are material. First Amended Complaint ¶75. For example, Plaintiff does not allege that Heredia was under any duty to disclose the allegedly concealed facts to Plaintiff. Plaintiff does not allege Heredia intentionally concealed any fact with the requisite intent to defraud. Plaintiff does not plead with particularity the harm caused by the alleged concealment. As such, any claim based on concealment fraud should be dismissed.

### E. No Matter the Theory of Fraud, Plaintiff Has Not Adequately Pled Damages.

Plaintiff alleged in his First Amended Complaint at ¶79 that Plaintiff "has suffered damages in an amount to be proved at trial." Plaintiff did not, and cannot, allege any damages here. This is fatal to Plaintiff's fraud allegation, no matter what theory of fraud he may plead. Notwithstanding all the other problems with Plaintiff's fraud pleading, Plaintiff's fraud claim should be dismissed on this ground alone.

"It is the rule that fraud without damages is not actionable." *Agnew v. Parks*,

172 Cal.App.2d 756, 768 (1959). While damages are not required to be pled with particularity, they must in fact be pled. *Ward v. Nat'l Entm't Collectibles Ass'n, Inc*., 2012 WL 12885073, at *6 (C.D. Cal. Oct. 29, 2012) (internal citations omitted).

A bald assertion of harm is not enough to sustain a *prima facie* case. "Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically)." *Hall v. Dep't of Adoptions,* 47 Cal.App.3d 898, 904 (Ct. App. 1975). Further, California recognizes two measurements of damages in fraud claims: "out-of-pocket" and "benefit-of-the-bargain." *All. Mortg. Co. v. Rothwell*, 10 Cal.4th 1226, 1240 (1995). Neither of these measurements of damages is pled. As such, any claim for fraud or any subset of fraud should be dismissed.

## II. Second Cause of Action

### A. Ralph Heredia, Who is Not a Party to the 2017 Boxer-Manager Contract, Does Not Have a Fiduciary Duty to Diaz.

Plaintiff's second cause of action is breach of fiduciary duty. The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary duty, breach of that duty, and damage proximately caused by that breach. *Knox v. Dean*, 205 Cal.App.4th 417, 432-433 (2012); *see also Slaieh v. Simons*, 584 B.R. 28, 41 (C.D. Cal. 2018).

In this claim, Plaintiff pleads mere conclusions, insufficiently pleads damages by stating only that they will be proved at trial, and does not plead how any alleged damages were proximately caused by an alleged breach of fiduciary duty by Heredia. This claim should be dismissed.

The fiduciary duty in a boxer-manager relationship flows from the boxer-manager contract. Indeed, the Commission's standard form boxer-manager contract, which was signed by Moses Heredia and Plaintiff – but not by Defendant Heredia – states at B(2) that the manager will "at all time [sic] to act in the best interest of Boxer." Moses Heredia had that obligation under the Contract. Ralph Heredia was

9

not a party to that Contract, which forms the foundation of Plaintiff's complaint. This fact was conclusively determined by this Court [ECF No. 44 9:10-11], and in the July 9, 2021 binding Arbitration decision by the Commission. No other grounds for imposing a fiduciary duty on Ralph Heredia are pled or are present. As a result, this claim should be dismissed.

Plaintiff's theory that Heredia was a "paper manager," *see, e.g.,* First Amended Complaint ¶47, out of which a fiduciary duty flowed to Plaintiff, still does not overcome the hurdle that Heredia was not a party to the Contract. Moreover, if Plaintiff is alleging that Ralph Heredia fraudulently acted as Plaintiff's manager, then Plaintiff has not pled this fraud with particularity.

Plaintiff also references in his First Amended Complaint at ¶74(e) a 2012 boxer-manager contract that he and both Moses and Ralph Heredia signed, but Plaintiff states that it was not valid. There can be no fiduciary duty under the Ali Act flowing from a contract Plaintiff himself admits was not valid.

Finally, to the extent that Plaintiff's allegations are based on claims of fraud, they have not been pled with the required particularity. *See Kearns*, 567 F.3d at 1126.

This claim for breach of fiduciary duty falls flat for reasons already litigated in the Arbitration, and repeated here. It should be dismissed.

