James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | Case No. 5:20-cv-02332-JWH-KK |
| Plaintiff, | **PLAINTIFF JOSEPH DIAZ, JR.'S OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | Date:        December 10, 2021<br>Time:        9:00 a.m.<br>Courtroom:   2<br>Judge:       Hon. John W. Holcomb |
| Defendants. | |

## I.      INTRODUCTION

Plaintiff Joseph Diaz, Jr. ("Plaintiff"), by and through his undersigned counsel, hereby objects to Defendant Ralph Heredia's ("Defendant" or "Heredia") Request for Judicial Notice, which he included in his Motion for Judgment on the Pleadings. Heredia is trying to sidestep his burden of proving that the Exhibits (Dkt. 83) are admissible by asking this Court to take judicial notice of the "entire record" in the Arbitration. Such request is improper because it is unclear (1) what documents comprise the "entire record;" and (2) how Heredia intends to use such documents.

More specifically, pursuant to either the incorporation-by-reference doctrine or Fed. R. Evid. 201, Heredia requests that this Court take judicial notice, of the following facts:

> "1) *The entire record*, including the decision, in the Arbitration: In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)."

(Def.'s Mem. of Points & Authorities ("Mem.") (Dkt. 82-1) at 3:8-13) (emphasis added). But the Arbitration "record" is comprised of, *inter alia*, Diaz's and Moses Heredia's (a non-party to this lawsuit) Prehearing Submissions, numerous Declarations, 57 separate Exhibits[1] (which include news articles, emails and text communications, checks, invoices, press releases and various other documents), Witness Lists, Evidence Lists, the Transcript, Diaz's and Moses Heredia's Post Hearing Briefs and the Decision. By his request, Heredia in no way identifies exactly what documents comprise the "entire record." Simply put, the Request is hopelessly vague and indecipherable. For this reason, the Court should deny the Request in its entirety.

---

[1] Diaz's and Moses Heredia's Arbitration Exhibits comprise 57 separate documents totaling 982 pages. The "Sealed Exhibits" filed by Heredia total 634 pages.

In addition to being uncertain and ambiguous, the Exhibits relating to the Request for Judicial Notice were not properly submitted. In his Notice of Motion, Heredia states:

> Undersigned counsel will be filing all of the supporting exhibits under seal out of an abundance of caution given the Court's November 8 Order sealing portions of the Rule 26(f) Report [ECF No. 80.].

(Def.'s Notice of Motion and Motion ("Mot.") (Dkt. 82) at 2 fn. 1.[2] This is flawed for various reasons. First, Diaz's counsel filed an Application to File portions of the Rule 26(f) Report under seal after meeting and conferring with Heredia's counsel in an attempt to prevent having to file any portion of the Rule 26(f) Report under seal. This Court granted the Application, and, as a result, specific portions of the Rule 26(f) Report are now under seal. This sealing has nothing to do with the 16 Exhibits at issue in the Motion. Moreover, Heredia did not file an Application to File any of the Exhibits under seal. Instead, he simply filed the 16 Exhibits professing them to be "under seal." Heredia's counsel is required to be familiar with the Federal Rules of Civil Procedure and Central District of California Local Rules. The Central District has very clear rules regarding how to file documents under seal. See https://www.cacd.uscourts.gov/e-filing/sealed-documents. Notwithstanding these explicit rules, Heredia altogether failed to file an Application to File any documents under seal. As such, the Exhibits were improperly filed. The Court should reject the filing on this basis.

---

[2] In this footnote (Mot. (Dkt. 82-1) at 2, fn. 1), Heredia includes information that lacks foundation, as well as information that is irrelevant, argumentative and fabricated. Simply put, Heredia's portrayal of the meet and confer is untrue. Since these arguments and falsehoods are not germane to the Motion, Diaz's counsel will not waste the Court's time and resources by responding herein. Diaz's counsel can and will address these arguments and falsehoods during the hearing on the Motion and Scheduling Conference, if the Court deems necessary.

