Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Heredia Boxing Management

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>Plaintiff,<br>vs.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-02332-JWH-KKx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:     January 7, 2022<br>Time:     9:00 a.m.<br>Courtroom:  2<br>Judge:    Hon. John W. Holcomb |

**STATEMENT OF THE MOTION**

Defendant Heredia Boxing Management ("HBM"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(c), respectfully submits this Memorandum of Points and Authorities in support of its Motion For Judgment on the Pleadings on all claims brought against it in Counts IV, VII, and VIII of Plaintiff's First Amended Complaint ("complaint") [ECF No. 67-1]. HBM requests that all causes of action against it be dismissed.

**INTRODUCTION**

**I.    Background**

HBM is a lawfully-licensed California corporation whose purpose is to engage in any lawful act or activity for which a corporation organized in California may engage, subject to certain exceptions not relevant here. Its CEO is Moses Heredia, and its Secretary and CFO is Moses' brother, Ralph Heredia. Ralph Heredia is named as a defendant in all counts of Plaintiff's Complaint. Moses Heredia is not a defendant. HBM is named as a defendant in three claims in the Complaint.

To understand this suit and why Plaintiff Diaz' claims should be dismissed as a matter of law, it is important to recognize that Ralph Heredia works for Moses Heredia in Moses Heredia's capacity as CEO of HBM, performing various duties under Moses' supervision and control, and at Moses' direction. Moses Heredia pays Ralph Heredia for his work.

Moses Heredia is licensed as a boxer manager by the California State Athletic Commission ("Commission"). Moses Heredia and Diaz are parties to a 2017 boxer-manager contract duly executed under California state law as recognized and sanctioned by the Commission ("Contract").

Earlier this year, Moses Heredia and Diaz participated before the Commission in binding arbitration of the Contract and all related claims. *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021) ("Arbitration"). In that matter, Moses Heredia

was represented by HBM's counsel in this case, Federal Practice Group, and Diaz was represented by his counsel in this case, VGC LLP. The represented parties and their respective counsels were the same in the arbitration, as they are in this case.

The boxer-manager Contract on which Diaz relies requires that any dispute be arbitrated by the Commission. 4 CCR § 227. The Commission has exclusive jurisdiction over boxing in California.[1] Diaz and Moses participated in the June 10, 2021 Arbitration. The parties fully briefed the issues, exchanged exhibits, and examined witnesses. The Commission upheld the Contract's validity in its July 9, 2021 decision. See Exhibit 1, *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021).

## II.  Procedural History

Diaz filed his first amended complaint August 17, 2021. Defendant Ralph Heredia timely answered on September 17, 2021. Defendant HBM was served on September 28, 2021. HBM timely answered on October 19, 2021.[2]

## LEGAL STANDARD

## I.  Legal Standard for a Motion for Judgment on the Pleadings

Under Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings any time after the pleadings are closed, so long as the motion is filed in sufficient time that it will not delay trial. Fed. R. Civ. Proc. 12(c). "For the purposes of the motion, the allegations of the non-moving party must be

---

[1] Cal. Bus. & Prof. Code § 18640, states: "The commission has the sole direction, management, control of, and jurisdiction over all professional and amateur boxing, professional and amateur kickboxing, all forms and combinations of forms of full contact martial arts contests, including mixed martial arts, and matches or exhibitions conducted, held, or given within this state. No event shall take place without the prior approval of the commission. No person shall engage in the promotion of, or participate in, a boxing or martial arts contest, match, or exhibition without a license, and except in accordance with this chapter and the rules adopted here under."

accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Id.* Further, complaints involving fraud must be plead with particularity. Fed. R. Civ. P. 9(b).

<u>**ARGUMENT**</u>

This Court should grant HBM's motion for judgment on the pleadings for the following reasons:

I.      <u>**Fourth Cause of Action**</u>

**A. Plaintiff's Conversion Claim Against HBM is not Cognizable.**

Plaintiff's fourth cause of action, and its first claim against HBM, alleges that HBM converted all money paid to it for boxing management services rendered to Plaintiff. This claim does not adequately plead conversion and should be dismissed.

To plead conversion under California law, a plaintiff must demonstrate that (1) plaintiff had a right to possess an item of personal property; (2) that defendant substantially interfered with plaintiff's property right; (3) that plaintiff did not consent; (4) that plaintiff suffered harm; and (5) that defendant's conduct was a substantial factor in causing plaintiff's harm. *See Duke v. Superior Court*, 18 Cal.App.5th 490, 508 (2017); *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015); *Cerra v. Blackstone*, 172 Cal.App.3d 604, 609 (1985) ("The first element of that cause of action is his ownership or right to possession of the property at the time of the conversion.").

**1.  There Can be No Conversion Under the 2012 Agreement.**

Plaintiff's allegation in subparagraph 94(a) of the complaint, stating that all amounts paid to HBM under the 2012 contract were converted, fails for two reasons. First, on February 23, 2017, the Commission determined that the parties

1  signed a valid release ("Release") of all claims arising under the 2012 contract. *See*
2  Arbitration Decision at 4-5.

