Rajan O. Dhungana (SBN: 297794)
  rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
  emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-02332-JWH-KKx<br><br>**DEFENDANT HEREDIA'S CONSOLIDATED REPLY TO PLAINTIFF DIAZ' MOTION IN OPPOSITION TO DEFENDANT HEREDIA'S MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF DIAZ' OBJECTIONS TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:        December 10, 2021<br>Time:        9:00 a.m.<br>Courtroom:   2<br>Judge:       Hon. John W. Holcomb |

# STATEMENT OF THE MOTION

Pursuant to Local Rule 7-10, Defendant Ralph Heredia files this consolidated reply to Plaintiff Diaz' Motion in Opposition to Defendant Heredia's Motion for Judgment on the Pleadings and Plaintiff Diaz' Objections to Defendant's Request for Judicial Notice.

# PROCEDURAL HISTORY

On November 12, 2021, Defendant Heredia filed his Motion for Judgment on the Pleadings. This motion included a section requesting the Court to take Judicial notice of a prior and related arbitration proceeding that conclusively resolved the matters alleged by Plaintiff Diaz. On November 19, 2021, Plaintiff Diaz filed an Opposition to Defendant Heredia's Motion for Judgment on the Pleadings [ECF 86], and also filed a separate document styled Plaintiff Diaz's "Objections to Defendant's Request for Judicial Notice." [ECF 87] Defendant Heredia timely files this consolidated reply.

# NONE OF DEFENDANT HEREDIA'S ARGUMENTS HAVE YET BEEN DECIDED ON THE MERITS

Plaintiff Diaz devotes all but the last three lines of the entire first page of his Opposition to Defendant Ralph Heredia's Motion for Judgment on the Pleadings to recounting Defendant Heredia's procedural filing history in this matter, including mentioning prior-filed-but-subsequently withdrawn motions to dismiss. Plaintiff

Diaz even confidently proclaims that "[this] is hopefully the final time that [Plaintiff Diaz] is forced to request that this Court deny these arguments." Pl. Opposition at 1:6-7. Plaintiff Diaz devotes even more space to recounting in detail the procedural history of this matter later in his Opposition at Page 5, Line 11 through Page 7, Line 18.

Surely the Court already is familiar with this matter's procedural history. Plaintiff Diaz' lamentations notwithstanding, the Court has not yet addressed the substance of the arguments raised in Defendant Heredia's Motion for Judgment on the Pleadings, and Plaintiff Diaz does not allege anything improper with the procedural posture in which it has been raised. Defendant Heredia respectfully urges the Court to grant his Motion for Judgment on the Pleadings.

## **PLAINTIFF DIAZ IMPROPERLY FILED TWO DOCUMENTS IN RESPONSE TO ONE MOTION, AND EXCEEDED THE 25-PAGE PAGE LIMITATION FOR OPPOSITION PAPERS**

Plaintiff Diaz filed two separate documents to Defendant Heredia's Motion for Judgment on the Pleadings: (1) a 24-page "Plaintiff's Opposition to Defendant Ralph Heredia's Motion for Judgment on the Pleadings," [ECF 86]; and (2) an entirely separate, 8-page "Plaintiff Joseph Diaz's Objections to Defendant's Request for Judicial Notice." [ECF 87]. Combined, these two documents consume 32 pages, and both target arguments advanced in Defendant Heredia's 24-page Motion for

Judgment on the Pleadings. The page limit for opposition papers is 25 pages pursuant to Your Honor's October 14, 2021 Standing Order at para. 9(b).

There is no mechanism about which Defendant is aware under this Court's Local Rules or Your Honor's October 14, 2021 Standing Order that permits a litigant to bifurcate a response to a single motion, and therefore violate the permitted page limits of opposition papers, absent permission from the Court. Defendant Heredia is not aware of any such permission granted.

Defendant Heredia respectfully requests the Court aggregate Plaintiff Diaz' two filings and deem them over the 25-page limit. In such an instance, Defendant Heredia urges the Court to exercise its discretion to decline to consider the aggregated over-page-limit filings, in the same manner as if they did not meet the requirements of L.R. 7-3 through 7-8. The result of such a determination would be that Defendant Heredia's Motion for Judgment on the Pleadings would be unopposed and it should therefore be granted. There is precedent for this request. In Wheat v. California, C 11-2026 SBA, ECF no. 22 at page 1 (N.D. Cal. August 22, 2011)[1], "Defendants filed a twenty-five page motion to dismiss. Dkt. 22. The page limit for non-summary judgment motions is fifteen pages. See Standing Orders ¶ C.2 (eff. July 1, 2011). ***Because Defendants neither sought nor obtained prior leave of Court to exceed the applicable page limits, their motion is improper and will not be***

---

[1] The opinion is not available on Westlaw, but the case number and ECF number cited are accurate. It can be read at https://casetext.com/case/wheat-v-california (last viewed on November 23, 2021).

*considered*. See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010) (upholding district court's denial of motion to tax costs which was not in compliance with the court's local rules)" (emphasis added). In that case, the court granted leave to refile. As explained below, Defendant Heredia believes the outcome in this matter should be different.

There is also precedent for aggregating two filings submitted in opposition to one motion for purposes of page limit calculations. In McDowell v. Hulsey 2021 WL 4712688 Slip. Op. (D. Nev., October 8, 2021), a Plaintiff filed two briefs in response to a motion for summary judgment, and combined they exceeded that court's local rules-mandated page limitation. That court held "[i]f Plaintiff's response was going to exceed the page limit, it was incumbent upon him to file a motion to exceed the page limits in accordance with Local Rule 7-3(c) before the brief was due. Plaintiff did not do so." Id. at 2-3. Ultimately, that court exercised its discretion not to strike the pleadings, but cautioned the plaintiff "against circumventing the [page limitation] rule by filing multiple briefs." Id. at 3.

