James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
  gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT HEREDIA BOXING MANAGEMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Date: January 7, 2022 <br> Time: 9:00 a.m. <br> Courtroom: 2 <br> Judge: Hon. John W. Holcomb |

# **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................. 1

LEGAL STANDARD ................................................................................................. 3

ARGUMENT ............................................................................................................... 4

   I.   HEREDIA'S MOTION FAILS ON THE MERITS ........................................... 4

        A. DIAZ ADEQUATELY ALLEGES CONVERSION AGAINST HBM ................................................................................................................. 4

        B. DIAZ ADEQUATELY ALLEGES QUANTUM MERUIT AGAINST HBM .......................................................................................................... 8

        C. DIAZ STATES A RIGHT TO AN ACCOUNTING AGAINST HBM ............................................................................................................ 9

CONCLUSION .......................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**

Atencio v. TuneCore, Inc.,
  2017 WL 10059254, at *2 (C.D. Cal. Aug. 17, 2017) ............................................. 8

Brea v. McGlashan,
  3 Cal. App. 2d 454 (1934) ..................................................................................... 9

Carrie v. Soloway,
  216 Cal. App. 4th 436 (2013) ................................................................................ 6

Costa Brava Partnership III LP v. ChinaCast Educ. Corp.,
  809 F.3d 471 (9th Cir. 2015) ................................................................................. 7

Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist
  Congregational Church,
  887 F.2d 228 (9th Cir. 1989) ............................................................................ 3, 6

Haigler v. Donnelly,
  18 Cal. 2d 674 (1941) ............................................................................................ 4

Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,
  896 F.2d 1542 (9th Cir. 1990) ............................................................................... 6

In re Cal. Invs. LLC,
  489 B.R. 124 (C.D. Cal. 2013) .............................................................................. 8

In re Century 21–Re/Max Real Estate Adver. Claims Litig.,
  882 F.Supp. 915 (C.D. Cal. 1994) ......................................................................... 3

In re De Laurentiis Ent't Group, Inc.,
  963 F.2d 1269 (9th Cir. 1992) ............................................................................... 9

Lee v. Hanley,
  61 Cal. 4th 1225 (2015) ......................................................................................... 4

Maglica v. Maglica,
  66 Cal. App. 4th 442 (1998) .................................................................................. 8

///

McGann v. Ernst & Young.,
   102 F.3d 390 (9th Cir. 1996) ...................................................................................3

NL Indus. v. Kaplan,
   792 F.2d 896 (9th Cir. 1986) ...................................................................................3

Oakdale Vill. Group v. Fong,
   43 Cal. App. 4th 539 (1996) ....................................................................................4

Teselle v. McLoughlin,
   173 Cal. App. 4th 156 (2009) ..................................................................................9

United States v. Mongol Nation,
   370 F. Supp. 3d 1090 (C.D. Cal. 2019) ...................................................................8

Venturi & Co. LLC v. Pac. Malibu Dev. Corp.,
   172 Cal. A pp. 4th 1417 (2009) ...............................................................................7

Welco Elecs., Inc. v. Mora,
   223 Cal. App. 4th 202 (2014) ..................................................................................4

Wise v. Radis,
   74 Cal. App. 765 (1925) ..........................................................................................6

**STATUTES**

Fed. R. Civ. P. 12(c). ......................................................................................................4

**OTHER AUTHORITIES**

1 Witkin, Summ. of Cal. Law, Contracts § 91, at 122 (9th ed. 1987)......................... 8

Charles Alan Wright et al., 5C Federal Practice and Procedure § 1368 (3d ed.)........ 3

Miller and Starr, 1 Cal. Real Est. Digest 3d Brokers § 16 (2020).............................. 7

