1 | James L. Greeley (SBN 218975)
2 |   jgreeley@vgcllp.com
   | Diyari Vázquez (SBN 222461)
3 |   dvazquez@vgcllp.com
4 | Gina Simas (SBN 205367)
   |   gsimas@vgcllp.com
5 | **VGC, LLP**
6 | 1515 7th Street, No. 106
   | Santa Monica, California 90401
7 | Telephone: (424) 272-9885
8 | *Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

9 | Rajan O. Dhungana (SBN: 297794)
10 | rdhungana@fedpractice.com
   | Eric S. Montalvo (*Pro Hac Vice*)
11 | emontalvo@fedpractice.com
12 | **FEDERAL PRACTICE GROUP**
   | 14481 Aspen Street
13 | Hesperia, CA 92344
14 | Telephone: (310) 795-6905
   | *Attorneys for Defendants,*
15 | RALPH HEREDIA AND HEREDIA BOXING MANAGEMENT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | CASE NO. 5:20-cv-02332-JWH-KK |
| Plaintiff, | <u>HON. KENLY KIYA KATO</u> |
| v. | **[DISCOVERY MATTER]** |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | **LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RALPH HEREDIA; AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $18,125.00** |
| Defendants. | Discovery Cut-Off Date: April 22, 2022<br>Pre-Trial Conference Date: August 12, 2022<br>Trial Date: August 29, 2022 |

i

# **TABLE OF CONTENTS**

**Page**

I.      **INTRODUCTION** ……………………………………....... 1

      a. Plaintiff's Introductory Statement ……………………....... 1

         1) Nature of the Case ……………………….......…………… 1

         2) Heredia's Responses and Diaz's unsuccessful Efforts

           To Resolve Discovery Disputes …………….…………… 2

      b. Defendant's Introductory Statement ………………………… 4

II.     **ARGUMENT** ……………………………………….............. 7

      a. Diaz's Argument ………………………………………........... 7

         1. Plaintiff's Motion to Compel Further Responses to

           First Set of Interrogatories to Heredia …………….…….. 8

      b. Heredia's Argument ………………………………….….. 8

         1. Defendant Heredia Produced All Responsive Documents . 8

**SPECIAL INTERROGATORY NO. 7** …………………........ 11

Answer ……………………………………………........................ 11

Supplemental Response ……………………………………........... 11

Plaintiff's Argument for Compelled Further Response …………… 11

Defendant's Argument ……………………………………........... 12

**SPECIAL INTERROGATORY NO. 8** ………………........... 13

Answer ……………………………………………........................ 13

Second Supplemental Response ……………………………........ 13

Plaintiff's Argument for Compelled Further Response …………..... 13

Defendant's Argument ……………………………………….…… 14

**SPECIAL INTERROGATORY NO. 9** ………………........... 15

Answer ……………………………………………........................ 15

Second Supplemental Response …………………………….......... 15

Plaintiff's Argument for Compelled Further Response …………… 15

Defendant's Argument …………………………………………… 16

**SPECIAL INTERROGATORY NO. 10** ……………….............. 17

Answer …………………………………………….......................... 17

Second Supplemental Response …………………………….... 17

Plaintiff's Argument for Compelled Further Response …………... 17

Defendant's Argument …………………………..…………….. 18

**SPECIAL INTERROGATORY NO. 11** ……...……............... 19

Answer …………………………………………….......................... 19

Supplemental Response ……………………………................... 20

Plaintiff's Argument for Compelled Further Response ……..…… 20

Defendant's Argument …………………………………..……... 20

    b.  Plaintiff's Motion to Compel Further Responses to

        Request For Production of Documents to Heredia and

        to Compel Full and Complete Document Production of

        Documents by Heredia …………….………..………….. 22

A. Heredia's Frivolous Objections ……………..……..………….. 23

        1. Overbroad, Vague, and Ambiguous …..………..………….. 23

        2.  Relevancy …………………..….……………………. 24

        3. Attorney-Client Privilege and Work Product Objections .. 24

B. Heredia's Failure to Search for Documents …..………....…… 24

        Heredia's Argument ……………….…..…………………... 25

**REQUEST FOR PRODUCTION NO. 1** ………..……............ 26

Supplemental Response ………………………….................... 26

Plaintiff's Argument for Compelled Further Response ……..…… 26

Defendant's Argument …………………………………..……… 27

**REQUEST FOR PRODUCTION NO. 2** ………..…!…........... 28

Supplemental Response ………………………….................... 29

Plaintiff's Argument for Compelled Further Response ……..…… 29

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

Defendant's Argument ………………………………….…....… 29

**REQUEST FOR PRODUCTION NO. 3** ……....…….............. 31

Supplemental Response ………………………..................... 31

Plaintiff's Argument for Compelled Further Response ……..…... 32

Defendant's Argument …………………………………..…...…. 32

**REQUEST FOR PRODUCTION NO. 4** ……....……............. 34

Supplemental Response ………………………..................... 34

Plaintiff's Argument for Compelled Further Response ……..…... 35

Defendant's Argument ……………………………….…...…. 35

**REQUEST FOR PRODUCTION NO. 5** ……....……............. 37

Supplemental Response ………………………..................... 37

Plaintiff's Argument for Compelled Further Response ……..…... 38

Defendant's Argument ……………………………….…...…. 39

**REQUEST FOR PRODUCTION NO. 6** ……....……............. 41

Supplemental Response ………………………..................... 41

Plaintiff's Argument for Compelled Further Response ……..…... 41

Defendant's Argument ……………………………….…...…. 42

**REQUEST FOR PRODUCTION NO. 7** ……....……............. 44

Supplemental Response ………………………..................... 44

Plaintiff's Argument for Compelled Further Response ……..…... 44

Defendant's Argument ……………………………….…...…. 45

**REQUEST FOR PRODUCTION NO. 8** ……....……............. 47

Supplemental Response ………………………..................... 47

Plaintiff's Argument for Compelled Further Response ……..…... 47

Defendant's Argument ……………………………….…...…. 48

**REQUEST FOR PRODUCTION NO. 9** ……....……............. 50

Supplemental Response ………………………..................... 50

Plaintiff's Argument for Compelled Further Response ……..…... 51

Defendant's Argument ……………………………………..……….. 52

**REQUEST FOR PRODUCTION NO. 10** ……...…….............. 53

Supplemental Response …………………………….................. 54

Plaintiff's Argument for Compelled Further Response ……...…… 54

Defendant's Argument …………………………………..……….. 55

**REQUEST FOR PRODUCTION NO. 11** ……...…….............. 57

Supplemental Response …………………………….................. 57

Plaintiff's Argument for Compelled Further Response ……...…… 57

Defendant's Argument …………………………………..……….. 58

**REQUEST FOR PRODUCTION NO. 12** ……...……............. 60

Supplemental Response …………………………….................. 60

Plaintiff's Argument for Compelled Further Response ……..…….. 61

Defendant's Argument …………………………………..……….. 61

**REQUEST FOR PRODUCTION NO. 13** ……...…….............. 63

Supplemental Response …………………………….................. 63

Plaintiff's Argument for Compelled Further Response ……..…….. 64

Defendant's Argument …………………………………..……….. 64

**REQUEST FOR PRODUCTION NO. 14** ……...……............. 66

Supplemental Response …………………………….................. 66

Plaintiff's Argument for Compelled Further Response ……...…… 67

Defendant's Argument …………………………………..……….. 67

**REQUEST FOR PRODUCTION NO. 15** ……...……............. 69

Supplemental Response …………………………….................. 69

Plaintiff's Argument for Compelled Further Response ……..…….. 70

Defendant's Argument …………………………………..……….. 70

**REQUEST FOR PRODUCTION NO. 16** ……...…….............. 72

Supplemental Response …………………………….................. 72

Plaintiff's Argument for Compelled Further Response ……..…….. 73

1  Defendant's Argument ……………………….….…..…….. 74

2  **REQUEST FOR PRODUCTION NO. 17** …….....……............. 76

3  Supplemental Response …………………………….................. 76

4  Plaintiff's Argument for Compelled Further Response …….....…… 76

5  Defendant's Argument …………………………………….…..…… 76

6  **REQUEST FOR PRODUCTION NO. 18** …….....……............... 78

7  Supplemental Response …………………………….................. 78

8  Plaintiff's Argument for Compelled Further Response …….....…… 79

9  Defendant's Argument ………………………….….…..…….. 79

10  **REQUEST FOR PRODUCTION NO. 19** …….....……................ 81

11  Supplemental Response …………………………….................. 81

12  Plaintiff's Argument for Compelled Further Response …….....…….. 81

13  Defendant's Argument …………………………….….…..…….. 81

14  **REQUEST FOR PRODUCTION NO. 20** …….....……............. 83

15  Supplemental Response …………………………….................. 83

16  Plaintiff's Argument for Compelled Further Response …….....…… 84

17  Defendant's Argument …………………………….….…..…….. 84

18  **REQUEST FOR PRODUCTION NO. 21** …….....……............... 86

19  Supplemental Response …………………………….................. 86

20  Plaintiff's Argument for Compelled Further Response …….....…… 86

21  Defendant's Argument …………………………….….…..…….. 86

22  **REQUEST FOR PRODUCTION NO. 22** …….....……................ 88

23  Supplemental Response …………………………….................. 88

24  Plaintiff's Argument for Compelled Further Response …….....…..… 89

25  Defendant's Argument ………………………….….…..…..…. 90

26  **REQUEST FOR PRODUCTION NO. 23** …….....……............. 92

27  Supplemental Response …………………………….................. 92

28  Plaintiff's Argument for Compelled Further Response …….....…..… 92

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

Defendant's Argument …………………….….……….…..…… 93

**REQUEST FOR PRODUCTION NO. 24** ….…...……............. 95

Supplemental Response ……………………………................... 95

Plaintiff's Argument for Compelled Further Response …..……….. 95

Defendant's Argument …………………….….……….…..…… 96

**REQUEST FOR PRODUCTION NO. 25** ….…...…….................. 98

Supplemental Response ………………………….......................... 98

Plaintiff's Argument for Compelled Further Response ……..…….. 99

Defendant's Argument …………………….….……….…..…..…. 99

**REQUEST FOR PRODUCTION NO. 26** ….…...……................ 101

Supplemental Response …………………………….................. 102

Plaintiff's Argument for Compelled Further Response ……..…… 102

Defendant's Argument …………………….….……….…..…… 103

**REQUEST FOR PRODUCTION NO. 27** ….…...……................ 105

Supplemental Response ………………………….................... 105

Plaintiff's Argument for Compelled Further Response ……..…… 105

Defendant's Argument …………………….….……….…..…… 106

**REQUEST FOR PRODUCTION NO. 28** ….…...……................ 108

Supplemental Response ………………………….................... 108

Plaintiff's Argument for Compelled Further Response ……….…..… 109

Defendant's Argument …………………….….……….…..…… 109

**REQUEST FOR PRODUCTION NO. 29** ….…...……................ 111

Supplemental Response ………………………….................... 111

Plaintiff's Argument for Compelled Further Response ……..…...… 112

Defendant's Argument …………………….….……….…..…..... 112

**REQUEST FOR PRODUCTION NO. 30** ….…...……................ 114

Supplemental Response ……………………….….....................… 114

Plaintiff's Argument for Compelled Further Response ……..…..… 115

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

Defendant's Argument ……………………….………..…….... 115

**REQUEST FOR PRODUCTION NO. 31** …….…….…............. 117

Response …………………………………………................ 117

Plaintiff's Argument for Compelled Further Response ……..……. 118

Defendant's Argument ………………………………….…….. 118

**REQUEST FOR PRODUCTION NO. 32** …….…….…............ 119

Response ……………………………………….................. 119

Plaintiff's Argument for Compelled Further Response ……..……. 119

Defendant's Argument ………………………….……….…….. 119

**REQUEST FOR PRODUCTION NO. 35** …….…….…............. 120

Supplemental Response …………………………………….. 120

Plaintiff's Argument for Compelled Further Response ……..……. 120

Defendant's Argument ………………………………….…….. 121

**REQUEST FOR PRODUCTION NO. 36** …….…….…............ 121

Supplemental Response ……………………………............ 121

Plaintiff's Argument for Compelled Further Response ……..……. 121

Defendant's Argument ………………………….……….…….. 122

**REQUEST FOR PRODUCTION NO. 37** …….…….…............ 124

Supplemental Response ……………………………............ 124

Plaintiff's Argument for Compelled Further Response ……..……. 124

Defendant's Argument ………………………………….…….. 125

**REQUEST FOR PRODUCTION NO. 38** …….…….…............ 127

Supplemental Response ……………………………........... 127

Plaintiff's Argument for Compelled Further Response ……..……. 127

Defendant's Argument ………………………….……….…….. 128

**REQUEST FOR PRODUCTION NO. 39** …….…….…............ 130

Supplemental Response ……………………………............ 130

Plaintiff's Argument for Compelled Further Response ……..……. 130

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

Defendant's Argument ……………………….………..……..….. 130

**REQUEST FOR PRODUCTION NO. 40** ….…..…….............. 133

Supplemental Response ……………………………................... 133

Plaintiff's Argument for Compelled Further Response ….....…… 133

Defendant's Argument ……………………………….…….…….. 133

**REQUEST FOR PRODUCTION NO. 41** ….…..……............... 135

Supplemental Response ……………………………................... 136

Plaintiff's Argument for Compelled Further Response ….....…… 136

Defendant's Argument ……………………………….…….……. 136

**REQUEST FOR PRODUCTION NO. 42** ….…..……................. 138

Supplemental Response ……………………………................... 138

Plaintiff's Argument for Compelled Further Response ….....…… 139

Defendant's Argument ……………………………….…….……. 139

**REQUEST FOR PRODUCTION NO. 43** ….…..……............... 139

Response ……………………………………................... 139

Plaintiff's Argument for Compelled Further Response ….....…… 140

Defendant's Argument ……………………………….…….……. 140

**REQUEST FOR PRODUCTION NO. 44** ….…..……............... 140

Supplemental Response ……………………………................... 140

Plaintiff's Argument for Compelled Further Response ….....…... 141

Defendant's Argument ……………………………….…….……. 141

**REQUEST FOR PRODUCTION NO. 45** ….…..……................. 143

Supplemental Response ……………………………................... 143

Plaintiff's Argument for Compelled Further Response ….....…… 144

Defendant's Argument ……………………………….…....…….. 145

**REQUEST FOR PRODUCTION NO. 46** ….…..……................ 147

Supplemental Response ……………………………................... 147

Plaintiff's Argument for Compelled Further Response ….....…… 147

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

Defendant's Argument …………………………………..……..…… 148

**REQUEST FOR PRODUCTION NO. 47** …….…..……............. 150

Supplemental Response ……………………………….................. 150

Plaintiff's Argument for Compelled Further Response ……..…..…. 150

Defendant's Argument …………………………………..……..…... 151

**REQUEST FOR PRODUCTION NO. 48** …….…..……............... 153

Supplemental Response ……………………………….................. 153

Plaintiff's Argument for Compelled Further Response ……..…..…. 153

Defendant's Argument …………………………………..……..…... 154

**REQUEST FOR PRODUCTION NO. 49** …….…..……............... 156

Supplemental Response ……………………………….................. 156

Plaintiff's Argument for Compelled Further Response ……..…..…. 156

Defendant's Argument …………………………………..……..…... 157

**REQUEST FOR PRODUCTION NO. 50** …….…..……............... 159

Supplemental Response ……………………………….................. 159

Plaintiff's Argument for Compelled Further Response ……...…,..…. 159

Defendant's Argument …………………………………..……..…... 160

**REQUEST FOR PRODUCTION NO. 51** …….…..……............... 160

Supplemental Response ……………………………….................. 160

Plaintiff's Argument for Compelled Further Response ……..…..…. 160

Defendant's Argument …………………………………..……..…... 161

**REQUEST FOR PRODUCTION NO. 52** …….…..……............... 161

Response ……………………………………………….................. 161

Plaintiff's Argument for Compelled Further Response ……..…..…. 161

Defendant's Argument …………………………………..……..…... 162

**REQUEST FOR PRODUCTION NO. 58** …….…..……............... 162

Supplemental Response ……………………………….................. 162

Plaintiff's Argument for Compelled Further Response ……..…..…. 162

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

1    Defendant's Argument ……………………….……….…….. 162

2    **III.    HEREDIA AND HIS COUNSEL SHOULD BE**

3    **SANCTIONED FOR THEIR FAILURE TO COMPLY**

4    **WITH DISCOVERY** ………………………….……….…….. 164

5        a.  Diaz's Argument …………………………….……….…. 164

6        b.  Defendant's Argument ………..……………….……….…. 165

7    **IV.    PROPOSED RESOLUTIONS DURING THE CONFERENCE**

8    **OF COUNSEL** ……………………………………............... 166

9        a.  Diaz's Resolutions …………………….………............... 166

10       b.  Defendant's Resolution ……………..……….............. 167

11   **V. CONCLUSION** ………………………………….............. 167

12       a.  Diaz's Conclusion …………………….……................. 167

13       b.  Heredia's Conclusion …………………........…................. 168

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>CASES</u>

4 *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).....10, 26, 27

5 *Bess v. Cate*, No. 07cv1989-JAM-JFM, 2008 WL 5100203, at *4

6    (E.D. Cal. Nov. 26, 2008) ....................................................................................26

7 *Bryant v. Ochoa*, No. 07cv200-JM-PCL, 2009 WL 1390794, at *1

8    (S.D. Cal. May 14, 2009) ...................................................................................26

9 *Clarke v. American Commerce National Bank*, 974 F.2d 127 (9th Cir. 1992).........27

10 *Comcast of Los Angeles, Inc. v. Top End Int'l, Inc.*

11    2003 U.S. Dist. LEXIS 18640, *6 (C.D. Cal. 2003)..............................................27

12 *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455 (C.D. Cal. 2002)....................................10

13 *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375 (C.D. Cal. 2009)....................................10

14 F.T.C. v. AMG Servs., Inc., 291 F.R.D. 544 (D. Nev. 2013) ..................................25

15 *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,

16    894 F.2d 1482 (5th Cir. 1990)................................................................................26

17 *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412 (E.D. Pa. 1996)....................26

18 *Ramirez v. County of Los Angeles*, 231 F.R.D. 407 (C.D. CA 2005) ......................27

19 *St. Paul Reins. Co., Ltd. v. Commercial Fin.Corp.*, 198 F.R.D. 508

20    (N.D. Iowa 200) ...................................................................................................26

21 *Survivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625 (9th Cir.2005)....................27

22 *United States v. McGraw-Hill Cos.*, 2014 WL 1647385, at *8

23    (C.D. Cal. Apr. 15, 2014).....................................................................................10

24 *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584

25    (C.D. Cal. 1999) ...................................................................................................26

26 ## <u>STATUTES</u>

27 4 CCR § 227 ............................................................................................................8

28 9 U.S.C. §§ 1-16 ......................................................................................................8

California Business & Professions Code § 18640 .......................................................... 7

Federal Rules of Civil Procedure, Rule 26(b)(1) .................................................. 10, 27

Federal Rules of Civil Procedure, Rule 34(b)(2)(B) ................................................. 27

Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii) ........................................ 167

**<u>OTHER AUTHORITIES</u>**

*In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager,*

   *and Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021) .......... passim

## I.   INTRODUCTION

Pursuant to Local Rule 37-2.1, Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz") and Defendant Ralph Heredia ("Defendant" or "Heredia") submit this Joint Stipulation regarding:

1) Plaintiff's Motion to Compel Further Responses to First Set of Interrogatories to Defendant Ralph Heredia; and

2) Plaintiff's Motion to Compel further responses to First Request for Production of Documents to Defendant Ralph Heredia and to compel full and complete document production of documents by Defendant Ralph Heredia.

### a.  Plaintiffs' Introductory Statement:

Diaz seeks an order requiring Heredia to provide amended responses to his First Set of Requests for Production and Interrogatories. Specifically, Diaz seeks an order requiring Heredia to: (a) provide amended responses to the requests; and (b) produce additional unprivileged, non-confidential documents and electronically stored information covered by the requests set forth herein.

### 1)  Nature of the Case

This is a civil action filed by Diaz against Defendants Heredia and Heredia Boxing Management ("HBM") (collectively "Defendants") for their violations of state and federal law. Specifically, Heredia acted as Plaintiff's boxing manager.  As a boxing manager, Heredia's compensation was a percentage of the money that Plaintiff earned, which amount is supposed to be fixed by contract, and which contract must be approved by the California State Athletic Commission.  A boxing manager is a fiduciary who is supposed to be wholly devoted to his or her client's best interests and who has a professional, legal, and ethical responsibility to handle a boxer's business affairs with care and trust.  Heredia did not do this for Plaintiff.  Heredia manipulated, exploited, and stole from Plaintiff in violation of both state law and the federal Muhammad Ali Boxing Reform Act ("Ali Act"). While Heredia served as Plaintiff's manager, and unknown to Plaintiff, Heredia was not licensed by the California State

Athletic Commission as a boxing manager. The reason Heredia was not licensed is likely due to the fact that he has been hiding his true identity. The name "Ralph Heredia" is one such alias used to conceal his criminal past. Heredia (as Rafael Bustamante) is a convicted felon who spent years in prison for his role in running a drug trafficking ring in the 1990s.  Heredia did not disclose these facts to Plaintiff.

After signing Plaintiff as a client, Heredia used Plaintiff to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Plaintiff's interests and sought benefits for himself from Golden Boy rather than advocating for Plaintiff's interests—a violation of the Ali Act and his duties as a manager. Heredia also repeatedly stole from Plaintiff—both money and personal property.  He did so with the help of an attorney, Defendant John Doe, Esq., whose name Plaintiff does not know and whom he never agreed to retain.

