# EXHIBIT A

James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
  gsimas@vgcllp.com
Christian Anstett (SBN 240179)
  canstett@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | Case No. 5:20-cv-02332-JWH-KK |
| Plaintiff, | |
| v. | **PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT RALPH HEREDIA** |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| | Assigned to Hon. John W. Holcomb |
| Defendants. | |

PROPOUNDING PARTY:     PLAINTIFF JOSEPH DIAZ, JR.

RESPONDING PARTY:      DEFENDANT RALPH HEREDIA

SET NUMBER:            ONE


Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Joseph Diaz, Jr. requests that, within 30 days hereof, and in accordance with the Definitions and Instructions set forth below, Defendant Ralph Heredia produce for inspection and copying at the offices of VGC, LLP 1515, 7th Street, No. 106, Santa Monica, California 90401, any and all documents described below that are in Defendant's possession, custody, or control, including without limitation, those in possession, custody, or control of its agents, attorneys, or other representatives.

## **DEFINITIONS**

1.     "COMMUNICATION(S)" means and refers to any oral, written, or other contact between two or more persons by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, by such means as letters, memoranda, facsimiles, emails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, mobile applications (such as, for example, WhatsApp), or any other medium.

2.     "DOCUMENT(S)" are used in their broadest sense and shall mean (i) all "writings" (or drafts thereof) as defined in section 250 of the California Evidence Code; (ii) all items identified in Rule 34(a)(1) of the Federal Rules of Civil Procedure; (iii) any information stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, computer files, computer tapes (including

back up tapes), computer discs (including back up discs), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, or sketches; and (iv) data stored in a computer, data stored on the cloud, data stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized pictures and video (e.g., data stored in MPEG, JPEG and GIF formats), and digitized audio and voicemail. The term "DOCUMENT" or "DOCUMENTS" includes each original and non-duplicate copy of each such writing, and any prior iterations thereof..

3.    "DIAZ" means and refers to Plaintiff Joseph "JoJo" Diaz, Jr.

4.    "YOU" and "YOUR" means and refers to Defendant Ralph Heredia and any of his employees, agents, partners, representatives, accountants, advisors, and any other persons acting or purporting to act on his behalf.

5.    "GOLDEN BOY" means and refers to Golden Boy Promotions, including any of its directors, officers, employees, agents, brokers, managers, representatives, attorneys, accountants, consultants, and any parent, subsidiary, or affiliated entities that are or were in existence from 2017 to the present.

6.    "MOSES" means and refers to Moses Heredia.

7.    "VEHICLE" means and refers to the 2016 Lexus RC350 that YOU provided to DIAZ.

8.    "COMMISSION" means and refers to the California State Athletic Commission.

9.    "COMPLAINT" shall mean the First Amended Complaint filed by Diaz in this Action on August 17, 2021. (Dkt. 69.)

10.    "LAWSUIT" shall mean the above entitled action styled Joseph Diaz, Jr. v. Ralph Heredia., et al., Case No. 5:20-cv-02332-JWH-KK.

10.    "HBM" shall mean defendant Heredia Boxing Management, LLC, and shall include all predecessors and successors, any present or former employee, agent,

representative, affiliate, attorney, accountant, expert and/or any other PERSONS or entities acting or purporting to act on its behalf.

11.   "PERSON" shall mean any natural person, firm, association, organization, trust, public entity, partnership, business, corporation, limited liability company, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and/or other legal entity or organization separately identifiable, and any department(s) or division(s) thereof.

12.   The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category documents or information which would not otherwise be within its scope.

13.   The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each."

14.   The word "including" shall mean "including without limitation," so as to be most inclusive.

## INSTRUCTIONS

1.   If a document request is silent as to the time period for which information is sought, YOU should include all DOCUMENTS from January 1, 2012 until present.

2.   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, YOU are to produce all DOCUMENTS and things within the scope of the definitions set forth herein that are within YOUR possession, custody, or control as well as all DOCUMENTS and things within the possession, custody, or control of anyone acting on YOUR behalf including, but not limited to, YOUR agents, representatives, employees, officers, directors, and attorneys.

3.   These document requests embrace originals, identical copies if originals are unavailable, and non-identical copies (whether different from the originals

because of notes made on such copies or otherwise) of the DOCUMENTS described in these document requests.

4.     Answer each Request fully unless YOU object in good faith, in which event state the reasons for YOUR objection in detail. If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained within it, state YOUR objection to that portion only and respond with a statement of compliance, or a representation of inability to comply, with respect to the remainder of the Request, and identify with particularity any DOCUMENT or tangible thing falling within any category of item in the Request to which an objection is being made.

5.     Pursuant to Federal Rule of Civil Procedure 34, DOCUMENTS produced in response to these document requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the demand. DOCUMENTS attached to each other consisting of multiple pages must not be separated.

6.     DOCUMENTS are to be produced in their full and unredacted form; redacted DOCUMENTS shall not constitute compliance with these document requests, unless such DOCUMENTS are redacted pursuant to a claim of privilege, as set forth below.

7.     Any DOCUMENTS or things requested that cannot be produced in full should be produced to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief YOU have concerning the unproduced portion.

8.     If production of any requested DOCUMENT(S) is objected to on the grounds that production is unduly burdensome or the DOCUMENT(S) is not reasonably accessible as defined in Rule 26(b)(2) of the Federal Rules of Civil Procedure, describe in detail the burden or expense of producing the requested DOCUMENT(S), including but not limited to identification of the steps that would

be necessary to retrieve and produce the DOCUMENT(S) and a dollar estimate of the cost of performing those steps.

9.      Wherever used, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the terms "all" and "each" shall be construed as all and each.

10.     If YOU or YOUR counsel assert that any DOCUMENT or thing required to be produced is privileged or otherwise protected from discovery, please set forth in YOUR written response with respect to each DOCUMENT or thing for which a claim of privilege is made:

(a)     The place, approximate date, and manner of recording, creating, or otherwise preparing the DOCUMENT or thing;

(b)     The name and organizational position, if any, of each sender of the DOCUMENT or thing;

(c)     The name and organizational position, if any, of each recipient and/or custodian of the DOCUMENT or thing;

(d)     The name and organizational position, if any, of each PERSON (other than stenographic or clerical assistants) participating in the preparation or creation of the DOCUMENT or thing;

(e)     The name and organizational position, if any, of each PERSON to whom the contents of the DOCUMENT or thing or any portion thereof has been communicated by copy, exhibition, reading or summarization;

(f)     A statement of the basis on which privilege is claimed with respect to each DOCUMENT or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice;

(g)     The number of the Request to which the DOCUMENT or thing is responsive; and

(h)    The identity and organizational position, if any, of each PERSON supplying the author of YOUR response hereto with the information requested in subsections (a) through (g) above.

11.    If any DOCUMENT or any portion thereof responsive to any Request has been discarded, destroyed, or redacted in whole or in part, state:

(a)    The date of the discard, destruction, or redaction;

(b)    The reason for the discard, destruction, or redaction;

(c)    The PERSON who discarded, destroyed or redacted the DOCUMENT; and

(d)    If discarded or completely destroyed, the files where the DOCUMENT was maintained prior to its destruction.

12.    These Requests are continuing in nature. YOU must serve supplementary responses if YOU obtain new or different information up to and including to the time of hearing of this action.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All COMMUNICATIONS between YOU and DIAZ.

### REQUEST FOR PRODUCTION NO. 2:

All COMMUNICATIONS between YOU and MOSES regarding DIAZ.

### REQUEST FOR PRODUCTION NO. 3:

All COMMUNICATIONS between YOU and GOLDEN BOY regarding DIAZ.

### REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU and the COMMISSION regarding DIAZ.

### REQUEST FOR PRODUCTION NO. 5:

All COMMUNICATIONS between YOU and any PERSONS regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and the COMMISSION regarding YOUR maintenance of a boxing manager's license.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by YOU to the COMMISSION in connection with your attempts to obtain a boxing manger's license.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS provided by YOU to the COMMISSION regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 9:**

All manager agreements between YOU and DIAZ.

**REQUEST FOR PRODUCTION NO. 10:**

All manager agreements between YOU and any other boxer.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ.

**REQUEST FOR PRODUCTION NO. 12:**

All accounting records relating to YOUR management of DIAZ.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS reflecting any gifts provided to YOU by GOLDEN BOY relating to DIAZ.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting any benefits provided to YOU by GOLDEN BOY relating to DIAZ.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the purchase or lease of the VEHICLE.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ regarding the VEHICLE.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS reflecting or relating to any money DIAZ paid YOU for the VEHICLE.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS between YOU and any PERSONS regarding the repossession of the VEHICLE.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS relating to any civil lawsuit filed against YOU in connection with YOUR work in the last ten years.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS relating to any criminal action involving YOU in the last ten years.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS relating to  any insurance policies covering YOUR defense relating to the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS relating to  any insurance policies covering YOUR defense against COMPLAINT.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS relating to  any insurance policies covering HBM's defense relating to the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS relating to  any insurance policies covering HBM's defense against COMPLAINT.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS provided to the COMMISSION in connection with the request for arbitration initiated by MOSES against DIAZ.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PEROSN relating to the facts or issues raised in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including COMMUNICATIONS, relating to the March 22, 2017 promotion-manager contract between DIAZ and Golden Boy.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of YOUR manager license(s) for the years 2012 through 2021.

**REQUEST FOR PRODUCTION NO. 52:**

A copy of MOSES' manager license(s) for the years 2012 through 2021.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS reflecting or showing all employees for HBM.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS reflecting or relating to profit and loss statements for HBM
for the period January 2017 through the present.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

**REQUEST FOR PRODUCTION NO. 57:**

All Internal Revenue Service Form W-2s provided by HBM to YOU.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's
First Set of Interrogatories and Requests for Admission served concurrently herewith.


Dated:  October 18, 2021                          **VGC, LLP**

                                                   By: _Gina Simas_ _____

                                                   _____
                                                   James L. Greeley
                                                   Diyari Vázquez
                                                   Gina M. Simas
                                                   *Attorneys for Plaintiff*
                                                   JOSEPH DIAZ, JR.

## **PROOF OF SERVICE**

*Joseph Diaz, Jr. v. Ralph Heredia, et al.*.
CDCA Case No.: 5:20-cv-02332-JWH-KK

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1515 7th Street, No. 106, Santa Monica, California 90401.

On October 18, 2021, I served the document(s) described as follows:

**PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT RALPH HEREDIA**

on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope(s) addressed to the following addressee(s):

| | |
|---|---|
| Eric S. Montalvo | *Attorneys for Defendant* |
| Rajan O. Dhungana | Ralph Heredia |
| FEDERAL PRACTICE GROUP | |
| 14481 Aspen Street | |
| Hesperia, CA 92344 | |
| Telephone: (310) 795-6905 | |
| Email: emontalvo@fedpractice.com | |
| rdhungana@fedpractice.com | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on October 18, 2021, at Santa Monica, California.

_____
Daniel Schwarz

**EXHIBIT B**

James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
  gsimas@vgcllp.com
Christian Anstett (SBN 240179)
  canstett@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02332-JWH-KK<br><br>**PLAINTIFF JOSEPH DIAZ JR.'S FIRST SET OF INTERROGATORIES TO DEFENDANT RALPH HEREDIA**<br><br>Assigned to Hon. John W. Holcomb |

**PROPOUNDING PARTY:**     **PLAINTIFF JOSEPH DIAZ, JR.**

**RESPONDING PARTY:**      **DEFENDANT RALPH HEREDIA**

**SET NUMBER:**            **ONE**

 

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Joseph Diaz, Jr. requests that, within 30 days hereof, and in accordance with the Definitions and Instructions set forth below, Defendant Ralph Heredia respond under, oath, to the Interrogatories set forth below.

## DEFINITIONS

1.      "COMMUNICATION(S)" means and refers to any oral, written, or other contact between two or more persons by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, by such means as letters, memoranda, facsimiles, emails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, mobile applications (such as, for example, WhatsApp), or any other medium.

2.      "DOCUMENT(S)" are used in their broadest sense and shall mean (i) all "writings" (or drafts thereof) as defined in section 250 of the California Evidence Code; (ii) all items identified in Rule 34(a)(1) of the Federal Rules of Civil Procedure; (iii) any information stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, computer files, computer tapes (including back up tapes), computer discs (including back up discs), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, or sketches; and (iv) data stored in a computer, data stored on the cloud, data stored on

removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized pictures and video (e.g., data stored in MPEG, JPEG and GIF formats), and digitized audio and voicemail. The term "DOCUMENT" or "DOCUMENTS" includes each original and non-duplicate copy of each such writing, and any prior iterations thereof.

3.     "IDENTIFY" shall mean the following:

a.     with respect to a person, to provide his or her full name, present or last-known home and business address, telephone number, e-mail address, and a description of their knowledge regarding the subject matter of the Interrogatory.

b.     with respect to an entity, to provide the entity's name, state or country of incorporation or organization, present or last-known address, telephone number, e-mail address, and a description of their knowledge regarding the subject matter of the Interrogatory.

c.     with respect to a fact or facts, to state each fact and the evidentiary basis for that fact.

4.     "DIAZ" means and refers to Plaintiff Joseph "JoJo" Diaz, Jr.

5.     "YOU" and "YOUR" means and refers to Defendant Ralph Heredia and any of his employees, agents, partners, representatives, accountants, advisors, and any other persons acting or purporting to act on his behalf.

6.     "GOLDEN BOY" means and refers to Golden Boy Promotions, including any of its directors, officers, employees, agents, brokers, managers, representatives, attorneys, accountants, consultants, and any parent, subsidiary, or affiliated entities that are or were in existence from 2017 to the present.

7.     "MOSES" means and refers to Moses Heredia.

8.     "COMMISSION" means and refers to the California State Athletic Commission.

9.     "COMPLAINT" shall mean the First Amended Complaint filed by Diaz in this Action on August 17, 2021. (Dkt. 69.)

10.     "LAWSUIT" shall mean the above entitled action styled Joseph Diaz, Jr. v. Ralph Heredia., et al., Case No. 5:20-cv-02332-JWH-KK.

10.     "HBM" shall mean defendant Heredia Boxing Management, LLC, and shall include all predecessors and successors, any present or former employee, agent, representative, affiliate, attorney, accountant, expert and/or any other PERSONS or entities acting or purporting to act on its behalf.

11.     "PERSON" shall mean any natural person, firm, association, organization, trust, public entity, partnership, business, corporation, limited liability company, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and/or other legal entity or organization separately identifiable, and any department(s) or division(s) thereof.

12.     The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category documents or information which would not otherwise be within its scope.

13.     The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each."

14.     The word "including" shall mean "including without limitation," so as to be most inclusive.

## INSTRUCTIONS

1.     If YOU are unable to respond fully to any Interrogatory, respond to the extent possible and specify the reason for your inability to respond to the remainder.

2.     If YOU contend that a particular Interrogatory, definition, or instruction applicable thereto is ambiguous, such claim shall not provide a basis for refusing to answer. YOU are instructed to set forth the allegedly ambiguous language and the interpretation of that language that you have adopted in responding to the Interrogatory in question.

PLAINTIFF'S FIRST SET OF RFPs TO DEFENDANT RALPH HEREDIA

3.     Each Interrogatory herein should be construed independently. No Interrogatory should be construed by reference to any other Interrogatory for the purpose of limiting the scope of the answers to such Interrogatory.

4.     Wherever used, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the terms "all" and "each" shall be construed as all and each.

5.     If YOU or YOUR counsel assert that any DOCUMENT, COMMUNICATION or information required to be identified is privileged or otherwise protected from discovery, please set forth in YOUR written response with respect to the DOCUMENT, COMMUNICATION or information for which a claim of privilege is made:

(a)     The place, approximate date, and manner of recording, creating, or otherwise preparing the DOCUMENT, COMMUNICATION or information;

(b)     The name and organizational position, if any, of each sender of the DOCUMENT, COMMUNICATION or information;

(c)     The name and organizational position, if any, of each recipient and/or custodian of the DOCUMENT, COMMUNICATION or information;

(d)     The name and organizational position, if any, of each PERSON (other than stenographic or clerical assistants) participating in the preparation or creation of the DOCUMENT, COMMUNICATION or information;

(e)     The name and organizational position, if any, of each PERSON to whom the contents of the DOCUMENT, COMMUNICATION or information or any portion thereof has been communicated by copy, exhibition, reading or summarization;

(f)     A statement of the basis on which privilege is claimed with respect to each DOCUMENT, COMMUNICATION or information and whether or not its

contents are limited solely to legal advice or information provided for the purpose of securing legal advice;

(g)     The number of the Interrogatory to which the DOCUMENT, COMMUNICATION or information is responsive; and

(h)     The identity and organizational position, if any, of each PERSON supplying the author of YOUR response hereto with the information requested in subsections (a) through (g) above.

6.     These Interrogatories are continuing in nature. YOU must serve supplementary responses if YOU obtain new or different information up to and including to the time of hearing of this action.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY the lawyer that YOU hired to help with DIAZ'S business affairs.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all lawyers that provided any legal services to YOU or DIAZ relating to DIAZ.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all PERSONS for whom YOU serve as a boxing manager.

**SPECIAL INTERROGATORY NO. 4:**

If YOU have had a manager's license issued by the COMMISSION at any time since January 1, 2012, IDENTIFY the license number and dates the license was active.

**SPECIAL INTERROGATORY NO. 5:**

Describe all attempts YOU have made to obtain a manager's license from the COMMISSION.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY the amount of money YOU have earned in connection with serving as DIAZ'S manager.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY the amount of money HBM has earned in connection with any work relating to DIAZ.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all DOUCMENTS, including COMMUNICATIONS supporting the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**SPECIAL INTERROGATORY NO. 12:**

If YOUR response to any Request for Admission in DIAZ's concurrently served First Set of Requests for Admission is a denial or a qualified admission, state with as much detail as possible all facts, grounds, and reasons upon which YOU base YOUR denial or qualified admission to each such Request.


Dated:  October 18, 2021               **VGC, LLP**


By: _Gina Simas_

_____ `_____

‾    James L. Greeley
        Diyari Vázquez
        Gina M. Simas
        *Attorneys for Plaintiff*
        JOSEPH DIAZ, JR.

**PROOF OF SERVICE**

*Joseph Diaz, Jr. v. Ralph Heredia, et al..*
CDCA Case No.: 5:20-cv-02332-JWH-KK

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1515 7th Street, No. 106, Santa Monica, California 90401.

On October 18, 2021, I served the document(s) described as follows:

**PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF INTERROGATORIES TO DEFENDANT RALPH HEREDIA**

on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope(s) addressed to the following addressee(s):

Eric S. Montalvo                          *Attorneys for Defendant*
Rajan O. Dhungana                    Ralph Heredia
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
Email: emontalvo@fedpractice.com
          rdhungana@fedpractice.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused the document(s) to be sent to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on October 18, 2021, at Santa Monica, California.

_____
Daniel Schwarz

PLAINTIFF'S FIRST SET OF RFPs TO DEFENDANT RALPH HEREDIA

# EXHIBIT C

Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## (Eastern Division)

| | |
|---|---|
| JOSEPH DIAZ, JR., | Case No.: 5:20-cv-02332-JWH-KK |
| Plaintiffs, | |
| vs. | **DEFENDANT RALPH HEREDIA'S RESPONSES TO PLAINTIFF JOSEPH DIAZ, JR.,'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| RALPH HEREDIA, TRUE NAME RAFAEL HEREDIA TARANGO, A/K/A RAFAEL HEREDIA, A/K/A RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; AND JANE DOES 1 THROUGH 20, INCLUSIVE,, | ASSIGNED TO HON. JOHN W. HOLCOMB |
| Defendants. | |

## DEFENDANT RALPH HEREDIA'S RESPONSES TO PLAINTIFF JOSEPH DIAZ, JR.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Ralph Heredia, by and through undersigned counsel, hereby objects and responds to Plaintiff's First Request for Production of Documents ("Requests") as follows:

### Preliminary Statement

The following responses are provided based upon information available to Defendant at the time these responses are served.  Defendant has not completed his investigation and discovery.  Defendant reserves the right to use during litigation and up through trial any information developed through Defendant's investigation, discovery or trial preparation which was not known when these responses were served.  Defendant further reserves the right to supplement or amend his responses as appropriate.

### General Objections

The following general objections apply to Plaintiff's Requests as the specific phrasing and context of each Request may require.  They are in addition to, and do not supplant, any specific objection to an individual Request.

A.   Defendant objects to Plaintiff's Definitions to the extent Plaintiff intends or attempts to expand or alter the Federal Rules of Civil Procedure or Defendant's obligations thereunder.  By responding to Plaintiff's Requests,

Defendant does not adopt Plaintiff's Definitions and objects to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

B.   To the extent that a Request purports to require Defendant to respond on behalf of persons or entities other than himself, Defendant objects because such discovery requests are overly broad, unduly burdensome, and beyond the scope of permissible discovery.  Accordingly, Defendant construed these Requests to refer only to Defendant, and Defendant makes these responses solely on behalf of Defendant.

C.   To the extent that a Request seeks documents pertaining to issues or events not properly at issue herein or outside Plaintiff's stated allegations, Defendant objects because such discovery requests are overly broad, unduly burdensome, unreasonable as to time and scope, and seek information or documents that are neither relevant nor that appear reasonably calculated to lead to the discovery of admissible evidence.

D.   Defendant objects to each Request to the extent Plaintiff seeks documents protected by the attorney-client privilege, another privilege, the attorney work product doctrine, or that are otherwise confidential.

E.   Defendant objects to the extent that Plaintiff's Requests seek documents not currently in Defendant's possession, custody, or control.

F.      Defendant objects to Plaintiff's discovery requests as overly broad and seeking information or documents that are irrelevant and that do not appear reasonably calculated to lead to the discovery of admissible evidence, as it is not reasonable for Defendant to determine whether information or documents protected by the attorney-client privilege, another privilege, or the attorney work doctrine are being requested.  For the same reason, at this time and as phrased, it is not possible nor is it proper under the Federal Rules of Civil Procedure for Defendant to provide a specific description of the documents sought in those instances.

## **RESPONSES**

### **REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and DIAZ.

### **Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested documents and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. Defendant is not currently aware of whether any potentially responsive documents are in his custody or control and therefore is not aware whether any

potentially responsive documents are being withheld subject to this objection.

**REQUEST FOR PRODUCTION NO. 2:**

   All COMMUNICATIONS between YOU and MOSES regarding DIAZ.

**Response:**

  Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to the extent that this request seeks the production of communications unrelated to Plaintiff's allegations. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

   All COMMUNICATIONS between YOU and GOLDEN BOY regarding DIAZ.

**Response:**

  Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to the extent that

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

this request seeks the production of communications unrelated to Plaintiff's allegations. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU and the COMMISSION regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant's investigation and discovery are ongoing, and he is

currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between YOU and any PERSONS regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and the COMMISSION regarding YOUR maintenance of a boxing manager's license.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by YOU to the COMMISSION in connection with your attempts to obtain a boxing manger's license.

**Response:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS provided by YOU to the COMMISSION regarding DIAZ.

**Response:**

Defendant objects to this request as is unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 4. Defendant further objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

## REQUEST FOR PRODUCTION NO. 9:

All manager agreements between YOU and DIAZ.

## Response:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All manager agreements between YOU and any other boxer.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is unlimited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that Plaintiff's request for documents "relating to" any agreements between Defendant and Plaintiff is so overbroad as to render Plaintiff's request meaningless. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is

currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All accounting records relating to YOUR management of DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 2. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 2 and 13. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in

that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 3. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 3 and 15. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**Response:**

Defendant objects to this request to the extent that it seeks documents not in his possession, custody, or control. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**Response:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is unlimited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 18 and 19. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**Response:**

Defendant objects to this request to the extent that Plaintiff purports to require production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch

as the importance of the discovery in resolving the issues is nil. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS reflecting any gifts provided to YOU by GOLDEN BOY relating to DIAZ.

**Responses:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting any benefits provided to YOU by GOLDEN BOY relating to DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is so broad as to be incomprehensible and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the purchase or lease of the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ regarding the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

## REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS reflecting or relating to any money DIAZ paid YOU for the VEHICLE.

## Response:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS between YOU and any PERSONS regarding the repossession of the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

## REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS relating to any civil lawsuit filed against YOU in connection with YOUR work in the last ten years.

## Response:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that is not relevant to any party's claim or defense, it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the request seeks documents not protected by the attorney-client privilege or the attorney work-product doctrine, the requested documents are public record and thus equally available to Plaintiff.

Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS relating to any criminal action involving YOU in the last ten years.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the request seeks documents not protected by the attorney-client privilege or the attorney work-product doctrine, the requested documents are public record and thus equally available to Plaintiff. Defendant further objects to

this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS relating to any insurance policies covering YOUR defense relating to the LAWSUIT.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS relating to any insurance policies covering YOUR defense against COMPLAINT.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS relating to any insurance policies covering HBM's defense relating to the LAWSUIT.

**Response:**

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS relating to any insurance policies covering HBM's defense against COMPLAINT.

**Response:**

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS provided to the COMMISSION in connection with the request for arbitration initiated by MOSES against DIAZ.

**Response:**

Defendant objects to this request in that Plaintiff equally has access to the requested documents and thus can be obtained by Plaintiff from some other source

that is more convenient, less burdensome, or less expensive. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

## REQUEST FOR PRODUCTION NO. 36

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT

## Response:

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

## REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

## Response:

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware

of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware

of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

this request.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

**Response:**

Defendant directs Plaintiff to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," all of which Plaintiff already has in his possession and which are equally available to Plaintiff. Defendant further directs Plaintiff to Defendant's Rule 12(c) motion.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding the LAWSUIT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in

that it is not limited as to time or topic, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request in that it is

not proportional to the needs of the case considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Defendant further objects to the extent that the request

seeks documents protected by the attorney-client privilege or subject to the

attorney work-product doctrine. Defendant's investigation and discovery are

ongoing, and he is currently not aware of whether there are any potentially

responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO

information received by YOU from any PERSON regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in

that it is not limited as to time or topic, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request in that it is

not proportional to the needs of the case considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the

attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 49:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PEROSN [*sic*] relating to the facts or issues raised in the COMPLAINT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including COMMUNICATIONS, relating to the March 22, 2017 promotion-manager contract between DIAZ and Golden Boy.

**Responses:**

Defendant objects to this request to the extent it seeks documents not in his possession, custody, or control. Defendant further objects to this request as duplicative of Request Nos. 3, 15, and 16. Defendant further objects to the extent that it purports to require him to produce documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of YOUR manager license(s) for the years 2012 through 2021.

**Responses:**

Defendant objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

**REQUEST FOR PRODUCTION NO. 52:**

A copy of MOSES' manager license(s) for the years 2012 through 2021.

**Responses:**

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

**Responses:**

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS reflecting or showing all employees for HBM.

**Responses:**

Defendant objects to this request as seeking documents not in his possession,

custody, or control. To the extent the request seeks documents in the possession,

custody, or control of another entity, Plaintiff's request is more appropriately

directed to that entity. Defendant's investigation and discovery are ongoing, and he

is currently not aware of whether there are any potentially responsive documents

withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS reflecting or relating to profit and loss statements for

HBM for the period January 2017 through the present.

**Responses:**

Defendant objects to this request as seeking documents not in his possession,

custody, or control. To the extent the request seeks documents in the possession,

custody, or control of another entity, Plaintiff's request is more appropriately

directed to that entity. Defendant's investigation and discovery are ongoing, and he

is currently not aware of whether there are any potentially responsive documents

withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

**Responses:**

Defendant objects to this request as seeking documents not in his possession,

custody, or control. To the extent the request seeks documents in the possession,

custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

## REQUEST FOR PRODUCTION NO. 57:

All Internal Revenue Service Form W-2s provided by HBM to YOU.

## Responses:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

## REQUEST FOR PRODUCTION NO. 58:

All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's First Set of Interrogatories and Requests for Admission served concurrently herewith.

## Responses:

Defendant incorporates by reference his objections to Diaz' first set of interrogatories and requests for admission. Defendant's investigation and discovery

1    are ongoing, and he is currently not aware of whether there are any potentially

2    responsive documents withheld in response to this request.

3
4    Dated:  November 17, 2021

5    AS TO OBJECTIONS:

6

7

8    Rajan O. Dhungana, Esq.

9        *I hereby swear under penalties of perjury that the foregoing is true and*

10   *correct to the best of my knowledge, information, and belief.*

11

12

13   Defendant Ralph Heredia

14

15   Dated: November 17, 2021

16   Rajan O. Dhungana (SBN: 297794)
17   FEDERAL PRACTICE GROUP
18   14481 Aspen Street
     Hesperia, CA  92344
19   Telephone: (310) 795-6905
20   rdhungana@fedpractice.com

21   Eric S. Montalvo (Admitted Pro Hac Vice)
22   FEDERAL PRACTICE GROUP
     1750 K Street, N.W., Suite 900
23   Washington, D.C.  20006
24   Telephone: (202) 862-4360
     Fax: (888) 899-6053
25   emontalvo@fedpractice.com

26

27                        Attorneys for Defendant
28                        Ralph Heredia

                              -43-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2021, I served a copy of the foregoing Defendant Ralph Heredia's Responses to Plaintiff Joseph Diaz, Jr.'s First Requests for Production via email to the following counsel for Plaintiff:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
    gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296
Attorneys for Plaintiff
Joseph Diaz, Jr.

/s/ Rajan O. Dhungana
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

# EXHIBIT D

1   Rajan O. Dhungana (SBN: 297794)
      rdhungana@fedpractice.com
2   Eric S. Montalvo (*Pro Hac Vice*)
      emontalvo@fedpractice.com
3   FEDERAL PRACTICE GROUP
4   1750 K Street, NW, Suite 900
    Washington, DC 20006
5   Telephone: (202) 862-4360
6   Fax: (888) 899-6053
7   *Attorneys for Plaintiff*
8   Moses Heredia

9

10

11                UNITED STATES DISTRICT COURT

12

13              CENTRAL DISTRICT OF CALIFORNIA

14                     (Eastern Division)

15

16   JOSEPH DIAZ, JR.,                 Case No.: 5:20-cv-02332-JWH-KK

17              Plaintiffs,

18   vs.
                                       **DEFENDANT RALPH
19                                     HEREDIA'S ANSWERS TO
     RALPH HEREDIA, TRUE NAME          PLAINTIFF JOSEPH DIAZ,
20   RAFAEL HEREDIA TARANGO,           JR.,'S FIRST SET OF
     A/K/A RAFAEL HEREDIA, A/K/A       INTERROGATORIES**
21   RAFAEL BUSTAMANTE; JOHN DOE,
22   ESQ.; AND JANE DOES 1 THROUGH
     20, INCLUSIVE,,                   ASSIGNED TO HON. JOHN W. HOLCOMB
23
24              Defendants.

25

26

27

28

                    DEFENDANT HEREDIA'S ANSWERS TO PLAINTIFF'S
                              FIRST SET OF INTERROGATORIES

## DEFENDANT RALPH HEREDIA'S OBJECTIONS AND ANSWERS TO PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Ralph Heredia hereby objects to, answers, and otherwise responds to Plaintiff Joseph Diaz, Jr.'s first set of interrogatories as follows:

### Preliminary Statement

The following responses are provided based upon information available to Plaintiff at the time these responses are served. Plaintiff has not completed investigation and discovery. Plaintiff reserves the right to use during litigation and up through trial any information developed through Plaintiff's investigation, discovery and/or trial preparation which was not known when these answers were served. Plaintiff further reserves the right to supplement or amend these responses as appropriate.

### SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

IDENTIFY the lawyer that YOU hired to help with DIAZ'S business affairs.

### ANSWER:

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

-1-

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all lawyers that provided any legal services to YOU or DIAZ relating to DIAZ.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all PERSONS for whom YOU serve as a boxing manager.

**ANSWER:**

None.

DEFENDANT HEREDIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

## SPECIAL INTERROGATORY NO. 4:

If YOU have had a manager's license issued by the COMMISSION at any time since January 1, 2012, IDENTIFY the license number and dates the license was active.

## ANSWER:

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

## SPECIAL INTERROGATORY NO. 5:

Describe all attempts YOU have made to obtain a manager's license from the COMMISSION.

## ANSWER:

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

DEFENDANT HEREDIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY the amount of money YOU have earned in connection with serving as DIAZ'S manager.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY the amount of money HBM has earned in connection with any work relating to DIAZ.

**ANSWER:**

Defendant objects to this interrogatory in that it is directed to another entity and thus the information is equally available to Plaintiff.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the

DEFENDANT HEREDIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS, including COMMUNICATIONS supporting the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus

DEFENDANT HEREDIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**SPECIAL INTERROGATORY NO. 12:**

If YOUR response to any Request for Admission in DIAZ's concurrently served First Set of Requests for Admission is a denial or a qualified admission, state with as much detail as possible all facts, grounds, and reasons upon which YOU base YOUR denial or qualified admission to each such Request.

**ANSWER:**

Defendant objects to this interrogatory as applicable to the particular RFA response in question in that it is outside the scope permitted by Rule 26(b)(1) given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the interrogatory seeks information not protected by the attorney-client privilege or the attorney work-product doctrine, the requested information is public record and thus equally available to Plaintiff. Defendant further objects as the burden or expense of the proposed discovery outweighs its

DEFENDANT HEREDIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1  likely benefit. Defendant further objects in that Plaintiff equally has access to the

2  requested information and thus can be obtained by Plaintiff from some other

3

4  source that is more convenient, less burdensome, or less expensive.

5  Dated:  November 17, 2021

6  AS TO OBJECTIONS:

7

8

9  Rajan O. Dhungana, Esq.

10  *I hereby swear under penalties of perjury that the foregoing is true and*

11  *correct to the best of my knowledge, information, and belief.*

12

13

14

15

16  Defendant Ralph Heredia

17  Dated: November 17, 2021

18

19          Rajan O. Dhungana (SBN: 297794)
        FEDERAL PRACTICE GROUP

20          14481 Aspen Street, Hesperia, CA  92344
        Telephone: (310) 795-6905

21          rdhungana@fedpractice.com

22

23          Eric S. Montalvo (Admitted *Pro Hac Vice*)
        FEDERAL PRACTICE GROUP

24          1750 K Street, N.W., Suite 900,

25          Washington, D.C.  20006
        Telephone: (202) 862-4360

26          emontalvo@fedpractice.com

27

28          *Attorneys for Defendant*
        Ralph Heredia

-9-
DEFENDANT HEREDIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on November 17, 2021, I served a copy of the foregoing
Defendant Ralph Heredia's Answers to Plaintiff Joseph Diaz, Jr.'s First Set of

4        Interrogatories via email to the following counsel for Plaintiff:

5    James L. Greeley (SBN 218975)
6    jgreeley@vgcllp.com
     Diyari Vázquez (SBN 222461)
7    dvazquez@vgcllp.com
8    Gina M. Simas (SBN 205367)
        gsimas@vgcllp.com
9    VGC, LLP
10   1515 7th Street, No. 106
     Santa Monica, California 90401
11   Telephone: (424) 256-8296
12   Attorneys for Plaintiff
13   Joseph Diaz, Jr.

14

15

16                        Rajan O. Dhungana (SBN: 297794)
                          FEDERAL PRACTICE GROUP
17                        14481 Aspen Street, Hesperia, CA  92344
18                        Telephone: (310) 795-6905
                          rdhungana@fedpractice.com
19

20                        *Attorneys for Defendant*
                          Ralph Heredia
21

22

23

24

25

26

27

28