# EXHIBIT E

# V GC LLP

NEW YORK | LOS ANGELES | SAN FRANCISCO

GINA M. SIMAS | GSIMAS@VGCLLP.COM | T: 310-991-1406

November 23, 2021

Eric Montalvo
emontalvo@fedpractice.com
The Federal Practice Group
1750 K. Street, NW, Suite 900
Washington, D.C. 20006

**VIA ELECTRONIC MAIL AND CERTIFIED MAIL**

Re:     **Diaz v. Heredia, Case No. 5:20-cv-02332-JWH-KKx**

Dear Eric:

On behalf of Joseph Diaz, Jr. ("Diaz"), this letter is sent to initiate the meet-and-confer process regarding the written responses served via email on November 16, 2021 and November 17, 2021 by defendant Ralph Heredia ("Heredia") to the first set of discovery propounded by Plaintiff. This is a good faith attempt to resolve the discovery issues set forth herein.

To begin, we are incredibly disappointed to see that the vast majority of the responses are incomplete or entirely non-responsive. In response to 58 Requests for Production, all of which are clearly relevant, Heredia has failed to produce a single document. The discovery requests are relevant and proper; it appears that most of Heredia's objections are frivolous and merely asserted in an effort not to cooperate in discovery and to "buy time." Such wholly deficient responses are clearly sanctionable. If our disputes are not resolved, Diaz will seek Court intervention and move for sanctions in the amount necessary to recover all costs related to Diaz's efforts to compel his clearly relevant discovery.

In response to ten Interrogatories and thirty-seven Requests for Production ("RFP"), Heredia improperly objects that such requests are "outside the scope permitted by Rule26(b)(1) "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted). "[B]oilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 2

not relevant, are improper. Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" <u>A. Farber & Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Because Heredia has provided no basis or indication as to why any of his objections should be given weight, his objections cannot and will not be sustained. Simply put, Heredia comes nowhere close to meeting his burden of clarifying, explaining, and supporting his objections. <u>United States v. McGraw-Hill Cos</u>.., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) (citations and internal quotation marks omitted); <u>see also</u> <u>DIRECTV, Inc. v. Trone</u>, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (stating that "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

If Heredia does not supplement his discovery responses, sanctions can and should be imposed against Heredia for his failure to provide adequate discovery responses in this matter. According to the Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Diaz propounded Interrogatories and Requests for Production which are directly relevant to Diaz's claims. As detailed below, none of Heredia's objections are substantially justified.

## I.   <u>Responses to Special Interrogatories, Set One</u>

Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Rule 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(4). A propounding party may move for an order compelling an answer to an interrogatory if "a party fails to answer an interrogatory submitted under Rule 33." Rule 37(a)(3)(B)(iii).

### A.   Special Interrogatories No. 1 and No. 2

<u>SPECIAL INTERROGATORY NO. 1:</u>

   IDENTIFY the lawyer that YOU hired to help with DIAZ'S business affairs.

<u>SPECIAL INTERROGATORY NO. 2:</u>

   IDENTIFY all lawyers that provided any legal services to YOU or DIAZ relating to DIAZ.

OBJECTIONS:
Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 3

First, these Requests are clearly within the scope of discovery and seeks relevant information. These Special Interrogatories go to the crux of allegations alleged in Paragraphs 58-60 of the First Amended Complaint ("FAC"). Specifically, Diaz alleges:

> 58. Furthermore, despite the fact that the 2017 Agreement calls for an 18% fee, Diaz eventually realized that Heredia was actually taking a 20% fee (even though Diaz had expressly rejected the 20% fee). When Diaz confronted Heredia about the extra 2%, ***Heredia responded that this was the fee for "Diaz's lawyer" who Heredia had retained on Diaz's behalf to help with his affairs. 59. But Diaz never agreed to any lawyer. The truth is, the extra 2% was used to pay for Heredia's lawyer, not "Diaz's lawyer." This lawyer is Defendant John Doe, Esq. Diaz does not know the identity of John Doe, Esq. Diaz never signed a retainer agreement with John Doe, Esq.*** He does not recall seeing any correspondence from John Doe, Esq. He believes he may have met John Doe, Esq. once, but does not recall having any conversation with him about any legal matter or issue. John Doe, Esq. was hired by Heredia for the benefit of Heredia. Diaz never agreed to hire John Doe, Esq. or to be represented by John Doe, Esq., who in turn necessarily violated the rules of professional conduct and the law to the extent he purported to represent Diaz without his knowledge or consent, and without an engagement agreement.

> 60. ***At a minimum, Heredia stole the extra 2% manager's fee from Diaz. John Doe, Esq. was directly aware of and participated in this scheme to steal the 2% from Diaz***.

These allegations constitute, in part, Diaz's claims for, *inter alia,* fraud, conversion and quantum meruit. Any assertion that these Requests are irrelevant is baseless and without merit.

Second, these Interrogatories do not seek information subject to the attorney-client privilege. "Under the attorney-client privilege, confidential communications made by a client to an attorney to obtain legal services are protected from disclosure." Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992). The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients by assuring clients that their disclosures will be held in confidence." Am. Standard Inc. v. Pfizer Inc., 828 F.2d 734, 745 (Fed. Cir. 1987) (citing Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 682 (1981)); see Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577 (1976) ("Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged."). However, "[b]ecause it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002) (internal quotation marks and citation omitted). The privilege is limited to "only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." Fisher, 425 U.S. at 403, 96 S.Ct. at 1577. It is not intended to create an automatic "cloak of protection ... draped around all occurrences and conversations which have any bearing, direct or indirect, upon the relationship of the attorney with his client." United States v. Goldfarb, 328 F.2d 280, 281-82 (6th Cir.), cert. denied, 377 U.S. 976, 84 S.Ct. 1883 (1964).

The attorney-client privilege consists of eight essential elements: "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 4

relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." In re Fischel, 557 F.2d 209, 211 (9th Cir. 1977) (formatting and citation omitted); accord In re Grand Jury Investigation, 974 F.2d 1068, 1071 n. 2 (9th Cir. 1992); Green v. Baca, 226 F.R.D. 624, 650 (C.D. Cal.), order clarified by 2005 WL 283361 (C.D. Cal. 2005). The party asserting the "attorney-client privilege has the burden of establishing all of the elements of the privilege." United States v. Munoz, 233 F.3d 1117, 1128 (9th Cir. 2000); In re Fischel, 557 F.2d at 212 ("The claimant of the privilege, of course, must bear the burden of proving that he is entitled to this protection."). The party must "make a particular assertion with respect to each specific category of requested information to which he claimed the privilege applied." United States v. Abrahams, 905 F.2d 1276, 1283 (9th Cir. 1990), overruled on other grounds, United States v. Jose, 131 F.3d 1325 (9th Cir. 1997).

Here, identifying the attorneys who provided legal services or handled Diaz's business affairs involves no rendering of "legal advice" and does not relate to "communications" made in confidence—especially when, as here, the attorney was purportedly retained to represent Diaz's interests and, thus, the privilege belongs to Diaz and not Heredia. What is more, the identities of lawyers, clients or billing arrangements are ordinarily not protected by the attorney-client privilege. See Reiserer v. United States, 479 F.3d 1160, 1165 (9th Cir. 2007) ("The attorney-client privilege ordinarily protects neither a client's identity nor information regarding the fee arrangements reached with that client.") (internal quotation marks, brackets and citation omitted); In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 247-48 (2d Cir.) (en banc), cert. denied, 475 U.S. 1108, 106 S.Ct. 1515 (1986) ("We consistently have held that, absent special circumstances, client identity and fee information are not privileged.... While consultation with an attorney, and payment of a fee, may be necessary to obtain legal advice, their disclosure does not inhibit the ordinary communication necessary for an attorney to act effectively, justly, and expeditiously.").

We therefore request that Heredia supplement these responses.

       **B.**    **Special Interrogatory Nos. 4 and 5**

**SPECIAL INTERROGATORY NO. 4:**
       If YOU have had a manager's license issued by the COMMISSION at any time since January 1, 2012, IDENTIFY the license number and dates the license was active.
**SPECIAL INTERROGATORY NO. 5:**
       Describe all attempts YOU have made to obtain a manager's license from the COMMISSION.

**OBJECTIONS:**
Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 5

Regarding Interrogatory No. 5, Heredia also objects "to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine."

These Interrogatories are plainly relevant to this action wherein Diaz contends that Heredia misrepresented to Diaz that he was a licensed manager. Specifically, Diaz alleges"[t]hat Heredia was not licensed as a manager by the California State Athletic Commission and that his failure to hold a license made him legally ineligible to manage Diaz." These Interrogatories are directly relevant to Diaz's claim for, *inter alia*, fraud. Diaz is not seeking any attorney-client privileged or work-product information and any contention that these Interrogatories seek this type of information is without merit. Heredia's boilerplate objections are clearly designed to obstruct the discovery process. We hereby demand that Heredia supplement his response to these Interrogatories.

### C.   Special Interrogatory Nos. 6

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**OBJECTIONS:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

These Interrogatories are plainly relevant to this action wherein Diaz alleges that Heredia "negotiated what few, paltry sponsorship opportunities Diaz entered (and caused Diaz to miss out on the many he did not)." Diaz further alleges that "fighters with worse qualifications than Diaz were getting better matches, greater purses, and more sponsorship opportunities." The Interrogatory goes toward supporting these allegations.  Diaz is not seeking any attorney-client privileged or work-product information. Heredia's objections are frivolous and without merit. We hereby demand that Heredia supplement these Interrogatories.

### D.   Special Interrogatory Nos. 7 and 8

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY the amount of money YOU have earned in connection with serving as DIAZ'S manager.

**SPECIAL INTERROGATORY NO. 8**:

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 6

**OBJECTIONS:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

These Interrogatories are plainly relevant to this action wherein Diaz alleges, inter alia, fraud, violation of the Ali Act, accounting and breach of fiduciary duty claims against Heredia. Diaz specifically alleges: "Heredia also repeatedly stole from Diaz—both money and personal property." Diaz further alleges:

> Defendants converted whatever portion they received of the manager's fee under the 2017 Agreement from Diaz. Heredia, HBM and John Doe, Esq. were not parties to the 2017 Agreement. They were not entitled to any of Diaz's money under the 2017 Agreement. This is a knowable amount, which will be established at trial.

Heredia's contention that the amount of money Heredia earned in connection to Diaz is "outside the scope" has zero merit. These Interrogatories directly support Diaz's claims. They in no way implicate attorney-client privileged or work-product information. Heredia's objections are disingenuous and frivolous. We hereby demand that Heredia supplement these Interrogatories.

### E. Special Interrogatory Nos. 9, 10 and 11

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all DOUCMENTS, including COMMUNICATIONS supporting the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**SPECIAL INTERROGATORY NO. 11:**

If YOUR response to any Request for Admission in DIAZ's concurrently served First Set of Requests for Admission is a denial or a qualified admission, state with as much detail as possible all facts, grounds, and reasons upon which YOU base YOUR denial or qualified admission to each such Request.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 7

**OBJECTIONS:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

Diaz is plainly entitled to facts, DOCUMENTS and COMMUNICATIONS regarding Heredia's affirmative defenses. Similarly, having denied ALL Requests for Admissions, Diaz is entitled to Heredia's reasons for such denials  These Interrogatories are plainly relevant and your obfuscation is unjustifiable and impermissible. .

In sum, Heredia's complete failure to respond to these Interrogatories is sanctionable. Judge Holcomb will not tolerate such gamesmanship and neither will we. Please have Heredia provide a full and complete response to these Interrogatories no later than **December 3, 2021**.

## II.     Responses to Requests for Production, Set One

Under Rule 34(a)(1), the party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C).

Here, in response to 58 individual RFPs, Heredia failed to produce any documents, instead simply asserting frivolous objections in response to every individual request. To the extent Heredia objects based on "outside the scope" in a boilerplate, conclusory manner, those objections are improper. F.T.C. v. AMG Servs., Inc., 291 F.R.D. 544, 553 (D. Nev. 2013) (stating that the objecting party must "specifically detail the reasons why each request is irrelevant and may not rely on boilerplate, generalized, conclusory" arguments). Where "the responding party provides a boilerplate or generalized objection, said 'objections are inadequate and tantamount to not making any objection at all.' " Bess v. Cate, No. 07cv1989-JAM-JFM, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008) (quoting Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); A. Farber & Ptnrs., Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper"). Notably, the party opposing the motion to compel has the "burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). The law makes clear that Heredia's boilerplate objections are improper. Heredia cannot and will not meet his burden of showing that Diaz's discovery should be prohibited. Absent Heredia supplementing his responses, Diaz can and will seek sanctions.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 8

For the sake of efficiency, Diaz summarizes his response to Heredia's boilerplate objections as follows:

## A.     Heredia's Frivolous Objections

1.     Overbroad, Vague, and Ambiguous:

Mere recitation of the familiar litany that a discovery request is overly broad, burdensome, oppressive, and irrelevant will not suffice. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996). These types of boilerplate objections are routinely rejected by federal courts. McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding objections to document requests on the grounds that they were overly broad, burdensome and oppressive were insufficient; St. Paul Reins. Co., Ltd. v. Commercial Fin.Corp., 198 F.R.D. 508, 512 (N.D. Iowa 200) (stating that boilerplate objections were "[i]n every respect...text-book examples of what federal courts have routinely deemed to be improper objections.")

Here, Heredia repeatedly recites the same objections, "outside the scope" and "burdensome" which has merely resulted in wasting time by causing Diaz to prepare this meet and confer letter. Such obfuscation further delays Diaz from discovering plainly relevant information, and obstructs Diaz's efforts to comply with the Court's order to move forward expeditiously. These kind of bad faith tactics warrant sanctions.

2.     Relevancy:

Under Fed. R. Civ. Pro., R. 26(b)(1) discovery is permitted of "any non-privileged matter that is relevant to any party's claim or defense." As a general matter, Rule 26(b) is to be "liberally interpreted to permit wide-ranging discovery of information," even if that information is not ultimately admitted at trial. Comcast of Los Angeles, Inc. v. Top End Int'l, Inc. 2003 U.S. Dist. LEXIS 18640, *6 (C.D. Cal. 2003). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence." Survivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir.2005) (citation omitted); see also A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Here, Heredia's responses make no sense, are not applicable to the Request, or are simply thrown in for no reason. It is clear that Heredia is doing nothing more than playing games, stalling, and chicanery when faced with the clear reality that he has been caught doing wrong with no way out.

The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). "It is not up to defendants to decide what plaintiff needs to pursue this action." Holguin v. County of Los Angeles, 2011 U.S. Dist. LEXIS 153058, *5 (C.D. Cal. 2011). Simply put, Heredia's objections that the requested documents are "outside the scope" have no merit. If Heredia does not agree to supplement and produce documents, Diaz will move to compel.

3.     Attorney-Client Privilege and Work Product Objections

Heredia has objected to Diaz's document requests on the basis of attorney client privilege and/or work product privilege but has failed to produce a privilege log. To the extent Heredia is withholding documents on the grounds of privilege, he is required to produce a privilege log pursuant to the applicable provisions of the FRCP. Specifically, FRCP Rule 26(b)(5) provides that

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 9

when a party withholds information by claiming it is privileged or subject to work product
protection, the party must:

> ... make the claim expressly and shall describe the nature of the documents,
> communications, or things not produced or disclosed in a manner that,
> without revealing information  itself privileged or protected, will enable
> other parties to assess  the applicability of the privilege or protection.

See also Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992). The
failure to produce a privilege log compliant with the FRCP may constitute a waiver of any
privilege. Ramirez v. County of Los Angeles, 231 F.R.D. 407, 410 (C.D. CA 2005). Please provide
Diaz with a privilege log.

## B. Heredia's Failure to Search for Documents

As to Heredia's purported responses discussed in subsection C, below, Fed. R. Civ. P. 34(b)(2)(B)
requires the responding party to state that it will agree to produce the requested materials or state
inability to comply and reason for that inability (i.e., that no documents could be found after a
"diligent search and reasonable inquiry"). In his responses, Heredia has not stated that he actually
conducted a diligent search and reasonable inquiry. Heredia merely stated that "he is currently not
aware of whether there are any potentially responsive documents withheld in response to this
request." This is insufficient and evasive. Heredia must state what efforts he underwent to search
for the documents and the reason(s) why no documents exist and/or are not in his possession. With
respect to (a) above, Heredia states that "investigation is ongoing." In response to the RFPs,
Heredia was required to conduct an investigation and a diligent search. Heredia's objections are
inappropriate and demonstrate that he is not taking his discovery obligations seriously. Heredia
has no right to withhold responsive documents.

These above-stated explanations regarding Heredia's improper objections apply to each individual
Request below. Additionally, Diaz takes issue with the following:

## C. Requests No. 1-58

## REQUEST FOR PRODUCTION NO. 1:
All COMMUNICATIONS between YOU and DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court
and request sanctions. Diaz will limit this RFP to all COMMUNICATIONS within the last ten years.

## REQUEST FOR PRODUCTION NO. 2:
All COMMUNICATIONS between YOU and MOSES regarding DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz is certainly entitled to discover COMMUNICATIONS between
Heredia and Moses, his de facto manager and his paper manager, that relate to Diaz, Diaz's
management and the various issues that the Heredias have raised in this litigation. Please supplement

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 10

or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this RFP to all COMMUNICATIONS within the last ten years.

**REQUEST FOR PRODUCTION NO. 3:**
      All COMMUNICATIONS between YOU and GOLDEN BOY regarding DIAZ.

      This Request is clearly relevant and within the scope of this litigation. Diaz alleges:

> As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits for himself from Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.

Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover COMMUNICATIONS between Heredia and his promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 4:**
      All COMMUNICATIONS between YOU and the COMMISSION regarding DIAZ.

This is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Without a doubt, Diaz is entitled to any communications with the COMMISSION that relate to him. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this RFP to all COMMUNIATIONS within the last ten years.

**REQUEST FOR PRODUCTION NO. 5:**
      All COMMUNICATIONS between YOU and any PERSONS regarding DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover COMMUNICATIONS between Heredia and other PERSONS that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this RFP to all COMMUNIATIONS within the last ten years.

**REQUEST FOR PRODUCTION NO. 6:**
      All COMMUNICATIONS between YOU and the COMMISSION regarding YOUR maintenance of a boxing manager's license.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. . A central allegation in this case is that Heredia was not a licensed manager. Diaz is entitled to discovery of the requested documents. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 11

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by YOU to the COMMISSION in connection with your attempts to obtain a boxing manger's license.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. A central allegation in this case is that Heredia was not a licensed manager. Diaz is entitled to discovery of the requested documents. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS provided by YOU to the COMMISSION regarding DIAZ.

This Request  is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Without a doubt, Diaz is entitled to any documents that Heredia provided to the COMMISSION that relate to Diaz. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 9:**

All manager agreements between YOU and DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. A central allegation in this case is that Heredia was not a licensed manager. Diaz is entitled to discovery of the requested documents. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 10:**

All manager agreements between YOU and any other boxer.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz.  To the extent that there are any agreements documenting any purported agreements between Heredia and Diaz, Heredia must produce them. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 12:**

All accounting records relating to YOUR management of DIAZ.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 12

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz, and is seeking an accounting. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover any documents that Moses, Diaz's paper manager, provided to Heredia, his de facto manager, that relate to Diaz, Diaz's management and the various issues that the Heredias have raised in this litigation. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this Request to DOCUMENTS within the last ten years.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover any documents that Heredia, Diaz's de factor manager, provided to Moses, his paper manager, that relate to Diaz, Diaz's management and the various issues that the Heredias have raised in this litigation. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this Request to DOCUMENTS within the last ten years.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between Heredia and his promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this Request to DOCUMENTS within the last ten years.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between Heredia and his promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this Request to DOCUMENTS within the last ten years.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 13

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took
monies and other property from Diaz, and is seeking an accounting. Please supplement or Diaz will
raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 18:**
        All DOCUMENTS, including but not limited to bank records, reflecting YOUR
compensation relating to any boxing match that DIAZ has participated in.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took
monies and other property from Diaz, and is seeking an accounting. Please supplement or Diaz will
raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 19:**
        All DOCUMENTS, including but not limited to bank records, reflecting YOUR
compensation relating to any sponsorship that DIAZ has participated in.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took
monies and other property from Diaz, and is seeking an accounting. Please supplement or Diaz will
raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 20:**
        All DOCUMENTS, including but not limited to bank records, reflecting YOUR
compensation relating to any revenue generated by DIAZ through any means.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court
and request sanctions.

**REQUEST FOR PRODUCTION NO. 21:**
        All DOCUMENTS, including but not limited to bank records, reflecting money that was
paid for legal services relating to DIAZ'S business affairs.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took
monies and other property from Diaz, and is seeking an accounting. Please supplement or Diaz will
raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 22:**
        All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating
to DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took

Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx
Page 14

monies and other property from Diaz, and is seeking an accounting. Please supplement or Diaz will
raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 23:**
  All DOCUMENTS reflecting any gifts provided to YOU by GOLDEN BOY relating to
DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took
monies and other property from Diaz, and is seeking an accounting. Please supplement or Diaz will
raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 24:**
  All DOCUMENTS reflecting any benefits provided to YOU by GOLDEN BOY relating to
DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz has alleged that Heredia acted as his unlicensed manager and took
monies and other property from Diaz, and is seeking an accounting. Please supplement or Diaz will
raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 25:**
  All DOCUMENTS relating to the purchase or lease of the VEHICLE.

  This Request is clearly relevant and within the scope of this litigation. Heredia's objections
are frivolous and lack merit. Diaz alleges that he purchased a vehicle from Heredia, who then
illegally "repossessed" (i.e., stole) the vehicle and Diaz's property.  Diaz is entitled to information
that relates to Heredia's purported purchase and/or lease of the vehicle as well as any documents
that relate to his sale and/or lease of the vehicle to Diaz. Diaz alleges: "Heredia breached the parties'
implied-in-fact contract. On or about September 8, 2020, Heredia intentionally and maliciously had
the vehicle repossessed and took it back for himself, in violation of the parties' agreement that Diaz
could use the vehicle as his own and then would own the vehicle once he paid it off." This Request
supports Diaz's claims for, *inter alia*, breach of implied-in-fact contract, conversion and quantum
meruit. Please supplement or Diaz will raise Heredia's response with the Court and request
sanctions.

**REQUEST FOR PRODUCTION NO. 26:**
  All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ
regarding the VEHICLE.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz alleges that he purchased a vehicle from Heredia, who then illegally
"repossessed" (i.e., stole) the vehicle and Diaz's property.  Diaz is entitled to information that relates
to Heredia's purported purchase and/or lease of the vehicle as well as any documents that relate to
his sale and/or lease of the vehicle to Diaz. Diaz alleges: "Heredia breached the parties' implied-in-
fact contract. On or about September 8, 2020, Heredia intentionally and maliciously had the vehicle
repossessed and took it back for himself, in violation of the parties' agreement that Diaz could use
the vehicle as his own and then would own the vehicle once he paid it off." This Request supports

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 15

Diaz's claims for, *inter alia*, breach of implied-in-fact contract, conversion and quantum meruit.
Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS reflecting or relating to any money DIAZ paid YOU for the VEHICLE.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz alleges that he purchased a vehicle from Heredia, who then illegally
"repossessed" (i.e., stole) the vehicle and Diaz's property.  Diaz is entitled to information that relates
to Heredia's purported purchase and/or lease of the vehicle as well as any documents that relate to
his sale and/or lease of the vehicle to Diaz. Diaz alleges: "Heredia breached the parties' implied-in-
fact contract. On or about September 8, 2020, Heredia intentionally and maliciously had the vehicle
repossessed and took it back for himself, in violation of the parties' agreement that Diaz could use
the vehicle as his own and then would own the vehicle once he paid it off." This Request supports
Diaz's claims for, *inter alia*, breach of implied-in-fact contract, conversion and quantum meruit.
Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 28:

All COMMUNICATIONS between YOU and any PERSONS regarding the repossession of
the VEHICLE.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. Diaz alleges that he purchased a vehicle from Heredia, who then illegally
"repossessed" (i.e., stole) the vehicle and Diaz's property.  Diaz is entitled to information that relates
to Heredia's purported purchase and/or lease of the vehicle as well as any documents that relate to
his sale and/or lease of the vehicle to Diaz. Diaz alleges: "Heredia breached the parties' implied-in-
fact contract. On or about September 8, 2020, Heredia intentionally and maliciously had the vehicle
repossessed and took it back for himself, in violation of the parties' agreement that Diaz could use
the vehicle as his own and then would own the vehicle once he paid it off." This Request supports
Diaz's claims for, *inter alia*, breach of implied-in-fact contract, conversion and quantum meruit.
Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS relating to any civil lawsuit filed against YOU in connection with YOUR
work in the last ten years.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. This is a standard question in discovery that becomes especially relevant
in cases involving fraud such as this one. Please supplement or Diaz will raise Heredia's response
with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS relating to any criminal action involving YOU in the last ten years.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are
frivolous and lack merit. This is a standard question in discovery that becomes especially relevant

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 16

in cases involving fraud such as this one. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS relating to any insurance policies covering YOUR defense relating to the LAWSUIT.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. It is well settled that insurance policies are discoverable in litigation. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS relating to any insurance policies covering YOUR defense against COMPLAINT.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. It is well settled that insurance policies are discoverable in litigation. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS relating to any insurance policies covering HBM's defense relating to the LAWSUIT.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. It is well settled that insurance policies are discoverable in litigation. Heredia has alleged that he is both the Secretary and CFO of HBM. [Dkt. 82-1 at 1:16-17.] Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS relating to any insurance policies covering HBM's defense against COMPLAINT.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. It is well settled that insurance policies are discoverable in litigation. Heredia has alleged that he is both the Secretary and CFO of HBM. [Dkt. 82-1 at 1:16-17.] Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS provided to the COMMISSION in connection with the request for arbitration initiated by MOSES against DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 17

## REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense.  The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process.  Nothing could be more basic than a defendant having to produce documents that support his defenses. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process.  Nothing could be more basic than a defendant having to produce documents that support his defenses. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process.  Nothing could be more basic than a defendant having to produce documents that support his defenses. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process.  Nothing could be more basic than a defendant having to produce documents that support his defenses. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

This Request is clearly relevant and within the scope of this litigation. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. Heredia's objections are frivolous and lack merit. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process.  Nothing could be more basic than a defendant having to produce documents that support his defenses. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

This Request is clearly relevant and within the scope of this litigation. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process.  Nothing could be more basic than a defendant having to produce documents that support his defenses. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

This Request is clearly relevant and within the scope of this litigation. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process.  Nothing could be more basic than a defendant having to produce documents that support his defenses. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

This Request is clearly relevant and within the scope of this litigation. Obviously, Diaz is entitled to DOCUMENTS Heredia intends to rely on for his defense. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process.  Nothing could be more basic than a defendant having to produce documents that support his defenses. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 19

## REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding DIAZ.

This Request is clearly relevant and within the scope of this litigation. Diaz is certainly entitled to discover COMMUNICATIONS between Heredia and other PERSONS that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. This is especially the case where Heredia has been using this litigation as a vindictive means of publishing information about Diaz in the press. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this RFP to all COMMUNICATIONS within the last ten years.

## REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding the LAWSUIT.

This Request is clearly relevant and within the scope of this litigation. Diaz is certainly entitled to discover COMMUNICATIONS between Heredia and other PERSONS that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. This is especially the case where Heredia has been using this litigation as a vindictive means of publishing information about Diaz in the press.  Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions. Diaz will limit this RFP to all COMMUNICATIONS within the last ten years.

## REQUEST FOR PRODUCTION NO. 47:

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

This Request is clearly relevant and within the scope of this litigation and needs no further explanation. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

## REQUEST FOR PRODUCTION NO. 48:

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 20

This Request is clearly relevant and within the scope of this litigation and needs no further explanation. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PEROSN relating to the facts or issues raised in the COMPLAINT.

This Request is clearly relevant and within the scope of this litigation and needs no further explanation. The fact that Heredia objected to this simple discovery request demonstrates his bad faith and complete disregard for the discovery process. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including COMMUNICATIONS, relating to the March 22, 2017 promotion-manager contract between DIAZ and Golden Boy.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of YOUR manager license(s) for the years 2012 through 2021.

This Request is clearly relevant and within the scope of this litigation. This request is simple and goes to the heart of this litigation. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 52:**

A copy of MOSES' manager license(s) for the years 2012 through 2021.

This Request is clearly relevant and within the scope of this litigation. Heredia has claimed in his litigation that he was entitled to act as Diaz's unlicensed manager because he was working under Moses' license. Heredia has placed this information at issue. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Heredia has alleged that he is both the Secretary and CFO of HBM. [Dkt. 82-1 at 1:16-17.] Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 21

**REQUEST FOR PRODUCTION NO. 54:**

      All DOCUMENTS reflecting or showing all employees for HBM.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Heredia has alleged that he is both the Secretary and CFO of HBM. [Dkt. 82-1 at 1:16-17.] Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 55:**

      All DOCUMENTS reflecting or relating to profit and loss statements for HBM for the period January 2017 through the present.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Heredia has alleged that he is both the Secretary and CFO of HBM, and HBM is a defendant in this action. [Dkt. 82-1 at 1:16-17.] Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 56:**

      All DOCUMENTS reflecting or showing the organization chart for HBM.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Heredia has alleged that he is both the Secretary and CFO of HBM, and HBM is a defendant in this action. [Dkt. 82-1 at 1:16-17.] Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 57:**

      All Internal Revenue Service Form W-2s provided by HBM to YOU.

This Request is clearly relevant and within the scope of this litigation. Heredia's objections are frivolous and lack merit. Heredia has alleged that he is both the Secretary and CFO of HBM, and HBM is a defendant in this action. [Dkt. 82-1 at 1:16-17.] Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

**REQUEST FOR PRODUCTION NO. 58:**

      All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's First Set of Interrogatories and Requests for Admission served concurrently herewith.

This Request is clearly relevant and within the scope of this litigation. This is, again, basic discovery. Heredia's objections are frivolous and lack merit. Please supplement or Diaz will raise Heredia's response with the Court and request sanctions.

***

Please note that this list of deficiencies in Heredia's discovery responses is not intended to be exhaustive, nor could it be, given the extent of the deficiencies. We reserve our rights to identify additional deficiencies in Heredia's responses at a later time.

*Re: Diaz v. Heredia, Case No. 5:20-cv-02332-JWK-KKx*
Page 22

Please supplement Heredia's written responses to the Interrogatories and RFPs by **December 3 , 2021**. If you would like to discuss the matters outlined in this letter further, please let me know and we can schedule a convenient time to talk. If we do not hear from you, we will assume Heredia does not intend to supplement its responses and will bring the matter to the Judge's attention, which will include a request for sanctions.


Very truly yours,


Gina Simas
VGC, LLP

**EXHIBIT F**

Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## (Eastern Division)

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>       Plaintiffs,<br><br>vs.<br><br>RALPH HEREDIA, TRUE NAME RAFAEL HEREDIA TARANGO, A/K/A RAFAEL HEREDIA, A/K/A RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; AND JANE DOES 1 THROUGH 20, INCLUSIVE,,<br><br>       Defendants. | Case No.: 5:20-cv-02332-JWH-KK<br><br>**DEFENDANT RALPH HEREDIA'S RESPONSES TO PLAINTIFF JOSEPH DIAZ, JR.,'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>ASSIGNED TO HON. JOHN W. HOLCOMB |

**DEFENDANT RALPH HEREDIA'S RESPONSES TO PLAINTIFF JOSEPH DIAZ, JR.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Ralph Heredia, by and through undersigned counsel, hereby objects and responds to Plaintiff's First Request for Production of Documents ("Requests") as follows:

## **Preliminary Statement**

The following responses are provided based upon information available to Defendant at the time these responses are served. Defendant has not completed his investigation and discovery. Defendant reserves the right to use during litigation and up through trial any information developed through Defendant's investigation, discovery or trial preparation which was not known when these responses were served. Defendant further reserves the right to supplement or amend his responses as appropriate.

## **General Objections**

The following general objections apply to Plaintiff's Requests as the specific phrasing and context of each Request may require. They are in addition to, and do not supplant, any specific objection to an individual Request.

A.     Defendant objects to Plaintiff's Definitions to the extent Plaintiff intends or attempts to expand or alter the Federal Rules of Civil Procedure or Defendant's obligations thereunder. By responding to Plaintiff's Requests,

Defendant does not adopt Plaintiff's Definitions and objects to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

B.     To the extent that a Request purports to require Defendant to respond on behalf of persons or entities other than himself, Defendant objects because such discovery requests are overly broad, unduly burdensome, and beyond the scope of permissible discovery.  Accordingly, Defendant construed these Requests to refer only to Defendant, and Defendant makes these responses solely on behalf of Defendant.

C.     To the extent that a Request seeks documents pertaining to issues or events not properly at issue herein or outside Plaintiff's stated allegations, Defendant objects because such discovery requests are overly broad, unduly burdensome, unreasonable as to time and scope, and seek information or documents that are neither relevant nor that appear reasonably calculated to lead to the discovery of admissible evidence.

D.     Defendant objects to each Request to the extent Plaintiff seeks documents protected by the attorney-client privilege, another privilege, the attorney work product doctrine, or that are otherwise confidential.

E.     Defendant objects to the extent that Plaintiff's Requests seek documents not currently in Defendant's possession, custody, or control.

F.      Defendant objects to Plaintiff's discovery requests as overly broad and seeking information or documents that are irrelevant and that do not appear reasonably calculated to lead to the discovery of admissible evidence, as it is not reasonable for Defendant to determine whether information or documents protected by the attorney-client privilege, another privilege, or the attorney work doctrine are being requested.  For the same reason, at this time and as phrased, it is not possible nor is it proper under the Federal Rules of Civil Procedure for Defendant to provide a specific description of the documents sought in those instances.

## RESPONSES

## REQUEST FOR PRODUCTION NO. 1:

All COMMUNICATIONS between YOU and DIAZ.

## Response:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested documents and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. Defendant's investigation and discovery are ongoing. Defendant is not currently aware of whether any additionally potentially responsive documents are

in his custody or control and therefore is not aware whether any potentially responsive documents are being withheld subject to this objection.

Subject to the foregoing, please see Bates Nos. 312, 314, 315, 317, 318, 320-323, 325, 326, 328, 330, 332, 334-337, 374-375.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU and MOSES regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to the extent that this request seeks the production of communications unrelated to Plaintiff's allegations. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and GOLDEN BOY regarding DIAZ.

**Response:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to the extent that this request seeks the production of communications unrelated to Plaintiff's allegations. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 171-185, 196-203, 205-219, and 221-224

## REQUEST FOR PRODUCTION NO. 4:

All COMMUNICATIONS between YOU and the COMMISSION regarding DIAZ.

## Response:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 168-169 and 187-189

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between YOU and any PERSONS regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Defendant further objects to the extent the request is duplicative of Request for Production Nos 1 through 4. Subject to the foregoing, please see the responses to Requests for Production Nos. 1 through 4 and Bates Nos. 229-233, 339-345, 347, 355, and 377-378.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and the COMMISSION regarding YOUR maintenance of a boxing manager's license.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by YOU to the COMMISSION in connection with your attempts to obtain a boxing manger's license.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's

investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS provided by YOU to the COMMISSION regarding DIAZ.

**Response:**

Defendant objects to this request as is unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 4. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this request.

Defendant further objects to the extent the request is duplicative of Request for Production No. 3. Subject to the foregoing, please see the response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 9:**

All manager agreements between YOU and DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, there are no manager agreements currently in effect between Defendant and Diaz. The 2012 Boxer-Manager agreement to which Diaz

and Heredia were both parties was deemed invalid in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer." Further subject to the foregoing, please see Bates Nos. 168-169.

**REQUEST FOR PRODUCTION NO. 10:**

All manager agreements between YOU and any other boxer.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, Defendant currently is not a licensed boxer manager and therefore is unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is unlimited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that Plaintiff's request for documents "relating to" any agreements between Defendant and Plaintiff is so overbroad as to render Plaintiff's request meaningless. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to the extent the request is duplicative

of Request for Production No. 9. Please see Defendant's response to Request for

Production No. 9.

Defendant's investigation and discovery are ongoing, and he is currently not

aware of whether there are any potentially responsive documents withheld in

response to this request.

Subject to the foregoing, please see Bates Nos. 634-675 and 676.

**REQUEST FOR PRODUCTION NO. 12:**

All accounting records relating to YOUR management of DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant's investigation and discovery are ongoing, and he is currently not aware

of whether there are any potentially responsive documents withheld in response to

this request.

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Subject to the foregoing, since 2017, Defendant has not been Diaz' manager and therefore is currently unaware of any documents since that time period responsive to this request. Further, subject to the foregoing, Defendant is continuing to look for any potentially responsive documents.

Subject to the foregoing, please see Bates No. 676.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 2. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation

and discovery are ongoing, and he is currently not aware of whether there are any

potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative

in that it essentially duplicates Request for Production Nos. 2 and 13. Defendant

further objects to this request as outside the scope permitted by Rule 26(b)(1) in

that it is not limited as to time, and therefore its burden or expense outweighs its

likely benefit. Defendant further objects to this request as outside the scope

permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case

considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine. Defendant's

investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this

request.

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 3. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**Response:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 3 and 15. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Please see Bates Nos. 171-185, 196-203, and 221-224.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**Response:**

-17-
RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant objects to this request to the extent that it seeks documents not in his possession, custody, or control. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 405-414, 416, and 676.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing. He is continuing to search for potentially

responsive documents in such locations as such documents would be found, if they

exist.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, including but not limited to bank records, reflecting

YOUR compensation relating to any sponsorship that DIAZ has participated in.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine. Defendant's

investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this

request.

## REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

## Response:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is unlimited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 18 and 19. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently

not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**Response:**

Defendant objects to this request to the extent that Plaintiff purports to require production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil.

Subject to the foregoing, Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine.

Subject to the foregoing, Defendant is currently unaware of any documents

responsive to this request.

## REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS reflecting any gifts provided to YOU by GOLDEN BOY

relating to DIAZ.

## Responses:

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine.

Subject to the foregoing, Defendant is currently unaware of any documents

responsive to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting any benefits provided to YOU by GOLDEN

BOY relating to DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is so broad as to be incomprehensible and therefore its burden or

expense outweighs its likely benefit. Defendant further objects to this request as

outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and

therefore its burden or expense outweighs its likely benefit. Defendant further

objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is

not proportional to the needs of the case considering the importance of the issues at

stake in the action, the amount in controversy, the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Defendant further objects to the extent that the request

seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Construing Plaintiff's use of the word "benefits" in light of Plaintiff's allegations that Defendant illicitly received benefits from Golden Boy, Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the purchase or lease of the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 7, 79, 109, 125, 302, 305, 678, 679-683.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ regarding the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 302 and 305.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS reflecting or relating to any money DIAZ paid YOU for the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 302 and 305.

**REQUEST FOR PRODUCTION NO. 28:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

All COMMUNICATIONS between YOU and any PERSONS regarding the repossession of the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS relating to any civil lawsuit filed against YOU in connection with YOUR work in the last ten years.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that is not relevant to any party's claim or defense, it is not proportional to the needs of the case considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit. Defendant further objects to the extent that the request seeks

documents protected by the attorney-client privilege or the attorney work-product

doctrine. Defendant further objects that, to the extent the request seeks documents

not protected by the attorney-client privilege or the attorney work-product doctrine,

the requested documents are public record and thus equally available to Plaintiff.

Defendant further objects to this request as the burden or expense of the proposed

discovery outweighs its likely benefit inasmuch as the importance of the discovery

in resolving the issues is nil. Subject to the foregoing, except for documents

relating to the instant case, Defendant is unaware of any documents responsive to

this request.

## REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS relating to any criminal action involving YOU in the last

ten years.

## Response:

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not proportional to the needs of the case considering the

importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the request seeks documents not protected by the attorney-client privilege or the attorney work-product doctrine, the requested documents are public record and thus equally available to Plaintiff. Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil.

Subject to the foregoing, Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, Defendant directs Plaintiff to his First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683.

**REQUEST FOR PRODUCTION NO. 39:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**Response:**

Defendant objects to this request to the extent it seeks documents

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, Defendant directs Plaintiff to his Fed. R. Civ. P. 12(c) Motion and supporting exhibits.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 291-310 and 579-586. Please also see other communications by Defendant regarding Diaz identified throughout these Responses.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding the LAWSUIT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, Defendant directs Plaintiff to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," all of which Plaintiff already has in his possession and which are equally available to Plaintiff. Defendant also directs Plaintiff to the documents identified in Defendant's Rule 26 disclosures.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

Subject to the foregoing, please see Bates Nos. 1-683

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

-35-

Subject to the foregoing, please see Bates Nos. 1-683.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 1-683. Further, subject to the foregoing, please see the entire docket in this case.

**REQUEST FOR PRODUCTION NO. 49:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PEROSN [*sic*] relating to the facts or issues raised in the COMPLAINT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 291-310 and 579-586. Please also see other communications by Defendant regarding Diaz identified throughout these Responses.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including COMMUNICATIONS, relating to the March 22, 2017 promotion-manager contract between DIAZ and Golden Boy.

**Responses:**

Defendant objects to this request to the extent it seeks documents not in his possession, custody, or control. Defendant further objects to this request as duplicative of Request Nos. 3, 15, and 16. Defendant further objects to the extent that it purports to require him to produce documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.

Subject to the foregoing, please see Bates Nos. 191-193 and 196-203. Further subject to the foregoing, Defendant continues to search for privileged communications and will supplement this response with a privilege log to the extent that any such privileged communications are identified.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of YOUR manager license(s) for the years 2012 through 2021.

**Responses:**

Defendant objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to the foregoing, please see Bates No. 677.

**REQUEST FOR PRODUCTION NO. 57:**

All Internal Revenue Service Form W-2s provided by HBM to YOU.

**Responses:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Subject to the foregoing, Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's First Set of Interrogatories and Requests for Admission served concurrently herewith.

**Responses:**

Defendant incorporates by reference his objections to Diaz' first set of interrogatories and requests for admission.

Subject to the foregoing, please see Bates Nos. 1-683.

Defendant further directs Plaintiff to Defendant's Rule 12(c) motion.

Dated:  December 3, 2021

AS TO OBJECTIONS:

/s/ Eric S. Montalvo

Eric S. Montalvo, Esq.

1
2
3
4
5

Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA  92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

6
7
8
9
10
11

Eric S. Montalvo (Admitted Pro Hac Vice)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

12
13

Attorneys for Defendant
Ralph Heredia

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

## CERTIFICATE OF SERVICE

1

2
       I hereby certify that on December 3, 2021, I served a copy of the foregoing
3
Defendant Ralph Heredia's Responses to Plaintiff Joseph Diaz, Jr.'s First Requests
4
for Production via email to the following counsel for Plaintiff:

5
James L. Greeley (SBN 218975)
6
jgreeley@vgcllp.com
7
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
8
Gina M. Simas (SBN 205367)
9
     gsimas@vgcllp.com
10
VGC, LLP
1515 7th Street, No. 106
11
Santa Monica, California 90401
12
Telephone: (424) 256-8296
Attorneys for Plaintiff
13
Joseph Diaz, Jr.

14
                              /s/ Eric S. Montalvo
15
                              Eric S. Montalvo (Admitted *Pro Hac Vice*)
16
                              FEDERAL PRACTICE GROUP
                              1750 K Street, N.W., Suite 900
17
                              Washington, D.C.  20006
18
                              Telephone: (202) 862-4360
                              emontalvo@fedpractice.com
19

20
                              *Attorneys for Defendant*
                              Ralph Heredia
21

22

23

24

25

26

27

28

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

# EXHIBIT G

Rajan O. Dhungana (SBN: 297794)
  rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
  emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Eastern Division)

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> RALPH HEREDIA, TRUE NAME RAFAEL HEREDIA TARANGO, A/K/A RAFAEL HEREDIA, A/K/A RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; AND JANE DOES 1 THROUGH 20, INCLUSIVE,, <br><br> Defendants. | Case No.: 5:20-cv-02332-JWH-KK <br><br> **DEFENDANT RALPH HEREDIA'S SUPPLEMENTAL ANSWERS TO PLAINTIFF JOSEPH DIAZ, JR.,'S FIRST SET OF INTERROGATORIES** <br><br> ASSIGNED TO HON. JOHN W. HOLCOMB |

## DEFENDANT RALPH HEREDIA'S OBJECTIONS AND ANSWERS TO PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Ralph Heredia hereby supplements his answers to Plaintiff Joseph Diaz, Jr.'s first set of interrogatories as follows:

### Preliminary Statement

The following supplemental answers are provided based upon information available to Defendant at the time these answers are served. Defendant has not completed investigation and discovery. Defendant reserves the right to use during litigation and up through trial any information developed through Defendant's investigation, discovery and/or trial preparation which was not known when these answers were served. Defendant further reserves the right to supplement or amend these answers as appropriate.

### SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 1:

IDENTIFY the lawyer that YOU hired to help with DIAZ'S business affairs.

### ANSWER:

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to the foregoing, Defendant did not hire a lawyer to represent Plaintiff in any business affairs. As Plaintiff well knows, however, Defendant paid or arranged for legal representation for Plaintiff on numerous occasions to assist Plaintiff in dealing with the consequences of his poor decision-making.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all lawyers that provided any legal services to YOU or DIAZ relating to DIAZ.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to the foregoing, Defendant did not hire any attorney for services as described in the interrogatory, other than as described in Defendant's answer to Interrogatory No. 1.

**SPECIAL INTERROGATORY NO. 4:**

If YOU have had a manager's license issued by the COMMISSION at any time since January 1, 2012, IDENTIFY the license number and dates the license was active.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to the foregoing, License No. 00006978. 8/23/12-8/23/13. It was also renewed in subsequent years.

**SPECIAL INTERROGATORY NO. 5:**

Describe all attempts YOU have made to obtain a manager's license from the COMMISSION.

DEFENDANT HEREDIA'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

There were no attempts.  Whenever I applied for a license I received one.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further

objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

Subject to the foregoing, under the supervision of Moses Heredia, Joseph Diaz, Jr.'s boxing manager, I assisted in procuring all of Diaz' sponsorships through the date Diaz unlawfully signed the agreement with MTK Global Sports Management in August 2020.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY the amount of money YOU have earned in connection with serving as DIAZ'S manager.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further

objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

Subject to the foregoing, none. I do not serve as Diaz' manager.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to the foregoing, none.

DEFENDANT HEREDIA'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY the amount of money HBM has earned in connection with any work relating to DIAZ.

**ANSWER:**

Defendant objects to this interrogatory in that it is directed to another entity and thus the information is equally available to Plaintiff. Defendant was sued in his individual capacity and as such, any information relating to HBM must be directed to HBM.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus

can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

Subject to the foregoing, Defendant's affirmative defenses are all based on the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer" and the exhibits in support of Defendant's Rule 12(c) motion, all of which Plaintiff already has in his possession and which are equally available to Plaintiff. Further clarification is contained in Defendant's motion to dismiss this matter.

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all DOCUMENTS, including COMMUNICATIONS supporting the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**ANSWER:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus

can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

Subject to the foregoing, Defendant's affirmative defenses are based on the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer" and the exhibits in support of Defendant's Rule 12(c) motion, all of which Plaintiff already has in his possession and which are equally available to Plaintiff. Further clarification is contained in Defendant's motion to dismiss this matter.

**SPECIAL INTERROGATORY NO. 12:**

If YOUR response to any Request for Admission in DIAZ's concurrently served First Set of Requests for Admission is a denial or a qualified admission, state with as much detail as possible all facts, grounds, and reasons upon which YOU base YOUR denial or qualified admission to each such Request.

**ANSWER:**

Defendant objects to this interrogatory as applicable to the particular RFA response in question in that it is outside the scope permitted by Rule 26(b)(1) given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further

objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the interrogatory seeks information not protected by the attorney-client privilege or the attorney work-product doctrine, the requested information is public record and thus equally available to Plaintiff. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

Subject to the foregoing, Defendant states that facts supporting his denials of Request for Admission ("RFA") Nos. 1, 2, 4, 5, 6, 7, 9, 10, and 11 are included in the arbitration record, in which the Plaintiff participated with the same counsel as in this case and for which Plaintiff was present. Additional facts are set forth in the exhibits in support of Defendant's Rule 12(c) motion, all of which Plaintiff already has in his possession and which are equally available to Plaintiff. Plaintiff is thus well aware of the facts underlying Defendant's denials. To the extent Plaintiff purports to be unaware of these facts, Defendant directs Plaintiff to Plaintiff's counsel, who are in possession of same.

Further subject to the foregoing, Plaintiff's answer to RFA No. 3 explains his denial.

Dated:  December 3, 2021

AS TO OBJECTIONS:

/s/ *Eric S. Montalvo*

Eric S. Montalvo, Esq.

   *I affirm under penalties of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.*

Defendant Ralph Heredia

        Rajan O. Dhungana (SBN: 297794)
        FEDERAL PRACTICE GROUP
        14481 Aspen Street
        Hesperia, CA  92344
        Telephone: (310) 795-6905
        rdhungana@fedpractice.com

        Eric S. Montalvo (Admitted *Pro Hac Vice*)
        FEDERAL PRACTICE GROUP
        1750 K Street, N.W., Suite 900
        Washington, D.C.  20006
        Telephone: (202) 862-4360
        Fax: (888) 899-6053
        emontalvo@fedpractice.com

        *Attorneys for Defendant*
        Ralph Heredia

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, I served a copy of the foregoing Defendant Ralph Heredia's Supplemental Answers to Plaintiff Joseph Diaz, Jr.'s First Set of Interrogatories via email to the following counsel for Plaintiff:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
   gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296
Attorneys for Plaintiff
Joseph Diaz, Jr.

/s/ Eric S. Montalvo
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia