# EXHIBIT H

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, December 6, 2021 4:20 PM
**To:** 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'James Greeley' <jgreeley@vgcllp.com>
**Subject:** RE: Ralph Heredia's Supplemental Answers to Diaz First Set of Interrogatories

Eric, Erik and Rajan,

We are in receipt of your Supplemental Responses to the First Set of Interrogatories and RFPs, which remain incredibly deficient.

For example, when Diaz asks Heredia to identify the lawyer that he hired to help with Diaz's business affairs, he answers: "Defendant did not hire a lawyer to represent Plaintiff in any business affairs. As Plaintiff well knows, however, ***Defendant paid or arranged for legal representation for Plaintiff on numerous occasions*** to assist Plaintiff in dealing with the consequences of his poor decision-making."  In other words, despite admitting that Defendant paid or arranged for legal representation, Heredia altogether fails to identify this legal representation, which is precisely what is requested by this Interrogatory.

Similarly, when asked to describe all attempts Heredia made to obtain a manager's license from the Commission, Heredia states: "There were no attempts. Whenever I applied for a license I received one."  In other words, Heredia admits that he applied for a license, but refuses to describe such efforts. The Interrogatory requests all "attempts," which includes successful attempts. If it is in fact true that Heredia received a license every time he applied for one, describe all of these instances.

And, yet another example: "IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ." Heredia answers: "I assisted in procuring all of Diaz' sponsorships through the date Diaz unlawfully signed the agreement with MTK Global Sports Management in August 2020." Heredia admits that he assisted in procuring all of Diaz's sponsorships, yet altogether fails to identify these sponsorships, which is precisely what is requested in this Interrogatory.

As with Heredia's responses to the Interrogatories, Heredia's responses to the RFPs are entirely frivolous and without merit (i.e. Heredia refuses to provide any documents or communications with the Commission relating to Heredia's maintenance of a boxing manager's license, etc.)

Quite simply, your word games and obfuscation efforts are unacceptable.  At this point, I am willing to meet one final time to discuss all of these deficiencies.  Having previously sent you a 22 page letter detailing all of these deficiencies, this is not required.  However, we are hoping to avoid motion practice. Rest assured, if Heredia's responses are not significantly supplemented, the Court will issue sanctions.  According to the Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's nondisclosure, response, or objection was "substantially justified." Heredia's nondisclosures, responses and objections are nowhere close to being justified, let alone "substantially" justified.

Please let me know if and when you would like to meet regarding Heredia's supplemental responses. If you do not respond by Thursday, December 9th, we will begin drafting the Joint Stipulation to submit to the Court, therein requesting sanctions for Heredia's blatant and extensive discovery abuse.

Sincerely,

Gina

# EXHIBIT I

Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-02332-JWH-KKx |

# DEFENDANT RALPH HEREDIA'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF JOSEPH DIAZ, JR.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Ralph Heredia, by and through undersigned counsel, hereby objects and responds to Plaintiff's First Request for Production of Documents ("Requests") as follows:

## Preliminary Statement

The following responses are provided based upon information available to Defendant at the time these responses are served. Defendant has not completed his investigation and discovery. Defendant reserves the right to use during litigation and up through trial any information developed through Defendant's investigation, discovery or trial preparation which was not known when these responses were served. Defendant further reserves the right to supplement or amend his responses as appropriate.

## General Objections

The following general objections apply to Plaintiff's Requests as the specific phrasing and context of each Request may require. They are in addition to, and do not supplant, any specific objection to an individual Request.

A.   Defendant objects to Plaintiff's Definitions to the extent Plaintiff intends or attempts to expand or alter the Federal Rules of Civil Procedure or Defendant's obligations thereunder. By responding to Plaintiff's Requests,

Defendant does not adopt Plaintiff's Definitions and objects to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

  B. To the extent that a Request purports to require Defendant to respond on behalf of persons or entities other than himself, Defendant objects because such discovery requests are overly broad, unduly burdensome, and beyond the scope of permissible discovery.  Accordingly, Defendant construed these Requests to refer only to Defendant, and Defendant makes these responses solely on behalf of Defendant.

  C. To the extent that a Request seeks documents pertaining to issues or events not properly at issue herein or outside Plaintiff's stated allegations, Defendant objects because such discovery requests are overly broad, unduly burdensome, unreasonable as to time and scope, and seek information or documents that are neither relevant nor that appear reasonably calculated to lead to the discovery of admissible evidence.

  D. Defendant objects to each Request to the extent Plaintiff seeks documents protected by the attorney-client privilege, another privilege, the attorney work product doctrine, or that are otherwise confidential.

  E. Defendant objects to the extent that Plaintiff's Requests seek documents not currently in Defendant's possession, custody, or control.

F.  Defendant objects to Plaintiff's discovery requests as overly broad and seeking information or documents that are irrelevant and that do not appear reasonably calculated to lead to the discovery of admissible evidence, as it is not reasonable for Defendant to determine whether information or documents protected by the attorney-client privilege, another privilege, or the attorney work doctrine are being requested. For the same reason, at this time and as phrased, it is not possible nor is it proper under the Federal Rules of Civil Procedure for Defendant to provide a specific description of the documents sought in those instances.

## SUPPEMENTAL RESPONSES

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**Supplemental Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**Supplemental Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

**Supplemental Response:**

Defendant is currently unaware of any documents responsive to this request.

Dated: January 24, 2022

AS TO OBJECTIONS:

  /s/ Eric S. Montalvo  
Eric S. Montalvo, Esq.

Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA  92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

Eric S. Montalvo (Admitted Pro Hac Vice)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, I served a copy of the foregoing Defendant Ralph Heredia's Second Supplemental Responses to Plaintiff Joseph Diaz, Jr.'s First Requests for Production via email to the following counsel for Plaintiff:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296
Attorneys for Plaintiff
Joseph Diaz, Jr.

/s/ Eric S. Montalvo
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorney for Defendant*
Ralph Heredia

# EXHIBIT J

Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-02332-JWH-KK |

# DEFENDANT RALPH HEREDIA'S SECOND SUPPLEMTAL RESPONSES TO PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Ralph Heredia ("Defendant") hereby supplements his answers to Plaintiff Joseph Diaz Jr.'s first set of interrogatories as follows:

## Preliminary Statement

The following supplemental answers are provided based upon information available to Defendant at the time these answers are served. Defendant has not completed investigation and discovery. Defendant reserves the right to use during litigation and up through trial any information developed through Defendant's investigation, discovery and/or trial preparation which was not known when these answers were served. Defendant further reserves the right to supplement or amend these answers as appropriate.

## SUPPLEMENTAL RESPONSES

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY the lawyer that YOU hired to help with DIAZ'S business affairs.

**Supplemental response:**

Subject to prior objections, and while not technically related to Diaz' business affairs, Steve Martini, Esq. was hired to represent Diaz in connection with his criminal defense needs.

**SPECIAL INTERROGATORY NO. 2:**

IDENTIFY all lawyers that provided any legal services to YOU or DIAZ relating to DIAZ.

**Supplemental response:**

Subject to prior objections, Steve Martini, Esq. provided legal services to Diaz. Other than the lawyers in this case, Steve Bash, Esq. provided legal services to me related to Diaz.

**SPECIAL INTERROGATORY NO. 4:**

If YOU have had a manager's license issued by the COMMISSION at any time since January 1, 2012, IDENTIFY the license number and dates the license was active.

**Supplemental response:**

Subject to prior objections, License No. 00006978, with a validity date from 8/23/12-8/23/13.

**SPECIAL INTERROGATORY NO. 5:**

Describe all attempts YOU have made to obtain a manager's license from the COMMISSION.

**Supplemental response:**

Subject to prior objections, I would pay a fee when required and my boxing manager's license would be renewed on the spot and without paperwork, often at

various bouts.  I did not keep records of these encounters.  The Commission may have more records, but those are not in my possession, custody, or control.

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**Supplemental response:**

Subject to prior objections, I have not obtained any sponsorship opportunities, but it is my understanding is that Diaz had sponsorships from Jersey Mike's, Corona, Tecate, Hennessey, Garden Grove Nissan, and I.O Jewelry.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY the amount of money YOU have earned in connection with serving as DIAZ'S manager.

**Supplemental response:**

Subject to prior objections, Defendant is currently unaware of any documents responsive to this request.

**SPECIAL INTERROGATORY NO. 8:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

**Supplemental response:**

Subject to prior objections, Defendant is currently unaware of any documents responsive to this request.

**SPECIAL INTERROGATORY NO. 9:**

IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**Supplemental response:**

Subject to prior objections, please see the record in the arbitration and related documents, Bates Nos 1-707, which has been provided in full in response to your Request for Production.

**SPECIAL INTERROGATORY NO. 10:**

IDENTIFY all DOUCMENTS, including COMMUNICATIONS supporting the affirmative defenses raised in YOUR Answer filed on September 17, 2021 [Dkt. 72].

**Supplemental response:**

Subject to prior objections, please see the record in the arbitration and related documents, Bates Nos 1-707, which has been provided in full in response to your Request for Production.

**SPECIAL INTERROGATORY NO. 11:**

If YOUR response to any Request for Admission in DIAZ's concurrently served First Set of Requests for Admission is a denial or a qualified admission, state with

as much detail as possible all facts, grounds, and reasons upon which YOU base YOUR denial or qualified admission to each such Request.

**Supplemental response:**

Subject to prior objections, please see the record in the arbitration and related documents, Bates Nos 1-707, which has been provided in full in response to your Request for Production.

Dated: January 24, 2022

AS TO OBJECTIONS:

/s/ Eric S. Montalvo

Eric S. Montalvo, Esq.

*I affirm under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.*

Defendant Ralph Heredia

Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

Eric S. Montalvo (Admitted Pro Hac Vice)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900

1  Washington, D.C. 20006
2  Telephone: (202) 862-4360
   Fax: (888) 899-6053
3  emontalvo@fedpractice.com
4
   Attorneys for Defendant
5  Ralph Heredia

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, I served a copy of the foregoing Defendant Ralph Heredia's Supplemental Responses to Plaintiff Joseph Diaz, Jr.'s First Set of Interrogatories via email to the following counsel for Plaintiff:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
    gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296
Attorneys for Plaintiff
Joseph Diaz, Jr.

/s/ Eric S. Montalvo
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

# EXHIBIT K

## Diaz v. Heredia: Joint Stipulation Re Plaintiff's Motion to Compel

1 meage

**gsimas@vgcllp.com** <gsimas@vgcllp.com>　　　　　　　　　　　　　　　Tue, Feb 1, 2022 at 5:01 PM
To: Eric Montalvo <emontalvo@fedpractice.com>, Erik Cox <ECox@fedpractice.com>, Rajan Dhungana rdhungana@fedpractice com , Cri tina Lagarde clagarde@fedpractice com , Carol Thomp on <CThompson@fedpractice.com>
Cc: Diyari Vazquez <dvazquez@vgcllp.com>, Jim Greeley <jgreeley@vgcllp.com>, Christy Jones <cjones@vgcllp.com>

Eric, Erik and Rajan,

Please see the following link: https://we.tl/t-gg2XM7KMWF

This link contains Plaintiff Joseph Diaz's ("Diaz") portion of the JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RALPH HEREDIA; AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $18,125.00. Pursuant to L.R. 37-2.2, we are providing you with Diaz's portion of the Joint Stipulation, together with all declarations and exhibits to be offered in support of Diaz's position. Pursuant L.R. 37-2.2, please e-mail me Ralph Heredia's ("Heredia") portion of the Join Stipulation, together with all declarations and exhibits to be offered in support of Heredia' po ition within  even day  (i e  on or before February 8, 2022)  We will then finalize the Joint Stipulation and send it back for your signature. Thereafter, we will file the Joint Stipulation with the Court.  If you have any questions, please let me know. Thanks.

Sincerely,

Gina

Gina Simas  |  Litigation Partner



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e mail message and its attachments are intended solely for the addressee(s)  This e mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).