James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>              Plaintiff,<br><br>       v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>              Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br><u>HON. KENLY KIYA KATO</u><br><br>**[DISCOVERY MATTER]**<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HEREDIA BOXING MANAGEMENT; REQUEST FOR SANCTIONS IN THE AMOUNT OF $17,625.00; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  March 10, 2022<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4<br>Judge: Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off Date: April 22, 2022<br>Pre-Trial Conference Date: August 12, 2022<br>Trial Date: August 29, 2022 |

# **TABLE OF CONTENTS**

**Page**

**NOTICE OF MOTION AND MOTION** ……………….…..………....... 1

**I.     INTRODUCTION** ……………………………………………........ 3

   A) Nature of the Case ……………………….…......……………… 3

   B) Diaz's Unsuccessful Efforts to Resolve Discovery Disputes …… 4

**II.     ARGUMENT** ………………………………………................. 6

   1.  Plaintiff's Motion to Compel Further Responses to

      First Set of Interrogatories …....................…..…………….. 7

**SPECIAL INTERROGATORY NO. 1** …………………..…........... 7

**SPECIAL INTERROGATORY NO. 3** …………………..…........... 7

**SPECIAL INTERROGATORY NO. 4** …………………..…........... 7

**SPECIAL INTERROGATORY NO. 5** …………………..…........... 7

      HBM's Responses to Special Interrogatories 1, 3, 4, 5 …......... 8

      Plaintiff's Argument for Compelled Further Responses to

      Interrogatory Nos. 1,3, 4, 5 ……...……………….…………… 8

**SPECIAL INTERROGATORY NO. 6** …………….................... 9

**SPECIAL INTERROGATORY NO. 7** …………….................... 9

      HBM's Responses to Special Interrogatory Nos. 6 and 7 ……. 9

      Plaintiff's Argument for Compelled Further Responses to

      Interrogatory Nos. 6, 7 …………………………………..…… 9

   2.  Plaintiff's Motion to Compel Further Responses to First

      Request For Production of Documents to HBM …..……….. 10

**REQUEST FOR PRODUCTION NO. 4** …………….…………. 11

      Plaintiff's Argument for Compelled Further Response …….. 11

**REQUEST FOR PRODUCTION NO. 5** …………….…………. 11

**REQUEST FOR PRODUCTION NO. 6** …………….…………. 11

///

1    Plaintiff's Argument for Compelled Further Response
2         To RFP Nos. 5, 6 …………………………………...… 12
3    **REQUEST FOR PRODUCTION NO. 7** …………….……..… 12
4    **REQUEST FOR PRODUCTION NO. 8** …………….……...… 12
5    **REQUEST FOR PRODUCTION NO. 14** …………..…...…. 12
6         Plaintiff's Argument for Compelled Further Responses to
7         Interrogatory Nos. 7, 8, 14 …………………….……...... 12
8    **REQUEST FOR PRODUCTION NO. 9** ………..……..…… 13
9    **REQUEST FOR PRODUCTION NO. 10** ………..…………... 13
10   **REQUEST FOR PRODUCTION NO. 11** ………..…………… 13
11   **REQUEST FOR PRODUCTION NO. 12** ………..…………… 13
12        Plaintiff's Argument for Compelled Further Responses to
13        Interrogatory Nos. 9, 10, 11, 12 ………………….…..…. 13
14   **REQUEST FOR PRODUCTION NO. 13** ………..…....…… 14
15        HBM's Response ……………….……………..……….. 14
16        Plaintiff's Argument for Compelled Further Response ……. 14
17   **REQUEST FOR PRODUCTION NO. 15** ………..…....…… 14
18   **REQUEST FOR PRODUCTION NO. 16** ………..…......…… 14
19        Plaintiff's Argument for Compelled Further Responses to
20        Interrogatory Nos. 15, 16 ………………………….….… 15
21   **REQUEST FOR PRODUCTION NO. 17** ………..…......…… 15
22   **REQUEST FOR PRODUCTION NO. 18** ………..…......…… 15
23   **REQUEST FOR PRODUCTION NO. 19** ………..………..… 15
24   **REQUEST FOR PRODUCTION NO. 20** ………..…......…… 15
25   **REQUEST FOR PRODUCTION NO. 21** ………..…......…… 15
26   **REQUEST FOR PRODUCTION NO. 22** ………..…......…… 15
27   **REQUEST FOR PRODUCTION NO. 23** ………..…......…… 16
28   **REQUEST FOR PRODUCTION NO. 24** ………..…......…… 16

Plaintiff's Argument for Compelled Further Responses to

RFP Nos. 17, 18, 19, 20, 21, 22, 23, 24 ………..…..…..… 16

**REQUEST FOR PRODUCTION NO. 25** ………..…..…..… 17

Plaintiff's Argument for Compelled Further Response …… 17

**REQUEST FOR PRODUCTION NO. 26** ………..…..…..… 17

Plaintiff's Argument for Compelled Further Response …… 17

**REQUEST FOR PRODUCTION NO. 27** ………..…..…..… 18

Plaintiff's Argument for Compelled Further Response …… 18

**REQUEST FOR PRODUCTION NO. 28** ………..…..…..… 19

Plaintiff's Argument for Compelled Further Response …… 19

**REQUEST FOR PRODUCTION NO. 29** ………..…..…..… 19

**REQUEST FOR PRODUCTION NO. 30** ………..…..…..… 20

**REQUEST FOR PRODUCTION NO. 33** ………..…..…..… 20

Plaintiff's Argument for Compelled Further Responses to

RFP Nos. 29, 30, 33 ………..…………………….…..… 20

**REQUEST FOR PRODUCTION NO. 31** ………..…..…..… 20

Plaintiff's Argument for Compelled Further Response …… 20

**REQUEST FOR PRODUCTION NO. 35** ………..…..…..… 35

Plaintiff's Argument for Compelled Further Response …… 35

**REQUEST FOR PRODUCTION NO. 37** ………..…..…..… 21

Plaintiff's Argument for Compelled Further Response …… 21

III.  **HBM AND ITS COUNSEL SHOULD BE SANCTIONED**

**FOR THEIR FAILURE TO COMPLY WITH DISCOVERY**

**AND THEIR FAILURE TO RESPOND TO THE JOINT**

**STIPULATION PREPARED BY DIAZ'S COUNSEL** ……… 21

IV.  **CONCLUSION** ………..……….…..…………….…..…….. 23

# TABLE OF AUTHORITIES

**Page**

## CASES

*A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006)...................7

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254,

      at *2 (N.D. Cal. 2012) ........................................................14, 15, 20

Bess v. Cate, No. 07cv1989-JAM-JFM, 2008 WL 5100203,

      at *4 (E.D. Cal. Nov. 26, 2008)..................................................10

*Davis v. Fendler*, 650 F.2d 1154 (9th Cir.1981) ........................14, 15, 20

*Duran v. Cisco Sys., Inc*., 258 F.R.D. 375, 378 (C.D. Cal. 2009).............................7

F.T.C. v. AMG Servs., Inc., 291 F.R.D. 544 (D. Nev. 2013) ...................10

*Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP),

      2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008) ......................................8

*Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668,

      44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) ........................................8

*Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ......8

*Schudel v. Searchguy.com, Inc*., No. 07CV695-BEN (BLM),

      2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) ....................................8

## STATUTES

Federal Rule of Civil Procedure, Rule 26(b)(1) ........................................6

Federal Rule of Civil Procedure, Rule 34(b)(2)(B)...................................10

NOTICE OF MOTION AND MOTION TO COMPEL
FURTHER RESPONSES FROM HBM AND SANTIONS

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 10, 2022, at 10:00 a.m. before the Honorable Kenly Kiya Kato, in Courtroom 3 or 4 of the United States Courthouse for the Central District of California, Eastern Division, George E. Brown, Jr. Federal Building and United States Courthouse located at 3470 12th St., Riverside, CA 92501, pursuant to Local Rule 37-2.1, Plaintiff Joseph Diaz, Jr. ("Plaintiff") will and hereby does move the Court for an order compelling further responses to:

1) Plaintiff's First Set of Interrogatories to Defendant Heredia Boxing Management ("Interrogatories"); and

2) Plaintiff's First Request for Production of Documents to Defendant Heredia Boxing Management ("RFPSs").

Plaintiff also requests sanctions against Defendant Heredia Boxing Management ("HBM") and HBM's counsel in the amount of $17,625.00.00.

This Motion is brought pursuant to FRCP 37 upon the grounds that HBM has failed to provide its portion of the Joint Stipulation within seven days of receiving Plaintiff's Joint Stipulation; (2) HBM has not produced any documents in response to Plaintiff's Requests for Production, Set One; and (3) HBM has refused to supplement both its RFP and Interrogatory responses. The Interrogatories and RFPs seek specific relevant information necessary to support Plaintiff's claims.

Plaintiff submits this Motion to Compel in connection with Plaintiff's Joint Stipulation to compel document production of and further responses to Plaintiff's Request for Production, Set One and Interrogatories, Set One. In accordance with Local Rule 37-1, counsel for Plaintiff made a good faith effort to meet and confer to resolve the dispute and submitted a Joint Stipulation to HMB pursuant to Local Rule 37 to which HBM did not provide any response. *See* Declaration of Gina Simas ("Simas Decl.") [filed concurrently herewith] ¶¶ 9-15, Exs. F.)

///

///

1      The motion is based upon this Notice of Motion, Memorandum of Points and

2 Authorities in support thereof, Declaration of Gina Simas and the exhibits attached

3 thereto, including the Joint Stipulation (Ex. H), and all pleadings on file with the Court.

4

5 Dated:  February 11, 2022                **VGC, LLP**

6

7                      By:*/s/ Gina Simas*

8                          James L. Greeley

9                          Diyari Vázquez

10                          Gina Simas

                         Attorneys for Plaintiff,

11                          JOSEPH DIAZ, JR.

NOTICE OF MOTION AND MOTION TO COMPEL
FURTHER RESPONSES FROM HBM AND SANTIONS

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3

Pursuant to Federal Rules of Civil Procedure Rule 37, Plaintiff Joseph Diaz, Jr.

4 ("Plaintiff" or "Diaz") brings this Motion to Compel against Defendant Heredia

5 Boxing Management ("Defendant" or "HBM"). Specifically, by this Motion, Diaz

6 seeks an order requiring HBM to provide amended responses to its Requests for

7 Production and Interrogatories. Specifically, Diaz seeks an order requiring HBM to:

8 (a) produce all responsive documents (and without objections where no objections

9 were previously asserted); (b) provide all information responsive to the Interrogatories;

10 and (c) sanctions in the amount of $17,625.00.00.

11

**A) Nature of the Case**

12

This is a civil action filed by Plaintiff Joseph Diaz, Jr. ("Plaintiff") against

13 Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management ("HBM")

14 (collectively "Defendants") for their violations of state and federal law. Heredia

15 Boxing Management ("HBM") is a California Corporation and one of the vehicles for

16 Heredia's theft from Diaz. (FAC (Dkt 69) ¶ 62.) The only officers and directors of

17 HBM listed in its public filings with the California Secretary of State are Moses and

18 Ralph Heredia. (Id. ¶ 62.) "Moses Heredia is the CEO of HBM, and Ralph Heredia is

19 its Secretary and CFO." [Dkt. 88-1 at 4:23-24].  The California Athletic Commission

20 has no record that HBM has ever received a license. (Id. ¶ 62.) Despite California law

21 requiring that all boxing managers be licensed in order to receive proceeds from the

22 boxer, and despite language in the 2017 Agreement between Moses Heredia and Diaz

23 requiring that no person other than the managers listed in the 2017 Agreement

24 participate in the boxer's ring earnings, HBM received *hundreds of thousands of*

25 *dollars* of Diaz's ring earnings. (Id. ¶ 62.) HBM was directly paid these monies in

26 checks issued by Golden Boy Promotions. (Id. ¶ 62.) By having the ring payments

27 made to a business entity, Heredia concealed his participation and receipt of funds from

28 Diaz at times where he was not a licensed boxer manager. (Id. ¶ 62.) All of the

1  payments to HBM were illicit and improper, and in breach of the 2017 Agreement. (Id.

2  ¶ 62.)

3  　　　Notably, on May 19, 2021, when this Court denied Heredia's motion to compel

4  arbitration on the merits (Dkt. 44), the Court found:

> The Court concludes that Heredia, a nonsignatory to the
> Management Contract, does not have the right to compel
> arbitration under that agreement Furthermore, assuming
> arguendo that Heredia is an employee of ***Heredia Boxing***
> ***Management, that entity is not a party to the Management***
> ***Contract either***. The Management Contract is between "Moses
> Heredia" and "Joseph Diaz Jr."—Moses Heredia is designated as
> the "Manager" and Diaz is designated as the "Boxer." ***The***
> ***Management Contract does not contain any reference to***
> ***"Ralph Heredia" or "Heredia Boxing Management***.

12  (Dkt. 44) (emphasis added). As such, any references to the arbitration are irrelevant

13  because neither Heredia nor HBM (the defendants at issue here) were parties to the

14  arbitration.　Diaz brings three causes of action against HBM in this litigation:

15  conversion, quantum meruit and accounting.

16  　　　**B) Diaz's Unsuccessful Efforts to Resolve Discovery Disputes**.

17  　　　In order to gather information necessary to prosecute his claims, on or about

18  December 15, 2021, Diaz served his First Set of Interrogatories and First Set of

19  Requests for Production on HBM. (*See* Declaration of Gina Simas ("Simas Decl.")

20  [filed concurrently herewith] ¶ 7, Exs. A & B.)　On January 24, 2022, HBM ***untimely***

21  responded to this discovery.　(Simas Decl., ¶ 8, Exs. C & D.) Notably, in response to

22  over half of the Requests for Production, all of which are clearly relevant, HBM stated

23  "Defendant is currently not aware of whether there are any potentially responsive

24  documents withheld in response to this request." Similarly, in response to over half of

25  the Interrogatories, HBM states: "Defendant is currently unaware of any information

26  responsive to this interrogatory." After serving the deficient discovery responses,

27  counsel emailed back and forth to set up a meet and confer. (Simas Decl., ¶ 9.) The

28  purpose of the meet and confer was to discuss various issues: discovery; a protective

order, and Diaz's deposition. (Simas Decl., ¶ 9.) This meet and confer was scheduled to occur on January 27, 2022. (Simas Decl., ¶ 9.)

On January 27, 2022, Diaz's counsel met with HBM's counsel via telephone. (Simas Decl., ¶ 10.) During this meet and confer conversation Diaz's counsel stated that HBM's responses were completely deficient. (Simas Decl., ¶ 10.) In response, HBM's counsel expressly stated that he would not supplement HBM's responses. (Simas Decl., ¶ 10.) Diaz's counsel then informed HBM's counsel that she would bring a motion to compel against HBM. (Simas Decl., ¶ 10.) In other words, HBM's counsel was well aware that Diaz's counsel would be preparing the Joint Stipulation as a result of HBM's counsel's express refusal to supplement HBM's responses. On February 2, 2022, Diaz's counsel sent his portion of the Joint Stipulation. (Simas Decl., ¶ 10.) On February 7, 2022, at 10:25 p.m., two days before its portion was due, HBM's counsel falsely claimed that the parties did not meet and confer. If this was in fact true, and it is ***not***, why did HBM's counsel wait over five days to raise this issue to Diaz's counsel? The reality is that HBM's counsel concocted a false story likely to avoid having to draft HBM's portion of the Joint Stipulation. Diaz's counsel drafted the Joint Stipulation as a result of HBM's outright refusal to supplement the discovery responses, which occurred during their meet and confer. (Simas Decl., ¶ 11.) Obviously, Diaz's counsel would not have spent numerous hours drafting a Joint Stipulation were it not for the fact that she informed HBM's counsel that she was bringing a motion to compel as a result of this refusal.  (Simas Decl., ¶ 11.)  Had HBM's counsel agreed to supplement during the meet and confer, which he did not, this would all have been avoided. HBM's failure to provide adequate responses to the RFPs and Interrogatories necessitated this motion to compel. HBM's obstructionist conduct during discovery has been nothing short of bad faith. HBM has failed to comply with basic discovery obligations and has purposefully avoided producing relevant documents. Instead, HBM opted to assert a number of boilerplate objections, make improper unsupported assertions of privilege, and in response to requests for production produced twenty-five pages of non-

5

compliant documents (i.e. these documents are not properly Bate Stamped for this litigation and instead contain Bate Stamps starting with "Heredia EXH0683").[1]

Encapsulating the violations of Local Rule 37, HBM refused to return its portion of the Joint Stipulation under Local Rule 37, falsely claiming the parties did not meet and confer, and thereby forcing Plaintiff to bring a noticed motion. (Simas Decl., ¶¶ 13-16, Ex. F.) HBM's conduct is outrageous and warrants sanctions. Plaintiff simply needs straightforward information, and this motion is necessary to get it from HBM.

To prevent this ongoing misconduct and to punish HBM and its counsel for altogether failing its discovery obligations, Diaz respectfully requests that the Court impose sanctions against HBM and its counsel for failure to provide discovery in this matter in the amount of $17,625.00.00.

## II.   ARGUMENT

In response to the majority of Interrogatories and thirty-seven Requests for Production ("RFP"), HBM improperly objects that such requests are "outside the scope permitted by Rule26(b)(1)." Attached to the Simas Decl. is a chart detailing each individual Interrogatory and Request for Production at issue in the Motion. Simas Decl., ¶ 18, Ex. I. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate

---

[1] These documents are nowhere referenced in HBM's written responses to the RFPs.

NOTICE OF MOTION AND MOTION TO COMPEL
FURTHER RESPONSES FROM HBM AND SANTIONS

and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted). "[B]oilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper. Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Because HBM has provided no basis or indication as to why any of their objections should be given weight, their objections should not be sustained. Simply put, HBM comes nowhere close to meeting its burden of clarifying, explaining, and supporting their objections.

**1. Plaintiff's Motion to Compel Further Responses to First Set of Interrogatories to HBM.**

Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Rule 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(4).

**SPECIAL INTERROGATORIES NO. 1:**

IDENTIFY all PERSONS for whom YOU serve as a boxing manager.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY the amount of money YOU have earned from GOLDEN BOY in connection with any work relating to DIAZ.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

*///*

**HBM's Responses to Special Interrogatories 1, 3, 4, 5:**

Defendant is currently unaware of any information responsive to this interrogatory.

**Plaintiff's Argument for Compelled Further Responses to Interrogatory Nos. 1, 3, 4, 5:**

In response to each of these four Interrogatories, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]").

The incomplete responses, and HBM's counsel's failure to clarify the responses during the meet and confer process, "directly subvert[ed]" the "purpose" of these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also Schudel v. Searchguy.com, Inc*., No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (citing Davis, 650 F.2d at 1160) (finding interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in

///

discovery."). Diaz therefore requests that HBM be compelled to fully answer Interrogatory Nos. 1, 3, 4 and 5.

### SPECIAL INTERROGATORY NO. 6:

IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on October 19, 2021 [Dkt. 77].

### SPECIAL INTERROGATORY NO. 7:

IDENTIFY all DOUCMENTS, including COMMUNICATIONS supporting the affirmative defenses raised in YOUR Answer filed on October 19, 2021 [Dkt. 77].

**HBM's Responses to Special Interrogatory Nos. 6 and 7:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**Plaintiff's Argument for Compelled Further Responses to Interrogatory Nos. 6, 7:**

These two interrogatories are clearly within the scope permitted by Rule 26(b)(1) and Plaintiff's only access to this requested information is by obtaining it from HBM. Diaz is plainly entitled to facts regarding HBM's affirmative defenses. HBM's objections are boilerplate and frivolous. This is not information protected by privilege. Moreover, Diaz does not have equal access to the facts upon which ***HBM*** bases its affirmative defenses. HBM must be compelled to IDENTIFY all facts upon which he bases the affirmative defenses raised in its Answer. Diaz therefore requests that HBM be compelled to fully answer Interrogatory Nos. 6 and 7.

///

**2. Plaintiff's Motion To Compel Further Responses To First Request For Production Of Documents To HBM.**

Under Rule 34(a)(1), the party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C).

To the extent HBM objects based on "outside the scope" in a boilerplate, conclusory manner, those objections are improper. F.T.C. v. AMG Servs., Inc., 291 F.R.D. 544, 553 (D. Nev. 2013) (stating that the objecting party must "specifically detail the reasons why each request is irrelevant and may not rely on boilerplate, generalized, conclusory" arguments). Where "the responding party provides a boilerplate or generalized objection, said 'objections are inadequate and tantamount to not making any objection at all.'" Bess v. Cate, No. 07cv1989-JAM-JFM, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008).

As to HBM's purported responses discussed below, Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In most of its responses, HBM has not stated that it actually conducted a diligent search and reasonable inquiry. HBM merely stated that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." This is insufficient and evasive. HBM must state what efforts it underwent to search for the documents and the reason(s) why no documents exist and/or are not in its possession. Similarly, HBM repeatedly states that "investigation is ongoing." In response to the RFPs, HBM was required to conduct an investigation and a diligent search. HBM's objections are inappropriate and demonstrate that it is not taking their discovery

10

1   obligations seriously. HBM has no right to withhold responsive documents.

2       Due to page limitations, Diaz is unable to detail each individual request and

3   corresponding deficient response. Attached to the Simas Decl. is a detailed chart

4   specifying each of these requests, HBM's deficient responses and Diaz's support for

5   compelling a further response. *See* Simas Decl., ¶ 18, Ex. I. Below is an abbreviated

6   version of these issues and argument in support of this Motion.

7   **REQUEST FOR PRODUCTION NO. 4:**

8       All accounting records relating to YOUR management of DIAZ.

9   **Plaintiff's Argument for Compelled Further Response:**

10      This Request is clearly relevant and within the scope of this litigation. Diaz has

11  alleged that Heredia acted as his unlicensed manager and took monies and other

12  property from Diaz, and is seeking an accounting. HBM is a California corporation and

13  another vehicle of Heredia's theft from Diaz.  The only officers and directors listed for

14  HBM in its public filings with the California Secretary of State are Moses and Ralph

15  Heredia. "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and

16  CFO." [Dkt. 88-1 at 4:23-24].   Diaz has alleged that the California Athletic

17  Commission has no record stating that HBM has ever received a license, and, despite

18  California law requiring all managers be licensed, HBM received hundreds of

19  thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the

20  payments HBM were illicit and improper. Diaz has brought causes of action for, inter

21  alia, conversion and accounting against HBM. HBM's objections are frivolous and

22  lack merit. Finally, referencing Bates Nos. used in another litigation not involving

23  HBM is non-responsive. HBM should be compelled to produce all documents in its

24  custody and control responsive to Diaz's document request No. 4.

25  **REQUEST FOR PRODUCTION NO. 5:**

26      All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

27  **REQUEST FOR PRODUCTION NO. 6:**

28      All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

**Plaintiff's Argument for Compelled Further Responses to RFP Nos. 5, 6:**

These Requests are clearly relevant and within the scope of this litigation. HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover any documents that Moses, Diaz's paper manager, provided to HBM that relate to Diaz, Diaz's management and the various issues that HBM has raised in this litigation. "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and CFO." [Dkt. 88-1 at 4:23-24].  As such, this Request is clearly relevant to this action. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."   HBM concludes its series of baseless objections with the statement that it is "not currently aware of whether there are any potentially responsive documents withheld in response to this request," and HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document requests Nos. 5 and 6.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ.

**Plaintiff's Argument for Compelled Further Responses to RFP's Nos. 7, 8, 14:**

These Requests are clearly relevant and within the scope of this litigation. Diaz alleges, in part:

> As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits

for himself from Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.

HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between HBM and its promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document requests Nos. 7, 8 and 14.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

**Plaintiff's Argument for Compelled Further Responses to RFP Nos. 9, 10, 11, 12:**

These Requests are clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be

licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. HBM's objections are frivolous and lack merit. HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request Nos. 9, 10, 11 and 12.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**HBM's Response:** Please see Bates No. 355.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Request, HBM asserted no objections. Having failed to do all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 13.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relating to any insurance policies covering YOUR defense relating to the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to any insurance policies covering YOUR defense against COMPLAINT.

///

NOTICE OF MOTION AND MOTION TO COMPEL
FURTHER RESPONSES FROM HBM AND SANTIONS

**Plaintiff's Argument for Compelled Further Response to RFP Nos. 15, 16:**

In response to these Requests, HBM asserted no objections. Having failed to do all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). HBM simply states: "Defendant is currently unaware of any documents responsive to this request." HBM has an obligation to conduct a diligent search and to become aware. If there are no insurance policies covering HBM's defense relating to the LAWSUIT, HBM must state this. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document requests Nos. 15 and 16.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's

15

claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.".

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

**Plaintiff's Argument for Compelled Further Responses to RFP Nos. 17, 18, 19, 20, 21, 22, 23, 24:**

To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to these simple discovery requests demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents with Bates Nos. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation. HBM also directs Diaz "to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," and "to the documents identified in Defendant's Rule 26 disclosures."  These also do not inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request Nos. 17, 18, 19, 20, 21, 22, 23 and 24.

///

///

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS RELATING TO information received by HBM regarding DIAZ. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 25.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had

1  further alleged that all of the payments to HBM were illicit and improper. Diaz has

2  brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz

3  is entitled to discovery of DOCUMENTS RELATING TO information received by

4  HBM regarding the LAWSUIT. To the extent HBM is withholding documents based

5  on privilege it must describe them in particularity in a privilege log to enable Diaz to

6  assess the applicability of the asserted "privilege or protection."  HBM concludes its

7  series of baseless objections with the statement that "it is currently not aware of

8  whether there are any potentially responsive documents withheld in response to this

9  request."  HBM has an obligation to conduct a diligent search and to become aware.

10 Finally, referencing Bates Nos. used in another litigation not involving HBM is non-

11 responsive. HBM should be compelled to produce all documents in its custody and

12 control responsive to Diaz's document request No. 26.

13 **REQUEST FOR PRODUCTION NO. 27:**

14     All DOCUMENTS, including COMMUNICATIONS, relating to the facts or

15 issues raised in the COMPLAINT.

16 **Plaintiff's Argument for Compelled Further Response:**

17     This Request is clearly relevant and within the scope of this litigation. Diaz has

18 alleged that the California Athletic Commission has no record stating that HBM has

19 ever received a license, and, despite California law requiring all managers be licensed,

20 HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had

21 further alleged that all of the payments to HBM were illicit and improper. Diaz has

22 brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz

23 is entitled to discovery of DOCUMENTS relating to the facts or issues raised in the

24 COMPLAINT." To the extent HBM is withholding documents based on privilege it

25 must describe them in particularity in a privilege log to enable Diaz to assess the

26 applicability of the asserted "privilege or protection."  HBM concludes its series of

27 baseless objections with the statement that "it is currently not aware of whether there

28 are any potentially responsive documents withheld in response to this request."  HBM

1   has an obligation to conduct a diligent search and to become aware. Finally, referencing

2   Bates Nos. used in another litigation not involving HBM is non-responsive.

3   Remarkably, HBM states: "***please see the entire docket in this case***." It is inexplicable

4   how the docket is responsive to this Request.  HBM should be compelled to produce

5   all documents in its custody and control responsive to Diaz's document request No. 27.

6   **REQUEST FOR PRODUCTION NO. 28:**

7        All DOCUMENTS, including COMMUNICATIONS, between YOU and any

8   PERSON relating to the facts or issues raised in the COMPLAINT.

9   **Plaintiff's Argument for Compelled Further Response:**

10        This Request is clearly relevant and within the scope of this litigation. Diaz has

11   alleged that the California Athletic Commission has no record stating that HBM has

12   ever received a license, and, despite California law requiring all managers be licensed,

13   HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had

14   further alleged that all of the payments to HBM were illicit and improper. Diaz has

15   brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz

16   is entitled to discovery of DOCUMENTS relating to the facts or issues raised in the

17   LAWSUIT." To the extent HBM is withholding documents based on privilege it must

18   describe them in particularity in a privilege log to enable Diaz to assess the applicability

19   of the asserted "privilege or protection."   HBM concludes its series of baseless

20   objections with the statement that "it is currently not aware of whether there are any

21   potentially responsive documents withheld in response to this request."  HBM has an

22   obligation to conduct a diligent search and to become aware. Remarkably, HBM states:

23   "***please see other communications by Defendant regarding Diaz identified***

24   ***throughout these Responses***." It is inexplicable how this is responsive to this Request.

25   HBM should be compelled to produce all documents in its custody and control

26   responsive to Diaz's document request No. 28.

27   **REQUEST FOR PRODUCTION NO. 29:**

28        All DOCUMENTS reflecting or showing YOUR organization chart.

NOTICE OF MOTION AND MOTION TO COMPEL
FURTHER RESPONSES FROM HBM AND SANTIONS

1  **REQUEST FOR PRODUCTION NO. 30:**

2       All DOCUMENTS reflecting or showing all of YOUR employees.

3  **REQUEST FOR PRODUCTION NO. 33:**

4       All Internal Revenue Service Form W-2s provided by YOU to Moses Heredia.

5  **Plaintiff's Argument for Compelled Further Response to RFP Nos. 29, 30, 33:**

6       In response to these Requests, HBM asserted no objections. Having failed to do

7  so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981);

8  *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012).

9  HBM simply states: "Defendant is currently unaware of any documents responsive to

10 this request." HBM has an obligation to conduct a diligent search and to become aware.

11 If there is not an organizational chart for HBM, HBM must state this. HBM should be

12 compelled to produce all documents in its custody and control responsive to Diaz's

13 document request Nos. 29, 30 and 33.

14 **REQUEST FOR PRODUCTION NO. 31:**

15      All DOCUMENTS reflecting or relating to YOUR profit and loss statements

16 for the period January 2017 through the present.

17 **Plaintiff's Argument for Compelled Further Response:**

18      In response to this Request, HBM asserted no objections. Having failed to do so

19 all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*

20 *Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012).

21 Additionally, referencing Bates Nos. used in another litigation not involving HBM is

22 non-responsive. HBM should be compelled to produce all documents in its custody

23 and control responsive to Diaz's document request No. 31.

24 **REQUEST FOR PRODUCTION NO. 35:**

25      YOUR Articles of Incorporation.

26 **Plaintiff's Argument for Compelled Further Response:**

27      In response to this Request, HBM asserted no objections. Having failed to do so

28 all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*

*Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 35.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's First Set of Interrogatories served concurrently herewith.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Diaz to Bates Nos. used in another litigation is non-responsive. Further HBM states: "Defendant further directs Plaintiff to ***Defendant's Rule 12(c) motion***." This Request seeks DOCUMENTS supporting HBM's responses to Interrogatories. Referring Diaz to pleadings filed in this action is non-responsive and does nothing to inform Diaz of DOCUMENTS supporting HBM's Interrogatory responses.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 37.

**III.   HBM AND ITS COUNSEL SHOULD BE SANCTIONED FOR THEIR FAILURE TO COMPLY WITH DISCOVERY AND THEIR FAILURE TO RESPOND TO THE JOINT STIPULATION PREPARED BY DIAZ'S COUNSEL**

Sanctions should be imposed against Plaintiffs for failure to provide discovery in this matter. According to the Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Diaz propounded interrogatories and requests for production which are directly relevant to this action. It is clear that all of the above objections offered by HBM were not substantially justified.

HBM's lack of cooperation has rendered the discovery process unduly burdensome and unnecessarily expensive for Diaz and the Court.

As a result, Diaz has unnecessarily incurred attorney's fees and costs by engaging in futile efforts to meet and confer with Defendant's counsel and by filing this motion to compel. HBM's willful and inexcusable disregard of its discovery obligations deserves the imposition of sanctions, as authorized in F.R.C.P. 37(a)(5).

Diaz has incurred significant expense in attempting to informally resolve the discovery disputes giving rise to this motion with HBM's counsel. Diaz has attended one meet and confer conference and has spent significant time preparing his portion of this Joint Stipulation. (Simas Decl., ¶ 10.)  After spending enormous time and effort drafting the Joint Stipulation, after sending the Joint Stipulation to HBM's counsel, and after more than five days passed, HBM's counsel then falsely claims that the parties did not meet and confer. (Simas Decl., ¶¶ 10, 13-16 and Ex. F.) One would think that immediately upon receiving the Joint Stipulation, if it were actually true that the parties did not meet and confer, that HBM's counsel would raise this issue immediately.  Instead, he waited until February 7, 2022 at 10:25 p.m. to email Diaz's counsel about his alleged failure to meet and confer. This is an outright fabrication.  On January 27, 2022, the parties met and conferred and HBM's counsel unequivocally stated that he would not supplement HBM's responses.  (Simas Decl., ¶¶ 10, 13-16 and Ex. G.) Any assertion that the parties did not meet and confer is absolutely false and should be rejected. In addition to having to engage in all of this work, including having to change the Joint Stipulation to this Motion, Diaz expects to incur additional time drafting supplemental briefing on these discovery issues and appearing at the hearing on this Motion. All told, Diaz expects to spend thirty (35) hours of attorney and paralegal time in connection with this discovery dispute totaling approximately $17,625.00 in attorneys' fees. (Simas Decl., ¶ 11.) In light of HBM's refusal to comply with its discovery obligations, it should be ordered to pay the entirety of this sum to Diaz as sanctions under F.R.C.P. Rule 37.

HBM's abuse of discovery is now exacerbated by its refusal to respond to the Joint Stipulation. Such refusal is based on HBM's falsehood that the parties did not meet and confer regarding HBM's discovery. The parties met and conferred on January 27, 2022.  (Simas Decl., ¶ 10-11.)  During this meet and confer conversation, after stating that HBM's responses were inadequate, HBM's counsel expressly stated that he would not further supplement HBM's responses. (Simas Decl., ¶ 11.) Also during that conversation, Diaz's counsel informed HBM's counsel that she would bring a motion to compel against HBM. (Simas Decl., ¶ 11.)  Then, after spending hours drafting the Joint Stipulation, HBM's counsel falsely claims there was no meet and confer.  Notably, during this entire arduous and tedious process, HBM's counsel has yet to supplement any of HBM's responses.  The fabrications and gamesmanship must stop. Diaz implores this Court to issue sanctions against both HBM and its counsel.

## IV.   CONCLUSION

HBM has willfully obstructed discovery. The vast majority of interrogatory responses are incomplete or entirely non-responsive and HBM produced a mere twenty-five pages of documents in response to 37 clearly relevant RFPs. Based on the foregoing, Diaz respectfully submits that HBM should be ordered to provide complete responses to Diaz's written discovery. Where HBM failed to assert objections, this Court should order HBM to respond to such Requests without objection. In addition, Defendant should be ordered to reimburse Plaintiff for $17,625.00 in attorneys' fees he has incurred in connection with these discovery disputes. Diaz respectfully requests that the Court issue an order:

///

///

///

///

///

///

NOTICE OF MOTION AND MOTION TO COMPEL
FURTHER RESPONSES FROM HBM AND SANTIONS

(1) Requiring HBM to (a) produce all responsive documents (and without objections where no objections were previously asserted; and (b) provide all information responsive to the Interrogatories; and

(2) Imposing sanctions against HBM and HBM's counsel in the amount of $17,625.00.

*Respectfully submitted*,

Dated: February 11, 2022 **VGC, LLP**


By: */s/ Gina Simas*
James L. Greeley
Diyari Vázquez
Gina Simas
Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

1

## **CERTIFICATE OF SERVICE**

2          I, Gina Simas, hereby certify that on February 11, 2022, I electronically filed the

3   foregoing with the Clerk of the Court using the CM/ECF system, which will send

4   notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice

5   List, and I hereby certify that I have mailed the foregoing document to the non-

6   CM/ECF participants indicated on the Manual Notice List.

7

8   Dated: February 11, 2022          By: */s/ Gina Simas*

9                                     Gina Simas

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL
FURTHER RESPONSES FROM HBM AND SANTIONS