James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885

Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>    Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br><u>HON. KENLY KIYA KATO</u><br><br>**[DISCOVERY MATTER]**<br><br>**DECLARATION OF GINA SIMAS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HEREDIA BOXING MANAGEMENT; REQUEST FOR SANCTIONS IN THE AMOUNT OF $17,625.00; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 10, 2022<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4<br>Judge: Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off Date: April 22, 2022<br>Pre-Trial Conference: August 12, 2022<br>Trial Date: August 29, 2022 |

I, Gina Simas, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. ("Diaz"). I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto. I make this declaration pursuant to Local Rule 37, in support of Plaintiff's Motion to Compel Further Responses to First Set of Interrogatories and Requests for Production of Documents to Heredia Boxing Management and Request for Sanctions. ("Motion").

2. I am familiar with the time and other records maintained by VGC, LLP.

3. I have been practicing law for 20 years and have extensive civil litigation experience. I am a graduate of the University of California Los Angeles School of Law and was admitted to the State Bar of California in 1999. At all times throughout this matter, my hourly rate with VGC, LLP was $575 per hour.

4. The paralegal who worked on this matter is Christy Jones. I have supervised and/or coordinated the work of Ms. Jones.

5. Christy Jones is a senior paralegal and earned her Paralegal Certificate in 1997. She has worked as a paralegal for 25 years. Ms. Jones attends CLE courses on a regular basis and has complied with the provisions of California Business and Professions Code Section 6450 et seq. with respect to the number of CLE credits required of a paralegal. At all times throughout this matter her hourly rate has been $325 per hour.

6. I am informed and believe that the above-stated rates are reasonable hourly rates as compared to the prevailing rates in the community for similar work.

7. On or about December 15, 2021, Diaz served his First Set of Requests for Production of Documents and Interrogatories on Defendant Heredia Boxing Management ("HBM"). Attached as Exs. "A" and "B" are these Requests.

///

///

8. On or about January 24, 2022, HBM untimely provided responses to Diaz's Requests for Production and Interrogatories. Attached as Exs. "C" and "D" are true and correct copies of these Responses.

9. Thereafter, opposing counsel and I emailed back and forth to set up a meet and confer. The purpose of the meet and confer was to discuss various issues: discovery; a protective order, and Diaz's deposition. This meet and confer was scheduled to occur on January 27, 2022.

10. On January 27, 2022, I met with HBM's counsel via telephone. During that conversation, I explained to HBM's counsel that HBM's responses were entirely inadequate. In response, HBM's counsel expressly stated that he would not further supplement HBM's responses. I then informed counsel that I could bring a motion to compel against HBM. In other words, HBM's counsel was well aware that Diaz's counsel would be preparing the Joint Stipulation as a result of HBM's counsel express refusal to supplement HBM's responses. On February 2, 2022, Diaz's counsel sent his portion of the Joint Stipulation. On February 7, 2022, at 10:25 p.m., two days before its portion was due, HBM's counsel falsely claimed that the parties did not meet and confer.

11. As a result of HBM's absolute refusal to supplement HBM's discovery responses during the parties meet and confer, Diaz was forced to bring this Motion. In so doing, Diaz requests sanctions in the amount of $10,250.00. Diaz has incurred significant expenses in attempting to informally resolve the discovery disputes giving rise to this motion with HBM's counsel. I attended a meet and confer conference and spent significant time preparing his portions of the Joint Stipulation. After HBM's counsel refused to respond to the Joint Stipulation, I was forced to draft the Motion. In addition, Diaz's counsel expects to incur additional time drafting supplemental briefing on these discovery issues and appearing at the hearing on this motion. All told, Diaz expects to spend thirty-five (35) hours in connection with this discovery dispute totaling approximately $17,625.00 in attorneys' fees. I anticipate billing at least

twenty-five (25) hours on this dispute. To date, Ms. Jones has spent ten (10) hours on this dispute.

12. The discovery cut-off in this action is April 22, 2022.

13. Pursuant to L.R. 37-2.2, on February 2, 2022, I emailed HBM's counsel Diaz's portion of the stipulation to be offered in support of the Diaz's position. Attached as Ex. "E" is a true and correct copy of this email.

14. On February 7, 2022, at 10:25 p.m., HBM's counsel emailed me claiming that Diaz's counsel did not comply with Local Rule 37-1. Attached as Ex. "F" is a true and correct copy of this email.

15. Thereafter, on February 8, 2022, at 8:52 a.m., I responded to HBM's counsel stating, inter alia:

> Regarding HBM, we reject any attempt to rewrite history. As you know, ***we met and conferred on January 27, 2022 on various issues, including HBM's deficient discovery responses. During that conversation you made very clear that you would not further supplement HBM's responses. During that conversation, I informed you that we would be filing motions to compel against both Heredia and HBM. You acknowledged and accepted this.*** Therefore, any belated assertion that you did not have notice or would have somehow provided more sufficient responses is disingenuous. HBM's portion to the Joint Stipulation is due tomorrow.

Attached as Ex. "G" is a true and correct copy of this email.

16. The parties absolutely met and conferred on January 27, 2022 to discuss HBM's deficient responses. HBM's counsel made clear to me he would not supplement these responses. I made expressly clear to him that I would be filing a motion to compel. HBM's counsel refused to provide any response to the Joint Stipulation regarding HBM.

17. Attached as Ex. "H" is a true and correct copy of the Joint Stipulation that I sent to HBM's counsel on February 2, 2022.

18. Attached as Ex. "I" is a true and correct copy of a chart detailing each individual Interrogatory and Request for Production at issue in the Motion.

19. Pursuant to Local Rule 37-2.4, I hereby testify that HBM's counsel failed to provide Diaz's counsel with HBM's portion of the joint stipulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed February 11, 2022, in Santa Monica, California.

/s/ Gina Simas
GINA SIMAS