# EXHIBIT A

James L. Greeley (SBN 218975)
 jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
 dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
 gsimas@vgcllp.com
Christian Anstett (SBN 240179)
 canstett@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 5:20-cv-02332-JWH-KK <br><br> **PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT HEREDIA BOXING MANAGEMENT** <br><br> Assigned to Hon. John W. Holcomb |

PROPOUNDING PARTY:      PLAINTIFF JOSEPH DIAZ, JR.

RESPONDING PARTY:       DEFENDANT HEREDIA BOXING

                        MANAGEMENT

SET NUMBER:             ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Joseph Diaz, Jr. requests that, within 30 days hereof, and in accordance with the Definitions and Instructions set forth below, Defendant Heredia Boxing Management produce for inspection and copying at the offices of VGC, LLP 1515, 7th Street, No. 106, Santa Monica, California 90401, any and all documents described below that are in Defendant's possession, custody, or control, including without limitation, those in possession, custody, or control of its agents, attorneys, or other representatives.

## DEFINITIONS

1.     "COMMUNICATION(S)" means and refers to any oral, written, or other contact between two or more persons by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, by such means as letters, memoranda, facsimiles, emails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, mobile applications (such as, for example, WhatsApp), or any other medium.

2.     "DOCUMENT(S)" are used in their broadest sense and shall mean (i) all "writings" (or drafts thereof) as defined in section 250 of the California Evidence Code; (ii) all items identified in Rule 34(a)(1) of the Federal Rules of Civil Procedure; (iii) any information stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, computer files, computer tapes (including

back up tapes), computer discs (including back up discs), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, or sketches; and (iv) data stored in a computer, data stored on the cloud, data stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized pictures and video (e.g., data stored in MPEG, JPEG and GIF formats), and digitized audio and voicemail. The term "DOCUMENT" or "DOCUMENTS" includes each original and non-duplicate copy of each such writing, and any prior iterations thereof..

3.     "DIAZ" means and refers to Plaintiff Joseph "JoJo" Diaz, Jr.

4.     "YOU" and "YOUR" shall mean defendant Heredia Boxing Management, LLC, and shall include all predecessors and successors, any present or former employee, agent, representative, affiliate, attorney, accountant, expert and/or any other PERSONS or entities acting or purporting to act on its behalf.

5.     "GOLDEN BOY" means and refers to Golden Boy Promotions, including any of its directors, officers, employees, agents, brokers, managers, representatives, attorneys, accountants, consultants, and any parent, subsidiary, or affiliated entities that are or were in existence from 2017 to the present.

6.     "MOSES" means and refers to Moses Heredia.

7.     "VEHICLE" means and refers to the 2016 Lexus RC350 that YOU provided to DIAZ.

8.     "COMMISSION" means and refers to the California State Athletic Commission.

9.     "COMPLAINT" shall mean the First Amended Complaint filed by Diaz in this Action on August 17, 2021. (Dkt. 69.)

10.     "LAWSUIT" shall mean the above-entitled action styled Joseph Diaz, Jr. v. Ralph Heredia., et al., Case No. 5:20-cv-02332-JWH-KK.

///

///

10.     "HEREDIA" means and refers to Defendant Ralph Heredia and any of his employees, agents, partners, representatives, accountants, advisors, and any other persons acting or purporting to act on his behalf.

11.     "PERSON" shall mean any natural person, firm, association, organization, trust, public entity, partnership, business, corporation, limited liability company, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and/or other legal entity or organization separately identifiable, and any department(s) or division(s) thereof.

12.     The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category documents or information which would not otherwise be within its scope.

13.     The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each."

14.     The word "including" shall mean "including without limitation," so as to be most inclusive.

## **INSTRUCTIONS**

1.     If a document request is silent as to the time period for which information is sought, YOU should include all DOCUMENTS from January 1, 2012 until present.

2.     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, YOU are to produce all DOCUMENTS and things within the scope of the definitions set forth herein that are within YOUR possession, custody, or control as well as all DOCUMENTS and things within the possession, custody, or control of anyone acting on YOUR behalf including, but not limited to, YOUR agents, representatives, employees, officers, directors, and attorneys.

3.     These document requests embrace originals, identical copies if originals are unavailable, and non-identical copies (whether different from the originals

because of notes made on such copies or otherwise) of the DOCUMENTS described in these document requests.

4.     Answer each Request fully unless YOU object in good faith, in which event state the reasons for YOUR objection in detail. If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained within it, state YOUR objection to that portion only and respond with a statement of compliance, or a representation of inability to comply, with respect to the remainder of the Request, and identify with particularity any DOCUMENT or tangible thing falling within any category of item in the Request to which an objection is being made.

5.     Pursuant to Federal Rule of Civil Procedure 34, DOCUMENTS produced in response to these document requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the demand. DOCUMENTS attached to each other consisting of multiple pages must not be separated.

6.     DOCUMENTS are to be produced in their full and unredacted form; redacted DOCUMENTS shall not constitute compliance with these document requests, unless such DOCUMENTS are redacted pursuant to a claim of privilege, as set forth below.

7.     Any DOCUMENTS or things requested that cannot be produced in full should be produced to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief YOU have concerning the unproduced portion.

8.     If production of any requested DOCUMENT(S) is objected to on the grounds that production is unduly burdensome or the DOCUMENT(S) is not reasonably accessible as defined in Rule 26(b)(2) of the Federal Rules of Civil Procedure, describe in detail the burden or expense of producing the requested DOCUMENT(S), including but not limited to identification of the steps that would

///

be necessary to retrieve and produce the DOCUMENT(S) and a dollar estimate of the cost of performing those steps.

9.      Wherever used, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the terms "all" and "each" shall be construed as all and each.

10.      If YOU or YOUR counsel assert that any DOCUMENT or thing required to be produced is privileged or otherwise protected from discovery, please set forth in YOUR written response with respect to each DOCUMENT or thing for which a claim of privilege is made:

(a)      The place, approximate date, and manner of recording, creating, or otherwise preparing the DOCUMENT or thing;

(b)      The name and organizational position, if any, of each sender of the DOCUMENT or thing;

(c)      The name and organizational position, if any, of each recipient and/or custodian of the DOCUMENT or thing;

(d)      The name and organizational position, if any, of each PERSON (other than stenographic or clerical assistants) participating in the preparation or creation of the DOCUMENT or thing;

(e)      The name and organizational position, if any, of each PERSON to whom the contents of the DOCUMENT or thing or any portion thereof has been communicated by copy, exhibition, reading or summarization;

(f)      A statement of the basis on which privilege is claimed with respect to each DOCUMENT or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice;

(g)      The number of the Request to which the DOCUMENT or thing is responsive; and

(h)   The identity and organizational position, if any, of each PERSON supplying the author of YOUR response hereto with the information requested in subsections (a) through (g) above.

11.   If any DOCUMENT or any portion thereof responsive to any Request has been discarded, destroyed, or redacted in whole or in part, state:

(a)   The date of the discard, destruction, or redaction;

(b)   The reason for the discard, destruction, or redaction;

(c)   The PERSON who discarded, destroyed or redacted the DOCUMENT; and

(d)   If discarded or completely destroyed, the files where the DOCUMENT was maintained prior to its destruction.

12.   These Requests are continuing in nature. YOU must serve supplementary responses if YOU obtain new or different information up to and including to the time of hearing of this action.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**

All manager agreements between YOU and DIAZ.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**

All manager agreements between YOU and any other boxer.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

All accounting records relating to YOUR management of DIAZ.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

**<u>REQUEST FOR PRODUCTION NO. 6:</u>**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relating to  any insurance policies covering YOUR defense relating to the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to  any insurance policies covering YOUR defense against COMPLAINT.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

///

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PERSON relating to the facts or issues raised in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS reflecting or showing YOUR organization chart.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS reflecting or showing all of YOUR employees.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS reflecting or relating to YOUR profit and loss statements for the period January 2017 through the present.

**REQUEST FOR PRODUCTION NO. 32:**

All Internal Revenue Service Form W-2s provided by YOU to HEREDIA.

**REQUEST FOR PRODUCTION NO. 33:**

All Internal Revenue Service Form W-2s provided by YOU to Moses Heredia

**REQUEST FOR PRODUCTION NO. 34:**

All Internal Revenue Service Form W-2s provided by YOU to MOSES HEREDIA.

**REQUEST FOR PRODUCTION NO. 35:**

YOUR Articles of Incorporation.

**REQUEST FOR PRODUCTION NO. 36:**

      YOUR Organization chart.

**REQUEST FOR PRODUCTION NO. 37:**

      All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's

First Set of Interrogatories served concurrently herewith.


Dated:  December 15, 2021           **VGC, LLP**


           By: _____

               James L. Greeley

               Diyari Vázquez

               Gina M. Simas

               *Attorneys for Plaintiff*

               JOSEPH DIAZ, JR.

## PROOF OF SERVICE

*Joseph Diaz, Jr. v. Ralph Heredia, et al.*

CDCA Case No.: 5:20-cv-02332-JWH-KK

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1515 7th Street, No. 106, Santa Monica, California 90401.

On December 15, 2021, I served the document(s) described as follows: **PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT HEREDIA BOXING MANAGEMENT** on the interested parties in this action as follows:

Eric S. Montalvo                    *Attorneys for Defendant*
Rajan O. Dhungana                   Ralph Heredia
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
Email: emontalvo@fedpractice.com
       rdhungana@fedpractice.com


**BY E-MAIL OR ELECTRONIC TRANSMISSION (Agreement of the Parties):** I electronically served a true copy of the said documents to the persons listed directly above on this date from my email address cjones@vgcllp.com.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on December 15, 2021, at Riverside, California.

_____
Christy Jones

- 11 -
PLAINTIFF'S FIRST SET OF RFPs TO DEFENDANT HEREDIA BOXING MANAGEMENT

# EXHIBIT B

1   James L. Greeley (SBN 218975)
      jgreeley@vgcllp.com
2   Diyari Vázquez (SBN 222461)
      dvazquez@vgcllp.com
3
    Gina M. Simas (SBN 205367)
4     gsimas@vgcllp.com
5   Christian Anstett (SBN 240179)
      canstett@vgcllp.com
6   **VGC, LLP**
7   1515 7th Street, No. 106
    Santa Monica, California 90401
8   Telephone: (424) 256-8296
9
10  *Attorneys for Plaintiff*
    JOSEPH DIAZ, JR.
11

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14                    **EASTERN DIVISION**

15

16  JOSEPH DIAZ, JR.,                    Case No. 5:20-cv-02332-JWH-KK

17              Plaintiff,               **PLAINTIFF JOSEPH DIAZ
                                         JR.'S FIRST SET OF**
18       v.                             **INTERROGATORIES TO**
                                         **DEFENDANT HEREDIA BOXING**
19  RALPH HEREDIA, true name RAFAEL     **MANAGEMENT**
    HEREDIA TARANGO, a/k/a RAFAEL
20  HEREDIA, a/k/a RAFAEL
    BUSTAMANTE; JOHN DOE, ESQ.;
    and JANE DOES 1 through 20,
21  inclusive,
                                         Assigned to Hon. John W. Holcomb
22              Defendants.

23

24

25

26

27

28

PROPOUNDING PARTY:       **PLAINTIFF JOSEPH DIAZ, JR.**

RESPONDING PARTY:        **DEFENDANT HEREDIA BOXING**
                         **MANAGEMENT**

SET NUMBER:              **ONE**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Joseph Diaz, Jr. requests that, within 30 days hereof, and in accordance with the Definitions and Instructions set forth below, Defendant Heredia Boxing Management respond under, oath, to the Interrogatories set forth below.

## DEFINITIONS

1.     "COMMUNICATION(S)" means and refers to any oral, written, or other contact between two or more persons by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, by such means as letters, memoranda, facsimiles, emails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, mobile applications (such as, for example, WhatsApp), or any other medium.

2.     "DOCUMENT(S)" are used in their broadest sense and shall mean (i) all "writings" (or drafts thereof) as defined in section 250 of the California Evidence Code; (ii) all items identified in Rule 34(a)(1) of the Federal Rules of Civil Procedure; (iii) any information stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, computer files, computer tapes (including back up tapes), computer discs (including back up discs), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings,

or sketches; and (iv) data stored in a computer, data stored on the cloud, data stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized pictures and video (e.g., data  stored in MPEG, JPEG and GIF formats), and digitized audio and voicemail. The term "DOCUMENT" or "DOCUMENTS" includes each original and non-duplicate copy of each such writing, and any prior iterations thereof.

3.     "IDENTIFY" shall mean the following:

a.     with respect to a person, to provide his or her full name, present or last-known home and business address, telephone number, e-mail address, and a description of their knowledge regarding the subject matter of the Interrogatory.

b.     with respect to an entity, to provide the entity's name, state or country of incorporation or organization, present or last-known address, telephone number, e-mail address, and a description of their knowledge regarding the subject matter of the Interrogatory.

c.     with respect to a fact or facts, to state each fact and the evidentiary basis for that fact.

4.     "DIAZ" means and refers to Plaintiff Joseph "JoJo" Diaz, Jr.

5.     "YOU" and "YOUR" shall mean defendant Heredia Boxing Management, LLC, and shall include all predecessors and successors, any present or former employee, agent, representative, affiliate, attorney, accountant, expert and/or any other PERSONS or entities acting or purporting to act on its behalf.

6.     "GOLDEN BOY" means and refers to Golden Boy Promotions, including any of its directors, officers, employees, agents, brokers, managers, representatives, attorneys, accountants, consultants, and any parent, subsidiary, or affiliated entities that are or were in existence from 2017 to the present.

7.     "MOSES" means and refers to Moses Heredia.

8.     "COMMISSION" means and refers to the California State Athletic Commission.

9.    "COMPLAINT" shall mean the First Amended Complaint filed by Diaz in this Action on August 17, 2021. (Dkt. 69.)

10.    "LAWSUIT" shall mean the above entitled action styled Joseph Diaz, Jr. v. Ralph Heredia., et al., Case No. 5:20-cv-02332-JWH-KK.

10.    "HEREDIA" means and refers to Defendant Ralph Heredia and any of his employees, agents, partners, representatives, accountants, advisors, and any other persons acting or purporting to act on his behalf.

11.    "PERSON" shall mean any natural person, firm, association, organization, trust, public entity, partnership, business, corporation, limited liability company, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and/or other legal entity or organization separately identifiable, and any department(s) or division(s) thereof.

12.    The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category documents or information which would not otherwise be within its scope.

13.    The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each."

14.    The word "including" shall mean "including without limitation," so as to be most inclusive.

## INSTRUCTIONS

1.    If YOU are unable to respond fully to any Interrogatory, respond to the extent possible and specify the reason for your inability to respond to the remainder.

2.    If YOU contend that a particular Interrogatory, definition, or instruction applicable thereto is ambiguous, such claim shall not provide a basis for refusing to answer. YOU are instructed to set forth the allegedly ambiguous language and the

///

interpretation of that language that you have adopted in responding to the Interrogatory in question.

3.    Each Interrogatory herein should be construed independently. No Interrogatory should be construed by reference to any other Interrogatory for the purpose of limiting the scope of the answers to such Interrogatory.

4.    Wherever used, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the terms "all" and "each" shall be construed as all and each.

5.    If YOU or YOUR counsel assert that any DOCUMENT, COMMUNICATION or information required to be identified is privileged or otherwise protected from discovery, please set forth in YOUR written response with respect to the DOCUMENT, COMMUNICATION or information for which a claim of privilege is made:

(a)    The place, approximate date, and manner of recording, creating, or otherwise preparing the DOCUMENT, COMMUNICATION or information;

(b)    The name and organizational position, if any, of each sender of the DOCUMENT, COMMUNICATION or information;

(c)    The name and organizational position, if any, of each recipient and/or custodian of the DOCUMENT, COMMUNICATION or information;

(d)    The name and organizational position, if any, of each PERSON (other than stenographic or clerical assistants) participating in the preparation or creation of the DOCUMENT, COMMUNICATION or information;

(e)    The name and organizational position, if any, of each PERSON to whom the contents of the DOCUMENT, COMMUNICATION or information or any portion thereof has been communicated by copy, exhibition, reading or summarization;
///

(f)     A statement of the basis on which privilege is claimed with respect to each DOCUMENT, COMMUNICATION or information and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice;

(g)     The number of the Interrogatory to which the DOCUMENT, COMMUNICATION or information is responsive; and

(h)     The identity and organizational position, if any, of each PERSON supplying the author of YOUR response hereto with the information requested in subsections (a) through (g) above.

6.     These Interrogatories are continuing in nature. YOU must serve supplementary responses if YOU obtain new or different information up to and including to the time of hearing of this action.

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY all PERSONS for whom YOU serve as a boxing manager.

**SPECIAL INTERROGATORY NO. 2:**

If YOU have had a manager's license issued by the COMMISSION at any time since January 1, 2012, IDENTIFY the license number and dates the license was active.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY the amount of money YOU have earned from GOLDEN BOY in connection with any work relating to DIAZ.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

///

1  **SPECIAL INTERROGATORY NO. 6:**

2      IDENTIFY all facts upon which YOU base the affirmative defenses raised in

3  YOUR Answer filed on October 19, 2021 [Dkt. 77].

4  **SPECIAL INTERROGATORY NO. 7:**

5      IDENTIFY all DOUCMENTS, including COMMUNICATIONS supporting the

6  affirmative defenses raised in YOUR Answer filed on October 19, 2021 [Dkt. 77].

7

8  Dated:  December 15, 2021                    **VGC, LLP**

9

10                                   By: _Gina Simas_

11                                   James L. Greeley
                                     Diyari Vázquez
12                                   Gina M. Simas
                                     *Attorneys for Plaintiff*
13                                   JOSEPH DIAZ, JR.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

*Joseph Diaz, Jr. v. Ralph Heredia, et al.*

CDCA Case No.: 5:20-cv-02332-JWH-KK

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1515 7th Street, No. 106, Santa Monica, California 90401.

On December 15, 2021, I served the document(s) described as follows: **PLAINTIFF JOSEPH DIAZ JR.'S FIRST SET OF INTERROGATORIES TO DEFENDANT HEREDIA BOXING MANAGEMENT** on the interested parties in this action as follows:

| | |
|---|---|
| Eric S. Montalvo | *Attorneys for Defendant* |
| Rajan O. Dhungana | Ralph Heredia |
| FEDERAL PRACTICE GROUP | |
| 14481 Aspen Street | |
| Hesperia, CA 92344 | |
| Telephone: (310) 795-6905 | |
| Email: emontalvo@fedpractice.com | |
| rdhungana@fedpractice.com | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION (Agreement of the Parties):** I electronically served a true copy of the said documents to the persons listed directly above on this date from my email address cjones@vgcllp.com.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on December 15, 2021, at Riverside, California.

_____

Christy Jones

**EXHIBIT C**

Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., | Case No.: 5:20-cv-02332-JWH-KKx |
| Plaintiff, | |
| vs. | |
| RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | |

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

## DEFENDANT HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF JOSEPH
## <u>DIAZ, JR.'S FIRST REQUEST FOR PRODUCTION</u>

Defendant Heredia Boxing Management ("Defendant"), by and through undersigned counsel, hereby objects and responds to Plaintiff's First Request for Production of Documents ("Requests") as follows:

### Preliminary Statement

The following responses are provided based upon information available to Defendant at the time these responses are served. Defendant has not completed its investigation and discovery. Defendant reserves the right to use during litigation and up through trial any information developed through Defendant's investigation, discovery or trial preparation which was not known when these responses were served. Defendant further reserves the right to supplement or amend its responses as appropriate.

### <u>General Objections</u>

The following general objections apply to Plaintiff's Requests as the specific phrasing and context of each Request may require.  They are in addition to, and do not supplant, any specific objection to an individual Request.

   A.  Defendant objects to Plaintiff's Definitions to the extent Plaintiff intends or attempts to expand or alter the Federal Rules of Civil Procedure or Defendant's obligations thereunder.  By responding to Plaintiff's Requests,

Defendant does not adopt Plaintiff's Definitions and objects to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

      B.    To the extent that a Request purports to require Defendant to respond on behalf of persons or entities other than himself, Defendant objects because such discovery requests are overly broad, unduly burdensome, and beyond the scope of permissible discovery.  Accordingly, Defendant construed these Requests to refer only to Defendant, and Defendant makes these responses solely on behalf of Defendant.

      C.    To the extent that a Request seeks documents pertaining to issues or events not properly at issue herein or outside Plaintiff's stated allegations, Defendant objects because such discovery requests are overly broad, unduly burdensome, unreasonable as to time and scope, and seek information or documents that are neither relevant nor that appear reasonably calculated to lead to the discovery of admissible evidence.

      D.    Defendant objects to each Request to the extent Plaintiff seeks documents protected by the attorney-client privilege, another privilege, the attorney work product doctrine, or that are otherwise confidential.

      E.    Defendant objects to the extent that Plaintiff's Requests seek documents not currently in Defendant's possession, custody, or control.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

F.      Defendant objects to Plaintiff's discovery requests as overly broad and seeking information or documents that are irrelevant and that do not appear reasonably calculated to lead to the discovery of admissible evidence, as it is not reasonable for Defendant to determine whether information or documents protected by the attorney-client privilege, another privilege, or the attorney work doctrine are being requested.  For the same reason, at this time and as phrased, it is not possible nor is it proper under the Federal Rules of Civil Procedure for Defendant to provide a specific description of the documents sought in those instances.

**REQUEST FOR PRODUCTION NO. 1:**

All manager agreements between YOU and DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Subject to the foregoing, Defendant does not enter into boxing manager

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

agreements, therefore Defendant is currently unaware of any documents responsive

to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All manager agreements between YOU and any other boxer.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in

that it is not limited as to time, and therefore its burden or expense outweighs its

likely benefit. Defendant further objects to this request as outside the scope

permitted by Rule 26(b)(1) given the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit. Defendant further objects to the extent that the request seeks

documents protected by the attorney-client privilege or the attorney work-product

doctrine.  Subject to the foregoing, Defendant does not enter into boxing manager

agreements, therefore Defendant is currently unaware of any documents responsive

to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting or relating to any agreements between YOU and

DIAZ.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Subject to the foregoing, Defendant did not enter into any agreements with Diaz.  Further subject to the foregoing, please see Bates Nos. 692-706.

**REQUEST FOR PRODUCTION NO. 4:**

All accounting records relating to YOUR management of DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

doctrine.  Subject to the foregoing, please see Bates Nos. 405-414, 416, 675, 692-706.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope

permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request.  Subject to the foregoing, please see Bates Nos. 406-414.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**Response:**

Defendant objects to this request to the extent that it seeks documents not in his possession, custody, or control. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 405-414, 416, 676, and 683-691.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing. It is continuing to search for potentially responsive documents in such locations as such documents would be found, if they exist.  Subject to the foregoing, please see Bates Nos. 405-414 and 683-691.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its

likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request.  Subject to the foregoing, please see Bates Nos. 683-691.

## REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

## Response:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine. Defendant's

investigation and discovery are ongoing, and it is currently not aware of whether

there are any potentially responsive documents withheld in response to this

request.  Subject to the foregoing, please see Bates Nos. 405-414 and 683-691.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, including but not limited to bank records, reflecting money

that was paid for legal services relating to DIAZ'S business affairs.

**Response:**

Please see Bates No. 355.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY

relating to DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in

that it is not limited as to time, and therefore its burden or expense outweighs its

likely benefit. Defendant further objects to this request as outside the scope

-13-

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine.  Subject to the foregoing, please see Bates Nos. 406-414, and 683-691.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relating to any insurance policies covering YOUR defense relating to the LAWSUIT.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to any insurance policies covering YOUR defense against COMPLAINT.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the
attorney-client privilege or the attorney work-product doctrine. Subject to the
foregoing, please see Bates Nos. 1-707.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims
are barred, in whole or in part, by his failure to join a necessary party."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the
attorney-client privilege or subject to the attorney work-product doctrine.
Defendant's investigation and discovery are ongoing, and it is currently not aware
of whether there are any potentially responsive documents withheld in response to
this request. Subject to the foregoing, Defendant directs Plaintiff to his First
Amended Complaint.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims
are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts
or omissions directed at Defendant."

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST
FOR PRODUCTION

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine.  Subject to the foregoing, Defendant directs Plaintiff to its Fed. R. Civ. P. 12(c) Motion and supporting exhibits.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

**Response:**

Defendant directs Plaintiff to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," all of which Plaintiff already has in his possession and which are equally available to Plaintiff.  Defendant also directs Plaintiff to the documents identified in Defendant's Rule 26 disclosures.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are

ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 1-707.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 1-707.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-691. Further, subject to the foregoing, please see the entire docket in this case.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PERSON relating to the facts or issues raised in the COMPLAINT.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see other communications by Defendant regarding Diaz identified throughout these Responses.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS reflecting or showing YOUR organization chart.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS reflecting or showing all of YOUR employees.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS reflecting or relating to YOUR profit and loss statements for the period January 2017 through the present.

**Response:**

Please see Bates Nos. 683-691.

**REQUEST FOR PRODUCTION NO. 32:**

All Internal Revenue Service Form W-2s provided by YOU to HEREDIA.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All Internal Revenue Service Form W-2s provided by YOU to Moses Heredia

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All Internal Revenue Service Form W-2s provided by YOU to MOSES HEREDIA.

**Response:**

Please see the response to RFP No. 33, as this RFP No. 34 is duplicative of it.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 35:**

YOUR Articles of Incorporation

**Response:**

Please see Bates No. 707.

**REQUEST FOR PRODUCTION NO. 36:**

YOUR Organization chart.

**Response:**

Please see the response to RFP No. 29.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's

First Set of Interrogatories served concurrently herewith.

**Response:**

Defendant incorporates by reference his objections to Diaz' first set of

interrogatories and requests for admission. Subject to the foregoing, please see

Bates Nos. 1-707. Defendant further directs Plaintiff to Defendant's Rule 12(c)

motion.

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Dated:  January 24, 2022

AS TO OBJECTIONS:


 _/s/ Eric S. Montalvo__

Eric S. Montalvo, Esq.

Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA  92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

Eric S. Montalvo (Admitted Pro Hac Vice)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

Attorneys for Defendant
Ralph Heredia

HEREDIA BOXING MANAGEMENT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2022, I served a copy of the foregoing Defendant Heredia Boxing Management's Responses to Plaintiff Joseph Diaz, Jr.'s First Request for Production via email to the following counsel for Plaintiff:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
  gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296
Attorneys for Plaintiff
Joseph Diaz, Jr.

/s/ Eric S. Montalvo
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

**EXHIBIT D**

Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., | Case No.: 5:20-cv-02332-JWH-KK |
| Plaintiff, | |
| vs. | |
| RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | |

**DEFENDANT Heredia Boxing Management's SUPPLEMTAL RESPONSES TO PLAINTIFF JOSEPH
DIAZ, JR.'S FIRST SET OF INTERROGATORIES**

Defendant Heredia Boxing Management ("Defendant"), by and through undersigned counsel, hereby objects and responds to Plaintiff's First Set of Interrogatories ("Interrogatories") as follows:

**Preliminary Statement**

The following responses are provided based upon information available to Defendant at the time these responses are served. Defendant has not completed its investigation and discovery. Defendant reserves the right to use during litigation and up through trial any information developed through Defendant's investigation, discovery or trial preparation which was not known when these responses were served. Defendant further reserves the right to supplement or amend its responses as appropriate.

**General Objections**

The following general objections apply to Plaintiff's Interrogatories as the specific phrasing and context of each Interrogatory may require.  They are in addition to, and do not supplant, any specific objection to an individual Interrogatory.

A.      Defendant objects to Plaintiff's Definitions to the extent Plaintiff intends or attempts to expand or alter the Federal Rules of Civil Procedure or Defendant's obligations thereunder.  By responding to Plaintiff's

Interrogatories, Defendant does not adopt Plaintiff's Definitions and objects to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

B.     To the extent that an Interrogatory purports to require Defendant to respond on behalf of persons or entities other than himself, Defendant objects because such discovery requests are overly broad, unduly burdensome, and beyond the scope of permissible discovery.  Accordingly, Defendant construed these Interrogatories to refer only to Defendant, and Defendant makes these responses solely on behalf of Defendant.

C.     To the extent that an Interrogatory seeks documents pertaining to issues or events not properly at issue herein or outside Plaintiff's stated allegations, Defendant objects because such discovery requests are overly broad, unduly burdensome, unreasonable as to time and scope, and seek information or documents that are neither relevant nor that appear reasonably calculated to lead to the discovery of admissible evidence.

D.     Defendant objects to each Interrogatory to the extent Plaintiff seeks documents protected by the attorney-client privilege, another privilege, the attorney work product doctrine, or that are otherwise confidential.

E.     Defendant objects to the extent that Plaintiff's Interrogatories seek documents not currently in Defendant's possession, custody, or control.

HEREDIA BOXING MANAGEMENT'S SUPP. RESPONSES TO PLAINTIFF'S ROGS

F.      Defendant objects to Plaintiff's discovery requests as overly broad and seeking information or documents that are irrelevant and that do not appear reasonably calculated to lead to the discovery of admissible evidence, as it is not reasonable for Defendant to determine whether information or documents protected by the attorney-client privilege, another privilege, or the attorney work doctrine are being requested.  For the same reason, at this time and as phrased, it is not possible nor is it proper under the Federal Rules of Civil Procedure for Defendant to provide a specific description of the documents sought in those instances.

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY all PERSONS for whom YOU serve as a boxing manager.

**Response:**

Defendant is currently unaware of any information responsive to this interrogatory.

**SPECIAL INTERROGATORY NO. 2:**

If YOU have had a manager's license issued by the COMMISSION at any time since January 1, 2012, IDENTIFY the license number and dates the license was active.

**Response:**

Defendant has not held a manager's license issued by the COMMISSION at any time since January 1, 2012, nor has it been required to do so.

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**Response:**

Defendant is currently unaware of any information responsive to this interrogatory.

**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY the amount of money YOU have earned from GOLDEN BOY in connection with any work relating to DIAZ.

**Response:**

Defendant is currently unaware of any information responsive to this interrogatory.

**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

**Response:**

Defendant is currently unaware of any information responsive to this interrogatory.

HEREDIA BOXING MANAGEMENT'S SUPP. RESPONSES TO PLAINTIFF'S ROGS

**SPECIAL INTERROGATORY NO. 6:**

IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on October 19, 2021 [Dkt. 77].

**Response:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY all DOUCMENTS, including COMMUNICATIONS supporting the affirmative defenses raised in YOUR Answer filed on October 19, 2021 [Dkt. 77].

**Response:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

Dated:  January 24, 2022

AS TO OBJECTIONS:

/s/ Eric S. Montalvo
Eric S. Montalvo, Esq.

*I affirm under the penalties of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.*

Moses Heredia on behalf of
Defendant Heredia Boxing Management

Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA  92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

-7-
HEREDIA BOXING MANAGEMENT'S SUPP. RESPONSES TO PLAINTIFF'S ROGS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eric S. Montalvo (Admitted Pro Hac Vice)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

Attorneys for Defendant
Ralph Heredia

## __CERTIFICATE OF SERVICE__

I hereby certify that on January 24, 2022, I served a copy of the foregoing Defendant Heredia Boxing Management's Supplemental Responses to Plaintiff Joseph Diaz, Jr.'s First Set of Interrogatories via email to the following counsel for Plaintiff:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
    gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296
Attorneys for Plaintiff
Joseph Diaz, Jr.

/s/ Eric S. Montalvo
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

HEREDIA BOXING MANAGEMENT'S SUPP. RESPONSES TO PLAINTIFF'S ROGS

# EXHIBIT E

# Diaz v. Heredia: Joint Stipulation Re Plaintiff's Motion to Compel Further Responses from HBM

1 message

**gsimas@vgcllp.com**
<gsimas@vgcllp.com>
To: Eric Montalvo <emontalvo@fedpractice.com>, Erik Cox
<ECox@fedpractice.com>, Rajan Dhungana
<rdhungana@fedpractice.com>
Cc: Christy Jones <cjones@vgcllp.com>, Diyari Vazquez
<dvazquez@vgcllp.com>, James Greeley <jgreeley@vgcllp.com>

Wed, Feb 2, 2022 at 5:12 PM

Eric, Erik and Rajan,

Please see the following link:  https://we.tl/t-9WU3kwZfKu

This link contains Plaintiff Joseph Diaz's ("Diaz") portion of the JOINT
STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER
RESPONSES TO FIRST SETS OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT HEREDIA BOXING MANAGEMENT; AND REQUEST
FOR SANCTIONS IN THE AMOUNT OF $10,250.00. Pursuant to
L.R. 37-2.2, we are providing you with Diaz's portion of the Joint
Stipulation, together with all declarations and exhibits to be offered in
support of Diaz's position. Pursuant L.R. 37-2.2, please e-mail me
Heredia Boxing Management's ("HBM") portion of the Join Stipulation,
together with all declarations and exhibits to be offered in support of
Heredia's position within seven days (i.e. on or before February 9,
2022). We will then finalize the Joint Stipulation and send it back for
your signature. Thereafter, we will file the Joint Stipulation with the
Court. If you have any questions, please let me know. Thanks.

Sincerely,

Gina

Gina Simas  |  Litigation Partner



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for
the addressee(s). This e-mail transmission may be confidential and subject to
privilege protecting communications between attorneys or solicitors and their clients. If
you are not the named addressee, or if this message has been addressed to you in error,
you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use
this transmission. Delivery of this message to any person other than the intended
recipient(s) is not intended in any way to waive privilege or confidentiality. If you have
received this transmission in error, please alert the sender by reply e-mail; we also request
that you immediately delete this message and its attachments. UNAUTHORIZED
INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

**EXHIBIT F**

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Monday, February 7, 2022 10:25 PM
**To:** gsimas@vgcllp.com; Erik Cox <ECox@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** Rajan Dhungana <rdhungana@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'James Greeley' <jgreeley@vgcllp.com>
**Subject:** RE: ICO Diaz, Jr. v. Heredia, et al. - Meet & Confer

Gina –

Good evening.  I am going to address HBM first and then Heredia.  Some of what is contained in your draft raises questions so this is an attempt to make sure we are on the same page in terms of what is or is not in question at this point.

HBM

We are in receipt of your draft Joint Stipulations directed toward defendant Heredia Boxing Management ("HBM"). Referencing Local Rule 37-1 requires in part that the moving party in a discovery dispute must prepare a letter identifying "each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."

We have huddled internally and do not appear to have received a discovery letter relating to HBM.  Please advise.

Heredia

Heredia produced 600+ pages of Bates-stamped documents that were served with his first supplemental RFP responses. His responses are replete with references to these documents.  We did not know, until receipt of your Joint Stipulation, that you may not have received them?  Almost all of them, as you know, were also made part of the record and filed under seal attached to the Heredia motion on the pleadings in early November.  Although there may be genuine discovery disagreements between the parties, and while those disagreements may ultimately require judicial intervention, I am concerned about asking the Court to spend its time on this dispute without confirming that we are working from the same set of facts. At present it appears we may not be. In an abundance of caution, I am reattaching what we you should have received on December 3, 2021. Can you confirm whether you received these or if this is a misinterpretation?  There appears to be a disconnect on this – maybe I am wrong.

Your email to me this evening suggests that you attached everything to your Joint Stipulation but your Exhibit I, for example, contains Heredia's RFPs to Diaz. Again - I am trying to clear up what you do and do not have so that what is really an issue in dispute is what is put forward.

It may be worth having a call with Erik Cox tomorrow to do a quick run through.  Once that's sorted I think we can turn to the Joint Stipulations language and get that done.

As we continue attempts narrow the scope of the discovery dispute, it is important that we reconcile soonest to ensure what was produced was indeed received.  Obviously we will continue to engage in the discovery process and will respond to the Joint Stipulations as written, if we cannot agree to further discussions. However, to be clear, our reading of your Joint Stipulations was our first indication that you may not have received Heredia's documents.

Please advise.  Thanks.

R/
Eric

Eric S. Montalvo
Founding Partner





**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

# EXHIBIT G

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, February 8, 2022 8:52 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'James Greeley' <jgreeley@vgcllp.com>; gsimas@vgcllp.com
**Subject:** RE: ICO Diaz, Jr. v. Heredia, et al. - Meet & Confer

Eric,

I appreciate your email. Please understand that we have now spent several months trying to obtain sufficient responses from Heredia.  These efforts were unsuccessful. As a result, I spent numerous hours drafting our portion of the Joint Stipulation, which details our position.  Therefore, you have our complete version of the facts. As plainly stated throughout, we did not receive documents. This is but one of the many deficiencies fully explained in our portion of the Joint Stip. Your portion of the Joint Stipulation on behalf of Heredia is due *today*. I emphasized this to you at the time I sent you the Joint Stipulation. Therefore, I do not understand why you are waiting until the final hour to address issues that could have and should have been addressed months ago. Rest assured, we did not and do not want to waste the Court's time and resources on these issues. However, your failure to provide sufficient discovery responses left us with no choice.  As a result, it is now your responsibility to provide us with Heredia's position today.  We will then finalize and have the Court resolve this dispute. I am happy to discuss these issues with Erik Cox, but this will not change the deadline.  Moreover, given that our portion clearly details our position (including Diaz's exact requests and Heredia's supplemental responses stated therein), I struggle to understand why further clarity is necessitated. Finally, your assertion that the documents which you attached to the email below were "made part of the record" is false.

Regarding HBM, we reject any attempt to rewrite history. As you know, we met and conferred on January 27, 2022 on various issues, including HBM's deficient discovery responses. During that conversation you made very clear that you would not further supplement HBM's responses. During that conversation, I informed you that we would be filing motions to compel against both Heredia and HBM. You acknowledged and accepted this. Therefore, any belated assertion that you did not have notice or would have somehow provided more sufficient responses is disingenuous. HBM's portion to the Joint Stipulation is due tomorrow.

Again, I am willing to discuss any and all issues with Erik Cox. However, given that time is of the essence and that our position has been fully briefed, I do not know what this will accomplish. I am in no way trying to cause confusion or be uncooperative.  However, after spending months trying to resolve these issues, this last-ditch effort to appear willing to engage in the discovery process rings false. At this time, we believe it is most productive to raise these issues with the Court.  As such, we look forward to receiving your portions of the Joint Stipulation on behalf of Heredia and HBM today and tomorrow, respectively.

Erik Cox, I am available from 10am until 5pm PST to discuss. Please let me know when you are available.  Given that you are on EST and the pending deadlines, I wanted to respond to Eric's email as quickly as possible.

Sincerely,

Gina