# EXHIBIT H

1  James L. Greeley (SBN 218975)
2    jgreeley@vgcllp.com
   Diyari Vázquez (SBN 222461)
3    dvazquez@vgcllp.com
4  Gina Simas (SBN 205367)
     gsimas@vgcllp.com
5  **VGC, LLP**
6  1515 7th Street, No. 106
   Santa Monica, California 90401
7  Telephone: (424) 272-9885
8  *Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

9  Rajan O. Dhungana (SBN: 297794)
10 rdhungana@fedpractice.com
   Eric S. Montalvo (*Pro Hac Vice*)
11 emontalvo@fedpractice.com
12 **FEDERAL PRACTICE GROUP**
   14481 Aspen Street
13 Hesperia, CA 92344
14 Telephone: (310) 795-6905
   *Attorneys for Defendants,*
15 RALPH HEREDIA AND HEREDIA BOXING MANAGEMENT

16
               **UNITED STATES DISTRICT COURT**
17
        **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**
18

19 JOSEPH DIAZ, JR.,                    CASE NO. 5:20-cv-02332-JWH-KK

20          Plaintiff,                  HON. KENLY KIYA KATO

21      v.                             **[DISCOVERY MATTER]**

22 RALPH HEREDIA, true name           **LOCAL RULE 37-2.1 JOINT**
   RAFAEL HEREDIA TARANGO,            **STIPULATION RE: PLAINTIFF'S**
23 a/k/a RAFAEL HEREDIA, a/k/a        **MOTION TO COMPEL FURTHER**
   RAFAEL BUSTAMANTE; JOHN            **RESPONSES TO FIRST SETS OF**
24 DOE, ESQ.; and JANE DOES 1         **INTERROGATORIES AND**
   through 20, inclusive,             **REQUESTS FOR PRODUCTION OF**
25                                     **DOCUMENTS TO DEFENDANT**
           Defendants.                **HEREDIA BOXING MANAGEMENT;**
26                                     **REQUEST FOR SANCTIONS IN THE**
                                       **AMOUNT OF $10,250.00**
27
                                       Discovery Cut-Off Date: Not Set
28                                     Pre-Trial Conference Date: Not Set
                                       Trial Date: Not Set

## I.   INTRODUCTION

Pursuant to Local Rule 37-2.1, Plaintiff Joseph Diaz, Jr. ("Plaintiff") and Defendant Heredia Boxing Management ("HBM") submit this Joint Stipulation regarding:

1) Plaintiff's Motion to Compel Further Responses to First Set of Interrogatories to Defendant Heredia Boxing Management; and

2) Plaintiff's Motion to Compel further responses to First Request for Production of Documents to Defendant Heredia Boxing Management.

### a.  Plaintiffs' Introductory Statement:

Diaz seeks an order requiring HBM to provide amended responses to its Requests for Production and Interrogatories. Specifically, Diaz seeks an order requiring HBM to: (a) produce all responsive documents (and without objections where no objections were previously asserted); and (b) provide all information responsive to the Interrogatories.

### 1) Nature of the Case

This is a civil action filed by Plaintiff Joseph Diaz, Jr. ("Plaintiff") against Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management ("HBM") (collectively "Defendants") for their violations of state and federal law. Heredia Boxing Management ("HBM") is a California Corporation and one of the vehicles for Heredia's theft from Diaz. (FAC (Dkt 69) ¶ 62.) The only officers and directors of HBM listed in its public filings with the California Secretary of State are Moses and Ralph Heredia. (Id. ¶ 62.) "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and CFO." [Dkt. 88-1 at 4:23-24].  The California Athletic Commission has no record that HBM has ever received a license. (Id. ¶ 62.) Despite California law requiring that all boxing managers be licensed in order to receive proceeds from the boxer, and despite language in the 2017 Agreement between Moses Heredia and Diaz requiring that no person other than the managers listed in the 2017 Agreement participate in the boxer's ring earnings, HBM received *hundreds of thousands of*

*dollars* of Diaz's ring earnings. (Id. ¶ 62.) HBM was directly paid these monies in checks issued by Golden Boy Promotions. (Id. ¶ 62.) By having the ring payments made to a business entity, Heredia concealed his participation and receipt of funds from Diaz at times where he was not a licensed boxer manager. (Id. ¶ 62.) All of the payments to HBM were illicit and improper, and in breach of the 2017 Agreement. (Id. ¶ 62.)

Notably, on May 19, 2021, when this Court denied Heredia's motion to compel arbitration on the merits (Dkt. 44), the Court found:

> The Court concludes that Heredia, a nonsignatory to the Management Contract, does not have the right to compel arbitration under that agreement Furthermore, assuming arguendo that Heredia is an employee of ***Heredia Boxing Management, that entity is not a party to the Management Contract either***. The Management Contract is between "Moses Heredia" and "Joseph Diaz Jr."—Moses Heredia is designated as the "Manager" and Diaz is designated as the "Boxer." ***The Management Contract does not contain any reference to "Ralph Heredia" or "Heredia Boxing Management***.

(Dkt. 44) (emphasis added). As such, any references to the arbitration are irrelevant because neither Heredia nor HBM (the defendants at issue here) were parties to the arbitration. Diaz brings three causes of action against HBM in this litigation: conversion, quantum meruit and accounting.

Through this action, Plaintiff seeks compensatory and punitive damages, as well as the recovery of his attorneys' fees, against the Defendants for their violations of state and federal law, including causes of action for: violation of the Muhammad Ali Boxing Reform Act (15 U.S.C. §§ 6301, et seq.); fraud; conversion; breach of fiduciary duty; breach of implied-in-fact contract; tortious interference with prospective economic advantage; accounting; and quantum meruit.

### 2) HBM's Responses and Diaz's Unsuccessful Efforts to Resolve Discovery Disputes.

In order to gather information necessary to prosecute his claims, on or about

December 15, 2021, Diaz served his First Set of Interrogatories and First Set of Requests for Production on HBM. (*See* Declaration of Gina Simas ("Simas Decl.") [filed concurrently herewith] ¶ 7, Exs. A & B.)  On January 24, 2022, HBM untimely responded to this discovery.  (Simas Decl., ¶ 8, Exs. C & D.) Notably, in response to over half of the Requests for Production, all of which are clearly relevant, HBM stated "Defendant is currently not aware of whether there are any potentially responsive documents withheld in response to this request." Similarly, in response to over half of the Interrogatories, HBM states: "Defendant is currently unaware of any information responsive to this interrogatory."  On January 27, 2022, Diaz's counsel met with HBM's counsel via telephone and HBM's counsel stated that it would not further supplement its responses.  (Simas Decl., ¶ 9.) HBM's failure to provide adequate responses to the RFPs and Interrogatories necessitates this motion to compel. HBM's obstructionist conduct during discovery has been nothing short of bad faith. HBM has failed to comply with basic discovery obligations and has purposefully avoided producing relevant documents. Instead, HBM opted to assert a number of boilerplate objections, make improper unsupported assertions of privilege, and in response to requests for production produced twenty-five pages of non-compliant documents (i.e. these documents are not properly Bates Stamped for this litigation and instead contain Bates Stamps starting with "Heredia EXH0683").[1] To prevent this ongoing misconduct and to punish HBM and its counsel for altogether failing its discovery obligations, Diaz respectfully requests that the Court impose sanctions against HBM and its counsel for failure to provide discovery in this matter in the amount of $10,250.00.

a.  **Defendants' Statement:**

## II.   ARGUMENT

a.  Diaz's Argument

In response to the majority of Interrogatories and thirty-seven Requests for

---

[1] These documents are nowhere referenced in HBM's written responses to the RFPs.

1   Production ("RFP"), HBM improperly objects that such requests are "outside the scope
2   permitted by Rule26(b)(1)." "Parties may obtain discovery regarding any
3   nonprivileged matter that is relevant to any party's claim or defense and proportional
4   to the needs of the case, considering the importance of the issues at stake in the action,
5   the amount in controversy, the parties' relative access to relevant information, the
6   parties' resources, the importance of the discovery in resolving the issues, and whether
7   the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R.
8   Civ. P. ("Rule") 26(b)(1). "Information within this scope of discovery need not be
9   admissible in evidence to be discoverable." Id. "Generally, the purpose of discovery is
10  to remove surprise from trial preparation so the parties can obtain evidence necessary
11  to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc*., 258 F.R.D. 375, 378
12  (C.D. Cal. 2009) (citations omitted). "[B]oilerplate relevancy objections, without
13  setting forth any explanation or argument why the requested documents are not
14  relevant, are improper. Relevant information for purposes of discovery is information
15  'reasonably calculated to lead to the discovery of admissible evidence.'" *A. Farber &*
16  *Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Because HBM has
17  provided no basis or indication as to why any of their objections should be given
18  weight, their objections should not be sustained. Simply put, HBM comes nowhere
19  close to meeting its burden of clarifying, explaining, and supporting their objections.
20  *United States v. McGraw-Hill Cos*., 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014)
21  (citations and internal quotation marks omitted); *see also DIRECTV, Inc. v. Trone*, 209
22  F.R.D. 455, 458 (C.D. Cal. 2002) (stating that "[t]he party who resists discovery has
23  the burden to show that discovery should not be allowed, and has the burden of
24  clarifying, explaining, and supporting its objections.").

25   **1. Plaintiff's Motion to Compel Further Responses to First Set of**
26   **Interrogatories to HBM.**

27   Pursuant to Rule 33, "[a]n interrogatory may relate to any matter that may be
28   inquired into under Rule 26(b)." Rule 33(a)(2). "Each interrogatory must, to the extent

---

it is not objected to, be answered separately and fully in writing under oath." Rule 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." Rule 33(b)(4). A propounding party may move for an order compelling an answer to an interrogatory if "a party fails to answer an interrogatory submitted under Rule 33." Rule 37(a)(3)(B)(iii). A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970).

**SPECIAL INTERROGATORY NO. 1:**

IDENTIFY all PERSONS for whom YOU serve as a boxing manager.

**Response**:

Defendant is currently unaware of any information responsive to this interrogatory.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Interrogatory, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to

respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]").

The incomplete response, and HBM's counsel's failure to clarify the response during the meet and confer process, "directly subvert[ed]" the "purpose" of these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also, Schudel v. Searchguy.com, Inc.,* No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (finding interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in discovery."). Diaz therefore requests that HBM be compelled to fully answer these interrogatories.

A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970).

Defendant answered more than one-half of the Interrogatories with the phrase "Defendant is currently unaware of any information responsive to this Interrogatories," and replied to the remaining questions in a largely evasive and non-responsive manner. *See Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981) ("some minimal level of responsiveness was required to alleviate legitimate doubts" the court may have had concerning a party's failure to cooperate in discovery). HBM's statement that it is "currently unaware" of any information responsive to almost one-half of the interrogatories is an "evasive or incomplete" response "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). The burden therefore falls upon HBM to justify its failure to provide complete responses. Rule 33(a), Adv. Comm. Notes

(1970). "A party to a civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts he made to acquire the information." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc*., 246 F.R.D. 522, 529 (S.D.W. Va. 2007) (citation and quotation omitted) (emphasis added); see also U.S. ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[g]enerally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers"). HBM should be compelled to respond to this Interrogatory.

**Defendant's Argument:**

**SPECIAL INTERROGATORY NO. 3:**

IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ.

**Response:**

Defendant is currently unaware of any information responsive to this interrogatory.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Interrogatory, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v.*

*Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]").

The incomplete response, and HBM's counsel's failure to clarify the response during the meet and confer process, "directly subvert[ed]" the "purpose" of these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also, Schudel v. Searchguy.com, Inc*., No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (finding interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in discovery."). Diaz therefore requests that HBM be compelled to fully answer this Interrogatory.

A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970).

Defendant answered more than one-half of the Interrogatories with the phrase "Defendant is currently unaware of any information responsive to this Interrogatories," and replied to the remaining questions in a largely evasive and non-responsive manner. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("some minimal level of responsiveness was required to alleviate legitimate doubts" the court may have had concerning a party's failure to cooperate in discovery). HBM's statement that it is "currently unaware" of any information responsive to almost one-half of the interrogatories is an "evasive or incomplete" response "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). The burden therefore falls upon HBM to

justify its failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970). "A party to a civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts he made to acquire the information." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.,* Inc., 246 F.R.D. 522, 529 (S.D.W. Va. 2007) (citation and quotation omitted) (emphasis added); *see also, U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[g]enerally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers"). HBM should be compelled to respond to this Interrogatory.

**Defendant's Argument:**


**SPECIAL INTERROGATORY NO. 4:**

IDENTIFY the amount of money YOU have earned from GOLDEN BOY in connection with any work relating to DIAZ.

**Response:**

Defendant is currently unaware of any information responsive to this interrogatory.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Interrogatory, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy

of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]").

The incomplete response, and HBM's counsel's failure to clarify the response during the meet and confer process, "directly subvert[ed]" the "purpose" of these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also Schudel v. Searchguy.com, Inc.*, No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (citing Davis, 650 F.2d at 1160) (finding interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in discovery."). Diaz therefore requests that HBM be compelled to fully answer this Interrogatory.

A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970).

Defendant answered more than one-half of the Interrogatories with the phrase "Defendant is currently unaware of any information responsive to this Interrogatories," and replied to the remaining questions in a largely evasive and non-responsive manner. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("some minimal level of responsiveness was required to alleviate legitimate doubts" the court may have had concerning a party's failure to cooperate in discovery). HBM's statement that it is "currently unaware" of any information responsive to almost one-half of the

interrogatories is an "evasive or incomplete" response "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). The burden therefore falls upon HBM to justify its failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970). "A party to a civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts he made to acquire the information." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co*., Inc., 246 F.R.D. 522, 529 (S.D.W. Va. 2007) (citation and quotation omitted) (emphasis added); *see also U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[g]enerally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers"). HBM should be compelled to respond to this Interrogatory.

**Defendant's Argument:**


**SPECIAL INTERROGATORY NO. 5:**

IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ.

**Response:**

Defendant is currently unaware of any information responsive to this interrogatory.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Interrogatory, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33

were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]").

The incomplete response, and HBM's counsel's failure to clarify any of these responses during the meet and confer process, "directly subvert[ed]" the "purpose" of these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also Schudel v. Searchguy.com, Inc*., No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (finding interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in discovery."). Diaz therefore requests that HBM be compelled to fully answer this Interrogatory.

A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970).

Defendant answered more than one-half of the Interrogatories with the phrase "Defendant is currently unaware of any information responsive to this Interrogatories," and replied to the remaining questions in a largely evasive and non-responsive manner. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("some minimal level of responsiveness was required to alleviate legitimate doubts" the court may have had concerning a party's failure to cooperate in discovery). HBM's statement that it is

1  "currently unaware" of any information responsive to almost one-half of the

2  interrogatories is an "evasive or incomplete" response "to be treated as a failure to

3  disclose, answer, or respond." Rule 37(a)(4). The burden therefore falls upon HBM to

4  justify its failure to provide complete responses. Rule 33(a), Adv. Comm. Notes

5  (1970). "A party to a civil litigation in the federal system is under a severe duty to make

6  every effort to obtain the requested information and, if, after an adequate effort, he is

7  unsuccessful, his answer should recite in detail the attempts he made to acquire the

8  information." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246

9  F.R.D. 522, 529 (S.D.W. Va. 2007) (citation and quotation omitted) (emphasis added);

10  *see also U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D. Cal.

11  2006) ("[g]enerally, if the information sought is contained in the responding party's

12  files and records, he or she is under a duty to search the records to provide the

13  answers"). HBM should be compelled to respond to this Interrogatory.

14  **Defendant's Argument:**

15

16  <u>**SPECIAL INTERROGATORY NO. 6:**</u>

17        IDENTIFY all facts upon which YOU base the affirmative defenses raised in

18  YOUR Answer filed on October 19, 2021 [Dkt. 77].

19  **Response:**

20        Defendant objects to this interrogatory as outside the scope permitted by Rule

21  26(b)(1) in that it is not proportional to the needs of the case considering the importance

22  of the discovery in resolving the issues, and whether the burden or expense of the

23  proposed discovery outweighs its likely benefit. Defendant further objects to the extent

24  that the interrogatory seeks information protected by the attorney-client privilege or

25  the attorney work-product doctrine. Defendant further objects in that Plaintiff equally

26  has access to the requested information and thus can be obtained by Plaintiff from some

27  other source that is more convenient, less burdensome, or less expensive.

28  ///

**Plaintiff's Argument for Compelled Further Response:**

This interrogatory is clearly within the scope permitted by Rule 26(b)(1) and Plaintiff's only access to this requested information is by obtaining it from HBM. Diaz is plainly entitled to facts regarding HBM's affirmative defenses. HBM's objections are boilerplate and frivolous. This is not information protected by privilege. Moreover, Diaz does not have equal access to the facts upon which ***HBM*** bases its affirmative defenses. HBM must be compelled to IDENTIFY all facts upon which he bases the affirmative defenses raised in its Answer.

**Defendant's Argument:**

**SPECIAL INTERROGATORY NO. 7:**

IDENTIFY all DOUCMENTS, including COMMUNICATIONS supporting the affirmative defenses raised in YOUR Answer filed on October 19, 2021 [Dkt. 77].

**Response:**

Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive.

**Plaintiff's Argument for Compelled Further Response:**

This Interrogatory is clearly within the scope permitted by Rule 26(b)(1) and Diaz's only access to this requested information is by obtaining it from HBM. Diaz is plainly entitled to COMUNICATIONS regarding HBM's affirmative defenses. All of this information is most certainly not protected by privilege. Moreover, Diaz does not have equal access to these DOCUMENTS and COMMUNICATION upon which

*HBM* bases its affirmative defenses. HBM must be compelled to respond to this Interrogatory.

**Defendant's Argument:**

## 2. Plaintiff's Motion To Compel Further Responses To First Request For Production Of Documents To HBM.

Under Rule 34(a)(1), the party responding to a request for production must, "[f]or each item or category, . . . either state that inspection . . . will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Rule 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Rule 34(b)(2)(C).

To the extent HBM objects based on "outside the scope" in a boilerplate, conclusory manner, those objections are improper. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (stating that the objecting party must "specifically detail the reasons why each request is irrelevant and may not rely on boilerplate, generalized, conclusory" arguments). Where "the responding party provides a boilerplate or generalized objection, said 'objections are inadequate and tantamount to not making any objection at all.'" *Bess v. Cate*, No. 07cv1989-JAM-JFM, 2008 WL 5100203, at *4 (E.D. Cal. Nov. 26, 2008) (*quoting Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper"). Notably, the party opposing the motion to compel has the "burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200-JM-PCL, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). The law makes clear that HBM's boilerplate objections are improper. HBM fails to meet its burden of showing

1    that Diaz's discovery should be prohibited.

2        For the sake of efficiency and to avoid having to duplicate Diaz's responses to

3 each of HBM's individual responses to the requests, Diaz provides the law relevant to

4 HBM's boilerplate objections:

5        A. HBM's Frivolous Objections

6          1. Overbroad, Vague, and Ambiguous:

7        Mere recitation of the familiar litany that a discovery request is overly broad,

8 burdensome, oppressive, and irrelevant will not suffice. *Momah v. Albert Einstein Med.*

9 *Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). These types of boilerplate objections are

10 routinely rejected by federal courts. *McLeod, Alexander, Powel & Apffel, P.C. v.*

11 *Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (finding objections to document requests

12 on the grounds that they were overly broad, burdensome and oppressive were

13 insufficient; *St. Paul Reins. Co., Ltd. v. Commercial Fin.Corp*., 198 F.R.D. 508, 512

14 (N.D. Iowa 200) (stating that boilerplate objections were "[i]n every respect...text-book

15 examples of what federal courts have routinely deemed to be improper objections.")

16          2. Relevancy:

17        Under Fed. R. Civ. Pro., R. 26(b)(1) discovery is permitted of "any non-

18 privileged matter that is relevant to any party's claim or defense." As a general matter,

19 Rule 26(b) is to be "liberally interpreted to permit wide-ranging discovery of

20 information," even if that information is not ultimately admitted at trial. *Comcast of*

21 *Los Angeles, Inc. v. Top End Int'l, Inc*. 2003 U.S. Dist. LEXIS 18640, *6 (C.D. Cal.

22 2003). "Relevant information for purposes of discovery is information 'reasonably

23 calculated to lead to the discovery of admissible evidence." *Survivor Media, Inc. v.*

24 *Survivor Prods*., 406 F.3d 625, 635 (9th Cir.2005) (citation omitted); see also *A. Farber*

25 *& Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

26          3. Attorney-Client Privilege and Work Product Objections

27        HBM has objected to nearly all of Diaz's Requests on the basis of attorney client

28 privilege and/or work product privilege but has failed to produce a privilege log. To

the extent HBM is withholding documents on the grounds of privilege, he is required to produce a privilege log pursuant to the applicable provisions of the FRCP. Specifically, FRCP Rule 26(b)(5) provides that when a party withholds information by claiming it is privileged or subject to work product protection, the party must: ... make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. *See also Clarke v. American Commerce National Bank*, 974 F.2d 127, 129 (9th Cir. 1992). The failure to produce a privilege log compliant with the FRCP may constitute a waiver of any privilege. *Ramirez v. County of Los Angeles*, 231 F.R.D. 407, 410 (C.D. CA 2005).

B. HBM's Failure to Search for Documents

As to HBM's purported responses discussed in subsection C, below, Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In most of his responses, HBM has not stated that it actually conducted a diligent search and reasonable inquiry. HBM merely stated that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." This is insufficient and evasive. HBM must state what efforts it underwent to search for the documents and the reason(s) why no documents exist and/or are not in its possession. Similarly, HBM repeatedly states that "investigation is ongoing." In response to the RFPs, HBM was required to conduct an investigation and a diligent search. HBM's objections are inappropriate and demonstrate that it is not taking their discovery obligations seriously. HBM has no right to withhold responsive documents.

**REQUEST FOR PRODUCTION NO. 4:**

All accounting records relating to YOUR management of DIAZ.

///

1  **Response:**

2    Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

3  in that it is not limited as to time, and therefore its burden or expense outweighs its

4  likely benefit. Defendant further objects to this request as outside the scope permitted

5  by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and

6  whether the burden or expense of the proposed discovery outweighs its likely benefit.

7  Defendant further objects to the extent that the request seeks documents protected by

8  the attorney-client privilege or the attorney work-product doctrine. Subject to the

9  foregoing, please see Bates Nos. 405-414, 416, 675, 692-706.

10  **Plaintiff's Argument for Compelled Further Response:**

11    This Request is clearly relevant and within the scope of this litigation. Diaz has

12  alleged that Heredia acted as his unlicensed manager and took monies and other

13  property from Diaz, and is seeking an accounting. HBM is a California corporation and

14  another vehicle of Heredia's theft from Diaz.  The only officers and directors listed for

15  HBM in its public filings with the California Secretary of State are Moses and Ralph

16  Heredia. "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and

17  CFO." [Dkt. 88-1 at 4:23-24].   Diaz has alleged that the California Athletic

18  Commission has no record stating that HBM has ever received a license, and, despite

19  California law requiring all managers be licensed, HBM received hundreds of

20  thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the

21  payments HBM were illicit and improper. Diaz has brought causes of action for, inter

22  alia, conversion and accounting against HBM. HBM's objections are frivolous and

23  lack merit. Finally, referencing Bates Nos. used in another litigation not involving

24  HBM is non-responsive. HBM should be compelled to produce all documents in its

25  custody and control responsive to Diaz's document request No. 4.

26  **Defendant's Argument:**

27

28

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover any documents that Moses, Diaz's paper manager, provided to HBM that relate to Diaz, Diaz's management and the various issues that HBM has raised in this litigation. "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and CFO." [Dkt. 88-1 at 4:23-24]. As such, this Request is clearly relevant to this action. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that it is "not currently aware of whether there are any potentially responsive documents withheld in response to this request," and HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document

1   request No. 5.

2   **Defendant's Argument:**

3

4   **REQUEST FOR PRODUCTION NO. 6:**

5       All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

6   **Supplemental Response:**

7       Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

8   in that it is not limited as to time, and therefore its burden or expense outweighs its

9   likely benefit. Defendant further objects to this request as outside the scope permitted

10  by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the

11  importance of the issues at stake in the action, the amount in controversy, the parties'

12  relative access to relevant information, the parties' resources, the importance of the

13  discovery in resolving the issues, and whether the burden or expense of the proposed

14  discovery outweighs its likely benefit. Defendant further objects to the extent that the

15  request seeks documents protected by the attorney-client privilege or the attorney

16  work-product doctrine. Defendant's investigation and discovery are ongoing, and it is

17  currently not aware of whether there are any potentially responsive documents

18  withheld in response to this request.

19  **Plaintiff's Argument for Compelled Further Response:**

20      This Request is clearly relevant and within the scope of this litigation. HBM's

21  objections are frivolous and lack merit. Diaz is certainly entitled to discover any

22  documents that HBM provided to Moses, Diaz's paper manager, that relate to Diaz,

23  Diaz's management and the various issues that HBM has raised in this litigation.

24  "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and CFO."

25  [Dkt. 88-1 at 4:23-24].  As such, this Request is clearly relevant to this action. To the

26  extent HBM is withholding documents based on privilege it must describe them in

27  particularity in a privilege log to enable Diaz to assess the applicability of the asserted

28  "privilege or protection."  HBM concludes its series of baseless objections with the

statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 6.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 406-414.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz alleges, in part:

> As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits

for himself from Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.

HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between HBM and its promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 7.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz alleges, in part:

> As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits for himself from Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.

HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between HBM and its promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 8.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**Response:**

Defendant objects to this request to the extent that it seeks documents not in his possession, custody, or control. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 405-414, 416, 676, and 683-691.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. HBM's objections are frivolous and lack merit. HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 9.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the

request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing. It is continuing to search for potentially responsive documents in such locations as such documents would be found, if they exist. Subject to the foregoing, please see Bates Nos. 405-414 and 683-691.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of bank records, reflecting HBM's compensation relating to any boxing match that Diaz has participated in. HBM's objections are frivolous and lack merit. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 10.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR

compensation relating to any sponsorship that DIAZ has participated in.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 683-691.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of bank records, reflecting HBM's compensation relating to any sponsorship that Diaz has participated in. HBM's objections are frivolous and lack merit. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially

responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 11.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 405-414 and 683-691.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed,

HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS, including but not limited to bank records, reflecting HBM's compensation relating to any revenue generated by Diaz through any means. HBM's objections are frivolous and lack merit. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."   HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 12.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**Response:**

Please see Bates No. 355.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 13.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 406-414, and 683-691.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz alleges, in part:

> As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits for himself from Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.

HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between HBM and its promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to

assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 14.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relating to any insurance policies covering YOUR defense relating to the LAWSUIT.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Request, HBM asserted no objections. Having failed to do all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). HBM simply states: "Defendant is currently unaware of any documents responsive to this request." HBM has an obligation to conduct a diligent search and to become aware. If there are no insurance policies covering HBM's defense relating to the LAWSUIT, HBM must state this. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 15.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to any insurance policies covering YOUR defense against COMPLAINT.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Request, HBM asserted no objections. Having failed to do all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). HBM simply states: "Defendant is currently unaware of any documents responsive to this request." HBM has an obligation to conduct a diligent search and to become aware.  If there are no insurance policies covering HBM's defense against the COMPLAINT, HBM must state this. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 16.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT.

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707.

**Plaintiff's Argument for Compelled Further Response:**

To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-

707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 17.

**Defendant's Argument:**


**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, Defendant directs Plaintiff to his First Amended Complaint.

**Plaintiff's Argument for Compelled Further Response:**

To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  HBM further objects with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware.  Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to *Diaz's First Amended Complaint*. This does absolutely nothing to inform Diaz as to the DOCUMENTS HBM

will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 18.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707.

**Plaintiff's Argument for Compelled Further Response:**

To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 19.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707.

**Plaintiff's Argument for Compelled Further Response:**

To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 20.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject

1  to the foregoing, please see Bates Nos. 1-707.

2  **Plaintiff's Argument for Compelled Further Response:**

3       To the extent HBM is withholding documents based on privilege it must describe

4  them in particularity in a privilege log to enable Diaz to assess the applicability of the

5  asserted "privilege or protection."  Obviously, Diaz is entitled to DOCUMENTS HBM

6  intends to rely on for its defense. The fact that HBM objected to this simple discovery

7  request demonstrates its bad faith and complete disregard for the discovery process.

8  Nothing could be more basic than a defendant having to produce documents that

9  support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-

10  707. These documents, which were produced by Moses Heredia in another litigation

11  not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely

12  on to support its defenses in this litigation.  HBM should be compelled to produce all

13  documents in its custody and control responsive to Diaz's document request No. 21.

14  ==Defendant's Argument:==

15

16  **REQUEST FOR PRODUCTION NO. 22:**

17       All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's

18  claims are barred, in whole or in part, by the fact that the actions alleged to have been

19  taken by Defendant were not the proximate cause of any injury to Plaintiff."

20  **Response:**

21       Defendant objects to this request to the extent it seeks documents protected by

22  the attorney-client privilege or subject to the attorney work-product doctrine. Subject

23  to the foregoing, please see Bates Nos. 1-707.

24  **Plaintiff's Argument for Compelled Further Response:**

25       To the extent HBM is withholding documents based on privilege it must describe

26  them in particularity in a privilege log to enable Diaz to assess the applicability of the

27  asserted "privilege or protection."  Obviously, Diaz is entitled to DOCUMENTS HBM

28  intends to rely on for its defense. The fact that HBM objected to this simple discovery

request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 22.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.".

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, Defendant directs Plaintiff to its Fed. R. Civ. P. 12(c) Motion and supporting exhibits.

**Plaintiff's Argument for Compelled Further Response:**

To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply directs Diaz to HBM's Fed. R. Civ. P. 12(c) Motion and supporting exhibits. This Motion does not inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to

1    Diaz's document request No. 23.

2    <mark>**Defendant's Argument:**</mark>

3

4    **REQUEST FOR PRODUCTION NO. 24:**

5        All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs'

6    claims are barred by a binding decision by an arbitrator."

7    **Response:**

8        Defendant directs Plaintiff to the record, decision, and evidence in "In the Matter

9    of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and

10   JOSEPH DIAZ, JR., Boxer," all of which Plaintiff already has in his possession and

11   which are equally available to Plaintiff. Defendant also directs Plaintiff to the

12   documents identified in Defendant's Rule 26 disclosures.

13   **Plaintiff's Argument for Compelled Further Response:**

14       In response to this Request, HBM asserted no objections. Having failed to do all

15   objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*

16   *Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). enable

17   Diaz to assess the applicability of the asserted "privilege or protection."  Obviously,

18   Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that

19   HBM objected to this simple discovery request demonstrates its bad faith and complete

20   disregard for the discovery process. Nothing could be more basic than a defendant

21   having to produce documents that support its defenses. Yet, HBM simply directs Diaz

22   "to the record, decision, and evidence in "In the Matter of the Arbitration of Contract

23   Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," and

24   "to the documents identified in Defendant's Rule 26 disclosures."  These do not inform

25   Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this

26   litigation.  HBM should be compelled to produce all documents in its custody and

27   control responsive to Diaz's document request No. 24.

28   ///

1  **Defendant's Argument:**

2

3  **REQUEST FOR PRODUCTION NO. 25:**

4      All DOCUMENTS, including COMMUNICATIONS, RELATING TO

5  information received by YOU from any PERSON regarding DIAZ.

6  **Response:**

7      Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)

8  in that it is not limited as to time or topic, and therefore its burden or expense outweighs

9  its likely benefit. Defendant further objects to this request in that it is not proportional

10 to the needs of the case considering the importance of the issues at stake in the action,

11 the amount in controversy, the parties' relative access to relevant information, the

12 parties' resources, the importance of the discovery in resolving the issues, and whether

13 the burden or expense of the proposed discovery outweighs its likely benefit.

14 Defendant further objects to the extent that the request seeks documents protected by

15 the attorney-client privilege or subject to the attorney work-product doctrine.

16 Defendant's investigation and discovery are ongoing, and it is currently not aware of

17 whether there are any potentially responsive documents withheld in response to this

18 request. Subject to the foregoing, please see Bates Nos. 1-707.

19 **Plaintiff's Argument for Compelled Further Response:**

20     This Request is clearly relevant and within the scope of this litigation. Diaz has

21 alleged that the California Athletic Commission has no record stating that HBM has

22 ever received a license, and, despite California law requiring all managers be licensed,

23 HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had

24 further alleged that all of the payments to HBM were illicit and improper. Diaz has

25 brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz

26 is entitled to discovery of DOCUMENTS RELATING TO information received by

27 HBM regarding DIAZ. To the extent HBM is withholding documents based on

28 privilege it must describe them in particularity in a privilege log to enable Diaz to

assess the applicability of the asserted "privilege or protection."  HBM concludes its
series of baseless objections with the statement that "it is currently not aware of
whether there are any potentially responsive documents withheld in response to this
request."  HBM has an obligation to conduct a diligent search and to become aware.
Finally, referencing Bates Nos. used in another litigation not involving HBM is non-
responsive. HBM should be compelled to produce all documents in its custody and
control responsive to Diaz's document request No. 25.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO
information received by YOU from any PERSON regarding the LAWSUIT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1)
in that it is not limited as to time or topic, and therefore its burden or expense outweighs
its likely benefit. Defendant further objects to this request in that it is not proportional
to the needs of the case considering the importance of the issues at stake in the action,
the amount in controversy, the parties' relative access to relevant information, the
parties' resources, the importance of the discovery in resolving the issues, and whether
the burden or expense of the proposed discovery outweighs its likely benefit.
Defendant further objects to the extent that the request seeks documents protected by
the attorney-client privilege or subject to the attorney work-product doctrine.
Defendant's investigation and discovery are ongoing, and it is currently not aware of
whether there are any potentially responsive documents withheld in response to this
request. Subject to the foregoing, please see Bates Nos. 1-707.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has
alleged that the California Athletic Commission has no record stating that HBM has

ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS RELATING TO information received by HBM regarding the LAWSUIT. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 26.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-691. Further, subject to the foregoing, please see the entire docket in this case.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS relating to the facts or issues raised in the COMPLAINT." To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. Remarkably, HBM states: "***please see the entire docket in this case***." It is inexplicable how the docket is responsive to this Request.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 27.

**Defendant's Argument:**


**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PERSON relating to the facts or issues raised in the COMPLAINT.

*///*

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see other communications by Defendant regarding Diaz identified throughout these Responses.

**Plaintiff's Argument for Compelled Further Response:**

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments tobHBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS relating to the facts or issues raised in the LAWSUIT." To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."   HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request."  HBM has an obligation to conduct a diligent search and to become aware. Remarkably, HBM states: "***please see other communications by Defendant regarding Diaz identified throughout these Responses***." It is inexplicable how this is responsive to this Request.

1   HBM should be compelled to produce all documents in its custody and control

2   responsive to Diaz's document request No. 28.

3   **Defendant's Argument:**

4

5   **REQUEST FOR PRODUCTION NO. 29:**

6         All DOCUMENTS reflecting or showing YOUR organization chart.

7   **Response:**

8         Defendant is currently unaware of any documents responsive to this request.

9   **Plaintiff's Argument for Compelled Further Response:**

10        In response to this Request, HBM asserted no objections. Having failed to do so

11   all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*

12   *Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). HBM

13   simply states: "Defendant is currently unaware of any documents responsive to this

14   request." HBM has an obligation to conduct a diligent search and to become aware.  If

15   there is not an organizational chart for HBM, HBM must state this. HBM should be

16   compelled to produce all documents in its custody and control responsive to Diaz's

17   document request No. 29.

18   **Defendant's Argument:**

19

20   **REQUEST FOR PRODUCTION NO. 30:**

21        All DOCUMENTS reflecting or showing all of YOUR employees.

22   **Response:**

23        Defendant is currently unaware of any documents responsive to this request.

24   **Plaintiff's Argument for Compelled Further Response:**

25        In response to this Request, HBM asserted no objections. Having failed to do so

26   all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*

27   *Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). HBM

28   simply states: "Defendant is currently unaware of any documents responsive to this

1  request." HBM has an obligation to conduct a diligent search and to become aware.  If

2  there are not DOCUMENTS reflecting HBM's employees, HBM must state this. HBM

3  should be compelled to produce all documents in its custody and control responsive to

4  Diaz's document request No. 30.

5  **Defendant's Argument:**

6

7  **REQUEST FOR PRODUCTION NO. 31:**

8      All DOCUMENTS reflecting or relating to YOUR profit and loss statements

9  for the period January 2017 through the present.

10  **Response:**

11      Please see Bates Nos. 683-691.

12  **Plaintiff's Argument for Compelled Further Response:**

13      In response to this Request, HBM asserted no objections. Having failed to do so

14  all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*

15  *Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012).

16  Additionally, referencing Bates Nos. used in another litigation not involving HBM is

17  non-responsive. HBM should be compelled to produce all documents in its custody

18  and control responsive to Diaz's document request No. 31.

19  **Defendant's Argument:**

20

21  **REQUEST FOR PRODUCTION NO. 32:**

22      All Internal Revenue Service Form W-2s provided by YOU to HEREDIA.

23  **Response:**

24      Defendant is currently unaware of any documents responsive to this request.

25  **Plaintiff's Argument for Compelled Further Response:**

26      In response to this Request, HBM asserted no objections. Having failed to do so

27  all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*

28  *Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012).

1   Additionally, referencing Bates Nos. used in another litigation not involving HBM is
2   non-responsive. HBM should be compelled to produce all documents in its custody
3   and control responsive to Diaz's document request No. 32.

4   <mark>**Defendant's Argument:**</mark>

5

6   **REQUEST FOR PRODUCTION NO. 33:**

7       All Internal Revenue Service Form W-2s provided by YOU to Moses Heredia

8   **Response:**

9       Defendant is currently unaware of any documents responsive to this request.

10  **Plaintiff's Argument for Compelled Further Response:**

11      In response to this Request, HBM asserted no objections. Having failed to do so
12  all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*
13  *Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012).
14  Additionally, referencing Bates Nos. used in another litigation not involving HBM is
15  non-responsive. HBM should be compelled to produce all documents in its custody
16  and control responsive to Diaz's document request No. 33.

17  <mark>**Defendant's Argument:**</mark>

18

19  **REQUEST FOR PRODUCTION NO. 35:**

20      YOUR Articles of Incorporation.

21  **Response:**

22      Please see Bates No. 707.

23  **Plaintiff's Argument for Compelled Further Response:**

24      In response to this Request, HBM asserted no objections. Having failed to do so
25  all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple*
26  *Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012).
27  Additionally, referencing Bates Nos. used in another litigation not involving HBM is
28  non-responsive.  HBM should be compelled to produce all documents in its custody

and control responsive to Diaz's document request No. 35.

**Defendant's Argument:**

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's First Set of Interrogatories served concurrently herewith.

**Response:**

Defendant incorporates by reference his objections to Diaz' first set of interrogatories and requests for admission. Subject to the foregoing, please see Bates Nos. 1-707. Defendant further directs Plaintiff to Defendant's Rule 12(c) motion.

**Plaintiff's Argument for Compelled Further Response:**

In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing to Bates Nos. used in another litigation not involving HBM and to HBM's Rule 12(c) motion is non-responsive.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 37.

This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings.  Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs. HBM's objections are frivolous and lack merit. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log

to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 37.

**Defendant's Argument:**

## III.   HBM AND ITS COUNSEL SHOULD BE SANCTIONED FOR THEIR FAILURE TO COMPLY WITH DISCOVERY

   **a.**  Diaz's Argument

Sanctions should be imposed against Plaintiffs for failure to provide discovery in this matter. According to the Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Diaz propounded interrogatories and requests for production which are directly relevant to this action. It is clear that all of the above objections offered by HBM were not substantially justified. HBM's lack of cooperation has rendered the discovery process unduly burdensome and unnecessarily expensive for Diaz and the Court.

As a result, Diaz has unnecessarily incurred attorney's fees and costs by engaging in futile efforts to meet and confer with Defendant's counsel and by filing this motion to compel. HBM's willful and inexcusable disregard of its discovery obligations deserves the imposition of sanctions, as authorized in F.R.C.P. 37(a)(5).

Diaz has incurred significant expense in attempting to informally resolve the discovery disputes giving rise to this motion with HBM's counsel. Diaz has attended one meet and confer conference and has spent significant time preparing his portion of this joint stipulation. In addition, Diaz expects to incur additional time drafting

1  supplemental briefing on these discovery issues and appearing at the hearing on this
2  motion. All told, Diaz expects to spend twenty (20) hours of attorney and paralegal
3  time in connection with this discovery dispute totaling approximately $10,250.00 in
4  attorneys' fees. Simas Decl., ¶ 10. In light of HBM's refusal to comply with its
5  discovery obligations, it should be ordered to pay the entirety of this sum to Diaz as
6  sanctions under F.R.C.P. Rule 37.

7          **b.** HBM's Argument

8

9  **IV.    PROPOSED RESOLUTIONS DURING THE CONFERENCE OF**
10         **COUNSEL**

11         **a.** Diaz's Resolutions

12         At the mandatory meeting of counsel, counsel for Diaz requested that HBM
13  respond fully to the Interrogatories and the RFPs. Diaz's counsel requested that
14  documents be produced in this action by HBM.  HBM's counsel stated that he did not
15  intend to supplement these discovery responses.

16         **b. Defendant's Resolution**

17

18  **V.    CONCLUSION**

19         **a. Diaz's Final Statement**

20         HBM has willfully obstructed discovery. The vast majority of interrogatory
21  responses are incomplete or entirely non-responsive and HBM produced a mere
22  twenty-five pages of documents in response to 37 clearly relevant RFPs Based on the
23  foregoing, Diaz respectfully submits that HBM should be ordered to provide complete
24  responses to Diaz's written discovery. Where HBM failed to assert objections, this
25  Court should order HBM to respond to such Requests without objection. Specifically,
26  Diaz requests an Order: produce all documents responsive to Request for Production
27  of Documents, Set One. In addition, Defendant should be ordered to reimburse Plaintiff
28  for the approximately $10,250.00 in attorneys' fees he has incurred in connection with

1    these discovery disputes. Diaz respectfully requests that the Court issue an order:

2    (1) Requiring HBM to (a) produce all responsive documents (and without

3    objections where no objections were previously asserted; and (b) provide all

4    information responsive to the Interrogatories; and

5    (2) Imposing sanctions against HBM and HBM's counsel in the amount of

6    $10,250.00.

7

8    b.    Defendant's Final Statement

9

10   *Respectfully submitted*,

11

12   Dated:  February 2, 2022          **VGC, LLP**

13

14                                 By:_____

15                                   James L. Greeley
                                     Diyari Vázquez
16                                   Gina Simas
                                     Attorneys for Plaintiff,
17                                   JOSEPH DIAZ, JR.

18

19

20   Dated:  February 2, 2022          **FEDERAL PRACTICE GROUP**

21

22                                 By:_____

23                                   Eric S. Montalvo
                                     Rajan O. Dhungana
24                                   Attorneys for Defendants,
                                     *Ralph Heredia and Heredia Boxing*
25                                   *Management*

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), this signatory attests that the other signatories listed, on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.


By:_____
Gina Simas

1

## **CERTIFICATE OF SERVICE**

2

3        I, Gina Simas, hereby certify that on _____, I electronically filed

4   the foregoing with the Clerk of the Court using the CM/ECF system, which will send

5   notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice

6   List, and I hereby certify that I have mailed the foregoing document to the non-

7   CM/ECF participants indicated on the Manual Notice List.

8

9   Dated: _____              By:_____

10                                         Gina Simas

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL