# EXHIBIT I

## SPECIAL INTERROGATORIES

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| **NO. 1:**<br>IDENTIFY all PERSONS for whom YOU serve as a boxing manager. | Defendant is currently unaware of any information responsive to this interrogatory. | In response to this Interrogatory, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to respond or object to [Defendant's] discovery |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]"). |

The incomplete response, and HBM's counsel's failure to clarify the response during the meet and confer process, "directly subvert[ed]" the "purpose" of these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also, Schudel v. Searchguy.com, Inc.*, No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (finding interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in discovery."). Diaz therefore requests that HBM be compelled to fully answer these interrogatories.

A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970).<br><br>Defendant answered more than one-half of the Interrogatories with the phrase "Defendant is currently unaware of any information responsive to this Interrogatories," and replied to the remaining questions in a largely evasive and non-responsive manner. *See Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir. 1981) ("some minimal level of responsiveness was required to alleviate legitimate doubts" the court may have had concerning a party's failure to cooperate in discovery). HBM's statement that it is "currently unaware" of any information responsive to almost one-half of the interrogatories is an "evasive or incomplete" response "to be treated as a failure to disclose, answer, or respond." Rule |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | 37(a)(4). The burden therefore falls upon HBM to justify its failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970). "A party to a civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts he made to acquire the information." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 529 (S.D.W. Va. 2007) (citation and quotation omitted) (emphasis added); see also U.S. ex rel. Englund v. Los Angeles County, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[g]enerally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers"). HBM should be compelled to respond to this Interrogatory. |
| **NO. 3:**<br>IDENTIFY all sponsorship opportunities YOU have obtained or helped to obtain for DIAZ. | Defendant is currently unaware of any information responsive to this interrogatory. | In response to this Interrogatory, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]"). The incomplete response, and HBM's counsel's failure to clarify the response during the meet and confer process, "directly subvert[ed]" the "purpose" of |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also, Schudel v. Searchguy.com, Inc.*, No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (finding interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in discovery."). Diaz therefore requests that HBM be compelled to fully answer this Interrogatory.<br><br>    A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | Comm. Notes (1970). Defendant answered more than one-half of the Interrogatories with the phrase "Defendant is currently unaware of any information responsive to this Interrogatories," and replied to the remaining questions in a largely evasive and non-responsive manner. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("some minimal level of responsiveness was required to alleviate legitimate doubts" the court may have had concerning a party's failure to cooperate in discovery). HBM's statement that it is "currently unaware" of any information responsive to almost one-half of the interrogatories is an "evasive or incomplete" response "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). The burden therefore falls upon HBM to justify its failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970). "A party to a civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | adequate effort, he is unsuccessful, his answer should recite in detail the attempts he made to acquire the information." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.,* Inc., 246 F.R.D. 522, 529 (S.D.W. Va. 2007) (citation and quotation omitted) (emphasis added); *see also, U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[g]enerally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers"). HBM should be compelled to respond to this Interrogatory. |
| **NO. 4:** IDENTIFY the amount of money YOU have earned from GOLDEN BOY in connection with any work relating to DIAZ. | Defendant is currently unaware of any information responsive to this interrogatory. | In response to this Interrogatory, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]").<br><br>The incomplete response, and HBM's counsel's failure to clarify the response during the meet and confer process, "directly subvert[ed]" the "purpose" of these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also Schudel v. Searchguy.com, Inc.*, No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (citing Davis, 650 F.2d at 1160) (finding |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in discovery."). Diaz therefore requests that HBM be compelled to fully answer this Interrogatory. |
| | | A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970). |
| | | Defendant answered more than one-half of the Interrogatories with the phrase "Defendant is currently unaware of any information responsive to this Interrogatories," and replied to the remaining questions in a largely evasive and |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
|  |  | non-responsive manner. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("some minimal level of responsiveness was required to alleviate legitimate doubts" the court may have had concerning a party's failure to cooperate in discovery). HBM's statement that it is "currently unaware" of any information responsive to almost one-half of the interrogatories is an "evasive or incomplete" response "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). The burden therefore falls upon HBM to justify its failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970). "A party to a civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts he made to acquire the information." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co*., Inc., 246 F.R.D. 522, 529 (S.D.W. Va. 2007) (citation and quotation omitted) (emphasis added); *see also U.S. ex* |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | *rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[g]enerally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers"). HBM should be compelled to respond to this Interrogatory. |
| **NO. 5:**<br>IDENTIFY the amount of money YOU have earned in connection with any work relating to DIAZ. | Defendant is currently unaware of any information responsive to this interrogatory. | In response to this Interrogatory, HBM only states: "Defendant is currently unaware of any information responsive to this interrogatory." First, having asserted no objections, all objections have been waived. "Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." Rule 33(b)(4). *See also, Safeco Ins. Co. of America v. Rawstrom*, 183 F.R.D. 668, 44 Fed. R. Serv. 3d 286 (C.D. Cal. 1998) (holding that party waived objections by not asserting them within the 30 days permitted by Rule 33, noting that if Rule 33 were construed to permit the assertion of new objections in such circumstances, parties would be able to raise objections serially, which would be inconsistent with the policy |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | of the Federal Rules that discovery be conducted swiftly and efficiently); *Saleha v. Tristar Prod., Inc.,* 2019 WL 669635, at *2 (S.D. Cal. Feb. 19, 2019) ("By failing to respond or object to [Defendant's] discovery requests, Plaintiff has waived all objections to the Interrogatories and Requests for Production served by [Defendant]"). |
| | |       The incomplete response, and HBM's counsel's failure to clarify any of these responses during the meet and confer process, "directly subvert[ed]" the "purpose" of these interrogatories. *See Forest Guardians v. Kempthorne*, No. CIV 06CV2560-L(LSP), 2008 WL 4492635, at *2 (S.D. Cal. Sept. 29, 2008); *see also Schudel v. Searchguy.com, Inc*., No. 07CV695-BEN (BLM), 2008 WL 11337244, at *4 (S.D. Cal. Aug. 21, 2008) (finding interrogatory responses incomplete because "some minimal level of responsiveness was required to alleviate legitimate doubt the court may have had concerning a party's failure to cooperate in discovery."). Diaz therefore requests that HBM be compelled to fully answer this Interrogatory. |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | A motion to compel is appropriate when a party fails to provide adequate responses to interrogatories submitted under Rule 33. Rule 37(a)(2)(B). An evasive or incomplete answer or response to an interrogatory is "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). When a party files a motion to compel responses to interrogatories, the burden is on the non-moving party to justify his or her objections or failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970).<br><br>Defendant answered more than one-half of the Interrogatories with the phrase "Defendant is currently unaware of any information responsive to this Interrogatories," and replied to the remaining questions in a largely evasive and non-responsive manner. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("some minimal level of responsiveness was required to alleviate legitimate doubts" the court may have had concerning a party's failure to cooperate in discovery). HBM's statement that it is |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | "currently unaware" of any information responsive to almost one-half of the interrogatories is an "evasive or incomplete" response "to be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). The burden therefore falls upon HBM to justify its failure to provide complete responses. Rule 33(a), Adv. Comm. Notes (1970). "A party to a civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts he made to acquire the information." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.,* 246 F.R.D. 522, 529 (S.D.W. Va. 2007) (citation and quotation omitted) (emphasis added); *see also U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[g]enerally, if the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers"). HBM |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | should be compelled to respond to this Interrogatory. |
| **NO. 6:**<br>IDENTIFY all facts upon which YOU base the affirmative defenses raised in YOUR Answer filed on October 19, 2021 [Dkt. 77]. | Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. | This interrogatory is clearly within the scope permitted by Rule 26(b)(1) and Plaintiff's only access to this requested information is by obtaining it from HBM. Diaz is plainly entitled to facts regarding HBM's affirmative defenses. HBM's objections are boilerplate and frivolous. This is not information protected by privilege. Moreover, Diaz does not have equal access to the facts upon which **HBM** bases its affirmative defenses. HBM must be compelled to IDENTIFY all facts upon which he bases the affirmative defenses raised in its Answer. |
| **NO. 7:**<br>IDENTIFY all DOUCMENTS, including COMMUNICATIONS | Defendant objects to this interrogatory as outside the scope permitted by Rule 26(b)(1) in that it | This Interrogatory is clearly within the scope permitted by Rule 26(b)(1) and Diaz's only access to this requested information is |

| SPECIAL INTERROGATORY | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| supporting the affirmative defenses raised in YOUR Answer filed on October 19, 2021 [Dkt. 77]. | is not proportional to the needs of the case considering the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the interrogatory seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects in that Plaintiff equally has access to the requested information and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. | by obtaining it from HBM. Diaz is plainly entitled to COMUNICATIONS regarding HBM's affirmative defenses. All of this information is most certainly not protected by privilege. Moreover, Diaz does not have equal access to these DOCUMENTS and COMMUNICATION upon which ***HBM*** bases its affirmative defenses. HBM must be compelled to respond to this Interrogatory. |

## REQUESTS FOR PRODUCTION OF DOCUMENTS

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| **No. 4:**<br>All accounting records relating to YOUR management of DIAZ. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 405-414, 416, 675, 692-706. | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that Heredia acted as his unlicensed manager and took monies and other property from Diaz, and is seeking an accounting. HBM is a California corporation and another vehicle of Heredia's theft from Diaz. The only officers and directors listed for HBM in its public filings with the California Secretary of State are Moses and Ralph Heredia. "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and CFO." [Dkt. 88-1 at 4:23-24]. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments HBM were illicit and improper. Diaz has brought causes of action for, inter alia, conversion and |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | accounting against HBM. HBM's objections are frivolous and lack merit. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 4. |
| **NO. 5:**<br>All DOCUMENTS provided by MOSES to YOU regarding DIAZ. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its | This Request is clearly relevant and within the scope of this litigation. HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover any documents that Moses, Diaz's paper manager, provided to HBM that relate to Diaz, Diaz's management and the various issues that HBM has raised in this litigation. "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and CFO." [Dkt. 88-1 at 4:23-24].  As such, this Request is clearly relevant to this action. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection."  HBM concludes its series of baseless objections with the |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. | statement that it is "not currently aware of whether there are any potentially responsive documents withheld in response to this request," and HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 5. |
| **NO. 6:**<br>All DOCUMENTS YOU have provided to MOSES regarding DIAZ. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in | This Request is clearly relevant and within the scope of this litigation. HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover any documents that HBM provided to Moses, Diaz's paper manager, that relate to Diaz, Diaz's management and the various issues that HBM has raised in this litigation. "Moses Heredia is the CEO of HBM, and Ralph Heredia is its Secretary and CFO." [Dkt. 88-1 at 4:23-24]. As such, this Request is clearly relevant to this action. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. | to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 6. |
| **NO. 7:**<br>All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the | This Request is clearly relevant and within the scope of this litigation. Diaz alleges, in part:<br><br>As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits for himself from |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 406-414. | Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.<br><br>HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between HBM and its promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 7. |
| **NO. 8:** | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to | This Request is clearly relevant and within the scope of this litigation. Diaz alleges, in part: |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ. | time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. | As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions. Once that relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits for himself from Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.<br><br>HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between HBM and its promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 8. |
| **NO. 9:**<br>All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated. | Defendant objects to this request to the extent that it seeks documents not in his possession, custody, or control. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 405-414, 416, 676, and 683-691. | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. HBM's objections are frivolous and lack merit. HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 9. |
| **NO. 10:**<br>All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of bank records, reflecting HBM's compensation relating to any boxing match that Diaz has participated in. HBM's objections are frivolous and lack merit. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing. It is continuing to search for potentially responsive documents in such locations as such documents would be found, if they exist. Subject to the foregoing, please see Bates Nos. 405-414 and 683-691. | to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 10. |
| **NO. 11:**<br>All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 683-691. | HBM. Diaz is entitled to discovery of bank records, reflecting HBM's compensation relating to any sponsorship that Diaz has participated in. HBM's objections are frivolous and lack merit. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 11. |
| **NO. 12:** All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| relating to any revenue generated by DIAZ through any means. | expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the | has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS, including but not limited to bank records, reflecting HBM's compensation relating to any revenue generated by Diaz through any means. HBM's objections are frivolous and lack merit. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | foregoing, please see Bates Nos. 405-414 and 683-691. | Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 12. |
| **NO. 13:** All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs. | Please see Bates No. 355. | In response to this Request, HBM asserted no objections. Having failed to do all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 13. |
| **NO. 14.** All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in | This Request is clearly relevant and within the scope of this litigation. Diaz alleges, in part: As part of his plot, after signing Diaz as a client, Heredia used Diaz to get his foot in the door with the well-known boxing promotion firm, Golden Boy Promotions.   Once   that |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 406-414, and 683-691. | relationship was established, Heredia expressly and continuously put his own interests over Diaz's interests and sought benefits for himself from Golden Boy rather than advocating for Diaz's interests—a violation of the Ali Act and his duties as a manager.<br><br>    HBM's objections are frivolous and lack merit. Diaz is certainly entitled to discover documents exchanged between HBM and its promoter, Golden Boy, that relate to Diaz, Diaz's management, promotional opportunities, fights, monies paid to the Heredias, to name a few. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 14. |
| **NO. 15:**<br>All DOCUMENTS relating to any insurance policies covering YOUR defense relating to the LAWSUIT. | Defendant is currently unaware of any documents responsive to this request. | In response to this Request, HBM asserted no objections. Having failed to do all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). HBM simply states: "Defendant is currently unaware of any documents responsive to this request." HBM has an obligation to conduct a diligent search and to become aware.  If there are no insurance policies covering HBM's defense relating to the LAWSUIT, HBM must state this. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 15. |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| **NO. 16:**<br>All DOCUMENTS relating to any insurance policies covering YOUR defense against COMPLAINT. | Defendant is currently unaware of any documents responsive to this request. | In response to this Request, HBM asserted no objections. Having failed to do all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). HBM simply states: "Defendant is currently unaware of any documents responsive to this request." HBM has an obligation to conduct a diligent search and to become aware. If there are no insurance policies covering HBM's defense against the COMPLAINT, HBM must state this. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 16. |
| **NO. 17:**<br>All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT. | Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707. | To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.   HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 17. |
| **NO. 18:** All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party." | Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, Defendant | To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM further objects with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware.  Obviously, Diaz is entitled to DOCUMENTS HBM |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | directs Plaintiff to his First Amended Complaint. | intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to ***Diaz's First Amended Complaint***. This does absolutely nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 18. |
| **NO. 19:** All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant." | Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707. | To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 19. |
| **NO. 20:**<br>All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant." | Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707. | To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | Bates Nos. 1-707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 20. |
| **NO. 21:** All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands." | Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707. | To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 21. |
| **NO. 22:**<br>All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff." | Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-707. | To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply references Diaz to documents Bates Nos. 1-707. These documents, which were produced by Moses Heredia in another litigation not involving HBM do nothing to inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation.  HBM should be compelled to |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | produce all documents in its custody and control responsive to Diaz's document request No. 22. |
| **NO. 23:**<br>All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.". | Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, Defendant directs Plaintiff to its Fed. R. Civ. P. 12(c) Motion and supporting exhibits. | To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply directs Diaz to HBM's Fed. R. Civ. P. 12(c) Motion and supporting exhibits. This Motion does not inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 23. |

| | | |
|---|---|---|
| **NO. 24:**<br>All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator." | Defendant directs Plaintiff to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," all of which Plaintiff already has in his possession and which are equally available to Plaintiff. Defendant also directs Plaintiff to the documents identified in Defendant's Rule 26 disclosures. | In response to this Request, HBM asserted no objections. Having failed to do all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). enable Diaz to assess the applicability of the asserted "privilege or protection." Obviously, Diaz is entitled to DOCUMENTS HBM intends to rely on for its defense. The fact that HBM objected to this simple discovery request demonstrates its bad faith and complete disregard for the discovery process. Nothing could be more basic than a defendant having to produce documents that support its defenses. Yet, HBM simply directs Diaz "to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," and "to the documents identified in Defendant's Rule 26 disclosures." These do not inform Diaz as to the DOCUMENTS HBM will rely on to support its defenses in this litigation. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 24. |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| **NO. 25:**<br>All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS RELATING TO information received by HBM regarding DIAZ. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 1-707. | to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 25. |
| **NO. 26:**<br>All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS RELATING TO information received by HBM regarding the LAWSUIT. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and it is currently not aware of whether there are any potentially responsive documents withheld in response to this request. Subject to the foregoing, please see Bates Nos. 1-707. | protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 26. |
| **NO. 27:**<br>All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT. | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see Bates Nos. 1-691. Further, subject to the foregoing, please see the entire docket in this case. | DOCUMENTS relating to the facts or issues raised in the COMPLAINT." To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. Remarkably, HBM states: "***please see the entire docket in this case***." It is inexplicable how the docket is responsive to this Request. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 27. |
| **NO. 28:**<br>All DOCUMENTS, including COMMUNICATIONS, between YOU and any PERSON relating to | Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its | This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic Commission has no record stating that HBM |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| the facts or issues raised in the COMPLAINT. | burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Subject to the foregoing, please see other communications by Defendant regarding Diaz identified throughout these Responses. | has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS relating to the facts or issues raised in the LAWSUIT." To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. Remarkably, HBM states: "***please see other communications by Defendant regarding Diaz identified throughout these Responses***." It is inexplicable how this is |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | responsive to this Request.  HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 28. |
| **NO. 29:**<br>All DOCUMENTS reflecting or showing YOUR organization chart. | Defendant is currently unaware of any documents responsive to this request. | In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). HBM simply states: "Defendant is currently unaware of any documents responsive to this request." HBM has an obligation to conduct a diligent search and to become aware.  If there is not an organizational chart for HBM, HBM must state this. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 29. |
| **NO. 30:**<br>All DOCUMENTS reflecting or showing all of YOUR employees. | Defendant is currently unaware of any documents responsive to this request. | In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | *2 (N.D. Cal. 2012). HBM simply states: "Defendant is currently unaware of any documents responsive to this request." HBM has an obligation to conduct a diligent search and to become aware. If there are not DOCUMENTS reflecting HBM's employees, HBM must state this. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 30. |
| **NO. 31:** All DOCUMENTS reflecting or relating to YOUR profit and loss statements for the period January 2017 through the present. | Please see Bates Nos. 683-691. | In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 31. |
| **NO. 32:** | Defendant is currently unaware of any documents responsive to this request. | In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| All Internal Revenue Service Form W-2s provided by YOU to HEREDIA. | | F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 32. |
| **NO. 33:**<br>All Internal Revenue Service Form W-2s provided by YOU to Moses Heredia | Defendant is currently unaware of any documents responsive to this request. | In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 33. |
| **NO. 35:**<br>YOUR Articles of Incorporation. | Please see Bates No. 707. | In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 35. |
| **NO. 37:** All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's First Set of Interrogatories served concurrently herewith. | Defendant incorporates by reference his objections to Diaz' first set of interrogatories and requests for admission. Subject to the foregoing, please see Bates Nos. 1-707. Defendant further directs Plaintiff to Defendant's Rule 12(c) motion. | In response to this Request, HBM asserted no objections. Having failed to do so all objections are waived. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir.1981); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 952254, at *2 (N.D. Cal. 2012). Additionally, referencing to Bates Nos. used in another litigation not involving HBM and to HBM's Rule 12(c) motion is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 37. <br><br> This Request is clearly relevant and within the scope of this litigation. Diaz has alleged that the California Athletic |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
| | | Commission has no record stating that HBM has ever received a license, and, despite California law requiring all managers be licensed, HBM received hundreds of thousands of dollars of Diaz's ring earnings. Diaz had further alleged that all of the payments to HBM were illicit and improper. Diaz has brought a cause of action for, inter alia, conversion and accounting against HBM. Diaz is entitled to discovery of DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs. HBM's objections are frivolous and lack merit. To the extent HBM is withholding documents based on privilege it must describe them in particularity in a privilege log to enable Diaz to assess the applicability of the asserted "privilege or protection." HBM concludes its series of baseless objections with the statement that "it is currently not aware of whether there are any potentially responsive documents withheld in response to this request." HBM has an obligation to conduct a diligent search and to become aware. |

| REQUEST FOR PRODUCTION | RESPONSE | PLAINTIFF'S ARGUMENT FOR COMPELLED FURTHER RESPONSE |
|---|---|---|
|  |  | Finally, referencing Bates Nos. used in another litigation not involving HBM is non-responsive. HBM should be compelled to produce all documents in its custody and control responsive to Diaz's document request No. 37. |