Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant*
Heredia Boxing Management

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>            Plaintiff,<br><br>       v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>            Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>HON. KENLY KIYA KATO<br><br>**[DISCOVERY MATTER]**<br><br>**DEFENDANT HEREDIA BOXING MANAGEMENT'S LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM RE: PLAINTIFF DIAZ' MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HEREDIA BOXING MANAGEMENT; REQUEST FOR SANCTIONS IN THE AMOUNT OF $17,625.00**<br><br>Date: March 10, 2022<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4<br>Judge: Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off Date: April 22, 2022<br>Pre-Trial Conference Date: August 12, 2022<br>Trial Date: August 29, 2022 |

# INTRODUCTION

Pursuant to Local Rule 37-2.3, Defendant Heredia Boxing Management ("HBM") respectfully submits this Supplemental Memorandum in connection with Plaintiff Diaz' improper and premature "Motion To Compel Further Responses To First Sets Of Interrogatories And Requests For Production Of Documents To Defendant Heredia Boxing Management; Request For Sanctions In The Amount Of $17,625.00."

Plaintiff Diaz has wholly failed to comply with this Court's local rules in his bringing this discovery dispute against Defendant HBM before the Court. Defendant HBM advised Plaintiff Diaz' counsel of this fact, and in Defendant Ralph Heredia's portion of that Joint Stipulation, stated that Defendant HBM would not be participating in the process of completing an improper Joint Stipulation. See ECF 96-1 at page 168, lines 20-24. Defendant HBM is providing the Court with more context of this decision via this Supplemental Memorandum, and urges the Court to sanction Plaintiff Diaz and his counsel for their blatant disregard of this Court's local rules.

# ARGUMENT

**Plaintiff Diaz Did Not Comply With the Local Rules Prior to Filing this Motion and Should Therefore Be Sanctioned**

In the Notice of the instant motion, Plaintiff Diaz' counsel states:

> "In accordance with Local Rule 37-1, counsel for Plaintiff made a good faith effort to meet and confer to resolve the dispute and submitted a Joint Stipulation to HMB pursuant to Local Rule 37 to which HBM did not provide any response. See Declaration of Gina Simas ("Simas Decl.") [filed concurrently herewith] ¶¶ 9-15, Exs. F.)"

See ECF 97, page 1 at lines 22-26.

The above declaration notwithstanding, no good-faith effort was made to meet and confer to resolve this dispute with Defendant HBM *in the manner required by the Court's local rules*. Local Rule 37-1 provides, in pertinent part:

> "Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party *must* confer with counsel for the moving party within ten days *after the moving party serves a letter* requesting such conference. The *moving party's letter must* identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought." (emphasis added.)

The Court did not relieve Plaintiff Diaz of the responsibility to serve a letter to Defendant HBM. Yet Plaintiff Diaz' counsel did not serve the required letter setting forth their perceived discovery issues, positions, and proposed discovery order terms. Defendant HBM was not, therefore, afforded the basic courtesy of time to digest and understand Plaintiff Diaz' discovery concerns, and provide a meaningful and thoughtful response that could have prevented or limited the scope of this discovery dispute. In fact, this is exactly what Defendant Heredia did in Plaintiff Diaz's dispute about Heredia's discovery responses – thoughtfully consider Diaz's contentions, and supplement his discovery responses twice. Diaz's counsel's failure to follow the local rules deprived the parties of an opportunity to resolve this dispute, or limit its scope.

The entirety of the meet and confer process between Plaintiff Diaz and Defendant HBM in regard to this dispute is as set forth the declaration of Plaintiff Diaz' counsel, Ms. Simas, at ¶10 of ECF 97-1:

> "On January 27, 2022, I met with HBM's counsel via telephone. During that conversation I stated that the responses were inadequate and HBM's counsel stated that he would not further supplement HBM's responses. I then informed counsel that I could bring a motion to compel against HBM. In other words, HBM's counsel was well aware that Diaz's counsel would be preparing the Joint Stipulation as a result of HBM's counsel express

refusal to supplement HBM's responses."

Simas Decl. at ¶10.

This procedure is not in compliance with this Court's Local Rule 37-1. And Plaintiff Diaz' counsel all should know better. They complied with this very same local rule in a discovery dispute related to the other defendant in this case, Ralph Heredia.

Merely declaring that one believes she could bring a motion to compel does not permit one to wholly disregard this Court's Local Rules and the discovery dispute procedures contained therein.

The instant dispute is not ripe precisely because Plaintiff Diaz has not provided Defendant HBM with the required detailed letter of his perceived discovery concerns, nor has there been the subsequent meet and confer as required by this Court's Local Rule 37-1. It simply is a waste of Defendant HBM's time and expense and the Court's time and expense to have to deal with this discovery dispute, which is premature entirely due to the moving party's failure to follow the Court's local rules.

## **CONCLUSION**

Local Rule 37-4 provides that the Court may impose sanctions on counsel who do not comply with these discovery dispute procedures. The Court plainly has the inherent power to control its docket, and in the exercise of that power, it may impose sanctions. See Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). Defendant HBM believes an exercise of that inherent authority is appropriate here against Plaintiff Diaz and his counsel for Plaintiff Diaz' counsels' blatant disregard of this Court's Local Rule 37-1.[1] Defendant HBM respectfully urges the Court to impose sanctions against Defendant Diaz and his counsel for this flagrant and knowing disregard of the Court's local rules, with the sanctions to include

---

[1] Defendant HBM also notes that Plaintiff Diaz' introductory statement to the Joint Stipulation appears not to be in compliance with the Court's Local Rule 37-2.1 and respectfully urges the Court to take into consideration this likely violation, as well, in deciding whether to sanction Plaintiff Diaz and his counsel.

dismissal the instant motion filed against Defendant HBM and payment of its attorneys' fees incurred in this discovery dispute.

Dated: February 23, 2022
/s/ *Rajan O. Dhungana*

Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2022, I filed the foregoing Defendant Heredia Boxing Management's Local Rule 37-2.3 Supplemental Memorandum Re: Plaintiff Diaz' Motion To Compel Further Responses To First Sets Of Interrogatories And Requests For Production Of Documents To Defendant Heredia Boxing Management; Request For Sanctions In The Amount Of $17,625.00 with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: February 23, 2022                /s/ *Eric S. Montalvo*
                                        Eric S. Montalvo (Admitted *Pro Hac Vice*)
                                        FEDERAL PRACTICE GROUP
                                        1750 K Street, N.W., Suite 900
                                        Washington, D.C. 20006
                                        Telephone: (202) 862-4360
                                        emontalvo@fedpractice.com