James L. Greeley (SBN 218975)
    jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
    dvazquez@vgcllp.com
Gina Simas (SBN 205367)
    gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> <u>HON. KENLY KIYA KATO</u> <br><br> **[DISCOVERY MATTER]** <br><br> **REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HEREDIA BOXING MANAGEMENT; REQUEST FOR SANCTIONS IN THE AMOUNT OF $17,625.00** <br><br> Date: March 10, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 3 or 4 <br> Judge: Hon. Kenly Kiya Kato <br><br> Discovery Cut-Off Date: April 22, 2022 <br> Pre-Trial Conference Date: August 12, 2022 <br> Trial Date: August 29, 2022 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND FACTUAL BACKGROUND

Joseph Diaz, Jr. ("Plaintiff" or "Diaz") filed this Motion to Compel ("Motion") against Defendant Heredia Boxing Management ("Defendant" or "HBM") set for hearing on March 10, 2022. On February 23, 2022 at 8:09 p.m., HBM filed what is captioned "Defendant Heredia Boxing Management's Local Rule 37-2.3 Supplemental Memorandum Re: Plaintiff Diaz' Motion To Compel Further Responses To First Sets Of Interrogatories And Requests For Production Of Documents To Defendant Heredia Boxing Management." [Dkt. 98] (hereinafter "Supplemental Memo").[1] It is entirely unclear to Diaz what HBM is doing. What is clear is that HBM altogether failed to file an Opposition to the Motion. HBM failed to state "the evidence upon which the [HBM] will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which [HBM] will rely." L.R. 7-9. It appears that HBM filed a Supplemental Memo in response to the Joint Stipulation—the same Joint Stipulation to which HBM's counsel refused to respond thereby necessitating Diaz to bring this Motion. After HBM's counsel refused to provide HBM's position into the Joint Stipulation on the false grounds that the parties did not meet and confer, Diaz then filed the Motion requiring HBM to then file an opposition. Any Opposition to the Motion was due "twenty-one (21) days before the date designated for the hearing of the motion." L.R. 7-12 provides:

> The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

---

[1] On February 23, 2022 at 8:11 p.m., HBM filed a duplicate document with the same caption. [Dkt. 99]

1

Here, because the Supplemental Memo was filed only 15 days before the hearing, giving Diaz **less than one day** to prepare and file a reply, the Court should decline to consider HBM's "Supplemental Memo" and grant Diaz's Motion outright. Moreover, pursuant to L.R. 7-13, the Court "shall" award sanctions against HBM for filing its Supplemental Memo, which apparently serves as an opposition, within the deadline. See L.R. 7-13 ("A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P."). Thus, in addition to Diaz's prior request this Court issue sanctions in the amount of $17,625.00, Diaz further requests this Court issue additional sanctions pursuant to L.R. 7-13.

Even if the Court considers the Supplemental Memo, which it should not because it does not qualify as a timely filed opposition that addresses **any** of the merits of the Motion, this Court can and should grant the Motion. On January 27, 2022, Diaz's counsel met with HBM's counsel via telephone. (Simas Decl. ¶ 10.) During this meet and confer conversation, Diaz's counsel stated that HBM's responses were completely deficient and explained the reasons for such deficiencies. (Id.) In response, HBM's counsel expressly stated that he would **not** supplement HBM's responses. (Id. at ¶ 10.) Diaz's counsel then informed HBM's counsel that she would bring a motion to compel against HBM. (Simas Decl. ¶ 16.) Diaz's counsel's declaration states: "I made expressly clear to him that I would be filing a motion to compel. (Id.) *See also,* Supplemental Declaration of Gina Simas ("Supp. Simas Decl.") [filed concurrently herewith] ¶¶ 2-3.)

On February 2, 2022, Diaz's counsel sent his portion of the Joint Stipulation. (Id. at ¶ 10.) On **February 7, 2022, at 10:25 p.m**., two days before HBM's portion was due, HBM's counsel falsely claimed that the parties did not meet and confer. If this was in fact true, and it is **not**, why did HBM's counsel wait **over five days** to raise this issue to Diaz's counsel? Diaz's counsel drafted the Joint Stipulation because of HBM's

refusal during the meet and confer to supplement the discovery responses. (Id. at ¶ 11.) Diaz's counsel would not have spent numerous hours drafting a Joint Stipulation were it not for the fact that she informed HBM's counsel that she was bringing a motion to compel as a result of this refusal. (Id.) Had HBM's counsel agreed to supplement during the meet and confer, which he did not, this would all have been avoided.

      Now, HBM's sole argument, without supporting authority, is that "Diaz's counsel did not serve the required letter setting forth their perceived discovery issues, positions, and proposed discovery order terms." [Dkt. 98 at 2:10-12.] Rule 37-1 states that "counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." HBM does not dispute that the parties met and conferred on January 27, 2022. Nor does HBM dispute that its counsel expressly stated that HBM would not supplement any of its responses. Simply, HBM had zero interest in attempting to resolve these disputes, and any untimely assertion otherwise is bogus. One need only review HBM's discovery responses to truly understand the disingenuousness of this argument. (*See* Simas Decl. ¶ 18, Ex. I [chart detailing HBM's deficient responses].) For example, in response to more than half of the Interrogatories, Defendant states: "Defendant is currently unaware of any information responsive to this interrogatory." Similarly, in response to the majority of Interrogatories and 37 Requests for Production ("RFP"), HBM improperly objects that such requests are "outside the scope permitted by Rule26(b)(1)." For HBM to now pretend that a letter was necessary (or required) after its counsel expressly told Diaz's counsel during a meet and confer conference that HBM would not supplement its responses (and at no time has indicated that HBM intends to in any way supplement its responses) is outrageous.

      Moreover, this argument is irrelevant because Diaz plainly satisfied Rule 7-3. In accordance with Rule 7-3, given the fact that counsel cannot meet "in person" since Mr. Montalvo is located in Washington, DC, on January 27, 2022, the parties met and conferred via telephone. The local rules encourage counsel to have a substantive

dialogue (instead of a letter writing campaign) in order to seriously attempt to resolve issues. The telephonic meet and confer took place "at least seven (7) days prior to the filing of the motion," as Rule 7-3 requires.

HBM's counsel undisputedly understands Rule 7-3. In its Order denying Defendant Ralph Heredia's Motion to Compel Arbitration, this Court states:

> The Court has repeatedly admonished Heredia's [HBM's] counsel for not following the Local Rules.…Here, despite a previous admonishment to comply with the Local Rules—specifically L.R. 7-3—Heredia's counsel failed to engage in any substantive Conference of Counsel before filing the Motion, as required by L.R. 7-3.

[Dkt. 33 at 2:12-15.] Astonishingly, after the Court issued this Order, HBM's counsel again failed to meet and confer which resulted in this Court issuing another Order admonishing HBM's counsel. In this Order, this Court states:

> Here, Heredia explains that his counsel, whose primary practice is in the District of Columbia, simply misunderstood the requirements of L.R. 7-3; "there was no 'deliberate' or strategic choice to violate L.R. 7-3 but rather a good faith effort to meet the intent of the rule." According to Heredia, in his counsel's practice in the District of Columbia, the "use of email and short conversations generally meet the requirements for a conference of counsel prior to any motion filing." In view of this Court's prior orders, the Court finds that explanation wholly inadequate—***if not disingenuous***.

[Dkt. 44 at 6:5-13.] (emphasis added.)  Pursuant to this Order, both Eric Montalvo and Rajan Dhungana then submitted Declarations of Compliance attesting, under penalty of perjury, that they each read the local rules of the United States Central District Court

4

of California in their entirety. [Dkt. 45, 45-1, 46 & 46-1.] Given this history, it is particularly egregious for HBM's counsel now to rely on this feeble and false justification for not responding to the Joint Stipulation and for not filing a substantive Opposition to the Motion.

HBM's obstructionist conduct during discovery has been nothing short of bad faith. HBM has failed to comply with basic discovery obligations and has purposefully avoided producing relevant documents. Instead, HBM opted to assert a number of boilerplate objections, make improper unsupported assertions of privilege, and in response to requests for production produced 25 pages of non-compliant documents (i.e. these documents are not properly Bate Stamped for this litigation and instead contain Bate Stamps starting with "Heredia EXH0683").[2] Diaz requests that this Court order HBM and its counsel to: (a) produce all responsive documents (without objections where no objections were previously asserted); (b) provide all information responsive to the Interrogatories (with proper verifications)[3] to Plaintiff; (c) pay sanctions in the amount of $17,625.00.00. and (d) pay sanctions for filing its Supplemental Memo (which should have been an Opposition) after the deadline.

## II.   ARGUMENT

In its Supplemental Memo, HBM altogether fails to address the substance of the Motion. As detailed by the chart submitted with the Motion, HBM's responses to the majority of Interrogatories and to 37 RFPs were wholly deficient. (*See* Simas Decl., ¶ 18, Ex. I.) HBM has provided no basis or indication as to why any of its objections should be given weight, and, therefore, its objections should be overruled. Simply put, HBM comes nowhere close to meeting its burden of clarifying, explaining, and supporting any of its objections.

---

[2] These documents are nowhere referenced in HBM's written responses to the RFPs.

[3] To date, no Verifications have been provided.

Moreover, sanctions should be imposed against HBM for its failure to provide discovery in this matter. According to the Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Diaz propounded interrogatories and requests for production which are directly relevant to this action. It is clear that all of the above objections offered by HBM were not substantially justified. HBM's lack of cooperation has rendered the discovery process unduly burdensome and unnecessarily expensive for Diaz and the Court.

Diaz has unnecessarily incurred attorney's fees by engaging in futile efforts to meet and confer with HBM's counsel and by filing this Motion. Adding insult to injury, HBM now falsely claims as follows:

> The instant dispute is not ripe precisely because Plaintiff Diaz has not provided Defendant HBM with the required detailed letter of his perceived discovery concerns, nor has there been the subsequent meet and confer as required by this Court's Local Rule 37-1.

[Dkt. 98 at 3:9-12:] First, the parties met and conferred on January 27, 2022 wherein HBM's counsel stated he would not supplement the responses. During this meet and confer, Diaz's counsel expressly stated that she would be filing a motion to compel. (Simas Decl. ¶ 16 and Supp. Simas Decl. ¶¶ 2-3.) Notably, the Supplemental Memo does not dispute this. Second, even if the Court deems this meet and confer inadequate, which it should not, Diaz plainly satisfied Rule 7-3 (which has no requirement that Diaz's counsel provide HBM with a letter). It strains credulity that HBM's counsel genuinely believes there was an inadequate meet and confer, when the Rules actually require that the parties engage in conversation to attempt to resolve issues. Rather, HBM appears to be grasping at straws to avoid having to respond to the Joint Stipulation and to pay sanctions.

Diaz's counsel emailed the Joint Stipulation on February 2, 2022. Five days later, on February 7, 2022 at 10:25 p.m., HBM's counsel emails Diaz's counsel stating: "We have huddled internally and do not appear to have received a discovery letter relating to HBM." (Simas Decl., ¶¶ 10, 13-16 and Ex. F.)  Conspicuously, HBM's counsel does not state that the parties did not attend a meet and confer conference. The undisputed fact remains that Diaz and HBM's counsel met and conferred on January 27, 2022, during which time HBM's counsel expressly stated that he would not supplement HBM's responses and Diaz's counsel expressly stated that she would bring a motion to compel against HBM. (Simas Decl., ¶ 16 & Suppl. Simas Decl., ¶¶ 2-3.) At no point has HBM ever indicated that it would supplement any of its responses. As such, Diaz's counsel satisfied Rule 7-3, which is what is required for purposes of this Motion.

Now, after refusing to respond to the Joint Stipulation and forcing Diaz to file this Motion, HBM's counsel then fails to timely an Opposition and instead filed the Supplemental Memo on February 23, 2022 at 8:09 p.m. The hearing on the Motion is March 10, 2022, and, therefore, if this Court construed the Supplemental Memo as an Opposition, which it should not because it is a Supplemental Memo, it is untimely. The Supplemental Memo should be disregarded and additional sanctions are warranted. L.R. 7-12 and L.R. 7-13. *Menell v. Rialto Unified Sch. Dist.*, 2016 WL 3452920, at *5 (C.D. Cal. June 20, 2016) (stating "the Court deems Defendant's failure to oppose the Motion to Compel consent to granting the motion. See L.R. 7-12") and *Fishback v. Edmiston*, No. CV 18-6946-DMG (KSX), 2019 WL 7865181, at *1 (C.D. Cal. Aug. 28, 2019) (District Court granting sanctions for violating L.R. 7-9 pursuant to L.R. 7-13). In short, HBM's willful and inexcusable disregard of its discovery obligations deserves the imposition of sanctions, as authorized in F.R.C.P. 37(a)(5). HBM's failure to file its Opposition on time warrants additional sanctions.

Finally, and remarkably, during this entire wearisome process, HBM's counsel has yet to supplement any of HBM's responses. Instead, HBM continues its perpetual

delay by labeling these issues "premature." [Dkt. 98 at 3:13.] Worse yet, HBM's counsel now seeks sanctions against Diaz and his counsel. [Dkt. 98 at 3:24-4:3.] Putting aside the obvious facts that this request is entirely unsupported by declarations, an amount for sanctions and substantive law supporting such sanctions, the audacity of this request cannot be ignored. On or about December 15, 2021, Diaz served directly relevant and necessary Interrogatories and RFPS. On January 24, 2022, HBM *untimely and wholly deficiently* responded to this discovery. (Simas Decl., ¶ 8, Exs. C & D.) The parties met and conferred. Diaz prepared a Joint Stipulation, to which HBM's counsel refused to respond. Diaz prepared the Motion. HBM now untimely responds with a Supplemental Memo, nowhere responding to any substantive arguments raised in the Motion and concocting a false justification for why the Motion should be dismissed and why Diaz and his counsel should be sanctioned. To comply with L.R. 7-9 and to provide this Court with a timely Reply in support of the Motion, Diaz was forced to respond to the Supplemental Memo in less than 24 hours. Given this reprehensible conduct, which has been ongoing since this action's inception, Diaz urges this Court to issue sanctions against both HBM and its counsel. This Court must put an end to this misconduct and ensure that Diaz's counsel is provided with the discovery necessary to prosecute this case.

### III. CONCLUSION

Diaz respectfully requests that the Court issue an order:

(1) Requiring HBM to (a) produce all responsive documents (without objections where no objections were previously asserted; and (b) provide all information responsive to the Interrogatories; and

1       (2) Imposing sanctions against HBM and HBM's counsel in the minimum
2  amount of $17,625.00. Further, pursuant to L.R. 7-13, this Court should issue sanctions
3  for HBM's failure to timely file an Opposition.

                                                              *Respectfully submitted*,

Dated: February 24, 2022                 **VGC, LLP**

                                                By: _/s/ Gina Simas_
                                                   James L. Greeley
                                                   Diyari Vázquez
                                                   Gina Simas
                                                   Attorneys for Plaintiff,
                                                   JOSEPH DIAZ, JR.

# CERTIFICATE OF SERVICE

I, Diyari Vázquez, hereby certify that on February 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: February 24, 2022          By:  */s/ Diyari Vázquez*
                                        Diyari Vázquez