1  James L. Greeley (SBN 218975)
   jgreeley@vgcllp.com
2  Diyari Vázquez (SBN 222461)
   dvazquez@vgcllp.com
3  Gina Simas (SBN 205367)
   gsimas@vgcllp.com
4  **VGC, LLP**
5  1515 7th Street, No. 106
6  Santa Monica, California 90401
7  Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>    Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><u>HON. KENLY KIYA KATO</u><br><br>**[DISCOVERY MATTER]**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO FIRST SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT RALPH HEREDIA; AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $18,125.00**<br><br>Date: March 10, 2022<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4<br>Judge: Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off Date: April 22, 2022<br>Pre-Trial Conference: August 12, 2022<br>Trial Date: August 29, 2022 |

·

## I. INTRODUCTION

Heredia has willfully obstructed discovery, and, despite agreements to supplement, has simply ignored Diaz's repeated demands that he comply with his discovery obligations. As such, Diaz requests that the Court impose sanctions against Heredia and his counsel for failure to provide discovery in this matter in the amount of $18,125.00. To date, Heredia has yet to provide a single document in response to the RFPs[1] and has altogether failed to provide adequate responses to the Interrogatories.

## II. ARGUMENT

### A. Diaz Is Not Trying to Get A "Second Bite At The Apple."

Heredia repeats *ad nauseum* that Diaz is seeking to improperly litigate matters that were previously litigated during arbitration. Specifically, Heredia states:

> Plaintiff is seeking the proverbial "second bite at the apple." Plaintiff in response to an arbitration demand, as required by the valid 2017 Boxer-Manager Contract and the controlling statutes, presented his averments relating to the validity of the Contract to the California State Athletic Commission which held the contract to be valid issuing an award. Plaintiff lost and wishes to improperly relitigate these matters before this Court.

(Dkt. 96-1 at 4:2-7.) This is wrong, and has been flatly rejected by both the arbitrator and this Court. On June 10, 2021, the Commission held an arbitration concerning ***the Contract between Plaintiff and Moses Heredia***—who is ***not*** a party to this lawsuit (the "Arbitration"). Despite Heredia acknowledging that he was (1) not a party to the 2017 Boxer Manager Contract (the "Contract") subject to the Arbitration and (2) not a party to the Arbitration, Heredia nevertheless now contends that Diaz is attempting "to

---

[1] In response to numerous RFPs, Heredia refers Diaz to Bates numbers used in an arbitration not involving Heredia and involving claims distinct from this action. Heredia cannot simply refer Diaz to documents previously produced in an unrelated action not involving Heredia.

improperly relitigate matters." Nonsense. This Court has previously held that Heredia is not a party to the Contract and that it did not have the right to compel Heredia to arbitration under that Contract. On May 19, 2021, this Court denied Heredia's motion to compel on the merits (Dkt. 44). The Court found:

> The Court concludes that Heredia, a nonsignatory to the Management Contract, does not have the right to compel arbitration under that agreement Furthermore, assuming arguendo that Heredia is an employee of Heredia Boxing Management, that entity is not a party to the Management Contract either. The Management Contract is between "Moses Heredia" and "Joseph Diaz Jr."—Moses Heredia is designated as the "Manager" and Diaz is designated as the "Boxer." The Management Contract does not contain any reference to "Ralph Heredia" or "Heredia Boxing Management.

(Dkt. 44).

On June 10, 2021, the Commission held the Arbitration concerning the Contract between Diaz and Moses Heredia. During the Arbitration, Heredia's counsel stated: "Mr. Ralph Heredia … ***is not the licensed manager at issue here today.***" (Arb. Tr. (Dkt. 83, Ex. 16) at 12:24-13:1.) Notwithstanding this clear admission that Heredia was not the "manager at issue," Heredia's counsel now boldly contends that Diaz wishes to "'improperly relitigate' these matters before this Court." In addition to Heredia's admission, the Arbitrator (just like this Court) made clear that Heredia was ***not*** a party to the Contract. For example, when Diaz's counsel raised arguments concerning Heredia, the Arbitrator plainly stated: "You're going to deal with that in federal court. We're just dealing with the boxing."[2] (Arb. Tr. (Dkt. 83, Ex. 1) at 156:14-

---

[2] See Dkt. 83, Ex. 5 at 1:20-25 (Andrew Foster, Executive Officer for the Commission was "appointed by the Commission to arbitrate ***the contract dispute between Moses Heredia (Manager) and Joseph Diaz, Jr. (Boxer)***"

22.) Thereafter, the Arbitrator issued the Decision, which further demonstrates that Heredia's claims were not litigated. (*See, e.g.* Arb. Decision (Dkt. 83, Ex. 5) at p.4 fn. 1 ("the arbitrator makes no determination as to whether the 2012 agreement was also invalid due to Ralph Heredia signing the agreement"); and at 13:7-12 ("[t]his dispute [over vehicle repossession] is a component of Boxer's lawsuit against Ralph Heredia and does not involve Manager, who is not a named party in that civil lawsuit"). Simply, Diaz is not trying to get a "second bite at the apple." Diaz's claims as to Heredia have not been resolved and any argument to the contrary has zero merit. Heredia's reliance on the arbitration proceedings throughout his discovery responses is misplaced and improper. Referencing documents produced by Moses Heredia in response to different claims in a separate arbitration does not satisfy Heredia's discovery obligations.

### B.  Heredia Did Not Attempt to Comply With His Discovery Obligations.

Any argument that Heredia has tried to comply with discovery is bogus. For four months, Plaintiff's counsel did everything she could to persuade Heredia's counsel to provide sufficient responses. Specifically, she demanded that Heredia produce documents. Heredia falsely states:

> All that claimed time and effort was wasted for lack of one simple, clear communication from Plaintiff Diaz' counsel to Defendant Heredia's counsel stating that they do not believe they received the documents along with the RFP responses.

(Dkt. 96-1 at 9:28-10:3.) Notably, on November 23, 2021, Plaintiff's counsel sent Heredia's counsel a detailed twenty-two page meet and confer which states:

> [We] are incredibly disappointed to see that the vast majority of the responses are incomplete or entirely non-responsive. In response to 58 Requests for Production, all of which are clearly relevant, **Heredia has failed to produce a single document.**

(Simas Decl., ¶ 4, Ex. E.) Any belated attempt to pretend that this was a "miscommunication" is disingenuous. Rather, it is a ploy to avoid sanctions. This Court cannot and should not fall for Heredia's tactics. The record makes clear that Heredia's obfuscation is unjustifiable and impermissible. Now, facing sanctions, he resorts to blaming Diaz and his counsel (again), as well as falsely labeling this a "misunderstanding owing to a lack of communication from Plaintiff's counsel." (Dkt. 96-1 at 166:17-18.) Untrue. After four months and numerous hours and wasted resources, Heredia boldly claims he did not know Diaz was not provided documents. Glaringly, Heredia provides *zero* evidence of having produced any documents. When, where and how did he do so? This did not happen. Moreover, referencing Bates Numbers of documents provided in an arbitration not involving Heredia is improper and insufficient. Heredia has obligation to provide documents himself. Heredia's gamesmanship and misconduct must be stopped. Diaz pleads with this Court not to fooled by Heredia's games and to admonish him for his blatant fabrications and patent discovery abuse.

Further, Heredia's contends that "[t]wo interrogatory responses were scrivener's error, first learned about through this Joint Petition." (Dkt. 96-1 at 4-5.)  In response to Interrogatory No. 7, Heredia simply objected stating: Defendant is currently unaware of any documents responsive to this request." Now, facing sanctions, he states:

> Further, the response at issue could easily have been supplemented in discussions between counsel prior to this Joint Petition. The supplemented response would be: "I did not earn any such money as I did not serve as Diaz's manager.

(Dkt. 96-1 at 13:3-5; *see also* Rog. No. 8 Dkt. 96-1 15:1-3 6:17-18.) If these Interrogatories "could easily have been supplemented, Heredia should have done so. Diaz's counsel provided Heredia's counsel not one, but two opportunities to supplement responses.  (Dkt. 96-1 [Simas Decl.] ¶¶ 9-14.) It is only *after* filing this

Joint Stipulation, and in an effort to avoid sanctions, that Heredia suddenly asserts that these responses "could easily have been supplemented." Too little too late. Heredia's bad faith tactics have been consistent and constant.

Simply put, after four months, Heredia boldly claims he did not know Diaz was not provided documents and that some of his wholly deficient Interrogatory responses were "scrivener's errors." Heredia's gamesmanship and misconduct must be stopped. This Court can and should issue sanctions against both Heredia and his counsel.

### C. Heredia And His Counsel Should Be Sanctioned for Their Failure to Comply with Discovery.

Sanctions should be imposed against Heredia for his failure to provide discovery in this matter. According to the Federal Rules of Civil Procedure, Rule 37 (a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Heredia comes nowhere close to substantially justifying his improper objections. Despite a detailed meet and confer letter, subsequent emails, and several meet and confer conversations, Heredia now pretends that he was unaware of the deficiencies. This feigned ignorance is nothing short of a ruse in an attempt to avoid sanctions. Heredia's incomplete and inadequate responses were not "scrivener's errors"—they were intentional obstruction.

Plaintiff's counsel gave Heredia's counsel ample time and three opportunities to supplement the Interrogatories. Four months later and after Diaz's counsel spent numerous hours on this Joint Stipulation, Heredia's counsel states he could have easily supplemented the responses. Simply, Heredia could have and should have supplemented well before today. The Court must see through this intentional obstructionism. In light of Heredia's refusal to comply with his discovery obligations, Heredia and his counsel should be ordered to pay sanctions under F.R.C.P. Rule 37.

### III. CONCLUSION

Heredia has willfully obstructed discovery at every turn and, despite numerous agreements to supplement and produce, have simply ignored Diaz's repeated demands

that he comply with his discovery obligations. Diaz respectfully requests that the Court GRANT Diaz's Motion and issue sanctions against Heredia and his counsel.

*Respectfully submitted*,

Dated: February 24, 2022    **VGC, LLP**

By: *Gina Simas*
James L. Greeley
Diyari Vázquez
Gina Simas
Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

**CERTIFICATE OF SERVICE**

I, Diyari Vazquez, hereby certify that on February 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: February 24, 2022           By:   /s/ Diyari Vázquez
                                         Diyari Vázquez

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ISO MOTION TO COMPEL