UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2332-JWH (KKx)** | Date: | March 4, 2022 |
|---|---|---|---|

| Title: | ***Joseph Diaz, Jr. v. Ralph Heredia, et al.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order GRANTING IN PART and DENYING IN PART Plaintiff's Motion to Compel [Dkt. 96]**

On February 11, 2022, plaintiff Joseph Diaz, Jr. ("Plaintiff") filed a motion seeking to compel defendant Ralph Heredia ("Defendant") to produce supplemental responses to (1) Special Interrogatories, Set One, Nos. 7-11, and (2) Requests for Production of Documents, Set One, Nos. 1 through 58 and responsive documents ("Motion to Compel"). Dkt. 96. Plaintiff also seeks $18,125.00 in attorney's fees and costs incurred in bringing the Motion to Compel. Id. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART.

# I.
# BACKGROUND

On October 7, 2020, Plaintiff initiated this action by filing a Complaint against Defendant in San Bernardino County Superior Court alleging various causes of action stemming from a boxing management agreement between Plaintiff and Defendant. Dkt. 3, Compl.

On November 9, 2020, Defendant removed the action to this Court. Dkt. 1.

On August 17, 2021, Plaintiff filed the operative First Amended Complaint ("FAC")[1] for (1) fraud; (2) breach of fiduciary duty; (3) breach of implied-in-fact contract; (4) conversion; (5) tortious interference with prospective economic advantage; (6) violation of the Muhammad Ali Boxing

---

[1]    Plaintiff also substituted defendant Heredia Boxing Management ("HBM") as Jane Doe 1. Dkt. 69. Defendant HBM, however, is not a party to the instant Motion to Compel.

Reform Act (15 U.S.C. §§ 6301, et seq.); (7) quantum meruit; and (8) accounting.  Dkt. 69.  Plaintiff alleges Defendant failed to fulfill his duties to Plaintiff as his boxing manager, and instead, "manipulated, exploited, and stole" from Plaintiff.  Id.

On September 17, 2021, Defendant filed an Answer to the FAC.  Dkt. 72.

On October 18, 2021, Plaintiff served Defendant with Special Interrogatories, Set One and Request for Production of Documents, Set One.  Dkt. 96-2, Declaration of Gina Simas in support of Motion to Compel ("Simas Decl."), ¶ 7, Exs. A, B.

On November 16 and 17, 2021, Defendant served responses to Plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set One.  Id., ¶ 8, Exs. C, D.

On November 23, 2021, Plaintiff sent a meet and confer letter seeking to initiate a meet and confer conference pursuant to Local Civil Rule 37-1, detailing how Defendant's responses were deficient, and requesting Defendant supplement his responses.  Id., ¶ 9, Ex. E.

On December 3, 2021, Defendant served supplemental responses to Plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set One.  Id., ¶ 10, Exs. F, G.

On December 6, 2021, Plaintiff sent a second meet and confer letter detailing how Defendant's supplemental responses were deficient.  Id., ¶ 11, Ex. H.

On December 17, 2021, the parties conferred via telephone.  Id., ¶ 12.

On January 24, 2022, Defendant served Second Supplemental Responses to Plaintiff's Special Interrogatories, Set One and Request for Production of Documents, Set One.  Id., ¶¶ 13-14, Exs. I, J.

On February 11, 2022, Plaintiff filed the instant Motion to Compel and Joint Stipulation pursuant to Local Civil Rule 37-2 arguing Defendant's Second Supplemental Responses remain deficient.  Dkt. 96, Motion to Compel; dkt. 96-1, JS.  On February 24, 2022, Plaintiff filed a Supplemental Brief.  Dkt. 102, Suppl.  The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if

"(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)). "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination. . . . Where the necessary factual issues may be resolved without discovery, it is not required." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975).

## III.
## DISCUSSION

### A.   INTERROGATORIES

Federal Rule of Civil Procedure 33 ("Rule 33") governs interrogatories. See FED. R. CIV. P. 33. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." FED. R. CIV. P. 33(a)(1). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).

When "a party fails to answer an interrogatory submitted under Rule 33," a "party seeking discovery may move for an order compelling an answer[.]" FED. R. CIV. P. 37(a)(3)(B)(iii).

### 1.   The Motion to Compel Supplemental Responses to Interrogatory Nos. 7 and 8 is GRANTED

Interrogatory No. 7 seeks identification of the amount of money Defendant earned in connection with serving as Plaintiff's manager. JS at 24.

Defendant objected to Interrogatory No. 7 on the grounds (a) it is disproportionate to the needs of the case, (b) the burden or expense of producing the discovery outweighs its likely benefit, and (c) Plaintiff "equally has access to the requested information." Id. at 24-25.

Interrogatory No. 8 seeks identification of the amount of money Defendant earned in connection with any work relating to Plaintiff. Id. at 26.

Defendant objected to Interrogatory No. 8 on the grounds (a) it is disproportionate to the needs of the case, (b) the burden or expense of producing the discovery outweighs its likely benefit,

and (c) "to the extent that the interrogatory seeks information protected by the attorney-client privilege or attorney work-product doctrine," disclosure is not required. Id.

First, Interrogatory Nos. 7 and 8 seek relevant information and requiring a response would not be disproportionate to the needs of the case.  These interrogatories seeking information regarding Defendant's earnings go to the heart of Plaintiff's allegations in the FAC.  Specifically, Plaintiff alleges in the FAC that Defendant "induce[d Plaintiff] to enter into an [invalid] arrangement . . . to be able to divert [Plaintiff]'s money and property into [Defendant's] own coffers and to create illicit revenue streams," thereby "stealing from [Plaintiff]" and "convert[ing Plaintiff's] money and personal property."  FAC at 23-24, 26.  Plaintiff further alleges that Defendant obtained financial benefits in violation of the Muhammad Ali Boxing Reform Act. Id. at 29.

Second, Defendant fails to provide any evidence to support his bare assertion of burden and fails to identify any responsive information that would be protected from disclosure under the attorney-client privilege or the attorney work-product doctrine.  Conclusory objections that these interrogatories are unduly burdensome or privileged are without any evidentiary support and, hence, are insufficient.  See A. Farber & Partners, Inc., 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citing Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (finding conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable)); FED. R. CIV. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

Third, Defendant's objection that documents are equally available to Plaintiff is meritless.  See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (finding objections that certain discovery requests seek information equally available to other party are insufficient to resist a discovery request).

Finally, Defendant states that had he offered a further supplemental response to Interrogatory No. 7 it would have been: "I did not earn any such money as I did not serve as Diaz's manager."  JS at 26.  Similarly, Defendant states that had he offered a further supplemental response to Interrogatory No. 8 it would have been: "I did not earn any such money." Id. at 28.  First, the Court is not pleased by Defendant's belated attempt to respond to discovery that was served over four months ago.  Moreover, if Defendant's proposed answers are intended to be supplemental responses, Defendant is advised he must answer each Interrogatory "fully in writing under oath." FED. R. CIV. P. 33(b)(3).

Accordingly, Defendant's objections to Interrogatory Nos. 7 and 8 are OVERRULED and Plaintiff's Motion to Compel supplemental responses to Interrogatory Nos. 7 and 8 is GRANTED.  Defendant shall serve verified supplemental responses to Interrogatory Nos. 7 and 8 **within fourteen (14) days of the date of this Order**.

///
///
///

2.      **The Motion to Compel Supplemental Responses to Interrogatory Nos. 9-11 is GRANTED**

Interrogatory No. 9 seeks identification of all facts upon which Defendant bases the affirmative defenses he raises in his Answer.  JS at 28.

Interrogatory No. 10 seeks identification of all documents, including communications, supporting the affirmative defenses Defendant raises in his Answer.  Id. at 30.

Interrogatory No. 11 seeks the facts, grounds, and reasons upon which Defendant based any denials or qualified admissions in response to Plaintiff's Requests for Admission, Set One.  Id. at 32.

Defendant objected to Interrogatory Nos. 9-11 on the grounds (a) they are disproportionate to the needs of the case, (b) the burden or expense of producing the discovery outweighs its likely benefit, (c) "to the extent that the interrogatory seeks information protected by the attorney-client privilege or attorney work-product doctrine," disclosure is not required, and (d) Plaintiff "equally has access" to the information.  Id. at 28, 30, 32-33.  In addition, in his Second Supplemental Response to Interrogatory Nos. 10 and 11, Defendant cited to documents produced during separate contract arbitration proceedings between Plaintiff and Moses Heredia.  Id. at 30, 33.

Interrogatory Nos. 9-11 seek relevant information to allow Plaintiff to address and counter Defendant's defenses, denials, and admissions.  In addition, requiring responses would not be disproportionate to the needs of the case, and Defendant has not shown the burden or expense of the responses would outweigh their likely benefit or that responses are protected from disclosure under the attorney-client privilege or the attorney work-product doctrine.  See FED. R. CIV. P. 26.  In fact, again, Defendant has failed to provide any evidence to support his bare assertion of burden and fails to identify any responsive information that would be protected from disclosure under the attorney-client privilege or the attorney work-product doctrine.  Such conclusory objections are not valid.  See A. Farber & Partners, Inc., 234 F.R.D. at 188 (finding conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable)).  Moreover, an objection that documents are equally available to the requesting party is meritless.  See Nat'l Acad. of Recording Arts & Scis., Inc., 256 F.R.D. at 682.

Finally, to the extent Defendant in his Second Supplemental Responses directed Plaintiff to the 707 pages of documents produced in the separate arbitration proceedings, Defendant has not identified which specific documents relate to his affirmative defenses.  See Walt Disney Co. v. DeFabiis, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (finding specification of records must be in sufficient detail to allow a party to locate and identify documents from which the interrogatory answer may be ascertained, as readily as the party served).

Accordingly, Defendant's objections to Interrogatory Nos. 9-11 are OVERRULED and Plaintiff's Motion to Compel supplemental responses to Interrogatory Nos. 9-11 is GRANTED. Defendant shall serve verified supplemental responses to Interrogatory Nos. 9-11 **within fourteen (14) days of the date of this Order**.

///
///
///

**B.      REQUESTS FOR PRODUCTION OF DOCUMENTS**

Federal Rule of Civil Procedure 34 ("Rule 34") governs requests for production of documents. FED. R. CIV. P. 34. A party may request documents "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). The responding party must respond in writing and is obligated to produce all specified relevant and nonprivileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. FED. R. CIV. P. 34(a). Alternatively, a party may state an objection to a request, including the reasons. FED. R. CIV. P. 34(b)(2)(A)-(B).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper–especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc., 234 F.R.D. at 188 (citations omitted) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

When "a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34," a "party seeking discovery may move for an order compelling . . . production[.]" FED. R. CIV. P. 37(a)(3)(B)(iv). "In moving to compel the production of documents, the moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." Grossman v. Dirs. Guild of Am., Inc., No. EDCV 16-1840-GW (SPx), 2018 WL 5914242, at *4 (C.D. Cal. Aug. 22, 2018).

**1.      The Motion to Compel Supplemental Responses to Requests for Production Nos. 1-3, 5, 11, 13-16, 44, and 46 is DENIED**

Request for Production No. 1 seeks "[a]ll" communications between Defendant and Plaintiff. JS at 39.

Request for Production No. 2 seeks "[a]ll" communications between Defendant and Moses Heredia regarding Plaintiff. Id. at 41.

Request for Production No. 3 seeks "[a]ll" communications between Defendant and Golden Boy Promotions regarding Plaintiff. Id. at 44.

Request for Production No. 5 seeks "[a]ll" communications between Defendant and "any" persons regarding Plaintiff. Id. at 50.

Request for Production No. 11 seeks [a]ll documents "reflecting or relating to any agreement" between Plaintiff and Defendant. Id. at 70.

Request for Production No. 13 seeks "[a]ll" documents provided by Moses to Defendant regarding Plaintiff. Id. at 76.

Request for Production No. 14 seeks "[a]ll" documents Defendant provided to Moses Heredia regarding Plaintiff. Id. at 79.

Request for Production No. 15 seeks "[a]ll" documents provided by Golden Boy Promotions to Defendant regarding Plaintiff.  Id. at 82.

Request for Production No. 16 seeks "[a]ll" documents provided to Golden Boy Promotions by Defendant regarding Plaintiff.  Id. at 85.

Request for Production No. 44 seeks "[a]ll" documents, including communications, relating to "all statements [Defendant] made to [any person] regarding [Plaintiff]."  Id. at 153.

Request for Production No. 46 seeks "[a]ll" documents, including communications, relating to "information received by [Defendant] from any [person] regarding [Plaintiff]."  Id. at 160.

Defendant objected to each Request for Production on various grounds, including, as relevant here, that each request is overbroad.  Id. at 39, 41, 44-45, 51, 70, 76-77, 79, 82, 85-86, 153-54, 160.

Plaintiff has not limited Requests for Production Nos. 1-3, 5, 11, 13-16, 44, and 46 to a relevant time frame or topic.  See FED. R. CIV. P. 34(b)(1)(A) (a request for production "must describe *with reasonable particularity* each item or category of items to be inspected" (emphasis added)).  Here, the mere reference to evidence "regarding [Plaintiff]" is not sufficiently limiting because Plaintiff and Defendant have a long-existing relationship, which began well before the actions that gave rise to this litigation.  See FAC at 9-10.  Request for Production No. 5 is particularly overbroad because Plaintiff seeks *all* communications Defendant has *ever* had with *anyone*, rather than making any attempt to limit the request to relevant parties.

Hence, Defendant's objection that Requests for Production Nos. 1-3, 5, 11, 13-16, 44 and 46 are overbroad is SUSTAINED, and Plaintiff's Motion to Compel further responses to Requests for Production Nos. 1-3, 5, 11, 13-16, 44 and 46 is DENIED.

## 2. The Motion to Compel Supplemental Responses to Requests for Production Nos. 4, 6-7, 10, 22-27 is GRANTED

Request for Production No. 4 seeks all communications between Defendant and the Commission regarding Plaintiff.  JS at 47.

Request for Production No. 6 seeks all communications between Defendant and the Commission regarding Defendant's maintenance of a boxing manager's license.  Id. at 54.

Request for Production No. 7 seeks all communications between Defendant and the Commission regarding Defendant's attempts to obtain a boxing manager's license.  Id. at 57.

Request for Production No. 10 seeks "[a]ll manager agreements" between Defendant and any other boxer.  Id. at 66.

Request for Production No. 22 seeks all documents reflecting payments to Defendant by Golden Boy Promotions relating to Plaintiff.  Id. at 101.

Request for Production No. 23 seeks all documents reflecting any gifts given to Defendant by Golden Boy Promotions relating to Plaintiff.  Id. at 105.

Request for Production No. 24 seeks all documents reflecting any benefits given to Defendant by Golden Boy Promotions relating to Plaintiff.  Id. at 108.

Request for Production No. 25 seeks all documents relating to the purchase or lease of the disputed vehicle.  Id. at 111.

Request for Production No. 26 seeks all documents reflecting or relating to any agreements between Defendant and Plaintiff regarding the disputed vehicle.  Id. at 114.

Request for Production No. 27 seeks all documents reflecting or relating to any payments Plaintiff made to Defendant for the disputed vehicle.  Id. at 118.

Defendant objected to Requests for Production Nos. 4, 6-7, 10, and 22-27 on the grounds (a) they are overbroad; (b) they are disproportionate to the needs of the case; (c) the burden or expense of production outweighs the likely benefit; (d) "to the extent that the request seeks information protected by the attorney-client privilege or attorney work-product doctrine," disclosure is not required; and (e) Defendant is not aware of any other responsive documents within his custody or control.  Id. at 47-48, 54, 57, 67, 101-02, 105, 108, 112, 115, 118.  In addition, in response to Requests for Production Nos. 25-27, Defendant provided citations to a number of pages of the record produced during separate contract arbitration proceedings between Plaintiff and Moses Heredia.  Id. at 112, 115, 118.

First, Defendant's repeated reliance on the same, boilerplate objections is unpersuasive.  See A. Farber & Partners, Inc., 234 F.R.D. at 188 (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").  Specifically, Defendant contends all of these interrogatories are overbroad, disproportionate to the needs of the case, overly burdensome, and potentially protected by attorney-client privilege or the attorney work-product doctrine.  Yet, Defendant fails to provide any evidence to support his bare assertions of disproportionality and burden and fails to identify any responsive information that would be protected from disclosure under the attorney-client privilege or the attorney work-product doctrine.  Such conclusory objections are insufficient to show the requests are unduly burdensome.  See id. (finding conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable)); FED. R. CIV. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

Second, although, like the requests discussed in subsection 1. above, many of Plaintiff's requests are not limited by date or a narrowly tailored topic or party, the requests in Requests for Production Nos. 4, 6-7, 10, and 22-27 are necessarily more limited in scope.  For example, Requests for Production Nos. 4, 6, and 7 seek communications specifically with the Commission; Request for Production No. 10 is limited specifically to manager agreements; Requests for Production Nos. 22-

24 seek documents are specifically related to payments, gifts, and benefits from Golden Boy Promotions to Defendant relating to Plaintiff; and Requests for Production Nos. 25-27 specifically relate to transactions between Plaintiff and Defendant concerning the disputed vehicle. Accordingly, the requests are sufficiently narrowly tailored to the claims and defenses in the instant action.

Finally, Defendant's citation to records produced during separate contract arbitration proceedings between Plaintiff and Moses Heredia fails to establish these records are the only responsive documents in Defendant's custody and control, and his conclusory assertion that he is not aware of any other responsive documents within his custody or control is insufficient. Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested); Burnett v. United States, No. EDCV 15-1707-CAS (KKx), 2016 WL 3392263, at *6 (C.D. Cal. June 14, 2016) (same).

Accordingly, Defendant's objections to Requests for Production Nos. 4, 6-7, 10, and 22-27 are OVERRULED, and Plaintiff's Motion to Compel further responses to Requests for Production Nos. 4, 6-7, 10, 22-27 is GRANTED. Defendant shall serve supplemental responses and produce all responsive documents to Requests for Production Nos. 4, 6-7, 10, and 22-27 **within fourteen (14) days of the date of this Order**.

### 3. The Motion to Compel Supplemental Responses to Requests for Production Nos. 8 and 51 is DENIED

Request for Production No. 8 seeks all communications provided by Defendant to the Commission regarding Plaintiff. JS at 60.

Request for Production No. 51 seeks "a copy of [Defendant's] manager's license(s) for the years 2012 through 2021." Id. at 173.

Defendant objected to Requests for Production Nos. 8 and 51 on various grounds, including that they are duplicative of other requests. Id. at 60, 173.

Request for Production No. 8 is duplicative of Request for Production No. 4. Similarly, Request for Production No. 51 is duplicative of Requests for Production Nos. 6 and 7. As explained in subsection 2., above, Plaintiff's Motion to compel further responses to Requests for Production Nos. 4, 6, and 7 is granted. Hence, Defendant's objection to Requests for Production Nos. 8 and 51 as duplicative is SUSTAINED and Plaintiff's Motion to Compel further responses to Requests for Production Nos. 8 and 51 is DENIED.

### 4. The Motion to Compel a Supplemental Response to Request for Production No. 9 is GRANTED

Request for Production No. 9 seeks "[a]ll manager agreements" between Plaintiff and Defendant. Id. at 63.

Defendant objected to Request for Production No. 9 on the grounds (a) it is overbroad; (b) the burden or expense of production outweighs its likely benefit; (c) "to the extent that the request seeks information protected by the attorney-client privilege or attorney work-product doctrine," disclosure is not required; and (d) "there are no manager agreements currently in effect" between Plaintiff and Defendant.  Id. at 63-64.  Defendant further cited to two pages of the record produced during separate contract arbitration proceedings between Plaintiff and Moses Heredia.  Id. at 64.

First, Request for Production No. 9 is not overbroad.  The request seeks a very narrow class of documents, i.e. manager agreements between Plaintiff and Defendant.

Second, again, Defendant's reliance on the boilerplate objection of burden is unpersuasive.  See A. Farber & Partners, Inc., 234 F.R.D. at 188 (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").  This is particularly true where Defendant fails to provide any evidence to support his bare assertions of burden.  See id. (finding conclusory recitations of expense and burdensomeness are not sufficiently specific to demonstrate why requested discovery is objectionable)).  Similarly, Defendant has failed to identify any responsive information that would be protected from disclosure under the attorney-client privilege or the attorney work-product doctrine.  See FED. R. CIV. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

Finally, to the extent Defendant contends "there are no manager agreements currently in effect" between Plaintiff and Defendant, JS at 63, his response is not responsive to the request, which seeks "all" manager agreements between Plaintiff and Defendant rather than agreements currently in effect.

Accordingly, Defendant's objections to Request for Production No. 9 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 9 is GRANTED.  Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 9 **within fourteen (14) days of the date of this Order**.

### 5.     The Motion to Compel a Supplemental Response to Request for Production No. 12 is GRANTED

Request for Production No. 12 seeks "[a]ll accounting records" related to Defendant's management of Plaintiff.  JS at 73.

Defendant objected to Request for Production No. 12 on the grounds (a) it is overbroad, (b) the burden or expense of production outweighs its likely benefit, (c) it is disproportionate to the needs of the case, and (d) Defendant is not aware of any responsive documents within his custody or control.  Id. at 73-74.  Defendant further cited to a single page of the record produced during separate contract arbitration proceedings between Plaintiff and Moses Heredia.  Id. at 74.

First, Plaintiff's request is not overbroad.  The request seeks a narrow class of documents related to accounting records specifically related to Defendant's management of Plaintiff.  Accordingly, the Court does not find the requests are overbroad or disproportionate to the needs of the case.

Second, once again, Defendant's repeated reliance on the boilerplate objection of burden is unpersuasive where he has not provided any evidence to support his bare assertions burden.  See A. Farber & Partners, Inc., 234 F.R.D. at 188.

Finally, Defendant's assertion that he is not aware of any responsive documents within his custody or control and citation to a single page of the record in separate contract arbitration proceedings is insufficient to justify his failure to produce any documents.  Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production.  See Garcia, 2012 WL 2119157, at *10; Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 12 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 12 is GRANTED.  Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 12 **within fourteen (14) days of the date of this Order**.

### 6. The Motion to Compel a Supplemental Response to Request for Production No. 17 is GRANTED

Request for Production No. 17 seeks "[a]ll accounting records" related to Defendant's management of Plaintiff.  JS at 89.

Defendant objected to Request for Production No. 17 (a) "to the extent" it requested documents not in his custody or control and (b) on the grounds that he is not aware of any responsive documents within his custody or control.  Id.  Defendant further cited a number of pages of the record produced during separate contract arbitration proceedings between Plaintiff and Moses Heredia.  Id.

Defendant's objection that the responsive documents are not within his custody or control, his assertion that he is not aware of any responsive documents in his custody and control, and his citation to the record in separate contract arbitration proceedings are insufficient to justify his failure to produce any documents.  Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production.  See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 17 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 17 is GRANTED.  Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 17 **within fourteen (14) days of the date of this Order**.

///
///
///

7.     **The Motion to Compel Supplemental Responses to Requests for Production Nos. 18-20 and 31-32 is GRANTED**

Request for Production No. 18 seeks "[a]ll documents, including bank records, reflecting [Defendant's] compensation relating to any boxing match that [Plaintiff] participated in." JS at 91.

Request for Production No. 19 seeks all documents, "including but not limited to bank records, reflecting [Defendant's] compensation relating to any sponsorship that [Plaintiff] has participated in." Id. at 94.

Request for Production No. 20 seeks all documents, "including but not limited to bank records, reflecting [Defendant's] compensation relating to any revenue generated by [Plaintiff] through any means." Id. at 96.

Request for Production No. 31 seeks all documents relating to any insurance policies covering Defendant's defense relating to this lawsuit. Id. at 130.

Request for Production No. 32 seeks all documents relating to any insurance policies covering Defendant's defense against this Complaint. Id. at 132.

Defendant responded to Requests for Production Nos. 18-20 and 31-32 by asserting he is not aware of any responsive documents within his custody and control. Id.

Defendant's response is insufficient. He has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objection to Requests for Production Nos. 18-20 and 31-32 is OVERRULED, and Plaintiff's Motion to Compel further responses to Requests for Production Nos. 18-20 and 31-32 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Requests for Production Nos. 18-20 and 31-32 **within fourteen (14) days of the date of this Order**.

8.     **The Motion to Compel a Supplemental Response to Request for Production No. 21 is GRANTED**

Request for Production No. 21 seeks all documents "including but not limited to bank records, reflecting money that was paid for legal services relating to [Plaintiff]'s business affairs." JS at 99.

Defendant objected to Request for Production No. 21 on the grounds (a) "to the extent that the request seeks information protected by the attorney-client privilege or attorney work-product doctrine," disclosure is not required; (b) the burden or expense of production outweighs its likely benefit; and (c) Defendant is not aware of any responsive documents within his custody or control. Id.

Again, Defendant's reliance on the boilerplate objection of burdensomeness and attorney-client privilege or attorney-work product is unpersuasive where he has not provided any evidence to

support his bare assertions.  See A. Farber & Partners, Inc., 234 F.R.D. at 188; FED. R. CIV. P. 26(b)(5)(A).

In addition, Defendant's assertion that he is not aware of any responsive documents within his custody or control is insufficient to justify his failure to produce.  Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production.  See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 21 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 21 is GRANTED.  Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 21 **within fourteen (14) days of the date of this Order**.

### 9. The Motion to Compel a Supplemental Response to Request for Production No. 28 is GRANTED

Request for Production No. 28 seeks all communications between Defendant and any persons regarding the repossession of the disputed vehicle.  JS at 121.

Defendant objected to Request for Production No. 28 on the grounds (a) it is overbroad; (b) the burden or expense of production outweighs its likely benefit; (c) it is disproportionate to the needs of the case; and (d) "to the extent that the request seeks information protected by the attorney-client privilege or attorney work-product doctrine," disclosure is not required.  Id. at 121-22.

First, Plaintiff's request is not overbroad or disproportionate to the needs of this case, as it seeks a discrete class of documents related to the repossession of the disputed vehicle.

Second, as stated herein, Defendant's repeated reliance on the same, boilerplate burdensomeness and privilege objections is unpersuasive.  See A. Farber & Partners, Inc., 234 F.R.D. at 188.  This is particularly true where Defendant fails to provide any evidence to support his bare assertions of burden and privilege.  See id.; FED. R. CIV. P. 26(b)(5)(A).

Accordingly, Defendant's objections to Request for Production No. 28 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 28 is GRANTED.  Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 28 **within fourteen (14) days of the date of this Order**.

### 10. The Motion to Compel a Supplemental Response to Request for Production No. 29 is GRANTED IN PART and DENIED IN PART

Request for Production No. 29 seeks all documents relating to any civil lawsuits filed against Defendant in connection with his work in the last ten years.  JS at 124.

Defendant objected to Request for Production No. 29 on the grounds (a) it is irrelevant; (b) it is disproportionate to the needs of the case; (c) "to the extent that the request seeks information protected by the attorney-client privilege or attorney work-product doctrine," disclosure is not

required; (d) the burden or expense of production outweighs its likely benefit; and (e) Defendant is not aware of any other responsive documents within his custody or control.  Id. at 124-25.

Defendant's assertion that he is not aware of any responsive documents within his custody or control is insufficient.  Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production.  See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

In addition, Defendant's conclusory relevancy, privilege, and burdensomeness objections are insufficient.  See A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006); FED. R. CIV. P. 26(b)(5)(A).  Moreover, the documents requested in Request for Production No. 29 are not plainly irrelevant.  Potential evidence that Defendant has been sued by other parties for acts related, or similar, to the causes of action alleged in the FAC are relevant to Plaintiff's claims.  However, the request is overbroad to the extent it seeks documents related to civil lawsuits that are not related, or similar, to the causes of action alleged in the FAC.  Hence, the Court finds Defendant's response may be limited to documents related to civil lawsuits filed in the last ten years against Defendant in connection with his work for acts related, or similar, to the causes of action alleged in the FAC.

Accordingly, Defendant's objections to Request for Production No. 29 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 29 is GRANTED IN PART and DENIED IN PART.  Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 29, as limited above, **within fourteen (14) days of the date of this Order**.

### 11.     The Motion to Compel a Supplemental Response to Request for Production No. 30 is GRANTED

Request for Production No. 30 seeks all documents relating to any criminal action involving Defendant in the last ten years.  JS at 127.

Defendant objected to Request for Production No. 30 on the grounds (a) it is disproportionate to the needs of the case; (b) to the extent the requested documents are protected by the attorney-client privilege or attorney work-product doctrine, disclosure is not required; (c) the documents are equally available to Plaintiff; (d) the burden or expense of production outweighs its likely benefit; and (e) Defendant is not aware of any responsive documents within his custody and control.  Id. at 127-28.

First, Defendant's conclusory objections on the grounds of disproportionality, privilege, and burden are insufficient where Defendant has not presented any evidence to support his bare assertions.  See A. Farber & Partners, Inc., 234 F.R.D. at 188; FED. R. CIV. P. 26(b)(5)(A).

Second, Defendant's objection on the ground that the documents are equally available to Plaintiff is meritless.  See Nat'l Acad. of Recording Arts & Scis., Inc., 256 F.R.D. at 682.

Third, Defendant's assertion that he is not aware of any responsive documents within his custody or control is insufficient.  Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production.  See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 30 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 30 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 30 **within fourteen (14) days of the date of this Order**.

### 12.     The Motion to Compel a Supplemental Response to Request for Production No. 35 is GRANTED IN PART and DENIED IN PART

Request for Production No. 35 seeks all documents provided to the Commission "in connection with the request for arbitration initiated by Moses against Plaintiff." JS at 133.

Defendant objected to Request for Production No. 35 on the grounds (a) Plaintiff has equal access to the documents and (b) Defendant is not aware of any responsive documents within his custody and control. Id.

First, Defendant's objection on the ground that the documents are equally available to Plaintiff is meritless. See Nat'l Acad. of Recording Arts & Scis., Inc., 256 F.R.D. at 682.

Second, Defendant's assertion that he is not aware of any responsive documents within his custody or control is insufficient. Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Finally, in support of his request, Plaintiff argues he "is absolutely entitled to any documents that [Defendant] provided to the COMMISSION that relate to [Plaintiff]." Id. However, Plaintiff did not state his request in Request for Production No. 35 so narrowly. Any request for production of documents provided to the Commission by anyone other than Defendant regarding Moses's request for arbitration is disproportionate to the needs of the case. See FED. R. CIV. P. 26.

Accordingly, Plaintiff's Motion to Compel further response to Request for Production No. 35 is GRANTED IN PART and DENIED IN PART. Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 35, specifically relating to documents Defendant provided to the Commission with regard to Moses's request for arbitration against Plaintiff, **within fourteen (14) days of the date of this Order**.

### 13.     The Motion to Compel Supplemental Responses to Requests for Production Nos. 36-42 is GRANTED

Request for Production No. 36 seeks all documents Defendant intends to use as a basis for any defense of this lawsuit. JS at 134.

Request for Production No. 37 seeks all documents that support Defendant's affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party." Id. at 138.

Request for Production No. 38 seeks all documents that support Defendant's affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts directed at Defendant." Id. at 140.

Request for Production No. 39 seeks all documents that support Defendant's affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant." Id. at 143.

Request for Production No. 40 seeks all documents that support Defendant's affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands." Id. at 146.

Request for Production No. 41 seeks all documents that support Defendant's affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff." Id. at 148.

Request for Production No. 42 seeks all documents that support Defendant's affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations." Id. at 151.

Defendant objected to Requests for Production Nos. 36-42 "to the extent" they seek documents protected by the attorney-client privilege or the attorney work-product doctrine. Id. at 134, 138, 140, 143, 146, 148, 151. In addition, as to Request for Production No. 37 Defendant further states he is unaware of any responsive documents within his custody and control. Id. at 138. As to Requests for Production Nos. 36 and 38-41, Defendant further cited to 683 pages of the record produced during the separate contract arbitration proceedings in response to Plaintiff's request, id. at 134, 140, 143, 146, 149, and as to Request for Production No. 42, Defendant directed Plaintiff to his motion pursuant to Federal Rule of Civil Procedure 12(c) and the accompanying exhibits, id. at 151.

Once again, Defendant merely asserts boilerplate objections. See A. Farber & Partners, Inc., 234 F.R.D. at 188. Specifically, he does not identify or produce any documents that might not be privileged. Neither does Defendant state why he is not required to describe privileged documents in a privilege log, other than to state he only objected to producing these documents "to the extent" they might be privileged. Id. at 136, 139, 142, 145, 148, 151. Defendant's objections are lacking. See FED. R. CIV. P. 26(b)(5)(A).

Moreover, Defendant's assertion that he is not aware of any responsive documents within his custody or control and reference to other documents or pleadings are insufficient. Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Requests for Production Nos. 36-42 are OVERRULED, and Plaintiff's Motion to Compel further responses to Requests for Production Nos. 36-42 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Requests for Production Nos. 36-42 **within fourteen (14) days of the date of this Order**.

///
///

14. **The Motion to Compel a Supplemental Response to Request for Production No. 43 is DENIED**

Request for Production No. 43 seeks all documents that support Defendant's affirmative defense that "Plaintiffs' (sic) claims are barred by a binding decision by an arbitrator." JS at 152.

In response, Defendant directed Plaintiff to "the record, decision, and evidence" in the separate contract arbitration proceedings, in addition to Defendant's motion pursuant to Federal Rule of Civil Procedure 12(c) in the instant action. Id. at 152. Although Defendant has not produced any new or additional documents, Plaintiff has not shown how or why the items referenced by Defendant are insufficient for purposes of responding to Request for Production No 43.

Hence, Plaintiff's Motion to Compel further responses to Request for Production No. 43 is DENIED.

15. **The Motion to Compel a Supplemental Response to Request for Production No. 45 is GRANTED**

Request for Production No. 45 seeks all documents, including communications, relating to "all statements [Defendant] made to [any person] regarding [this lawsuit]." Id. at 156.

Defendant objected to Request for Production No. 45 on the grounds (a) it is overbroad, (b) the burden or expense of production outweighs its likely benefit, and (c) it is disproportionate to the needs of the case. Id. at 156-57. Defendant further directed Plaintiff to the record produced during the separate contract arbitration proceedings and the documents identified in Defendant's disclosures pursuant to Federal Rule of Civil Procedure 26. Id. at 157.

First, Plaintiff's request is not overbroad or disproportionate to the needs of the case, as it seeks a narrow class of documents and communications specifically relating to this lawsuit.

Second, Defendant's conclusory burdensomeness objection is insufficient where Defendant has not presented any evidence to support his bare assertion. See A. Farber & Partners, Inc., 234 F.R.D. at 188.

Third, Defendant's citation to the record in separate contract arbitration proceedings and pleadings in this action is insufficient. Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 45 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 45 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 45 **within fourteen (14) days of the date of this Order**.

///
///

16.     **The Motion to Compel Supplemental Responses to Requests for Production Nos. 47 and 49 is GRANTED**

Request for Production No. 47 seeks all documents, including communications, relating to "information received by [Defendant] from any [person] regarding [this lawsuit]." JS at 163.

Request for Production No. 49 seeks all documents, including communications, "between [Defendant] and any [person] relating to the facts and issues raised in the [FAC]." Id. at 169.

Defendant objected to Requests for Production Nos. 47 and 49 on the grounds (a) they are overbroad; (b) the burden or expense of production outweighs its likely benefit; (c) they are disproportionate to the needs of the case; and (d) "to the extent the requested documents are protected by attorney-client privilege or the attorney work-product doctrine," disclosure is not required. Id. In addition, in response to Request for Production No. 47, Defendant further directed Plaintiff to 683 pages of the record in the separate contract arbitration proceedings. Id. at 163. Similarly, in response to Request for Production No. 49, Defendant directed Plaintiff to 683 pages of the record produced during the separate contract arbitration proceedings, in addition to communications identified throughout Defendant's responses. Id. at 169.

First, Plaintiff's requests are not overbroad or disproportionate to the needs of the case, as it seeks a narrow class of documents and communications specifically relating to this lawsuit and the FAC.

Second, Defendant's conclusory burdensomeness and privilege objections are insufficient where Defendant has not presented any evidence to support his bare assertions. See A. Farber & Partners, Inc., 234 F.R.D. at 188; FED. R. CIV. P. 26(b)(5)(A).

Third, Defendant's citation to the record in the contract arbitration proceedings and responses in this action is insufficient. Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Requests for Production Nos. 47 and 49 are OVERRULED, and Plaintiff's Motion to Compel further responses to Requests for Production Nos. 47 and 49 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Requests for Production Nos. 47 and 49 **within fourteen (14) days of the date of this Order**.

17.     **The Motion to Compel a Supplemental Response to Request for Production No. 48 is GRANTED**

Request for Production No. 48 seeks all documents, including communications, relating to "the facts or issues raised in the [FAC]." JS at 166.

Defendant objected to Request for Production No. 48 on the grounds (a) it is overbroad; (b) the burden or expense of production outweighs its likely benefit; (c) a response would be duplicative; (d) it is disproportionate to the needs of the case; and (e) to the extent the requested documents are protected by attorney-client privilege or the attorney work-product doctrine,

disclosure is not required. <u>Id.</u> Defendant further directs Plaintiff to 683 pages of the record produced during the separate contract arbitration proceedings, as well as the entire docket in this action. <u>Id.</u>

First, Plaintiff's request is not overbroad, disproportionate, or duplicative. The request seeks a narrow class of documents and communications specifically relating to the FAC and appears to be sufficiently dissimilar to other requests so that it is not plainly duplicative.

Second, Defendant's conclusory burdensomeness and privilege objections are insufficient where Defendant has not presented any evidence to support his bare assertions. <u>See</u> <u>A. Farber & Partners, Inc.</u>, 234 F.R.D. at 188; <span style="font-variant: small-caps;">Fed. R. Civ. P.</span> 26(b)(5)(A).

Finally, Defendant's citation to the record in the contract arbitration proceedings and the docket in this action are insufficient. Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. <u>See</u> <u>Garcia</u>, 2012 WL 2119157, at *10; <u>see also</u> <u>Burnett</u>, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 48 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 48 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 48 **within fourteen (14) days of the date of this Order**.

### 18. The Motion to Compel a Supplemental Response to Request for Production No. 50 is GRANTED

Request for Production No. 50 seeks all documents, including communications, "relating to the March 22, 2017 promotion-manager contract between [Plaintiff] and Golden Boy." JS at 172.

Defendant objected to Request for Production No. 50 (a) "to the extent" he did not have responsive documents in his possession, custody, or control; (b) on the ground that the request is duplicative of Requests for Production Nos. 3, 15, and 16; and (c) "to the extent" the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine, production is not required. <u>Id.</u> Defendant further directed Plaintiff to multiple pages of the record produced during the separate contract arbitration proceedings. <u>Id.</u>

First, in subsection 1. above, the Court denied Plaintiff's Requests for Production Nos. 3, 15, and 16 because they are overbroad. Accordingly, Request for Production No. 50 would not require Defendant to produce documents already produced pursuant to a separate request. Moreover, the request in Request for Production No. 50 is narrower than the requests in Requests for Production Nos. 3, 15, and 16, so that it does not suffer from the same deficiency as Requests for Production Nos. 3, 15, and 16.

Second, Defendant's objections to the request "to the extent" he does not possess responsive documents and the request involves privileged documents are not persuasive. These conditional objections are not responsive to the request "to the extent" Defendant possesses responsive documents and those documents are not privileged.

Hence, Defendant's objections to Request for Production No. 50 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 50 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 50 **within fourteen (14) days of the date of this Order**.

### 19. The Motion to Compel a Supplemental Response to Request for Production No. 52 is DENIED

Request for Production No. 52 seeks "a copy of [Moses Heredia's] manager license(s) for the years 2012 through 2021." Id. at 174.

Defendant objected to Request for Production No. 51 (a) to the extent he does not have responsive documents in his possession, custody, or control; (b) on the ground that the request is more appropriately directed to a different entity; and (c) on the ground that he is unaware of any responsive documents in his custody and control. Id.

Plaintiff has not shown a reason to believe Defendant would have possession of the document requested or explained why this request is not more properly directed to defendant HBM.

Accordingly, Defendant's objections to Request for Production No. 51 are SUSTAINED, and Plaintiff's Motion to Compel further responses to Request for Production No. 51 is DENIED.

### 20. The Motion to Compel a Supplemental Response to Request for Production No. 58 is GRANTED

Request for Production No. 58 seeks all documents "that support, reflect, or relate to [Defendant's] responses to [Plaintiff's] First Set of Interrogatories and Requests for Admissions." Id. at 175.

In objecting to Request for Production No. 58, Defendant incorporated by reference the objections he lodged to Plaintiff's First Set of Interrogatories and Requests for Admissions. Id.; Simas Decl., Ex. C. Defendant further directed Plaintiff to 683 pages of the record produced during the separate contract arbitration proceedings, in addition to Defendant's motion pursuant to Federal Rule of Civil Procedure 12(c) in the instant action. Id.

Defendant's incorporation by reference of objections lodged to Plaintiff's First Set of Interrogatories and Requests for Admissions is insufficient. It is not plainly apparent that the objections lodged specifically in response to the interrogatories and requests for admissions are equally applicable in the same way to the production of documents relating to a party's responses to those interrogatories and admissions. Crucially, Defendant has not made any attempt to state how these objections are equally applicable to Plaintiff's request for production, other than his conclusory incorporation by reference. See Halsey v. Croskrey, No. 2:20-CV-00371-SMJ, 2021 WL 6139659, at *3 (E.D. Wash. Oct. 4, 2021) ("Where a party's objections are themselves vague and impermissibly overbroad, and no specifics are given, the objecting party fails to carry its burden." (quoting Nei v. Travelers Home & Marine Ins. Co., 326 F.R.D. 652, 656-57 (D. Mont. 2018))).

In addition, Defendant's citation to the record in the contract arbitration proceedings and other pleadings in this action are insufficient. Defendant has a duty to undertake a diligent search

and reasonable inquiry in order to adequately respond to requests for production.  See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 58 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 58 is GRANTED.  Defendant shall serve a supplemental response and produce all responsive documents to Requests for Production No. 58 **within fourteen (14) days of the date of this Order**.

## C.   REQUESTS ATTORNEY'S FEES

Plaintiff further requests that he be awarded the attorneys' fees incurred in connection with the instant discovery dispute in the amount of $18,125.  JS at 177-78.  Because the Motion to Compel is granted in large part, Plaintiff is entitled to an award of his reasonable expenses, including attorney's fees, incurred in preparing the Motion to Compel.  FED. R. CIV. P. 37(a) (5)(C).  However, because Plaintiff's counsel failed to itemize the attorney time spent on the various tasks, Plaintiff's counsel will be given an opportunity to submit a declaration in support of the requested fees.

**IV.**
**CONCLUSION**

It is therefore ORDERED:

1) For the reasons set forth above, Plaintiffs' Motion to Compel is GRANTED IN PART and DENIED IN PART as set forth above.
2) **Within fourteen (14) days of the date of this Order**, Defendant shall serve:
   (a) verified supplemental responses to Interrogatory Nos. 7-11 without objection; and
   (b) supplemental responses to Requests for Production Nos. 4, 6-7, 9-10, 12, 17-32, 35-42, 45, 47-50, and 58, as set forth above, without objection, and produce all responsive documents as well as a privilege log for any document withheld on the basis of attorney-client privilege or attorney work product doctrine.
3) **Within three (3) days of the date of this Order**, Plaintiff's counsel may file a declaration in support of Plaintiff's request for fees incurred in filing the instant Motion to Compel.