UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-2332-JWH (KKx)** | Date: | March 9, 2022 |
| Title: | *Joseph Diaz, Jr. v. Ralph Heredia* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order GRANTING IN PART and DENYING IN PART Plaintiff's Fees and Costs Re: Plaintiff's Motion to Compel [Dkt. 96]

# I.
# INTRODUCTION

On February 11, 2022, Plaintiff Joseph Diaz, Jr. ("Plaintiff") filed a Motion to Compel seeking further responses to Plaintiff's First Set of Interrogatories and Requests for Production from defendant Ralph Heredia ("Defendant"). ECF Docket No. ("Dkt.") 96. Plaintiff also requested an award of attorneys' fees incurred in connection with the instant discovery dispute in the amount of $18,125. Id. On March 4, 2022, the Court granted in part and denied in part Plaintiff's Motion to Compel and granted Plaintiff's counsel an opportunity to submit a declaration in support of the requested fees, including an itemization of time spent preparing the Motion to Compel. Dkt. 107. On March 6, 2022, Plaintiff's counsel filed a declaration stating she and a paralegal spent thirty-three hours preparing the Motion to Compel and Reply in support thereof and Plaintiff now seeks an award of $17,225. Dkt. 108, Declaration of Gina Simas ("Simas Decl."), ¶ 11.

For the reasons set forth below, Plaintiff's request for attorney's fees is GRANTED IN PART and DENIED IN PART and the Court awards Plaintiff his reasonable attorney's fees in the sum of $6,875.

///
///
///
///

## II.
## LEGAL STANDARD

When a discovery motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

When an award of attorney's fees and expenses is authorized, the court must calculate the proper amount of the award to ensure it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

## III.
## DISCUSSION

Here, the Court found that because the Motion to Compel was granted in large part, Plaintiff is entitled to an award of his reasonable expenses for the motion. See dkt. 107. However, as discussed below, the Court finds the amount requested by Plaintiff is unreasonable and, thus, reduces the sum to be awarded accordingly.

Plaintiff now seeks $17,225 in attorney's fees and costs for time spent by Plaintiff's counsel, Gina Simas, and a paralegal, Christy Jones, in connection with preparing the Motion to Compel. Simas Decl., ¶ 11. Ms. Simas states she is a graduate of the University of California Los Angeles School of Law, was admitted to the State Bar of California in 1999, and has "extensive civil litigation experience." Id., ¶ 3. Ms. Simas spent twenty-three (23) hours preparing the Joint Stipulation pursuant to Local Civil Rule 37-2 and three (3) hours preparing a Supplemental Brief, for a total of twenty-six (26) hours spent in connection with the Motion to Compel at an hourly rate of $575. Id., ¶¶ 3, 11. Ms. Jones is a senior paralegal, earned her Paralegal Certificate in 1997, and has worked as a paralegal for twenty-five years. Id., ¶ 5. Ms. Jones spent seven (7) hours preparing the Joint Stipulation pursuant to Local Civil Rule 37-2 at an hourly rate of $325. Id., ¶ 5, 11.

A.   **REASONABLENESS OF HOURLY RATES**

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiff's counsel seeks hourly rates of $575 for Ms. Simas and $325 for Ms. Jones. As evidence that these rates are reasonable, Plaintiff's counsel attests to her and Ms. Jones' experience. Simas Decl., ¶¶ 3, 5. Ms. Simas also opines the requested rates are reasonable "as compared to the prevailing rates in the community for similar work." Id., ¶¶ 6, 8; see also United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other

cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

Here, in light of their substantial experience and based on the Court's general knowledge of rates in the Los Angeles legal community, the Court finds hourly rates of $575 for Ms. Simas and $325 for Ms. Jones to be reasonable.

**B.     REASONABLENESS OF TIME SPENT**

With respect to reasonableness of the time spent, however, while the Court finds Ms. Jones' time to be reasonable, the Court finds the time Ms. Simas spent preparing the Joint Stipulation and then converting it into a Motion to Compel excessive for an attorney with twenty years experience in civil litigation.

First, the facts and applicable legal principles were not particularly complex, especially for an attorney of Ms. Simas' experience.  See dkt. 96-1.  The Court notes Defendant's responses were generally boilerplate objections, and Plaintiff's portion of the Joint Stipulation did not present any novel legal issues.  Id.  Second, Ms. Simas had already prepared detailed letters in advance of meeting and conferring with defense counsel that should have addressed the majority of applicable legal arguments in support of the Joint Stipulation pursuant to Local Civil Rule 37-2.  See dkt. 97-2, Declaration of Gina Simas in support of Motion to Compel, ¶¶ 9,11.  Finally, Plaintiff's counsel's itemization of time spent was at least partially reconstructed, and the block billing makes it difficult for the Court to determine how much time was spent on particular activities.  See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (affirming twenty percent across the board reduction of hours requested "because block billing makes it more difficult to determine how much time was spent on particular activities"); Young v. Wolfe, CV 07-03190, 2017 WL 3184167, at *7 (C.D. Cal. Jul. 26, 2017) (noting courts "strongly prefer contemporaneous time keeping" and may reduce reconstructed hours to account for potentially inflated time).  Hence, the Court finds it appropriate to strike eighteen (18) hours from Ms. Simas' preparation of the Joint Stipulation.  See Hensley, 461 U.S. at 434.

In summary, the Court finds Ms. Simas reasonably spent five (5) hours preparing the Joint Stipulation and three (3) hours preparing the Supplemental Brief at a rate of $575, and Ms. Jones reasonably spent an additional seven (7) hours preparing the Joint Stipulation at a rate of $325.  Accordingly, the Court finds an award of $6,875 in attorney's fees to be reasonable under the circumstances of this case.

## IV.
## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant shall pay to Plaintiff the sum of $6,875 as reasonable attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(C) **within thirty (30) days of the date of this Order**.