UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2332-JWH (KKx)** | Date: | March 9, 2022 |
|---|---|---|---|

| Title: | ***Joseph Diaz, Jr. v. Ralph Heredia*** |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:      **Order GRANTING IN PART and DENYING IN PART Plaintiff's Fees and Costs Re: Plaintiff's Motion to Compel [Dkt. 97]**

**I.**
**INTRODUCTION**

On February 11, 2022, Plaintiff Joseph Diaz, Jr. ("Plaintiff") filed a Motion to Compel seeking further responses to Plaintiff's First Set of Interrogatories and Requests for Production from defendant Heredia Boxing Management ("HBM"). ECF Docket No. ("Dkt.") 97. Plaintiff also requested an award of attorneys' fees incurred in connection with the instant discovery dispute in the amount of $17,625. Id. On February 25, 2022, the Court granted Plaintiff's Motion to Compel and granted Plaintiff's counsel an opportunity to submit a declaration in support of the requested fees, including an itemization of time spent preparing the Motion to Compel. Dkt. 104. On March 1, 2022, Plaintiff's counsel filed a declaration stating she and a paralegal spent thirty-five hours preparing the Motion to Compel and Reply in support thereof and Plaintiff now seeks an award of $18,625. Dkt. 106, Declaration of Gina Simas ("Simas Decl."), ¶ 11.

For the reasons set forth below, Plaintiff's request for attorney's fees is GRANTED IN PART and DENIED IN PART and the Court awards Plaintiff his reasonable attorney's fees in the sum of $7,700.

**II.**
**LEGAL STANDARD**

When a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising

that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's response or objection was substantially justified or other circumstances make an award of expenses unjust.  FED. R. CIV. P. 37(a)(5)(A).

When an award of attorney's fees and expenses is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate."  Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted).  The moving party has the burden to produce evidence that the rates and hours worked are reasonable.  See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

### III.
### DISCUSSION

Here, in light of HBM's failure to oppose Plaintiff's Motion to Compel, the Court found HBM failed to serve proper responses to Plaintiff's Interrogatory Nos. 1, 3-7 and Requests for Production Nos. 4-31, 33, 35, and 37.  See dkt. 104.  However, as discussed below, the Court finds the amount requested by Plaintiff is unreasonable and, thus, reduces the sum to be awarded accordingly.

Plaintiff now seeks $18,625 in attorney's fees and costs for time spent by Plaintiff's counsel, Gina Simas, and a paralegal, Christy Jones, in connection with preparing the Motion to Compel.  Simas Decl., ¶ 11.  Ms. Simas states she is a graduate of the University of California Los Angeles School of Law, was admitted to the State Bar of California in 1999, and has "extensive civil litigation experience."  Id., ¶ 3.  Ms. Simas spent fourteen (14) hours preparing the Local Civil Rule 37-2 Joint Stipulation, another ten (10) hours converting the Joint Stipulation into a Motion to Compel, and five (5) hours preparing a Reply, for a total of twenty-nine (29) hours spent in connection with the Motion to Compel at an hourly rate of $575.  Id., ¶¶ 3, 11.  Ms. Jones is a senior paralegal, earned her Paralegal Certificate in 1997, and has worked as a paralegal for twenty-five years.  Id., ¶ 5.  Ms. Jones spent five (5) hours preparing the Rule 37-2 Joint Stipulation and one (1) hour preparing the Motion to Compel, for a total of six (6) hours spent in connection with the Motion to Compel at an hourly rate of $325.  Id., ¶ 5, 11.

### A.     REASONABLENESS OF HOURLY RATES

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984).  The relevant community is that in which the district court sits.  See Schwarz v. Sec'y of Health and Hum. Serv., 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiff's counsel seeks hourly rates of $575 for Ms. Simas and $325 for Ms. Jones.  As evidence that these rates are reasonable, Plaintiff's counsel attests to her and Ms. Jones' experience.  Simas Decl., ¶¶ 3, 5.  Ms. Simas also opines the requested rates are reasonable "as compared to the prevailing rates in the community for similar work."  Id., ¶¶ 6, 8; see also United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other

cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

Here, in light of their substantial experience and based on the Court's general knowledge of rates in the Los Angeles legal community, the Court finds hourly rates of $575 for Ms. Simas and $325 for Ms. Jones to be reasonable.

## B.      REASONABLENESS OF TIME SPENT

With respect to reasonableness of the time spent, however, while the Court finds Ms. Jones' time to be reasonable, the time Ms. Simas spent preparing the Joint Stipulation and then converting it into a Motion to Compel is excessive for an attorney with twenty years experience in civil litigation.

First, the facts and applicable legal principles were not particularly complex, especially for an attorney of Ms. Simas' experience.  See dkt. 97.  Second, had Ms. Simas prepared the detailed letter required by Local Civil Rule 37-1 in advance of meeting and conferring with defense counsel,[1] the bulk of the time she now claims was spent preparing the Joint Stipulation would already have been completed during the meet and confer process.  See Simas MTC Decl., ¶ 10.  Third, Ms. Simas provides no explanation why Ms. Jones could not have done the bulk of the work of converting the Joint Stipulation to a Motion to Compel at her lower hourly rate.  Finally, Plaintiff's counsel's itemization of time spent was at least partially reconstructed and the block billing makes it difficult for the Court to determine how much time was spent on particular activities.  See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (affirming twenty percent across the board reduction of hours requested "because block billing makes it more difficult to determine how much time was spent on particular activities"); Young v. Wolfe, CV 07-03190, 2017 WL 3184167, at *7 (C.D. Cal. Jul. 26, 2017) (noting courts "strongly prefer contemporaneous time keeping" and that courts may reduce reconstructed hours to account for potentially inflated time).  Hence, the Court finds it appropriate to strike ten (10) hours from Ms. Simas' preparation of the Joint Stipulation and strike nine (9) hours from Ms. Simas' preparation of the Motion to Compel.  See Hensley, 461 U.S. at 434.

In summary, the Court finds Ms. Simas reasonably spent ten (10) hours in connection with preparing the Motion to Compel at a rate of $575 and Ms. Jones reasonably spent an additional six (6) hours in connection with preparing the Motion to Compel at a rate of $325.  Accordingly, the Court finds an award of $7,700 in attorney's fees to be reasonable under the circumstances of this case.

///
///
///

---

[1]      Plaintiff's counsel did not prepare a detailed letter setting forth the deficiencies in HBM's responses before the parties' meet and confer conference as required by Local Civil Rule 37-1. However, HBM's counsel made clear at the conference that HBM would not supplement its responses.  See dkt. 97-1, Declaration of Gina Simas in support of Motion to Compel ("Simas MTC Decl."), ¶ 10.

**IV.**
**CONCLUSION**

 **IT IS THEREFORE ORDERED** that HBM shall pay to Plaintiff the sum of $7,700 as reasonable attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) **within thirty (30) days of the date of this Order**.