James L. Greeley (SBN 218975)
   jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
   dvazquez@vgcllp.com
Gina Simas (SBN 205367)
   gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>       Plaintiff,<br><br>v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>       Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br><u>HON. KENLY KIYA KATO</u><br><br>**[DISCOVERY MATTER]**<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER; REQUEST FOR SANCTIONS IN THE AMOUNT OF $13,297.50; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 16, 2022<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4<br>Judge: Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off: July 8, 2022<br>Pre-Trial Conference: November 18, 2022<br>Trial: December 5, 2022 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 16, 2022, at 10:00 a.m. before the Honorable Kenly Kiya Kato, in Courtroom 3 or 4 of the United States Courthouse for the Central District of California, Eastern Division, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th St., Riverside, CA 92501, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G), Plaintiff Joseph Diaz, Jr. ("Plaintiff") will and hereby does move the Court for Entry of a Protective Order governing the disclosure of confidential information in this action based upon this Court's Sample Stipulated Protective Order.

Pursuant to Rule 37 (a)(5)(A), Plaintiff also requests sanctions against Defendants Ralph Heredia and Heredia Boxing Management (collectively, "Defendants") and Defendants' counsel, The Federal Practice Group, in the amount of **$13,297.50** for forcing Diaz to burden the Court with this Motion even though "Heredia realizes some of those documents or communications [requested in discovery] may concern Diaz' [sic] mental or physical health, or certain business arrangements, and therefore may be produced pursuant to a protective order" and his counsel agrees that "some information … such as medical and certain financial information" should only be disclosed subject to a protective order. (Declaration of Diyari Vázquez ("Vázquez Decl.") ¶¶ 23-24, 30-30, Exs. T-Y.)

Good cause exists to grant this motion because the Proposed Protective Order is necessary to safeguard the parties' confidential information, facilitate an efficient discovery process, and ensure that the parties can effectively litigate this case. Diaz's Proposed Protective Order, which is modeled after this Court's Sample Protective Order and submitted concurrently herewith, provides the necessary safeguards for the parties to produce sensitive and confidential information in this action.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 13, 2022. In accordance with Local Rule 7-3, counsel for Plaintiff made multiple good faith efforts to meet and confer to resolve the dispute but

Defendants have dragged their feet for over three months and, instead of executing the Protective Order as promised, have served Diaz with a Rule 37-1 Joint Stipulation seeking to compel Diaz to take ***the same exact action*** that Diaz has offered over and over (i.e., produce "all confidential documents and information within three days after the parties agree to a protective order."). (Vázquez Decl. ¶¶ 6-30, Exs. C-Y.)

      The motion is based upon this Notice of Motion, Memorandum of Points and Authorities in support thereof, Declaration of Diyari Vázquez and the exhibits attached thereto, and all pleadings on file with the Court.

Dated:  May 16, 2022                           **VGC, LLP**

                                            By: */s/ Diyari Vázquez*
                                                   James L. Greeley
                                                   Diyari Vázquez
                                                   Gina Simas
                                                   Attorneys for Plaintiff
                                                   JOSEPH DIAZ, JR.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

It is unfortunate that Plaintiff Joseph Diaz, Jr. is forced to burden the Court with this Motion for Entry of a Protective Order ("Motion"). This should be a simple exercise and not one that requires Court intervention. But Defendants Ralph Heredia and Heredia Boxing Management (collectively, "Defendants") have left Diaz with no other choice.

***Over three months ago,*** Diaz provided Defendants with a draft Stipulated Protective Order modeled after this Court's Sample Stipulated Protective Order. Diaz then repeatedly followed up (no less than 10 times) and insisted on finalizing the Stipulated Protective Order so that the parties could move forward with discovery. Diaz was repeatedly met with silence and delay. As a result, Diaz requested that the parties meet and confer regarding the filing of this Motion. And, during the parties' April 13, 2022 meet and confer call, the parties reached agreement on the Stipulated Protective Order. Indeed, in what was apparently an attempt to delay this Motion, Defendants represented they would sign the Stipulated Protective Order two days after Diaz produced non-confidential documents. Defendants, however, abruptly reneged on this agreement. Defendants' sudden change of heart was no accident. It was a deliberate ploy to further delay this litigation and "trick" Diaz in order to gain what Defendants perceive to be a tactical advantage in this litigation.

There is simply no reason for Defendants to refuse to sign the Stipulated Protective Order modeled after this Court's Sample Stipulated Protective Order. Indeed, Defendants admit that "Heredia realizes some … documents or communications [requested in discovery] may concern Diaz' [sic] mental or physical health, or certain business arrangements, and therefore may be produced pursuant to a protective order." Defendants' counsel agrees that "some information … such as medical and certain financial information" should only be disclosed subject to a protective order. Defendants' refusal to stipulate to a protective order is especially

problematic given that Defendants have propounded numerous discovery requests seeking confidential information, and Defendants and their counsel have been feeding the press stories about this and other litigation involving Diaz in order to promote public scandal, circulate defamatory statements about Diaz and his counsel, and publicize Diaz's private and confidential information. Diaz cannot trust Defendants to respect confidentiality without a protective order. Rather that sign the Stipulated Protective Order, Defendant Heredia refused and instead provided Diaz with a Joint Stipulation asking the Court to order Diaz to take *the same exact action* that Diaz has offered over and over (i.e., produce "all confidential documents and information within three days after the parties agree to a protective order.").

Given Defendants' bad faith tactics and gamesmanship, Diaz respectfully requests that this Court award sanctions against Defendants and their counsel, The Federal Practice Group, in the amount of $13,297.50 for forcing Diaz to file this Motion which could have been easily prevented had Defendants followed through on the parties' agreement.

## II.     FACTUAL BACKGROUND

Diaz is a public figure. Throughout the history of this litigation, Defendants and their counsel have been feeding the press stories about this and other litigation involving Diaz in order to promote public scandal, circulate defamatory statements, and publicize Diaz's private and confidential information. (See Vázquez Decl. ¶¶ 4-5, Exs. A-B). Diaz therefore cannot trust Defendants to respect his confidentiality without a protective order. (See Dkt No. 79). Indeed, on November 5, 2021, Diaz was forced to file an application to seal because Defendants inserted inflammatory and libelous statements into the Joint Rule 26(f) Report and refused to redact private and confidential medical and financial information about Diaz. (See Dkt. No. 78). This Court granted that motion. (See Dkt. No. 80).

On January 24, 2022, Defendant Heredia served Diaz with Requests for Production of Documents ("RPDs"). (See Vázquez Decl. ¶ 3). Given that the

documents requested largely contain confidential information, and Defendants' and their counsel's propensity to improperly publicize Diaz's private and confidential information and shamelessly utilize this and other litigation to gratify private spite, Diaz requested a protective order be entered before his responses were due. On February 2, 2022, Diaz sent Defendants a draft Stipulated Protective Order modeled after this Court's Sample Stipulated Protective Order. (Id. ¶ 6, Ex. C). Diaz then followed up three times on the status of the Stipulated Protective Order and was met with complete silence. (Id. ¶ 7-9, Exs. D-F). Having heard nothing from Defendants, on February 25, Diaz timely served his objections and responses to the RPDs stating that confidential documents "will be produced after the Court has entered the Protective Order." (Id. ¶ 10, Ex. J). Diaz followed up **more than 10 times** on the status of the Stipulated Protective Order. (Id. ¶¶ 7-19, Exs. D-Q). Left with no other option, Diaz requested to meet and confer with Defendants about the filing of this Motion. (Id. ¶ 19, Ex. Q). In response to the request to meet and confer, on April 11, Defendant for the first time raised issues with Diaz's RPD responses, and the parties participated in a telephonic meet and confer on April 13, 2022. (Id. ¶ 20). At that time, the parties agreed that Diaz would produce non-confidential documents and Defendants would sign the Stipulated Protective Order two days after Diaz's production so that Diaz could produce confidential documents. (Id.).

On April 20, 2022, Diaz produced non-confidential documents and reminded Defendants "[o]nce we have finalized the protective order, we will produce any confidential documents. …." (Id. ¶ 21, Ex. R). Defendants did not respond and did not abide by their agreement. (Id.). Rather than signing the Stipulated Protective Order as agreed, on April 29, 2022, Defendant Heredia sandbagged Diaz with a 353-page Joint Stipulation replete with fabrication asking the Court to unnecessarily spend time and resources to resolve this easily solvable dispute. (Id. ¶ 22, Ex. S). In that Joint Stipulation, Defendant Heredia admits that he "realizes some of those documents or communications [requested in discovery] may concern Diaz' [sic] mental or physical

health, or certain business arrangements, and therefore may be produced pursuant to a protective order" and his counsel agrees that "some information … such as medical and certain financial information" should only be disclosed subject to a protective order. (Id. ¶¶ 23-24, Exs. T-U).

After repeatedly requesting that Defendants meet and confer in good faith and work to resolve the easily solvable dispute, Defendants refused. (Id. ¶¶ 25-26, Exs. V-W). Diaz then spent 20.4 hours opposing the Joint Stipulation which he timely returned on May 5, 2022. (Id. ¶ 28).

On May 12, 2022, in one final attempt to prevent the filing of this Motion, Diaz again requested that Defendants return the executed Stipulated Protective Order and warned Defendants that failure to respond would result in Diaz having to spend the time and attorneys' fees to prepare this Motion. (Id. ¶¶ 28-29, Ex. X). Defendants did not respond until nearly 24 hours after Diaz requested that response and, **for the first time**, Defendants represented that they would now agree to the Stipulated Protective Order if it was "a narrowly tailored protective order specifically protecting medical and health records. Bank statements and other financial records can have proper redaction of sensitive account numbers and other identifying information. The previously prepared protective order remains overbroad and we cannot agree to it." (Id.) In response, Diaz reiterated that the proposed Stipulated Protective Order is modeled after this Court's Sample Protective Order and asked for any redlines that Defendants had to the protective order. (Id.) Defendants did not respond. (Id.) Instead, Defendant Heredia provided Diaz with a revised Joint Stipulation asking the Court to order Diaz to take **the same exact action** that Diaz has offered over and over (i.e., produce "all confidential documents and information within three days after the parties agree to a protective order." (Id. ¶ 30, Ex. Y).

Diaz has sought Defendants' cooperation regarding the drafting of a suitable Stipulated Protective Order on multiple occasions to no avail. As a result, Diaz has now spent 12.7 hours having to prepare this Motion. (Id. ¶ 37).

### III. ARGUMENT

#### A. Protective Order is Needed to Safeguard Diaz's Confidential Information.

Rule 26(c)(l) states, in pertinent part, that the Court, upon a showing of good cause, may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(l). To justify the entry of a protective order, a party need only make a "threshold showing of good cause to believe that discovery will involve confidential or protected information." Henry v. Ocwen Loan Servicing, LLC, 2018 WL 1638255, at *2 (S.D. Cal. April 5, 2018) (citing Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc., 121 F.R.D. 264, 268 (M.D.N.C. 1988)). This showing of good cause "may be [made] on a generalized as opposed to a document-by-document basis." Id. Indeed, "[b]lanket protective orders are routinely approved for use in civil cases and consistent with the mandate that courts provide 'just, speedy, and inexpensive' resolution in every action and proceeding." Henry, 2018 WL 1638255, at *2 (citing Van v. Wal-Mart Stores, Inc., 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011)) ("Blanket protective orders serve the interests of a 'just, speedy, and inexpensive' determination of cases by avoiding the undue cost and delay that would ensue if courts had to make a good cause determination on a document-by-document basis for all documents exchanged in discovery that a party wished to protect."). "The Ninth Circuit implicitly acknowledged that the use of blanket protective orders conserves judicial resources—and taxpayer money—by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential." Henry, 2018 WL 1638255, at *2 (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (noting that use of a blanket protective order was "understandable for the unfiled documents given the onerous burden document review entails")). Courts

"generally *expect … cooperation among litigants*" in reaching agreement on a stipulated protective order. Henry, 2018 WL 1638255, at *2 (emphasis in original).

This is a case that arises from Defendants' financial malfeasance. The majority of the records are confidential financial records. See, e.g., F.D.I.C. v. Tarkanian, 2012 WL 1327856 at *2 (S.D. Cal. April 17, 2012) (sealing statements containing financial information); Aevoe Corp. v. AE Tech. Co., 2013 WL 2302310, at *1-2 (D. Nev. May 24, 2013) (sealing documents that identify the sales information and business strategies); Satmodo, LLC v. Whenever Commc'n, LLC, 2018 WL 1071707, at *3 (S.D. Cal. Feb. 27, 2018) (finding party "satisfied the threshold showing of good cause to believe that discovery will involve confidential information" because it pointed to "presently pending discovery requests from Defendant seeking financial … information."). Those records must be protected from disclosure, especially when the Court's files and documents exchanged in litigation "might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements..." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–1179 (9th Cir. 2006). Unfortunately, given Defendants and their counsel's history of feeding the press stories about this and other litigation involving Diaz in order to promote public scandal, circulate defamatory statements about Diaz and his counsel, and publicize Diaz's private and confidential information, Diaz cannot trust Defendant to respect confidentiality without a protective order. (Vázquez Decl. ¶¶ 4-5, Exs. A-B); See SolarCity Corp. v. Doria, 2017 WL 6551239, at * 17 (S.D. Cal. Dec. 21, 2017) (finding responding party's refusal to produce confidential information absent a protective order was "substantially justified"); Benke v. Departure Agency, Inc., 2012 WL 12885102, at *8 (C.D. Cal. Oct. 9, 2012) ("counsel properly insisted on the entry of Protective Order before providing confidential information").

Given the sensitive and confidential nature of the documents that Defendants seek, the Court is within its authority to enter a protective order that ensures that such information will only be used in this lawsuit and will be properly destroyed or returned

6
NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECITVE ORDER AND SANTIONS

to Diaz when the lawsuit is concluded. See Bittaker v. Woodford, 331 F.3d 715, 726 (9th Cir. 2003) ("The power of courts, state as well as federal, to delimit how parties may use information obtained through the court's power of compulsion is of long standing and well-accepted."). Indeed, as the Ninth Circuit acknowledges: "Courts could not function effectively in cases involving sensitive information…if they lacked the power to limit the use parties could make of sensitive information obtained from the opposing party by invoking the court's authority." Id.; see also In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 101 F.R.D. 34, 41 (C.D. Cal. 1984). Diaz respectfully requests that the Court use its inherent power to impose what is by any definition a reasonable set of protections for the treatment of confidential information produced by the parties in this lawsuit. (See Vázquez Decl., Ex. BB).

### B. The Proposed Protective Order Modeled After this Court's Sample Stipulated Protective Order Is Reasonable and Does Not Prejudice Defendants.

Diaz's Proposed Protective Order will not prejudice Defendants' ability to use the documents produced in this litigation for legitimate purposes. As the proposed order makes explicit, any documents produced by the parties that are designated "Confidential" may be used by the other party in this litigation. (Vázquez Decl., Ex. BB § 7.2). The documents may also be used by any of the parties' experts and consultants, and deposed witnesses. (Id.). The parties may only invoke the "Confidential" designation in good faith and the party receiving documents has the right to challenge the confidentiality designations assigned to documents. (Id. at § 6).

Defendants' unwillingness to cooperate with Diaz on this issue is particularly problematic given Defendants and their counsel agree that a protective order is appropriate in this case. (Vázquez Decl. ¶¶ 23-30, Exs. T-Y). And Diaz is especially cautious about disclosing his private and confidential information given Defendants' and their counsel's history of feeding the press stories about this and other litigation

involving Diaz in order to promote public scandal and circulate defamatory statements. (Id. ¶¶ 4-5, Exs. A-B).

## IV. DEFENDANTS AND THEIR COUNSEL SHOULD BE SANCTIONED

Rule 37 (a)(5)(A) provides that sanctions "must" be awarded if a discovery motion is granted unless the Court finds the opposing party's objection was "substantially justified." Defendants agree that a protective order is necessary in this case. (Vázquez Decl. ¶¶ 23-24, 30, Exs. T-U, Y). Yet Defendants have refused to sign the Stipulate Protective Order. Instead, Defendant Heredia provided Diaz with a Joint Stipulation asking the Court to order Diaz to take *the same exact action* that Diaz has offered over and over again (i.e., produce "all confidential documents and information within three days after the parties agree to a protective order." (Id. ¶ 30, Ex. Y).

Defendants have not provided any explanation why they have delayed over three months in signing of the Stipulated Protective Order drafted pursuant to this Court's Sample Stipulated Protective Order. And Defendants have failed to explain why—after agreeing during the parties' meet and confer regarding Diaz's filing of this Motion that they would sign the Stipulated Protective Order after Diaz produced non-confidential documents—Defendants reneged on that agreement and instead served Diaz with a Joint Stipulation.

Defense counsel's conduct is what the Central District labels "reprehensible." Benke, 2012 WL 12885102, at *8 ("Benke's counsel engaged in a course of misleading conduct with opposing counsel regarding whether and under what terms Benke's counsel would sign a Protective Order, when it is apparent … that Benke's counsel never had any intention of entering into a Protective Order"). The Court should award sanctions against Defendant and his counsel, The Federal Practice Group, pursuant to L.R. 37-4. (Vázquez Decl. ¶¶ 30-40); Benke, 2012 WL 12885102, at *8 ("The type of machinations engaged in by … counsel merit a substantial sanction, and the Court therefore sanctions … counsel in the full amount requested... The parameters of discovery and the applicable legal standards thereto are largely the province of

attorneys, not their clients. Consequently, an attorney's fees award is ordinarily imposed against counsel.")

Diaz has unnecessarily incurred attorney's fees and costs by having to prepare and file this Motion resulting from Defendants' and their counsel's "machinations." Defendants' willful and inexcusable disregard of their discovery obligations and this Court's time and resources deserves the imposition of sanctions, as authorized in Rule 37(a)(5).

## V. CONCLUSION

Defendants continue to willfully obstruct discovery and purposefully delay this litigation with bad faith tactics and gamesmanship. Diaz respectfully requests that the Court issue an order:

(1) Entering the protective order attached as Exhibit BB to the Vázquez Declaration; and

(2) Imposing sanctions against Defendants and Defendants' counsel, The Federal Practice Group, in the amount of $13,297.50.

*Respectfully submitted*,

Dated: May 16, 2022       **VGC, LLP**

By: _____/s/ Diyari Vázquez_____
James L. Greeley
Diyari Vázquez
Gina Simas
Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# CERTIFICATE OF SERVICE

I, Diyari Vázquez, hereby certify that on May 16, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: May 16, 2022                    By:   */s/ Diyari Vázquez*
                                              Diyari Vázquez