**From:** gsimas@vgcllp.com  🖉
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 16, 2022 at 7:00 PM
**To:** Rajan Dhungana rdhungana@fedpractice.com, Erik Cox ECox@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Daisy Chung DChung@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

Rajan,

Thanks for your draft. Attached is a revised version. I fixed some of the formatting. I also revised to conform to the Central District's form. See
ADS - Stipulated Protective Order in Word_0.docx (live.com)  Please confirm that you accept these revisions. If so, please sign and return. We will get it on file. I'm happy to discuss any of these changes. They are word for word from the Central District's form. I did keep your numbering system in place (despite it deviating from the form).  This versions is in tracked changes. In the future, when we send you a document, please do the same. Alternatively, please send a redline. That is what professional courtesy requires. It saves us both time and energy. Thanks so much!

Sincerely,

Gina

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Wednesday, March 16, 2022 5:55 PM
**To:** gsimas@vgcllp.com; Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Good afternoon Counsels,

Please see attached, our edited version of the stipulated protective order. Please email back if you have any changes to the document.

Sincerely,



**Rajan Dhungana | Partner**
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 11:12 AM

**To:** Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric and Erik,

I should add that if we do not hear back from you regarding the Joint Stipulation by COB today, we will be forced to bring an *ex parte* application on this issue. It is imperative that the Court be made aware of this issue because we are required to adhere to the Court's scheduling order. We are doing our best to do this, but your failure to respond is making it very difficult. I look forward to hearing from you very soon. Thanks again.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022  11:02 AM
**To:** 'Erik Cox' <ECox@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

Thank you for finally responding. We look forward to receiving your comments to the Protective Order.

Additionally, and as we explained in our email yesterday, *we need to meet and confer regarding the Joint Stipulation immediately.*  Pursuant to the current Court's Scheduling order, mediation must occur no later than Mary 20, 2022.  Mike Young has agreed to mediate, but this mediation will not occur until *July*. Therefore, we must continue the pre-trial dates to move forward with our scheduled mediation

Moreover, pursuant to the current Court's Scheduling order, we need to designate an expert next week. Having just  received HBM's supplemental responses last night and have not yet received Heredia's supplemental responses, we cannot sufficiently review this discovery in order to adequately select our expert. *Please let me know if you will stipulate to continuing the pre-trial and trial dates.* If so, I will send you a draft of the Joint Stipulation and, thereafter, we can file it with the Court. Thank you.

Sincerely,

Gina

---

**From:** Erik Cox <ECox@fedpractice.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana
<rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Hi Gina,
We intend to send you a redline of your draft PO tomorrow.  Sincere apologies for the
delay in getting back to you.
All the best,
-Erik

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, March 14, 2022 2:27 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>;
Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet
and confer on this issue, you remain radio silent. Notably, we sent you a draft protective
order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for
failing to respond. If we do not hear from you, we will file a motion for a protective order
and request sanctions. Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>;
'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please explain why you have not yet signed it.  Do you want to make changes?  We need to resolve this issue as soon as possible.  As such, we would like to meet and confer to determine whether Diaz needs to file a motion for a protective order. *Please let me know when you are available to meet and confer on this issue.* Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know whether you have any changes to the draft I sent to you three weeks ago.  Although I sent the draft Protective Order on February 2, 2022, I have yet to receive any response from you on this subject.  As you know, this case involves information that we want to remain confidential.  As such, a Protective Order will need to be signed and filed with the Court prior to Diaz producing any documents and to any depositions taking place. Please let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally

setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you understand that both JoJo and Jim are extremely busy. So, I am doing my best to coordinate their schedules, and thereafter, will provide you with potential dates.  As I stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago. Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or early tomorrow. Once you receive the final version, please promptly sign. We will file it tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to file within two days of reserving this date. For this reason, it is imperative that you sign and return within 24 hours. If you have any questions or would like to discuss further, please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

· PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones  |  Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com



2022.03.16 Diaz
v Here...D.docx

James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendants,* Ralph Heredia and Heredia Boxing Management

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DISTRICT

| | |
|---|---|
| JOSEPH DIAZ, JR., | CASE NO. 5:20-cv-02332-JWH-KK |
| Plaintiff, | |
| v. | **JOINT STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER** |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | Courtroom:   2 |
| | Judge:       Hon. John W. Holcomb |

Joint Stipulation For Protective Order And [Proposed] Order

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.     GOOD CAUSE STATEMENT

This action is likely to involve confidential medical records, including mental health treatment records, certain financial information, and certain confidential business communications, for which special protection from public disclosure, and from use for any purpose other than prosecution of this action, is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, good cause exists for a protective order to protect such information in this matter. Information will not be designated "CONFIDENTIAL" for tactical reasons. Nothing will be designated "confidential" without a good faith belief that it has been maintained in a confidential, non-public manner, and without a good faith

1

Formatted: Justified, Indent: First line:  0"

belief that good cause exists as to why it should not be part of the public record of this case.

2.   DEFINITIONS

    2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.3   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record or House Counsel (in both instances, including their legal and non-legal support staff directly working on this case).

    2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7   <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.8   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Joint Stipulation For Protective Order And [Proposed] Order

2.9   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.10   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as, referred to or considered "CONFIDENTIAL

2.14   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of Disclosure to a Receiving Party or becomes part of the public domain after its Disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to

1 the Receiving Party prior to the Disclosure or obtained by the Receiving Party after

2 the Disclosure from a source who obtained the information lawfully and under no

3 obligation of confidentiality to the Designating Party.

4     Any use of Protected Material at trial shall be governed by a separate agreement

5 or order.

6     4.    DURATION

7     Even after final disposition of this litigation, the confidentiality obligations

8 imposed by this Order shall remain in effect until a Designating Party agrees otherwise

9 in writing or a court order otherwise directs.  Final disposition shall be deemed to be

10 the later of (1) dismissal of all claims and defenses in this Action, with or without

11 prejudice; and (2) final judgment herein after the completion and exhaustion of all

12 appeals, rehearings, remands, trials, or reviews of this Action, including the time limits

13 for filing any motions or applications for extension of time pursuant to applicable law.

14     For CONFIDENTIAL information not used at trial, the confidentiality

15 obligations imposed by this Order remain in effect until a Designating Party agrees

16 otherwise in writing or a court order otherwise directs. Final disposition is the later of

17 (1) dismissal of all claims and defenses in this action, with or without prejudice; and

18 (2) final judgment herein after the completion and exhaustion of all appeals,

19 rehearings, remands, trials, or reviews of this action, including the time limits for filing

20 any motions or applications for extension of time pursuant to applicable law.

21   5.    DESIGNATING PROTECTED MATERIAL

22     5.1    Exercise of Restraint and Care in Designating Material for Protection.

23     Each Party or Non-Party that designates information or items for protection

24 under this Order must take care to limit any such designation to specific material that

25 qualifies under the appropriate standards. The Designating Party must designate for

26 protection only those parts of material, documents, items, or oral or written

27 communications that qualify – so that other portions of the material, documents, items,

28

4

---

**Deleted:** ¶

**Formatted:** Justified, Indent: Left: -0.13", First line: 0.63", Tab stops: Not at 1.05" + 1.05"

**Deleted:** Once a case proceeds to trial, any information that was designated "CONFIDENTIAL" or maintained pursuant to this protective order and used at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend to information used at trial, even if designated "CONFIDENTIAL" hereunder, unless a separate order protects such information.

**Formatted:** Font: 14 pt

1  or communications for which protection is not warranted are not swept unjustifiably
2  within the ambit of this Order.

3  Mass, indiscriminate, or routinized designations are prohibited. Designations
4  that are shown to be clearly unjustified or that have been made for an improper purpose
5  (e.g., to unnecessarily encumber or retard the case development process or to impose
6  unnecessary expenses and burdens on other parties) expose the Designating Party to
7  sanctions.

8  If it comes to a Designating Party's attention that information or items that it
9  designated for protection do not qualify for protection, that Designating Party must
10  promptly notify all other Parties that it is withdrawing the mistaken designation.

11  5.2   Manner and Timing of Designations.

12  Except as otherwise provided in this Order (see, e.g., second paragraph of
13  section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery
14  Material that qualifies for protection under this Order must be clearly so designated
15  before the material is disclosed or produced.

16  Designation in conformity with this Order requires:

17  (a)   For information in documentary form (e.g., paper or electronic
18  documents, but excluding transcripts of depositions or other pretrial or trial
19  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each
20  page that contains protected material. If only a portion or portions of the material on a
21  page qualifies for protection, the Producing Party also must clearly identify the
22  protected portion(s) (e.g., by making appropriate markings in the margins).

23  (b)   A Party or Non-Party that makes original documents or materials available for
24  inspection need not designate them for protection until after the inspecting Party has
25  indicated which documents or material it would like copied and produced. During the
26  inspection and before the designation, all of the documents or material made available
27  for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
28  identified the documents or material it wants copied and produced, the Producing Party

5

1  must determine which documents or material, or portions thereof, qualify for
2  protection under this Order. Then, before producing the specified documents, the
3  Producing Party must affix the "CONFIDENTIAL" legend to each page that contains
4  Protected Material. If only a portion or portions of the material on a page qualifies for
5  protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,
6  by making appropriate markings in the margins).

7  (c)      For testimony given in depositions, that the Designating Party identify the
8  Disclosure or Discovery Material on the record, before the close of the deposition all
9  protected testimony.

10 (d)      For information produced in form other than document and for any other
11 tangible items, that the Producing Party affix in a prominent place on the exterior of
12 the container or containers in which the information is stored the legend
13 "CONFIDENTIAL." If only a portion or portions of the information warrants
14 protection, the Producing Party, to the extent practicable, shall identify the protected
15 portion(s).

16      **5.3      Inadvertent Failures to Designate.**

17      If timely corrected, an inadvertent failure to designate qualified information or
18 items does not, standing alone, waive the Designating Party's right to secure protection
19 under this Order for such material. Upon timely correction of a designation, the
20 Receiving Party must make reasonable efforts to assure that the material is treated in
21 accordance with the provisions of this Order.

22           **6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23      6.1    **Timing of Challenges.** Any party or Non-Party may challenge a
24 designation of confidentiality at any time that is consistent with the Court's Scheduling
25 Order.

26      6.2    **Meet and Confer.** The Challenging Party shall initiate the dispute
27 resolution process under Local Rule 37.1, *et seq.*

28

6

**Formatted:** Indent: Left: -0.13", Outline numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0" + Indent at: 0"

**Deleted:** <#>For Testimony given in depositions the Designating Party shall:¶
i. · identify on the record, before the close of the deposition, all "CONFIDENTIAL" Testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL." Failure to do so shall constitute waiver of confidentiality of the discrete portion of testimony at issue.  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).¶

**Deleted:** A

**Deleted:** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.     Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

7

Joint Stipulation For Protective Order And [Proposed] Order

**Deleted:** by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**Deleted:** <#>Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.¶
The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.¶

**Deleted:** Information designated as "CONFIDENTIAL" produced pursuant to this Order may be disclosed or made available only to the persons designated below

1    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2         d.      The Court and its personnel;

3         e.      Court reporters and their staff;

4         f. Professional jury or trial consultants, mock jurors, and Professional Vendors

5    to whom disclosure is reasonably necessary or this Action and who have signed the

6    "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

7         g.      The author or recipient of a document containing the information or a

8    custodian or other person who otherwise possessed or knew the information;

9         h.      During their depositions, witnesses, and attorneys for witnesses, in the

10   Action to whom disclosure is reasonably necessary provided: (i) the deposing party

11   requests that the witness sign the "Acknowledgment and Agreement to Be Bound;"

12   and (ii) they will not be permitted to keep any confidential information unless they sign

13   the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the

14   Designating Party or ordered by the Court.  Pages of transcribed deposition testimony

15   or exhibits to depositions that reveal Protected Material may be separately bound by

16   the court reporter and may not be disclosed to anyone except as permitted under this

17   Stipulated Protective Order; and

18         i. Any mediator or settlement officer, and their supporting personnel, mutually

19   agreed upon by any of the parties engaged in settlement discussions.

20   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

21        OTHER LITIGATION

22        If a Party is served with a subpoena or a court order that compels disclosure of

23   any information or items designated in this action as "CONFIDENTIAL," that Party

24   must:

25        (a)      promptly notify the Designating Party in writing, including a

26   copy of the subpoena or court order;

27        (b)      promptly notify in writing the party who caused the subpoena or

28   order to issue that some or all of the material covered by the subpoena or order is

8

Joint Stipulation For Protective Order And [Proposed] Order

**Deleted:** <#>Counsel as defined herein;¶
A Party and its affiliates, officers, directors, agents and employees of a Party deemed reasonably necessary by counsel for the Party to aid in the prosecution, defense, or settlement of the captioned lawsuit; provided, however, that prior to the disclosure of Confidential information or items to any such officer, director, partner, member, employee or agent, counsel for the Party making the disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Appendix A;¶
Clerical, data processing, or technology support personnel, including third party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a Party or its counsel in the captioned lawsuit;¶
This Court and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with the captioned lawsuit, their respective personnel, and the jury in the captioned lawsuit;¶
Court reporter(s) and videographer(s) preparing transcripts in the captioned lawsuit; ¶
Outside consultants or Experts retained for the purpose of this Action, provided that, before access is given, the Party shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Appendix A.  It shall be the obligation of Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such Expert or outside consultant, to promptly notify Counsel for the Designating Party of such breach or threatened breach;¶
A witness appearing at a deposition or as a non-trial hearing witness in this matter; provided, however, that each such witness given access to Confidential information or items shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;¶
The original author or source of the Confidential Information, and any addressee(s) or recipient(s) of communications or material that is designated as Confidential Information, including but not limited to addressee(s) or recipient(s) of Confidential e-mail communications and/or Confidential correspondence; ¶
Any other person as to whom the parties in writing agree or to whom production is ordered by any Court or administrative body of competent jurisdiction; and¶
Any governmental agency or regulating authority to the extent disclosure is required by applicable law.¶

1   subject to this Protective Order. Such notification shall include a copy of this Stipulated

2   Protective Order; and

3          (c)      cooperate with respect to all reasonable procedures sought to be

4   pursued by the Designating Party whose Protected Material may be affected.

5   If the Designating Party timely seeks a protective order, the Party served with the

6   subpoena or court order shall not produce any information designated in this action as

7   "CONFIDENTIAL" before a determination on such protective order request by the

8   court or tribunal from which the subpoena or order issued, unless the Party has obtained

9   the Designating Party's permission. The Designating Party shall bear the burden and

10  expense of seeking protection in that court of its confidential material. Nothing in these

11  provisions should be construed as authorizing or encouraging a Receiving Party in this

12  action to disobey a lawful directive from another court.

13  9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

14        IN THIS LITIGATION

15  (a)      The terms of this Order are applicable to information produced by a Non-Party

16  in this action and designated as "CONFIDENTIAL." Such information produced by

17  Non-Parties in connection with this litigation is protected by the remedies and relief

18  provided by this Order. Nothing in these provisions should be construed as prohibiting

19  a Non-Party from seeking additional protections.

20  (b)      In the event that a Party is required, by a valid discovery request, to produce a

21  Non-Party's confidential information in its possession, and the Party is subject to an

22  agreement with the Non-Party not to produce the Non-Party's confidential

23  information, then the Party shall:

24          (1)  promptly notify in writing the Requesting Party and the Non-Party

25  that some or all of the information requested is subject to a confidentiality agreement

26  with a Non-Party;

27          (2)  promptly provide the Non-Party with a copy of the Stipulated

28  Protective Order in this litigation, the relevant discovery request(s), and a reasonably

9

specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

10

1  parties reach an agreement on the effect of disclosure of a communication or

2  information covered by the attorney-client privilege or work product protection, the

3  parties may incorporate their agreement in the stipulated protective order submitted to

4  the court.

5  12.  MISCELLANEOUS

6  　　12.1  Right to Further Relief. Nothing in this Order abridges the right of any

7  person to seek its modification by the court in the future.

8  　　12.2  Right to Assert Other Objections. By stipulating to the entry of this

9  Protective Order, no Party waives any right it otherwise would have to object to

10  disclosing or producing any information or item on any ground not addressed in this

11  Stipulated Protective Order. Similarly, no Party waives any right to object on any

12  ground to use in evidence of any of the material covered by this Protective Order.

13  　　12.3  Filing Protected Material. A Party that seeks to file under seal any

14  Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

15  only be filed under seal pursuant to a court order authorizing the sealing of the specific

16  Protected Material at issue.  If a Party's request to file Protected Material under seal is

17  denied by the Court, then the Receiving Party may file the information in the public

18  record unless otherwise instructed by the Court.

19  　　12.4  Any Party to the Proceeding who has not executed this Stipulation and

20  Protective Order as of the time it is presented to the Court for signature may thereafter

21  become a Party to this Stipulation and Protective Order by its counsel's signing and

22  dating a copy thereof and filing the same with the Court, and serving copies of such

23  signed and dated copy upon the other Parties to this Stipulation and Protective Order.

24  　　12.5  Nothing in this Stipulation and Protective Order shall affect the

25  admissibility into evidence of documents or material properly designated

26  "CONFIDENTIAL" or abridge the rights of any person to seek judicial review or to

27  pursue other appropriate judicial action with respect to any ruling made by the Court

28

**Deleted:** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

11

concerning the issue of the status of any documents or material properly designated "CONFIDENTIAL."

12.6    After this Stipulation and Protective Order has been signed by Counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any documents or material properly designated "CONFIDENTIAL" that have been produced before the Court signs this Stipulation and Protective Order.

12.7    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of documents or material properly designated "CONFIDENTIAL" under the terms herein.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

**Deleted:** paragraph

12

1   entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

2   hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

3   expert reports, attorney work product, and consultant and expert work product, even if

4   such materials contain Protected Material. Any such archival copies that contain or

5   constitute Protected Material remain subject to this Protective Order as set forth in

6   Section 4 (DURATION).

7           This Stipulation and Protective Order may be executed in counterparts.

8

9           IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10  DATED: _____     _____
                                    James L. Greeley
11                                  Diyari Vázquez
                                    Gina Simas
12                                  Attorneys for Plaintiff
                                    JOSEPH DIAZ, JR.
13

14

15  DATED: _____     _____
                                    Eric S. Montalvo
16                                  Rajan O. Dhungana
                                    Attorneys For Defendants
17                                  RALPH HEREDIA AND
                                    HEREDIA BOXING MANAGEMENT
18

19

20          PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

21  DATED: _____     _____
                                    Honorable Kenly Kiya Kato
22                                  United States District Court
                                    Central District of California
23

24

25

26

27

28

13

Joint Stipulation For Protective Order And [Proposed] Order

**<u>EXHIBIT A</u>**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Joseph Diaz, Jr. v. Ralph Heredia et al.,* Case No. Case No. 5:20-cv-02332- JWH-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14

### CERTIFICATE OF SERVICE

I, Diyari Vázquez, hereby certify that on May 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: May 4, 2022          By:   /s/
                                 Diyari Vázquez

**Deleted:** March 16, 2022

**Deleted:** March 16, 2022

15