Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant,*
RALPH HEREDIA


James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br>　　　Plaintiff, <br><br>　　v. <br><br> RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br>　　　Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br> <u>HON. KENLY KIYA KATO</u> <br><br> **[DISCOVERY MATTER]** <br><br> **LOCAL RULE 37-2.1 JOINT STIPULATION RE: DEFENDANT'S MOTION TO COMPEL A FIRST RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND TO COMPEL FURTHER RESPONSES TO FIRST SETS OF REQUESTS FOR ADMISSIONS OR DEEM THEM ALL ADMITTED; AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $25,000.** <br><br> Discovery Cut-Off Date: July 8, 2022 |

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 112 of YOUR COMPLAINT.

**Defendant's Contention:**

Plaintiff has not responded to this RFP at all: not by production, not by objection, and not by a request for an extension of time. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any response whatsoever under the guise of desiring that a protective order first be put in place. That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules. Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

During the April 13, 2022 meeting between counsel over this matter, Heredia's counsel expressed concern that Diaz' counsel was waiting to produce anything until the parties executed a protective order for certain responsive documents that may be confidential. Montalvo Decl. ¶ 6. Counsel have been negotiating the scope of a proposed protective order. ==Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order==, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFP that same week, Montalvo Decl. ¶ 7, but that week passed and nothing was produced. Montalvo Decl. ¶ 9.

Federal Rule of Civil Procedure 26(b)(2)(A) does not give a party the discretion to wholly ignore Requests for Production. The party upon which a Request for Production is propounded must respond within thirty days. Further, Federal Rule of Civil Procedure 37(d)(1)(A) allows a court to order sanctions where a party, among

protective order for confidential documents, and even when Diaz' counsel promised to produce non-confidential documents the week of the meeting between counsel, Diaz' counsel did not.  Further, Diaz has improperly objected to each of the RFAs, and provided those responses late.

Heredia therefore respectfully requests that the Court issue an order:

(1) Requiring Diaz to:

    (a)   produce, without objection, all non-confidential responsive documents and information in response to the RFPs;

    (b)   ==produce, without objection, all confidential documents and information within three days after the parties agree to a protective order;==

(2) As to Heredia's Requests for Admission, either

    (a)   deeming them admitted; or

    (b)   order Diaz to respond without objection to Heredia's RFAs;

(3) Imposing significant sanctions against Diaz; and

(3) Imposing significant sanctions against Diaz' counsel.

### b. Diaz' Conclusion

Respectfully submitted,

Dated: April 28, 2022        **FEDERAL PRACTICE GROUP**

By: */s/ Eric S. Montalvo*
Eric S. Montalvo
Rajan O. Dhungana
Attorneys for Defendant,
Ralph Heredia