Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant,*
RALPH HEREDIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RALPH HEREDIA, et al.<br><br>　　　　Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br>HON. KENLY KIYA KATO<br><br>**[DISCOVERY MATTER]**<br><br>**DEFENDANT HEREDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $13,297.50**<br><br>Date: June 16, 2022<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4<br>Judge: Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off: July 8, 2022<br>Pre-Trial Conference: November 18, 2022<br>Trial: December 5, 2022 |

# TABLE OF CONTENTS

I.   INTRODUCTION ...............................................................................1

II.  THERE SHOULD BE VERY LITTLE CONFIDENTIAL INFORMATION FROM DIAZ .........................................................................................2

   A.  Very Little Financial Information, Currently Withheld From Production by Diaz, Would Be Confidential Under the Protective Order.....................................4

III. CONFIDENTIALITY UNDER THE PROTECTIVE ORDER SHOULD EXPIRE AT TRIAL.............................................................................8

IV.  DIAZ' REQUEST FOR SANCTIONS SHOULD BE DENIED......................8

V.   CONCLUSION.................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*AGA Shareholders, LLC v. CSK Auto, Inc.,* No. CV-07-62-PHX-DGC, 2007 WL
    4225450, at *1 (D. Ariz. Nov. 28, 2007)................................................................5

*Phillips v. G.M. Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002) ...........................5

**Rules**

Fed. R. Civ. P. 34(b)(2)(E)(i)...................................................................................4

Fed. R. Civ. P. 37 (a)(5)(A) .....................................................................................9

Fed. R. Civ. P. 37(d)(2)............................................................................................2

Fed. R. Civ. P. 5.2 ....................................................................................................7

## I. __INTRODUCTION__

This litigation is a dispute brought by Plaintiff Diaz ("Diaz"), a professional boxer, arising out of the deteriorated relationship with his former manager from 2012, Defendant Ralph Heredia ("Heredia").  Heredia denies Diaz' allegations and has demanded strict proof thereof.  Diaz has provided astonishingly little proof of his voluminous claims despite having been served with discovery requests three and on-half months ago.  Diaz' motion for protective order is part of his larger effort to delay admitting that this entire case is a smokescreen for Diaz' own wrongdoing in breaching the contract with his current manager, Moses Heredia.  That Diaz breached that agreement is not in dispute, and a proceeding to enforce the arbitration award against Diaz is pending in California state court because of Diaz' refusal to pay.  See Super. Ct. Los Angeles County Case No. 22STCP00395

Instead of responding to defendant Ralph Heredia's discovery requests with his non-confidential production and seeking protection of identified confidential documents, Diaz argued baselessly that a protective order must be in place before even *non-confidential* documents could be produced.[1]  As Diaz well knows, this is not the procedure contemplated by the rules, and does not justify withholding virtually all (except eighty-five largely irrelevant pages) documents.  That counsel exchanged a certain number of emails on the subject misses the larger point – Diaz' counsel was engaged in an improper process.  It is like complaining that, when the proper destination is San Diego, the car driving toward San Francisco is not moving fast enough.

---

[1] Defendant Heredia's own motion to compel Diaz' responses to Heredia's discovery requests will be filed within a few business days of this opposition. Counsel for the parties have engaged in a robust meet and confer process that has resulted in narrowing some of the disputed issues to be presented to the Court.

Further, Diaz' motion overly complicates the issues.  It boils down to two simple disagreements: what material is confidential, and how long should confidentiality last?

## II.   THERE SHOULD BE VERY LITTLE CONFIDENTIAL INFORMATION FROM DIAZ

On January 24, 2022, Heredia propounded 112 Requests for Production to Diaz.  On February 25, 2022, Diaz responded with objections, but no documents. Diaz' response included the statement that "Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order." Diaz RFP response at 1:23-24. (See Exh. A.)  Diaz refused to produce any documents whatsoever, even non-confidential documents, pending the entry of a protective order.  That is an "unacceptable excuse for failing to act."  Fed. R. Civ. P. 37(d)(2). Unless Diaz is claiming that the entirety of his non-confidential production is eighty-five pages of documents, his insistence on entry of a protective order must be seen for the pretext that it is – a ploy to evade accountability for his failure to respond to Heredia's discovery requests.

During an April 13, 2022 meet and confer between counsel over Diaz' document non-production and related discovery matters, which occurred after Heredia sent a proper meet-and-confer letter to Diaz, Heredia's counsel, Mr. Montalvo, stated that upon receipt of the non-confidential documents, Heredia would be able to see what is withheld as confidential and would then be amenable to signing a protective order for documents *appropriately* withheld as confidential. Montalvo Decl. ¶8. (emphasis added).

Undersigned counsel did, of course, agree that certain health records and Personally-Identifiable Information should be protected as confidential, even in his

April 11, 2022 meet-and-confer letter to Diaz, where he stated: "Good cause likely exists to protect any of the treatment notes from Diaz' medical records that have not already been made public, and any PII of a party. However, Diaz has failed to provide specifics about why any other categories of documents will need protection." See Exh. B at 5.

As Diaz had not produced *any* documents at that point, Heredia's counsel wanted to see the entirety of Diaz' non-confidential document production to try to discern what would be left as confidential prior to agreeing to any protective order. Montalvo Decl. ¶6.  Otherwise, Heredia would have to object to each document produced by Diaz under Section 6 of the proposed protective order if Heredia did not believe it was appropriately designated as confidential.  This would include the entire meet-and-confer process per Local Rule 37-1, and doing this for each challenged confidentiality designation would be a lengthy process that would strain both parties' resources and would be an inefficient use of the Court's valuable time.  Thus, undersigned counsel's request that he see Diaz' non-confidential document production (which was late at that point in any event) prior to finalizing the stipulated protective order was in aid of refining the stipulated protective order.

Diaz' counsel agreed to produce Diaz' non-confidential documents.  However, well after that April 13, 2022 meet-and-confer conversation between counsel, Diaz eventually provided what he claimed was his entire production of non-confidential documents: (a) the 2012 boxer-manager contract among Heredia, Moses Heredia, and Diaz; (b) the 2017 release of the 2012 boxer-manager contract; (c) a notice to Moses Heredia of an approved 2017 boxer-manager contract; (d) a screenshot from the California State Athletic Commission showing Moses Heredia as Diaz' registered manager under the 2017 boxer-manager contract; (e) the 2017 boxer-manager contract between Moses Heredia and Diaz with notarized signatures; (f) four news

articles about Heredia; (g) a court order denying a § 2255 appealability order of Heredia's conviction;  (h) a petition for a writ of certiorari to the United States Supreme Court arising out of the denial of the § 2255 appealability order; (i) a letter from VGC to "Dedicated Recovery Services" apparently regarding the repossession of the Lexus; and (j) Heredia Boxing Management's Statement of Information on file with the California Secretary of State. See Exh. C.

This "production" was not organized and labeled to correspond to the categories of Heredia's RFPs, as required by Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Regardless, Diaz' paltry non-confidential document production, obviously incomplete, would have left anything else to be produced by Diaz to be deemed presumptively confidential and covered by a protective order, even if it were not actually deserving of confidential treatment.  As discussed below, this outcome would not be appropriate, as the majority of Diaz' document production presumably do not contain information entitled to confidential treatment, particularly since Diaz has already contested many of the same underlying issues in the arbitration that was decided against him.

**A. Very Little Financial Information, Currently Withheld From Production by Diaz, Would Be Confidential Under the Protective Order**

Heredia's reasonable position remains that, after seeing the entirety of Diaz' non-confidential document production, he would be in a position to better understand what would be left as confidential under any protective order in this case, and then if the non-confidential production appears substantially complete, Heredia "would agree only to a protective order that protects a party's health records, and the PII of any party, prior to trial."  See Exh. B at 6.

Heredia's concern in wanting to see a complete non-confidential production prior to agreeing to a protective order is legitimate, because other than Diaz' health records and any Personally-Identifiable Information, there should not be a substantial tranche of confidential documents or information left to be produced.

Diaz argues that, in Heredia's Request for Production's asking for "[a]ll documents or communications supporting" each substantive paragraph of Diaz' Complaint, the "documents requested largely contain confidential information" [ECF 113, 6:1], because "[t]he majority of the records are confidential financial records," [ECF 113, 9:3-4], and therefore, "Diaz requested a protective order be entered before his responses were due."  [ECF 113, 6:4].  Diaz' position does not stand up to even casual scrutiny.

It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown.  AGA Shareholders, LLC v. CSK Auto, Inc., No. CV-07-62-PHX-DGC, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007) (quoting San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999)).  For good cause to exist under Fed. R. Civ. P. 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. G.M. Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002).

There is no good cause to put the majority of Diaz' financial records under a protective order because they cannot fairly be deemed confidential, nor would there be any prejudice or harm to Diaz if they were disclosed absent a protective order because they are already public or known to Heredia as the counter-party. Nonetheless, Heredia is entitled to know what Diaz has.  That is the point of discovery.

When compared against the allegations Diaz made in his Complaint, there is a disconnect between what Diaz may claim is confidential versus what is genuinely confidential under any protective order.  By way of example:

The draft protective order attached by Diaz' counsel to his motion contains a provision stating that confidentiality does not apply to "any information known to the Receiving Party prior to the Disclosure…." [ECF 113-33, 5:8-9].  Diaz' Complaint alleges, *inter alia*, that "…by virtue of his role as Diaz's manager, [Ralph] Heredia has full access to Diaz's finances…" [ECF 67-1, 18:27-28].  Accordingly, what financial records are confidential?  All of Diaz' financial records were, by Diaz' own pleading, already known to Heredia prior to any disclosure of them through this litigation's discovery process, and therefore are not confidential.  Yet Diaz has not produced records that, under his own proposed protective order, would not be confidential.  This highlights Heredia's concerns that Diaz seeks to use the protective order improperly.  Diaz already has used the specter of the protective order negotiation to justify evading his discovery obligations.  This motion must be viewed through that lens.

Further, Diaz alleged in his Complaint that he made specific financial payments to Heredia.  Heredia is unaware of any theory by which Diaz may withhold as confidential proof of payment of a sum certain that he himself disclosed in his Complaint.  To wit: "After one particular bout, Diaz paid Heredia $25,000.00 toward the vehicle. Heredia accepted this money. Diaz also paid $4,000.00 to have the vehicle (which was originally painted white) wrapped in matte black." [ECF 67-1, 19:23-26].  No proof of these alleged expenditures has been provided to Heredia; instead, Diaz is withholding financial records proving these alleged payments – which he himself disclosed in his Complaint – as confidential, pending the entry of a protective order.  That makes no sense.  Fed. R.

Civ. P. 5.2 (governing redaction of certain documents, including financial-account numbers).

Finally, almost all of the allegations Diaz has made in his Complaint are the same as he raised in the June 2021 arbitration, the decision of which is public. (See Montalvo Decl. ¶10.)  Any information disclosed in the arbitrator's decision, therefore, is not confidential per Diaz' proposed protective order because it is "information that is in the public domain at the time of Disclosure to a Receiving Party."  [ECF 113-33, 5:5-6].

Further, the evidentiary record of the arbitration, including numerous of Diaz' financial records, is already known to Heredia another way, too; it was provided by Heredia to Diaz in discovery in this very litigation, and therefore it is not confidential per Diaz' proposed protective order because it is "information known to the Receiving Party prior to the Disclosure."  [ECF 113-33, 5:8-9].  Again, however, this does not relieve Diaz of his obligation to disclose it.  Heredia is entitled to know what Diaz believes proves his allegations.

Accordingly, Diaz' withholding of numerous records as confidential is not justifiable.  Upon Diaz' production of the entirety of his non-confidential document production, Heredia's counsel would be in a position to better understand what would be left as confidential under any protective order in this case, and undersigned counsel was engaged in just that process when Diaz filed this motion.  Once Diaz' non-confidential production appears substantially complete, Heredia's counsel would sign a stipulated protective order covering a party's health records and Personally-Identifiable Information that is appropriately limited as to duration.

## III.  CONFIDENTIALITY UNDER THE PROTECTIVE ORDER SHOULD EXPIRE AT TRIAL

The Court's sample stipulated protective order, at Section 4, contains two suggestions for the duration of confidentiality.  The first alternative is that confidentiality of documents or information presumptively expires once a case proceeds to trial, but a party may move to keep information confidential even afterwards, upon a showing of compelling reasons.  The second alternative is that confidentiality of documents or in information remains confidential until the designating party or a court otherwise directs.

Heredia's position. communicated to Diaz' counsel, is that the first alternative is appropriate in this matter, as once the information is used at trial, it should be deemed to have entered the public domain.  Conceptually, Heredia may consider stipulating at the appropriate time to continued protection for certain especially-sensitive health records related to Diaz, but financial records and the vast majority of the otherwise confidential documents should become public when used at trial.  Most of these confidential documents likely would be used by Diaz himself to attempt to prove his case.  He should not be able to make damning allegations against Heredia in the Complaint, and then hide any purported proof, or lack thereof, behind a curtain of confidentiality at trial.

The parties simply disagree as to the term of confidentiality under any protective order, and Heredia's position is the more reasonable and supportable.

## IV.  DIAZ' REQUEST FOR SANCTIONS SHOULD BE DENIED

Diaz' request for sanctions against Heredia's counsel is misguided.  Diaz argues that Heredia has refused to sign a protective order despite Diaz offering the same relief requested by Heredia in the related joint stipulation.  [ECF 113, 3:1-5].  That is incorrect.

As detailed herein, the rules require Diaz to produce all non-confidential documents independent of any protections for confidential documents.  In an attempt to resolve this dispute, undersigned counsel advised Diaz' counsel that they would further consider the scope of a stipulated protective order once Diaz produced non-confidential documents.  (See Montalvo Decl. ¶8.)  Heredia was not required to take this position – rather, he offered it in an attempt to agree on the proper scope of a stipulated protective order.  While Diaz said he would make that complete production, he clearly failed to do so.  Diaz' 85-page production of non-confidential documents is woefully deficient, and therefore a condition precedent to Heredia's agreeing to sign the protective order has yet to occur, solely as a result of Diaz' counsel's own conduct.

Heredia's objections to Diaz' request to sign the protective order are, therefore, "substantially justified," Fed. R. Civ. P. 37 (a)(5)(A), and sanctions are not appropriate.

## V.   **CONCLUSION**

None of Heredia's positions should come as a surprise to Diaz.  Heredia is entitled to Diaz' non-confidential document production under the rules; Heredia's request for same before agreeing to a protective order for whatever may be left is wholly reasonable.  Upon review of such *complete* non-confidential document production, Heredia would be amenable to agreeing to the entry of a protective order covering a party's health records and Personally-Identifiable Information, appropriately limited such that it does not extend beyond the commencement of trial.

Dated: May 19, 2022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
/s/ Eric S. Montalvo
Eric S. Montalvo (Admitted *Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com
*Attorney for Defendant*
Ralph Heredia

Defendant Heredia's Opposition to Plaintiff's Motion for Entry of Protective Order and Request for Sanctions

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, I filed the foregoing Defendant Heredia's Opposition to Plaintiff's Motion For Entry Of Protective Order and Request For Sanctions In The Amount Of $13,297.50 with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina Simas (SBN 205367)
gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

Respectfully submitted,
/s/ Rajan O. Dhungana
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP 14481
Aspen Street Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorney for Defendant*
Ralph Heredia