Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RALPH HEREDIA et al.<br><br>Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br>HON. KENLY KIYA KATO<br><br>**[DISCOVERY MATTER]**<br><br>**DECLARATION OF ERIC S. MONTALVO IN SUPPORT OF DEFENDANT HEREDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $13,297.50**<br><br>Date: June 16, 2022<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4<br>Judge: Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off: July 8, 2022<br>Pre-Trial Conference: November 18, 2022<br>Trial: December 5, 2022_____ |

I, Eric S. Montalvo, declare as follows:

1. I am a partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity, I am defending the complaint on behalf of Ralph Heredia. I submit this declaration in support of Defendant Heredia's Opposition to Plaintiff's Motion For Entry Of Protective Order and Request For Sanctions In The Amount Of $13,297.50 I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

3. On April 11, 2022, I approved and caused to be sent to counsel for Plaintiff a meet-and-confer letter concerning Plaintiff's deficient discovery production and responses. (See Exh. B.)

4. On April 13, 2022, I participated in a conference call meet and confer among counsel to try to resolve this dispute without involving the Court. Diyari Vázquez was the only counsel on the call on behalf of Plaintiff.

5. During that phone call, I stated to Ms. Vázquez that I was concerned that her firm had not produced any discovery at all in response to Heredia's Requests for Production ("RFPs") to Diaz under the guise that I had yet to agree with their position on a protective order.

6. I expressed that I wanted to see the entirety of Diaz' non-confidential document production to try to discern what would be left as confidential prior to agreeing to any protective order. My position is that their withholding of

all discovery under the guise of a blind agreement to a protective order was simply improper and dishonest. Given opposing counsel's routine practice of lying to counsel and gamesmanship in the context of the posture of the case, Defendant's hundreds of pages of production, the continuing failure to make Mr. Diaz available for deposition, an anemic eighty-five page[1] production of a week after the Defendant's requested meet and confer on discovery which consisted mostly of court filings by Defendant's counsel in a completely separate matter, I was wholly unpersuaded by counsel's position regarding the necessity of a protective order. Further the idea that undersigned counsel has improperly engaged the media when Mr. Diaz and Mr. Greely engage in routine *per se* defamation of Defendants through all major media outlets and social media alleging that Defendants "stole" from Mr. Diaz and that this evidence would be the direct evidence of these repeated allegations is inapposite. I did, however, indicate that there is appropriate information to be included in any protective order included such as medical and certain financial information and if that was the information they had concern with I would have no concern stipulating. I once again emphasized, however, it is NOT permissible to withhold non-confidential documents while awaiting a protective order for the confidential documents. I asked that Diaz respond fully and completely to the RFPs.

---

[1] Matters which will be addressed in the forthcoming four-hundred page Joint Stipulation being finalized by counsel.

7. Ms. Vázquez agreed and said that her firm had the non-confidential documents "ready to go" and will send them over to me "this week," which I understood to mean by the coming Friday, April 15, 2022.  No production was received that day.

8. I stated that upon receipt of the non-confidential documents, we will be able to see what is withheld as confidential and we would then be amenable to signing a protective order for documents appropriately withheld as confidential.

9. That week passed with no documents produced.  As of the date of this Declaration, I have still only received eighty-five (85) pages of non-confidential documents from Ms. Vázquez or anyone at Counsel's firm.

10. On November 12, 2021, I emailed William D. Gardner, Deputy Attorney General, Office of the Attorney General, California Department of Justice, who confirmed to me, consistent with my own statutory and caselaw research regarding privacy matters in California that the July 9, 2021 record and decision of the arbitrator in the Heredia v. Diaz arbitration is a matter of public record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 19, 2022, at Washington, DC.

_____
Eric S. Montalvo

MONTALVO DECL. ISO DEFENDANT HEREDIA'S
MOTION TO COMPEL AND FOR SANCTIONS