1  Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
2  Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
3  **FEDERAL PRACTICE GROUP**
4  14481 Aspen Street
   Hesperia, CA 92344
5  Telephone: (310) 795-6905
6  *Attorneys for Defendant,*
7  RALPH HEREDIA

8
   James L. Greeley (SBN 218975)
9    jgreeley@vgcllp.com
10 Diyari Vázquez (SBN 222461)
     dvazquez@vgcllp.com
11 Gina Simas (SBN 205367)
     gsimas@vgcllp.com
12
   **VGC, LLP**
13 1515 7th Street, No. 106
14 Santa Monica, California 90401
   Telephone: (424) 272-9885
15 *Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

16

17                **UNITED STATES DISTRICT COURT**

18        **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

19
   JOSEPH DIAZ, JR.,                    CASE NO. 5:20-cv-02332-JWH-KK
20                                      HON. KENLY KIYA KATO
              Plaintiff,
21                                      **[DISCOVERY MATTER]**
         v.
22                                      **LOCAL RULE 37-2.1 JOINT
   RALPH HEREDIA; JOHN DOE,             STIPULATION RE: DEFENDANT'S
23 ESQ.; and JANE DOES 1 through 20,    MOTION TO COMPEL A FIRST
   inclusive,                           RESPONSE TO REQUESTS FOR
24                                      PRODUCTION OF DOCUMENTS
              Defendants.               AND TO COMPEL FURTHER
25                                      RESPONSES TO FIRST SETS OF
                                        REQUESTS FOR ADMISSIONS OR
26                                      DEEM THEM ALL ADMITTED; AND
                                        REQUEST FOR SANCTIONS IN THE
27                                      AMOUNT OF $25,000.**

28                                      Date: June 16, 2022



Time: 10:00am
Courtroom: 3 or 4
Hon. Kenly Kiya Kato

Discovery Cut-Off Date: July 8, 2022
Pre-Trial Conference Date: November 18, 2022
Trial Date: December 5, 2022

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................ 1

   a.   Defendant's Introductory Statement ....................................................... 1

II.   ARGUMENT ................................................................................................. 2

   1.   Defendant's Motion To Compel Responses To First Request For Production Of Documents To Plaintiff. ................................................................................... 3

III.  PLAINTIFF'S INTRODUCTORY STATEMENT ...................................... 4

   REQUEST FOR PRODUCTION NO. 1: ........................................................ 7

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1: ............. 7

   REQUEST FOR PRODUCTION NO. 2: ...................................................... 15

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2: ........... 15

   REQUEST FOR PRODUCTION NO. 3: ...................................................... 17

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3: ........... 18

   REQUEST FOR PRODUCTION NO. 4: ...................................................... 20

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4: ........... 21

   REQUEST FOR PRODUCTION NO. 5: ...................................................... 23

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5: ........... 24

   REQUEST FOR PRODUCTION NO. 6: ...................................................... 26

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6: ........... 27

   REQUEST FOR PRODUCTION NO. 7: ...................................................... 29

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7: ........... 30

   REQUEST FOR PRODUCTION NO. 8: ...................................................... 32

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8: ........... 33

   REQUEST FOR PRODUCTION NO. 9: ...................................................... 35

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9: ........... 36

   REQUEST FOR PRODUCTION NO. 10: .................................................... 38

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10: ......... 39

   REQUEST FOR PRODUCTION NO. 11: .................................................... 41

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11: ......... 42

   REQUEST FOR PRODUCTION NO. 12: .................................................... 44

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12: ......... 45

   REQUEST FOR PRODUCTION NO. 13: .................................................... 47

     RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13: ......... 48

REQUEST FOR PRODUCTION NO. 14: ........................................................................ 50

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14: .......... 51

REQUEST FOR PRODUCTION NO. 15: ........................................................................ 53

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15: .......... 54

REQUEST FOR PRODUCTION NO. 16: ........................................................................ 56

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16: .......... 57

REQUEST FOR PRODUCTION NO. 17: ........................................................................ 59

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17: .......... 60

REQUEST FOR PRODUCTION NO. 18: ........................................................................ 62

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18: .......... 63

REQUEST FOR PRODUCTION NO. 19: ........................................................................ 65

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19: .......... 66

REQUEST FOR PRODUCTION NO. 20: ........................................................................ 68

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20: .......... 69

REQUEST FOR PRODUCTION NO. 21: ........................................................................ 71

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21: .......... 72

REQUEST FOR PRODUCTION NO. 22: ........................................................................ 74

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22: .......... 75

REQUEST FOR PRODUCTION NO. 23: ........................................................................ 77

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23: .......... 78

REQUEST FOR PRODUCTION NO. 24: ........................................................................ 80

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24: .......... 81

REQUEST FOR PRODUCTION NO. 25: ........................................................................ 83

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25: .......... 84

REQUEST FOR PRODUCTION NO. 26: ........................................................................ 86

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26: .......... 87

REQUEST FOR PRODUCTION NO. 27: ........................................................................ 89

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27: .......... 90

REQUEST FOR PRODUCTION NO. 28: ........................................................................ 92

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28: .......... 93

REQUEST FOR PRODUCTION NO. 29: ........................................................................ 95

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29: .......... 96

REQUEST FOR PRODUCTION NO. 30: ........................................................................ 98

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30: ......... 99
REQUEST FOR PRODUCTION NO. 31: ...................................................................... 101
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31: ........ 102
REQUEST FOR PRODUCTION NO. 32: ...................................................................... 104
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32: ........ 105
REQUEST FOR PRODUCTION NO. 33: ...................................................................... 107
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33: 108
REQUEST FOR PRODUCTION NO. 34: ...................................................................... 110
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34: ........ 111
REQUEST FOR PRODUCTION NO. 35: ...................................................................... 113
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35: ........ 114
REQUEST FOR PRODUCTION NO. 36: ...................................................................... 116
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36: ........ 117
REQUEST FOR PRODUCTION NO. 37: ...................................................................... 119
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37: ........ 120
REQUEST FOR PRODUCTION NO. 38: ...................................................................... 122
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38: ........ 123
REQUEST FOR PRODUCTION NO. 39: ...................................................................... 125
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 39: ........ 126
REQUEST FOR PRODUCTION NO. 40: ...................................................................... 128
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40: ........ 129
REQUEST FOR PRODUCTION NO. 41: ...................................................................... 131
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 41: ........ 132
REQUEST FOR PRODUCTION NO. 42: ...................................................................... 134
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42: ........ 135
REQUEST FOR PRODUCTION NO. 43: ...................................................................... 137
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43: ........ 138
REQUEST FOR PRODUCTION NO. 44: ...................................................................... 140
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44: ........ 141
REQUEST FOR PRODUCTION NO. 45: ...................................................................... 143
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45: ........ 144
REQUEST FOR PRODUCTION NO. 46: ...................................................................... 146
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46: ........ 147

REQUEST FOR PRODUCTION NO. 47: ....................................................... 149

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47: ........ 150

REQUEST FOR PRODUCTION NO. 48: ....................................................... 152

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48: ........ 153

REQUEST FOR PRODUCTION NO. 49: ....................................................... 155

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49: ........ 156

REQUEST FOR PRODUCTION NO. 50: ....................................................... 158

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50: ........ 159

REQUEST FOR PRODUCTION NO. 51: ....................................................... 161

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51: ........ 162

REQUEST FOR PRODUCTION NO. 52: ....................................................... 164

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52: ........ 165

REQUEST FOR PRODUCTION NO. 53: ....................................................... 167

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 53: ........ 168

REQUEST FOR PRODUCTION NO. 54: ....................................................... 170

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 54: ........ 171

REQUEST FOR PRODUCTION NO. 55: ....................................................... 173

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 55: ........ 174

REQUEST FOR PRODUCTION NO. 56: ....................................................... 176

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 56: ........ 177

REQUEST FOR PRODUCTION NO. 57: ....................................................... 179

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57: ........ 180

REQUEST FOR PRODUCTION NO. 58: ....................................................... 182

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 58: ........ 183

REQUEST FOR PRODUCTION NO. 59: ....................................................... 185

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 59: ........ 186

REQUEST FOR PRODUCTION NO. 60: ....................................................... 188

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60: ........ 189

REQUEST FOR PRODUCTION NO. 61: ....................................................... 191

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 61: ........ 192

REQUEST FOR PRODUCTION NO. 62: ....................................................... 194

    RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 62: ........ 195

REQUEST FOR PRODUCTION NO. 63: ....................................................... 197

LOCAL RULE 37-2.1 JOINT STIPULATION RE: DEFENDANT'S MOTION TO COMPEL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 63: ........ 198

REQUEST FOR PRODUCTION NO. 64: ................................................................ 200

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 64: ........ 201

REQUEST FOR PRODUCTION NO. 65: ................................................................ 203

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 65: ........ 204

REQUEST FOR PRODUCTION NO. 66: ................................................................ 206

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 66: ........ 207

REQUEST FOR PRODUCTION NO. 67: ................................................................ 209

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 67: ........ 210

REQUEST FOR PRODUCTION NO. 68: ................................................................ 212

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 68: ........ 213

REQUEST FOR PRODUCTION NO. 69: ................................................................ 215

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 69: ........ 216

REQUEST FOR PRODUCTION NO. 70: ................................................................ 218

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 70: ........ 219

REQUEST FOR PRODUCTION NO. 71: ................................................................ 221

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 71: ........ 222

REQUEST FOR PRODUCTION NO. 72: ................................................................ 224

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 72: ........ 225

REQUEST FOR PRODUCTION NO. 73: ................................................................ 227

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 73: ........ 228

REQUEST FOR PRODUCTION NO. 74: ................................................................ 230

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 74: ........ 231

REQUEST FOR PRODUCTION NO. 75: ................................................................ 233

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 75: ........ 234

REQUEST FOR PRODUCTION NO. 76: ................................................................ 236

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 76: ........ 237

REQUEST FOR PRODUCTION NO. 77: ................................................................ 239

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 77: ........ 240

REQUEST FOR PRODUCTION NO. 78: ................................................................ 242

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 78: ........ 243

REQUEST FOR PRODUCTION NO. 79: ................................................................ 245

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 79: ........ 246

REQUEST FOR PRODUCTION NO. 80: ........................................................................ 248

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 80: ........ 249

REQUEST FOR PRODUCTION NO. 81: ........................................................................ 251

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 81: ........ 252

REQUEST FOR PRODUCTION NO. 82: ........................................................................ 254

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 82: ........ 255

REQUEST FOR PRODUCTION NO. 83: ........................................................................ 257

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 83: ........ 258

REQUEST FOR PRODUCTION NO. 84: ........................................................................ 260

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 84: ........ 261

REQUEST FOR PRODUCTION NO. 85: ........................................................................ 263

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 85: ........ 264

REQUEST FOR PRODUCTION NO. 86: ........................................................................ 266

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 86: ........ 267

REQUEST FOR PRODUCTION NO. 87: ........................................................................ 269

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 87: ........ 270

REQUEST FOR PRODUCTION NO. 88: ........................................................................ 272

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 88: ........ 273

REQUEST FOR PRODUCTION NO. 89: ........................................................................ 275

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 89: ........ 276

REQUEST FOR PRODUCTION NO. 90: ........................................................................ 278

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 90: ........ 279

REQUEST FOR PRODUCTION NO. 91: ........................................................................ 281

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 91: ........ 282

REQUEST FOR PRODUCTION NO. 92: ........................................................................ 284

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 92: ........ 285

REQUEST FOR PRODUCTION NO. 93: ........................................................................ 287

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 93: ........ 288

REQUEST FOR PRODUCTION NO. 94: ........................................................................ 290

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 94: ........ 291

REQUEST FOR PRODUCTION NO. 95: ........................................................................ 293

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 95: ........ 294

REQUEST FOR PRODUCTION NO. 96: ........................................................................ 296

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 96: ........ 297
REQUEST FOR PRODUCTION NO. 97: ..................................................................... 299
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 97: ........ 300
REQUEST FOR PRODUCTION NO. 98: ..................................................................... 302
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 98: ........ 303
REQUEST FOR PRODUCTION NO. 99: ..................................................................... 305
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 99: ........ 306
REQUEST FOR PRODUCTION NO. 100: ................................................................... 308
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 100: ...... 309
REQUEST FOR PRODUCTION NO. 101: ................................................................... 311
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 101: ...... 312
REQUEST FOR PRODUCTION NO. 102: ................................................................... 314
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 102: ...... 315
REQUEST FOR PRODUCTION NO. 103: ................................................................... 317
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 103: ...... 318
REQUEST FOR PRODUCTION NO. 104: ................................................................... 320
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 104: ...... 321
REQUEST FOR PRODUCTION NO. 105: ................................................................... 323
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 105: ...... 324
REQUEST FOR PRODUCTION NO. 106: ................................................................... 326
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 106: ...... 327
REQUEST FOR PRODUCTION NO. 107: ................................................................... 329
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 107: ...... 330
REQUEST FOR PRODUCTION NO. 108: ................................................................... 332
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 108: ...... 333
REQUEST FOR PRODUCTION NO. 109: ................................................................... 335
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 109: ...... 336
REQUEST FOR PRODUCTION NO. 110: ................................................................... 338
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 110: ...... 339
REQUEST FOR PRODUCTION NO. 111: ................................................................... 341
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 111: ...... 342
REQUEST FOR PRODUCTION NO. 112: ................................................................... 344
RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 112: ...... 345

REQUEST FOR ADMISSION NO. 1: ................................................................... 349

   RESPONSE TO REQUEST FOR ADMISSION NO. 1:.................................. 349

REQUEST FOR ADMISSION NO. 2: ................................................................... 355

   RESPONSE TO REQUEST FOR ADMISSION NO. 2:.................................. 355

REQUEST FOR ADMISSION NO. 3: ................................................................... 358

   RESPONSE TO REQUEST FOR ADMISSION NO. 3:.................................. 358

REQUEST FOR ADMISSION NO. 4: ................................................................... 361

   RESPONSE TO REQUEST FOR ADMISSION NO. 4:.................................. 361

REQUEST FOR ADMISSION NO. 5: ................................................................... 365

   RESPONSE TO REQUEST FOR ADMISSION NO. 5:.................................. 365

REQUEST FOR ADMISSION NO. 6: ................................................................... 368

   RESPONSE TO REQUEST FOR ADMISSION NO. 6:.................................. 368

REQUEST FOR ADMISSION NO. 7: ................................................................... 371

   RESPONSE TO REQUEST FOR ADMISSION NO. 7:.................................. 371

REQUEST FOR ADMISSION NO. 8: ................................................................... 375

   RESPONSE TO REQUEST FOR ADMISSION NO. 8:.................................. 375

REQUEST FOR ADMISSION NO. 9: ................................................................... 378

   RESPONSE TO REQUEST FOR ADMISSION NO. 9:.................................. 378

REQUEST FOR ADMISSION NO. 10: ................................................................. 381

   RESPONSE TO REQUEST FOR ADMISSION NO. 10:................................ 381

REQUEST FOR ADMISSION NO. 11: ................................................................. 384

   RESPONSE TO REQUEST FOR ADMISSION NO. 11:................................ 384

REQUEST FOR ADMISSION NO. 12: ................................................................. 388

   RESPONSE TO REQUEST FOR ADMISSION NO. 12:................................ 388

REQUEST FOR ADMISSION NO. 13: ................................................................. 391

   RESPONSE TO REQUEST FOR ADMISSION NO. 13:................................ 391

REQUEST FOR ADMISSION NO. 14: ................................................................. 394

   RESPONSE TO REQUEST FOR ADMISSION NO. 14:................................ 394

REQUEST FOR ADMISSION NO. 15: ................................................................. 398

   RESPONSE TO REQUEST FOR ADMISSION NO. 15:................................ 398

REQUEST FOR ADMISSION NO. 16: ................................................................. 401

   RESPONSE TO REQUEST FOR ADMISSION NO. 16:................................ 401

REQUEST FOR ADMISSION NO. 17: ................................................................. 404

RESPONSE TO REQUEST FOR ADMISSION NO. 17:............................................ 404

REQUEST FOR ADMISSION NO. 18: ............................................................... 407

RESPONSE TO REQUEST FOR ADMISSION NO. 18:............................................ 407

REQUEST FOR ADMISSION NO. 19: ............................................................... 411

RESPONSE TO REQUEST FOR ADMISSION NO. 19:............................................ 411

REQUEST FOR ADMISSION NO. 20: ............................................................... 414

RESPONSE TO REQUEST FOR ADMISSION NO. 20:............................................ 414

REQUEST FOR ADMISSION NO. 21: ............................................................... 417

RESPONSE TO REQUEST FOR ADMISSION NO. 21:............................................ 417

REQUEST FOR ADMISSION NO. 22: ............................................................... 421

RESPONSE TO REQUEST FOR ADMISSION NO. 22:............................................ 421

REQUEST FOR ADMISSION NO. 23: ............................................................... 424

RESPONSE TO REQUEST FOR ADMISSION NO. 23:............................................ 424

REQUEST FOR ADMISSION NO. 24: ............................................................... 427

RESPONSE TO REQUEST FOR ADMISSION NO. 24:............................................ 427

REQUEST FOR ADMISSION NO. 25: ............................................................... 430

RESPONSE TO REQUEST FOR ADMISSION NO. 25:............................................ 430

REQUEST FOR ADMISSION NO. 26: ............................................................... 434

RESPONSE TO REQUEST FOR ADMISSION NO. 26:............................................ 434

REQUEST FOR ADMISSION NO. 27: ............................................................... 437

RESPONSE TO REQUEST FOR ADMISSION NO. 27:............................................ 437

REQUEST FOR ADMISSION NO. 28: ............................................................... 440

RESPONSE TO REQUEST FOR ADMISSION NO. 28:............................................ 440

REQUEST FOR ADMISSION NO. 29: ............................................................... 444

RESPONSE TO REQUEST FOR ADMISSION NO. 29:............................................ 444

REQUEST FOR ADMISSION NO. 30: ............................................................... 447

RESPONSE TO REQUEST FOR ADMISSION NO. 30:............................................ 447

REQUEST FOR ADMISSION NO. 31: ............................................................... 450

RESPONSE TO REQUEST FOR ADMISSION NO. 31:............................................ 450

REQUEST FOR ADMISSION NO. 32: ............................................................... 453

RESPONSE TO REQUEST FOR ADMISSION NO. 32:............................................ 453

REQUEST FOR ADMISSION NO. 33: ............................................................... 457

RESPONSE TO REQUEST FOR ADMISSION NO. 33:............................................ 457

LOCAL RULE 37-2.1 JOINT STIPULATION RE: DEFENDANT'S MOTION TO COMPEL

REQUEST FOR ADMISSION NO. 34: ................................................................. 460
  RESPONSE TO REQUEST FOR ADMISSION NO. 34: .......................... 460
REQUEST FOR ADMISSION NO. 35: ................................................................. 463
  RESPONSE TO REQUEST FOR ADMISSION NO. 35: .......................... 463
REQUEST FOR ADMISSION NO. 36: ................................................................. 467
  RESPONSE TO REQUEST FOR ADMISSION NO. 36: .......................... 467
REQUEST FOR ADMISSION NO. 37: ................................................................. 470
  RESPONSE TO REQUEST FOR ADMISSION NO. 37: .......................... 470
REQUEST FOR ADMISSION NO. 38: ................................................................. 473
  RESPONSE TO REQUEST FOR ADMISSION NO. 38: .......................... 473
REQUEST FOR ADMISSION NO. 39: ................................................................. 476
  RESPONSE TO REQUEST FOR ADMISSION NO. 39: .......................... 476
REQUEST FOR ADMISSION NO. 40: ................................................................. 480
  RESPONSE TO REQUEST FOR ADMISSION NO. 40: .......................... 480
REQUEST FOR ADMISSION NO. 41: ................................................................. 483
  RESPONSE TO REQUEST FOR ADMISSION NO. 41: .......................... 483
REQUEST FOR ADMISSION NO. 42: ................................................................. 486
  RESPONSE TO REQUEST FOR ADMISSION NO. 42: .......................... 486
REQUEST FOR ADMISSION NO. 43: ................................................................. 490
  RESPONSE TO REQUEST FOR ADMISSION NO. 43: .......................... 490
REQUEST FOR ADMISSION NO. 44: ................................................................. 493
  RESPONSE TO REQUEST FOR ADMISSION NO. 44: .......................... 493
REQUEST FOR ADMISSION NO. 45: ................................................................. 496
  RESPONSE TO REQUEST FOR ADMISSION NO. 45: .......................... 496
REQUEST FOR ADMISSION NO. 46: ................................................................. 499
  RESPONSE TO REQUEST FOR ADMISSION NO. 46: .......................... 499
REQUEST FOR ADMISSION NO. 47: ................................................................. 503
  RESPONSE TO REQUEST FOR ADMISSION NO. 47: .......................... 503
REQUEST FOR ADMISSION NO. 48: ................................................................. 506
  RESPONSE TO REQUEST FOR ADMISSION NO. 48: .......................... 506
REQUEST FOR ADMISSION NO. 49: ................................................................. 509
  RESPONSE TO REQUEST FOR ADMISSION NO. 49: .......................... 509
REQUEST FOR ADMISSION NO. 50: ................................................................. 513

x

RESPONSE TO REQUEST FOR ADMISSION NO. 50:............................................ 513

REQUEST FOR ADMISSION NO. 51: ........................................................................ 516

RESPONSE TO REQUEST FOR ADMISSION NO. 51:............................................ 516

REQUEST FOR ADMISSION NO. 52: ........................................................................ 519

RESPONSE TO REQUEST FOR ADMISSION NO. 52:............................................ 519

REQUEST FOR ADMISSION NO. 53: ........................................................................ 522

RESPONSE TO REQUEST FOR ADMISSION NO. 53:............................................ 522

REQUEST FOR ADMISSION NO. 54: ........................................................................ 526

RESPONSE TO REQUEST FOR ADMISSION NO. 54:............................................ 526

REQUEST FOR ADMISSION NO. 55: ........................................................................ 529

RESPONSE TO REQUEST FOR ADMISSION NO. 55:............................................ 529

REQUEST FOR ADMISSION NO. 56: ........................................................................ 535

RESPONSE TO REQUEST FOR ADMISSION NO. 56:............................................ 535

REQUEST FOR ADMISSION NO. 57: ........................................................................ 538

RESPONSE TO REQUEST FOR ADMISSION NO. 57:............................................ 538

REQUEST FOR ADMISSION NO. 58: ........................................................................ 541

RESPONSE TO REQUEST FOR ADMISSION NO. 58:............................................ 541

REQUEST FOR ADMISSION NO. 59: ........................................................................ 545

RESPONSE TO REQUEST FOR ADMISSION NO. 59:............................................ 545

REQUEST FOR ADMISSION NO. 60: ........................................................................ 548

RESPONSE TO REQUEST FOR ADMISSION NO. 60:............................................ 548

REQUEST FOR ADMISSION NO. 61: ........................................................................ 551

RESPONSE TO REQUEST FOR ADMISSION NO. 61:............................................ 551

REQUEST FOR ADMISSION NO. 62: ........................................................................ 554

RESPONSE TO REQUEST FOR ADMISSION NO. 62:............................................ 554

REQUEST FOR ADMISSION NO. 63: ........................................................................ 557

RESPONSE TO REQUEST FOR ADMISSION NO. 63:............................................ 557

REQUEST FOR ADMISSION NO. 64: ........................................................................ 560

RESPONSE TO REQUEST FOR ADMISSION NO. 64:............................................ 560

IV.  DIAZ AND HIS COUNSEL SHOULD BE SANCTIONED FOR THEIR FAILURE TO COMPLY WITH DISCOVERY ............................................................................................ 564

a.   Defendant's Argument ............................................................................................ 564

b.   Plaintiff's Argument: ............................................................................................. 565

V.   PROPOSED RESOLUTIONS DURING THE CONFERENCE OF COUNSEL ............... 565

a.    Heredia's Resolutions .......................................................... 565
b.    Plaintiff's Resolution............................................................ 566

VI.  CONCLUSION ................................................................................ 566

a.    Heredia's Conclusion ........................................................... 566
b.    Diaz' Conclusion .................................................................. 567

## I.    INTRODUCTION

Pursuant to Local Rule 37-2.1 Defendant Ralph Heredia ("Defendant" or "Heredia") and Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz") submit this Joint Stipulation regarding:

1) Defendant's Motion To Compel First Responses to First Request for Production of Documents to Plaintiff; and

2) Defendant's Motion To Compel Further Responses to First Set of Requests for Admission to Plaintiff.

Undersigned counsel for Heredia certifies that they have in good faith conferred with Diaz' counsel in an effort to obtain it without court action.

### a.  Defendant's Introductory Statement

On January 24, 2022, Heredia propounded 112 Requests for Production ("RFPs") to Diaz.  Responses were due February 23, 2022.  Fed. R. Civ. P. 6.  Diaz responded to Heredia's RFPs on February 25, 2022 with boilerplate objections and a statement that he would produce non-privileged documents responsive to the request, as he understood it.  Other than a mere eighty-five pages, produced tardy even after Diaz' counsels' promise to produce documents on an April 13, 2022 meet and confer call between counsel, and contrary to the Federal Rules of Civil Procedure, he embargoed any document production, even as to non-confidential documents, under the guise that a protective order must first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.  Plaintiff must respond as required by the rules.

Diaz' failure to produce non-confidential documents is exacerbated by the fact that, as plaintiff, Diaz was required to have a good faith basis for bringing suit.  It therefore strains credulity to believe that, in a complaint containing 112 substantive paragraphs, whose allegations span roughly two decades and at least three countries, the whole of Diaz' non-confidential documentary support is eighty-five pages.  Yet

1    that is exactly what Diaz' behavior currently asks one to conclude.

2         The production is essentially unusable and wholly violates Diaz' discovery

3    obligations.  Heredia does not even have enough information to specify which RFPs

4    Diaz should supplement, because Diaz did not say to which RFPs his production

5    purports to respond.

6         Next, on January 28, 2022, Heredia propounded sixty-four Requests for

7    Admission (RFAs) to Diaz.  Diaz' responses were due February 28. Fed. R. Civ. P. 6;

8    Fed. R. Civ. P. 36.  On March 1, Diaz untimely served objections – the same two

9    boilerplate objections in response to each RFA.

10        As Diaz' responses were untimely, they should all be deemed admitted.

11   Fed. R. Civ. P. 36(a)(3).  If the RFAs are not deemed admitted, Diaz' untimely

12   objections should be stricken, and he should be required to respond without objection

13   to each RFA.

14        The actions of Diaz and his counsel show disrespect for the discovery process

15   and are contrary to the "just, speedy, and inexpensive determination" of the proceeding.

16   Fed. R. Civ. P. 1.  Heredia respectfully urges the Court to sanction Diaz and Diaz'

17   counsel.

18   **II.   ARGUMENT**

19             a.  Defendant's Argument

20        Federal civil discovery is liberal in its scope. See Miller v. Pancucci, 141 F.R.D.

21   292, 298 (C.D. Cal. 1992) "Parties may obtain discovery regarding any nonprivileged

22   matter that is relevant to any party's claim or defense and proportional to the needs of

23   the case, considering the importance of the issues at stake in the action, the amount in

24   controversy, the parties' relative access to relevant information, the parties' resources,

25   the importance of the discovery in resolving the issues, and whether the burden or

26   expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

27   26(b)(1).

28        Further, "[i]nformation within this scope of discovery need not be admissible in

evidence to be discoverable." Id. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998). Diaz has the burden to show that Heredia's discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975), see also DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")  Diaz has failed to meet his burden.

**1. Defendant's Motion To Compel Responses To First Request For Production Of Documents To Plaintiff.**

On January 24, 2022, Defendant propounded 112 Requests for Production to Plaintiff.  Each RFP asked Plaintiff to produce all documents or communications supporting or rebutting the allegations in each substantive paragraph of his amended complaint.

Inadvertently, at the time of the meet and confer, Heredia's counsel had not seen the February 25, 2022 email from Diaz' counsel's office manager, serving Diaz' RFP objections. Thus, the meet and confer was held under the premise that Diaz had simply ignored the RFPs.  However, despite numerous opportunities to correct that misperception, Diaz' counsel failed to do so until they added their portion to the first version of this Joint Stipulation.  Their claims that they are participating in discovery in good faith, including resolving this discovery dispute, thus rings hollow.

While undersigned counsel takes responsibility for the fact that Diaz' boilerplate objections were unviewed at the time of the meet and confer, Heredia's position is unchanged: as of the meet and confer, Diaz had failed to produce any documents whatsoever. Thereafter, late even by the terms of Diaz' commitment, he produced a few pages of documents.  It strains credulity to believe that, in a complaint containing

112 substantive paragraphs, whose allegations span roughly two decades and at least three countries, the whole of Diaz' non-confidential documentary support can be summed up in 85 pages. Yet that is exactly what Diaz' behavior asks one to conclude.

Diaz must respond to the RFPs, should be ordered to do so without objection, and should be sanctioned for his non-production.

## III. Plaintiff's Introductory Statement

Defendant and his counsel continue to demonstrate their blatant disregard for this Court's time and resources, the Local Rules and the truth, and continue to engage in bad faith tactics and gamesmanship designed to drive up the costs of this litigation. Despite Diaz's repeated pleas that Defendant withdraw his deficient Joint Stipulation which violates the Local Rules and is replete with fabrication, and to instead work in good faith to resolve the easily resolvable disputes, Defendant refused and insisted on needlessly burdening this Court with what is now a 556 page Joint Stipulation. As is evident from Defendant's Joint Stipulation and Mr. Montalvo's declaration, Defendant violated L.R.37-1 by failing to meet and confer in a "good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."

On January 28, 2022, Defendant served RFAs requesting that Diaz admit to the genuineness of documents that Defendant ***did not attach to*** or specifically describe in the RFAs. (Vázquez Decl. ¶¶ 2-6, Ex. A). On March 1, 2022, Diaz responded to the RFAs stating that each "Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action." (Id.) The one-day delay was due to a calendaring error. (Id. ¶ 7).

On January 24, 2022, Defendant served his RPDs. (Id. ¶ 8). Given the documents requested by Defendant largely contain confidential information, and Defendant's and his counsel's propensity to improperly publicize Diaz's private and confidential information and shamelessly utilize this and other litigation to gratify private spite, promote public scandal, and circulate libelous statements, (id. ¶¶ 9-10, Exs. D-E), Diaz requested a protective order be entered before his responses were due. On February 2,

2022, Diaz sent a draft protective order modeled after the Central District's model order. (Id. ¶ 11, Ex. E). Having heard nothing from Defendant, on February 25, Diaz timely served his objections and responses to the RPDs stating that confidential documents "will be produced after the Court has entered the Protective Order." (Id. ¶ 12-16, Exs. F-J). Diaz then followed up *more than 10 times* on the status of the protective order. (Id. ¶¶ 12-25, Exs. F-T). Left with no other option, Diaz requested to meet and confer with Defendant about the filing of a motion for protective order. (Id.). In response to the request to meet and confer, on April 11, Defendant for the first time raised issues with Diaz's RPD and RFA responses, and the parties participated in a telephonic meet and confer on April 13. (Id. ¶ 26-27). At that time, the parties agreed that Diaz would produce non-confidential documents and Defendant would sign the protective order two days after Diaz's production so that Diaz could produce confidential documents. (Id.). Defendant agrees (as they confirm in their Motion) that this lawsuit involves confidential information and a protective order is necessary. (Id.).

During the April 13 call, Diaz stated that he would supplement his responses to the RFAs but needed copies of the documents that Defendant referred to in the RFAs because Diaz cannot admit to the genuineness of documents that he cannot locate and/or that have not been produced in this litigation. (Id.). Diaz suggested that Defendant create a folder and label each document by RFA number so that both parties could be on the same page as to the admissions that Defendant seeks and so that Defendant did not have to spend time rewriting the RFAs. (Id.). Defense counsel stated that they would discuss the proposal internally and get back to Diaz. (Id.). Diaz never heard back. (Id.) And, on April 20, 2022, Diaz produced non-confidential documents as they are kept in the usual course of business and reminded Defendant "[o]nce we have finalized the protective order, we will produce any confidential documents. I do not believe I have heard back from you regarding my proposal that your office create a file with the documents referred to in the RFAs so that we can supplement the responses. Please let us know." (Id. ¶ 28, Ex. U). Defendant did not respond. (Id.)

Instead, on April 29, Defendant sandbagged Diaz with a 353-page Joint Stipulation, replete with fabrication, asking the Court to unnecessarily spend time and resources to resolve this easily solvable dispute. (Id. ¶ 29, Ex. V). Defendant's counsel confirms in his declaration "We did not agree to [Diaz's proposal] on the call, but stated that we would consider it and let her know. We subsequently decided not to divide up the Bates-stamped documents in such a manner and by this Declaration, have so informed her." Leaving aside the fact that it is completely inappropriate and a violation of the Local Rules for Defendant to first inform Diaz that he did not agree to the proposal in the Motion, to date, Defendant has refused to point Diaz to a "Bates-stamped document" that corresponds to the RFAs. This is not the first time that Defendant and his counsel have violation the Local Rules' meet and confer requirement. This Court has repeatedly admonished them, yet they continue to disregard this Court's orders and the Rules. (Id. 29, Ex. V-1).

In the Joint Stipulation, Defendant misrepresents to the Court, ***no less than 113 times,*** that Diaz failed to provide substantive responses to the RPDs. But Diaz timely served written objections and responses months ago. Diaz also produced responsive non-confidential documents. And, in further violation of L.R. 37-1, Defendant did not meet and confer with Diaz regarding his claim that Diaz's non-confidential production is somehow incomplete, and Defendant fails to put forth any explanation in his Motion. (Id. ¶ 32). Defendant also never met and conferred regarding his position (asserted for the first time in his revised Joint Stipulation provided on May 13, 2022) that Diaz's written responses are "insufficient and evasive." Diaz repeatedly pleaded with Defendant to withdraw his improper Joint Stipulation. Defendant refused. (Id. ¶ 30-21, Exs. W-X).

Diaz proposed very simple solutions to resolve these irrational disputes: (1) that Defendant provide the documents for which he seeks admissions and/or specifically point to Bates-stamped documents in this litigation that correspond to the RFAs; and (2) that the parties enter into the protective order for the production of confidential

information that Defendant has delayed signing for over three months. Defendant has failed to explain why it is not possible to comply with these very simple proposals or propose an alternative. Presumably, it would have taken Defendant only minutes to resolve the disputes pursuant to Diaz's proposal, as opposed to the 40 hours that Defendant claims it took to prepare the Motion. It is inconceivable why Defendant chose not to resolve this ambiguity in the simple manner that Diaz proposed and instead opted to unnecessarily waste this Court's time and resources and drive up the costs of this litigation. Given that there is no legitimate reason to burden this Court with this dispute, Defendant's egregious violation of Local Rule 37-1[1] by failing to meet and confer in good faith, and Defendant's egregious misrepresentations to the Court and Diaz's counsel, the Court should award sanctions against Defendant and his counsel, The Federal Practice Group, pursuant to L.R. 37-4 and L.R. 83-7, in the full amount of **$17,145.00** for the attorneys' fees spent by Diaz in opposing this motion. Benke v. Departure Agency, Inc., 2012 WL 12885102, at *8 (C.D. Cal. Oct. 9, 2012); (Vázquez Decl. ¶¶ 33-43, Exs. Y-Z).

## REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 1 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections,

---

[1] Defendant's Joint Stipulation violates L.R. 37-2.1 for the additional reason that Defendant adds a one-page introduction to the RFA section and 3-pages of additional arguments and a conclusion.

Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.[2]  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive

---

[22] Diaz has also failed to produce a privilege log as required and as Heredia was ordered to do for interposing a similar objection without a corresponding privilege log. Inadvertently this topic was not included in the meet and confer and thus is not included in Heredia's requested relief. (This footnote will only appear in this first iteration of Heredia's argument in the interests of simplicity, but it applies equally to every iteration hereof.)

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.[3]  Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

_____

[3] Diaz' 85-page "production" thus far consists of: (a) the 2012 boxer-manager contract among Heredia, Moses Heredia, and Diaz; (b) the 2017 release of the 2012 boxer-manager contract; (c) a notice to Moses Heredia of an approved 2017 boxer-manager contract; (d) a screenshot from the California State Athletic Commission showing Moses Heredia as Diaz' registered manager under the 2017 boxer-manager contract; (e) the 2017 boxer-manager contract between Moses Heredia and Diaz with notarized signatures; (f) four news articles about Heredia; (g) a court order denying a § 2255 appealability order of Heredia's conviction;  (h) a petition for a writ of certiorari to the United States Supreme Court arising out of the denial of the § 2255 appealability order; (i) a letter from VGC to "Dedicated Recovery Services" apparently regarding the repossession of the Lexus; and (j) Heredia Boxing Management's Statement of Information on file with the California Secretary of State.
It strains credulity to believe that, in a complaint containing 112 substantive paragraphs, whose allegations span roughly two decades and at least three countries, the whole of Diaz' documentary support can be summed up in 85 pages.  Yet that is exactly what Diaz' behavior currently asks one to conclude.

to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In its initial version of this Joint Stipulation, Defendant *falsely* represented to the Court no less than 113 times that "Plaintiff has not responded to this RFP at all: not by production, not by objection, and not by a request for an extension of time." After Diaz returned his opposition to Defendant's original Joint Stipulation, Defendant had no other choice by to admit that on February 25, 2022, Diaz served the following objections and response to this RPD:

> Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.
>
> …
>
> Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy. Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its

possession, custody, or control that are responsive to this Request as Responding Party understands it.

…

Responding Party will produce documents responsive to these Requests once the Court has entered the Protective Order.

(Vázquez Decl. ¶¶ 15-16, Exs. I-J). In addition, the cover email serving the responses stated: "We await entry of the protective order to produce confidential documents. Please provide any edits to the protective order so that we can finalize, get it entered and produce the documents. To the extent there are documents that are not confidential, we will produce those under separate cover." (Id.). Diaz then followed up *more than 10 times* on the status of the protective order. (Id. ¶¶ 12-25, Exs. F-T).

Left with no other option, Diaz requested to meet and confer with Defendant about the filing of a motion for protective order. (Id.). In response to the request to meet and confer, on April 11, Defendant for the first time raised issues with Diaz's RPD responses, and the parties participated in a telephonic meet and confer on April 13. (Id. ¶ 26-27). At that time, the parties agreed that Diaz would produce non-confidential documents and Defendant would sign the protective order two days after Diaz's production so that Diaz could produce confidential documents. (Id.). Defendant did not abide by that agreement even though Defendant agrees (as he and his counsel confirm in this Motion) that this lawsuit involves confidential information and a protective order is necessary. (Id.). Rather than signing the protective order, on April 29, 2022, Defendant sandbagged Diaz with a 353-page Joint Stipulation replete with fabrication asking the Court to unnecessarily spend time and resources to resolve this dispute. (Id. ¶ 29-32, Exs. V-X). When confronted with this fact, Defense counsel stated: "Our refusal to agree is not lack of good faith, but an unwillingness to consider your positions compliant with your discovery obligations…The joint stipulation itself contains a proposed resolution." (Id.). Defendant's conduct is wholly improper and demonstrates complete disregard for this Court's time and resources. See Rahmatullah

1  v. Charter Comm., Inc., 2021 WL 1593242, at *7 (C.D. Cal. March 25, 2021)

2  (admonishing plaintiff as the moving party because "[i]f plaintiff thought this was still

3  an unsatisfactory response, he should have acknowledged defendant's offer in the Joint

4  Stipulation and explained his basis for rejecting it. Instead, he represented to the court

5  that defendant refused to answer either positively or negatively, which was untrue.").

6  Defendant's arguments "evince [his] failure to make a good faith effort to work with

7  [Diaz] to eliminate as many disputes as possible… it is the parties who are in the best

8  position to resolve their differences promptly and with less expense." Id. at *3.

9  Defendant's "decision to abandon meet-and-confer negotiations prematurely and

10 burden the court's time and resources" with an over 600-page joint stipulation is

11 sanctionable. Id. at * 7 ("Any reasonable litigant in this district would think twice

12 before filing a 223-page discovery motion without conducting a thorough meet and

13 confer involving at least one verbal exchange about each discovery request at issue.")

14 (citing Mulligan v. Nichols, 2013 WL 12124004, at *2 (C.D. Cal. July 12, 2013))

15 (warning against "inadequate meet and confer efforts which result in unnecessary 100-

16 page discovery motions").

17    Defendant still *falsely* claims: "Plaintiff has not responded to this RFP in

18 substance." In his next sentence, Defendant admits, as he must, that Diaz has produced

19 85 pages of non-confidential documents. Defendant's argument that the non-

20 confidential production, produced as the documents are kept in the usual course of

21 business, is not complete is without merit. This is a case that arises from Defendant's

22 financial malfeasance. The majority of the records are confidential financial records.

23 See, e.g., F.D.I.C. v. Tarkanian, 2012 WL 1327856 at *2 (S.D. Cal. April 17, 2012)

24 (sealing statements containing financial information); Aevoe Corp. v. AE Tech. Co.,

25 2013 WL 2302310, at *1-2 (D. Nev. May 24, 2013) (sealing documents that identify

26 the sales information and business strategies). Those records must be protected from

27 disclosure, especially when the Court's files and documents exchanged in litigation

28 "might have become a vehicle for improper purposes, such as the use of records to

gratify private spite, promote public scandal, circulate libelous statements…" Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–1179 (9th Cir. 2006). Unfortunately, given Defendant and his counsel's history of feeding the press stories about this and other litigation involving Diaz in order to promote public scandal, circulate defamatory statements about Diaz and his counsel, and publicize Diaz's private and confidential information, Diaz cannot trust Defendant to respect confidentiality without a protective order. (Vázquez Decl. ¶¶ 9-10, Exs. D-E)

The simplest and easiest way for this to have been resolved would have been for Defendant to execute the protective order which Diaz provided on February 2, 2022. (Id. ¶ 11, Ex. E).). Defendant has not provided any explanation as to why it has delayed over three months the signing of the protective order drafted pursuant to the Central District's model order. (Id. ¶¶ 12-25, Exs. F-T). At the parties' meet and confer regarding Diaz's filing of a motion for protective order, Defense counsel represented that it would sign the protective order after Diaz produced non-confidential documents so that Diaz could make his confidential document production. (Id. ¶¶ 26-27). Instead, Defendant submitted the Joint Stipulation (without meeting and conferring on the purported deficiency of the non-confidential production) acknowledging that Diaz's production will include "documents or communications [that] may concern Diaz' mental or physical health, or certain business arrangements, and therefore may be produced pursuant to a protective order." Defense counsel, however, ***still*** has not returned the protective order. Defendant and his counsel wholly fail to explain why they burden the Court by filing this Motion when they admit that the relief Defendant seeks is exactly what Diaz has offered over and over again (i.e., produce "all confidential documents and information within three days after the parties agree to a protective order.") In a revised Joint Stipulation, on May 13, 2022, Defendant asserted ***for the first time*** that Diaz's written responses are "insufficient and evasive" because Diaz "must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession." Defendant did not

meet and confer on this issue and, in any event, this requested relief is premature because Defendant has impeded Diaz from completing his document production by refusing to sign a stipulated protective order and forcing Diaz to file a motion for entry of a protective order (See Dkt. 113).

Defense counsel's conduct is what the Central District labels "reprehensible." Benke v. Departure Agency, Inc., 2012 WL 12885102, at *8 (C.D. Cal. Oct. 9, 2012) ("Benke's counsel engaged in a course of misleading conduct with opposing counsel regarding whether and under what terms Benke's counsel would sign a Protective Order, when it is apparent … that Benke's counsel never had any intention of entering into a Protective Order" and the motion filed with the Court contained "significant omissions of important facts, and misrepresentations regarding the existence of supplemental discovery responses. Sanctions are called for because Benke's counsel's conduct pushed the envelope of misrepresentations…"). Once the accompanying protective order is entered by the Court, Diaz will produce all confidential documents that are responsive to the RPDs. See SolarCity Corp. v. Doria, 2017 WL 6551239, at *17 (S.D. Cal. Dec. 21, 2017) (finding responding party's refusal to produce confidential information absent a protective order was "substantially justified"); Benke, 2012 WL 12885102, at *8 ("counsel properly insisted on the entry of Protective Order before providing confidential information").

The Court should award sanctions against Defendant and his counsel, The Federal Practice Group, pursuant to L.R. 37-4 and L.R. 83-7. (Vázquez Decl. ¶ 33-43). Benke, 2012 WL 12885102, at *8 ("The type of machinations engaged in by … counsel merit a substantial sanction, and the Court therefore sanctions … counsel in the full amount requested in the Opposition to both Motions. The parameters of discovery and the applicable legal standards thereto are largely the province of attorneys, not their clients. Consequently, an attorney's fees award is ordinarily imposed against counsel.")

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 2 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")   That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal

Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable

inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

17

allegations of Paragraph 3 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought

1  was objectionable, unless the party failing to act has a pending motion for a protective

2  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

3  be treated as a failure to respond.  <u>See</u> Fed. R. Civ. P 37(a)(4).

4      Here, there is no pending motion for a protective order, and even if there were,

5  nothing in the Rules permits a party to withhold non-confidential responsive

6  documents pending the execution of a protective order for confidential responsive

7  documents.  Plaintiff's failure to produce any substantively responsive documents,

8  explain the efforts he underwent to search for the documents, and provide reason(s)

9  why no documents exist and/or are not in his possession is both inexcusable and

10 sanctionable.

11     During the meet and confer, Diaz' counsel agreed to provide all non-confidential

12 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

13 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

14 responses were due, he served eighty-give pages in a facially deficient production in

15 response to RFPs requesting every document supporting every substantive claim in his

16 complaint, and every item in his prayer for relief.

17     Diaz' "production" consisted of an email attaching the eighty-five documents.

18 It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was

19 not organized and labelled to correspond to the categories of Heredia's RFPs.  Fed. R.

20 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

21 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

22 his eighty-five pages as required by the rules, and if any of them are responsive to this

23 RFP he must identify them as such.

24     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

25 to produce the requested materials or state inability to comply and reason for that

26 inability (i.e., that no documents could be found after a "diligent search and reasonable

27 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

28 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 4 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)." An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond. See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents. Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production. Montalvo Decl. ¶ 9. Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A). It was not organized and labelled to correspond to the categories of Heredia's RFPs. Fed. R. Civ. P. 34(b)(2)(E)(i). It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess. Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.


**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 5 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 6 of YOUR COMPLAINT.

## **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3            Here, there is no pending motion for a protective order, and even if there were,
4    nothing in the Rules permits a party to withhold non-confidential responsive
5    documents pending the execution of a protective order for confidential responsive
6    documents.  Plaintiff's failure to produce any substantively responsive documents,
7    explain the efforts he underwent to search for the documents, and provide reason(s)
8    why no documents exist and/or are not in his possession is both inexcusable and
9    sanctionable.

10           During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13   responses were due, he served eighty-give pages in a facially deficient production in
14   response to RFPs requesting every document supporting every substantive claim in his
15   complaint, and every item in his prayer for relief.

16           Diaz' "production" consisted of an email attaching the eighty-five documents.
17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21   his eighty-five pages as required by the rules, and if any of them are responsive to this
22   RFP he must identify them as such.

23           Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24   to produce the requested materials or state inability to comply and reason for that
25   inability (i.e., that no documents could be found after a "diligent search and reasonable
26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 7 of YOUR COMPLAINT.

## **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4   nothing in the Rules permits a party to withhold non-confidential responsive

5   documents pending the execution of a protective order for confidential responsive

6   documents.  Plaintiff's failure to produce any substantively responsive documents,

7   explain the efforts he underwent to search for the documents, and provide reason(s)

8   why no documents exist and/or are not in his possession is both inexcusable and

9   sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 8 of YOUR COMPLAINT.

## **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 9 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13 responses were due, he served eighty-give pages in a facially deficient production in
14 response to RFPs requesting every document supporting every substantive claim in his
15 complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21 his eighty-five pages as required by the rules, and if any of them are responsive to this
22 RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24 to produce the requested materials or state inability to comply and reason for that
25 inability (i.e., that no documents could be found after a "diligent search and reasonable
26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113). The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 10 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 11 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  <u>See</u> Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 12 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 13 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3         Here, there is no pending motion for a protective order, and even if there were,
4    nothing in the Rules permits a party to withhold non-confidential responsive
5    documents pending the execution of a protective order for confidential responsive
6    documents.  Plaintiff's failure to produce any substantively responsive documents,
7    explain the efforts he underwent to search for the documents, and provide reason(s)
8    why no documents exist and/or are not in his possession is both inexcusable and
9    sanctionable.

10        During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13   responses were due, he served eighty-give pages in a facially deficient production in
14   response to RFPs requesting every document supporting every substantive claim in his
15   complaint, and every item in his prayer for relief.

16        Diaz' "production" consisted of an email attaching the eighty-five documents.
17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21   his eighty-five pages as required by the rules, and if any of them are responsive to this
22   RFP he must identify them as such.

23        Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24   to produce the requested materials or state inability to comply and reason for that
25   inability (i.e., that no documents could be found after a "diligent search and reasonable
26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28   privileged documents in its possession, custody, or control that are responsive to this

---

49

1   Request as Responding Party understands it." This is insufficient and evasive. Diaz

2   must state what efforts he underwent to search for the documents and the reason(s)

3   why no documents exist and/or are not in his possession.

4       Plaintiff respectfully requests that the Court order full and immediate production

5   of all responsive documents, without objection.

6       **Plaintiff's Contention:**

7       In an effort not to further burden the Court with repetitive argument and a

8   ridiculously lengthy joint stipulation (which this unfortunately already is due to

9   Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

10   introductory statement and Diaz's response to the made-up issues that Defendant

11   brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

12   In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

13   Diaz provided a written response to this RPD and produced all responsive non-

14   confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15   15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

16   order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

17   threatened to file a motion for protective order, Defendant tricked Diaz into believing

18   he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

19   have moved for a protective order (while admitting that there is confidential

20   information that requires a protective order in this matter and requesting that the Court

21   award the same relief that Diaz has proposed over and over again). Diaz has moved

22   this Court for entry of a protective order. (Dkt 113).   The Court should deny

23   Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24       **<u>REQUEST FOR PRODUCTION NO. 14:</u>**

25       All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26   allegations of Paragraph 17 of YOUR COMPLAINT.

27

28

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 18 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 19 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS
NO. 16:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3  Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10  During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16  Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23  Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 20 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3         Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10        During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16        Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23        Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 21 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1 order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2 be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3     Here, there is no pending motion for a protective order, and even if there were,
4 nothing in the Rules permits a party to withhold non-confidential responsive
5 documents pending the execution of a protective order for confidential responsive
6 documents.  Plaintiff's failure to produce any substantively responsive documents,
7 explain the efforts he underwent to search for the documents, and provide reason(s)
8 why no documents exist and/or are not in his possession is both inexcusable and
9 sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13 responses were due, he served eighty-give pages in a facially deficient production in
14 response to RFPs requesting every document supporting every substantive claim in his
15 complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21 his eighty-five pages as required by the rules, and if any of them are responsive to this
22 RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24 to produce the requested materials or state inability to comply and reason for that
25 inability (i.e., that no documents could be found after a "diligent search and reasonable
26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113). The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 19:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 22 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 23 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 24 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3         Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10        During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16        Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23        Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 25 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

1  Request as Responding Party understands it." This is insufficient and evasive. Diaz

2  must state what efforts he underwent to search for the documents and the reason(s)

3  why no documents exist and/or are not in his possession.

4      Plaintiff respectfully requests that the Court order full and immediate production

5  of all responsive documents, without objection.

6      **Plaintiff's Contention:**

7      In an effort not to further burden the Court with repetitive argument and a

8  ridiculously lengthy joint stipulation (which this unfortunately already is due to

9  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

10 introductory statement and Diaz's response to the made-up issues that Defendant

11 brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

12 In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

13 Diaz provided a written response to this RPD and produced all responsive non-

14 confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

16 order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

17 threatened to file a motion for protective order, Defendant tricked Diaz into believing

18 he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

19 have moved for a protective order (while admitting that there is confidential

20 information that requires a protective order in this matter and requesting that the Court

21 award the same relief that Diaz has proposed over and over again). Diaz has moved

22 this Court for entry of a protective order. (Dkt 113).  The Court should deny

23 Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24     **REQUEST FOR PRODUCTION NO. 23:**

25     All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26 allegations of Paragraph 26 of YOUR COMPLAINT.

27

28

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 27 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 25:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 28 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 29 of YOUR COMPLAINT.

1
2

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:

3
4
5

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

6
7
8

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

9

**Defendant's Contention:**

10
11
12
13

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

14
15
16
17
18
19

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

20
21
22
23

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

24
25
26
27
28

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 30 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2   be treated as a failure to respond.  <u>See</u> Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4   nothing in the Rules permits a party to withhold non-confidential responsive

5   documents pending the execution of a protective order for confidential responsive

6   documents.  Plaintiff's failure to produce any substantively responsive documents,

7   explain the efforts he underwent to search for the documents, and provide reason(s)

8   why no documents exist and/or are not in his possession is both inexcusable and

9   sanctionable.

10        During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16        Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23        Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

1  Request as Responding Party understands it." This is insufficient and evasive. Diaz

2  must state what efforts he underwent to search for the documents and the reason(s)

3  why no documents exist and/or are not in his possession.

4      Plaintiff respectfully requests that the Court order full and immediate production

5  of all responsive documents, without objection.

6      **Plaintiff's Contention:**

7      In an effort not to further burden the Court with repetitive argument and a

8  ridiculously lengthy joint stipulation (which this unfortunately already is due to

9  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

10  introductory statement and Diaz's response to the made-up issues that Defendant

11  brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

12  In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

13  Diaz provided a written response to this RPD and produced all responsive non-

14  confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15  15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

16  order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

17  threatened to file a motion for protective order, Defendant tricked Diaz into believing

18  he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

19  have moved for a protective order (while admitting that there is confidential

20  information that requires a protective order in this matter and requesting that the Court

21  award the same relief that Diaz has proposed over and over again). Diaz has moved

22  this Court for entry of a protective order. (Dkt 113).   The Court should deny

23  Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24      **<u>REQUEST FOR PRODUCTION NO. 28:</u>**

25      All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26  allegations of Paragraph 31 of YOUR COMPLAINT.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz

must state what efforts he underwent to search for the documents and the reason(s)

why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production

of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a

ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

introductory statement and Diaz's response to the made-up issues that Defendant

brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

Diaz provided a written response to this RPD and produced all responsive non-

confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

threatened to file a motion for protective order, Defendant tricked Diaz into believing

he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

have moved for a protective order (while admitting that there is confidential

information that requires a protective order in this matter and requesting that the Court

award the same relief that Diaz has proposed over and over again). Diaz has moved

this Court for entry of a protective order. (Dkt 113).  The Court should deny

Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

allegations of Paragraph 32 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz
must state what efforts he underwent to search for the documents and the reason(s)
why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production
of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a
ridiculously lengthy joint stipulation (which this unfortunately already is due to
Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his
introductory statement and Diaz's response to the made-up issues that Defendant
brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.
In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.
Diaz provided a written response to this RPD and produced all responsive non-
confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶
15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective
order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz
threatened to file a motion for protective order, Defendant tricked Diaz into believing
he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should
have moved for a protective order (while admitting that there is confidential
information that requires a protective order in this matter and requesting that the Court
award the same relief that Diaz has proposed over and over again). Diaz has moved
this Court for entry of a protective order. (Dkt 113).   The Court should deny
Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
allegations of Paragraph 33 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:</u>**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. <u>See</u>, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 31:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 34 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 35 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113). The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 36 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. <u>See</u>, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 34:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 37 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 35:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 38 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 39 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1 order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2 be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4 nothing in the Rules permits a party to withhold non-confidential responsive
5 documents pending the execution of a protective order for confidential responsive
6 documents.  Plaintiff's failure to produce any substantively responsive documents,
7 explain the efforts he underwent to search for the documents, and provide reason(s)
8 why no documents exist and/or are not in his possession is both inexcusable and
9 sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13 responses were due, he served eighty-give pages in a facially deficient production in
14 response to RFPs requesting every document supporting every substantive claim in his
15 complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21 his eighty-five pages as required by the rules, and if any of them are responsive to this
22 RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24 to produce the requested materials or state inability to comply and reason for that
25 inability (i.e., that no documents could be found after a "diligent search and reasonable
26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 40 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:</u>**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. <u>See</u>, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.  Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 41 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 42 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 39:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4   nothing in the Rules permits a party to withhold non-confidential responsive

5   documents pending the execution of a protective order for confidential responsive

6   documents.  Plaintiff's failure to produce any substantively responsive documents,

7   explain the efforts he underwent to search for the documents, and provide reason(s)

8   why no documents exist and/or are not in his possession is both inexcusable and

9   sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 43 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry").  In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

1  Request as Responding Party understands it." This is insufficient and evasive. Diaz
2  must state what efforts he underwent to search for the documents and the reason(s)
3  why no documents exist and/or are not in his possession.

4      Plaintiff respectfully requests that the Court order full and immediate production
5  of all responsive documents, without objection.

6      **Plaintiff's Contention:**

7      In an effort not to further burden the Court with repetitive argument and a
8  ridiculously lengthy joint stipulation (which this unfortunately already is due to
9  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his
10 introductory statement and Diaz's response to the made-up issues that Defendant
11 brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.
12 In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.
13 Diaz provided a written response to this RPD and produced all responsive non-
14 confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶
15 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective
16 order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz
17 threatened to file a motion for protective order, Defendant tricked Diaz into believing
18 he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should
19 have moved for a protective order (while admitting that there is confidential
20 information that requires a protective order in this matter and requesting that the Court
21 award the same relief that Diaz has proposed over and over again). Diaz has moved
22 this Court for entry of a protective order. (Dkt 113).   The Court should deny
23 Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24     **REQUEST FOR PRODUCTION NO. 41:**

25         All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
26 allegations of Paragraph 44 of YOUR COMPLAINT.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 41:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 45 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

1  Request as Responding Party understands it." This is insufficient and evasive. Diaz

2  must state what efforts he underwent to search for the documents and the reason(s)

3  why no documents exist and/or are not in his possession.

4      Plaintiff respectfully requests that the Court order full and immediate production

5  of all responsive documents, without objection.

6      **Plaintiff's Contention:**

7      In an effort not to further burden the Court with repetitive argument and a

8  ridiculously lengthy joint stipulation (which this unfortunately already is due to

9  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

10  introductory statement and Diaz's response to the made-up issues that Defendant

11  brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

12  In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

13  Diaz provided a written response to this RPD and produced all responsive non-

14  confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15  15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

16  order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

17  threatened to file a motion for protective order, Defendant tricked Diaz into believing

18  he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

19  have moved for a protective order (while admitting that there is confidential

20  information that requires a protective order in this matter and requesting that the Court

21  award the same relief that Diaz has proposed over and over again). Diaz has moved

22  this Court for entry of a protective order. (Dkt 113).   The Court should deny

23  Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24      **REQUEST FOR PRODUCTION NO. 43:**

25      All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26  allegations of Paragraph 46 of YOUR COMPLAINT.

27

28

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3     Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13   responses were due, he served eighty-give pages in a facially deficient production in
14   response to RFPs requesting every document supporting every substantive claim in his
15   complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17   It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was
18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21   his eighty-five pages as required by the rules, and if any of them are responsive to this
22   RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24   to produce the requested materials or state inability to comply and reason for that
25   inability (i.e., that no documents could be found after a "diligent search and reasonable
26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 44:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 47 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3     Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10    During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16    Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23    Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 48 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10        During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16        Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23        Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 49 of YOUR COMPLAINT.

**<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:</u>**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. <u>See</u>, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz

must state what efforts he underwent to search for the documents and the reason(s)

why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production

of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a

ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

introductory statement and Diaz's response to the made-up issues that Defendant

brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

Diaz provided a written response to this RPD and produced all responsive non-

confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

threatened to file a motion for protective order, Defendant tricked Diaz into believing

he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

have moved for a protective order (while admitting that there is confidential

information that requires a protective order in this matter and requesting that the Court

award the same relief that Diaz has proposed over and over again). Diaz has moved

this Court for entry of a protective order. (Dkt 113).   The Court should deny

Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

allegations of Paragraph 50 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 51 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1 order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2 be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4 nothing in the Rules permits a party to withhold non-confidential responsive
5 documents pending the execution of a protective order for confidential responsive
6 documents.  Plaintiff's failure to produce any substantively responsive documents,
7 explain the efforts he underwent to search for the documents, and provide reason(s)
8 why no documents exist and/or are not in his possession is both inexcusable and
9 sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13 responses were due, he served eighty-give pages in a facially deficient production in
14 response to RFPs requesting every document supporting every substantive claim in his
15 complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21 his eighty-five pages as required by the rules, and if any of them are responsive to this
22 RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24 to produce the requested materials or state inability to comply and reason for that
25 inability (i.e., that no documents could be found after a "diligent search and reasonable
26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 52 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1 order under Rule 26(c)." An evasive or incomplete response, as Diaz provided, must

2 be treated as a failure to respond. See Fed. R. Civ. P 37(a)(4).

3     Here, there is no pending motion for a protective order, and even if there were,

4 nothing in the Rules permits a party to withhold non-confidential responsive

5 documents pending the execution of a protective order for confidential responsive

6 documents. Plaintiff's failure to produce any substantively responsive documents,

7 explain the efforts he underwent to search for the documents, and provide reason(s)

8 why no documents exist and/or are not in his possession is both inexcusable and

9 sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12 passed with no production. Montalvo Decl. ¶ 9. Instead, fifty-seven days after his

13 responses were due, he served eighty-give pages in a facially deficient production in

14 response to RFPs requesting every document supporting every substantive claim in his

15 complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.

17 It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A). It was

18 not organized and labelled to correspond to the categories of Heredia's RFPs. Fed. R.

19 Civ. P. 34(b)(2)(E)(i). It is not clear to what requests Diaz' eighty-five pages purport

20 to respond, and the rules do not require Heredia to guess. Accordingly, Diaz must label

21 his eighty-five pages as required by the rules, and if any of them are responsive to this

22 RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24 to produce the requested materials or state inability to comply and reason for that

25 inability (i.e., that no documents could be found after a "diligent search and reasonable

26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113). The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 53 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,

4   nothing in the Rules permits a party to withhold non-confidential responsive

5   documents pending the execution of a protective order for confidential responsive

6   documents.  Plaintiff's failure to produce any substantively responsive documents,

7   explain the efforts he underwent to search for the documents, and provide reason(s)

8   why no documents exist and/or are not in his possession is both inexcusable and

9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

1  Request as Responding Party understands it." This is insufficient and evasive. Diaz
2  must state what efforts he underwent to search for the documents and the reason(s)
3  why no documents exist and/or are not in his possession.

4      Plaintiff respectfully requests that the Court order full and immediate production
5  of all responsive documents, without objection.

6      **Plaintiff's Contention:**

7      In an effort not to further burden the Court with repetitive argument and a
8  ridiculously lengthy joint stipulation (which this unfortunately already is due to
9  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his
10 introductory statement and Diaz's response to the made-up issues that Defendant
11 brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.
12 In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.
13 Diaz provided a written response to this RPD and produced all responsive non-
14 confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶
15 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective
16 order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz
17 threatened to file a motion for protective order, Defendant tricked Diaz into believing
18 he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should
19 have moved for a protective order (while admitting that there is confidential
20 information that requires a protective order in this matter and requesting that the Court
21 award the same relief that Diaz has proposed over and over again). Diaz has moved
22 this Court for entry of a protective order. (Dkt 113).  The Court should deny
23 Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24     **REQUEST FOR PRODUCTION NO. 51:**

25     All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
26 allegations of Paragraph 54 of YOUR COMPLAINT.

27
28

## **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

1   Request as Responding Party understands it." This is insufficient and evasive. Diaz

2   must state what efforts he underwent to search for the documents and the reason(s)

3   why no documents exist and/or are not in his possession.

4        Plaintiff respectfully requests that the Court order full and immediate production

5   of all responsive documents, without objection.

6        **Plaintiff's Contention:**

7        In an effort not to further burden the Court with repetitive argument and a

8   ridiculously lengthy joint stipulation (which this unfortunately already is due to

9   Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

10  introductory statement and Diaz's response to the made-up issues that Defendant

11  brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

12  In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

13  Diaz provided a written response to this RPD and produced all responsive non-

14  confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15  15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

16  order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

17  threatened to file a motion for protective order, Defendant tricked Diaz into believing

18  he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

19  have moved for a protective order (while admitting that there is confidential

20  information that requires a protective order in this matter and requesting that the Court

21  award the same relief that Diaz has proposed over and over again). Diaz has moved

22  this Court for entry of a protective order. (Dkt 113).  The Court should deny

23  Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24  <u>**REQUEST FOR PRODUCTION NO. 52:**</u>

25        All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26  allegations of Paragraph 55 of YOUR COMPLAINT.

27

28

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 53:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 56 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 53:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1 order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2 be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3          Here, there is no pending motion for a protective order, and even if there were,
4 nothing in the Rules permits a party to withhold non-confidential responsive
5 documents pending the execution of a protective order for confidential responsive
6 documents.  Plaintiff's failure to produce any substantively responsive documents,
7 explain the efforts he underwent to search for the documents, and provide reason(s)
8 why no documents exist and/or are not in his possession is both inexcusable and
9 sanctionable.

10          During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13 responses were due, he served eighty-give pages in a facially deficient production in
14 response to RFPs requesting every document supporting every substantive claim in his
15 complaint, and every item in his prayer for relief.

16          Diaz' "production" consisted of an email attaching the eighty-five documents.
17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21 his eighty-five pages as required by the rules, and if any of them are responsive to this
22 RFP he must identify them as such.

23          Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24 to produce the requested materials or state inability to comply and reason for that
25 inability (i.e., that no documents could be found after a "diligent search and reasonable
26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 57 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 54:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 55:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 58 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 55:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 59 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 56:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 57:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 61 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

1   Request as Responding Party understands it." This is insufficient and evasive. Diaz

2   must state what efforts he underwent to search for the documents and the reason(s)

3   why no documents exist and/or are not in his possession.

4        Plaintiff respectfully requests that the Court order full and immediate production

5   of all responsive documents, without objection.

6        **Plaintiff's Contention:**

7        In an effort not to further burden the Court with repetitive argument and a

8   ridiculously lengthy joint stipulation (which this unfortunately already is due to

9   Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

10  introductory statement and Diaz's response to the made-up issues that Defendant

11  brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

12  In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

13  Diaz provided a written response to this RPD and produced all responsive non-

14  confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15  15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

16  order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

17  threatened to file a motion for protective order, Defendant tricked Diaz into believing

18  he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

19  have moved for a protective order (while admitting that there is confidential

20  information that requires a protective order in this matter and requesting that the Court

21  award the same relief that Diaz has proposed over and over again). Diaz has moved

22  this Court for entry of a protective order. (Dkt 113).   The Court should deny

23  Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24  <u>**REQUEST FOR PRODUCTION NO. 58:**</u>

25       All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26  allegations of Paragraph 62 of YOUR COMPLAINT.

27

28

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 58:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 63 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 59:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13 responses were due, he served eighty-give pages in a facially deficient production in
14 response to RFPs requesting every document supporting every substantive claim in his
15 complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21 his eighty-five pages as required by the rules, and if any of them are responsive to this
22 RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24 to produce the requested materials or state inability to comply and reason for that
25 inability (i.e., that no documents could be found after a "diligent search and reasonable
26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 60:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 64 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4   nothing in the Rules permits a party to withhold non-confidential responsive

5   documents pending the execution of a protective order for confidential responsive

6   documents.  Plaintiff's failure to produce any substantively responsive documents,

7   explain the efforts he underwent to search for the documents, and provide reason(s)

8   why no documents exist and/or are not in his possession is both inexcusable and

9   sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 61:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 65 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 61:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 62:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 66 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 62:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 63:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 67 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 63:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 64:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 68 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 64:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 69 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 65:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3          Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10          During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16          Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23          Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 70 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 66:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

## REQUEST FOR PRODUCTION NO. 67:

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 71 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 67:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 73 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 68:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3     Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 74 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS
## NO. 69:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13 responses were due, he served eighty-give pages in a facially deficient production in

14 response to RFPs requesting every document supporting every substantive claim in his

15 complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.

17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21 his eighty-five pages as required by the rules, and if any of them are responsive to this

22 RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24 to produce the requested materials or state inability to comply and reason for that

25 inability (i.e., that no documents could be found after a "diligent search and reasonable

26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 70:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 75 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 70:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)." An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond. See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents. Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production. Montalvo Decl. ¶ 9. Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A). It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs. Fed. R.
19  Civ. P. 34(b)(2)(E)(i). It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess. Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 71:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 76 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 71:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry").  In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry.  Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 72:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 77 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 72:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3  Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10  During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16  Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23  Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 78 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 73:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3  Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10  During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16  Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23  Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 79 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 74:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

---

231

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4   nothing in the Rules permits a party to withhold non-confidential responsive

5   documents pending the execution of a protective order for confidential responsive

6   documents.  Plaintiff's failure to produce any substantively responsive documents,

7   explain the efforts he underwent to search for the documents, and provide reason(s)

8   why no documents exist and/or are not in his possession is both inexcusable and

9   sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 80 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS
NO. 75:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 76:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 82 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 76:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 77:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 83 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 77:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113). The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 78:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 84 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS
NO. 78:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 85 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 79:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

1 Request as Responding Party understands it." This is insufficient and evasive. Diaz
2 must state what efforts he underwent to search for the documents and the reason(s)
3 why no documents exist and/or are not in his possession.

4     Plaintiff respectfully requests that the Court order full and immediate production
5 of all responsive documents, without objection.

6 **Plaintiff's Contention:**

7     In an effort not to further burden the Court with repetitive argument and a
8 ridiculously lengthy joint stipulation (which this unfortunately already is due to
9 Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his
10 introductory statement and Diaz's response to the made-up issues that Defendant
11 brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.
12 In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.
13 Diaz provided a written response to this RPD and produced all responsive non-
14 confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶
15 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective
16 order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz
17 threatened to file a motion for protective order, Defendant tricked Diaz into believing
18 he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should
19 have moved for a protective order (while admitting that there is confidential
20 information that requires a protective order in this matter and requesting that the Court
21 award the same relief that Diaz has proposed over and over again). Diaz has moved
22 this Court for entry of a protective order. (Dkt 113).   The Court should deny
23 Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24 <u>**REQUEST FOR PRODUCTION NO. 80:**</u>

25     All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
26 allegations of Paragraph 86 of YOUR COMPLAINT.

27

28

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 80:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 88 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 81:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

1   Request as Responding Party understands it." This is insufficient and evasive. Diaz

2   must state what efforts he underwent to search for the documents and the reason(s)

3   why no documents exist and/or are not in his possession.

4       Plaintiff respectfully requests that the Court order full and immediate production

5   of all responsive documents, without objection.

6       **Plaintiff's Contention:**

7       In an effort not to further burden the Court with repetitive argument and a

8   ridiculously lengthy joint stipulation (which this unfortunately already is due to

9   Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

10   introductory statement and Diaz's response to the made-up issues that Defendant

11   brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

12   In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

13   Diaz provided a written response to this RPD and produced all responsive non-

14   confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15   15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

16   order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

17   threatened to file a motion for protective order, Defendant tricked Diaz into believing

18   he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

19   have moved for a protective order (while admitting that there is confidential

20   information that requires a protective order in this matter and requesting that the Court

21   award the same relief that Diaz has proposed over and over again). Diaz has moved

22   this Court for entry of a protective order. (Dkt 113).   The Court should deny

23   Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24       **<u>REQUEST FOR PRODUCTION NO. 82:</u>**

25       All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26   allegations of Paragraph 89 of YOUR COMPLAINT.

27

28

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 82:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13   responses were due, he served eighty-give pages in a facially deficient production in
14   response to RFPs requesting every document supporting every substantive claim in his
15   complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.
17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21   his eighty-five pages as required by the rules, and if any of them are responsive to this
22   RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24   to produce the requested materials or state inability to comply and reason for that
25   inability (i.e., that no documents could be found after a "diligent search and reasonable
26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz
must state what efforts he underwent to search for the documents and the reason(s)
why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production
of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a
ridiculously lengthy joint stipulation (which this unfortunately already is due to
Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his
introductory statement and Diaz's response to the made-up issues that Defendant
brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.
In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.
Diaz provided a written response to this RPD and produced all responsive non-
confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶
15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective
order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz
threatened to file a motion for protective order, Defendant tricked Diaz into believing
he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should
have moved for a protective order (while admitting that there is confidential
information that requires a protective order in this matter and requesting that the Court
award the same relief that Diaz has proposed over and over again). Diaz has moved
this Court for entry of a protective order. (Dkt 113).   The Court should deny
Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 83:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
allegations of Paragraph 90 of YOUR COMPLAINT.

## **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 83:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4   nothing in the Rules permits a party to withhold non-confidential responsive

5   documents pending the execution of a protective order for confidential responsive

6   documents.  Plaintiff's failure to produce any substantively responsive documents,

7   explain the efforts he underwent to search for the documents, and provide reason(s)

8   why no documents exist and/or are not in his possession is both inexcusable and

9   sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 91 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 84:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 85:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 92 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 85:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113). The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 86:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 94 of YOUR COMPLAINT.

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 86:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

### Defendant's Contention:

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3  Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10  During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16  Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23  Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 95 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 87:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  <u>See</u> Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 96 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 88:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

### Defendant's Contention:

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz

must state what efforts he underwent to search for the documents and the reason(s)

why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production

of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a

ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

introductory statement and Diaz's response to the made-up issues that Defendant

brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

Diaz provided a written response to this RPD and produced all responsive non-

confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

threatened to file a motion for protective order, Defendant tricked Diaz into believing

he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

have moved for a protective order (while admitting that there is confidential

information that requires a protective order in this matter and requesting that the Court

award the same relief that Diaz has proposed over and over again). Diaz has moved

this Court for entry of a protective order. (Dkt 113).   The Court should deny

Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

allegations of Paragraph 97 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 89:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 98 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 90:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry").  In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 91:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 99 of YOUR COMPLAINT.

## **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 91:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113). The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 101 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 92:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 93:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 102 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 93:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1 order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2 be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4 nothing in the Rules permits a party to withhold non-confidential responsive
5 documents pending the execution of a protective order for confidential responsive
6 documents.  Plaintiff's failure to produce any substantively responsive documents,
7 explain the efforts he underwent to search for the documents, and provide reason(s)
8 why no documents exist and/or are not in his possession is both inexcusable and
9 sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13 responses were due, he served eighty-give pages in a facially deficient production in
14 response to RFPs requesting every document supporting every substantive claim in his
15 complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21 his eighty-five pages as required by the rules, and if any of them are responsive to this
22 RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24 to produce the requested materials or state inability to comply and reason for that
25 inability (i.e., that no documents could be found after a "diligent search and reasonable
26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28 privileged documents in its possession, custody, or control that are responsive to this

1  Request as Responding Party understands it." This is insufficient and evasive. Diaz

2  must state what efforts he underwent to search for the documents and the reason(s)

3  why no documents exist and/or are not in his possession.

4      Plaintiff respectfully requests that the Court order full and immediate production

5  of all responsive documents, without objection.

6      **Plaintiff's Contention:**

7      In an effort not to further burden the Court with repetitive argument and a

8  ridiculously lengthy joint stipulation (which this unfortunately already is due to

9  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

10 introductory statement and Diaz's response to the made-up issues that Defendant

11 brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.

12 In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.

13 Diaz provided a written response to this RPD and produced all responsive non-

14 confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶

15 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective

16 order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz

17 threatened to file a motion for protective order, Defendant tricked Diaz into believing

18 he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should

19 have moved for a protective order (while admitting that there is confidential

20 information that requires a protective order in this matter and requesting that the Court

21 award the same relief that Diaz has proposed over and over again). Diaz has moved

22 this Court for entry of a protective order. (Dkt 113). The Court should deny

23 Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

24      **<u>REQUEST FOR PRODUCTION NO. 94:</u>**

25      All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26 allegations of Paragraph 103 of YOUR COMPLAINT.

27

28

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 94:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 104 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 95:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 96:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 105 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS
NO. 96:**

Responding Party objects to this Request to the extent it seeks information that
is protected by the attorney-client privilege, work product doctrine and/or other
applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections,
Responding Party will produce non-privileged documents in its possession, custody,
or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same
boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page
production is responsive to this request, because Diaz failed to organize and label his
production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any
document production under the guise of desiring that a protective order first be put in
place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party
agrees to produce, as detailed in the responses below, will be produced after the Court
has entered the Protective Order.")  That is not consistent with his discovery
obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and
certain Personally-Identifiable Information, may be confidential and potentially
properly subject to a protective order, but Diaz may not withhold non-confidential
responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing
any documents is a red herring and such an argument should not be credited.  Federal
Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers,
objections, or written response "is not excused on the ground that the discovery sought
was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 97:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 106 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 97:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3         Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10        During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16        Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23        Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 98:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 107 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 98:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3         Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10        During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16        Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23        Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 109 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 99:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 110 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 100:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 101:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 111 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 101:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,

4   nothing in the Rules permits a party to withhold non-confidential responsive

5   documents pending the execution of a protective order for confidential responsive

6   documents.  Plaintiff's failure to produce any substantively responsive documents,

7   explain the efforts he underwent to search for the documents, and provide reason(s)

8   why no documents exist and/or are not in his possession is both inexcusable and

9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 102:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 112 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 102:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 103:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 113 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 103:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry").  In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 114 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 104:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 116 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 105:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3  Here, there is no pending motion for a protective order, and even if there were,

4  nothing in the Rules permits a party to withhold non-confidential responsive

5  documents pending the execution of a protective order for confidential responsive

6  documents.  Plaintiff's failure to produce any substantively responsive documents,

7  explain the efforts he underwent to search for the documents, and provide reason(s)

8  why no documents exist and/or are not in his possession is both inexcusable and

9  sanctionable.

10  During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13  responses were due, he served eighty-give pages in a facially deficient production in

14  response to RFPs requesting every document supporting every substantive claim in his

15  complaint, and every item in his prayer for relief.

16  Diaz' "production" consisted of an email attaching the eighty-five documents.

17  It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was

18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21  his eighty-five pages as required by the rules, and if any of them are responsive to this

22  RFP he must identify them as such.

23  Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24  to produce the requested materials or state inability to comply and reason for that

25  inability (i.e., that no documents could be found after a "diligent search and reasonable

26  inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113). The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 117 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 106:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3      Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10     During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11 documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12 passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13 responses were due, he served eighty-give pages in a facially deficient production in
14 response to RFPs requesting every document supporting every substantive claim in his
15 complaint, and every item in his prayer for relief.

16     Diaz' "production" consisted of an email attaching the eighty-five documents.
17 It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18 not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19 Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20 to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21 his eighty-five pages as required by the rules, and if any of them are responsive to this
22 RFP he must identify them as such.

23     Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24 to produce the requested materials or state inability to comply and reason for that
25 inability (i.e., that no documents could be found after a "diligent search and reasonable
26 inquiry"). In all of his responses, Diaz has not stated that he actually conducted a
27 diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28 privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 118 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 107:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1   order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2   be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3       Here, there is no pending motion for a protective order, and even if there were,
4   nothing in the Rules permits a party to withhold non-confidential responsive
5   documents pending the execution of a protective order for confidential responsive
6   documents.  Plaintiff's failure to produce any substantively responsive documents,
7   explain the efforts he underwent to search for the documents, and provide reason(s)
8   why no documents exist and/or are not in his possession is both inexcusable and
9   sanctionable.

10      During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16      Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23      Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry").  In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 108:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 119 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 108:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3        Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10       During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16       Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23       Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 121 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 109:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 122 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 110:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1  order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must
2  be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3  Here, there is no pending motion for a protective order, and even if there were,
4  nothing in the Rules permits a party to withhold non-confidential responsive
5  documents pending the execution of a protective order for confidential responsive
6  documents.  Plaintiff's failure to produce any substantively responsive documents,
7  explain the efforts he underwent to search for the documents, and provide reason(s)
8  why no documents exist and/or are not in his possession is both inexcusable and
9  sanctionable.

10  During the meet and confer, Diaz' counsel agreed to provide all non-confidential
11  documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week
12  passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his
13  responses were due, he served eighty-give pages in a facially deficient production in
14  response to RFPs requesting every document supporting every substantive claim in his
15  complaint, and every item in his prayer for relief.

16  Diaz' "production" consisted of an email attaching the eighty-five documents.
17  It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
18  not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.
19  Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport
20  to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label
21  his eighty-five pages as required by the rules, and if any of them are responsive to this
22  RFP he must identify them as such.

23  Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree
24  to produce the requested materials or state inability to comply and reason for that
25  inability (i.e., that no documents could be found after a "diligent search and reasonable
26  inquiry").  In all of his responses, Diaz has not stated that he actually conducted a
27  diligent search and reasonable inquiry.  Diaz merely stated that he "will produce non-
28  privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).  The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**<u>REQUEST FOR PRODUCTION NO. 111:</u>**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 123 of YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 111:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection.  Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.")  That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

1    order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must

2    be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

3          Here, there is no pending motion for a protective order, and even if there were,

4    nothing in the Rules permits a party to withhold non-confidential responsive

5    documents pending the execution of a protective order for confidential responsive

6    documents.  Plaintiff's failure to produce any substantively responsive documents,

7    explain the efforts he underwent to search for the documents, and provide reason(s)

8    why no documents exist and/or are not in his possession is both inexcusable and

9    sanctionable.

10         During the meet and confer, Diaz' counsel agreed to provide all non-confidential

11   documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week

12   passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his

13   responses were due, he served eighty-give pages in a facially deficient production in

14   response to RFPs requesting every document supporting every substantive claim in his

15   complaint, and every item in his prayer for relief.

16         Diaz' "production" consisted of an email attaching the eighty-five documents.

17   It was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was

18   not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R.

19   Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport

20   to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label

21   his eighty-five pages as required by the rules, and if any of them are responsive to this

22   RFP he must identify them as such.

23         Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree

24   to produce the requested materials or state inability to comply and reason for that

25   inability (i.e., that no documents could be found after a "diligent search and reasonable

26   inquiry"). In all of his responses, Diaz has not stated that he actually conducted a

27   diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-

28   privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD. Diaz provided a written response to this RPD and produced all responsive non-confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶ 15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz threatened to file a motion for protective order, Defendant tricked Diaz into believing he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should have moved for a protective order (while admitting that there is confidential information that requires a protective order in this matter and requesting that the Court award the same relief that Diaz has proposed over and over again). Diaz has moved this Court for entry of a protective order. (Dkt 113).   The Court should deny Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting every item in the prayer for relief in YOUR COMPLAINT.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 112:

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**Defendant's Contention:**

Plaintiff has not responded to this RFP in substance, only reciting the same boilerplate objection. Defendant does not know whether any of Diaz' eighty-five page production is responsive to this request, because Diaz failed to organize and label his production as required by the Rules.

Instead, contrary to the Federal Rules of Civil Procedure, he had embargoed any document production under the guise of desiring that a protective order first be put in place. See, e.g., RFP response at Page 1:23-24 ("Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.") That is not consistent with his discovery obligations, however, nor is it appropriate under the Federal Rules.

Heredia recognizes that Plaintiff's medical and mental health records, and certain Personally-Identifiable Information, may be confidential and potentially properly subject to a protective order, but Diaz may not withhold non-confidential responsive documents until a protective order is in place.

That Diaz may claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective

order under Rule 26(c)."  An evasive or incomplete response, as Diaz provided, must be treated as a failure to respond.  See Fed. R. Civ. P 37(a)(4).

Here, there is no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.  Plaintiff's failure to produce any substantively responsive documents, explain the efforts he underwent to search for the documents, and provide reason(s) why no documents exist and/or are not in his possession is both inexcusable and sanctionable.

During the meet and confer, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, Montalvo Decl. ¶ 7, but that week passed with no production.  Montalvo Decl. ¶ 9.  Instead, fifty-seven days after his responses were due, he served eighty-give pages in a facially deficient production in response to RFPs requesting every document supporting every substantive claim in his complaint, and every item in his prayer for relief.

Diaz' "production" consisted of an email attaching the eighty-five documents. It was not accompanied by any written responses. Fed. R. Civ. P. 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.   Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules, and if any of them are responsive to this RFP he must identify them as such.

Fed. R. Civ. P. 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). In all of his responses, Diaz has not stated that he actually conducted a diligent search and reasonable inquiry. Diaz merely stated that he "will produce non-privileged documents in its possession, custody, or control that are responsive to this

Request as Responding Party understands it." This is insufficient and evasive. Diaz
must state what efforts he underwent to search for the documents and the reason(s)
why no documents exist and/or are not in his possession.

Plaintiff respectfully requests that the Court order full and immediate production
of all responsive documents, without objection.

**Plaintiff's Contention:**

In an effort not to further burden the Court with repetitive argument and a
ridiculously lengthy joint stipulation (which this unfortunately already is due to
Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his
introductory statement and Diaz's response to the made-up issues that Defendant
brought in RPD No. 1. Because the argument is identical, Diaz will not repeat it here.
In sum, Defendant misrepresented to this Court that Diaz did not respond to this RPD.
Diaz provided a written response to this RPD and produced all responsive non-
confidential documents within his possession, custody or control. (Vázquez Decl. ¶¶
15-16, Exs. I-J). Diaz demanded more than 10 times that Defendant sign a protective
order to release the confidential documents. (Id. ¶¶ 12-25, Exs. F-T). After Diaz
threatened to file a motion for protective order, Defendant tricked Diaz into believing
he would sign the protective order. (Id. ¶ 26-27). Only to now argue that Diaz should
have moved for a protective order (while admitting that there is confidential
information that requires a protective order in this matter and requesting that the Court
award the same relief that Diaz has proposed over and over again). Diaz has moved
this Court for entry of a protective order. (Dkt 113).   The Court should deny
Defendant's motion and award Diaz sanctions to recover his attorneys' fees.

**1.  Defendant's Motion To Compel Responses To First Requests For
Admissions To Plaintiff.**

Federal Rule of Civil Procedure 36 permits a party to serve on any other party a
written request to admit … the truth of any matters within the scope of discovery. See
Inland Empire Waterkeeper v. Corono Clay Co., 13 F.4th 917, 928 (9th Cir. 2021).

(citation omitted). "[T]he rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice." See id. (citation omitted). For Rule 36 to be effective, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge. See id. (citation omitted).

On January 28, 2022, pursuant to Rule 36, Defendant propounded sixty-four Requests for Admission to Plaintiff. In response to those sixty-four Requests for Admission, on March 1, 2022, Diaz untimely objected to each with the same two improper boilerplate objections. These objections, repeated identically sixty-four times over, are inappropriate, as discussed below. Heredia requests that the Court order each Request for Admission be deemed admitted. Fed. R. Civ. P. 36(a)(3). Although the effect of failing to respond to a request for admission is clearly set forth in the rules, Heredia would alternatively seek an order compelling Diaz' response to each RFA, without objection, if the Court does not deem his requests admitted by Diaz.

### b. Diaz' Responses to the RFAs Were Late and Should Be Deemed Admitted.

Heredia served his Requests for Admission on Diaz on January 28, 2022; under Rules 6 and 36, Diaz' response was due by February 28, 2022. Diaz' response, consisting only of invalid objections, was served out of time on March 1, 2022. The untimeliness of Diaz' response, independent of the merit of his objections, warrants deeming each matter addressed in each RFA admitted.

Rule 36(a)(3) provides in pertinent part, "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." As Diaz did not serve "a written answer or objection" within the required thirty days, under Rule 36, each matter is admitted. Thus, Heredia seeks entry of an order deeming admitted the matters contained in all sixty-four RFAs.

1

### c. Plaintiff's Objections are Improper

2   Diaz' untimely responses to Heredia's RFAs are sufficient to support an order

3   deeming the RFAs admitted.  If the Court were disinclined to deem the RFAs admitted,

4   Diaz' boilerplate irrelevant objections should be stricken, and Diaz ordered to respond

5   without objection to each RFA.

6   Each Request is addressed separately as required by the rules. However, because

7   Diaz repeated the same two objections to each RFA, Heredia's argument is necessarily

8   identical as to each RFA.

9   <u>**Plaintiff's Response:**</u>

10   This additional section is wholly improper and in violation of Local Rule 37.2.2.

11   Diaz requests that the Court strike this entire section and refers the Court to Diaz's

12   arguments and points and authorities discussed above.

13

14   **REQUEST FOR ADMISSION NO. 1:**

15   Admit that the documents marked Heredia Exh003-010 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

16

17   Diaz specifically objects to this Request on the grounds that it is vague and

18   ambiguous. Diaz further denies this Request for failing to comply with Federal Rule

19   of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the

20   genuineness of a document must be accompanied by a copy of the document unless it

21   is, or has been, otherwise furnished or made available for inspection and copying."

22   This Request fails to attach any document and improperly requests Diaz to admit to

23   the genuineness of a document unrelated to this action.

24   Subject to and without waiving the foregoing general and specific objections,

25   Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

26   unable to admit or deny this Request and, on that basis, Diaz denies this Request.

27   **Defendant's Contentions:**

**The RFA is not vague and ambiguous**

28   This RFA is not vague or ambiguous. It identifies, by Bates number, documents

in Diaz' possession at the time the RFA was served. This is explicitly allowed by
Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the
genuineness of a document … be accompanied by a copy of the document unless it
is, or has been, otherwise furnished or made available for inspection and copying."
That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-
numbered documents. Those documents were defined within the RFAs: "12. 'Heredia
Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to
his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for
Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,
Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for
Admissions to be vague and ambiguous, and thus fall short of what is required. In the
context of objections claiming a Request for Admission is compound, ambiguous and
vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz
"could have 'set forth in detail the reasons why [he could not] truthfully admit or deny
the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each
Request for Admission, which identifies each document by defined, Bates or exhibit
number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable
meaningfully to determine what Diaz finds objectionable, because Diaz did not
explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need
Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach
any document and improperly requests Diaz to admit to the genuineness of a
document unrelated to this action" it "renders Diaz unable to admit or deny this
Request and, on that basis, Diaz denies this Request." This ignores that Diaz already
has the documents, so they were not required to be provided again.

1    Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

2    genuineness of a document must be accompanied by a copy of the document unless it

3    is, or has been, otherwise furnished or made available for inspection and copying."

4    Thus, the document in question need not be attached to the Request for Admission.

5    Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

6    …."

7    Each document has been otherwise furnished to Diaz. The Bates-stamped

8    documents in this RFA were "otherwise furnished" to Diaz. The definition states that

9    the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

10   for Judgment in this very action. He cannot fairly say they have not been provided to

11   him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

12   they were provided as part of a December 3, 2021 document production to Diaz by

13   Heredia, which Heredia understands Diaz may be claiming he never received but

14   which he has never clarified when asked. Second, upon learning of that belief, Heredia

15   provided the same documents to Diaz by email on February 7, 2022.

16   There can be no doubt that Diaz has been "otherwise furnished" with the

17   documents referenced in the first fifty-four Requests for Admission.

18   Notably, Diaz never communicated his confusion about the Bates-stamped

19   documents to Heredia. Had he done so, Heredia would have worked with Diaz to

20   clarify any confusion.

21   Finally, there is no requirement that the genuineness of a document needs to be

22   admissible in the action. "Parties may obtain discovery regarding any nonprivileged

23   matter that is relevant to any party's claim or defense and proportional to the needs of

24   the case, considering the importance of the issues at stake in the action, the amount in

25   controversy, the parties' relative access to relevant information, the parties' resources,

26   the importance of the discovery in resolving the issues, and whether the burden or

27   expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need

28

not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

Defendant incomprehensibly defines "'Heredia Exhxxx,' where 'xxx' is a three digit number refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action." Diaz assumes that this RFA corresponds to a document contained in that motion. Yet the exhibits to the motion for judgment on the pleadings are labeled 1 through 16. (Vázquez Decl. ¶ 4, Dkt. No. 83). And those documents are not Bates-labeled. (Id.). Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Indeed, no attorney would allow a client to admit to the genuineness of documents to which there is any uncertainty, let alone complete confusion.

Defendant falsely represents to this Court: "Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion." Nothing could be further from the truth. Diaz specifically cited Rule 36 and stated in his response "This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action." In addition, during the parties' meet and confer call on April 13, 2022, Diaz's counsel stated that he could not admit to documents that he cannot locate or that are not part of this litigation. Diaz then proposed that Defendant create a folder with the documents labeled by RFA number so that both parties could be on the same page as to the documents that were referred to in each RFA and so that Defendant did not have to spend time redrafting the RFAs. (Vázquez Decl. ¶ 27-28). In response, Defense counsel stated that his team would discuss internally this proposal, but Defense counsel never got back to Diaz despite his follow up request. (Id.) Instead, on April 29, 2022, Defendant sandbagged Diaz with a 353-page Joint Stipulation replete with fabrication asking the Court to unnecessarily spend time and resources to resolve this dispute. (Id. ¶ 29-32, Exs. V-X). When confronted with this fact, Defense counsel stated: "Our refusal to agree is not lack of good faith, but an unwillingness to consider your positions compliant with your discovery

obligations…The joint stipulation itself contains a proposed resolution." (Id.). No such "resolution" was proposed by Defendant either during the so-called "meet and confer" process or in the Joint Stipulation—and Defendant did not even advise the Court of Diaz's proposed resolution. See Rahmatullah v. Charter Comm., Inc., 2021 WL 1593242, at *7 (C.D. Cal. March 25, 2021) (admonishing plaintiff as the moving party because "[i]f plaintiff thought this was still an unsatisfactory response, he should have acknowledged defendant's offer in the Joint Stipulation and explained his basis for rejecting it. Instead, he represented to the court that defendant refused to answer either positively or negatively, which was untrue."). Defendant's arguments "evince [his] failure to make a good faith effort to work with [Diaz] to eliminate as many disputes as possible… it is the parties who are in the best position to resolve their differences promptly and with less expense." Id. at *3. Defendant's "decision to abandon meet-and-confer negotiations prematurely and burden the court's time and resources" with an over 600-page joint stipulation is sanctionable. Id. at * 7 ("Any reasonable litigant in this district would think twice before filing a 223-page discovery motion without conducting a thorough meet and confer involving at least one verbal exchange about each discovery request at issue. Here, plaintiff failed to have even one such conversation about the specific disputes at issue regarding each of his discovery requests.") (citing Mulligan v. Nichols, 2013 WL 12124004, at *2 (C.D. Cal. July 12, 2013)) (warning against "inadequate meet and confer efforts which result in unnecessary 100-page discovery motions"). In violation of Local Rule 37-2.1, Defendant notably fails to advise the Court about how he "proposed to resolve the dispute over that issue at the conference of counsel," because Defendant did.

The simple solution to this dispute, which Diaz repeatedly proposed to Defendant, is for Defendant to provide the documents that pertain to his RFA. Defendant has failed to explain why it is not possible to comply with this very simple request. Presumably, it would have taken Defendant only a few minutes to gather these documents (which surely Defendant gathered and reviewed while preparing the RFAs),

as opposed to the 40 hours that Defendant claims it took to prepare the Motion. It is inconceivable why Defendant chose not to resolve this ambiguity in the simple manner that Diaz proposed and instead opted to unnecessarily waste this Court's time and resources and drive up the costs of this litigation. Defendant's refusal to provide the specific documents for which he seeks admissions can only be construed as an attempt to "trick" Diaz. But the Federal Rules are to be administered to secure the just, speedy, and inexpensive determination of every action and proceeding. Duarte Nursery, Inc. v. United States Army Corps of Engineers, 2015 WL 7188227, at * 3 (E.D. Cal. Nov. 16, 2015) (citing Fed. R. Civ. P. 1). They are "not to be used...in the hope that a party's adversary will simply concede essential elements." Id.

As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error)—and leaving aside the fact that Defendant failed to comply with Rule 36 in an apparent attempt to trick Diaz—Defendant has been unable to show any prejudice for this purported one-day delay. A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 256 (C.D. Cal. 2006) (The minimal tardiness of a two-day delay in plaintiff's responses to RFAs was not grounds to deem the requests admitted, since plaintiff could not show it had been prejudiced by the delay) (citing Nguyen v. CNA Corp., 44 F.3d 234, 242–43 (4th Cir.1995) (district court did not abuse discretion in refusing to deem admitted requests for admission when responses were one day late, given minimal delay and circumstances surrounding delay). In fact, Defendant waited until April 11, 2022 to even bring up the purported tardiness of these responses. (Vázquez Decl. ¶ 26). "Moreover, public policy resoundingly favors resolving a case on its merits." Duarte Nursery, 2015 WL 7188227, at * 3.

Given that there is no legitimate reason to burden this Court with this dispute, Defendant and his counsel, The Federal Practice Group, should be sanctioned for their gamesmanship, bad faith tactics and "egregious" violation Local Rule 37-1. See Rahmatullah, 2021 WL 1593242, at * 7. The Court should award sanctions against

Defendant and his counsel, The Federal Practice Group, pursuant to L.R. 37-4 and L.R. 83-7. (Vázquez Decl. ¶ 33-43). <u>Benke</u>, 2012 WL 12885102, at *8 ("The type of machinations engaged in by … counsel merit a substantial sanction, and the Court therefore sanctions … counsel in the full amount requested in the Opposition to both Motions. The parameters of discovery and the applicable legal standards thereto are largely the province of attorneys, not their clients. Consequently, an attorney's fees award is ordinarily imposed against counsel.")

**REQUEST FOR ADMISSION NO. 2:**

Admit that the documents marked Heredia Exh012-014 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

…."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 3:**

    Admit that the documents marked Heredia Exh016-023 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

        Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

1   unable to admit or deny this Request and, on that basis, Diaz denies this Request.

2   **Defendant's Contentions:**

3   **The RFA is not vague and ambiguous**

4       This RFA is not vague or ambiguous. It identifies, by Bates number, documents

5   in Diaz' possession at the time the RFA was served. This is explicitly allowed by

6   Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

7   genuineness of a document … be accompanied by a copy of the document unless it

8   is, or has been, otherwise furnished or made available for inspection and copying."

9   That is precisely what occurred here.

10       This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

11   numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

12   Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

13   his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

14   Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

15   Diaz was already in possession of the defined documents.

16       Diaz' boilerplate objections fail to detail why he believed the Request for

17   Admissions to be vague and ambiguous, and thus fall short of what is required. In the

18   context of objections claiming a Request for Admission is compound, ambiguous and

19   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

20   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

21   the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each

22   Request for Admission, which identifies each document by defined, Bates or exhibit

23   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

24   meaningfully to determine what Diaz finds objectionable, because Diaz did not

25   explain his confusion at what he claimed was a vague and ambiguous request.

26   **Diaz Already Has the Documents Referenced in the RFA and They Need**

27   **Not Be Related to This Action.**

28       Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id</u>.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the documents marked Heredia Exh023-036 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Diaz specifically objects to this Request on the grounds that it is vague and

ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

362

the matter.' Fed. R. Civ. P. 36(a)." <u>Id</u>. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

1   documents referenced in the first fifty-four Requests for Admission.

2       Notably, Diaz never communicated his confusion about the Bates-stamped

3   documents to Heredia. Had he done so, Heredia would have worked with Diaz to

4   clarify any confusion.

5       Finally, there is no requirement that the genuineness of a document needs to be

6   admissible in the action. "Parties may obtain discovery regarding any nonprivileged

7   matter that is relevant to any party's claim or defense and proportional to the needs of

8   the case, considering the importance of the issues at stake in the action, the amount in

9   controversy, the parties' relative access to relevant information, the parties' resources,

10  the importance of the discovery in resolving the issues, and whether the burden or

11  expense     of     the     proposed     discovery     outweighs     its     likely     benefit."

12  Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need

13  not be admissible in evidence to be discoverable." Id.

14  **Plaintiff's Contentions:**

15      In an effort not to further burden the Court with repetitive argument and a

16  ridiculously lengthy joint stipulation (which this unfortunately already is due to

17  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

18  introductory statement and Diaz's response to the made-up issues that Defendant

19  brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.

20  In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

21  Defendant illogically refused to provide the actual documents for which it sought

22  admissions or to identify the documents by Bates-stamp number. Diaz proposed a

23  reasonable and cost-effective solution that would have taken Defendant only a few

24  minutes. While Defendant represented that he would consider the proposal, Defendant

25  later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours

26  to prepare. As for Defendant's argument that the RFAs must somehow be deemed

27  admitted because supposedly the responses were one day late (due to a calendaring

28  error), Defendant has been unable to show any prejudice for this purported one-day

---

delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the documents marked Heredia Exh038-052 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that

the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the document marked Heredia Exh054 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents

in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous. Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

1    Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

2   genuineness of a document must be accompanied by a copy of the document unless it

3   is, or has been, otherwise furnished or made available for inspection and copying."

4   Thus, the document in question need not be attached to the Request for Admission.

5   Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

6   …."

7    Each document has been otherwise furnished to Diaz. The Bates-stamped

8   documents in this RFA were "otherwise furnished" to Diaz. The definition states that

9   the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

10  for Judgment in this very action. He cannot fairly say they have not been provided to

11  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

12  they were provided as part of a December 3, 2021 document production to Diaz by

13  Heredia, which Heredia understands Diaz may be claiming he never received but

14  which he has never clarified when asked. Second, upon learning of that belief, Heredia

15  provided the same documents to Diaz by email on February 7, 2022.

16   There can be no doubt that Diaz has been "otherwise furnished" with the

17  documents referenced in the first fifty-four Requests for Admission.

18   Notably, Diaz never communicated his confusion about the Bates-stamped

19  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

20  clarify any confusion.

21   Finally, there is no requirement that the genuineness of a document needs to be

22  admissible in the action. "Parties may obtain discovery regarding any nonprivileged

23  matter that is relevant to any party's claim or defense and proportional to the needs of

24  the case, considering the importance of the issues at stake in the action, the amount in

25  controversy, the parties' relative access to relevant information, the parties' resources,

26  the importance of the discovery in resolving the issues, and whether the burden or

27  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

28  26(b)(1). Further, "[i]nformation within this scope of discovery need

1    not be admissible in evidence to be discoverable." Id.

2         **Plaintiff's Contentions:**

3         In an effort not to further burden the Court with repetitive argument and a

4    ridiculously lengthy joint stipulation (which this unfortunately already is due to

5    Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

6    introductory statement and Diaz's response to the made-up issues that Defendant

7    brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.

8    In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

9    Defendant illogically refused to provide the actual documents for which it sought

10   admissions or to identify the documents by Bates-stamp number. Diaz proposed a

11   reasonable and cost-effective solution that would have taken Defendant only a few

12   minutes. While Defendant represented that he would consider the proposal, Defendant

13   later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours

14   to prepare. As for Defendant's argument that the RFAs must somehow be deemed

15   admitted because supposedly the responses were one day late (due to a calendaring

16   error), Defendant has been unable to show any prejudice for this purported one-day

17   delay. The law is clear that this minimal delay that does not cause prejudice is not

18   sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to

19   burden this Court with this dispute, the Court may properly deny Defendant's motion

20   and award sanctions against Defendant and his counsel.

21
22   **REQUEST FOR ADMISSION NO. 7:**

23        Admit that the documents marked Heredia Exh055-056 are genuine.
     **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**
24
25        Diaz specifically objects to this Request on the grounds that it is vague and

26   ambiguous. Diaz further denies this Request for failing to comply with Federal Rule

27   of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the

28   genuineness of a document must be accompanied by a copy of the document unless it

     is, or has been, otherwise furnished or made available for inspection and copying."

---

This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not

1   explain his confusion at what he claimed was a vague and ambiguous request.

2   **Diaz Already Has the Documents Referenced in the RFA and They Need**

3   **Not Be Related to This Action.**

4   Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

5   any document and improperly requests Diaz to admit to the genuineness of a

6   document unrelated to this action" it "renders Diaz unable to admit or deny this

7   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

8   has the documents, so they were not required to be provided again.

9   Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

10  genuineness of a document must be accompanied by a copy of the document unless it

11  is, or has been, otherwise furnished or made available for inspection and copying."

12  Thus, the document in question need not be attached to the Request for Admission.

13  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

14  …."

15  Each document has been otherwise furnished to Diaz. The Bates-stamped

16  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

17  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

18  for Judgment in this very action. He cannot fairly say they have not been provided to

19  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

20  they were provided as part of a December 3, 2021 document production to Diaz by

21  Heredia, which Heredia understands Diaz may be claiming he never received but

22  which he has never clarified when asked. Second, upon learning of that belief, Heredia

23  provided the same documents to Diaz by email on February 7, 2022.

24  There can be no doubt that Diaz has been "otherwise furnished" with the

25  documents referenced in the first fifty-four Requests for Admission.

26  Notably, Diaz never communicated his confusion about the Bates-stamped

27  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

28  clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the documents marked Heredia Exh058-072 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for

375

Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by

Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant

later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the documents marked Heredia Exh074-082 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

1   That is precisely what occurred here.

2       This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

3   numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

4   Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

5   his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

6   Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

7   Diaz was already in possession of the defined documents.

8       Diaz' boilerplate objections fail to detail why he believed the Request for

9   Admissions to be vague and ambiguous, and thus fall short of what is required. In the

10  context of objections claiming a Request for Admission is compound, ambiguous and

11  vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

12  "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

13  the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each

14  Request for Admission, which identifies each document by defined, Bates or exhibit

15  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

16  meaningfully to determine what Diaz finds objectionable, because Diaz did not

17  explain his confusion at what he claimed was a vague and ambiguous request.

18      **Diaz Already Has the Documents Referenced in the RFA and They Need**

19  **Not Be Related to This Action.**

20      Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

21  any document and improperly requests Diaz to admit to the genuineness of a

22  document unrelated to this action" it "renders Diaz unable to admit or deny this

23  Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

24  has the documents, so they were not required to be provided again.

25      Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

26  genuineness of a document must be accompanied by a copy of the document unless it

27  is, or has been, otherwise furnished or made available for inspection and copying."

28  Thus, the document in question need not be attached to the Request for Admission.

Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the documents marked Heredia Exh084-085 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

1   unable to admit or deny this Request and, on that basis, Diaz denies this Request.

2   **Defendant's Contentions:**

3   **The RFA is not vague and ambiguous**

4   This RFA is not vague or ambiguous. It identifies, by Bates number, documents

5   in Diaz' possession at the time the RFA was served. This is explicitly allowed by

6   Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

7   genuineness of a document … be accompanied by a copy of the document unless it

8   is, or has been, otherwise furnished or made available for inspection and copying."

9   That is precisely what occurred here.

10   This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

11   numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

12   Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

13   his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

14   Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

15   Diaz was already in possession of the defined documents.

16   Diaz' boilerplate objections fail to detail why he believed the Request for

17   Admissions to be vague and ambiguous, and thus fall short of what is required. In the

18   context of objections claiming a Request for Admission is compound, ambiguous and

19   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

20   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

21   the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each

22   Request for Admission, which identifies each document by defined, Bates or exhibit

23   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

24   meaningfully to determine what Diaz finds objectionable, because Diaz did not

25   explain his confusion at what he claimed was a vague and ambiguous request.

26   **Diaz Already Has the Documents Referenced in the RFA and They Need**

27   **Not Be Related to This Action.**

28   Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the documents marked Heredia Exh087-116 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Diaz specifically objects to this Request on the grounds that it is vague and

1  ambiguous. Diaz further denies this Request for failing to comply with Federal Rule

2  of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the

3  genuineness of a document must be accompanied by a copy of the document unless it

4  is, or has been, otherwise furnished or made available for inspection and copying."

5  This Request fails to attach any document and improperly requests Diaz to admit to

6  the genuineness of a document unrelated to this action.

7       Subject to and without waiving the foregoing general and specific objections,

8  Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

9  unable to admit or deny this Request and, on that basis, Diaz denies this Request.

10  **Defendant's Contentions:**

11  **The RFA is not vague and ambiguous**

12       This RFA is not vague or ambiguous. It identifies, by Bates number, documents

13  in Diaz' possession at the time the RFA was served. This is explicitly allowed by

14  Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

15  genuineness of a document … be accompanied by a copy of the document unless it

16  is, or has been, otherwise furnished or made available for inspection and copying."

17  That is precisely what occurred here.

18       This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

19  numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

20  Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

21  his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

22  Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

23  Diaz was already in possession of the defined documents.

24       Diaz' boilerplate objections fail to detail why he believed the Request for

25  Admissions to be vague and ambiguous, and thus fall short of what is required. In the

26  context of objections claiming a Request for Admission is compound, ambiguous and

27  vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

28  "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

the matter.' Fed. R. Civ. P. 36(a)." <u>Id</u>. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

1  documents referenced in the first fifty-four Requests for Admission.

2      Notably, Diaz never communicated his confusion about the Bates-stamped

3  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

4  clarify any confusion.

5      Finally, there is no requirement that the genuineness of a document needs to be

6  admissible in the action. "Parties may obtain discovery regarding any nonprivileged

7  matter that is relevant to any party's claim or defense and proportional to the needs of

8  the case, considering the importance of the issues at stake in the action, the amount in

9  controversy, the parties' relative access to relevant information, the parties' resources,

10  the importance of the discovery in resolving the issues, and whether the burden or

11  expense   of   the   proposed   discovery   outweighs   its   likely   benefit."

12  Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need

13  not be admissible in evidence to be discoverable." Id.

14      **Plaintiff's Contentions:**

15      In an effort not to further burden the Court with repetitive argument and a

16  ridiculously lengthy joint stipulation (which this unfortunately already is due to

17  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

18  introductory statement and Diaz's response to the made-up issues that Defendant

19  brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.

20  In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

21  Defendant illogically refused to provide the actual documents for which it sought

22  admissions or to identify the documents by Bates-stamp number. Diaz proposed a

23  reasonable and cost-effective solution that would have taken Defendant only a few

24  minutes. While Defendant represented that he would consider the proposal, Defendant

25  later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours

26  to prepare. As for Defendant's argument that the RFAs must somehow be deemed

27  admitted because supposedly the responses were one day late (due to a calendaring

28  error), Defendant has been unable to show any prejudice for this purported one-day

delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the document marked Heredia Exh118 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P. 36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that

the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

for Judgment in this very action. He cannot fairly say they have not been provided to

him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

they were provided as part of a December 3, 2021 document production to Diaz by

Heredia, which Heredia understands Diaz may be claiming he never received but

which he has never clarified when asked. Second, upon learning of that belief, Heredia

provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped

documents to Heredia. Had he done so, Heredia would have worked with Diaz to

clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be

admissible in the action. "Parties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of

the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit."

Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need

not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a

ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

introductory statement and Diaz's response to the made-up issues that Defendant

brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.

In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the documents marked Heredia Exh120-128 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents

in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be

admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the documents marked Heredia Exh130-157 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous. Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not

1   explain his confusion at what he claimed was a vague and ambiguous request.

2   **Diaz Already Has the Documents Referenced in the RFA and They Need**
3   **Not Be Related to This Action.**

4   Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach
5   any document and improperly requests Diaz to admit to the genuineness of a
6   document unrelated to this action" it "renders Diaz unable to admit or deny this
7   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already
8   has the documents, so they were not required to be provided again.

9   Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the
10  genuineness of a document must be accompanied by a copy of the document unless it
11  is, or has been, otherwise furnished or made available for inspection and copying."
12  Thus, the document in question need not be attached to the Request for Admission.
13  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished
14  …."

15  Each document has been otherwise furnished to Diaz. The Bates-stamped
16  documents in this RFA were "otherwise furnished" to Diaz. The definition states that
17  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion
18  for Judgment in this very action. He cannot fairly say they have not been provided to
19  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,
20  they were provided as part of a December 3, 2021 document production to Diaz by
21  Heredia, which Heredia understands Diaz may be claiming he never received but
22  which he has never clarified when asked. Second, upon learning of that belief, Heredia
23  provided the same documents to Diaz by email on February 7, 2022.

24  There can be no doubt that Diaz has been "otherwise furnished" with the
25  documents referenced in the first fifty-four Requests for Admission.

26  Notably, Diaz never communicated his confusion about the Bates-stamped
27  documents to Heredia. Had he done so, Heredia would have worked with Diaz to
28  clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the documents marked Heredia Exh159-163 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for

Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by

Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant

later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 16:**
Admit that the document marked Heredia Exh166 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

1    That is precisely what occurred here.

2         This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

3    numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

4    Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

5    his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

6    Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

7    Diaz was already in possession of the defined documents.

8         Diaz' boilerplate objections fail to detail why he believed the Request for

9    Admissions to be vague and ambiguous, and thus fall short of what is required. In the

10   context of objections claiming a Request for Admission is compound, ambiguous and

11   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

12   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

13   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

14   Request for Admission, which identifies each document by defined, Bates or exhibit

15   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

16   meaningfully to determine what Diaz finds objectionable, because Diaz did not

17   explain his confusion at what he claimed was a vague and ambiguous request.

18        **Diaz Already Has the Documents Referenced in the RFA and They Need**

19   **Not Be Related to This Action.**

20        Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

21   any document and improperly requests Diaz to admit to the genuineness of a

22   document unrelated to this action" it "renders Diaz unable to admit or deny this

23   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

24   has the documents, so they were not required to be provided again.

25        Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

26   genuineness of a document must be accompanied by a copy of the document unless it

27   is, or has been, otherwise furnished or made available for inspection and copying."

28   Thus, the document in question need not be attached to the Request for Admission.

1   Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished
2   …."

3      Each document has been otherwise furnished to Diaz. The Bates-stamped
4   documents in this RFA were "otherwise furnished" to Diaz. The definition states that
5   the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion
6   for Judgment in this very action. He cannot fairly say they have not been provided to
7   him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,
8   they were provided as part of a December 3, 2021 document production to Diaz by
9   Heredia, which Heredia understands Diaz may be claiming he never received but
10  which he has never clarified when asked. Second, upon learning of that belief, Heredia
11  provided the same documents to Diaz by email on February 7, 2022.

12     There can be no doubt that Diaz has been "otherwise furnished" with the
13  documents referenced in the first fifty-four Requests for Admission.

14     Notably, Diaz never communicated his confusion about the Bates-stamped
15  documents to Heredia. Had he done so, Heredia would have worked with Diaz to
16  clarify any confusion.

17     Finally, there is no requirement that the genuineness of a document needs to be
18  admissible in the action. "Parties may obtain discovery regarding any nonprivileged
19  matter that is relevant to any party's claim or defense and proportional to the needs of
20  the case, considering the importance of the issues at stake in the action, the amount in
21  controversy, the parties' relative access to relevant information, the parties' resources,
22  the importance of the discovery in resolving the issues, and whether the burden or
23  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.
24  26(b)(1). Further, "[i]nformation within this scope of discovery need not be
25  admissible in evidence to be discoverable." Id.

26  **Plaintiff's Contentions:**

27     In an effort not to further burden the Court with repetitive argument and a
28  ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the documents marked Heredia Exh168-169 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

1   unable to admit or deny this Request and, on that basis, Diaz denies this Request.

2   **Defendant's Contentions:**

3   **The RFA is not vague and ambiguous**

4       This RFA is not vague or ambiguous. It identifies, by Bates number, documents

5   in Diaz' possession at the time the RFA was served. This is explicitly allowed by

6   Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

7   genuineness of a document … be accompanied by a copy of the document unless it

8   is, or has been, otherwise furnished or made available for inspection and copying."

9   That is precisely what occurred here.

10       This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

11   numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

12   Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

13   his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

14   Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

15   Diaz was already in possession of the defined documents.

16       Diaz' boilerplate objections fail to detail why he believed the Request for

17   Admissions to be vague and ambiguous, and thus fall short of what is required. In the

18   context of objections claiming a Request for Admission is compound, ambiguous and

19   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

20   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

21   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

22   Request for Admission, which identifies each document by defined, Bates or exhibit

23   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

24   meaningfully to determine what Diaz finds objectionable, because Diaz did not

25   explain his confusion at what he claimed was a vague and ambiguous request.

26   **Diaz Already Has the Documents Referenced in the RFA and They Need**

27   **Not Be Related to This Action.**

28       Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

### Plaintiff's Contentions:

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 18:**
Admit that the documents marked Heredia Exh171-185 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Diaz specifically objects to this Request on the grounds that it is vague and

ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

the matter.' Fed. R. Civ. P.36(a)." <u>Id</u>. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day

delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the documents marked Heredia Exh187-189 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that

the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the documents marked Heredia Exh191-193 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents

in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be

admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the documents marked Heredia Exh195-203 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not

explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the documents marked Heredia Exh205-209 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for

Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by

Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant

later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the documents marked Heredia Exh221-224 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

1    That is precisely what occurred here.

2         This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

3    numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

4    Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

5    his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

6    Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

7    Diaz was already in possession of the defined documents.

8         Diaz' boilerplate objections fail to detail why he believed the Request for

9    Admissions to be vague and ambiguous, and thus fall short of what is required. In the

10   context of objections claiming a Request for Admission is compound, ambiguous and

11   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

12   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

13   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

14   Request for Admission, which identifies each document by defined, Bates or exhibit

15   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

16   meaningfully to determine what Diaz finds objectionable, because Diaz did not

17   explain his confusion at what he claimed was a vague and ambiguous request.

18   **Diaz Already Has the Documents Referenced in the RFA and They Need**

19   **Not Be Related to This Action.**

20        Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

21   any document and improperly requests Diaz to admit to the genuineness of a

22   document unrelated to this action" it "renders Diaz unable to admit or deny this

23   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

24   has the documents, so they were not required to be provided again.

25        Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

26   genuineness of a document must be accompanied by a copy of the document unless it

27   is, or has been, otherwise furnished or made available for inspection and copying."

28   Thus, the document in question need not be attached to the Request for Admission.

1  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished
2  …."

3       Each document has been otherwise furnished to Diaz. The Bates-stamped
4  documents in this RFA were "otherwise furnished" to Diaz. The definition states that
5  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion
6  for Judgment in this very action. He cannot fairly say they have not been provided to
7  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,
8  they were provided as part of a December 3, 2021 document production to Diaz by
9  Heredia, which Heredia understands Diaz may be claiming he never received but
10 which he has never clarified when asked. Second, upon learning of that belief, Heredia
11 provided the same documents to Diaz by email on February 7, 2022.

12      There can be no doubt that Diaz has been "otherwise furnished" with the
13 documents referenced in the first fifty-four Requests for Admission.

14      Notably, Diaz never communicated his confusion about the Bates-stamped
15 documents to Heredia. Had he done so, Heredia would have worked with Diaz to
16 clarify any confusion.

17      Finally, there is no requirement that the genuineness of a document needs to be
18 admissible in the action. "Parties may obtain discovery regarding any nonprivileged
19 matter that is relevant to any party's claim or defense and proportional to the needs of
20 the case, considering the importance of the issues at stake in the action, the amount in
21 controversy, the parties' relative access to relevant information, the parties' resources,
22 the importance of the discovery in resolving the issues, and whether the burden or
23 expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.
24 26(b)(1). Further, "[i]nformation within this scope of discovery need not be
25 admissible in evidence to be discoverable." Id.

26 **Plaintiff's Contentions:**

27      In an effort not to further burden the Court with repetitive argument and a
28 ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the documents marked Heredia Exh226-227 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

1  unable to admit or deny this Request and, on that basis, Diaz denies this Request.

2  **Defendant's Contentions:**

3  **The RFA is not vague and ambiguous**

4  This RFA is not vague or ambiguous. It identifies, by Bates number, documents

5  in Diaz' possession at the time the RFA was served. This is explicitly allowed by

6  Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

7  genuineness of a document … be accompanied by a copy of the document unless it

8  is, or has been, otherwise furnished or made available for inspection and copying."

9  That is precisely what occurred here.

10  This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

11  numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

12  Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

13  his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

14  Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

15  Diaz was already in possession of the defined documents.

16  Diaz' boilerplate objections fail to detail why he believed the Request for

17  Admissions to be vague and ambiguous, and thus fall short of what is required. In the

18  context of objections claiming a Request for Admission is compound, ambiguous and

19  vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

20  "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

21  the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

22  Request for Admission, which identifies each document by defined, Bates or exhibit

23  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

24  meaningfully to determine what Diaz finds objectionable, because Diaz did not

25  explain his confusion at what he claimed was a vague and ambiguous request.

26  **Diaz Already Has the Documents Referenced in the RFA and They Need**

27  **Not Be Related to This Action.**

28  Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

---

428

any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the documents marked Heredia Exh229-233 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Diaz specifically objects to this Request on the grounds that it is vague and

ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day

delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the documents marked Heredia Exh235-244 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document ... be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that

the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the documents marked Heredia Exh246-249 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents

in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be

admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the documents marked Heredia Exh251-254 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not

1   explain his confusion at what he claimed was a vague and ambiguous request.

2   **Diaz Already Has the Documents Referenced in the RFA and They Need**

3   **Not Be Related to This Action.**

4       Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

5   any document and improperly requests Diaz to admit to the genuineness of a

6   document unrelated to this action" it "renders Diaz unable to admit or deny this

7   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

8   has the documents, so they were not required to be provided again.

9       Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

10  genuineness of a document must be accompanied by a copy of the document unless it

11  is, or has been, otherwise furnished or made available for inspection and copying."

12  Thus, the document in question need not be attached to the Request for Admission.

13  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

14  …."

15      Each document has been otherwise furnished to Diaz. The Bates-stamped

16  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

17  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

18  for Judgment in this very action. He cannot fairly say they have not been provided to

19  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

20  they were provided as part of a December 3, 2021 document production to Diaz by

21  Heredia, which Heredia understands Diaz may be claiming he never received but

22  which he has never clarified when asked. Second, upon learning of that belief, Heredia

23  provided the same documents to Diaz by email on February 7, 2022.

24      There can be no doubt that Diaz has been "otherwise furnished" with the

25  documents referenced in the first fifty-four Requests for Admission.

26      Notably, Diaz never communicated his confusion about the Bates-stamped

27  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

28  clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the documents marked Heredia Exh256-265 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for

Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished ...."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by

Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant

later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the documents marked Heredia Exh267-284 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

1    That is precisely what occurred here.

2           This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

3    numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

4    Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

5    his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

6    Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

7    Diaz was already in possession of the defined documents.

8           Diaz' boilerplate objections fail to detail why he believed the Request for

9    Admissions to be vague and ambiguous, and thus fall short of what is required. In the

10   context of objections claiming a Request for Admission is compound, ambiguous and

11   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

12   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

13   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

14   Request for Admission, which identifies each document by defined, Bates or exhibit

15   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

16   meaningfully to determine what Diaz finds objectionable, because Diaz did not

17   explain his confusion at what he claimed was a vague and ambiguous request.

18          **Diaz Already Has the Documents Referenced in the RFA and They Need**

19   **Not Be Related to This Action.**

20          Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

21   any document and improperly requests Diaz to admit to the genuineness of a

22   document unrelated to this action" it "renders Diaz unable to admit or deny this

23   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

24   has the documents, so they were not required to be provided again.

25          Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

26   genuineness of a document must be accompanied by a copy of the document unless it

27   is, or has been, otherwise furnished or made available for inspection and copying."

28   Thus, the document in question need not be attached to the Request for Admission.

1  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

2  …."

3      Each document has been otherwise furnished to Diaz. The Bates-stamped

4  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

5  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

6  for Judgment in this very action. He cannot fairly say they have not been provided to

7  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

8  they were provided as part of a December 3, 2021 document production to Diaz by

9  Heredia, which Heredia understands Diaz may be claiming he never received but

10  which he has never clarified when asked. Second, upon learning of that belief, Heredia

11  provided the same documents to Diaz by email on February 7, 2022.

12      There can be no doubt that Diaz has been "otherwise furnished" with the

13  documents referenced in the first fifty-four Requests for Admission.

14      Notably, Diaz never communicated his confusion about the Bates-stamped

15  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

16  clarify any confusion.

17      Finally, there is no requirement that the genuineness of a document needs to be

18  admissible in the action. "Parties may obtain discovery regarding any nonprivileged

19  matter that is relevant to any party's claim or defense and proportional to the needs of

20  the case, considering the importance of the issues at stake in the action, the amount in

21  controversy, the parties' relative access to relevant information, the parties' resources,

22  the importance of the discovery in resolving the issues, and whether the burden or

23  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

24  26(b)(1). Further, "[i]nformation within this scope of discovery need not be

25  admissible in evidence to be discoverable." Id.

26      **Plaintiff's Contentions:**

27      In an effort not to further burden the Court with repetitive argument and a

28  ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the documents marked Heredia Exh286-289 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

1  unable to admit or deny this Request and, on that basis, Diaz denies this Request.

2  **Defendant's Contentions:**

3  **The RFA is not vague and ambiguous**

4  This RFA is not vague or ambiguous. It identifies, by Bates number, documents

5  in Diaz' possession at the time the RFA was served. This is explicitly allowed by

6  Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

7  genuineness of a document … be accompanied by a copy of the document unless it

8  is, or has been, otherwise furnished or made available for inspection and copying."

9  That is precisely what occurred here.

10  This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

11  numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

12  Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

13  his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

14  Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

15  Diaz was already in possession of the defined documents.

16  Diaz' boilerplate objections fail to detail why he believed the Request for

17  Admissions to be vague and ambiguous, and thus fall short of what is required. In the

18  context of objections claiming a Request for Admission is compound, ambiguous and

19  vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

20  "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

21  the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

22  Request for Admission, which identifies each document by defined, Bates or exhibit

23  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

24  meaningfully to determine what Diaz finds objectionable, because Diaz did not

25  explain his confusion at what he claimed was a vague and ambiguous request.

26  **Diaz Already Has the Documents Referenced in the RFA and They Need**

27  **Not Be Related to This Action.**

28  Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

### Plaintiff's Contentions:

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

### REQUEST FOR ADMISSION NO. 32:

Admit that the documents marked Heredia Exh291-310 are genuine.

### RESPONSE TO REQUEST FOR ADMISSION NO. 32:

Diaz specifically objects to this Request on the grounds that it is vague and

ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

---

455

1  documents referenced in the first fifty-four Requests for Admission.

2      Notably, Diaz never communicated his confusion about the Bates-stamped

3  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

4  clarify any confusion.

5      Finally, there is no requirement that the genuineness of a document needs to be

6  admissible in the action. "Parties may obtain discovery regarding any nonprivileged

7  matter that is relevant to any party's claim or defense and proportional to the needs of

8  the case, considering the importance of the issues at stake in the action, the amount in

9  controversy, the parties' relative access to relevant information, the parties' resources,

10  the importance of the discovery in resolving the issues, and whether the burden or

11  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

12  26(b)(1). Further, "[i]nformation within this scope of discovery need not be

13  admissible in evidence to be discoverable." Id.

14      **Plaintiff's Contentions:**

15      In an effort not to further burden the Court with repetitive argument and a

16  ridiculously lengthy joint stipulation (which this unfortunately already is due to

17  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

18  introductory statement and Diaz's response to the made-up issues that Defendant

19  brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.

20  In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

21  Defendant illogically refused to provide the actual documents for which it sought

22  admissions or to identify the documents by Bates-stamp number. Diaz proposed a

23  reasonable and cost-effective solution that would have taken Defendant only a few

24  minutes. While Defendant represented that he would consider the proposal, Defendant

25  later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours

26  to prepare. As for Defendant's argument that the RFAs must somehow be deemed

27  admitted because supposedly the responses were one day late (due to a calendaring

28  error), Defendant has been unable to show any prejudice for this purported one-day

delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the document marked Heredia Exh312 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that

the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the documents marked Heredia Exh314-318 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents

in Diaz' possession at the time the RFA was served. This is explicitly allowed by
Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the
genuineness of a document … be accompanied by a copy of the document unless it
is, or has been, otherwise furnished or made available for inspection and copying."
That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-
numbered documents. Those documents were defined within the RFAs: "12. 'Heredia
Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to
his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for
Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,
Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for
Admissions to be vague and ambiguous, and thus fall short of what is required. In the
context of objections claiming a Request for Admission is compound, ambiguous and
vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz
"could have 'set forth in detail the reasons why [he could not] truthfully admit or deny
the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each
Request for Admission, which identifies each document by defined, Bates or exhibit
number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable
meaningfully to determine what Diaz finds objectionable, because Diaz did not
explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need
Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach
any document and improperly requests Diaz to admit to the genuineness of a
document unrelated to this action" it "renders Diaz unable to admit or deny this
Request and, on that basis, Diaz denies this Request." This ignores that Diaz already
has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be

admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 35:**

Admit that the documents marked Heredia Exh320-323 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

1  This Request fails to attach any document and improperly requests Diaz to admit to
2  the genuineness of a document unrelated to this action.

3       Subject to and without waiving the foregoing general and specific objections,
4  Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz
5  unable to admit or deny this Request and, on that basis, Diaz denies this Request.

6       **Defendant's Contentions:**

7       **The RFA is not vague and ambiguous**

8       This RFA is not vague or ambiguous. It identifies, by Bates number, documents
9  in Diaz' possession at the time the RFA was served. This is explicitly allowed by
10 Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the
11 genuineness of a document … be accompanied by a copy of the document unless it
12 is, or has been, otherwise furnished or made available for inspection and copying."
13 That is precisely what occurred here.

14      This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-
15 numbered documents. Those documents were defined within the RFAs: "12. 'Heredia
16 Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to
17 his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for
18 Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,
19 Diaz was already in possession of the defined documents.

20      Diaz' boilerplate objections fail to detail why he believed the Request for
21 Admissions to be vague and ambiguous, and thus fall short of what is required. In the
22 context of objections claiming a Request for Admission is compound, ambiguous and
23 vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz
24 "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny
25 the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each
26 Request for Admission, which identifies each document by defined, Bates or exhibit
27 number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable
28 meaningfully to determine what Diaz finds objectionable, because Diaz did not

1   explain his confusion at what he claimed was a vague and ambiguous request.

2      **Diaz Already Has the Documents Referenced in the RFA and They Need**

3   **Not Be Related to This Action.**

4      Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

5   any document and improperly requests Diaz to admit to the genuineness of a

6   document unrelated to this action" it "renders Diaz unable to admit or deny this

7   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

8   has the documents, so they were not required to be provided again.

9      Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

10  genuineness of a document must be accompanied by a copy of the document unless it

11  is, or has been, otherwise furnished or made available for inspection and copying."

12  Thus, the document in question need not be attached to the Request for Admission.

13  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

14  …."

15     Each document has been otherwise furnished to Diaz. The Bates-stamped

16  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

17  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

18  for Judgment in this very action. He cannot fairly say they have not been provided to

19  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

20  they were provided as part of a December 3, 2021 document production to Diaz by

21  Heredia, which Heredia understands Diaz may be claiming he never received but

22  which he has never clarified when asked. Second, upon learning of that belief, Heredia

23  provided the same documents to Diaz by email on February 7, 2022.

24     There can be no doubt that Diaz has been "otherwise furnished" with the

25  documents referenced in the first fifty-four Requests for Admission.

26     Notably, Diaz never communicated his confusion about the Bates-stamped

27  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

28  clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the documents marked Heredia Exh325-326 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for

Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by

1    Heredia, which Heredia understands Diaz may be claiming he never received but
2    which he has never clarified when asked. Second, upon learning of that belief, Heredia
3    provided the same documents to Diaz by email on February 7, 2022.

4        There can be no doubt that Diaz has been "otherwise furnished" with the
5    documents referenced in the first fifty-four Requests for Admission.

6        Notably, Diaz never communicated his confusion about the Bates-stamped
7    documents to Heredia. Had he done so, Heredia would have worked with Diaz to
8    clarify any confusion.

9        Finally, there is no requirement that the genuineness of a document needs to be
10   admissible in the action. "Parties may obtain discovery regarding any nonprivileged
11   matter that is relevant to any party's claim or defense and proportional to the needs of
12   the case, considering the importance of the issues at stake in the action, the amount in
13   controversy, the parties' relative access to relevant information, the parties' resources,
14   the importance of the discovery in resolving the issues, and whether the burden or
15   expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.
16   26(b)(1). Further, "[i]nformation within this scope of discovery need not be
17   admissible in evidence to be discoverable." Id.

18       **Plaintiff's Contentions:**

19       In an effort not to further burden the Court with repetitive argument and a
20   ridiculously lengthy joint stipulation (which this unfortunately already is due to
21   Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his
22   introductory statement and Diaz's response to the made-up issues that Defendant
23   brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.
24   In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.
25   Defendant illogically refused to provide the actual documents for which it sought
26   admissions or to identify the documents by Bates-stamp number. Diaz proposed a
27   reasonable and cost-effective solution that would have taken Defendant only a few
28   minutes. While Defendant represented that he would consider the proposal, Defendant

later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the document marked Heredia Exh328 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission.

---

471

Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the document marked Heredia Exh330 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

1    unable to admit or deny this Request and, on that basis, Diaz denies this Request.

2    **Defendant's Contentions:**

3    **The RFA is not vague and ambiguous**

4    This RFA is not vague or ambiguous. It identifies, by Bates number, documents

5    in Diaz' possession at the time the RFA was served. This is explicitly allowed by

6    Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

7    genuineness of a document … be accompanied by a copy of the document unless it

8    is, or has been, otherwise furnished or made available for inspection and copying."

9    That is precisely what occurred here.

10   This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

11   numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

12   Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

13   his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

14   Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

15   Diaz was already in possession of the defined documents.

16   Diaz' boilerplate objections fail to detail why he believed the Request for

17   Admissions to be vague and ambiguous, and thus fall short of what is required. In the

18   context of objections claiming a Request for Admission is compound, ambiguous and

19   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

20   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

21   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

22   Request for Admission, which identifies each document by defined, Bates or exhibit

23   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

24   meaningfully to determine what Diaz finds objectionable, because Diaz did not

25   explain his confusion at what he claimed was a vague and ambiguous request.

26   **Diaz Already Has the Documents Referenced in the RFA and They Need**

27   **Not Be Related to This Action.**

28   Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

---

474

any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the document marked Heredia Exh332 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Diaz specifically objects to this Request on the grounds that it is vague and

ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

1   documents referenced in the first fifty-four Requests for Admission.

2       Notably, Diaz never communicated his confusion about the Bates-stamped

3   documents to Heredia. Had he done so, Heredia would have worked with Diaz to

4   clarify any confusion.

5       Finally, there is no requirement that the genuineness of a document needs to be

6   admissible in the action. "Parties may obtain discovery regarding any nonprivileged

7   matter that is relevant to any party's claim or defense and proportional to the needs of

8   the case, considering the importance of the issues at stake in the action, the amount in

9   controversy, the parties' relative access to relevant information, the parties' resources,

10  the importance of the discovery in resolving the issues, and whether the burden or

11  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

12  26(b)(1). Further, "[i]nformation within this scope of discovery need not be

13  admissible in evidence to be discoverable." Id.

14  **Plaintiff's Contentions:**

15      In an effort not to further burden the Court with repetitive argument and a

16  ridiculously lengthy joint stipulation (which this unfortunately already is due to

17  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

18  introductory statement and Diaz's response to the made-up issues that Defendant

19  brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.

20  In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

21  Defendant illogically refused to provide the actual documents for which it sought

22  admissions or to identify the documents by Bates-stamp number. Diaz proposed a

23  reasonable and cost-effective solution that would have taken Defendant only a few

24  minutes. While Defendant represented that he would consider the proposal, Defendant

25  later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours

26  to prepare. As for Defendant's argument that the RFAs must somehow be deemed

27  admitted because supposedly the responses were one day late (due to a calendaring

28  error), Defendant has been unable to show any prejudice for this purported one-day

delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the documents marked Heredia Exh334-337 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

1   his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for
2   Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,
3   Diaz was already in possession of the defined documents.

4       Diaz' boilerplate objections fail to detail why he believed the Request for
5   Admissions to be vague and ambiguous, and thus fall short of what is required. In the
6   context of objections claiming a Request for Admission is compound, ambiguous and
7   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz
8   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny
9   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each
10  Request for Admission, which identifies each document by defined, Bates or exhibit
11  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable
12  meaningfully to determine what Diaz finds objectionable, because Diaz did not
13  explain his confusion at what he claimed was a vague and ambiguous request.

14  **Diaz Already Has the Documents Referenced in the RFA and They Need**
15  **Not Be Related to This Action.**

16      Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach
17  any document and improperly requests Diaz to admit to the genuineness of a
18  document unrelated to this action" it "renders Diaz unable to admit or deny this
19  Request and, on that basis, Diaz denies this Request." This ignores that Diaz already
20  has the documents, so they were not required to be provided again.

21      Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the
22  genuineness of a document must be accompanied by a copy of the document unless it
23  is, or has been, otherwise furnished or made available for inspection and copying."
24  Thus, the document in question need not be attached to the Request for Admission.
25  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished
26  …."

27      Each document has been otherwise furnished to Diaz. The Bates-stamped
28  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the documents marked Heredia Exh339-345 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents

in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous. Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be

1    admissible in evidence to be discoverable." Id.

2        **Plaintiff's Contentions:**

3        In an effort not to further burden the Court with repetitive argument and a
4    ridiculously lengthy joint stipulation (which this unfortunately already is due to
5    Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his
6    introductory statement and Diaz's response to the made-up issues that Defendant
7    brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.
8    In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.
9    Defendant illogically refused to provide the actual documents for which it sought
10   admissions or to identify the documents by Bates-stamp number. Diaz proposed a
11   reasonable and cost-effective solution that would have taken Defendant only a few
12   minutes. While Defendant represented that he would consider the proposal, Defendant
13   later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours
14   to prepare. As for Defendant's argument that the RFAs must somehow be deemed
15   admitted because supposedly the responses were one day late (due to a calendaring
16   error), Defendant has been unable to show any prejudice for this purported one-day
17   delay. The law is clear that this minimal delay that does not cause prejudice is not
18   sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to
19   burden this Court with this dispute, the Court may properly deny Defendant's motion
20   and award sanctions against Defendant and his counsel.

21
22   **REQUEST FOR ADMISSION NO. 42:**

23       Admit that the document marked Heredia Exh347 is genuine.
     **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**
24
25       Diaz specifically objects to this Request on the grounds that it is vague and
26   ambiguous. Diaz further denies this Request for failing to comply with Federal Rule
27   of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the
28   genuineness of a document must be accompanied by a copy of the document unless it
     is, or has been, otherwise furnished or made available for inspection and copying."

1   This Request fails to attach any document and improperly requests Diaz to admit to

2   the genuineness of a document unrelated to this action.

3        Subject to and without waiving the foregoing general and specific objections,

4   Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

5   unable to admit or deny this Request and, on that basis, Diaz denies this Request.

6        **Defendant's Contentions:**

7        **The RFA is not vague and ambiguous**

8        This RFA is not vague or ambiguous. It identifies, by Bates number, documents

9   in Diaz' possession at the time the RFA was served. This is explicitly allowed by

10  Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

11  genuineness of a document … be accompanied by a copy of the document unless it

12  is, or has been, otherwise furnished or made available for inspection and copying."

13  That is precisely what occurred here.

14       This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

15  numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

16  Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

17  his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

18  Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

19  Diaz was already in possession of the defined documents.

20       Diaz' boilerplate objections fail to detail why he believed the Request for

21  Admissions to be vague and ambiguous, and thus fall short of what is required. In the

22  context of objections claiming a Request for Admission is compound, ambiguous and

23  vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

24  "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

25  the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

26  Request for Admission, which identifies each document by defined, Bates or exhibit

27  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

28  meaningfully to determine what Diaz finds objectionable, because Diaz did not

---

1  explain his confusion at what he claimed was a vague and ambiguous request.

2  **Diaz Already Has the Documents Referenced in the RFA and They Need**

3  **Not Be Related to This Action.**

4  Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

5  any document and improperly requests Diaz to admit to the genuineness of a

6  document unrelated to this action" it "renders Diaz unable to admit or deny this

7  Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

8  has the documents, so they were not required to be provided again.

9  Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

10  genuineness of a document must be accompanied by a copy of the document unless it

11  is, or has been, otherwise furnished or made available for inspection and copying."

12  Thus, the document in question need not be attached to the Request for Admission.

13  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

14  …."

15  Each document has been otherwise furnished to Diaz. The Bates-stamped

16  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

17  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

18  for Judgment in this very action. He cannot fairly say they have not been provided to

19  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

20  they were provided as part of a December 3, 2021 document production to Diaz by

21  Heredia, which Heredia understands Diaz may be claiming he never received but

22  which he has never clarified when asked. Second, upon learning of that belief, Heredia

23  provided the same documents to Diaz by email on February 7, 2022.

24  There can be no doubt that Diaz has been "otherwise furnished" with the

25  documents referenced in the first fifty-four Requests for Admission.

26  Notably, Diaz never communicated his confusion about the Bates-stamped

27  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

28  clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 43:**

Admit that the documents marked Heredia Exh349-353 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for

Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by

Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant

later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the document marked Heredia Exh355 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

1  That is precisely what occurred here.

2      This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

3  numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

4  Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

5  his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

6  Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

7  Diaz was already in possession of the defined documents.

8      Diaz' boilerplate objections fail to detail why he believed the Request for

9  Admissions to be vague and ambiguous, and thus fall short of what is required. In the

10 context of objections claiming a Request for Admission is compound, ambiguous and

11 vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

12 "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

13 the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

14 Request for Admission, which identifies each document by defined, Bates or exhibit

15 number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

16 meaningfully to determine what Diaz finds objectionable, because Diaz did not

17 explain his confusion at what he claimed was a vague and ambiguous request.

18     **Diaz Already Has the Documents Referenced in the RFA and They Need**

19 **Not Be Related to This Action.**

20     Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

21 any document and improperly requests Diaz to admit to the genuineness of a

22 document unrelated to this action" it "renders Diaz unable to admit or deny this

23 Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

24 has the documents, so they were not required to be provided again.

25     Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

26 genuineness of a document must be accompanied by a copy of the document unless it

27 is, or has been, otherwise furnished or made available for inspection and copying."

28 Thus, the document in question need not be attached to the Request for Admission.

1  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

2  …."

3       Each document has been otherwise furnished to Diaz. The Bates-stamped

4  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

5  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

6  for Judgment in this very action. He cannot fairly say they have not been provided to

7  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

8  they were provided as part of a December 3, 2021 document production to Diaz by

9  Heredia, which Heredia understands Diaz may be claiming he never received but

10 which he has never clarified when asked. Second, upon learning of that belief, Heredia

11 provided the same documents to Diaz by email on February 7, 2022.

12       There can be no doubt that Diaz has been "otherwise furnished" with the

13 documents referenced in the first fifty-four Requests for Admission.

14       Notably, Diaz never communicated his confusion about the Bates-stamped

15 documents to Heredia. Had he done so, Heredia would have worked with Diaz to

16 clarify any confusion.

17       Finally, there is no requirement that the genuineness of a document needs to be

18 admissible in the action. "Parties may obtain discovery regarding any nonprivileged

19 matter that is relevant to any party's claim or defense and proportional to the needs of

20 the case, considering the importance of the issues at stake in the action, the amount in

21 controversy, the parties' relative access to relevant information, the parties' resources,

22 the importance of the discovery in resolving the issues, and whether the burden or

23 expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

24 26(b)(1). Further, "[i]nformation within this scope of discovery need not be

25 admissible in evidence to be discoverable." Id.

26  **Plaintiff's Contentions:**

27       In an effort not to further burden the Court with repetitive argument and a

28 ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the documents marked Heredia Exh357-361 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

1 | unable to admit or deny this Request and, on that basis, Diaz denies this Request.

2 | **Defendant's Contentions:**

3 | **The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

---

any document and improperly requests Diaz to admit to the genuineness of a
document unrelated to this action" it "renders Diaz unable to admit or deny this
Request and, on that basis, Diaz denies this Request." This ignores that Diaz already
has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the
genuineness of a document must be accompanied by a copy of the document unless it
is, or has been, otherwise furnished or made available for inspection and copying."
Thus, the document in question need not be attached to the Request for Admission.
Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished
…."

Each document has been otherwise furnished to Diaz. The Bates-stamped
documents in this RFA were "otherwise furnished" to Diaz. The definition states that
the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion
for Judgment in this very action. He cannot fairly say they have not been provided to
him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,
they were provided as part of a December 3, 2021 document production to Diaz by
Heredia, which Heredia understands Diaz may be claiming he never received but
which he has never clarified when asked. Second, upon learning of that belief, Heredia
provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the
documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped
documents to Heredia. Had he done so, Heredia would have worked with Diaz to
clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be
admissible in the action. "Parties may obtain discovery regarding any nonprivileged
matter that is relevant to any party's claim or defense and proportional to the needs of
the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the documents marked Heredia Exh363-365 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Diaz specifically objects to this Request on the grounds that it is vague and

1 ambiguous. Diaz further denies this Request for failing to comply with Federal Rule
2 of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the
3 genuineness of a document must be accompanied by a copy of the document unless it
4 is, or has been, otherwise furnished or made available for inspection and copying."
5 This Request fails to attach any document and improperly requests Diaz to admit to
6 the genuineness of a document unrelated to this action.

7 Subject to and without waiving the foregoing general and specific objections,
8 Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz
9 unable to admit or deny this Request and, on that basis, Diaz denies this Request.

10 **Defendant's Contentions:**

11 **The RFA is not vague and ambiguous**

12 This RFA is not vague or ambiguous. It identifies, by Bates number, documents
13 in Diaz' possession at the time the RFA was served. This is explicitly allowed by
14 Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the
15 genuineness of a document … be accompanied by a copy of the document unless it
16 is, or has been, otherwise furnished or made available for inspection and copying."
17 That is precisely what occurred here.

18 This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-
19 numbered documents. Those documents were defined within the RFAs: "12. 'Heredia
20 Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to
21 his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for
22 Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,
23 Diaz was already in possession of the defined documents.

24 Diaz' boilerplate objections fail to detail why he believed the Request for
25 Admissions to be vague and ambiguous, and thus fall short of what is required. In the
26 context of objections claiming a Request for Admission is compound, ambiguous and
27 vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz
28 "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day

delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the documents marked Heredia Exh367 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

503

1  his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

2  Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

3  Diaz was already in possession of the defined documents.

4      Diaz' boilerplate objections fail to detail why he believed the Request for

5  Admissions to be vague and ambiguous, and thus fall short of what is required. In the

6  context of objections claiming a Request for Admission is compound, ambiguous and

7  vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

8  "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

9  the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

10  Request for Admission, which identifies each document by defined, Bates or exhibit

11  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

12  meaningfully to determine what Diaz finds objectionable, because Diaz did not

13  explain his confusion at what he claimed was a vague and ambiguous request.

14  **Diaz Already Has the Documents Referenced in the RFA and They Need**

15  **Not Be Related to This Action.**

16      Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

17  any document and improperly requests Diaz to admit to the genuineness of a

18  document unrelated to this action" it "renders Diaz unable to admit or deny this

19  Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

20  has the documents, so they were not required to be provided again.

21      Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

22  genuineness of a document must be accompanied by a copy of the document unless it

23  is, or has been, otherwise furnished or made available for inspection and copying."

24  Thus, the document in question need not be attached to the Request for Admission.

25  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

26  …."

27      Each document has been otherwise furnished to Diaz. The Bates-stamped

28  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the documents marked Heredia Exh369-372 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents

in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous. Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be

admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 49:**

Admit that the documents marked Heredia Exh374-375 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not

1   explain his confusion at what he claimed was a vague and ambiguous request.

2   **Diaz Already Has the Documents Referenced in the RFA and They Need**
3   **Not Be Related to This Action.**

4   Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach
5   any document and improperly requests Diaz to admit to the genuineness of a
6   document unrelated to this action" it "renders Diaz unable to admit or deny this
7   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already
8   has the documents, so they were not required to be provided again.

9   Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the
10  genuineness of a document must be accompanied by a copy of the document unless it
11  is, or has been, otherwise furnished or made available for inspection and copying."
12  Thus, the document in question need not be attached to the Request for Admission.
13  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished
14  …."

15  Each document has been otherwise furnished to Diaz. The Bates-stamped
16  documents in this RFA were "otherwise furnished" to Diaz. The definition states that
17  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion
18  for Judgment in this very action. He cannot fairly say they have not been provided to
19  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,
20  they were provided as part of a December 3, 2021 document production to Diaz by
21  Heredia, which Heredia understands Diaz may be claiming he never received but
22  which he has never clarified when asked. Second, upon learning of that belief, Heredia
23  provided the same documents to Diaz by email on February 7, 2022.

24  There can be no doubt that Diaz has been "otherwise furnished" with the
25  documents referenced in the first fifty-four Requests for Admission.

26  Notably, Diaz never communicated his confusion about the Bates-stamped
27  documents to Heredia. Had he done so, Heredia would have worked with Diaz to
28  clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 50:**

Admit that the documents marked Heredia Exh377-378 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for

Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by

Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant

later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the documents marked Heredia Exh380-403 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."

1    That is precisely what occurred here.

2        This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

3    numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

4    Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

5    his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

6    Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

7    Diaz was already in possession of the defined documents.

8        Diaz' boilerplate objections fail to detail why he believed the Request for

9    Admissions to be vague and ambiguous, and thus fall short of what is required. In the

10   context of objections claiming a Request for Admission is compound, ambiguous and

11   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

12   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

13   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

14   Request for Admission, which identifies each document by defined, Bates or exhibit

15   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

16   meaningfully to determine what Diaz finds objectionable, because Diaz did not

17   explain his confusion at what he claimed was a vague and ambiguous request.

18       **Diaz Already Has the Documents Referenced in the RFA and They Need**

19   **Not Be Related to This Action.**

20       Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

21   any document and improperly requests Diaz to admit to the genuineness of a

22   document unrelated to this action" it "renders Diaz unable to admit or deny this

23   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

24   has the documents, so they were not required to be provided again.

25       Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

26   genuineness of a document must be accompanied by a copy of the document unless it

27   is, or has been, otherwise furnished or made available for inspection and copying."

28   Thus, the document in question need not be attached to the Request for Admission.

1  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

2  …."

3       Each document has been otherwise furnished to Diaz. The Bates-stamped

4  documents in this RFA were "otherwise furnished" to Diaz. The definition states that

5  the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion

6  for Judgment in this very action. He cannot fairly say they have not been provided to

7  him. Further, they were provided to Diaz twice more, both times Bates-stamped. First,

8  they were provided as part of a December 3, 2021 document production to Diaz by

9  Heredia, which Heredia understands Diaz may be claiming he never received but

10 which he has never clarified when asked. Second, upon learning of that belief, Heredia

11 provided the same documents to Diaz by email on February 7, 2022.

12      There can be no doubt that Diaz has been "otherwise furnished" with the

13 documents referenced in the first fifty-four Requests for Admission.

14      Notably, Diaz never communicated his confusion about the Bates-stamped

15 documents to Heredia. Had he done so, Heredia would have worked with Diaz to

16 clarify any confusion.

17      Finally, there is no requirement that the genuineness of a document needs to be

18 admissible in the action. "Parties may obtain discovery regarding any nonprivileged

19 matter that is relevant to any party's claim or defense and proportional to the needs of

20 the case, considering the importance of the issues at stake in the action, the amount in

21 controversy, the parties' relative access to relevant information, the parties' resources,

22 the importance of the discovery in resolving the issues, and whether the burden or

23 expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

24 26(b)(1). Further, "[i]nformation within this scope of discovery need not be

25 admissible in evidence to be discoverable." Id.

26      **Plaintiff's Contentions:**

27      In an effort not to further burden the Court with repetitive argument and a

28 ridiculously lengthy joint stipulation (which this unfortunately already is due to

Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the documents marked Heredia Exh405-414 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz

1  unable to admit or deny this Request and, on that basis, Diaz denies this Request.

2  **Defendant's Contentions:**

3  **The RFA is not vague and ambiguous**

4  This RFA is not vague or ambiguous. It identifies, by Bates number, documents

5  in Diaz' possession at the time the RFA was served. This is explicitly allowed by

6  Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the

7  genuineness of a document … be accompanied by a copy of the document unless it

8  is, or has been, otherwise furnished or made available for inspection and copying."

9  That is precisely what occurred here.

10  This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-

11  numbered documents. Those documents were defined within the RFAs: "12. 'Heredia

12  Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

13  his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for

14  Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such,

15  Diaz was already in possession of the defined documents.

16  Diaz' boilerplate objections fail to detail why he believed the Request for

17  Admissions to be vague and ambiguous, and thus fall short of what is required. In the

18  context of objections claiming a Request for Admission is compound, ambiguous and

19  vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

20  "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

21  the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

22  Request for Admission, which identifies each document by defined, Bates or exhibit

23  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

24  meaningfully to determine what Diaz finds objectionable, because Diaz did not

25  explain his confusion at what he claimed was a vague and ambiguous request.

26  **Diaz Already Has the Documents Referenced in the RFA and They Need**

27  **Not Be Related to This Action.**

28  Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the document marked Heredia Exh416 is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Diaz specifically objects to this Request on the grounds that it is vague and

ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the

1   documents referenced in the first fifty-four Requests for Admission.

2   Notably, Diaz never communicated his confusion about the Bates-stamped

3   documents to Heredia. Had he done so, Heredia would have worked with Diaz to

4   clarify any confusion.

5   Finally, there is no requirement that the genuineness of a document needs to be

6   admissible in the action. "Parties may obtain discovery regarding any nonprivileged

7   matter that is relevant to any party's claim or defense and proportional to the needs of

8   the case, considering the importance of the issues at stake in the action, the amount in

9   controversy, the parties' relative access to relevant information, the parties' resources,

10  the importance of the discovery in resolving the issues, and whether the burden or

11  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

12  26(b)(1). Further, "[i]nformation within this scope of discovery need not be

13  admissible in evidence to be discoverable." Id.

14  **Plaintiff's Contentions:**

15  In an effort not to further burden the Court with repetitive argument and a

16  ridiculously lengthy joint stipulation (which this unfortunately already is due to

17  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

18  introductory statement and Diaz's response to the made-up issues that Defendant

19  brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here.

20  In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

21  Defendant illogically refused to provide the actual documents for which it sought

22  admissions or to identify the documents by Bates-stamp number. Diaz proposed a

23  reasonable and cost-effective solution that would have taken Defendant only a few

24  minutes. While Defendant represented that he would consider the proposal, Defendant

25  later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours

26  to prepare. As for Defendant's argument that the RFAs must somehow be deemed

27  admitted because supposedly the responses were one day late (due to a calendaring

28  error), Defendant has been unable to show any prejudice for this purported one-day

delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the documents marked Heredia Exh418-633 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

This RFA is not vague or ambiguous. It identifies, by Bates number, documents in Diaz' possession at the time the RFA was served. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to

his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz was already in possession of the defined documents.

Diaz' boilerplate objections fail to detail why he believed the Request for Admissions to be vague and ambiguous, and thus fall short of what is required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. The Bates-stamped documents in this RFA were "otherwise furnished" to Diaz. The definition states that

the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action. He cannot fairly say they have not been provided to him. Further, they were provided to Diaz twice more, both times Bates-stamped. First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked. Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.

There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 1. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that he cannot even locate.

Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 55:**

Admit that the documents marked Exhibit 1 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous.

1   It is not. It identifies, by Bates number, documents already in Diaz' possession. This
2   is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that
3   "a request to admit the genuineness of a document … be accompanied by a copy of
4   the document unless it is, or has been, otherwise furnished or made available for
5   inspection and copying." That is precisely what occurred here.

6       This RFA asks Diaz to admit the genuineness of specifically-identified exhibits.
7   Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a
8   one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits
9   submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES
10  HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

11      Diaz' boilerplate objections, without detailing why he believed the Request for
12  Admissions to be vague and ambiguous, fall short of what is actually required. In the
13  context of objections claiming a Request for Admission is compound, ambiguous and
14  vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz
15  "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny
16  the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each
17  Request for Admission, which identifies each document by defined, Bates or exhibit
18  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable
19  meaningfully to determine what Diaz finds objectionable, because Diaz did not
20  explain his confusion at what he claimed was a vague and ambiguous request.

21      **Diaz Already Has the Documents Referenced in the RFA and They Need**
22  **Not Be Related to This Action.**

23      Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach
24  any document and improperly requests Diaz to admit to the genuineness of a
25  document unrelated to this action" it "renders Diaz unable to admit or deny this
26  Request and, on that basis, Diaz denies this Request." This ignores that Diaz already
27  has the documents, so they were not required to be provided again.

28      Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

1   genuineness of a document must be accompanied by a copy of the document unless it

2   is, or has been, otherwise furnished or made available for inspection and copying."

3   Thus, the document in question need not be attached to the Request for Admission.

4   Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

5   …."

6        Each document has been otherwise furnished to Diaz. This RFA asks Diaz to

7   admit the genuineness of specifically-identified exhibits. Those documents were also

8   defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as

9   the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the

10  Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH

11  DIAZ, JR., Boxer.'"

12       There can be no doubt that Diaz has been "otherwise furnished" with these

13  documents.

14       Notably, Diaz never communicated his confusion about the Bates-stamped

15  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

16  clarify any confusion.

17       Finally, there is no requirement that the genuineness of a document needs to be

18  admissible in the action. "Parties may obtain discovery regarding any nonprivileged

19  matter that is relevant to any party's claim or defense and proportional to the needs of

20  the case, considering the importance of the issues at stake in the action, the amount in

21  controversy, the parties' relative access to relevant information, the parties' resources,

22  the importance of the discovery in resolving the issues, and whether the burden or

23  expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P.

24  26(b)(1). Further, "[i]nformation within this scope of discovery need not be

25  admissible in evidence to be discoverable." Id.

26  **Plaintiff's Contentions:**

27       Defendant confusingly defines "'Exhibit xx,' where 'xx' is a one- or two-digit

28  number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the

---

Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'" Rule 36 requires that an RFA "be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying" *in the litigation*. Indeed, "the purpose of requests for admission is to narrow the issues for trial by identifying and eliminating those matters on which the parties agree." <u>Safeco of Am. v. Rawstron</u>, 181 F.R.D. 441, 443 (C.D. Cal. 1998); <u>Asea, Inc. v. S. Pacific Transp. Co.</u>, 669 F.2d 1242, 1245 (9th Cir.1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."). Defendant cannot cite the purported record of what this Court has repeatedly ruled is a "*separate contract arbitration proceeding*" and request that Diaz admit to their genuineness when those documents cannot even be properly introduced at trial if they have not been produced *in this litigation*. (Vázquez Decl. ¶ 5, Ex. B). Despite Diaz's repeated requests, Defendant has not identified any documents produced *in this litigation* that correspond to this RFA—much less a "Bates-stamped document." (<u>Id.</u>). Defendant's refusal to provide the document for which he seeks an admission obliterates the purpose of Rule 36 which is designed to narrow the issues for trial. Purposefully creating confusion in an RFA will only result in disputes and further delays in this litigation.

Defendant falsely represents to this Court: "Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion." Nothing could be further from the truth. Diaz specifically cited Rule 36 and stated in his response "This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action." In addition, during the parties' meet and confer call on April 13, 2022, Diaz's counsel stated that he could not admit to documents that he cannot locate or that are not part of this litigation. Diaz then proposed that Defendant create a folder with the documents labeled by RFA number so that both parties could be on the same page as to the documents that were referred to in each RFA and so that

Defendant did not have to spend time redrafting the RFAs. (Vázquez Decl. ¶ 27-28). In response, Defense counsel stated that his team would discuss internally this proposal, but Defense counsel never got back to Diaz despite his follow up request. (Id.) Instead, on April 29, 2022, Defendant sandbagged Diaz with a 353-page Joint Stipulation replete with fabrication asking the Court to unnecessarily spend time and resources to resolve this dispute. (Id. ¶ 29-32, Exs. V-X). When confronted with this fact, Defense counsel stated: "Our refusal to agree is not lack of good faith, but an unwillingness to consider your positions compliant with your discovery obligations…The joint stipulation itself contains a proposed resolution." (Id.). No such "resolution" was proposed by Defendant either during the so-called "meet and confer" process or in the Joint Stipulation—and Defendant did not even advise the Court of Diaz's proposed resolution. See Rahmatullah v. Charter Comm., Inc., 2021 WL 1593242, at *7 (C.D. Cal. March 25, 2021) (admonishing plaintiff as the moving party because "[i]f plaintiff thought this was still an unsatisfactory response, he should have acknowledged defendant's offer in the Joint Stipulation and explained his basis for rejecting it. Instead, he represented to the court that defendant refused to answer either positively or negatively, which was untrue."). Defendant's arguments "evince [his] failure to make a good faith effort to work with [Diaz] to eliminate as many disputes as possible… it is the parties who are in the best position to resolve their differences promptly and with less expense." Id. at *3. Defendant's "decision to abandon meet-and-confer negotiations prematurely and burden the court's time and resources" with an over 600-page joint stipulation is sanctionable. Id. at * 7 ("Any reasonable litigant in this district would think twice before filing a 223-page discovery motion without conducting a thorough meet and confer involving at least one verbal exchange about each discovery request at issue. Here, plaintiff failed to have even one such conversation about the specific disputes at issue regarding each of his discovery requests.") (citing Mulligan v. Nichols, 2013 WL 12124004, at *2 (C.D. Cal. July 12, 2013)) (warning against "inadequate meet and confer efforts which result in

unnecessary 100-page discovery motions"). In violation of Local Rule 37-2.1, Defendant notably fails to advise the Court about how he "proposed to resolve the dispute over that issue at the conference of counsel," because Defendant did.

The simple solution to this dispute, which Diaz repeatedly proposed to Defendant, is for Defendant to provide the documents that pertain to his RFA. Defendant has failed to explain why it is not possible to comply with this very simple request. Presumably, it would have taken Defendant only a few minutes to gather these documents (which surely Defendant gathered and reviewed while preparing the RFAs), as opposed to the 40 hours that Defendant claims it took to prepare the Motion. It is inconceivable why Defendant chose not to resolve this ambiguity in the simple manner that Diaz proposed and instead opted to unnecessarily waste this Court's time and resources and drive up the costs of this litigation. Defendant's refusal to provide the specific documents for which he seeks admissions can only be construed as an attempt to "trick" Diaz. But the Federal Rules are to be administered to secure the just, speedy, and inexpensive determination of every action and proceeding. Duarte Nursery, Inc. v. United States Army Corps of Engineers, 2015 WL 7188227, at * 3 (E.D. Cal. Nov. 16, 2015) (citing Fed. R. Civ. P. 1). They are "not to be used...in the hope that a party's adversary will simply concede essential elements." Id.

As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error)—and leaving aside the fact that Defendant failed to comply with Rule 36 in an apparent attempt to trick Diaz—Defendant has been unable to show any prejudice for this purported one-day delay. A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 256 (C.D. Cal. 2006) (The minimal tardiness of a two-day delay in plaintiff's responses to RFAs was not grounds to deem the requests admitted, since plaintiff could not show it had been prejudiced by the delay) (citing Nguyen v. CNA Corp., 44 F.3d 234, 242–43 (4th Cir.1995) (district court did not abuse discretion in refusing to deem admitted requests for admission when responses were one day late, given minimal delay and

circumstances surrounding delay). In fact, Defendant waited until April 11, 2022 to even bring up the purported tardiness of these responses. (Vázquez Decl. ¶ 26). "Moreover, public policy resoundingly favors resolving a case on its merits." <u>Duarte Nursery</u>, 2015 WL 7188227, at * 3.

Given that there is no legitimate reason to burden this Court with this dispute, Defendant and his counsel, The Federal Practice Group, should be sanctioned for their gamesmanship, bad faith tactics and "egregious" violation Local Rule 37-1. <u>See Rahmatullah</u>, 2021 WL 1593242, at * 7. The Court should award sanctions against Defendant and his counsel, The Federal Practice Group, pursuant to L.R. 37-4 and L.R. 83-7. (Vázquez Decl. ¶ 33-43). <u>Benke</u>, 2012 WL 12885102, at *8 ("The type of machinations engaged in by … counsel merit a substantial sanction, and the Court therefore sanctions … counsel in the full amount requested in the Opposition to both Motions. The parameters of discovery and the applicable legal standards thereto are largely the province of attorneys, not their clients. Consequently, an attorney's fees award is ordinarily imposed against counsel.").

**REQUEST FOR ADMISSION NO. 56:**

Admit that the documents marked Exhibit 2 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

Diaz' boilerplate objections, without detailing why he believed the Request for Admissions to be vague and ambiguous, fall short of what is actually required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this

536

Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

There can be no doubt that Diaz has been "otherwise furnished" with these documents.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this litigation. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the documents marked Exhibit 3 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to

the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

Diaz' boilerplate objections, without detailing why he believed the Request for Admissions to be vague and ambiguous, fall short of what is actually required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need**

1   **Not Be Related to This Action.**

2       Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

3   any document and improperly requests Diaz to admit to the genuineness of a

4   document unrelated to this action" it "renders Diaz unable to admit or deny this

5   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

6   has the documents, so they were not required to be provided again.

7       Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

8   genuineness of a document must be accompanied by a copy of the document unless it

9   is, or has been, otherwise furnished or made available for inspection and copying."

10  Thus, the document in question need not be attached to the Request for Admission.

11  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

12  …."

13      Each document has been otherwise furnished to Diaz. This RFA asks Diaz to

14  admit the genuineness of specifically-identified exhibits. Those documents were also

15  defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as

16  the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the

17  Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH

18  DIAZ, JR., Boxer.'"

19      There can be no doubt that Diaz has been "otherwise furnished" with these

20  documents.

21      Notably, Diaz never communicated his confusion about the Bates-stamped

22  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

23  clarify any confusion.

24      Finally, there is no requirement that the genuineness of a document needs to be

25  admissible in the action. "Parties may obtain discovery regarding any nonprivileged

26  matter that is relevant to any party's claim or defense and proportional to the needs of

27  the case, considering the importance of the issues at stake in the action, the amount in

28  controversy, the parties' relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this litigation. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 58:**

Admit that the documents marked Exhibit 4 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule

of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

Diaz' boilerplate objections, without detailing why he believed the Request for Admissions to be vague and ambiguous, fall short of what is actually required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit

1  number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

2  meaningfully to determine what Diaz finds objectionable, because Diaz did not

3  explain his confusion at what he claimed was a vague and ambiguous request.

4  **Diaz Already Has the Documents Referenced in the RFA and They Need**

5  **Not Be Related to This Action.**

6  Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

7  any document and improperly requests Diaz to admit to the genuineness of a

8  document unrelated to this action" it "renders Diaz unable to admit or deny this

9  Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

10  has the documents, so they were not required to be provided again.

11  Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

12  genuineness of a document must be accompanied by a copy of the document unless it

13  is, or has been, otherwise furnished or made available for inspection and copying."

14  Thus, the document in question need not be attached to the Request for Admission.

15  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

16  …."

17  Each document has been otherwise furnished to Diaz. This RFA asks Diaz to

18  admit the genuineness of specifically-identified exhibits. Those documents were also

19  defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as

20  the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the

21  Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH

22  DIAZ, JR., Boxer.'"

23  There can be no doubt that Diaz has been "otherwise furnished" with these

24  documents.

25  Notably, Diaz never communicated his confusion about the Bates-stamped

26  documents to Heredia. Had he done so, Heredia would have worked with Diaz to

27  clarify any confusion.

28  Finally, there is no requirement that the genuineness of a document needs to be

admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this litigation. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 59:**

Admit that the documents marked Exhibit 15 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

Diaz' boilerplate objections, without detailing why he believed the Request for Admissions to be vague and ambiguous, fall short of what is actually required. In the context of objections claiming a Request for Admission is compound, ambiguous and

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

There can be no doubt that Diaz has been "otherwise furnished" with these documents.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this litigation. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not

sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the documents marked Exhibit 36 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document ... be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES

1   HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

2       Diaz' boilerplate objections, without detailing why he believed the Request for

3   Admissions to be vague and ambiguous, fall short of what is actually required. In the

4   context of objections claiming a Request for Admission is compound, ambiguous and

5   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

6   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

7   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

8   Request for Admission, which identifies each document by defined, Bates or exhibit

9   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

10  meaningfully to determine what Diaz finds objectionable, because Diaz did not

11  explain his confusion at what he claimed was a vague and ambiguous request.

12  **Diaz Already Has the Documents Referenced in the RFA and They Need**

13  **Not Be Related to This Action.**

14      Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

15  any document and improperly requests Diaz to admit to the genuineness of a

16  document unrelated to this action" it "renders Diaz unable to admit or deny this

17  Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

18  has the documents, so they were not required to be provided again.

19      Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

20  genuineness of a document must be accompanied by a copy of the document unless it

21  is, or has been, otherwise furnished or made available for inspection and copying."

22  Thus, the document in question need not be attached to the Request for Admission.

23  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished

24  …."

25      Each document has been otherwise furnished to Diaz. This RFA asks Diaz to

26  admit the genuineness of specifically-identified exhibits. Those documents were also

27  defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as

28  the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the

1    Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH

2    DIAZ, JR., Boxer.'"

3         There can be no doubt that Diaz has been "otherwise furnished" with these

4    documents.

5         Notably, Diaz never communicated his confusion about the Bates-stamped

6    documents to Heredia. Had he done so, Heredia would have worked with Diaz to

7    clarify any confusion.

8         Finally, there is no requirement that the genuineness of a document needs to be

9    admissible in the action. "Parties may obtain discovery regarding any nonprivileged

10   matter that is relevant to any party's claim or defense and proportional to the needs of

11   the case, considering the importance of the issues at stake in the action, the amount in

12   controversy, the parties' relative access to relevant information, the parties' resources,

13   the importance of the discovery in resolving the issues, and whether the burden or

14   expense    of    the    proposed    discovery    outweighs    its    likely    benefit."

15   Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need

16   not be admissible in evidence to be discoverable." Id.

17   **Plaintiff's Contentions:**

18        In an effort not to further burden the Court with repetitive argument and a

19   ridiculously lengthy joint stipulation (which this unfortunately already is due to

20   Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

21   introductory statement and Diaz's response to the made-up issues that Defendant

22   brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here.

23   In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this

24   litigation. Defendant illogically refused to provide the actual documents for which it

25   sought admissions or to identify the documents by Bates-stamp number. Diaz proposed

26   a reasonable and cost-effective solution that would have taken Defendant only a few

27   minutes. While Defendant represented that he would consider the proposal, Defendant

28   later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours

to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the documents marked Exhibit 38 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

Diaz' boilerplate objections, without detailing why he believed the Request for Admissions to be vague and ambiguous, fall short of what is actually required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

Each document has been otherwise furnished to Diaz. This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

There can be no doubt that Diaz has been "otherwise furnished" with these documents.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this litigation. Defendant illogically refused to provide the actual documents for which it

sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the documents marked Exhibit 40 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This

1   is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that

2   "a request to admit the genuineness of a document … be accompanied by a copy of

3   the document unless it is, or has been, otherwise furnished or made available for

4   inspection and copying." That is precisely what occurred here.

5       This RFA asks Diaz to admit the genuineness of specifically-identified exhibits.

6   Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a

7   one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits

8   submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES

9   HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

10       Diaz' boilerplate objections, without detailing why he believed the Request for

11   Admissions to be vague and ambiguous, fall short of what is actually required. In the

12   context of objections claiming a Request for Admission is compound, ambiguous and

13   vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz

14   "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny

15   the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each

16   Request for Admission, which identifies each document by defined, Bates or exhibit

17   number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable

18   meaningfully to determine what Diaz finds objectionable, because Diaz did not

19   explain his confusion at what he claimed was a vague and ambiguous request.

20   **Diaz Already Has the Documents Referenced in the RFA and They Need**

21   **Not Be Related to This Action.**

22       Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach

23   any document and improperly requests Diaz to admit to the genuineness of a

24   document unrelated to this action" it "renders Diaz unable to admit or deny this

25   Request and, on that basis, Diaz denies this Request." This ignores that Diaz already

26   has the documents, so they were not required to be provided again.

27       Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the

28   genuineness of a document must be accompanied by a copy of the document unless it

is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

There can be no doubt that Diaz has been "otherwise furnished" with these documents.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this litigation. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 63:**

Admit that the documents marked Exhibit 46 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

Diaz' boilerplate objections, without detailing why he believed the Request for Admissions to be vague and ambiguous, fall short of what is actually required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this

1  Request and, on that basis, Diaz denies this Request." This ignores that Diaz already
2  has the documents, so they were not required to be provided again.

3        Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the
4  genuineness of a document must be accompanied by a copy of the document unless it
5  is, or has been, otherwise furnished or made available for inspection and copying."
6  Thus, the document in question need not be attached to the Request for Admission.
7  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished
8  …."

9        Each document has been otherwise furnished to Diaz. This RFA asks Diaz to
10  admit the genuineness of specifically-identified exhibits. Those documents were also
11  defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as
12  the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the
13  Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH
14  DIAZ, JR., Boxer.'"

15        There can be no doubt that Diaz has been "otherwise furnished" with these
16  documents.

17        Notably, Diaz never communicated his confusion about the Bates-stamped
18  documents to Heredia. Had he done so, Heredia would have worked with Diaz to
19  clarify any confusion.

20        Finally, there is no requirement that the genuineness of a document needs to be
21  admissible in the action. "Parties may obtain discovery regarding any nonprivileged
22  matter that is relevant to any party's claim or defense and proportional to the needs of
23  the case, considering the importance of the issues at stake in the action, the amount in
24  controversy, the parties' relative access to relevant information, the parties' resources,
25  the importance of the discovery in resolving the issues, and whether the burden or
26  expense    of    the    proposed    discovery    outweighs    its    likely    benefit."
27  Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need
28  not be admissible in evidence to be discoverable." <u>Id</u>

**Plaintiff's Contentions:**

In an effort not to further burden the Court with repetitive argument and a ridiculously lengthy joint stipulation (which this unfortunately already is due to Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his introductory statement and Diaz's response to the made-up issues that Defendant brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here. In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this litigation. Defendant illogically refused to provide the actual documents for which it sought admissions or to identify the documents by Bates-stamp number. Diaz proposed a reasonable and cost-effective solution that would have taken Defendant only a few minutes. While Defendant represented that he would consider the proposal, Defendant later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours to prepare. As for Defendant's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late (due to a calendaring error), Defendant has been unable to show any prejudice for this purported one-day delay. The law is clear that this minimal delay that does not cause prejudice is not sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to burden this Court with this dispute, the Court may properly deny Defendant's motion and award sanctions against Defendant and his counsel.

**REQUEST FOR ADMISSION NO. 64:**

Admit that the documents marked Exhibit 52 are genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Diaz specifically objects to this Request on the grounds that it is vague and ambiguous. Diaz further denies this Request for failing to comply with Federal Rule of Civil Procedure Rule 36(a)(2) which expressly states: "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." This Request fails to attach any document and improperly requests Diaz to admit to

the genuineness of a document unrelated to this action.

Subject to and without waiving the foregoing general and specific objections, Diaz responds as follows: Heredia's failure to comply with Rule 36 renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request.

**Defendant's Contentions:**

**The RFA is not vague and ambiguous**

First, Diaz objects to this RFA on the grounds that it is vague and ambiguous. It is not. It identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

Diaz' boilerplate objections, without detailing why he believed the Request for Admissions to be vague and ambiguous, fall short of what is actually required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed. R. Civ. P.36(a)." Id. Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous.  Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

**Diaz Already Has the Documents Referenced in the RFA and They Need**

**Not Be Related to This Action.**

Second, Diaz objects to this RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." Thus, the document in question need not be attached to the Request for Admission. Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."

Each document has been otherwise furnished to Diaz. This RFA asks Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'"

There can be no doubt that Diaz has been "otherwise furnished" with these documents.

Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia. Had he done so, Heredia would have worked with Diaz to clarify any confusion.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources,

1  the importance of the discovery in resolving the issues, and whether the burden or

2  expense     of     the     proposed     discovery     outweighs     its     likely     benefit."

3  Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need

4  not be admissible in evidence to be discoverable." Id.

5  **Plaintiff's Contentions:**

6  In an effort not to further burden the Court with repetitive argument and a

7  ridiculously lengthy joint stipulation (which this unfortunately already is due to

8  Defendant's refusal to meet and confer in good faith), Diaz refers the Court to his

9  introductory statement and Diaz's response to the made-up issues that Defendant

10  brought in RFA No. 55. Because the argument is identical, Diaz will not repeat it here.

11  In sum, Diaz cannot admit to the genuineness of "exhibits" that are not part of this

12  litigation. Defendant illogically refused to provide the actual documents for which it

13  sought admissions or to identify the documents by Bates-stamp number. Diaz proposed

14  a reasonable and cost-effective solution that would have taken Defendant only a few

15  minutes. While Defendant represented that he would consider the proposal, Defendant

16  later sandbagged Diaz with a 353-page Joint Stipulation that he claims took 40 hours

17  to prepare. As for Defendant's argument that the RFAs must somehow be deemed

18  admitted because supposedly the responses were one day late (due to a calendaring

19  error), Defendant has been unable to show any prejudice for this purported one-day

20  delay. The law is clear that this minimal delay that does not cause prejudice is not

21  sufficient cause to deem an RFA admitted. Given that there is no legitimate reason to

22  burden this Court with this dispute, the Court may properly deny Defendant's motion

23  and award sanctions against Defendant and his counsel.

24  **d.  Diaz' Counsel Engaged in Another Delaying Tactic**

25  In addition to Diaz' woefully late and inadequate document production in

26  response to Heredia's RFPs, and his untimely invalid objections to Heredia's RFAs,

27  Diaz' counsel used the meet and confer to engage in yet another delaying tactic.  During

28  the April 13, 2022 meet and confer, Diaz' counsel agreed to supplement his RFA

responses, apparently no longer relying on the argument that they do not have the documents referenced in the RFAs.  Montalvo Decl. ¶ 10.  However, after agreeing to supplement Diaz' RFA responses, Diaz' counsel made a new request: that Heredia give Diaz each Bates-stamped document range separately for each RFA.  Id.  The rules do not require Heredia to organize documents thusly.  Indeed, the beauty of Bates-stamped documents is that they can be easily identified by each document's unique number.  Diaz' new request was another delaying tactic.  Heredia declines to undertake this additional burden that the rules do not require.  Id.

**Plaintiff's Argument:**

This additional section is wholly improper and in violation of Local Rule 37.2.2.  Diaz requests that the Court strike this entire section and refers the Court to Diaz's arguments and points and authorities discussed above.

## IV.   DIAZ AND HIS COUNSEL SHOULD BE SANCTIONED FOR THEIR FAILURE TO COMPLY WITH DISCOVERY

### a.  Defendant's Argument

Sanctions should be imposed against Diaz and his counsel for his failure to provide any documents in response to the RFPs, and for his improper objections to the RFAs.

According to the Federal Rules of Civil Procedure, Rule 37(a)(5)(A)(ii), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Heredia propounded RFPs and RFAs that are directly relevant to this action.  Diaz' objections to the RFAs were not substantially justified, and even more, Diaz has provided only a scanty number of documents, which are not identified to any of the RFPs, despite promises to do so as recently as April 13, 2022. Heredia's lack of cooperation in this discovery process has frustrated Heredia's ability to prepare his defense, and made the discovery process burdensome for himself and the Court.

As a result, Heredia has unnecessarily incurred attorney's fees and costs by

drafting a meet-and-confer letter, engaging in meeting with Diaz' counsel, and by filing this motion to compel. Diaz' disregard of his discovery obligations deserves the imposition of sanctions, as authorized by Rule 37(a)(5).

Heredia's counsel has attended a meeting with Diaz' counsel, has drafted correspondence, and has spent significant time preparing their portions of this joint stipulation. Montalvo Decl. ¶ 11. In addition, Diaz expects to incur additional time drafting supplemental briefing on these discovery issues and appearing at the hearing on this motion. Id. All told, Defendant's counsel expects to spend 40 hours in connection with this discovery dispute totaling approximately $25,000 in attorneys' fees. Montalvo Decl. ¶ 12. In light of Diaz' refusal to comply with his discovery obligations, Diaz and his counsel should be ordered to pay the entirety of this sum to Heredia as sanctions under Rule 37.

### b. Plaintiff's Argument:

This additional section is wholly improper and in violation of Local Rule 37.2.2. Diaz requests that the Court strike this entire section and refers the Court to Diaz's arguments and points and authorities discussed above.

## V. PROPOSED RESOLUTIONS DURING THE CONFERENCE OF COUNSEL

### a. Heredia's Resolutions

At the April 13, 2022 meet and confer, as well as in the extensive meet and confer letter submitted in advance of that meeting, Heredia's counsel requested that Diaz respond fully to the RFPs and the RFAs. Montalvo Decl. ¶ 6, 10.

As to the RFPs, counsel for Heredia stated to counsel for Diaz that while we understand the need for a protective order for certain medical, mental health and Personally-Identifiable Information prior to its production, that cannot be the entirety of the document production, and Heredia would need to see the non-confidential production before agreeing to a protective order for withheld, putatively confidential documents. Montalvo Decl. ¶ 8. In response, Diaz' counsel agreed to provide the non-confidential production "this week." Montalvo Decl. ¶ 7. The mandatory meeting of

counsel occurred on Wednesday, April 13, 2022.  Diaz counsel did not provide any documents by the end of that week, and as of April 27, 2022 has produced a mere eighty-five pages of non-confidential documents.  Montalvo Decl. ¶ 9.

As to the RFAs, during the mandatory meeting of counsel, counsel for Diaz agreed to supplement his responses, apparently no longer relying on the argument that they do not have the documents referenced in the RFAs.  Montalvo Decl. ¶ 10. However, Diaz' counsel made a new request: that undersigned counsel give Diaz' counsel each Bates-stamped document range discretely for each RFA.  Id.  The rules do not require this.  Indeed, the beauty of Bates-stamped documents is that they can be easily identified by each document's unique identifying number.  That counsel for Diaz wants counsel for Heredia to slice up the Bates-stamped documents to present them with a bundle of Bates-stamped documents for each RFA is yet another delaying tactic on Diaz' part.

### b. Plaintiff's Resolution

This additional section is wholly improper and in violation of Local Rule 37.2.2. Diaz requests that the Court strike this entire section and refers the Court to Diaz's arguments and points and authorities discussed above.

## VI.    CONCLUSION

### a. Heredia's Conclusion

Diaz has failed to produce any meaningful documents in response to the RFPs, seemingly holding hostage non-confidential documents pending the execution of a protective order for confidential documents, and even when Diaz' counsel promised to produce non-confidential documents the week of the meeting between counsel, Diaz' counsel did not.  Further, Diaz has improperly objected to each of the RFAs, and provided those responses late.

Heredia therefore respectfully requests that the Court issue an order:

(1) Requiring Diaz to:

(a)    produce,  without  objection,  all  non-confidential  responsive

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

documents and information in response to the RFPs;

(b)    produce, without objection, all confidential documents and information within three days after the parties agree to a protective order;

(2) As to Heredia's Requests for Admission, either

(a)    deeming them admitted; or

(b)    order Diaz to respond without objection to Heredia's RFAs;

(3) Imposing significant sanctions against Diaz; and
(4) Imposing significant sanctions against Diaz' counsel.

**b. Diaz' Conclusion**

This additional section is wholly improper and in violation of Local Rule 37.2.2. Diaz requests that the Court strike this entire section and refers the Court to Diaz's arguments and points and authorities discussed above.

Respectfully submitted,

Dated:  May 24, 2022          **FEDERAL PRACTICE GROUP**

By:_/s/ Eric S. Montalvo_
Eric S. Montalvo
Rajan O. Dhungana
Attorneys for Defendant,
Ralph Heredia

Dated:  May 24, 2022          **VGC, LLP**

By: _/s/ Diyari Vázquez_
James L. Greeley
Diyari Vázquez
Gina Simas

1

Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL

# **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), this signatory attests that the other signatories listed, on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

By:*/s/ Eric S. Montalvo*
Eric S. Montalvo

569

1

2

## <u>CERTIFICATE OF SERVICE</u>

3

4

5

6

I, Eric Montalvo, hereby certify that on May 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

7

8

Dated: May 24, 2022            By: /s/ Eric S. Montalvo
                                    Eric S. Montalvo

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL