1  Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
2  Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
3  FEDERAL PRACTICE GROUP
4  14481 Aspen Street
5  Hesperia, CA 92344
   Telephone: (310) 795-6905
6  *Attorneys for Defendant*
7  Ralph Heredia

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br>HON. KENLY KIYA KATO<br><br>**[DISCOVERY MATTER]**<br><br>**DECLARATION OF ERIC S. MONTALVO IN SUPPORT OF MOTION TO COMPEL A FIRST RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND TO COMPEL FURTHER RESPONSES TO FIRST SETS OF REQUESTS FOR ADMISSIONS OR DEEM THEM ALL ADMITTED TO PLAINTIFF JOSEPH DIAZ JR; AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $25,000.**<br><br>Date: June 16, 2022<br>Time: 10:00am<br>Courtroom: 3 or 4<br>Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off Date: July 8, 2022<br>Pre-Trial Conference Date: November 18, 2022<br>Trial Date: December 5, 2022 |

I, Eric S. Montalvo, declare as follows:

1. I am a partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity, I am defending the complaint on behalf of Ralph Heredia. I submit this declaration in support of Defendant Heredia's Local Rule 37-2.1 Joint Stipulation Re: Defendant's Motion To Compel a First Response to Requests For Production of Documents and To Compel Further Responses to First Sets of Requests For Admissions or Deem Them All Admitted; and Request for Sanctions in the Amount of $ 25,000.

3. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

4. On April 11, 2022, I approved and caused to be sent to counsel for Plaintiff a meet-and-confer letter concerning Plaintiff's deficient discovery production and responses.  Exhibit AA, April 11, 2022 Meet and Confer Letter to Diaz Counsel.

5. On April 13, 2022, I participated in a conference call meet and confer among counsel to try to resolve this dispute without involving the Court.  Diyari Vázquez was the only counsel on the call on behalf of Plaintiff.

6. During that phone call, I stated to Ms. Vázquez that I was concerned that her firm had not produced any discovery at all in response to Heredia's Requests for Production ("RFPs") to Diaz under the guise that I had yet to agree with their position on a protective order. I explained that they were improperly withholding all of their discovery production without any lawful basis. In addition, if they were withholding all of the production because I took the position that not all of the discovery to be provided would be subject to a protective order that would be an indefensible position and their failure to provide ANY discovery to date at this point in the case – particularly in light of their motions practice – was simply irreconcilable. As to the protective order I stipulated to some information being included such as medical and certain financial information, but once again emphasized it is not permissible to withhold non-confidential documents while awaiting a protective order for the confidential documents. I asked that Diaz respond fully and completely to the RFPs.

7. Ms. Vázquez agreed and said that her firm had the non-confidential documents "ready to go" and will send them over to me "this week," which I understood to mean by the coming Friday, April 15, 2022. No production was received that day.

8. I stated that upon receipt of the non-confidential documents, we will be able to see what is withheld as confidential and we would then be amenable to

ii

signing a protective order for documents appropriately withheld as confidential.

9. That week passed with no documents produced. As of the date of this Declaration, I have received only eighty-five (85) pages of non-confidential documents from Ms. Vázquez or anyone at her firm.

10. During the meet and confer, we also discussed the Requests for Admission. While reserving all remedies, I asked that Diaz respond fully and completely to the Requests. Ms. Vázquez stated that Diaz would supplement his responses, but asked for my firm to divide up the Bates-stamped documents into files that are applicable to each RFA. We did not agree to that on the call, but stated that we would consider it and let her know. We subsequently decided not to divide up the Bates-stamped documents in such a manner and by this Declaration, have so informed her.

11. I, and attorneys in my firm, have attended a meeting with Diaz' counsel, drafted correspondence, and spent significant time preparing Heredia's portions of this Joint Stipulation. In addition, Diaz expects to incur additional time drafting supplemental briefing on these discovery issues and appearing at the hearing on the discovery motion.

12. In total, Defendant's counsel expects to spend approximately 40 hours in connection with this discovery dispute totaling approximately $25,000 in attorneys' fees. This figure would of course be updated and supported by a

detailed calculation of time spent and hourly rates in any fee petition filed if the Court were to grant Heredia's request for fees in connection with this discovery motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 24, 2022, at Anaheim, California.

Eric S. Montalvo

iv

MONTALVO DECL. ISO DEFENDANT HEREDIA'S
MOTION TO COMPEL AND FOR SANCTIONS