# EXHIBIT A

Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053

*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr.,<br><br>Plaintiff,<br>vs.<br><br>RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 5:20-cv-02332-JWH-KKx<br><br>**DEFENDANT RALPH HEREDIA'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF JOSEPH DIAZ, JR.**<br><br>Date:<br>Time:<br>Courtroom:  2<br>Judge:      Hon. John W. Holcomb |

**DEFENDANT RALPH HEREDIA'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF JOSEPH DIAZ, JR.**

RALPH HEREDIA 1ST RFA TO DIAZ

**PROPOUNDING PARTY: DEFENDANT RALPH HEREDIA**

**RESPONDING PARTY: PLAINTIFF JOSEPH DIAZ, JR.**

**SET NUMBER: ONE**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Ralph Heredia requests that, within 30 days hereof, and in accordance with the Definitions and Instructions set forth below, Plaintiff Joseph Diaz, Jr. respond, under oath, to the Requests for Admission set forth below.

## **DEFINITIONS**

1. "COMMUNICATION(S)" means and refers to any oral, written, or other contact between two or more persons by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, by such means as letters, memoranda, facsimiles, emails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, mobile applications (such as, for example, WhatsApp, Messenger, Signal, or the like), or any other medium.

2. "DOCUMENT(S)" is used in its broadest sense and means (i) all "writings" (or drafts thereof) as defined in section 250 of the California Evidence Code; (ii) all items identified in Rule 34(a)(1) of the Federal Rules of Civil Procedure; (iii) any information stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied,

RALPH HEREDIA 1ST RFA TO DIAZ

graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, computer files, computer tapes (including back up tapes), computer discs (including back up discs), computer printouts, microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings, or sketches; and (iv) data stored in a computer, data stored on the cloud, data stored on removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable optical disks), data used for electronic data interchange, audit trails, digitized pictures and video (e.g., data stored in MPEG, JPEG, GIF, or other commercially used digital formats), and digitized audio and voicemail. The term "DOCUMENT" or "DOCUMENTS" includes each original and non-duplicate copy of each such writing, and any prior iterations thereof.

3. "HEREDIA" means and refers to Defendant Ralph Heredia.

4. "YOU" and "YOUR" means and refers to Plaintiff Joseph Diaz, Jr. and any of his employees, agents, partners, representatives, accountants, advisors, and any other persons acting or purporting to act on his behalf.

5. "GOLDEN BOY" means and refers to Golden Boy Promotions, including any of its directors, officers, employees, agents, brokers, managers, representatives,

RALPH HEREDIA 1ST RFA TO DIAZ

attorneys, accountants, consultants, and any parent, subsidiary, or affiliated entities that are or were in existence from 2017 to the present.

6. "MOSES" means and refers to Moses Heredia.

7. "VEHICLE" means and refers to the 2016 Lexus RC350 referenced in the COMPLAINT.

8. "COMMISSION" means and refers to the California State Athletic Commission.

9. "COMPLAINT" means the First Amended Complaint filed by Diaz in this Action on August 17, 2021. (Dkt. 69.)

10. "LAWSUIT" means the above-entitled action styled Joseph Diaz, Jr. v. Ralph Heredia., et al., Case No. 5:20-cv-02332-JWH-KK.

10. "HBM" means defendant Heredia Boxing Management, LLC.

11. "PERSON" means any natural person, firm, association, organization, trust, public entity, partnership, business, corporation, limited liability company, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and/or other legal entity or organization separately identifiable, and any department(s) or division(s) thereof.

12. "Heredia Exh*xxx*," where "*xxx*" is a three digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.

RALPH HEREDIA 1ST RFA TO DIAZ

13. "Exhibit *xx*," where "*xx*" is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer."

14. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each includes the other whenever such a dual construction will serve to bring within the scope of a category documents or information which would not otherwise be within its scope.

15. The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each."

16. The word "including" means "including without limitation," so as to be most inclusive.

## **INSTRUCTIONS**

YOUR answers to these Requests for Admission must be as complete and straightforward as the information reasonably available to YOU permits, with each answer required to either admit so much of the matter involved in the request as is true, either as expressed in the request itself or as reasonably and clearly qualified, deny so much of the matter involved in the request as is untrue, and/or specify so much of the matter involved in the request as to the truth of which YOU lack

RALPH HEREDIA 1ST RFA TO DIAZ

sufficient information or knowledge. Should YOU give lack of information or knowledge as a reason for a failure to admit all or part of a request for admission, the answer shall state that a reasonable inquiry concerning the matter in the particular request was made and that the information known or readily obtainable is insufficient to enable YOU to admit the matter. If only part of a request for admission is objectionable, the remainder of the request shall be answered. This Request shall be deemed continuing, so as to require further and supplemental responses if you locate or obtain additional information that may impact the responses hereto between the time of the initial responses and the time of any hearing or trial in this matter.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that the documents marked Heredia Exh003-010 are genuine.

### REQUEST FOR ADMISSION NO. 2:

Admit that the documents marked Heredia Exh012-014 are genuine.

### REQUEST FOR ADMISSION NO. 3:

Admit that the documents marked Heredia Exh016-023 are genuine.

### REQUEST FOR ADMISSION NO. 4:

Admit that the documents marked Heredia Exh023-036 are genuine.

### REQUEST FOR ADMISSION NO. 5:

RALPH HEREDIA 1ST RFA TO DIAZ

Admit that the documents marked Heredia Exh038-052 are genuine.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the document marked Heredia Exh054 is genuine.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the documents marked Heredia Exh055-056 are genuine.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the documents marked Heredia Exh058-072 are genuine.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the documents marked Heredia Exh074-082 are genuine.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the documents marked Heredia Exh084-085 are genuine.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the documents marked Heredia Exh087-116 are genuine.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the document marked Heredia Exh118 is genuine.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the documents marked Heredia Exh120-128 are genuine.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the documents marked Heredia Exh130-157 are genuine.

**REQUEST FOR ADMISSION NO. 15:**

RALPH HEREDIA 1ST RFA TO DIAZ

Admit that the documents marked Heredia Exh159-163 are genuine.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the document marked Heredia Exh166 is genuine.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the documents marked Heredia Exh168-169 are genuine.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the documents marked Heredia Exh171-185 are genuine.

**REQUEST FOR ADMISSION NO. 19:**

Admit that the documents marked Heredia Exh187-189 are genuine.

**REQUEST FOR ADMISSION NO. 20:**

Admit that the documents marked Heredia Exh191-193 are genuine.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the documents marked Heredia Exh195-203 are genuine.

**REQUEST FOR ADMISSION NO. 22:**

Admit that the documents marked Heredia Exh205-219 are genuine.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the documents marked Heredia Exh221-224 are genuine.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the documents marked Heredia Exh226-227 are genuine.

**REQUEST FOR ADMISSION NO. 25:**

RALPH HEREDIA 1ST RFA TO DIAZ

Admit that the documents marked Heredia Exh229-233 are genuine.

**REQUEST FOR ADMISSION NO. 26:**

Admit that the documents marked Heredia Exh235-244 are genuine.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the documents marked Heredia Exh246-249 are genuine.

**REQUEST FOR ADMISSION NO. 28:**

Admit that the documents marked Heredia Exh251-254 are genuine.

**REQUEST FOR ADMISSION NO. 29:**

Admit that the documents marked Heredia Exh256-265 are genuine.

**REQUEST FOR ADMISSION NO. 30:**

Admit that the documents marked Heredia Exh267-284 are genuine.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the documents marked Heredia Exh286-289 are genuine.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the documents marked Heredia Exh291-310 are genuine.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the document marked Heredia Exh312 is genuine.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the documents marked Heredia Exh314-318 are genuine.

**REQUEST FOR ADMISSION NO. 35:**

RALPH HEREDIA 1ST RFA TO DIAZ

Admit that the documents marked Heredia Exh320-323 are genuine.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the documents marked Heredia Exh325-326 are genuine.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the document marked Heredia Exh328 is genuine.

**REQUEST FOR ADMISSION NO. 38:**

Admit that the document marked Heredia Exh330 is genuine.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the document marked Heredia Exh332 is genuine.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the documents marked Heredia Exh334-337 are genuine.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the documents marked Heredia Exh339-345 are genuine.

**REQUEST FOR ADMISSION NO. 42:**

Admit that the document marked Heredia Exh347 is genuine.

**REQUEST FOR ADMISSION NO. 43:**

Admit that the documents marked Heredia Exh349-353 are genuine.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the document marked Heredia Exh355 is genuine.

**REQUEST FOR ADMISSION NO. 45:**

Admit that the documents marked Heredia Exh357-361 are genuine.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the documents marked Heredia Exh363-365 are genuine.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the documents marked Heredia Exh367 is genuine.

**REQUEST FOR ADMISSION NO. 48:**

Admit that the documents marked Heredia Exh369-372 are genuine.

**REQUEST FOR ADMISSION NO. 49:**

Admit that the documents marked Heredia Exh374-375 are genuine.

**REQUEST FOR ADMISSION NO. 50:**

Admit that the documents marked Heredia Exh377-378 are genuine.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the documents marked Heredia Exh380-403 are genuine.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the documents marked Heredia Exh405-414 are genuine.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the document marked Heredia Exh416 is genuine.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the documents marked Heredia Exh418-633 are genuine.

**REQUEST FOR ADMISSION NO. 55:**

RALPH HEREDIA 1ST RFA TO DIAZ

Admit that the documents marked Exhibit 1 are genuine.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the documents marked Exhibit 2 are genuine.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the documents marked Exhibit 3 are genuine.

**REQUEST FOR ADMISSION NO. 58:**

Admit that the documents marked Exhibit 4 are genuine.

**REQUEST FOR ADMISSION NO. 59:**

Admit that the documents marked Exhibit 15 are genuine.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the documents marked Exhibit 36 are genuine.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the documents marked Exhibit 38 are genuine.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the documents marked Exhibit 40 are genuine.

**REQUEST FOR ADMISSION NO. 63:**

Admit that the documents marked Exhibit 46 are genuine.

**REQUEST FOR ADMISSION NO. 64:**

Admit that the documents marked Exhibit 52 are genuine.

Dated:  January 28, 2022

RALPH HEREDIA 1ST RFA TO DIAZ

 /s/ Rajan O. Dhungana
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA  92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

Eric S. Montalvo (Admitted Pro Hac Vice)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C.  20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

RALPH HEREDIA 1ST RFA TO DIAZ

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 28, 2022, I served a copy of the foregoing Defendant Ralph Heredia's Request for Admissions to Plaintiff Joseph Diaz, Jr.'s via email to the following counsel for Plaintiff:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296
Attorneys for Plaintiff
Joseph Diaz, Jr.

/s/ Rajan O. Dhungana
Rajan O. Dhungana
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com

*Attorney for Defendant*
Ralph Heredia

RALPH HEREDIA 1ST RFA TO DIAZ

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2332-JWH (KKx)** | Date: | March 4, 2022 |
|---|---|---|---|

| Title: | ***Joseph Diaz, Jr. v. Ralph Heredia, et al.*** |
|---|---|

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:     **Order GRANTING IN PART and DENYING IN PART Plaintiff's Motion to Compel [Dkt. 96]**

On February 11, 2022, plaintiff Joseph Diaz, Jr. ("Plaintiff") filed a motion seeking to compel defendant Ralph Heredia ("Defendant") to produce supplemental responses to (1) Special Interrogatories, Set One, Nos. 7-11, and (2) Requests for Production of Documents, Set One, Nos. 1 through 58 and responsive documents ("Motion to Compel"). Dkt. 96. Plaintiff also seeks $18,125.00 in attorney's fees and costs incurred in bringing the Motion to Compel. Id. For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED IN PART and DENIED IN PART.

## I.
## BACKGROUND

On October 7, 2020, Plaintiff initiated this action by filing a Complaint against Defendant in San Bernardino County Superior Court alleging various causes of action stemming from a boxing management agreement between Plaintiff and Defendant. Dkt. 3, Compl.

On November 9, 2020, Defendant removed the action to this Court. Dkt. 1.

On August 17, 2021, Plaintiff filed the operative First Amended Complaint ("FAC")[1] for (1) fraud; (2) breach of fiduciary duty; (3) breach of implied-in-fact contract; (4) conversion; (5) tortious interference with prospective economic advantage; (6) violation of the Muhammad Ali Boxing

---

[1]     Plaintiff also substituted defendant Heredia Boxing Management ("HBM") as Jane Doe 1. Dkt. 69. Defendant HBM, however, is not a party to the instant Motion to Compel.

**CIVIL MINUTES—GENERAL**

First, Plaintiff's request is not overbroad. The request seeks a narrow class of documents related to accounting records specifically related to Defendant's management of Plaintiff. Accordingly, the Court does not find the requests are overbroad or disproportionate to the needs of the case.

Second, once again, Defendant's repeated reliance on the boilerplate objection of burden is unpersuasive where he has not provided any evidence to support his bare assertions burden. See A. Farber & Partners, Inc., 234 F.R.D. at 188.

Finally, Defendant's assertion that he is not aware of any responsive documents within his custody or control and citation to a single page of the record in separate contract arbitration proceedings is insufficient to justify his failure to produce any documents. Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 12 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 12 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 12 **within fourteen (14) days of the date of this Order**.

**6.      The Motion to Compel a Supplemental Response to Request for Production No. 17 is GRANTED**

Request for Production No. 17 seeks "[a]ll accounting records" related to Defendant's management of Plaintiff. JS at 89.

Defendant objected to Request for Production No. 17 (a) "to the extent" it requested documents not in his custody or control and (b) on the grounds that he is not aware of any responsive documents within his custody or control. Id. Defendant further cited a number of pages of the record produced during separate contract arbitration proceedings between Plaintiff and Moses Heredia. Id.

Defendant's objection that the responsive documents are not within his custody or control, his assertion that he is not aware of any responsive documents in his custody and control, and his citation to the record in separate contract arbitration proceedings are insufficient to justify his failure to produce any documents. Defendant has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; see also Burnett, 2016 WL 3392263, at *6.

Accordingly, Defendant's objections to Request for Production No. 17 are OVERRULED, and Plaintiff's Motion to Compel further responses to Request for Production No. 17 is GRANTED. Defendant shall serve a supplemental response and produce all responsive documents to Request for Production No. 17 **within fourteen (14) days of the date of this Order**.

///
///
///

---

EXHIBIT C



Google

montalvo jo jo diaz

All News Images Maps Videos More Tools

About 664,000 results (0.61 seconds)

Did you mean: montalvo ***jojo*** diaz

Videos

TIME TO SETTLE THE SCORE: Devin Haney vs JoJo Diaz Jr ...
YouTube · Matchroom Boxing
1 day ago

JoJo Diaz Jr Calls Out Ryan Garcia & Devin Haney
YouTube · DAZN Boxing
Jul 9, 2021

HIGHLIGHTS | Joseph Diaz Jr. vs. Javier Fortuna
YouTube · DAZN Boxing
Jul 9, 2021

Feedback

View all

https://fedpractice.com › 2021/07/13 › eric-montalvo-f...
ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL ...
Jul 13, 2021 — With distractions pushed aside, does **JoJo Diaz** finally have it all together? Joseph Diaz, above, is moving up in weight to challenge for the WBC ...

https://www.thesun.ie › news › lawyers-boxing-authorities...
Lawyers want boxing authorities to freeze fight proceeds ...
Feb 11, 2021 — The Irish Sun can reveal representatives of manager Moses Heredia approached the California Boxing Commission to stop money set aside for **Jo Jo** ...

https://www.pressreader.com › ireland › irish-daily-mirror
I will get millions for my client from MTK & mob boss Kinahan
Aug 26, 2021 — ... sued by boxing manager Moses Heredia who alleges top boxer **Jojo Diaz** was illegally lured away from him with a $100,000 cash payment.

https://www.sundayworld.com › Crime › World Crime
Ex-Marine lawyer 'not afraid' of Daniel Kinahan ahead of ...
Dec 27, 2020 — Lead case lawyer Eric **Montalvo** alleges Kinahan and MTK ignored state and federal laws to 'steal' boxer Joseph '**JoJo**' **Diaz** from his ...

https://theathletic.com › 2021/03/09 › joseph-diaz-jr-lost-...
Joseph Diaz Jr. lost his title and his car. Now he's fighting to ...
Mar 9, 2021 — **JoJo** woke up early Friday before the fight in an attempt to lose the final few pounds. He shadowboxed for an hour but didn't sweat at all. He ...

https://www.desertsun.com › sports › boxing › 2021/02/10
JoJo Diaz's boxing approach altered by becoming a dad - The ...
Feb 10, 2021 — **JoJo Diaz**, an Olympian from the Los Angeles suburb of South El Monte, beat Tevin Farmer last February to secure the International Boxing ...
Missing: ~~montalvo~~ | Must include: montalvo

**People also search for**
joseph diaz

Google

montalvo jojo diaz                    ✕  🎤  🔍

🔍 All   📰 News   🖼 Images   📍 Maps   ▶ Videos   ⋮ More                    Tools

Page 2 of about 713,000 results (0.50 seconds)

https://www.thefreelibrary.com › ... › June 7, 2021    ⋮
**Kinahan faces Judgment Diaz; COURT MAY BE FORCED TO ...**
Jun 7, 2021 — Heredia's lawyer Eric **Montalvo** expects the Commission to hold up the contract.
Mr **Montalvo**, an ex Marine, told the Irish Mirror: "In a lawsuit, ...

https://newsbeezer.com › Home › World    ⋮
**Daniel Kinahan can see the Dubai courts recognize him as a ...**
Jun 7, 2021 — ... who claims that top boxer **JoJo Diaz** illegally lured away from him with a ...
Mr. **Montalvo**, a former Marine, told the Irish Mirror, ...

https://watchers.ie › 2021/06/07 › the-americans-wont-s...    ⋮
**The Americans wont Stop now, they want Kinahan to Face ...**
Jun 7, 2021 — The papers, filed by Mr **Montalvo**, allege that MTK lured **Jojo Diaz** away from his
contract with Heredia Boxing Management (HBM) by offering him a ...

https://www.delgadofuneralhome.com › copy-of-obitua...    ⋮
**Obituaries | Delgado Funeral Home**
Pat was preceded in death by his father: Alex M. **Diaz**. ... Haize Nevaeh **Diaz**, Patrick Jay **Diaz**,
Philip **Joseph Diaz**, and Chavino Dayze **Diaz**.

https://www.thesun.ie › news › lawyers-boxing-authorities...    ⋮
**Lawyers want boxing authorities to freeze fight proceeds ...**
Feb 11, 2021 — Boxer **Joseph Diaz** JrCredit: Getty Images - Getty. Lawyer Eric **Montalvo** last
night also hit out at evil Kinahan for trying to wipe out boxing ...

https://dockets.justia.com › ... › Central District    ⋮
**Joseph Diaz Jr. v. Ralph Heredia 5:2020cv02332 - Justia ...**
Nov 9, 2020 — Attorney Eric S. **Montalvo** to Appear Pro Hac Vice on behalf of Defendant Ralph
Heredia (Pro Hac Vice Fee - $500 Fee Paid, Receipt No.
Court: US District Court for the Central District ...    Defendant: Rafael Tarango Heredia, Ralph H...

https://soundcloud.com › maria-mont...  · Translate this page    ⋮
**Maria Montalvo - SoundCloud**
Play Maria **Montalvo** and discover followers on SoundCloud | Stream tracks, albums, playlists on
desktop ... <3 aca - JoJo- Marvin's Room (Can't Do Better).

https://www.fbi.gov › feeds › wanted-collection    ⋮
**Wanted Collection - FBI**
10.31.2019 — **JOSEPH** JAMES BRUCE, SR. ... 10.29.2010 — JOHN MICHAEL DIMITRION;
10.05.2010 — DANIEL GUZMAN; 05.06.2014 — ALFONSO ANGEL **DIAZ**-JUAREZ ...

https://www.truepeoplesearch.com › ... › M › Montalvo    ⋮
**Cruz Montalvo Found - Address, Phone & More - True People ...**
Find Cruz **Montalvo** for free! Get current address, cell phone number, email address, relatives,
friends and a lot more. We're 100% free for everything!

http://www.princeton.edu › ~jlogan › TKD › National-c...    ⋮
**US National Taekwondo Champions Sparring Weight ranges ...**

| Fin  | Male          |              | Fin  | Female                |
|------|---------------|--------------|------|-----------------------|
| 1975 | Clark Murphy  | Pennsylvania | 1975 | no women's division   |



Google

montalvo jojo diaz

All | News | Images | Maps | Videos | More | Tools

Page 3 of about 728,000 results (0.41 seconds)

http://www.princeton.edu › ~jlogan › TKD › National-c...

US National Taekwondo Champions Sparring Weight ranges ...

| Fin | Male | | Fin | Female | |
|---|---|---|---|---|---|
| 1975 | Clark Murphy | Pennsylvania | 1975 | no women's division | |
| 1976 | Oren Gautreaux | Missouri | 1976 | Joan Meyer | Missouri |
| 1977 | Daryl O'Neal | California | 1977 | no comeptitors | |

View 540 more rows

https://www.law360.com › articles › boxer-s-manager-acc...

Boxer's Manager Accuses Co., Law Firm VGC Of Racketeering

Dec 21, 2020 — ... into a "marketing advisory" agreement with boxer **Joseph Diaz** and ... Eric **Montalvo**, an attorney for Heredia, told Law360 that MTK Global ...

http://www.fighthype.com › news › article43939

notes from the boxing undergound: boxing and the mob

Feb 15, 2021 — The signing of **Diaz**, which was allegedly accomplished with a ... in the world of boxing," Heredia attorney Eric **Montalvo** told Sunday World.

https://www.europe.easybranches.com › ireland

Lawyer for boxing agent vows to get millions ...

Aug 26, 2021 — Ex-Marine Eric **Montalvo** also told how he found it "quite ... who alleges top boxer **JoJo Diaz** was illegally lured away from him with a ...

https://www.instagram.com › loladelaroche

Lola De La Roche (@loladelaroche) • Instagram photos ...

Jasmin **Montalvo**. Follow · jojo_babie. Verified. I AM **JOJO** BABiE ✨ . Follow. priscillasweetz. Priscilla Morales ... BELKIS **DIAZ** | CREADOR C. HN.

https://www.losalfootball.org › roster_players

Los Al Varsity - 2019 Regular Season - Roster - #68 - OG

Eleuterio **Montalvo** #68·OG. No photo neutral. Height, 5'9". Weight, 253. Grade, Freshman. Game Log. - NO STATS AVAILABLE -.

https://www.kidneywalk.org › Static › Fundraiser-List

Fundraisers - 2021 Kidney Walk at the Detroit Zoo

Elizabeth **Montalvo**. $283.00. $ · Ian miller. $280.00. $ · Sharon Wroblewski. $270.00 ... **Jojo Diaz**. $0.00. $ · Susan Gewarges. $0.00. $ · Jacqueline Griffin.

https://www.courts.wa.gov › Courts › Court Briefs

Court of Appeals Division I - Briefs - Washington State Courts ...

81784-1 - In re the Marriage of: Irlanda **Diaz**-Rodriguez, Respondent v. Jose Marcelo Tenesaca, Appellant ... 80709-9 - **Jojo** Deogracia Ejonga, Appellant v.

https://www.msn.com › newsireland › ar-AANKQOg

Mob boss Daniel Kinahan accused of trying to hide in his ...

Aug 26, 2021 — ... Moses Heredia who alleges top boxer **JoJo Diaz** was illegally lured ... Although Kinahan has already been served in Dubai, Mr **Montalvo** is ...

https://toysrevil.blogspot.com › 2013/10 › tony-titanium-...

Tony "Titanium" Montalvo for #NYCC (#NYCCwatch)

# EXHIBIT D

| Posted by: | August 13, 2021 |
|---|---|

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, DISCUSSES THE LATEST IN THE MTK AND DANIEL KINAHAN CASE WITH STEVE ELLIS

Eric Montalvo joins Steve Ellis to talk the latest in the MTK and Danial Kinahan case. To view the podcast please click here.

| Posted by: | July 13, 2021 |
|---|---|

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, TALKS WITH ESPN ON JOJO DIAZ CONTRACT SITUATION

With distractions pushed aside, does JoJo Diaz finally have it all together? Joseph Diaz, above, is moving up in weight to challenge for the WBC interim lightweight title. Sye Williams/Golden Boy/Getty Images By Mike Coppinger When Ryan Garcia withdrew from his July 9 bout with Javier Fortuna to address his mental health, Joseph Diaz Jr. raised […]

| Posted by: | February 5, 2021 |
|---|---|

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, SPEAKS WITH WATCHERS.IE ON LATEST ON DANIEL KINAHAN CASE

America have the Feds; they took down Escabor and Chappo; Where from here? Time will give us Legal Wisdom   Taking a stand Ex-Marine lawyer 'not afraid' of Daniel Kinahan ahead of alleged racketeering case "This is a man (Daniel Kinahan) who decided to come here to the US and to break our laws and to […]

READ MORE

| Posted by: | February 1, 2021 |

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, SPEAKS WITH BBC ON LATEST ON DANIEL KINAHAN CASE

Boxing and the Mob Panorama Darragh MacIntyre investigates the role of the alleged head of one of Europe's biggest drug cartels in the upcoming heavyweight title fight between Tyson Fury and Anthony Joshua. If you want to hear the entire story please click here:

https://www.dropbox.com/s/34g88k71zw4yyet/Boxing%20and%20the%20Mob_HI_RES_VC.mov?dl=0

READ MORE

| Posted by: | January 20, 2021 |

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, PROVIDES COMMENTARY TO IRISH SUN ON DANIEL KINAHAN

Read the full article entitled ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, PROVIDES COMMENTARY TO IRISH SUN ON DANIEL KINAHAN

.

READ MORE

| Posted by: | December 29, 2020 |

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, PROVIDES COMMENTARY TO INDEPENDENT.IE ON DANIEL KINAHAN

Daniel Kinahan December 29 2020 07:31 PM ORGANISED crime boss Daniel Kinahan is being formally summonsed to respond to US-based civil law suit in which he stands accused of racketeering and money-laundering. He has been warned he has 21 days to respond to the case filed by Heredia Boxing Management in California, who are suing […]

READ MORE

| Posted by: | December 29, 2020 |
| --- | --- |

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, TELLS SUNDAY WORLD DANIEL KINAHAN HAS FORMALLY BEEN SUMMONSED

SEE YOU IN COURT Daniel Kinahan formally summonsed in racketeering law suit He has been warned he has 21 days to respond to the case filed by Heredia Boxing Management in California Daniel Kinahan is being pursued in the U.S. courts ORGANISED crime boss Daniel Kinahan has been formally summonsed to respond to US based […]

**READ MORE**

| Posted by: | December 27, 2020 |
| --- | --- |

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, TELLS SUNDAY WORLD HE IS NOT AFRAID OF DANIEL KINAHAN IN RACKETEERING CASE

TAKING A STAND– Ex-Marine lawyer 'not afraid' of Daniel Kinahan ahead of alleged racketeering case "This is a man (Daniel Kinahan) who decided to come here to the US and to break our laws and to steal. He puts himself out there as a businessman" Daniel Kinahan is being pursued in the U.S. courts December […]

**READ MORE**

**Posted by:**
December 21, 2020

## ERIC MONTALVO, FOUNDING PARTNER OF THE FEDERAL PRACTICE GROUP, SPEAKS WITH LAW360 ABOUT SUING MTK GLOBAL SPORTS MANAGEMENT LLC

Boxer's Manager Accuses Co., Law Firm VGC Of Racketeering By Clarice Silber Law360 (December 21, 2020, 6:31 PM EST) — The manager of a world champion boxer has sued law firm VGC LLP and a management and promotional company allegedly linked to organized crime, claiming the company was engaged in a racketeering scheme to interfere with his contract [...]

READ MORE

# EXHIBIT E

**From:** gsimas@vgcllp.com
**Subject:** Diaz v. Heredia: Draft Protective Order
**Date:** February 2, 2022 at 2:08 PM
**To:** Eric Montalvo  emontalvo@fedpractice.com, Eric Clarke  eclarke@inceptionreit.com, Rajan Dhungana  rdhungana@fedpractice.com
**Cc:** James Greeley  jgreeley@vgcllp.com, Christy Jones  cjones@vgcllp.com, Diyari Vazquez  dvazquez@vgcllp.com

All,

During our meet and confer last week, I agreed to provide you with a draft Joint Stipulation for Protective Order It is attached. Please review. If acceptable, please sign and return. We will thereafter sign and file it with the Court. If you have any questions, please let me know. Thanks.

Sincerely,

Gina

Gina Simas  |  Litigation Partner



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).



2022-01-28
Stipula...2.docx

James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendants,* Ralph Heredia and Heredia Boxing Management

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DISTRICT

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>                 Plaintiff,<br><br>        v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>                 Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER**<br><br><br><br>Courtroom:     2<br>Judge:      Hon. John W. Holcomb |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    "HIGHLY  CONFIDENTIAL – ATTORNEYS'  EYES  ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:   any Disclosure or Discovery Material that is

2

designated as, referred to or considered "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

   2.15   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

   3.   SCOPE

   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

   4.   DURATION

   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. ///

5.     DESIGNATING PROTECTED MATERIAL

    5.1     Exercise of Restraint and Care in Designating Material for Protection.

    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2     Manner and Timing of Designations.

    Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For Testimony given in depositions the Designating Party may either:

i.     identify on the record, before the close of the deposition, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY;" or

ii.     designate the entirety of the Testimony at the deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The

Joint Stipulation For Protective Order And [Proposed] Order

parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g.,

to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

### 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

<u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Information designated as "CONFIDENTIAL" produced pursuant to this Order may be disclosed or made available only to the persons designated below:

(a)    Retained counsel and in-house counsel for a Party (including attorneys associated with the law firm of counsel and the paralegal, clerical, and secretarial staff employed by such counsel who are directly participating in the captioned lawsuit);

(b)    A Party and its affiliates, officers, directors, agents and employees of a Party deemed reasonably necessary by counsel for the Party to aid in the prosecution, defense, or settlement of the captioned lawsuit; provided, however, that prior to the disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the disclosure shall

deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Appendix A;

(c) Clerical, data processing, or technology support personnel, including third party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a Party or its counsel in the captioned lawsuit;

(d) This Court and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with the captioned lawsuit, their respective personnel, and the jury in the captioned lawsuit;

(e) Court reporter(s) and videographers(s) preparing transcripts in the captioned lawsuit;

(f) Outside consultants or Experts retained for the purpose of this Action, provided that, before access is given, the Party shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Appendix A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or outside consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

(g) A witness appearing at a deposition or non-trial hearing witness in this matter; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

(h) The original author or source of the Confidential Information, and any addressee(s) or recipient(s) of communications or material that is designated as

Joint Stipulation For Protective Order And [Proposed] Order

Confidential Information, including but not limited to addressee(s) or recipient(s) of confidential e-mail communications and/or confidential correspondence;

(i)     Any other person as to whom the parties in writing agree or to whom production is ordered by any Court or administrative body of competent jurisdiction; and

(j)     Any governmental agency or regulating authority to the extent disclosure is required by applicable law.

7.3     Use of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. For Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited as follows:

(a)     Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on the above-captioned lawsuit under the direction of such attorneys and to whom it is necessary that the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" be disclosed for purposes of the above-captioned lawsuit.  Such employees, assistants, contractors and agents to whom such access is permitted and/or disclosure is made shall, prior to such access or disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

(b)     Experts or outside consultants consulted by the undersigned Parties or their counsel in connection with the above-captioned lawsuit, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy

of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Appendix A prior to the Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." It shall be the obligation of Trial Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify Trial Counsel for the Designating Party of such breach or threatened breach.   Provided, however, that Experts or outside consultants allowed access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designated by the Parties shall not be officers, directors, partners, members, affiliates, employees or contractors of the other Party;

(c)    The original author or source of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and any addressee(s) or recipient(s) of communications or material that is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," including but not limited to addressee(s) or recipient(s) of confidential e-mail communications and/or confidential correspondence;

(d)    Clerical, data processing, or technology support personnel, including third party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a Party or its counsel in the captioned lawsuit;

(e)    A witness appearing at a deposition or non-trial hearing witness in this matter; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

///

///

(f)     Any other person as to whom the parties in writing agree or to whom production is ordered by any Court or administrative body of competent jurisdiction;

(g)     Court reporters in the above-captioned lawsuit (whether at depositions, hearings, or any other proceeding); and

(h)     The Court.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

(d)     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions ///

should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Joint Stipulation For Protective Order And [Proposed] Order

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.  MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

12.4    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

12.5    Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

12.6    After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound

Joint Stipulation For Protective Order And [Proposed] Order

by the terms set forth herein with regard to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that have been produced before the Court signs this Stipulation and Protective Order.

12.7    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms herein.

13.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

1  constitute Protected Material remain subject to this Protective Order as set forth in

2  Section 4 (DURATION).

3       This Stipulation and Protective Order may be executed in counterparts.

4

5       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6  DATED: _____   _____

7                                          James L. Greeley
                                           Diyari Vázquez
                                           Gina Simas
8                                          Attorneys for Plaintiff
                                           JOSEPH DIAZ, JR.
9

10

11 DATED: _____   _____

12                                         Eric S. Montalvo
                                           Rajan O. Dhungana
13                                         Attorneys For Defendants
                                           RALPH HEREDIA AND
14                                         HEREDIA BOXING MANAGEMENT

15

16      PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

17 DATED: _____   _____

18                                         Honorable Kenly Kiya Kato
                                           United States District Court
19                                         Central District of California

20

21

22

23

24

25

26

27

28

Joint Stipulation For Protective Order And [Proposed] Order

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Joseph Diaz, Jr. v. Ralph Heredia et al.,* Case No. Case No. 5:20-cv-02332- JWH-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

NOTICE OF ATTORNEY'S LIEN

## **CERTIFICATE OF SERVICE**

1

2        I, Diyari Vázquez, hereby certify that on May 4, 2022, I electronically filed the

3   foregoing with the Clerk of the Court using the CM/ECF system, which will send

4   notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice

5   List, and I hereby certify that I have mailed the foregoing document to the non-

6   CM/ECF participants indicated on the Manual Notice List.

7

8   Dated: May 4, 2022                    By:___/s/_____

9                                              Diyari Vázquez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF ATTORNEY'S LIEN

EXHIBIT F

**From:** gsimas@vgcllp.com 📎
**Subject:** RE: Diaz v. Heredia: Draft Protective Order
**Date:** February 4, 2022 at 10:20 AM
**To:** Eric Montalvo emontalvo@fedpractice.com, Eric Clarke eclarke@inceptionreit.com, Rajan Dhungana rdhungana@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Christy Jones cjones@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com

All,

I'm just following up on this because I never heard back from you. Please confirm receipt and advise whether you have any changes. If not, please execute. We will get it on file after that. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 2, 2022 2:08 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Eric Clarke' <eclarke@inceptionreit.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Christy Jones' <cjones@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>
**Subject:** Diaz v. Heredia: Draft Protective Order

All,

During our meet and confer last week, I agreed to provide you with a draft Joint Stipulation for Protective Order It is attached. Please review. If acceptable, please sign and return. We will thereafter sign and file it with the Court. If you have any questions, please let me know. Thanks.

Sincerely,

Gina

Gina Simas  |  Litigation Partner



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

# EXHIBIT G

**From:** gsimas@vgcllp.com  
**Subject:** RE: Diaz, Jr. v. Heredia, et al.  
**Date:** February 9, 2022 at 3:01 PM  
**To:** Eric Montalvo emontalvo@fedpractice.com, Christy Jones cjones@vgcllp.com  
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Erik Cox ECox@fedpractice.com, Daisy Chung DChung@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com, Rajan Dhungana rdhungana@fedpractice.com, gsimas@vgcllp.com

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you understand that both JoJo and Jim are extremely busy. So, I am doing my best to coordinate their schedules, and thereafter, will provide you with potential dates.  As I stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago. Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or early tomorrow. Once you receive the final version, please promptly sign. We will file it tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to file within two days of reserving this date. For this reason, it is imperative that you sign and return within 24 hours. If you have any questions or would like to discuss further, please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>  
**Sent:** Wednesday, February 9, 2022 11:44 AM  
**To:** Christy Jones <cjones@vgcllp.com>  
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>  
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.

Eric S. Montalvo

Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

- · PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

  DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones  |  Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401

# EXHIBIT H

**From:** gsimas@vgcllp.com  🖉
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order
**Date:** February 23, 2022 at 9:41 AM
**To:** Eric Montalvo  emontalvo@fedpractice.com,  Erik Cox  ECox@fedpractice.com,  Rajan Dhungana  rdhungana@fedpractice.com
**Cc:** James Greeley  jgreeley@vgcllp.com,  Diyari Vazquez  dvazquez@vgcllp.com,  Daisy Chung  DChung@fedpractice.com,
Cristina Lagarde  clagarde@fedpractice.com

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know whether you have any changes to the draft I sent to you three weeks ago.  Although I sent the draft Protective Order on February 2, 2022, I have yet to receive any response from you on this subject.  As you know, this case involves information that we want to remain confidential.  As such, a Protective Order will need to be signed and filed with the Court prior to Diaz producing any documents and to any depositions taking place. Please let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you understand that both JoJo and Jim are extremely busy. So, I am doing my best to coordinate their schedules, and thereafter, will provide you with potential dates.  As I stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago. Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or early tomorrow. Once you receive the final version, please promptly sign. We will file it tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to file within two days of reserving this date. For this reason, it is imperative that you sign and return within 24 hours. If you have any questions or would like to discuss further, please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.

Eric S. Montalvo
Founding Partner



   

Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

· PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones  |  Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

EXHIBIT I

**From:** **Daniel Schwarz** dschwarz@vgcllp.com  📎

**Subject:** Diaz' responses for request for production

**Date:** February 25, 2022 at 12:00 PM

**To:** emontalvo@fedpractice.com, rdhungana@fedpractice.com

**Cc:** Diyari Vazquez dvazquez@vgcllp.com, Gina Simas gsimas@vgcllp.com, Jim Greeley jgreeley@vgcllp.com

DS

---

Counsel,

Attached are Mr. Diaz's responses to the requests for production. We await entry of the protective order to produce confidential documents. Please provide any edits to the protective order so that we can finalize, get it entered and produce the documents. To the extent there are documents that are not confidential, we will produce those under separate cover.

Daniel Schwarz  |  Office Manager



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).



2022-02-23
Diaz's...1 -.pdf

EXHIBIT J

James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | CASE NO. 5:20-cv-02332-JWH-KK |
| Plaintiff, | **PLAINTIFF JOSEPH DIAZ, JR.'S RESPONSES TO DEFENDANT RALPH HEREDIA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | |

# **PRELIMINARY STATEMENT**

This responding party plaintiff Joseph Diaz, Jr. ("Responding Party") has not fully completed his investigation of the facts relating to this case, has not fully completed his discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based only upon information and documentation which are presently available to and specifically known to Responding Party and disclose only those contentions which presently occur to such Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, and meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes and variations to the contentions herein set forth.

The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall. Responding Party accordingly reserves the right to change any and all answers herein as additional acts are ascertained, analyses are made, legal research is completed, and contentions are made. The answers contained herein are made in good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of this responding party in relation to further discovery, research, or analysis.

Responding Party objects to the requests' definitions and instructions to the extent they seek to impose obligations greater than those in the Federal Rules of Civil Procedure.

Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order.

/ / /

/ / /

/ / /

PLAINTIFF'S RESPONSES TO RALPH HEREDIA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## RESPONSES TO FIRST SET OF
## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS. NO. 1:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 1 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 2 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 3 of YOUR COMPLAINT.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 4 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 5 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 6 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 7 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 8 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 9 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 10 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 11 of YOUR COMPLAINT.

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 12 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 13 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 17 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 18 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 19 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

1  Subject to and without waiving the foregoing general and specific objections,
2  Responding Party will produce non-privileged documents in its possession, custody,
3  or control that are responsive to this Request as Responding Party understands it.

4  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

5  All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
6  allegations of Paragraph 20 of YOUR COMPLAINT.

7  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

8  Responding Party objects to this Request to the extent it seeks information that
9  is protected by the attorney-client privilege, work product doctrine and/or other
10  applicable privilege or right to privacy.

11  Subject to and without waiving the foregoing general and specific objections,
12  Responding Party will produce non-privileged documents in its possession, custody,
13  or control that are responsive to this Request as Responding Party understands it.

14  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

15  All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
16  allegations of Paragraph 21 of YOUR COMPLAINT.

17  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

18  Responding Party objects to this Request to the extent it seeks information that
19  is protected by the attorney-client privilege, work product doctrine and/or other
20  applicable privilege or right to privacy.

21  Subject to and without waiving the foregoing general and specific objections,
22  Responding Party will produce non-privileged documents in its possession, custody,
23  or control that are responsive to this Request as Responding Party understands it.

24  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

25  All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
26  allegations of Paragraph 22 of YOUR COMPLAINT.

27

28  / / /

- 8 -

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 23 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 24 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 25 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 26 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 27 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

1    Subject to and without waiving the foregoing general and specific objections,
2  Responding Party will produce non-privileged documents in its possession, custody,
3  or control that are responsive to this Request as Responding Party understands it.

4  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

5    All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
6  allegations of Paragraph 28 of YOUR COMPLAINT.

7  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

8    Responding Party objects to this Request to the extent it seeks information that
9  is protected by the attorney-client privilege, work product doctrine and/or other
10  applicable privilege or right to privacy.

11    Subject to and without waiving the foregoing general and specific objections,
12  Responding Party will produce non-privileged documents in its possession, custody,
13  or control that are responsive to this Request as Responding Party understands it.

14  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

15    All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
16  allegations of Paragraph 29 of YOUR COMPLAINT.

17  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

18    Responding Party objects to this Request to the extent it seeks information that
19  is protected by the attorney-client privilege, work product doctrine and/or other
20  applicable privilege or right to privacy.

21    Subject to and without waiving the foregoing general and specific objections,
22  Responding Party will produce non-privileged documents in its possession, custody,
23  or control that are responsive to this Request as Responding Party understands it.

24  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

25    All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
26  allegations of Paragraph 30 of YOUR COMPLAINT.

27

28  / / /

PLAINTIFF'S RESPONSES TO RALPH HEREDIA'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 31 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 32 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 33 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 34 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 35 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

1      Subject to and without waiving the foregoing general and specific objections,

2  Responding Party will produce non-privileged documents in its possession, custody,

3  or control that are responsive to this Request as Responding Party understands it.

4  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

5      All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

6  allegations of Paragraph 36 of YOUR COMPLAINT.

7  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

8      Responding Party objects to this Request to the extent it seeks information that

9  is protected by the attorney-client privilege, work product doctrine and/or other

10  applicable privilege or right to privacy.

11      Subject to and without waiving the foregoing general and specific objections,

12  Responding Party will produce non-privileged documents in its possession, custody,

13  or control that are responsive to this Request as Responding Party understands it.

14  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

15      All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

16  allegations of Paragraph 37 of YOUR COMPLAINT.

17  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

18      Responding Party objects to this Request to the extent it seeks information that

19  is protected by the attorney-client privilege, work product doctrine and/or other

20  applicable privilege or right to privacy.

21      Subject to and without waiving the foregoing general and specific objections,

22  Responding Party will produce non-privileged documents in its possession, custody,

23  or control that are responsive to this Request as Responding Party understands it.

24  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

25      All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26  allegations of Paragraph 38 of YOUR COMPLAINT.

27  / / /

28  / / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 39 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 40 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 41 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 39:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 42 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 39:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 43 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

PLAINTIFF'S RESPONSES TO RALPH HEREDIA'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 41:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 44 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 41:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 45 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 46 of YOUR COMPLAINT.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 47 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 48 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 49 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 50 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 51 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 52 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 53 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 54 of YOUR COMPLAINT.

/ / /

/ / /

PLAINTIFF'S RESPONSES TO RALPH HEREDIA'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 55 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 53:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 56 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 53:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 54:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 57 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 54:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 55:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 58 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 55:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 56:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 59 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 56:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

1   Subject to and without waiving the foregoing general and specific objections,

2   Responding Party will produce non-privileged documents in its possession, custody,

3   or control that are responsive to this Request as Responding Party understands it.

4   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57:**

5   All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

6   allegations of Paragraph 61 of YOUR COMPLAINT.

7   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 57:**

8   Responding Party objects to this Request to the extent it seeks information that

9   is protected by the attorney-client privilege, work product doctrine and/or other

10   applicable privilege or right to privacy.

11   Subject to and without waiving the foregoing general and specific objections,

12   Responding Party will produce non-privileged documents in its possession, custody,

13   or control that are responsive to this Request as Responding Party understands it.

14   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 58:**

15   All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

16   allegations of Paragraph 62 of YOUR COMPLAINT.

17   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 58:**

18   Responding Party objects to this Request to the extent it seeks information that

19   is protected by the attorney-client privilege, work product doctrine and/or other

20   applicable privilege or right to privacy.

21   Subject to and without waiving the foregoing general and specific objections,

22   Responding Party will produce non-privileged documents in its possession, custody,

23   or control that are responsive to this Request as Responding Party understands it.

24   **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 59:**

25   All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26   allegations of Paragraph 63 of YOUR COMPLAINT.

27   / / /

28   / / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 59:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 64 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 60:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 61:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 65 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 61:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 62:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 66 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 62:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 63:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 67 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 63:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 64:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 68 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 64:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

PLAINTIFF'S RESPONSES TO RALPH HEREDIA'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 65:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 69 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 65:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 66:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 70 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 66:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 67:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 71 of YOUR COMPLAINT.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 67:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 68:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 73 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 68:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 69:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 74 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 69:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 70:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 75 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 70:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 71:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 76 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 71:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 72:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 77 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 72:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

PLAINTIFF'S RESPONSES TO RALPH HEREDIA'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  Subject to and without waiving the foregoing general and specific objections,
2  Responding Party will produce non-privileged documents in its possession, custody,
3  or control that are responsive to this Request as Responding Party understands it.

4  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 73:**

5  All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
6  allegations of Paragraph 78 of YOUR COMPLAINT.

7  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 73:**

8  Responding Party objects to this Request to the extent it seeks information that
9  is protected by the attorney-client privilege, work product doctrine and/or other
10 applicable privilege or right to privacy.

11 Subject to and without waiving the foregoing general and specific objections,
12 Responding Party will produce non-privileged documents in its possession, custody,
13 or control that are responsive to this Request as Responding Party understands it.

14 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 74:**

15 All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
16 allegations of Paragraph 79 of YOUR COMPLAINT.

17 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 74:**

18 Responding Party objects to this Request to the extent it seeks information that
19 is protected by the attorney-client privilege, work product doctrine and/or other
20 applicable privilege or right to privacy.

21 Subject to and without waiving the foregoing general and specific objections,
22 Responding Party will produce non-privileged documents in its possession, custody,
23 or control that are responsive to this Request as Responding Party understands it.

24 **REQUEST FOR PRODUCTION OF DOCUMENTS NO.75**

25 All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
26 allegations of Paragraph 80 of YOUR COMPLAINT.

27 / / /

28 / / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 75:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 76:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 82 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 76:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 77:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 83 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 77:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 78:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 84 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 78:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 79:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 85 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 79:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 80:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 86 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 80:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 81:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 88 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 81:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 82:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 89 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 82:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 83:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 90 of YOUR COMPLAINT.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 83:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 84:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 91 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 84:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 85:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 92 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 85:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 86:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 94 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 86:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 87:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 95 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 87:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 88:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 96 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 88:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

1  Subject to and without waiving the foregoing general and specific objections,

2  Responding Party will produce non-privileged documents in its possession, custody,

3  or control that are responsive to this Request as Responding Party understands it.

4  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 89:**

5  All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

6  allegations of Paragraph 97 of YOUR COMPLAINT.

7  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 89:**

8  Responding Party objects to this Request to the extent it seeks information that

9  is protected by the attorney-client privilege, work product doctrine and/or other

10  applicable privilege or right to privacy.

11  Subject to and without waiving the foregoing general and specific objections,

12  Responding Party will produce non-privileged documents in its possession, custody,

13  or control that are responsive to this Request as Responding Party understands it.

14  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 90:**

15  All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

16  allegations of Paragraph 98 of YOUR COMPLAINT.

17  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 90:**

18  Responding Party objects to this Request to the extent it seeks information that

19  is protected by the attorney-client privilege, work product doctrine and/or other

20  applicable privilege or right to privacy.

21  Subject to and without waiving the foregoing general and specific objections,

22  Responding Party will produce non-privileged documents in its possession, custody,

23  or control that are responsive to this Request as Responding Party understands it.

24  **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 91:**

25  All DOCUMENTS or COMMUNICATIONS supporting or rebutting the

26  allegations of Paragraph 99 of YOUR COMPLAINT.

27  / / /

28  / / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 91:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 92:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 101 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 92**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 93:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 102 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 93:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 94:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 103 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 94:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 95:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 104 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 95:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 96:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 105 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 96:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

1    Subject to and without waiving the foregoing general and specific objections,
2 Responding Party will produce non-privileged documents in its possession, custody,
3 or control that are responsive to this Request as Responding Party understands it.

4 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 97:**

5    All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
6 allegations of Paragraph 106 of YOUR COMPLAINT.

7 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 97:**

8    Responding Party objects to this Request to the extent it seeks information that
9 is protected by the attorney-client privilege, work product doctrine and/or other
10 applicable privilege or right to privacy.

11    Subject to and without waiving the foregoing general and specific objections,
12 Responding Party will produce non-privileged documents in its possession, custody,
13 or control that are responsive to this Request as Responding Party understands it.

14 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 98:**

15    All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
16 allegations of Paragraph 107 of YOUR COMPLAINT.

17 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 98:**

18    Responding Party objects to this Request to the extent it seeks information that
19 is protected by the attorney-client privilege, work product doctrine and/or other
20 applicable privilege or right to privacy.

21    Subject to and without waiving the foregoing general and specific objections,
22 Responding Party will produce non-privileged documents in its possession, custody,
23 or control that are responsive to this Request as Responding Party understands it.

24 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 99:**

25    All DOCUMENTS or COMMUNICATIONS supporting or rebutting the
26 allegations of Paragraph 109 of YOUR COMPLAINT.

27 / / /

28 / / /

PLAINTIFF'S RESPONSES TO RALPH HEREDIA'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 99:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 100:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 110 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 100:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 101:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 111 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 101:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

/ / /

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 102:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 112 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 102:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 103:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 113 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 103:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 104:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 114 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 104:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 105:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 116 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 105:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 106:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 117 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 106:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 107:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 118 of YOUR COMPLAINT.

/ / /

/ / /

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 107:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 108:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 119 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 108:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 109:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 121 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 109:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 110:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 122 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 110:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 111:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting the allegations of Paragraph 123 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 111:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 112:**

All DOCUMENTS or COMMUNICATIONS supporting or rebutting every item in the prayer for relief in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 112:**

Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

1         Subject to and without waiving the foregoing general and specific objections,

2   Responding Party will produce non-privileged documents in its possession, custody,

3   or control that are responsive to this Request as Responding Party understands it.

4         Responding Party will produce documents responsive to these Requests once the

5   Court has entered the Protective Order.

6

7   Dated: February 25, 2022                                     VGC, LP

8

9                                             By: _____

10                                            James L. Greeley

11                                            Diyari Vázquez

                                          Gina Simas

12                                            *Attorneys for Plaintiff*

                                          JOSEPH DIAZ, JR.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSES TO RALPH HEREDIA'S FIRST
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, I served a copy of the foregoing **PLAINTIFF JOSEPH DIAZ, JR.'S RESPONSES TO DEFENDANT RALPH HEREDIA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** via email to the following counsel for Defendant:

Eric S. Montalvo, Esq.
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
emontalvo@fedpractice.com
Attorney for Defendant, Ralph Heredia

Dated: <u>February 25, 2022</u>     _____

Daniel Schwarz

# EXHIBIT K

**From:** gsimas@vgcllp.com 🖉
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 9, 2022 at 2:43 PM
**To:** Eric Montalvo emontalvo@fedpractice.com, Erik Cox ECox@fedpractice.com, Rajan Dhungana rdhungana@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Daisy Chung DChung@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

All,

We have yet to receive any response from you regarding the Protective Order. Please explain why you have not signed it.  Do you want to make changes?  We need to resolve this issue as soon as possible.  As such, we would like to meet and confer to determine whether Diaz needs to file a motion for a protective order. ***Please let me know when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know whether you have any changes to the draft I sent to you three weeks ago.  Although I sent the draft Protective Order on February 2, 2022, I have yet to receive any response from you on this subject.  As you know, this case involves information that we want to remain confidential.  As such, a Protective Order will need to be signed and filed with the Court prior to Diaz producing any documents and to any depositions taking place. Please let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you understand that both JoJo and Jim are extremely busy. So, I am doing my best to coordinate their schedules, and thereafter, will provide you with potential dates.  As I stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago. Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or early tomorrow. Once you receive the final version, please promptly sign. We will file it tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to file within two days of reserving this date. For this reason, it is imperative that you sign and return within 24 hours. If you have any questions or would like to discuss further, please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.

Eric S. Montalvo
Founding Partner








**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

· PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones | Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com

# EXHIBIT L

**From:** gsimas@vgcllp.com
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 14, 2022 at 11:27 AM
**To:** Eric Montalvo emontalvo@fedpractice.com, Erik Cox ECox@fedpractice.com, Rajan Dhungana rdhungana@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Daisy Chung DChung@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet and confer on this issue, you remain radio silent. Notably, we sent you a draft protective order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for failing to respond. If we do not hear from you, we will file a motion for a protective order and request sanctions. Thank you.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please explain why you have not yet signed it.  Do you want to make changes?  We need to resolve this issue as soon as possible.  As such, we would like to meet and confer to determine whether Diaz needs to file a motion for a protective order. ***Please let me know when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know
whether you have any changes to the draft I sent to you three weeks ago.  Although I
sent the draft Protective Order on February 2, 2022, I have yet to receive any response
from you on this subject.  As you know, this case involves information that we want to
remain confidential.  As such, a Protective Order will need to be signed and filed with the
Court prior to Diaz producing any documents and to any depositions taking place. Please
let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>;
'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana'
<rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of
Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally
setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you
understand that both JoJo and Jim are extremely busy. So, I am doing my best to
coordinate their schedules, and thereafter, will provide you with potential dates.  As I
stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th
will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago.
Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or
early tomorrow. Once you receive the final version, please promptly sign. We will file it
tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to
file within two days of reserving this date. For this reason, it is imperative that you sign
and return within 24 hours. If you have any questions or would like to discuss further,
please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM

**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document. I waited seven days after our call and no dates were provided. Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.


Eric S. Montalvo
Founding Partner



   

Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 et seq., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

· PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones | Senior Litigation Paralegal

VGC LLP

1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

EXHIBIT M

**From:** Erik Cox ECox@fedpractice.com 📎
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 15, 2022 at 10:22 AM
**To:** gsimas@vgcllp.com, Eric Montalvo emontalvo@fedpractice.com, Rajan Dhungana rdhungana@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Daisy Chung DChung@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

EC

Hi Gina,
We intend to send you a redline of your draft PO tomorrow.  Sincere apologies for the delay in getting back to you.
All the best,
-Erik

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, March 14, 2022 2:27 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet and confer on this issue, you remain radio silent. Notably, we sent you a draft protective order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for failing to respond. If we do not hear from you, we will file a motion for a protective order and request sanctions. Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please explain why you have not yet signed it.  Do you want to make changes?  We need to resolve this issue as soon as possible.  As such, we would like to meet and confer to determine whether Diaz needs to file a motion for a protective order. ***Please let me know***

determine whether Diaz needs to file a motion for a protective order. ***Please let me know when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know whether you have any changes to the draft I sent to you three weeks ago.  Although I sent the draft Protective Order on February 2, 2022, I have yet to receive any response from you on this subject.  As you know, this case involves information that we want to remain confidential.  As such, a Protective Order will need to be signed and filed with the Court prior to Diaz producing any documents and to any depositions taking place. Please let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you understand that both JoJo and Jim are extremely busy. So, I am doing my best to coordinate their schedules, and thereafter, will provide you with potential dates.  As I stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago. Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or early tomorrow. Once you receive the final version, please promptly sign. We will file it tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to file within two days of reserving this date. For this reason, it is imperative that you sign and return within 24 hours. If you have any questions or would like to discuss further, please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.


Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent

privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

· PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones ǀ Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com

# EXHIBIT N

**From:** **Rajan Dhungana** rdhungana@fedpractice.com  🖉
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 16, 2022 at 5:55 PM
**To:** gsimas@vgcllp.com,  Erik Cox  ECox@fedpractice.com,  Eric Montalvo  emontalvo@fedpractice.com,  Cristina Lagarde  clagarde@fedpractice.com
**Cc:** James Greeley  jgreeley@vgcllp.com,  Diyari Vazquez  dvazquez@vgcllp.com,  Daisy Chung  DChung@fedpractice.com,  Cristina Lagarde  clagarde@fedpractice.com

RD

Good afternoon Counsels,

Please see attached, our edited version of the stipulated protective order. Please email back if you have any changes to the document.

Sincerely,



**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 11:12 AM
**To:** Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric and Erik,

I should add that if we do not hear back from you regarding the Joint Stipulation by COB today, we will be forced to bring an *ex parte* application on this issue. It is imperative that the Court be made aware of this issue because we are required to adhere to the Court's scheduling order. We are doing our best to do this, but your failure to respond is making it very difficult. I look forward to hearing from you very soon. Thanks again.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 11:02 AM
**To:** 'Erik Cox' <ECox@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>

**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

Thank you for finally responding. We look forward to receiving your comments to the Protective Order.

Additionally, and as we explained in our email yesterday, ***we need to meet and confer regarding the Joint Stipulation immediately.*** Pursuant to the current Court's Scheduling order, mediation must occur no later than May 20, 2022. Mike Young has agreed to mediate, but this mediation will not occur until ***July***. Therefore, we must continue the pre-trial dates to move forward with our scheduled mediation

Moreover, pursuant to the current Court's Scheduling order, we need to designate an expert next week. Having just received HBM's supplemental responses last night and have not yet received Heredia's supplemental responses, we cannot sufficiently review this discovery in order to adequately select our expert.***Please let me know if you will stipulate to continuing the pre-trial and trial dates.*** If so, I will send you a draft of the Joint Stipulation and, thereafter, we can file it with the Court. Thank you.

Sincerely,

Gina

---

**From:** Erik Cox <ECox@fedpractice.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Hi Gina,
We intend to send you a redline of your draft PO tomorrow. Sincere apologies for the delay in getting back to you.
All the best,
-Erik

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, March 14, 2022 2:27 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde

<clagarde@fedpractice.com>

**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet and confer on this issue, you remain radio silent. Notably, we sent you a draft protective order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for failing to respond. If we do not hear from you, we will file a motion for a protective order and request sanctions. Thank you.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please explain why you have not yet signed it.  Do you want to make changes?  We need to resolve this issue as soon as possible.  As such, we would like to meet and confer to determine whether Diaz needs to file a motion for a protective order. ***Please let me know when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know

For the fourth time, I am following up on the Protective Order. Please let me know whether you have any changes to the draft I sent to you three weeks ago. Although I sent the draft Protective Order on February 2, 2022, I have yet to receive any response from you on this subject. As you know, this case involves information that we want to remain confidential. As such, a Protective Order will need to be signed and filed with the Court prior to Diaz producing any documents and to any depositions taking place. Please let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you understand that both JoJo and Jim are extremely busy. So, I am doing my best to coordinate their schedules, and thereafter, will provide you with potential dates.  As I stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago. Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or early tomorrow. Once you receive the final version, please promptly sign. We will file it tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to file within two days of reserving this date. For this reason, it is imperative that you sign and return within 24 hours. If you have any questions or would like to discuss further, please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung

Vazquez <dvazquez@vgcllp.com>; ..... , Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.

Eric S. Montalvo
Founding Partner



   

Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

·    PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones | Senior Litigation Paralegal

VGC LLP

1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

2022.03.16 Diaz v Here...er.docx

# EXHIBIT O

**From:** gsimas@vgcllp.com 📎
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 16, 2022 at 7:00 PM
**To:** Rajan Dhungana rdhungana@fedpractice.com, Erik Cox ECox@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Daisy Chung DChung@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

Rajan,

Thanks for your draft. Attached is a revised version. I fixed some of the formatting. I also revised to conform to the Central District's form. See
ADS - Stipulated Protective Order in Word_0.docx (live.com)  Please confirm that you accept these revisions. If so, please sign and return. We will get it on file. I'm happy to discuss any of these changes. They are word for word from the Central District's form. I did keep your numbering system in place (despite it deviating from the form).  This versions is in tracked changes. In the future, when we send you a document, please do the same. Alternatively, please send a redline. That is what professional courtesy requires. It saves us both time and energy. Thanks so much!

Sincerely,

Gina

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Wednesday, March 16, 2022 5:55 PM
**To:** gsimas@vgcllp.com; Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Good afternoon Counsels,

Please see attached, our edited version of the stipulated protective order. Please email back if you have any changes to the document.

Sincerely,



**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 11:12 AM

**To:** Erik Cox <[ECox@fedpractice.com](mailto:ECox@fedpractice.com)>; Eric Montalvo <[emontalvo@fedpractice.com](mailto:emontalvo@fedpractice.com)>; Rajan Dhungana <[rdhungana@fedpractice.com](mailto:rdhungana@fedpractice.com)>; Cristina Lagarde <[clagarde@fedpractice.com](mailto:clagarde@fedpractice.com)>
**Cc:** 'James Greeley' <[jgreeley@vgcllp.com](mailto:jgreeley@vgcllp.com)>; 'Diyari Vazquez' <[dvazquez@vgcllp.com](mailto:dvazquez@vgcllp.com)>; Daisy Chung <[DChung@fedpractice.com](mailto:DChung@fedpractice.com)>; Cristina Lagarde <[clagarde@fedpractice.com](mailto:clagarde@fedpractice.com)>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric and Erik,

I should add that if we do not hear back from you regarding the Joint Stipulation by COB today, we will be forced to bring an *ex parte* application on this issue. It is imperative that the Court be made aware of this issue because we are required to adhere to the Court's scheduling order. We are doing our best to do this, but your failure to respond is making it very difficult. I look forward to hearing from you very soon. Thanks again.

Sincerely,

Gina

---

**From:** [gsimas@vgcllp.com](mailto:gsimas@vgcllp.com) <[gsimas@vgcllp.com](mailto:gsimas@vgcllp.com)>
**Sent:** Tuesday, March 15, 2022 11:02 AM
**To:** 'Erik Cox' <[ECox@fedpractice.com](mailto:ECox@fedpractice.com)>; 'Eric Montalvo' <[emontalvo@fedpractice.com](mailto:emontalvo@fedpractice.com)>; 'Rajan Dhungana' <[rdhungana@fedpractice.com](mailto:rdhungana@fedpractice.com)>; 'Cristina Lagarde' <[clagarde@fedpractice.com](mailto:clagarde@fedpractice.com)>
**Cc:** 'James Greeley' <[jgreeley@vgcllp.com](mailto:jgreeley@vgcllp.com)>; 'Diyari Vazquez' <[dvazquez@vgcllp.com](mailto:dvazquez@vgcllp.com)>; 'Daisy Chung' <[DChung@fedpractice.com](mailto:DChung@fedpractice.com)>; 'Cristina Lagarde' <[clagarde@fedpractice.com](mailto:clagarde@fedpractice.com)>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

Thank you for finally responding. We look forward to receiving your comments to the Protective Order.

Additionally, and as we explained in our email yesterday, ***we need to meet and confer regarding the Joint Stipulation immediately.*** Pursuant to the current Court's Scheduling order, mediation must occur no later than Mary 20, 2022. Mike Young has agreed to mediate, but this mediation will not occur until ***July***. Therefore, we must continue the pre-trial dates to move forward with our scheduled mediation

Moreover, pursuant to the current Court's Scheduling order, we need to designate an expert next week. Having just received HBM's supplemental responses last night and have not yet received Heredia's supplemental responses, we cannot sufficiently review this discovery in order to adequately select our expert. ***Please let me know if you will stipulate to continuing the pre-trial and trial dates.*** If so, I will send you a draft of the Joint Stipulation and, thereafter, we can file it with the Court. Thank you.

Sincerely,

Gina

---

**From:** Erik Cox <ECox@fedpractice.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Hi Gina,
We intend to send you a redline of your draft PO tomorrow.  Sincere apologies for the delay in getting back to you.
All the best,
-Erik

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, March 14, 2022 2:27 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet and confer on this issue, you remain radio silent. Notably, we sent you a draft protective order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for failing to respond. If we do not hear from you, we will file a motion for a protective order and request sanctions. Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please explain why you have not yet signed it.  Do you want to make changes?  We need to resolve this issue as soon as possible.  As such, we would like to meet and confer to determine whether Diaz needs to file a motion for a protective order. ***Please let me know when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know whether you have any changes to the draft I sent to you three weeks ago.  Although I sent the draft Protective Order on February 2, 2022, I have yet to receive any response from you on this subject.  As you know, this case involves information that we want to remain confidential.  As such, a Protective Order will need to be signed and filed with the Court prior to Diaz producing any documents and to any depositions taking place. Please let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally

setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you
understand that both JoJo and Jim are extremely busy. So, I am doing my best to
coordinate their schedules, and thereafter, will provide you with potential dates.  As I
stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th
will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago.
Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or
early tomorrow. Once you receive the final version, please promptly sign. We will file it
tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to
file within two days of reserving this date. For this reason, it is imperative that you sign
and return within 24 hours. If you have any questions or would like to discuss further,
please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari
Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung
<DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan
Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited
seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get
dates for each counsels availability so there is no further delay.


Eric S. Montalvo
Founding Partner



Eric S. Montalvo | Founding Partner
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW

   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

·    PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

      DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones  |  Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com



2022.03.16 Diaz
v Here...D.docx

1  James L. Greeley (SBN 218975)
2   jgreeley@vgcllp.com
   Diyari Vázquez (SBN 222461)
3   dvazquez@vgcllp.com
   Gina Simas (SBN 205367)
4   gsimas@vgcllp.com
5  **VGC, LLP**
   1515 7th Street, No. 106
6  Santa Monica, California 90401
7  Telephone: (424) 272-9885
8  *Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

9  Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
10 Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
11 **FEDERAL PRACTICE GROUP**
12 14481 Aspen Street
   Hesperia, CA 92344
13 Telephone: (310) 795-6905
14 *Attorneys for Defendants,* Ralph Heredia and Heredia Boxing
15 Management

16

17              **UNITED STATES DISTRICT COURT**

18             **CENTRAL DISTRICT OF CALIFORNIA**

19                   **EASTERN DISTRICT**

20 JOSEPH DIAZ, JR.,                CASE NO. 5:20-cv-02332-JWH-KK

21         Plaintiff,              **JOINT STIPULATION FOR**
                                   **PROTECTIVE ORDER AND**
22     v.                         **[PROPOSED] ORDER**

23 RALPH HEREDIA, true name RAFAEL
   HEREDIA TARANGO, a/k/a RAFAEL
24 HEREDIA, a/k/a RAFAEL
   BUSTAMANTE; JOHN DOE, ESQ.; and
25 JANE DOES 1 through 20, inclusive,   Courtroom:    2
26         Defendants.              Judge:    Hon. John W. Holcomb

27

28

_____

Joint Stipulation For Protective Order And [Proposed] Order

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    GOOD CAUSE STATEMENT

This action is likely to involve confidential medical records, including mental health treatment records, certain financial information, and certain confidential business communications, for which special protection from public disclosure, and from use for any purpose other than prosecution of this action, is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, good cause exists for a protective order to protect such information in this matter. Information will not be designated "CONFIDENTIAL" for tactical reasons. Nothing will be designated "confidential" without a good faith belief that it has been maintained in a confidential, non-public manner, and without a good faith

1

1   belief that good cause exists as to why it should not be part of the public record of
2   this case.

3   2.   DEFINITIONS

4        2.1   Challenging Party: a Party or Non-Party that challenges the designation
5   of information or items under this Order.

6        2.2   "CONFIDENTIAL" Information or Items: information (regardless of
7   how it is generated, stored or maintained) or tangible things that qualify for protection
8   under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause
9   Statement.

10       2.3   Counsel (without qualifier):  Outside Counsel of Record or House
11  Counsel (in both instances, including their legal and non-legal support staff directly
12  working on this case).

13       2.4   Designating Party: a Party or Non-Party that designates information or
14  items that it produces in disclosures or in responses to discovery as
15  "CONFIDENTIAL."

16       2.5   Disclosure or Discovery Material:  all items or information, regardless
17  of the medium or manner in which it is generated, stored, or maintained (including,
18  among other things, testimony, transcripts, and tangible things), that are produced or
19  generated in disclosures or responses to discovery in this matter.

20       2.6   Expert:  a person with specialized knowledge or experience in a matter
21  pertinent to the litigation who has been retained by a Party or its counsel to serve as an
22  expert witness or as a consultant in this action.

23       2.7   House Counsel:  attorneys who are employees of a party to this action.
24  House Counsel does not include Outside Counsel of Record or any other outside
25  counsel.

26       2.8   Non-Party:  any natural person, partnership, corporation, association, or
27  other legal entity not named as a Party to this action.

28

2

2.9   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.10   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as, referred to or considered "CONFIDENTIAL

2.14   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of Disclosure to a Receiving Party or becomes part of the public domain after its Disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to

3

1  the Receiving Party prior to the Disclosure or obtained by the Receiving Party after

2  the Disclosure from a source who obtained the information lawfully and under no

3  obligation of confidentiality to the Designating Party.

4       Any use of Protected Material at trial shall be governed by a separate agreement

5  or order.

6       4.    DURATION

7       Even after final disposition of this litigation, the confidentiality obligations

8  imposed by this Order shall remain in effect until a Designating Party agrees otherwise

9  in writing or a court order otherwise directs.  Final disposition shall be deemed to be

10  the later of (1) dismissal of all claims and defenses in this Action, with or without

11  prejudice; and (2) final judgment herein after the completion and exhaustion of all

12  appeals, rehearings, remands, trials, or reviews of this Action, including the time limits

13  for filing any motions or applications for extension of time pursuant to applicable law.

14       For CONFIDENTIAL information not used at trial, the confidentiality

15  obligations imposed by this Order remain in effect until a Designating Party agrees

16  otherwise in writing or a court order otherwise directs. Final disposition is the later of

17  (1) dismissal of all claims and defenses in this action, with or without prejudice; and

18  (2) final judgment herein after the completion and exhaustion of all appeals,

19  rehearings, remands, trials, or reviews of this action, including the time limits for filing

20  any motions or applications for extension of time pursuant to applicable law.

21       5.    DESIGNATING PROTECTED MATERIAL

22       5.1    Exercise of Restraint and Care in Designating Material for Protection.

23       Each Party or Non-Party that designates information or items for protection

24  under this Order must take care to limit any such designation to specific material that

25  qualifies under the appropriate standards. The Designating Party must designate for

26  protection only those parts of material, documents, items, or oral or written

27  communications that qualify – so that other portions of the material, documents, items,

28

4

**Deleted:** →

**Formatted:** Justified, Indent: Left:  -0.13", First line:  0.63", Tab stops: Not at  1.05" +  1.05"

**Deleted:** Once a case proceeds to trial, any information that was designated "CONFIDENTIAL" or maintained pursuant to this protective order and used at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend to information used at trial, even if designated "CONFIDENTIAL" hereunder, unless a separate order protects such information.

**Formatted:** Font: 14 pt

1  or communications for which protection is not warranted are not swept unjustifiably

2  within the ambit of this Order.

3       Mass, indiscriminate, or routinized designations are prohibited. Designations

4  that are shown to be clearly unjustified or that have been made for an improper purpose

5  (e.g., to unnecessarily encumber or retard the case development process or to impose

6  unnecessary expenses and burdens on other parties) expose the Designating Party to

7  sanctions.

8       If it comes to a Designating Party's attention that information or items that it

9  designated for protection do not qualify for protection, that Designating Party must

10  promptly notify all other Parties that it is withdrawing the mistaken designation.

11      5.2  <u>Manner and Timing of Designations.</u>

12       Except as otherwise provided in this Order (see, e.g., second paragraph of

13  section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery

14  Material that qualifies for protection under this Order must be clearly so designated

15  before the material is disclosed or produced.

16       Designation in conformity with this Order requires:

17      (a)   For information in documentary form (e.g., paper or electronic

18  documents, but excluding transcripts of depositions or other pretrial or trial

19  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each

20  page that contains protected material. If only a portion or portions of the material on a

21  page qualifies for protection, the Producing Party also must clearly identify the

22  protected portion(s) (e.g., by making appropriate markings in the margins).

23      (b)   A Party or Non-Party that makes original documents or materials available for

24  inspection need not designate them for protection until after the inspecting Party has

25  indicated which documents or material it would like copied and produced. During the

26  inspection and before the designation, all of the documents or material made available

27  for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

28  identified the documents or material it wants copied and produced, the Producing Party

<div align="center">5</div>

Deleted: f

Formatted: Indent: Left:  -0.13"

1   must determine which documents or material, or portions thereof, qualify for

2   protection under this Order. Then, before producing the specified documents, the

3   Producing Party must affix the "CONFIDENTIAL" legend to each page that contains

4   Protected Material. If only a portion or portions of the material on a page qualifies for

5   protection, the Producing Party also must clearly identify the protected portion(s) (e.g.,

6   by making appropriate markings in the margins).

7   (c)      For testimony given in depositions, that the Designating Party identify the

8   Disclosure or Discovery Material on the record, before the close of the deposition all

9   protected testimony.

10   (d)      For information produced in form other than document and for any other

11   tangible items, that the Producing Party affix in a prominent place on the exterior of

12   the container or containers in which the information is stored the legend

13   "CONFIDENTIAL."  If only a portion or portions of the information warrants

14   protection, the Producing Party, to the extent practicable, shall identify the protected

15   portion(s).

16          5.3      Inadvertent Failures to Designate.

17          If timely corrected, an inadvertent failure to designate qualified information or

18   items does not, standing alone, waive the Designating Party's right to secure protection

19   under this Order for such material. Upon timely correction of a designation, the

20   Receiving Party must make reasonable efforts to assure that the material is treated in

21   accordance with the provisions of this Order.

22          6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

23          6.1      Timing of Challenges.  Any party or Non-Party may challenge a

24   designation of confidentiality at any time that is consistent with the Court's Scheduling

25   Order.

26          6.2      Meet and Confer.   The Challenging Party shall initiate the dispute

27   resolution process under Local Rule 37.1, *et seq.*

28

Joint Stipulation For Protective Order And [Proposed] Order

**Formatted:** Indent: Left: -0.13", Outline numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0" + Indent at: 0"

**Deleted:** <#>For Testimony given in depositions the Designating Party shall:¶
i.  · identify on the record, before the close of the deposition, all "CONFIDENTIAL" Testimony, by specifying all portions of the Testimony that qualify as "CONFIDENTIAL."  Failure to do so shall constitute waiver of confidentiality of the discrete portion of testimony at issue.  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).¶

**Deleted:** A

**Deleted:** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

7

**Deleted:** by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**Deleted:** <#>Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.¶
The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.¶

**Deleted:** Information designated as "CONFIDENTIAL" produced pursuant to this Order may be disclosed or made available only to the persons designated below

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

  d. The Court and its personnel;

  e. Court reporters and their staff;

  f.Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" attached as Exhibit A hereto;

  g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  h. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

  (a) promptly notify the Designating Party in writing, including a copy of the subpoena or court order;

  (b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is

8

Joint Stipulation For Protective Order And [Proposed] Order

**Deleted:** <#>Counsel as defined herein;¶
A Party and its affiliates, officers, directors, agents and employees of a Party deemed reasonably necessary by counsel for the Party to aid in the prosecution, defense, or settlement of the captioned lawsuit; provided, however, that prior to the disclosure of Confidential information or items to any such officer, director, partner, member, employee or agent, counsel for the Party making the disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Appendix A;¶
Clerical, data processing, or technology support personnel, including third party vendors, involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of discovery material, to the extent reasonably necessary to assist a Party or its counsel in the captioned lawsuit;¶
This Court and any other court, tribunal or dispute resolution officer duly appointed, chosen or assigned in connection with the captioned lawsuit, their respective personnel, and the jury in the captioned lawsuit;¶
Court reporter(s) and videographers(s) preparing transcripts in the captioned lawsuit; ¶
Outside consultants or Experts retained for the purpose of this Action, provided that, before access is given, the Party shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Appendix A.  It shall be the obligation of Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such Expert or outside consultant, to promptly notify Counsel for the Designating Party of such breach or threatened breach;¶
A witness appearing at a deposition or as a non-trial hearing witness in this matter; provided, however, that each such witness given access to Confidential information or items shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;¶
The original author or source of the Confidential Information, and any addressee(s) or recipient(s) of communications or material that is designated as Confidential Information, including but not limited to addressee(s) or recipient(s) of Confidential e-mail communications and/or Confidential correspondence; ¶
Any other person as to whom the parties in writing agree or to whom production is ordered by any Court or administrative body of competent jurisdiction; and¶
Any governmental agency or regulating authority to the extent disclosure is required by applicable law.¶

1 subject to this Protective Order. Such notification shall include a copy of this Stipulated

2 Protective Order; and

3          (c)      cooperate with respect to all reasonable procedures sought to be

4 pursued by the Designating Party whose Protected Material may be affected.

5 If the Designating Party timely seeks a protective order, the Party served with the

6 subpoena or court order shall not produce any information designated in this action as

7 "CONFIDENTIAL" before a determination on such protective order request by the

8 court or tribunal from which the subpoena or order issued, unless the Party has obtained

9 the Designating Party's permission. The Designating Party shall bear the burden and

10 expense of seeking protection in that court of its confidential material. Nothing in these

11 provisions should be construed as authorizing or encouraging a Receiving Party in this

12 action to disobey a lawful directive from another court.

13   9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

14        IN THIS LITIGATION

15 (a)   The terms of this Order are applicable to information produced by a Non-Party

16 in this action and designated as "CONFIDENTIAL." Such information produced by

17 Non-Parties in connection with this litigation is protected by the remedies and relief

18 provided by this Order. Nothing in these provisions should be construed as prohibiting

19 a Non-Party from seeking additional protections.

20 (b)   In the event that a Party is required, by a valid discovery request, to produce a

21 Non-Party's confidential information in its possession, and the Party is subject to an

22 agreement with the Non-Party not to produce the Non-Party's confidential

23 information, then the Party shall:

24          (1)  promptly notify in writing the Requesting Party and the Non-Party

25 that some or all of the information requested is subject to a confidentiality agreement

26 with a Non-Party;

27          (2)   promptly provide the Non-Party with a copy of the Stipulated

28 Protective Order in this litigation, the relevant discovery request(s), and a reasonably

9

specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

1  parties reach an agreement on the effect of disclosure of a communication or
2  information covered by the attorney-client privilege or work product protection, the
3  parties may incorporate their agreement in the stipulated protective order submitted to
4  the court.

5  12.  MISCELLANEOUS

6      12.1   Right to Further Relief. Nothing in this Order abridges the right of any
7  person to seek its modification by the court in the future.

8      12.2   Right to Assert Other Objections. By stipulating to the entry of this
9  Protective Order, no Party waives any right it otherwise would have to object to
10 disclosing or producing any information or item on any ground not addressed in this
11 Stipulated Protective Order. Similarly, no Party waives any right to object on any
12 ground to use in evidence of any of the material covered by this Protective Order.

13     12.3   Filing Protected Material. A Party that seeks to file under seal any
14 Protected Material must comply with Civil Local Rule 79-5.  Protected Material may
15 only be filed under seal pursuant to a court order authorizing the sealing of the specific
16 Protected Material at issue.  If a Party's request to file Protected Material under seal is
17 denied by the Court, then the Receiving Party may file the information in the public
18 record unless otherwise instructed by the Court.

19     12.4   Any Party to the Proceeding who has not executed this Stipulation and
20 Protective Order as of the time it is presented to the Court for signature may thereafter
21 become a Party to this Stipulation and Protective Order by its counsel's signing and
22 dating a copy thereof and filing the same with the Court, and serving copies of such
23 signed and dated copy upon the other Parties to this Stipulation and Protective Order.

24     12.5   Nothing in this Stipulation and Protective Order shall affect the
25 admissibility into evidence of documents or material properly designated
26 "CONFIDENTIAL" or abridge the rights of any person to seek judicial review or to
27 pursue other appropriate judicial action with respect to any ruling made by the Court

28

**Deleted:** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

concerning the issue of the status of any documents or material properly designated "CONFIDENTIAL."

12.6    After this Stipulation and Protective Order has been signed by Counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any documents or material properly designated "CONFIDENTIAL" that have been produced before the Court signs this Stipulation and Protective Order.

12.7    The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of documents or material properly designated "CONFIDENTIAL" under the terms herein.

13.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

**Deleted:** paragraph

12

1  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and

2  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,

3  expert reports, attorney work product, and consultant and expert work product, even if

4  such materials contain Protected Material. Any such archival copies that contain or

5  constitute Protected Material remain subject to this Protective Order as set forth in

6  Section 4 (DURATION).

7       This Stipulation and Protective Order may be executed in counterparts.

8

9       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10  DATED: _____    _____

11                                 James L. Greeley
                                   Diyari Vázquez
12                                 Gina Simas
                                   Attorneys for Plaintiff
13                                 JOSEPH DIAZ, JR.

14

15  DATED: _____    _____

16                                 Eric S. Montalvo
                                   Rajan O. Dhungana
17                                 Attorneys For Defendants
                                   RALPH HEREDIA AND
18                                 HEREDIA BOXING MANAGEMENT

19

20       PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

21  DATED: _____    _____

22                                 Honorable Kenly Kiya Kato
                                   United States District Court
23                                 Central District of California

24

25

26

27

28

13

Joint Stipulation For Protective Order And [Proposed] Order

**<u>EXHIBIT A</u>**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Joseph Diaz, Jr. v. Ralph Heredia et al.,* Case No. Case No. 5:20-cv-02332- JWH-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14



### CERTIFICATE OF SERVICE

I, Diyari Vázquez, hereby certify that on May 4, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: May 4, 2022          By:___/s/_____
                                  Diyari Vázquez

**Deleted:** March 16, 2022

**Deleted:** March 16, 2022

15

EXHIBIT P

**From:** gsimas@vgcllp.com
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 18, 2022 at 9:33 AM
**To:** Rajan Dhungana rdhungana@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Erik Cox ECox@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Daisy Chung DChung@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com, Saroja Koneru SKoneru@fedpractice.com

Rajan,

Thanks. We filed the Joint Stip this morning.

Also, do we also have your permission to file the Protective Order? If not, please provide any additional comments to the version I returned to you on Wednesday night. Thanks again.

Sincerely,

Gina

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Thursday, March 17, 2022 7:31 PM
**To:** Gina Simas <gsimas@vgcllp.com>; Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Good evening Counsels,

Per the joint stipulation, the dates proposed are good for us.
You may file today.

Sincerely,



**From:** Gina Simas <gsimas@vgcllp.com>
**Sent:** Thursday, March 17, 2022 8:12 AM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;

Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Carol Thompson <CThompson@fedpractice.com>
**Subject:** Re: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

I'm following up on this Joint Stip. Please confirm that we may file it today. Alternatively, if you prefer different dates, please add and return. Again, time  is of the essence. Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 16, 2022 9:16:53 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Saroja Koneru' <SKoneru@fedpractice.com>; 'Carol Thompson' <CThompson@fedpractice.com>; gsimas@vgcllp.com <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

It's nice to hear from you.  Attached is a proposed Joint Stipulation to continue the pre-trial and trial deadlines. Pursuant to your request, I moved most dates 60 days. However, given the calendar and various holidays, we proposed pushing out the FSC and trial date. We do not want a trial around Thanksgiving.  Please review the attached proposed dates.  If you do not agree with our proposed dates, please add a separate column for Defendants' proposed dates. The Court can then decide the dates.

If you have any questions, please don't hesitate to contact me.  I'm available all day. My cell is 310-991-1406. As you know, under the current Order, we must designate experts next week. So, time is of the essence. We would like to get this filed tomorrow because we need to know as soon as possible whether the Court agrees to continue the dates. If it does not, we will need to select a new mediator and complete mediation within the Court's current deadline. Thanks so much.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, March 16, 2022 7:23 AM

**To:** gsimas@vgcllp.com; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Carol Thompson <CThompson@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

For the record –

I contacted VGC counsel after the mediation order and spoke several times with counsel regarding the adjustment of dates.  Counsel uniformly rejected any such adjustment.  Now they have determined this to be urgent.  Not providing dates of availability for the deposition for their client of course.  VGC counsel then attempted to submit an amended document to the court presenting it to undersigned counsel as if it had not been amended.  Only after a scrub revealed the significant revisions was the original document submitted.  Undersigned counsel timely agreed to the suggested mediator.  In a mistaken belief that the scheduling of the mediator was being handled in an honest and professional way I believed that this was our only way forward since undersigned counsel had no direct contact with the mediators – all handled by VGC counsel/ staff.  It is clear that this was another lie/manipulation.  Given the history of false statements made by VCG counsel to counsel, the Court, the California commission and in light of the below email I no longer believe that the mediation scheduling was done appropriately.  I believe I have been lied to yet again by practitioners who seemingly consider their ethical obligations as guidelines and not requirements.  In light of the below and my assessment of this latest scam my response is as follows:

All dates are moved 60 days. Option 1 or 2.

Find a mediator that can do the mediation within the dates ordered by the court. I will speak with the mediator separately to confirm.  Option 2 or 1.

You DO NOT HAVE MY CONSENT TO YOUR PROPOSAL BELOW.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is

intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or
privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent
responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and
any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications
Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are
not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 2:12 PM
**To:** Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>;
Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric and Erik,

I should add that if we do not hear back from you regarding the Joint Stipulation by COB
today, we will be forced to bring an *ex parte* application on this issue. It is imperative that
the Court be made aware of this issue because we are required to adhere to the Court's
scheduling order. We are doing our best to do this, but your failure to respond is making it
very difficult. I look forward to hearing from you very soon. Thanks again.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 11:02 AM
**To:** 'Erik Cox' <ECox@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>;
'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

Thank you for finally responding. We look forward to receiving your comments to the
Protective Order.

Additionally, and as we explained in our email yesterday, **we need to meet and confer
regarding the Joint Stipulation immediately.**  Pursuant to the current Court's
Scheduling order, mediation must occur no later than May 20, 2022.  Mike Young has
agreed to mediate, but this mediation will not occur until **July**. Therefore, we must
continue the pre-trial dates to move forward with our scheduled mediation

Moreover, pursuant to the current Court's Scheduling order, we need to designate an
expert next week. Having just received HBM's supplemental responses last night and

expert next week. Having just received HBM's supplemental responses last night and have not yet received Heredia's supplemental responses, we cannot sufficiently review this discovery in order to adequately select our expert. ***Please let me know if you will stipulate to continuing the pre-trial and trial dates.*** If so, I will send you a draft of the Joint Stipulation and, thereafter, we can file it with the Court. Thank you.

Sincerely,

Gina

---

**From:** Erik Cox <ECox@fedpractice.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Hi Gina,
We intend to send you a redline of your draft PO tomorrow.  Sincere apologies for the delay in getting back to you.
All the best,
-Erik

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, March 14, 2022 2:27 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet and confer on this issue, you remain radio silent. Notably, we sent you a draft protective order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for failing to respond. If we do not hear from you, we will file a motion for a protective order and request sanctions. Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM

**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please explain why you have not yet signed it.  Do you want to make changes?  We need to resolve this issue as soon as possible.  As such, we would like to meet and confer to determine whether Diaz needs to file a motion for a protective order. ***Please let me know when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know whether you have any changes to the draft I sent to you three weeks ago.  Although I sent the draft Protective Order on February 2, 2022, I have yet to receive any response from you on this subject.  As you know, this case involves information that we want to remain confidential.  As such, a Protective Order will need to be signed and filed with the Court prior to Diaz producing any documents and to any depositions taking place. Please let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>;

'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana'
<rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of
Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally
setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you
understand that both JoJo and Jim are extremely busy. So, I am doing my best to
coordinate their schedules, and thereafter, will provide you with potential dates.  As I
stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th
will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago.
Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or
early tomorrow. Once you receive the final version, please promptly sign. We will file it
tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to
file within two days of reserving this date. For this reason, it is imperative that you sign
and return within 24 hours. If you have any questions or would like to discuss further,
please let me know.

Sincerely,

Gina

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari
Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung
<DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan
Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited
seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get
dates for each counsels availability so there is no further delay.


Eric S. Montalvo
Founding Partner






**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

· PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones  |  Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com

EXHIBIT Q

**From:** gsimas@vgcllp.com  📎
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 22, 2022 at 11:39 AM
**To:** Rajan Dhungana rdhungana@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Erik Cox ECox@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Daisy Chung DChung@fedpractice.com, Saroja Koneru SKoneru@fedpractice.com

All,

I am following up on this *again*. Please let me know whether our returned version is acceptable. If so, we will file today. Thanks,

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Friday, March 18, 2022 9:34 AM
**To:** 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Saroja Koneru' <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Rajan,

Thanks. We filed the Joint Stip this morning.

Also, do we also have your permission to file the Protective Order? If not, please provide any additional comments to the version I returned to you on Wednesday night. Thanks again.

Sincerely,

Gina

---

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Thursday, March 17, 2022 7:31 PM
**To:** Gina Simas <gsimas@vgcllp.com>; Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Good evening Counsels,

Per the joint stipulation, the dates proposed are good for us. You may file today.

You may file today.

Sincerely,



**From:** Gina Simas <gsimas@vgcllp.com>
**Sent:** Thursday, March 17, 2022 8:12 AM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Carol Thompson <CThompson@fedpractice.com>
**Subject:** Re: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

I'm following up on this Joint Stip. Please confirm that we may file it today. Alternatively, if you prefer different dates, please add and return. Again, time  is of the essence. Thank you.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 16, 2022 9:16:53 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Saroja Koneru' <SKoneru@fedpractice.com>; 'Carol Thompson' <CThompson@fedpractice.com>; gsimas@vgcllp.com <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

It's nice to hear from you.  Attached is a proposed Joint Stipulation to continue the pre-

trial and trial deadlines. Pursuant to your request, I moved most dates 60 days. However, given the calendar and various holidays, we proposed pushing out the FSC and trial date. We do not want a trial around Thanksgiving.  Please review the attached proposed dates.  If you do not agree with our proposed dates, please add a separate column for Defendants' proposed dates. The Court can then decide the dates.

If you have any questions, please don't hesitate to contact me.  I'm available all day. My cell is 310-991-1406. As you know, under the current Order, we must designate experts next week. So, time is of the essence. We would like to get this filed tomorrow because we need to know as soon as possible whether the Court agrees to continue the dates. If it does not, we will need to select a new mediator and complete mediation within the Court's current deadline. Thanks so much.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, March 16, 2022 7:23 AM
**To:** gsimas@vgcllp.com; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Carol Thompson <CThompson@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

For the record –

I contacted VGC counsel after the mediation order and spoke several times with counsel regarding the adjustment of dates.  Counsel uniformly rejected any such adjustment. Now they have determined this to be urgent.  Not providing dates of availability for the deposition for their client of course.  VGC counsel then attempted to submit an amended document to the court presenting it to undersigned counsel as if it had not been amended.  Only after a scrub revealed the significant revisions was the original document submitted.  Undersigned counsel timely agreed to the suggested mediator.  In a mistaken belief that the scheduling of the mediator was being handled in an honest and professional way I believed that this was our only way forward since undersigned counsel had no direct contact with the mediators – all handled by VGC counsel/ staff.  It is clear that this was another lie/manipulation.  Given the history of false statements made by VCG counsel to counsel, the Court, the California commission and in light of the below email I no longer believe that the mediation scheduling was done appropriately.  I believe I have been lied to yet again by practitioners who seemingly consider their ethical obligations as guidelines and not requirements.  In light of the below and my assessment of this latest scam my response is as follows:

All dates are moved 60 days. Option 1 or 2.

Find a mediator that can do the mediation within the dates ordered by the court. I will speak with the mediator separately to confirm.  Option 2 or 1.

You DO NOT HAVE MY CONSENT TO YOUR PROPOSAL BELOW.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 2:12 PM
**To:** Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric and Erik,

I should add that if we do not hear back from you regarding the Joint Stipulation by COB today, we will be forced to bring an *ex parte* application on this issue. It is imperative that the Court be made aware of this issue because we are required to adhere to the Court's scheduling order. We are doing our best to do this, but your failure to respond is making it very difficult. I look forward to hearing from you very soon. Thanks again.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 11:02 AM
**To:** 'Erik Cox' <ECox@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>;

'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

Thank you for finally responding. We look forward to receiving your comments to the Protective Order.

Additionally, and as we explained in our email yesterday, ***we need to meet and confer regarding the Joint Stipulation immediately.*** Pursuant to the current Court's Scheduling order, mediation must occur no later than Mary 20, 2022.  Mike Young has agreed to mediate, but this mediation will not occur until ***July***. Therefore, we must continue the pre-trial dates to move forward with our scheduled mediation

Moreover, pursuant to the current Court's Scheduling order, we need to designate an expert next week. Having just received HBM's supplemental responses last night and have not yet received Heredia's supplemental responses, we cannot sufficiently review this discovery in order to adequately select our exper**t. *Please let me know if you will stipulate to continuing the pre-trial and trial dates.*** If so, I will send you a draft of the Joint Stipulation and, thereafter, we can file it with the Court. Thank you.

Sincerely,

Gina

---

**From:** Erik Cox <ECox@fedpractice.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Hi Gina,
We intend to send you a redline of your draft PO tomorrow.  Sincere apologies for the delay in getting back to you.
All the best,
-Erik

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, March 14, 2022 2:27 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>

clagarde@fedpractice.com>;
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet
and confer on this issue, you remain radio silent. Notably, we sent you a draft protective
order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for
failing to respond. If we do not hear from you, we will file a motion for a protective order
and request sanctions. Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>;
'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please
explain why you have not yet signed it.  Do you want to make changes?  We need to
resolve this issue as soon as possible.  As such, we would like to meet and confer to
determine whether Diaz needs to file a motion for a protective order. ***Please let me know
when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>;
'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know whether you have any changes to the draft I sent to you three weeks ago. Although I sent the draft Protective Order on February 2, 2022, I have yet to receive any response from you on this subject. As you know, this case involves information that we want to remain confidential. As such, a Protective Order will need to be signed and filed with the Court prior to Diaz producing any documents and to any depositions taking place. Please let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th. On Wednesday, February 2nd, you served a notice, unilaterally setting a date in which both Jim Greeley and JoJo are unavailable. I'm sure you understand that both JoJo and Jim are extremely busy. So, I am doing my best to coordinate their schedules, and thereafter, will provide you with potential dates. As I stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th will not work. Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago. Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or early tomorrow. Once you receive the final version, please promptly sign. We will file it tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to file within two days of reserving this date. For this reason, it is imperative that you sign and return within 24 hours. If you have any questions or would like to discuss further, please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>

**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.


Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

· PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones | Senior Litigation Paralegal

VGC LLP

1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

EXHIBIT R

**From:** gsimas@vgcllp.com  📎
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 23, 2022 at 9:25 AM
**To:** Rajan Dhungana  rdhungana@fedpractice.com, Eric Montalvo  emontalvo@fedpractice.com, Erik Cox  ECox@fedpractice.com,
Cristina Lagarde  clagarde@fedpractice.com
**Cc:** James Greeley  jgreeley@vgcllp.com, Diyari Vazquez  dvazquez@vgcllp.com, Daisy Chung  DChung@fedpractice.com,
Saroja Koneru  SKoneru@fedpractice.com

Rajan, Eric and Erik.

As you know, pursuant to the requisite model Protective Order for the Central District, we
can use one of two options regarding Duration (see below). We want option B (see
below). We see no reason why any protected material should be disclosed to the public.
We also fail to understand why you would want this protected material disclosed to the
public. Therefore, we request the Duration of the Protective Order include the following
language:

"Even after final disposition of this litigation, the confidentiality obligations imposed by this
Order shall remain in effect until a Designating Party agrees otherwise in writing or a
court order otherwise directs.  Final disposition shall be deemed to be the later of (1)
dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final
judgment herein after the completion and exhaustion of all appeals, rehearings, remands,
trials, or reviews of this Action, including the time limits for filing any motions or
applications for extension of time pursuant to applicable law."

Assuming this is acceptable, we will file the Protective Order today. Thanks so much.

Sincerely,

Gina

---

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Tuesday, March 22, 2022 7:56 PM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox
<ECox@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Good evening Counsels,

The sole objection we have is that the confidentiality should not run in perpetuity.
Our position is that confidentiality expires when used in court and therefore becomes
public.

Sincerely,



1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 22, 2022 11:39 AM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

I am following up on this *again*. Please let me know whether our returned version is acceptable. If so, we will file today. Thanks,

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Friday, March 18, 2022 9:34 AM
**To:** 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Saroja Koneru' <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Rajan,

Thanks. We filed the Joint Stip this morning.

Also, do we also have your permission to file the Protective Order? If not, please provide any additional comments to the version I returned to you on Wednesday night. Thanks again.

Sincerely,

Gina

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Thursday, March 17, 2022 7:31 PM
**To:** Gina Simas <gsimas@vgcllp.com>; Eric Montalvo <emontalvo@fedpractice.com>;

Erik Cox <ECox@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Good evening Counsels,

Per the joint stipulation, the dates proposed are good for us.
You may file today.

Sincerely,



Rajan Dhungana | Partner
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN LAW

**From:** Gina Simas <gsimas@vgcllp.com>
**Sent:** Thursday, March 17, 2022 8:12 AM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>;
Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Carol
Thompson <CThompson@fedpractice.com>
**Subject:** Re: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

I'm following up on this Joint Stip. Please confirm that we may file it today. Alternatively, if
you prefer different dates, please add and return. Again, time  is of the essence. Thank
you.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 16, 2022 9:16:53 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>;
'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;

Cc: James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>; 'Saroja Koneru' <SKoneru@fedpractice.com>; 'Carol
Thompson' <CThompson@fedpractice.com>; gsimas@vgcllp.com
<gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

It's nice to hear from you.  Attached is a proposed Joint Stipulation to continue the pre-
trial and trial deadlines. Pursuant to your request, I moved most dates 60 days. However,
given the calendar and various holidays, we proposed pushing out the FSC and trial date.
We do not want a trial around Thanksgiving.  Please review the attached proposed
dates.  If you do not agree with our proposed dates, please add a separate column for
Defendants' proposed dates. The Court can then decide the dates.

If you have any questions, please don't hesitate to contact me.  I'm available all day. My
cell is 310-991-1406. As you know, under the current Order, we must designate experts
next week. So, time is of the essence. We would like to get this filed tomorrow because
we need to know as soon as possible whether the Court agrees to continue the dates. If it
does not, we will need to select a new mediator and complete mediation within the
Court's current deadline. Thanks so much.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, March 16, 2022 7:23 AM
**To:** gsimas@vgcllp.com; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana
<rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Carol
Thompson <CThompson@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

For the record –

I contacted VGC counsel after the mediation order and spoke several times with counsel
regarding the adjustment of dates.  Counsel uniformly rejected any such adjustment.
Now they have determined this to be urgent.  Not providing dates of availability for the
deposition for their client of course.  VGC counsel then attempted to submit an amended
document to the court presenting it to undersigned counsel as if it had not been
amended.  Only after a scrub revealed the significant revisions was the original document
submitted.  Undersigned counsel timely agreed to the suggested mediator.  In a mistaken
belief that the scheduling of the mediator was being handled in an honest and
professional way I believed that this was our only way forward since undersigned counsel
had no direct contact with the mediators – all handled by VGC counsel/ staff.  It is clear
that this was another lie/manipulation.  Given the history of false statements made by
VGC counsel to counsel, the Court, the California commission and in light of the below

VCG counsel to counsel, the Court, the California commission and in light of the below email I no longer believe that the mediation scheduling was done appropriately.  I believe I have been lied to yet again by practitioners who seemingly consider their ethical obligations as guidelines and not requirements.  In light of the below and my assessment of this latest scam my response is as follows:

All dates are moved 60 days. Option 1 or 2.

Find a mediator that can do the mediation within the dates ordered by the court. I will speak with the mediator separately to confirm.  Option 2 or 1.

You DO NOT HAVE MY CONSENT TO YOUR PROPOSAL BELOW.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 2:12 PM
**To:** Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric and Erik,

I should add that if we do not hear back from you regarding the Joint Stipulation by COB today, we will be forced to bring an *ex parte* application on this issue. It is imperative that the Court be made aware of this issue because we are required to adhere to the Court's scheduling order. We are doing our best to do this, but your failure to respond is making it

scheduling order. We are doing our best to do this, but your failure to respond is making it very difficult. I look forward to hearing from you very soon. Thanks again.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 11:02 AM
**To:** 'Erik Cox' <ECox@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

Thank you for finally responding. We look forward to receiving your comments to the Protective Order.

Additionally, and as we explained in our email yesterday, ***we need to meet and confer regarding the Joint Stipulation immediately.*** Pursuant to the current Court's Scheduling order, mediation must occur no later than May 20, 2022. Mike Young has agreed to mediate, but this mediation will not occur until ***July***. Therefore, we must continue the pre-trial dates to move forward with our scheduled mediation

Moreover, pursuant to the current Court's Scheduling order, we need to designate an expert next week. Having just received HBM's supplemental responses last night and have not yet received Heredia's supplemental responses, we cannot sufficiently review this discovery in order to adequately select our expert. ***Please let me know if you will stipulate to continuing the pre-trial and trial dates.*** If so, I will send you a draft of the Joint Stipulation and, thereafter, we can file it with the Court. Thank you.

Sincerely,

Gina

---

**From:** Erik Cox <ECox@fedpractice.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Hi Gina,

We intend to send you a redline of your draft PO tomorrow.  Sincere apologies for the delay in getting back to you.

All the best,

-Erik

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, March 14, 2022 2:27 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet and confer on this issue, you remain radio silent. Notably, we sent you a draft protective order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for failing to respond. If we do not hear from you, we will file a motion for a protective order and request sanctions. Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please explain why you have not yet signed it.  Do you want to make changes?  We need to resolve this issue as soon as possible.  As such, we would like to meet and confer to determine whether Diaz needs to file a motion for a protective order. ***Please let me know when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>;
'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know
whether you have any changes to the draft I sent to you three weeks ago.  Although I
sent the draft Protective Order on February 2, 2022, I have yet to receive any response
from you on this subject.  As you know, this case involves information that we want to
remain confidential.  As such, a Protective Order will need to be signed and filed with the
Court prior to Diaz producing any documents and to any depositions taking place. Please
let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>;
'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana'
<rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of
Thursday, January 27th.  On Wednesday, February 2nd, you served a notice, unilaterally
setting a date in which both Jim Greeley and JoJo are unavailable.  I'm sure you
understand that both JoJo and Jim are extremely busy. So, I am doing my best to
coordinate their schedules, and thereafter, will provide you with potential dates.  As I
stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th
will not work.  Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago.
Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or
early tomorrow. Once you receive the final version, please promptly sign. We will file it
tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to
file within two days of reserving this date. For this reason, it is imperative that you sign

and return within 24 hours. If you have any questions or would like to discuss further,
please let me know.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari
Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung
<DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan
Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document.  I waited
seven days after our call and no dates were provided.  Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get
dates for each counsels availability so there is no further delay.

Eric S. Montalvo
Founding Partner



   

Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:  This transmission,
including, attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is
intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or
privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent
responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and
any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications
Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are
not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

---

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>

**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

·    PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones  |  Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com

# EXHIBIT S

**From:** gsimas@vgcllp.com  🖉
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order
**Date:** March 28, 2022 at 12:45 PM
**To:** Rajan Dhungana rdhungana@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Erik Cox ECox@fedpractice.com,
Cristina Lagarde clagarde@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Daisy Chung DChung@fedpractice.com,
Saroja Koneru SKoneru@fedpractice.com

All,

Please provide any final changes to the protective order. We want to file tomorrow. Thank
you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 23, 2022 9:25 AM
**To:** 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Eric Montalvo'
<emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Saroja Koneru'
<SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Rajan, Eric and Erik.

As you know, pursuant to the requisite model Protective Order for the Central District, we
can use one of two options regarding Duration (see below). We want option B (see
below). We see no reason why any protected material should be disclosed to the public.
We also fail to understand why you would want this protected material disclosed to the
public. Therefore, we request the Duration of the Protective Order include the following
language:

"Even after final disposition of this litigation, the confidentiality obligations imposed by this
Order shall remain in effect until a Designating Party agrees otherwise in writing or a
court order otherwise directs.  Final disposition shall be deemed to be the later of (1)
dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final
judgment herein after the completion and exhaustion of all appeals, rehearings, remands,
trials, or reviews of this Action, including the time limits for filing any motions or
applications for extension of time pursuant to applicable law."

Assuming this is acceptable, we will file the Protective Order today. Thanks so much.

Sincerely,

Gina

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Tuesday, March 22, 2022 7:56 PM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox
<ECox@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Good evening Counsels,

The sole objection we have is that the confidentiality should not run in perpetuity.
Our position is that confidentiality expires when used in court and therefore becomes
public.

Sincerely,



**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 22, 2022 11:39 AM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>; Eric Montalvo
<emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

I am following up on this *again*. Please let me know whether our returned version is
acceptable. If so, we will file today. Thanks,

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Friday, March 18, 2022 9:34 AM
**To:** 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Eric Montalvo'
<emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;

'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>; 'Saroja Koneru' <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Rajan,

Thanks. We filed the Joint Stip this morning.

Also, do we also have your permission to file the Protective Order? If not, please provide any additional comments to the version I returned to you on Wednesday night. Thanks again.

Sincerely,

Gina

---

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Thursday, March 17, 2022 7:31 PM
**To:** Gina Simas <gsimas@vgcllp.com>; Eric Montalvo <emontalvo@fedpractice.com>;
Erik Cox <ECox@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Good evening Counsels,

Per the joint stipulation, the dates proposed are good for us.
You may file today.

Sincerely,



Rajan Dhungana | Partner
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN LAW

---

**From:** Gina Simas <gsimas@vgcllp.com>
**Sent:** Thursday, March 17, 2022 8:12 AM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>;
Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Carol

Thompson <[CThompson@fedpractice.com](mailto:CThompson@fedpractice.com)>
**Subject:** Re: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

I'm following up on this Joint Stip. Please confirm that we may file it today. Alternatively, if you prefer different dates, please add and return. Again, time  is of the essence. Thank you.

Sincerely,

Gina

---

**From:** [gsimas@vgcllp.com](mailto:gsimas@vgcllp.com) <[gsimas@vgcllp.com](mailto:gsimas@vgcllp.com)>
**Sent:** Wednesday, March 16, 2022 9:16:53 AM
**To:** 'Eric Montalvo' <[emontalvo@fedpractice.com](mailto:emontalvo@fedpractice.com)>; 'Erik Cox' <[ECox@fedpractice.com](mailto:ECox@fedpractice.com)>; 'Rajan Dhungana' <[rdhungana@fedpractice.com](mailto:rdhungana@fedpractice.com)>; 'Cristina Lagarde' <[clagarde@fedpractice.com](mailto:clagarde@fedpractice.com)>
**Cc:** 'James Greeley' <[jgreeley@vgcllp.com](mailto:jgreeley@vgcllp.com)>; 'Diyari Vazquez' <[dvazquez@vgcllp.com](mailto:dvazquez@vgcllp.com)>; 'Daisy Chung' <[DChung@fedpractice.com](mailto:DChung@fedpractice.com)>; 'Cristina Lagarde' <[clagarde@fedpractice.com](mailto:clagarde@fedpractice.com)>; 'Saroja Koneru' <[SKoneru@fedpractice.com](mailto:SKoneru@fedpractice.com)>; 'Carol Thompson' <[CThompson@fedpractice.com](mailto:CThompson@fedpractice.com)>; [gsimas@vgcllp.com](mailto:gsimas@vgcllp.com) <[gsimas@vgcllp.com](mailto:gsimas@vgcllp.com)>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

It's nice to hear from you.  Attached is a proposed Joint Stipulation to continue the pre-trial and trial deadlines. Pursuant to your request, I moved most dates 60 days. However, given the calendar and various holidays, we proposed pushing out the FSC and trial date. We do not want a trial around Thanksgiving.  Please review the attached proposed dates.  If you do not agree with our proposed dates, please add a separate column for Defendants' proposed dates. The Court can then decide the dates.

If you have any questions, please don't hesitate to contact me.  I'm available all day. My cell is 310-991-1406. As you know, under the current Order, we must designate experts next week. So, time is of the essence. We would like to get this filed tomorrow because we need to know as soon as possible whether the Court agrees to continue the dates. If it does not, we will need to select a new mediator and complete mediation within the Court's current deadline. Thanks so much.

Sincerely,

Gina

---

**From:** Eric Montalvo <[emontalvo@fedpractice.com](mailto:emontalvo@fedpractice.com)>
**Sent:** Wednesday, March 16, 2022 7:23 AM
**To:** [gsimas@vgcllp.com](mailto:gsimas@vgcllp.com); Erik Cox <[ECox@fedpractice.com](mailto:ECox@fedpractice.com)>; Rajan Dhungana <[rdhungana@fedpractice.com](mailto:rdhungana@fedpractice.com)>; Cristina Lagarde <[clagarde@fedpractice.com](mailto:clagarde@fedpractice.com)>

**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Carol Thompson <CThompson@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

For the record –

I contacted VGC counsel after the mediation order and spoke several times with counsel regarding the adjustment of dates.  Counsel uniformly rejected any such adjustment.  Now they have determined this to be urgent.  Not providing dates of availability for the deposition for their client of course.  VGC counsel then attempted to submit an amended document to the court presenting it to undersigned counsel as if it had not been amended.  Only after a scrub revealed the significant revisions was the original document submitted.  Undersigned counsel timely agreed to the suggested mediator.  In a mistaken belief that the scheduling of the mediator was being handled in an honest and professional way I believed that this was our only way forward since undersigned counsel had no direct contact with the mediators – all handled by VGC counsel/ staff.  It is clear that this was another lie/manipulation.  Given the history of false statements made by VCG counsel to counsel, the Court, the California commission and in light of the below email I no longer believe that the mediation scheduling was done appropriately.  I believe I have been lied to yet again by practitioners who seemingly consider their ethical obligations as guidelines and not requirements.  In light of the below and my assessment of this latest scam my response is as follows:

All dates are moved 60 days. Option 1 or 2.

Find a mediator that can do the mediation within the dates ordered by the court. I will speak with the mediator separately to confirm.  Option 2 or 1.

You DO NOT HAVE MY CONSENT TO YOUR PROPOSAL BELOW.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and

responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 2:12 PM
**To:** Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric and Erik,

I should add that if we do not hear back from you regarding the Joint Stipulation by COB today, we will be forced to bring an *ex parte* application on this issue. It is imperative that the Court be made aware of this issue because we are required to adhere to the Court's scheduling order. We are doing our best to do this, but your failure to respond is making it very difficult. I look forward to hearing from you very soon. Thanks again.

Sincerely,

Gina

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, March 15, 2022 11:02 AM
**To:** 'Erik Cox' <ECox@fedpractice.com>; 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Eric,

Thank you for finally responding. We look forward to receiving your comments to the Protective Order.

Additionally, and as we explained in our email yesterday, **we need to meet and confer regarding the Joint Stipulation immediately.**  Pursuant to the current Court's Scheduling order, mediation must occur no later than Mary 20, 2022.  Mike Young has agreed to mediate, but this mediation will not occur until **July**. Therefore, we must continue the pre-trial dates to move forward with our scheduled mediation

Moreover, pursuant to the current Court's Scheduling order, we need to designate an expert next week. Having just  received HBM's supplemental responses last night and have not yet received Heredia's supplemental responses, we cannot sufficiently review

this discovery in order to adequately select our expert. ***Please let me know if you will stipulate to continuing the pre-trial and trial dates.*** If so, I will send you a draft of the Joint Stipulation and, thereafter, we can file it with the Court. Thank you.

Sincerely,

Gina

---

**From:** Erik Cox <ECox@fedpractice.com>
**Sent:** Tuesday, March 15, 2022 10:23 AM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

Hi Gina,
We intend to send you a redline of your draft PO tomorrow.  Sincere apologies for the delay in getting back to you.
All the best,
-Erik

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, March 14, 2022 2:27 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

For the seventh time, we are following up on this issue. Despite requesting that we meet and confer on this issue, you remain radio silent. Notably, we sent you a draft protective order nearly six weeks ago, on February 2, 2022. You have provided zero reasons for failing to respond. If we do not hear from you, we will file a motion for a protective order and request sanctions. Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, March 9, 2022 2:44 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde'

Rajan Dhungana <rdhungana@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>;
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>;
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Meet and Confer Re Protective Order

All,

We have yet to receive any response from you regarding the Protective Order. Please
explain why you have not yet signed it.  Do you want to make changes?  We need to
resolve this issue as soon as possible.  As such, we would like to meet and confer to
determine whether Diaz needs to file a motion for a protective order. ***Please let me know
when you are available to meet and confer on this issue.*** Thank you.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 23, 2022 9:42 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>;
'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Daisy Chung' <DChung@fedpractice.com>; 'Cristina Lagarde'
<clagarde@fedpractice.com>;
**Subject:** RE: Diaz, Jr. v. Heredia, et al.: Protective Order

Eric, Erik and Rajan,

For the fourth time, I am following up on the Protective Order. Please let me know
whether you have any changes to the draft I sent to you three weeks ago.  Although I
sent the draft Protective Order on February 2, 2022, I have yet to receive any response
from you on this subject.  As you know, this case involves information that we want to
remain confidential.  As such, a Protective Order will need to be signed and filed with the
Court prior to Diaz producing any documents and to any depositions taking place. Please
let me know if you would like to discuss further. Thanks.

Sincerely,

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Wednesday, February 9, 2022 3:01 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Christy Jones' <cjones@vgcllp.com>;
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>;
'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>;
'Cristina Lagarde' <clagarde@fedpractice.com>; 'Rajan Dhungana'
<rdhungana@fedpractice.com>; 'gsimas@vgcllp.com' <gsimas@vgcllp.com>;

**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Eric,

We are trying to provide you with available dates. To be clear, we met on the afternoon of Thursday, January 27th. On Wednesday, February 2nd, you served a notice, unilaterally setting a date in which both Jim Greeley and JoJo are unavailable. I'm sure you understand that both JoJo and Jim are extremely busy. So, I am doing my best to coordinate their schedules, and thereafter, will provide you with potential dates. As I stated in Plaintiff's objections, JoJo is out of town next week. So, obviously February 16th will not work. Rest assured, once I obtain available dates, I will provide them to you.

Also, I am again following up on the protective order that I sent to you a few weeks ago. Please provide comments or sign it. We would like to get this filed. Thanks.

Finally, I am now working on the Joint Stipulation and hope to send it to you late today or early tomorrow. Once you receive the final version, please promptly sign. We will file it tomorrow or Friday. We need to reserve a hearing date. To do so, the Court requires us to file within two days of reserving this date. For this reason, it is imperative that you sign and return within 24 hours. If you have any questions or would like to discuss further, please let me know.

Sincerely,

Gina

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 9, 2022 11:44 AM
**To:** Christy Jones <cjones@vgcllp.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** RE: Diaz, Jr. v. Heredia, et al.

Counsel,

Instead of providing dates you spent 13 days drafting a five page document. I waited seven days after our call and no dates were provided. Dates?

Cristina – see if the 16th works – there are three counsel so please make sure we get dates for each counsels availability so there is no further delay.


Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Christy Jones <cjones@vgcllp.com>
**Sent:** Tuesday, February 08, 2022 10:11 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>
**Cc:** Gina Simas <gsimas@vgcllp.com>; James Greeley <jgreeley@vgcllp.com>; Diyari Vazquez <dvazquez@vgcllp.com>
**Subject:** Diaz, Jr. v. Heredia, et al.

Mr. Montalvo,

Enclosed please find the following document served on behalf of Plaintiff Joseph Diaz, Jr. in the above-referenced matter:

·   PLAINTIFF'S OBJECTIONS TO NOTICE OF DEPOSITION SUBPOENA DUCES TECUM TO JOSEPH

    DIAZ, JR.; DECLARATION OF GINA SIMAS IN SUPPORT THEREOF

Thank you,

Christy

Christy Jones  I  Senior Litigation Paralegal



1515 7th Street, No. 106
Santa Monica, CA 90401
www.vgcllp.com



error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

2022.03.28 Diaz v Here...r .docx

# EXHIBIT T

**From:** **Cristina Lagarde** clagarde@fedpractice.com
**Subject:** Re: Diaz v. Heredia: Request to Meet and Confer on Several Issues
**Date:** April 7, 2022 at 4:39 PM
**To:** gsimas@vgcllp.com
**Cc:** James Greeley  jgreeley@vgcllp.com,  Diyari Vazquez  dvazquez@vgcllp.com,  Eric Montalvo  emontalvo@fedpractice.com,
Rajan Dhungana  rdhungana@fedpractice.com,  Saroja Koneru  SKoneru@fedpractice.com,  Erik Cox  ECox@fedpractice.com,
Daisy Chung  DChung@fedpractice.com

Ms. Simas,

Good afternoon.

Mr. Montalvo will be available for a meet and confer next Wednesday (4/13). He will be responding via written correspondence to your email which will also include additional issues to be addressed during the meet and confer related to discovery.

Thank you.

Sincerely,



**From:** Cristina Lagarde <clagarde@fedpractice.com>
**Sent:** Tuesday, April 5, 2022 1:46 PM
**To:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Subject:** Re: Diaz v. Heredia: Request to Meet and Confer on Several Issues

Ms. Simas,

Good morning and thank you for your patience.

Mr. Montalvo is in proceedings this week, but will respond to your email as soon as he's able to. Unfortunately, I will not be able to provide and confirm his availability regarding deposition  dates and request for a meet and confer until I have the opportunity to speak with him.

Thank you.

Sincerely,



**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, April 4, 2022 2:05 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>;
Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde
<clagarde@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Saroja Koneru
<SKoneru@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>
**Subject:** Diaz v. Heredia: Request to Meet and Confer on Several Issues

Eric,

First, you continue to falsely state that we failed to provide you with potential dates for
deposition.  For example, your March 16th email contends that we have "not provided
dates of availability for the deposition for [our] client." This is untrue. Please see the email
below which plainly states that we would be available between April 13th and April 22nd.
Notably, this email was sent to you over five weeks ago—on February 24th. You failed to
provide us with your availability during this period, or otherwise respond. Given that
undue delay, it is now too late to schedule Diaz, Heredia and HBM's depositions during
the previous period we proposed. Nevertheless, we will make ourselves available in May.
Please let us know what days you have available, and we will try to accommodate on our
end.

Second, we should discuss the upcoming mediation. As you know, and we have
repeatedly made clear, any settlement must be global. Therefore, as we are sure you
agree, if the mediation is to have any chance of success, it must include all parties in
both cases (*i.e. Diaz v. Heredia* and *Heredia v. MTK et al.*). We would like to confirm that
mediation will include both cases, as well as discuss logistics.
Third, we continue to believe that Heredia's production of documents is inadequate.
Specifically, Heredia has produced no accounting or bank records. For example, Heredia
responds that since 2017, he was not Diaz' manager, and therefore unaware of
documents "since that time period." Critically, the RFP is no way limited to records after
2017. The Request plainly asks for all accounting records relating to Heredia's
management of Diaz. Specifically, the requests and responses that concern us are as
follows:

   REQUEST FOR PRODUCTION NO. 12: All accounting records relating to
   YOUR management of DIAZ.
   Response: Since 2017, Defendant has not been Diaz' manager and

Response. Since 2017, Defendant has not been Diaz' manager and therefore is currently unaware of any documents since that time period responsive to this request. Subject to the foregoing, please see Bates No. 675.
SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no additional documents responsive to this request.

REQUEST FOR PRODUCTION NO. 18:All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.
SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

REQUEST FOR PRODUCTION NO. 19: All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.
SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

REQUEST FOR PRODUCTION NO. 20:All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.
SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

Is it Heredia's contention that he has no accounting records, bank records relating to either his management of Diaz or his compensation received relating to Diaz? We find this implausible. We do not want to go back to the Magistrate on these issues. As you know, the Magistrate granted Diaz's Motion to Compel at to these RFP requests. Simply put, we need all of Heredia's accounting and bank records as requested. We hereby request that you urge Heredia to produce these records. If you do not agree to supplement, we will be forced to again raise this issue with the Magistrate.

Fourth and finally, the depositions and mediation cannot and will not go forward until the Parties execute a Protective Order. I have repeatedly done my best to get this effectuated. In fact, I've emailed you no less than ten times attempting to resolve this issue. Please execute the version that I sent to you on March 28th. We will then file it with the Court. If you fail to do so after this--my eleventh and final attempt--we will file a motion for protective order and explain that Defendants have failed to respond to our numerous requests to cooperate.

We would like to meet and confer on all of these above-referenced issues. Please let me know when you are available between now and April 8th.

Sincerely,

Gina

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Thursday, February 24, 2022 2:23 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>
**Cc:** 'Erik Cox' <ECox@fedpractice.com>; 'Cristina Delphia' <CDelphia@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'James Greeley' <jgreeley@vgcllp.com>; gsimas@vgcllp.com
**Subject:** RE: Deposition

Eric,

As stated in Plaintiff's Objections to Notice of Deposition Subpoena, both Plaintiff's counsel and Plaintiff JoJo Diaz ("Diaz") were unavailable on February 15th, the date you unilaterally noticed without allowing me adequate time to provide you with available dates.  We served these Objections on February 8th.  Thereafter, you threatened that you were going forward with the deposition. As such, I didn't respond with available dates because it did not seem like you were open to engaging in a meaningful and productive conversation.

Moreover, because Diaz has announced it publicly, I am sure that you are aware that a fight involving Diaz is being scheduled for early April.  Therefore, we find your demand that his deposition take place between March 10th and March 16th to be tactical and in pursuit of the ongoing attempt by your clients both to injure and harass our client and his career—which is the basis of Diaz's lawsuit.  Simply put, Diaz cannot and will not sit for a deposition two to three weeks prior to his upcoming fight. He has been and will continue to be exclusively focused on his training camp, and, at some point, moving out of the state in advance of the fight.

Finally, we will be available in mid-April for depositions. At that time, Diaz, Heredia and HBM all can be deposed in the same week. We believe that conducting these depositions consecutively during the same time period will save the parties from spending unnecessary resources, as well as increase efficiency. Please let us know your availability between April 13th and April 22nd. Thereafter, we will provide you with dates that work on our side.  Thanks so much.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 23, 2022 10:06 AM
**To:** Gina Simas <gsimas@vgcllp.com>
**Cc:** Erik Cox <ECox@fedpractice.com>; Cristina Delphia <CDelphia@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** Deposition

Gina -- Despite my repeated requests since January 27 that you provide available

Gina – Despite my repeated requests since January 27 that you provide available deposition dates for your client, thus far we have been provided no dates. Indeed, after I postponed the noticed February 15 deposition, you again represented that you would provide dates and again have not done so.

This is to advise that we will be amending Mr. Heredia's notice to depose Joseph Diaz sometime between March 10 and March 16. If you do not provide available dates within that window by close of business Friday, February 25, 2022, I will select the date.

Thank you

-Eric

Eric S. Montalvo
Founding Partner



  

**Attorney/Client Privileged, Protected and Confidential Communication.** **Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

# EXHIBIT U

**From:** **Diyari Vazquez** dvazquez@vgcllp.com 📎
**Subject:** Re: Letter RE: Meet and Confer for April 13, 2022
**Date:** April 20, 2022 at 5:03 PM
**To:** Rajan Dhungana rdhungana@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Gina Simas gsimas@vgcllp.com, Eric Montalvo emontalvo@fedpractice.com, Erik Cox ECox@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

All,

As a follow up to our meet and confer, attached is Mr. Diaz's production of documents bates labeled DIAZ 0001 - 0085.  Once we have finalized the protective order, we will produce any confidential documents.

I do not believe I have heard back from you regarding my proposal that your office create a file with the documents referred to in the RFAs so that we can supplement the responses.  Please let us know.

Thanks,


Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
[www.vgcllp.com](http://www.vgcllp.com)



2022.04.20 Diaz
0001 - 0085.pdf

> On Apr 11, 2022, at 4:46 PM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:
>
> Good afternoon Counsels,
>
> Please see attached for discussion on April 13, 2022.
>
> Sincerely,
>
> <image001.png>

&lt;RH to DIAZ RFA RFP MC Letter 04.11.22.pdf&gt;

# EXHIBIT V

**From:** **Rajan Dhungana** rdhungana@fedpractice.com  📎
**Subject:** Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel
**Date:** April 29, 2022 at 8:08 AM
**To:** Diyari Vazquez dvazquez@vgcllp.com, James Greeley jgreeley@vgcllp.com, Gina Simas gsimas@vgcllp.com
**Cc:** Erik Cox ECox@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

Good morning Counsels,

Please see attached.
Enclosed is the Joint Stipulation RE Defendant's motion to compel further responses to requests for production of documents and requests for admissions, as well as a request for sanctions in the amount of $25,000.00.
If you need a word version of the document, please let me know.

Pursuant to Local Rule 37-2.2, please return the executed joint stipulation to our office via email within the time permitted.

Sincerely,



    

2022.04.28          2022.04.28          2022.04.28 ESM
Exhibit...tter.pdf   Joint S...ion.pdf   Declaration.pdf

# EXHIBIT V 1

1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11 JOSEPH DIAZ JR.,

Plaintiff,

12

13 v.

14 RALPH HEREDIA, true name
RAFAEL HEREDIA TARANGO,
15 a/k/a RAFAEL HEREDIA, a/k/a
RAFAEL BUSTAMANTE;
16 JOHN DOE, ESQ.; and
JANE DOES 1 through 20,
17

Defendants.

18

Case No. 5:20-cv-02332-JWH-KKx

**ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS [ECF No. 9] WITHOUT
PREJUDICE**

19

20

21

22

23

24

25

26

27

28

Currently pending before the Court is the motion of Defendant Ralph Heredia to dismiss the Complaint of Plaintiff Joseph Diaz, Jr., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motion,[2] the Court orders that the Motion is **DENIED without prejudice**, as set forth herein.

L.R. 7-3 requires "counsel contemplating the filing of any motion first [to] contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."  L.R. 7-4 further provides that the "Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."

This Court expects and requires strict compliance with the Local Rules.  Here, Heredia's counsel admittedly failed to engage in ***any*** Conference of Counsel before filing the Motion, as required by L.R. 7-3.[3]  Accordingly, pursuant to L.R. 7-4, the Court declines to consider the Motion.  The Court admonishes counsel henceforth to comply strictly with all Local Rules, including L.R. 7-3.

Based on the foregoing, the Court hereby **ORDERS** that Heredia's Motion is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: January 5, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[1]      Def.'s Mot. to Dismiss Compl. (the "Motion") [ECF No. 9].

[2]      The Court considered the following papers:  (1) the Motion (including its attachments); (2) Pl.'s Opp'n to the Motion [ECF No. 14]; and (3) Def.'s Resp. in Supp. of the Motion (the "Reply") [ECF No. 17].

[3]      Reply 2:7–9.

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11   JOSEPH DIAZ JR.,                    Case No. 5:20-cv-02332-JWH-KKx

12                Plaintiff,
                                         **ORDER DENYING**
13        v.                             **DEFENDANT'S MOTION TO**
                                         **COMPEL ARBITRATION [ECF**
14   RALPH HEREDIA, true name            **No. 25]**
         RAFAEL HEREDIA TARANGO,
15       a/k/a RAFAEL HEREDIA, a/k/a
         RAFAEL BUSTAMANTE;
16   JOHN DOE, ESQ.; and
     JANE DOES 1 through 20,
17
                  Defendants.
18

19

20

21

22

23

24

25

26

27

28

Currently pending before the Court is the motion of Defendant Ralph Heredia to compel arbitration.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, as set forth herein.

This Court's Local Rules require "counsel contemplating the filing of any motion first [to] contact opposing counsel to ***discuss thoroughly*** . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3 (emphasis added). The Local Rules further provide that the "Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." L.R. 7-4.

This Court expects and requires strict compliance with the Local Rules. Here, despite a previous admonishment to comply with the Local Rules[3]—specifically L.R. 7-3—Heredia's counsel failed to engage in any substantive Conference of Counsel before filing the Motion, as required by L.R. 7-3. Instead, a few hours before filing the instant Motion, Heredia's counsel transmitted a one-sentence email to Diaz's counsel stating: "The purpose of this email is to request whether Mr. Diaz will consent to a motion to stay the proceedings pending arbitration?"[4] That bare question, which does not discuss

---

[1]  Def.'s Mot. to Compel Arbitration and/or Stay the Proceedings Pending Arbitration (the "Motion") [ECF No. 25].

[2]  The Court considered the following papers: (1) the Motion (including its attachments); (2) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 28]; and (3) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 29]; and Pl.'s Obj. to New Evid. in Supp. of the Reply [ECF No. 30].

[3]  *See* Order Denying Def.'s Mot. to Dismiss Without Prejudice [ECF No. 22]; Order re Mot. of Def. to Withdraw Second Mot. to Dismiss [ECF No. 26] 2:16–18 ("All counsel are **DIRECTED** to review thoroughly and hereafter comply assiduously with this Court's Local Rules.").

[4]  *See* Opposition 6:1–4; Decl. of James L. Greeley in Supp. of the Opposition (the "Greeley Decl.") [ECF No. 28-2] ¶ 6; Ex. E to the Greeley Decl. [ECF No. 28-7].

-2-

1   the substance of the motion and is phrased to elicit a binary "yes" or "no"

2   response, does not meet the requirement for counsel to "***discuss thoroughly*** the

3   . . . the substance of the contemplated motion and any potential resolution."

4   L.R. 7-3 (emphasis added).  Heredia attempts to excuse the failure of his counsel

5   to meet and confer adequately by shifting blame to Diaz's counsel, stating "the

6   lack of dialogue is on both parties," and then by proceeding to explain that the

7   communications between counsel in this case have not been productive thus

8   far.[5]  But Heredia's counsel's one-sentence communication regarding the

9   instant Motion does not constitute an invitation to engage in a substantive

10  conference regarding the issues presently before the Court.

11          The Court expects counsel for both parties to engage in a thorough and

12  professional discussion of the substance of any contemplated motion before that

13  motion is filed, as L.R. 7-3 requires, regardless of the ultimate outcome of any

14  such discussions.  If the parties find that they are not able (or willing) to engage

15  in productive oral communications, then the Court expects the parties to engage

16  in a thorough discussion of the substantive issues in writing (something more

17  than a one sentence binary question).

18          For the third time, the Court admonishes counsel henceforth to comply

19  strictly with all Local Rules, including L.R. 7-3.  Any future failure to comply

20  with the Local Rules will be grounds for sanctions pursuant to L.R. 83-7.

21          Based upon the foregoing, pursuant to L.R. 7-4, the Court hereby

22  **ORDERS** that Heredia's Motion is **DENIED with prejudice**, for his counsel's

23  failure to comply with L.R. 7-3.

24          **IT IS SO ORDERED.**

25

26  Dated: March 10, 2021

27                                              John W. Holcomb
                                                UNITED STATES DISTRICT JUDGE

28  _____
    [5]      Reply 8:5; *see also id.* at 7:25–9:2.

-3-

1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11   JOSEPH DIAZ JR.,                    Case No. 5:20-cv-02332-JWH-KKx

12            Plaintiff,
                                         **ORDER GRANTING MOTION OF**
13        v.                             **DEFENDANT RALPH HEREDIA**
                                         **FOR RELIEF FROM JUDGMENT**
14   RALPH HEREDIA, true name            **OR ORDER [ECF No. 40] AND**
        RAFAEL HEREDIA TARANGO,          **DENYING MOTION OF**
15      a/k/a RAFAEL HEREDIA, a/k/a      **DEFENDANT RALPH HEREDIA**
        RAFAEL BUSTAMANTE;               **TO COMPEL ARBITRATION [ECF**
16   JOHN DOE, ESQ.; and                 **No. 25]**
     JANE DOES 1 through 20,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

Before the Court is the motion of Defendant Ralph Heredia for relief from the Court's order entered on March 10, 2021, denying Heredia's motion to compel arbitration for noncompliance with this Court's Local Rules.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court **GRANTS** the Motion, for the purpose of ruling on the merits on Heredia's Motion to Compel Arbitration, which the Court **DENIES**.

## I.  BACKGROUND

The parties are familiar with the factual and procedural background of this case.  However, the following events are relevant to the Motion presently before the Court:

On February 5, 2021, Heredia moved to compel arbitration of this action.[3]  Plaintiff Joseph Diaz, Jr., opposed that motion on February 19, 2021.[4]  Heredia replied on February 26, 2021.[5]  The Court denied Heredia's Arbitration Motion, with prejudice, because—despite **two** prior admonitions by this Court that counsel must comply with the Court's Local Rules (in particular, L.R. 7-3)[6]—

---

[1]    Def.'s Mot. for Relief from J. or Order re Mot. to Compel Arbitration (the "Motion") [ECF No. 40].

[2]    The Court considered the following papers in connection with the Motion:  (1) the Motion (including its attachments); (2) Pl.'s Opp'n to the Motion (including its attachments) (the "Opposition") [ECF No. 41]; and (3) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 42].

[3]    *See* Def.'s Mot. to Compel Arbitration and/or Stay the Proceedings Pending Arbitration (the "Arbitration Motion") [ECF No. 25]; *see also* Order re Mot. of Def. to Withdraw Second Mot. to Dismiss (the "Withdrawal Order") [ECF No. 26] (deeming the Arbitration Motion filed and setting a briefing schedule).

[4]    *See* Pl.'s Opp'n to the Arbitration Motion (the "Arbitration Opposition") [ECF No. 28].

[5]    Def.'s Reply in Supp. of the Arbitration Motion (the "Arbitration Reply") [ECF No. 29].

[6]    *See* Order Denying Def.'s Mot. to Dismiss Without Prejudice (the "Dismissal Order") [ECF No. 22]; Order re Mot. of Def. to Withdraw Second Mot. to Dismiss [ECF No. 26] 2:16–18 ("All counsel are **DIRECTED** to review thoroughly and hereafter comply assiduously with this Court's Local Rules.").

Heredia's counsel failed to engage in any substantive Conference of Counsel
before filing the Arbitration Motion, as required by L.R. 7-3.[7]

    Through the instant Motion, which Heredia filed on March 31, 2021,[8]
Heredia seeks relief from the Court's Arbitration Order pursuant to Rule 60 of
the Federal Rules of Civil Procedure.  Diaz opposed the Motion on April 9,
2021, and Heredia replied on April 16, 2021.

## II.  LEGAL STANDARD

### A.    Relief from Judgment

    The Federal Rules of Civil Procedure provide that "[o]n motion . . . the
court **may** relieve a party or a party's legal representative from a final judgment,
order, or proceeding for . . . mistake, inadvertence, surprise, or excusable
neglect," Fed. R. Civ. Proc. 60(b)(1) (emphasis added), or "any other reason
that justifies relief," *id.* at 60(b)(6).

### B.    Motion to Compel Arbitration

    Pursuant to the Federal Arbitration Act (the "FAA"), "[a] written
provision in any . . . contract evidencing a transaction involving commerce to
settle by arbitration a controversy thereafter arising out of such contract . . . shall
be valid, irrevocable, and enforceable, save upon such grounds as exist at law or
in equity for the revocation of any contract."  9 U.S.C. § 2.  While the FAA
reflects a "liberal federal policy favoring arbitration," *AT & T Mobility v.
Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Memorial Hosp. v.
Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)), "arbitration is a matter of contract
and a party cannot be required to submit to arbitration any dispute which he has
not agreed so to submit," *United Steelworkers v. Warrior & Gulf Navigation Co.*,

---

[7]    *See* Order Denying Def.'s Mot. to Compel Arbitration (the "Arbitration
Order") [ECF No. 33].
[8]    On March 25, 2021, the Court granted Heredia's request for an extension
of time to file the instant Motion.  *See* Order Granting Consent Mot. to Extend
Time to File [ECF No. 38].

Cir. 2009)).  But, "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999), *cited with approval in Latshaw*, 452 F.3d at 1101.

Here, Heredia explains that his counsel, whose primary practice is in the District of Columbia, simply misunderstood the requirements of L.R. 7-3; "there was no 'deliberate' or strategic choice to violate L.R. 7-3 but rather a good faith effort to meet the intent of the rule."[12]  According to Heredia, in his counsel's practice in the District of Columbia, the "use of email and short conversations generally meet the requirements for a conference of counsel prior to any motion filing."[13]

In view of this Court's prior orders, the Court finds that explanation wholly inadequate—if not disingenuous.  In particular, on January 5, 2021, the Court denied Heredia's motion to dismiss, ***without prejudice***, based upon Heredia's counsel's admitted failure to engage in ***any*** conference of counsel before filing that motion, as required by L.R. 7-3.[14]  In that order, the Court specifically explained:

> L.R. 7-3 requires "counsel contemplating the filing of any motion first [to] contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."
> L.R. 7-4 further provides that the "Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8."[15]

---

[12]   Motion at 7:2–4.
[13]   *Id.* at 7:4–6.
[14]   Dismissal Order 2:8–20.
[15]   *Id.* at 2:8–12.

-6-

The Court then admonished counsel "henceforth to comply strictly with all Local Rules, including L.R. 7-3."[16]  In view of that admonition, the Court simply cannot accept Heredia's counsel's (feigned) claim of ignorance or mistake regarding the Court's expectation that counsel comply "strictly"[17] and "assiduously"[18] with the Local Rules, specifically L.R. 7-3.

The Court also finds Heredia's counsel's effort to excuse his violation of L.R. 7-3—by referencing the rules of other courts—to be graspingly feeble.  In connection with the Arbitration Motion, Heredia's counsel's purported L.R. 7-3 conference of counsel consisted of a one-sentence email to Diaz's counsel—only a few hours before Heredia's counsel filed the Arbitration Motion—stating: "The purpose of this email is to request whether Mr. Diaz will consent to a motion to stay the proceedings pending arbitration?"[19]  It is hard to believe that courts in other districts, such as the District of Columbia, would consider that exiguous communication to be a "good-faith effort"[20] to engage in a substantive discussion of the impending motion with opposing counsel.  In any event, Heredia's counsel's email undoubtedly does not satisfy this Court's Local Rules, which require counsel to "***discuss thoroughly*** the . . . the substance of the contemplated motion and any potential resolution."  L.R. 7-3 (emphasis added).

---

[16]  *Id.* at 2:16–18.

[17]  *Id.*

[18]  Withdrawal Order 2:16–18.

[19]  Arbitration Order 2:16–19.

[20]  In support of Heredia's counsel's argument that the "use of email and short conversations generally meet the requirements for a conference of counsel" in other districts in which he practices, Heredia cites the Local Civil Rules of the United States District Court for the District of Columbia.  *See* Motion 7:4–7.  With respect to the "Duty to Confer on Nondispositive Motions," those rules provide in pertinent part:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a ***good-faith effort*** to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. . . .

D. D.C., LCvR 7(m) (emphasis added).

3.      Heredia's counsel of record, Rajan O. Dhunga and Eric S. Montalvo, are **DIRECTED** to read this Court's Local Civil Rules (available at http://www.cacd.uscourts.gov/sites/default/files/documents/LocalRules_Chap1_12_20.pdf) in their entirety. On or before May 25, 2021, Mr. Dhunga and Mr. Montalvo are each **DIRECTED** to file a Notice of Declaration of Compliance with Order, in which each shall attest, under penalty of perjury, that he has read this Court's Local Civil Rules in their entirety.

**IT IS SO ORDERED.**

Dated: May 18, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE

-11-

EXHIBIT W

**From:** Diyari Vazquez dvazquez@vgcllp.com 📎
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel
**Date:** April 29, 2022 at 12:38 PM
**To:** Rajan Dhungana rdhungana@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Gina Simas gsimas@vgcllp.com, Erik Cox ECox@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

Rajan,

This comes as a complete surprise after what is a clear failure by your office to properly meet and confer. It appears that, rather than attempt in good faith to resolve discovery disputes as the Rules require, Defendants' only goal is to burden the Court with unnecessary motion practice in an attempt to somehow set Mr. Diaz up for sanctions. If Mr. Heredia decides to move forward with filing of this motion to compel, without having worked to narrow the issues or even having responded to our proposals to resolve any issues, we will be seeking sanctions for having to oppose Mr. Heredia's bad faith tactics.

During our meet and confer call, we agreed that Mr. Diaz would produce non-confidential documents and your office would provide the protective order a couple of days after our non-confidential production so that we could produce confidential documents. We have requested no fewer than 10 times that your office provide us with the signed protective order. The latest of those times was on April 20, 2022, when I specifically stated "[o]nce we have finalized the protective order, we will produce any confidential documents." Your office did not respond.

Defendants still have not provided the protective order, even though on the phone (and in Mr. Heredia's moving papers) you agreed that this lawsuit involves confidential information. In fact, amongst other things, this lawsuit involves financial information that is confidential. Given your client's propensity to improperly publicize Mr. Diaz's private and confidential information, a protective order is *essential* in this case. Rather than providing the stipulation for a protective order as we agreed, Mr. Heredia instead emailed this Joint Stipulation asking the Court to unnecessarily spend time and resources to resolve a dispute that does not exist.

In addition, during our meet and confer call, I stated that Mr. Diaz would supplement his responses to the RFAs but we need the documents that Mr. Heredia is referring to in the RFAs. Mr. Diaz cannot admit to the genuineness of documents that have not been provided in this litigation. I suggested that your office create a folder and label each document by RFA number so that we can be on the same page as to the admissions that your client seeks. Mr. Montalvo stated that your office would discuss internally and get back to me. I followed up via email on April 20,2022. But never received a response. Instead, you now provide a 353 page Joint Statement again asking the Court to resolve a dispute that does not exist.

If your office is refusing to work in good faith to resolve these matters, which can easily be resolved without Court intervention, please provide the Word version of the Joint Stipulation. But rest assured, this bad faith approach will not end well for your clients.


Diyari

—

Diyari Vázquez | Head of Litigation & Employment



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

On Apr 29, 2022, at 10:07 AM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:

Good morning Counsels,

Please see attached.
Enclosed is the Joint Stipulation RE Defendant's motion to compel further responses to requests for production of documents and requests for admissions, as well as a request for sanctions in the amount of $25,000.00.
If you need a word version of the document, please let me know.

Pursuant to Local Rule 37-2.2, please return the executed joint stipulation to our office via email within the time permitted.

Sincerely,

<image001.png>

<2022.04.28 Exhibit A - MC Letter.pdf><2022.04.28 Joint Stipulation Defendant's Sanction Motion.pdf><2022.04.28 ESM Declaration.pdf>

# EXHIBIT X

**From:** Diyari Vazquez dvazquez@vgcllp.com  📎
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel
**Date:** May 2, 2022 at 6:38 PM
**To:** Rajan Dhungana rdhungana@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Gina Simas gsimas@vgcllp.com, Erik Cox ECox@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

Rajan,

Disagreeing with a proposal, not communicating that disagreement to us and refusing to respond to our repeated requests to resolve the purported issues comes nowhere close to qualifying as a "good faith" meet and confer, sincerely aimed to resolve or narrow the issues in dispute as the Rules require. Rather, it demonstrates a clear motivation to sandbag us, creates  unnecessary work for the Court and continues Mr. Heredia's ongoing efforts to drive up fees and waste both our and the Court's time. Simply put, the 365-page joint stipulation is replete with fabrication, and we urge you to reconsider this filing.

In the RFAs, Mr. Heredia incomprehensibly defines "'Heredia Exhxxx,' where 'xxx' is a three digit number refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action." Yet the exhibits to that motion are labeled 1 through 16. How is Mr. Diaz supposed to admit to the genuineness of "exhibits" that he cannot even locate?  No attorney would allow a client to admit to the genuineness of documents to which there is any uncertainty, let alone complete confusion.

Mr. Heredia then defines "'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'" This description is also incredibly vague and confusing. What's more, citation to the purported record of what both the Presiding and Magistrates Judges have already ruled is a "separate contract arbitration proceeding," without providing the actual documents, is wholly improper. Rule 36 requires that an RFA "be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying" in the litigation. Mr. Heredia has not identified documents produced in this litigation that correspond to these RFAs.

The simple solution to the RFA dispute is for Mr. Heredia to provide the documents that pertain to his RFAs. There is no need to involve the Court in that. During the meet and confer, we proposed that Mr. Heredia create a folder with the documents labeled by RFA number so that Mr. Heredia did not have to spend time redrafting the RFAs. Presumably, it would have taken your office a few minutes to gather these documents, as opposed to the 40 hours that you claim it took to prepare the joint stipulation. It is inconceivable why Mr. Heredia chose not to resolve this ambiguity in the simple manner that we suggested.

As further showing of Mr. Heredia's gamesmanship, Mr. Montalvo stated that your team would discuss internally our proposal, but we never heard back despite our follow up. Mr. Heredia's refusal to provide the specific documents for which he seeks admissions can only be construed as an attempt to "trick" Mr. Diaz. The Magistrate will not allow such gamesmanship. And we will be seeking sanctions for having to oppose Mr. Heredia's unreasonable and nonsensical position.

As for Mr. Heredia's argument that the RFAs must somehow be deemed admitted

because supposedly the responses were one day late, and leaving aside the fact that Mr. Heredia failed to comply with Rule 36 in an apparent attempt to trick Mr. Diaz, Mr. Heredia has been unable to show *any prejudice* for this purported one day delay. In fact, Mr. Heredia then waited until April 11 to even bring up the purported tardiness of these responses. The case law is clear on this issue and it does not favor Mr. Heredia's unsupported position.

In terms of the RPDs, Mr. Heredia has misrepresented to the Court *no less than 113 times* that Mr. Diaz failed to provide written responses to the RPDs. That assertion is *completely false*. Mr. Diaz timely served written objections and responses on February 25, 2022. Mr. Heredia's false representations to the Court, and failure to include Mr. Diaz's objections and responses in the joint stipulation, violate the Local Rules, the law, and counsel's duty of candor to the Court.

We have been waiting since February 2, 2022 to finalize the protective order. When we asked to meet and confer over the filing of a motion for protective order so that we can move forward with this matter, Mr. Montalvo represented that your office would provide the joint stipulation two days after receiving our non-confidential production of documents. That production is now complete. Mr. Heredia has no basis to argue that it is not. Again, this is a case that arises from your client's financial malfeasance. The majority of the records, which are financial records, are confidential. And we cannot trust your client to respect confidentiality given the history here. The simplest and easiest way for this to have been resolved would have been for you to execute the protective order, which, notably, Ms. Simas has requested you do *no less than ten times for over three months*. Moreover, the RFP responses plainly state that Plaintiff will produce documents once the protective order is executed. As such, any failure to receive Plaintiff's complete production of documents is entirely your own doing.

We once again ask that you work in good faith to meet and confer to attempt to resolve these issues—which are truly non-issues that your office has purposefully created in an attempt to gain some leverage in this and other litigation. Mr. Heredia will not succeed in his efforts.  If Mr. Heredia does not withdraw his severely deficient joint stipulation, we will be seeking sanctions for all the unnecessary work Mr. Heredia's and counsel's gamesmanship, bad faith tactics and misrepresentations are creating.

Please let me know by **10:00 a.m. PST tomorrow, May 3, 2022,** whether Mr. Heredia will withdraw the joint stipulation and actually work in good faith to resolve this matter.


Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855

www.vgcllp.com

On May 2, 2022, at 2:14 PM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:

Good afternoon Ms. Vazquez,

You participated in a meet and confer clearly labeled and received a detailed meet and confer letter on April 11. Our refusal to agree is not lack of good faith, but an unwillingness to consider your positions compliant with your discovery obligations – particularly as Plaintiff and in light of your feigned acrimony over delay.

The joint stipulation itself contains a proposed resolution. Your position that Mr. Diaz may properly withhold any production whatsoever pending entry of an order protecting any confidential documents, as highlighted in the meet and confer and discussed on April 13, has no basis in the rules. You specifically stated that you would produce all discovery that was not subject to a protective order. Your 85 page production speaks for itself.

Please see the Word document of the joint stipulation attached herein, for you to add your input. The "bad faith" here is this lawsuit which you know has no basis and yet persist in. Mr. Heredia's compliance with the rules governing resolution of discovery disputes. Your client must do the same.

Sincerely,

<image001.png>

**From:** Diyari Vazquez <dvazquez@vgcllp.com>
**Sent:** Friday, April 29, 2022 12:38 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** James Greeley <jgreeley@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel

Rajan,

This comes as a complete surprise after what is a clear failure by your office to properly

meet and confer.  It appears that, rather than attempt in good faith to resolve discovery disputes as the Rules require, Defendants' only goal is to burden the Court with unnecessary motion practice in an attempt to somehow set Mr. Diaz up for sanctions. If Mr. Heredia decides to move forward with filing of this motion to compel, without having worked to narrow the issues or even having responded to our proposals to resolve any issues, we will be seeking sanctions for having to oppose Mr. Heredia's bad faith tactics.

During our meet and confer call, we agreed that Mr. Diaz would produce non-confidential documents and your office would provide the protective order a couple of days after our non-confidential production so that we could produce confidential documents. We have requested no fewer than 10 times that your office provide us with the signed protective order. The latest of those times was on April 20, 2022, when I specifically stated "[o]nce we have finalized the protective order, we will produce any confidential documents." Your office did not respond.

Defendants still have not provided the protective order, even though on the phone (and in Mr. Heredia's moving papers) you agreed that this lawsuit involves confidential information. In fact, amongst other things, this lawsuit involves financial information that is confidential. Given your client's propensity to improperly publicize Mr. Diaz's private and confidential information, a protective order is *essential* in this case. Rather than providing the stipulation for a protective order as we agreed, Mr. Heredia instead emailed this Joint Stipulation asking the Court to unnecessarily spend time and resources to resolve a dispute that does not exist.

In addition, during our meet and confer call, I stated that Mr. Diaz would supplement his responses to the RFAs but we need the documents that Mr. Heredia is referring to in the RFAs. Mr. Diaz cannot admit to the genuineness of documents that have not been provided in this litigation. I suggested that your office create a folder and label each document by RFA number so that we can be on the same page as to the admissions that your client seeks. Mr. Montalvo stated that your office would discuss internally and get back to me. I followed up via email on April 20,2022. But never received a response. Instead, you now provide a 353 page Joint Statement again asking the Court to resolve a dispute that does not exist.

If your office is refusing to work in good faith to resolve these matters, which can easily be resolved without Court intervention, please provide the Word version of the Joint Stipulation. But rest assured, this bad faith approach will not end well for your clients.

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

On Apr 29, 2022, at 10:07 AM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:

Good morning Counsels,

Please see attached.
Enclosed is the Joint Stipulation RE Defendant's motion to compel further responses to requests for production of documents and requests for admissions, as well as a request for sanctions in the amount of $25,000.00. If you need a word version of the document, please let me know.

Pursuant to Local Rule 37-2.2, please return the executed joint stipulation to our office via email within the time permitted.

Sincerely,

<image001.png>

<2022.04.28 Exhibit A - MC Letter.pdf><2022.04.28 Joint Stipulation Defendant's Sanction Motion.pdf><2022.04.28 ESM Declaration.pdf>

<2022.04.28 Joint Stipulation Defendant's Sanction Motion WORD VERSION.docx>

# EXHIBIT Y

**FINAL RULINGS/ORDERS RE: MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT, ENHANCEMENT AWARD, REASONABLE ATTORNEYS' FEES
AND COSTS**

Alvarez v. Impact LA, LLC, Case No.: 19STCV37294

FILED
Superior Court of California
County of Los Angeles
FEB 25 2022
Sherri R. Carter, Executive Officer/Clerk of Court
By: R. Arraiga, Deputy

    The Parties' Motion for Final Approval of Class Action
Settlement is **GRANTED** as the settlement is fair, adequate, and
reasonable on the condition that counsel confirm that the
escalator clause was not triggered.

    Counsel must file a declaration by **March 3, 2022**.

    Court sets **Non-Appearance Case Review for March 10, 2022,
8:30 a.m., Department 9**.

    The essential terms are:

    A.   The Gross Settlement Amount ("GSA") is $852,370.37;
    B.   The Net Settlement Amount ("Net") ($519,196.91) is the
GSA minus the following:

    $284,123.46 (1/3) for attorney fees to Class Counsel, DVG
Law Group, P.C.;
    $13,549.69 for litigation costs to Class Counsel;
    $5,000 for a service award to class representative, Jose
Alvarez;
    $6,800 for settlement administration costs to Simpluris,
Inc.;
    Payment of $18,750 (75% of $25,000 PAGA penalty) to the
LWDA; and

    C.   Plaintiffs release of Defendants from claims described
herein.

    By **August 24, 2022**, Class Counsel must:

    a.   lodge a [Proposed] Judgment consistent with this
ruling containing among other things, the class definition, full
release language, and names of the any class members who opted
out; and
    b.   email the [Proposed] Judgment in Word format to Dept.
9 staff at sscdept9@lacourt.org.

1

settlement appears to be within the "ballpark of reasonableness."

The $852,370.37 settlement amount, if reduced by the requested deductions, will leave $509,196.91 to be divided among approximately 116 class members. The resulting payments will average $4,389.63 per class member. [$509,196.91 / 116 = $4,389.63].

5.   Extent of discovery completed and stage of the proceedings.   As indicated above, at the time of the settlement, Class Counsel had conducted sufficient discovery.

6.   Experience and views of counsel.   The settlement was negotiated and endorsed by Class Counsel who, as indicated above, is experienced in class action litigation, including wage and hour class actions.

7.   Presence of a governmental participant.   This factor is not applicable here.

8.   Reaction of the class members to the proposed settlement.

Number of class members: 126 (Cooley Decl. ¶4.)
Number of notice packets mailed: 126 (Id. at ¶7.)
Number of undeliverable notices: 0 (Id. at ¶8.)
Number of opt-outs: 0 (Id. at ¶9.)
Number of objections: 0 (Id. at ¶10.)
Number of Participating Class Members: 126 (Id. at ¶12.)
Average individual payment: $4,041.25 (Ibid.)
Highest estimated payment: $15,420.37 (Ibid.)
Lowest estimated payment: Not provided.

The Court concludes that the settlement can be deemed fair, adequate, and reasonable.

C.   Attorney Fees and Costs

Class Counsel requests an award of $284,123.46 (1/3) in fees and $13,549.69 in costs. (Vazquez Decl. ISO Final, ¶35.) The Settlement Agreement provides for fees up to $284,123.46 (1/3) and costs up to $18,500. (¶III.B.2, as amended.)

"Courts recognize two methods for calculating attorney fees in civil class actions: the lodestar/multiplier method and the percentage of recovery method." (Wershba v. Apple Computer,

9

Inc. (2001) 91 Cal.App.4th 224, 254, disapproved on another ground in Hernandez v. Restoration Hardware, Inc. (2018) 4 Cal.5th 260.) Here, class counsel requests attorney fees using the percentage method. (Motion for Final Approval, pgs. 12-18.) In common fund cases, the Court may employ a percentage of the benefit method, as cross-checked against the lodestar. (Laffitte v. Robert Half Int'l, Inc. (2016) 1 Cal.5th 480, 503.) The fee request represents 1/3 of the gross settlement amount, which is the average generally awarded in class actions. (See In re Consumer Privacy Cases (2009) 175 Cal.App.4th 545, 558, fn. 13 ["Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."].)

Class Counsel has provided information, summarized below, from which the lodestar may be calculated.

| Attorney | Hours | Rate | Totals |
|---|---|---|---|
| Diyari Vazquez | 215.7 | $750 | $161,775 |
| Alexander Safyan | 77.7. | $575 | $44,677.50 |
| Paralegal | 65 | $250 | $16,250 |
| Totals | | | $222,702.50 |

(Vazquez Decl. ISO Final, ¶36.)  Counsels' total lodestar is approximately $222,702.50, which would require a 1.27 multiplier to yield the requested fee amount.

Here, the $284,123.46 fee request represents a reasonable percentage of the total funds paid by Defendant. Notice of the fee request was provided to class members in the notice packet and no one objected. (Cooley Decl. ¶10, and Exhibit A thereto.)

As for costs, Class Counsel is requesting $13,549.69 for its actual costs. (Vazquez Decl. ISO Final, ¶¶35, 40.) This is less than the $18,500 cap provided in the Settlement Agreement (¶III.B.2, as amended), for which Class Members were given notice and did not object. (Cooley Decl. ¶10, and Exhibit A thereto.) The costs listed include mediation fees ($9,000), filing fees ($2,874.95), and electronic service fees ($1,267.20). (Vazquez Decl. ISO Final, ¶40.) The costs appear to be reasonable in amount and reasonably necessary to this litigation.

Based on the above, the court awards $284,123.46 for attorneys' fees and $13,549.69 for attorneys' costs.

D.   Claims Administration Costs

//

CLERK TO GIVE NOTICE TO ALL PARTIES.

IT IS SO ORDERED.

DATED:   February 25, 2022

_____
YVETTE M. PALAZUELOS
JUDGE OF THE SUPERIOR COURT

# EXHIBIT Z

# LAFFEY MATRIX

History

Case Law

See the Matrix

Contact us

Home

|  |  |  | Years Out of Law School * | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Year | Adjustmt Factor** | Paralegal/ Law Clerk | 1-3 | 4-7 | 8-10 | 11-19 | 20 + |
| 6/01/21- 5/31/22 | 1.006053 | $208 | $381 | $468 | $676 | $764 | $919 |
| 6/01/20- 5/31/21 | 1.015894 | $206 | $378 | $465 | $672 | $759 | $914 |
| 6/01/19- 5/31/20 | 1.0049 | $203 | $372 | $458 | $661 | $747 | $899 |
| 6/01/18- 5/31/19 | 1.0350 | $202 | $371 | $455 | $658 | $742 | $894 |
| 6/01/17- 5/31/18 | 1.0463 | $196 | $359 | $440 | $636 | $717 | $864 |
| 6/01/16- 5/31/17 | 1.0369 | $187 | $343 | $421 | $608 | $685 | $826 |
| 6/01/15- 5/31/16 | 1.0089 | $180 | $331 | $406 | $586 | $661 | $796 |
| 6/01/14- 5/31/15 | 1.0235 | $179 | $328 | $402 | $581 | $655 | $789 |
| 6/01/13- 5/31/14 | 1.0244 | $175 | $320 | $393 | $567 | $640 | $771 |
| 6/01/12- 5/31/13 | 1.0258 | $170 | $312 | $383 | $554 | $625 | $753 |
| 6/01/11- 5/31/12 | 1.0352 | $166 | $305 | $374 | $540 | $609 | $734 |
| 6/01/10- 5/31/11 | 1.0337 | $161 | $294 | $361 | $522 | $589 | $709 |
| 6/01/09- 5/31/10 | 1.0220 | $155 | $285 | $349 | $505 | $569 | $686 |
| 6/01/08- 5/31/09 | 1.0399 | $152 | $279 | $342 | $494 | $557 | $671 |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been

approved in a number of cases. See, e.g., DL v. District of Columbia, 267 F.Supp.3d 55, 69 (D.D.C. 2017)

* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and tier "8-10" on June 1, 2003.

** The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.