**From:** Cristina Lagarde clagarde@fedpractice.com
**Subject:** Re: Diaz v. Heredia: Request to Meet and Confer on Several Issues
**Date:** April 7, 2022 at 4:39 PM
**To:** gsimas@vgcllp.com
**Cc:** James Greeley jgreeley@vgcllp.com, Diyari Vazquez dvazquez@vgcllp.com, Eric Montalvo emontalvo@fedpractice.com, Rajan Dhungana rdhungana@fedpractice.com, Saroja Koneru SKoneru@fedpractice.com, Erik Cox ECox@fedpractice.com, Daisy Chung DChung@fedpractice.com

Ms. Simas,

Good afternoon.

Mr. Montalvo will be available for a meet and confer next Wednesday (4/13). He will be responding via written correspondence to your email which will also include additional issues to be addressed during the meet and confer related to discovery.

Thank you.

Sincerely,



**From:** Cristina Lagarde <clagarde@fedpractice.com>
**Sent:** Tuesday, April 5, 2022 1:46 PM
**To:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Subject:** Re: Diaz v. Heredia: Request to Meet and Confer on Several Issues

Ms. Simas,

Good morning and thank you for your patience.

Mr. Montalvo is in proceedings this week, but will respond to your email as soon as he's able to. Unfortunately, I will not be able to provide and confirm his availability regarding deposition dates and request for a meet and confer until I have the opportunity to speak with him.

Thank you.

Sincerely,



**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, April 4, 2022 2:05 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>
**Subject:** Diaz v. Heredia: Request to Meet and Confer on Several Issues

Eric,

First, you continue to falsely state that we failed to provide you with potential dates for deposition. For example, your March 16th email contends that we have "not provided dates of availability for the deposition for [our] client." This is untrue. Please see the email below which plainly states that we would be available between April 13th and April 22nd. Notably, this email was sent to you over five weeks ago—on February 24th. You failed to provide us with your availability during this period, or otherwise respond. Given your undue delay, it is now too late to schedule Diaz, Heredia and HBM's depositions during the previous period we proposed. Nevertheless, we will make ourselves available in May. Please let us know what days you have available, and we will try to accommodate on our end.

Second, we should discuss the upcoming mediation. As you know, and we have repeatedly made clear, any settlement must be global. Therefore, as we are sure you agree, if the mediation is to have any chance of success, it must include all parties in both cases (*i.e. Diaz v. Heredia* and *Heredia v. MTK et al.*). We would like to confirm that mediation will include both cases, as well as discuss logistics.

Third, we continue to believe that Heredia's production of documents is inadequate. Specifically, Heredia has produced no accounting or bank records. For example, Heredia responds that since 2017, he was not Diaz' manager, and therefore unaware of documents "since that time period." Critically, the RFP is no way limited to records after 2017. The Request plainly asks for all accounting records relating to Heredia's management of Diaz. Specifically, the requests and responses that concern us are as follows:

> REQUEST FOR PRODUCTION NO. 12: All accounting records relating to YOUR management of DIAZ.

Response. Since 2017, Defendant has not been Diaz' manager and therefore is currently unaware of any documents since that time period responsive to this request. Subject to the foregoing, please see Bates No. 675.
SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no additional documents responsive to this request.

REQUEST FOR PRODUCTION NO. 18: All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.
SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

REQUEST FOR PRODUCTION NO. 19: All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.
SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

REQUEST FOR PRODUCTION NO. 20: All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.
SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

Is it Heredia's contention that he has no accounting records, bank records relating to either his management of Diaz or his compensation received relating to Diaz? We find this implausible. We do not want to go back to the Magistrate on these issues. As you know, the Magistrate granted Diaz's Motion to Compel at to these RFP requests. Simply put, we need all of Heredia's accounting and bank records as requested. We hereby request that you urge Heredia to produce these records. If you do not agree to supplement, we will be forced to again raise this issue with the Magistrate.

Fourth and finally, the depositions and mediation cannot and will not go forward until the Parties execute a Protective Order. I have repeatedly done my best to get this effectuated. In fact, I've emailed you no less than ten times attempting to resolve this issue. Please execute the version that I sent to you on March 28th. We will then file it with the Court. If you fail to do so after this--my eleventh and final attempt--we will file a motion for protective order and explain that Defendants have failed to respond to our numerous requests to cooperate.

We would like to meet and confer on all of these above-referenced issues. Please let me know when you are available between now and April 8th.

Sincerely,

Gina

Gina

---

**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Thursday, February 24, 2022 2:23 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>
**Cc:** 'Erik Cox' <ECox@fedpractice.com>; 'Cristina Delphia' <CDelphia@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'James Greeley' <jgreeley@vgcllp.com>; gsimas@vgcllp.com
**Subject:** RE: Deposition

Eric,

As stated in Plaintiff's Objections to Notice of Deposition Subpoena, both Plaintiff's counsel and Plaintiff JoJo Diaz ("Diaz") were unavailable on February 15th, the date you unilaterally noticed without allowing me adequate time to provide you with available dates. We served these Objections on February 8th. Thereafter, you threatened that you were going forward with the deposition. As such, I didn't respond with available dates because it did not seem like you were open to engaging in a meaningful and productive conversation.

Moreover, because Diaz has announced it publicly, I am sure that you are aware that a fight involving Diaz is being scheduled for early April. Therefore, we find your demand that his deposition take place between March 10th and March 16th to be tactical and in pursuit of the ongoing attempt by your clients both to injure and harass our client and his career—which is the basis of Diaz's lawsuit. Simply put, Diaz cannot and will not sit for a deposition two to three weeks prior to his upcoming fight. He has been and will continue to be exclusively focused on his training camp, and, at some point, moving out of the state in advance of the fight.

Finally, we will be available in mid-April for depositions. At that time, Diaz, Heredia and HBM all can be deposed in the same week. We believe that conducting these depositions consecutively during the same time period will save the parties from spending unnecessary resources, as well as increase efficiency. Please let us know your availability between April 13th and April 22nd. Thereafter, we will provide you with dates that work on our side. Thanks so much.

Sincerely,

Gina

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Wednesday, February 23, 2022 10:06 AM
**To:** Gina Simas <gsimas@vgcllp.com>
**Cc:** Erik Cox <ECox@fedpractice.com>; Cristina Delphia <CDelphia@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** Deposition

Gina -- Despite my repeated requests since January 27 that you provide available

Gina – Despite my repeated requests since January 27 that you provide available deposition dates for your client, thus far we have been provided no dates. Indeed, after I postponed the noticed February 15 deposition, you again represented that you would provide dates and again have not done so.

This is to advise that we will be amending Mr. Heredia's notice to depose Joseph Diaz sometime between March 10 and March 16. If you do not provide available dates within that window by close of business Friday, February 25, 2022, I will select the date.

Thank you

-Eric

Eric S. Montalvo
Founding Partner



Eric S. Montalvo | Founding Partner
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW

  

**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.