**From:** Diyari Vazquez dvazquez@vgcllp.com
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel
**Date:** April 29, 2022 at 12:38 PM
**To:** Rajan Dhungana rdhungana@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Gina Simas gsimas@vgcllp.com, Erik Cox ECox@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

Rajan,

This comes as a complete surprise after what is a clear failure by your office to properly meet and confer. It appears that, rather than attempt in good faith to resolve discovery disputes as the Rules require, Defendants' only goal is to burden the Court with unnecessary motion practice in an attempt to somehow set Mr. Diaz up for sanctions. If Mr. Heredia decides to move forward with filing of this motion to compel, without having worked to narrow the issues or even having responded to our proposals to resolve any issues, we will be seeking sanctions for having to oppose Mr. Heredia's bad faith tactics.

During our meet and confer call, we agreed that Mr. Diaz would produce non-confidential documents and your office would provide the protective order a couple of days after our non-confidential production so that we could produce confidential documents. We have requested no fewer than 10 times that your office provide us with the signed protective order. The latest of those times was on April 20, 2022, when I specifically stated "[o]nce we have finalized the protective order, we will produce any confidential documents." Your office did not respond.

Defendants still have not provided the protective order, even though on the phone (and in Mr. Heredia's moving papers) you agreed that this lawsuit involves confidential information. In fact, amongst other things, this lawsuit involves financial information that is confidential. Given your client's propensity to improperly publicize Mr. Diaz's private and confidential information, a protective order is *essential* in this case. Rather than providing the stipulation for a protective order as we agreed, Mr. Heredia instead emailed this Joint Stipulation asking the Court to unnecessarily spend time and resources to resolve a dispute that does not exist.

In addition, during our meet and confer call, I stated that Mr. Diaz would supplement his responses to the RFAs but we need the documents that Mr. Heredia is referring to in the RFAs. Mr. Diaz cannot admit to the genuineness of documents that have not been provided in this litigation. I suggested that your office create a folder and label each document by RFA number so that we can be on the same page as to the admissions that your client seeks. Mr. Montalvo stated that your office would discuss internally and get back to me. I followed up via email on April 20,2022. But never received a response. Instead, you now provide a 353 page Joint Statement again asking the Court to resolve a dispute that does not exist.

If your office is refusing to work in good faith to resolve these matters, which can easily be resolved without Court intervention, please provide the Word version of the Joint Stipulation. But rest assured, this bad faith approach will not end well for your clients.

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment



1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

> On Apr 29, 2022, at 10:07 AM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:
>
> Good morning Counsels,
>
> Please see attached.
> Enclosed is the Joint Stipulation RE Defendant's motion to compel further responses to requests for production of documents and requests for admissions, as well as a request for sanctions in the amount of $25,000.00.
> If you need a word version of the document, please let me know.
>
> Pursuant to Local Rule 37-2.2, please return the executed joint stipulation to our office via email within the time permitted.
>
> Sincerely,
>
> <image001.png>
>
> <2022.04.28 Exhibit A - MC Letter.pdf><2022.04.28 Joint Stipulation Defendant's Sanction Motion.pdf><2022.04.28 ESM Declaration.pdf>