**From:** **Diyari Vazquez** dvazquez@vgcllp.com
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel
**Date:** May 13, 2022 at 1:57 PM
**To:** Rajan Dhungana rdhungana@fedpractice.com
**Cc:** James Greeley jgreeley@vgcllp.com, Gina Simas gsimas@vgcllp.com, Erik Cox ECox@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

DV

---

You have never presented that position during a meet and confer. This is the first time. The stipulated protective order that we have presented is the sample protective order that our Magistrate Judge recommends parties use. If you have redlines to it, please provide them.

Since you did not respond to my email by EOD yesterday, as requested, we have now spent the time to prepare the motion for protective order. Please return the redlined stipulated protective order by 5 p.m. today. Otherwise we will have no choice but to file the motion since it appears your office is just continuing to delay.

Diyari

—

Diyari Vázquez | Head of Litigation & Employment

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

> On May 13, 2022, at 1:48 PM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:
>
> Good afternoon Diyari,
>
> As previously mentioned on the meet and confer, we have no problem with a narrowly tailored protective order specifically protecting medical and health records. Bank statements and other financial records can have proper redaction of sensitive account numbers and other identifying information. The previously prepared protective order remains overbroad and we cannot agree to it. If you wish to limit it in that manner, then we would agree to it.
>
> Sincerely,
>
> <image001.png>
>
> ---
>
> **From:** Diyari Vazquez <dvazquez@vgcllp.com>

**Sent:** Thursday, May 12, 2022 10:43 AM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** James Greeley <jgreeley@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel

Rajan,

Does your office intend to return the signed stipulated protective order so that Diaz can make his production? If so, please provide it before 5 p.m. PST today.

Please be advised that given the fact that instead of returning the signed stipulated protective order your office chose to prepare a motion to compel, we intend to file a motion for entry of the protective order that you have already agreed is necessary in this case. Of course, having to file this motion will only result in additional attorneys' fees and costs and we intend to seek sanctions. We will not continue to allow your office to delay this litigation.

When does your office intend to provide the finalized Joint Stipulation for our review?

Diyari

—

Diyari Vázquez | Head of Litigation & Employment

<image002.png>

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

On May 2, 2022, at 2:14 PM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:

Good afternoon Ms. Vazquez,

You participated in a meet and confer clearly labeled and received a detailed meet and confer letter on April 11. Our refusal to agree is not lack of good faith, but an unwillingness to consider your positions compliant with your discovery obligations – particularly as Plaintiff and in light of your feigned acrimony over delay.

The joint stipulation itself contains a proposed resolution. Your position that Mr. Diaz may properly withhold any production whatsoever pending entry of an order protecting any confidential documents, as highlighted in the meet and confer and discussed on April 13, has no basis in the rules. You specifically stated that you would produce all discovery that was not subject to a protective order. Your 85 page production speaks for itself.

Please see the Word document of the joint stipulationattached herein, for you to add your input. The “bad faith” here is this lawsuit which you know has no basis and yet persist in. Mr. Heredia's compliance with the rules governing resolution of discovery disputes. Your client must do the same.

Sincerely,

<image001.png>

---

**From:** Diyari Vazquez <dvazquez@vgcllp.com>
**Sent:** Friday, April 29, 2022 12:38 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** James Greeley <jgreeley@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel

Rajan,

This comes as a complete surprise after what is a clear failure by your office to properly meet and confer. It appears that, rather than attempt in good faith to resolve discovery disputes as the Rules require, Defendants' only goal is to burden the Court with unnecessary motion practice in an attempt to somehow set Mr. Diaz up for sanctions. If Mr. Heredia decides to move forward with filing of this motion to compel, without having worked to narrow the issues or even having responded to our proposals to resolve any issues, we will be seeking sanctions for having to oppose Mr. Heredia's bad faith tactics.

During our meet and confer call, we agreed that Mr. Diaz would produce non-confidential documents and your office would provide the protective order a couple of days after our non-confidential production so that we could produce confidential documents. We have requested no fewer than 10 times that your office provide us with the signed protective order. The latest of those times was on April 20, 2022, when I specifically stated "[o]nce we have finalized the protective order, we will produce any confidential documents." Your office did not respond.

Defendants still have not provided the protective order, even though on the phone (and in Mr. Heredia's moving papers) you agreed that this lawsuit involves confidential information. In fact, amongst other things, this lawsuit involves financial information that is confidential. Given your client's propensity to improperly publicize Mr. Diaz's private and confidential information, a protective order is *essential* in this case. Rather than providing the stipulation for a protective order as we agreed, Mr. Heredia instead emailed this Joint Stipulation asking the Court to unnecessarily spend time and resources to resolve a dispute that does not exist.

In addition, during our meet and confer call, I stated that Mr. Diaz would supplement his responses to the RFAs but we need the documents that Mr. Heredia is referring to in the RFAs. Mr. Diaz cannot admit to the genuineness of documents that have not been provided in this litigation. I suggested that your office create a folder and label each document by RFA number so that we can be on the same page as to the admissions that your client seeks. Mr. Montalvo stated that your office would discuss internally and get back to me. I followed up via email on April 20,2022. But never received a response. Instead, you now provide a 353 page Joint Statement again asking the Court to resolve a dispute that does not exist.

If your office is refusing to work in good faith to resolve these matters, which can easily be resolved without Court intervention, please provide the Word version of the Joint Stipulation. But rest assured, this bad faith approach will not end well for your clients.

Diyari

—

Diyari Vázquez | Head of Litigation & Employment

<image002.png>

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the

addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

On Apr 29, 2022, at 10:07 AM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:

Good morning Counsels,

Please see attached.
Enclosed is the Joint Stipulation RE Defendant's motion to compel further responses to requests for production of documents and requests for admissions, as well as a request for sanctions in the amount of $25,000.00.
If you need a word version of the document, please let me know.

Pursuant to Local Rule 37-2.2, please return the executed joint stipulation to our office via email within the time permitted.

Sincerely,

<image001.png>

<2022.04.28 Exhibit A - MC Letter.pdf><2022.04.28 Joint Stipulation Defendant's Sanction Motion.pdf><2022.04.28 ESM Declaration.pdf>

<2022.04.28 Joint Stipulation Defendant's Sanction Motion WORD VERSION.docx>