**From:** Rajan Dhungana rdhungana@fedpractice.com
**Subject:** RE: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel
**Date:** May 13, 2022 at 1:54 PM
**To:** Diyari Vazquez dvazquez@vgcllp.com
**Cc:** James Greeley jgreeley@vgcllp.com, Gina Simas gsimas@vgcllp.com, Erik Cox ECox@fedpractice.com, Eric Montalvo emontalvo@fedpractice.com, Cristina Lagarde clagarde@fedpractice.com

Good afternoon Diyari,

The redlined changes you indicated has been removed. Here is our latest version of revised joint stipulation. Please let Erik Cox or I know if there are any further changes or redlines. Please also note that I will not be available on Monday May 16, 2022 but the rest of my time including Erik Cox should be available to address any concerns you may have.

Sincerely,



**From:** Diyari Vazquez <dvazquez@vgcllp.com>
**Sent:** Thursday, May 5, 2022 3:40 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** James Greeley <jgreeley@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel

All,

Attached is Diaz's portion of the joint stipulation.  Please note that, pursuant to my conversation with Erik, I have deleted in redline the objectionable language.  Erik agreed to its removal since it is not necessary for this motion.  Please provide the joint stipulation in its final form, as required by the Local Rules, for my signature prior to filing.

Attached is also my final declaration with supporting exhibits.

Thanks,

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment



On May 4, 2022, at 9:16 AM, Diyari Vazquez <dvazquez@vgcllp.com> wrote:

Rajan,

We did not hear back from you and have now spent the time and effort to oppose the Joint Stipulation. As advised, we will be seeking sanctions for this unnecessary work that your client has created.

Defendant's portion of the Joint Stipulation includes inflammatory and unnecessary statements about Mr. Diaz's private life, medical and mental health, which the Court has already ordered must be filed under seal. In an attempt to circumvent the Court's order, Defendant has included those same statements in the Joint Stipulation. Please confirm that your office is preparing a motion to file those statements under seal and that those statements will be redacted in the unsealed Joint Stipulation.

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment

<VGC_logo-revision_nobkgd_EMailSignature.png>

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this email message and its attachments are intended solely for the addressee(s). This email transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee or if this message has been addressed to you in error, you are instructed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply email. We also request that you immediately delete this message and its attachments. Their inadvertent transmission is not intended to be and does not operate as a waiver of privilege. (310) 392-1112

On May 2, 2022, at 6:38 PM, Diyari Vazquez <dvazquez@vgcllp.com> wrote:

Rajan,

Disagreeing with a proposal, not communicating that disagreement to us and refusing to respond to our repeated requests to resolve the purported issues comes nowhere close to qualifying as a "good faith" meet and confer, sincerely aimed to resolve or narrow the issues in dispute as the Rules require. Rather, it demonstrates a clear motivation to sandbag us, creates unnecessary work for the Court and continues Mr. Heredia's ongoing efforts to drive up fees and waste both our and the Court's time. Simply put, the 365-page joint stipulation is replete with fabrication, and we urge you to reconsider this filing.

In the RFAs, Mr. Heredia incomprehensibly defines "'Heredia Exhxxx,' where 'xxx' is a three digit number refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action." Yet the exhibits to that motion are labeled 1 through 16. How is Mr. Diaz supposed to admit to the genuineness of "exhibits" that he cannot even locate? No attorney would allow a client to admit to the genuineness of documents to which there is any uncertainty, let alone complete confusion.

Mr. Heredia then defines "'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'" This description is also incredibly vague and confusing. What's more, citation to the purported record of what both the Presiding and Magistrates Judges have already ruled is a "separate contract arbitration proceeding," without providing the actual documents, is wholly improper. Rule 36 requires that an RFA "be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying" in the litigation. Mr. Heredia has not identified documents produced in this litigation that correspond to these RFAs.

The simple solution to the RFA dispute is for Mr. Heredia to provide the documents that pertain to his RFAs. There is no need to involve the Court in that. During the meet and confer, we proposed that Mr. Heredia create a folder with the documents labeled by RFA number so that Mr. Heredia did not have to spend time redrafting the RFAs. Presumably, it would have taken your office a few minutes to gather these documents, as opposed to the 40 hours that you claim it took to prepare the joint stipulation. It is inconceivable why Mr. Heredia chose not to resolve this ambiguity in the simple manner that we suggested.

As further showing of Mr. Heredia's gamesmanship, Mr. Montalvo

stated that your team would discuss internally our proposal, but we never heard back despite our follow up. Mr. Heredia's refusal to provide the specific documents for which he seeks admissions can only be construed as an attempt to "trick" Mr. Diaz. The Magistrate will not allow such gamesmanship. And we will be seeking sanctions for having to oppose Mr. Heredia's unreasonable and nonsensical position.

As for Mr. Heredia's argument that the RFAs must somehow be deemed admitted because supposedly the responses were one day late, and leaving aside the fact that Mr. Heredia failed to comply with Rule 36 in an apparent attempt to trick Mr. Diaz, Mr. Heredia has been unable to show **any prejudice** for this purported one day delay. In fact, Mr. Heredia then waited until April 11 to even bring up the purported tardiness of these responses. The case law is clear on this issue and it does not favor Mr. Heredia's unsupported position.

In terms of the RPDs, Mr. Heredia has misrepresented to the Court **no less than 113 times** that Mr. Diaz failed to provide written responses to the RPDs. That assertion is **completely false**. Mr. Diaz timely served written objections and responses on February 25, 2022. Mr. Heredia's false representations to the Court, and failure to include Mr. Diaz's objections and responses in the joint stipulation, violate the Local Rules, the law, and counsel's duty of candor to the Court.

We have been waiting since February 2, 2022 to finalize the protective order. When we asked to meet and confer over the filing of a motion for protective order so that we can move forward with this matter, Mr. Montalvo represented that your office would provide the joint stipulation two days after receiving our non-confidential production of documents. That production is now complete. Mr. Heredia has no basis to argue that it is not. Again, this is a case that arises from your client's financial malfeasance. The majority of the records, which are financial records, are confidential. And we cannot trust your client to respect confidentiality given the history here. The simplest and easiest way for this to have been resolved would have been for you to execute the protective order, which, notably, Ms. Simas has requested you do **no less than ten times for over three months**. Moreover, the RFP responses plainly state that Plaintiff will produce documents once the protective order is executed. As such, any failure to receive Plaintiff's complete production of documents is entirely your own doing.

We once again ask that you work in good faith to meet and confer to attempt to resolve these issues—which are truly non-issues that your office has purposefully created in an attempt to gain some leverage in this and other litigation. Mr. Heredia will not succeed in his efforts. If Mr. Heredia does not withdraw his

not succeed in his efforts. If Mr. Heredia does not withdraw his severely deficient joint stipulation, we will be seeking sanctions for all the unnecessary work Mr. Heredia's and counsel's gamesmanship, bad faith tactics and misrepresentations are creating.

Please let me know by **10:00 a.m. PST tomorrow, May 3, 2022,** whether Mr. Heredia will withdraw the joint stipulation and actually work in good faith to resolve this matter.

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment

<VGC_logo-revision_nobkgd_EMailSignature.png>

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2521).

> On May 2, 2022, at 2:14 PM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:
>
> Good afternoon Ms. Vazquez,
>
> You participated in a meet and confer clearly labeled and received a detailed meet and confer letter on April 11. Our refusal to agree is not lack of good faith, but an unwillingness to consider your positions compliant with your discovery obligations – particularly as Plaintiff and in light of your feigned acrimony over delay.
>
> The joint stipulation itself contains a proposed resolution. Your position that Mr. Diaz may

properly withhold any production whatsoever pending entry of an order protecting any confidential documents, as highlighted in the meet and confer and discussed on April 13, has no basis in the rules. You specifically stated that you would produce all discovery that was not subject to a protective order. Your 85 page production speaks for itself.

Please see the Word document of the joint stipulation attached herein, for you to add your input. The "bad faith" here is this lawsuit which you know has no basis and yet persist in. Mr. Heredia's compliance with the rules governing resolution of discovery disputes. Your client must do the same.

Sincerely,


<image001.png>

---

**From:** Diyari Vazquez <dvazquez@vgcllp.com>
**Sent:** Friday, April 29, 2022 12:38 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** James Greeley <jgreeley@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** Re: Diaz v Heredia - Joint Stipulation RE Defendant's motion to compel

Rajan,

This comes as a complete surprise after what is a clear failure by your office to properly meet and confer. It appears that, rather than attempt in good faith to resolve discovery disputes as the Rules require, Defendants' only goal is to burden the Court with unnecessary motion practice in an attempt to somehow set Mr. Diaz up for sanctions. If Mr. Heredia decides to move forward with filing of this motion to compel, without having worked to narrow the issues or even having responded to our proposals to resolve any issues, we will be seeking sanctions for having to oppose Mr. Heredia's bad

faith tactics.

During our meet and confer call, we agreed that Mr. Diaz would produce non-confidential documents and your office would provide the protective order a couple of days after our non-confidential production so that we could produce confidential documents. We have requested no fewer than 10 times that your office provide us with the signed protective order. The latest of those times was on April 20, 2022, when I specifically stated "[o]nce we have finalized the protective order, we will produce any confidential documents." Your office did not respond.

Defendants still have not provided the protective order, even though on the phone (and in Mr. Heredia's moving papers) you agreed that this lawsuit involves confidential information. In fact, amongst other things, this lawsuit involves financial information that is confidential. Given your client's propensity to improperly publicize Mr. Diaz's private and confidential information, a protective order is *essential* in this case. Rather than providing the stipulation for a protective order as we agreed, Mr. Heredia instead emailed this Joint Stipulation asking the Court to unnecessarily spend time and resources to resolve a dispute that does not exist.

In addition, during our meet and confer call, I stated that Mr. Diaz would supplement his responses to the RFAs but we need the documents that Mr. Heredia is referring to in the RFAs. Mr. Diaz cannot admit to the genuineness of documents that have not been provided in this litigation. I suggested that your office create a folder and label each document by RFA number so that we can be on the same page as to the admissions that your client seeks. Mr. Montalvo stated that your office would discuss internally and get back to me. I followed up via email on April 20,2022. But never received a response. Instead, you now provide a 353 page Joint Statement again asking the Court to resolve a dispute that does not exist.

If your office is refusing to work in good faith to

resolve these matters, which can easily be resolved without Court intervention, please provide the Word version of the Joint Stipulation. But rest assured, this bad faith approach will not end well for your clients.

Diyari

—

Diyari Vázquez  |  Head of Litigation & Employment

<image002.png>

1515 7th Street, No. 106
Santa Monica, CA 90401
T: 424 272 9855
www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

> On Apr 29, 2022, at 10:07 AM, Rajan Dhungana <rdhungana@fedpractice.com> wrote:
>
> Good morning Counsels,
>
> Please see attached.
> Enclosed is the Joint Stipulation RE Defendant's motion to compel further responses to requests for production of documents and requests for admissions, as well as a request for sanctions in the amount of $25,000.00.
> If you need a word version of the document, please let me know.

Pursuant to Local Rule 37-2.2, please return the executed joint stipulation to our office via email within the time permitted.

Sincerely,

<image001.png>

<2022.04.28 Exhibit A - MC Letter.pdf>
<2022.04.28 Joint Stipulation Defendant's Sanction Motion.pdf>
<2022.04.28 ESM Declaration.pdf>

<2022.04.28 Joint Stipulation Defendant's Sanction Motion WORD VERSION.docx>



Joint Stip revised...ft.docx