**FINAL RULINGS/ORDERS RE: MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ENHANCEMENT AWARD, REASONABLE ATTORNEYS' FEES AND COSTS**

<u>Alvarez v. Impact LA, LLC</u>, Case No.: 19STCV37294

*FILED Superior Court of California County of Los Angeles FEB 25 2022 Sherri R. Carter, Executive Officer/Clerk of Court By: R. Arraiga, Deputy*

The Parties' Motion for Final Approval of Class Action Settlement is **GRANTED** as the settlement is fair, adequate, and reasonable on the condition that counsel confirm that the escalator clause was not triggered.

Counsel must file a declaration by **March 3, 2022**.

Court sets **Non-Appearance Case Review for March 10, 2022, 8:30 a.m., Department 9**.

The essential terms are:

A. The Gross Settlement Amount ("GSA") is $852,370.37;
B. The Net Settlement Amount ("Net") ($519,196.91) is the GSA minus the following:

$284,123.46 (1/3) for attorney fees to Class Counsel, DVG Law Group, P.C.;
$13,549.69 for litigation costs to Class Counsel;
$5,000 for a service award to class representative, Jose Alvarez;
$6,800 for settlement administration costs to Simpluris, Inc.;
Payment of $18,750 (75% of $25,000 PAGA penalty) to the LWDA; and

C. Plaintiffs release of Defendants from claims described herein.

By **August 24, 2022**, Class Counsel must:

a. lodge a [Proposed] Judgment consistent with this ruling containing among other things, the class definition, full release language, and names of the any class members who opted out; and
b. email the [Proposed] Judgment in Word format to Dept. 9 staff at sscdept9@lacourt.org.

1

settlement appears to be within the "ballpark of reasonableness."

The $852,370.37 settlement amount, if reduced by the requested deductions, will leave $509,196.91 to be divided among approximately 116 class members. The resulting payments will average $4,389.63 per class member. [$509,196.91 / 116 = $4,389.63].

5. <u>Extent of discovery completed and stage of the proceedings.</u> As indicated above, at the time of the settlement, Class Counsel had conducted sufficient discovery.

6. <u>Experience and views of counsel.</u> The settlement was negotiated and endorsed by Class Counsel who, as indicated above, is experienced in class action litigation, including wage and hour class actions.

7. <u>Presence of a governmental participant.</u> This factor is not applicable here.

8. <u>Reaction of the class members to the proposed settlement</u>.

   Number of class members: 126 (Cooley Decl. ¶4.)
   Number of notice packets mailed: 126 (Id. at ¶7.)
   Number of undeliverable notices: 0 (Id. at ¶8.)
   Number of opt-outs: 0 (Id. at ¶9.)
   Number of objections: 0 (Id. at ¶10.)
   Number of Participating Class Members: 126 (Id. at ¶12.)
   Average individual payment: $4,041.25 (Ibid.)
   Highest estimated payment: $15,420.37 (Ibid.)
   Lowest estimated payment: Not provided.

The Court concludes that the settlement can be deemed fair, adequate, and reasonable.

C. <u>Attorney Fees and Costs</u>

Class Counsel requests an award of $284,123.46 (1/3) in fees and $13,549.69 in costs. (Vazquez Decl. ISO Final, ¶35.) The Settlement Agreement provides for fees up to $284,123.46 (1/3) and costs up to $18,500. (¶III.B.2, as amended.)

"Courts recognize two methods for calculating attorney fees in civil class actions: the lodestar/multiplier method and the percentage of recovery method." (<u>Wershba v. Apple Computer</u>,

9

Inc. (2001) 91 Cal.App.4th 224, 254, disapproved on another ground in Hernandez v. Restoration Hardware, Inc. (2018) 4 Cal.5th 260.) Here, class counsel requests attorney fees using the percentage method. (Motion for Final Approval, pgs. 12-18.) In common fund cases, the Court may employ a percentage of the benefit method, as cross-checked against the lodestar. (Laffitte v. Robert Half Int'l, Inc. (2016) 1 Cal.5th 480, 503.) The fee request represents 1/3 of the gross settlement amount, which is the average generally awarded in class actions. (See In re Consumer Privacy Cases (2009) 175 Cal.App.4th 545, 558, fn. 13 ["Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery."].)

Class Counsel has provided information, summarized below, from which the lodestar may be calculated.

| Attorney | Hours | Rate | Totals |
|---|---|---|---|
| Diyari Vazquez | 215.7 | $750 | $161,775 |
| Alexander Safyan | 77.7. | $575 | $44,677.50 |
| Paralegal | 65 | $250 | $16,250 |
| Totals | | | $222,702.50 |

(Vazquez Decl. ISO Final, ¶36.) Counsels' total lodestar is approximately $222,702.50, which would require a 1.27 multiplier to yield the requested fee amount.

Here, the $284,123.46 fee request represents a reasonable percentage of the total funds paid by Defendant. Notice of the fee request was provided to class members in the notice packet and no one objected. (Cooley Decl. ¶10, and Exhibit A thereto.)

As for costs, Class Counsel is requesting $13,549.69 for its actual costs. (Vazquez Decl. ISO Final, ¶¶35, 40.) This is less than the $18,500 cap provided in the Settlement Agreement (¶III.B.2, as amended), for which Class Members were given notice and did not object. (Cooley Decl. ¶10, and Exhibit A thereto.) The costs listed include mediation fees ($9,000), filing fees ($2,874.95), and electronic service fees ($1,267.20). (Vazquez Decl. ISO Final, ¶40.) The costs appear to be reasonable in amount and reasonably necessary to this litigation.

Based on the above, the court awards $284,123.46 for attorneys' fees and $13,549.69 for attorneys' costs.

D. Claims Administration Costs

10

//

CLERK TO GIVE NOTICE TO ALL PARTIES.

IT IS SO ORDERED.

DATED: February 25, 2022

_____
YVETTE M. PALAZUELOS
JUDGE OF THE SUPERIOR COURT