Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RALPH HEREDIA et al.<br><br>Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br>HON. KENLY KIYA KATO<br><br>**[DISCOVERY MATTER]**<br><br>**DECLARATION OF ERIC S. MONTALVO IN SUPPORT OF DEFENDANT HEREDIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $13,297.50**<br><br>Date: June 16, 2022<br>Time: 10:00 a.m.<br>Courtroom: 3 or 4<br>Judge: Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off: July 8, 2022<br>Pre-Trial Conference: November 18, 2022<br>Trial: December 5, 2022 |

I, Eric S. Montalvo, declare as follows:

1. I am a partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity, I am defending the complaint on behalf of Ralph Heredia. I submit this declaration in support of Defendant Heredia's portion of the Local Rule 37-2.1 Joint Stipulation Re: Plaintiff's Motion For Entry Of Protective Order and Request For Sanctions In The Amount Of $13,297.50 I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

3. On April 11, 2022, I approved and caused to be sent to counsel for Plaintiff a meet-and-confer letter concerning Plaintiff's deficient discovery production and responses. (See Exh. EE.)

4. On April 13, 2022, I participated in a conference call meet and confer among counsel to try to resolve this dispute without involving the Court. The meet and confer, as reflected in Exh. EE, was guided by Defendant's concerns regarding Plaintiff's failure to provided discovery and what I maintain is Plaintiff's unfounded position regarding the protective order. Diyari Vázquez was the only counsel on the call on behalf of Plaintiff. Plaintiff's counsel maintained that Defendant needed to blindly agree to a protective order, with no indication that Plaintiff would follow the requisite procedures, and that it

i

would withhold its production of any discovery pending Defendant's agreement. I did not agree to those terms. As discussed *infra*, when confronted with the untenable position that NO discovery could be produced without a protective order, Ms. Vázquez indicated that they had compiled discovery and had "forgotten" to produce it thus far.

5. I stated to Ms. Vázquez that I was concerned that her firm had not produced *any* discovery at all in response to Heredia's Requests for Production ("RFPs") to Diaz under the guise that I had yet to agree with their position on a protective order.

6. I was wholly unpersuaded by counsel's position regarding the necessity of a protective order. I expressed that I wanted to see the entirety of Diaz' non-confidential document production to try to discern what would be left as confidential prior to agreeing to any protective order. My position is that their withholding of all discovery under the guise of a blind agreement to a protective order was simply improper and dishonest. This was further demonstrated by opposing counsel's routine practice of lying to counsel and gamesmanship related to the matters in this case and the attendant arbitration; the continuing failure to make Mr. Diaz available for deposition; Defendant's over thirteen hundred (1300) pages of production compared to the anemic eighty-five (85) page production[1] a week after the Defendant's requested meet

---

[1] See Exh. FF.

ii

and confer on discovery which included fifty-eight (58) pages of court filings by Defendant's counsel in a completely separate matter and fourteen (14) pages of news articles; in the face of a one-hundred and twenty-four (124) paragraph Complaint which largely mirrored Plaintiff's positions in the attendant arbitration also sans evidence on the same set of allegations. Further the idea that undersigned counsel has improperly engaged the media when Mr. Diaz and Mr. Greely engage in routine *per se* defamation of Defendants through all major media outlets and social media alleging that Defendants "stole" from Mr. Diaz and that this evidence would be the direct evidence of these repeated allegations is inapposite. I did, however, indicate that there is appropriate information to be included in any protective order included such as medical and certain financial information and if that was the information, they had concern with I would have no concern stipulating. I once again emphasized, however, it is NOT permissible to withhold non-confidential documents while awaiting a protective order for the confidential documents. I asked that Diaz respond fully and completely to the RFPs.

7. Ms. Vázquez agreed and said that her firm had the non-confidential documents "ready to go" and will send them over to me "this week," which I understood to mean by the coming Friday, April 15, 2022. No production was received that day.

8. I stated that upon receipt of the non-confidential documents, we will be able to see what is withheld as confidential and we would then be amenable to signing a protective order for documents appropriately withheld as confidential.

9. That week passed with no documents produced. As of the date of this Declaration, I have still only received eighty-five (85) pages of non-confidential documents from Ms. Vázquez or anyone at Counsel's firm.

10. On November 12, 2021, I emailed William D. Gardner, Deputy Attorney General, Office of the Attorney General, California Department of Justice, who confirmed to me, consistent with my own statutory and caselaw research regarding privacy matters in California that the July 9, 2021 record and decision of the arbitrator in the Heredia v. Diaz arbitration is a matter of public record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 26, 2022, at Anaheim, CA.

Eric S. Montalvo

MONTALVO DECL. ISO DEFENDANT HEREDIA'S
MOTION TO COMPEL AND FOR SANCTIONS