James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> <u>HON. KENLY KIYA KATO</u> <br><br> **[DISCOVERY MATTER]** <br><br> **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDER** <br><br> Date: June 23, 2022 <br> Time: 10:00 a.m. <br> Courtroom: 3 or 4 <br> Judge: Hon. Kenly Kiya Kato <br><br> Discovery Cut-Off: July 8, 2022 <br> Pre-Trial Conference: November 18, 2022 <br> Trial: December 5, 2022 |

Defendant Ralph Heredia's ("Defendant") Requests for Production ("RPDs") seek documents that support the allegations in Plaintiff Joseph Diaz, Jr.'s First Amended Complaint ("FAC"). Those allegations can be separated in two categories: (1) Defendant's misrepresentations in terms of his eligibility to act as Diaz's boxing manager (FAC (Dkt. No. 69) at ¶¶ 1-4, 9, 36-40, 42-47, 54-58, 70, 74, 83); and (2) Defendant's financial malfeasance while acting as Diaz's manager in that he "manipulated, exploited, and stole" from Diaz "both money and personal property." (Id. at ¶¶ 4, 6, 41, 52, 58-65, 68, 74, 84, 88, 95, 101-105, 116-117.)

Diaz has produced all documents within his possession, custody and control that pertain to the first category of allegations in the FAC. Indeed, as Defendant admits, Diaz has produced the boxer-manager agreements with Moses Heredia—Defendant's brother—and related documents; pleadings and news articles that support his allegations regarding Defendant's criminal past and various name changes. There are no additional responsive documents within Diaz's possession, custody or control that pertain to these allegations.

The confidential documents that Diaz will produce once the protective order is entered pertain to the second category of allegations. Those documents include:

- Confidential agreements with Diaz's promoter Golden Boy Promotions;
- Bout agreements that include confidential terms and the sums earned by Diaz in each fight;
- Copies of checks paid to various individuals included in Diaz's team; and
- Copies of checks paid by Diaz to Defendant.

Diaz and third parties to this litigation have "an interest in nondisclosure and confidentiality of [their] financial records, [and] this interest can be adequately protected by a protective order." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 284 (C.D. Cal. 1998); Henry v. Ocwen Loan Servicing, LLC, 2018 WL 1638255, at *3 (S.D. Cal. April 5, 2018) ("in cases involving financial information, protective orders are routinely used and often stipulated to by counsel."); Benke v. Departure Agency,

Inc., 2012 WL 12885102 (C.D. Cal. Oct. 9, 2012) (financial information is not typically publicly disseminated).

The fact that Defendant may have gained access to some of Diaz's confidential documents—while he was acting as Diaz's manager and fiduciary—does not mean that the documents are not subject to the protective order in this litigation. See, e.g., Golden Boy Promotions LLC v. Haymon, 2017 WL 460736, at *1 (C.D. Cal. Jan. 26, 2017) ("Managers have a fiduciary relationship with the boxers they manage."); Language Line Serv., Inc. v. Language Serv. Assoc., LLC, 2011 WL 13153247, at * (N.D. Cal. March 17, 2011) ("an agent 'has a duty to the principal not to use or to disclose to third persons ... confidential matters given to him only for the principal's use or acquired by the agent in violation of duty.") (citing Balboa Ins. Co. v. Trans Global Equitites, 218 Cal. App. 3d 1327, 1345 n.20 (1990) (quoting Restatement (Second) of Agency, § 396(b)); Morris v. Harris, 127 Cal. App. 2d 476, 478 (1954) ("An employee owes a fiduciary duty to its former employer post-termination not to take unfair advantage of the former employer's confidential and proprietary information."); MAI Syst. Corp. v. Peak Computer, Inc., 1992 WL 159803 (C.D. Cal. April 16, 1992) (finding that a customer service manager had a continuing duty of loyalty to its former employer and, thus, owed a continuing fiduciary duty to the plaintiff)). In fact, one of Diaz's claims in the FAC is for breach of fiduciary duty. Defendant has doubled down on this breach by breaching his utmost duty of confidentiality to Diaz and utilizing this litigation to publicize Diaz's confidential information.

The purpose of the protective order requested by Diaz is to prevent widespread dissemination of the confidential documents disclosed in discovery in this case. This is especially necessary given that Defendants and their counsel have been utilizing this litigation as a means to publicize confidential information about Diaz. (See Vázquez Decl. ¶¶ 4-5, Exs. A-B). One need look no further than the fact that Defendant filed with this Court *all of the documents* that Diaz produced without a confidentiality designation. (Montalvo Decl., Ex. FF). Without a protective order, there will be no way

to prevent Defendants from continuing their bad faith efforts to publicize Diaz's private and financial affairs.

Defendant wholly fails to explain why he believes there are additional non-confidential documents that Diaz is withholding from production. Diaz is not. The remainder of the discovery necessary for the adjudication of this matter is in Defendants' possession. Indeed, Defendants' bank and financial records are **key** evidence in this matter. And, despite this Court's order, Defendant Heredia has refused to produce any bank statements.

Defendant claims, without support, that the documents that were produced in the arbitration are a matter of public record.[1] But that arbitration (like all arbitrations) was not open to the public and the documents were not filed in the public domain.

As demonstrated in the Motion, Diaz made numerous attempts to reach a mutual agreement with Defendant for a protective order that will sufficiently protect the parties' confidential and proprietary documents from dissemination, in accordance with the Federal Rules of Civil Procedure and this Court's model protective order. Defendant has repeatedly refused to stipulate to a reasonable protective order and has continued to insist he be provided with a right to use Diaz's protected documents outside of and following the close of litigation—confidential documents he obtained either as a result of his fiduciary relationship with Diaz or would otherwise not have access to. Defendant has failed to provide, and he cannot provide, any support for his opposition. Accordingly, Diaz again respectfully requests that the Court enter the proposed protective order and award sanctions against Defendant and his counsel, Federal Practice Group, jointly and severally, in the amount of $13,297.50. (Vázquez Decl. ¶¶ 33-40).

---

[1] Defendant's counsel, Mr. Montalvo, submitted a hearsay statement in an attempt to support his position. (Montalvo Decl. ¶ 10). The Court should not consider this statement.

| | | |
|---|---|---|
| 1 | Dated:  June 9, 2022 | **VGC, LLP** |
| 2 | | |
| 3 | | By: */s/ Diyari Vázquez* |
| 4 | | James L. Greeley |
| 5 | | Diyari Vázquez |
| 6 | | Gina Simas |
| | | Attorneys for Plaintiff |
| | | JOSEPH DIAZ, JR. |

# CERTIFICATE OF SERVICE

I, Diyari Vázquez, hereby certify that on June 9, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: June 9, 2022                    By:  */s/ Diyari Vázquez*
                                                    Diyari Vázquez