UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 20-2332-JWH (KKx)** | Date: | June 22, 2022 |
| Title: | ***Joseph Diaz, Jr. v. Ralph Heredia, et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) DENYING Defendant's Motion to Compel [Dkt. 117]; and (2) GRANTING Plaintiff's Motion for Protective Order [Dkt. 118]**

On May 24, 2022, defendant Ralph Heredia ("Defendant") filed a Motion to Compel seeking (1) further responses to Requests for Production of Documents Nos. 1-112, and (2) further responses to Requests for Admission Nos. 1-64 or that the Requests for Admission be deemed admitted ("Motion to Compel").  Dkt. 117.  Defendant also seeks $25,000 in attorney's fees and costs incurred in bringing the Motion to Compel.  Id.

On June 1, 2022, plaintiff Joseph Diaz ("Plaintiff") filed a Motion for Protective Order seeking entry of a protective order governing the disclosure of confidential information in this action based upon this Court's Sample Stipulated Protective Order.  Dkt. 118.  Plaintiff also seeks $13,297.50 in attorney's fees and costs incurred in bringing the Motion for Protective Order.  Id.

For the reasons set forth below, Defendant's Motion to Compel is DENIED and Plaintiff's Motion for Protective Order is GRANTED.  Plaintiff's request for an award of attorney's fees is GRANTED IN PART and DENIED IN PART and the Court awards Plaintiff his reasonable attorney's fees in the sum of $25,717.50.

**I.**
**BACKGROUND**

On October 7, 2020, Plaintiff initiated this action by filing a Complaint against Defendant in San Bernardino County Superior Court alleging various causes of action stemming from a boxing management agreement between Plaintiff and Defendant.  Dkt. 3, Compl.

On November 9, 2020, Defendant removed the action to this Court.  Dkt. 1.

On August 17, 2021, Plaintiff filed the operative First Amended Complaint ("FAC") for (1) fraud; (2) breach of fiduciary duty; (3) breach of implied-in-fact contract; (4) conversion; (5) tortious interference with prospective economic advantage; (6) violation of the Muhammad Ali Boxing Reform Act (15 U.S.C. §§ 6301, et seq.); (7) quantum meruit; and (8) accounting.  Dkt. 69.  Plaintiff alleges Defendant failed to fulfill his duties to Plaintiff as his boxing manager, and instead, "manipulated, exploited, and stole" from Plaintiff.  Id.

On September 17, 2021, Defendant filed an Answer to the FAC.  Dkt. 72.

On January 24, 2022, Defendant propounded 112 Requests for Production of Documents asking Plaintiff to produce all documents or communications supporting or rebutting the allegations in each substantive paragraph of the FAC.  Dkt. 117-5, Declaration of Diyari Vázquez in Opposition to Motion to Compel ("Vázquez MTC Decl."), ¶ 12.

On January 28, 2022, Defendant served his First Set of Requests for Admissions requesting that Plaintiff admit to the genuineness of 56 documents that Defendant did not attach to or specifically describe in the Requests for Admission.  Vázquez MTC Decl., ¶ 3, Ex. A.

On February 2, 2022, Plaintiff's counsel sent defense counsel a draft protective order modeled after the Court's model order.  Id., ¶ 11, Ex. E.  Defense counsel did not respond.  Id.  On February 4, 9, and 23, 2022, Plaintiff's counsel followed up with defense counsel regarding the proposed protective order, but defense counsel never responded.  Id., ¶¶ 12-14.

On February 25, 2022, Plaintiff served responses to the Requests for Production stating that documents "will be produced after the Court has entered the Protective Order."  Id., ¶¶ 15-16, Ex. J.

On March 1, 2022, Plaintiff responded to the Requests for Admission stating that each "Request fails to attach any document and improperly requests [Plaintiff] to admit to the genuineness of a document unrelated to this action."  Id., ¶ 6.

On May 24, 2022, Defendant filed the instant Motion to Compel, dkt. 117, with a Joint Stipulation pursuant to Local Rule 37-2, dkt. 117-1.  On June 1, 2022, Plaintiff filed the instant Motion for Protective Order, dkt. 118, with a Joint Stipulation pursuant to Local Rule 37-2, dkt. 118-1.  On June 9, 2022, Plaintiff filed a supplemental brief in support of the Motion for Protective Order.  Dkt. 120.  The matters thus stand submitted.

## II.
## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and
> proportional to the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  FED. R. CIV. P. 26(b)(2)(C).

Moreover, the parties have a "shared responsibility . . . to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts."  Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016).  "[J]ust as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way. . . . Effective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure."  FED. R. CIV. P. 1 advisory committee notes (2015 amendments).

## A.    DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION IS DENIED

Federal Rule of Civil Procedure 36 ("Rule 36") governs Requests for Admissions.  FED. R. CIV. P. 36.  Pursuant to Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: . . . the genuineness of any described documents."  FED. R. CIV. P. 36(a)(1)(B).  "A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."  FED. R. CIV. P. 36(a)(2).  "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  FED. R. CIV. P. 36(b)(3).

Here, Plaintiff admits he served his response to the Requests for Admission one day late.  See Vázquez MTC Decl., ¶¶ 6-7.  Nevertheless, there is no prejudice from the one-day delay, particularly because the requests to admit the genuineness of 56 documents were not accompanied by copies of the documents.  Hence, Defendant's Motion to Compel further responses to his Requests for Admission or have the Requests for Admission be deemed admitted is DENIED.

## B.    DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION IS DENIED AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER IS GRANTED

Federal Rule of Civil Procedure 34 ("Rule 34") governs Requests for Production of Documents.  FED. R. CIV. P. 34.  The party to whom the request is directed must respond in writing within 30 days after being served[.]"  FED. R. CIV. P. 34(b)(2)(A).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  FED. R. CIV.

P. 34(b)(2)(B).  In addition, pursuant to Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.]"  FED. R. CIV. P. 26(a).

Here, Defendant fails to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery.  Accordingly, Plaintiff's Motion for Protective Order is GRANTED.  The Court will separately issue the proposed Protective Order to govern production of discovery in this action.  See dkt. 118-37.  Plaintiff shall serve responsive documents as agreed to in his responses to the Requests for Production within fourteen (14) days of the date of this Order.  In addition, Defendant's Motion to Compel further responses to the Requests for Production of Documents is DENIED without prejudice.

**C.     PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEY'S FEES INCURRED IN OPPOSING DEFENDANT'S MOTION TO COMPEL AND BRINGING THE MOTION FOR PROTECITVE ORDER IS GRANTED IN PART AND DENIED IN PART**

Plaintiff now seeks $17,145.00 in attorney's fees for time spent opposing Defendant's Motion to Compel, Vázquez MTC Decl., ¶ 39, and $13,297.50 in attorney's fees for time spent preparing the Motion for Protective Order, dkt. 118-3, declaration of Diyari Vázquez in support of Motion for Protective Order ("Vázquez PO Decl."), ¶ 30.

**1.     Applicable Law**

When a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's response or objection was substantially justified or other circumstances make an award of expenses unjust.  FED. R. CIV. P. 37(a)(5)(A).  In addition, when a discovery motion is denied, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless the opposing party's response or objection was substantially justified or other circumstances make an award of expenses unjust.  FED. R. CIV. P. 37(a)(5)(B).

When an award of attorney's fees and expenses is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate."  Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted).  The moving party has the burden to produce evidence that the rates and hours worked are reasonable.  See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

**2.     An Award of Fees to Plaintiff is Mandatory**

Here, Plaintiff's Motion for Protective Order was granted in its entirety and Defendant's Motion to Compel is denied in its entirety.  Accordingly, an award of attorney's fees to Plaintiff is mandatory.  FED. R. CIV. P. 37(a)(5)(A), (B).

### 3.       Reasonableness of Hourly Rates

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984).  The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health and Hum. Serv., 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiff's counsel seeks hourly rates of $675 for Ms. Vázquez.  As evidence that this rate is reasonable, Plaintiff's counsel attests to her experience.  Vázquez MTC Decl., ¶ 35; Vázquez PO Decl., ¶ 32.  Ms. Vázquez states she is a graduate of the New York University School of Law and has been a member in good standing of the State Bar of California for nearly twenty years.  Vázquez MTC Decl., ¶ 32.  Ms. Vázquez also opines the requested rates are reasonable "as compared to the prevailing rates in the community for similar work."  Vázquez MTC Decl., ¶¶ 35-37; Vázquez PO Decl., ¶¶ 33-35; see also United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").

In light of Ms. Vázquez's substantial experience and based on the Court's general knowledge of rates in the Los Angeles legal community, the Court finds an hourly rate of $675 to be reasonable.

### 4.       Reasonableness of Time Spent

In connection with opposing the Motion to Compel, Ms. Vázquez spent 1.5 hours reviewing Defendant's 353-page Joint Stipulation, 15.1 hours researching and drafting Plaintiff's 231-page opposition, and 3.8 hours preparing her declaration in support of Plaintiff's Opposition, for a total of 20.4 hours at an hourly rate of $675.  Vázquez MTC Decl., ¶¶ 35, 39.  Ms. Vázquez also states she anticipates spending another 5 hours preparing a supplemental brief in opposition to the Motion to Compel.  Id., ¶ 42.

In connection with preparing the Motion for Protective Order, Ms. Vázquez spent 8.9 hours researching and drafting Plaintiff's Motion for Protective Order and 3.8 hours preparing her declaration in support of the Motion for Protective Order, for a total of 12.7 hours at an hourly rate of $675.  Vázquez PO Decl., ¶¶ 33, 37.  Ms. Vázquez also states she anticipates spending another 7 hours preparing a reply in support of the Motion for Protective Order.  Id., ¶ 40.

With respect to reasonableness of the time spent, the Court finds the amount of time Ms. Vázquez spent preparing the opposition to the Motion to Compel and the Motion for Protective Order is reasonable in light of the unreasonably lengthy Joint Stipulation prepared by defense counsel in connection with the Motion to Compel.  However, Ms. Vázquez only prepared one supplemental brief in connection with the Motion for Protective Order and Defendant did not submit any supplemental briefs.  Accordingly, the 5 hours Ms. Vázquez anticipated spending to prepare a supplemental brief in support of Plaintiff's Opposition to the Motion to Compel is not applicable.  In addition, because Defendant did not file any supplemental brief in connection with the Motion for Protective Order that would require a response from Plaintiff, the Court finds a reduction of the time spent preparing Plaintiff's supplemental brief from 7 to 5 hours is appropriate.

In summary, the Court finds Ms. Vázquez reasonably spent 20.4 hours in connection with opposing the Motion to Compel and 17.7 hours in connection with preparing the Motion for Protective Order at a rate of $675.  Accordingly, the Court finds an award of $25,717.50 in attorney's fees to be reasonable under the circumstances of this case.

### III.
### ORDER

For the reasons set forth above, it is ORDERED:

1) Defendant's Motion to Compel is DENIED;

2) Plaintiff's Motion to Protective Order is GRANTED;

3) **Within fourteen (14) days of the date of this Order**, Plaintiff shall produce all responsive documents to Defendant's Requests for Production; and

4) Defendant shall pay to Plaintiff the sum of $25,717.50 as reasonable attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) **within thirty (30) days of the date of this Order.**