James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
  awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>            Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>HON. KENLY KIYA KATO<br><br>**[DISCOVERY MATTER]**<br><br>**DECLARATION OF ANDREW WHITE IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER VERIFIED RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS PURSUANT TO F.R.C.P. RULE 37; REQUEST FOR SANCTIONS IN THE AMOUNT OF $16,445.00**<br><br>Discovery Cut-Off Date: July 8, 2022<br>Pre-Trial Conference Date: Nov. 18, 2022<br>Trial Date: December 5, 2022 |

I, Andrew D. White, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz"). I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto. I make this declaration pursuant to Local Rule 37, in support of Plaintiff's Motion to Compel Further Verified Responses to First Set of Request for Production of Documents and For Sanctions ("Motion").

2. On or about October 18, 2021, Diaz served his First Set of Requests for Production of Documents on Defendant Ralph Heredia ("Heredia"). Attached as **Exhibit "A"** are a true and correct copy of these Requests.

3. On or about November 17, 2021, Heredia provided responses to Diaz's Requests for Production of Documents. Attached as **Exhibit "B"** is a true and correct copies of the Response.

4. Notably, in response to 57 of the 58 Requests, all of which the Court found are relevant, Heredia stated "Defendant is currently not aware of whether there are any potentially responsive documents withheld in response to this request." Heredia failed to produce a single document in response to these Requests. As a result of Defendant's abuse of the discovery process, and after the lengthy and, unfortunately, unsuccessful meet and confer process with Heredia, on February 11, 2022, Diaz filed a motion seeking to compel Heredia's supplemental responses to: (1) Special Interrogatories, Set One, and (2) Requests Nos. 1 through 58. (See, Dkt. 96).

5. On March 4, 2022, the Court granted in part and denied in part Diaz's motion. A true and correct copy of the March 4, 2022, Order is attached hereto as **Exhibit "C."**

6. The Court specifically ordered Defendant to serve within 14 days of the Order, "supplemental responses to Requests for Production Nos…12, 17-32…as set

1

forth above, without objection, and produce all responsive documents as well as a privilege log for any document withheld on the basis of attorney-client privilege or attorney work product doctrine."

7. On March 18, 2022, Defendant served an unverified supplemental response to Diaz's First Request for Production of Documents. A true and correct copy of Defendant's Second Supplemental Response is attached hereto as **Exhibit "D."**

8. In this "supplemental response," Defendant *failed to comply* with the Order to produce responsive documents to RFPs 12 and 18-20, and based on Defendant's insufficient response, it remains unclear what, if anything, Defendant has done to fulfill its discovery obligation to diligently search for and inquire about documents responsive to the RFPs.

9. My firm has done all it can to meet and confer with Heredia's counsel in an effort to avoid the filing of this motion to compel. In an effort to avoid having to bring this motion, on April 4, 2022, my firm sent an email to Heredia's counsel detailing the deficiencies and requested a telephonic meet and confer. Attached as **Exhibit "E,"** is a true and correct copy of Ms. Simas' email to Defendant's counsel.

10. On April 13, 2022, my firm and Heredia's counsel participated in a telephonic meet and confer. During the telephone conference, Defendant's counsel represented that Heredia did not have any further responsive documents to RFP's 12 and 18-20. Heredia's counsel did not provide any specific details regarding what efforts were made to fulfill Heredia's and his counsel's obligation to perform a diligent search and reasonable inquiry to obtain and produce responsive documents within his possession, custody or control. My firm informed Heredia's counsel that it found the assertion that no documents exist within Heredia's possession, custody or control to be impossible, and explained why this must be the case.

11. On June 8, 2022, my firm sent Heredia's counsel an email to confirm the substance of the April 13, 2022, teleconference, and to advise that the present motion

1  to compel and request for sanctions would be filed. Attached as **Exhibit "F,"** is a true
2  and correct copy of Ms. Vazquez' email to Defendant's counsel.

3      12. Despite my firm's efforts to meet and confer with Heredia, Heredia
4  refuses to fulfill his discovery obligations and this Court's Order, which has
5  necessitated this motion.

6      13. I am familiar with the time and other records maintained by VGC, LLP.

7      14. I have been practicing law for 20 years and have extensive civil litigation
8  experience. I am a graduate of the University of the Pacific, McGeorge School of Law
9  and was admitted to the State Bar of California in 2002.

10     15. At all times throughout this matter, my hourly rate with VGC, LLP was
11 $575 per hour. This rate is reasonable as compared to the prevailing rates in the
12 community for similar work and given my experience level and background.

13     16. When setting the hourly rate, the reasonable hourly rate is that prevailing
14 in the community for similar work. <u>Shaffer v. Superior Court</u> (1995) 33 Cal. App. 4th
15 993, 1002. Hourly rates in Los Angeles are generous. Some courts use the "Laffey
16 Matrix" to determine whether the hourly rate of attorney is appropriate. See <u>Syers
17 Properties Ill, Inc. v. Rankin</u>, (2014) 226 Cal. App. 4th 691, 702 (2014); see <u>Fernandez
18 v. Victoria Secret Stores, LLC</u>, 2008 WL 8150856, at * 14 (C.D. Cal. July 21, 2008)
19 (noting that "where use of the Laffey matrix has been disapproved, it has been because
20 it produced a rate that the court determined was *too low*") (italics in original). Attached
21 as **Exhibit G** is a true and correct copy of the Laffey-Matrix.

22     17. According to the Laffey Matrix, attorneys with 20 plus years of
23 experience have an hourly rate of $919 for 2021-2022. My hourly rate is much lower
24 than the rates set forth in the Laffey Matrix, even though some courts applying the
25 Laffey Matrix adjust the rates therein upwards for the higher cost of living in Los
26 Angeles. See <u>Fernandez</u>, 2008 WL 8150856, at *15.

27

28

18. As a result of Defendant's abuse of the discovery process, Diaz was forced to prepare this Stipulation and bring this Motion. Diaz has unnecessarily incurred attorney's fees and costs by engaging in futile efforts to meet and confer with Defendant's counsel and by filing this motion to compel. Heredia's willful and inexcusable disregard of his discovery obligations deserves the imposition of sanctions, as authorized in Rule 37(a)(5) and 37(b)(2)(C). All told, Defendants have already spent 21.6 hours preparing this motion and expect to spend an additional 7 in preparing a supplemental submission and attending the hearing in this matter, totaling approximately $16,445.00 in attorneys' fees.

19. In total, to the date of preparing this declaration, VGC, LLP spent a total of **21.6 hours** in connection with preparing the Motion and its supporting papers, totaling **$12,420.00** in attorneys' fees.

20. These fees were incurred as follows:
- I spent 15.6 hours researching and drafting Diaz's Motion
- I spent 6.0 hours preparing this declaration (except paragraphs 13-22 of this declaration).

21. The estimated fees do not include Ms. Simas', Ms. Vazquez or my time meeting and conferring with Defendants' counsel.

22. I anticipate that I will spend another **7 hours** to review the opposition and prepare Diaz's reply in support of the Motion. Diaz therefore requests that this Court award sanctions in the amount of **$16,445.00**. I will provide the Court with an updated declaration at the time of filing the reply (if necessary).

23. Pursuant to L.R. 37-2.1, true and correct copies of the order establishing the initial case schedule, along with the most recent Order re Joint Stipulation to Continue Pretrial and Trial Deadlines are attached hereto as **Exhibit H**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed June 29, 2022 in Santa Monica, California.

/s/ Andrew D. White
ANDREW D. WHITE

5

## **CERTIFICATE OF SERVICE**

I, Jacqueline Gidney, hereby certify that on June 29, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: June 29, 2022          By: */s/ Jacqueline Gidney*
                                   Jacqueline Gidney

6

WHITE DECLARATION ISO PLAINTIFF'S
MOTION TO COMPEL FURTHER RESPONSES