# Exhibit A

James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
  gsimas@vgcllp.com
Christian Anstett (SBN 240179)
  canstett@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>Plaintiff,<br>v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:20-cv-02332-JWH-KK<br><br>**PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT RALPH HEREDIA**<br><br>Assigned to Hon. John W. Holcomb |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF JOSEPH DIAZ, JR. |
| RESPONDING PARTY: | DEFENDANT RALPH HEREDIA |
| SET NUMBER: | ONE |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Joseph Diaz, Jr. requests that, within 30 days hereof, and in accordance with the Definitions and Instructions set forth below, Defendant Ralph Heredia produce for inspection and copying at the offices of VGC, LLP 1515, 7th Street, No. 106, Santa Monica, California 90401, any and all documents described below that are in Defendant's possession, custody, or control, including without limitation, those in possession, custody, or control of its agents, attorneys, or other representatives.

## DEFINITIONS

1. "COMMUNICATION(S)" means and refers to any oral, written, or other contact between two or more persons by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including, but not limited to, by such means as letters, memoranda, facsimiles, emails, face-to-face meetings, telephone conversations, video conversations, text messages, instant messages, online chat, online postings, mobile applications (such as, for example, WhatsApp), or any other medium.

2. "DOCUMENT(S)" are used in their broadest sense and shall mean (i) all "writings" (or drafts thereof) as defined in section 250 of the California Evidence Code; (ii) all items identified in Rule 34(a)(1) of the Federal Rules of Civil Procedure; (iii) any information stored, recorded, or written on any medium, in any format, by any means, including any written, printed, typed, recorded, magnetic, punched, copied, graphic or other tangible thing in, through, or from which information may be embodied, translated, conveyed, or stored including, without limitation, correspondence, memoranda, notes, records, books, papers, telegrams, telexes, e-mail, dictation tapes, audio tapes, video tapes, computer files, computer tapes (including

1  back up tapes), computer discs (including back up discs), computer printouts,
2  microfilm, microfiche, worksheets, diaries, calendars, photographs, charts, drawings,
3  or sketches; and (iv) data stored in a computer, data stored on the cloud, data stored on
4  removable magnetic or optical media (e.g., magnetic tape, floppy discs and recordable
5  optical disks), data used for electronic data interchange, audit trails, digitized pictures
6  and video (e.g., data stored in MPEG, JPEG and GIF formats), and digitized audio and
7  voicemail. The term "DOCUMENT" or "DOCUMENTS" includes each original and
8  non-duplicate copy of each such writing, and any prior iterations thereof..

9      3.    "DIAZ" means and refers to Plaintiff Joseph "JoJo" Diaz, Jr.

10     4.    "YOU" and "YOUR" means and refers to Defendant Ralph Heredia and
11 any of his employees, agents, partners, representatives, accountants, advisors, and any
12 other persons acting or purporting to act on his behalf.

13     5.    "GOLDEN BOY" means and refers to Golden Boy Promotions, including
14 any of its directors, officers, employees, agents, brokers, managers, representatives,
15 attorneys, accountants, consultants, and any parent, subsidiary, or affiliated entities that
16 are or were in existence from 2017 to the present.

17     6.    "MOSES" means and refers to Moses Heredia.

18     7.    "VEHICLE" means and refers to the 2016 Lexus RC350 that YOU
19 provided to DIAZ.

20     8.    "COMMISSION" means and refers to the California State Athletic
21 Commission.

22     9.    "COMPLAINT" shall mean the First Amended Complaint filed by Diaz
23 in this Action on August 17, 2021. (Dkt. 69.)

24     10.    "LAWSUIT" shall mean the above entitled action styled Joseph Diaz, Jr.
25 v. Ralph Heredia., et al., Case No. 5:20-cv-02332-JWH-KK.

26     10.    "HBM" shall mean defendant Heredia Boxing Management, LLC, and
27 shall include all predecessors and successors, any present or former employee, agent,
28

representative, affiliate, attorney, accountant, expert and/or any other PERSONS or entities acting or purporting to act on its behalf.

11. "PERSON" shall mean any natural person, firm, association, organization, trust, public entity, partnership, business, corporation, limited liability company, proprietorships, partnerships, joint ventures, consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and/or other legal entity or organization separately identifiable, and any department(s) or division(s) thereof.

12. The words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such a dual construction will serve to bring within the scope of a category documents or information which would not otherwise be within its scope.

13. The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each."

14. The word "including" shall mean "including without limitation," so as to be most inclusive.

**INSTRUCTIONS**

1. If a document request is silent as to the time period for which information is sought, YOU should include all DOCUMENTS from January 1, 2012 until present.

2. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, YOU are to produce all DOCUMENTS and things within the scope of the definitions set forth herein that are within YOUR possession, custody, or control as well as all DOCUMENTS and things within the possession, custody, or control of anyone acting on YOUR behalf including, but not limited to, YOUR agents, representatives, employees, officers, directors, and attorneys.

3. These document requests embrace originals, identical copies if originals are unavailable, and non-identical copies (whether different from the originals

because of notes made on such copies or otherwise) of the DOCUMENTS described in these document requests.

4. Answer each Request fully unless YOU object in good faith, in which event state the reasons for YOUR objection in detail. If an objection pertains to only a portion of a Request, or a word, phrase, or clause contained within it, state YOUR objection to that portion only and respond with a statement of compliance, or a representation of inability to comply, with respect to the remainder of the Request, and identify with particularity any DOCUMENT or tangible thing falling within any category of item in the Request to which an objection is being made.

5. Pursuant to Federal Rule of Civil Procedure 34, DOCUMENTS produced in response to these document requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the demand. DOCUMENTS attached to each other consisting of multiple pages must not be separated.

6. DOCUMENTS are to be produced in their full and unredacted form; redacted DOCUMENTS shall not constitute compliance with these document requests, unless such DOCUMENTS are redacted pursuant to a claim of privilege, as set forth below.

7. Any DOCUMENTS or things requested that cannot be produced in full should be produced to the extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief YOU have concerning the unproduced portion.

8. If production of any requested DOCUMENT(S) is objected to on the grounds that production is unduly burdensome or the DOCUMENT(S) is not reasonably accessible as defined in Rule 26(b)(2) of the Federal Rules of Civil Procedure, describe in detail the burden or expense of producing the requested DOCUMENT(S), including but not limited to identification of the steps that would

be necessary to retrieve and produce the DOCUMENT(S) and a dollar estimate of the cost of performing those steps.

9. Wherever used, the singular shall include the plural and the plural shall include the singular, the words "and" and "or" shall be either conjunctive or disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the terms "all" and "each" shall be construed as all and each.

10. If YOU or YOUR counsel assert that any DOCUMENT or thing required to be produced is privileged or otherwise protected from discovery, please set forth in YOUR written response with respect to each DOCUMENT or thing for which a claim of privilege is made:

(a) The place, approximate date, and manner of recording, creating, or otherwise preparing the DOCUMENT or thing;

(b) The name and organizational position, if any, of each sender of the DOCUMENT or thing;

(c) The name and organizational position, if any, of each recipient and/or custodian of the DOCUMENT or thing;

(d) The name and organizational position, if any, of each PERSON (other than stenographic or clerical assistants) participating in the preparation or creation of the DOCUMENT or thing;

(e) The name and organizational position, if any, of each PERSON to whom the contents of the DOCUMENT or thing or any portion thereof has been communicated by copy, exhibition, reading or summarization;

(f) A statement of the basis on which privilege is claimed with respect to each DOCUMENT or thing and whether or not its contents are limited solely to legal advice or information provided for the purpose of securing legal advice;

(g) The number of the Request to which the DOCUMENT or thing is responsive; and

(h) The identity and organizational position, if any, of each PERSON supplying the author of YOUR response hereto with the information requested in subsections (a) through (g) above.

11. If any DOCUMENT or any portion thereof responsive to any Request has been discarded, destroyed, or redacted in whole or in part, state:

(a) The date of the discard, destruction, or redaction;

(b) The reason for the discard, destruction, or redaction;

(c) The PERSON who discarded, destroyed or redacted the DOCUMENT; and

(d) If discarded or completely destroyed, the files where the DOCUMENT was maintained prior to its destruction.

12. These Requests are continuing in nature. YOU must serve supplementary responses if YOU obtain new or different information up to and including to the time of hearing of this action.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and DIAZ.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU and MOSES regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and GOLDEN BOY regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU and the COMMISSION regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between YOU and any PERSONS regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and the COMMISSION regarding YOUR maintenance of a boxing manager's license.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by YOU to the COMMISSION in connection with your attempts to obtain a boxing manger's license.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS provided by YOU to the COMMISSION regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 9:**

All manager agreements between YOU and DIAZ.

**REQUEST FOR PRODUCTION NO. 10:**

All manager agreements between YOU and any other boxer.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ.

**REQUEST FOR PRODUCTION NO. 12:**

All accounting records relating to YOUR management of DIAZ.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN BOY relating to DIAZ.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS reflecting any gifts provided to YOU by GOLDEN BOY relating to DIAZ.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting any benefits provided to YOU by GOLDEN BOY relating to DIAZ.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the purchase or lease of the VEHICLE.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ regarding the VEHICLE.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS reflecting or relating to any money DIAZ paid YOU for the VEHICLE.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS between YOU and any PERSONS regarding the repossession of the VEHICLE.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS relating to any civil lawsuit filed against YOU in connection with YOUR work in the last ten years.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS relating to any criminal action involving YOU in the last ten years.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS relating to any insurance policies covering YOUR defense relating to the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS relating to any insurance policies covering YOUR defense against COMPLAINT.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS relating to any insurance policies covering HBM's defense relating to the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS relating to any insurance policies covering HBM's defense against COMPLAINT.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS provided to the COMMISSION in connection with the request for arbitration initiated by MOSES against DIAZ.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the defense of unclean hands."

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the fact that the actions alleged to have been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PEROSN relating to the facts or issues raised in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including COMMUNICATIONS, relating to the March 22, 2017 promotion-manager contract between DIAZ and Golden Boy.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of YOUR manager license(s) for the years 2012 through 2021.

**REQUEST FOR PRODUCTION NO. 52:**

A copy of MOSES' manager license(s) for the years 2012 through 2021.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS reflecting or showing all employees for HBM.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS reflecting or relating to profit and loss statements for HBM for the period January 2017 through the present.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

**REQUEST FOR PRODUCTION NO. 57:**

All Internal Revenue Service Form W-2s provided by HBM to YOU.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that support, reflect, or relate to YOUR responses to DIAZ's First Set of Interrogatories and Requests for Admission served concurrently herewith.

Dated: October 18, 2021        **VGC, LLP**

By: /s/ Gina Simas
_____
James L. Greeley
Diyari Vázquez
Gina M. Simas
*Attorneys for Plaintiff*
JOSEPH DIAZ, JR.

# PROOF OF SERVICE

*Joseph Diaz, Jr. v. Ralph Heredia, et al..*
CDCA Case No.: 5:20-cv-02332-JWH-KK

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1515 7th Street, No. 106, Santa Monica, California 90401.

On October 18, 2021, I served the document(s) described as follows:

**PLAINTIFF JOSEPH DIAZ, JR.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT RALPH HEREDIA**

on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope(s) addressed to the following addressee(s):

| | |
|---|---|
| Eric S. Montalvo | *Attorneys for Defendant* |
| Rajan O. Dhungana | Ralph Heredia |
| FEDERAL PRACTICE GROUP | |
| 14481 Aspen Street | |
| Hesperia, CA 92344 | |
| Telephone: (310) 795-6905 | |
| Email: emontalvo@fedpractice.com | |
| rdhungana@fedpractice.com | |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the document(s) to be sent to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.

Executed on October 18, 2021, at Santa Monica, California.

*/s/ D. Schwarz*
_____
Daniel Schwarz