Rajan O. Dhungana (SBN: 297794)
  rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
  emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, NW, Suite 900
Washington, DC 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
*Attorneys for Plaintiff*
Moses Heredia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Eastern Division)

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> RALPH HEREDIA, TRUE NAME RAFAEL HEREDIA TARANGO, A/K/A RAFAEL HEREDIA, A/K/A RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; AND JANE DOES 1 THROUGH 20, INCLUSIVE,, <br><br> Defendants. | Case No.: 5:20-cv-02332-JWH-KK <br><br> **DEFENDANT RALPH HEREDIA'S RESPONSES TO PLAINTIFF JOSEPH DIAZ, JR.,'S FIRST SET OF REQUESTS FOR PRODUCTION** <br><br> ASSIGNED TO HON. JOHN W. HOLCOMB |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT RALPH HEREDIA'S RESPONSES TO PLAINTIFF JOSEPH DIAZ, JR.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Ralph Heredia, by and through undersigned counsel, hereby objects and responds to Plaintiff's First Request for Production of Documents ("Requests") as follows:

**Preliminary Statement**

The following responses are provided based upon information available to Defendant at the time these responses are served.  Defendant has not completed his investigation and discovery.  Defendant reserves the right to use during litigation and up through trial any information developed through Defendant's investigation, discovery or trial preparation which was not known when these responses were served.  Defendant further reserves the right to supplement or amend his responses as appropriate.

**General Objections**

The following general objections apply to Plaintiff's Requests as the specific phrasing and context of each Request may require.  They are in addition to, and do not supplant, any specific objection to an individual Request.

A.     Defendant objects to Plaintiff's Definitions to the extent Plaintiff intends or attempts to expand or alter the Federal Rules of Civil Procedure or Defendant's obligations thereunder.  By responding to Plaintiff's Requests,

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant does not adopt Plaintiff's Definitions and objects to the extent that they are vague, ambiguous, overly broad, or unduly burdensome.

B.     To the extent that a Request purports to require Defendant to respond on behalf of persons or entities other than himself, Defendant objects because such discovery requests are overly broad, unduly burdensome, and beyond the scope of permissible discovery.  Accordingly, Defendant construed these Requests to refer only to Defendant, and Defendant makes these responses solely on behalf of Defendant.

C.     To the extent that a Request seeks documents pertaining to issues or events not properly at issue herein or outside Plaintiff's stated allegations, Defendant objects because such discovery requests are overly broad, unduly burdensome, unreasonable as to time and scope, and seek information or documents that are neither relevant nor that appear reasonably calculated to lead to the discovery of admissible evidence.

D.     Defendant objects to each Request to the extent Plaintiff seeks documents protected by the attorney-client privilege, another privilege, the attorney work product doctrine, or that are otherwise confidential.

E.     Defendant objects to the extent that Plaintiff's Requests seek documents not currently in Defendant's possession, custody, or control.

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

F.      Defendant objects to Plaintiff's discovery requests as overly broad and seeking information or documents that are irrelevant and that do not appear reasonably calculated to lead to the discovery of admissible evidence, as it is not reasonable for Defendant to determine whether information or documents protected by the attorney-client privilege, another privilege, or the attorney work doctrine are being requested.  For the same reason, at this time and as phrased, it is not possible nor is it proper under the Federal Rules of Civil Procedure for Defendant to provide a specific description of the documents sought in those instances.

**RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that Plaintiff equally has access to the requested documents and thus can be obtained by Plaintiff from some other source that is more convenient, less burdensome, or less expensive. Defendant is not currently aware of whether any potentially responsive documents are in his custody or control and therefore is not aware whether any

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

potentially responsive documents are being withheld subject to this objection.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU and MOSES regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to the extent that this request seeks the production of communications unrelated to Plaintiff's allegations. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and GOLDEN BOY regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to the extent that

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

this request seeks the production of communications unrelated to Plaintiff's allegations. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU and the COMMISSION regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects as the burden or expense of the proposed discovery outweighs its likely benefit. Defendant's investigation and discovery are ongoing, and he is

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

currently not aware of whether there are any potentially responsive documents

withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between YOU and any PERSONS regarding

DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine. Defendant's

investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this

request.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and the COMMISSION regarding YOUR maintenance of a boxing manager's license.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS provided by YOU to the COMMISSION in connection with your attempts to obtain a boxing manger's license.

**Response:**

-7-
RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS provided by YOU to the COMMISSION regarding DIAZ.

**Response:**

Defendant objects to this request as is unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 4. Defendant further objects to this request as outside the scope permitted by Rule

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 9:**

All manager agreements between YOU and DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) given the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Defendant further objects to the extent that the request

seeks documents protected by the attorney-client privilege or the attorney work-

product doctrine. Defendant's investigation and discovery are ongoing, and he is

currently not aware of whether there are any potentially responsive documents

withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 10:**

All manager agreements between YOU and any other boxer.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine. Defendant's

investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is unlimited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects in that Plaintiff's request for documents "relating to" any agreements between Defendant and Plaintiff is so overbroad as to render Plaintiff's request meaningless. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

currently not aware of whether there are any potentially responsive documents
withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All accounting records relating to YOUR management of DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule
26(b)(1) in that it is not limited as to time, and therefore its burden or expense
outweighs its likely benefit. Defendant further objects to this request as outside the
scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the
case considering the importance of the issues at stake in the action, the amount in
controversy, the parties' relative access to relevant information, the parties'
resources, the importance of the discovery in resolving the issues, and whether the
burden or expense of the proposed discovery outweighs its likely benefit.
Defendant's investigation and discovery are ongoing, and he is currently not aware
of whether there are any potentially responsive documents withheld in response to
this request.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS provided by MOSES to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 2. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS YOU have provided to MOSES regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 2 and 13. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in

that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS provided by GOLDEN BOY to YOU regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production No. 3. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by

Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS YOU have provided to GOLDEN BOY regarding DIAZ.

**Response:**

Defendant objects to this request as unreasonably cumulative or duplicative in that it essentially duplicates Request for Production Nos. 3 and 15. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting revenues and expenses generated from any boxing match in that DIAZ has participated.

**Response:**

Defendant objects to this request to the extent that it seeks documents not in his possession, custody, or control. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**Response:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

## REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

## Response:

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine. Defendant's

investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this

request.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including but not limited to bank records, reflecting

YOUR compensation relating to any revenue generated by DIAZ through any

means.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is unlimited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request as

unreasonably cumulative or duplicative in that it essentially duplicates Request for

Production Nos. 18 and 19. Defendant further objects to this request as outside the

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, including but not limited to bank records, reflecting money that was paid for legal services relating to DIAZ'S business affairs.

**Response:**

Defendant objects to this request to the extent that Plaintiff purports to require production of documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch

as the importance of the discovery in resolving the issues is nil. Defendant's

investigation and discovery are ongoing, and he is currently not aware of whether

there are any potentially responsive documents withheld in response to this

request.

## REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS reflecting any payments provided to YOU by GOLDEN

BOY relating to DIAZ.

## Response:

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant further objects to this request as outside the

scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the

case considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected

by the attorney-client privilege or the attorney work-product doctrine. Defendant's

investigation and discovery are ongoing, and he is currently not aware of whether

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS reflecting any gifts provided to YOU by GOLDEN BOY relating to DIAZ.

**Responses:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting any benefits provided to YOU by GOLDEN BOY relating to DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is so broad as to be incomprehensible and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS relating to the purchase or lease of the VEHICLE.

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS reflecting or relating to any agreements between YOU and DIAZ regarding the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS reflecting or relating to any money DIAZ paid YOU for the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 28:**

All COMMUNICATIONS between YOU and any PERSONS regarding the repossession of the VEHICLE.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS relating to any civil lawsuit filed against YOU in connection with YOUR work in the last ten years.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that is not relevant to any party's claim or defense, it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the request seeks documents not protected by the attorney-client privilege or the attorney work-product doctrine, the requested documents are public record and thus equally available to Plaintiff.

Defendant further objects to this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS relating to any criminal action involving YOU in the last ten years.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant further objects that, to the extent the request seeks documents not protected by the attorney-client privilege or the attorney work-product doctrine, the requested documents are public record and thus equally available to Plaintiff. Defendant further objects to

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

this request as the burden or expense of the proposed discovery outweighs its likely benefit inasmuch as the importance of the discovery in resolving the issues is nil. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS relating to any insurance policies covering YOUR defense relating to the LAWSUIT.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS relating to any insurance policies covering YOUR defense against COMPLAINT.

**Response:**

Defendant is currently unaware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS relating to any insurance policies covering HBM's defense relating to the LAWSUIT.

**Response:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS relating to any insurance policies covering HBM's defense against COMPLAINT.

**Response:**

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS provided to the COMMISSION in connection with the request for arbitration initiated by MOSES against DIAZ.

**Response:**

Defendant objects to this request in that Plaintiff equally has access to the requested documents and thus can be obtained by Plaintiff from some other source

that is more convenient, less burdensome, or less expensive. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 36**

All DOCUMENTS which YOU intend to use as a basis or ground for any defense in the LAWSUIT

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his failure to join a necessary party."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware

of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by his own prior wrongful, negligent, or illegal acts or omissions directed at Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's own negligent acts and omissions solely caused the injuries and damages of which he complains, and thus he cannot recover damages against Defendant."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

of whether there are any potentially responsive documents withheld in response to

this request.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's

claims are barred, in whole or in part, by the defense of unclean hands."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the

attorney-client privilege or subject to the attorney work-product doctrine.

Defendant's investigation and discovery are ongoing, and he is currently not aware

of whether there are any potentially responsive documents withheld in response to

this request.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's

claims are barred, in whole or in part, by the fact that the actions alleged to have

been taken by Defendant were not the proximate cause of any injury to Plaintiff."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the

attorney-client privilege or subject to the attorney work-product doctrine.

Defendant's investigation and discovery are ongoing, and he is currently not aware

of whether there are any potentially responsive documents withheld in response to

this request.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation."

**Response:**

Defendant objects to this request to the extent it seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that support YOUR affirmative defense that "Plaintiffs' claims are barred by a binding decision by an arbitrator."

**Response:**

Defendant directs Plaintiff to the record, decision, and evidence in "In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer," all of which Plaintiff already has in his possession and which are equally available to Plaintiff. Defendant further directs Plaintiff to Defendant's Rule 12(c) motion.

**REQUEST FOR PRODUCTION NO. 44:**

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO all statements YOU made to PERSON regarding the LAWSUIT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in

that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding DIAZ.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS, including COMMUNICATIONS, RELATING TO information received by YOU from any PERSON regarding the LAWSUIT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the

attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, including COMMUNICATIONS, relating to the facts or issues raised in the COMPLAINT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS, including COMMUNICATIONS, between YOU and any PEROSN [*sic*] relating to the facts or issues raised in the COMPLAINT.

**Response:**

Defendant objects to this request as outside the scope permitted by Rule 26(b)(1) in that it is not limited as to time or topic, and therefore its burden or expense outweighs its likely benefit. Defendant further objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant further objects to the extent that the request seeks documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, including COMMUNICATIONS, relating to the March 22, 2017 promotion-manager contract between DIAZ and Golden Boy.

**Responses:**

Defendant objects to this request to the extent it seeks documents not in his possession, custody, or control. Defendant further objects to this request as duplicative of Request Nos. 3, 15, and 16. Defendant further objects to the extent that it purports to require him to produce documents protected by the attorney-client privilege or subject to the attorney work-product doctrine. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 51:**

A copy of YOUR manager license(s) for the years 2012 through 2021.

**Responses:**

Defendant objects to this request as duplicative and therefore unduly burdensome. Defendant further objects to this request in that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

**REQUEST FOR PRODUCTION NO. 52:**

A copy of MOSES' manager license(s) for the years 2012 through 2021.

**Responses:**

Defendant objects to this request as seeking documents not in his possession,

custody, or control. To the extent the request seeks documents in the possession,

custody, or control of another entity, Plaintiff's request is more appropriately

directed to that entity. Defendant's investigation and discovery are ongoing, and he

is currently not aware of whether there are any potentially responsive documents

withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

**Responses:**

Defendant objects to this request as seeking documents not in his possession,

custody, or control. To the extent the request seeks documents in the possession,

custody, or control of another entity, Plaintiff's request is more appropriately

directed to that entity.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS reflecting or showing all employees for HBM.

**Responses:**

Defendant objects to this request as seeking documents not in his possession,

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS reflecting or relating to profit and loss statements for HBM for the period January 2017 through the present.

**Responses:**

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession, custody, or control of another entity, Plaintiff's request is more appropriately directed to that entity. Defendant's investigation and discovery are ongoing, and he is currently not aware of whether there are any potentially responsive documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS reflecting or showing the organization chart for HBM.

**Responses:**

Defendant objects to this request as seeking documents not in his possession, custody, or control. To the extent the request seeks documents in the possession,

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

custody, or control of another entity, Plaintiff's request is more appropriately

directed to that entity. Defendant's investigation and discovery are ongoing, and he

is currently not aware of whether there are any potentially responsive documents

withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 57:**

All Internal Revenue Service Form W-2s provided by HBM to YOU.

**Responses:**

Defendant objects to this request as outside the scope permitted by Rule

26(b)(1) in that it is not limited as to time, and therefore its burden or expense

outweighs its likely benefit. Defendant's investigation and discovery are ongoing,

and he is currently not aware of whether there are any potentially responsive

documents withheld in response to this request.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS that support, reflect, or relate to YOUR responses to

DIAZ's First Set of Interrogatories and Requests for Admission served

concurrently herewith.

**Responses:**

Defendant incorporates by reference his objections to Diaz' first set of

interrogatories and requests for admission. Defendant's investigation and discovery

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

1  are ongoing, and he is currently not aware of whether there are any potentially

2  responsive documents withheld in response to this request.

3

4  Dated:  November 17, 2021

5  AS TO OBJECTIONS:

6

7  _____

8  Rajan O. Dhungana, Esq.

9  *I hereby swear under penalties of perjury that the foregoing is true and*

10  *correct to the best of my knowledge, information, and belief.*

11

12

13  Defendant Ralph Heredia

14

15  Dated: November 17, 2021

16  Rajan O. Dhungana (SBN: 297794)
17  FEDERAL PRACTICE GROUP
    14481 Aspen Street
18  Hesperia, CA  92344
19  Telephone: (310) 795-6905
20  rdhungana@fedpractice.com

21  Eric S. Montalvo (Admitted Pro Hac Vice)
22  FEDERAL PRACTICE GROUP
    1750 K Street, N.W., Suite 900
23  Washington, D.C.  20006
24  Telephone: (202) 862-4360
    Fax: (888) 899-6053
25  emontalvo@fedpractice.com

26
27                    Attorneys for Defendant
                      Ralph Heredia
28

-43-
RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2021, I served a copy of the foregoing Defendant Ralph Heredia's Responses to Plaintiff Joseph Diaz, Jr.'s First Requests for Production via email to the following counsel for Plaintiff:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
   gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296
Attorneys for Plaintiff
Joseph Diaz, Jr.

/s/ Rajan O. Dhungana
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA  92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

*Attorneys for Defendant*
Ralph Heredia

RALPH HEREDIA RESPONSES TO PLAINTIFF'S FIRST RFPS