Sincerely,



**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Monday, April 4, 2022 2:05 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>
**Subject:** Diaz v. Heredia: Request to Meet and Confer on Several Issues

Eric,

First, you continue to falsely state that we failed to provide you with potential dates for deposition.  For example, your March 16th email contends that we have "not provided dates of availability for the deposition for [our] client." This is untrue. Please see the email below which plainly states that we would be available between April 13th and April 22nd. Notably, this email was sent to you over five weeks ago—on February 24th. You failed to provide us with your availability during this period, or otherwise respond. Given your undue delay, it is now too late to schedule Diaz, Heredia and HBM's depositions during the previous period we proposed. Nevertheless, we will make ourselves available in May. Please let us know what days you have available, and we will try to accommodate on our end.

Second, we should discuss the upcoming mediation. As you know, and we have repeatedly made clear, any settlement must be global. Therefore, as we are sure you agree, if the mediation is to have any chance of success, it must include all parties in both cases (*i.e. Diaz v. Heredia* and *Heredia v. MTK et al.*). We would like to confirm that mediation will include both cases, as well as discuss logistics.

Third, we continue to believe that Heredia's production of documents is inadequate. Specifically, Heredia has produced no accounting or bank records. For example, Heredia responds that since 2017, he was not Diaz' manager, and therefore unaware of documents "since that time period." Critically, the RFP is no way limited to records after 2017. The Request plainly asks for all accounting records relating to Heredia's management of Diaz. Specifically, the requests and responses that concern us are as follows:

> REQUEST FOR PRODUCTION NO. 12: All accounting records relating to YOUR management of DIAZ.

> Response. Since 2017, Defendant has not been Diaz' manager and therefore is currently unaware of any documents since that time period responsive to this request. Subject to the foregoing, please see Bates No. 675.
> SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no additional documents responsive to this request.
>
> REQUEST FOR PRODUCTION NO. 18: All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.
> SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.
>
> REQUEST FOR PRODUCTION NO. 19: All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.
> SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.
>
> REQUEST FOR PRODUCTION NO. 20: All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.
> SECOND SUPPLEMENTAL RESPONSE: After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

Is it Heredia's contention that he has no accounting records, bank records relating to either his management of Diaz or his compensation received relating to Diaz? We find this implausible. We do not want to go back to the Magistrate on these issues. As you know, the Magistrate granted Diaz's Motion to Compel at to these RFP requests. Simply put, we need all of Heredia's accounting and bank records as requested. We hereby request that you urge Heredia to produce these records. If you do not agree to supplement, we will be forced to again raise this issue with the Magistrate.

Fourth and finally, the depositions and mediation cannot and will not go forward until the Parties execute a Protective Order. I have repeatedly done my best to get this effectuated. In fact, I've emailed you no less than ten times attempting to resolve this issue. Please execute the version that I sent to you on March 28th. We will then file it with the Court. If you fail to do so after this--my eleventh and final attempt--we will file a motion for protective order and explain that Defendants have failed to respond to our numerous requests to cooperate.

We would like to meet and confer on all of these above-referenced issues. Please let me know when you are available between now and April 8th.

Sincerely,

Gina