James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | CASE NO. 5:20-cv-02332-JWH-KK |
| Plaintiff, | <u>HON. KENLY KIYA KATO</u> |
| v. | **[DISCOVERY MATTER]** |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | **FIRST *EX PARTE* APPLICATION FOR AN ORDER SHORTENING THE NOTICE PERIOD TO HEAR PLAINTIFF'S MOTION TO COMPEL FURTHER VERIFIED RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS PURSUANT TO F.R.C.P. RULE 37 OR TO HEAR MOTION ON EX PARTE BASIS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Defendants. | **[OPPOSED]** |
| | [Submitted concurrently herewith: [Proposed] Order; Declaration of Andrew D. White] |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Joseph Diaz, Jr. ("Diaz" or "Plaintiff") hereby applies to the Court on an *ex parte* basis for an order shortening the notice period prescribed by Central District of California, Local Rule ("L.R.") 37-3 and advancing the date to hear Plaintiff's motion to compel further verified response to first set of requests for production of documents from Defendant Ralph Heredia ("Heredia" or "Defendant"), and for sanctions pursuant to Federal Rules of Civil Procedure, Rule 37 (the "Motion"), or in the alternative, to hear the Motion on an *ex parte* basis per L.R. 37-3.

The Court has discretion to hear the Motion on an *ex Parte* basis and there is good cause for Plaintiff to seek the requested relief on an *ex parte* basis; an emergency created by opposing counsel requires such relief.  Plaintiff's Motion to Compel was filed on June 29, 2022, and set to be heard on July 21, 2022, the first available hearing date providing notice per L.R. 37-3. However, as the Court will plainly see from Plaintiff's Motion, Plaintiff has been diligent in seeking further responses to RFP's, and production of documents crucial to the prosecution of Plaintiff's case, even after the Court's March 4, 2022, Order requiring Defendant to produce same.  Now, after a lengthy meet and confer process taking place after the March 4, 2022, discovery Order, which was unfortunately not successful, when presented with the Motion, instead of addressing the reasons why Defendant has failed to comply with his discovery obligations by diligently searching for and producing documents within his possession, custody or control, Defendant has asserted for the first time that Diaz's motion is untimely and cannot be heard before the current discovery cutoff on July 8, 2022. Accordingly, unless *ex parte* relief is granted to either shorten the notice period for Diaz's motion to compel and advancing the hearing thereon, or hearing the motion to compel on an *ex parte* basis, Diaz will suffer irreparable injury and/or prejudice by being deprived of highly relevant and crucial documents based on the technicality of an agreed to date for discovery cutoff.  These are documents which were ordered to be

1   produced and which should have been produced long ago. *Ex parte* relief is appropriate
2   here because failure to grant the requested relief would cause Diaz irreparable injury
3   and/or prejudice, and because Heredia created this unnecessary crisis.

4          In compliance with L.R. 7-19 and 7-19.1, on June 29, 2022, Diaz's counsel sent
5   an email to Heredia's counsel to notify counsel of the substance of this *ex parte*
6   application. (See Declaration of Andrew D. White ("White Decl.") ¶10.) In the email,
7   due the urgent nature of the *ex parte* application, Diaz's counsel asked Heredia's
8   counsel to advise when they were available on June 30, 2022, for a call per L.R. 7-19.1
9   to orally advise counsel of the date and substance of the proposed *ex parte* application
10  and to confirm whether or not Heredia's counsel opposed the application. (Id., at ¶10)
11  Diaz's counsel advised Heredia's counsel that if Diaz did not hear back in response to
12  the email by 5:00 p.m. PST on June 30, 2022, that Diaz would assume Heredia's
13  counsel had no interest in participating in an L.R. 7-19.1 phone call and that counsel
14  fully understood the date and substance of the proposed *ex parte* application. (Id.)
15  Diaz's counsel asked that regardless of whether or not a call occurred, for counsel to
16  advise whether or not they opposed the *ex parte* application. (Id.)

17         Heredia's counsel responded by email at 4:43 p.m. PST on June 30, 2022, to
18  advise that Heredia opposed the *ex parte* application, and confirmed they did not
19  require a phone conference per L.R. 7-19.1. (Id., at ¶11)

20         Opposing counsel's contact information per L.R. 7-19 is as follows (Id. at ¶12):
21  Rajan O. Dhungana (SBN: 297794)
22  rdhungana@fedpractice.com
    Eric S. Montalvo (Pro Hac Vice)
23  emontalvo@fedpractice.com
24  **Federal Practice Group**
    14481 Aspen Street
25  Hesperia, CA 92344
26  Telephone: (310) 795-6905; (202) 862-4360

27         This ex parte application is based upon this Application, the Memorandum of
28  Points and Authorities, the Declaration of Andrew D. White, [Proposed] Order, and

the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

Dated:  July 1, 2022                    **VGC, LLP**

By: _/s/ Andrew D. White_____

James L. Greeley
Diyari Vázquez
Andrew D. White
Gina Simas
Attorneys for Plaintiff
JOSEPH DIAZ, JR.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION & STATEMENT OF FACTS**

Plaintiff filed a Motion to Compel (the "Motion") in compliance with L.R. 37 with this Court on June 29, 2022 (White Decl., at ¶2; See Dkt. No. 123-1). Because L.R. 37-3 requires a noticed motion to be heard at least twenty-one days after filing of the motion, the motion was set to be heard on July 21, 2022, which was the first available date for a hearing on the Motion. (Id., at ¶2)

The discovery cut-off in this matter was continued by stipulation of the parties to July 8, 2022. (Id., at ¶3; See Dkt. No. 112) On March 21, 2022, the Court entered an order continuing pretrial and trial deadlines per stipulation of the parties. This order continued the discovery cut-off to July 8, 2022. (Id. at ¶3)

After a long and diligent effort to meet and confer with Defendant pursuant to L.R. 37-1, which is documented below, and in the Motion (despite Defendant's effort to re-write history in is portion of the Joint Stipulation), Plaintiff was forced to prepare a Joint Stipulation pursuant to L.R. 37-2. (Id. at ¶4)

The parties duly met and conferred on the issues leading up the filing of the Motion. On June 8, 2022, Plaintiff's counsel sent Heredia's counsel an email to confirm the substance of an April 13, 2022, teleconference, and to advise that the present motion to compel and request for sanctions would be filed. (Id. at ¶5) On June 20, 2022, Plaintiff sent Defendant the Joint Stipulation together with all declarations and exhibits to be offered to review and provide Defendant's responsive portion within seven days per L.R. 37-2.2. (Id. at ¶6) At 9:16 a.m. on the morning of June 27, 2022, Defendant's last day to respond, and after a myriad of meet and confer efforts had gone by the wayside, instead of providing Defendant's portion of the Joint Stipulation, *for the very first time* Defendant responded by demanding that Plaintiff withdraw the Joint Stipulation because the Joint Stipulation/Motion to Compel allegedly could not be heard under regular notice on or before the current discovery cut off of July 8, 2022.

(Id. at ¶7)  Defendant posited "It is untimely and its untimeliness cannot be rectified."[1] (Id.)  In an attempt to strong arm Plaintiff, Defendant provided Plaintiff's counsel until 11:00 a.m. that same morning, less than 1 hour and 45 minutes, to comply by withdrawing the Joint Stipulation. (Id.)

On Jun 27, 2022, Plaintiff responded to Defendant's demand to withdraw the stipulation due to purported untimeliness. (Id. at ¶8) Plaintiff declined to withdraw the Joint Stipulation and requested Defendant to provide its portion to the Joint Stipulation. (Id.)  In the same correspondence, Plaintiff also advised Defendant that pursuant to L.R. 7-19.1, due to the emergency nature of the relief requested on the Joint Stipulation/Motion to Compel, and in light of Plaintiff's position, that Plaintiff intended to move *ex parte* for an order shortening time to hear the Joint Stipulation/Motion. (Id.)

The responses and documents requested in the Motion are essential to the prosecution of Plaintiff's case against Heredia and include documents such as bank records and accounting records that this Court has already found to be highly relevant and discoverable.  There is a mediation scheduled on July 19, 2022, and for there to be any chance to resolve this matter threat such documents must be produced beforehand. (Id. at ¶9)

Heredia has willfully obstructed discovery, and, despite agreements and Orders from this Court to supplement, has simply ignored Diaz's repeated demands that he comply with his discovery obligations. It is telling that when confronted with Plaintiff's Motion, Defendant's only response was to assert misguided procedural arguments that 1) the motion is untimely, and that 2) Plaintiff purportedly did not meet and confer properly. With regard to No. 2, Defendant's argument that Plaintiff did not properly meet and confer is belied by the declaration and documentary evidence attached to this

---

[1] This is not entirely true. Timeliness can be rectified. This is only true here because of Defendant's dilatory discovery tactics and refusal to agree to stipulate to an extension of the discovery cut-off.  Essentially, Defendant is creating the purported "untimeliness" for its own benefit.

*ex parte* application as well as to the Motion. Plaintiff went above and beyond to meet and confer with Defendant before burdening the Court, and Defendant cannot rewrite history. With regard to No. 1, that the Motion is untimely, Plaintiff's come now in good faith seeking an order either shortening the notice period prescribed by L.R. 37-3 and advancing the date to hear Plaintiff's Motion, or in the alternative, to hear the Motion on an *ex parte* basis per L.R. 37-3.

## II.    LEGAL ARGUMENT

### A.    <u>Good Cause Exists for Shortening Time to Hear Diaz's Motion to Compel Further Verified Discovery Responses, and Production of Documents</u>

The Federal Rules of Civil Procedure imbue the Court with the power to hear a motion on an *ex parte* basis, or with shortened notice for good cause. (See FRCP, Rule 6(c)(1)(A) & (C)).   The applicable portion of Rule 6 reads as follows:

> A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing, with the following exceptions:
> (A) when the motion may be heard ex parte; …
> (C) when a court order – which a party may, for good cause, apply for ex parte – sets a different time.

Further, L.R. 37-3, provides a motion must be noticed to be heard on a regular motion day at least twenty-one days after the filing of the motion.  However, L.R. 37-3 also gives the court discretion to allow a discovery motion under L.R. 37 to be filed or heard on an ex parte basis:

> Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party. (L.R. 37-3)

Based on a plain reading of L.R. 37-3, the Court can allow a discovery motion

to be filed or heard on an *ex parte* basis in its discretion for any reason, even without a showing of irreparable injury or prejudice, but absent a discretionary order from the Court, a discovery motion may only be filed or heard on an *ex parte* basis with a showing of *either* 1) irreparable injury <u>or</u> 2) prejudice not attributable to the lack of diligence of the moving party.

## 1. <u>The Court Should Exercise Its Discretion to File or Hear the Motion On An *Ex Parte* Basis.</u>

Here, without even getting to Plaintiff's showing as to why it will suffer irreparable injury or prejudice, which it will, Plaintiff requests a discretionary order from the Court allowing Plaintiff's Motion, filed on June 29, 2022, to be heard on shortened notice and advanced to a date before the discovery cut-off of July 8, 2022, or in the alternative, heard on an *ex parte* basis. The Court should be well aware of Plaintiff's long history dealing with Defendant's abuses of the discovery process, obtaining an order from this Court on March 4, 2022, which was understood to require Defendant to search for and produce the documents at issue on the present motion, and imposing significant monetary sanctions against Defendants. When Plaintiff realized that defendant intended to disobey the March 4, 2022, discovery order, Plaintiff diligently met and conferred with Defendant's counsel before burdening the Court with a discovery motion. Instead of supplementing its responses to these RFP's and producing responsive documents, Defendants have hidden behind the superficial statement that it has performed a diligent search and reasonable inquiry but has no documents to produce, and that Defendant will produce documents based on its continued obligation to supplement discovery responses. However, that is not good enough as outlined in the Motion. Further, how long must Plaintiff wait for Defendant to supplement its production based on its continued obligation to do so. With the discovery cut-off approaching, Plaintiff is left with the only choices being to either wait until July 8, 2022, and hope Defendant magically produces responsive documents, or as Plaintiff has done, initiate meet and confer communications to demand production

and file the current Motion to Compel when Defendant predictably refuses. The fact that the case is running up against the July 8, 2022, discovery cut-off and these documents still have not been produced is entirely the fault of Defendant.

More recently, after a long and arduous process attempting to secure the most basic of protective orders, in an Order dated June 22, 2022, the Court denied Defendant's motion to compel, granted Plaintiffs Motion for a Protective Order, and awarded Plaintiff $25,717.50 in sanctions against Defendants. [*See*, dkt. 122] In the Order, the Court states, "Defendant fails to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery." [*See*, dkt. 122, pg 4 of 6] Thus, the Court has already recognized that Defendant's dilatory tactics in failing to respond to Plaintiff's attempts to enter a protective order have stifled the discovery process.  Likewise, Defendants should not now be able to benefit from these delay tactics in producing highly relevant and responsive documents.

Moreover, the Court should grant this *ex parte* application and not allow the discovery cut-off to work to the benefit of Defendants because the order granting Plaintiff's motion for protective order makes an order requiring Defendant to serve responsive documents within fourteen (14) days of the date of the order, which would be July 6, 2022.  If Defendant's fail to comply with that order by July 6, 2022 (which is a real possibility), surely Defendant cannot successfully argue Plaintiff cannot file a necessary motion to compel based on the July 8, 2022, discovery cut-off. This would be an inequitable result, allowing Defendant to benefit from its dilatory tactics and failure to adequately respond and participate in the discovery process.  In the same fashion, the identical analysis should be applied to the present motion to compel because Defendants have had over eight months to fully and completely respond to RFP's and produce documents but have delayed requiring the present and prior motions.

///

In light of the above, Plaintiff requests a discretionary order from the Court allowing Plaintiff's Motion, filed on June 29, 2022, to be heard on shortened notice and advanced to a date before the discovery cut-off of July 8, 2022, or in the alternative, heard on an *ex parte* basis.

2. **Plaintiff Will Suffer Irreparable Injury or Prejudice Not Attributable to Lack of Diligence**

If the Court is not willing to use its discretion, *ex parte* relief is appropriate because failure to grant the requested relief would cause Diaz irreparable prejudice, and because Heredia created this unnecessary crisis.

*Ex parte* relief is appropriate when, as here: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedure," and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 12-F (*ex parte* orders in connection with sealing confidential evidence being lodged are proper).

To demonstrate irreparable prejudice, the moving party must show, as here, that "drastic harm is threatened." *Mission Power Eng'g Co.*, 883 F. Supp. at 492. When such a showing is made, "then it is sufficient to show that there are close issues [under the merits of the underlying motion] that justify the court's review before the party suffers the harm." *Id*. To show that the moving party is "without fault," requires "more than a showing that the other party is the sole wrongdoer." *Id*. at 493. Instead, as here, it requires a showing that the non-moving party "creat[ed] the crisis—the necessity for bypassing regular motion procedures[.]" *Id*.

To begin, if the Court grants this *ex parte* application and either hears the Motion on shortened notice, or on an *ex parte* basis ahead of the July 8, 2022, discovery cut-off, Defendant will suffer absolutely no prejudice whatsoever. If the motion is heard then either it will be granted and Plaintiff will have to comply by actually performing

a diligent search and reasonable inquiry of locations within Defendant's possession, custody or control to locate and produce responsive documents, or it will be denied and Defendant will have to take no further action. Either way, there is no prejudice. If the Motion is heard and granted, a court order requiring Defendant to comply with already in place discovery obligations is not prejudice. Contrarily, allowing Defendant to benefit from the fortuitous discovery cut-off date to shirk its discovery obligations would result in ample prejudice to Plaintiff.

More importantly, Plaintiff will suffer irreparable injury or prejudice if the *ex parte* application is not granted due to a crisis entirely caused by Heredia. Having already obtained an order from this Court on March 4, 2022, requiring Defendant to supplement his responses to Diaz's First Request for Production of Documents, and to produce all responsive documents without objection, in the Motion, Diaz has taken issue with Defendant's continued failure to sufficiently respond to and produce actual documents responsive to RFP Nos. 12 and 18-20, as ordered. These requests seek all accounting records and bank records relating either to Heredia's management of Diaz or Heredia's compensation received relating to Diaz. As the Court has already ruled, these records are highly relevant to the claims asserted by Diaz against Heredia, including but not limited to, Diaz's claim for an Accounting. Without accounting records and bank records, which rest solely in the possession, custody or control of Heredia, Diaz will be absolutely precluded from obtaining evidence that he is entitled to obtain to establish the Accounting and other claims in the operative complaint, and left with no recourse at mediation and trial. As the Court specifically held, "The request seeks a narrow class of documents related to accounting records specifically related to Defendant's management of Plaintiff. Accordingly, the Court does not find the requests are overbroad or disproportionate to the needs of the case."

In his Second Supplemental responses, Heredia flatly ignored his duty under Rule 26 to conduct a "diligent search" or "reasonable inquiry" into the existence of accounting or bank records requested in RFP's 12 and 18-20. See Ujhelyi v. Vilsack,

No. C 12-04282 JSW, 2014 WL 4983550, at *4 (N.D. Cal. Oct. 6, 2014); see also, e.g., Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("Defendant must do more than merely assert that the search [for responsive documents] was conducted with due diligence"). Instead, Heredia merely changed his initial deficient responses to include the phrase "diligent search and reasonable inquiry." This is insufficient and evasive. Per the authority cited above, Heredia must do more than merely assert that the search for documents was conducted with due diligence. Heredia must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession, custody or control to allow this Court to determine whether Heredia actually made a reasonable inquiry and exercised due diligence.

As demonstrated, and as pointed out in meet and confer efforts pursued by Plaintiff for months prior to filing the Motion and present *ex parte* application, there simply must be responsive documents to the RFPs at issue in Heredia's possession, *custody or control*. To date, to justify the non-production, Heredia's counsel has denied that any responsive documents are in Heredia's possession. However, the diligent search and reasonable inquiry does not stop there and must be performed of potential third parties where responsive documents might exist within Heredia's legal control, such as Heredia's banking institutions or accountants. As has been explained to Heredia's counsel, Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts. These and similar responsive documents within Heredia's possession, custody or control must be identified and produced.

///

Similarly, Heredia repeatedly states that "investigation is ongoing." However, in response to the RFPs, Heredia was required to conduct an investigation and a diligent search and produce responsive documents in his possession, custody or control from the outset (these RFP's were initially served on October 18, 2021!). Heredia has now had over eight months to conduct an investigation into any documents responsive to these requests, but has either (1) failed to undertake the required diligent search to locate and produce such documents; or (2) is inappropriately withholding them.  Heredia's Second Supplemental responses and failure to produce the requested documents are inappropriate and patronizing, and demonstrate that he is not taking his discovery obligations or this Court's Order seriously. Heredia has no right to withhold responsive documents or fail to conduct the required search for documents within his custody or control and therefore has failed to comply with the Court's Order.

At the meeting of counsel, as well as in extensive meet and confer correspondence, Diaz explained that he believed Heredia's production of documents, or lack thereof, was inadequate.  Diaz specifically explained that Heredia has produced no accounting or bank records in response to RFPs 12 and 18-20, and specifically highlighted the RFPs and deficient responses *verbatim* to Heredia's counsel. Diaz advised that it needed all of Heredia's responsive accounting and bank records as requested and if there was no agreement to supplement, Diaz would be forced to again raise the issue with the Court. Heredia's response that he does not have any documents responsive to RFP 12 (aside from the one page produced) and 18-20 strains credulity. Diaz has continuously explained that it is not possible for no documents responsive to the aforementioned requests to exist and that a thorough search and inquiry must be made to obtain and produce responsive documents by Heredia. Despite explaining to Heredia how to resolve these disputes, the responses to RFPs 12 and 18-20 remain inadequate, and Heredia has yet to produce a single additional responsive document since the Court ordered Heredia to do so.

Diaz asserts there is good cause to grant the requested ex parte relief based on the demonstrated irreparable prejudice it will suffer due to a crisis caused by Heredia's delay tactics and failure to obey court order, and that the fault for this *ex parte* relief rests solely with Defendant.  However, in the event the Court is inclined to find that Diaz was partially at fault for creating the need for the *ex parte* relief requested, Diaz asserts in the alternative that the need for the requested *ex parte* relief arose due to excusable neglect such that the *ex parte* relief should be granted.  As demonstrated, Diaz duly met and conferred *for months* with Heredia in an effort to secure the supplemental responses and document production without resorting to once again burdening the Court, while simultaneously dealing with other pressing issues such as the opposing Heredia's failed motion to compel, and moving for a protective order when Heredia failed to respond to Diaz's myriad of attempts to communicate with counsel to secure a protective order.  While Diaz continues to assert that the need for this *ex parte* relief is entirely the fault of Heredia, if the court is not convinced, Diaz asserts excusable neglect justified the relief requested here.

If Defendants are permitted to hide behind their deficient, unverified response to RFP's, and assert the discovery deadline precludes them from actually performing a diligent search and reasonable inquiry and producing these essential documents, when it was Defendant's own delay tactics and disobedience of a Court order that caused this emergency, Plaintiff will suffer irreparable injury and prejudice as Plaintiff will be forever barred from obtaining significant and crucial evidence to support its claims, evidence that was clearly sought in written discovery and ordered by this court to be produced.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant this *ex parte* application for an order shortening the notice period prescribed by L.R. 37-3 and advancing the date to hear Plaintiff's motion to compel further verified responses to first set of requests for production of documents from Defendant Ralph

Heredia, and for sanctions pursuant to F.R.C.P., Rule 37, or in the alternative, to hear the Motion on an *ex parte* basis per L.R. 37-3.

*Respectfully submitted*,

Dated:  July 1, 2022                              **VGC, LLP**

                                         By:  */s/ Andrew D. White*
                                              James L. Greeley
                                              Diyari Vázquez
                                              Andrew D. White
                                              Gina Simas
                                              Attorneys for Plaintiff,
                                              JOSEPH DIAZ, JR.

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL

## **CERTIFICATE OF SERVICE**

I, Jacqueline Gidney, hereby certify that on July 1, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: <u>July 1, 2022</u>

By: <u>*/s/ Jacqueline Gidney*</u>
        Jacqueline Gidney

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR MOTION TO COMPEL