James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
  awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> <u>HON. KENLY KIYA KATO</u> <br><br> **[DISCOVERY MATTER]** <br><br> **DECLARATION OF ANDREW WHITE IN SUPPORT OF PLAINTIFF'S FIRST *EX PARTE* APPLICATION FOR AN ORDER SHORTENTING THE NOTICE PERIOD TO HEAR PLAINTIFF'S MOTION TO COMPEL FURTHER VERIFIED RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS PURSUANT TO F.R.C.P. RULE 37, OR TO HEAR MOTION ON EX PARTE BASIS** <br><br> Discovery Cut-Off Date: July 8, 2022 <br> Pre-Trial Conference Date: Nov. 18, 2022 <br> Trial Date: December 5, 2022 |

I, Andrew D. White, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz"). I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto. I make this declaration in support of Plaintiff's first *ex parte* application for an order shortening the notice period to hear Plaintiff's motion to compel further verified responses to first set of requests for production of documents, for production of documents, and for sanctions from Defendant Ralph Heredia, or in the alternative, to hear the motion on an *ex parte* basis.

2. Plaintiff filed a Motion to Compel (the "Motion") in compliance with L.R. 37 with this Court on June 29, 2022 [See Dkt. No. 123-1]. Because L.R. 37-3 requires a noticed motion to be heard at least twenty-one days after filing of the motion, the motion was set to be heard on July 21, 2022, which was the first available date for a hearing on the Motion. Attached as **Exhibit "A,"** is a true and correct copy of Plaintiff's Motion to Compel filed on June 29, 2022.

3. The discovery cut-off in this matter was continued by stipulation of the parties to July 8, 2022. [See Dkt. No. 112] On March 21, 2022, the Court entered an order continuing pretrial and trial deadlines per stipulation of the parties. This order continued the discovery cut-off to July 8, 2022.

4. After a long and diligent effort to meet and confer with Defendant pursuant to L.R. 37-1, which is documented in this ex parte application and in the Motion (despite Defendant's effort to re-write history in is portion of the Joint Stipulation), I was forced to prepare a Joint Stipulation pursuant to L.R. 37-2.

5. The parties duly met and conferred on the issues leading up the filing of the Motion. On June 8, 2022, Plaintiff's counsel sent Heredia's counsel an email to confirm the substance of an April 13, 2022, teleconference, and to advise that the

present motion to compel and request for sanctions would be filed. Attached as **Exhibit "B,"** is a true and correct copy of Ms. Vazquez' email to Defendant's counsel.

6. On June 20, 2022, Plaintiff sent Defendant the Joint Stipulation together with all declarations and exhibits to be offered to review and provide Defendant's responsive portion within seven days per L.R. 37-2.2. Attached as **Exhibit "C,"** is a true and correct copy of my email to Defendant's counsel sending the Joint Stipulation et al.

7. At 9:16 a.m. on the morning of June 27, 2022, Defendant's last day to respond, and after a myriad of meet and confer efforts had gone by the wayside, instead of providing Defendant's portion of the Joint Stipulation, *for the very first time* Defendant responded by demanding that Plaintiff withdraw the Joint Stipulation because the Joint Stipulation/Motion to Compel allegedly could not be heard under regular notice on or before the current discovery cut off of July 8, 2022. Defendant posited "It is untimely and its untimeliness cannot be rectified." In an attempt to strong arm Plaintiff, Defendant provided Plaintiff's counsel until 11:00 a.m. that same morning, less than 1 hour and 45 minutes, to comply by withdrawing the Joint Stipulation. Attached as **Exhibit "D,"** is a true and correct copy of Defendant's counsel's June 27, 2022, email to me demanding withdrawal of the Joint Stipulation.

8. On Jun 27, 2022, I responded to Defendant's demand to withdraw the stipulation due to purported untimeliness. In my response I declined to withdraw the Joint Stipulation and requested Defendant to provide its portion to the Joint Stipulation. In the same correspondence, I also advised Defendant that pursuant to L.R. 7-19.1, due to the emergency nature of the relief requested on the Joint Stipulation/Motion to Compel, and in light of Plaintiff's position, that Plaintiff intended to move ex parte for an order shortening time to hear the Joint Stipulation/Motion. Attached as **Exhibit "E,"** is a true and correct copy of my June 27, 2022, email to Defendant's counsel responding to the demand to withdraw the Joint Stipulation.

9. The responses and documents requested in the Motion are essential to the prosecution of Plaintiff's case against Heredia and include documents such as bank records and accounting records that this Court has already found to be highly relevant and discoverable. There is a mediation scheduled on July 19, 2022, and for there to be any chance to resolve this matter thereat such documents must be produced beforehand.

10. In compliance with L.R. 7-19 and 7-19.1, on June 29, 2022, I sent an email to Heredia's counsel to notify counsel of the substance of this ex parte application. In my email, due the urgent nature of the ex parte application, I asked Heredia's counsel to advise when they were available on June 30, 2022, for a call per L.R. 7-19.1 to orally advise counsel of the date and substance of the proposed ex parte application and to confirm whether or not Heredia's counsel opposed the application. I advised counsel that if we did not hear back in response to my email by 5:00 p.m. PST on June 30, 2022, that I would assume counsel had no interest in participating in an L.R. 7-19.1 phone call and that counsel fully understood the date and substance of the proposed ex parte application. I asked that regardless of whether or not a call occurred, for counsel to advise whether or not they opposed the ex parte application. A true and correct copy of my email to Heredia's counsel dated June 29, 2022, is attached hereto as **Exhibit "F."**

11. Heredia's counsel responded by email at 4:43 p.m. PST on June 30, 2022, to advise that counsel opposed the ex parte application, and confirmed they did not require a phone conference per L.R. 7-19.1.

12. Opposing counsel's contact information per L.R. 7-19 is as follows:

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (Pro Hac Vice)
emontalvo@fedpractice.com
**Federal Practice Group**

14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905; (202) 862-4360

13. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed July 1, 2022 in Santa Monica, California.

/s/ Andrew D. White
ANDREW D. WHITE

4

**CERTIFICATE OF SERVICE**

I, Jacqueline Gidney, hereby certify that on July 1, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: July 1, 2022                     By:  */s/ Jacqueline Gidney*
                                                   Jacqueline Gidney