James L. Greeley (SBN 218975)
    jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
    dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
    awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff*
JOSEPH DIAZ, JR.

Rajan O. Dhungana (SBN: 297794)
    rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
    emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendants*
RALPH HEREDIA AND HEREDIA BOXING MANAGEMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | Case No. 5:20-cv-02332-JWH-KK |
| Plaintiff, | HON. KENLY KIYA KATO |
| v. | **[DISCOVERY MATTER]** |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | **LOCAL RULE 37-2.1 JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER VERIFIED RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS PURSUANT TO F.R.C.P. RULE 37; REQUEST FOR SANCTIONS IN THE AMOUNT OF $16,455.00** |
| Defendants. | |

Discovery Cut-Off Date: July 8, 2022
Pre-Trial Conference Date: Nov. 18, 2022
Trial Date: December 5, 2022

## TABLE OF CONTENTS

Page

I.  **INTRODUCTION**………………………………………………………..…1

A.  Plaintiffs' Introductory Statement……………………………..…....……1

B.  Defendant's Introductory Statement…………………………...…....……….. 3

II.  **ARGUMENT**………………………………………….…………………4

A.  Heredia's Argument..………………………………….…………… ………....4

  1.  Diaz' Motion is Untimely Under the Court's Scheduling
     Order...………………………………………………..…… ……………4

  2.  Diaz Again Failed To Comply with the Local Rules Prior to Bringing his
     Motion..…………………...……………………..… …………………………4

III.  **DISCOVERY AT ISSUE**………....……………………...…………………..……7

  **REQUEST FOR PRODUCTION NO. 12**…………....…………..………..……7

  Supplemental Response………..……………………………………….…...7

  Second Supplemental Response…….....……… …..…………………….…...7

  Plaintiff's Argument for Compelled Further Response…………………………7

  Defendant's Argument………………………………………………..…………..12

    A.  Heredia Conducted a Diligent Search and Reasonable Inquiry for
       Documents Responsive to RFP No. 12, and Will Continue To
       Abide by his Duty To Supplement……………………………....12

  **REQUEST FOR PRODUCTION NO. 18**…………....…………………..……14

  Supplemental Response………..………………………………..…….. …..…14

  Second Supplemental Response…….....……… …..…………………….……14

  Plaintiff's Argument for Compelled Further Response…………………………14

  Defendant's Argument………………………………………………..…………..19

    A.  Heredia Conducted a Diligent Search and Reasonable Inquiry for
       Documents Responsive to RFP No. 18, and Will Continue To
       Abide by his Duty To Supplement...……………….…………..19

  **REQUEST FOR PRODUCTION NO. 19**…………....…………………..……21

  Supplemental Response………..………………………………..…….. …..…21

  Second Supplemental Response…….....……… …..…………………….……21

  Plaintiff's Argument for Compelled Further Response…………………………21

Defendant's Argument…………………………………….…………..26

    A.    Heredia Conducted a Diligent Search and Reasonable Inquiry for Documents Responsive to RFP No. 19, and Will Continue To Abide by his Duty To Supplement………………………….26

**REQUEST FOR PRODUCTION NO. 20**…………...…..………………..……28

Supplemental Response……………...…………………………….. …..…..28

Second Supplemental Response……...……… ….…..……………………….28

Plaintiff's Argument for Compelled Further Response…………………………28

Defendant's Argument…………………………………….…………..33

    A.    Heredia Conducted a Diligent Search and Reasonable Inquiry for Documents Responsive to RFP No. 20, and Will Continue To Abide by his Duty To Supplement………………………….33

**IV.**    **PLAINTIFF'S REQUEST FOR SANCTIONS**…………….…….…………… 35

    A.    Diaz's Argument……………………………………………….35

        **1.**    The Court Should Issue Monetary Sanctions Against Heredia and His Counsel for Their Failure to Comply with their Discovery Obligations....35

        2.    The Court Should Issue Evidentiary Sanctions Against Heredia and His Counsel for Their Failure to Obey this Court's Order…………..………36

            i.    Rule 37(c) Exclusionary Sanctions are an Appropriate Remedy for Defendant's Repeated Violations of Rule 26 ………..………….37

            ii.    Defendant Consciously Disregarded His Rule 26 Obligations…..38

            iii.    Defendant's Failure to Search His Records and Supplement His Production Was Neither Harmless Nor Justified……………..…39

            iv.    Defendant's Counsel has Failed to Fulfill His Obligation to Ensure Defendant Diligently Searched for Documents…………..….…40

    B.    Defendant's Argument……………………………………….…...42

        1.    No Sanctions Are Warranted Against Heredia or His Counsel…………42

**V.**    **CONCLUSION**……………………………………………....43

    A.    Diaz's Conclusion……………………………………………….43

    B.    Heredia's Conclusion……………………………………..……..44

## I.      INTRODUCTION

Pursuant to Local Rule 37-2.1, Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz") and Defendant Ralph Heredia ("Defendant" or "Heredia") submit this Joint Stipulation regarding:

1) Plaintiff's Motion to Compel further verified responses by Defendant Ralph Heredia in response to Plaintiff's First Request for Production of Documents ("RFPs") Nos. 12 and 18-20, and to compel full and complete production of documents by Heredia; and

2) For monetary, evidentiary and contempt sanctions against Defendant Ralph Heredia and his counsel of record as permitted by Federal Rules of Civil Procedure ("Rule") 37(a)(5)(A), 37(b)(2)(A & C), and 37(c)(1).

### A.      Plaintiffs' Introductory Statement:

A boxing manager is a fiduciary who is supposed to be wholly devoted to his or her client's best interests and who has a professional, legal, and ethical responsibility to handle a boxer's business affairs with care and trust.  Heredia did not do this for Plaintiff.  Heredia manipulated, exploited, and stole from Plaintiff in violation of both state law and the federal Muhammad Ali Boxing Reform Act ("Ali Act"). To gather information necessary to prosecute his claims, on or about October 18, 2021, Diaz served his RFPs on Heredia. (See Declaration of Andrew White ("White Decl.") ¶ 2, Ex. A.) On November 17, 2021, Heredia responded to this discovery. (Id. ¶ 3, Ex. B.) Notably, in response to 57 of the 58 Requests, all of which the Court found are relevant, Heredia stated "Defendant is currently not aware of whether there are any potentially responsive documents withheld in response to this request." Heredia failed to produce a single document in response to these Requests. As a result of Defendant's abuse of the discovery process, and after the lengthy and, unfortunately, unsuccessful meet and confer process with Heredia, on February 11, 2022, Diaz filed a motion seeking to compel Heredia's supplemental responses to: (1) Special Interrogatories, Set One, and

(2) Requests Nos. 1 through 58. (Id. ¶ 4, Dkt. 96.) On March 4, 2022, the Court granted in part and denied in part Diaz's motion (the "Order"). (Id. ¶ 5, Ex. C) The Court specifically ordered Defendant to serve within 14 days of the Order, "supplemental responses to Requests for Production Nos…12, 17-32…, without objection, and produce all responsive documents as well as a privilege log for any document withheld on the basis of attorney-client privilege or attorney work product doctrine." (Id. ¶ 6) On March 18, 2022, Defendant served an unverified supplemental response to Diaz's RFPs. (Id. ¶ 7, Ex. D.)  In this "supplemental response," Defendant *failed to comply* with the Order to produce responsive documents to RFPs 12[1] and 18-20, and based on Defendant's insufficient response, it remains unclear what, if anything, Defendant has done to fulfill its discovery obligation to diligently search for and inquire about documents responsive to the RFPs. (Id. ¶ 8)

Plaintiff's counsel has done all it can to meet and confer with Heredia's counsel in an effort to avoid the filing of this motion to compel.  In an effort to avoid having to bring this motion, on April 4, 2022, Plaintiff's counsel sent an email to Heredia's counsel detailing the deficiencies and requested a telephonic meet and confer. (Id. ¶ 9, Ex. E.) Thereafter, on April 13, 2022, counsel participated in a telephonic meet and confer. (Id. ¶10.) During the telephone conference, Defendant's counsel represented that Heredia did not have any further responsive documents to RFP's 12 and 18-20. (Id.) Heredia's counsel did not provide any specific details regarding what efforts were made to fulfill Heredia's and his counsel's obligation to perform a diligent search and reasonable inquiry to obtain and produce responsive documents within his possession, custody or control. (Id.) Plaintiff's counsel informed Heredia's counsel that it found the assertion that no documents exist within Heredia's possession, custody or control

---

[1] Heredia produced *a single one-page document* allegedly responsive to RFP No. 12, but otherwise failed to produce a single document responsive to the RFP's at issue. The response and production are still woefully incomplete.

to be impossible, and explained why this must be the case. (Id.) On June 8, 2022, Plaintiff's counsel sent Heredia's counsel an email to confirm the substance of the April 13, 2022, teleconference, and to advise that the present motion to compel and request for sanctions would be filed. (Id. ¶11, Ex. F.) Unfortunately, despite Plaintiff's efforts to meet and confer with Heredia, he refuses to fulfill his discovery obligations and this Court's Order, which has necessitated this motion. (Id. ¶12.)

Heredia has willfully obstructed discovery at every turn and, despite numerous prior agreements to supplement and produce, has simply ignored this Court's Order, and Diaz's repeated demands that Defendant comply with his discovery obligations. As such, Diaz respectfully requests that the Court issue an order compelling Heredia to serve further, verified responses to RFP's 12 and 18-20, and fully and completely produce *all* non-privileged and responsive documents, and impose sanctions against Heredia and his counsel, including monetary sanctions in the amount of $16,455.00 as required by Rule 37(b)(2)(C), as well as evidentiary and contempt sanctions permitted by Rule 37(b)(2)(A)(ii & vii) and Rule 37(c)(1).

### B.    Defendant's Introductory Statement:

Diaz' motion should be denied, and Heredia's counsel awarded its fees and costs hereunder, for two independently sufficient reasons: (1) Diaz cannot timely present his motion under the current scheduling order, which requires all discovery motions to be heard by July 8, 2022, and (2) Diaz' counsel have failed to comply (again) with the local rules' meet and confer requirements.  Substantively, Diaz' motion must fail as Diaz' argument rests on an erroneous premise.  These points are detailed below.

On March 18, 2022, Defendant Ralph Heredia ("Heredia") supplemented his discovery responses pursuant to the Court's March 4 Order.  (ECF 107)  Despite Heredia's compliance, Plaintiff Diaz ("Diaz") simply does not like four of them because they do not fit the erroneous theory of Diaz' case.  Diaz asks the Court to compel answers he will like better.

Diaz did not raise his concerns under Local Rule 37-1's meet-and-confer process prescribed by Local Rule 37-1, by "serv[ing] a letter requesting such conference" and arranging the meet and confer conference as the moving party.  It is indisputable that the April 13 conference Diaz references herein was arranged by Heredia's counsel, pursuant to Heredia's meet and confer letter detailing Diaz' deficient discovery responses.

Instead of complying with the local rules, Diaz' counsel instead sent Heredia's counsel an email advising that they did not believe Heredia.  That email did not "identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."  L.R. 37-1.

Diaz chose to file this Motion to Compel in an attempt to force Heredia to conjure up documents for which Heredia has already looked, and now seeks sanctions against Heredia and Heredia's counsel for not having documents that Diaz contends Heredia should have.  This gamesmanship, combined with Diaz' continuing disregard for the Court's local rules, is a drain on already limited Court and attorney resources, is meritless, and is itself sanctionable.  Diaz' motion to compel should be denied, and the Court should sanction Diaz and his counsel for bringing this matter before the Court in violation of the local rules.

## II.    ARGUMENT

### A.    Heredia's Argument

#### 1.    Diaz' Motion is Untimely Under the Court's Scheduling Order

Discovery cutoff is July 8 2022, by which among other things all discovery motions must be heard.  (ECF 95 p.4.)  Local Rule 37-3 requires the motion to compel to be "noticed to be heard…at least twenty-one days after the filing of the motion."  Judge Holcomb's motions are heard on Fridays.  Standing Order Paragraph 9.a.  To

4

comply with Local Rule 37-3 and Judge Holcomb's standing order, Diaz would have had to file the motion to compel no later than June 17, 2022 (21 days prior to discovery cutoff).  He did not do so.

Counsel for Heredia pointed this out to Diaz' counsel by email the morning of June 27, inviting them to withdraw their joint stipulation and not go forward with their motion. Heredia's Exh. A, attached.  Diaz' counsel responded with ad hominem attacks against Heredia's counsel, rather than addressing the substance of counsel's email, i.e., that Diaz' counsel were imminently filing a motion that they knew to be untimely. That email contained other attacks and statements, which may or may not be addressed as events develop.

Because Diaz has filed a motion that he knows is untimely, it should be denied out of hand and Heredia's counsel should be awarded their attorneys' fees in responding to it.

## 2.   Diaz Again Failed To Comply with the Local Rules Prior to Bringing his Motion

Diaz' April 4, 2022 meet-and-confer e-mail is woefully insufficient and wholly fails to comport with the letter and spirit of the local rules.  Local Rule 37-1 requires a letter, not an email, by the moving party that "must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."  Diaz' counsel failed to take this required step.

Setting aside the form of the communication, the email did not contain the information required by Local Rule 37-1: it did not provide legal authority for all the concerns raised in this Joint Stipulation, and it did not state what issue Diaz had with Heredia's RFP responses. Instead, Diaz tries now to shoehorn the April 13 meet and

///

confer, properly noticed and scheduled by Heredia's counsel, to cover their failure to follow the local rules.

Despite the deficient form and substance of Diaz' counsels' April 4, 2022 e-mail, there is a yet larger problem.  That email makes no mention whatsoever of Diaz' apparent concern that Heredia did not describe the contours of his diligent search and reasonable inquiry.  That e-mail simply stated that "Third, we continue to believe that Heredia's production of documents is inadequate…Is it Heredia's contention that he has no accounting records, bank records relating to either his management of Diaz or his compensation received relating to Diaz? We find this implausible." See Diaz' Exh. E.  Thus, even if the Court disregards Diaz' counsels' failure to comply with their meet and confer obligations, the communique on which they base their argument to compel further production does not comport with the local rules.

Heredia was surprised by the arguments in Diaz' Joint Stipulation.  There was never any mention in any communication from Diaz' counsel or in any discussion among counsel as to Diaz' apparent belief that Heredia did not describe his diligent search and reasonable inquiry well enough.

Even so, Heredia's supplemental responses to the disputed requests state that he made "a diligent search and reasonable inquiry."  Heredia also acknowledged his continuing obligation to supplement his responses in accordance with the local rules.

Heredia urges the Court to deny Diaz' motion to compel summarily for Diaz' failure to follow the local rules yet again.  As stated in Rogers at 477,

> A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion. Scheinuck v. Sepulveda, No. C 09-0727 WHA (PR), 2010 WL 5174340, at *1-2, 2010 U.S. Dist. LEXIS 136529, at *3-4 (N.D.Cal. Dec. 15, 2010); see Shaw v. Cnty. of San Diego, No. 06-CV-2680-IEG (POR), 2008 U.S. Dist. LEXIS 80508, at *3-4 (S.D.Cal. Oct. 9, 2008) (denying plaintiff's motion to compel for failing to attempt to meet and confer.) Nonetheless, courts can still decide a motion on the merits despite a failure to meet and confer. See Marine Group, LLC v. Marine Trvelift, Inc., No. 10cv846-BTM (KSC), 2012 WL 1155971, at *2-3, 2012 U.S. Dist. LEXIS 49064, at *6-7 (S.D.Cal. Apr. 6, 2012) (explaining

failure to meet and confer is grounds for denying a motion, but still addressing the merits).

In this instance, Diaz' counsel should know better than to raise an issue for the first time in a motion to compel's joint stipulation in violation of this Court's local rules. Any meet-and-confer that did occur was necessarily incomplete when looked at in the entire context of Diaz' motion to compel, with a foundation sorely lacking in procedure and substance, as well as failing to provide notice to Heredia of "each issue" in dispute. Diaz' motion to compel should be denied on this ground alone.

## III.   DISCOVERY AT ISSUE

## REQUEST FOR PRODUCTION NO. 12:

All accounting records relating to YOUR management of DIAZ.

**Supplemental Response:**

Since 2017, Defendant has not been Diaz' manager and therefore is currently unaware of any documents since that time period responsive to this request. Subject to the foregoing, please see Bates No. 675.

**Second Supplemental Response:**

After a diligent search and reasonable inquiry, Heredia has identified no additional documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

Having already obtained an order from this Court requiring Defendant to supplement his responses to Diaz's First Request for Production of Documents ("RFP"), and to produce all responsive documents without objection, Diaz takes issue with Defendant's continued failure to sufficiently respond to and produce actual documents responsive to RFP Nos. 12 and 18-20, as ordered. These requests seek all accounting records and bank records relating either to Heredia's management of Diaz or Heredia's compensation received relating to Diaz. As the Court has already ruled, these records are highly relevant to the claims asserted by Diaz against Heredia, including but not limited to, Diaz's claim for an Accounting. Without accounting

7

records and bank records, which rest solely in the possession, custody or control of Heredia, Diaz will be absolutely precluded from obtaining evidence that he is entitled to obtain to establish the Accounting and other claims in the operative complaint, and left with no recourse. As the Court specifically held, "The request seeks a narrow class of documents related to accounting records specifically related to Defendant's management of Plaintiff. Accordingly, the Court does not find the requests are overbroad or disproportionate to the needs of the case."

Heredia initially responded by asserting various objections, which were all overruled by this Court, and asserted he is not aware of any responsive documents within his custody and control.  In his initial Supplemental Response, Defendant improperly limited this Request to documents "since 2017." This Request asks for "all accounting records" relating to Defendant's management of Diaz. As such, there is no limitation on the time period. In the Order granting Diaz's motion to compel relating to these RFPs, this response was deemed insufficient by this Court. The court ruled, "He has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; See also Burnett, 2016 WL 3392263, at *6." However, instead of actually performing a diligent search and reasonable inquiry to locate documents responsive to these RFPs and producing them as required by the Order, or providing any specificity as to what search or inquiry may have been made, on March 18, 2022 (the last day to comply with the Order), Heredia served an unverified Second Supplemental response in which Heredia has done the *absolute bare minimum* to respond by merely adding the phrase "After a diligent search and reasonable inquiry" to his responses, and producing no documents whatsoever.  This is clearly a superficial and patronizing effort to make an end run around the Order which required Heredia to fulfill his obligation to undertake a diligent search and reasonable inquiry and produce highly relevant documents that *must exist* in Heredia's possession, custody or control. In response to this Request,

8

Defendant produced *only one doc*ument: Bates No 675, which, allegedly, is a handwritten agreement for repayment of debts between Defendant and Diaz. It strains credulity that Defendant has no other accounting record relating to his management of Diaz. Heredia's gamesmanship should not be condoned.  Indeed, Rule 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). The Rules require a party responding to requests for production to make "a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'" Rogers v. Giurbino, 288 F.R.D.  469, 485 (S.D. Cal. 2012) (quoting Marti v. Baires, 2012 WL 2029720, at *19-20 (E.D. Cal. June 5, 2012) and citing Uribe v. McKesson, No. 1:08-cv-1285-DMS-NLS, 2010 WL 892093, at *1 (E.D. Cal. Mar. 8, 2010)).

To comply with the discovery rules, Defendant must confirm that he has made a thorough search for responsive documents using due diligence. If Defendant does not find responsive documents after a thorough search using due diligence, he must state so in response to each category or item requested. Rogers, 288 F.R.D. at 485 (citing 7 James Wm. Moore, et al., Moore's Federal Practice, §§ 34.13[2][a], at 34–57 and 34.14[2][a], at 34–73 (footnotes omitted)). Further, in responding to each request, Defendant is not limited to those documents within his possession. To be sure, under Rule 34, documents sought in discovery motions must be within the 'possession, custody or control' of the party upon whom the request is served.  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus.Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). Therefore, Rule 34 does not

9

1  require the party to have actual possession of responsive documents and a party may

2  be ordered to produce documents that are in the possession of third parties "if that

3  party has the legal right to obtain the document or has control over the entity that has

4  possession of the document." See Soto, 162 F.R.D. at 619 (citing Buckley v. Vidal,

5  50 F.R.D. 271, 274 (S.D. N.Y. 1970)).   This may require Defendant to obtain

6  documents from third parties (such as his bank) in order to comply with his discovery

7  obligations.

8      In his Second Supplemental responses, Heredia flatly ignored his duty under

9  Rule 26 to conduct a "diligent search" or "reasonable inquiry" into the existence of

10  accounting or bank records requested in RFP's 12 and 18-20. See Ujhelyi v. Vilsack,

11  No. C 12-04282 JSW, 2014 WL 4983550, at *4 (N.D. Cal. Oct. 6, 2014); see also,

12  e.g., Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("Defendant must do

13  more than merely assert that the search [for responsive documents] was conducted

14  with due diligence"). Instead, Heredia merely changed his initial deficient responses

15  to include the phrase "diligent search and reasonable inquiry." This is insufficient and

16  evasive. Per the authority cited above, Heredia must do more than merely assert that

17  the search for documents was conducted with due diligence. Heredia must state what

18  efforts he underwent to search for the documents and the reason(s) why no documents

19  exist and/or are not in his possession, custody or control to allow this Court to

20  determine whether Heredia actually made a reasonable inquiry and exercised due

21  diligence.

22      As demonstrated, and as pointed out in meet and confer efforts pursued by

23  Plaintiff prior to filing the present motion, there simply must be responsive documents

24  to the RFPs at issue in Heredia's possession, *custody or control*. To date, to justify the

25  non-production, Heredia's counsel has denied that any responsive documents are in

26  Heredia's possession. However, the diligent search and reasonable inquiry does not

27  stop there and must be performed of potential third parties where responsive

28

documents might exist within Heredia's legal control, such as Heredia's banking institutions or accountants. As has been explained to Heredia's counsel, Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts. These and similar responsive documents within Heredia's possession, custody or control must be identified and produced.

Similarly, Heredia repeatedly states that "investigation is ongoing." However, in response to the RFPs, Heredia was required to conduct an investigation and a diligent search and produce responsive documents in his possession, custody or control from the outset. Heredia has now had over six months to conduct an investigation into any documents responsive to these requests, but has either (1) failed to undertake the required diligent search to locate and produce such documents; or (2) is inappropriately withholding them.  Heredia's Second Supplemental responses and failure to produce the requested documents are inappropriate and patronizing, and demonstrate that he is not taking his discovery obligations or this Court's Order seriously. Heredia has no right to withhold responsive documents or fail to conduct the required search for documents within his custody or control and therefore has failed to comply with the Court's Order. This Court should enter an order requiring Heredia to serve further, verified responses to this RFP, and a *full and complete* production of responsive documents in Heredia's possession, custody or control.

At the meeting of counsel, as well as in extensive meet and confer correspondence, Diaz explained that he believed Heredia's production of documents, or lack thereof, was inadequate.  Diaz specifically explained that Heredia has produced no accounting or bank records in response to RFPs 12 and 18-20, and specifically

highlighted the RFPs and deficient responses *verbatim* to Heredia's counsel. Diaz advised that it needed all of Heredia's responsive accounting and bank records as requested and if there was no agreement to supplement, Diaz would be forced to again raise the issue with the Court. Heredia's response that he does not have any documents responsive to RFP 12 (aside from the one page produced) and 18-20 strains credulity. Diaz has continuously explained that it is not possible for no documents responsive to the aforementioned requests to exist and that a thorough search and inquiry must be made to obtain and produce responsive documents by Heredia. Despite explaining to Heredia how to resolve these disputes, the responses to RFPs 12 and 18-20 remain inadequate, and Heredia has yet to produce a single additional responsive document since the Court ordered Heredia to do so.

**Defendant's Argument:**

**A.    Heredia Conducted a Diligent Search and Reasonable Inquiry for Documents Responsive to RFP No. 12, and Will Continue To Abide by his Duty To Supplement**

Diaz' portion of the Joint Stipulation is a rambling, incoherent document to which Heredia is not even sure what Diaz' concern is.  Is it, as Diaz states, that Heredia "ignored his duty under Rule 26 to conduct a 'diligent search' or 'reasonable inquiry'?"  If so, then Diaz already answered that question elsewhere in the Joint Stipulation – Diaz agrees that Heredia said he conducted a diligent search and a reasonable inquiry.

Diaz even admits that "[i]ndeed, Rule 34(b)(2)(B) requires the responding party to […] state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry")."  Diaz doubles down on this argument, stating that "[t]o comply with the discovery rules, Defendant must confirm that he has made a thorough search for responsive documents using due

///

1   diligence. If Defendant does not find responsive documents after a thorough search
2   using due diligence, he must state so in response to each category or item requested."

3       Looked at through Diaz' own lens, Heredia's responses to the RFPs at issue in
4   this Joint Stipulation are precisely what is required by Diaz' own argument.  Heredia's
5   second supplemental responses to those RFPs begin with his stating: "After a diligent
6   search and reasonable inquiry…" While Diaz might not like the answers, they are
7   truthful and complete.  If Diaz' argument is that he does not believe Heredia, there is
8   nothing Heredia can do about that.

9       Diaz obliquely suggests that Heredia should have described his diligent search
10  and reasonable inquiry, instead of just stating that he made one.  Diaz' citation to
11  unpublished caselaw for this proposition is inapposite.  For example, in the
12  unpublished case of Ujhelyi v. Vilsack, No. C 12-04282 JSW, 2014 WL 4983550
13  (N.D. Cal. Oct. 6, 2014) to which Diaz cited, the defendant outlined the contours of
14  his diligent search and described what he found, and where.  That defendant was in a
15  much different situation than Heredia. "The Court concludes that Secretary Vilsack
16  made a diligent effort to search for and produce responsive documents.  Rather than
17  merely asserting that he conducted a diligent search, Secretary Vilsack describes his
18  search with specificity by listing the documents he found and in some cases, where he
19  found them."  Id. at 7.  Nowhere does that case state that the scope of the diligent
20  search must be described when nothing responsive is found.

21      While Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) does state that
22  where no responsive documents are found, a party must briefly describe the search to
23  allow the Court to determine whether it was reasonable, this argument is raised by
24  Diaz for the first time in the Joint Stipulation and should not be entertained by the
25  Court because it was not part of any meet-and-confer process that occurred in
26  connection with the instant motion to compel.
27  ///
28

13

Diaz' complaint with Heredia this time appears to simply be that Diaz does not like the answers he received from Heredia: "Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts."

These arguments do nothing more than assert Diaz' belief that Heredia has additional responsive documents.  However, Heredia has already conducted a diligent search and reasonable inquiry, and produced what he found.  The instant motion is nothing more than an attempt to burden Heredia based on Diaz' unsupported arguments.

Finally, the Court's March 4, 2022 order did not require verified supplemental responses to the RFPs.  Heredia did precisely what he was ordered to do and what is required under the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any boxing match that DIAZ has participated in.

**Supplemental Response:**

Defendant is currently unaware of any documents responsive to this request.

**Second Supplemental Response:**

After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

Having already obtained an order from this Court requiring Defendant to supplement his responses to Diaz's First Request for Production of Documents ("RFP"), and to produce all responsive documents without objection, Diaz takes issue

14

with Defendant's continued failure to sufficiently respond to and produce actual documents responsive to RFP Nos. 12 and 18-20, as ordered.  These requests seek all accounting records and bank records relating either to Heredia's management of Diaz or Heredia's compensation received relating to Diaz. As the Court has already ruled, these records are highly relevant to the claims asserted by Diaz against Heredia, including but not limited to, Diaz's claim for an Accounting. Without accounting records and bank records, which rest solely in the possession, custody or control of Heredia, Diaz will be absolutely precluded from obtaining evidence that he is entitled to obtain to establish the Accounting and other claims in the operative complaint, and left with no recourse. As the Court specifically held, "The request seeks a narrow class of documents related to accounting records specifically related to Defendant's management of Plaintiff. Accordingly, the Court does not find the requests are overbroad or disproportionate to the needs of the case."

Heredia initially responded by asserting various objections, which were all overruled by this Court, and asserted he is not aware of any responsive documents within his custody and control.  In the Order granting Diaz's motion to compel relating to these RFPs, this response was deemed insufficient by this Court. The court ruled, "He has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; See also Burnett, 2016 WL 3392263, at *6." However, instead of actually performing a diligent search and reasonable inquiry to locate documents responsive to these RFPs and producing them as required by the Order, or providing any specificity as to what search or inquiry may have been made, on March 18, 2022 (the last day to comply with the Order), Heredia served an unverified Second Supplemental response in which Heredia has done the *absolute bare minimum* to respond by merely adding the phrase "After a diligent search and reasonable inquiry" to his responses, and producing no documents whatsoever.  This is clearly a superficial and patronizing effort to make an

15

end run around the Order which required Heredia to fulfill his obligation to undertake a diligent search and reasonable inquiry and produce highly relevant documents that *must exist* in Heredia's possession, custody or control. Heredia's gamesmanship should not be condoned.

Indeed, Rule 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). The Rules require a party responding to requests for production to make "a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'" Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (quoting Marti v. Baires, 2012 WL 2029720, at *19-20 (E.D. Cal. June 5, 2012) and citing Uribe v. McKesson, No. 1:08-cv-1285-DMS-NLS, 2010 WL 892093, at *1 (E.D. Cal. Mar. 8, 2010)).

To comply with the discovery rules, Defendant must confirm that he has made a thorough search for responsive documents using due diligence. If Defendant does not find responsive documents after a thorough search using due diligence, he must state so in response to each category or item requested. Rogers, 288 F.R.D. at 485 (citing 7 James Wm. Moore, et al., Moore's Federal Practice, §§ 34.13[2][a], at 34–57 and 34.14[2][a], at 34–73 (footnotes omitted)). Further, in responding to each request, Defendant is not limited to those documents within his possession. To be sure, under Rule 34, documents sought in discovery motions must be within the 'possession, custody or control' of the party upon whom the request is served. Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus.Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). Therefore, Rule 34 does not

16

require the party to have actual possession of responsive documents and a party may be ordered to produce documents that are in the possession of third parties "if that party has the legal right to obtain the document or has control over the entity that has possession of the document." See Soto, 162 F.R.D. at 619 (citing Buckley v. Vidal, 50 F.R.D. 271, 274 (S.D. N.Y. 1970)).   This may require Defendant to obtain documents from third parties (such as his bank) in order to comply with his discovery obligations.

In his Second Supplemental responses, Heredia flatly ignored his duty under Rule 26 to conduct a "diligent search" or "reasonable inquiry" into the existence of accounting or bank records requested in RFP's 12 and 18-20. See Ujhelyi v. Vilsack, No. C 12-04282 JSW, 2014 WL 4983550, at *4 (N.D. Cal. Oct. 6, 2014); see also, e.g., Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("Defendant must do more than merely assert that the search [for responsive documents] was conducted with due diligence"). Instead, Heredia merely changed his initial deficient responses to include the phrase "diligent search and reasonable inquiry." This is insufficient and evasive. Per the authority cited above, Heredia must do more than merely assert that the search for documents was conducted with due diligence. Heredia must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession, custody or control to allow this Court to determine whether Heredia actually made a reasonable inquiry and exercised due diligence.

As demonstrated, and as pointed out in meet and confer efforts pursued by Plaintiff prior to filing the present motion, there simply must be responsive documents to the RFPs at issue in Heredia's possession, *custody or control*. To date, to justify the non-production, Heredia's counsel has denied that any responsive documents are in Heredia's possession. However, the diligent search and reasonable inquiry does not stop there and must be performed of potential third parties where responsive

17

documents might exist within Heredia's legal control, such as Heredia's banking institutions or accountants. As has been explained to Heredia's counsel, Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts. These and similar responsive documents within Heredia's possession, custody or control must be identified and produced.

Similarly, Heredia repeatedly states that "investigation is ongoing." However, in response to the RFPs, Heredia was required to conduct an investigation and a diligent search and produce responsive documents in his possession, custody or control from the outset. Heredia has now had over six months to conduct an investigation into any documents responsive to these requests, but has either (1) failed to undertake the required diligent search to locate and produce such documents; or (2) is inappropriately withholding them.  Heredia's Second Supplemental responses and failure to produce the requested documents are inappropriate and patronizing, and demonstrate that he is not taking his discovery obligations or this Court's Order seriously. Heredia has no right to withhold responsive documents or fail to conduct the required search for documents within his custody or control and therefore has failed to comply with the Court's Order. This Court should enter an order requiring Heredia to serve further, verified responses to this RFP, and a *full and complete* production of responsive documents in Heredia's possession, custody or control.

At the meeting of counsel, as well as in extensive meet and confer correspondence, Diaz explained that he believed Heredia's production of documents, or lack thereof, was inadequate.  Diaz specifically explained that Heredia has produced no accounting or bank records in response to RFPs 12 and 18-20, and specifically

highlighted the RFPs and deficient responses *verbatim* to Heredia's counsel. Diaz advised that it needed all of Heredia's responsive accounting and bank records as requested and if there was no agreement to supplement, Diaz would be forced to again raise the issue with the Court. Heredia's response that he does not have any documents responsive to RFP 12 (aside from the one page produced) and 18-20 strains credulity. Diaz has continuously explained that it is not possible for no documents responsive to the aforementioned requests to exist and that a thorough search and inquiry must be made to obtain and produce responsive documents by Heredia. Despite explaining to Heredia how to resolve these disputes, the responses to RFPs 12 and 18-20 remain inadequate, and Heredia has yet to produce a single additional responsive document since the Court ordered Heredia to do so.

**Defendant's Argument:**

> **A.   Heredia Conducted a Diligent Search and Reasonable Inquiry for Documents Responsive to RFP No. 18, and Will Continue To Abide by his Duty To Supplement**

Diaz' portion of the Joint Stipulation is a rambling, incoherent document to which Heredia is not even sure what Diaz' concern is.  Is it, as Diaz states, that Heredia "ignored his duty under Rule 26 to conduct a 'diligent search' or 'reasonable inquiry'?"  If so, then Diaz already answered that question elsewhere in the Joint Stipulation – Diaz agrees that Heredia said he conducted a diligent search and a reasonable inquiry.

Diaz even admits that "[i]ndeed, Rule 34(b)(2)(B) requires the responding party to […] state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry")."  Diaz doubles down on this argument, stating that "[t]o comply with the discovery rules, Defendant must confirm that he has made a thorough search for responsive documents using due

///

19

diligence. If Defendant does not find responsive documents after a thorough search using due diligence, he must state so in response to each category or item requested."

Looked at through Diaz' own lens, Heredia's responses to the RFPs at issue in this Joint Stipulation are precisely what is required by Diaz' own argument. Heredia's second supplemental responses to those RFPs begin with his stating: "After a diligent search and reasonable inquiry…" While Diaz might not like the answers, they are truthful and complete. If Diaz' argument is that he does not believe Heredia, there is nothing Heredia can do about that.

Diaz obliquely suggests that Heredia should have described his diligent search and reasonable inquiry, instead of just stating that he made one. Diaz' citation to unpublished caselaw for this proposition is inapposite. For example, in the unpublished case of Ujhelyi v. Vilsack, No. C 12-04282 JSW, 2014 WL 4983550 (N.D. Cal. Oct. 6, 2014) to which Diaz cited, the defendant outlined the contours of his diligent search and described what he found, and where. That defendant was in a much different situation than Heredia. "The Court concludes that Secretary Vilsack made a diligent effort to search for and produce responsive documents. Rather than merely asserting that he conducted a diligent search, Secretary Vilsack describes his search with specificity by listing the documents he found and in some cases, where he found them." Id. at 7. Nowhere does that case state that the scope of the diligent search must be described when nothing responsive is found.

While Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) does state that where no responsive documents are found, a party must briefly describe the search to allow the Court to determine whether it was reasonable, this argument is raised by Diaz for the first time in the Joint Stipulation and should not be entertained by the Court because it was not part of any meet-and-confer process that occurred in connection with the instant motion to compel.

///

20

Diaz' complaint with Heredia this time appears to simply be that Diaz does not like the answers he received from Heredia: "Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts."

These arguments do nothing more than assert Diaz' belief that Heredia has additional responsive documents.  However, Heredia has already conducted a diligent search and reasonable inquiry, and produced what he found.  The instant motion is nothing more than an attempt to burden Heredia based on Diaz' unsupported arguments.

Finally, the Court's March 4, 2022 order did not require verified supplemental responses to the RFPs.  Heredia did precisely what he was ordered to do and what is required under the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any sponsorship that DIAZ has participated in.

**Supplemental Response:**

Defendant is currently unaware of any documents responsive to this request.

**Second Supplemental Response:**

After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

Having already obtained an order from this Court requiring Defendant to supplement his responses to Diaz's First Request for Production of Documents ("RFP"), and to produce all responsive documents without objection, Diaz takes issue

21

with Defendant's continued failure to sufficiently respond to and produce actual documents responsive to RFP Nos. 12 and 18-20, as ordered.  These requests seek all accounting records and bank records relating either to Heredia's management of Diaz or Heredia's compensation received relating to Diaz. As the Court has already ruled, these records are highly relevant to the claims asserted by Diaz against Heredia, including but not limited to, Diaz's claim for an Accounting. Without accounting records and bank records, which rest solely in the possession, custody or control of Heredia, Diaz will be absolutely precluded from obtaining evidence that he is entitled to obtain to establish the Accounting and other claims in the operative complaint, and left with no recourse. As the Court specifically held, "The request seeks a narrow class of documents related to accounting records specifically related to Defendant's management of Plaintiff. Accordingly, the Court does not find the requests are overbroad or disproportionate to the needs of the case."

Heredia initially responded by asserting various objections, which were all overruled by this Court, and asserted he is not aware of any responsive documents within his custody and control.  In the Order granting Diaz's motion to compel relating to these RFPs, this response was deemed insufficient by this Court. The court ruled, "He has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; See also Burnett, 2016 WL 3392263, at *6." However, instead of actually performing a diligent search and reasonable inquiry to locate documents responsive to these RFPs and producing them as required by the Order, or providing any specificity as to what search or inquiry may have been made, on March 18, 2022 (the last day to comply with the Order), Heredia served an unverified Second Supplemental response in which Heredia has done the *absolute bare minimum* to respond by merely adding the phrase "After a diligent search and reasonable inquiry" to his responses, and producing no documents whatsoever.  This is clearly a superficial and patronizing effort to make an

end run around the Order which required Heredia to fulfill his obligation to undertake a diligent search and reasonable inquiry and produce highly relevant documents that *must exist* in Heredia's possession, custody or control. Heredia's gamesmanship should not be condoned.

Indeed, Rule 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). The Rules require a party responding to requests for production to make "a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'" Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (quoting Marti v. Baires, 2012 WL 2029720, at *19-20 (E.D. Cal. June 5, 2012) and citing Uribe v. McKesson, No. 1:08-cv-1285-DMS-NLS, 2010 WL 892093, at *1 (E.D. Cal. Mar. 8, 2010)).

To comply with the discovery rules, Defendant must confirm that he has made a thorough search for responsive documents using due diligence. If Defendant does not find responsive documents after a thorough search using due diligence, he must state so in response to each category or item requested. Rogers, 288 F.R.D. at 485 (citing 7 James Wm. Moore, et al., Moore's Federal Practice, §§ 34.13[2][a], at 34–57 and 34.14[2][a], at 34–73 (footnotes omitted)). Further, in responding to each request, Defendant is not limited to those documents within his possession. To be sure, under Rule 34, documents sought in discovery motions must be within the 'possession, custody or control' of the party upon whom the request is served. Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus.Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). Therefore, Rule 34 does not

23

require the party to have actual possession of responsive documents and a party may be ordered to produce documents that are in the possession of third parties "if that party has the legal right to obtain the document or has control over the entity that has possession of the document." See <u>Soto</u>, 162 F.R.D. at 619 (citing <u>Buckley v. Vidal</u>, 50 F.R.D. 271, 274 (S.D. N.Y. 1970)).   This may require Defendant to obtain documents from third parties (such as his bank) in order to comply with his discovery obligations.

In his Second Supplemental responses, Heredia flatly ignored his duty under Rule 26 to conduct a "diligent search" or "reasonable inquiry" into the existence of accounting or bank records requested in RFP's 12 and 18-20. <u>See</u> <u>Ujhelyi v. Vilsack</u>, No. C 12-04282 JSW, 2014 WL 4983550, at *4 (N.D. Cal. Oct. 6, 2014); <u>see also</u>, e.g., <u>Rogers v. Giurbino</u>, 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("Defendant must do more than merely assert that the search [for responsive documents] was conducted with due diligence"). Instead, Heredia merely changed his initial deficient responses to include the phrase "diligent search and reasonable inquiry." This is insufficient and evasive. Per the authority cited above, Heredia must do more than merely assert that the search for documents was conducted with due diligence. Heredia must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession, custody or control to allow this Court to determine whether Heredia actually made a reasonable inquiry and exercised due diligence.

As demonstrated, and as pointed out in meet and confer efforts pursued by Plaintiff prior to filing the present motion, there simply must be responsive documents to the RFPs at issue in Heredia's possession, *custody or control*. To date, to justify the non-production, Heredia's counsel has denied that any responsive documents are in Heredia's possession. However, the diligent search and reasonable inquiry does not stop there and must be performed of potential third parties where responsive

documents might exist within Heredia's legal control, such as Heredia's banking institutions or accountants. As has been explained to Heredia's counsel, Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts. These and similar responsive documents within Heredia's possession, custody or control must be identified and produced.

Similarly, Heredia repeatedly states that "investigation is ongoing." However, in response to the RFPs, Heredia was required to conduct an investigation and a diligent search and produce responsive documents in his possession, custody or control from the outset. Heredia has now had over six months to conduct an investigation into any documents responsive to these requests, but has either (1) failed to undertake the required diligent search to locate and produce such documents; or (2) is inappropriately withholding them.  Heredia's Second Supplemental responses and failure to produce the requested documents are inappropriate and patronizing, and demonstrate that he is not taking his discovery obligations or this Court's Order seriously. Heredia has no right to withhold responsive documents or fail to conduct the required search for documents within his custody or control and therefore has failed to comply with the Court's Order. This Court should enter an order requiring Heredia to serve further, verified responses to this RFP, and a *full and complete* production of responsive documents in Heredia's possession, custody or control.

At the meeting of counsel, as well as in extensive meet and confer correspondence, Diaz explained that he believed Heredia's production of documents, or lack thereof, was inadequate.  Diaz specifically explained that Heredia has produced no accounting or bank records in response to RFPs 12 and 18-20, and specifically

25

highlighted the RFPs and deficient responses *verbatim* to Heredia's counsel. Diaz advised that it needed all of Heredia's responsive accounting and bank records as requested and if there was no agreement to supplement, Diaz would be forced to again raise the issue with the Court. Heredia's response that he does not have any documents responsive to RFP 12 (aside from the one page produced) and 18-20 strains credulity. Diaz has continuously explained that it is not possible for no documents responsive to the aforementioned requests to exist and that a thorough search and inquiry must be made to obtain and produce responsive documents by Heredia. Despite explaining to Heredia how to resolve these disputes, the responses to RFPs 12 and 18-20 remain inadequate, and Heredia has yet to produce a single additional responsive document since the Court ordered Heredia to do so.

**Defendant's Argument:**

**A.     Heredia Conducted a Diligent Search and Reasonable Inquiry for Documents Responsive to RFP No. 19, and Will Continue To Abide by his Duty To Supplement**

Diaz' portion of the Joint Stipulation is a rambling, incoherent document to which Heredia is not even sure what Diaz' concern is.  Is it, as Diaz states, that Heredia "ignored his duty under Rule 26 to conduct a 'diligent search' or 'reasonable inquiry'?"  If so, then Diaz already answered that question elsewhere in the Joint Stipulation – Diaz agrees that Heredia said he conducted a diligent search and a reasonable inquiry.

Diaz even admits that "[i]ndeed, Rule 34(b)(2)(B) requires the responding party to […] state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry")."  Diaz doubles down on this argument, stating that "[t]o comply with the discovery rules, Defendant must confirm that he has made a thorough search for responsive documents using due

///

diligence. If Defendant does not find responsive documents after a thorough search using due diligence, he must state so in response to each category or item requested."

Looked at through Diaz' own lens, Heredia's responses to the RFPs at issue in this Joint Stipulation are precisely what is required by Diaz' own argument. Heredia's second supplemental responses to those RFPs begin with his stating: "After a diligent search and reasonable inquiry…" While Diaz might not like the answers, they are truthful and complete. If Diaz' argument is that he does not believe Heredia, there is nothing Heredia can do about that.

Diaz obliquely suggests that Heredia should have described his diligent search and reasonable inquiry, instead of just stating that he made one. Diaz' citation to unpublished caselaw for this proposition is inapposite. For example, in the unpublished case of Ujhelyi v. Vilsack, No. C 12-04282 JSW, 2014 WL 4983550 (N.D. Cal. Oct. 6, 2014) to which Diaz cited, the defendant outlined the contours of his diligent search and described what he found, and where. That defendant was in a much different situation than Heredia. "The Court concludes that Secretary Vilsack made a diligent effort to search for and produce responsive documents. Rather than merely asserting that he conducted a diligent search, Secretary Vilsack describes his search with specificity by listing the documents he found and in some cases, where he found them." Id. at 7. Nowhere does that case state that the scope of the diligent search must be described when nothing responsive is found.

While Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) does state that where no responsive documents are found, a party must briefly describe the search to allow the Court to determine whether it was reasonable, this argument is raised by Diaz for the first time in the Joint Stipulation and should not be entertained by the Court because it was not part of any meet-and-confer process that occurred in connection with the instant motion to compel.

///

Diaz' complaint with Heredia this time appears to simply be that Diaz does not like the answers he received from Heredia: "Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts."

These arguments do nothing more than assert Diaz' belief that Heredia has additional responsive documents. However, Heredia has already conducted a diligent search and reasonable inquiry, and produced what he found. The instant motion is nothing more than an attempt to burden Heredia based on Diaz' unsupported arguments.

Finally, the Court's March 4, 2022 order did not require verified supplemental responses to the RFPs. Heredia did precisely what he was ordered to do and what is required under the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including but not limited to bank records, reflecting YOUR compensation relating to any revenue generated by DIAZ through any means.

**Supplemental Response:**

Defendant is currently unaware of any documents responsive to this request.

**Second Supplemental Response:**

After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request.

**Plaintiff's Argument for Compelled Further Response:**

Having already obtained an order from this Court requiring Defendant to supplement his responses to Diaz's First Request for Production of Documents ("RFP"), and to produce all responsive documents without objection, Diaz takes issue

28

with Defendant's continued failure to sufficiently respond to and produce actual documents responsive to RFP Nos. 12 and 18-20, as ordered.  These requests seek all accounting records and bank records relating either to Heredia's management of Diaz or Heredia's compensation received relating to Diaz. As the Court has already ruled, these records are highly relevant to the claims asserted by Diaz against Heredia, including but not limited to, Diaz's claim for an Accounting. Without accounting records and bank records, which rest solely in the possession, custody or control of Heredia, Diaz will be absolutely precluded from obtaining evidence that he is entitled to obtain to establish the Accounting and other claims in the operative complaint, and left with no recourse. As the Court specifically held, "The request seeks a narrow class of documents related to accounting records specifically related to Defendant's management of Plaintiff. Accordingly, the Court does not find the requests are overbroad or disproportionate to the needs of the case."

Heredia initially responded by asserting various objections, which were all overruled by this Court, and asserted he is not aware of any responsive documents within his custody and control.  In the Order granting Diaz's motion to compel relating to these RFPs, this response was deemed insufficient by this Court. The court ruled, "He has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia, 2012 WL 2119157, at *10; See also Burnett, 2016 WL 3392263, at *6." However, instead of actually performing a diligent search and reasonable inquiry to locate documents responsive to these RFPs and producing them as required by the Order, or providing any specificity as to what search or inquiry may have been made, on March 18, 2022 (the last day to comply with the Order), Heredia served an unverified Second Supplemental response in which Heredia has done the *absolute bare minimum* to respond by merely adding the phrase "After a diligent search and reasonable inquiry" to his responses, and producing no documents whatsoever.  This is clearly a superficial and patronizing effort to make an

29

end run around the Order which required Heredia to fulfill his obligation to undertake a diligent search and reasonable inquiry and produce highly relevant documents that *must exist* in Heredia's possession, custody or control. Heredia's gamesmanship should not be condoned.

Indeed, Rule 34(b)(2)(B) requires the responding party to state that it will agree to produce the requested materials or state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry"). The Rules require a party responding to requests for production to make "a reasonable inquiry to determine whether responsive documents exist, and if they do not, the 'party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.'" Rogers v. Giurbino, 288 F.R.D.  469, 485 (S.D. Cal. 2012) (quoting Marti v. Baires, 2012 WL 2029720, at *19-20 (E.D. Cal. June 5, 2012) and citing Uribe v. McKesson, No. 1:08-cv-1285-DMS-NLS, 2010 WL 892093, at *1 (E.D. Cal. Mar. 8, 2010)).

To comply with the discovery rules, Defendant must confirm that he has made a thorough search for responsive documents using due diligence. If Defendant does not find responsive documents after a thorough search using due diligence, he must state so in response to each category or item requested. Rogers, 288 F.R.D. at 485 (citing 7 James Wm. Moore, et al., Moore's Federal Practice, §§ 34.13[2][a], at 34–57 and 34.14[2][a], at 34–73 (footnotes omitted)). Further, in responding to each request, Defendant is not limited to those documents within his possession. To be sure, under Rule 34, documents sought in discovery motions must be within the 'possession, custody or control' of the party upon whom the request is served.  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus.Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). Therefore, Rule 34 does not

30

require the party to have actual possession of responsive documents and a party may be ordered to produce documents that are in the possession of third parties "if that party has the legal right to obtain the document or has control over the entity that has possession of the document." See <u>Soto</u>, 162 F.R.D. at 619 (citing <u>Buckley v. Vidal</u>, 50 F.R.D. 271, 274 (S.D. N.Y. 1970)).   This may require Defendant to obtain documents from third parties (such as his bank) in order to comply with his discovery obligations.

In his Second Supplemental responses, Heredia flatly ignored his duty under Rule 26 to conduct a "diligent search" or "reasonable inquiry" into the existence of accounting or bank records requested in RFP's 12 and 18-20. <u>See</u> <u>Ujhelyi v. Vilsack</u>, No. C 12-04282 JSW, 2014 WL 4983550, at *4 (N.D. Cal. Oct. 6, 2014); <u>see also</u>, e.g., <u>Rogers v. Giurbino</u>, 288 F.R.D. 469, 485 (S.D. Cal. 2012) ("Defendant must do more than merely assert that the search [for responsive documents] was conducted with due diligence"). Instead, Heredia merely changed his initial deficient responses to include the phrase "diligent search and reasonable inquiry." This is insufficient and evasive. Per the authority cited above, Heredia must do more than merely assert that the search for documents was conducted with due diligence. Heredia must state what efforts he underwent to search for the documents and the reason(s) why no documents exist and/or are not in his possession, custody or control to allow this Court to determine whether Heredia actually made a reasonable inquiry and exercised due diligence.

As demonstrated, and as pointed out in meet and confer efforts pursued by Plaintiff prior to filing the present motion, there simply must be responsive documents to the RFPs at issue in Heredia's possession, *custody or control*. To date, to justify the non-production, Heredia's counsel has denied that any responsive documents are in Heredia's possession. However, the diligent search and reasonable inquiry does not stop there and must be performed of potential third parties where responsive

31

documents might exist within Heredia's legal control, such as Heredia's banking institutions or accountants. As has been explained to Heredia's counsel, Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts. These and similar responsive documents within Heredia's possession, custody or control must be identified and produced.

Similarly, Heredia repeatedly states that "investigation is ongoing." However, in response to the RFPs, Heredia was required to conduct an investigation and a diligent search and produce responsive documents in his possession, custody or control from the outset. Heredia has now had over six months to conduct an investigation into any documents responsive to these requests, but has either (1) failed to undertake the required diligent search to locate and produce such documents; or (2) is inappropriately withholding them.  Heredia's Second Supplemental responses and failure to produce the requested documents are inappropriate and patronizing, and demonstrate that he is not taking his discovery obligations or this Court's Order seriously. Heredia has no right to withhold responsive documents or fail to conduct the required search for documents within his custody or control and therefore has failed to comply with the Court's Order. This Court should enter an order requiring Heredia to serve further, verified responses to this RFP, and a *full and complete* production of responsive documents in Heredia's possession, custody or control.

At the meeting of counsel, as well as in extensive meet and confer correspondence, Diaz explained that he believed Heredia's production of documents, or lack thereof, was inadequate.  Diaz specifically explained that Heredia has produced no accounting or bank records in response to RFPs 12 and 18-20, and specifically

highlighted the RFPs and deficient responses *verbatim* to Heredia's counsel. Diaz advised that it needed all of Heredia's responsive accounting and bank records as requested and if there was no agreement to supplement, Diaz would be forced to again raise the issue with the Court. Heredia's response that he does not have any documents responsive to RFP 12 (aside from the one page produced) and 18-20 strains credulity. Diaz has continuously explained that it is not possible for no documents responsive to the aforementioned requests to exist and that a thorough search and inquiry must be made to obtain and produce responsive documents by Heredia. Despite explaining to Heredia how to resolve these disputes, the responses to RFPs 12 and 18-20 remain inadequate, and Heredia has yet to produce a single additional responsive document since the Court ordered Heredia to do so.

**Defendant's Argument:**

### A. Heredia Conducted a Diligent Search and Reasonable Inquiry for Documents Responsive to RFP No. 20, and Will Continue To Abide by his Duty To Supplement

Diaz' portion of the Joint Stipulation is a rambling, incoherent document to which Heredia is not even sure what Diaz' concern is. Is it, as Diaz states, that Heredia "ignored his duty under Rule 26 to conduct a 'diligent search' or 'reasonable inquiry'?" If so, then Diaz already answered that question elsewhere in the Joint Stipulation – Diaz agrees that Heredia said he conducted a diligent search and a reasonable inquiry.

Diaz even admits that "[i]ndeed, Rule 34(b)(2)(B) requires the responding party to […] state inability to comply and reason for that inability (i.e., that no documents could be found after a "diligent search and reasonable inquiry")." Diaz doubles down on this argument, stating that "[t]o comply with the discovery rules, Defendant must confirm that he has made a thorough search for responsive documents using due

///

diligence. If Defendant does not find responsive documents after a thorough search using due diligence, he must state so in response to each category or item requested."

Looked at through Diaz' own lens, Heredia's responses to the RFPs at issue in this Joint Stipulation are precisely what is required by Diaz' own argument. Heredia's second supplemental responses to those RFPs begin with his stating: "After a diligent search and reasonable inquiry…" While Diaz might not like the answers, they are truthful and complete. If Diaz' argument is that he does not believe Heredia, there is nothing Heredia can do about that.

Diaz obliquely suggests that Heredia should have described his diligent search and reasonable inquiry, instead of just stating that he made one. Diaz' citation to unpublished caselaw for this proposition is inapposite. For example, in the unpublished case of Ujhelyi v. Vilsack, No. C 12-04282 JSW, 2014 WL 4983550 (N.D. Cal. Oct. 6, 2014) to which Diaz cited, the defendant outlined the contours of his diligent search and described what he found, and where. That defendant was in a much different situation than Heredia. "The Court concludes that Secretary Vilsack made a diligent effort to search for and produce responsive documents. Rather than merely asserting that he conducted a diligent search, Secretary Vilsack describes his search with specificity by listing the documents he found and in some cases, where he found them." Id. at 7. Nowhere does that case state that the scope of the diligent search must be described when nothing responsive is found.

While Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012) does state that where no responsive documents are found, a party must briefly describe the search to allow the Court to determine whether it was reasonable, this argument is raised by Diaz for the first time in the Joint Stipulation and should not be entertained by the Court because it was not part of any meet-and-confer process that occurred in connection with the instant motion to compel.

///

34

Diaz' complaint with Heredia this time appears to simply be that Diaz does not like the answers he received from Heredia: "Diaz strongly believes Heredia has either not performed the required diligent search and reasonable inquiry to locate, obtain and produce responsive documents within Heredia's possession, custody or control, or is inappropriately withholding responsive documents. At minimum, Heredia must have a bank account where he deposited the various checks written to him by Diaz and the monies paid to him by HBM from Diaz's bouts."

These arguments do nothing more than assert Diaz' belief that Heredia has additional responsive documents. However, Heredia has already conducted a diligent search and reasonable inquiry, and produced what he found. The instant motion is nothing more than an attempt to burden Heredia based on Diaz' unsupported arguments.

Finally, the Court's March 4, 2022 order did not require verified supplemental responses to the RFPs. Heredia did precisely what he was ordered to do and what is required under the Federal Rules of Civil Procedure.

## IV.   PLAINTIFF'S REQUEST FOR SANCTIONS

### A.   Diaz's Argument

#### 1.   The Court Should Issue Monetary Sanctions Against Heredia and His Counsel for Their Failure to Comply with their Discovery Obligations.

This Court should impose sanctions against Heredia for his repeated failure to provide discovery in this matter. According to Rule 37(a)(5), sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." Further, pursuant to Rule 37(b)(2)(C), monetary sanctions *must* be imposed against Heredia for Heredia's failure to obey this Court's March 4, 2022 Order. Here, the Court has already entered the Order overruling all of Heredia's objections and requiring Heredia to undertake a diligent search and

35

reasonable inquiry in order to adequately respond to the RFPs at issue, and to serve further responses and produce all responsive documents. (White Decl. ¶ 5, Ex. C.) Heredia is in contempt of this Court's order and has not provided sufficient supplemental responses, has failed to perform a diligent search and reasonable inquiry, and has failed to produce responsive documents, in direct contravention of the Court's Order. Heredia's lack of cooperation or observance of discovery rules and this Court's orders has rendered the discovery process unduly burdensome and unnecessarily expensive for Diaz and required the parties to occupy this Court's time and judicial resources.

As a result of Defendant's abuse of the discovery process, Diaz was forced to prepare this Stipulation and bring this Motion. Diaz has unnecessarily incurred attorney's fees and costs by engaging in futile efforts to meet and confer with Defendant's counsel and by filing this motion to compel. (White Decl. ¶¶ 18-22.) Heredia's willful and inexcusable disregard of his discovery obligations deserves the imposition of sanctions, as authorized in Rule 37(a)(5) and 37(b)(2)(C). All told, Defendants have already spent 21.6 hours preparing this motion and expect to spend and additional 7 in preparing a supplemental submission and attending the hearing in this matter, totaling approximately $16,445.00 in attorneys' fees. (White Decl., ¶¶ 18-22.)  In light of Heredia's refusal to comply with his discovery obligations and this Court's Order, Heredia and his counsel should be ordered to pay the entirety of this sum to Diaz as sanctions under Rule 37(a).

2. **The Court Should Issue Evidentiary Sanctions Against Heredia and His Counsel for Their Failure to Obey this Court's Order.**

In addition to monetary sanctions, Diaz seeks sanctions available pursuant to Rule 37(b)(2)(A)(ii) and Rule 37(b)(2)(A)(vii) for Heredia's failure to obey the Court's discovery Order. According to these Rules, if a party fails to obey an order to

///

36

provide or permit discovery, including an order pursuant to Rules 26(f), 35, or 37(a), the Court may issue orders including the following:

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Here, as demonstrated above, Heredia has directly failed to obey this Court's March 4, 2022 Order to serve sufficient supplemental responses to RFPs 12 and 18-20, without objection, and to produce all responsive documents. Instead, Heredia is playing games, superficially stating in supplemental responses that "a diligent search and reasonable inquiry" has been performed to locate responsive documents, while producing no further documents (documents which must exist). In responding this way, Heredia has provided no specific basis to allow Diaz or this Court to determine whether or not Heredia has actually fulfilled his duty to perform such a search. Clearly, it was Heredia's strategy to do the bare minimum to satisfy his discovery obligations and hope that Diaz would not continue to seek such relevant documents or bring the deficient second supplemental responses to the Court's attention.  In meet and confer efforts, Heredia's counsel has responded that his client is not in possession of responsive documents, but this assertion strains credulity. Heredia is obligated to perform a diligent search and reasonable inquiry of third parties which may have responsive documents that are legally under Heredia's control (such as Heredia's bank and accountants), and Heredia's counsel is obligated to proactively ensure such a search has been conducted.

As a result of Heredia's failure to obey the March 4, 2022 Order, Diaz requests the imposition of evidentiary sanctions per Rule 37(b)(2)(A)(ii) to prohibit Heredia from using any documents responsive to RFPs 12 and 18-20, that may be subsequently located, to support or oppose any claims or defenses, or from introducing such

37

documents into evidence.  In addition, or alternatively, as a result of Heredia's failure to obey the March 4, 2022 Order, Diaz requests the imposition contempt sanctions per Rule 37(b)(2)(A)(vii).

### i.  Rule 37(c) Exclusionary Sanctions are an Appropriate Remedy for Defendant's Repeated Violations of Rule 26.

Defendant's failure to search, let alone produce, documents as required by this Court is inexcusable and warrants sanctions under Rule 37(c). Defendant failed to disclose the existence of these documents throughout discovery. As a result of Defendant's failure to produce, or even review, documents that are responsive and relevant to key issues in this case, Plaintiff is now forced to litigate this case based on an incomplete record. Defendant's discovery misconduct under Rule 26, including his failure to conduct any search of responsive records and conscious disregard of its supplementation obligations and this Court's Order, should not be countenanced.

### ii.  Defendant Consciously Disregarded His Rule 26 Obligations.

Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1) sanctions have been described "as a 'self-executing,' 'automatic' sanction to 'provide a strong inducement for disclosure of material ....'" See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. P. 37 Advisory Committee Note (1993 Amendments)).

Defendant violated his discovery obligations by failing to search for, collect, and produce documents called for by Plaintiff's document requests. It is well established that the Rules "require parties to respond to discovery in good faith"; "the rules do not require or anticipate judicial involvement unless or until an actual dispute

is discovered." <u>Qualcomm Inc.</u>, 2008 WL 66932, at *9. The requirement that a party conduct a reasonable search of its records for responsive information is not a trivial aspect of Rule 26. Courts have held that a party has "an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control." <u>A. Farber & Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citation omitted; alterations in original). Such a "reasonable inquiry into the factual basis of [a party's] discovery responses ... require[s], at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]." <u>National Ass'n of Radiation Survivors v. Turnage</u>, 115 F.R.D. 543, 554-56 (N.D. Cal. 1987).

Here, Defendant violated his Rule 26 obligations by failing to take even the most basic of steps to identify, collect, and produce documents responsive to the RFPs. Rather than comply with its supplementation obligations, Defendant has chosen to simply repeatedly recite "After a diligent search and reasonable inquiry, Heredia has identified no documents responsive to this request." This is precisely the type of conduct that Rule 26 prohibits, and that Rule 37(c) was designed to prevent.

### iii.    Defendant's Failure to Search His Records and Supplement His Production Was Neither Harmless Nor Justified.

Defendant has offered no proof that he actually conducted any "diligent search and reasonable inquiry." Defendant's discovery misconduct has deprived Plaintiff of the opportunity to obtain evidence in Defendant's possession, custody or control on critical issues in this action.  Courts have confirmed that the failure to comply with Rule 26 obligations should lead to exclusion of testimony and documentary evidence on the same issues. <u>See</u>, <u>e.g.</u>, <u>Carson Cheng</u>, 2011 WL 13175663, at *12 (because

Defendants "wrongfully withheld" and "[did] not produce responsive design or engineering documents," court granted an evidentiary sanction "preventing Defendants from introducing opinion testimony or documents.)

Defendant's failure to produce this information was not "harmless." Defendant's failure to provide this information, has deprived Plaintiff from the opportunity to take written discovery and depositions concerning this information. See, e.g., XMission, L.C., 2016 WL 3562039, at *2 (describing harm from party's failure to produce documents it intended to use in opposition to summary judgment; forcing the requesting party to "respond to the opposition without a meaningful opportunity to analyze the information and develop its own evidence" was not a "satisfactory solution"). Such information is highly relevant and contains probative evidence on important issues in this litigation. Despite the fact that these documents were squarely called for by Plaintiff's RFPs, Defendant refuses to produce such documents simply (and falsely) stating they do not have any responsive documents. Accordingly, the Court should grant evidentiary sanctions under Rule 37(c).

### iv.   Defendant's Counsel has Failed to Fulfill His Obligation to Ensure Defendant Diligently Searched for Documents.

According to Rule 26(g)(1), discovery responses must also be signed by at least one attorney of record. By signing, the attorney is certifying that, to the best of their "knowledge, information, and belief formed after a reasonable inquiry," a "disclosure is complete and correct as of the time it is made" and, that a response or objection to a discovery request is:

(i) consistent with [the Rules] and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii)  not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii)  neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Rule 26(g) requires counsel to be "proactive in ensuring that his clients are conducting thorough and appropriate document searches, especially in light of obvious gaps and underproduction." Logtale, Ltd. v. IKOR, Inc., 2013 WL 3967750, at *2 (N.D. Cal. 2013). Under such circumstances, it is not enough for counsel to simply give instructions to his clients and count on them to fulfill their discovery obligations. The Rules place an *affirmative* obligation on an attorney to ensure that a client's search for responsive documents and information is complete. As the Advisory Committee's Note to Rule 26(g) states, "[t]he duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Therefore, where ... counsel notices obvious "gaps in the production" of documents by his clients, he is obligated to make a reasonable inquiry as to the thoroughness of that search. Id. (citations omitted).

Here, as set forth in detail above, there are obvious large "gaps" in Defendant's production, or lack thereof.  The gaps in producing any responsive accounting or bank records, as ordered by this Court, have been made clear to Defendant's counsel—who has ignored his continuing obligation to be proactive in ensuring his clients are conducting thorough and appropriate documents searches, but instead has repeatedly stonewalled Diaz by superficially representing a "diligent search and reasonable inquiry" has been made. Defendant's counsel's reliance on his client's representations that there are no responsive documents to these RFPs is not reasonable or appropriate under the circumstances.  Counsel has not done enough, if anything, to ensure that his

client's search for responsive documents and information is complete and his continued refusal to agree to proactively confirm the completeness is not reasonable or appropriate.  By signing the Second Supplemental responses at issue in the face of these failures, Defendant's counsel's conduct constitutes a violation of Rule 26, and sanctions should follow accordingly.

### B.   Defendant's Argument

#### 1.   No Sanctions Are Warranted Against Heredia or His Counsel

Diaz' request for sanctions is belied by the fact that: (1) Heredia did, in fact, conduct the required diligent search and reasonable inquiry, and said so in his second supplemental RFP responses, but found no responsive documents in his possession, custody, or control; and (2) Diaz' unhappiness with Heredia's second supplemental RFP responses is a function of the fundamental errors in his amended complaint, where he persists in claiming that Heredia was Diaz' boxing manager after 2012.  That the evidence is turning out not to fit Diaz' theory of his case is not grounds to sanction Heredia or his counsel.

Diaz' argument for sanctions presupposes that there are withheld documents. As demonstrated above, Heredia has already searched diligently and conducted a reasonable inquiry, and has found no additional documents.  No sanctions, therefore, should be imposed on Heredia or his counsel.

However, Heredia respectfully urges the Court to sanction Diaz and his counsel for their violation of the local rules by the improper manner by which they brought this dispute before the Court.  Diaz knowingly filed this motion untimely under the Scheduling Order, and raised issues not discussed among counsel prior to being included in this Joint Stipulation.  Local Rule 37-4 permits the Court to impose sanctions on Diaz for not complying with Local Rule 37-1.  "For violations of the local rules, sanctions may be imposed…"  Smith v. Frank, 923 F.2d 139, 142 (9th Cir. 1991).

# V.    CONCLUSION

## A.    Diaz's Conclusion

Continuing his pattern throughout this litigation, Heredia has willfully obstructed discovery at every turn and, despite the Court's March 4, 2022 Order, has failed to serve sufficient supplemental responses to RFPs 12 and 18-20, and has failed to produce all responsive documents.  Although Diaz directly addressed the bad faith discovery gamesmanship in prior meet and confer efforts, Heredia and his counsel have refused to obey the Court's Order, have refused to confirm that the requisite diligent search and reasonable inquiry has been made, and have refused to supplement the responses or produce all responsive documents. As a result, Diaz respectfully requests that the Court issue an order:

(1) Compelling Heredia to (a) serve verified supplemental responses to Diaz's First Request for Production of Documents, Requests Nos. 12 and 18-20, confirming with specificity and under the penalty of perjury that a diligent search and reasonable inquiry has been made to locate responsive documents, and (b) producing all responsive documents and information discovered pursuant to the diligent search and reasonable inquiry;

(2) Imposing significant monetary and evidentiary sanctions against Heredia and his counsel The Federal Practice Group; and

(3) Treating as contempt of court the failure of Heredia and his counsel to obey the March 4, 2022, order.

///

///

///

///

///

///

43

**B.**   **Heredia's Conclusion**

Heredia fully complied with the Court's March 4, 2022 order and all of his discovery obligations in this case.  The Court should deny Diaz' Motion to Compel summarily, and also sanction Diaz and Diaz' counsel for their disregard of the local rules and this Court's scheduling order.

*Respectfully submitted,*

Dated:  June 28, 2022          **VGC, LLP**

By:_____

James L. Greeley
Diyari Vázquez
Andrew D. White
Attorneys for Plaintiff
JOSEPH DIAZ, JR.


Dated:  June 28, 2022          **FEDERAL PRACTICE GROUP**

By:_____

Eric S. Montalvo
Rajan O. Dhungana
Attorneys for Defendants
Ralph Heredia and
Heredia Boxing Management

44

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTESTATION**

      Pursuant to Local Rule 5-4.3.4(a)(2)(i), this signatory attests that the other signatories listed, on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

                     By: *  /s/ Andrew D. White*
                                Andrew D. White

EXHIBIT A

**Laura Berry**

---

| | |
|---|---|
| **From:** | Rajan Dhungana |
| **Sent:** | Monday, June 27, 2022 4:05 PM |
| **To:** | Andrew White; Eric Montalvo; 'James Greeley'; 'Diyari Vazquez'; 'Gina Simas' |
| **Cc:** | Daisy Chung; Laura Berry; Saroja Koneru; Erik Cox; Cristina Lagarde |
| **Subject:** | RE: Diaz v. Heredia; Joint Stipulation Re: Plaintiff's Motion to Compel |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Counsel -- Thank you for your heartfelt email. Your intention to file a motion that you know will be untimely is unsupportable. You cannot lay your disregard of the scheduling order at our feet. It has been equally available since the Court entered it. You complain about our "failure" to notify you earlier of your failure to abide by the Court's scheduling order. In fact, we were not required to email you at all about this, but did so as a courtesy. We could have simply asserted our position in defendant's portion of the joint stipulation, which contrary to your assertion is not due by close of business, but by the end of the day. What your lengthy response fails to do is dispute the central point in Mr. Montalvo's email, namely, that your intended motion is untimely.

Further, your attempt to frame your failure to comply with the scheduling order as an "emergency" lacks support. As you know, "ex parte applications [are] solely for extraordinary relief." There is nothing extraordinary about these circumstances. Similar to your imminent discovery motion which you know to be untimely, you must know that your intended ex parte application does not justify extraordinary relief. By your own admission, you claim to have held the underlying position for weeks. Your failure timely to request appropriate relief cannot in any way be attributed to defendants or their counsel.

Your arguments about Mr. Heredia's supposed discovery failures are addressed in his portion of the joint stipulation, which will be sent shortly.

Finally, with respect to your statement about meeting and conferring to discuss a stipulation to extend the discovery deadline, we will respond tomorrow.



---

**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Monday, June 27, 2022 1:56 PM
**To:** Eric Montalvo <emontalvo@fedpractice.com>; 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>
**Cc:** Daisy Chung <DChung@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan

Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz v. Heredia; Joint Stipulation Re: Plaintiff's Motion to Compel

Eric,

The Joint Stipulation was not untimely. We attempted to meet and confer about Mr. Heredia's disobeyance of the Court's order and were repeatedly met with silence. On June 8, 2022, we emailed and advised you of the present motion and your office yet again ignored our communication. On June 20, 2022, we sent you the Joint Stipulation. Now, on June 27, 2022, you raise *for the very first time* this alleged issue of timeliness. Why did you fail to raise this issue on June 8, 2022 when we informed you that we would be making this motion? Further, for you to wait a full 7 days until the morning of the last day to respond, not by providing Heredia's portion of the Joint Stipulation, but instead to assert that a technicality based upon an agreed to discovery deadline precludes us from filing this motion is incredulous and indicative of the unreasonable obstacles we have faced securing even the most basic discovery in this matter from Heredia. Your email also does not address why your client has failed to produce the documents we are seeking or what has been done to even search for same from locations within your client's possession, custody or control. As you know, this discovery is absolutely necessary for the prosecution of this case. This motion could have been avoided if Heredia produced these documents—documents of which Heredia was expressly ordered by the Court to produce. Failure to do so renders Heredia in contempt.

As you know, we have been diligent in our efforts to secure the discovery responses and documents at issue in the present Joint Stipulation and motion to compel. We obtained a previous discovery order on March 9, 2022, which we thought was the order Diaz needed to obtain full and complete discovery responses and documents. We then did not receive Heredia's second supplemental responses and documents until March 18, 2022. Our review of the documents confirmed that certain responsive information had not been produced such as accounting and bank records. Our many good faith efforts to meet and confer with you since then to secure the necessary responses and documents were either met with silence or were unsuccessful, necessitating the current Stipulation. Our efforts to push for and implement a protective order are also ongoing due to your client's refusal to agree to the terms of a protective order.

Your attempts to avoid producing these incredibly relevant documents will not succeed. We will not withdraw the Joint Stipulation. Please send us Mr. Heredia's portion of the Joint Stipulation by COB pst today. Pursuant to L.R. 7-19.1, due to the emergency nature of the relief requested on the motion to compel, please take notice that we intend to move ex parte for an order shortening time for a hearing on the Joint Stipulation/motion. We will provide you with notice of the date/time for the ex parte hearing as soon as possible after receipt of your client's position re: the Joint Stipulation.

Of course, to avoid the ex parte hearing, we would prefer instead to stipulate to extend the discovery cutoff deadline given the various ongoing discovery disputes, including the implementation of a protective order. Please let us know of your availability to meet and confer as soon as possible re: entering into such a stipulation so as to avoid burdening the Court with the ex parte application.

We await to receive Heredia's portion of the Joint Stipulation by 5:00 p.m. pst today.

_____

**Andrew D. White, Esq. - Litigation Partner**

**1515 7th Street, No. 106
Santa Monica, CA 90401**
m: 714.907.5032 | email: **awhite@vgcllp.com**



www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the

named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Monday, June 27, 2022 9:16 AM
**To:** Andrew White <awhite@vgcllp.com>; 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>
**Cc:** Daisy Chung <DChung@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz v. Heredia; Joint Stipulation Re: Plaintiff's Motion to Compel

Counsel,

I am writing to ask that you withdraw your joint stipulation.  It is untimely and its untimeliness cannot be rectified, a fact that is readily apparent under the Court's pertinent orders.  Discovery cut-off is July 8, the date by which among other things all discovery motions must be heard.  Under the local rules and Judge Holcomb's standing order, it is impossible for your intended motion to be timely noticed.  If you do not withdraw your joint stipulation, we will provide our portion back to you, in which we will be seeking sanctions. We will also separately seek Rule 11 sanctions, as there is no good faith basis for the instant motion.

For clarity, this email does not substitute as correspondence necessary for a meet and confer.  Instead, it is an attempt to resolve this efficiently without imposing undue burdens on the parties' and the Court's resources.

Please advise no later than 11:00 a.m. Pacific if you will withdraw the joint stipulation. If we do not hear from you by then, we will construe that as your refusal to withdraw the joint stipulation, and will proceed accordingly.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*, and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Monday, June 20, 2022 1:59 PM

**To:** Eric Montalvo <emontalvo@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** Diaz v. Heredia; Joint Stipulation Re: Plaintiff's Motion to Compel

Counsel,

Please see the following links:

https://virtualgc.box.com/s/8jvi3xa406d09xbucettd0x42yqcr7md

https://virtualgc.box.com/s/z6q2d2f2dqxwrjrrlnwvr7xfxn0acfgw

These links contain Plaintiff Joseph Diaz's ("Diaz") portion of the JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER VERIFIED RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS PURSUANT TO F.R.C.P. RULE 37; REQUEST FOR SANCTIONS IN THE AMOUNT OF $16,455.00.  Pursuant to L.R. 37-2.2, we are providing you with Diaz's portion of the Joint Stipulation, together with all declarations and exhibits to be offered in support of Diaz's portion.  Pursuant to L.R. 37-2.2, please e-mail me Ralph Heredia's ("Heredia") portion of the Joint Stipulation, together with all declarations and exhibits to be offered in support of Heredia's position with seven days (i.e. on or before June 27, 2022).  We will then finalize the Joint Stipulation and send it back to you for signature.  Thereafter, we will file the Joint Stipulation with the Court. If you have any questions, please let me know.  Thank you.

_____
**Andrew D. White, Esq. - Litigation Partner**

**1515 7th Street, No. 106**
**Santa Monica, CA 90401**
**m: 714.907.5032 | email: awhite@vgcllp.com**



www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

1

## **CERTIFICATE OF SERVICE**

2

3    I, Jacqueline Gidney, hereby certify that on June 29, 2022 I electronically filed

4    the foregoing with the Clerk of the Court using the CM/ECF system, which will send

5    notification of such filing to the e-mail addresses denoted on the Electronic Mail

6    Notice List, and I hereby certify that I have mailed the foregoing document to the non-

7    CM/ECF participants indicated on the Manual Notice List.

8    Dated: June 29, 2022                    By:   */s/ Jacqueline Gidney*

9                                                    Jacqueline Gidney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

46