**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Monday, June 20, 2022 10:59 AM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Cc:** 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>
**Subject:** Diaz v. Heredia; Joint Stipulation Re: Plaintiff's Motion to Compel


Counsel,

Please see the following links:

Case 5:20-cv-02332-JWH-KK    Document 124-4    Filed 07/01/22    Page 2 of 5    Page ID #:4253

https://virtualgc.box.com/s/8jvi3xa406d09xbucettd0x42yqcr7md

https://virtualgc.box.com/s/z6q2d2f2dqxwrjrrlnwvr7xfxn0acfgw

These links contain Plaintiff Joseph Diaz's ("Diaz") portion of the JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER VERIFIED RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS PURSUANT TO F.R.C.P. RULE 37; REQUEST FOR SANCTIONS IN THE AMOUNT OF $16,455.00.  Pursuant to L.R. 37-2.2, we are providing you with Diaz's portion of the Joint Stipulation, together with all declarations and exhibits to be offered in support of Diaz's portion.  Pursuant to L.R. 37-2.2, please e-mail me Ralph Heredia's ("Heredia") portion of the Joint Stipulation, together with all declarations and exhibits to be offered in support of Heredia's position with seven days (i.e. on or before June 27, 2022).  We will then finalize the Joint Stipulation and send it back to you for signature.  Thereafter, we will file the Joint Stipulation with the Court. If you have any questions, please let me know.  Thank you.

_____

**Andrew D. White, Esq. - Litigation Partner**

**1515 7th Street, No. 106**

**Santa Monica, CA 90401**

**m: 714.907.5032 | email: awhite@vgcllp.com**



www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

---

**Andrew White** <awhite@vgcllp.com>                                                      Fri, Jul 1, 2022 at 10:37 AM
To: Jacqueline Gidney <jgidney@vgcllp.com>

D

_____

**Andrew D. White, Esq. - Litigation Partner**

1515 7th Street, No. 106

Santa Monica, CA 90401

m: 714.907.5032 | email: **awhite@vgcllp.com**



www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

---

**From:** Eric Montalvo <emontalvo@fedpractice.com>
**Sent:** Monday, June 27, 2022 9:16 AM
**To:** Andrew White <awhite@vgcllp.com>; 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>
**Cc:** Daisy Chung <DChung@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Diaz v. Heredia; Joint Stipulation Re: Plaintiff's Motion to Compel

Counsel,

I am writing to ask that you withdraw your joint stipulation. It is untimely and its untimeliness cannot be rectified, a fact that is readily apparent under the Court's pertinent orders. Discovery cut-off is July 8, the date by which among other things all discovery motions must be heard. Under the local rules and Judge Holcomb's standing order, it is impossible for your intended motion to be timely noticed. If you do not withdraw your joint stipulation, we will provide our portion back to you, in which we will be seeking sanctions. We will also separately seek Rule 11 sanctions, as there is no good faith basis for the instant motion.

For clarity, this email does not substitute as correspondence necessary for a meet and confer. Instead, it is an attempt to resolve this efficiently without imposing undue burdens on the parties' and the Court's resources.

Please advise no later than 11:00 a.m. Pacific if you will withdraw the joint stipulation. If we do not hear from you by then, we will construe that as your refusal to withdraw the joint stipulation, and will proceed accordingly.

Eric S. Montalvo
Founding Partner



   

**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

[Quoted text hidden]

---

**Andrew White** <awhite@vgcllp.com>                                           Fri, Jul 1, 2022 at 10:39 AM
To: Jacqueline Gidney <jgidney@vgcllp.com>

E

_____

**Andrew D. White, Esq. - Litigation Partner**

1515 7th Street, No. 106

Santa Monica, CA 90401

m: 714.907.5032 | email: **awhite@vgcllp.com**



www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Monday, June 27, 2022 1:56 PM
**To:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'James Greeley' <jgreeley@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>
**Cc:** 'Daisy Chung' <DChung@fedpractice.com>; 'Lou Michels' <lmichels@fedpractice.com>; 'Laura Berry' <lberry@fedpractice.com>; 'Saroja Koneru' <SKoneru@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Rajan Dhungana' <rdhungana@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>
**Subject:** RE: Diaz v. Heredia; Joint Stipulation Re: Plaintiff's Motion to Compel

Eric,

The Joint Stipulation was not untimely. We attempted to meet and confer about Mr. Heredia's disobeyance of the Court's order and were repeatedly met with silence. On June 8, 2022, we emailed and advised you of the present motion and your office yet again ignored our communication. On June 20, 2022, we sent you the Joint Stipulation. Now, on June 27, 2022, you raise **for the very first time** this alleged issue of timeliness. Why did you fail to raise this issue on June 8, 2022 when we informed you that we would be making this motion? Further, for you to wait a full 7 days until the morning of the last day to respond, not by providing Heredia's portion of the Joint Stipulation, but instead to assert that a technicality based upon an agreed to discovery deadline precludes us from filing this motion is incredulous and indicative of the unreasonable obstacles we have faced securing even the most basic discovery in this matter from Heredia. Your email also does not address why your client has failed to produce the documents we are seeking or what has been done to even search for same from locations within your client's possession, custody or control. As you know, this discovery is absolutely necessary for the prosecution of this case. This motion could have been avoided if Heredia produced these documents—documents of which Heredia was expressly ordered by the Court to produce. Failure to do so renders Heredia in contempt.

As you know, we have been diligent in our efforts to secure the discovery responses and documents at issue in the present Joint Stipulation and motion to compel. We obtained a previous discovery order on March 9, 2022, which we thought was the order Diaz needed to obtain full and complete discovery responses and documents. We then did not receive Heredia's second supplemental responses and documents until March 18, 2022. Our review of the documents confirmed that certain responsive information had not been produced such as accounting and bank records. Our many good faith efforts to meet and confer with you since then to secure the necessary responses and documents were either met with silence or were unsuccessful, necessitating the current Stipulation. Our efforts to push for and implement a protective order are also ongoing due to your client's refusal to agree to the terms of a protective order.

Your attempts to avoid producing these incredibly relevant documents will not succeed. We will not withdraw the Joint Stipulation. Please send us Mr. Heredia's portion of the Joint Stipulation by COB pst today. Pursuant to L.R. 7-19.1, due to the emergency nature of the relief requested on the motion to compel, please take notice that we intend to move ex parte for an order shortening time for a hearing on the Joint Stipulation/motion. We will provide you with notice of the date/time for the ex parte hearing as soon as possible after receipt of your client's position re: the Joint Stipulation.

Of course, to avoid the ex parte hearing, we would prefer instead to stipulate to extend the discovery cutoff deadline given the various ongoing discovery disputes, including the implementation of a protective order. Please let us know of your availability to meet and confer as soon as possible re: entering into such a stipulation so as to avoid burdening the Court with the ex parte application.

We await to receive Heredia's portion of the Joint Stipulation by 5:00 p.m. pst today.

[Quoted text hidden]