Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant,*
RALPH HEREDIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **DEFENDANT HEREDIA'S OPPOSITION TO PLAINTIFF DIAZ' FIRST *EX PARTE* APPLICATION FOR AN ORDER SHORTENING THE NOTICE PERIOD TO HEAR PLAINTIFF'S MOTION TO COMPEL FURTHER VERIFIED RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS PURSUANT TO F.R.C.P. 37 OR TO HEAR MOTION ON EX PARTE BASIS** <br><br> **[OPPOSED]** <br><br> **EXHIBIT A, DECLARATION OF ERIC S. MONTALVO** <br><br> Discovery Cut-Off Date: July 8, 2022 <br> Pre-Trial Conference Date: November 18, 2022 <br> Trial Date: December 5, 2022 |

# EXHIBIT A
# DECLARATION OF ERIC S. MONTALVO

I, Eric S. Montalvo, declare as follows:

1. I am a founding partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

3. On April 4, 2022, counsel from Joseph Diaz Jr.'s ("Diaz") law firm, VGC, LLP, ("VGC") emailed me and expressed "disbelief" that Ralph Heredia ("Heredia") did not have any further supplemental document production to his March 18, 2022 supplementation in response to Diaz' Requests for Production ("RFP") Nos. 12, 18, 19, and 20.  See Exh. E to White Decl. to motion to compel [ECF 123-2].

4. On an April 13, 2022 meet-and-confer phone call with counsel for Diaz driven by a meet-and-confer letter from Heredia to Diaz concerning Diaz' lack of discovery responses, I explained to Diaz' counsel that I understood Diaz' position about Heredia's lack of documents responsive to those four RFPs, that Heredia had conducted a diligent search and reasonable inquiry to comply with the demand, but during a lengthy face-to-face meeting Heredia had advised that he had located no additional responsive documents, and if Diaz had to file a motion in response, I understood.

5. Diaz did not present a joint stipulation to Heredia in connection with a motion to compel further responses to those four RFPs until more than two months later, on June 20, 2022.

6. Heredia's portion of the joint stipulation was due to opposing counsel on Monday, June 27, 2022.  That morning, I emailed Diaz' counsel, pointing out that their intended motion would be incurably untimely under the current

scheduling order, including a paragraph showing my calculations and citations. I directed that they should withdraw their joint stipulation. I reconfirmed the untimeliness of their intended motion on Sunday evening and followed up with another email on Monday, the next business day.

7. Diaz, through his four counsel, filed his motion to compel June 29, 2022, noticed for hearing July 21, in complete disregard of the July 8 discovery cut-off.

8. Heredia did nothing to discourage or otherwise hinder Diaz from complying with the Court order discovery cutoff timelines and/or filing the motion to compel and joint stipulation.

9. Notwithstanding, on Tuesday, June 29, my assistant emailed Diaz' counsel a letter which, among other things, offered times to meet to discuss Diaz' counsel's comment the previous day about stipulating to a discovery extension. [ECF 124-6] Despite the fact that defendants do not believe an extension of discovery is necessary in this case given that Diaz has effectively provided no discovery demonstrating the validity of his claims and defendant's discovery demonstrates that no factual basis for these claims exist, I continued to engage in the meet and confer process in good faith. That same letter requested a meet and confer on a motion being contemplated by defendants. Diaz' counsel did not operate in good faith by replying that no one was available during the suggested time slot, declined to provide any alternate times, or suggest a time to meet to discuss the referenced discovery extension. To say that I and my co-counsel "refused" to meet and confer to discuss a discovery extension is contrary to the record and history of undersigned Counsels' commitment to do so heeding the Court's previous admonishments on this issue. Opposing Counsel's disregard for the rules and

the Court's orders governing this case have led them to this point – not Heredia's counsel.

*I declare under penalty of perjury that the foregoing is true and correct.* Executed on July 2, 2022

                                     /s/ Eric S. Montalvo
                                     Eric S. Montalvo