1  Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
2  Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
3  **FEDERAL PRACTICE GROUP**
4  14481 Aspen Street
   Hesperia, CA 92344
5  Telephone: (310) 795-6905
6  *Attorneys for Defendant,*
   RALPH HEREDIA
7

8

9              **UNITED STATES DISTRICT COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

11  JOSEPH DIAZ, JR.,                    CASE NO. 5:20-cv-02332-JWH-KK

12          Plaintiff,                   **DEFENDANT HEREDIA'S OPPOSITION TO PLAINTIFF DIAZ'**
13      v.                               **FIRST *EX PARTE* APPLICATION FOR AN ORDER SHORTENING THE**
14  RALPH HEREDIA; JOHN DOE,             **NOTICE PERIOD TO HEAR PLAINTIFF'S MOTION TO COMPEL**
    ESQ.; and JANE DOES 1 through 20,    **FURTHER VERIFIED RESPONSES**
15  inclusive,                           **TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
16          Defendants.                  **AND FOR SANCTIONS PURSUANT TO F.R.C.P. 37 OR TO HEAR**
17                                       **MOTION ON EX PARTE BASIS**
18                                       **[OPPOSED]**
19
                                         Discovery Cut-Off Date: July 8, 2022
20                                       Pre-Trial Conference Date: November 18, 2022
21                                       Trial Date: December 5, 2022
22

23

24

25

26

27

28

Defendant Ralph Heredia, by and through undersigned counsel, hereby timely files his opposition to plaintiff Joseph Diaz, Jr.'s ex parte application to shorten the hearing time on his motion to compel [ECF 124] ("Application"), and in support thereof, respectfully states as follows.  Heredia also submits his proposed order.

## I.   INTRODUCTION

Diaz fails to justify the extraordinary relief he seeks.  The circumstances on which he relies are solely of his own making, as they stem from his counsel's failure to observe this Court's scheduling order and necessarily related deadlines.  Diaz' excuse – that he was trying to avoid burdening the Court – expired on the day that his choice to wait made the Application his only remedy.  He had to have known that, if he did not timely assert his rights under the scheduling order, the burden on this Court and defendants would be significantly greater.

Heredia has complied with every Court order and rule, despite Diaz' invective attempting to portray the opposite.  Diaz failed to observe deadlines and now he wants to vault ahead of other deserving litigants as a result.  Such abuse of ex parte applications "is detrimental to the administration of justice." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F.Supp. 488, 489 (C.D. Cal. 1995).  Further, "these hybrid ex parte motions are inherently unfair, and they pose a threat to the administration of justice.  They debilitate the adversary system." Id. at 490.  Diaz' excuse for waiting rings hollow when one considers that Diaz' decision has now imposed an even greater "unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel…." id. at 491, of the type Diaz claims his delay was designed to avoid.  The logic of Diaz' excuse does not withstand scrutiny.

Moreover, his Application is procedurally defective in that he has not attached a motion to shorten time to respond, which is the relief he seeks.  [ECF 124-8] Ex Parte Applications, Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 12-F ("The motion for order shortening time for hearing of a motion and the underlying motion are two separate motions, each of which must comply with the rules regarding

motions."). Instead, he has attached only the underlying motion to compel [ECF 123]. Accordingly, his Application should be denied.

As set forth more fully below, Diaz' Application is unsupportable. The Court should deny it, and to the extent that it considers Diaz' associated Motion [ECF 123, *et seq.*], likewise deny that as untimely, and award Heredia his attorneys' fees and costs in opposing this Application and the underlying Motion.

## II.     LEGAL STANDARD

"[F]iling an ex parte motion … is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995). There is no fire here, and any "emergency" is entirely of Diaz' own making.

To justify ex parte relief, the moving party must show that their "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motions procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as the result of excusable neglect." Id. at 492. The factors are thus conjunctive, not disjunctive.

"To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying motion, because if it is meritless, failure to hear it cannot be prejudicial. A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success." Id.

"To show that the moving party is without fault, or guilty of only excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of crisis – the necessity for bypassing regular motion procedures – that requires explanation." Id. "The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period. As Judge Rymer warned, 'Ex parte

applications are not intended to save the day for parties who have failed to present requests when they should have…'" Id. (citing In re Intermagnetics Am., Inc., 101 B.R. 191, 193 (Bankr. C.D. Cal. 1989)).

The Mission Power test is codified in Local Rule 37-3, which prohibits, subject to the Court's discretion, any discovery motions to "be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."  L.R. 37-3 (emphasis added).

## III.   ARGUMENT

The Court's discretion under Local Rule 37-3 is informed by the two-pronged Mission Power test; thus Heredia does not treat the discretion argument separately. Heredia considers the Mission Power prongs in reverse order.  Because Diaz' application must fail under the diligence prong, the Court need not reach the irreparable injury question.  Should the Court decide to consider irreparable injury, Diaz' application must similarly fail.  His underlying motion stands no chance of succeeding for independently sufficient procedural and substantive grounds.

### A. Diaz' Crisis Is Solely of His Own Making.

Diaz could easily have prevented his current "emergency" months ago had he been diligent.  His crisis is wholly self-made and the Court should deny his Application. Diaz untimely filed his motion to compel on June 29 [ECF 123] ("Motion"), setting it for hearing July 21.  As a discovery motion, it was required to be heard on or before the July 8 discovery cutoff.  [ECF 95]

Undersigned counsel emailed Diaz' counsel as a courtesy the morning of the day Heredia's portion of the joint stipulation was due pointing out the untimeliness and asking them to withdraw their portion of the joint stipulation.  [ECF 124-5] Diaz' counsel complained that Heredia's counsel hadn't mentioned their untimeliness earlier, and called the timeliness issue "a technicality."  In their Application, they accuse Heredia's counsel of trying to "strong arm" them. [ECF 124-6] Of course, undersigned counsel could simply have included his untimeliness objection in the joint stipulation

1   (as he did), without the courtesy email.[1]

2       Despite Diaz' efforts to blame his delay on Heredia, the "crisis" described in his

3   Application stems from Diaz' inaction.   Based on Diaz' own chronology,[2] Diaz'

4   counsel have held the position in Diaz' Motion since April 13 or earlier.   [ECF 124-3

5   ("I am following up with respect to our meet and confer call on April 13, 2022. During

6   that call, you represented that Mr. Heredia does not have any responsive documents to

7   the Requests enumerated below [the Requests complained about in the Motion].")]

8       The deadlines set by the scheduling order do not exist in a vacuum.   Obviously,

9   the Federal Rules of Civil Procedure and the Local Rules for the Central District of

10  California govern this proceeding.   Fed. R. Civ. P. 1; L.R. 1-1.   The Court has

11  effectively reminded all counsel of their applicability.   See, e.g., ECF 44-46, 54.   As

12  such, Diaz' counsel is obliged to know and observe the deadlines necessarily associated

13  with a July 8 discovery cutoff.   It is well established that "[e]x parte applications are

14  not intended to save the day for parties who have failed to present requests when they

15  should have...."   In re Intermagnetics Am., Inc., 101 B.R. 191, 193 (C.D. Cal. 1989).

16  Nothing in Diaz' Application explains why Diaz' failure to comply with the scheduling

17  order is Heredia's fault.

18      Diaz' Application includes a section of "subjective [and] conclusory" assertions

---

[1] Diaz also blames Heredia's refusal to stipulate to a discovery extension as the cause of his delay in filing.   This claim cannot stand.   On Tuesday, June 29, Mr. Montalvo's assistant emailed Diaz' counsel a letter which, among other things, offered times to meet to discuss Diaz' counsel's comment the previous day about stipulating to a discovery extension.   [ECF 124-6]   While defendants do not believe an extension of discovery is necessary in this case and would oppose it in the case's current posture, Mr. Montalvo was willing to engage in good faith in the meet and confer process.   That same letter requested a meet and confer on a motion being contemplated by defendants.   Diaz' counsel replied that no one was available during the 90-minute window being offered that day, did not provide any alternate times, and did not suggest a time to meet to discuss the referenced discovery extension.   To say that Heredia's counsel "refused" to meet and confer to discuss a discovery extension is misleading.

[2] To be clear, Defendants dispute Diaz' characterizations of Heredia's discovery activity.

1   written in inflammatory terms to convey the impression that Heredia has ignored the
2   Court's discovery orders and is abusing the discovery process.  <u>Mission Power</u> at 491.
3   That section is precisely what <u>Mission Power</u> warns against: the "pernicious" tendency
4   of an advocate to "draw conclusions that appear to be supported by voluminous
5   exhibits, but are not borne out when the evidence is reviewed with more deliberation
6   and more careful rebuttal than is possible in hasty hearings on ex parte motions."  <u>Id.</u>

7          To the contrary, on March 18, 2022, Heredia provided Diaz with his second
8   supplemental responses to the RFPs.  In particular, as to RFP Nos. 12, 18, 19, and 20,
9   Heredia responded that "After a diligent search and reasonable inquiry, Heredia has
10  identified no documents responsive to this request."   In his March 18 responses,
11  Heredia also acknowledged his duty to supplement his responses, which duty does not
12  expire upon discovery cutoff, as Diaz seems to argue.  This is precisely what the rules
13  require.  Fed. R. Civ. P. 26(e)(a)(A) (requiring parties to supplement their responses
14  "in a timely manner if the party learns that in some material respect the disclosure or
15  response is incomplete or incorrect").

16         Next, on April 4, 2022, Diaz' counsel asked Heredia's counsel:
17         Is it Heredia's contention that he has no accounting records, bank records
18         relating to either his management of Diaz or his compensation received
19         relating to Diaz? We find this implausible. We do not want to go back to
20         the Magistrate on these issues. As you know, the Magistrate granted Diaz's
21         Motion to Compel at to these RFP requests. Simply put, we need all of
22         Heredia's accounting and bank records as requested. We hereby request
23         that you urge Heredia to produce these records. If you do not agree to
24         supplement, we will be forced to again raise this issue with the Magistrate.
25         Exh. E to White Decl. to motion to compel [ECF 123-2].
26         Then, during an April 13 meet-and-confer teleconference arranged pursuant to
27  Heredia's April 11 meet-and-confer letter to Diaz detailing Diaz' deficient discovery
28  responses, Heredia's counsel Mr. Montalvo stated that while he understood Diaz'

position about Heredia's lack of documents responsive to the four RFPs in question, Heredia had advised counsel that he had no more responsive documents.  Mr. Montalvo further stated that if Diaz had to file a motion in response, Mr. Montalvo understood. Exh. A, Declaration of Eric S. Montalvo ("Montalvo Decl.") at ¶ 5.

Thus, Diaz said that he had concerns about Heredia's four RFP responses as early as April 4, 2022.  On that date, Diaz's counsel even acknowledged that they could bring a motion before the Magistrate if Heredia did not further supplement those RFP responses.  It is also indisputable that on April 13, 2022, Heredia's counsel explained to Diaz' counsel that Heredia advised that he had no more records to produce, and that if Diaz had to file a motion in response, counsel would understand.  The dispute was thus fixed on April 13 at the latest.

Inexplicably, Diaz did not start the joint stipulation process until June 20, Montalvo Decl. ¶ 5, more than two months after Diaz became aware of the facts underlying the discovery dispute of which he now complains.  While Diaz strives to lay his failure to act at Heredia's feet, his excuses are unavailing.  Diaz is charged with being aware of pertinent deadlines in the case and how they relate to the rules.

Diaz' motion to compel was not filed until June 29, 2022, and it was noticed for a hearing on July 21, 2022.  This hearing date is well past the July 8 discovery cut-off. Montalvo Decl. ¶ 6.  Heredia did nothing to discourage or otherwise hinder Diaz from filing the motion to compel and joint stipulation.  Montalvo Decl. ¶ 7.

"Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993), that is not Diaz' claimed excuse.  Moreover, Diaz' actions show that he was aware of the rules governing discovery motions practice.  He has brought discovery motions previously, having filed motions to compel and joint stipulations earlier in this case. Likewise, he references bringing the dispute before the Magistrate.  [ECF 124-3]  Had

Diaz properly[3] and timely provided Heredia a joint stipulation after Heredia's counsel's April 13 statement that Heredia had no other records responsive to those four RFPs, Diaz' motion would have been noticed and heard prior to the July 8 discovery cut-off.

Diaz' Application compels the conclusion that he did not use "the entire discovery period efficiently." Mission Power at 493. He could have, "with due diligence, sought to obtain the discovery earlier in the discovery period." Id.

"Ex parte requests are not intended to save the day for parties who failed to present requests when they should have…" Id. (citation omitted). Diaz failed to present his request when he should have. Heredia respectfully urges the Court to deny Diaz' Application and deny his motion to compel as untimely.

**B. Diaz' Accompanying Motion is Meritless**

Diaz' lack of diligence is sufficient to warrant denying his Application. Thus, it is not necessary to reach the irreparable prejudice prong. Mindful of the urgent nature of an *ex parte* application and the attendant strain on the Court's resources[4], however, Heredia will briefly address the irreparable prejudice prong. In short, no irreparable prejudice requires Diaz' underlying Motion to be heard.

(Oddly, Diaz seems to believe that the Court's June 22, 2022 Order [ECF 122] requires Heredia to produce documents. That Order requires Diaz to produce documents to Heredia by July 6, not vice versa. [ECF 122 at 4 ("Plaintiff shall serve responsive documents as agreed to in his responses to the Requests for Production within fourteen (14) days of the date of this Order.")] Thus, Diaz' argument that he

---

[3] Diaz never presented Heredia with a letter as required by L.R. 37-1.

[4] Heredia is aware that *ex parte* applications unduly impact the Court and its staff. "The judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and all will be lost unless immediate action is taken. Other litigants are relegated to secondary priority. Even hearings or trials – where a courtroom full of deserving users of the court are waiting – are often interrupted or delayed." Mission Power at 491-2.

1   will be prejudiced by awaiting Heredia's July 6 document production is clearly based

2   on an erroneous reading of the Court's June 22 Order.  Heredia will not address it

3   further herein, except to say that to the extent it contributes to the Court's calculus of

4   the prejudice Diaz would incur if his Application is not granted, it should be ignored.)

5        Diaz' professed disbelief of Heredia's response stems from Diaz' faulty theory

6   of the case.  Diaz has propounded requests for production ("RFPs") to Heredia based

7   on that theory, and Heredia has twice supplemented his responses to Diaz' RFPs.  His

8   most recent supplement was more than three months ago, back on March 18, 2022.

9        While Heredia submits that Diaz' Motion is meritless, any prejudice in denying

10  Diaz' Motion, or the motion that Diaz did not file but should have (to shorten the

11  response time to the Motion To Compel), would not be severe.  It certainly would not

12  be irreparable.  The end result of such a denial would be that Diaz does not get further

13  supplemental answers to four RFPs, because he noticed his motion to compel well past

14  discovery cut-off.  However, Diaz may yet examine Heredia on the stand, under oath,

15  at trial and pose those same questions to him at that time.  The tomatoes are not going

16  to spoil.  The yacht is not about to leave the jurisdiction.  Immediate action need not

17  be taken.  Diaz will just have to wait a bit longer to pose the same questions, yet again,

18  to Heredia.  Spoiler alert: the answers will be the same.

19       **C. <u>Diaz' Application is Not Justified by Excusable Neglect</u>**

20       Diaz' claim that any failure to pursue relief timely is a result of his excusable

21  neglect must also fail.  As noted above, "mistakes construing the rules do not usually

22  constitute 'excusable' neglect."  <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.</u>

23  <u>P'ship</u>, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993).  Further,

24  being busy on other matters does not justify failing to file timely.  Courts "give little

25  weight to the fact that counsel was experiencing upheaval in his law practice at the

26  time of the bar date."  Id. at 398.  Here, Diaz' claims that he was busy on other matters

27  in this case is not an adequate justification for the extraordinary relief he seeks.

28

## IV.   CONCLUSION

There is no fire.  Heredia respectfully urges the Court to deny Diaz' *ex parte* application, deny Diaz' motion to compel [ECF 123, *et seq.*] as untimely per this Court's scheduling order as amended and award Heredia his attorneys' fees and costs in opposing this Application and contesting Diaz' motion to compel, including but not limited to the time spent on the meet and confer process and preparing the joint stipulation.

Dated:  July 2, 2022                          Respectfully submitted,


                                              /s/ *Rajan O. Dhungana*
                                              Rajan O. Dhungana (SBN: 297794)
                                              FEDERAL PRACTICE GROUP
                                              14481 Aspen Street
                                              Hesperia, CA 92344
                                              Telephone: (310) 795-6905
                                              rdhungana@fedpractice.com


                                              /s/ *Eric S. Montalvo*
                                              Eric S. Montalvo (*Pro Hac Vice*)
                                              FEDERAL PRACTICE GROUP
                                              1750 K Street, N.W., Suite 900
                                              Washington, D.C. 20006
                                              Telephone: (202) 862-4360
                                              Fax: (888) 899-6053
                                              emontalvo@fedpractice.com

                                              *Attorneys for Defendant*

                                              Ralph Heredia

# **EXHIBIT A**
## **DECLARATION OF ERIC S. MONTALVO**

I, Eric S. Montalvo, declare as follows:

1. I am a founding partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

3. On April 4, 2022, counsel from Joseph Diaz Jr.'s ("Diaz") law firm, VGC, LLP, ("VGC") emailed me and expressed disbelief that Ralph Heredia ("Heredia") did not have any further supplemental document production to his March 18, 2022 supplementation in response to Diaz' Requests for Production ("RFP") Nos. 12, 18, 19, and 20.  See Exh. E to White Decl. to motion to compel [ECF 123-2].

4. On an April 13, 2022 meet-and-confer phone call with counsel for Diaz driven by a meet-and-confer letter from Heredia to Diaz concerning Diaz' lack of discovery responses, I explained to Diaz' counsel that I understood Diaz' position about Heredia's lack of documents responsive to those four RFPs, but that Heredia had located no additional responsive documents, and if Diaz had to file a motion in response, I understood.

5. Diaz did not present a joint stipulation to Heredia in connection with a motion to compel further responses to those four RFPs until more than two months later, on June 20, 2022.

6. Heredia's portion of the joint stipulation was due to opposing counsel on Monday, June 27, 2022.  That morning, I emailed Diaz' counsel as a courtesy, pointing out that their intended motion would be incurably untimely under the current scheduling order, including a paragraph showing my calculations and citations.  I asked whether they would withdraw their joint stipulation.  Diaz'

counsel complained about my having waited to extend them this courtesy.  In fact, wanting to be sure of my position, I confirmed the untimeliness of their intended motion on Sunday evening.  My courtesy email was sent the next business day.

7.  Diaz filed his motion to compel June 29, 2022, noticed for hearing July 21, well past the July 8 discovery cut-off.

8.  Heredia did nothing to discourage or otherwise hinder Diaz from filing the motion to compel and joint stipulation.

9.  On Tuesday, June 29, my assistant emailed Diaz' counsel a letter which, among other things, offered times to meet to discuss Diaz' counsel's comment the previous day about stipulating to a discovery extension.  [ECF 124-6]  While defendants do not believe an extension of discovery is necessary in this case and would oppose it in the case's current posture, I was willing to engage in good faith in the meet and confer process.  That same letter requested a meet and confer on a motion being contemplated by defendants.  Diaz' counsel replied that no one was available during the 90-minute window being offered that day, did not provide any alternate times, and did not suggest a time to meet to discuss the referenced discovery extension.  To say that I and my co-counsel "refused" to meet and confer to discuss a discovery extension is misleading.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on July 2, 2022

/s/ Eric S. Montalvo
Eric S. Montalvo

HEREDIA'S OPPOSITION TO DIAZ EX PARTE APPLICATION

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2022 at 8:30 am., I filed the foregoing Defendant Heredia's Opposition to Plaintiff Diaz' First Ex Parte Application for an Order Shortening the Notice Period To Hear Plaintiff's Motion To Compel Further Verified Responses to First Set of Requests for Production of Documents and for Sanctions Pursuant to F.R.C.P. 37 or To Hear Motion on Ex Parte Basis with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
    jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
    dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
    gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.


Dated: July 2, 2022

                                    Respectfully submitted,

                                    /s/ *Rajan O. Dhungana*
                                    Rajan O. Dhungana (SBN: 297794)
                                    FEDERAL PRACTICE GROUP
                                    14481 Aspen Street
                                    Hesperia, CA 92344
                                    Telephone: (310) 795-6905
                                    rdhungana@fedpractice.com

                                    *Attorney for Defendant*
                                    Ralph Heredia