Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant,*
RALPH HEREDIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>       Plaintiff,<br><br>       v.<br><br>RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>       Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>**DEFENDANT HEREDIA'S NOTICE OF MOTION AND MOTION FOR REVIEW OF, AND OBJECTIONS TO, PORTIONS OF THE MAGISTRATE'S JUNE 22, 2022 ORDER**<br><br>Date:  August 5, 2022<br>Time: 9:00am<br><br>Courtroom: 9D<br><br>Discovery Cut-Off Date: July 8, 2022<br>Pre-Trial Conference Date: November 18, 2022<br>Trial Date: December 5, 2022 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on August 5, 2022 at 9:00 a.m., before the Honorable John W. Holcomb, in Courtroom 9D, on the 9th Floor of the Ronald Reagan Federal Building and United States Courthouse at 411 W. Fourth Street, Santa Ana, California 92701, Defendant Ralph Heredia will and hereby does move the Court for review of his objections to the Magistrate Judge's June 22, 2022 order in this case.

This motion is made following the conference via email of counsel pursuant to Local Rule 7-3, which took place via email on June 28, 2022 (at least seven days prior to the filing of this motion). As set forth in the attached Second Declaration of Eric S. Montalvo, on June 28, Mr. Montalvo's assistant emailed Plaintiff's counsel an eleven-page letter setting out the details of the instant motion and asking to meet and confer, providing Mr. Montalvo's and Mr. Dhungana's joint availability. See Exhibit A, Declaration of Eric S. Montalvo ("Second Montalvo Decl.") ¶ 5. Later that day, Plaintiff's counsel replied that they were unavailable during the times presented. Id. ¶ 7. They addressed the "substance of the Rule 72 motion" and advised that Plaintiff would oppose the motion. Id. None of Plaintiff's four counsel offered alternate times to meet. Id. In an attempt to narrow the issues before the Court, defendant's counsel Mr. Dhungana offered to meet telephonically on June 30, July 1, July 4, or July 5. Pursuant to Mr. Dhungana's invitation, counsel met by telephone on July 5, but were unable to resolve any issues. Id. ¶ 8.

As set forth in the accompanying Memorandum of Points and Authorities, good cause supports the relief requested. This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and

papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this motion.  A proposed order is submitted herewith.

Dated:  July 6, 2022                                    Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*

Ralph Heredia

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant,*
RALPH HEREDIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>       Plaintiff,<br><br>    v.<br><br>RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>       Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HEREDIA'S NOTICE OF MOTION AND MOTION FOR REVIEW OF, AND OBJECTIONS TO, PORTIONS OF THE MAGISTRATE'S JUNE 22, 2022 ORDER**<br><br>Date:  August 5, 2022<br>Time: 9:00am<br><br>Courtroom: 9D<br><br>Discovery Cut-Off Date: July 8, 2022<br>Pre-Trial Conference Date: November 18, 2022<br>Trial Date: December 5, 2022 |

# **TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................. 1

II.  BACKGROUND ............................................................................................. 2

III.  LEGAL STANDARD ................................................................................... 6

IV.  ARGUMENT ................................................................................................ 6

A.  OBJECTION 1.  The Magistrate Judge's Order Granting Diaz' Motion For a Protective Order Despite Plaintiff's Non-compliance With the Local Rule 37-1 Meet and Confer Requirement and that Defendant's Position was Not Substantially Justified Was Clearly Erroneous and Contrary to Law ................... 6

  i. The Magistrate Judge's Conclusion Was Clearly Erroneous ......................... 7
  ii.  The Magistrate Judge's Order Was Contrary to Law.................................... 9

B.  OBJECTION 2.  The Magistrate Judge's Order, Requiring Diaz to Produce All Responsive Documents Within 14 Days Established Heredia as a Prevailing Party, but the Order Did Not Consider of Any Award of Expenses and Fees to Heredia.  This is Contrary to Law. .................................................................... 10

C.  OBJECTION 3.  The Magistrate Judge Acted Contrary to Law in Granting Diaz' Motion to Compel a Protective Order Notwithstanding Diaz' Continuing Non-Compliance with the Local Rules and Failure to Address Heredia's Request For Sanctions. ............................................................................................... 13

D.  Heredia Requests the District Judge Stay the Imposition of Monetary Sanctions Against Him. ...................................................................................... 15

V.  CONCLUSION ............................................................................................. 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Banuelos v. United States*, No. 2:15-cv-3273-PA-RAO, 2016 WL 7197593, at *1

    (C.D. Cal May 19, 2016) ............................................................................6, 9, 12

*Clinton v. Jones*, 520 U.S. 681, 683 (1997).............................................................. 15

*Duran v. Ocwen Mortg. Servicing, Inc.*, No. 17-cv-00905-GW-(KKx), 2017 WL

    10526138, at *2 (C.D. Cal. Aug. 21, 2017)........................................................ 15

*Easley v. Cromartie*, 532 U.S. 234, 242 (2001)................................................6, 7, 8

*Folb v. Motion Picture Industry Pension & Health*, 16 F. Supp. 2d 1164, 1167-68

    (C.D. Cal. 1998) ................................................................................................... 6

*Nakai v. Charter Communications, Inc.*, 2020 WL 1908949, at *3 (C.D. Cal. April

    15, 2020) ............................................................................................................. 15

**Statutes**

28 U.S.C. § 636(b)(1)(A) ........................................................................................... 6

**Rules**

Fed. R. Civ. P. 34(b)(2)(B) ......................................................................................... 2

Fed. R. Civ. P. 34(b)(2)(A) ......................................................................................... 4

Fed. R. Civ. P. 34(b)(2)(C). ........................................................................................ 2

Fed. R. Civ. P. 34(b)(2)(E)(i) ...................................................................................... 4

Fed. R. Civ. P. 37(a)(5)(A)(ii)..................................................................................... 9

Fed. R. Civ. P. 37(a)(5)(B)........................................................................................... 9

Fed. R. Civ. P. 37(a)(5)(C)..................................................................................... 12

Fed. R. Civ. P. 37(d)(2).....................................................................................3, 11

Fed. R. Civ. P. 6................................................................................................... 1

Fed. R. Civ. P. 72(a) ............................................................................................ 6

# I.   INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2.1, Defendant Ralph Heredia ("Defendant" or "Heredia") respectfully objects to: (1) that portion of the Magistrate Judge's June 22, 2022 Order ("Order") granting sanctions against Heredia and his law firm in connection with a discovery dispute and a protective order; (2) the lack of an order of sanctions against Diaz, despite the Magistrate Judge granting Heredia's motion to compel production from Diaz in response to Heredia's Requests for Production ("RFP"); (3) the Magistrate Judge's consideration of Diaz' motion to compel a protective order, which was considered by the Magistrate Judge despite Diaz not having complied with the local rules; and (4) a lack of sanctions against Diaz for failing to follow the local rules.  Heredia respectfully objects to these rulings as being clearly erroneous or contrary to law and as more fully set forth below, urges the reviewing Court to remedy these errors.

Heredia respectfully requests that the Court stay that portion of the Order that imposes monetary sanctions, pending the Court's resolution of these objections. L.R. 72-2.2. As set forth more fully below, a narrow stay of the imposition of monetary sanctions only is an appropriate exercise of the Court's discretion.

Relief should be granted because of Plaintiff's continuing and present failure to comply with the applicable Rules.  Heredia was "substantially justified" in its position, and Heredia prevailed in its Motion to Compel.  To date Plaintiff has provided no additional discovery[1] to include the failure even to provide a privilege

---

[1] Diaz' production thus far consists of: (a) the 2012 boxer-manager contract among Heredia, Moses Heredia, and Diaz; (b) the 2017 release of the 2012 boxer-manager contract; (c) a notice to Moses Heredia of an approved 2017 boxer-manager contract; (d) a screenshot from the California State Athletic Commission showing Moses Heredia as Diaz' registered manager under the 2017 boxer-manager contract; (e) the 2017 boxer-manager contract between Moses Heredia and Diaz

log notwithstanding the impending close of discovery on July 8, 2022.

This motion and its objections are timely under Federal Rule of Civil Procedure 72(a), which provides that a party may serve and file objections to the magistrate judge's order within 14 days after being served with a copy.  The Order [ECF 122] was served on Heredia on June 22, 2022.  This motion is filed on July 5, 2022, which is timely and within the 14-day window.

## II.      BACKGROUND

On January 24, 2022, Heredia propounded 112 RFPs to Diaz.  Responses were due February 23, 2022.  Fed. R. Civ. P. 6.  Diaz did not substantively respond to Heredia's RFPs: not by production (except a mere eighty-five pages, produced tardy even after Diaz' counsels' promise to produce documents[2]), not by objection, and not by a request for an extension of time.  Instead, contrary to the Federal Rules of Civil Procedure, he embargoed his response, *even as to non-confidential documents*, under the guise that a protective order must first be put in place.  Indeed, Diaz' response to Heredia's RFPs stated, "***Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order***."  Diaz RFP response at 1:23-24. (<u>See</u> Exh. B.) (emphasis added).

Withholding virtually all documents until entry of a protective order does not

---

with notarized signatures; (f) four news articles about Heredia; (g) a court order denying a § 2255 appealability order of Heredia's conviction;  (h) a petition for a writ of certiorari to the United States Supreme Court arising out of the denial of the § 2255 appealability order; (i) a letter from VGC to "Dedicated Recovery Services" apparently regarding the repossession of the Lexus; and (j) Heredia Boxing Management's Statement of Information on file with the California Secretary of State.

[2] <u>Id.</u>

comport with the procedure established by the rules.  Diaz was obligated to respond to Heredia's Rule 34 requests within 30 days, either by producing the documents requested, making them available for inspection, or objecting.  Fed. R. Civ. P. 34(b)(2)(B).  Any such objection was required to specify "whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(C).  Under Rule 37, Diaz' failure to comply with Heredia's Rule 34 requests was "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order...."  Fed. R. Civ. P. 37(d)(2).

Diaz did not have a pending motion for protective order at the time he breached his Rule 34 obligations.  Despite Defendant's repeated and unanswered demands for discovery, Plaintiff was and still is without justification in withholding virtually all (except eighty-five largely irrelevant pages as described above) documents, confidential or otherwise.  Heredia's only recourse was to file a motion to compel. [ECF 117].

Prior to Heredia filing his motion to compel, which the Magistrate Judge simultaneously denied yet pursuant to which she also ordered Diaz to produce documents [ECF 122], Heredia's counsel prepared a detailed meet-and-confer letter (See Exhibit C, "Declaration of Eric S. Montalvo in Support of Motion To Compel a First Response to Requests for Production of Documents and To Compel Further Responses to First Sets of Requests for Admissions or Deem Them All Admitted to Plaintiff Joseph Diaz Jr; and Request for Sanctions in the Amount of $25,000 ¶ 4) ("First Montalvo Declaration") and provided it to Diaz' counsel.

During the April 13, 2022 meeting among counsel in response to Heredia's meet and confer letter, Heredia's counsel expressed concern that Diaz' counsel was waiting to produce **_anything – confidential or not –_** until the parties executed a protective order for certain responsive documents that may be confidential.  First

Montalvo Decl. ¶ 6.

Refusing to produce any documents at all until a protective order in place was inappropriate and not consistent with Diaz' discovery obligations.  While Heredia recognized that certain of Plaintiff's responsive documents (e.g., any responsive medical and mental health records, documents containing Personally-Identifiable Information) may warrant protection, Diaz was wrong refuse to produce any documents whatsoever pending entry of a protective order.  That is not the mechanism contemplated by the Rules.

After discussing this point during the meet and confer among counsel, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week, First Montalvo Decl. ¶ 7, but that week passed with no production. First Montalvo Decl. ¶ 9.

Despite counsel for Diaz promising production of the non-confidential portions of Heredia's first set of RFPs to Diaz by the end of the week of April 11, 2022, Diaz did not produce any documents that week.  On April 20, 2022, nearly two months after the response due date, Diaz' counsel produced a mere eighty-five Bates-stamped documents in a production that is facially defective and patently incomplete.

Heredia generally asked for Diaz for all documents or communications supporting or rebutting each substantive paragraph of his amended complaint. While Heredia realizes some of those documents or communications may concern Diaz' mental or physical health, or certain business arrangements, and therefore may be produced pursuant to a protective order, the scope of Diaz' allegations supports the conclusion that Diaz has withheld many non-confidential, non-privileged documents.  To date, Diaz has not even produced a privilege log, to the extent that there may be attorney-client privileged documents that would otherwise be responsive to Heredia's RFPs.

1    In addition to Diaz' procedural failings, his production was facially deficient.
2    Diaz' "production" consisted of an email attaching the eighty-five documents.  It
3    was not accompanied by any written responses.  Fed. R. Civ. P. 34(b)(2)(A).  It was
4    not organized and labelled to correspond to the categories of Heredia's RFPs.
5    Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five
6    pages purport to respond, and the rules do not require Heredia to guess.
7    Accordingly, Diaz must label his eighty-five pages as required by the rules.

8    Roughly in parallel with this dispute over production, Diaz filed a motion for
9    a protective order because the parties could not agree as to the duration of any
10   confidentiality thereunder.  [ECF 113].  That motion was fatally flawed: Diaz
11   presented his dispute as a discovery matter, but did not comply with L.R. 37-1
12   governing discovery disputes, instead claiming instead that he met and conferred
13   pursuant to L.R. 7-3.  Diaz did not send Heredia the required meet-and-confer letter,
14   nor was the dispute presented via joint stipulation. On May 19, 2022, the Magistrate
15   Judge struck the motion for failing to comply with the local rules. [ECF 115]

16   Mere days later, Diaz presented his same arguments via a Joint Stipulation
17   [ECF No. 118-1].  However, Diaz *still* was not in compliance with the Local Rules:
18   Heredia did not receive any meet-and-confer letter from Diaz, as required of the
19   moving party by L.R. 37-1.

20   Nevertheless, on June 22, 2022, the Court denied Heredia's motion to compel
21   responses to the RFPs while at the same time ordering Diaz to produce documents
22   within 14 days, and also granted Diaz' motion for a protective order raised via joint
23   stipulation, stating, "Defendant fails to provide any legitimate reason for failing to
24   respond to Plaintiff's requests for entry of a protective order to facilitate discovery."
25   [ECF 122]  That Order simultaneously nominally denies Heredia's motion to
26   compel yet also orders Diaz to produce documents as Heredia's motion requests.
27   [ECF 122]

28

Respectfully, Heredia submits that the Magistrate Judge's rulings on three points in her June 22, 2022 order were clearly erroneous or contrary to law, and objects thereto to: (1) that portion of the Magistrate Judge's June 22, 2022 Order granting sanctions against Heredia and his law firm in connection with a discovery dispute and a protective order; (2) the lack of an order of sanctions against Diaz, despite Heredia's motion to compel production in response to his RFPs; and (3) Diaz' motion to compel a protective order as a whole, which was considered by the Magistrate Judge despite Diaz not having complied with the local rules, and a lack of sanctions against Diaz for failing to follow the local rules.

## III.   LEGAL STANDARD

"Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's determination of non-dispositive pretrial matters if the magistrate's order is 'clearly erroneous or contrary to law.'  Similarly, Fed. R. Civ. P. 72(a) provides that 'the district court judge to whom the case is assigned shall consider [timely] objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." <u>Folb v. Motion Picture Industry Pension & Health</u>, 16 F. Supp. 2d 1164, 1167-68 (C.D. Cal. 1998).

A ruling is clearly erroneous if, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." <u>See</u> <u>Easley v. Cromartie</u>, 532 U.S. 234, 242 (2001).

"A decision is contrary to law if it applied an incorrect legal standard or fails to consider an element of the applicable standard." <u>Banuelos v. United States</u>, No. 2:15-cv-3273-PA-RAO, 2016 WL 7197593, at *1 (C.D. Cal May 19, 2016).

## IV.   ARGUMENT

### A. <u>OBJECTION 1.</u>  The Magistrate Judge's Order Granting Diaz' Motion

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**For a Protective Order Despite Plaintiff's Non-compliance With the Local Rule 37-1 Meet and Confer Requirement and that Defendant's Position was Not Substantially Justified Was Clearly Erroneous and Contrary to Law**

In ruling against Heredia on the matter of the entry of the protective order, the Magistrate Judge stated, "Defendant fails to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery." [ECF No. 112 at 4.]  Heredia respectfully submits that this conclusion is clearly erroneous, and the order of sanctions was contrary to law.

### i. The Magistrate Judge's Conclusion Was Clearly Erroneous

Heredia gave a detailed explanation of why he did not sign the protective order or respond to every instance where Diaz asked it to be signed.  The Magistrate Judge's order granting the protective order seemingly overlooked Heredia's detailed and legitimate explanation.  If the Magistrate Judge determined that the reason Heredia gave was not legitimate, she did not provide any support for that conclusion.  This outcome must leave the reviewing court "with the definite and firm conviction that a mistake has been committed." See Easley v. Cromartie, 532 U.S. 234, 242 (2001).

Heredia's explanation, at pages 15-16 of the Joint Stipulation [ECF 118-1] is:

> The Court's sample stipulated protective order, at Section 4, contains two suggestions for the duration of confidentiality. The first alternative is that confidentiality of documents or information presumptively expires once a case proceeds to trial, but a party may move to keep information confidential even afterwards, upon a showing of compelling reasons. The second alternative is that confidentiality of documents or in information remains confidential until the designating party or a court otherwise directs.

Heredia's position, communicated to Diaz' counsel, is that the first

alternative is appropriate in this matter, as once the information is used at trial, it should be deemed to have entered the public domain. Conceptually, Heredia may consider stipulating at the appropriate time to continued protection for certain especially-sensitive health records related to Diaz, but financial records and the vast majority of the otherwise confidential documents should become public when used at trial. Most of these confidential documents likely would be used by Diaz himself to attempt to prove his case. He should not be able to make damning allegations against Heredia in the Complaint, and then hide any purported proof, or lack thereof, behind a curtain of confidentiality at trial. The parties simply disagree as to the term of confidentiality under any protective order, and Heredia's position is the more reasonable and supportable.

Further, Heredia offered in the Joint Stipulation at page 13:

Heredia's counsel wanted to see the entirety of Diaz' non-confidential document production to try to discern what would be left as confidential prior to agreeing to any protective order.  [First] Montalvo Decl. ¶6. Otherwise, Heredia would have to object to each document produced by Diaz under Section 6 of the proposed protective order if Heredia did not believe it was appropriately designated as confidential.  This would include the entire meet-and-confer process per Local Rule 37-1, and doing this for each challenged confidentiality designation would be a lengthy process that would strain both parties' resources and would be an inefficient use of the Court's valuable time.  Thus, undersigned counsel's request that he see Diaz' non-confidential document production (which was late at that point in any event) prior to finalizing the stipulated protective order was in aid of refining the stipulated

1   protective order.

2   The Magistrate Judge did not address why Heredia's reasoning was

3   illegitimate, nor why he should have responded to each and every time Diaz asked

4   Heredia to sign a protective order with terms about which the parties did not agree.

5   Absent any reasoning behind her conclusion that Heredia "fail[ed] to provide

6   any legitimate reason for failing to respond to Plaintiff's requests for entry of a

7   protective order to facilitate discovery", and considering that Heredia did explain

8   the parties' differences in their positions to Diaz' counsel and the Magistrate Judge,

9   the reviewing court can only be left with the definite and firm conviction that "a

10  mistake has been committed."  See Easley v. Cromartie, 532 U.S. 234, 242 (2001).

11  Heredia respectfully objects, and requests that the reviewing Court set aside

12  this finding in the Magistrate Judge's order, which would then have the

13  consequence of nullifying the order of sanctions against Heredia and his firm. Doing

14  so would also have the consequence of Diaz' motion being denied in full, and per

15  Fed. R. Civ. P. 37(a)(5)(B), Diaz would be required to pay Heredia's reasonable

16  expenses incurred in opposing the motion, including attorney's fees.

17              **ii.  The Magistrate Judge's Order Was Contrary to Law**

18  If the reviewing court disagrees with Heredia's position, above, Heredia at

19  least believes that that his position was substantially justified so that, pursuant to

20  Fed. R. Civ. P. 37(a)(5)(A)(ii), no expenses or fees should be ordered against him as

21  sanctions.  The Magistrate Judge did not specifically address whether Heredia's

22  position was "substantially justified," instead merely concluding that Heredia

23  offered no "legitimate reason" for not responding to Diaz' numerous requests that

24  Heredia sign a protective order with a position about which he disagreed.

25  Whether Heredia had a reason for not responding each and every time Diaz

26  asked Heredia to sign a protective order with disputed language is separate from

27  whether his position on the merits of the issue was "substantially justified."  The

28

Magistrate Judge's order granting sanctions against Heredia does not address whether Heredia's position on the merits – that confidentiality should end at disclosure at trial – was "substantially justified."  Instead it provides that there was no "legitimate reason."  This is contrary to law because it "applied an incorrect legal standard."  <u>Banuelos</u>.

Further, while the Magistrate Judge's order recites the correct legal standard for an award of sanctions unless the opposing party's position was "substantially justified," the Magistrate then concluded that "Here, Plaintiff's Motion for Protective Order was granted in its entirety and Defendant's Motion to Compel is denied in its entirety. Accordingly, an award of attorney's fees to Plaintiff is mandatory."  This is contrary to law because the "decision … fails to consider an element of the applicable standard."  <u>Banuelos</u>.

The applicable standard here provides that an award of fees is mandatory unless, *inter alia*, the opposing party's position was "substantially justified."  The Magistrate Judge's order does not address whether Heredia's position was "substantially justified," and as argued above, Heredia believes it was.

Heredia respectfully objects, and urges the reviewing Court to find that the Magistrate Judge's order was contrary to law in not considering whether his position was substantially justified, conclude that Heredia's position was, in fact, substantially justified, and reverse the order of sanctions that arose therefrom.

**B.  <u>OBJECTION 2.</u>  The Magistrate Judge's Order, Requiring Diaz to Produce All Responsive Documents Within 14 Days Established Heredia as a Prevailing Party, but the Order Did Not Consider of Any Award of Expenses and Fees to Heredia.  This is Contrary to Law.**

Heredia requested that the Court compel Diaz to respond to Heredia's RFPs. In the preface in the Joint Stipulation prior to where Heredia gave his delineations of Diaz' deficient document production, Heredia stated, "Diaz must respond to the

RFPs, ***should be ordered to do so without objection***, and should be sanctioned for his non-production." (emphasis added) <u>See</u> ECF no. 117-1 at 18:4-5.

Heredia argued that Federal Rule of Civil Procedure 26(b)(2)(A) does not give a party the discretion to wholly ignore Requests for Production. The party upon which a Request for Production is propounded must respond within thirty days. Further, Federal Rule of Civil Procedure 37(d)(1)(A) allows a court to order sanctions where a party, among other things, "fails to serve its answers, objections, or written response."

Heredia further argued that Diaz' claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited.  Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

There was no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.

The Magistrate Judge confusingly ruled in her order that "Plaintiff shall serve responsive documents as agreed to in his responses to the Requests for Production within fourteen (14) days of the date of this Order. In addition, Defendant's Motion to Compel further responses to the Requests for Production of Documents is DENIED without prejudice."

Diaz' promises in his RFP responses were:

> Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy.

> Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

> <u>See</u> Diaz RFP Response No. 1, for example.

Heredia simply asked the Court to compel Diaz' non-confidential responses to the RFPs.  <u>See</u> ECF no. 117-1 at 18:4-5.  Put another way, Heredia asked the Court to order Diaz to do what he promised.

The Magistrate Judge ordered Diaz to produce documents as promised in his initial RFP responses.  This gives Heredia the relief he requested in his motion to compel.  Yet Heredia's motion to compel was ordered denied by the Magistrate [ECF 122].  These two outcomes cannot be squared.

The Magistrate Judge's order compelling Diaz to respond to the RFPs is objectively a win for Heredia.  The Magistrate Judge's order was therefore contrary to law in that it did not discuss whether to award Heredia a portion of his reasonable expenses incurred in making the motion, including attorney's fees, as required by law.  "A decision is contrary to law if it applied an incorrect legal standard or fails to consider an element of the applicable standard." <u>Banuelos</u>.

Under Heredia's objection in the instant motion, he believes the reviewing court should find that his motion to compel responses to the RFPs was granted, as he received the relief he requested.  Heredia does not challenge the Magistrate Judge's denial of his that portion of his motion to compel concerning the Requests for Admission.  As Heredia's motion should therefore have been deemed granted in part and denied in part, Fed. R. Civ. P. 37(a)(5)(C) provides that the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

The lack of any discussion of award of reasonable expenses and attorney's

fees, or even the opportunity to be heard, to Heredia in the Magistrate Judge's June 22, 2022 order was, therefore, contrary to law and Heredia respectfully objects and requests that the Court correct that oversight elect to award Heredia a portion of his reasonable expenses incurred in making the motion, including attorney's fees.

### C. OBJECTION 3.   The Magistrate Judge Acted Contrary to Law in Granting Diaz' Motion to Compel a Protective Order Notwithstanding Diaz' Continuing Non-Compliance with the Local Rules and Failure to Address Heredia's Request For Sanctions.

Diaz did not comply with the local rules meet-and-confer requirements in the joint stipulation concerning his motion to compel a protective order.  Yet the Magistrate Judge ruled on the matter anyway, but did not address Heredia's request for sanctions under L.R. 37-4.  Heredia respectfully submits that this was contrary to law.

 Diaz once already tried and failed to file a dispute over the protective order matter without complying with this Court's local rules governing discovery disputes.  [ECF 113].  For that earlier discovery dispute, brought after a claimed meet-and-confer under L.R. 7, not 37, Diaz did not send a meet-and-confer letter pursuant to L.R. 37-1.  And Diaz did not meet-and-confer under L.R. 37-1.  (There was a meet-and-confer between counsel on April 13, 2022, but that was driven by Heredia's meet-and-confer letter in connection with Heredia's then-pending Joint Stipulation to compel responses to his discovery requests.)  Out of an abundance of caution, Heredia filed opposition papers to Diaz' improper motion.  [ECF 114]. That same day, the Court struck Diaz' improper filing for failing to comply with the local rules regarding discovery disputes.  [ECF 115].

Days later, Diaz put those same arguments in a joint stipulation provided to Heredia.  But merely putting the arguments in a joint stipulation did not cure the

1 underlying defect in Diaz' process.  Diaz did not properly bring his dispute before

2 the Court.

3        Even in connection with Diaz' joint stipulation concerning the protective

4 order, Heredia never received any meet-and-confer *letter* from Diaz, as required of

5 the moving party by L.R 37-1.  (Compare L.R. 37-1's requirement for service of a

6 letter with L.R. 37-2.2's reference to providing documents in person, by e-mail, or

7 fax.  If the Court believed an e-mail or any communication other than a letter,

8 whether provided via PDF in an e-mail or mailed or faxed, would be sufficient to

9 begin the L.R. 37-1 meet-and-confer process, L.R. 37-1 would say so.)

10        The April 13, 2022 meet-and-confer among counsel where the matter was of

11 a protective order was discussed was part of a Heredia-driven process concerning

12 Diaz' wholesale failure to provide responsive documents to Heredia's discovery

13 requests, and that included a detailed meet-and-confer letter sent by Heredia to Diaz.

14 Regardless, to avoid the appearance of waiver, Heredia participated in that joint

15 stipulation process as if it were brought properly, while lodging his objection to the

16 improper procedural manner in which Diaz has brought this dispute before the

17 Court.  Heredia noted that L.R. 37-4 provides for sanctions to a party who fails to

18 comply with the procedures governing discovery disputes such as this one.  As that

19 was the second time that Diaz improperly brought the identical dispute before the

20 Court, Heredia urged the Court to sanction Diaz' counsel in conformity therewith,

21 and also strike this Joint Stipulation because of Diaz' failure, yet again, to comply

22 with the local rules.

23        The Magistrate Judge did not strike Diaz' joint stipulation concerning the

24 entry of a protective order despite Diaz' failure to comply with the local rules yet

25 again[3], nor did the Magistrate Judge discuss the improper process by which Diaz

26

27        [3] Compliance with the local rules is a matter that Heredia has been taking great
pains to comply with.  In an order from May 18, 2021 [ECF 44], the Court referenced

28

presented his discovery dispute to the Court.  At minimum the Magistrate Judge should have recognized that improper process and addressed Heredia's request for sanctions under L.R. 37-4, found at ECF 118-1, 7:15-19.  Heredia respectfully, submits that the Magistrate Judge not doing so is contrary to law, objects, and urges the reviewing Court to order the entire joint stipulation be stricken, or at minimum sanction Diaz and his counsel for the improper process by which they brought the dispute before the Court.

### D. Heredia Requests the District Judge Stay the Imposition of Monetary Sanctions Against Him.

Heredia respectfully requests that the imposition of monetary sanctions against him be stayed pending the reviewing court's resolution of these objections.  L.R. 72-2.2 provides that a Magistrate Judge's ruling remains in effect unless the ruling is stayed by the District Judge.

District Courts have "broad discretion to stay proceedings as incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 683 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)).  Courts consider three factors in determining whether to grant a discretionary stay:

(1) harm the non-moving party may suffer as a result of the stay; (2) hardship the moving party may suffer if a stay is denied; and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof and questions of law which could be expected from a stay. Nakai v. Charter Communications, Inc., 2020 WL 1908949, at *3 (C.D. Cal. April 15, 2020) (internal quotations omitted) (citing Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005); Duran v. Ocwen

---

its instruction to Heredia's counsel to "henceforth to comply strictly with all Local Rules…" [ECF 44 at 7:1-2.]  Heredia's counsel have been doing so.  They strictly comply with, among others, the Local Rules regarding meet-and-confer, whether for discovery disputes or otherwise.  Diaz continues to flaunt the Local Rules seemingly without consequence.

_Mortg. Servicing, Inc._, No. 17-cv-00905-GW-(KKx), 2017 WL 10526138, at *2 (C.D. Cal. Aug. 21, 2017) (citing _CMAX, Inc. v. Hall_, 300 F.2d 265, 268 (9th Cir. 1962)).

In the present matter, Defendant is requesting a narrow stay of the imposition of monetary sanctions only. The harm and potential hardship to the Plaintiff from this narrowly tailored stay is minimal. Furthermore, because this is not a request to stay the proceeding as a whole, it is unlikely to complicate issues, proof and questions of law. Accordingly, this Court has the discretion and power to stay the imposition of monetary sanctions in this matter.

## V.    CONCLUSION

Heredia respectfully urges the reviewing Court to sustain his objections to the Magistrate Judge's June 22, 2022 order and conclude that the Magistrate Judge's June 22, 2022 order was, in part, clearly erroneous or contrary and law reverse the order of sanctions against him, reverse the denial of Heredia's motion to compel production, and either strike Diaz' joint stipulation concerning the protective order or sanction Diaz for the improper process by which it was brought before the Court.

Dated:  July 6, 2022                        Respectfully submitted,

/s/ _Rajan O. Dhungana_
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *Eric S. Montalvo*

Eric S. Montalvo (*Pro Hac Vice*)

FEDERAL PRACTICE GROUP

1750 K Street, N.W., Suite 900

Washington, D.C. 20006

Telephone: (202) 862-4360

Fax: (888) 899-6053

emontalvo@fedpractice.com

*Attorneys for Defendant*

Ralph Heredia

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2022, I filed the foregoing Memorandum Of Points And Authorities In Support Of Defendant Heredia's Notice Of Motion And Motion For Review Of, And Objections To, Portions Of The Magistrate's June 22, 2022 Order with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: July 6, 2022

Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

*Attorney for Defendant*
Ralph Heredia