# EXHIBIT A

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant,*
RALPH HEREDIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **DEFENDANT HEREDIA'S NOTICE OF MOTION AND MOTION FOR REVIEW OF, AND OBJECTIONS TO, PORTIONS OF THE MAGISTRATE'S JUNE 22, 2022 ORDER** <br><br> **EXHIBIT A, DECLARATION OF ERIC S. MONTALVO** <br><br> Date: August 5, 2022 <br> Time: 9:00am <br><br> Courtroom: 9D <br><br> Discovery Cut-Off Date: July 8, 2022 <br> Pre-Trial Conference Date: November 18, 2022 <br> Trial Date: December 5, 2022 |

# EXHIBIT A
# DECLARATION OF ERIC S. MONTALVO

I, Eric S. Montalvo, declare as follows:

1. I am a founding partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

3. Defendants' counsel made a good faith effort to meet and confer with plaintiff's counsel in advance of filing Defendants' Motion For Review of, and Objections to, Portions of the Magistrate's June 22, 2022 Order ("Motion").

4. Local Rule 72-2.1 treats objections to a Magistrate's order pursuant to Federal Rule of Civil Procedure 72(a) as a motion subject to the seven-day advance meet and confer requirements of Local Rule 7-3.

5. On Tuesday, June 28, my assistant emailed Diaz' counsel an eleven-page letter setting forth the substance of and authority for defendants' Motion. Declaration Exhibit 1, June 28 emails and attached meet and confer letter between Ms. LaGarde and Ms. Simas ("Decl. Exh. 1"). The letter and email were sent to fulfill Local Rule's 7-3 requirement that a movant "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." The June 28 meet and confer letter set forth available meeting times when both Mr. Dhungana and I would be available the following day. Id. Additionally, Ms. LaGarde's email stated that I could also be available at 10:00. on June 28, although it would not be ideal. Id. The available meeting times reflected mine and Mr. Dhungana's availabilities given that I was traveling from overseas

Exhibit A page 3

that day back to the United States, and my itinerary could reasonably be anticipated to be uncertain and subject to unexpected changes.

6. June 29 was the final day the meet and confer could occur. The time between entry of the Magistrate's June 22, 2022 Order [ECF 122] and Tuesday, June 28 when we sent the meet and confer letter to opposing counsel was spent reading the Order, assessing our options, researching the issues and reviewing the file to determine whether objections could be made in good faith, drafting the letter to opposing counsel, and coordinating calendars to present plaintiff's counsel available meeting times.

7. Later on June 29, plaintiff's counsel Gina Simas emailed my assistant characterizing the meet and confer letter as "last minute" and advising that none of plaintiff's counsel were available to meet during the times offered. Decl. Exh. 1. Ms. Simas also acknowledged the eleven-page letter. She addressed the "substance of the Rule 72 motion" and advised that plaintiff would oppose the motion in that they believed the Magistrate's Order was not "clearly erroneous or contrary to law." Id. None of Plaintiff's four counsel provided alternate availability for a meet and confer on June 29. See Id.

8. Although counsel were not able to meet and confer by telephone within the seven-day meet and confer period under Local Rule 7-3, Mr. Dhungana offered to meet to discuss the Motion further, making clear that such a conversation was not intended to substitute for a seven-day advance meet and confer, but wanting to attempt in good faith to see if any issues could be resolved. Plaintiff's counsel agreed to speak, and that call was held Tuesday, July 5 at 3:00 p.m. Pacific. Counsel were unable to resolve any issues.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on July 5, 2022

/s/ Eric S. Montalvo
Eric S. Montalvo

| | |
|---|---|
| **From:** | gsimas@vgcllp.com |
| **To:** | Cristina Lagarde; Eric Montalvo; Rajan Dhungana |
| **Cc:** | "Diyari Vazquez"; "Andrew White"; "James Greeley" |
| **Subject:** | FW: Meet and Confer re Heredia R 72a Objections to June 22 Order |
| **Date:** | Tuesday, June 28, 2022 7:32:47 PM |
| **Attachments:** | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image002.png |
| | Meet and Confer Letter to VGC re R72a Objections to June 22 Order.pdf |
| **Importance:** | High |

Cristina,

Thank you for your email. Unfortunately, by waiting until the very last minute to send this meet and confer request, we are unable to accommodate the 90 minute window you offered to us tomorrow morning (i.e. 8:30am to 10am). I am perplexed as to why Mr. Montalvo waited until 1:30pm today to make this request. Given that he had time to write an 11 page letter, it seems likely that he could have raised this issue earlier. In any event, we are unavailable tomorrow.

Regarding the substance of the Rule 72 Motion, we believe that your position is unfounded. We believe that the Magistrate's order was well-reasoned and that she reached the correct result. The order is not "clearly erroneous or contrary to law."  As such, we would oppose any motion brought on the meritless grounds raised in the letter, as well seek sanctions for doing so.

Sincerely,

Gina

**From:** Cristina Lagarde <clagarde@fedpractice.com>
**Sent:** Tuesday, June 28, 2022 1:31 PM
**To:** Diyari Vazquez <dvazquez@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; 'Jim Greeley' <jgreeley@vgcllp.com>; awhite@vgcllp.com
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** Meet and Confer re Heredia R 72a Objections to June 22 Order
**Importance:** High

Counsel,

Please see attached the meet and confer letter sent on behalf of Mr. Montalvo and Mr. Dhungana. In addition to the times set forth in the letter, Mr. Montalvo can be available at 10:00am, PDT as well, although it would not be ideal. Once you let me know of the best time, I would be happy to circulate a zoom invitation.

Thank you.

Sincerely,





**Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited. This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

June 28, 2022

**VIA ELECTRONIC MAIL ONLY TO ADDRESSEES AS NOTED**

Diyari Vázquez, Esq.
Gina Simas, Esq.
Andrew Shite, Esq.
James Greeley, Esq.
VGC, LLP
1515 7th Street, No. 106
Santa Monica, CA 90401

        Re:    **Request to meet and confer: Diaz v. Heredia, et al. -- Heredia's Rule 72 motion to object to Magistrate Judge's June 22, 2022 Order**

Counsel:

      We intend to object under Federal Rule of Civil Procedure 72 to the Magistrate Judge's June 22, 2022 Order [ECF 122] ("Order"). Local Rule 72.2-1 treats such objection as a motion. Accordingly, pursuant to Local Rule 7.3, by this letter we request a conference "to discuss thoroughly,...the substance of the contemplated motion and any potential resolution" ("meet and confer"). Under applicable rules, the meet and confer must occur no later than tomorrow, June 29, 2022 so the motion can be timely filed. Inasmuch as you have also requested a meet and confer, we can discuss both items during the agreed time. Please provide the information contemplated by the rules to support your request that the discovery cutoff be extended.

      We are available tomorrow, June 29, 2022 at the following times:

      8:30-9:00 a.m., PDT
      9:00-9:30 a.m., PDT
      9:30-10:00 a.m., PDT

Substance of the contemplated motion

      Pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P 72(a), and Local Rule 72-2.1, Defendant Ralph Heredia intends to object to: (1) that portion of the Magistrate Judge's June 22, 2022 Order ("Order") granting sanctions against Heredia and his law firm in connection with a discovery dispute and a protective order; (2) the lack of an order of sanctions against Diaz, despite the Magistrate Judge granting Heredia's motion to compel production from Diaz in response to

Heredia's Requests for Production ("RFP"); and (3) the Magistrate Judge's consideration of Diaz' motion to compel a protective order, which was considered by the Magistrate Judge despite Diaz not having complied with the local rules, and lack of sanctions against Diaz for failing to follow the local rules. These rulings are clearly erroneous or contrary to law, and we will request that the reviewing Court remedy these errors.

Additionally, Heredia will request that the Court stay that portion of the Order that imposes monetary sanctions, pending the Court's resolution of these objections. L.R. 72-2.2. A narrow stay of the imposition of monetary sanctions is an appropriate exercise of the Court's discretion.

Under Federal Rule of Civil Procedure 72(a), the motion and its objections must be filed within fourteen days after being served. The Order was served on Heredia on June 22, 2022; Heredia's motion is due by July 6, 2022.

## I. BACKGROUND

On January 24, 2022, Heredia propounded 112 requests for production to Diaz. Responses were due February 23, 2022. Fed. R. Civ. P. 34. Diaz did not timely respond; he did not substantively respond except for a mere eighty-five pages, produced tardy even after Diaz' counsels' promise to produce documents[1].—Diaz did not object nor request an extension of time. Instead, contrary to the Federal Rules of Civil Procedure, he embargoed his response, *even as to non-confidential documents*, under the guise that a protective order must first be put in place. Diaz' response to Heredia's RFPs stated, "***Any documents that Responding Party agrees to produce, as detailed in the responses below, will be produced after the Court has entered the Protective Order***." Diaz RFP response at 1:23-24 (emphasis added).

Withholding virtually all documents pending entry of a protective order does not comport with the procedure established by the rules. Diaz was obligated to respond to Heredia's Rule 34 requests within 30 days, either by producing the documents requested, making them available for inspection, or objecting. Fed. R. Civ. P. 34(b)(2)(B). Any such objection was required to specify "whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ.

---

[1] Diaz' production thus far consists of: (a) the 2012 boxer-manager contract among Heredia, Moses Heredia, and Diaz; (b) the 2017 release of the 2012 boxer-manager contract; (c) a notice to Moses Heredia of an approved 2017 boxer-manager contract; (d) a screenshot from the California State Athletic Commission showing Moses Heredia as Diaz' registered manager under the 2017 boxer-manager contract; (e) the 2017 boxer-manager contract between Moses Heredia and Diaz with notarized signatures; (f) four news articles about Heredia; (g) a court order denying a § 2255 appealability order of Heredia's conviction; (h) a petition for a writ of certiorari to the United States Supreme Court arising out of the denial of the § 2255 appealability order; (i) a letter from VGC to "Dedicated Recovery Services" apparently regarding the repossession of the Lexus; and (j) Heredia Boxing Management's Statement of Information on file with the California Secretary of State.

P. 34(b)(2)(C).  Under Rule 37, Diaz' failure to comply with Heredia's Rule 34 requests was "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order...."  Fed. R. Civ. P. 37(d)(2).

      Diaz did not have a pending motion for protective order at the time he breached his Rule 34 obligations.  Therefore, he was not justified in withholding virtually all (except eighty-five largely irrelevant pages) documents, confidential or otherwise.  Heredia, therefore found it necessary to file a motion to compel. [ECF 117].

      Prior to filing his motion to compel, Heredia's counsel prepared and sent a detailed meet-and-confer letter to Diaz' counsel.  Pursuant to that letter, counsel met on April 13, 2022.  During that meeting, Heredia's counsel expressed concern that Diaz' counsel was waiting to produce ***anything – confidential or not –*** until the parties executed a protective order for certain responsive documents that may be confidential.

      Refusing to produce any documents at all until a protective order in place was inappropriate and not consistent with Diaz' discovery obligations.  While Heredia recognized that certain of Plaintiff's responsive documents (e.g., any responsive medical and mental health records, documents containing Personally-Identifiable Information) may warrant protection, Diaz' refusal to produce any documents whatsoever pending entry of a protective order violated his duty under the rules.

      After discussing this point during the meet and confer among counsel, Diaz' counsel agreed to provide all non-confidential documents in response to the RFPs that same week.  Contrary to that agreement, Diaz did not produce any documents that week.  On April 20, 2022, nearly two months after the response due date, Diaz' counsel produced a mere eighty-five Bates-stamped documents in a production that is facially defective and patently incomplete.

      Heredia generally asked Diaz for all documents or communications supporting or rebutting each substantive paragraph of his amended complaint.  While Heredia realizes some of those documents or communications may concern Diaz' mental or physical health, or certain business arrangements, and therefore may be produced pursuant to a protective order, the scope of Diaz' allegations supports the conclusion that Diaz has withheld many non-confidential, non-privileged documents.  Additionally, Diaz has not produced a privilege log, to the extent that there may be attorney-client privileged documents that would otherwise be responsive to Heredia's RFPs.

      Diaz' eighty-five page production is facially deficient.  It consisted of an email attaching eighty-five documents, unaccompanied by any written responses in violation of Rule 34(b)(2)(A).  It was not organized and labelled to correspond to the categories of Heredia's RFPs.
Fed. R. Civ. P. 34(b)(2)(E)(i).  It is not clear to what requests Diaz' eighty-five pages purport to respond, and the rules do not require Heredia to guess.  Accordingly, Diaz must label his eighty-five pages as required by the rules.

Roughly in parallel with this dispute over production, Diaz filed a motion for a protective order because the parties could not agree as to the duration of any confidentiality thereunder. [ECF 113]. That motion was fatally flawed: Diaz presented his dispute as a discovery matter, but did not comply with Local Rule 37-1 governing discovery disputes, instead claiming instead that he met and conferred pursuant to Local Rule 7-3. Diaz did not send Heredia the required meet-and-confer letter, nor was the dispute presented via joint stipulation. On May 19, 2022, the Magistrate Judge struck the motion for failing to comply with the local rules. [ECF 115]

Mere days later, Diaz presented his same arguments via a Joint Stipulation [ECF No. 118-1]. However, Diaz *still* was not in compliance with the Local Rules: Heredia did not receive any meet-and-confer letter from Diaz, as required of the moving party by Local Rule 37-1.

Nevertheless, on June 22, 2022, the Court denied Heredia's motion to compel responses to the RFPs while at the same time ordering Diaz to produce documents within 14 days, and also granted Diaz' motion for a protective order raised via joint stipulation, stating, "Defendant fails to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery."

Heredia contends that the Magistrate Judge's rulings on three points in her June 22, 2022 order were clearly erroneous or contrary to law, and objects thereto to: (1) that portion of the Magistrate Judge's June 22, 2022 Order granting sanctions against Heredia and his law firm in connection with a discovery dispute and a protective order; (2) the lack of an order of sanctions against Diaz, despite Heredia's motion to compel production in response to his RFPs; and (3) Diaz' motion to compel a protective order as a whole, which was considered by the Magistrate Judge despite Diaz not having complied with the local rules, and a lack of sanctions against Diaz for failing to follow the local rules.

## II.     LEGAL STANDARD

"Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's determination of non-dispositive pretrial matters if the magistrate's order is 'clearly erroneous or contrary to law.' Similarly, Fed. R. Civ. P. 72(a) provides that 'the district court judge to whom the case is assigned shall consider [timely] objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Folb v. Motion Picture Industry Pension & Health, 16 F. Supp. 2d 1164, 1167-68 (C.D. Cal. 1998).

A ruling is clearly erroneous if, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." See Easley v. Cromartie, 532 U.S. 234, 242 (2001).

"A decision is contrary to law if it applied an incorrect legal standard or fails to consider an element of the applicable standard." Banuelos v. United States, No. 2:15-cv-3273-PA-RAO,

2016 WL 7197593, at *1 (C.D. Cal May 19, 2016).

III.    ARGUMENT

    A. <u>**OBJECTION 1**</u>.  **The Magistrate Judge's Order Granting Diaz' Motion For a Protective Order Was Clearly Erroneous and Contrary to Law**

In ruling against Heredia on the matter of the entry of the protective order, the Magistrate Judge stated, "Defendant fails to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery." [ECF No. 112 at 4.] Heredia contends that this conclusion is clearly erroneous, and the order of sanctions was contrary to law.

### i. The Magistrate Judge's Conclusion Was Clearly Erroneous

Heredia gave a detailed explanation of why he did not sign the protective order or respond to every instance where Diaz asked it to be signed. The Magistrate Judge's order granting the protective order seemingly overlooked Heredia's detailed and legitimate explanation. If the Magistrate Judge determined that the reason Heredia gave was not legitimate, she did not provide any support for that conclusion. This outcome must leave the reviewing court "with the definite and firm conviction that a mistake has been committed." See <u>Easley v. Cromartie</u>, 532 U.S. 234, 242 (2001).

Heredia's explanation, at pages 15-16 of the Joint Stipulation [ECF 118-1] is:

> The Court's sample stipulated protective order, at Section 4, contains two suggestions for the duration of confidentiality. The first alternative is that confidentiality of documents or information presumptively expires once a case proceeds to trial, but a party may move to keep information confidential even afterwards, upon a showing of compelling reasons. The second alternative is that confidentiality of documents or in information remains confidential until the designating party or a court otherwise directs.

> Heredia's position, communicated to Diaz' counsel, is that the first alternative is appropriate in this matter, as once the information is used at trial, it should be deemed to have entered the public domain. Conceptually, Heredia may consider stipulating at the appropriate time to continued protection for certain especially-sensitive health records related to Diaz, but financial records and the vast majority of the otherwise confidential documents should become public when used at trial. Most of these confidential documents likely would be used by Diaz himself to attempt to prove his case. He should not be able to make damning allegations against Heredia in the Complaint, and then hide any purported proof, or lack thereof, behind a curtain of confidentiality at trial. The parties simply disagree as to the term of confidentiality under any protective order, and Heredia's position is the

more reasonable and supportable.

Further, Heredia offered in the Joint Stipulation at page 13:

> Heredia's counsel wanted to see the entirety of Diaz' non-confidential document production to try to discern what would be left as confidential prior to agreeing to any protective order. Montalvo Decl. ¶6. Otherwise, Heredia would have to object to each document produced by Diaz under Section 6 of the proposed protective order if Heredia did not believe it was appropriately designated as confidential. This would include the entire meet-and-confer process per Local Rule 37-1, and doing this for each challenged confidentiality designation would be a lengthy process that would strain both parties' resources and would be an inefficient use of the Court's valuable time. Thus, undersigned counsel's request that he see Diaz' non-confidential document production (which was late at that point in any event) prior to finalizing the stipulated protective order was in aid of refining the stipulated protective order.

The Magistrate Judge did not address why Heredia's reasoning was illegitimate, nor why he should have responded to each and every time Diaz asked Heredia to sign a protective order with terms about which the parties did not agree.

Absent any reasoning behind her conclusion that Heredia "fail[ed] to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery," and considering that Heredia did explain the parties' differences in their positions to Diaz' counsel and the Magistrate Judge, the reviewing court can only be left with the definite and firm conviction that "a mistake has been committed." See Easley v. Cromartie, 532 U.S. 234, 242 (2001).

Heredia will request that the reviewing Court set aside this finding in the Magistrate Judge's order, which would then have the consequence of nullifying the order of sanctions against Heredia and his firm. Doing so would also have the consequence of Diaz' motion being denied in full, and per Fed. R. Civ. P. 37(a)(5)(B), Diaz would be required to pay Heredia's reasonable expenses incurred in opposing the motion, including attorney's fees.

### ii. The Magistrate Judge's Order Was Contrary to Law

If the reviewing court disagrees with Heredia's position, above, Heredia at least believes that that his position was substantially justified so that, pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii), no expenses or fees should be ordered against him as sanctions. The Magistrate Judge did not specifically address whether Heredia's position was "substantially justified," instead merely concluding that Heredia offered no "legitimate reason" for not responding to Diaz' numerous requests that Heredia sign a protective order with a position about which he disagreed.

Whether Heredia had a reason for not responding each and every time Diaz asked Heredia to sign a protective order with disputed language is separate from whether his position on the merits of the issue was "substantially justified." The Magistrate Judge's order granting sanctions against Heredia does not address whether Heredia's position on the merits – that confidentiality should end at disclosure at trial – was "substantially justified." Instead it provides that there was no "legitimate reason." This is contrary to law because it "applied an incorrect legal standard." Banuelos.

Further, while the Magistrate Judge's order recites the correct legal standard for an award of sanctions unless the opposing party's position was "substantially justified," the Magistrate then concluded that "Here, Plaintiff's Motion for Protective Order was granted in its entirety and Defendant's Motion to Compel is denied in its entirety. Accordingly, an award of attorney's fees to Plaintiff is mandatory." This is contrary to law because the "decision … fails to consider an element of the applicable standard." Banuelos.

The applicable standard here provides that an award of fees is mandatory unless, *inter alia*, the opposing party's position was "substantially justified." The Magistrate Judge's order does not address whether Heredia's position was "substantially justified," and as argued above, Heredia asserts that it was.

Heredia will request that the reviewing Court find that the Magistrate Judge's order was contrary to law in not considering whether Heredia's position was substantially justified, conclude that Heredia's position was, in fact, substantially justified, and reverse the order of sanctions that arose therefrom.

      B.  **OBJECTION 2. The Magistrate Judge's Order, Requiring Diaz to Produce All Responsive Documents Within 14 Days Was a Win For Heredia, But The Order Did Not Consider of Any Award of Expenses and Fees to Heredia. This is Contrary to Law.**

Heredia requested that the Court compel Diaz to respond to Heredia's RFPs. In the preface in the Joint Stipulation prior to where Heredia gave his delineations of Diaz' deficient document production, Heredia stated, "The Court may note that Heredia's arguments in support of an ***order compelling responses to his requests*** are virtually identical. This is not because Heredia is using disfavored boilerplate, but because Diaz' behavior with respect to every request is identical. Thus, the similarity in Heredia's argument results from the identical and boilerplate nature of Diaz' response."

Heredia argued that Federal Rule of Civil Procedure 26(b)(2)(A) does not give a party the discretion to wholly ignore Requests for Production. The party upon which a Request for Production is propounded must respond within thirty days. Further, Federal Rule of Civil Procedure 37(d)(1)(A) allows a court to order sanctions where a party, among other things, "fails

to serve its answers, objections, or written response."

Heredia further argued that Diaz' claim to be holding out for a protective order before producing any documents is a red herring and such an argument should not be credited. Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

There was no pending motion for a protective order, and even if there were, nothing in the Rules permits a party to withhold non-confidential responsive documents pending the execution of a protective order for confidential responsive documents.

The Magistrate Judge confusingly ruled in her Order that "Plaintiff shall serve responsive documents as agreed to in his responses to the Requests for Production within fourteen (14) days of the date of this Order. In addition, Defendant's Motion to Compel further responses to the Requests for Production of Documents is DENIED without prejudice."

Diaz' promises in his RFP responses were:

> Responding Party objects to this Request to the extent it seeks information that is protected by the attorney-client privilege, work product doctrine and/or other applicable privilege or right to privacy. Subject to and without waiving the foregoing general and specific objections, Responding Party will produce non-privileged documents in its possession, custody, or control that are responsive to this Request as Responding Party understands it.

See Diaz RFP Response No. 1, for example.

Heredia simply asked the Court to compel Diaz' non-confidential responses to the RFPs. Put another way, Heredia asked the Court to order Diaz to do what he promised. The Order requires Diaz to produce documents as promised in his initial RFP responses. This gives Heredia the relief he requested in his motion to compel. Yet Heredia's motion to compel was ordered denied by the Magistrate [ECF 122]. These two outcomes cannot be squared.

The Magistrate Judge's order compelling Diaz to respond to the RFPs is objectively a win for Heredia. The Magistrate Judge's order was therefore contrary to law in that it did not discuss whether to award Heredia a portion of his reasonable expenses incurred in making the motion, including attorney's fees, as required by law. "A decision is contrary to law if it applied an incorrect legal standard or fails to consider an element of the applicable standard." Banuelos.

Under Heredia's objection in the instant motion, he contends that the reviewing court should find that his motion to compel responses to the RFPs was granted, as he received the relief he requested. Heredia does not challenge the Magistrate Judge's denial of that portion of his

motion to compel concerning the Requests for Admission.  As Heredia's motion should therefore have been deemed granted in part and denied in part, Fed. R. Civ. P. 37(a)(5)(C) provides that the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Heredia was not given an opportunity to be heard.

The lack of any discussion of award of reasonable expenses and attorney's fees, or even the opportunity to be heard, to Heredia in the Magistrate Judge's June 22, 2022 order was, therefore, contrary to law and Heredia intends to request that the Court correct that oversight, and award Heredia a portion of his reasonable expenses incurred in making the motion, including attorney's fees.

### C. **OBJECTION 3**.  **The Magistrate Judge Acted Contrary to Law in Considering Diaz' Motion to Compel a Protective Order Despite Diaz' Continuing Non-Compliance with the Local Rules and Did Not Address Heredia's Request For Sanctions.**

Diaz did not comply with the local rules' meet-and-confer requirements in the joint stipulation concerning his motion to compel a protective order.  Yet the Magistrate Judge ruled on the matter anyway, but did not address Heredia's request for sanctions under L.R. 37-4.  Heredia contends that this was contrary to law.

Diaz already tried to file a dispute over the protective order matter without complying with this Court's local rules governing discovery disputes.  [ECF 113].  For that earlier discovery dispute, brought after a claimed meet-and-confer under L.R. 7, not 37, Diaz did not send a meet-and-confer letter pursuant to L.R. 37-1.  And Diaz did not meet-and-confer under L.R. 37-1.  (There was a meet-and-confer between counsel on April 13, 2022, but that was driven by Heredia's meet-and-confer letter in connection with Heredia's then-pending Joint Stipulation to compel responses to his discovery requests.)  Out of an abundance of caution, Heredia filed opposition papers to Diaz' improper motion.  [ECF 114].  That same day, the Court struck Diaz' improper filing for failing to comply with the local rules regarding discovery disputes.  [ECF 115].

Days later, Diaz put those same arguments in a joint stipulation provided to Heredia.  But merely putting the arguments in a joint stipulation did not cure the underlying defect in Diaz' process.  Diaz did not properly bring his dispute before the Court.

Even in connection with Diaz' joint stipulation concerning the protective order, Heredia never received any meet-and-confer *letter* from Diaz, as required of the moving party by L.R 37-1.  (Compare L.R. 37-1's requirement for service of a letter with L.R. 37-2.2's reference to providing documents in person, by e-mail, or fax.  If the Court believed an e-mail or any communication other than a letter, whether provided via PDF in an e-mail or mailed or faxed, would be sufficient to begin the L.R. 37-1 meet-and-confer process, L.R. 37-1 would say so.)

The April 13, 2022 meet-and-confer among counsel where the matter was of a protective order was discussed was part of a Heredia-driven process concerning Diaz' wholesale failure to provide responsive documents to Heredia's discovery requests, and that included a detailed meet-and-confer letter sent by Heredia to Diaz. Regardless, to avoid the appearance of waiver, Heredia participated in that joint stipulation process as if it were brought properly, while lodging his objection to the improper procedural manner in which Diaz has brought this dispute before the Court. Heredia noted that L.R. 37-4 provides for sanctions to a party who fails to comply with the procedures governing discovery disputes such as this one. As that was the second time that Diaz improperly brought the identical dispute before the Court, Heredia urged the Court to sanction Diaz' counsel in conformity therewith, and also strike the Joint Stipulation because of Diaz' failure, yet again, to comply with the local rules.

The Magistrate Judge did not strike Diaz' joint stipulation concerning the entry of a protective order despite Diaz' failure to comply with the local rules, nor did the Magistrate Judge discuss the improper process by which Diaz presented his discovery dispute to the Court. At minimum the Magistrate Judge should have recognized that improper process and addressed Heredia's request for sanctions under L.R. 37-4, found at ECF 118-1, 7:15-19. Heredia submits that the Magistrate Judge not doing so is contrary to law, objects, and will ask the reviewing Court to order the entire joint stipulation be stricken, or at minimum sanction Diaz and his counsel for the improper process by which they brought the dispute before the Court.

### D. Heredia Requests the District Judge Stay the Imposition of Monetary Sanctions Against Him.

Heredia intends to request that the imposition of monetary sanctions against him be stayed pending the reviewing court's resolution of these objections. L.R. 72-2.2 provides that a Magistrate Judge's ruling remains in effect unless the ruling is stayed by the District Judge.

District Courts have "broad discretion to stay proceedings as incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 683 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). Courts consider three factors in determining whether to grant a discretionary stay:

(1) harm the non-moving party may suffer as a result of the stay; (2) hardship the moving party may suffer if a stay is denied; and (3) the orderly course of justice measured in terms of simplifying or complicating issues, proof and questions of law which could be expected from a stay. Nakai v. Charter Communications, Inc., 2020 WL 1908949, at *3 (C.D. Cal. April 15, 2020) (internal quotations omitted) (citing Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005); Duran v. Ocwen Mortg. Servicing, Inc., No. 17-cv-00905-GW-(KKx), 2017 WL 10526138, at *2 (C.D. Cal. Aug. 21, 2017) (citing CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

In the present matter, Defendant is requesting a narrow stay of the imposition of monetary sanctions only. The harm and potential hardship to the Plaintiff from this narrowly tailored stay is minimal. Furthermore, because this is not a request to stay the proceeding as a whole, it is unlikely to complicate issues, proof and questions of law. The Court has the discretion and power to stay the imposition of monetary sanctions in this matter, and Heredia intends to request that it do so.

**Relief Requested**

Kindly advise whether you will request to the relief requested throughout this letter.

Truly yours,

*/s/ Eric s. Montalvo*
Eric Montalvo
Founding Partner
Federal Practice Group
1750 K Street, NW, Suite 900
Washington, D.C. 20006
T: (202) 862-4360
F: (888) 899-6053
EMontalvo@fedpractice.com