# EXHIBIT C

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant*
Ralph Heredia

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br>HON. KENLY KIYA KATO<br><br>[DISCOVERY MATTER]<br><br>**DECLARATION OF ERIC S. MONTALVO IN SUPPORT OF MOTION TO COMPEL A FIRST RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS AND TO COMPEL FURTHER RESPONSES TO FIRST SETS OF REQUESTS FOR ADMISSIONS OR DEEM THEM ALL ADMITTED TO PLAINTIFF JOSEPH DIAZ JR; AND REQUEST FOR SANCTIONS IN THE AMOUNT OF $25,000.**<br><br>Date: June 16, 2022<br>Time: 10:00am<br>Courtroom: 3 or 4<br>Hon. Kenly Kiya Kato<br><br>Discovery Cut-Off Date: July 8, 2022<br>Pre-Trial Conference Date: November 18, 2022<br>Trial Date: December 5, 2022 |

MONTALVO DECL. ISO DEFENDANT HEREDIA'S
MOTION TO COMPEL AND FOR SANCTIONS

I, Eric S. Montalvo, declare as follows:

1. I am a partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity, I am defending the complaint on behalf of Ralph Heredia. I submit this declaration in support of Defendant Heredia's Local Rule 37-2.1 Joint Stipulation Re: Defendant's Motion To Compel a First Response to Requests For Production of Documents and To Compel Further Responses to First Sets of Requests For Admissions or Deem Them All Admitted; and Request for Sanctions in the Amount of $ 25,000.

3. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

4. On April 11, 2022, I approved and caused to be sent to counsel for Plaintiff a meet-and-confer letter concerning Plaintiff's deficient discovery production and responses. Exhibit AA, April 11, 2022 Meet and Confer Letter to Diaz Counsel.

5. On April 13, 2022, I participated in a conference call meet and confer among counsel to try to resolve this dispute without involving the Court. Diyari Vázquez was the only counsel on the call on behalf of Plaintiff.

6. During that phone call, I stated to Ms. Vázquez that I was concerned that her firm had not produced any discovery at all in response to Heredia's Requests for Production ("RFPs") to Diaz under the guise that I had yet to agree with their position on a protective order. I explained that they were improperly withholding all of their discovery production without any lawful basis. In addition, if they were withholding all of the production because I took the position that not all of the discovery to be provided would be subject to a protective order that would be an indefensible position and their failure to provide ANY discovery to date at this point in the case – particularly in light of their motions practice – was simply irreconcilable. As to the protective order I stipulated to some information being included such as medical and certain financial information, but once again emphasized it is not permissible to withhold non-confidential documents while awaiting a protective order for the confidential documents. I asked that Diaz respond fully and completely to the RFPs.

7. Ms. Vázquez agreed and said that her firm had the non-confidential documents "ready to go" and will send them over to me "this week," which I understood to mean by the coming Friday, April 15, 2022. No production was received that day.

8. I stated that upon receipt of the non-confidential documents, we will be able to see what is withheld as confidential and we would then be amenable to

ii

signing a protective order for documents appropriately withheld as confidential.

9. That week passed with no documents produced. As of the date of this Declaration, I have received only eighty-five (85) pages of non-confidential documents from Ms. Vázquez or anyone at her firm.

10. During the meet and confer, we also discussed the Requests for Admission. While reserving all remedies, I asked that Diaz respond fully and completely to the Requests. Ms. Vázquez stated that Diaz would supplement his responses, but asked for my firm to divide up the Bates-stamped documents into files that are applicable to each RFA. We did not agree to that on the call, but stated that we would consider it and let her know. We subsequently decided not to divide up the Bates-stamped documents in such a manner and by this Declaration, have so informed her.

11. I, and attorneys in my firm, have attended a meeting with Diaz' counsel, drafted correspondence, and spent significant time preparing Heredia's portions of this Joint Stipulation. In addition, Diaz expects to incur additional time drafting supplemental briefing on these discovery issues and appearing at the hearing on the discovery motion.

12. In total, Defendant's counsel expects to spend approximately 40 hours in connection with this discovery dispute totaling approximately $25,000 in attorneys' fees. This figure would of course be updated and supported by a

MONTALVO DECL. ISO DEFENDANT HEREDIA'S
MOTION TO COMPEL AND FOR SANCTIONS

detailed calculation of time spent and hourly rates in any fee petition filed if the Court were to grant Heredia's request for fees in connection with this discovery motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 24, 2022, at  Anaheim  , California.

_____
Eric S. Montalvo

# Sub-EXHIBIT AA

**Federal Practice Group**
Aggressive • Innovative • Global

**CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW**

Eric S. Montalvo
Lic: DC, PA, NJ
emontalvo@fedpractice.com

April 11, 2022

**VIA CERTIFIED MAIL AND EMAIL TO: GSIMAS@VGCLLP.COM**

James L. Greeley, Esq.
Diyari Vázquez, Esq.
Gina Simas, Esq.
VGC, LLP
1515 7th Street, No. 106
Santa Monica, CA  90401

      Re:    **Diaz v. Heredia, Case No. 5:20-cv-02332-JWH-KK**

Dear Counsel:

On behalf of Ralph Heredia ("Heredia"), this meet and confer letter is a good faith attempt to resolve the discovery issues set forth herein relating to: Plaintiff Joseph Diaz Jr.'s ("Diaz") March 1, 2022 responses to Heredia's January 28, 2022 Requests for Admission; Heredia's January 24, 2022 Requests for Production, to which Diaz has not responded; and our concerns about the scope of the proposed protective order.  Heredia does not waive any other arguments or rights under law or rule that are not raised in this letter.

Unless we resolve the discovery issues presented herein, Heredia intends to move under Rule 37 for an order compelling production or for sanctions, as the case may be, for Diaz's failure to respond to Heredia's Requests for Production.  Further, given that Diaz' untimely responses to Heredia's Requests for Admission mean that they are deemed admitted, Fed. R. Civ. P. 36(a)(3), Heredia intends to move under Rule 36 for an order determining the sufficiency of Diaz' answers or objections.

Diaz purports to desire a speedy resolution to this litigation, yet to date has not provided one substantive piece of paper to Heredia in discovery.  Thus, we are now required to wait for this information, which delay entirely overtook the previous scheduling order and belies Diaz' stated desire for speedy resolution.

Moreover, three months of waiting for Diaz to provide his availability for deposition has finally resulted in VGC responding that it will try to accommodate Heredia sometime in May.  You further assert that you want to have all depositions in this matter occur during the same block of time.  While you previously stated that Diaz was unavailable for deposition in March because he was training for a fight that would occur in early April, it is now April 11 and that fight has not materialized.  The courtesy of counsel about which you complained in prior deposition discussions apparently does not extend to updating us on Diaz' earlier availability for deposition once his schedule opened up.  We are ready and willing to move this matter forward, but Diaz' delays are interfering with that.

April 11, 2022
PAGE 2 OF 6

As to settlement discussions, we appreciate that your firm would like to achieve a global settlement of all claims in this and the related MTK litigation.  However, you have not provided a statement of authority from any other party that you represent them, or that pursuant to a joint defense agreement, you are permitted to negotiate a settlement on their behalf.  Accordingly, your demand that the mediation must result in a global settlement demonstrates to me that Diaz will be entering this court-ordered mediation, which is between Heredia, *et al*. and Diaz only, with no intent to engage in good-faith negotiations to resolve this litigation.  If you can collect all the other parties, I would be happy to have a call among us all at any time to discuss a global settlement.  However, I am not prepared to, nor will I, accept your counterfeit demand that the mediation in this case must resolve all open issues in both cases.  My clients are prepared to engage in the court-ordered mediation in good faith and with an eye toward resolving the issues at hand in this case.

## I.   Introduction

Federal civil discovery is liberal in its scope.  See Miller v. Pancucci, 141 F.R.D. 292, 298 (C.D. Cal. 1992)  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Diaz has the burden to show that Heredia's discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. See Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975), see also DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002). (holding "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.")  Diaz did not meet this burden.

Federal Rule of Civil Procedure 36 permits a party to serve on any other party a written request to admit … the truth of any matters within the scope of discovery.  See Inland Empire Waterkeeper v. Corono Clay Co., 13 F.4th 917, 928 (9th Cir. 2021). (citation omitted.)  The rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice."  See id. (citation omitted.)  For Rule 36 to be effective, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge.  See id. (citation omitted).

## II.   Diaz' Objections in the Requests for Admission Are Improper

Diaz' untimely responses to the Requests for Admission have resulted in them being deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).  Nevertheless, and without waiving those deemed admissions, we will detail our concerns with his responses, late as they may be.  Overall, in response to 64 Requests for Admission, Diaz objected to each in with the same two improper objections.  Heredia believes these objections, repeated identically 64 times over, are inappropriate, as discussed below, and requests that each Request for Admission be fully

April 11, 2022
PAGE 3 OF 6

supplemented. Further, Diaz has yet to respond to any of Heredia's 112 Requests for Production. Heredia requests that Diaz provide full and complete responses to them immediately.

Diaz makes the same two objections to each Request for Admission. His first objection is that the request is vague and ambiguous. His second objection is that because, he claims, Heredia "fails to attach any document, this renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request." These objections are unsupportable.

We request that Diaz fully supplement his responses to the Requests for Admission. His failing to do so may result in sanctions. Federal Rule of Civil Procedure 37(a)(5)(A)(ii) provides that sanctions "must" be awarded if a motion to compel is granted unless the Court finds the opposing party's objection was "substantially justified." As detailed below, we believe that Diaz' objections are not substantially justified.

As the Requests for Admission concern defined documents, and Diaz' objections are identical for each of the 64 Requests for Admission, Heredia will forego making the same argument in response 64 times. Instead, below, Heredia will discuss why Diaz' responses are improper. Heredia's arguments apply to each of Diaz' 64 responses to the Requests for Admission.

### A. The Requests for Admission Are Not Vague and Ambiguous

First, Diaz objects to each Request for Admission ("RFA") on the grounds that each is vague and ambiguous. They are not. Each RFA identifies, by Bates number, documents already in Diaz' possession. This is explicitly allowed by Federal Rule of Civil Procedure 36(a)(2), which requires that "a request to admit the genuineness of a document … be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying." That is precisely what occurred here.

The first fifty-four RFAs ask Diaz to admit the genuineness of specifically-identified, Bates-numbered documents. Those documents were defined within the RFAs: "12. 'Heredia Exhxxx,' where 'xxx' is a three-digit number, refers to Ralph Heredia's exhibits to his Motion for Judgment on the Pleadings filed in this action.'" Heredia's Motion for Judgment on the Pleadings was served on Diaz on November 12, 2021, and as such, Diaz is in possession of the defined documents.

The final ten RFAS ask Diaz to admit the genuineness of specifically-identified exhibits. Those documents were also defined in the RFAs: "13. 'Exhibit xx,' where 'xx' is a one- or two-digit number, as the case may be, refers to Joseph Diaz, Jr.'s exhibits submitted 'In the Matter of the Arbitration of Contract Dispute Between MOSES HEREDIA, Manager, and JOSEPH DIAZ, JR., Boxer.'" Again, those documents had already been furnished to Diaz.

Diaz' boilerplate objections, without detailing why he believed the Request for Admissions to be vague and ambiguous, fall short of what is actually required. In the context of objections claiming a Request for Admission is compound, ambiguous and vague, see Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994), Diaz "could have 'set forth in detail the reasons why [he could not] truthfully admit or deny the matter.' Fed.R.Civ.P. 36(a)." Id.

Diaz entirely fails to specify what part of each Request for Admission, which identifies each document by defined, Bates or exhibit number, is vague or ambiguous. Diaz' insufficient objections leaves Heredia unable meaningfully to determine what Diaz finds objectionable, because Diaz did not explain his confusion at what he claimed was a vague and ambiguous request.

April 11, 2022
PAGE 4 OF 6

Instead of doing any of the foregoing, Diaz rested on a repeated boilerplate objection without explanation.  This is improper.  If Diaz' RFAs are not deemed admitted, Heredia will request that Diaz' objections be stricken.

### B. Diaz Has the Documents Referenced in the Requests for Admission.

Diaz objects to each RFA on the grounds that as Heredia "fails to attach any document and improperly requests Diaz to admit to the genuineness of a document unrelated to this action" it "renders Diaz unable to admit or deny this Request and, on that basis, Diaz denies this Request."  This ignores that Diaz already has the documents, so they were not required to be provided again.

Federal Rule of Civil Procedure 36(a)(2) states that, "[a] request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying."  Thus, the document in question need not be attached to the Request for Admission.  Rule 36(a)(2) allows the document in question to "ha[ve] been [ ] otherwise furnished …."  Each document has been otherwise furnished to Diaz.

The Bates-stamped documents in the first fifty-four Requests for Admission were "otherwise furnished" to Diaz.  The definition states that the "Heredia Exhxxx" documents were provided to Diaz as part of Heredia's Motion for Judgment in this very action.  He cannot fairly say they have not been provided to him.  Further, they were provided to Diaz twice more, both times Bates-stamped.  First, they were provided as part of a December 3, 2021 document production to Diaz by Heredia, which Heredia understands Diaz may be claiming he never received but which he has never clarified when asked.  Second, upon learning of that belief, Heredia provided the same documents to Diaz by email on February 7, 2022.  There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the first fifty-four Requests for Admission.  Notably, Diaz never communicated his confusion about the Bates-stamped documents to Heredia.  Had he done so, Heredia would have worked with Diaz to clarify any confusion.

The exhibits in the final ten Requests for Admission were "otherwise furnished" to Diaz in the June 2021 arbitration to which he was party.  He cannot fairly say they have not been provided to him.  There can be no doubt that Diaz has been "otherwise furnished" with the documents referenced in the final ten Requests for Admission.

Finally, there is no requirement that the genuineness of a document needs to be admissible in the action.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed.R.Civ.P 26(b)(1).  Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

### III.   Diaz Has Not Responded to the Requests for Production At All.

Heredia propounded 112 Requests for Production to Diaz.  Diaz has not objected, provided responsive documents, nor asked for an extension of time in which to respond.  Instead, contrary to the rules, he has embargoed any response whatsoever under the guise of desiring that a

April 11, 2022
PAGE 5 OF 6

protective order first be put in place. That is not consistent with his discovery obligations, however, nor appropriate under the rules.

Federal Rule of Civil Procedure 26(b)(2)(A) does not give a party the discretion to wholly ignore Requests for Production. The party upon which a Request for Production is propounded *must* respond within 30 days.

Federal Rule of Civil Procedure 37(d)(1)(A) allows a court to order sanctions where a party, among other things, "fails to serve its answers, objections, or written response." Federal Rule of Civil Procedure 37(d)(2) provides that a party who fails to serve its answers, objections, or written response "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Here, there is no pending protective order motion.

If Diaz believed any portion of the Requests for Production were objectionable, he could have at least responded in a timely manner with objections to those discrete portions, and responded fully to the perceived non-objectionable portions. Instead, Diaz chose to ignore completely his obligation to respond. Diaz' failure to respond to Heredia's Requests for Production is "unacceptable" under the Federal Rules, and is independently sanctionable, apart from Heredia's concerns, above, with Diaz' responses to the Requests for Admission. See, e.g., Williams v. City of Long Beach, No. 2:19-cv-05929-ODW(AFMx), at 1 (C.D. Cal. Feb 14, 2022) (citing Fed. R. Civ. P. 37, and referencing Residential Funding Corp. v. Degeorge Financial, 306 F.3d 99, 107 (2d. Cir. 2002) ("Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction….")

Heredia requests that Diaz immediately provide full and complete responses to each of the 112 Requests for Production. As more than thirty days have passed since the requests were served, such full and complete responses should be without objection.

**IV.    Protective Order**

A protective order requires good cause to be issued. In this case, Diaz has failed to show good cause to have a protective order cover substantially all the information he will presumably provide. Almost all of the allegations Diaz has made in this matter are the same that were raised in the June 2021 Arbitration, which record and proceedings are public. Good cause likely exists to protect any of the treatment notes from Diaz' medical records that have not already been made public, and any PII of a party. However, Diaz has failed to provide specifics about why any other categories of documents will need protection.

"'It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown.'" AGA Shareholders, LLC v. CSK Auto, Inc., No. CV-07-62-PHX-DGC, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007) (quoting San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose), 187 F.3d 1096, 1103 (9th Cir. 1999)).

For good cause to exist under Rule 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips v. G.M. Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). Rather, the party

April 11, 2022
Page 6 of 6

seeking protection must make a "particularized showing of good cause with respect to [each] individual document." <u>San Jose Mercury News</u>, 187 F.3d at 1102. Id. (alteration in original).

We of course understand that Diaz' medical records – his mental health records in particular – are especially sensitive and we have no intent or desire to see those become public prior to trial. The same applies to any PII of a party. Beyond those classes of information, however, we do not believe that any information will be of a nature that requires a protective order, and it is our position that there is no good cause for a broad protective order. Therefore, we would agree only to a protective order that protects a party's health records, and the PII of any party, prior to trial.

**V.     Diaz's Responses to Heredia's Requests For Admission are Untimely and They Are Thus Deemed Admitted.**

Heredia served his Requests for Admission on Diaz on January 28, 2022; under Rules 6 and 36, Diaz' response was due by February 28, 2022. Diaz served his answers out of time on March 1, 2022. Heredia intends to move under Rule 36(a) that Diaz' untimeliness renders his answers admitted. This argument is separate and apart from the insufficiency of Diaz' RFA objections, addressed above.

**VI.    Conclusion**

We look forward to discussing these concerns with you on Wednesday, April 13, 2022. In the meantime, please do not hesitate to contact us with any questions.

    Sincerely,

    <u>/s/ Eric S. Montalvo</u>
    Eric S. Montalvo
    Founding Partner

    Federal Practice Group
    1750 K Street, NW, Suite 900
    Washington, D.C. 20006
    T: (202) 862-4360
    F: (888) 899-6053
    emontalvo@fedpractice.com