James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina Simas (SBN 205367)
  gsimas@vgcllp.com
Andrew D. White (SBN 222628)
  awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **FIRST *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE DISCOVERY CUT-OFF DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> **[OPPOSED]** <br> [Submitted concurrently herewith: [Proposed] Order; Declaration of Andrew D. White] <br><br> Courtroom: 2 <br> Judge: Hon. John W. Holcomb <br><br> Discovery Cut-Off: July 8, 2022 <br> Pre-Trial Conference: November 18, 2022 <br> Trial: December 5, 2022 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Joseph Diaz, Jr. ("Diaz" or "Plaintiff") hereby applies to the Court on an *ex parte* basis for an order continuing the current discovery cut-off deadline of July 8, 2022, for all purposes. Diaz requests that the new discovery cut-off deadline be extended to September 2, 2022, or to a date preferred by the Court.

For the reasons stated herein, *ex parte* relief is appropriate because, through no fault of Diaz, Diaz will be irreparably prejudiced if the July 8, 2022 discovery cut-off deadline is not continued. (*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995.) Further, per Fed. R. Civ. P., Rule 78, this Court may determine this application on briefs, without a hearing. (FRCP, Rule 78.)

This *ex parte* Application is made following a conference of counsel and substantial email exchange between the parties pursuant to L.R. 7-3, beginning with Diaz's email dated June 27, 2022, in which Diaz's counsel stated:

> Of course, to avoid the ex parte hearing, we would prefer instead to stipulate to extend the discovery cut-off deadline given the various ongoing discovery disputes, including the implementation of a protective order. Please let us know of your availability to meet and confer as soon as possible re: entering into such a stipulation so as to avoid burdening the Court with the ex parte application. (Declaration of Andrew White ("White Decl.") ¶7)

Thereafter, in compliance with L.R. 7-3, as well as 7-19 and 7-19.1, on July 5, 2022, in a Zoom conference with Defendant Ralph Heredia and Heredia Boxing Management's ("Heredia" or "Defendants") counsel, Diaz's counsel asked if Heredia would be willing to agree to stipulate to a continuance of the current July 8, 2022 discovery cut-off date due to unresolved issues including (1) the fact the parties were still waiting for a protective order to be executed by the Court (as ordered on June 22, 2022 [Dkt. 122]), (2) Defendants' depositions properly noticed by Diaz and the unresolved objections thereto served by Heredia, (3) the mediation scheduled for July 19, 2022, and (4) Diaz's motion to compel (which Diaz is seeking to have heard on

shortened notice) given Heredia's failure to comply with Judge Kato's Order compelling Heredia's production of documents [Dkt. 107.] (Id. ¶8.)

During the Zoom conference, Heredia's counsel did not agree to stipulate but instead asked Diaz's counsel to put the proposal to stipulate in writing. (Id. ¶9) Per Heredia's counsel's request, Diaz's counsel responded shortly after the Zoom conference concluded with several written email communications proposing that the parties agree to stipulate to a continuance of the July 8, 2022 discovery cut-off. (Id.) Although Heredia's counsel had not yet advised whether or not Heredia was willing to stipulate to a continuance of the discovery cut-off deadline, Heredia's counsel responded by demanding that Diaz submit an actual proposed Stipulation for Heredia's consideration. (Id.) A few hours later, on July 6, 2022, Diaz sent Heredia a proposed Joint Stipulation to Continue Discovery Cut-Off Deadline and Proposed Order and asked Heredia's counsel to confirm agreement to the stipulation, or send Diaz any necessary edits to the proposed stipulation, by 6:00 p.m. on July 6, 2022. (Id. ¶10.) In the same email correspondence, Diaz confirmed, as Diaz had notified Heredia in prior emails, that if Heredia refused to stipulate, or if Diaz did not hear from Heredia by the 6:00 p.m. deadline, Diaz would seek appropriate relief from the Court through an *ex parte* application. (Id.)

Although the parties had been discussing the possibility of stipulating to extend the discovery cut-off deadline for at least over 24 hours, Heredia responded by asserting easily fixable issues existed with the proposed dates in the stipulation and stated generally, *for the first time,* "good cause does not support it … Defendants will not stipulate." (Id. ¶11) To date, despite Diaz's requests, Heredia's counsel has not specified why Heredia does not believe there is good cause for a continuance of the discovery cut-off deadline. (Id. ¶12.) In fact, in an email sent by Diaz at 7:24 p.m. on July 6, 2022, Diaz asked Heredia to advise why Heredia does not believe there is good cause for a continuance of the discovery cut-off, and also reiterated that Diaz will seek a continuance of the July 8, 2022 discovery cut-off deadline through an *ex parte*

2
PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER CONTINUING THE JULY 8, 2022, DISCOVERY CUT-OFF DEADLINE

application, and that the moving papers would be filed on July 7, 2022. (Id. ¶13.) At 10:05 a.m. on July 7, 2022, Defendants sent a response that still did not provide the basis for their belief that good cause did not exist to continue the July 8, 2022 discovery cut-off deadline, but confirmed Heredia would oppose an *ex parte* application seeking such relief. (Id.)

Based on Diaz's efforts summarized above to avoid having to burden the Court with this *ex parte* Application, Diaz asserts he has complied with Local Rule 7-3, as well as 7-19, and that it is Diaz's understanding Heredia will oppose the application. (Id. ¶14.)

Opposing counsel's contact information per L.R. 7-19 is as follows (Id. at ¶15):

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (Pro Hac Vice)
emontalvo@fedpractice.com
**Federal Practice Group**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905; (202) 862-4360

This *ex parte* application is based upon this Application, the Memorandum of Points and Authorities, the Declaration of Andrew D. White, [Proposed] Order, and the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

Dated:  July 8, 2022           **VGC, LLP**

                               By:   */s/ Andrew D. White*

                               James L. Greeley
                               Diyari Vázquez
                               Andrew D. White
                               Gina Simas
                               Attorneys for Plaintiff
                               JOSEPH DIAZ, JR.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION & STATEMENT OF FACTS

Pursuant to a stipulation of the parties, on March 21, 2022, this Court issued an Order re Joint Stipulation to Continue Pretrial and Trial Deadlines [Dkt. 112]. In the Order, the Court set various deadlines including a deadline for discovery cut-off of July 8, 2022. (Id. ¶ 2.)

As the Court may recall, Diaz is a public figure. Throughout the history of this litigation, Defendants and their counsel have been feeding the press stories about this and other litigation involving Diaz in order to promote public scandal, circulate defamatory statements, and publicize Diaz's private and confidential information. (See Dkt. 118-3 (Vázquez Decl.) ¶¶ 4-5, Dkt. 118-4-118-5.) Diaz therefore cannot trust Defendants to respect his confidentiality without a protective order in place.[1] On February 2, 2022, Diaz sent Defendants a draft Stipulated Protective Order modeled after the Central District's Stipulated Protective Order. (Id. ¶ 6, Ex. C). Diaz followed up *more than 10 times* over a period of three months on the status of the Stipulated Protective Order and, for the most part, was met with silence. (Id. ¶¶ 7-19, Exs. 118-6-118-22). As a result, after meeting and conferring with Defendants (and Defendants not following through on their agreements and instead filing a frivolous motion to compel Diaz's document production, which was properly denied), Diaz was forced to file a Motion for Entry of a Protective Order. [Dkt. 118.] On June 22, 2022, the Court granted Diaz's Motion for Protective Order (White Decl. ¶ 3; Dkt. 122.) In that Order, the Court stated, "The Court will separately issue the proposed Protective Order to govern the production of discovery in this action…" (Id.) To date, the proposed Protective Order has not been separately issued by the Court, yet the discovery cut-off deadline remains July 8, 2022. (Id.)

---

[1] On November 5, 2021, Diaz was forced to file an application to seal because Defendants inserted inflammatory and libelous statements into the Joint Rule 26(f) Report and refused to redact private and confidential medical and financial information about Diaz. This Court granted that motion. (See, e.g., Dkt. 78-80).

1    Upon the Court granting of his Motion for Protective Order, on June 28, 2022, Diaz served two deposition notices, one noticing the deposition of Defendant Ralph Heredia to take place on July 7, 2022, and the other noticing the deposition of the person most knowledgeable of Defendant Heredia Boxing Management for July 8, 2022. (Id. ¶ 4.) On July 1, 2022, Heredia served an objection to both deposition notices, and has refused to produce either deponent for deposition as duly noticed prior to the July 8, 2022 discovery cut-off. (Id.) Based on Heredia's objections and refusal to produce either deponent for deposition, Diaz will be precluded from taking key depositions if the discovery cut-off remains on July 8, 2022. (Id.)

This is not Defendants' first time to stonewall Diaz's discovery efforts. On March 4, 2022, the Court entered an Order granting in part Diaz's motion to compel supplemental responses from Heredia to special interrogatories and requests for production of documents. (Id. ¶ 5; Dkt. 107.) Heredia failed to comply with the Court's Order with regard to four key requests which seek Heredia's accounting and banking records related to Diaz, which the Court has already ruled are relevant to the resolution of this matter. The documents sought by these requests are essential to the prosecution of Plaintiff's case against Heredia and include documents such as bank records and accounting records that this Court has already found to be highly relevant and discoverable. After lengthy meet and confer efforts were unsuccessful, on June 29, 2022, Diaz was forced to file a Notice of Motion and Motion to Compel Further Verified Responses to First Set of Request for Production of Documents and For Sanctions (the "Motion"). (Id.; Dkt. 123-1.) Instead of advising Diaz during the meet and confer efforts that Heredia did not intend to produce documents unless Diaz filed a motion, Heredia delayed meet and confer efforts in order to then take the position that Diaz had waived his right to seek to compel production of the documents that the Court has *already* ruled must be produced. The Motion was set to be heard on the first available date before Magistrate Judge Kato on July 21, 2022. Diaz has filed separately an *Ex parte* Application to Shorten the Notice Period to Hear the Motion, or

alternatively, to hear the Motion on an *Ex parte* Basis. (Id.; Dkt. 124.) However, unless the discovery cut-off is continued pursuant to this *ex parte* application, or other requested relief is granted by Judge Kato, through no fault of his own, Diaz will be irreparably prejudiced by being precluded from a hearing on a duly noticed motion to compel merely seeking an order requiring Heredia to comply with a prior discovery order of this Court, and for sanctions. (Id.)

In addition, the Court assigned Michael D. Young, Esq. to serve as Panel Mediator. [Id. ¶ 6; See Dkt. 105.] The Parties scheduled a mediation that will be held with Mr. Young on July 19, 2022, the first available date on his calendar. (Id.) Diaz desires to concentrate efforts on the mediation in hopes of resolving this action. (Id.) However, in the event that mediation is unsuccessful, additional time to complete discovery or to hear discovery motions is necessary. (Id.)

For all of the reasons stated above, good cause exists for the Court to grant a continuance of the July 8, 2022 discovery cut-off deadline. Diaz will be irreparably prejudiced if this application is not heard on an *ex parte* basis.

**II.    LEGAL ARGUMENT**

The court is permitted to grant *ex parte* relief upon a showing of "good cause." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)

*Ex parte* relief is appropriate when, as here: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedure," and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492.

Further, an *ex parte* application is "justified only when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e. to file

///

an overlong brief or shorten the time within which a motion may be brought.).” *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

### 1.   *Ex Parte* Relief Continuing the July 8, 2022 Discovery Cut-Off Deadline For All Purposes Is Appropriate.

*Ex parte* relief is appropriate here because failure to grant the requested relief would cause Diaz irreparable prejudice, and because Defendants created this unnecessary crisis.

Here, because the current discovery cut-off deadline is July 8, 2022, the present *ex parte* application seeking a continuance of the discovery cut-off deadline cannot be heard according to regular noticed motion procedure and must be heard on an *ex parte* basis; Diaz will suffer irreparable prejudice otherwise.

Further, as set forth above, there are four separate reasons why there is good cause to grant a continuance of the July 8, 2022 discovery cut-off on an *ex parte* basis. First, and most importantly, Diaz will be irreparably prejudiced if the discovery cut-off is not continued because he will be precluded from taking the key depositions of Ralph Heredia and the PMK of Heredia Boxing Management. These depositions were duly noticed by Diaz on June 28, 2022, well within the discovery cut-off period. The depositions were not noticed by Diaz until June 28, 2022, because Diaz required the key documents which are the subject of his Motion to Compel to have a productive deposition. When it became clear that Defendants would not produce the key documents without a motion to compel, Diaz duly noticed the depositions.

Heredia objected on July 1, 2022, and is refusing to present either deponent for deposition prior to the discovery cut-off deadline. Heredia has also declined to agree to a stipulation to continue the discovery cut-off deadline, but has not explained why it does not believe there is good cause for such a continuance. Therefore, there is good cause for a reasonable continuance of the July 8, 2022, discovery cut-off deadline because without an order, due to a crisis entirely created by Defendants, Diaz will be

///

irreparably prejudiced in its ability to take these key depositions and prepare this case for trial.

There is authority directly on point from this Court supporting Diaz's *ex parte* application for a reasonable continuance of the discovery cut-off deadline. On November 17, 2021, in the case *Mansour v. Costco Wholesale Corporation*, 2021 WL 6104822, this court was presented with a virtually identical *ex parte* application, wherein Defendant Costco Wholesale Corporation ("Costco") sought an order extending certain case calendar dates, including the discovery cut-off deadline, among other requests for relief.  This Court found the matter appropriate for resolution without a hearing. (*See* FRCP 78).  In granting Costco's *ex parte* application, this Court found persuasive Costco's argument that an extension was required because (1) *there are multiple depositions outstanding*; and (2) a continuance would allow the parties to obtain clarity regarding the trajectory of the case.  Costco noted that the outcome of several pending motions would have a significant impact on the case. Here, just as in *Mansour*, this Court should grant the present *ex parte* application to continue the discovery cut-off deadline because several key depositions noticed by Diaz are outstanding and if the discovery cut-off is not continued Diaz will be precluded from taking these depositions through no fault of its own. A continuance is also appropriate because it would similarly allow the parties to obtain more clarity regarding the trajectory of the case before foreclosing discovery and discovery motions.  As noted, there is a mediation scheduled for July 19, 2022, and Diaz has filed a motion to compel set to be heard on July 21, 2022 (unless the *ex parte* application to shorten time on the motion is granted).  Allowing for the resolution of both of these issues at a minimum before the discovery cut-off deadline is in the interest of all parties. There is good cause to grant the present *ex parte* application and the authority directly on point from this Court supports such a request.

The second reason why the requested *ex parte* relief to continue the discovery cut-off deadline is appropriate is the fact that the Parties are awaiting entry of a

1  Protective Order. On June 22, 2022, the Court granted Diaz's Motion for Protective
2  Order [Dkt. 122.] In this Order, the Court stated, "The Court will separately issue the
3  proposed Protective Order to govern the production of discovery in this action…"
4  (White Decl. ¶ 3.) To date, the proposed Protective Order has not been separately
5  issued by the Court, yet the discovery cut-off deadline remains July 8, 2022. (Id.)
6  Given that this case involves highly sensitive and confidential information, the Parties
7  cannot move forward with depositions without the Protective Order in place. Good
8  cause exists to continue the discovery cut-off deadline because Diaz will be irreparably
9  prejudiced, through no fault of his own, if he is denied the opportunity to conduct
10 discovery.

11         The third reason why the requested *ex parte* relief is appropriate to continue the
12 current discovery cut-off deadline is to allow Diaz's Motion to Compel filed on June
13 29, 2022, to be heard. Diaz will suffer irreparable prejudice through no fault of its own
14 if the Motion to Compel is not able to be heard based on the current discovery cut-off
15 deadline. On March 4, 2022, the Court entered an Order granting in part Diaz's motion
16 to compel supplemental responses from Heredia to special interrogatories and requests
17 for production of documents, set one. (Id., ¶5; Dkt. 107) Because Heredia has failed to
18 date to comply with the Order with regard to supplemental responses and production
19 of documents related to four key requests which seek accounting and banking records,
20 and because lengthy meet and confer efforts were unsuccessful, on June 29, 2022, Diaz
21 filed the Motion. (Id.; Dkt. 123-1) The Motion was set to be heard on the first available
22 date before Magistrate Judge Kato on July 21, 2022.  Diaz has filed separately an *Ex*
23 *parte* Application to Shorten the Notice Period to Hear the Motion, or alternatively, to
24 hear the Motion on an *Ex parte* Basis. (Id.; Dkt. 124)  However, unless the discovery
25 cut-off is continued pursuant to this *ex parte* application, or other requested relief is
26 granted by Judge Kato, through no fault of its own, Diaz will be irreparably prejudiced
27 by being precluded from a hearing on a duly noticed motion to compel merely seeking
28 ///

an order requiring Heredia to comply with a prior discovery order of this Court, and for sanctions. (Id.)

Finally, as set forth above, the fourth reason why there is good cause to continue the discovery cut-off deadline and to grant the requested relief on an *ex parte* basis is due to the court ordered mediation scheduled to take place on July 19, 2022. Diaz desires to concentrate efforts on the mediation in hopes of resolving this action. However, in the event that mediation is unsuccessful, Diaz asserts more time to complete discovery or to hear discovery motions, is required so that Diaz is not irreparably prejudiced in its ability to perform discovery into issues that may arise at mediation. Diaz asserts good cause exists to grant this *ex parte* relief to continue the discovery cut-off deadline until after the July 19, 2022, mediation. Such requested relief would be to the benefit of all parties in this matter.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant this *ex parte* application for an order continuing the discovery cut-off deadline for all purposes to September 2, 2022, or to a date preferred by the Court. Good cause exists for the requested continuance, and sufficient grounds exist to grant the relief on an *ex parte* basis because Diaz has demonstrated he will be irreparably prejudiced through no fault of its own if this application is heard with regular notice.

*Respectfully submitted*,

Dated:  July 7, 2022         **VGC, LLP**

By: /s/Andrew D. White
James L. Greeley
Diyari Vázquez
Andrew D. White
Gina Simas
Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

# CERTIFICATE OF SERVICE

I, Jacqueline Gidney, hereby certify that on July 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: July 7, 2022                    By:____/s/*Jacqueline Gidney*_____
                                                             Jacqueline Gidney