James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
  awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>        Plaintiff,<br><br>v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>        Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>**DECLARATION OF ANDREW D. WHITE IN SUPPORT OF PLAINTIFF'S FIRST *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE DISCOVERY CUT-OFF DEADLINE**<br><br>Discovery Cut-Off Date: July 8, 2022<br>Pre-Trial Conference Date: Nov. 18, 2022<br>Trial Date: December 5, 2022 |

I, Andrew D. White, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz"). I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto. I make this declaration in support of Plaintiff's first *ex parte* application for an order continuing the discovery cut-off deadline.

2. Pursuant to a stipulation of the parties, on March 21, 2022, this Court issued an Order re Joint Stipulation to Continue Pretrial and Trial Deadlines [Dkt. 112]. In the Order, the Court set various deadlines including a deadline for discovery cut-off of July 8, 2022.

3. On June 22, 2022, the Court granted Diaz's Motion for Protective Order. In that Order, the Court stated, "The Court will separately issue the proposed Protective Order to govern the production of discovery in this action…" To date, the proposed Protective Order has not been separately issued by the Court, yet the discovery cut-off deadline remains July 8, 2022. Attached as **Exhibit "A,"** is a true and correct copy of the Court's June 22, 2022, Order granting Motion for Protective Order.

4. Upon the Court granting the Motion for Protective Order, on June 28, 2022, on behalf of Diaz my office served two deposition notices, one noticing the deposition of Defendant Ralph Heredia to take place on July 7, 2022, and the other noticing the deposition of the person most knowledgeable of Defendant Heredia Boxing Management for July 8, 2022. On July 1, 2022, Heredia served an objection to both deposition notices, and has refused to produce either deponent for deposition as duly noticed prior to the July 8, 2022 discovery cut-off. Based on Heredia's objections and refusal to produce either deponent for deposition, Diaz will be precluded from taking key depositions if the discovery cut-off remains on July 8, 2022. Attached as

1  **Exhibit "B,"** are true and correct copies of Diaz's Notices of Deposition of Ralph Heredia and the PMK of Heredia Boxing Management served on June 28, 2022. Attached as **Exhibit "C,"** are true and correct copies of Defendants' objections thereto.

5. This is not Defendants' first time stonewalling discovery efforts on behalf of Diaz. On March 4, 2022, the Court entered an Order granting in part Diaz's motion to compel supplemental responses from Heredia to special interrogatories and requests for production of documents. (See Dkt. 107.) Heredia failed to comply with the Court's Order with regard to four key requests which seek Heredia's accounting and banking records related to Diaz, which the Court has already ruled are relevant to the resolution of this matter. The documents sought by these requests are essential to the prosecution of Plaintiff's case against Heredia and include documents such as bank records and accounting records that this Court has already found to be highly relevant and discoverable. After lengthy meet and confer efforts were unsuccessful, on June 29, 2022, I was forced to file a Notice of Motion and Motion to Compel Further Verified Responses to First Set of Request for Production of Documents and For Sanctions (the "Motion"). (See Dkt. 123-1.) Instead of advising me during the meet and confer efforts that Heredia did not intend to produce documents unless Diaz filed a motion, Heredia delayed meet and confer efforts in order to then take the position that Diaz had waived his right to seek to compel production of the documents that the Court has *already* ruled must be produced. The Motion was set to be heard on the first available date before Magistrate Judge Kato on July 21, 2022. I filed separately an *Ex parte* Application to Shorten the Notice Period to Hear the Motion, or alternatively, to hear the Motion on an *Ex parte* basis. (See Dkt. 124.) However, unless the discovery cut-off is continued pursuant to this *ex parte* application, or other requested relief is granted by Judge Kato, through no fault of his own, Diaz will be irreparably prejudiced by being precluded from a hearing on a duly noticed motion to compel merely seeking an

order requiring Heredia to comply with a prior discovery order of this Court, and for sanctions.

6. In addition, the Court assigned Michael D. Young, Esq. to serve as Panel Mediator. [Dkt. 105.] The Parties scheduled a mediation that will be held with Mr. Young on July 19, 2022, the first available date on his calendar. On behalf of Diaz, my office desires to concentrate efforts on the mediation in hopes of resolving this action. However, in the event that mediation is unsuccessful, additional time to complete discovery or to hear discovery motions is necessary.

7. This Ex Parte Application is made following a conference of counsel and substantial email exchange between the parties pursuant to L.R. 7-3, beginning with Diaz's email dated June 27, 2022. Attached as **Exhibit "D,"** is a true and correct copy of my email to Heredia's counsel dated June 27, 2022.

8. Thereafter, in compliance with L.R. 7-3, as well as 7-19 and 7-19.1, on July 5, 2022, in a Zoom conference with Defendant Ralph Heredia and Heredia Boxing Management's ("Heredia" or "Defendants") counsel, I asked if Heredia would be willing to agree to stipulate to a continuance of the current July 8, 2022 discovery cut-off date due to unresolved issues including (1) the fact the parties were still waiting for a protective order to be executed by the Court (as ordered on June 22, 2022 [Dkt. 122]), (2) Defendants' depositions properly noticed by Diaz and the unresolved objections thereto served by Heredia, (3) the mediation scheduled for July 19, 2022, and (4) Diaz's motion to compel (which Diaz is seeking to have heard on shortened notice) given Heredia's failure to comply with Judge Kato's Order compelling Heredia's production of documents [Dkt. 107.]

9. During the Zoom conference, Heredia's counsel did not agree to stipulate but instead asked me to put the proposal to stipulate in writing. Per Heredia's counsel's request, I responded shortly after the Zoom conference concluded with several written

3

email communications proposing that the parties agree to stipulate to a continuance of the July 8, 2022 discovery cut-off. Although Heredia's counsel had not yet advised whether or not Heredia was willing to stipulate to a continuance of the discovery cut-off deadline, Heredia's counsel responded by demanding that I submit an actual proposed Stipulation for Heredia's consideration. Attached as **Exhibit "E,"** is a true and correct copy of email correspondence between me and Defendants from July 5, 2022, to July 7, 2022, to meet and confer re: continuing the discovery cut-off deadline.

10. A few hours later, on July 6, 2022, I sent Heredia a proposed Joint Stipulation to Continue Discovery Cut-Off Deadline and Proposed Order and asked Heredia's counsel to confirm agreement to the stipulation, or send me any necessary edits to the proposed stipulation, by 6:00 p.m. on July 6, 2022. In the same email correspondence, I confirmed, as I had notified Heredia in prior emails, that if Heredia refused to stipulate, or if I did not hear from Heredia by the 6:00 p.m. deadline, I would seek appropriate relief from the Court through an *ex parte* application.

11. Although the parties had been discussing the possibility of stipulating to extend the discovery cut-off deadline for at least over 24 hours, Heredia responded by asserting easily fixable issues existed with the proposed dates in the stipulation and stated generally, *for the first time,* "good cause does not support it … Defendants will not stipulate." See **Exhibit "E."**

12. To date, despite my requests, Heredia's counsel has not specified why Heredia does not believe there is good cause for a continuance of the discovery cut-off deadline.

13. In fact, in an email sent by me at 7:24 p.m. on July 6, 2022, I asked Heredia to advise why Heredia does not believe there is good cause for a continuance of the discovery cut-off, and also reiterated that I would seek a continuance of the July 8, 2022 discovery cut-off deadline through an *ex parte* application, and that the moving

papers would be filed on July 7, 2022. At 10:05 a.m. on July 7, 2022, Defendants sent a response that still did not provide the basis for their belief that good cause did not exist to continue the July 8, 2022 discovery cut-off deadline, but confirmed Heredia would oppose an *ex parte* application seeking such relief. See **Exhibit "E."**

14. Based on my efforts summarized above to avoid having to burden the Court with this Ex Parte Application, Diaz asserts it has complied with Local Rule 7-3 as well as 7-19, and it is my understanding Defendants will oppose the application.

15. Opposing counsel's contact information per L.R. 7-19 is as follows:

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (Pro Hac Vice)
emontalvo@fedpractice.com
**Federal Practice Group**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905; (202) 862-4360

16. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed July 8, 2022 in Santa Monica, California.

                /s/ Andrew D. White
                ANDREW D. WHITE

5

# CERTIFICATE OF SERVICE

I, Jacqueline Gidney, hereby certify that on July 7, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: July 7, 2022            By: */s/ Jacqueline Gidney*
                                    Jacqueline Gidney