Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

*Attorneys for Defendant*
HEREDIA BOXING MANAGEMENT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, et al., <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **DEFENDANT HEREDIA BOXING MANAGEMENT'S NOTICE OF OBJECTIONS TO NOTICE OF DEPOSITIONS OF HEREDIA BOXING MANAGEMENT AND DECLARATIONS OF ERIC MONTALVO AND RAJAN DHUNGANA** <br><br> Date: July 8, 2022, 9:00 a.m. <br><br> Discovery Cut-Off Date: July 8, 2022 <br> Pre-Trial Conference Date: November 18, 2022 <br> Trial Date: December 5, 2022 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Heredia Boxing Management ("HBM") hereby objects to Plaintiff Joseph Diaz Jr.'s ("Diaz") Notice of Deposition to Heredia Boxing Management ("Notice"). HBM's objections have been timely and properly served prior to the deposition date unilaterally set by Diaz for the deposition of HBM. Specifically, HBM objects to the Notice on the following grounds:

1. HBM's counsel are unavailable for HBM's deposition on July 8, 2022, as noticed unilaterally by Diaz. See Declaration of Eric S. Montalvo ("Montalvo Decl.") ¶ 5 (attached as Exhibit A); Declaration of Rajan O. Dhungana ("Dhungana Decl.") ¶ 5 (attached as Exhibit B).

2. Discovery cut-off in this case is July 8, 2022. That is the date on which all discovery, including depositions and the hearing discovery disputes, must be completed. The Notice, given on June 28, 2022, provides a mere ten days' notice to HBM and its counsel, which notice period extends through a three-day holiday weekend. HBM and its counsel will not have sufficient time to prepare for the deposition on such short notice. Montalvo Decl. ¶ 4; Dhungana Decl. ¶ 7.

3. The Notice is unreasonable. While the determination of what constitutes "reasonable notice" may depend on the circumstances of the case, courts often consider ten days to be a minimum standard of reasonableness. See, e.g., Bresk v. Unimerica Ins. Co., (C.D.Ca 11/16/2017), 2017 WL 10439831 at *7. In this instance, on such a short timeline, there would not be sufficient time for HBM's counsel to confer with Diaz' counsel over the scope of HBM's examination, designate an appropriate representative, and prepare that representative for deposition. Montalvo Decl. ¶ 4; Dhungana Decl. ¶ 7.

4. Courts expect the parties to be reasonable and accommodating when scheduling depositions. Here, Diaz unilaterally noticed HBM's deposition ten

days out including a long holiday weekend, on a day in which both of HBM's counsel are unavailable. Mr. Dhungana recently contracted COVID, and will require 10 days to quarantine and will not be able to leave his home. Dhungana Decl. ¶ 7. In addition, Mr. Dhungana has a full day of previously scheduled hearings in other matters. Dhungana Decl. ¶ 5. Mr. Montalvo has other scheduled proceedings and client preparations associated with and required for those proceedings. Montalvo Decl. ¶ 5.

5. In addition to counsels' unavailability, it would be impossible to prepare HBM in time. Montalvo Decl. ¶¶ 4-5; Dhungana Decl. ¶7. Among other things, undersigned counsel would not have sufficient time to confer with Diaz' counsel as required by Rule 30 over the scope of HBM's examination, appropriately narrow or modify the topics of the deposition notice, designate an HBM representative based on that modified list of topics, and then prepare the HBM designee for deposition. This lack of preparation time is compounded by the fact that Diaz has produced only eighty-five pages of documents to date, with a substantial portion of those being irrelevant. Following Diaz' court-ordered production on July 6, VGC's deposition notice leaves fewer than two days for counsel to review the documents, discuss them with HBM, and complete other required deposition preparation. Montalvo Decl. ¶ 4.

6. The timing of VGC's notice left no time for motions practice on any dispute arising thereunder. Diaz has had HBM's discovery responses for months. Judge Holcomb's amended scheduling order in this case includes a discovery cut-off-date of July 8, 2022. The scheduling order provides that the discovery cut-off is the last date to complete discovery, including expert discovery. It is also the last day for hearing any discovery motion. It also provides that the cut-off date for hearing motions is the last day on which motions will be heard; i.e.,

the motion must be filed at least twenty-eight days before the deadline in accordance with Local Rule 6-1.  While the Magistrate Judge would hear any discovery dispute, this still would require motions to be filed twenty-one days in advance, because the Magistrate Judge requires a twenty-one-day notice period. Adding to that timeframe the meet-and-confer process and the requirement of a joint stipulation for discovery disputes, Diaz' timing leaves inadequate time properly to notice and hear any motions.

7. HBM sees no need to extend discovery to resolve this issue that could have been avoided.

Dated:  July 1, 2022

Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*
Heredia Boxing Management

# EXHIBIT A
# DECLARATION OF ERIC S. MONTALVO

I, Eric S. Montalvo, declare as follows:

1. I am a founding partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect hereto.

3. On June 28, 2022, Diaz' law firm, VGC, LLP, ("VGC") unilaterally noticed Defendant Heredia Boxing Management's ("HBM") deposition in this case for July 8, 2022, ten days thereafter, three days of which are a holiday long weekend, and on actual day of the Court's discovery cut-off date of July 8, 2022. VGC did not attempt to contact me or Mr. Dhungana, or otherwise coordinate available dates for HBM or its counsel.

4. I cannot possibly prepare my client HBM, a named defendant in this matter, for its deposition on such short notice. Among other concerns is that I would not have enough time to confer with Diaz' counsel as required by Rule 30 over the scope of HBM's examination, appropriately narrow or modify the topics of the deposition notice, designate an HBM representative based on that modified list of topics, and then prepare the HBM designee for

deposition. This lack of preparation time is compounded by the fact that Diaz has produced only eighty-five pages of documents to date, with a substantial portion of those being irrelevant. Following Diaz' court-ordered production on July 6, VGC's deposition notice leaves fewer than two days for counsel to review the documents, discuss them with HBM, and complete other required deposition preparation.

5. Additionally, I am unavailable July 8. Additional bases for consideration are that my co-counsel of record and California barred attorney in the matter has contracted COVID-19 and will not be available. I am unavailable July 8 due to other scheduled proceedings and client preparations associated with and required for those proceedings.

6. The timing of VGC's notice left no time for motions practice on any dispute arising thereunder. VGC has had HBM's discovery responses for months. Judge Holcomb's amended scheduling order sets discovery cut-off on July 8, 2022. The discovery cut-off is the last date to complete discovery, including expert discovery. It is also the last day for hearing any discovery motion; that is, the cut-off date for hearing motions is the last day on which motions will be heard. Thus, the motion must be filed at least twenty-eight days before the deadline in accordance with Local Rule 6-1. While the Magistrate Judge would hear any discovery dispute, this still would require motions to be filed

twenty-one days in advance, because the Magistrate Judge requires a twenty-one-day notice period.  Adding to that timeframe the meet-and-confer process and the requirement of a joint stipulation for discovery disputes, Diaz' timing leaves inadequate time properly to notice and hear any motions.

7. HBM sees no need to extend discovery to resolve this issue that could have been avoided.

*I declare under penalty of perjury that the foregoing is true and correct.* Executed on July 1, 2022

/s/ Eric S. Montalvo
Eric S. Montalvo

# EXHIBIT B

# DECLARATION OF RAJAN O. DHUNGANA

I, Rajan O. Dhungana, declare as follows:

1. I am a partner in the Federal Practice Group law firm.

2. I am admitted to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

3. I am unavailable to attend the deposition of Ralph Heredia currently noticed for July 7, 2022. I have previously scheduled hearings the entire day, as set forth below.

    a. July 7, 8:30-12:00 at the Santa Ana Immigration Court, 1241 E Dyer Road, Suite 200, Santa Ana, CA 92705.

    b. July 7, 1:00-4:30 p.m. at the Santa Ana Immigration Court, 1241 E Dyer Road, Suite 200, Santa Ana, CA 92705.

4. In light of my COVID diagnosis (see below), if I am well enough to attend these hearings my attendance will be remote.

5. I am unavailable to attend the deposition of Heredia Boxing Management currently noticed for July 8, 2022. I have previously scheduled hearings the entire day, as set forth below.

a. July 8, 8:30-12:00 at the Los Angeles Immigration Court, 606 S Olive St., Los Angeles, CA 90014.

b. July 8, 1:00-4:30 p.m. at the Santa Ana Immigration Court, 1241 E Dyer Road, Suite 200, Santa Ana, CA 92705.

6. In light of my COVID diagnosis (see below), if I am well enough to attend these hearings my attendance will be remote.

7. On June 29, 2022 I tested COVID positive pursuant to an appointment at my physician's office. As a result of this positive test, my health care provider advised me to quarantine (i.e., not leave my home) until at least ten days have passed. My quarantine will end on July 9, ten days from the date of my positive test. I will not be able to leave my home to prepare Heredia or HBM for deposition during this time.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on July 1, 2022.

/s/ Rajan O. Dhungana
Rajan O. Dhungana

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I served the foregoing Defendant Heredia Boxing Management's Notice of Objections to Notice of Deposition of Heredia Boxing Management Declarations of Eric Montalvo and Declaration of Rajan Dhungana via email to the following:

James L. Greeley (SBN 218975)
 jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
 dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
 gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: July 1, 2022

                                                    Respectfully submitted,

                                                    /s/ *Rajan O. Dhungana*
                                                    Rajan O. Dhungana (SBN: 297794)
                                                    FEDERAL PRACTICE GROUP
                                                    14481 Aspen Street
                                                    Hesperia, CA 92344
                                                    Telephone: (310) 795-6905
                                                    rdhungana@fedpractice.com

                                                    *Attorney for Defendant*
                                                    Heredia Boxing Management

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

*Attorneys for Defendant,*
RALPH HEREDIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, et al., <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **DEFENDANT HEREDIA'S NOTICE OF OBJECTIONS TO NOTICE OF DEPOSITION OF RALPH HEREDIA AND DECLARATIONS OF ERIC MONTALVO AND RAJAN DHUNGANA** <br><br> Date: July 7, 2022, 9:00 a.m. <br><br> Discovery Cut-Off Date: July 8, 2022 <br> Pre-Trial Conference Date: November 18, 2022 <br> Trial Date: December 5, 2022 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Ralph Heredia ("Heredia") hereby objects to Plaintiff Joseph Diaz Jr.'s ("Diaz") Notice of Deposition to Ralph Heredia ("Notice"). Heredia's objections have been timely and properly served prior to the deposition date unilaterally set by Diaz for the deposition of Heredia. Specifically, Heredia objects to the Notice on the following grounds:

1. Heredia's counsel are unavailable for Heredia's deposition on July 7, 2022, as noticed unilaterally by Diaz. See Declaration of Eric S. Montalvo ("Montalvo Decl.") ¶ 5 (attached as Exhibit A); Declaration of Rajan O. Dhungana ("Dhungana Decl.") ¶ 3 (attached as Exhibit B).

2. Discovery cut-off in this case is July 8, 2022. That is the date on which all discovery, including depositions and the hearing discovery disputes, must be completed. The Notice, given on June 28, 2022, provides a mere nine days' notice to Heredia and his counsel, which notice period extends through a three-day holiday weekend. Heredia and his counsel will not have sufficient time to prepare for the deposition on such short notice. Montalvo Decl. ¶ 4; Dhungana Decl. ¶ 7.

3. The Notice is unreasonable. While the determination of what constitutes "reasonable notice" may depend on the circumstances of the case, courts often consider ten days to be a minimum standard of reasonableness. See, e.g., Bresk v. Unimerica Ins. Co., (C.D.Cal 11/16/2017), 2017 WL 10439831 at *7. In this instance, on such a short timeline, there would not be sufficient time for Heredia's counsel to prepare Heredia for deposition. Montalvo Decl. ¶ 4; Dhungana Decl. ¶ 7.

4. Courts expect the parties to be reasonable and accommodating when scheduling depositions. Here, Diaz unilaterally noticed Heredia's deposition nine days out including a long holiday weekend, on a day in which both of Heredia's counsel are unavailable. Mr. Dhungana recently contracted COVID,

and will require 10 days to quarantine and will not be able to leave his home. Dhungana Decl. ¶ 7. In addition, Mr. Dhungana has a full day of previously scheduled docketed hearings in other matters, which he will be appearing for remotely. Dhungana Decl. ¶ 3. Mr. Montalvo has other scheduled proceedings and client preparations associated with and required for those proceedings. Montalvo Decl. ¶ 5.

5. In addition to counsels' unavailability, it would be impossible to prepare Heredia in time. Montalvo Decl. ¶¶ 4-5; Dhungana Decl. ¶ 7. This lack of preparation time is compounded by the fact that Diaz has produced only eighty-five pages of documents to date, with a substantial portion of those being irrelevant. Following Diaz' court-ordered production on July 6, VGC's deposition notice to Heredia leaves only a few hours for counsel to review the documents, discuss them with Mr. Heredia, and complete other required deposition preparation. Montalvo Decl. ¶ 4.

6. The timing of VGC's notice left no time for motions practice on any dispute arising thereunder. Diaz has had Heredia's discovery responses for months.[1] Judge Holcomb's amended scheduling order includes a discovery cut-off-date of July 8, 2022. The scheduling order provides that the discovery cut-off is the last date to complete discovery, including expert discovery. It is also the last day for hearing any discovery motion. It also provides that the cut-off date for hearing motions is the last day on which motions will be heard; i.e., the motion must be filed at least twenty-eight days before the deadline in accordance with Local Rule 6-1. While the Magistrate Judge would hear any discovery dispute, this still would require motions to be filed twenty-one days in advance, because the Magistrate Judge requires a twenty-one-day notice period. Adding to that timeframe the meet-and-confer process and the requirement of a joint

---

[1] Diaz' motion to compel further production from Heredia, similarly filed untimely on June 29, seeks documents for which Heredia has already looked, certified his diligent search therefor, and under Heredia's acknowledgement of his duty to supplement his discovery responses.

stipulation for discovery disputes, Diaz' timing leaves inadequate time properly to notice and hear any motions.

7. Heredia sees no need to extend discovery to resolve this issue that could have been avoided.

Dated: July 1, 2022

Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*

Ralph Heredia

# EXHIBIT A
# DECLARATION OF ERIC S. MONTALVO

I, Eric S. Montalvo, declare as follows:

1. I am a founding partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect hereto.

3. On June 28, 2022, Diaz' law firm, VGC, LLP ("VGC"), unilaterally noticed Defendant Ralph Heredia's deposition in this case for July 7, nine days thereafter, three days of which are a holiday long weekend and one day prior to the Court's discovery cut-off date of July 8, 2022. No one at VGC attempted to contact me or Mr. Dhungana, or otherwise coordinate available dates for Mr. Heredia or his counsel.

4. I cannot possibly prepare my client Mr. Heredia, a named defendant in this matter, for his deposition on such short notice. This lack of preparation time is compounded by the fact that Diaz has produced only eighty-five pages of documents to date, with a substantial portion of those being irrelevant. Following Diaz' court-ordered production on July 6, VGC's deposition notice to Heredia leaves only a few hours for counsel to review the documents,

discuss them with Mr. Heredia, and complete other required deposition preparation.

5. Additionally, I am unavailable July 7. Additional bases for consideration are that my co-counsel of record and California barred attorney in the matter has contracted COVID-19 and will not be available. I am unavailable July 7 due to other scheduled proceedings and client preparations associated with and required for those proceedings.

6. The timing of VGC's notice left no time for motions practice on any dispute arising thereunder.  VGC has had Mr. Heredia's discovery responses for months.  Judge Holcomb's amended scheduling order sets discovery cut-off-on July 8, 2022.  The scheduling order provides that the discovery cut-off is the last date to complete discovery, including expert discovery.  It is also the last day for hearing any discovery motion.  It also provides that the cut-off date for hearing motions is the last day on which motions will be heard; i.e., the motion must be filed at least twenty-eight days before the deadline in accordance with Local Rule 6-1.  While the Magistrate Judge would hear any discovery dispute, this still would require motions to be filed twenty-one days in advance, because the Magistrate Judge requires a twenty-one-day notice period.  Adding to that timeframe the meet-and-confer process and the requirement of a joint stipulation for discovery disputes, and there is

inadequate time left to notice depositions such that any motions could be properly noticed and heard.

7. Heredia sees no need to extend discovery to resolve this issue that could have been avoided.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on July 1, 2022

                                                <u>/s/ Eric S. Montalvo</u>
                                                Eric S. Montalvo

# EXHIBIT B

# DECLARATION OF RAJAN O. DHUNGANA

I, Rajan O. Dhungana, declare as follows:

1. I am a partner in the Federal Practice Group law firm.

2. I am admitted to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect hereto.

3. I am unavailable to attend the deposition of Ralph Heredia currently noticed for July 7, 2022. I have previously scheduled docketed hearings the entire day, as set forth below.

    a. July 7, 2022 8:30-12:00 at the Santa Ana Immigration Court, 1241 E Dyer Road, Suite 200, Santa Ana, CA 92705.

    b. July 7, 2022 1:00-4:30 p.m. at the Santa Ana Immigration Court, 1241 E Dyer Road, Suite 200, Santa Ana, CA 92705.

4. In light of my COVID diagnosis (see below), if I am well enough to attend those hearings my attendance will be remote.

5. I am unavailable to attend the deposition of Heredia Boxing Management currently noticed for July 8, 2022. I have previously scheduled docketed hearings the entire day, as set forth below.

    a. July 8, 2022 8:30-12:00 at the Los Angeles Immigration Court, 606 S Olive St., Los Angeles, CA 90014.

    b. July 8, 2022 1:00-4:30 p.m. at the Santa Ana Immigration Court, 1241 E Dyer Road, Suite 200, Santa Ana, CA 92705.

6. In light of my COVID diagnosis (see below), if I am well enough to attend those hearings my attendance will be remote.

7. On June 29, 2022, I tested COVID positive pursuant to an appointment at my physician's office.  As a result of this positive test, my health care provider advised me to quarantine (i.e., not leave my home) until at least ten days have passed.  My quarantine will end on July 9, ten days from the date of my positive test.  I will not be able to leave my home to prepare Heredia or HBM for deposition during this time.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on July 1, 2022

                                             /s/ Rajan O. Dhungana
                                             Rajan O. Dhungana

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I served the foregoing Defendant Heredia's Notice of Objections to Notice of Deposition of Ralph Heredia and Declarations of Eric S. Montalvo and Rajan O. Dhungana via email to the following:

James L. Greeley (SBN 218975)
   jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
   dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
   gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: July 1, 2022

                                               Respectfully submitted,

                                               /s/ *Rajan O. Dhungana*
                                               Rajan O. Dhungana (SBN: 297794)
                                               FEDERAL PRACTICE GROUP
                                               14481 Aspen Street
                                               Hesperia, CA 92344
                                               Telephone: (310) 795-6905
                                               rdhungana@fedpractice.com

                                               *Attorney for Defendant*
                                               Ralph Heredia