**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Thursday, July 7, 2022 10:05 AM
**To:** Andrew White <awhite@vgcllp.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; Saroja Koneru <SKoneru@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Andrew – at this point, we believe we have detailed our position sufficiently. Thank you for your email regarding any further need to meet and confer, but we have considered your rationale and simply fundamentally disagree that good cause supports discovery extension at this point. We further believe that your intention to request same on an ex parte basis from the court to be without merit and accordingly will oppose that as well.



Rajan Dhungana | Partner
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW

**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Wednesday, July 6, 2022 7:24 PM
**To:** 'Rajan Dhungana' <rdhungana@fedpractice.com>
**Cc:** 'Eric Montalvo' <emontalvo@fedpractice.com>; 'Laura Berry' <lberry@fedpractice.com>; 'Cristina Lagarde' <clagarde@fedpractice.com>; 'Erik Cox' <ECox@fedpractice.com>; 'Daisy Chung' <DChung@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>; 'Saroja Koneru' <SKoneru@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Rajan,

Unfortunately, it appears as though our efforts to agree to a stipulation to continue the discovery cut-off deadline have not been successful. Our proposal to stipulate was made in an effort to avoid burdening the court further with an unnecessary ex parte application. Contrary to your statement below, we do not know, and have never known, your position as to the actual reasons why you believe there is not good cause for a continuance of the discovery cut-off deadline. All we have been given is your critique of proposed dates in the stipulation (easily fixed), your general denial good cause exists, and a blanket refusal to stipulate. Therefore, please advise why you do not believe there is good cause for the proposed continuance of the discovery cut-off. We believe that the reasons we have proffered to date as set forth in the proposed stipulation, in addition to what we have discussed to date, clearly establish good cause exists. As has been made clear, we will seek a continuance of the 7/8/22 discovery cut-off deadline from the court on an ex parte basis, the moving papers will likely be filed tomorrow.

Please consider this as a letter you require to further meet and confer on the issue.

_____
**Andrew D. White, Esq. - Litigation Partner**

**1515 7th Street, No. 106**

Santa Monica, CA 90401
m: 714.907.5032 | email: **awhite@vgcllp.com**

www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Wednesday, July 6, 2022 6:04 PM
**To:** Andrew White <awhite@vgcllp.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** Re: Meet and Confer re Heredia R 72a Objections to June 22 Order

Andrew – as stated clearly in yesterday's phone call, which was not a meet and confer for this purpose, you raised the issue of a discovery extension and we asked that you put it in writing. As we have advised throughout the past 24 or so hours, your 3:47 p.m. email today was the first communication that contained sufficient detail to allow us to consider your request reasonably.

That you proposed unworkable dates is something that you should have caught when reviewing your draft. It is not strategically unworkable, it is practically unworkable. The obvious fix would be for your proposed dates to align correctly with the current dates. This is not offered as a basis on which we would stipulate, but to spend a little time pointing out how the inconsistency could have been avoided.

We too seek to avoid burdening the court unnecessarily, but our belief is that a discovery extension is unwarranted; hence, your intention to burden the court in seeking one is a choice you make knowing our position.

Defendants do not stipulate to a discovery extension, for the reasons stated previously as well as any additional points on which we may choose to rely in our opposition.


Rajan O. Dhungana
Federal Practice Group
*Sent from a mobile device. Please excuse any typos.

**From:** Andrew White <awhite@vgcllp.com>

**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Wednesday, July 6, 2022 5:43:32 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Diyari Vazquez <dvazquez@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; Saroja Koneru <SKoneru@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>
**Subject:** Re: Meet and Confer re Heredia R 72a Objections to June 22 Order

Rajan,

Thank you for the response. As a final effort to avoid burdening the court please accept this in response.

First, you have known the proposed good cause to stipulate to extend the discovery cut-off for over 24 hours yet this is the first time you have communicated you do not believe there would be good cause. I verbally communicated what we believe would be good cause during our phone call yesterday, and in my email subsequent to our call. Why would you then ask us to prepare a joint stipulation for your review if you did not believe there to be good cause. If there is some form of good cause you believe additionally supports the continuance please let me know and I'll add it to the stipulation. Otherwise, this can only be interpreted as a delay tactic and gamesmanship.

Next, the dates in the draft stipulation I sent you are proposed dates. If there are edits you would like us to make to remedy the purported issues you have raised, or a different date you would like to propose for the extension of the discovery cut-off, please provide us with your redline edits by 6 pm pst today, as previously requested. If we do not receive your proposed redlined changes by this deadline, we will interpret this as your client's outright denial to stipulate, which should have been communicated during our phone call yesterday, and we will seek appropriate relief from the Court through an ex parte application for order extending discovery cut-off, which we were seeking to avoid.

—
Andrew D. White, Esq. - Litigation Partner
1515 7th Street, No. 106
Santa Monica, CA 90401
m: 714.907.5032 | email: **awhite@vgcllp.com**


www.vgcllp.com


> On Jul 6, 2022 at 5:14 PM, <Rajan Dhungana> wrote:
>
> Andrew – After reviewing your proposed stipulation, there are several problems. First, good cause does not support it. Second, the dates in your stipulation do not reflect the current operative dates, i.e., they are wrong. Third, the dates you propose would render subsequent dates unworkable. As just one example, you propose to extend discovery to

September 2 with a dispositive motion deadline 28 days later on September 30.

Defendants will not stipulate.



**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Wednesday, July 6, 2022 3:47 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>; Saroja Koneru <SKoneru@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Rajan,

Per your request, please see the attached proposed Joint Stipulation to Continue Discovery Cut-Off Deadline and [PROPOSED] Order. Again, we believe the proposed extension of the discovery cut-off is in the interest of all parties.

Please confirm your agreement to the stipulation, or send us any necessary redlined changes after which made the stipulation would be agreeable to your client, **before 6:00 p.m. PST today, 7/6/22**. Again, as we have notified you in our prior emails, if your client refuses to stipulate, or we do not hear from you by the 6 pm deadline, we will seek appropriate relief from the Court through an ex parte application for order extending the discovery cut-off.

Andrew D. White, Esq. - Litigation Partner

1515 7th Street, No. 106
Santa Monica, CA 90401
m: 714.907.5032 | email: **awhite@vgcllp.com**

www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use

this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Wednesday, July 6, 2022 9:56 AM
**To:** Andrew White <awhite@vgcllp.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Andrew – I failed to copy Gina and Diyari inadvertently. They are copied here.

Your attempt to rewrite history is not supported by the record, including most importantly for this email thread, your claim that the call yesterday constituted a legitimate meet and confer on your desire to extend discovery. Nonetheless, we will rebut that if and when it becomes relevant.

We are willing to consider in good faith the details of any proposed discovery extension if such extension request complies with applicable rules. Yours does not. In fact, your email below adds nothing to your previous "proposal." Notably, and among other things, it fails to include any information justifying why such an extension would be necessary, and beyond a bare bones request to extend discovery, any details of such proposal. As such, it contains insufficient detail to allow us to consider it, as we have stated previously.

If and when you send us a proposal with sufficient detail to support your discovery extension request, we will consider it.



**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Tuesday, July 5, 2022 9:04 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Gina Simas' <gsimas@vgcllp.com>; Lou Michels

<lmichels@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Rajan,

As requested in the email immediately preceding yours, please keep Ms. Vazquez and Ms. Simas included on all correspondence.  For reasons unknown, it appears you have intentionally removed them from your email after I added them to the email chain and expressly asked you to include them.

Today's brief call was our effort to accommodate your untimely and failed attempt to properly meet and confer prior to burdening the court with your purported Rule 72 motion.  Defendant has failed to comply with L.R. 7-3's requirements to "discuss thoroughly…the substance of the contemplated motion and any potential resolution." As you know, we received a letter the afternoon of 6/28/22 notifying us of the Rule 72 motion, demanding we meet and confer during a 90 minute window on 6/29/22.  We were not available on 6/29/22, but made time to have a discussion with you and Mr. Montalvo today.  Although we were prepared to engage in a thorough discussion, during the call today, neither of you made any effort to resolve any purported issue to alleviate the burden your motion will bring to the court, but simply stated you understood our position from prior email correspondence.  I verbally confirmed our position so it was clear to you, and made it clear that if you filed a Rule 72 motion we would oppose it and seek all available sanctions. Further, any representation you may make as required by L.R.7-3 in your notice of motion that the motion is being made after a conference of counsel per L.R. 7-3 is false and would be misleading to the Court.

Turning to the issue now at hand, during our call today, I then inquired whether your client would be willing to stipulate to an extension of the 7/8/22 discovery cut-off.  You did not ask me to send you a stipulation. Instead, you asked me to put our proposal in writing which I have done below and again here.  We are proposing to stipulate to an extension of the 7/8/22 discovery cut-off due to the unresolved discovery issues listed in my email from earlier today.  You still have not responded, either in writing or verbally, to advise whether or not your client would be willing to stipulate to an extension of the discovery cut-off deadline.

Therefore, **let us know by 10:00 a.m. PST tomorrow, 7/6/22**, whether your client will agree to stipulate to an extension of the discovery cut-off.  If your client declines, or we do not hear from you by 10 am tomorrow, we will seek appropriate relief from the Court through an ex parte application for order extending the discovery cut-off.

_____
Andrew D. White, Esq. - Litigation Partner

1515 7th Street, No. 106
Santa Monica, CA 90401
m: 714.907.5032 | email: **awhite@vgcllp.com**


www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Tuesday, July 5, 2022 5:15 PM
**To:** Andrew White <awhite@vgcllp.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Andrew – Today's call was not convened to discuss any discovery extension. Instead, during a call that I had requested, you raised the topic. We asked that you submit a stipulation for our consideration. We have advised you that your email lacks sufficient detail to allow us to consider it. To reiterate, today's call was not a meet and confer on the topic of extending discovery.



**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Tuesday, July 5, 2022 4:55 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; gsimas@vgcllp.com; Erik Cox <ECox@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Rajan,

We have already met and conferred telephonically. During the course of our telephonic meet and confer call today, you asked me to put the proposal to stipulate to extend the discovery cut-off in writing, which I did. You refused to stipulate on our phone call and now appear to be refusing to stipulate in writing. Please correct me if I am wrong.

Please also keep Ms. Vazquez and Ms. Simas copied on all communications.

_____

**Andrew D. White, Esq. - Litigation Partner**

1515 7th Street, No. 106
Santa Monica, CA 90401
m: 714.907.5032 | email: **awhite@vgcllp.com**

www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Tuesday, July 5, 2022 4:29 PM
**To:** Andrew White <awhite@vgcllp.com>
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Andrew – when you mentioned stipulating to extend discovery in today's phone call, we asked you to put it in the form of a letter for the purposes of meet and confer. To be clear, today's phone call did not serve as a meet and confer with respect to your request to extend discovery. We look forward to receiving anything you may wish to send to further your request.



**From:** Andrew White <awhite@vgcllp.com>
**Sent:** Tuesday, July 5, 2022 3:36 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>; gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>

**Cc:** Diyari Vazquez <dvazquez@vgcllp.com>, Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Eric/Rajan,

To follow up, during our call today I asked if your clients would be willing to agree to stipulate to a continuance of the current July 8, 2022, discovery cut-off due to unresolved issues including the fact we are still waiting for a protective order from the Court, the depositions Diaz noticed of your clients and the unresolved objections thereto, the upcoming mediation, and Diaz's motion to compel (which we are seeking to have heard on shortened notice). You responded by asking that we send you a proposal in writing regarding a potential stipulation for you and your clients' consideration.

Please let us know as soon as possible whether or not defendants will agree to stipulate to a continuance of the current discovery cut-off date.

_____
**Andrew D. White, Esq. - Litigation Partner**

1515 7th Street, No. 106
Santa Monica, CA 90401
m: 714.907.5032 | email: **awhite@vgcllp.com**


www.vgcllp.com

The contents of this e-mail message and its attachments are intended solely for the addressee(s). This e-mail transmission may be confidential and subject to privilege protecting communications between attorneys or solicitors and their clients. If you are not the named addressee, or if this message has been addressed to you in error, you are directed not to read, disclose, reproduce, distribute, disseminate or otherwise use this transmission. Delivery of this message to any person other than the intended recipient(s) is not intended in any way to waive privilege or confidentiality. If you have received this transmission in error, please alert the sender by reply e-mail; we also request that you immediately delete this message and its attachments. UNAUTHORIZED INTERCEPTION PROHIBITED BY FEDERAL LAW (18 U.S.C. 2510-2522).

---

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Thursday, June 30, 2022 1:17 PM
**To:** gsimas@vgcllp.com; Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'Andrew White' <awhite@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Gina – Thank you for your email. Yes, the formal meet and confer required the parties to meet at least seven days prior to filing the motion, and the timing was such that it had to

occur yesterday. However, in the interests of seeing whether we could narrow some issues, I wanted to offer other availability. I also will be celebrating on the Fourth, but offered it to be flexible in case everyone's schedule was too full at other times.

Tuesday, July 5 between 3-5pm would work best for me. I will look for your calendar invitation. Thanks.



**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Thursday, June 30, 2022 12:11 PM
**To:** Rajan Dhungana <rdhungana@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Cc:** 'Andrew White' <awhite@vgcllp.com>; 'Diyari Vazquez' <dvazquez@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** FW: Meet and Confer re Heredia R 72a Objections to June 22 Order

Rajan,

To keep the record clear, the meet and confer letter expressly stated:

> "Under applicable rules, ***the meet and confer must occur no later than tomorrow***, Ju***ne 29, 2022*** so the motion can be timely filed.
> . . .
> We are available tomorrow, June 29, 2022 at the following times:
> ***8:30-9:00 a.m., PDT***
> ***9:00-9:30 a.m., PDT***
> ***9:30-10:00 a.m***., PDT"

Any implication that you were open to meeting and conferring on this motion other during the above-referenced 90 minute window is plainly disputed by the meet and confer letter.

In any event, we are not available to meet on the Monday, July 4th, a national holiday. We are, however, available to meet on Tuesday between 1pm and 4pm PST. Please let us know your availability during this time, and we will schedule a call. Thanks.

Sincerely,

Gina

**From:** Rajan Dhungana <rdhungana@fedpractice.com>
**Sent:** Thursday, June 30, 2022 10:38 AM
**To:** gsimas@vgcllp.com
**Cc:** 'dvazquez@vgcllp.com' <dvazquez@vgcllp.com>; Andrew White <awhite@vgcllp.com>; 'jgreeley@vgcllp.com' <jgreeley@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>
**Subject:** RE: Meet and Confer re Heredia R 72a Objections to June 22 Order

Good morning Gina,

Thank you for your email and your position on Heredia's anticipated Rule 72 motion. We will accurately convey that in our filing.

As an informal matter, the meeting times presented in our prior email included the times that both Mr. Montalvo and myself were available. However, if any of the VGC team would like to speak about the Rule 72 motion prior to it being filed, I am available business hours today, tomorrow, Monday, and Tuesday. This would be in the nature of an informal conference of counsel to determine whether any of the issues could be narrowed.

In the meantime, we are evaluating Mr. White's email from yesterday afternoon about the ex parte application, and will respond prior to close of business today, as requested.

Thank you.



**From:** gsimas@vgcllp.com <gsimas@vgcllp.com>
**Sent:** Tuesday, June 28, 2022 4:33 PM
**To:** Cristina Lagarde <clagarde@fedpractice.com>; Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Cc:** 'Diyari Vazquez' <dvazquez@vgcllp.com>; 'Andrew White' <awhite@vgcllp.com>; 'James Greeley' <jgreeley@vgcllp.com>; Erik Cox <ECox@fedpractice.com>; Daisy Chung <DChung@fedpractice.com>; Lou Michels <lmichels@fedpractice.com>; Laura Berry <lberry@fedpractice.com>; Saroja Koneru <SKoneru@fedpractice.com>; Cristina Lagarde <clagarde@fedpractice.com>
**Subject:** FW: Meet and Confer re Heredia R 72a Objections to June 22 Order
**Importance:** High

Cristina,

Thank you for your email. Unfortunately, by waiting until the very last minute to send this meet and confer request, we are unable to accommodate the 90 minute window you offered to us tomorrow morning (i.e. 8:30am to 10am). I am perplexed as to why Mr. Montalvo waited until 1:30pm today to make this request. Given that he had time to write an 11 page letter, it seems likely that he could have raised this issue earlier. In any event, we are unavailable tomorrow.

Regarding the substance of the Rule 72 Motion, we believe that your position is unfounded. We believe that the Magistrate's order was well-reasoned and that she reached the correct result. The order is not "clearly erroneous or contrary to law." As such, we would oppose any motion brought on the meritless grounds raised in the letter, as well seek sanctions for doing so.

Sincerely,

Gina

**From:** Cristina Lagarde <clagarde@fedpractice.com>
**Sent:** Tuesday, June 28, 2022 1:31 PM
**To:** Diyari Vazquez <dvazquez@vgcllp.com>; Gina Simas <gsimas@vgcllp.com>; 'Jim Greeley' <jgreeley@vgcllp.com>; awhite@vgcllp.com
**Cc:** Eric Montalvo <emontalvo@fedpractice.com>; Rajan Dhungana <rdhungana@fedpractice.com>
**Subject:** Meet and Confer re Heredia R 72a Objections to June 22 Order
**Importance:** High

Counsel,

Please see attached the meet and confer letter sent on behalf of Mr. Montalvo and Mr. Dhungana. In addition to the times set forth in the letter, Mr. Montalvo can be available at 10:00am, PDT as well, although it would not be ideal. Once you let me know of the best time, I would be happy to circulate a zoom invitation.

Thank you.

Sincerely,



Cristina Lagarde | Executive Assistant
1750 K Street, NW, Suite 900 | Washington, DC 20006
202-862-4360 | Fax: 888-899-6053 | www.FedPractice.com
CELEBRATING 10 YEARS OF DIVERSITY AND LEADERSHIP IN THE PRACTICE OF LAW



**Attorney/Client Privileged, Protected and Confidential Communication.  Confidentiality / Privilege Notice:**  This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*., and any unlawful interceptions of such may be actionable under 18 U.S.C. § 2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.