# EXHIBIT A

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
**FEDERAL PRACTICE GROUP**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
*Attorneys for Defendant,*
RALPH HEREDIA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **DEFENDANT HEREDIA'S OPPOSITION TO PLAINTIFF DIAZ' FIRST *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE DISCOVERY CUT-OFF DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> **[OPPOSED]** <br><br> **EXHIBIT A, DECLARATION OF ERIC S. MONTALVO** <br><br> Discovery Cut-Off Date: July 8, 2022 <br> Pre-Trial Conference Date: November 18, 2022 <br> Trial Date: December 5, 2022 |

# EXHIBIT A
# DECLARATION OF ERIC S. MONTALVO

I, Eric S. Montalvo, declare as follows:

1. I am a founding partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

3. Defendants' counsel made a good faith effort to meet and confer with plaintiff's counsel in advance of filing Defendants' Motion For Review of, and Objections to, Portions of the Magistrate's June 22, 2022 Order ("Motion").

4. Local Rule 72-2.1 treats objections to a Magistrate's order pursuant to Federal Rule of Civil Procedure 72(a) as a motion subject to the seven-day advance meet and confer requirements of Local Rule 7-3.

5. On Tuesday, June 28, my assistant emailed Diaz' counsel an eleven-page letter setting forth the substance of and authority for defendants' Motion. The letter and email were sent to fulfill Local Rule's 7-3 requirement that a movant "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." The June 28 letter also set forth available meeting times when both Mr. Dhungana and I would be available the following day. The available meeting times reflected mine and Mr. Dhungana's availabilities given that I was traveling from overseas that day back to the United States, and my itinerary was anticipated to be uncertain and subject to unexpected changes.

6. June 29 was the final day the meet and confer could occur. The time between entry of the Magistrate's June 22, 2022 Order [ECF 122] and the time we sent the meet and confer letter to opposing counsel was spent reading the Order, assessing our options, researching the issues and reviewing the file to determine whether objections could be made in good faith, drafting the letter to opposing counsel, and coordinating calendars to present plaintiff's counsel available meeting times.

7. Later on June 29, plaintiff's counsel Gina Simas emailed my assistant characterizing the meet and confer letter as "last minute" and advising that none of plaintiff's counsel were available to meet during the times offered. Ms. Simas' email also acknowledged the eleven-page letter and advised that plaintiff would oppose the motion in that they believed the Magistrate's Order was not "clearly erroneous or contrary to law." None of Plaintiff's four counsel provided alternate availability.

8. Although counsel were not able to meet and confer within the seven-day meet and confer period under Local Rule 7-3, Mr. Dhungana offered to meet early this week to discuss the Motion further, making clear that such a conversation was not intended to substitute for the formal meet and confer requirement.

9. Plaintiff's counsel agreed to speak that call took place on Tuesday, July 5 at 3:00 p.m. Pacific. Plaintiff's counsel indicated that they had conducted a thorough review of the letter and confirmed what Ms. Simas previously conveyed, which was that "plaintiff would oppose the motion in that they believed the Magistrate's Order was not clearly erroneous or contrary to law."

10. Plaintiff then attempted to shift into a meet and confer regarding the extension of discovery. I responded indicating that that was not the purpose of the phone call but that they could put in writing their position and we would consider it.

11. Plaintiff persisted in the call to outline why he believed discovery must be extended to include that it would be "mutually beneficial" in the event their production of discovery was inadequate due on July 6, 2022, claiming that the extension would allow Defendant to properly litigate the deficient production. I informed Counsel once again to put his client's position in writing and we would consider Plaintiff's position.

12. An initial review of Diaz' July 6 production consists almost entirely of discovery previously served on Plaintiff by Defendant and was not provided in a complaint format and without any privilege log. Further review is required but the hiding behind the need for a protective order when the discovery provided by them that was simply returned to Defendants reveals in no uncertain terms that Plaintiff is not operating in good faith and Defendants intend to investigate whether Plaintiff should be held in contempt for violating the Court's June 22 order. An appropriate motion will be filed in response to this production.

13. Plaintiff's current actions are wholly inconsistent with their positions previously taken. When approached by Defendant seeking a Joint Stipulation to extend discovery previously Plaintiff's counsel stated, "I do not believe we are at liberty to stay discovery given the Joint Scheduling Order that the parties proposed." This is the position maintained each time Defendant approached Plaintiff regarding enlargements of time to account for the lack of discovery being provided and the impending mediation. Plaintiff's approach is not an accident or a misstep. Plaintiff's counsel has routinely and gratuitously, albeit erroneously, alleged, "the discovery requests are relevant and proper; it appears that most of Heredia's objections are frivolous and merely asserted in an effort not to cooperate in discovery and to "buy time." Such wholly deficient responses are clearly sanctionable." It is hard to reconcile Plaintiff's rhetoric with its actions and conduct in the case.

14. Plaintiff did not comply with the rules, has not complied with its discovery obligations, and has undertaken an attempt to manufacture a narrative to overcome their deficiencies repeated failures to comply with the rules and law in this case.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on July 8, 2022

/s/ Eric S. Montalvo
Eric S. Montalvo