James L. Greeley (SBN 218975)
 jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
 dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
 gsimas@vgcllp.com
Andrew D. White (SBS 222628)
 awhite@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | Case No. 5:20-cv-02332-JWH-KK |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH HEREDIA'S MOTION FOR REVIEW OF, AND OBJECTIONS TO, PORTIONS OF THE MAGISTRATE'S JUNE 22, 2022 ORDER** |
| v. | |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | Date: August 5, 2022 Time: 9:00 a.m. Courtroom: 9D Judge: Hon. John W. Holcomb |
| Defendants. | |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................. 1

II.  RELEVANT BACKGROUND .............................................................. 2

III. STANDARD OF REVIEW ................................................................... 7

IV.  THE MAGISTRATE JUDGE'S ORDER WAS NOT CLEARLY
     ERRONEOUS OR CONTRARY TO LAW .................................................. 9

     A.   The Order Granting Diaz's Motion for Entry of Protective Order and
          Granting Sanctions Against Heredia Was Not Clearly Erroneous or
          Contrary to Law .................................................................... 9

     B.   Heredia Is Not a Prevailing Party Despite His Efforts to Mislead the
          Court to the Contrary ............................................................. 11

     C.   Diaz Properly Met and Conferred with Heredia Prior to Filing the
          Motion for Protective Order ...................................................... 13

     D.   The Imposition of Monetary Sanctions Against Heredia Must Not Be
          Stayed; Heredia Must Be Ordered to Pay Monetary Sanctions
          Awarded to Diaz by July 22, 2022. ............................................ 15

     E.   The Court Should Issue Sanctions Against Heredia Pursuant to This
          Court's Inherent Authority, 28 U.S.C §1927, and Local Rules 11-9
          and 83-7 .............................................................................. 16

V.   CONCLUSION ................................................................................. 17

# TABLE OF AUTHORITIES

## CASES

Alaimalo v. United States,
   645 F.3d 1042, 1060 (9th Cir. 2011)...................................................................... 8

Brooks v. Motsenbocker Advanced Developments, Inc.,
   2008 WL 3049983, at *1 (S.D. Cal. 2008), ................................................... 8, 10

Chambers v. NASCO, Inc.,
   501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991) .................................................. 16

Edwards v. General Motor Corp.,
   153 F.3d 242, 246 (5th Cir. 1998) ...................................................................... 16

EFT Holdings, Inc. v. CTX Virtual Techs., Inc.,
   2017 WL 10545076, at *3 (C.D. Cal. Jan. 5, 2017).............................................. 8

Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd.,
   No. CV14-00609 DDP (SS), 2015 WL 4651250, at 2
   (C.D. Cal. Aug. 4, 2015) .................................................................................... 14

HK Porter Co. v. Goodyear Tire & Rubber Co.,
   536 F.2d 1115, 124-25 (6th Cir. 1976) .............................................................. 16

Maisonville v. F2 Am., Inc.,
   902 F.2d 746, 748 (9th Cir. 1990 ................................................................... 8, 10

McCormack v. Hiedeman,
   694 F.3d 1004, 1019 (9th Cir. 2012)..................................................................... 8

Sonnino v. University of Kansas Hosp.,
   221 F.R.D. 661, 664 (2004) .................................................................................. 9

United States v. Abonce-Barrera,
   257 F.3d 959, 969 (9th Cir. 2001)......................................................................... 8

Zaldivar v. City of Los Angeles,
   780 F.2d 823, 828 (9th Cir.1986) ........................................................ 8

## STATUTES

28 U.S.C. § 636(b)(1)(A) .................................................................... 7

28 U.S.C. § 1927 ............................................................................ 16

## OTHER AUTHORITIES

Fed. R. Civ. P. 37 ........................................................................... 16

Fed. R. Civ. P. 72(a) ......................................................................... 7

## I.      INTRODUCTION

Defendant Ralph Heredia's ("Heredia" or "Defendant") Motion for Review of, and Objections to, the Magistrate Judge's Order Denying his Motion to Compel, Granting Plaintiff's Motion for Protective Order, and awarding Plaintiff his reasonable attorney's fees in the sum of $25,717.50 (the "Motion") is his latest attempt to obstruct and delay this litigation. As the Court is aware, Heredia has obstructed discovery (and this litigation) at every turn. While Plaintiff Joseph Diaz's ("Diaz" or "Plaintiff") has attempted to move this case forward, Defendant and his counsel continue to demonstrate their blatant disregard for this Court's time and resources, the Local Rules and the truth, and continue to engage in bad faith tactics and gamesmanship designed to drive up the costs of this litigation.

Judge Kato's June 22, 2022 Order (the "Order") expressly (and correctly) denied Heredia's Motion to Compel further responses to the RFP's because Diaz properly responded to the RFP's and had already produced all non-confidential documents within Diaz's possession, custody or control.  Judge Kato also granted Diaz's Motion for Entry of a Protective Order, and in doing so, ordered all confidential documents to be produced within 14 days of the entry of the Protective Order, to be separately issued by the Court. In a twisted form of logic, Heredia has chosen to misinterpret the Order, construing it to mean Heredia is somehow the prevailing party because the Court agreed with Diaz that he should produce confidential documents after entry of a protective order.  But, in his Motion, Heredia admits that his motion to compel was only seeking production of non-confidential documents—a production that Diaz completed well before Heredia insisted on filing his motion to compel.

The discovery disputes at issue in the underlying motions could have been easily prevented. But, instead, ignoring Diaz's pleas that Heredia respect this Court and its resources, Heredia chose to burden the Court with meritless motion practice in what appears to be his never-ending efforts to obtain an award for sanctions against Diaz.

1

As the Magistrate Judge pointed out in the Order, Defendants did not and still have not provided an explanation why they delayed over three months in agreeing to a Stipulated Protective Order drafted pursuant to this Court's Sample Stipulated Protective Order to facilitate discovery. Defendants' unwillingness to cooperate with Diaz on this issue is particularly problematic given Defendants and their counsel agree that a protective order is appropriate in this case. Defendants also failed and still fail to explain why—after agreeing during the parties' meet and confer regarding Diaz's filing of the underlying Motion for Entry of a Protective Order that they would sign the Stipulated Protective Order after Diaz produced non-confidential documents—Defendants reneged on that agreement and instead served Diaz with a 354-page Joint Stipulation. Heredia has now doubled down by criticizing the Magistrate Judge's well-reasoned Order and burdening the Court once again.  The Court should take swift action to discourage this vexatious form of litigation.

Because the portions of the Order that Heredia objects to were not clearly erroneous or contrary to law, Heredia's Motion must be denied in its entirety. Heredia and his counsel should again be sanctioned per the Court's inherent authority, 28 U.S.C § 1927, and Local Rule ("L.R.") 11-9 and 83-7, and award Diaz the attorneys' fees he was forced to spend to oppose this Motion.

## II.    RELEVANT BACKGROUND

On January 24, 2022, Heredia served Diaz with Requests for Production of Documents ("RPDs"). (See Dkt. 118-3, ¶ 3). The RPDs asked Diaz to produce documents that support his allegations for financial malfeasance against Defendants. Given that the documents requested largely contain confidential information, and Defendants' and their counsel's propensity to improperly publicize Diaz's confidential information and shamelessly utilize this and other litigation to gratify private spite, Diaz requested a protective order be entered before his responses were due. On February 2, 2022, Diaz sent Defendants a draft Stipulated Protective Order

modeled after this Court's Sample Stipulated Protective Order. (Id. ¶ 6, Dkt. 118-6). Diaz then followed up three times on the status of the Stipulated Protective Order and was met with complete silence. (Id. ¶ 7-9, Dkt. 118-7-9). Having heard nothing from Defendants, on February 25, Diaz timely served his objections and responses to the RPDs stating that confidential documents "will be produced after the Court has entered the Protective Order." (Id. ¶ 10, Dkt. 118-10).[1] Diaz followed up ***more than 10 times*** on the status of the Stipulated Protective Order. (Id. ¶¶ 7-19, Dkt. 118-7-19). Left with no other option, Diaz requested to meet and confer with Defendants about the filing of a motion for protective order. (Id. ¶ 19, Dkt. 118-20). In response, on April 11, Defendant for the first time took issue with Diaz's RPD responses, and the parties participated in a telephonic meet and confer on April 13, 2022. (Id. ¶ 20, Dkt. 118-20). At that time, the parties agreed that Diaz would produce non-confidential documents and Defendants would sign the Stipulated Protective Order two days after Diaz's production so that Diaz could produce confidential documents. (Id.).

On April 20, 2022, ***Diaz produced non-confidential documents*** and reminded Defendants "[o]nce we have finalized the protective order, we will produce any confidential documents. …." (Id. ¶ 21, Dkt. 118-21). Defendants did not respond and did not abide by their agreement. (Id.). And, rather than signing the Stipulated Protective Order, on April 29, 2022, Defendant Heredia sandbagged Diaz with a 353-page Joint Stipulation replete with fabrication asking the Court to unnecessarily spend

---

[1] Heredia falsely (and illogically) claims that "Diaz did not substantively respond to Heredia's RFPs: not by production (except a mere eighty-five pages, produced tardy even after Diaz' counsels' promise to produce documents), not by objection, and not by a request for an extension of time." (Mot. at 2). Diaz timely served written objections and responses to the RFPs and, as Heredia admits, produced 85 pages of non-confidential documents prior to the entry of the protective order. Once the Magistrate Judge granted Diaz's motion for entry of a protective order, Diaz produced confidential documents. Diaz has completed his production of documents.

time and resources to resolve this easily solvable dispute. (Id. ¶ 22, Dkt. 118-22). Diaz repeatedly requested that Defendants meet and confer in good faith and work to resolve the easily solvable dispute, but Defendants refused. (Id. ¶¶ 25-26, Dkt. 118-25-26).

On June 1, 2022, Diaz filed the motion for entry of the protective order. [Dkt. 118]. The Declaration of Diyari Vázquez (Diaz's counsel) submitted in support of that motion demonstrated the basis for the request for a protective order, as well as the extreme lengths Diaz's counsel went to meet and confer with Heredia's counsel prior to filing the motion. [Dkt. 118-3, ¶¶ 4-27, 118-4-27]. Diaz fulfilled his obligation to meet and confer with Heredia prior to filing the motion for protective order. (Id.). The Magistrate Judge's finding that Heredia failed "to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery" is correct and supported by the evidence. (Id.)

Diaz had completed his production of all responsive non-confidential documents within Diaz's possession, custody or control. Heredia repeatedly references and confirms the production of these non-confidential documents in his motion to compel, which was properly denied, and in the present Motion.  Further, as stated in Diaz's Supplemental Memorandum, Heredia wholly failed to explain why he believes there are additional non-confidential documents that Diaz is withholding from production.  [Dkt 119]. The fact is there are none.  Therefore, because **_Diaz had completed his production of non-confidential documents prior to the filing of Heredia's motion to compel_**, and because the only remaining documents to produce in response to Heredia's RFP were confidential documents that Diaz committed to produce once a protective order was entered, the Magistrate Judge properly denied

Heredia's motion to compel[2] and granted Diaz's motion for protective order. [See Dkt. 122 at 4]. The Magistrate Judge ordered Diaz to produce the confidential documents within fourteen days of entry of the protective order. [Id]. To provide important context to the Magistrate Judge's order requiring Diaz to produce documents,[3] the relevant portion of the Order states:

> Here, Defendant fails to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery. Accordingly, Plaintiff's Motion for Protective Order is GRANTED. ***The Court will separately issue the proposed Protective Order to govern production of discovery in this action***. See dkt. 118-37. ***Plaintiff shall serve responsive documents as agreed to in his responses to the Requests for Production within fourteen (14) days of the date of this Order.*** In addition, Defendant's Motion to Compel further responses to the Requests for Production of Documents is DENIED without prejudice.

[Dkt. 122 at 4] (Emphasis added).

Thus, contrary to Heredia's unsupported conjecture in the Motion, the only documents that Diaz was ordered to produce were the ***very same documents*** that Diaz had already agreed to produce upon entry of the protective order (i.e., the confidential

_____

[2] Judge Kato also denied Heredia's Motion to Compel further responses to Requests for Admission or have the Requests for Admission deemed admitted because Heredia failed to attach or specifically describe each of the 56 documents it sought Diaz to admit the genuineness of—another dispute that could have been very easily solved had Heredia just provided the documents (or even a Bates label number) that he sought admissions for. Heredia has not disputed this portion of Judge Kato's Order.

[3] Context which Heredia has intentionally omitted in his Motion because it debunks Heredia's pie in the sky theory that he was a prevailing party.

documents and *not* the non-confidential documents that Heredia moved to compel). This is ***the exact relief sought by Diaz*** in his motion for protective order, and the same thing Diaz had been offering to do ***for months*** during his meet and confer efforts with Heredia.  Although no separate protective order has been issued by the Court, in an abundance of caution, and subject to the terms of the proposed protective order, on July 6, 2022, Diaz produced the confidential documents that are responsive to Heredia's RFP pursuant to a confidential designation. (<u>See</u> Declaration of Andrew White "White Decl."  ¶2).

As is customary for Heredia, he failed to properly and timely meet and confer with Diaz per L.R. 7-3 before filing his Motion. On June 28, 2022, at 1:31 p.m., Heredia sent Diaz an 11-page letter notifying Diaz that Heredia intended to file the Motion, and demanding that Diaz meet and confer during a 90-minute window of time on June 29, 2022, Heredia's last day to properly meet and confer pursuant to L.R. 7-3 and L.R. 72-2.1. (White Decl. ¶3). Diaz promptly responded to advise Heredia that, with such short notice, Diaz was not available to meet during the 90-minute window of time, and inquired why Heredia waited until 1:30 p.m. on June 28, 2022, to make the request to meet and confer, especially given that Heredia had ample time to draft an 11-page letter.[4] (<u>Id.</u> ¶3). Diaz advised Heredia that Heredia's position was unfounded, the Magistrate's Order well-reasoned and the correct result, and not "clearly erroneous or contrary to law." (<u>Id.</u>).  Diaz informed Heredia that Diaz would oppose any motion brought on the meritless grounds raised in the June 28, 2022 letter, and seek sanctions for being forced to do so. (<u>Id.</u>)

///

---

[4] Heredia did not respond to advise why he waited until the last minute to meet and confer with Diaz, but now after apparently acknowledging his failure, has proffered several excuses in the Motion, which Diaz asserts are not convincing.

In response, Heredia feigned to be open and available to participate in an "informal conference of counsel" at dates and times after his June 29, 2022 deadline to properly meet and confer. (Id. ¶4). Diaz corrected Heredia that Heredia's June 28, 2022 letter expressly stated, "Under applicable rules, the meet and confer must occur no later than tomorrow, June 29, 2022, so the motion can be timely filed," and that any implication that Heredia was open to meeting and conferring at any time other than the 90-minute window provided in the letter was plainly and expressly disputed. (Id.). Nevertheless, Diaz offered to meet on July 5, 2022 to thoroughly discuss the substance of the purported Motion, and potential resolution of the issues. (Id.).

Diaz participated in a brief telephone call with Heredia on July 5, 2022. (Id. ¶5). Diaz agreed to participate in the call in an effort to accommodate Heredia's untimely and failed attempt to properly and timely meet and confer per L.R. 7-3. (Id.) During the call, although Diaz was prepared to engage in a thorough discussion, Heredia made no effort to engage in any discussion concerning the substance of the Motion or to resolve any purported issue to alleviate the burden the Motion would be on the Court. (Id.). Instead, Heredia merely stated he understood Diaz's position from prior correspondence. (Id.). In response, Diaz verbally explained his position and advised Heredia that if Heredia filed the Motion, Diaz would oppose the motion and seek all available sanctions. Diaz also reminded Heredia that if Heredia were to file the Motion and make any representation to the Court that it had complied with L.R. 7-3's meet and confer requirements, it would be false and an intentional misrepresentation to the Court. (Id.).

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that the district judge shall consider timely objections to non-dispositive pretrial orders issued by a magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). While the

"contrary to law" standard permits independent review of purely legal determinations by a magistrate judge (see, e.g., Brooks v. Motsenbocker Advanced Developments, Inc., 2008 WL 3049983, at *1 (S.D. Cal. 2008)), the "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. Maisonville v. F2 Am., Inc., 902 F.2d 746, 748 (9th Cir. 1990) (citing Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986)).

The magistrate judge's decisions on nondispositive matters are "entitled to great deference by the district court." United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001). "[T]he reviewing court may not simply substitute its judgment for that of the deciding court." See EFT Holdings, Inc. v. CTX Virtual Techs., Inc., 2017 WL 10545076, at *3 (C.D. Cal. Jan. 5, 2017). "A district court must affirm the magistrate judge ruling unless 'it is left with the definite and firm conviction that a mistake has been committed.'" See id. (internal citations omitted) (emphasis added).

As the Ninth Circuit has more colorfully stated:

> ***To be clearly erroneous***, a decision must strike [the court] as more than just maybe or probably wrong***; it must . . . strike us with the force of a five-week-old, unrefrigerated dead fish***.

McCormack v. Hiedeman, 694 F.3d 1004, 1019 (9th Cir. 2012) (quoting Alaimalo v. United States, 645 F.3d 1042, 1060 (9th Cir. 2011)) (emphasis added). As detailed below, Heredia fails to establish that the Magistrate Judge's Order is clearly erroneous or contrary to law.

///

///

///

///

///

8

## IV.   THE MAGISTRATE JUDGE'S ORDER WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

### A.   The Order Granting Diaz's Motion for Entry of Protective Order and Granting Sanctions Against Heredia Was Not Clearly Erroneous or Contrary to Law.

Heredia first objects to the Magistrate Judge's statement in the Order that "Defendant fails to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery," and claims (without support) that it is a clearly erroneous conclusion, and the order of sanctions was contrary to law. Heredia is wrong.

In support of his misguided assertion that the Magistrate's conclusion was clearly erroneous, Heredia recites *verbatim* an argument he made in the Joint Stipulation filed prior to the hearing on Diaz's motion for protective order. However, "[i]t is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed …" <u>Sonnino v. University of Kansas Hosp.</u>, 221 F.R.D. 661, 664 (2004). Heredia had his chance and already made this argument. There is no evidence that the Magistrate "seemingly overlooked" Heredia's excuses. Instead, the Magistrate reasonably considered Heredia's excuses yet found, in her discretion, that Heredia did not provide any legitimate reason for failing to respond to Diaz's **many** requests for a stipulated protective order.  This Court should not now consider the same argument already advanced by Heredia and found unavailing by the Magistrate.

Even if the Court considers Heredia's rehashed argument, Heredia has failed to establish the Magistrate's decision was "clearly erroneous." Heredia claims he gave a detailed and legitimate explanation as to why he did not sign a protective order or respond "to every instance where Diaz asked it to be signed" which the Magistrate "seemingly overlooked." Heredia argues "If the Magistrate Judge determined that the

9

reason Heredia gave was not legitimate, she did not provide any support for that conclusion." (Mot. at 11). Heredia concludes that this outcome must rise to the level of being "clearly erroneous."

But as demonstrated in the motion for protective order and supporting declaration and exhibits, *Diaz spent months and followed up over 10 times* with Heredia regarding entry of a stipulated protective order and Heredia was either non-responsive or engaged in gamesmanship.  The Magistrate Judge correctly saw through Heredia's purported explanations in finding that Heredia had failed to provide any legitimate excuse for failing to respond, and Heredia is precluded from attempting to offer a legitimate excuse at this time. The asserted lack of support given by the Magistrate Judge behind her well-reasoned conclusion does not make her conclusion any less correct.   To be considered "clearly erroneous" the Magistrate Judge's conclusion that Heredia did not provide any legitimate reason for his failure to respond must "*strike us with the force of a five-week-old, unrefrigerated dead fish.*" This decision does not come close to meeting that burden, this Motion must be denied.

Moreover, Heredia posits in the alternative that if the Court disagrees with his first argument, that at least his position was substantially justified such that no expenses or fees should be ordered against him as sanctions.  However, again, Heredia is wrong.  Here, Heredia has cited the incorrect standard, seeking to show that the Magistrate Judge's discretionary finding that Heredia was not "substantially justified" in bringing his motion to compel and opposing Diaz's motion for protective order was "contrary to law."  However, the "contrary to law" standard is reserved for review of purely legal determinations by a magistrate judge. See, e.g., Brooks, 2008 WL 3049983, at *1.   The Magistrate's discretionary finding that Heredia was not substantially justified and order granting sanctions against Heredia was not a "purely legal determination," but was a discretionary decision to which the "clearly erroneous" standard applies. See Maisonville, 902 F.2d at 748.  While it is correct that the Order

10

does not specifically address the specific reasons why Heredia was not "substantially justified," it is implicit in the Order that the Magistrate Judge did not find Heredia to be "substantially justified," such that the order granting sanctions was mandatory. It goes without saying that Heredia ignoring opposing counsel and refusing to cooperate on a stipulated protective order for over three months, in a case that Heredia recognizes involves financial and confidential information, is not conduct that is in any way "justified." The correct legal standards were cited to and used by the Magistrate in coming to this decision. Because this discretionary finding cannot be said to be "clearly erroneous," the Order granting sanctions against Heredia should not be modified and Heredia's Motion should be denied accordingly.

**B.    Heredia Is Not a Prevailing Party Despite His Efforts to Mislead the Court to the Contrary.**

Heredia's second objection argues that the Magistrate Judge's order which required Diaz to serve confidential documents within fourteen days of the date of "this Order," established Heredia as the prevailing party.  However, Heredia admits that his motion to compel sought production of non-confidential documents—a production that was complete prior to Heredia filing his motion. Attempting to rewrite history, Heredia argues that the Court should now find his motion to compel responses to RFPs was granted because Heredia supposedly received the relief he requested, and the lack of any discussion of an award of reasonable expenses and attorney's fees to Heredia was contrary to law.   Heredia can protest all he wants, but Heredia was not the prevailing party. Diaz ***received the exact relief*** he had been seeking for months before being forced to move for a protective order and forced to oppose Heredia's meritless motion to compel.

As set forth in the motion for protective order and above, Diaz timely responded to Heredia's RFP's and produced any and all non-confidential documents responsive to the RFP's even before Heredia filed its motion to compel.  Diaz also committed to

producing all confidential documents in his possession, custody or control once a requisite protective order was entered. Heredia failed for months to adequately respond to Diaz's requests to stipulate to entry of a protective order to allow Diaz to produce the remaining confidential documents. Diaz was forced to file the motion for protective order to facilitate the discovery process by allowing Diaz to produce the remaining confidential documents under the protections of a protective order.

In no uncertain terms, the Magistrate Judge expressly granted Diaz's motion for protective order and denied Heredia's motion to compel. For purposes of evaluating Heredia's present motion, the following paragraph of the Order is relevant, which Heredia intentionally takes out of context in feigning confusion as to the import of the Order:

> Here, Defendant fails to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery. Accordingly, Plaintiff's Motion for Protective Order is GRANTED. ***The Court will separately issue the proposed Protective Order to govern production of discovery in this action***. See dkt. 118-37. ***Plaintiff shall serve responsive documents as agreed to in his responses to the Requests for Production within fourteen (14) days of the date of this Order.*** In addition, Defendant's Motion to Compel further responses to the Requests for Production of Documents is DENIED without prejudice.

[Dkt. 122 at 4] (Emphasis added).

Thus, the Magistrate Judge has granted Diaz's motion for protective order and has confirmed the Court will issue separately a proposed protective order to govern production of discovery. In the very next sentence in the discussion regarding the issuance of a protective order, the Magistrate Judge orders Diaz to serve responsive documents "as agreed" within fourteen days of the date of "this Order." Contrary to

12

Heredia's twisted interpretation, the Order, when read in context, clearly gives Diaz the relief he requested. The agreement to produce responsive documents referenced by the Magistrate Judge, when read in context, is clearly referring to Diaz's agreement stated in his response to RFP's that confidential documents "will be produced after the Court has entered the Protective Order." Heredia's interpretation makes no sense for the added reason that Diaz had already produced any and all non-confidential documents prior to the Order or the filing of Heredia's motion to compel, which is the reason why the Magistrate Judge denied Heredia's motion to compel.

For Heredia to now argue that the Magistrate Judge's Order is "objectively a win" for Heredia strains credulity, and to make the added leap to then request an order of sanctions against Diaz is utterly unbelievable. Heredia misinterprets the Order and has mislead the Court by presenting only portions of the Order in the Motion. Contrary to Heredia's feigned confusion, the Order was clear and straightforward, granting Diaz's motion for protective order and denying Heredia's baseless motion to compel. The Magistrate Judge's decision was not clearly erroneous or contrary to law and should not be modified.

## C.   Diaz Properly Met and Conferred with Heredia Prior to Filing the Motion for Protective Order.

In a final attempt to re-write history, Heredia argues that Diaz did not comply with the meet and confer requirements of the local rules[5] before filing the joint stipulation concerning Diaz's motion to compel protective order.  Heredia is wrong.

///

---

[5] As Heredia acknowledges in the Motion, Heredia has been repeatedly admonished by the Court for his failure to comply with the Local Rules.  Heredia asserts compliance with the Local Rules is a matter Heredia has been taking great pains to comply with, yet Heredia failed to properly and timely meet and confer with Diaz per Local Rule 7-3 and 72-2.1 before filing this very Motion.

13

The Declaration of Diaz's counsel submitted in conjunction with the motion for protective order demonstrated the basis for the motion for protective order, as well as the extreme lengths Diaz went to meet and confer with Heredia prior to filing the Motion. [Dkt. 118-3, ¶¶ 4-27, 118-6-27]. The Declaration and exhibits submitted therewith confirm with extreme clarity that Diaz fulfilled its obligation to meet and confer with Heredia prior to filing the motion for protective order and support a finding that Heredia failed "to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery." (Id.) Diaz went above and beyond the requirements of the Local Rules before filing the Joint Stipulation and Motion to Compel. Based on the evidence submitted, the Magistrate Judge's decision to hear Diaz's motion for protective order is not contrary to law.

Further, it appears to be Heredia's argument that Heredia never received any meet and confer *letter* from Diaz and that L.R. 37-1 requires a parties meet and confer effort to be contained in a *letter*. However, a "substantial email exchange," as was the case here, can suffice for meet and confer efforts. See Gibson Brands, Inc. v. John Hornby Skewes & Co. Ltd., No. CV 14-00609 DDP (SS), 2015 WL 4651250, at 2 (C.D. Cal. Aug. 4, 2015). Diaz submitted evidence confirming the many emails he sent (albeit ignored by Heredia's counsel) to meet and confer prior to being forced to file the motion for protective order. [Dkt. 118-3, ¶¶ 4-27, 118-6-27]. Moreover, the parties engaged in a telephonic meet and confer about the proposed protective order on April 13, 2022, wherein Heredia agreed that he would sign the stipulated protective order two days after Diaz produced non-confidential documents. Heredia then reneged on his agreement and blind-sided Diaz with a 353-page joint stipulation. Heredia seeks to conveniently downplay the significance of the telephonic meet and confer discussion for purposes of the present motion. Regardless of the form Diaz's meet and confer efforts took, Diaz demonstrably went above and beyond to meet and confer with Heredia in a repeated effort to avoid burdening the Court with the motion for protective

14

order (and Heredia's meritless motion to compel). (Id.) However, as the Magistrate Judge found, Heredia had no legitimate reason for failing to respond to Diaz's requests for entry of a protective order to facilitate discovery and, as such, Diaz was forced to bring the motion to move forward the discovery process.

In light of the above, Diaz asserts the Magistrate Judge's order granting Diaz's motion for protective order, after Diaz spent months meeting and conferring with Heredia to avoid bringing the motion, was not clearly erroneous or contrary to law, should not be modified, and Heredia's motion must be denied.

### D. The Imposition of Monetary Sanctions Against Heredia Must Not Be Stayed; Heredia Must Be Ordered to Pay Monetary Sanctions Awarded to Diaz by July 22, 2022.

The Order requires Heredia to pay to Diaz the sum of $25,717.50 as reasonable attorney's fees on or before July 22, 2022 (i.e. within 30 days of the June 22, 2022, Order. This Motion is not set to be heard until August 5, 2022.

As partially acknowledged by Heredia in the Motion, L.R. 72-2.2 provides that "***Regardless of whether a motion for review has been filed***, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge." (L.R. 72-2.2; emphasis added.)

Because Judge Kato has ordered Heredia to pay the stated amount of sanctions to Diaz by July 22, 2022, which is long before the hearing on Heredia's motion on August 5, 2022, the relief sought by Heredia cannot be granted by the Court. Therefore, unless Heredia plans to disobey another order of this Court, regardless of the filing of this Motion, Heredia must pay Diaz the full amount of the sanctions award on or before July 22, 2022.

Even if the Court were to consider Heredia's plea for a stay of imposition of the sanctions award, such a stay is not justified where, as here, Diaz was caused to suffer great expenditure of time, effort and money to respond to Heredia's illogical, irrational

15

and illegitimate refusal to respond to Diaz's requests to enter into a protective order, and Heredia's meritless motion to compel against Diaz.  Diaz has been forced to spend hundreds of hours of attorney time to refute Heredia's meritless positions, all time which Diaz should be reasonably reimbursed for.  Diaz asserts he will be substantially harmed and prejudiced should the Court override the Magistrate Judge's award of reasonable sanctions against Heredia and enter a stay of imposition.

> **E.      The Court Should Issue Sanctions Against Heredia Pursuant to This Court's Inherent Authority, 28 U.S.C §1927, and Local Rules 11-9 and 83-7.**

Pursuant to its inherent authority, 28 U.S.C. § 1927, and L.R. 11-9 and 83-7, the Court should sanction Heredia and his counsel for filing meritless objections to the Order. Heredia also should be sanctioned for his reliance on frivolous legal arguments, false factual statements and material omissions, and for his failure to disclose binding authority. Diaz seeks reimbursement for his expenses and costs incurred in connection with litigating the objections.

The Court has inherent power to impose sanctions for egregious acts such as "bad faith" conduct during litigation. Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991). The Court may also authorize an award of attorneys' fees under 28 U.S.C. §1927 against attorneys who have "multiplied the proceedings...unreasonably and vexatiously." 28 U.S.C. § 1927 specifically requires a showing of bad faith, improper motive or reckless disregard of the duty owed to the court." Edwards v. General Motor Corp., 153 F.3d 242, 246 (5th Cir. 1998). Finally, if the aforementioned authority were not deemed to be sufficient, Fed. R. Civ. P. 37 also authorizes fee awards against parties for abuse conduct during the course of discovery proceedings. HK Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 124-25 (6th Cir. 1976). Local Rule 11-9 provides the Court with discretion to award sanctions under L.R. 83-7 against a party who presents to the Court a frivolous motion.

Here, Heredia's failure to properly and timely meet and confer, unreasonable multiplication of proceedings, citation to the wrong standard of review, and general misrepresentations to the Court, all support an award of sanctions against Heredia and his counsel. (White Decl. ¶6)

Diaz spent approximately 13.2 hours drafting this Opposition and anticipates spending approximately 1 hour reviewing Heredia's Reply, and 5 hours preparing for and attending the hearing. (Id. ¶11).  Accordingly at the reasonable rate of $575 per hour, Diaz requests an award of reasonable attorney's fees and costs in the amount of $11,040.00 against Heredia and his counsel. (Id. ¶¶6-11).

## V.    CONCLUSION

Heredia falls well-short of carrying his heavy burden to demonstrate clear error or misapplication of the law by the Magistrate Judge. There was more than sufficient evidence for the Magistrate Judge to deny Heredia's motion to compel and grant Diaz's motion for protective order. As the Magistrate Judge did, this Court should see this Motion for what it really is—another strategic and miscalculated attempt by Heredia to obstruct Diaz's ability to prosecute this action and to avoid payment of the attorneys' fees that Diaz was forced to unnecessarily spend. This Court should not allow these dilatory tactics to continue. While Heredia may be unhappy with the consequences of his own actions, he certainly cannot blame the result on the Magistrate Judge's rulings.

///
///
///
///
///
///
///

For the reasons stated herein, Diaz respectfully requests that the Court rule in accord with the Magistrate Judge's Order and deny Heredia's Motion for review of the Order.

Dated:  July 15, 2022                    **VGC, LLP**


By:   */s/ Andrew D. White*
James L. Greeley
Diyari Vázquez
Gina Simas
Andrew D. White
Attorneys for Plaintiff
JOSEPH DIAZ, JR.

18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CERTIFICATE OF SERVICE</u>**

I, Jacqueline Gidney, hereby certify that on July 15, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: July 15, 2022               By:  */s/ Jacqueline Gidney*
                                                    Jacqueline Gidney