James L. Greeley (SBN 218975)
   jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
   dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
   gsimas@vgcllp.com
Andrew D. White (SBN 222628)
   awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>              Plaintiff,<br><br>       v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>              Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>**DECLARATION OF ANDREW D. WHITE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT RALPH HEREDIA'S MOTION FOR REVIEW OF, AND OBJECTIONS TO, PORTIONS OF THE MAGISTRATE'S JUNE 22, 2022 ORDER**<br><br>Date:          August 5, 2022<br>Time:          9:00 a.m.<br>Courtroom:   9D<br>Judge:         Hon. John W. Holcomb |

I, Andrew D. White, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and before this Court.  I am a partner at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz").  I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto.  I make this declaration in support of Plaintiff's Opposition to Defendant Ralph Heredia's ("Heredia" or "Defendant") Motion for Review Of, and Objections to, Portions of the Magistrate's June 22, 2022 Order.

2.      Although no separate protective order has been issued by the Court, in an abundance of caution, and subject to the terms of the proposed protective order, on July 6, 2022, on behalf of Diaz my office produced the remaining confidential documents responsive to Heredia's RPD under a confidential designation.

3.      On June 28, 2022, at 1:31 p.m., Heredia emailed my office an 11-page letter notifying Diaz that Heredia intended to file the Motion and demanding that Diaz meet and confer during a 90-minute window of time on June 29, 2022, Heredia's last day to properly meet and confer pursuant to L.R. 7-3 and L.R. 72-2.1. My office promptly responded to advise Heredia's counsel that, with such short notice, Diaz's counsel was not available to meet during the 90-minute window of time, and inquired why Heredia waited until 1:30 p.m. on June 28, 2022, to make the request to meet and confer, especially given that Heredia had ample time to draft an 11-page letter.  My office advised Heredia's counsel that Heredia's position was unfounded, the Magistrate's Order well-reasoned and the correct result, and not "clearly erroneous or contrary to law." My office informed Heredia's counsel that Diaz would oppose any motion brought on the meritless grounds raised in the June 28, 2022 letter, and seek sanctions for being forced to do so. Attached hereto as **Exhibit A,** is a true and correct

copy of email correspondence dated July 6, 2022, which contains all of the correspondence referenced herein and below.

4.     In response, it is now my understanding that Heredia's counsel feigned to be open and available to participate in an "informal conference of counsel" at dates and times after his June 29, 2022 deadline to properly meet and confer.  Gina Simas of my firm corrected Heredia's counsel that Heredia's June 28, 2022 letter expressly stated, "Under applicable rules, the meet and confer must occur no later than tomorrow, June 29, 2022, so the motion can be timely filed," and that any implication that Heredia was open to meeting and conferring at any time other than the 90-minute window provided in the letter was plainly and expressly disputed. Nevertheless, my office offered to meet on July 5, 2022 to thoroughly discuss the substance of the purported Motion, and potential resolution of the issues. See **Exhibit A**.

5.     I participated in a brief telephone call with Heredia's counsel on July 5, 2022. I agreed to participate in the call in an effort to accommodate Heredia's untimely and failed attempt to properly and timely meet and confer per L.R. 7-3. During the call, although I was prepared to engage in a thorough discussion, Heredia's two attorneys made no effort to engage in any discussion concerning the substance of the Motion or to resolve any purported issue to alleviate the burden the Motion would be on the Court. Instead, Heredia's counsel merely stated he understood Diaz's position from prior correspondence. In response, I verbally explained Diaz's position and advised Heredia's counsel that if Heredia filed the Motion, I would oppose the motion and seek all available sanctions.  I also reminded Heredia's counsel that if Heredia were to file the Motion and make any representation to the Court that it had complied with L.R. 7-3's meet and confer requirements, it would be false and an intentional misrepresentation to the Court. See **Exhibit A**.

6.     Heredia's failure to properly and timely meet and confer, unreasonable multiplication of proceedings, citation to the wrong standard of review, and general misrepresentations to the Court, all support an award of sanctions against Heredia and his counsel, The Federal Practice Group, pursuant to 28 U.S.C. § 1927, and L.R. 11-9 and 83-7, in the full amount of the attorneys' fees spent by Diaz in preparing the Opposition to this needless motion. <u>Benke v. Departure Agency, Inc.</u>, 2012 WL 12885102, at *8 (C.D. Cal. Oct. 9, 2012) ("The type of machinations engaged in by … counsel merit a substantial sanction, and the Court therefore sanctions … counsel in the full amount requested in the Opposition to both Motions. The parameters of discovery and the applicable legal standards thereto are largely the province of attorneys, not their clients. Consequently, an attorney's fees award is ordinarily imposed against counsel.")

7.     I am familiar with the time and other records maintained by VGC, LLP.

8.     I have been practicing law for 20 years and have extensive civil litigation experience. I am a graduate of the University of the Pacific, McGeorge School of Law and was admitted to the State Bar of California in 2002.

9.     When setting the hourly rate, the reasonable hourly rate is that prevailing in the community for similar work.  <u>Shaffer v. Superior Court</u> (1995) 33 Cal. App. 4th 993, 1002. Hourly rates in Los Angeles are generous. Some courts use the "Laffey Matrix" to determine whether the hourly rate of attorney is appropriate. <u>See</u> <u>Syers Properties Ill, Inc. v. Rankin</u>, (2014) 226 Cal. App. 4th 691, 702 (2014); <u>see</u> <u>Fernandez v. Victoria Secret Stores, LLC</u>, 2008 WL 8150856, at * 14 (C.D. Cal. July 21, 2008) (noting that "where use of the Laffey matrix has been disapproved, it has been because it produced a rate that the court determined was *too low*") (italics in original).  Attached as **Exhibit B** is a true and correct copy of the Laffey-Matrix.

10.     According to the Laffey Matrix, attorneys with 20 plus years of experience have an hourly rate of $919 for 2021-2022. My hourly rate is much lower than the rates set forth in the Laffey Matrix, even though some courts applying the Laffey Matrix adjust the rates therein upwards for the higher cost of living in Los Angeles. See Fernandez, 2008 WL 8150856, at *15.

11.     I spent approximately 13.2 hours drafting this Opposition and anticipate spending approximately 1 hour reviewing Heredia's Reply, and 5 hours preparing for and attending the hearing.  Accordingly at the reasonable rate of $575 per hour, Diaz requests a sanctions award for reasonable attorney's fees and costs in the amount of $11,040.00 against Heredia and his counsel The Federal Practice Group. The estimated fees do not include Ms. Vazquez's, Ms. Simas', or my time meeting and conferring with Heredia's counsel.

12.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.     Executed July 15, 2022 in Santa Monica, California.

/s/ Andrew D. White
ANDREW D. WHITE

# **CERTIFICATE OF SERVICE**

I, Jacqueline Gidney, hereby certify that on July 15, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: July 15, 2022                    By:   */s/ Jacqueline Gidney*
                                                      Jacqueline Gidney

WHITE DECLARATION ISO PLAINTIFF'S
FIRST EX PARTE APPLICATION TO CONTINUE
DISCOVERY CUT-OFF DEADLINE