UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2332-JWH (KKx)** | Date: | July 19, 2022 |
|---|---|---|---|
| Title: | ***Joseph Diaz, Jr. v. Ralph Heredia, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DONNISHA BROWN | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: Order (1) DENYING Plaintiff's Ex Parte Application to Shorten Time for Hearing on Motion to Compel [Dkt. 124]; and (2) DENYING Plaintiff's Motion to Compel [Dkt. 123]**

On June 29, 2022, Plaintiff Joseph Diaz ("Plaintiff") filed a Motion to Compel Further Verified Responses to First Set of Requests For Production of Documents ("Motion to Compel") seeking verified, further responses to Requests for Production Nos. 12, 18-20. Dkt. 123. Plaintiff also seeks $16,445.00 in attorney's fees incurred in bringing the Motion to Compel. Id. The Motion to Compel was submitted with a Joint Stipulation pursuant to Civil Local Rule 37-2. Dkt. 123-1. Neither party filed supplemental briefs.

On July 1, 2022, Plaintiff filed an Ex Parte Application to Shorten Time for Hearing on the Motion to Compel ("Application") requesting an order to permit a hearing on the Motion to Compel before the July 8, 2022 discovery cut off. Dkt. 124. On July 5, 2022, defendant Ralph Heredia ("Defendant") filed an Opposition to the Application. Dkts. 125, 126.[1]

For the reasons set forth below, Plaintiff's Application and Motion to Compel are DENIED.

///
///
///
///

[1] Dockets 125 and 126 appear to be duplicates.

# I.
# BACKGROUND

On October 7, 2020, Plaintiff initiated this action by filing a Complaint against Defendant in San Bernardino County Superior Court alleging various causes of action stemming from a boxing management agreement between Plaintiff and Defendant. Dkt. 3, Compl.

On November 9, 2020, Defendant removed the action to this Court. Dkt. 1.

On August 17, 2021, Plaintiff filed the operative First Amended Complaint ("FAC") for (1) fraud; (2) breach of fiduciary duty; (3) breach of implied-in-fact contract; (4) conversion; (5) tortious interference with prospective economic advantage; (6) violation of the Muhammad Ali Boxing Reform Act (15 U.S.C. §§ 6301, et seq.); (7) quantum meruit; and (8) accounting. Dkt. 69. Plaintiff alleges Defendant failed to fulfill his duties to Plaintiff as his boxing manager, and instead, "manipulated, exploited, and stole" from Plaintiff. Id.

On September 17, 2021, Defendant filed an Answer to the FAC. Dkt. 72.

On October 18, 2021, Plaintiff served a First Set of Requests for Production of Documents on Defendant. Dkt. 123-2, Declaration of Andrew D. White ("White Decl."), ¶ 2, Ex. A.

On November 17, 2021, Defendant served responses to the First Set of Requests for Production of Documents. Id., ¶ 3, Ex. B.

On February 2, 2022, the Court issued a Scheduling Order setting the discovery cut off (including hearing of discovery motions) for April 22, 2022. Dkt. 95.

On February 11, 2022, Plaintiff filed a motion to compel seeking supplemental responses to Interrogatories and Requests for Production Nos. 1 through 58. Dkt. 96.

On March 4, 2022, the Court granted in part and denied in part Plaintiff's motion to compel. Dkt. 107. Specifically as to Requests for Production Nos. 12 and 18-20, the Court overruled Defendant's objections and ordered Defendant to serve supplemental responses and produce all responsive documents no later than March 18, 2022. Id. at 10-12.

On March 18, 2022, Defendant served supplemental responses to the First Set of Requests for Production of Documents. White Decl., ¶ 7, Ex. D. Specifically, as to Request for Production No. 12, Defendant responded: "After a diligent search and reasonable inquiry, [Defendant] has identified no additional documents responsive to this request." Id. As to Requests for Production Nos. 18-20, Defendant responded: "After a diligent search and reasonable inquiry, [Defendant] has identified no documents responsive to this request." Id.

On March 21, 2022, the Court granted the parties' stipulation to continue the discovery cut off to July 8, 2022. Dkt. 112.

On April 4, 2022, Plaintiff's counsel sent an email to defense counsel noting Defendant's responses to Requests for Production Nos. 12 and 18-20 are "inadequate" because Defendant has

not produced any accounting or bank records and requesting a telephonic meet and confer. White Decl., ¶ 9, Ex. E.

On April 13, 2022, counsel for Plaintiff and Defendant participated in a telephonic meet and confer conference during which defense counsel represented that Defendant did not have any further responsive documents to Requests for Production Nos. 12 and 18-20. Id., ¶ 10.

On June 29, 2022, Plaintiff filed the instant Motion to Compel seeking verified, further responses to Requests for Production Nos. 12 and 18-20 and an award of attorney's fees and set a hearing for July 21, 2022. Dkt. 123. On July 1, 2022, Plaintiff filed the instant Application so that the Motion to Compel could be heard before the July 8, 2022 discovery cut off. Dkt. 124. On July 5, 2022, Defendant filed an Opposition to the Application. Dkt. 126.

The matters thus stand submitted.

## II.
## DISCUSSION

### A. APPLICABLE LAW

Unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application. Id. at 491. Hence, to justify use of ex parte procedures, a party seeking ex parte relief must show: (1) "the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492.

Federal Rule of Civil Procedure 34 ("Rule 34") governs Requests for Production of Documents. FED. R. CIV. P. 34. The party to whom the request is directed must respond in writing within 30 days after being served[.]" FED. R. CIV. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). The responding party has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested); Burnett v. United States, No. EDCV 15-1707-CAS (KKx), 2016 WL 3392263, at *6 (C.D. Cal. June 14, 2016) (same). An attorney's signature on a disclosure document constitutes a certification that to the best of the attorney's knowledge and belief formed after a reasonable inquiry the disclosures are correct and complete as of the date signed. See FED. R. CIV. P. 26(g)(1)(A) ("[b]y signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . with respect to a disclosure, it is complete and correct as of the time it is made.").

**B. ANALYSIS**

As an initial matter, Plaintiff fails to justify use of ex parte procedures. As of April 13, 2022, defense counsel had made clear to Plaintiff that Defendant had produced all responsive documents and that no further documents existed in Defendant's possession, custody, or control. White Decl., ¶ 10. Plaintiff then waited over two months, until only nine days before the discovery cut off, to file the instant Motion to Compel. Plaintiff sets forth no explanation for the two-month delay. Accordingly, Plaintiff appears to have created the instant crisis and ex parte relief is not warranted. Mission Power Eng'g Co., 883 F. Supp. at 490. Hence, Plaintiff's Application is DENIED.

Moreover, even considering Plaintiff's Motion to Compel on the merits, the Court cannot order a party to produce documents that do not exist.[2] Defendant has represented, and defense counsel has certified, that "[a]fter a diligent search and reasonable inquiry, [Defendant] has identified no additional documents responsive to this request." White Decl., ¶ 7, Ex. D. "A plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." Unilin Beheer B.V. v. NSL Trading Corp., No. CV 14-2210 BRO (SSx), 2015 WL 12698382, at *5 (C.D. Cal. Feb. 27, 2015). In addition, Plaintiff's demand that Defendant verify his responses to the Requests for Production is not warranted. The production of documents under Rule 34 "does not require verification" because documents "produced under Rule 34 are subject only to the general signature requirement in Rule 26(g)." Kas v. Mercedes-Benz USA, LLC, 2012 WL 473931, at *3 (C.D. Cal. Feb. 1, 2012). Hence, Plaintiff's Motion to Compel is DENIED.

## III.
## CONCLUSION

For the reasons set forth above, Plaintiff's Application and Motion to Compel are DENIED.

**IT IS SO ORDERED.**

[2] On July 12, 2022, the District Judge issued an Order granting Plaintiff's ex parte application to extend the discovery cut off to August 19, 2022, but "SOLELY FOR THE PURPOSE of permitting [Plaintiff] to complete the two depositions discussed in the *Ex Parte* Application." Dkts. 131, 132. This Court further notes it is without authority to order discovery after the discovery cut-off set by the District Judge or to continue the discovery cut-off. See United States v. Celgene Corp., No. CV 10-3165 GHK (SS), 2015 WL 9661172, at *1 (C.D. Cal. Oct. 16, 2015) (holding a magistrate judge "does not have the authority to order discovery after the deadline set by the District Judge").