1  James L. Greeley (SBN 218975)
    jgreeley@vgcllp.com
2  Diyari Vázquez (SBN 222461)
    dvazquez@vgcllp.com
3  Andrew D. White (SBN 222628)
    awhite@vgcllp.com
4  **VGC, LLP**
5  1515 7th Street, No. 106
6  Santa Monica, California 90401
7  Telephone: (424) 272-9885
8  *Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

9

10  **UNITED STATES DISTRICT COURT**

11  **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

12  JOSEPH DIAZ, JR.,

13          Plaintiff,

14          v.

15  RALPH HEREDIA, true name
    RAFAEL HEREDIA TARANGO,
16  a/k/a RAFAEL HEREDIA, a/k/a
    RAFAEL BUSTAMANTE; JOHN
17  DOE, ESQ.; and JANE DOES 1
    through 20, inclusive,
18
        Defendants.
19

CASE NO. 5:20-cv-02332-JWH-KK

**SECOND *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE DISCOVERY CUT-OFF DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**[OPPOSED]**
[Submitted concurrently herewith: [Proposed] Order; Declaration of Andrew D. White]

Courtroom:    2
Judge:      Hon. John W. Holcomb

Discovery Cut-Off: August 19, 2022
Pre-Trial Conference: November 18, 2022
Trial: December 5, 2022

20

21

22

23

24

25

26

27

28

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Joseph Diaz, Jr. ("Diaz" or "Plaintiff") hereby applies to the Court on an *ex parte* basis for an order continuing the current discovery cut-off deadline of August 19, 2022, for the limited purpose of taking and completing the deposition of Defendant Heredia Boxing Management's ("HBM") Person Most Knowledgeable ("PMK"). If granted, the discovery cut-off deadline must be extended to a date that will allow Diaz sufficient time under the Federal Rules of Civil Procedure ("FRCP") and this Court's Local Rules ("L.R.") to complete his meet and confer efforts with Defendant Ralph Heredia ("Heredia") and HBM's (collectively "Defendants") counsel and prepare and file a Motion to Compel the Deposition of HBM's PMK and for sanctions against Defendants and their counsel.  The current August 19, 2022 discovery cut-off deadline does not provide Diaz with enough time to timely file a motion to compel or take and complete the deposition of HBM's PMK.

For the reasons stated herein, and in the Declaration of Andrew D. White submitted herewith, *ex parte* relief is appropriate because, through no fault of Diaz, Diaz will be irreparably prejudiced if the August 19, 2022 discovery cut-off deadline is not continued. (*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995.) Further, per FRCP, Rule 78, this Court may determine this application on briefs, without a hearing. (FRCP, Rule 78.)

This *ex parte* Application is made following a conference of counsel at the end of the Deposition of HBM's purported PMK Carmina Ledesma on August 11, 2022, pursuant to L.R. 7-3 and 7-19.1, and after a substantial email exchange between the parties pursuant to FRCP 30(b)(6), made in an effort to avoid the exact situation Defendants' counsel has created. (See Declaration of Andrew White ("White Decl."), ¶ 2.)

Based on Diaz's efforts summarized above and in the White Declaration, in an attempt to avoid having to burden the Court with this *ex parte* Application, Diaz

complied with Local Rules, including L.R. 7-3, as well as 7-19, and that it is Diaz's understanding Defendants will oppose the application. (<u>Id.</u> ¶2.)

Opposing counsel's contact information per L.R. 7-19 is as follows (<u>Id.</u> at ¶3):

Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (Pro Hac Vice)
emontalvo@fedpractice.com
**Federal Practice Group**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905; (202) 862-4360

This *ex parte* application is based upon this Application, the Memorandum of Points and Authorities, the Declaration of Andrew D. White, [Proposed] Order, and the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

Dated:  August 16, 2022          **VGC, LLP**

                                   By:   */s/ Andrew D. White*

                                   James L. Greeley
                                   Diyari Vázquez
                                   Andrew D. White
                                   Gina Simas
                                   Attorneys for Plaintiff
                                   JOSEPH DIAZ, JR.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION & STATEMENT OF FACTS

On June 28, 2022, Diaz served a Notice of Deposition of Ralph Heredia and a Notice of Deposition of the PMK of HBM, to take place on July 7 and July 8, 2022, respectively. (White Decl. ¶5.) Defendants objected to the deposition notices and refused to produce the deponents prior to the then discovery cut-off deadline of July 8, 2022. (Id. ¶5.)

In an Order dated July 12, 2022 (the "Order"), the Court granted Diaz's *Ex Parte* Application to Extend the Discovery Cut-Off Deadline. [See Dkt. 131 & 132] The Court ordered that the July 8, 2022 discovery cut-off deadline (including the deadline for hearing discovery motions) was extended to August 19, 2022, solely for the purpose of permitting Diaz to complete the two depositions discussed in the Ex Parte Application and at issue here. (White Decl. ¶ 6.) The Court also withdrew the reference to Magistrate Judge Kato with regard to only new discovery disputes that arise in connection with the depositions that are the subject of the Order, and at issue here. (Id.)

On July 12, 2022, the same date as the Order, Diaz sent correspondence to Defendants to advise that Diaz would like to schedule the two depositions per the Order, and provided availability on July 26-28, 2022, to schedule these depositions and requested that Defendants let Diaz know which days worked best. (Id. ¶ 7.) On July 13, 2022, Defendants responded by advising that Defendants' counsel had conflicts with the dates proposed by Diaz, and requested that Diaz provide available dates in August 2022, so Defendants could coordinate scheduling the two depositions. (Id.) Diaz responded the same day to advise Diaz was available on August 2-5 and 9-12, 2022, and asked Defendants to advise which of these dates would work. (Id.)

Having received no response from Defendants, on July 14, 2022, Diaz followed up again to ask Defendants to provide dates when the two deponents would be available for deposition. (Id. ¶ 8.) Diaz confirmed that he had provided availability in both July and August prior to the new discovery cut-off deadline. Diaz asked Defendants to

provide availability for these two depositions so Diaz could re-issue the deposition notices. (Id.)

On July 15, 2022, Defendants' counsel responded by thanking Diaz for his patience, and advised they are currently working with Defendants to "deconflict" their schedules so they could provide Diaz with their availability in August for deposition. (Id. ¶ 9.) Defendants committed to give Diaz a "firm date" for these depositions on Monday, July 18, 2022. (Id.) Diaz did not receive any dates of availability from Defendants for the two depositions on July 18, 2022. (Id.)

On July 19, 2022, Defendants sent correspondence to advise that the PMK for HBM tested positive for Covid 19. (Id. ¶ 10.) Defendants advised the witness will need time to "recuperate from the illness and also account for quarantine time." (Id.) Defendants stated: "As soon as we determine the exact date," Defendants would provide available dates for the depositions. (Id.) Defendants did not provide any availability for the deposition of Ralph Heredia. (Id.)

On July 19, 2022, the parties participated in a Mediation before Mediator Michael Young. (Id. ¶11.)

On July 21, 2022, Diaz sent correspondence to Defendants to confirm that although Diaz was still optimistic the parties resolved the matter at the mediation, Diaz was still facing an upcoming discovery cut-off deadline and therefore needed to get the two depositions on calendar. (Id. ¶12.) Diaz offered to conduct the depositions virtually to accommodate the witnesses. (Id.) Diaz again offered available dates for these depositions of August 2-5 and 9-12, 2022. (Id.)

On July 21, 2022, having received no availability for either deponent, and still facing the August 19, 2022 discovery cut-off deadline, Diaz served notices of these depositions to take place on August 11 and 12, 2022. (Id. ¶13.) Defendants responded on July 22, 2022, to advise the PMK for HBM, Ms. Carmina Ledesma, tested positive for Covid 19 and needed to quarantine for 10 days.  Counsel offered the dates of August 1-4 to take the deposition of the purported PMK of HBM but provided no dates for the

deposition of Defendant Ralph Heredia. (Id.)

On July 25, 2022, Diaz responded to advise it was not available on the dates provided to take the PMK deposition. (Id. ¶ 14.) In the same correspondence, Diaz requested that Defendants' counsel confirm that Ms. Ledesma was the actual PMK for each of the specific categories of examination set forth in the notice of deposition. (Id.) Diaz specifically stated it was the intent of the request to avoid a situation where Diaz's counsel spends the time, money and effort to prepare for the deposition, and schedule a court reporter, only to have Ms. Ledesma testify that she does not have the information required of the PMK for each category, or that somebody else at HBM is more knowledgeable. (Id.) Diaz requested the PMK confirmation and provided further availability to take the depositions. (Id.)

On July 28, 2022, having received no response to its last email, Diaz again followed up to advise Diaz had received no response to his request for confirmation that Ms. Ledesma was the PMK for each category of examination, or confirming the availability of either the PMK or Ralph Heredia for deposition prior to the August 19, 2022 discovery cut-off.   (Id. ¶ 15.) Diaz advised that if no confirmation of Ms. Ledesma's PMK status was received, as well as dates certain for taking each deposition, Diaz would be forced to move forward with a motion to compel the depositions and request sanctions. (Id.)

Later, on July 28, 2022, Defendants' counsel responded to confirm Ralph Heredia and the PMK of HBM would be made available by remote deposition on August 10 and 11, 2022, respectively. (Id. ¶ 16.) Based on the available dates provided, on July 29, 2022, Diaz served amended deposition notices. (Id.)

Having still received no confirmation from Defendants' counsel that Ms. Carmina Ledesma was the actual PMK for HBM as to each category of examination in the deposition notice, on August 9, 2022, in another effort to avoid unreasonable expenditure of time, money and effort taking Ms. Ledesma's deposition if she was not the PMK, Diaz followed up to ask that Defendants' counsel confirm her PMK status

as to each and every category of examination. (Id. ¶ 17.)   Diaz asked that if Ms. Ledesma was not the PMK for certain categories, that Defendants' counsel advise who was and provide available dates before the August 19, 2022 discovery cut-off for a deposition. (Id.)

Having still received no confirmation of Ms. Ledesma's PMK status, Diaz took the deposition of Ms. Carmina Ledesma who was presented as the PMK for HBM on August 11, 2022[1]. (Id. ¶ 18.) At no time prior to the deposition of Ms. Ledesma did Defendants' counsel respond to confirm that she was the PMK for each and every category of examination in the deposition notice. (Id.) During the deposition, Ms. Ledesma testified initially that she was the PMK for each category of examination. (Id.) However, after further questioning regarding each category of examination, as well as regarding a declaration Ms. Ledesma signed under oath supporting another of Defendants' pleadings, it quickly became clear that Ms. Ledesma was not the PMK for many, if not all, of the PMK categories of examination. (Id.) For instance, although in February 2020 she signed a declaration under oath that she was an employee of HBM, Ms. Ledesma testified that she was not and never has been an employee of HBM. (Id.) Ms. Ledesma testified that she was aware when signing the declaration that she was signing it under oath and that the penalty of perjury applied. (Id.) Ms. Ledesma testified she was aware she was signing a declaration containing false information under oath and under the penalty of perjury. (Id.) Moreover, Ms. Ledesma's own testimony confirmed that either Moses or Ralph Heredia, the only two officers/directors of HBM and only two employees, are more knowledgeable than her on many if not all of the categories. (Id.) Ms. Ledesma testified that the extent of her knowledge regarding HBM is based on the work she performs as a favor for Moses Heredia doing data entry for 6 to 8 hours *per year*. (Id.) Further, Ms. Ledesma's PMK testimony was based not

---

[1] Diaz has ordered a copy of the rough transcript of the PMK deposition but has not yet received the rough transcript; If Diaz was in possession of the rough transcript citations would be made to the specific testimony referenced herein and attac  d as an exhibit. (See, White Decl. ¶ 21.)

1  on any independent knowledge gleaned through her status as an employee of HBM or
2  on any preparation based on available information as required by FRCP 30(b)(6), but
3  instead on HBM's responses to written discovery served in this case prior to the
4  deposition which Ms. Ledesma confirmed she had no part in preparing and provided
5  no information with which to prepare such responses, as well as a declaration of Ralph
6  Heredia filed previously in this case. (Id.)  All of Ms. Ledesma's testimony confirmed
7  that she had none of the requisite knowledge to qualify as the PMK of HBM and never
8  should have been presented as such. (Id.) By presenting her as HBM's PMK,
9  Defendants' counsel created the exact situation Diaz sought to avoid when it first
10 requested confirmation of Ms. Ledesma's PMK status on July 25, 2022. (Id.)

11     At the end of Ms. Ledesma's deposition on August 11, 2022, while still on the
12 record, Diaz's counsel specifically met and conferred with Defendants' counsel
13 pursuant to the FRCP and Local Rules. (Id. ¶ 19) After explaining the above timeline
14 of events which resulted in a supreme waste of time, effort and money, Diaz's counsel
15 requested that Defendants' counsel provide, by the close of business on Friday, August
16 12, 2022, a date for the deposition of the actual PMK of HBM (either Moses or Ralph
17 Heredia) to take place before the August 19, 2022, discovery cut-off. (Id.) Diaz's
18 counsel explained that if a date for the PMK deposition was not received by the close
19 of business on Friday, August 12, 2022, Diaz would move on an *ex parte* basis to seek
20 an extension of the current discovery cut-off, and would move to compel such
21 deposition and seek another award of sanctions against Defendants and Defendants'
22 counsel of record. (Id.) Defendants' counsel responded that he would need time to
23 evaluate Diaz's request and would respond later. (Id.) As of the date of this *ex parte*
24 application, Defendants have not responded and have failed to provide a date for the
25 deposition of HBM's PMK prior to August 19, 2022. (Id.)

26     Diaz has been forced to prepare the present application to seek relief on an *ex*
27 *parte* basis so that he can prepare and file the requisite motion to compel said
28 deposition and seek all available sanctions prior to the discovery cut-off. (Id. ¶ 20.)

1  Without such *ex parte* relief, Diaz will be irreparably prejudiced through no fault of
2  his own. (Id.)

3      For all of the reasons stated above, good cause exists for the Court to grant a
4  continuance of the August 19, 2022 discovery cut-off deadline. Diaz will be irreparably
5  prejudiced if this application is not heard on an *ex parte* basis.

6  **II.    LEGAL ARGUMENT**

7      The court is permitted to grant *ex parte* relief upon a showing of "good cause."
8  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)

9      *Ex parte* relief is appropriate when, as here: (1) "the moving party's cause will
10  be irreparably prejudiced if the underlying motion is heard according to regular noticed
11  motion procedure," and (2) "the moving party is without fault in creating the crisis that
12  requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*
13  at 492.

14      Further, an *ex parte* application is "justified only when (1) there is a threat of
15  immediate or irreparable injury; (2) there is danger that notice to the other party may
16  result in the destruction of evidence or the party's flight; or (3) the party seeks a routine
17  procedural order that cannot be obtained through a regularly noticed motion (i.e. to file
18  an overlong brief or shorten the time within which a motion may be brought.)." *Horne*
19  *v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

20      **1.    *Ex Parte* Relief Continuing the August 19, 2022 Discovery Cut-Off**
21          **Deadline For This Limited Purpose Is Appropriate.**

22      *Ex parte* relief is appropriate here because failure to grant the requested relief
23  would cause Diaz irreparable prejudice, and because Defendants created this
24  unnecessary crisis.

25      Here, because the current discovery cut-off deadline is August 19, 2022, the
26  present *ex parte* application seeking a continuance of the discovery cut-off deadline
27  cannot be heard according to regular noticed motion procedure and must be heard on
28  an *ex parte* basis.  Further, there is no time for Diaz to comply with this Court's local

1  rules before filing a Motion to Compel the Deposition of HBM's PMK prior to the
2  August 19, 2022, discovery cut-off; Diaz will suffer irreparable prejudice otherwise.

3       As set forth above, Diaz first served notice of the deposition of HBM's PMK on
4  June 28, 2022. Pursuant to the original deposition notice, the deposition was set to take
5  place on July 8, 2022. Defendants served an objection[2] and refused to produce the PMK
6  of HBM on July 8, 2022.  Thereafter, in an order dated July 12, 2022, the Court granted
7  Diaz's *ex parte* application to extend the discovery cut-off deadline for the specific
8  purpose of allowing Diaz to complete the deposition of Ralph Heredia and of the PMK
9  of HBM. Per the Order, the discovery cut-off deadline was extended to August 19,
10 2022, for this limited purpose. Since the Court's order extending the discovery cut-off,
11 Diaz has been diligent in seeking available dates for the taking of both depositions.  On
12 July 25, 2022, Diaz sought to avoid this very situation where Defendants present a
13 witness for the deposition of the PMK of HBM that was not truly the PMK for each
14 category of examination to avoid the unnecessary expenditure of time, money and
15 effort taking an unnecessary deposition and to ensure the PMK deposition could be
16 completed prior to the August 19, 2022, discovery cut-off. Diaz followed up on his
17 efforts to confirm the PMK status of Ms. Carmina Ledesma but Defendants' counsel
18 failed to provide such confirmation prior to the deposition date, and presented Ms.
19 Ledesma whose testimony confirmed she was not and could not be the PMK for HBM
20 on many, if not every, category of examination. Defendants cannot be permitted to
21 present a clearly unqualified PMK to skirt this Court's order permitting Diaz to take
22 HBM's PMK deposition. An extension of the discovery cut-off deadline is required to
23 allow Diaz time to move to compel the PMK deposition and take and complete said
24 deposition once compelled.

25      At the end of Ms. Ledesma's deposition on August 11, 2022, while still on the

26
27   [2] Defendants' objection was based on the timing of the deposition notices and
28 Defendants' availability and purported inability to adequately prepare for the
   deposition on July 8, 2022; At no time have Defendants served an objection to any of
   the categories of examination in the deposition notice.

---

1    record, Diaz's counsel specifically met and conferred with Defendants' counsel

2    pursuant to the FRCP and Local Rules. After explaining the above timeline of events

3    which resulted in a supreme waste of time, effort and money taking Ms. Ledesma's

4    deposition, Diaz's counsel requested that Defendants' counsel provide, by the close of

5    business on Friday, August 12, 2022, a date for the deposition of the actual PMK of

6    HBM (either Moses or Ralph Heredia) to take place before the August 19, 2022,

7    discovery cut-off. Diaz's counsel explained that if a date for the PMK deposition was

8    not received by the close of business on Friday, August 12, 2022, Diaz would move on

9    an *ex parte* basis to seek an extension of the current discovery cut-off, and would move

10   to compel such deposition and seek another award of sanctions against Defendants and

11   Defendants' counsel of record. Defendants' counsel responded that he would need time

12   to evaluate Diaz's request and would respond later. As of the date of this *ex parte*

13   application, Defendants have not responded and have failed to provide a date for the

14   deposition of HBM's PMK prior to August 19, 2022.

15        As set forth in Diaz's first *ex parte* application for a continuance of the discovery

16   cut-off deadline, there is authority directly on point from this Court supporting Diaz's

17   *ex parte* application. On November 17, 2021, in the case *Mansour v. Costco Wholesale*

18   *Corporation*, 2021 WL 6104822, this court was presented with a virtually identical *ex*

19   *parte* application, wherein Defendant Costco Wholesale Corporation ("Costco")

20   sought an order extending certain case calendar dates, including the discovery cut-off

21   deadline, among other requests for relief.  This Court found the matter appropriate for

22   resolution without a hearing. (*See* FRCP 78).  In granting Costco's *ex parte* application,

23   this Court found persuasive Costco's argument that an extension was required because

24   (1) *there are multiple depositions outstanding*; and (2) a continuance would allow the

25   parties to obtain clarity regarding the trajectory of the case. Costco noted that the

26   outcome of several pending motions would have a significant impact on the case. Here,

27   just as in *Mansour*, this Court should grant the present *ex parte* application to continue

28   the discovery cut-off deadline because the key deposition of HBM's PMK is still

outstanding and if the discovery cut-off is not continued Diaz will be precluded from taking and completing this deposition through no fault of his own. This Court ordered an extension of the discovery cut-off to allow Diaz to complete the deposition of HBM's PMK. Due to Defendants' delay and failure to present a qualified PMK, this deposition has not been completed. Diaz will also be precluded from preparing and filing a motion to compel the deposition and for sanctions in compliance with this Court's local rules if the discovery cut-off is not continued. There is good cause to grant the present *ex parte* application and the authority directly on point from this Court supports such a request, just as it supported Diaz's first request.

Diaz will be irreparably prejudiced if the discovery cut-off is not continued because he will be precluded from taking and completing the key deposition of the PMK of Heredia Boxing Management. This deposition was duly noticed by Diaz on June 28, 2022, well within the original and extended discovery cut-off periods. There is no reason other than Defendants failure to timely provide dates for this deposition and Defendants' presentation of a clearly unqualified PMK that this deposition cannot be completed prior to the current discovery cut-off.

Therefore, there is good cause for a reasonable continuance of the August 19, 2022 discovery cut-off deadline because, without an order, due to a crisis entirely created by Defendants, Diaz will be irreparably prejudiced in his ability to take this key deposition and prepare this case for trial.

## III.   CONCLUSION

For the reasons set forth above, Diaz respectfully requests that the Court grant this *ex parte* application for an order continuing the discovery cut-off deadline for the limited purpose of taking and completing the deposition of Heredia Boxing Management's PMK, to a date which provides Diaz enough time to prepare and file a motion to compel said deposition in compliance with this Court's local rules, or to a date preferred by the Court. Good cause exists for the requested continuance, and sufficient grounds exist to grant the relief on an *ex parte* basis because Diaz has

demonstrated he will be irreparably prejudiced through no fault of its own if this application is heard with regular notice.

*Respectfully submitted*,

Dated:  August 16, 2022          **VGC, LLP**


By:___/s/ *Andrew D. White*_____
          James L. Greeley
          Diyari Vázquez
          Andrew D. White
          Gina Simas
          Attorneys for Plaintiff,
          JOSEPH DIAZ, JR.

PLAINTIFF'S SECOND *EX PARTE* APPLICATION FOR ORDER CONTINUING THE DISCOVERY CUT-OFF DEADLINE

1

2

## **CERTIFICATE OF SERVICE**

3      I, Diyari Vázquez, hereby certify that on August 16, 2022, I electronically filed

4  the foregoing with the Clerk of the Court using the CM/ECF system, which will send

5  notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice

6  List, and I hereby certify that I have mailed the foregoing document to the non-

7  CM/ECF participants indicated on the Manual Notice List.

8

9  Dated: August 16, 2022          By:_____/s/*Diyari Vázquez*_____

10                                          Diyari Vázquez

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S SECOND *EX PARTE* APPLICATION FOR ORDER CONTINUING THE DISCOVERY CUT-OFF
DEADLINE