## III.  <u>Third Cause of Action</u>

### A.    **Plaintiff Does Not Allege Sufficient Facts to Plead an Implied-In-Fact Contract.**

Plaintiff's breach of an implied-in-fact contract claim is unsupported by the allegations, and should be dismissed.

"To prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2) the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damage to the

plaintiff." *Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014).

A contract may be express or implied. Cal. Civil Code § 1619. "[A]n implied-in-fact contract entails an actual contract, but one manifested in conduct rather than expressed in words." *Maglica v. Maglica*, 66 Cal.App.4th 442, 455 (1998). "If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one." *Marvin v. Marvin*, 18 Cal.3d 660, 678, fn. 16 (1976) (internal citation omitted).

Here, Plaintiff states that there was an agreement to loan him a vehicle. First Amended Complaint at ¶88. This presupposes agreed-upon contractual terms of some sort, although they were not alleged clearly in the First Amended Complaint. Nonetheless, as the alleged loan is purportedly based on an agreement and is not conduct-based, it should have been pled as breach of an express contract. Plaintiff mislabeled this cause of action as a breach of an implied-in-fact contract.

Regardless, a breach of contract claim, whether express or implied, requires the same elements to be pleaded. *See Division of Labor Law Enforcement v. Transpacific Transportation Co*., 69 Cal.App.3d 268, 275 (1977) ("As to the basic elements, there is no difference between an express and implied contract.").

"To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant." *Kaar v. Wells Fargo Bank, N.A.*, 2016 WL 3068396, at *1 (N.D. Cal. Jun. 1, 2016). This requires the plaintiff to "identify with specificity the contractual obligations allegedly breached by the defendant." *Misha Consulting Grp., Inc. v. Core Educ. and Consulting Solutions, Inc.*, 2013 WL 6073362, at *1 (N.D. Cal. Nov. 15, 2013).

Plaintiff did not meet this pleading standard. He merely alleged that Heredia purchased a Lexus for him, and that Plaintiff would repay Heredia from his bout proceeds. Left unpled and unsaid are elemental contract terms that would be relevant

to this claim, such as: (a) how often Plaintiff must make payments; (b) the amount of each payment; and (c) the consequences to Plaintiff for missing a payment. Plaintiff also omitted from the pleadings the fact that Heredia was on the title of the Lexus as a lienholder, which means that Plaintiff did not own the car. Just like any financed car, the bank or other financial institution owns the car until the loan is paid in full.

Plaintiff then alleged that Heredia breached the "implied-in-fact contract" by taking possession of the car, by not returning Plaintiff's payment of $25,000.00, and by not compensating Plaintiff for the supposed $4,000.00 in modifications to the car and the alleged $300.00 left in the car. First Amended Complaint at ¶¶88-91.

It is unclear from the pleadings on what grounds Heredia's action in repossessing a car for which he was a lienholder constitutes breach, especially because repossession for failure to pay is permitted under California law. Cal. Com. Code § 9609. Nor does Plaintiff state that Heredia was prohibited from repossessing the vehicle if Plaintiff defaulted on the loan agreement.

This Court should dismiss this claim based on breach of contract concerning the Lexus because Plaintiff has not pled or otherwise identified with specificity the contractual obligations, if any, allegedly breached by Heredia.


## IV.   Fourth Cause of Action

### A.   Plaintiff Did Not Allege Sufficient Facts Concerning Conversion.

Plaintiff's fourth cause of action alleges that Heredia converted all money paid to Heredia and to Heredia Boxing Management.  This claim does not adequately plead conversion and should be dismissed.

To plead conversion under California law, a plaintiff must demonstrate that (1) plaintiff had a right to possess an item of personal property; (2) that defendant substantially interfered with plaintiff's property right; (3) that plaintiff did not consent; (4) that plaintiff suffered harm; and (5) that defendant's conduct was a substantial factor in causing plaintiff's harm. *See Duke v. Sup. Ct.*, 18 Cal.App.5th

490, 508 (2017); *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015); *Cerra v. Blackstone*, 172 Cal.App.3d 604, 609 (1985) ("The first element of that cause of action is his ownership or right to possession of the property at the time of the conversion.").

### 1. There Can Be No Conversion Under the 2012 Agreement.

Plaintiff's allegation that all amounts paid to Heredia under the 2012 contract were converted fails for two reasons.

First, the Arbitration decision determined that on February 23, 2017, the parties signed a valid, Commission-recognized release ("Release") of all claims arising under the 2012 contract. *See* Arbitration Decision at 4-5. Heredia was a signatory to that contract, and the release covered him. To the extent any monies were converted under the 2012 agreement, that claim has been released.

Second, California imposes a three-year statute of limitations for conversion. *See* CCP § 338(c)(1). The 2012 agreement was terminated on February 23, 2017. Plaintiff's original complaint was filed October 7, 2020. Even absent the Release, more than three years elapsed between the last day any monies could have been converted under the 2012 agreement and Plaintiff's filing of his original complaint. Plaintiff's conversion claim is foreclosed by the statute of limitations.

### 2. Plaintiff's allegation of conversion of the Lexus is insufficiently pled.

In subparagraph 95(b) of the First Amended Complaint, Plaintiff alleged that Heredia converted the Lexus by repossessing it and not refunding his progress payment, the value of the wrap he paid for on the vehicle, and $300.00 allegedly inside the vehicle when it was repossessed. Nowhere does Plaintiff allege that he had the right to this personal property when Heredia repossessed it. Moreover, Plaintiff's statement in the First Amended Complaint at ¶96 that "Defendants had no legal right to interfere in such a manner with Diaz's property rights" is incorrect in that Plaintiff's property right must have been subject to interference if, for example, he did not pay the loan back.

### 3.  No Monies Were Converted under the 2017 Contract.

In subparagraph 95(c) of the First Amended Complaint, Plaintiff alleged that Heredia converted whatever portion of the manager's fee he received because, as non-parties to the 2017 Contract, he was, it is alleged, not entitled to any portion of Plaintiff's money. This claim is incorrect and misses the point of how a business works. Simply put, claiming that Heredia is not entitled to any of the money because he is not a party to the Contract is a red herring.

Moses Heredia is the CEO of Heredia Boxing Management ("HBM"), and Ralph Heredia is its Secretary and CFO. Through HBM, Moses Heredia is Plaintiff's duly-licensed boxing manager. Ralph Heredia works for Moses Heredia in Moses Heredia's boxing management activities, performing various duties under Moses Heredia's supervision and control, and at Moses Heredia's direction. Moses Heredia pays Ralph Heredia for Ralph Heredia's work. This is not an unusual situation in the corporate world. Senior managers delegate because they do not have time to handle every business matter personally.

This was all testified to under oath by Moses Heredia and Ralph Heredia during the Arbitration. Plaintiff, through counsel, participated in the Arbitration. All parties have access to Arbitration transcripts. The transcript conclusively demonstrates that Ralph Heredia only worked through his licensed manager brother, Moses Heredia:

ARBITRATION transcript at 168:

4· [MONTVALO] What's the relationship with you and your brother?· Do

·5· you do it collaboratively?· Does he do his own thing?

·6· How does that work between the two of you?

·7· · · · ·A.· [RALPH HEREDIA] My brother is the one that sits back in the

·8· office and goes over details of contracts or

·9· negotiations.

10· · · · ·*Q.· Do you do anything in this management*

1    *11· relationship that he's got a license for without his*

2    *12· approval or authority or direction?*

3    *13· · · · ·A.· Everything is a hundred percent through my*

4    *14· brother's approval.·* [emphasis added.]

5    Plaintiff does not allege how money could be converted if it was being paid to

6    Heredia for his work on Plaintiff's behalf performed at the direction and supervision

7    of Heredia's licensed-manager brother, Moses Heredia, under the umbrella of a

8    California corporation, namely, HBM. Plaintiff has not pled that he had a right to

9    possess an item of personal property and therefore the claim should be dismissed.

10    **4.  Diaz Had No Right To Tickets Bought on the Open Market and**

11    **Paid For With Moses Heredia's Own Money.**

12    Finally, in subparagraph 95(e) of the First Amended Complaint, Plaintiff

13    alleged that Heredia converted tickets to a bout that were supposed to go to

14    Plaintiff's family and friends. This is factually and legally incorrect and this claim

15    should be dismissed.

16    As part of the meet-and-confer prior to the filing of this motion, Defendant's

17    counsel provided Plaintiff's counsel with a receipt for the tickets at issue, which

18    states on its face that Moses Heredia himself paid a five-figure sum for the tickets.

19    Plaintiff's counsel also saw that same receipt in the Arbitration. They were not

20    converted from Plaintiff; Moses Heredia bought them on the open market with his

21    own money. Plaintiff has not pled that he had a right to possess the tickets that

22    Moses Heredia bought with his own money on the open market. Plaintiff's

23    allegation is demonstrably false, and the claim should be dismissed.

24    In summary, none of Plaintiff's allegations underlying its claim for conversion

25    are adequately pled, and this claim should be dismissed.

26    **V. Fifth Cause of Action**

27    **A.    Plaintiff Did Not Allege Sufficient Facts to Plead Tortious**

28    **Interference with Prospective Economic Advantage.**

For Plaintiff's fifth cause of action, he alleged that Heredia tortiously interfered with the relationship between Plaintiff and his promoter, Golden Boy Promotions, taking benefits for himself instead of working for Plaintiff's benefit. This claim should be dismissed because it does not allege a *prima facie* case of tortious interference with prospective economic advantage under California law.

To establish this claim, a plaintiff must show: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003).

As further discussed below, the First Amended Complaint is bereft of any allegation of specific conduct where Heredia intentionally did any act of interference designed to disrupt the other relationship.

Because Plaintiff has not alleged adequate facts satisfying the first and third elements of this claim, it should be dismissed.

### 1. Plaintiff Did Not Allege Interference with Probable Expectancies.

To prove the first element of the tort of intentional interference with prospective economic advantage, a plaintiff must establish the probability of future economic benefits. *See Roy Allan Slurry Seal, Inc., v. American Asphalt South*, 2 Cal.5th 505, 509 (2017). To do this, a plaintiff must prove that "it is reasonably probable the plaintiff would have received the expected benefit had it not been for the defendant's interference." *See Westside Center Assoc. v. Safeway Stores 23, Inc*., 42 Cal.App.4th 507, 523 (1996).

If, however, the probability of economic benefit is too speculative, a court will find the claim insufficient. *See Youst v. Longo*, 43 Cal.3d 64, 77 (1987) (holding that the loss of chance to win a sporting contest is too speculative to support a tortious

interference claim). Notably, the *Youst* court ruled that the plaintiff failed to properly state a claim because "the complaint only alleged in conclusory terms that defendant's wrongful interference resulted in a lost opportunity to finish higher in the money." *Id.*

Here, like in *Youst*, Plaintiff's expectancy of prospective economic advantage is speculative in nature. Plaintiff alleges that Heredia wrongfully disrupted his economic relationship with Golden Boy because, but for Heredia's interference, he would have fought better matches, built his pedigree faster advancing his career, and ultimately obtain greater purses. First Amended Complaint at ¶¶103, 105. This causal sequence is unduly attenuated and speculative. For example, Plaintiff did not specify any bout he would have fought but for the alleged actions of Heredia.

Because Plaintiff did not meet the requirement of alleging reasonable expectancy of future benefits, the claim should be dismissed.

### 2. Plaintiff Did Not Allege Wrongful Conduct by Heredia in Sufficient Detail to Support His Claim.

To prove the third element of a claim for tortious interference of prospective economic advantage, a plaintiff must show intentional acts on the part of the defendant designed to disrupt the relationship. *Id.* Plaintiff only alleged that Heredia engaged in intentional and wrongful conduct designed to interfere with the relationship between Plaintiff and Golden Boy. First Amended Complaint at ¶ 104.

Plaintiff did not plead sufficient facts to support his allegations. Instead, he merely makes repetitive statements that Heredia "did not vigorously negotiate with Golden Boy" so that he "can squeeze more out of Golden Boy for himself and his other clients" and Heredia did not "adequately protect or advance" Plaintiff's interests. First Amended Complaint at ¶¶ 52, 70, and 104. These conclusory allegations, without any factual support, should not be accepted by this Court. *See Iqbal*, 556 U.S. at 678 (noting that while a court assumes the truth of the factual allegations, it does not assume the truth of legal conclusions or accept inferences that

a plaintiff draws). Because Plaintiff did not allege specific wrongful conduct by Heredia, the claim should be dismissed.

Because Plaintiff did not allege adequate facts that would meet the pleading standard for the first and third elements of this claim, it should be dismissed.

## IV.  Sixth Cause of Action

### A. Plaintiff's Sixth Cause of Action Should Be Dismissed Because the Contract: 1) Is Only Between Plaintiff and Moses Heredia; 2) is Subject to the Exclusive Jurisdiction of the Commission and Binding Arbitration; and 3) Does Not State an Offense of the Ali Act.

Plaintiff's sixth cause of action, violation of the federal Muhammed Ali Boxing Reform Act ("Ali Act"), is the basis for federal supplemental jurisdiction.

Plaintiff's sixth claim should be dismissed on three separate and independent grounds. First, the Ali Act concerns boxers and their managers. Plaintiff's contractually-agreed-upon manager was Moses Heredia, not Defendant Ralph Heredia. Second, this claim is under the exclusive jurisdiction of the Commission, where it already has been arbitrated and conclusively resolved. Finally, Plaintiff did not even properly allege a violation of the Ali Act. For any or all of these reasons, this claim should be dismissed, and all other claims that are not also dismissed should thereafter be returned to California state court because there would be no remaining federal jurisdiction.

#### 1. Plaintiff's Allegation Made About the Boxer-Manager Contract Concern Moses Heredia and not Defendant Ralph Heredia.

As discussed above, it has already been conclusively determined – twice – that Heredia is not a party to the Contract. Only Moses Heredia and Plaintiff are. The duties owed to Plaintiff under the Ali Act flow from the Contract and his manager, Moses Heredia. They do not flow from Heredia, a non-party to the

1    Contract.

2        "Under the 'law of the case doctrine,' 'a court is generally precluded from

3    reconsidering an issue that has already been decided by the same court or a higher

4    court in the identical case … ." *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997)

5    (citing *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (cert. denied 508 U.S.

6    951 (1993)) and *Arizona v. California*, 460 U.S. 605, 618 (1983)); *see also*

7    *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (DC Cir. 1999) (internal citations,

8    emphasis and quotations omitted) ("The law-of-the-case doctrine rests on a simple

9    premise: "the same issue presented a second time in the same case in the same court

10   should lead to the same result.")

11       Plaintiff did not allege the existence of any management contract, written or

12   otherwise, between Plaintiff and Heredia. Plaintiff cannot conjure up a contract-

13   based cause of action against a non-party to a contract. Any such claims are

14   improper and should be dismissed.

15       **2.    The Boxer-Manager Contract is Under the Exclusive**

16       **Jurisdiction of the California State Athletic Commission and**

17       **has already definitively been adjudicated by them.**

18       The Contract that underpins the bulk of Plaintiff's complaint is under the

19   *exclusive* jurisdiction of the Commission. Cal. Bus. & Prof. Code § 18640. The

20   Contract mandates that all disputes be arbitrated. *See* Exhibit 6 at C.4; 4 CCR §227.

21   The allegations raised by Plaintiff's complaint, including Contract validity, have

22   already been arbitrated by the Commission, which held on July 9, 2021 that it was a

23   valid contract, but dissolved the Contract as of July 10, 2021.

24       Plaintiff is attempting to collaterally attack the Arbitration result by enlisting

25   this Court to review the underlying Contract-based claims by alleging violation of

26   the Ali Act. It is well-settled law that this is not permissible. "As the district court

27   properly concluded, the Arbitration award 'necessarily presumed the validity and

28   enforceability' of the [contract]—an agreement that Clinton may not now

1   collaterally attack." *Clinton v. Hendricks & Lewis PLLC*, 557 F. App'x 665, 668 (9th

2   Cir. 2014). *Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1484 (9th Cir.

3   1993). This Ali Act claim should be dismissed.

4               **3.      Plaintiff did not allege a Violation of the Ali Act.**

5        Finally, Plaintiff's Contract-based claims do not even allege a cause of action

6   under the Ali Act. Section 6308 of Title 15 of the United States Code makes it

7   unlawful for "a manager—(i) to have a direct or indirect financial interest in the

8   promotion of a boxer;" or "(ii) to be employed by or receive compensation or other

9   benefits from a promoter, except for amounts received as consideration under the

10  manager's contract with the boxer." "Manager" for the purpose of the Ali Act means:

11  "a person who receives compensation for service as an agent or representative of a

12  boxer." 15 U.S.C. § 6301(5). If such actions were to occur, then federal law provides

13  a private right of action to the individual boxer so long as the individual "suffers

14  economic injury." 15 U.S.C. § 6309(d). As a result of this statutory structure, any

15  violation of the Ali Act must be alleged to be committed by a manager as defined

16  under the Act, and it must also cause an economic injury. Plaintiff's Ali Act claim

17  fails on both of these elements.

18          **a.     Plaintiff did not to allege—nor can he allege—that Defendant has a**

19                   **direct or indirect financial interest in Golden Boy Promotions.**

20       Plaintiff did not allege beyond conjecture and conclusion that Heredia

21  received compensation for management services provided to him. The Contract was

22  approved by the Commission. Moses Heredia, not Defendant Ralph Heredia, is

23  Plaintiff's duly-licensed manager who received compensation pursuant to the terms

24  of the Contract. Like any sophisticated business, the person in privity of contract

25  with a client may, of course, pay his colleagues for work done under his supervision.

26  That is what occurred here, and it is an entirely unremarkable and common

27  occurrence in business.

28       Plaintiff's attempt to distract by alleging an unclear, improperly-pled

fraudulent scheme involving a "paper manager" does not transform Ralph Heredia into a "manager," nor does it show that he received any direct or indirect benefit from the promoter, Golden Boy. Heredia notes that while a court assumes the truth of the factual allegations made in a complaint, it is not required to tumble down the rabbit hole of Plaintiff's spun yarn concluding that Moses Heredia was only a "paper manager." *See Iqbal*, 556 U.S. at 678; First Amended Complaint at ¶¶ 4, 42, 47, 70, 71. *Cummings v. Future Nissan*, 128 Cal. App. 4th 321, 328–29 (2005), as modified (Apr. 8, 2005) ("Those who are aware of a basis for finding the arbitration process invalid must raise it at the outset or as soon as they learn of it so that prompt judicial resolution may take place before wasting the time of the adjudicator(s) and the parties."); *Clinton*, 557 Fed.App'x at 668.

### b.    Plaintiff did not allege that Defendant is Employed by or Received Compensation or Other Benefits from Golden Boy Promotions.

Plaintiff did not allege that Heredia is employed by Golden Boy – because he is not. Plaintiff did not allege that Heredia received compensation from Golden Boy Promotions – because he hasn't. Plaintiff only alleged that Heredia wanted tickets to a particular fight promoted by Golden Boy. First Amended Complaint ¶¶ 67, 112. Plaintiff did not allege how Heredia's desire for these tickets constitutes an economic benefit to Plaintiff, especially when Moses Heredia paid for them out of his own money. Plaintiff did not allege any facts that these tickets, which were purchased by Moses Heredia with his own money, were the property of Plaintiff, did not admit that Ralph Heredia's brother bought these tickets himself, and did not allege beyond conclusory statements that Plaintiff received an "economic injury" as required by the Ali Act. 15 U.S.C. § 6309(d). Plaintiff also did not allege beyond any conclusory terms that Heredia's use of the alleged tickets harmed Plaintiff. Specifically, Plaintiff did not allege that he did not receive certain monies owed to him or that he was unable to secure a particular bout because of Heredia's alleged "want" for bout tickets available for purchase on the open market.

1    With respect to other benefits alleged by Plaintiff, he similarly did not state an

2    offense. Plaintiff stated that Heredia "received benefits from Golden Boy that were

3    for his own benefit and not for Diaz's benefit, as alleged in this Complaint." First

4    Amended Complaint at ¶ 111. However, a review of the First Amended Complaint

5    does not list any "benefits" received other than the allegation concerning tickets. *See*

6    First Amended Complaint at ¶¶ 66, 67, 94, 95, 111, 112, 116(c). Plaintiff does not

7    provide any evidence of a right to tickets or legal entitlement to certain types of

8    tickets or seat access when the tickets were purchased on the open market.

9    Finally, Plaintiff summarily states that "Diaz *would* have earned more money

10   and/or benefits," First Amended Complaint at ¶ 113 (emphasis added), yet does not

11   specify the amount of money, what specific benefits he would have received, or that

12   he would have been entitled to, or eligible to receive, such money or benefits.

13   Indeed, Plaintiff had a detailed Promotion Agreement Term Sheet with Golden Boy

14   that was entirely separate from any dealings with Plaintiff and his licensed manager.

15   *See* First Amended Complaint at ¶56. This document controlled any additional

16   money or benefits. *See* Ex. 2. It was not and could not be altered by non-signatory

17   Heredia. As such, Plaintiff's Sixth Cause of Action should be dismissed.

18   As this is the only cause of action that supports federal question jurisdiction,

19   28 U.S.C. § 1331. *see also* ECF No. 1, this Court should also cease exercising

20   jurisdiction in this case and dismiss it for lack of federal jurisdiction. While Heredia

21   admittedly originally removed this action, upon further investigation, development

22   of facts, and research, he submits that Plaintiff has not stated an offense under the

23   Ali Act and that removal was in error.

24

25   **VII.   <u>Seventh Cause of Action</u>**

26   **A.   Plaintiff Did Not Allege Sufficient Facts to Plead Quantum Meruit.**

27   Plaintiff's seventh cause of action is quantum meruit. Quantum meruit is a

28   Latin phrase that means "as much as deserved." It is used when there is no contract

or agreement in place. *See E. J. Franks Construction, Inc. v. Sahota*, 226 Cal.App.4th 1123, 1127–1128 (2014).

"To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." *Ochs v. PacifiCare of California*, 115 Cal.App.4th 782, 794 (2004).

Quantum meruit is an "equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the *reasonable value* of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (emphasis added) (citing B. Witkin, *Summary of California Law: Contracts § 91* (1987); 55 Cal. Jur.3d Restitution 360-61 (1980). "The whole point of quantum meruit recovery is to compensate plaintiffs who have provided a benefit to defendants but who do *not* have a contract—expressed or implied—with those defendants." *Id.* at 1272 (emphasis in original).

This claim fails on two points. First, there was a contract for the boxing management, with Moses Heredia and not Defendant Heredia, and allegedly for the car. Second, Plaintiff has not alleged that he has not been compensated a "reasonable value" for his "services rendered." Indeed, his compensation was determined by the Promotion Agreement Term Sheet. As such, this claim should be dismissed.

**VIII.   Eighth Cause of Action**

**A. Plaintiff Did Not Target the Correct Individual for an Accounting.**

Plaintiff's eighth cause of action is for an accounting. An action for an accounting is equitable in nature. It may be brought to compel the defendant to account to the plaintiff for money or property: (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship exists,

the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *See Los Defensores, Inc. v. Gomez*, 223 Cal.App.4th 377, 401 (2014); *see also Civic Western Corp. v. Zila Industries, Inc*., 66 Cal.App.3d 1, 14 (1977).

To plead a request for an accounting, a complaint "need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." *Brea v. McGlashan*, 3 Cal.App.2d 454, 460 (1934).

In seeking an accounting, Plaintiff targeted the wrong individual. Moses Heredia, the boxing manager he has contracted with from February 2017 until July 2020, who is Plaintiff's licensed manager under the Ali Act and his fiduciary, would be the person in a position to give an accounting, not non-party, non-fiduciary, Ralph Heredia. As Plaintiff did not allege facts showing the proper contractually-based relationship to compel an accounting, this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Ralph Heredia respectfully requests that this Court dismiss Plaintiff's First Amended Complaint against him in its entirety.

Dated: November 12, 2021                Respectfully submitted,

/s/ *Rajan O. Dhungana*                  /s/ *Eric S. Montalvo*
Rajan O. Dhungana (SBN: 297794)          Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP                   FEDERAL PRACTICE GROUP
14481 Aspen Street                       1750 K Street, N.W., Suite 900
Hesperia, CA 92344                       Washington, DC 20006
Telephone: (310) 795-6905                Telephone: (202) 863-4360
rdhungana@fedpractice.com                Fax: (888) 899-6053
                                         emontalvo@fedpractice.com


                                         *Attorneys for Defendant*
                                         Ralph Heredia

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I filed the foregoing Defendant Ralph Heredia's Notice Of Motion And Motion For Judgment On The Pleadings And For Dismissal For Lack Of Federal Question Jurisdiction with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
gsimas@vgcllp.com
Christian Anstett (SBN 240179)
canstett@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: November 12, 2021

Respectfully submitted,

/s/ *Eric S. Montalvo*
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorney for Defendant*
Ralph Heredia