If the Court finds that the Exhibits were properly filed, which it should not, then it should deny Heredia's two specific requests for judicial notice: (1) the Contract; and (2) "the Arbitration, including the record and the decision." (Mem. (Dkt. 82-1) at 4:11-5:11). Heredia has failed to authenticate any of these documents and has come nowhere close to meeting his burden of persuading this Court that the "entire record" is a proper matter for judicial notice. Heredia's requests are subject to the objections detailed below.

## II.    LEGAL STANDARD

Under Federal Rule of Evidence 201, the Court may take judicial notice of a fact only if it is: "*not subject to reasonable dispute* in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (emphasis added.) Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case. Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001). Nor may a court take judicial notice of any matter that is in dispute. Id. at 689-90; see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record."); Ruiz v. City of Santa Maria, 160 F.3d 543, 548 n.13 (9th Cir.1998) (finding judicial notice is inappropriate where the facts to be noticed were not relevant to the disposition of the issues before the court).

> [T]he consequences of taking judicial notice are significant. Where the trial court has taken judicial notice of a fact, the jury must be instructed to accept that fact as conclusive. Judicial notice also precludes either party from introducing evidence to disprove that fact. The Ninth Circuit has accordingly urged the district courts to be cautious in taking judicial notice and to do so only when the

3

1    matter is beyond controversy.

2    Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP, 463 F. Supp. 2d 1193, 1197

3    (E.D. Wash. 2006) (internal citations and quotation marks omitted) (discussing Fed.

4    R. Evid. 201(g); Rivera v. Philip Morris, Inc., 395 F.3d 1142, 1151 (9th Cir.2005))

5    (emphasis added). A party requesting judicial notice bears the burden of persuading

6    the trial judge that the fact is a proper matter for judicial notice. In re Tyrone F. Conner

7    Corp., Inc.,140 B.R. 771, 781 (Bkrtcy. E.D. Cal. 1992).

8    ## A.    The Contract (Mem. (Dkt. 82-1) at 4:12)

9    Heredia argues that the Boxer-Management Contract and Promotion Contract

10   are subject to the incorporation-by-reference rule. (Mem. (Dkt. 82-1) at 4:12-14).

11   First, Diaz objects to the introduction of documentary evidence that is not

12   authenticated. Here, Heredia is required to produce, as a condition precedent to

13   admissibility, evidence sufficient to support a finding that the document in question is

14   what its proponent claims. Fed .R. Evid. 90l(a). Heredia has not produced any

15   evidence, by declaration or otherwise, that these exhibits actually are true and correct.

16   Heredia, as the party requesting judicial notice, must supply the Court with

17   information sufficient to enable the Court to ascertain that the matter is not subject to

18   reasonable dispute. Nieves v. University of Puerto Rico, 7 F.3d 270, 276 fn. 9 (1st Cir.

19   1993). The Court may refuse to take judicial notice if the requesting party fails to do

20   this. Id. Simply attaching a document to a Request for Judicial Notice does not

21   authenticate the document. United States v. Dibble, 429 F.2d 598, 602 (9th Cir. 1970).

22   Since Heredia has failed to provide any evidence that Exhibits 6 and 7 are what they

23   purport to be, this Court should not take judicial notice. See also Madeja v. Olympic

24   Packers, LLC, 310 F.3d 628,639 (9th Cir. 2002) (no abuse of discretion in refusal to

25   take judicial notice of documents that had not been authenticated).

26   Diaz further objects on the grounds that this document does not meet the

27   requirements for judicial notice set out in Fed. R. Evid. 201. Specifically, the contents

28   of these exhibits are not generally known in the community, nor are they capable of

4

accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. See Fed. R. Evid. Rule 201(b).

**B.** **"The Arbitration, including the record and the decision" (Mem. (Dkt. 82-1) at 4:21-22)**

Heredia requests judicial notice of the "entire record," rendering it impossible for Diaz to properly understand what exact documents Heredia seeks be judicially noticed.[3] In support of his request, Heredia relies on Khoja v. Orexigan Therapeutics, Inc., 899 F.3d 988 (9th Cir. 2018), a case which unequivocally supports denying judicial notice in this instance. In Khoja, the appellate court states:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine, however, can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.

Id. at 998. After these initial comments, and before reaching the merits of the defendants' motion to dismiss, the appellate court in Khoja undertook a detailed assessment of the district court's ruling on defendants' request for judicial notice. Id. In so doing, the Ninth Circuit determined that the district court abused its discretion

---

[3] Notably, if this Court judicially noticed the "entire record" of the Arbitration, this would necessitate denial of the Motion. The "entire record" unequivocally includes contradictory declarations and testimony. Judgment on the pleadings should only be granted when there are no issues of material fact. Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). Heredia's request introduces numerous disputed issues of material fact. Therefore, even if the Court grants Heredia's request, the result remains the same: the Motion can and should be denied.

by judicially noticing an investors' conference call transcript and an agency report about the drug at issue in the action, faulting the lower court for failing to identify what fact or facts it was noticing in these documents. <u>Id</u>. at 1000-01. Specifically, the court states:

> But accuracy is only part of the inquiry under Rule 201(b). A court must also consider—and identify—which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.
>
> Here, the district court did not clearly specify what fact or facts it judicially noticed from this transcript.

<u>Id.</u> at 999-1000. The appellate court also found that both documents' contents were subject to varying interpretations and reasonable dispute. <u>Id</u>.

Considering the appellate court's scrutiny in <u>Khoja</u>, this Court can and should engage in a detailed assessment of Heredia's request. In <u>Khoja</u>, the defendants were faulted for not identifying what specific facts they were requesting judicial notice in the documents. Here, Heredia altogether fails to even identify the specific documents that make up the Arbitration's "entire record," let alone identify the specific facts contained in such documents. Quite simply, the request to judicially notice the "entire record" can and should be denied.

Out of an abundance of caution, in the event that the Court considers this uncertain ambiguous request, Diaz must be given an opportunity to advance any and all potential objections regarding the universe of documents that comprises the "entire record" of the Arbitration (which potentially totals well over 1000 pages). Such objections would include: 1) hearsay; 2) lack of foundation; 3) not generally known facts; 4) not capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned; 5) improper legal argument; 6) not

relevant; and 7) no authentication.

Additionally, if the Court is inclined to take judicial notice of any specific documents in the record of the Arbitration, which it should not because they were not properly filed or authenticated, Diaz objects to Heredia's request to take judicial notice of anything beyond the existence of such documents. Courts may judicially notice facts of public record in a judicial or administrative proceeding that "direct[ly] relat[e] to the matters at issue," such as the existence of a motion or of representations made therein. United States v. Southern California Edison Co., 300 F.Supp.2d 964, 973 (E.D. Cal. 2004) (quoting United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). Put another way, "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir.2001). To the extent Heredia seeks judicial notice of the veracity or authenticity of any arguments or conclusions of fact or law contained in documents, the request should be denied. United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 975-76 (E.D. Cal. 2004) (judicially noticing the existence of a document entitled "Forest Service Handbook" but not conclusions of fact or law within it). In the Motion, Heredia appears to rely on these documents for the truth of the statements asserted therein. See e.g., Mem. (Dkt. 82-1) at 14:18-15:4 (wherein Heredia asserts that his own testimony in the Arbitration "conclusively demonstrates" that he only worked through his licensed manager brother, Moses Heredia).) If the Court judicially notices any document in the Arbitration record, including the Transcript, it can and should do so only for its existence, and not for the truthfulness of the averments made therein.

/ / /

/ / /

/ / /

/ / /

III.    CONCLUSION

For the reasons set forth above, Diaz objects to Heredia's request for judicial notice and requests that it be denied.

Dated:  November 19, 2021                              **VGC, LLP**

By:   */s/ Gina Simas*

James L. Greeley
Diyari Vázquez
Gina Simas
Attorneys for Plaintiff
JOSEPH DIAZ, JR.

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I, Diyari Vázquez, hereby certify that on November 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: November 19, 2021          By:   */s/ Diyari Vázquez*
                                                                      Diyari Vázquez