3       Both Ralph Heredia and Moses Heredia, in their capacities as Plaintiff's
4  boxing managers, were signatories to that contract, and the release covered all
5  claims. "Of course a corporation 'can only act through its employees and agents'..."
6  *Costa Brava Partnership III LP v. ChinaCast Educ. Corp.*, 809 F.3d 471, 475 (9th
7  Cir. 2015). Therefore, the Release applicable to each of HBM's members leaves no
8  claims to raise against HBM itself. To the extent any monies were converted under
9  the 2012 agreement by HBM, that claim has been released.

10       Second, assuming *arguendo* that HBM could itself under some unpled theory
11  be liable for conversion, there is a three-year statute of limitations for conversion in
12  California. *See* CCP § 338(c)(1). As of February 23, 2017, the 2012 agreement
13  terminated. Plaintiff's original complaint was filed on October 7, 2020. Even absent
14  the Release, more than three years have elapsed between the last possible day any
15  monies could have been converted under the 2012 agreement and Plaintiff filing his
16  original complaint. Any conversion claim is barred by the statute of limitations and
17  should be dismissed.

18               **2.  No Monies Were Converted under the 2017 Contract.**

19       In subparagraph 95(c) of the Complaint, Plaintiff alleged that HBM converted
20  whatever portion of the manager's fee it received because, as a non-party to the
21  Contract, it was, it is alleged, not entitled to any portion of Plaintiff's money. This
22  claim misses the point of how a business works.

23       Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and
24  CFO. Moses Heredia is Plaintiff's duly-licensed boxing manager. Ralph Heredia
25  works for Moses Heredia in Moses Heredia's boxing management activities,
26  performing various duties under Moses Heredia's supervision and control, and at
27  Moses Heredia's direction. Moses Heredia pays Ralph Heredia for Ralph Heredia's
28  work. Moses Heredia works under the corporate umbrella of HBM, for liability and

1   other obvious reasons. This is not an unusual situation in the sophisticated business
2   world. Indeed, it is likely that Plaintiff's law firm – itself a sophisticated business
3   entity – even receives payments via a similar liability-shield structure for work
4   performed for clients by its partners or employees.

5        The Contract was valid. This fact was conclusively determined by this Court
6   [ECF No. 44 9:10-11], and in the July 9, 2021 binding Arbitration decision by the
7   Commission. There is no allegation in this subparagraph in the Complaint that the
8   monies under the valid Contract were not lawfully earned.

9        HBM struggles to comprehend how money paid to Moses Heredia, whether or
10  not through HBM, for boxing management services, could be converted by HBM
11  when the money was properly paid under a valid contract.  The only logical
12  conclusion is that money lawfully paid by Plaintiff under the Contract cannot have
13  been converted by HBM. Plaintiff's allegation against HBM fails to meet the first
14  element of a conversion claim. Thus the conversion claim is not cognizable against
15  HBM and should be dismissed.

16        **3.  Plaintiff's Allegation that HBM took an Extra Two Percent**
17             **Management Fee is Not Alleged To Be Imputed to HBM.**

18        In subparagraph 95(d) of the Complaint, Plaintiff alleged that HBM converted
19  an extra two percent management fee from the Contract. This claim is incompletely
20  pled and should be dismissed.

21        As discussed above, HBM is the corporate entity to which Moses Heredia's
22  boxing management fees were paid. HBM cannot itself convert money. HBM
23  operates only through its members. To hold HBM liable for this alleged conversion,
24  Plaintiff would need to impute the alleged bad acts of some or all of the other
25  defendants, each of whom is an individual, to HBM. Plaintiff has failed to do so.

26        The Ninth Circuit recently decided a seminal case on how and when the acts
27  of a principal can be imputed to a corporation. *Costa Brava Partnership III LP v.*
28  *ChinaCast Educ. Corp.*, 809 F.3d 471 (9th Cir. 2015). This case first restated the

age-old principle that "[u]nder the rule of imputation, it is 'fundamental that an employer is liable for the torts of his employee committed while acting in the scope of his employment.'..." *Id.* at 476 (internal citation omitted.) It then stated the exception to that principle.

Under the adverse interest "exception, a rogue agent's actions or knowledge are 'not imputed to the principal if the agent acts adversely to the principal in a transaction or matter, intending to act solely for the agent's own purposes or those of another person.'..." *Id.* (internal citation omitted). For clarity, HBM is not suggesting that Ralph Heredia acted as a rogue agent in this matter.

Finally, the case cites the exception to the exception: "[n]evertheless, notice is imputed ... when necessary to protect the rights of a third party who dealt with the principal in good faith." *Id.* (internal citation omitted).

Plaintiff's allegation that HBM converted an extra two percent of the management fee under the Contract does not identify any other defendant alleged to have committed the bad acts that Plaintiff is trying to impute to HBM. The other defendants include Ralph Heredia, a John Doe, Esq. who still has not been identified, and several other John Does who have not been identified. Without identifying which defendant or defendants committed the underlying act that Plaintiff is attempting to impute to HBM, and without identifying how the claim could be imputed to HBM on the facts as alleged, the claim is improperly pled and should be dismissed.

## II.   Seventh Cause of Action

### A.   Plaintiff Did Not Allege Sufficient Facts to Plead Quantum Meruit.

Plaintiff's seventh cause of action, and second claim against HBM, is quantum meruit. Quantum meruit is a Latin phrase that means "as much as deserved." It is used when there is no contract or agreement in place. *See E. J. Franks Construction, Inc. v. Sahota*, 226 Cal.App.4th 1123, 1127–1128 (2014).

"To recover on a claim for the reasonable value of services under a quantum

Mem. of Points and Authorities ISO Motion for Judgment on the Pleadings

meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." *Ochs v. PacifiCare of California*, 115 Cal.App.4th 782, 794 (2004).

Quantum meruit is an "equitable remedy implied by the law under which a plaintiff who has rendered services benefitting the defendant may recover the *reasonable value* of those services when necessary to prevent unjust enrichment of the defendant." *In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (emphasis added) (citing B. Witkin, *Summary of California Law: Contracts § 91* (1987); 55 Cal. Jur.3d Restitution 360-61 (1980)). "The whole point of quantum meruit recovery is to compensate plaintiffs who have provided a benefit to defendants but who do *not* have a contract—expressed or implied—with those defendants." *Id.* at 1272 (emphasis in original).

Plaintiff's quantum meruit claim fails on two points. First, there was the valid Contract for the boxing management services. It was signed by Moses Heredia, not HBM. Second, Plaintiff has not alleged that he has not been compensated a "reasonable value" for his "services rendered." Indeed, his compensation was determined by the Promotion Agreement Term Sheet. As such, this claim should be dismissed.

## III.  <u>Eighth Cause of Action</u>

### A. Plaintiff Did Not Target the Correct Individual or Entity for an Accounting.

Plaintiff's eighth cause of action, and final claim against HBM, is for an accounting. An action for an accounting is equitable in nature. It may be brought to compel the defendant to account to the plaintiff for money or property, (1) where a fiduciary relationship exists between the parties, or (2) where, even though no fiduciary relationship exists, the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable. *See Los Defensores, Inc. v. Gomez*,

1  223 Cal.App.4th 377, 401 (2014); *see also Civic Western Corp. v. Zila Industries,*
2  *Inc.*, 66 Cal.App.3d 1, 14 (1977).

3        To plead a request for an accounting, a complaint "need only state facts
4  showing the existence of the relationship which requires an accounting and the
5  statement that some balance is due the plaintiff." *Brea v. McGlashan*, 3 Cal.App.2d
6  454, 460 (1934).

7        In seeking an accounting, Plaintiff targeted the wrong entity or individual.
8  Moses Heredia, the boxing manager he has contracted with from February 2017
9  until July 2020, and who is Plaintiff's licensed manager under the Ali Act as well as
10  his fiduciary, would be the person in a position to give an accounting, as that is the
11  person to whom Plaintiff paid money for boxing management services under the
12  Contract. Whether Moses Heredia paid Ralph Heredia, HBM, or others after
13  Plaintiff paid for the services will not help Plaintiff understand where his money was
14  first spent. As the Plaintiff did not allege facts showing the proper fiduciary-based
15  relationship that requires an accounting, this claim should be dismissed.

16                         **CONCLUSION**

17        For the foregoing reasons, Heredia Boxing Management respectfully requests
18  that this Court dismiss Plaintiff's complaint against it in its entirety.

19  Dated: November 24, 2021          Respectfully submitted,

20

21                                    /s/ *Rajan O. Dhungana*
                                      Rajan O. Dhungana (SBN: 297794)
22                                    FEDERAL PRACTICE GROUP
                                      14481 Aspen Street
23                                    Hesperia, CA 92344
24                                    Telephone: (310) 795-6905
                                      rdhungana@fedpractice.com
25

26                                    /s/ *Eric S. Montalvo*
                                      Eric S. Montalvo (*Pro Hac Vice*)
27                                    FEDERAL PRACTICE GROUP
28                                    1750 K Street, N.W., Suite 900

                                      8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*

Heredia Boxing Management

Mem. of Points and Authorities ISO Motion for Judgment on the Pleadings

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I filed the foregoing Defendant Heredia Boxing Management's Notice of Motion And Motion For Judgment On The Pleadings And For Dismissal For Lack Of Federal Question Jurisdiction with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:
James L. Greeley (SBN 218975)
    jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
    dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
    gsimas@vgcllp.com
Christian Anstett (SBN 240179)
    canstett@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: November 24, 2021

                                        Respectfully submitted,

                                        /s/ *Rajan O. Dhungana*
                                        Rajan O. Dhungana (SBN: 297794)
                                        FEDERAL PRACTICE GROUP
                                        14481 Aspen Street
                                        Hesperia, CA 92344
                                        Telephone: (310) 795-6905
                                        rdhungana@fedpractice.com

                                        *Attorney for Defendant*
                                        Heredia Boxing Management