In the instant case, Defendant Heredia believes a different outcome is warranted because the Court has advised both parties' counsel on compliance with the Local Rules, whereas in the Wheat and McDowell cases, it appears the violation of the local rules was a first for each party. The Court has the authority to strike or disallow these over-page-limit pleadings. See, e.g., Swanson v. U.S. Forest Serv., 87 F.3d 339, 345 (9th Cir. 1996) (upholding district court's discretion to disregard

briefs filed in circumvention of page limits). Defendant Heredia respectfully urges the Court to disallow Plaintiff Diaz' two filings and treat the Motion for Judgment on the Pleadings as unopposed.

## DEFENDANT HEREDIA REQUESTS JUDICIAL NOTICE OF THE GENERALLY-KNOWN ARBITRATION RECORD

Plaintiff Diaz was party to the Arbitration. His counsel in this case were his counsel in the Arbitration. As part of that process, they were already provided everything requested to be judicially noticed here. While the record may be lengthy, that is because the matter was litigated, included document production, examination of witnesses under oath, motions/objections, and pre-hearing statements. Defendant was a party to the Arbitration and testified under oath. The matters raised by Plaintiff were raised before the Arbitration because that is the venue established by the Contract and California law. Judicial Notice of the Arbitration record provides the Court the information required to assess whether jurisdiction is proper in this case.

Plaintiff raised before the Commission, *inter alia*, what he alleged were Mr. Heredia's improprieties which should have invalidated the valid contract and the Commission properly exercising its exclusive jurisdiction and considering the information provided by the Parties found the contract to be valid and ordered payments for Plaintiff's breaches. A comparison of the issues raised and decided by

Plaintiff in the Arbitration and this matter is important for the Court's determination regarding the issues raised by Defendant.

However, if the Court determines that the entire record is not judicially noticeable, at minimum Defendant Heredia requests that the Arbitration decision be judicially noticed for the purpose stated in Defendant Heredia's Motion for Judgment on the Pleadings.

Defendant Heredia reiterates his argument that if the Court takes judicial notice of any portion of the Arbitration decision or record, it does not convert the instant motion into one for summary judgment. See, e.g., Heliotrope Gen. v. Ford Motor Co., 189 F.3d 971 N. 18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.' See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).").

## NONE OF THE MATTERS SUBMITTED IN SUPPORT OF ECF 82 SHOULD BE PLACED UNDER SEAL

The Court granted Plaintiff's application to file under seal ECF 78. This application was fraught with misleading and false statements made by Plaintiff's counsel and prior to Defendant's counsel's intended response. The supporting exhibits for ECF 82 were submitted under seal out of an abundance of caution as a result of the Court's granting of the application and not because counsel believes the information should be placed under seal given the extensive nature of its public

character through news reports, Mr. Diaz himself discussing these issues, and the public record of the arbitration which includes all of the information referenced. Mr. Diaz accused Mr. Heredia of "stealing" his fight proceeds before the Commission, in the media, and now before this Court. Showing what Mr. Heredia has financially done with his own money for Mr. Diaz to cover the various and wide-ranging expenses Mr. Diaz continued to accumulate, mitigate the financial peril Mr. Diaz continued to place himself in through his own choices, in the face of undisputable evidence, Mr. Diaz's own statements and admissions under oath resulted in the Commission unsubstantiating Plaintiff's assertions. Should the Court retain jurisdiction over this matter, the knowing falsity of these claims will be shown yet again. For example, numerous times during the Arbitration and in the course of this litigation, Plaintiff's counsel has been provided a receipt for the "fight tickets" that Diaz maintains were improperly obtained by Mr. Heredia. Plaintiff continues knowingly to maintain this false claim. Plaintiff wants to make public false libelous and injurious claims and now attempts to guard himself from the truth being revealed about his intoxication with debt, personal, and financial recklessness. While the Arbitration record is public as confirmed by the Deputy Attorney General's office in California, Defendant's counsel filed the entirety of the exhibits under seal in order to comply with its interpretation of the spirit of the Court's order. Given Plaintiff's objection to that filing and the fact that none of it, except for the Promotion Agreement -- which Plaintiff himself included in his pleadings,

notwithstanding that document's confidentiality provision-- is confidential, Defendant will seek guidance from the Court regarding the scope of the approved application.

## CONCLUSION

For the foregoing reasons, Defendant Ralph Heredia respectfully requests that this Court grant his Motion for Judgment on the Pleadings.

Dated: November 24, 2021   Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

# CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I filed the foregoing DEFENDANT HEREDIA'S consolidated reply to Plaintiff Diaz' Motion in Opposition to Defendant Heredia's Motion for Judgment on the Pleadings and Plaintiff Diaz' Objections to Defendant's Request for Judicial Notice with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
   jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
   dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
   gsimas@vgcllp.com
Christian Anstett (SBN 240179)
   canstett@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: November 24, 2021

                                    Respectfully submitted,

                                    /s/ *Rajan O. Dhungana*
                                    Rajan O. Dhungana (SBN: 297794)
                                    FEDERAL PRACTICE GROUP
                                    14481 Aspen Street
                                    Hesperia, CA 92344
                                    Telephone: (310) 795-6905
                                    rdhungana@fedpractice.com

                                    *Attorney for Defendant*
                                    Heredia Boxing Management