## INTRODUCTION

In yet another tactic by Defendants to delay this litigation, as well as to harass and overburden both Plaintiff Joseph Diaz, Jr. ("Diaz") and the Court, Defendant Heredia Boxing Management ("HBM") now files a motion for judgment on the pleadings ("Motion") that is simply a recapitulated version of the bulk of the arguments previously made in defendant Ralph Heredia's ("Heredia") motion for judgment on the pleadings (arguments that could have easily been addressed in that motion). In this Motion, HBM concedes, as it must, that Heredia is HBM's Secretary and CFO. (Mem. (Dkt. 88-1) at 1:7-10.) HBM further concedes that "HBM operates only through its members" and that to hold HBM liable, "Plaintiff would need to impute the alleged bad acts of some or all of the other defendants, each of whom is an individual, to HBM." (Mem. (Dkt. 88-1) at 5:22-25.) Thereafter, HBM antithetically and irreconcilably contends that the alleged bad acts against Heredia cannot be imputed to HBM. (Mem. (Dkt. 88-1).) Given HBM's prior concessions, this is illogical and plainly wrong. As HBM expressly acknowledges, the law makes clear that Heredia's acts can and will be imputed to HBM. Here, Diaz has sufficiently alleged facts to support his claims for conversion, quantum meruit and accounting against HBM. As such, the Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Diaz will not waste the Court's time by repeating all the facts that have already been laid out in Diaz's opposition to Heredia's motion for judgment on the pleadings and hereby incorporates them by reference in this Motion. (See Dkt 86 at 4:1-7:18). Particularly relevant to this Motion, HBM is a California Corporation and one of the vehicles for Heredia's theft from Diaz. (FAC (Dkt 69) ¶ 62.) The only officers and directors of HBM listed in its public filings with the California Secretary of State are Moses and Ralph Heredia. (Id. ¶ 62.) The California Athletic Commission has no record that HBM has ever received a license. (Id. ¶ 62.) Despite California law requiring that all boxing managers be licensed in order to receive proceeds from the

1
PLAINTIFF'S OPPOSITION TO MOTION FOR JUDMGMENT ON THE PLEADINGS

boxer, and despite language in the 2017 Agreement between Moses Heredia and Diaz requiring that no person other than the managers listed in the 2017 Agreement participate in the boxer's ring earnings, HBM received *hundreds of thousands of dollars* of Diaz's ring earnings. (Id. ¶ 62.) HBM was directly paid these monies in checks issued by Golden Boy Promotions. (Id. ¶ 62.) By having the ring payments made to a business entity, Heredia concealed his participation and receipt of funds from Diaz at times where he was not a licensed boxer manager. (Id. ¶ 62.) All of the payments to HBM were illicit and improper, and in breach of the 2017 Agreement. (Id. ¶ 62.)

Notably, on May 19, 2021, when this Court denied Heredia's motion to compel arbitration on the merits (Dkt. 44), the Court found:

> The Court concludes that Heredia, a nonsignatory to the Management Contract, does not have the right to compel arbitration under that agreement Furthermore, assuming arguendo that Heredia is an employee of ***Heredia Boxing Management, that entity is not a party to the Management Contract either***. The Management Contract is between "Moses Heredia" and "Joseph Diaz Jr."—Moses Heredia is designated as the "Manager" and Diaz is designated as the "Boxer." ***The Management Contract does not contain any reference to "Ralph Heredia" or "Heredia Boxing Management***.

(Dkt. 44) (emphasis added).

On June 10, 2021, the Commission held the Arbitration concerning the Contract between Diaz and Moses Heredia. Thereafter, the Arbitrator issued a decision making clear that Heredia's claims were not litigated. (*See, e.g.* Arb. Decision (Dkt. 83, Ex. 5) at p.4 fn. 1 ("the arbitrator makes no determination as to whether the 2012 agreement was also invalid due to Ralph Heredia signing the agreement"); and at 13:7-12 ("[t]his dispute [over vehicle repossession] is a component of Boxer's lawsuit against Ralph

Heredia and does not involve Manager, who is not a named party in that civil lawsuit").

On August 13, 2021, Diaz filed his First Amended Complaint naming HBM as a defendant. (Dkt. 67-1.) On October 19, 2021, HBM filed its Answer. (Dkt. 77.). On October 29, 2021, HBM filed the Motion, which is yet another tactic to delay this litigation. Such tactics have resulted in a lengthy and convoluted procedural history, causing both Diaz's counsel and the Court much frustration, (see Dkt. 61 at 2:6-11 (stating "the Court has expressed its frustration with the prosecution and trajectory of this action. Among other issues, the Court is concerned that this case is languishing. The Court expects the parties henceforth to proceed expeditiously.") Notwithstanding the Court's express order, Defendants have now filed two separate yet nearly identical motions for judgment of the pleadings. These delay tactics must cease.

## LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the Court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21–Re/Max Real Estate Adver. Claims Litig., 882 F.Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. Charles Alan Wright et al., 5C Federal Practice and Procedure § 1368 (3d ed.).

Judgment on the pleadings should only be granted when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989). If matters outside the

pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(c).

## ARGUMENT

### I. HBM's Motion Fails on the Merits

#### A. Diaz Adequately Alleges Conversion Against HBM

"Conversion is the wrongful exercise of dominion over the property of another." Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2014). "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Id. "Conversion is a strict liability tort." Id. To constitute conversion, "[i]t is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." Oakdale Vill. Group v. Fong, 43 Cal. App. 4th 539, 544 (1996). "Money may be the subject of conversion if the claim involves a specific, identifiable sum; it is not necessary that each coin or bill be earmarked." Welco Elecs., 223 Cal. App. 4th at 209 (citing Haigler v. Donnelly, 18 Cal. 2d 674, 681 (1941)). The theft of money is a classic conversion claim, as Heredia's own cited authority recognizes. (Mem. (Dkt. 87-1) at 12:24-13:3) (citing Lee v. Hanley, 61 Cal. 4th 1225, 1240 (2015)).

HBM wrongly contends that Diaz has not adequately alleged conversion. Diaz, however, plainly alleges:

> Defendants [Heredia and HBM] intentionally and substantially interfered with Diaz's rights to his money and personal property. Defendants wrongfully converted Diaz's money and personal property in at least the following ways:
> a. All amounts paid to Heredia or HBM under the 2012 Agreement were converted. The 2012 Agreement was not valid and neither HBM nor Heredia were owed any sums

> pursuant to it.
>
> ...
>
> c. Defendants [Heredia and HBM] converted whatever portion they received of the manager's fee under the 2017 Agreement from Diaz. Heredia, HBM and John Doe, Esq. were not parties to the 2017 Agreement. They were not entitled to any of Diaz's money under the 2017 Agreement. This is a knowable amount, which will be established at trial.
>
> d. Defendants [Heredia and HBM] converted an extra 2% of Diaz's manager's fee by taking a 20% fee instead of the 18% fee set forth in the 2017 Agreement.

(FAC ¶ 95.) As such, Diaz clearly alleges specific sums of money he had the right to possess were converted by HBM, including: (i) all amounts paid to HBM under the 2012 Agreement; (ii) whatever portion HBM received of the manager's fee under the 2017 Agreement from Diaz; and (iii) the extra 2% taken from Diaz's purse (on top of the 18% manager's fee). (Id. ¶¶ 62, 95.)

In support of its argument, HBM's raises factual issues that can and will be explored during discovery. For example, HBM asserts:

> Ralph Heredia works for Moses Heredia in Moses Heredia's boxing management activities, performing various duties under Moses Heredia's supervision and control, and at Moses Heredia's direction. Moses Heredia pays Ralph Heredia for Ralph Heredia's work. Moses Heredia works under the corporate umbrella of HBM, for liability and other obvious reasons.

(Mem. (Dkt. 88-1) at 4:24-5:1). Notably, none of these arguments are supported by a declaration or proper evidence. Worse yet, on the very same page of the Motion, HBM expressly acknowledges that Heredia was one of "Plaintiff's boxing managers." (Mem.

5
PLAINTIFF'S OPPOSITION TO MOTION FOR JUDMGMENT ON THE PLEADINGS

(Dkt. 88-1) at 4:3-5). Notwithstanding this admission, HBM somehow "struggles to comprehend" how money paid "through HBM, for boxing management services, could be converted by HBM." (Mem. (Dkt. 88-1) at 5:9-12). This claim could not be more clear and any alleged incomprehension is not a result of insufficient pleading.

Moreover, HBM's arguments concerning HBM's alleged corporate structure are factually disputed and altogether improper for resolution on a motion for judgment on the pleadings. Gen. Conference Corp., 887 F.2d at 230 (holding that judgment on the pleadings should only be granted when there are no issues of material fact and the moving party is entitled to judgment as a matter of law.)

Additionally, HBM's unsupported factual contentions do nothing to support the Motion. Even if it were true that Moses Heredia paid Ralph Heredia, which Diaz disputes (indeed, Heredia took hundreds of thousands of dollars directly from Diaz), this does not support dismissal of the claim for conversion against HBM. HBM altogether fails to address the allegations that (1) HBM received hundreds of thousands of dollars of Diaz's ring earnings; (2) HBM was directly paid these monies in checks issued by Golden Boy Promotions; and (3) by having the ring payments made to HBM, Heredia concealed his participation and receipt of funds from Diaz at times where he was not a licensed boxer manager. (FAC ¶ 62.) "For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

Finally, any suggestion by HBM that Heredia could effectively and properly manage Diaz pursuant to "Moses Heredia's supervision and control, and at Moses Heredia's direction" is contrary to long-standing California law on professional licenses. Wise v. Radis, 74 Cal. App. 765, 773-75 (1925) (holding that professional services performed jointly by two people, one licensed and the other unlicensed, voids the entire contract); and Carrie v. Soloway, 216 Cal. App. 4th 436, 447 (2013).

///

> When the licensed services are performed by two or more persons as a joint venture or partnership, and one of them is not duly licensed, the entire transaction is void and unenforceable, and neither person can collect compensation for the services.

Miller and Starr, 1 Cal. Real Est. Digest 3d Brokers § 16 (2020). California law requires that an entity that receives payments for licensed services be duly licensed. <u>Venturi & Co. LLC v. Pac. Malibu Dev. Corp.</u>, 172 Cal. App. 4th 1417, 1423-24 (2009). It is not sufficient that one of the managers of that entity is licensed. <u>Id</u>. Simply put, HBM's arguments fail on all fronts (*i.e.* procedurally, factually and legally).

Notably, HBM's argument is entirely paradoxical (in addition to being unsupported and a disputed factual argument). On the one hand, HBM concedes that Heredia is its CFO and Secretary and correctly cites law holding that "an employer is liable for the torts of his employee committed while acting in the scope of his employment." (Mem. (Dkt. 88-1) at 1:7-10, 5:4 & 6:1-3 [<u>citing</u> <u>Costa Brava Partnership III LP v. ChinaCast Educ. Corp</u>., 809 F.3d 471 (9th Cir. 2015)].) On the other hand, HBM confusingly asserts that Heredia's conduct cannot be imputed to HBM. Candidly, Diaz is unable to decipher HBM's nonsensical argument. In the Motion, HBM states:

> Under the adverse interest "exception, a rogue agent's actions or knowledge are 'not imputed to the principal if the agent acts adversely to the principal in a transaction or matter, intending to act solely for the agent's own purposes or those of another person.'..." <u>Id</u>. (internal citation omitted). For clarity, **HBM is not suggesting that Ralph Heredia acted as a rogue agent in this matter**.
> Finally, the case cites the exception to the exception: "[n]evertheless, notice is imputed ... when necessary to protect the rights of a third party who dealt with the principal in good

faith." Id. (internal citation omitted).

(Mem. (Dkt. 88-1) at 6:5-12.) In other words, HBM makes clear that HBM is liable for Heredia's actions unless Heredia was acting as a rogue agent, which HBM expressly states it is "not suggesting." Thus, while HBM utilizes convoluted phrasing, it is clear that HBM understands that Heredia's conduct is by law and in fact imputed to HBM. In re Cal. Invs. LLC, 489 B.R. 124, 129 (C.D. Cal. 2013) (stating that California follows the well-established principle that the acts and knowledge of an officer can be attributed to a corporation/principal); United States v. Mongol Nation, 370 F. Supp. 3d 1090, 1128 (C.D. Cal. 2019) (holding that a corporation is a legal entity that may act only through its agents, including officers, directors, and employees). Here, Heredia's conduct, as HBM's CFO and Secretary, are imputed to HBM. Further, Diaz clearly alleges that specific sums of money that he had the right to possess were converted by HBM resulting in Diaz suffering damages. As such, Diaz sufficiently alleges a claim for conversion against HBM.

### B. Diaz Adequately Alleges Quantum Meruit Against HBM

California law has long recognized that the "underlying idea behind quantum meruit is the law's distaste for unjust enrichment. If one has received a benefit which one may not justly retain, one should 'restore the aggrieved party to his or her former position by return of the thing or its equivalent in money.'" Maglica v. Maglica, 66 Cal. App. 4th 442, 449 (1998) (citing 1 Witkin, Summ. of Cal. Law, Contracts § 91, at 122 (9th ed. 1987)). "To state a claim for quantum meruit, the plaintiff need only "prove that (1) he rendered services to the defendant's benefit and (2) the defendant would be unjustly enriched if the plaintiff was not compensated." Atencio v. TuneCore, Inc., 2017 WL 10059254, at *2 (C.D. Cal. Aug. 17, 2017). Diaz has done that. He alleges that he rendered boxing services to Heredia for his benefit and that HBM was unjustly enriched by the extra 2% fee it took that was not allowed under *any* contract, as well as whatever portion of Diaz's 18% manager's fee HBM took because it was *not a party* to the 2017 Agreement. (FAC ¶¶ 116b.)

HBM's argument for dismissal of Diaz's quantum meruit claim fails. HBM altogether ignores this Court's ruling that HBM is not a party to the 2017 Agreement (Dkt. 44). In support of its argument, HBM cites In re De Laurentiis Ent't Group, Inc., 963 F.2d 1269 (9th Cir. 1992), which plainly holds that a plaintiff cannot maintain a quantum meruit claim where there is a contract between the parties. (Mem. (Dkt. 88-1) at 7:5-9.) Here, as previously acknowledged by this Court, HBM is not a party to the 2017 Agreement. Quantum meruit clearly applies; and Diaz has sufficiently alleged this claim against HBM.

### C. Diaz States a Right to an Accounting Against HBM

The Motion correctly states the standard for an accounting, but then ignores the allegations in Diaz's FAC that easily satisfy that standard. "A cause of action for accounting need only state facts showing the existence of the relationship which requires an accounting and the statement that some balance is due the plaintiff." Brea v. McGlashan, 3 Cal. App. 2d 454, 460 (1934). A fiduciary relationship is not even necessary to state a cause of action for accounting, but it is a prime example of the type of relationship that qualifies for such relief. Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009). Diaz expressly alleges that he was in a fiduciary relationship with Heredia. (FAC ¶¶ 3, 17, 73, 83.) He alleges that a balance of money is due to him, and the precise amount cannot be ascertained without an accounting. (Id. ¶ 123.) That is all that is required to state an accounting cause of action. And—as detailed above in Section I.A.—as HBM admits, Heredia's conduct is by law and in fact imputed to HBM. What is more, California law stipulates that only licensed boxing managers (and attorneys) may receive funds from a boxer's ring earnings. HBM received *hundreds of thousands of dollars* of Diaz's ring earnings. For HBM to now argue that it is not a fiduciary of Diaz means that it must necessarily concede that HBM is not a licensed manager and not entitled to receive funds from Diaz's boxing proceeds. HBM cannot have it both ways.

///

HBM contends that Diaz "targeted the wrong entity or individual" and that Moses Heredia "is the person to whom Plaintiff paid money for boxing management services under the Contract." (Mem. (Dkt. 88-1) at 8:7-12.) The allegations in the FAC plainly dispute this. (FAC ¶¶ 42, 53, 56, 57, 58.) In sum, Diaz plainly and sufficiently alleges an accounting claim against HBM.

## CONCLUSION

For all the foregoing reasons, the Court should deny HBM's motion for judgment on the pleadings.

Dated: December 17, 2021　　　　　　　　　**VGC, LLP**

　　　　　　　　　　　　　　　　　　By: */s/ Gina Simas*
　　　　　　　　　　　　　　　　　　　　James L. Greeley
　　　　　　　　　　　　　　　　　　　　Diyari Vázquez
　　　　　　　　　　　　　　　　　　　　Gina Simas
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　JOSEPH DIAZ, JR.

# CERTIFICATE OF SERVICE

I, Christy Jones, hereby certify that on December 17, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List as follows:

Eric S. Montalvo  *Attorneys for Defendant*
Rajan O. Dhungana  Ralph Heredia
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
Email: emontalvo@fedpractice.com
  rdhungana@fedpractice.com

Dated: December 17, 2021   By: _____
  Christy Jones