Through this action, Plaintiff seeks compensatory and punitive damages, as well as the recovery of his attorneys' fees, against the Defendants for their violations of state and federal law, including causes of action for: violation of the Muhammad Ali Boxing Reform Act (15 U.S.C. §§ 6301, et seq.); fraud; conversion; breach of fiduciary duty; breach of implied-in-fact contract; tortious interference with prospective economic advantage; accounting; and quantum meruit.

### 2) Heredia's Responses and Diaz's Unsuccessful Efforts to Resolve Discovery Disputes.

To gather information necessary to prosecute his claims, on or about October 18, 2021, Diaz served his First Set of Interrogatories and First Set of Requests for Production on Heredia. (*See* Declaration of Gina Simas ("Simas Decl.") [filed concurrently herewith] ¶ 2, Exs. A & B.) On November 17, 2021, Heredia responded to this discovery. (Simas Decl. ¶ 3, Exs. C & D.) Notably, in response to 57 of the 58 Requests for Production, all of which are clearly relevant, Heredia stated "Defendant is currently not aware of whether there are any potentially responsive documents

withheld in response to this request." Heredia failed to produce a single document in response to these requests. Similarly, in response to the vast majority of the Interrogatories, Heredia improperly objected that such requests were "outside the scope permitted by Rule26(b)(1)" and asserted numerous boilerplate and unfounded objections. As such, Plaintiff's counsel sent Heredia's counsel a detailed twenty-two page meet and confer letter fully detailing the inadequacies of each response. (Simas Decl., ¶ 4, Ex. E.) Thereafter, Heredia provided supplemental responses. (Simas Decl., ¶ 5, Ex. F & G.) Again, the supplemental responses were woefully deficient. In an effort to avoid having to move to compel, Plaintiff's counsel sent another email detailing some of the deficiencies and requested a telephonic meet and confer. (Simas Decl., ¶ 6, Ex. H.) On December 17, 2021, Diaz's counsel met with Heredia's counsel via telephone, during which she explained how the responses were inadequate and urged Heredia's counsel to supplement Heredia's responses again in order to avoid having to dedicate time and resources on motion to compel. (Simas Decl., ¶ 7.) On January 24, 2022, Heredia provided his Second Supplemental Responses. (Simas Decl., ¶ 8, Exs. I & J.) The Second Supplemental Responses remain deficient. Unfortunately, Heredia has stilly yet to provide a single document in response to the RFPs[1] and has altogether failed to provide adequate responses to the Interrogatories which has necessitated this motion to compel.

Heredia has willfully obstructed discovery at every turn and, despite numerous agreements to supplement and produce, have simply ignored Diaz's repeated demands that he comply with his discovery obligations. As such, Diaz respectfully requests that the Court impose sanctions against Heredia and his counsel for failure to provide discovery in this matter in the amount of $18,125.00.

///

---

[1] In response to numerous RFPs, Heredia refers Diaz to Bates numbers used in an arbitration not involving Heredia and involving claims distinct from this action. Heredia cannot simply refer Diaz to documents previously produced in an unrelated action not involving Heredia. Heredia is required to produce documents responsive to the RFPs in this action, and label such documents accordingly.

### b.  Defendants' Introductory Statement:

Plaintiff is seeking the proverbial "second bite at the apple." Plaintiff in response to an arbitration demand, as required by the valid 2017 Boxer-Manager Contract and the controlling statutes, presented his averments relating to the validity of the Contract to the California State Athletic Commission which held the contract to be valid issuing an award.  Plaintiff lost and wishes to improperly relitigate these matters before this Court.  Plaintiff did not appeal the arbitration award and has informed the California State Athletic Commission that he will not comply with the award.  Plaintiff's is knowingly persisting in false allegations in the face of direct evidence provided to counsel on numerous occasions, refuses to acknowledge the falsity of their allegations, refusal to amend their pleadings and has undertaken what can be perceived as a scorched earth/ vexatious litigation approach.  Plaintiff's counsel raises their voice, uses profanity, verbally disparages Defendant's counsel, doesn't get "their way" because the rules dictate that result and are simply attempting to abuse the discovery process for the purpose of harassment ignoring the facts which demonstrate in no uncertain terms the falsity of their allegations and using untruthful allegations to obtain a monetary award.  It is remarkable that Plaintiff's counsel can levy with a straight face an accusation of obstructionism.[2]

---

[2]  For example, when Plaintiff's counsel was spoken with on January 27, 2022 regarding the scheduling of Plaintiff Diaz's deposition during the week of February 14, 2022, Defendant's counsel requested which dates would work for one of the three counsel of record.  Plaintiff's counsel assured Defendant's counsel that they would provide the available dates and after waiting until February 2, 2022 for the promised response and not receiving it the deposition notice was served on counsel.  On February 9, 2022 an objection was served on Defendant's counsel indicating none of the counsel are available still not providing dates of availability.  The other objection was that it was requested that Plaintiff come to the deposition with the documents that supported the allegations in his complaint.  Thirteen days and availability dates for none of the three counsel of record have been provided.  Reasonable notice, for example, is ten days under California State law.  (California Code of Civil Procedure (CCP) § 2025.270(a), § 1013).

It is important to distinguish between Ralph Heredia and Moses Heredia ("Moses")[3]. Ralph is a defendant herein. Moses is not. Moses is CEO of co-defendant Heredia Boxing Management ("HBM").  Moses is properly licensed as a boxer manager by the California State Athletic Commission ("Commission"), which has exclusive jurisdiction over boxing in California. Cal. Bus. & Prof. Code § 18640. While Diaz and Moses, not Ralph, are the parties to a 2017 Boxer-Manager contract duly executed under California law and sanctioned by the Commission ("Contract"), Plaintiff did include Ralph as a party to the Contract through various theories presented to the Commission and demanded his whereabouts and testimony during the proceedings which was taken.[4]  The Contract required that any dispute be arbitrated by the Commission. 4 CCR § 227. Moses and Diaz participated before the Commission in binding arbitration. *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021) ("Arbitration"). In the Arbitration, Moses was represented by Ralph's counsel in this case, and Diaz was represented by the same counsel in this case.

Diaz and Moses participated in the Arbitration, where Diaz raised his knowingly false theory of fraud. The parties fully briefed the issues, exchanged exhibits, and examined witnesses – to include Plaintiff Diaz. The exhibits and Mr. Diaz's testimony

---

[3] The Heredias' and Diaz's relationship spanned almost a decade, which included fiercely loyal and dedicated management that culminated in Diaz winning a World Championship.

[4] California Code of Regulations, title 4, section 221, subdivision (b), states in pertinent part: All disputes between the parties to the contract, including the validity of the contract, shall be arbitrated pursuant to the provisions of the contract. Additionally, paragraph C.4 of the Contract states, in pertinent part, **that "[a]ll controversies arising between the parties hereto, including but not limited to controversies concerning the validity and/or enforceability of this contract, shall be submitted to arbitration . . ." and "the decision of the arbitrator shall be final and binding upon the parties hereto and each of them bound thereby."** (*See* Exhibit 6, 2017 Boxer-Manager Contract.)

1   directly contradict the assertions made in this litigation.  The Commission's decision

2   upheld the Contract's validity. *Id.* Any of Diaz' claims that are sufficiently pled have

3   already been decided preclusively in the Arbitration. Diaz is attempting improperly to

4   relitigate or collaterally attack matters that have been definitively resolved in the

5   Arbitration. As such, any review of the Contract by this Court are inappropriate under

6   the Federal Arbitration Act. 9 U.S.C. §§ 1-16.

7        Defendant Ralph Heredia has participated in discovery in accordance with the

8   letter and spirit of relevant discovery rules. After every meeting of counsel identified

9   in Diaz's counsel's declaration, Heredia supplemented his discovery responses after

10  hearing counsel's concerns and justification. At the same time, with respect to his

11  document production, Heredia continued to search for responsive documents in places

12  where they might be expected to be found, if they exist. Diaz seeks more but it is not

13  clear what more Heredia can provide.

14       Further, many of Diaz's stated arguments reflect a less than careful reading of

15  Heredia's responses. For example, Diaz argues that Heredia has failed to provide a

16  privilege log accompanying Heredia's objection to a request to the extent that it seeks

17  privileged material. Diaz has failed to note Heredia's use of the words "to the extent

18  that," and those are key. As Heredia continues to search for documents and supplement

19  his responses appropriately, as he has done <u>twice</u> now, he wants to account for the

20  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

21  the request seeks privileged material, Heredia's objection covers that. It's not clear that

22  Diaz has discerned that construction. Thus, every single complaint that Heredia has

23  failed to produce a privilege log in conjunction with that objection should be

24  disregarded.

25       Critically, one of Diaz's central arguments is unfounded and is premised on his

26  apparent belief that Defendant Ralph Heredia has not produced a single document.

27  However, in this case to date Mr. Heredia has produced roughly 700 pages of Bates-

28  stamped documents, with responses referencing those documents by Bates number. To

be clear, Heredia's document production did <u>not</u> merely reference documents produced in arbitration or accompanying Heredia's Rule 12(c) motion, although Diaz has received the documents twice before in those contexts. Rather, Heredia has produced documents as required by Rule 34(b)(2)(E)(i) – "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."

II.   **ARGUMENT**

   **a.** Diaz's Argument

   In response to the majority of Interrogatories and fifty-eight Requests for Production ("RFP"), Heredia improperly objects that such requests are "outside the scope permitted by Rule26(b)(1) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc*., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted). "[B]oilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper. Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Because Heredia has provided no basis or indication as to why any of his objections should be given weight, his objections should not be sustained. Simply put, Heredia comes nowhere close to meeting his burden of clarifying, explaining, and supporting his objections. *United*

*States v. McGraw-Hill Cos*., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted); *see also DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (stating that "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

## 1. Plaintiff's Motion to Compel Further Responses to First Set of Interrogatories to Heredia.

Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Rule 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(4). A propounding party may move for an order compelling an answer to an interrogatory if "a party fails to answer an interrogatory submitted under Rule 33." Rule 37(a)(3)(B)(iii). A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970).

### b. Heredia's argument

#### 1. Defendant Heredia Produced All Responsive Documents

In his first and second supplements to his responses to Diaz's RFPs, he has conscientiously identified, by Bates number, which documents respond to which request.

After encountering for the first time in the Joint Stipulations the possibility that Diaz's counsel may not have received the Bates-stamped documents, Heredia's counsel sent numerous emails attempting to clarify. In an abundance of caution,

Heredia's counsel re-sent the Bates-stamped documents while reviewing the Joint Stipulations. Rather than engage in an attempt to narrow the issues, Diaz's counsel persisted on the current course.

The discovery rules provide for Heredia's conduct. He is entitled to avail himself in good faith of the provisions of the rules, as he has done. A substantial part of Diaz's argument takes issue with the fact Heredia has done so. At every turn Mr. Heredia has engaged in good faith discovery by interposing timely objections, searching for documents where they might be expected to be found if they exist, and supplementing his discovery responses timely and responsively, including after the meetings described in Plaintiff's Joint Stipulation.

Defendant Heredia produced 683 pages of Bates-stamped documents in response to the RFPs. The RFP response, as supplemented, carefully referenced the responsive documents in the Bates-stamped document production file. Some requests did not have any responsive documents. Defendant Heredia is confused why Plaintiff Diaz is claiming that Heredia never produced a single document, and further, is even more confused why he is learning of this allegation for the first time in this Joint Stipulation despite numerous communications between counsel for each party during this discovery dispute, which has been ongoing since approximately early December 2021.

In her declaration supplied with this Joint Stipulation, Plaintiff Diaz' counsel Gina Simas declares, "Diaz has incurred significant expense in attempting to informally resolve the discovery disputes giving rise to this motion with Heredia's counsel. Diaz's counsel has attended at least one meet and confer conference, has drafted correspondence, and has spent significant time preparing his portions of this joint stipulation." Simas Decl. ¶15. Yet none of that claimed effort ever actually raised or otherwise addressed the main thrust of the primary dispute under this Joint Stipulation – that Plaintiff Diaz claims Defendant Heredia has not produced a single document in response to the RFP. All that claimed time and effort was wasted for lack

of one simple, clear communication from Plaintiff Diaz' counsel to Defendant Heredia's counsel stating that they do not believe they received the documents along with the RFP responses.

Two interrogatory responses were scrivener's error, first learned about through this Joint Petition.  Defendant Heredia's counsel would have promptly corrected those responses had he only been notified before now.  They are corrected below.

Heredia's objections are appropriately interposed.

The bulk of Plaintiff Diaz' concerns in this matter appear to be from a lack of communication from Plaintiff Diaz' counsel to Defendant Heredia's counsel.  Instead of a short phone call or email stating that Plaintiff Diaz does not believe he received any documents, or that two interrogatory responses were non-responsive, Plaintiff Diaz chose to file this discovery dispute, unnecessarily taking up hours and hour hours of Defendant Heredia's counsels' time and this Court's time.

Defendant Heredia has proceeded in discovery in good faith. To the extent sanctions are appropriate against any party, they are appropriate against Diaz's counsel for this unduly burdensome and expensive discovery dispute that could have been avoided, in substantial part, by a simple phone call or email.

In his first response to the RFPs, on November 17, 2021, Heredia did not produce any documents, but needed more time to search for and review all potential responsive documents.  On December 3, 2021, Heredia supplemented his RFP responses and produced 683 pages of Bates-stamped documents.  On January 24, 2022, Heredia further supplemented his RFP responses after diligent searches to look for more responsive documents, but he did not find any.

Each RFP response, as supplemented, carefully referenced the applicable document – Bates-stamped for this litigation – by number or range. Heredia has committed to supplement his responses appropriately. An order requiring further production would not result in Heredia being able to produce anything more. Heredia ///

is dumbfounded at Diaz's allegation – made for the first time in this Joint Stipulation – that he produced no documents.

Two interrogatory responses were easily supplementable, but they first learned about through this Joint Petition.  Defendant's counsel would have promptly corrected those responses had he only been notified before now.  They are corrected below.

Finally, Heredia believes his objections are appropriate.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY the amount of money YOU have earned in connection with serving as DIAZ'S manager.

**Answer**:

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**Supplemental response:**

Subject to prior objections, Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Interrogatory is plainly relevant to this action wherein Diaz alleges, *inter alia*, fraud, violation of the Ali Act, accounting and breach of fiduciary duty claims against Heredia. Diaz specifically alleges: "Heredia also repeatedly stole from Diaz—both money and personal property." Diaz further alleges Defendants converted

whatever portion they received of the manager's fee under the 2017 Agreement from Diaz. Heredia, HBM and John Doe, Esq. were not parties to the 2017 Agreement. They were not entitled to any of Diaz's money under the 2017 Agreement. This is a knowable amount, which will be established at trial. Heredia's contention that the amount of money Heredia earned in connection to Diaz is "outside the scope" has zero merit. This Interrogatory directly support Diaz's claims. It in no way implicates attorney-client privileged or work-product information. Heredia's objections are disingenuous and frivolous. Heredia's supplemental response that "Defendant is currently unaware of any documents responsive to this request" is non-responsive to this Interrogatory which requests Heredia to identify the amount of money he earned in connection with serving as Diaz's manager. Diaz seeks a substantive response.

**Defendant's Argument:**

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021). Moreover, Heredia has moved to

dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Further, the response at issue could easily have been supplemented in discussions between counsel prior to this Joint Petition.  The supplemented response would be: "I did not earn any such money as I did not serve as Diaz's manager."

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

**Answer:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

**Second Supplemental response:**

Subject to prior objections, Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Interrogatory is plainly relevant to this action wherein Diaz alleges, inter alia, fraud, violation of the Ali Act, accounting and breach of fiduciary duty claims against Heredia. Diaz specifically alleges: "Heredia also repeatedly stole from Diaz— both money and personal property." Diaz further alleges Defendants converted whatever portion they received of the manager's fee under the 2017 Agreement from Diaz. Heredia, HBM and John Doe, Esq. were not parties to the 2017 Agreement. They

1   were not entitled to any of Diaz's money under the 2017 Agreement. This is a knowable

2   amount, which will be established at trial. Heredia's contention that the amount of

3   money Heredia earned in connection to Diaz is "outside the scope" has zero merit. This

4   Interrogatory directly support Diaz's claims. It in no way implicates attorney-client

5   privileged or work-product information. Heredia's objections are disingenuous and

6   frivolous. Heredia's supplemental response that "Defendant is currently unaware of

7   any documents responsive to this request" is non-responsive to this Interrogatory which

8   requests Heredia to identify the amount of money he earned in connection with any

9   work relating to Diaz's manager.

10  **Defendant's Argument:**

11      It appears that Diaz may not have fully read Heredia's objections, despite having

12  duplicated them in his argument. Plaintiff's argument for compelling a further response

13  focuses only on the relevance of the discovery sought. However, Heredia did not object

14  on the basis of relevance. Heredia's objections center largely around the

15  *proportionality* of the request, "considering the importance of the issues at stake in the

16  action, the amount in controversy, the parties' relative access to relevant information,

17  the parties' resources, the importance of the discovery in resolving the issues, and

18  whether the burden or expense of the proposed discovery outweighs its likely benefit."

19  Heredia's objection further points out that Diaz "equally has access to the requested

20  information and thus can be obtained by Plaintiff from some other source that is more

21  convenient, less burdensome, or less expensive." Those objections are properly

22  interposed under the rules, and Plaintiff has not addressed them in his argument.

23      Diaz participated in an arbitration that resolved many of the issues in this matter,

24  notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter*

25  *of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz,*

26  *Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021). Moreover, Heredia has moved to

27  dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous

28  exhibits. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Further, the response at issue could easily have been supplemented in discussions between counsel prior to this Joint Petition.  The supplemented response would be: "I did not earn any such money."

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**Answer:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**Second Supplemental response:**

Subject to prior objections, please see the record in the arbitration and related documents, Bates Nos 1-707, which has been provided in full in response to your Request for Production.

**Plaintiff's Argument for Compelled Further Response:**

This interrogatory is clearly within the scope permitted by Rule 26(b)(1) and Plaintiff only access to this requested information is by obtaining it from Heredia. Diaz is plainly entitled to facts regarding Heredia's affirmative defenses. Heredia's referral to the arbitration record is of no value to Diaz. Heredia was not a party in that arbitration and the claims at issue in this action are distinct from those heard during the arbitration. Therefore, referring Diaz to 707 pages of documents to not inform him of the facts upon which Heredia bases the affirmative defenses. Heredia must be
///

1  compelled to IDENTIFY all facts upon which he bases the affirmative defenses raised
2  in his Answer.

3  **Defendant's Argument:**

4      It appears that Diaz may not have fully read Heredia's objections, despite having
5  duplicated them in his argument. Plaintiff's argument for compelling a further response
6  focuses only on the relevance of the discovery sought. However, Heredia did not object
7  on the basis of relevance. Heredia's objections center largely around the
8  *proportionality* of the request, "considering the importance of the issues at stake in the
9  action, the amount in controversy, the parties' relative access to relevant information,
10 the parties' resources, the importance of the discovery in resolving the issues, and
11 whether the burden or expense of the proposed discovery outweighs its likely benefit."
12 Heredia's objection further points out that Diaz "equally has access to the requested
13 information and thus can be obtained by Plaintiff from some other source that is more
14 convenient, less burdensome, or less expensive." Those objections are properly
15 interposed under the rules, and Plaintiff has not addressed them in his argument.

16     Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the
17 arbitration record (of which Diaz has had possession since last summer), that is not the
18 case. Heredia's response explicitly refers Diaz to Bates numbers 1-707, "**which has
19 been provided in full in response to your Request for Production**" (emphasis
20 added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped
21 pages in Heredia's responses to Diaz's requests for production, yet simultaneously
22 argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to
23 resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether
24 they had received the 707 Bates-stamped pages. Heredia's counsel also attached those
25 documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel
26 refused to engage on the question, instead asserting that Heredia's counsel was trying
27 to "rewrite history" and insisting that the current process move forward. While
28 Heredia's counsel believes that there is a good chance that the current dispute is

1   significantly smaller than presented or non-existent, they are engaging in the process

2   as required.

3       Further, Diaz participated in an arbitration that resolved many of the issues in

4   this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

5   *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

6   *Joseph Diaz, Jr., Boxer*, Cal. State Athl. Comm'n (July 9, 2021). Moreover, Heredia

7   has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

8   by numerous exhibits. Given those facts, Plaintiff's request is objectionable as Heredia

9   has stated.

10  **SPECIAL INTERROGATORY NO. 10:**

11      IDENTIFY all DOCUMENTS, including COMMUNICATIONS supporting the

12  affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

13  **Answer:**

14      Defendant objects to this interrogatory as outside the scope permitted by Rule

15  26(b)(1) in that it is not proportional to the needs of the case considering the importance

16  of the discovery in resolving the issues, and whether the burden or expense of the

17  proposed discovery outweighs its likely benefit. Defendant further objects to the extent

18  that the interrogatory seeks information protected by the attorney-client privilege or

19  the attorney work-product doctrine. Defendant further objects in that Plaintiff equally

20  has access to the requested information and thus can be obtained by Plaintiff from some

21  other source that is more convenient, less burdensome, or less expensive.

22  **Second Supplemental response:**

23      Subject to prior objections, please see the record in the arbitration and related

24  documents, Bates Nos 1-707, which has been provided in full in response to your

25  Request for Production.

26  **Plaintiff's Argument for Compelled Further Response:**

27      This interrogatory is clearly within the scope permitted by Rule 26(b)(1) and

28  Plaintiff only access to this requested information is by obtaining it from Heredia. Diaz

1  is plainly entitled to COMUNICATIONS regarding Heredia's affirmative defenses. .

2  Heredia's referral to the arbitration record is of no use to Diaz. Heredia was not a party

3  in that arbitration and the claims at issue in this action are distinct from those heard

4  during the arbitration. Therefore, referring Diaz to 707 pages of documents to not

5  inform him of the DOCUMENTS, including COMMUNICATIONS, supporting

6  Heredia's affirmative defenses. Heredia must be compelled to respond to this

7  Interrogatory.

8  **Defendant's Argument:**

9       It appears that Diaz may not have fully read Heredia's objections, despite having

10  duplicated them in his argument. Plaintiff's argument for compelling a further response

11  focuses only on the relevance of the discovery sought. However, Heredia did not object

12  on the basis of relevance. Heredia's objections center largely around the

13  *proportionality* of the request, "considering the importance of the issues at stake in the

14  action, the amount in controversy, the parties' relative access to relevant information,

15  the parties' resources, the importance of the discovery in resolving the issues, and

16  whether the burden or expense of the proposed discovery outweighs its likely benefit."

17  Heredia's objection further points out that Diaz "equally has access to the requested

18  information and thus can be obtained by Plaintiff from some other source that is more

19  convenient, less burdensome, or less expensive." Those objections are properly

20  interposed under the rules, and Plaintiff has not addressed them in his argument.

21       Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

22  arbitration record (of which Diaz has had possession since last summer), that is not the

23  case. Heredia's response explicitly refers Diaz to Bates numbers 1-707, "**which has**

24  **been provided in full in response to your Request for Production**" (emphasis

25  added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped

26  pages in Heredia's responses to Diaz's requests for production, yet simultaneously

27  argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to

28  resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether

they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

**SPECIAL INTERROGATORY NO. 11:**

If YOUR response to any Request for Admission in DIAZ's concurrently served First Set of Requests for Admission is a denial or a qualified admission, state with as much detail as possible all facts, grounds, and reasons upon which YOU base YOUR denial or qualified admission to each such Request.

**Answer:**

Defendant objects to this interrogatory as applicable to the particular RFA response in question in that it is outside the scope permitted by Rule 26(b)(1) given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the

1  interrogatory seeks information not protected by the attorney-client privilege or the
2  attorney work-product doctrine, the requested information is public record and thus
3  equally available to Plaintiff. Defendant further objects as the burden or expense of the
4  proposed discovery outweighs its likely benefit. Defendant further objects in that
5  Plaintiff equally has access to the requested information and thus can be obtained by
6  Plaintiff from some other source that is more convenient, less burdensome, or less
7  expensive.

8  **Supplemental response:**

9       Subject to prior objections, please see the record in the arbitration and related
10  documents, Bates Nos 1-707, which has been provided in full in response to your
11  Request for Production.

12  **Plaintiff's Argument for Compelled Further Response:**

13       This interrogatory is clearly within the scope permitted by Rule 26(b)(1) and
14  Plaintiff only access to this requested information is by obtaining it from Heredia. Diaz
15  is plainly entitled to all facts, grounds, and reasons upon which Heredia bases his
16  denials to each such Request for Admission. having denied **all** of the Requests for
17  Admissions, Diaz is entitled to Heredia's reasons for such denials. This Interrogatory
18  is plainly relevant and Heredia's obfuscation is unjustifiable and impermissible.

19  **Defendant's Argument:**

20       It appears that Diaz may not have fully read Heredia's objections, despite having
21  duplicated them in his argument. Plaintiff's argument for compelling a further response
22  focuses only on the relevance of the discovery sought. However, Heredia did not object
23  on the basis of relevance. Heredia's objections center largely around the
24  *proportionality* of the request, "considering the importance of the issues at stake in the
25  action, the amount in controversy, the parties' relative access to relevant information,
26  the parties' resources, the importance of the discovery in resolving the issues, and
27  whether the burden or expense of the proposed discovery outweighs its likely benefit."
28  Heredia's objection further points out that Diaz "equally has access to the requested

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

1   information and thus can be obtained by Plaintiff from some other source that is more

2   convenient, less burdensome, or less expensive." Those objections are properly

3   interposed under the rules, and Plaintiff has not addressed them in his argument.

4          Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

5   arbitration record (of which Diaz has had possession since last summer), that is not the

6   case. Heredia's response explicitly refers Diaz to Bates numbers 1-707, "**which has**

7   **been provided in full in response to your Request for Production**" (emphasis

8   added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped

9   pages in Heredia's responses to Diaz's requests for production, yet simultaneously

10  argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to

11  resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether

12  they had received the 707 Bates-stamped pages. Heredia's counsel also attached those

13  documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel

14  refused to engage on the question, instead asserting that Heredia's counsel was trying

15  to "rewrite history" and insisting that the current process move forward. While

16  Heredia's counsel believes that there is a good chance that the current dispute is

17  significantly smaller than presented or non-existent, they are engaging in the process

18  as required.

19         Further, Diaz participated in an arbitration that resolved many of the issues in

20  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

21  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

22  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

23  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

24  by numerous exhibits.

25         Further, many of Diaz's stated arguments reflect a less than careful reading of

26  Heredia's responses. For example, Diaz argues that Heredia has failed to provide a

27  privilege log accompanying Heredia's objection to a request to the extent that it seeks

28  privileged material. Diaz has failed to note Heredia's use of the words "to the extent

that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

### 2. Plaintiff's Motion To Compel Further Responses To First Request For Production Of Documents To Heredia And To Compel Full And Complete Document Production Of Documents By Heredia.

Under Rule 34(a)(1), the party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C).

Here, in response to 58 individual RFPs, Heredia failed to produce a single document, instead simply asserting frivolous objections in response numerous requests. To numerous other requests, Heredia refers Diaz to Bates numbers used in an arbitration not involving Heredia and involving claims distinct from this action. Here, Heredia cannot simply refer Diaz to documents previously produced in an unrelated action not involving Heredia. Heredia is required to produce documents responsive to the RFPs in this action and label such documents accordingly.

To the extent Heredia objects based on "outside the scope" in a boilerplate, conclusory manner, those objections are improper. F.T.C. v. AMG Servs., Inc., 291 F.R.D. 544, 553 (D. Nev. 2013) (stating that the objecting party must "specifically detail the reasons why each request is irrelevant and may not rely on boilerplate,

generalized, conclusory" arguments). Where "the responding party provides a boilerplate or generalized objection, said 'objections are inadequate and tantamount to not making any objection at all.'" *Bess v. Cate*, No. 07cv1989-JAM-JFM, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008) (*quoting Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper"). Notably, the party opposing the motion to compel has the "burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). The law makes clear that Heredia's boilerplate objections are improper. Heredia fails to meet his burden of showing that Diaz's discovery should be prohibited.

For the sake of efficiency and to avoid having to duplicate the relevant law in response to each of the individual requests, Diaz provides the following law related to Heredia's boilerplate objections:

**A. Heredia's Frivolous Objections**

**1. Overbroad, Vague, and Ambiguous:**

Mere recitation of the familiar litany that a discovery request is overly broad, burdensome, oppressive, and irrelevant will not suffice. *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). These types of boilerplate objections are routinely rejected by federal courts. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding objections to document requests on the grounds that they were overly broad, burdensome and oppressive were insufficient; *St. Paul Reins. Co., Ltd. v. Commercial Fin.Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 200) (stating that boilerplate objections were "[i]n every respect...text-book examples of what federal courts have routinely deemed to be improper objections.")

///

### 3. Relevancy:

Under Fed. R. Civ. Pro., R. 26(b)(1) discovery is permitted of "any non-privileged matter that is relevant to any party's claim or defense." As a general matter, Rule 26(b) is to be "liberally interpreted to permit wide-ranging discovery of information," even if that information is not ultimately admitted at trial. *Comcast of Los Angeles, Inc. v. Top End Int'l, Inc*. 2003 U.S. Dist. LEXIS 18640, *6 (C.D. Cal. 2003). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence." *Survivor Media, Inc. v. Survivor Prods*., 406 F.3d 625, 635 (9th Cir.2005) (citation omitted); see also *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

### 3. Attorney-Client Privilege and Work Product Objections.

Heredia has objected to nearly all of Diaz's Requests on the basis of attorney client privilege and/or work product privilege but has failed to produce a privilege log. To the extent Heredia is withholding documents on the grounds of privilege, he is required to produce a privilege log pursuant to the applicable provisions of the FRCP. Specifically, FRCP Rule 26(b)(5) provides that when a party withholds information by claiming it is privileged or subject to work product protection, the party must: ... make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. *See also Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir. 1992). The failure to produce a privilege log compliant with the FRCP may constitute a waiver of any privilege. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. CA 2005).

### B. Heredia's Failure to Search for Documents.

As to Heredia's purported responses discussed in subsection C, below, Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e.,

that no documents could be found after a "diligent search and reasonable inquiry"). In most of his responses, Heredia has not stated that he actually conducted a diligent search and reasonable inquiry. Heredia merely stated that "he is currently not aware of whether there are any potentially responsive documents withheld in response to this request." This is insufficient and evasive. Heredia must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession. Similarly, Heredia repeatedly states that "investigation is ongoing." In response to the RFPs, Heredia was required to conduct an investigation and a diligent search. Heredia's objections are inappropriate and demonstrate that he is not taking his discovery obligations seriously. Heredia has no right to withhold responsive documents.

**Heredia's Argument:**

To avoid redundancy, Heredia will not repeat the arguments made above in response to Diaz's claims about Heredia's objections and interrogatory answers, except to repeat that it appears Diaz has not actually read Heredia's objections and responses despite having reproduced them in his argument. Further, Heredia rejects Diaz's characterization of his objections as "boilerplate." Because so many of Diaz's requests are objectionable in the same way does not make Heredia's appropriate objections "boilerplate." It makes them consistent. If Diaz is offended by Heredia's objections, Heredia submits that the answer lies in Diaz's drafting.

With respect to Diaz's claims that Heredia did not recite the incantation of conducting a "diligent search and reasonable inquiry," Heredia's affirmation that "investigation and discovery are ongoing" states the same thing in alternate language. Asking the Court to adjudicate a dispute over the precise words used to convey the same thing does not seem, in Heredia's view, like a good use of the Court's time. Again, however, despite Heredia's fruitless attempts to narrow the range of this dispute, Heredia will engage in the process as required.

///

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and DIAZ.

**Supplemental Response:[5]**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested documents and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. Defendant's investigation and discovery are ongoing. Defendant is not currently aware of whether any additionally potentially responsive documents are in his custody or control and therefore is not aware whether any potentially responsive documents are being withheld subject to this objection.

Subject to the foregoing, please see Bates Nos. 312, 314, 315, 317, 318, 320-323, 325, 326, 328, 330, 332, 334-337, 374-375.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. During the parties' meet and confer, Diaz agreed to limit this RFP to all COMMUNICATIONS within the last ten years. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be ///

---

[5] To save the Court from having to review Heredia's initial Objections, Diaz is providing Heredia's Supplemental Responses only.

1  compelled to produce all documents in his custody and control responsive to Diaz's

2  document request No. 1.

3  **Defendant's Argument:**

4      Defendant Heredia provided all responsive documents in his possession,

5  custody, or control of which he was aware at the time of production, by reference to

6  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

7  similarly committed throughout the course of discovery to supplement his responses

8  appropriately, although his explicit commitment to this obligation is unnecessary as it

9  is imposed by operation of the rules.

10      It appears that Diaz may not have fully read Heredia's objections, despite having

11  duplicated them in his argument. Plaintiff's argument for compelling a further response

12  focuses only on the relevance of the discovery sought. However, Heredia did not object

13  on the basis of relevance. Heredia's objections center largely around the

14  *proportionality* of the request, "considering the importance of the issues at stake in the

15  action, the amount in controversy, the parties' relative access to relevant information,

16  the parties' resources, the importance of the discovery in resolving the issues, and

17  whether the burden or expense of the proposed discovery outweighs its likely benefit."

18  Heredia's objection further points out that Diaz "equally has access to the requested

19  information and thus can be obtained by Plaintiff from some other source that is more

20  convenient, less burdensome, or less expensive." Those objections are properly

21  interposed under the rules, and Plaintiff has not addressed them in his argument.

22      Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

23  arbitration record (of which Diaz has had possession since last summer), that is not the

24  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

25  early responses as "**which has been provided in full in response to your Request for**

26  **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

27  produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

28  production, yet simultaneously argues that Heredia has not responded. Candidly,

Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU and MOSES regarding DIAZ.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to the extent that this request seeks the production of communications unrelated to Plaintiff's allegations. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. During the parties' meet and confer, Diaz agreed to limit this RFP to all COMMUNICATIONS within the last ten years. Diaz is certainly entitled to discover COMMUNICATIONS between Heredia and Moses, his de facto manager and his paper manager, that relate to Diaz, Diaz's management and the various issues that Heredia has raised in this litigation. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, Referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 2.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses

appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good

///

chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Heredia's response stands as stated. He will supplement it appropriately.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and GOLDEN BOY regarding DIAZ.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to the extent that this request seeks the production of communications unrelated to Plaintiff's allegations. Defendant's

1  investigation and discovery are ongoing, and he is currently not aware of whether there

2  are any potentially responsive documents withheld in response to this request.

3  　　　　Subject to the foregoing, please see Bates Nos. 171-185, 196-203, 205-219, and

4  221-224.

5  **Plaintiff's Argument for Compelled Further Response:**

6  　　　　This Request is clearly relevant and within the scope of this litigation. Diaz

7  alleges:

8  　　　　As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his

9  foot in the door with the well-known boxing promotion firm, Golden Boy Promotions.

10  Once that relationship was established, Heredia expressly and continuously put his own

11  interests over Diaz's interests and sought benefits for himself from Golden Boy rather

12  than advocating for Diaz's interests—a violation of the Ali Act and his duties as a

13  manager.

14  　　　　Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to

15  discover COMMUNICATIONS between Heredia and his promoter, Golden Boy, that

16  relate to, inter alia, Diaz, Diaz's management, promotional opportunities, fights,

17  monies paid to Moses and Ralph Moses and Ralph Heredia (collectively, the

18  "Heredias").  Heredia concludes his series of baseless of objections with the statement

19  that he is "not currently aware of whether any additionally potentially responsive

20  documents are in his custody or control." Heredia has an obligation to conduct a

21  diligent search and to become aware. Finally, referencing Bates Nos. used in another

22  litigation not involving Heredia is non-responsive. Heredia should be compelled to

23  produce all documents in his custody and control responsive to Diaz's document

24  request No. 3.

25  **Defendant's Argument:**

26  　　　　Defendant Heredia provided all responsive documents in his possession,

27  custody, or control of which he was aware at the time of production, by reference to

28  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

1  similarly committed throughout the course of discovery to supplement his responses

2  appropriately, although his explicit commitment to this obligation is unnecessary as it

3  is imposed by operation of the rules.

4      It appears that Diaz may not have fully read Heredia's objections, despite having

5  duplicated them in his argument. Plaintiff's argument for compelling a further response

6  focuses only on the relevance of the discovery sought. However, Heredia did not object

7  on the basis of relevance. Heredia's objections center largely around the

8  *proportionality* of the request, "considering the importance of the issues at stake in the

9  action, the amount in controversy, the parties' relative access to relevant information,

10 the parties' resources, the importance of the discovery in resolving the issues, and

11 whether the burden or expense of the proposed discovery outweighs its likely benefit."

12 Heredia's objection further points out that Diaz "equally has access to the requested

13 information and thus can be obtained by Plaintiff from some other source that is more

14 convenient, less burdensome, or less expensive." Those objections are properly

15 interposed under the rules, and Plaintiff has not addressed them in his argument.

16     Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

17 arbitration record (of which Diaz has had possession since last summer), that is not the

18 case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

19 early responses as "**which has been provided in full in response to your Request for**

20 **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

21 produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

22 production, yet simultaneously argues that Heredia has not responded. Candidly,

23 Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

24 Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

25 Heredia's counsel also attached those documents, in an abundance of caution, to one

26 of the inquiring emails. Diaz's counsel refused to engage on the question, instead

27 asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

28 current process move forward. While Heredia's counsel believes that there is a good

1    chance that the current dispute is significantly smaller than presented or non-existent,

2    they are engaging in the process as required.

3          Further, Diaz participated in an arbitration that resolved many of the issues in

4    this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

5    *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

6    *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

7    has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

8    by numerous exhibits.

9          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

10   responses. For example, Diaz argues that Heredia has failed to provide a privilege log

11   accompanying Heredia's objection to a request to the extent that it seeks privileged

12   material. Diaz has failed to note Heredia's use of the words "to the extent that," and

13   those are key. As Heredia continues to search for documents and supplement his

14   responses appropriately, as he has done <u>twice</u> now, he wants to account for the

15   possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

16   the request seeks privileged material, Heredia's objection covers that. It's not clear that

17   Diaz has discerned that construction. Thus, every single complaint that Heredia has

18   failed to produce a privilege log in conjunction with that objection should be

19   disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

20   stated.

21         Heredia's response stands as stated. He will supplement it appropriately.

22   **REQUEST FOR PRODUCTION NO. 4:**

23         All COMMUNICATIONS between YOU and the COMMISSION regarding

24   DIAZ.

25   **Supplemental Response:**

26         Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

27   in that it is not limited as to time, and therefore its burden or expense outweighs its

28   likely benefit. Defendant further objects to this request as outside the scope permitted

by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 168-169 and 187-189.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. During the parties' meet and confer, Diaz agreed to limit this RFP to all COMMUNICATIONS within the last ten years. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, Referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 4.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good

1   chance that the current dispute is significantly smaller than presented or non-existent,
2   they are engaging in the process as required.

3          Further, Diaz participated in an arbitration that resolved many of the issues in
4   this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*
5   *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*
6   *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia
7   has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported
8   by numerous exhibits.

9          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's
10  responses. For example, Diaz argues that Heredia has failed to provide a privilege log
11  accompanying Heredia's objection to a request to the extent that it seeks privileged
12  material. Diaz has failed to note Heredia's use of the words "to the extent that," and
13  those are key. As Heredia continues to search for documents and supplement his
14  responses appropriately, as he has done <u>twice</u> now, he wants to account for the
15  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>
16  the request seeks privileged material, Heredia's objection covers that. It's not clear that
17  Diaz has discerned that construction. Thus, every single complaint that Heredia has
18  failed to produce a privilege log in conjunction with that objection should be
19  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has
20  stated.

21         Defendant Heredia produced all responsive documents of which he is aware in
22  his possession, custody, or control by reference to the Bates Nos. and the supplied PDF
23  file of Bates-stamped documents.

24         Heredia's response stands as stated. He will supplement it appropriately.

25  **REQUEST FOR PRODUCTION NO. 5:**

26         All COMMUNICATIONS between YOU and any PERSONS regarding DIAZ.

27  **Supplemental Response:**

28         Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Defendant further objects to the extent the request is duplicative of Request for Production Nos 1 through 4. Subject to the foregoing, please see the responses to Requests for Production Nos. 1 through 4 and Bates Nos. 229-233, 339-345, 347, 355, and 377-378.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. During the parties meet and confer, Diaz agreed to limit this Request to all COMMUNIATIONS within the last ten years. Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover COMMUNICATIONS between Heredia and other PERSONS that relate to, inter alia, Diaz, Diaz's management, promotional opportunities, fights and monies paid to the Heredias. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to

1  conduct a diligent search and to become aware. Finally, Referencing Bates Nos. used

2  in another litigation not involving Heredia is non-responsive. Heredia should be

3  compelled to produce all documents in his custody and control responsive to Diaz's

4  document request No. 5.

5  **Defendant's Argument:**

6       Defendant Heredia provided all responsive documents in his possession,

7  custody, or control of which he was aware at the time of production, by reference to

8  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

9  similarly committed throughout the course of discovery to supplement his responses

10  appropriately, although his explicit commitment to this obligation is unnecessary as it

11  is imposed by operation of the rules.

12       It appears that Diaz may not have fully read Heredia's objections, despite having

13  duplicated them in his argument. Plaintiff's argument for compelling a further response

14  focuses only on the relevance of the discovery sought. However, Heredia did not object

15  on the basis of relevance. Heredia's objections center largely around the

16  *proportionality* of the request, "considering the importance of the issues at stake in the

17  action, the amount in controversy, the parties' relative access to relevant information,

18  the parties' resources, the importance of the discovery in resolving the issues, and

19  whether the burden or expense of the proposed discovery outweighs its likely benefit."

20  Heredia's objection further points out that Diaz "equally has access to the requested

21  information and thus can be obtained by Plaintiff from some other source that is more

22  convenient, less burdensome, or less expensive." Those objections are properly

23  interposed under the rules, and Plaintiff has not addressed them in his argument.

24       Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

25  arbitration record (of which Diaz has had possession since last summer), that is not the

26  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

27  early responses as "**which has been provided in full in response to your Request for**

28  **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

1  produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

2  production, yet simultaneously argues that Heredia has not responded. Candidly,

3  Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

4  Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

5  Heredia's counsel also attached those documents, in an abundance of caution, to one

6  of the inquiring emails. Diaz's counsel refused to engage on the question, instead

7  asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

8  current process move forward. While Heredia's counsel believes that there is a good

9  chance that the current dispute is significantly smaller than presented or non-existent,

10  they are engaging in the process as required.

11        Further, Diaz participated in an arbitration that resolved many of the issues in

12  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

13  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

14  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

15  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

16  by numerous exhibits.

17        Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

18  responses. For example, Diaz argues that Heredia has failed to provide a privilege log

19  accompanying Heredia's objection to a request to the extent that it seeks privileged

20  material. Diaz has failed to note Heredia's use of the words "to the extent that," and

21  those are key. As Heredia continues to search for documents and supplement his

22  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

23  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

24  the request seeks privileged material, Heredia's objection covers that. It's not clear that

25  Diaz has discerned that construction. Thus, every single complaint that Heredia has

26  failed to produce a privilege log in conjunction with that objection should be

27  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

28  stated.

1   Defendant Heredia produced all responsive documents of which he is aware in

2   his possession, custody, or control by reference to the Bates Nos. and the supplied PDF

3   file of Bates-stamped documents.

4   Heredia's response stands as stated. He will supplement it appropriately.

5   **REQUEST FOR PRODUCTION NO. 6:**

6   All COMMUNICATIONS between YOU and the COMMISSION regarding

7   YOUR maintenance of a boxing manager's license.

8   **Supplemental Response:**

9   Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

10   in that it is not limited as to time, and therefore its burden or expense outweighs its

11   likely benefit. Defendant further objects to this request as outside the scope permitted

12   by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the

13   importance of the issues at stake in the action, the amount in controversy, the parties'

14   relative access to relevant information, the parties' resources, the importance of the

15   discovery in resolving the issues, and whether the burden or expense of the proposed

16   discovery outweighs its likely benefit.

17   Defendant further objects to the extent that the request seeks documents

18   protected by the attorney-client privilege or the attorney work-product doctrine.

19   Defendant's investigation and discovery are ongoing, and he is currently not aware of

20   whether there are any potentially responsive documents withheld in response to this

21   request.

22   **Plaintiff's Argument for Compelled Further Response:**

23   This Request is clearly relevant and within the scope of this litigation. Heredia's

24   objections are frivolous and lack merit. A central allegation in this case is that Heredia

25   was not a licensed manager. Diaz is entitled to discovery of the requested documents.

26   To the extent Heredia is withholding documents based on privilege he must describe

27   them in particularity in a privilege log to enable Diaz to assess the applicability of the

28   asserted "privilege or protection." These COMMUNICATIONS are clearly not

subject to any "privilege or protection." Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware.  Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 6.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be

1  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has
2  stated.

3        After a diligent search for documents in Defendant Heredia's possession,
4  custody or control, Heredia is currently unaware of any responsive documents.

5  **REQUEST FOR PRODUCTION NO. 7:**

6        All DOCUMENTS provided by YOU to the COMMISSION in connection with
7  your attempts to obtain a boxing manger's license.

8  **Supplemental Response:**

9        Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)
10  in that it is not limited as to time, and therefore its burden or expense outweighs its
11  likely benefit. Defendant further objects to this request as outside the scope permitted
12  by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the
13  importance of the issues at stake in the action, the amount in controversy, the parties'
14  relative access to relevant information, the parties' resources, the importance of the
15  discovery in resolving the issues, and whether the burden or expense of the proposed
16  discovery outweighs its likely benefit.

17        Defendant further objects to the extent that the request seeks documents
18  protected by the attorney-client privilege or the attorney work-product doctrine.
19  Defendant's investigation and discovery are ongoing, and he is currently not aware of
20  whether there are any potentially responsive documents withheld in response to this
21  request.

22  **Plaintiff's Argument for Compelled Further Response:**

23        This Request is clearly relevant and within the scope of this litigation. Heredia's
24  objections are frivolous and lack merit. A central allegation in this case is that Heredia
25  was not a licensed manager. Diaz is entitled to discovery of the requested documents.
26  To the extent Heredia is withholding documents based on privilege he must describe
27  them in particularity in a privilege log to enable Diaz to assess the applicability of the
28  asserted "privilege or protection."   Heredia concludes his series of baseless of

1   objections with the statement that he is "not currently aware of whether any

2   additionally potentially responsive documents are in his custody or control." Heredia

3   has an obligation to conduct a diligent search and to become aware. Heredia should be

4   compelled to produce all documents in his custody and control responsive to Diaz's

5   document request No. 7.

6   **Defendant's Argument:**

7       Defendant Heredia provided all responsive documents in his possession,

8   custody, or control of which he was aware at the time of production, by reference to

9   the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

10  similarly committed throughout the course of discovery to supplement his responses

11  appropriately, although his explicit commitment to this obligation is unnecessary as it

12  is imposed by operation of the rules.

13      It appears that Diaz may not have fully read Heredia's objections, despite having

14  duplicated them in his argument. Plaintiff's argument for compelling a further response

15  focuses only on the relevance of the discovery sought. However, Heredia did not object

16  on the basis of relevance. Heredia's objections center largely around the

17  *proportionality* of the request, "considering the importance of the issues at stake in the

18  action, the amount in controversy, the parties' relative access to relevant information,

19  the parties' resources, the importance of the discovery in resolving the issues, and

20  whether the burden or expense of the proposed discovery outweighs its likely benefit."

21  Heredia's objection further points out that Diaz "equally has access to the requested

22  information and thus can be obtained by Plaintiff from some other source that is more

23  convenient, less burdensome, or less expensive." Those objections are properly

24  interposed under the rules, and Plaintiff has not addressed them in his argument.

25      Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

26  arbitration record (of which Diaz has had possession since last summer), that is not the

27  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

28  early responses as "**which has been provided in full in response to your Request for**

1  **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

2  produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

3  production, yet simultaneously argues that Heredia has not responded. Candidly,

4  Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

5  Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

6  Heredia's counsel also attached those documents, in an abundance of caution, to one

7  of the inquiring emails. Diaz's counsel refused to engage on the question, instead

8  asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

9  current process move forward. While Heredia's counsel believes that there is a good

10  chance that the current dispute is significantly smaller than presented or non-existent,

11  they are engaging in the process as required.

12          Further, Diaz participated in an arbitration that resolved many of the issues in

13  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

14  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

15  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

16  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

17  by numerous exhibits.

18          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

19  responses. For example, Diaz argues that Heredia has failed to provide a privilege log

20  accompanying Heredia's objection to a request to the extent that it seeks privileged

21  material. Diaz has failed to note Heredia's use of the words "to the extent that," and

22  those are key. As Heredia continues to search for documents and supplement his

23  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

24  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

25  the request seeks privileged material, Heredia's objection covers that. It's not clear that

26  Diaz has discerned that construction. Thus, every single complaint that Heredia has

27  failed to produce a privilege log in conjunction with that objection should be

28  ///

1  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

2  stated.

3      Heredia's response stands as stated. He will supplement it appropriately.

4  **REQUEST FOR PRODUCTION NO. 8:**

5      All DOCUMENTS provided by YOU to the COMMISSION regarding DIAZ.

6  **Supplemental Response:**

7      Defendant objects to this request as is unreasonably cumulative or duplicative in

8  that it essentially duplicates Request for Production No. 4.

9      Defendant further objects to this request as outside the scope permitted by Rule

10  26(b)(1) in that it is not limited as to time, and therefore its burden or expense

11  outweighs its likely benefit. Defendant further objects to this request as outside the

12  scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case

13  considering the importance of the issues at stake in the action, the amount in

14  controversy, the parties' relative access to relevant information, the parties' resources,

15  the importance of the discovery in resolving the issues, and whether the burden or

16  expense of the proposed discovery outweighs its likely benefit.

17      Defendant further objects to the extent that the request seeks documents

18  protected by the attorney-client privilege or the attorney work-product doctrine.

19  Defendant's investigation and discovery are ongoing, and he is currently not aware of

20  whether there are any potentially responsive documents withheld in response to this

21  request.

22      Defendant further objects to the extent the request is duplicative of Request for

23  Production No. 3. Subject to the foregoing, please see the response to Request for

24  Production No. 3.

25  **Plaintiff's Argument for Compelled Further Response:**

26      This Request is clearly relevant and within the scope of this litigation. Heredia's

27  objections are frivolous and lack merit. Diaz is absolutely entitled to any documents

28  that Heredia provided to the COMMISSION that relate to Diaz. Such documents are

necessary for Diaz to prosecute his claim for fraud against Heredia.  Diaz has alleged that: "Heredia intentionally concealed and failed to disclose material facts to Diaz in connection with their relationship and Heredia's role as Diaz's manager." These material facts include, inter alia," that Heredia was not licensed as a manager by the California State Athletic Commission and that his failure to hold a license made him legally ineligible to manage Diaz." Diaz further alleges: "During a June 2021 arbitration involving Diaz and Moses Heredia, the California Athletic Commission expressly ruled that the 2012 Agreement was not a valid boxer-manager contract and "was invalid on its face" because it was not executed or approved by the Commission, in direct violation of the Commission's regulations." Therefore, documents responsive to this request are plainly relevant. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 8.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object

1   on the basis of relevance. Heredia's objections center largely around the

2   *proportionality* of the request, "considering the importance of the issues at stake in the

3   action, the amount in controversy, the parties' relative access to relevant information,

4   the parties' resources, the importance of the discovery in resolving the issues, and

5   whether the burden or expense of the proposed discovery outweighs its likely benefit."

6   Heredia's objection further points out that Diaz "equally has access to the requested

7   information and thus can be obtained by Plaintiff from some other source that is more

8   convenient, less burdensome, or less expensive." Those objections are properly

9   interposed under the rules, and Plaintiff has not addressed them in his argument.

10       Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

11  arbitration record (of which Diaz has had possession since last summer), that is not the

12  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

13  early responses as "**which has been provided in full in response to your Request for**

14  **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

15  produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

16  production, yet simultaneously argues that Heredia has not responded. Candidly,

17  Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

18  Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

19  Heredia's counsel also attached those documents, in an abundance of caution, to one

20  of the inquiring emails. Diaz's counsel refused to engage on the question, instead

21  asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

22  current process move forward. While Heredia's counsel believes that there is a good

23  chance that the current dispute is significantly smaller than presented or non-existent,

24  they are engaging in the process as required.

25       Further, Diaz participated in an arbitration that resolved many of the issues in

26  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

27  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

28  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

1   has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

2   by numerous exhibits.

3          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

4   responses. For example, Diaz argues that Heredia has failed to provide a privilege log

5   accompanying Heredia's objection to a request to the extent that it seeks privileged

6   material. Diaz has failed to note Heredia's use of the words "to the extent that," and

7   those are key. As Heredia continues to search for documents and supplement his

8   responses appropriately, as he has done _twice_ now, he wants to account for the

9   possibility that his search may uncover privileged documents. Thus, to the extent that

10  the request seeks privileged material, Heredia's objection covers that. It's not clear that

11  Diaz has discerned that construction. Thus, every single complaint that Heredia has

12  failed to produce a privilege log in conjunction with that objection should be

13  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

14  stated.

15         Further, Defendant Heredia believed that this request was duplicative of RFP

16  No. 4, and properly referenced Plaintiff Diaz to Defendant Heredia's production of all

17  such communications in his possession, custody, or control via the referenced Bates

18  Nos. and the supplied PDF file of Bates-stamped documents.  In the spirit of full

19  discovery, Defendant Heredia took a wide view of RFP No. 4, which requested all

20  communications between him and the Commission regarding Diaz.  He produced a

21  contract and a release of contract, which may or may not have been a true

22  "communication" but was produced in the spirit of discovery.  This RFP No. 8 asked

23  for all documents between Defendant Heredia and the Commission regarding Diaz.

24  The reference to RFP No. 4, which produced those documents, was appropriate here.

25  **REQUEST FOR PRODUCTION NO. 9:**

26         All manager agreements between YOU and DIAZ.

27  **Supplemental Response:**

28         Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, there are no manager agreements currently in effect between Defendant and Diaz. The 2012 Boxer-Manager agreement to which Diaz and Heredia were both parties was deemed invalid in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer." Further subject to the foregoing, please see Bates Nos. 168-169.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. A central allegation in this case is that Heredia was not a licensed manager. Diaz is entitled to discovery of the requested documents. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Moreover, this Request is not limited to "current" agreements. So, Heredia's response that "there are no manager agreements currently in effect between Defendant and Diaz" does not comply with the Request. Finally, Referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 9.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Further, in the spirit of discovery, Heredia has produced an invalidated boxer-manager agreement.

**REQUEST FOR PRODUCTION NO. 10:**

All manager agreements between YOU and any other boxer.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, Defendant currently is not a licensed boxer manager and therefore is unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. A central allegation in this case is that Heredia was not a licensed manager. Diaz is entitled to discovery of the requested documents. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."   Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Moreover, this Request is not limited to "current" agreements. So, Heredia's response that "Defendant currently is not a licensed boxer manager" has no bearing on whether Heredia

1   previously had agreements with other boxers.  Heredia should be compelled to produce

2   all documents in his custody and control responsive to Diaz's document request No.

3   10.

4   **Defendant's Argument:**

5       Defendant Heredia provided all responsive documents in his possession,

6   custody, or control of which he was aware at the time of production, by reference to

7   the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

8   similarly committed throughout the course of discovery to supplement his responses

9   appropriately, although his explicit commitment to this obligation is unnecessary as it

10  is imposed by operation of the rules.

11      It appears that Diaz may not have fully read Heredia's objections, despite having

12  duplicated them in his argument. Plaintiff's argument for compelling a further response

13  focuses only on the relevance of the discovery sought. However, Heredia did not object

14  on the basis of relevance. Heredia's objections center largely around the

15  *proportionality* of the request, "considering the importance of the issues at stake in the

16  action, the amount in controversy, the parties' relative access to relevant information,

17  the parties' resources, the importance of the discovery in resolving the issues, and

18  whether the burden or expense of the proposed discovery outweighs its likely benefit."

19  Heredia's objection further points out that Diaz "equally has access to the requested

20  information and thus can be obtained by Plaintiff from some other source that is more

21  convenient, less burdensome, or less expensive." Those objections are properly

22  interposed under the rules, and Plaintiff has not addressed them in his argument.

23      Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

24  arbitration record (of which Diaz has had possession since last summer), that is not the

25  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

26  early responses as "**which has been provided in full in response to your Request for**

27  **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

28  produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

///

Defendant Heredia did not manage other boxers.  Therefore, there are no other management agreements to which he was a party. His response stands.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is unlimited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that Plaintiff's request for documents "relating to" any agreements between Defendant and Plaintiff is so overbroad as to render Plaintiff's request meaningless. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to the extent the request is duplicative of Request for Production No. 9. Please see Defendant's response to Request for Production No. 9.

Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 634-675 and 676.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz. To the extent that

1   there are any agreements documenting any purported agreements between Heredia and

2   Diaz, Heredia must produce them. This Request is not duplicative of Request No. 9

3   which requests only "manager agreements." Heredia concludes his series of baseless

4   of objections with the statement that he is "not currently aware of whether any

5   additionally potentially responsive documents are in his custody or control." Heredia

6   has an obligation to conduct a diligent search and to become aware. Finally,

7   Referencing Bates Nos. used in another litigation not involving Heredia is non-

8   responsive. Heredia should be compelled to produce all documents in his custody and

9   control responsive to Diaz's document request No.11.

10  **Defendant's Argument:**

11      Defendant Heredia provided all responsive documents in his possession,

12  custody, or control of which he was aware at the time of production, by reference to

13  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

14  similarly committed throughout the course of discovery to supplement his responses

15  appropriately, although his explicit commitment to this obligation is unnecessary as it

16  is imposed by operation of the rules.

17      It appears that Diaz may not have fully read Heredia's objections, despite having

18  duplicated them in his argument. Plaintiff's argument for compelling a further response

19  focuses only on the relevance of the discovery sought. However, Heredia did not object

20  on the basis of relevance. Heredia's objections center largely around the

21  *proportionality* of the request, "considering the importance of the issues at stake in the

22  action, the amount in controversy, the parties' relative access to relevant information,

23  the parties' resources, the importance of the discovery in resolving the issues, and

24  whether the burden or expense of the proposed discovery outweighs its likely benefit."

25  Heredia's objection further points out that Diaz "equally has access to the requested

26  information and thus can be obtained by Plaintiff from some other source that is more

27  convenient, less burdensome, or less expensive." Those objections are properly

28  interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Further, despite the manifest overbreadth of Diaz's request as properly reflected in Heredia's objection, Defendant Heredia took a wide view of this response and produced pages and pages of checks per the referenced Bates Nos. between himself and Diaz, on the theory that they may have referenced payments for informal agreements between the two. Further, he produced by the referenced Bates No. (which should have been referenced to Bates No. 675, not 676) a handwritten agreement for repayment of debts between himself and Diaz.

**REQUEST FOR PRODUCTION NO. 12:**

All accounting records relating to YOUR management of DIAZ.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, since 2017, Defendant has not been Diaz' manager and therefore is currently unaware of any documents since that time period responsive to

this request. Further, subject to the foregoing, Defendant is continuing to look for any potentially responsive documents.

Subject to the foregoing, please see Bates No. 676.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz, and is seeking an accounting. Heredia's objections are frivolous and lack merit. Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No.12.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

1  whether the burden or expense of the proposed discovery outweighs its likely benefit."

2  Heredia's objection further points out that Diaz "equally has access to the requested

3  information and thus can be obtained by Plaintiff from some other source that is more

4  convenient, less burdensome, or less expensive." Those objections are properly

5  interposed under the rules, and Plaintiff has not addressed them in his argument.

6      Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

7  arbitration record (of which Diaz has had possession since last summer), that is not the

8  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

9  early responses as "**which has been provided in full in response to your Request for**

10 **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

11 produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

12 production, yet simultaneously argues that Heredia has not responded. Candidly,

13 Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

14 Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

15 Heredia's counsel also attached those documents, in an abundance of caution, to one

16 of the inquiring emails. Diaz's counsel refused to engage on the question, instead

17 asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

18 current process move forward. While Heredia's counsel believes that there is a good

19 chance that the current dispute is significantly smaller than presented or non-existent,

20 they are engaging in the process as required.

21      Further, Diaz participated in an arbitration that resolved many of the issues in

22 this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

23 *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

24 *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

25 has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

26 by numerous exhibits.

27      Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

28 responses. For example, Diaz argues that Heredia has failed to provide a privilege log

1   accompanying Heredia's objection to a request to the extent that it seeks privileged

2   material. Diaz has failed to note Heredia's use of the words "to the extent that," and

3   those are key. As Heredia continues to search for documents and supplement his

4   responses appropriately, as he has done <u>twice</u> now, he wants to account for the

5   possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

6   the request seeks privileged material, Heredia's objection covers that. It's not clear that

7   Diaz has discerned that construction. Thus, every single complaint that Heredia has

8   failed to produce a privilege log in conjunction with that objection should be

9   disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

10   stated.

11         Defendant Heredia produced by the referenced Bates No. (which should have

12   been referenced to Bates No. 675, not 676) a handwritten agreement for repayment of

13   debts between himself and Diaz.

14   **REQUEST FOR PRODUCTION NO. 13:**

15         All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

16   **Supplemental Response:**

17         Defendant objects to this request as unreasonably cumulative or duplicative in

18   that it essentially duplicates Request for Production No. 2. Defendant further objects

19   to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited

20   as to time, and therefore its burden or expense outweighs its likely benefit. Defendant

21   further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it

22   is not proportional to the needs of the case considering the importance of the issues at

23   stake in the action, the amount in controversy, the parties' relative access to relevant

24   information, the parties' resources, the importance of the discovery in resolving the

25   issues, and whether the burden or expense of the proposed discovery outweighs its

26   likely benefit. Defendant further objects to the extent that the request seeks documents

27   protected by the attorney-client privilege or the attorney work-product doctrine.

28   Defendant's investigation and discovery are ongoing, and he is currently not aware of

1   whether there are any potentially responsive documents withheld in response to this

2   request.

3   **Plaintiff's Argument for Compelled Further Response:**

4       This Request is clearly relevant and within the scope of this litigation. Heredia's

5   objections are frivolous and lack merit. Diaz is certainly entitled to discover any

6   documents that Moses, Diaz's paper manager, provided to Heredia, his de facto

7   manager, that relate to Diaz, Diaz's management and the various issues that the Heredia

8   has raised in this litigation. Heredia concludes his series of baseless of objections with

9   the statement that he is "not currently aware of whether any additionally potentially

10  responsive documents are in Heredia should be compelled to produce all documents in

11  his custody and control responsive to Diaz's document request No.13.

12  **Defendant's Argument:**

13      Defendant Heredia provided all responsive documents in his possession,

14  custody, or control of which he was aware at the time of production, by reference to

15  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

16  similarly committed throughout the course of discovery to supplement his responses

17  appropriately, although his explicit commitment to this obligation is unnecessary as it

18  is imposed by operation of the rules.

19      It appears that Diaz may not have fully read Heredia's objections, despite having

20  duplicated them in his argument. Plaintiff's argument for compelling a further response

21  focuses only on the relevance of the discovery sought. However, Heredia did not object

22  on the basis of relevance. Heredia's objections center largely around the

23  *proportionality* of the request, "considering the importance of the issues at stake in the

24  action, the amount in controversy, the parties' relative access to relevant information,

25  the parties' resources, the importance of the discovery in resolving the issues, and

26  whether the burden or expense of the proposed discovery outweighs its likely benefit."

27  Heredia's objection further points out that Diaz "equally has access to the requested

28  information and thus can be obtained by Plaintiff from some other source that is more

64

1    convenient, less burdensome, or less expensive." Those objections are properly

2    interposed under the rules, and Plaintiff has not addressed them in his argument.

3           Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

4    arbitration record (of which Diaz has had possession since last summer), that is not the

5    case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

6    early responses as "**which has been provided in full in response to your Request for**

7    **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

8    produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

9    production, yet simultaneously argues that Heredia has not responded. Candidly,

10   Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

11   Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

12   Heredia's counsel also attached those documents, in an abundance of caution, to one

13   of the inquiring emails. Diaz's counsel refused to engage on the question, instead

14   asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

15   current process move forward. While Heredia's counsel believes that there is a good

16   chance that the current dispute is significantly smaller than presented or non-existent,

17   they are engaging in the process as required.

18          Further, Diaz participated in an arbitration that resolved many of the issues in

19   this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

20   *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

21   *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

22   has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

23   by numerous exhibits.

24          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

25   responses. For example, Diaz argues that Heredia has failed to provide a privilege log

26   accompanying Heredia's objection to a request to the extent that it seeks privileged

27   material. Diaz has failed to note Heredia's use of the words "to the extent that," and

28   those are key. As Heredia continues to search for documents and supplement his

responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Additionally, as Heredia has advised in his responses, he has not discovered any documents provided by Moses Heredia to Ralph Heredia regarding Diaz.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

**Supplemental Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 2 and 13. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

///

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. During the parties meet and confer, Diaz agreed to limit this Request to DOCUMENTS within the last ten years. Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover any documents that Heredia, Diaz's de factor manager, provided to Moses, his paper manager, that relate to Diaz, Diaz's management and the various issues that Heredia has raised in this litigation. Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No.14.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested

information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and

those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Further, as already advised in discovery, Heredia identified no documents provided by Ralph Heredia to Moses Heredia regarding Diaz.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**Supplemental Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 3. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

///

1  **Plaintiff's Argument for Compelled Further Response:**

2      This Request is clearly relevant and within the scope of this litigation. Diaz

3  alleges, in part:

4          As part of his plot, after signing Diaz as a client, Heredia used

5          Diaz to get his foot in the door with the well-known boxing

6          promotion firm, Golden Boy Promotions. Once that relationship

7          was established, Heredia expressly and continuously put his own

8          interests over Diaz's interests and sought benefits for himself

9          from Golden Boy rather than advocating for Diaz's interests—a

10          violation of the Ali Act and his duties as a manager.

11      Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to

12  discover documents exchanged between Heredia and his promoter, Golden Boy, that

13  relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to

14  the Heredias. Heredia concludes his series of baseless of objections with the statement

15  that he is "not currently aware of whether any additionally potentially responsive

16  documents are in his custody or control." Heredia has an obligation to conduct a

17  diligent search and to become aware. Heredia should be compelled to produce all

18  documents in his custody and control responsive to Diaz's document request No.15.

19  **Defendant's Argument:**

20      Defendant Heredia provided all responsive documents in his possession,

21  custody, or control of which he was aware at the time of production, by reference to

22  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

23  similarly committed throughout the course of discovery to supplement his responses

24  appropriately, although his explicit commitment to this obligation is unnecessary as it

25  is imposed by operation of the rules.

26      It appears that Diaz may not have fully read Heredia's objections, despite having

27  duplicated them in his argument. Plaintiff's argument for compelling a further response

28  focuses only on the relevance of the discovery sought. However, Heredia did not object

1   on the basis of relevance. Heredia's objections center largely around the

2   *proportionality* of the request, "considering the importance of the issues at stake in the

3   action, the amount in controversy, the parties' relative access to relevant information,

4   the parties' resources, the importance of the discovery in resolving the issues, and

5   whether the burden or expense of the proposed discovery outweighs its likely benefit."

6   Heredia's objection further points out that Diaz "equally has access to the requested

7   information and thus can be obtained by Plaintiff from some other source that is more

8   convenient, less burdensome, or less expensive." Those objections are properly

9   interposed under the rules, and Plaintiff has not addressed them in his argument.

10        Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

11   arbitration record (of which Diaz has had possession since last summer), that is not the

12   case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

13   early responses as "**which has been provided in full in response to your Request for**

14   **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

15   produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

16   production, yet simultaneously argues that Heredia has not responded. Candidly,

17   Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

18   Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

19   Heredia's counsel also attached those documents, in an abundance of caution, to one

20   of the inquiring emails. Diaz's counsel refused to engage on the question, instead

21   asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

22   current process move forward. While Heredia's counsel believes that there is a good

23   chance that the current dispute is significantly smaller than presented or non-existent,

24   they are engaging in the process as required.

25        Further, Diaz participated in an arbitration that resolved many of the issues in

26   this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

27   *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

28   *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done _twice_ now, he wants to account for the possibility that his search may uncover privileged documents. Thus, _to the extent that_ the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Further, as Heredia already advised in discovery, he has identified no documents provided by Golden Boy to Ralph Heredia regarding Diaz.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**Supplemental Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 3 and 15. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery

///

1    in resolving the issues, and whether the burden or expense of the proposed discovery

2    outweighs its likely benefit.

3         Defendant further objects to the extent that the request seeks documents

4    protected by the attorney-client privilege or the attorney work-product doctrine.

5    Defendant's investigation and discovery are ongoing, and he is currently not aware of

6    whether there are any potentially responsive documents withheld in response to this

7    request.

8         Please see Bates Nos. 171-185, 196-203, and 221-224.

9    **Plaintiff's Argument for Compelled Further Response:**

10        This Request is clearly relevant and within the scope of this litigation. Diaz

11   alleges, in part:

12              As part of his plot, after signing Diaz as a client, Heredia used

13              Diaz to get his foot in the door with the well-known boxing

14              promotion firm, Golden Boy Promotions. Once that relationship

15              was established, Heredia expressly and continuously put his own

16              interests over Diaz's interests and sought benefits for himself

17              from Golden Boy rather than advocating for Diaz's interests—a

18              violation of the Ali Act and his duties as a manager.

19        Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to

20   discover documents exchanged between Heredia and his promoter, Golden Boy, that

21   relate to, inter alia, Diaz, Diaz's management, promotional opportunities, fights and

22   monies paid to the Heredias. Heredia concludes his series of baseless of objections with

23   the statement that he is "not currently aware of whether any additionally potentially

24   responsive documents are in his custody or control." Heredia has an obligation to

25   conduct a diligent search and to become aware. Finally, referencing Bates Nos. used

26   in another litigation not involving Heredia is non-responsive. Heredia should be

27   compelled to produce all documents in his custody and control responsive to Diaz's

28   document request No.16.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in his possession, custody, or control by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents.

Heredia's response stands as stated. He will supplement it appropriately.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**Supplemental Response:**

Defendant objects to this request to the extent that it seeks documents not in his possession, custody, or control. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 405-414, 416, and 676.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz, and is seeking an accounting. Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No.17.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having

1   duplicated them in his argument. Plaintiff's argument for compelling a further response
2   focuses only on the relevance of the discovery sought. However, Heredia did not object
3   on the basis of relevance. Heredia's objections center largely around the
4   *proportionality* of the request, "considering the importance of the issues at stake in the
5   action, the amount in controversy, the parties' relative access to relevant information,
6   the parties' resources, the importance of the discovery in resolving the issues, and
7   whether the burden or expense of the proposed discovery outweighs its likely benefit."
8   Heredia's objection further points out that Diaz "equally has access to the requested
9   information and thus can be obtained by Plaintiff from some other source that is more
10  convenient, less burdensome, or less expensive." Those objections are properly
11  interposed under the rules, and Plaintiff has not addressed them in his argument.

12          Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the
13  arbitration record (of which Diaz has had possession since last summer), that is not the
14  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in
15  early responses as "**which has been provided in full in response to your Request for**
16  **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has
17  produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for
18  production, yet simultaneously argues that Heredia has not responded. Candidly,
19  Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed
20  Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.
21  Heredia's counsel also attached those documents, in an abundance of caution, to one
22  of the inquiring emails. Diaz's counsel refused to engage on the question, instead
23  asserting that Heredia's counsel was trying to "rewrite history" and insisting that the
24  current process move forward. While Heredia's counsel believes that there is a good
25  chance that the current dispute is significantly smaller than presented or non-existent,
26  they are engaging in the process as required.

27          Further, Diaz participated in an arbitration that resolved many of the issues in
28  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

1   *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

2   *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

3   has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

4   by numerous exhibits.

5          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

6   responses. For example, Diaz argues that Heredia has failed to provide a privilege log

7   accompanying Heredia's objection to a request to the extent that it seeks privileged

8   material. Diaz has failed to note Heredia's use of the words "to the extent that," and

9   those are key. As Heredia continues to search for documents and supplement his

10  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

11  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

12  the request seeks privileged material, Heredia's objection covers that. It's not clear that

13  Diaz has discerned that construction. Thus, every single complaint that Heredia has

14  failed to produce a privilege log in conjunction with that objection should be

15  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

16  stated.

17         Defendant Heredia produced all responsive documents of which he is aware in

18  his possession, custody, or control by reference to the Bates Nos. and the supplied PDF

19  file of Bates-stamped documents.

20         Heredia's response stands as stated. He will supplement it appropriately.

21         It is not clear what Diaz is arguing there, other than that he does not like

22  Heredia's answer. Subject to Heredia's appropriate objections, Heredia has produced

23  responsive documents.

24  **REQUEST FOR PRODUCTION NO. 18:**

25         All DOCUMENTS, including but not limited to bank records, reflecting YOUR

26  compensation relating to any boxing match that DIAZ has participated in.

27  **Supplemental Response:**

28         Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz, and is seeking an accounting. Heredia concludes his series of baseless of objections with the statement that he is "currently unaware of any documents responsive to this request" Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No.18.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

1    Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

2    arbitration record (of which Diaz has had possession since last summer), that is not the

3    case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

4    early responses as "**which has been provided in full in response to your Request for**

5    **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

6    produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

7    production, yet simultaneously argues that Heredia has not responded. Candidly,

8    Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

9    Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

10   Heredia's counsel also attached those documents, in an abundance of caution, to one

11   of the inquiring emails. Diaz's counsel refused to engage on the question, instead

12   asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

13   current process move forward. While Heredia's counsel believes that there is a good

14   chance that the current dispute is significantly smaller than presented or non-existent,

15   they are engaging in the process as required.

16   Further, Diaz participated in an arbitration that resolved many of the issues in

17   this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

18   *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

19   *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

20   has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

21   by numerous exhibits.

22   Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

23   responses. For example, Diaz argues that Heredia has failed to provide a privilege log

24   accompanying Heredia's objection to a request to the extent that it seeks privileged

25   material. Diaz has failed to note Heredia's use of the words "to the extent that," and

26   those are key. As Heredia continues to search for documents and supplement his

27   responses appropriately, as he has done <u>twice</u> now, he wants to account for the

28   possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

After a diligent search for documents in Defendant Heredia's possession, custody or control, Heredia is currently unaware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**Supplemental Response:**

Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz, and is seeking an accounting. This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Heredia concludes his series of baseless of objections with the statement that he is "currently unaware of any documents responsive to this request" Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No.19.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses ///

1  appropriately, although his explicit commitment to this obligation is unnecessary as it
2  is imposed by operation of the rules.

3        It appears that Diaz may not have fully read Heredia's objections, despite having
4  duplicated them in his argument. Plaintiff's argument for compelling a further response
5  focuses only on the relevance of the discovery sought. However, Heredia did not object
6  on the basis of relevance. Heredia's objections center largely around the
7  *proportionality* of the request, "considering the importance of the issues at stake in the
8  action, the amount in controversy, the parties' relative access to relevant information,
9  the parties' resources, the importance of the discovery in resolving the issues, and
10 whether the burden or expense of the proposed discovery outweighs its likely benefit."
11 Heredia's objection further points out that Diaz "equally has access to the requested
12 information and thus can be obtained by Plaintiff from some other source that is more
13 convenient, less burdensome, or less expensive." Those objections are properly
14 interposed under the rules, and Plaintiff has not addressed them in his argument.

15       Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the
16 arbitration record (of which Diaz has had possession since last summer), that is not the
17 case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in
18 early responses as "**which has been provided in full in response to your Request for**
19 **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has
20 produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for
21 production, yet simultaneously argues that Heredia has not responded. Candidly,
22 Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed
23 Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.
24 Heredia's counsel also attached those documents, in an abundance of caution, to one
25 of the inquiring emails. Diaz's counsel refused to engage on the question, instead
26 asserting that Heredia's counsel was trying to "rewrite history" and insisting that the
27 current process move forward. While Heredia's counsel believes that there is a good
28 ///

1  chance that the current dispute is significantly smaller than presented or non-existent,
2  they are engaging in the process as required.

3       Further, Diaz participated in an arbitration that resolved many of the issues in
4  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*
5  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*
6  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia
7  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported
8  by numerous exhibits.

9       Many of Diaz's stated arguments reflect a less than careful reading of Heredia's
10 responses. For example, Diaz argues that Heredia has failed to provide a privilege log
11 accompanying Heredia's objection to a request to the extent that it seeks privileged
12 material. Diaz has failed to note Heredia's use of the words "to the extent that," and
13 those are key. As Heredia continues to search for documents and supplement his
14 responses appropriately, as he has done <u>twice</u> now, he wants to account for the
15 possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>
16 the request seeks privileged material, Heredia's objection covers that. It's not clear that
17 Diaz has discerned that construction. Thus, every single complaint that Heredia has
18 failed to produce a privilege log in conjunction with that objection should be
19 disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has
20 stated.

21      After a diligent search for documents in Defendant Heredia's possession,
22 custody or control, Heredia is currently unaware of any responsive documents.

23 **REQUEST FOR PRODUCTION NO. 20:**

24      All DOCUMENTS, including but not limited to bank records, reflecting YOUR
25 compensation relating to any revenue generated by DIAZ through any means.

26 **Supplemental Response:**

27      Defendant is currently unaware of any documents responsive to this request.

28 ///

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Heredia concludes his series of baseless of objections with the statement that he is "currently unaware of any documents responsive to this request" Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 20.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the

1   case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

2   early responses as "**which has been provided in full in response to your Request for**

3   **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

4   produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

5   production, yet simultaneously argues that Heredia has not responded. Candidly,

6   Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

7   Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

8   Heredia's counsel also attached those documents, in an abundance of caution, to one

9   of the inquiring emails. Diaz's counsel refused to engage on the question, instead

10  asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

11  current process move forward. While Heredia's counsel believes that there is a good

12  chance that the current dispute is significantly smaller than presented or non-existent,

13  they are engaging in the process as required.

14          Further, Diaz participated in an arbitration that resolved many of the issues in

15  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

16  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

17  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

18  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

19  by numerous exhibits.

20          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

21  responses. For example, Diaz argues that Heredia has failed to provide a privilege log

22  accompanying Heredia's objection to a request to the extent that it seeks privileged

23  material. Diaz has failed to note Heredia's use of the words "to the extent that," and

24  those are key. As Heredia continues to search for documents and supplement his

25  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

26  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

27  the request seeks privileged material, Heredia's objection covers that. It's not clear that

28  Diaz has discerned that construction. Thus, every single complaint that Heredia has

failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

After a diligent search for documents in Defendant Heredia's possession, custody or control, Heredia is currently unaware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**Supplemental Response:**

Defendant objects to this request to the extent that Plaintiff purports to require production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil.

Subject to the foregoing, Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz, and is seeking an accounting. Heredia concludes his series of baseless of objections with the statement that he is "currently unaware of any documents responsive to this request" Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 21.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to

the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

Case 5:20-cv-02332-JWH-KK   Document 96-1   Filed 02/11/22   Page 101 of 184   Page ID #:1774

current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

After a diligent search for documents in Defendant Heredia's possession, custody or control, Heredia is currently unaware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

88
LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

1  in that it is not limited as to time, and therefore its burden or expense outweighs its

2  likely benefit. Defendant further objects to this request as outside the scope permitted

3  by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the

4  importance of the issues at stake in the action, the amount in controversy, the parties'

5  relative access to relevant information, the parties' resources, the importance of the

6  discovery in resolving the issues, and whether the burden or expense of the proposed

7  discovery outweighs its likely benefit.

8  Defendant further objects to the extent that the request seeks documents

9  protected by the attorney-client privilege or the attorney work-product doctrine.

10  Subject to the foregoing, Defendant is currently unaware of any documents

11  responsive to this request.

12  **Plaintiff's Argument for Compelled Further Response:**

13  This Request is clearly relevant and within the scope of this litigation. Diaz

14  alleges, in part:

15  As part of his plot, after signing Diaz as a client, Heredia used

16  Diaz to get his foot in the door with the well-known boxing

17  promotion firm, Golden Boy Promotions. Once that relationship

18  was established, Heredia expressly and continuously put his own

19  interests over Diaz's interests and sought benefits for himself

20  from Golden Boy rather than advocating for Diaz's interests—a

21  violation of the Ali Act and his duties as a manager.

22  Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to

23  discover documents exchanged between Heredia and his promoter, Golden Boy, that

24  relate to Diaz, Diaz's management, promotional opportunities, fights and monies paid

25  to the Heredias. Heredia concludes his series of baseless of objections with the

26  statement that he is Heredia concludes his series of baseless of objections with the

27  statement that he is "currently unaware of any documents responsive to this request"

28  Heredia has an obligation to conduct a diligent search and to become aware. Heredia

1  should be compelled to produce all documents in his custody and control responsive to

2  Diaz's document request No. 22.

3  **Defendant's Argument:**

4  Defendant Heredia provided all responsive documents in his possession,

5  custody, or control of which he was aware at the time of production, by reference to

6  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

7  similarly committed throughout the course of discovery to supplement his responses

8  appropriately, although his explicit commitment to this obligation is unnecessary as it

9  is imposed by operation of the rules.

10  It appears that Diaz may not have fully read Heredia's objections, despite having

11  duplicated them in his argument. Plaintiff's argument for compelling a further response

12  focuses only on the relevance of the discovery sought. However, Heredia did not object

13  on the basis of relevance. Heredia's objections center largely around the

14  *proportionality* of the request, "considering the importance of the issues at stake in the

15  action, the amount in controversy, the parties' relative access to relevant information,

16  the parties' resources, the importance of the discovery in resolving the issues, and

17  whether the burden or expense of the proposed discovery outweighs its likely benefit."

18  Heredia's objection further points out that Diaz "equally has access to the requested

19  information and thus can be obtained by Plaintiff from some other source that is more

20  convenient, less burdensome, or less expensive." Those objections are properly

21  interposed under the rules, and Plaintiff has not addressed them in his argument.

22  Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

23  arbitration record (of which Diaz has had possession since last summer), that is not the

24  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

25  early responses as "**which has been provided in full in response to your Request for**

26  **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

27  produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

28  production, yet simultaneously argues that Heredia has not responded. Candidly,

Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

After a diligent search for documents in Defendant Heredia's possession, custody or control, Heredia is currently unaware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS reflecting any gifts provided to YOU by GOLDEN BOY relating to DIAZ.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to the foregoing, Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz alleges, in part:

As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits for himself from Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.

Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between Heredia and his promoter, Golden Boy, that relate to, inter alia, Diaz, Diaz's management, promotional opportunities, fights,

1   monies paid to the Heredias. Heredia concludes his series of baseless of objections with

2   the statement that he is Heredia concludes his series of baseless of objections with the

3   statement that he is "currently unaware of any documents responsive to this request"

4   Heredia has an obligation to conduct a diligent search and to become aware. Heredia

5   should be compelled to produce all documents in his custody and control responsive to

6   Diaz's document request No. 23.

7   **Defendant's Argument:**

8        Defendant Heredia provided all responsive documents in his possession,

9   custody, or control of which he was aware at the time of production, by reference to

10  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

11  similarly committed throughout the course of discovery to supplement his responses

12  appropriately, although his explicit commitment to this obligation is unnecessary as it

13  is imposed by operation of the rules.

14       It appears that Diaz may not have fully read Heredia's objections, despite having

15  duplicated them in his argument. Plaintiff's argument for compelling a further response

16  focuses only on the relevance of the discovery sought. However, Heredia did not object

17  on the basis of relevance. Heredia's objections center largely around the

18  *proportionality* of the request, "considering the importance of the issues at stake in the

19  action, the amount in controversy, the parties' relative access to relevant information,

20  the parties' resources, the importance of the discovery in resolving the issues, and

21  whether the burden or expense of the proposed discovery outweighs its likely benefit."

22  Heredia's objection further points out that Diaz "equally has access to the requested

23  information and thus can be obtained by Plaintiff from some other source that is more

24  convenient, less burdensome, or less expensive." Those objections are properly

25  interposed under the rules, and Plaintiff has not addressed them in his argument.

26       Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

27  arbitration record (of which Diaz has had possession since last summer), that is not the

28  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be

1  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has
2  stated.

3       After a diligent search for documents in Defendant Heredia's possession,
4  custody or control, Heredia is currently unaware of any responsive documents.

5  **REQUEST FOR PRODUCTION NO. 24:**

6       All DOCUMENTS reflecting any benefits provided to YOU by GOLDEN BOY
7  relating to DIAZ.

8  **Supplemental Response:**

9       Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)
10  in that it is so broad as to be incomprehensible and therefore its burden or expense
11  outweighs its likely benefit. Defendant further objects to this request as outside the
12  scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its
13  burden or expense outweighs its likely benefit. Defendant further objects to this request
14  as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs
15  of the case considering the importance of the issues at stake in the action, the amount
16  in controversy, the parties' relative access to relevant information, the parties'
17  resources, the importance of the discovery in resolving the issues, and whether the
18  burden or expense of the proposed discovery outweighs its likely benefit. Defendant
19  further objects to the extent that the request seeks documents protected by the attorney-
20  client privilege or the attorney work-product doctrine. Construing Plaintiff's use of the
21  word "benefits" in light of Plaintiff's allegations that Defendant illicitly received
22  benefits from Golden Boy, Defendant is currently unaware of any documents
23  responsive to this request.

24  **Plaintiff's Argument for Compelled Further Response:**

25       This Request is clearly relevant and within the scope of this litigation. Diaz
26  alleges, in part:

27            As part of his plot, after signing Diaz as a client, Heredia used
28            Diaz to get his foot in the door with the well-known boxing

1  promotion firm, Golden Boy Promotions. Once that relationship
2  was established, Heredia expressly and continuously put his own
3  interests over Diaz's interests and sought benefits for himself
4  from Golden Boy rather than advocating for Diaz's interests—a
5  violation of the Ali Act and his duties as a manager.

6  Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to
7  discover documents exchanged between Heredia and his promoter, Golden Boy, that
8  relate to, inter alia, Diaz, Diaz's management, promotional opportunities, fights,
9  monies paid to the Heredias. Heredia concludes his series of baseless of objections with
10 the statement that he is Heredia concludes his series of baseless of objections with the
11 statement that he is "currently unaware of any documents responsive to this request"
12 Heredia has an obligation to conduct a diligent search and to become aware. Heredia
13 should be compelled to produce all documents in his custody and control responsive to
14 Diaz's document request No. 24.

15 **Defendant's Argument:**

16 Defendant Heredia provided all responsive documents in his possession,
17 custody, or control of which he was aware at the time of production, by reference to
18 the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has
19 similarly committed throughout the course of discovery to supplement his responses
20 appropriately, although his explicit commitment to this obligation is unnecessary as it
21 is imposed by operation of the rules.

22 It appears that Diaz may not have fully read Heredia's objections, despite having
23 duplicated them in his argument. Plaintiff's argument for compelling a further response
24 focuses only on the relevance of the discovery sought. However, Heredia did not object
25 on the basis of relevance. Heredia's objections center largely around the
26 *proportionality* of the request, "considering the importance of the issues at stake in the
27 action, the amount in controversy, the parties' relative access to relevant information,
28 the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log

accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

After a diligent search for documents in Defendant Heredia's possession, custody or control, Heredia is currently unaware of any responsive documents.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the purchase or lease of the VEHICLE.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 7, 79, 109, 125, 302, 305, 678, 679-683.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz alleges that he purchased a vehicle from Heredia, who then illegally "repossessed" (i.e., stole) the vehicle and Diaz's property. Diaz is entitled to information that relates to Heredia's purported purchase and/or lease of the vehicle as well as any documents that relate to his sale and/or lease of the vehicle to Diaz. Diaz alleges: "Heredia breached the parties' implied-in-fact contract. On or about September 8, 2020, Heredia intentionally and maliciously had the vehicle repossessed and took it back for himself, in violation of the parties' agreement that Diaz could use the vehicle as his own and then would own the vehicle once he paid it off." This Request supports Diaz's claims for, inter alia, breach of implied-in-fact contract, conversion and quantum meruit. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 25.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses ///

appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good
///

1  chance that the current dispute is significantly smaller than presented or non-existent,

2  they are engaging in the process as required.

3         Further, Diaz participated in an arbitration that resolved many of the issues in

4  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

5  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

6  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

7  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

8  by numerous exhibits.

9         Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

10 responses. For example, Diaz argues that Heredia has failed to provide a privilege log

11 accompanying Heredia's objection to a request to the extent that it seeks privileged

12 material. Diaz has failed to note Heredia's use of the words "to the extent that," and

13 those are key. As Heredia continues to search for documents and supplement his

14 responses appropriately, as he has done <u>twice</u> now, he wants to account for the

15 possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

16 the request seeks privileged material, Heredia's objection covers that. It's not clear that

17 Diaz has discerned that construction. Thus, every single complaint that Heredia has

18 failed to produce a privilege log in conjunction with that objection should be

19 disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

20 stated.

21        Defendant Heredia produced all responsive documents of which he is aware in

22 his possession, custody, or control by reference to the Bates Nos. and the supplied PDF

23 file of Bates-stamped documents.

24        Heredia's response stands as stated. He will supplement it appropriately.

25 **REQUEST FOR PRODUCTION NO. 26:**

26        All DOCUMENTS reflecting or relating to any agreements between YOU and

27 DIAZ regarding the VEHICLE.

28 *///*

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 302 and 305.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz alleges that he purchased a vehicle from Heredia, who then illegally "repossessed" (i.e., stole) the vehicle and Diaz's property. Diaz is entitled to information that relates to Heredia's purported purchase and/or lease of the vehicle as well as any documents that relate to his sale and/or lease of the vehicle to Diaz. Diaz alleges: "Heredia breached the parties' implied-in-fact contract. On or about September 8, 2020, Heredia intentionally and maliciously had the vehicle repossessed and took it back for himself, in violation of the parties' agreement that Diaz could use the vehicle as his own and then would own the vehicle once he paid it off." This Request supports Diaz's claims for, inter alia, breach of implied-in-fact contract, conversion and quantum meruit. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log

1  to enable Diaz to assess the applicability of the asserted "privilege or protection."

2  Heredia concludes his series of baseless of objections with the statement that he is "not

3  currently aware of whether any additionally potentially responsive documents are in

4  his custody or control." Heredia has an obligation to conduct a diligent search and to

5  become aware. Finally, referencing Bates Nos. used in another litigation not involving

6  Heredia is non-responsive. Heredia should be compelled to produce all documents in

7  his custody and control responsive to Diaz's document request No. 26.

8  **Defendant's Argument:**

9      Defendant Heredia provided all responsive documents in his possession,

10  custody, or control of which he was aware at the time of production, by reference to

11  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

12  similarly committed throughout the course of discovery to supplement his responses

13  appropriately, although his explicit commitment to this obligation is unnecessary as it

14  is imposed by operation of the rules.

15      It appears that Diaz may not have fully read Heredia's objections, despite having

16  duplicated them in his argument. Plaintiff's argument for compelling a further response

17  focuses only on the relevance of the discovery sought. However, Heredia did not object

18  on the basis of relevance. Heredia's objections center largely around the

19  *proportionality* of the request, "considering the importance of the issues at stake in the

20  action, the amount in controversy, the parties' relative access to relevant information,

21  the parties' resources, the importance of the discovery in resolving the issues, and

22  whether the burden or expense of the proposed discovery outweighs its likely benefit."

23  Heredia's objection further points out that Diaz "equally has access to the requested

24  information and thus can be obtained by Plaintiff from some other source that is more

25  convenient, less burdensome, or less expensive." Those objections are properly

26  interposed under the rules, and Plaintiff has not addressed them in his argument.

27      Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

28  arbitration record (of which Diaz has had possession since last summer), that is not the

1   case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

2   early responses as "**which has been provided in full in response to your Request for**

3   **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

4   produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

5   production, yet simultaneously argues that Heredia has not responded. Candidly,

6   Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

7   Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

8   Heredia's counsel also attached those documents, in an abundance of caution, to one

9   of the inquiring emails. Diaz's counsel refused to engage on the question, instead

10  asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

11  current process move forward. While Heredia's counsel believes that there is a good

12  chance that the current dispute is significantly smaller than presented or non-existent,

13  they are engaging in the process as required.

14          Further, Diaz participated in an arbitration that resolved many of the issues in

15  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

16  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

17  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

18  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

19  by numerous exhibits.

20          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

21  responses. For example, Diaz argues that Heredia has failed to provide a privilege log

22  accompanying Heredia's objection to a request to the extent that it seeks privileged

23  material. Diaz has failed to note Heredia's use of the words "to the extent that," and

24  those are key. As Heredia continues to search for documents and supplement his

25  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

26  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

27  the request seeks privileged material, Heredia's objection covers that. It's not clear that

28  Diaz has discerned that construction. Thus, every single complaint that Heredia has

failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in his possession, custody, or control by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents.

Heredia's response stands as stated. He will supplement it appropriately.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS reflecting or relating to any money DIAZ paid YOU for the VEHICLE.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 302 and 305.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz alleges that he purchased a vehicle from

1   Heredia, who then illegally "repossessed" (i.e., stole) the vehicle and Diaz's property.
2   Diaz is entitled to information that relates to Heredia's purported purchase and/or lease
3   of the vehicle as well as any documents that relate to his sale and/or lease of the vehicle
4   to Diaz. Diaz alleges: "Heredia breached the parties' implied-in-fact contract. On or
5   about September 8, 2020, Heredia intentionally and maliciously had the vehicle
6   repossessed and took it back for himself, in violation of the parties' agreement that
7   Diaz could use the vehicle as his own and then would own the vehicle once he paid it
8   off." This Request supports Diaz's claims for, inter alia, breach of implied-in-fact
9   contract, conversion and quantum meruit. To the extent Heredia is withholding
10  documents based on privilege he must describe them in particularity in a privilege log
11  to enable Diaz to assess the applicability of the asserted "privilege or protection."
12  Heredia concludes his series of baseless of objections with the statement that he is "not
13  currently aware of whether any additionally potentially responsive documents are in
14  his custody or control." Heredia has an obligation to conduct a diligent search and to
15  become aware. Finally, referencing Bates Nos. used in another litigation not involving
16  Heredia is non-responsive. Heredia should be compelled to produce all documents in
17  his custody and control responsive to Diaz's document request No.27.

18  **Defendant's Argument:**

19      Defendant Heredia provided all responsive documents in his possession,
20  custody, or control of which he was aware at the time of production, by reference to
21  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has
22  similarly committed throughout the course of discovery to supplement his responses
23  appropriately, although his explicit commitment to this obligation is unnecessary as it
24  is imposed by operation of the rules.

25      It appears that Diaz may not have fully read Heredia's objections, despite having
26  duplicated them in his argument. Plaintiff's argument for compelling a further response
27  focuses only on the relevance of the discovery sought. However, Heredia did not object
28  on the basis of relevance. Heredia's objections center largely around the

*proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia ///

1    has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

2    by numerous exhibits.

3         Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

4    responses. For example, Diaz argues that Heredia has failed to provide a privilege log

5    accompanying Heredia's objection to a request to the extent that it seeks privileged

6    material. Diaz has failed to note Heredia's use of the words "to the extent that," and

7    those are key. As Heredia continues to search for documents and supplement his

8    responses appropriately, as he has done <u>twice</u> now, he wants to account for the

9    possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

10   the request seeks privileged material, Heredia's objection covers that. It's not clear that

11   Diaz has discerned that construction. Thus, every single complaint that Heredia has

12   failed to produce a privilege log in conjunction with that objection should be

13   disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

14   stated.

15        Defendant Heredia produced all responsive documents of which he is aware in

16   his possession, custody, or control by reference to the Bates Nos. and the supplied PDF

17   file of Bates-stamped documents.

18        Heredia's response stands as stated. He will supplement it appropriately.

19   **REQUEST FOR PRODUCTION NO. 28:**

20        All COMMUNICATIONS between YOU and any PERSONS regarding the

21   repossession of the VEHICLE.

22   **Supplemental Response:**

23        Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

24   in that it is not limited as to time, and therefore its burden or expense outweighs its

25   likely benefit. Defendant further objects to this request as outside the scope permitted

26   by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the

27   importance of the issues at stake in the action, the amount in controversy, the parties'

28   relative access to relevant information, the parties' resources, the importance of the

1  discovery in resolving the issues, and whether the burden or expense of the proposed

2  discovery outweighs its likely benefit.

3        Defendant further objects to the extent that the request seeks documents

4  protected by the attorney-client privilege or the attorney work-product doctrine.

5  **Plaintiff's Argument for Compelled Further Response:**

6        This Request is clearly relevant and within the scope of this litigation. Heredia's

7  objections are frivolous and lack merit. Diaz alleges that he purchased a vehicle from

8  Heredia, who then illegally "repossessed" (i.e., stole) the vehicle and Diaz's property.

9  Diaz is entitled to information that relates to Heredia's purported purchase and/or lease

10  of the vehicle as well as any documents that relate to his sale and/or lease of the vehicle

11  to Diaz. Diaz alleges: "Heredia breached the parties' implied-in-fact contract. On or

12  about September 8, 2020, Heredia intentionally and maliciously had the vehicle

13  repossessed and took it back for himself, in violation of the parties' agreement that

14  Diaz could use the vehicle as his own and then would own the vehicle once he paid it

15  off." This Request supports Diaz's claims for, inter alia, breach of implied-in-fact

16  contract, conversion and quantum meruit. To the extent Heredia is withholding

17  documents based on privilege he must describe them in particularity in a privilege log

18  to enable Diaz to assess the applicability of the asserted "privilege or protection."

19  Heredia concludes his series of baseless of objections with the statement that he is "not

20  currently aware of whether any additionally potentially responsive documents are in

21  his custody or control." Heredia has an obligation to conduct a diligent search and to

22  become aware. Finally, referencing Bates Nos. used in another litigation not involving

23  Heredia is non-responsive. Heredia should be compelled to produce all documents in

24  his custody and control responsive to Diaz's document request No. 28.

25  **Defendant's Argument:**

26        Defendant Heredia provided all responsive documents in his possession,

27  custody, or control of which he was aware at the time of production, by reference to

28  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

1    similarly committed throughout the course of discovery to supplement his responses

2    appropriately, although his explicit commitment to this obligation is unnecessary as it

3    is imposed by operation of the rules.

4         It appears that Diaz may not have fully read Heredia's objections, despite having

5    duplicated them in his argument. Plaintiff's argument for compelling a further response

6    focuses only on the relevance of the discovery sought. However, Heredia did not object

7    on the basis of relevance. Heredia's objections center largely around the

8    *proportionality* of the request, "considering the importance of the issues at stake in the

9    action, the amount in controversy, the parties' relative access to relevant information,

10   the parties' resources, the importance of the discovery in resolving the issues, and

11   whether the burden or expense of the proposed discovery outweighs its likely benefit."

12   Heredia's objection further points out that Diaz "equally has access to the requested

13   information and thus can be obtained by Plaintiff from some other source that is more

14   convenient, less burdensome, or less expensive." Those objections are properly

15   interposed under the rules, and Plaintiff has not addressed them in his argument.

16        Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

17   arbitration record (of which Diaz has had possession since last summer), that is not the

18   case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

19   early responses as "**which has been provided in full in response to your Request for**

20   **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

21   produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

22   production, yet simultaneously argues that Heredia has not responded. Candidly,

23   Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

24   Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

25   Heredia's counsel also attached those documents, in an abundance of caution, to one

26   of the inquiring emails. Diaz's counsel refused to engage on the question, instead

27   asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

28   current process move forward. While Heredia's counsel believes that there is a good

1  chance that the current dispute is significantly smaller than presented or non-existent,

2  they are engaging in the process as required.

3        Further, Diaz participated in an arbitration that resolved many of the issues in

4  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

5  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

6  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

7  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

8  by numerous exhibits.

9        Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

10  responses. For example, Diaz argues that Heredia has failed to provide a privilege log

11  accompanying Heredia's objection to a request to the extent that it seeks privileged

12  material. Diaz has failed to note Heredia's use of the words "to the extent that," and

13  those are key. As Heredia continues to search for documents and supplement his

14  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

15  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

16  the request seeks privileged material, Heredia's objection covers that. It's not clear that

17  Diaz has discerned that construction. Thus, every single complaint that Heredia has

18  failed to produce a privilege log in conjunction with that objection should be

19  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

20  stated.

21        After a diligent search for documents in Defendant Heredia's possession,

22  custody or control, Heredia is currently unaware of any responsive documents.

23  **REQUEST FOR PRODUCTION NO. 29:**

24        All DOCUMENTS relating to any civil lawsuit filed against YOU in connection

25  with YOUR work in the last ten years.

26  **Supplemental Response:**

27        Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

28  in that is not relevant to any party's claim or defense, it is not proportional to the needs

of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the request seeks documents not protected by the attorney-client privilege or the attorney work-product doctrine, the requested documents are public record and thus equally available to Plaintiff.

Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil. Subject to the foregoing, except for documents relating to the instant case, Defendant is unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. This is a standard question in discovery that becomes especially relevant in cases involving fraud such as this one. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia concludes his series of baseless of objections with the statement that "Defendant is unaware of any documents responsive to this request." Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 29.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to

the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

1  current process move forward. While Heredia's counsel believes that there is a good
2  chance that the current dispute is significantly smaller than presented or non-existent,
3  they are engaging in the process as required.

4       Further, Diaz participated in an arbitration that resolved many of the issues in
5  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*
6  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*
7  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia
8  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported
9  by numerous exhibits.

10      Many of Diaz's stated arguments reflect a less than careful reading of Heredia's
11 responses. For example, Diaz argues that Heredia has failed to provide a privilege log
12 accompanying Heredia's objection to a request to the extent that it seeks privileged
13 material. Diaz has failed to note Heredia's use of the words "to the extent that," and
14 those are key. As Heredia continues to search for documents and supplement his
15 responses appropriately, as he has done <u>twice</u> now, he wants to account for the
16 possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>
17 the request seeks privileged material, Heredia's objection covers that. It's not clear that
18 Diaz has discerned that construction. Thus, every single complaint that Heredia has
19 failed to produce a privilege log in conjunction with that objection should be
20 disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has
21 stated.

22      After a diligent search for documents in Defendant Heredia's possession,
23 custody or control, Heredia is currently unaware of any responsive documents.

24 **REQUEST FOR PRODUCTION NO. 30:**

25      All DOCUMENTS relating to any criminal action involving YOU in the last ten
26 years.

27 **Supplemental Response:**

28      Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the request seeks documents not protected by the attorney-client privilege or the attorney work-product doctrine, the requested documents are public record and thus equally available to Plaintiff. Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil.

Subject to the foregoing, Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. This is a standard question in discovery that becomes especially relevant in cases involving fraud such as this one. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  Heredia concludes his series of baseless of objections with the statement that "Defendant is unaware of any documents responsive to this request." Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 30.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to

the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

1  current process move forward. While Heredia's counsel believes that there is a good

2  chance that the current dispute is significantly smaller than presented or non-existent,

3  they are engaging in the process as required.

4  Further, Diaz participated in an arbitration that resolved many of the issues in

5  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

6  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

7  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

8  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

9  by numerous exhibits.

10  Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

11  responses. For example, Diaz argues that Heredia has failed to provide a privilege log

12  accompanying Heredia's objection to a request to the extent that it seeks privileged

13  material. Diaz has failed to note Heredia's use of the words "to the extent that," and

14  those are key. As Heredia continues to search for documents and supplement his

15  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

16  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

17  the request seeks privileged material, Heredia's objection covers that. It's not clear that

18  Diaz has discerned that construction. Thus, every single complaint that Heredia has

19  failed to produce a privilege log in conjunction with that objection should be

20  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

21  stated.

22  After a diligent search for documents in Defendant Heredia's possession,

23  custody or control, Heredia is currently unaware of any responsive documents.

24  **REQUEST FOR PRODUCTION NO. 31:**

25  All DOCUMENTS relating to any insurance policies covering YOUR defense

26  relating to the LAWSUIT.

27  **Response:**

28  Defendant is currently unaware of any documents responsive to this request.

---

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

**Plaintiff's Argument for Compelled Further Response:**

Heredia's sole objection is that "Defendant is currently unaware of any documents responsive to this request" is without merit. It is well settled that insurance policies are discoverable in litigation. California statute expressly provides that insurance information is discoverable. Code Civ. Proc., § 2017.210 ("A party may obtain discovery of the existence and contents of any agreement under which any insurance carrier may be liable to satisfy in whole or in part a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.") Case law also supports discovery of defendant's insurance information, on the ground that insurance policies are directly relevant because they may assist in resolution of the case. *Laddon v. Superior Ct.* (1959) 167 Cal.App.2d 391, 395-396 ("plaintiff's 'discoverable interest' in defendant's liability insurance arises with the 'very pendency' of the action against the assured. The conclusion is inescapable that ... the insurance policy is relevant to the subject-matter...."). Moreover, Heredia has an obligation to conduct a diligent search and to become aware if there are documents responsive to this Request. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 31.

**Defendant's Argument:**

Diaz's attempt to compel further production here is a good example of Diaz's attempt to broaden this dispute unreasonably. Heredia has advised as straightforwardly as possible that he has been unable to identify any responsive documents. Further, Heredia's counsel has advised counsel of the same information as part of the Rule 26(f) report. Diaz's suggestion that Heredia is withholding documents in response to this request is based on a rote recitation of an "argument" supporting a manufactured discovery dispute, despite Heredia's two supplementations and attempts to narrow the discovery issues.

///

///

1  **REQUEST FOR PRODUCTION NO. 32:**

2  All DOCUMENTS relating to any insurance policies covering YOUR defense

3  against COMPLAINT.

4  **Response:**

5  Defendant is currently unaware of any documents responsive to this request.

6  **Plaintiff's Argument for Compelled Further Response:**

7  Heredia's sole objection is that "Defendant is currently unaware of any

8  documents responsive to this request" is without merit. It is well settled that insurance

9  policies are discoverable in litigation. California statute expressly provides that

10  insurance information is discoverable. Code Civ. Proc., § 2017.210 ("A party may

11  obtain discovery of the existence and contents of any agreement under which any

12  insurance carrier may be liable to satisfy in whole or in part a judgment that may be

13  entered in the action or to indemnify or reimburse for payments made to satisfy the

14  judgment.") Case law also supports discovery of defendant's insurance information,

15  on the ground that insurance policies are directly relevant because they may assist in

16  resolution of the case. *Laddon v. Superior Ct.* (1959) 167 Cal.App.2d 391, 395-396

17  ("plaintiff's 'discoverable interest' in defendant's liability insurance arises with the

18  'very pendency' of the action against the assured. The conclusion is inescapable that

19  ... the insurance policy is relevant to the subject-matter...."). Moreover, Heredia has an

20  obligation to conduct a diligent search and to become aware if there are documents

21  responsive to this Request. Heredia should be compelled to produce all documents in

22  his custody and control responsive to Diaz's document request No. 32.

23  **Defendant's Argument:**

24  Diaz's attempt to compel further production here is a good example of Diaz's

25  attempt to broaden this dispute unreasonably. Heredia has advised as

26  straightforwardly as possible that he has been unable to identify any responsive

27  documents. Further, Heredia's counsel has advised counsel of the same information

28  as part of the Rule 26(f) report. Diaz's suggestion that Heredia is withholding

documents in response to this request is based on a rote recitation of an "argument" supporting a manufactured discovery dispute, despite Heredia's two supplementations and attempts to narrow the discovery issues.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS provided to the COMMISSION in connection with the request for arbitration initiated by MOSES against DIAZ.

**Supplemental Response:**

Defendant objects to this request in that Plaintiff equally has access to the requested documents and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz is absolutely entitled to any documents that Heredia provided to the COMMISSION that relate to Diaz. Such documents are necessary for Diaz to prosecute his claim for fraud against Heredia.  Diaz has alleged that: "Heredia intentionally concealed and failed to disclose material facts to Diaz in connection with their relationship and Heredia's role as Diaz's manager." These material facts include, inter alia," that Heredia was not licensed as a manager by the California State Athletic Commission and that his failure to hold a license made him legally ineligible to manage Diaz." Diaz further alleges: "During a June 2021 arbitration involving Diaz and Moses Heredia, the California Athletic Commission expressly ruled that the 2012 Agreement was not a valid boxer-manager contract and "was invalid on its face" because it was not executed or approved by the Commission, in direct violation of the Commission's regulations." Therefore, documents responsive to this request are plainly relevant. Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any

1  additionally potentially responsive documents are in his custody or control." Heredia
2  has an obligation to conduct a diligent search and to become aware. Heredia should be
3  compelled to produce all documents in his custody and control responsive to Diaz's
4  document request No. 35.

5  **Defendant's Argument:**

6  As Heredia advised in his response, no such documents are in Defendant
7  Heredia's possession, custody, or control.  He was not a party to the Arbitration, did
8  not provide documents to the Commission, and he testified only as a witness.
9  However, the entirety of the documents provided to the Commission by both Plaintiff
10  Diaz and Moses Heredia were produced as part of Defendant Heredia's production in
11  regard to these RFPs *in toto* because those documents subsequently came under his
12  possession, custody, or control and are relevant to the instant litigation.

13  **REQUEST FOR PRODUCTION NO. 36:**

14  All DOCUMENTS which YOU intend to use as a basis or ground for any
15  defense in the LAWSUIT

16  **Supplemental Response:**

17  Defendant objects to this request to the extent it seeks documents protected by
18  the attorney-client privilege or the attorney work-product doctrine.

19  Subject to the foregoing, please see Bates Nos. 1-683.

20  **Plaintiff's Argument for Compelled Further Response:**

21  This Request is clearly relevant and within the scope of this litigation. Heredia's
22  objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS
23  Heredia intends to rely on for his defense. The fact that Heredia objected to this simple
24  discovery request demonstrates his bad faith and complete disregard for the discovery
25  process. Nothing could be more basic than a defendant having to produce documents
26  that support his defenses. To the extent Heredia is withholding documents based on
27  privilege he must describe them in particularity in a privilege log to enable Diaz to
28  assess the applicability of the asserted "privilege or protection."  Heredia concludes his

series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 36.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be

1  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has
2  stated.

3      Defendant Heredia produced all responsive documents of which he is aware in
4  his possession, custody, or control by reference to the Bates Nos. and the supplied PDF
5  file of Bates-stamped documents.

6      Heredia's response stands as stated. He will supplement it appropriately.

7  **REQUEST FOR PRODUCTION NO. 37:**

8      All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's
9  claims are barred, in whole or in part, by his failure to join a necessary party."

10 **Supplemental Response:**

11     Defendant objects to this request to the extent it seeks documents protected by
12 the attorney-client privilege or subject to the attorney work-product doctrine.
13 Defendant's investigation and discovery are ongoing, and he is currently not aware of
14 whether there are any potentially responsive documents withheld in response to this
15 request. Subject to the foregoing, Defendant directs Plaintiff to his First Amended
16 Complaint.

17 **Plaintiff's Argument for Compelled Further Response:**

18     This Request is clearly relevant and within the scope of this litigation. Heredia's
19 objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS
20 Heredia intends to rely on for his defense. The fact that Heredia objected to this simple
21 discovery request demonstrates his bad faith and complete disregard for the discovery
22 process. Nothing could be more basic than a defendant having to produce documents
23 that support his defenses. To the extent Heredia is withholding documents based on
24 privilege he must describe them in particularity in a privilege log to enable Diaz to
25 assess the applicability of the asserted "privilege or protection." Heredia concludes his
26 series of baseless of objections with the statement that he is "not currently aware of
27 whether any additionally potentially responsive documents are in his custody or
28 control." Heredia has an obligation to conduct a diligent search and to become aware.

1   Finally, referencing Diaz to his First Amended Complaint is non-responsive. Heredia
2   should be compelled to produce all documents in his custody and control responsive to
3   Diaz's document request No. 37.

4   **Defendant's Argument:**

5   Defendant Heredia provided all responsive documents in his possession,
6   custody, or control of which he was aware at the time of production, by reference to
7   the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has
8   similarly committed throughout the course of discovery to supplement his responses
9   appropriately, although his explicit commitment to this obligation is unnecessary as it
10   is imposed by operation of the rules.

11   It appears that Diaz may not have fully read Heredia's objections, despite having
12   duplicated them in his argument. Plaintiff's argument for compelling a further response
13   focuses only on the relevance of the discovery sought. However, Heredia did not object
14   on the basis of relevance. Heredia's objections center largely around the
15   *proportionality* of the request, "considering the importance of the issues at stake in the
16   action, the amount in controversy, the parties' relative access to relevant information,
17   the parties' resources, the importance of the discovery in resolving the issues, and
18   whether the burden or expense of the proposed discovery outweighs its likely benefit."
19   Heredia's objection further points out that Diaz "equally has access to the requested
20   information and thus can be obtained by Plaintiff from some other source that is more
21   convenient, less burdensome, or less expensive." Those objections are properly
22   interposed under the rules, and Plaintiff has not addressed them in his argument.

23   Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the
24   arbitration record (of which Diaz has had possession since last summer), that is not the
25   case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in
26   early responses as "**which has been provided in full in response to your Request for**
27   **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has
28   produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done twice now, he wants to account for the possibility that his search may uncover privileged documents. Thus, to the extent that the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in

1   his possession, custody, or control by reference to the Bates Nos. and the supplied PDF

2   file of Bates-stamped documents.

3       Heredia's response stands as stated. He will supplement it appropriately.

4   **REQUEST FOR PRODUCTION NO. 38:**

5       All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's

6   claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal

7   acts or omissions directed at Defendant."

8   **Supplemental Response:**

9       Defendant objects to this request to the extent it seeks documents protected by

10  the attorney-client privilege or subject to the attorney work-product doctrine.

11      Subject to the foregoing, please see Bates Nos. 1-683.

12  **Plaintiff's Argument for Compelled Further Response:**

13      All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's

14  claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal

15  acts or omissions directed at Defendant."

16      This Request is clearly relevant and within the scope of this litigation. Heredia's

17  objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS

18  Heredia intends to rely on for his defense. The fact that Heredia objected to this simple

19  discovery request demonstrates his bad faith and complete disregard for the discovery

20  process. Nothing could be more basic than a defendant having to produce documents

21  that support his defenses. To the extent Heredia is withholding documents based on

22  privilege he must describe them in particularity in a privilege log to enable Diaz to

23  assess the applicability of the asserted "privilege or protection."  Heredia concludes his

24  series of baseless of objections with the statement that he is "not currently aware of

25  whether any additionally potentially responsive documents are in his custody or

26  control." Heredia has an obligation to conduct a diligent search and to become aware.

27  Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-

28  ///

responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 38.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly,

Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

After a diligent search for documents in Defendant Heredia's possession, custody or control, Heredia is currently unaware of any responsive documents.

1  **REQUEST FOR PRODUCTION NO. 39:**

2       All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own

3  negligent acts and omissions solely caused the injuries and damages of which he

4  complains, and thus he cannot recover damages against Defendant."

5  **Supplemental Response:**

6       Defendant objects to this request to the extent it seeks documents protected by

7  the attorney-client privilege or subject to the attorney work-product doctrine.

8       Subject to the foregoing, please see Bates Nos. 1-683.

9  **Plaintiff's Argument for Compelled Further Response:**

10      All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's

11 own negligent acts and omissions solely caused the injuries and damages of which he

12 complains, and thus he cannot recover damages against Defendant."

13      This Request is clearly relevant and within the scope of this litigation. Heredia's

14 objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS

15 Heredia intends to rely on for his defense. The fact that Heredia objected to this simple

16 discovery request demonstrates his bad faith and complete disregard for the discovery

17 process. Nothing could be more basic than a defendant having to produce documents

18 that support his defenses. To the extent Heredia is withholding documents based on

19 privilege he must describe them in particularity in a privilege log to enable Diaz to

20 assess the applicability of the asserted "privilege or protection." Heredia concludes his

21 series of baseless of objections with the statement that he is "not currently aware of

22 whether any additionally potentially responsive documents are in his custody or

23 control." Heredia has an obligation to conduct a diligent search and to become aware.

24 Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-

25 responsive. Heredia should be compelled to produce all documents in his custody and

26 control responsive to Diaz's document request No. 39.

27 **Defendant's Argument:**

28      Defendant Heredia provided all responsive documents in his possession,

custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead

1   asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

2   current process move forward. While Heredia's counsel believes that there is a good

3   chance that the current dispute is significantly smaller than presented or non-existent,

4   they are engaging in the process as required.

5          Further, Diaz participated in an arbitration that resolved many of the issues in

6   this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

7   *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

8   *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

9   has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

10  by numerous exhibits.

11         Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

12  responses. For example, Diaz argues that Heredia has failed to provide a privilege log

13  accompanying Heredia's objection to a request to the extent that it seeks privileged

14  material. Diaz has failed to note Heredia's use of the words "to the extent that," and

15  those are key. As Heredia continues to search for documents and supplement his

16  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

17  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

18  the request seeks privileged material, Heredia's objection covers that. It's not clear that

19  Diaz has discerned that construction. Thus, every single complaint that Heredia has

20  failed to produce a privilege log in conjunction with that objection should be

21  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

22  stated.

23         Defendant Heredia produced all responsive documents of which he is aware in

24  his possession, custody, or control by reference to the Bates Nos. and the supplied PDF

25  file of Bates-stamped documents.

26         Heredia's response stands as stated. He will supplement it appropriately.

27  ///

28  ///

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**Supplemental Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support his defenses. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 40.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses ///

appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good
///

chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in his possession, custody, or control by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents.

Heredia's response stands as stated. He will supplement it appropriately.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**Supplemental Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support his defenses. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 41.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response

focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

*Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in his possession, custody, or control by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents.

Heredia's response stands as stated. He will supplement it appropriately.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

**Supplemental Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, Defendant directs Plaintiff to his Fed. R. Civ. P. 12(c) Motion and supporting exhibits.

///

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. Nothing could be more basic than a defendant having to produce documents that support his defenses. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Finally, referencing his Fed. R. Civ. P. 12(c) Motion and supporting exhibits is non-responsive. This Motion does not inform Diaz as to the DOCUMENTS Heredia will rely on to support its defenses in this litigation. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 42.

**Defendant's Argument:**

Here again, Diaz seems to argue that Heredia should supplement his response merely because Diaz does not like what Heredia says. Heredia's Rule 12(c) motion amply documents Heredia's argument that Diaz's claims are barred by the statute of limitations. This is another example of Diaz representing a complete answer as a discovery "dispute."

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

**Response:**

Defendant directs Plaintiff to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," all of which Plaintiff already has in his possession and which are equally available to Plaintiff. Defendant further directs Plaintiff to Defendant's Rule 12(c) motion.

///

**Plaintiff's Argument for Compelled Further Response:**

Heredia's objections are frivolous and lack merit. It is insufficient for Heredia to directs Diaz to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer."   Similarly, it is insufficient for Heredia to direct Diaz to "Defendant's Rule 12(c) motion." This does nothing to inform Diaz of the DOCUMENTS to which Heredia is relying for this affirmative defense.  Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 43.

**Defendant's Argument:**

Here again, Diaz seems to argue that Heredia should supplement his response merely because Diaz does not like what Heredia says. The arbitration record and Heredia's Rule 12(c) motion amply document Heredia's affirmative defense. This is another example of Diaz representing a complete answer as a discovery "dispute."

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding DIAZ.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 291-310 and 579-586.

1    Please also see other communications by Defendant regarding Diaz identified

2  throughout these Responses.

3  **Plaintiff's Argument for Compelled Further Response:**

4    This Request is clearly relevant and within the scope of this litigation. During

5  the parties meet and confer, Diaz agreed to limit this Request to all

6  COMMUNICATIONS within the last ten years. Diaz is certainly entitled to discover

7  COMMUNICATIONS between Heredia and other PERSONS that relate to Diaz,

8  Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to

9  name a few. This is especially the case where Heredia has been using this litigation as

10  a vindictive means of publishing information about Diaz in the press. Heredia's

11  objections are frivolous and lack merit. that Heredia was not a licensed manager. Diaz

12  is entitled to discovery of the requested documents. To the extent Heredia is

13  withholding documents based on privilege he must describe them in particularity in a

14  privilege log to enable Diaz to assess the applicability of the asserted "privilege or

15  protection."  Finally, referencing Bates Nos. used in another litigation not involving

16  Heredia is non-responsive. Remarkably, Heredia states: "***please see other***

17  ***communications by Defendant regarding Diaz identified throughout these***

18  ***Responses***." It is inexplicable how this is responsive to this Request.  Heredia should

19  be compelled to produce all documents in his custody and control responsive to Diaz's

20  document request No. 44.

21  **Defendant's Argument:**

22    Defendant Heredia provided all responsive documents in his possession,

23  custody, or control of which he was aware at the time of production, by reference to

24  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

25  similarly committed throughout the course of discovery to supplement his responses

26  appropriately, although his explicit commitment to this obligation is unnecessary as it

27  is imposed by operation of the rules.

28    It appears that Diaz may not have fully read Heredia's objections, despite having

duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

*In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in his possession, custody, or control by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents.

Heredia's response stands as stated. He will supplement it appropriately.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding the LAWSUIT.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the
parties' resources, the importance of the discovery in resolving the issues, and whether
the burden or expense of the proposed discovery outweighs its likely benefit.
Defendant further objects to the extent that the request seeks documents protected by
the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, Defendant directs Plaintiff to the record, decision, and
evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES
HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," all of which Plaintiff already
has in his possession and which are equally available to Plaintiff.

Defendant also directs Plaintiff to the documents identified in Defendant's Rule
26 disclosures.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. During
the parties meet and confer, Diaz agreed to limit this Request to all
COMMUNICATIONS within the last ten years. Diaz is certainly entitled to discover
COMMUNICATIONS between Heredia and other PERSONS that relate to Diaz,
Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to
name a few. This is especially the case where Heredia has been using this litigation as
a vindictive means of publishing information about Diaz in the press. Heredia's
objections are frivolous and lack merit. To the extent Heredia is withholding
documents based on privilege he must describe them in particularity in a privilege log
to enable Diaz to assess the applicability of the asserted "privilege or protection."
Heredia simply directs Diaz "to the record, decision, and evidence in "In the Matter of
the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and
JOSEPH DIAZ, JR., Boxer," and "to the documents identified in Defendant's Rule 26
disclosures."  These do not inform Diaz as to the DOCUMENTS Heredia will rely on
to support its defenses in this litigation.  Heredia should be compelled to produce all
documents in his custody and control responsive to Diaz's document request No. 45.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Further, Diaz seems to argue that Heredia should supplement his response merely because Diaz does not like what Heredia says. The arbitration record and Heredia's Rule 26 disclosures are amply responsive. This is another example of Diaz representing a complete answer as a discovery "dispute."

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 1-683.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. During the parties meet and confer, Diaz agreed to limit this Request to all COMMUNICATIONS within the last ten years. Diaz is certainly entitled to discover All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ. This is especially the case where Heredia has been using this litigation as a vindictive means of publishing information about Diaz in the press. Heredia's objections are frivolous and lack merit. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  Heredia has an obligation to conduct a diligent

search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 46.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

1    production, yet simultaneously argues that Heredia has not responded. Candidly,

2    Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

3    Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

4    Heredia's counsel also attached those documents, in an abundance of caution, to one

5    of the inquiring emails. Diaz's counsel refused to engage on the question, instead

6    asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

7    current process move forward. While Heredia's counsel believes that there is a good

8    chance that the current dispute is significantly smaller than presented or non-existent,

9    they are engaging in the process as required.

10        Further, Diaz participated in an arbitration that resolved many of the issues in

11   this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

12   *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

13   *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

14   has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

15   by numerous exhibits.

16        Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

17   responses. For example, Diaz argues that Heredia has failed to provide a privilege log

18   accompanying Heredia's objection to a request to the extent that it seeks privileged

19   material. Diaz has failed to note Heredia's use of the words "to the extent that," and

20   those are key. As Heredia continues to search for documents and supplement his

21   responses appropriately, as he has done <u>twice</u> now, he wants to account for the

22   possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

23   the request seeks privileged material, Heredia's objection covers that. It's not clear that

24   Diaz has discerned that construction. Thus, every single complaint that Heredia has

25   failed to produce a privilege log in conjunction with that objection should be

26   disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

27   stated.

28        Defendant Heredia produced all responsive documents of which he is aware in

1  his possession, custody, or control by reference to the Bates Nos. and the supplied PDF
2  file of Bates-stamped documents.

3      Heredia's response stands as stated. He will supplement it appropriately.

4  **REQUEST FOR PRODUCTION NO. 47:**

5      All DOCUMENTS, including COMMUNICATIONS, RELATING TO
6  information received by YOU from any PERSON regarding the LAWSUIT.

7  **Supplemental Response:**

8      Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)
9  in that it is not limited as to time or topic, and therefore its burden or expense outweighs
10  its likely benefit. Defendant further objects to this request in that it is not proportional
11  to the needs of the case considering the importance of the issues at stake in the action,
12  the amount in controversy, the parties' relative access to relevant information, the
13  parties' resources, the importance of the discovery in resolving the issues, and whether
14  the burden or expense of the proposed discovery outweighs its likely benefit.
15  Defendant further objects to the extent that the request seeks documents protected by
16  the attorney-client privilege or subject to the attorney work-product doctrine.

17      Subject to the foregoing, please see Bates Nos. 1-683.

18  **Plaintiff's Argument for Compelled Further Response:**

19      This Request is clearly relevant and within the scope of this litigation and needs
20  no further explanation. The fact that Heredia objected to this simple discovery request
21  demonstrates his bad faith and complete disregard for the discovery process. Heredia's
22  objections are frivolous and lack merit. To the extent Heredia is withholding
23  documents based on privilege he must describe them in particularity in a privilege log
24  to enable Diaz to assess the applicability of the asserted "privilege or protection."
25  Heredia has an obligation to conduct a diligent search and to become aware. Finally,
26  referencing Bates Nos. used in another litigation not involving Heredia is non-
27  responsive. Heredia should be compelled to produce all documents in his custody and
28  control responsive to Diaz's document request No. 47.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses appropriately, although his explicit commitment to this obligation is unnecessary as it is imposed by operation of the rules.

It appears that Diaz may not have fully read Heredia's objections, despite having duplicated them in his argument. Plaintiff's argument for compelling a further response focuses only on the relevance of the discovery sought. However, Heredia did not object on the basis of relevance. Heredia's objections center largely around the *proportionality* of the request, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Heredia's objection further points out that Diaz "equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive." Those objections are properly interposed under the rules, and Plaintiff has not addressed them in his argument.

Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the arbitration record (of which Diaz has had possession since last summer), that is not the case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in early responses as "**which has been provided in full in response to your Request for Production**" (emphasis added). Diaz's argument acknowledges that Heredia has produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in his possession, custody, or control by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents.

Heredia's response stands as stated. He will supplement it appropriately.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**Supplemental Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683.

Further, subject to the foregoing, please see the entire docket in this case.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation and needs no further explanation. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process. Heredia's objections are frivolous and lack merit. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. Remarkably, HBM states: "***please see the entire docket in this case***." It is inexplicable how the docket is responsive to this Request. Heredia should be compelled to produce

1  all documents in his custody and control responsive to Diaz's document request No.
2  48.

3  **Defendant's Argument:**

4      Defendant Heredia provided all responsive documents in his possession,
5  custody, or control of which he was aware at the time of production, by reference to
6  the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has
7  similarly committed throughout the course of discovery to supplement his responses
8  appropriately, although his explicit commitment to this obligation is unnecessary as it
9  is imposed by operation of the rules.

10      It appears that Diaz may not have fully read Heredia's objections, despite having
11  duplicated them in his argument. Plaintiff's argument for compelling a further response
12  focuses only on the relevance of the discovery sought. However, Heredia did not object
13  on the basis of relevance. Heredia's objections center largely around the
14  *proportionality* of the request, "considering the importance of the issues at stake in the
15  action, the amount in controversy, the parties' relative access to relevant information,
16  the parties' resources, the importance of the discovery in resolving the issues, and
17  whether the burden or expense of the proposed discovery outweighs its likely benefit."
18  Heredia's objection further points out that Diaz "equally has access to the requested
19  information and thus can be obtained by Plaintiff from some other source that is more
20  convenient, less burdensome, or less expensive." Those objections are properly
21  interposed under the rules, and Plaintiff has not addressed them in his argument.

22      Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the
23  arbitration record (of which Diaz has had possession since last summer), that is not the
24  case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in
25  early responses as "**which has been provided in full in response to your Request for**
26  **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has
27  produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for
28  production, yet simultaneously argues that Heredia has not responded. Candidly,

Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done <u>twice</u> now, he wants to account for the possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u> the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in his possession, custody, or control by reference to the Bates Nos. and the supplied PDF

1 │ file of Bates-stamped documents.

2 │     Heredia's response stands as stated. He will supplement it appropriately.

3 │ **REQUEST FOR PRODUCTION NO. 49:**

4 │     All DOCUMENTS, including COMMUNICATIONS, between YOU and any

5 │ PEROSN [*sic*] relating to the facts or issues raised in the COMPLAINT.

6 │ **Supplemental Response:**

7 │     Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

8 │ in that it is not limited as to time or topic, and therefore its burden or expense outweighs

9 │ its likely benefit. Defendant further objects to this request in that it is not proportional

10 │ to the needs of the case considering the importance of the issues at stake in the action,

11 │ the amount in controversy, the parties' relative access to relevant information, the

12 │ parties' resources, the importance of the discovery in resolving the issues, and whether

13 │ the burden or expense of the proposed discovery outweighs its likely benefit.

14 │ Defendant further objects to the extent that the request seeks documents protected by

15 │ the attorney-client privilege or subject to the attorney work-product doctrine.

16 │     Subject to the foregoing, please see Bates Nos. 291-310 and 579-586.

17 │     Please also see other communications by Defendant regarding Diaz identified

18 │ throughout these Responses.

19 │ **Plaintiff's Argument for Compelled Further Response:**

20 │     This Request is clearly relevant and within the scope of this litigation and needs

21 │ no further explanation. The fact that Heredia objected to this simple discovery request

22 │ demonstrates his bad faith and complete disregard for the discovery process. Heredia's

23 │ objections are frivolous and lack merit. To the extent Heredia is withholding

24 │ documents based on privilege he must describe them in particularity in a privilege log

25 │ to enable Diaz to assess the applicability of the asserted "privilege or protection."

26 │ Heredia has an obligation to conduct a diligent search and to become aware. Finally,

27 │ referencing Bates Nos. used in another litigation not involving Heredia is non-

28 │ responsive. Remarkably, Heredia states: "***please see other communications by***

1    ***Defendant regarding Diaz identified throughout these Responses***." It is inexplicable

2    how this is responsive to this Request.  Heredia should be compelled to produce all

3    documents in his custody and control responsive to Diaz's document request No. 49.

4    **Defendant's Argument:**

5        Defendant Heredia provided all responsive documents in his possession,

6    custody, or control of which he was aware at the time of production, by reference to

7    the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has

8    similarly committed throughout the course of discovery to supplement his responses

9    appropriately, although his explicit commitment to this obligation is unnecessary as it

10   is imposed by operation of the rules.

11       It appears that Diaz may not have fully read Heredia's objections, despite having

12   duplicated them in his argument. Plaintiff's argument for compelling a further response

13   focuses only on the relevance of the discovery sought. However, Heredia did not object

14   on the basis of relevance. Heredia's objections center largely around the

15   *proportionality* of the request, "considering the importance of the issues at stake in the

16   action, the amount in controversy, the parties' relative access to relevant information,

17   the parties' resources, the importance of the discovery in resolving the issues, and

18   whether the burden or expense of the proposed discovery outweighs its likely benefit."

19   Heredia's objection further points out that Diaz "equally has access to the requested

20   information and thus can be obtained by Plaintiff from some other source that is more

21   convenient, less burdensome, or less expensive." Those objections are properly

22   interposed under the rules, and Plaintiff has not addressed them in his argument.

23       Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

24   arbitration record (of which Diaz has had possession since last summer), that is not the

25   case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

26   early responses as "**which has been provided in full in response to your Request for**

27   **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

28   produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

production, yet simultaneously argues that Heredia has not responded. Candidly, Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages. Heredia's counsel also attached those documents, in an abundance of caution, to one of the inquiring emails. Diaz's counsel refused to engage on the question, instead asserting that Heredia's counsel was trying to "rewrite history" and insisting that the current process move forward. While Heredia's counsel believes that there is a good chance that the current dispute is significantly smaller than presented or non-existent, they are engaging in the process as required.

Further, Diaz participated in an arbitration that resolved many of the issues in this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported by numerous exhibits.

Many of Diaz's stated arguments reflect a less than careful reading of Heredia's responses. For example, Diaz argues that Heredia has failed to provide a privilege log accompanying Heredia's objection to a request to the extent that it seeks privileged material. Diaz has failed to note Heredia's use of the words "to the extent that," and those are key. As Heredia continues to search for documents and supplement his responses appropriately, as he has done twice now, he wants to account for the possibility that his search may uncover privileged documents. Thus, to the extent that the request seeks privileged material, Heredia's objection covers that. It's not clear that Diaz has discerned that construction. Thus, every single complaint that Heredia has failed to produce a privilege log in conjunction with that objection should be disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has stated.

Defendant Heredia produced all responsive documents of which he is aware in

his possession, custody, or control by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents.

Heredia's response stands as stated. He will supplement it appropriately.

Further, Heredia produced all responsive documents in his possession, custody, or control of which he was aware via the referenced Bates Nos. and the supplied PDF file of Bates-stamped documents.  Defendant Heredia believes referencing other responses is appropriate when, as here, portions of the response would be duplicative of other requests.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including COMMUNICATIONS, relating to the March 22, 2017 promotion-manager contract between DIAZ and Golden Boy.

**Supplemental Response:**

Defendant objects to this request to the extent it seeks documents not in his possession, custody, or control. Defendant further objects to this request as duplicative of Request Nos. 3, 15, and 16. Defendant further objects to the extent that it purports to require him to produce documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 191-193 and 196-203.

Further subject to the foregoing, Defendant continues to search for privileged communications and will supplement this response with a privilege log to the extent that any such privileged communications are identified.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation and needs no further explanation. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process. Heredia's objections are frivolous and lack merit. This Request is not duplicative of Request Nos. 3, 15, and 16. To the extent Heredia is withholding documents based on privilege he must describe them in particularity in a privilege log to enable Diaz to assess the

1  applicability of the asserted "privilege or protection."  Finally, referencing Bates Nos.

2  used in another litigation not involving Heredia is non-responsive. Heredia should be

3  compelled to produce all documents in his custody and control responsive to Diaz's

4  document request No. 50.

5  **Defendant's Argument:**

6  Heredia produced all responsive documents in his possession, custody, or

7  control of which he was aware via the referenced Bates Nos. and the supplied PDF file

8  of Bates-stamped documents.  Defendant Heredia believes referencing other responses

9  is appropriate when, as here, portions of the response would be duplicative of other

10  requests.

11  **REQUEST FOR PRODUCTION NO. 51:**

12  A copy of YOUR manager license(s) for the years 2012 through 2021.

13  **Supplemental Response:**

14  Defendant objects to this request as duplicative and therefore unduly

15  burdensome. Defendant further objects to this request in that it is not proportional to

16  the needs of the case considering the importance of the issues at stake in the action, the

17  amount in controversy, the parties' relative access to relevant information, the parties'

18  resources, the importance of the discovery in resolving the issues, and whether the

19  burden or expense of the proposed discovery outweighs its likely benefit.

20  Subject to the foregoing, please see Bates No. 677.

21  **Plaintiff's Argument for Compelled Further Response:**

22  This Request is clearly relevant and within the scope of this litigation and needs

23  no further explanation. The fact that Heredia objected to this simple discovery request

24  demonstrates his bad faith and complete disregard for the discovery process. Heredia's

25  objections are frivolous and lack merit. If Heredia has a license for the years 2012

26  through 2021, he must produce such licenses. These licenses are clearly not subject to

27  any "privilege or protection." Finally, referencing Bates Nos. used in another litigation

28  ///

not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 51.

**Defendant's Argument:**

Defendant Heredia produced all responsive documents in his possession, custody, or control of which he is aware via the referenced Bates Nos. and the supplied PDF file of Bates-stamped documents.

**REQUEST FOR PRODUCTION NO. 52:**

A copy of MOSES' manager license(s) for the years 2012 through 2021.

**Response:**

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation and needs no further explanation. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process. Heredia's objections are frivolous and lack merit. If Heredia has a copy of Moses' license for the years 2012 through 2021, he must produce such licenses. These licenses are clearly not subject to any "privilege or protection."  Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No. 52.

///

**Defendant's Argument:**

To the contrary, this request does require additional explanation. Diaz's argument seems to be that if a request can be expressed in a few words, e.g., "produce every document in the world," this it is "simple" and *ipso facto* cannot withstand objection. In any event, as argued above, Heredia's objections are legitimately asserted, and his response complete.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's First Set of Interrogatories and Requests for Admission served concurrently herewith.

**Supplemental Response:**

Defendant incorporates by reference his objections to Diaz' first set of interrogatories and requests for admission.

Subject to the foregoing, please see Bates Nos. 1-683.

Defendant further directs Plaintiff to Defendant's Rule 12(c) motion.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. This is, again, basic discovery. Heredia's objections are frivolous and lack merit. Heredia concludes his series of baseless of objections with the statement that he is "not currently aware of whether any additionally potentially responsive documents are in his custody or control." Heredia has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving Heredia is non-responsive. Heredia should be compelled to produce all documents in his custody and control responsive to Diaz's document request No.58.

**Defendant's Argument:**

Defendant Heredia provided all responsive documents in his possession, custody, or control of which he was aware at the time of production, by reference to the Bates Nos. and the supplied PDF file of Bates-stamped documents. Heredia has similarly committed throughout the course of discovery to supplement his responses

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

1  appropriately, although his explicit commitment to this obligation is unnecessary as it

2  is imposed by operation of the rules.

3          It appears that Diaz may not have fully read Heredia's objections, despite having

4  duplicated them in his argument. Plaintiff's argument for compelling a further response

5  focuses only on the relevance of the discovery sought. However, Heredia did not object

6  on the basis of relevance. Heredia's objections center largely around the

7  *proportionality* of the request, "considering the importance of the issues at stake in the

8  action, the amount in controversy, the parties' relative access to relevant information,

9  the parties' resources, the importance of the discovery in resolving the issues, and

10 whether the burden or expense of the proposed discovery outweighs its likely benefit."

11 Heredia's objection further points out that Diaz "equally has access to the requested

12 information and thus can be obtained by Plaintiff from some other source that is more

13 convenient, less burdensome, or less expensive." Those objections are properly

14 interposed under the rules, and Plaintiff has not addressed them in his argument.

15         Further, while Plaintiff's argument suggests that Heredia is directing Diaz to the

16 arbitration record (of which Diaz has had possession since last summer), that is not the

17 case. Heredia's response explicitly refers Diaz to certain Bates numbers, identified in

18 early responses as "**which has been provided in full in response to your Request for**

19 **Production**" (emphasis added). Diaz's argument acknowledges that Heredia has

20 produced 707 Bates-stamped pages in Heredia's responses to Diaz's requests for

21 production, yet simultaneously argues that Heredia has not responded. Candidly,

22 Heredia is confused. In an attempt to resolve the confusion, Heredia's counsel emailed

23 Diaz's counsel, inquiring whether they had received the 707 Bates-stamped pages.

24 Heredia's counsel also attached those documents, in an abundance of caution, to one

25 of the inquiring emails. Diaz's counsel refused to engage on the question, instead

26 asserting that Heredia's counsel was trying to "rewrite history" and insisting that the

27 current process move forward. While Heredia's counsel believes that there is a good

28 ///

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

1  chance that the current dispute is significantly smaller than presented or non-existent,

2  they are engaging in the process as required.

3          Further, Diaz participated in an arbitration that resolved many of the issues in

4  this matter, notwithstanding that Ralph Heredia was not a party to that arbitration. *See*

5  *In the Matter of the Arb. of Contract Dispute Between Moses Heredia, Manager, and*

6  *Joseph Diaz, Jr., Boxer, Cal. State Athl. Comm'n (July 9, 2021)*. Moreover, Heredia

7  has moved to dismiss Plaintiff's claims in a fully briefed Rule 12(c) motion supported

8  by numerous exhibits.

9          Many of Diaz's stated arguments reflect a less than careful reading of Heredia's

10  responses. For example, Diaz argues that Heredia has failed to provide a privilege log

11  accompanying Heredia's objection to a request to the extent that it seeks privileged

12  material. Diaz has failed to note Heredia's use of the words "to the extent that," and

13  those are key. As Heredia continues to search for documents and supplement his

14  responses appropriately, as he has done <u>twice</u> now, he wants to account for the

15  possibility that his search may uncover privileged documents. Thus, <u>to the extent that</u>

16  the request seeks privileged material, Heredia's objection covers that. It's not clear that

17  Diaz has discerned that construction. Thus, every single complaint that Heredia has

18  failed to produce a privilege log in conjunction with that objection should be

19  disregarded. Given those facts, Plaintiff's request is objectionable as Heredia has

20  stated.

21          Defendant Heredia produced all responsive documents of which he is aware in

22  his possession, custody, or control by reference to the Bates Nos. and the supplied PDF

23  file of Bates-stamped documents.

24          Heredia's response stands as stated. He will supplement it appropriately.

25  **III.    HEREDIA AND HIS COUNSEL SHOULD BE SANCTIONED FOR**

26          **THEIR FAILURE TO COMPLY WITH DISCOVERY**

27          **a.** Diaz's Argument

28  Sanctions should be imposed against Heredia for his failure to provide discovery

in this matter. According to the Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Diaz propounded interrogatories and requests for production which are directly relevant to this action. It is clear that all of the above objections offered by Heredia were not substantially justified. Heredia was allotted multiple extensions to provide complete response to Diaz's written discovery which resulted in wholly unsatisfactory responses and the production of *zero* documents. Heredia's lack of cooperation has rendered the discovery process unduly burdensome and unnecessarily expensive for Diaz and the Court.

As a result, Diaz has unnecessarily incurred attorney's fees and costs by engaging in futile efforts to meet and confer with Defendant's counsel and by filing this motion to compel. Heredia's willful and inexcusable disregard of his discovery obligations deserves the imposition of sanctions, as authorized in F.R.C.P. 37(a)(5). Diaz has incurred significant expense in attempting to informally resolve the discovery disputes giving rise to this motion with Heredia's counsel. Diaz's counsel has attended at least two meet and confer conferences, has drafted correspondence, and has spent significant time preparing their portions of this joint stipulation. (Simas Decl., ¶¶ 4-7.) In addition, Diaz expects to incur additional time drafting supplemental briefing on these discovery issues and appearing at the hearing on this motion. All told, Defendants expect to spend thirty (30) hours in connection with this discovery dispute totaling approximately $18,125.00 in attorneys' fees. (Simas Decl., ¶ 10.) In light of Heredia's refusal to comply with his discovery obligations, Heredia and his counsel should be ordered to pay the entirety of this sum to Diaz as sanctions under F.R.C.P. Rule 37.

**b. Defendant's Argument:**

Defendant Heredia produced 683 pages of Bates-stamped documents in response to the RFPs. Each RFP response, as supplemented, carefully referenced the responsive documents in the Bates-stamped document production file. Some requests

did not have any responsive documents.  Defendant Heredia is confused why Plaintiff Diaz is claiming that he never produced a single document, and further, is even more confused why he is learning of this allegation for the first time in this Joint Stipulation despite numerous communications between counsel for each party during this discovery dispute, which has been ongoing since December 2021.

If, for some unknown reason, those documents did not make it to Plaintiff Diaz, a simple email or phone call from Diaz' counsel to Heredia's counsel could have remedied the situation in a matter of moments at any time over the past two months. ***Defendant Heredia could not know that Plaintiff Diaz did not believe he received the responsive documents unless Plaintiff's counsel*** **actually communicated** *that belief prior to drafting this Joint Stipulation, where the allegation was communicated for the first time.*

Further, as discussed above, Defendant Heredia believes his objections were appropriate.  Nevertheless, Defendant Heredia has produced all responsive documents in his possession, custody, or control.

No sanctions are warranted against Defendant Heredia or his counsel over what appears to be, at best, a simple misunderstanding owing to a lack of communication from Plaintiff's counsel.  Further, no sanctions are warranted over Defendant Heredia's objections, which were proper and appropriate.

If anything, the Court should sanction Plaintiff and his counsel for the bringing of this petition, and the unduly burdensome wasting of time and expense by Defendant Heredia's counsel and the Court, in responding to matters raised for the first time herein, and that could have easily been remedied via a phone call or email.

## IV.    PROPOSED RESOLUTIONS DURING THE CONFERENCE OF COUNSEL

### a.  Diaz's Resolutions

At the mandatory meeting of counsel, as well as in the extensive meet and confer letter, counsel for Diaz requested that Heredia respond fully to the Interrogatories and

the RFPs.  Diaz's again explained to Heredia's counsel that this action is separate and distinct from the arbitration, that Heredia was not a party to that arbitration and that the claims in this action distinct from those raised during the arbitration.  As such, Diaz's counsel requested that documents be produced in this action by Heredia. Despite explaining how to resolve these disputes, the responses to the Interrogatories and the RFPs remain inadequate, and Heredia has yet to produce a single document in this action.

### b.  Defendant's Resolution

At the various mandatory meeting of counsel over the past months, Diaz' counsel did not inform Heredia's counsel of its claim, made for the first time in this Joint Stipulation, that zero documents were produced, and that they believe only references to Bates Nos. were produced.  Heredia's counsel learned of this allegation for the first time on February 1, 2022 upon receipt of this proposed Joint Stipulation.  Much of this discovery dispute could easily have been avoided if Diaz' counsel simply communicated this belief to Heredia's counsel.  Instead, Heredia's counsel is forced to spend hours and hours of time responding to scores of mistaken allegations of non-compliance.

Further, Defendant Heredia has produced all responsive documents in his possession, custody, or control of which he is aware as a result of his investigation.  At this point, subject to his objections, there is nothing else for him to produce, understanding that discovery is a continuing obligation and any subsequently-discovered responsive material will promptly be produced by further supplementation.

## V.   CONCLUSION

### a.  Diaz's Conclusion

Heredia has willfully obstructed discovery at every turn and, despite numerous agreements to supplement and produce, have simply ignored Diaz's repeated demands that he comply with his discovery obligations. Although Diaz directly addressed the numerous acts of bad faith discovery gamesmanship in prior meet and confers, Heredia

and his counsel have simply doubled down and repeated the very same misconduct in subsequent responses for the other defendant, Heredia Boxing Management defendants.[6] Heredia and his counsel has repeatedly demonstrated willful disregard for the procedures of this court and the law. Diaz respectfully requests that the Court issue an order:

(1) Requiring Heredia to (a) produce all responsive documents and information; and (b) provide supplemental responses to all discovery responses confirming full compliance and providing all responsive information to interrogatories (with proper verifications);

(2) Imposing significant sanctions against Heredia; and

(3) Imposing significant sanctions against Heredia's counsel.

### b.  Heredia's Conclusion

Defendant Heredia has participated in the discovery process in good faith and provided comprehensive responses to the RFP via supplementation.  He is not aware of any further responsive documents in his possession, custody, or control.  Any objections were appropriate.

Two of the interrogatory responses were brought to Defendant Heredia's attention for the first time in this Joint Petition, and those responses could easily have been supplemented in discussions between counsel prior to this Joint Petition.

As to the claims of Diaz's counsel in its footnote that a similar effort is underway with respect to Defendant Heredia Boxing Management ("HBM"), Heredia's counsel has advised Diaz's counsel that they have failed to comply with Local Rule 37-1 in that regard. Heredia's counsel can only speculate why Diaz's counsel would persist in its efforts absent that compliance but does not plan to join any such effort. Of course, ///

---

[6] To have these issues regarding Heredia's deficient discovery issues resolved as expeditiously as possible, Diaz will file a separate Joint Stipulation as to Heredia Boxing Management.

1 | HBM's counsel remains ready, willing, and able to engage in appropriate discovery
2 | dispute resolution between counsel.

3 | This bulk of this discovery dispute appears to be based on a simple lack of
4 | communication by Plaintiff's counsel and could easily have been remedied via a phone
5 | call or email.  Defendant Heredia has proceeded in good faith and sanctions against
6 | Defendant Heredia and his counsel are inappropriate.

7 |

8 | *Respectfully submitted*,

9 |

10 | Dated: February 11, 2022          **VGC, LLP**

11 |

12 | By:_____

13 | James L. Greeley
14 | Diyari Vázquez
 | Gina Simas
15 | Attorneys for Plaintiff,
 | JOSEPH DIAZ, JR.

16 |

17 | Dated: February 11,2022          **FEDERAL PRACTICE GROUP**

18 |

19 | By:_____

20 | Eric S. Montalvo
21 | Rajan O. Dhungana
 | Attorneys for Defendants,
22 | *Ralph Heredia and Heredia Boxing*
23 | *Management*

24 |
25 |
26 |
27 |
28 |

1                                     **<u>ATTESTATION</u>**

2        Pursuant to Local Rule 5-4.3.4(a)(2)(i), this signatory attests that the other

3 signatories listed, on whose behalf the filing is submitted, concur in this filing's content

4 and have authorized this filing.

5

6                                By:_____

7                                     Gina Simas

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

1

## **CERTIFICATE OF SERVICE**

2

3       I, Gina Simas, hereby certify that on   February 11, 2022   , I electronically filed

4   the foregoing with the Clerk of the Court using the CM/ECF system, which will send

5   notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice

6   List, and I hereby certify that I have mailed the foregoing document to the non-

7   CM/ECF participants indicated on the Manual Notice List.

8

9   Dated: February 11, 2022          By: _____

10                                          Gina Simas

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL