James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
  awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>**DECLARATION OF ANDREW D. WHITE IN SUPPORT OF PLAINTIFF'S SECOND *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE DISCOVERY CUT-OFF DEADLINE**<br><br>Discovery Cut-Off Date: August 19, 2022<br>Pre-Trial Conference Date: Nov. 18, 2022<br>Trial Date: December 5, 2022 |

I, Andrew D. White, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz"). I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto. I make this declaration in support of Plaintiff's second *ex parte* application for an order continuing the discovery cut-off deadline.

2. This *ex parte* Application is made following a conference of counsel at the conclusion of the Deposition of HBM's purported PMK Carmina Ledesma on August 11, 2022, pursuant to L.R. 7-3 and 7-19.1, and after a substantial email exchange between the parties pursuant to FRCP 30(b)(6), made in an effort to avoid the exact situation Defendants' counsel has created.

3. Based on Diaz's efforts summarized herein, in an effort to avoid having to burden the Court with this *ex parte* Application, Diaz asserts he has complied with Local Rules 7-3 and 7-19, and that it is Diaz's understanding Defendants will oppose the application.

4. Opposing counsel's contact information per L.R. 7-19 is as follows:
Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
Eric S. Montalvo (Pro Hac Vice)
emontalvo@fedpractice.com
**Federal Practice Group**
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905; (202) 862-4360

5. On June 28, 2022, I served a Notice of Deposition of Ralph Heredia and a Notice of Deposition of the PMK of HBM, to take place on July 7 and July 8, 2022, respectively. Defendants objected to the deposition notices and refused to produce the deponents prior to the then discovery cut-off deadline of July 8, 2022.

6. In an Order dated July 12, 2022 (the "Order"), the Court granted Diaz's Ex Parte Application to Extend the Discovery Cut-Off Deadline. [See Dkt. 131 & 132] The Court ordered that the July 8, 2022, discovery cut-off deadline (including the deadline for hearing discovery motions) was extended to August 19, 2022, solely for the purpose of permitting Diaz to complete the two depositions discussed in the Ex Parte Application and at issue here. The Court also withdrew the reference to Magistrate Judge Kato with regard to only new discovery disputes that arise in connection with the depositions that are the subject of the Order, and at issue here.

7. On July 12, 2022, the same date as the Order, my office sent correspondence to Defendants to advise that Diaz would like to schedule the two depositions per the Order, and provided availability on July 26-28, 2022, to schedule these depositions and requested that Defendants let my office know which days worked best. On July 13, 2022, Defendants responded by advising that Defendants' counsel had conflicts with the dates proposed by my office, and requested that we provide available dates in August 2022, so Defendants could coordinate scheduling the two depositions. My office responded the same day to advise Diaz was available on August 2-5 and 9-12, 2022, and asked Heredia to advise which of these dates would work. A true and correct copy of meet and confer correspondence between Diaz's counsel and Defendants' counsel is attached hereto as **Exhibit A**.

8. Having received no response from Defendants, on July 14, 2022, my office followed up again to ask Defendants to provide dates when the two deponents would be available for deposition. Diaz confirmed that he had provided availability in both July and August prior to the new discovery cut-off deadline. My office asked Defendants to provide availability for these two depositions so my office could re-issue the deposition notices. See **Exhibit A**.

9. On July 15, 2022, Defendants' counsel responded by thanking my office for our patience, and advised they are currently working with Defendants to "deconflict" their schedules so they could provide us with their availability in August for deposition. Defendants committed to give my office a "firm date" for these depositions on Monday, July 18, 2022. Neither I, nor anybody at my office, received any dates of availability from Defendants for the two depositions on July 18, 2022. See **Exhibit A**.

10. On July 19, 2022, Defendants sent correspondence to advise that the PMK for HBM tested positive for Covid 19. Defendants advised the witness will need time to "recuperate from the illness and also account for quarantine time." Defendants stated "As soon as we determine the exact date," Defendants would provide available dates for the depositions. Defendants did not provide any availability for the deposition of Ralph Heredia. See **Exhibit A**.

11. On July 19, 2022, the parties participated in a Mediation before Mediator Michael Young, Esq.

12. On July 21, 2022, I sent correspondence to Defendants to confirm that although we were still optimistic the parties resolved the matter at the mediation, we were still facing an upcoming discovery cut-off deadline and therefore needed to get the two depositions on calendar. I offered to conduct the depositions virtually to accommodate the witnesses. I again offered available dates for these depositions of August 2-5 and 9-12, 2022. **See Exhibit A.**

13. On July 21, 2022, having received no availability for either deponent, and still facing the August 19, 2022, discovery cut-off deadline, I served notices of these depositions to take place on August 11 and 12, 2022. Defendants responded on July 22, 2022, to advise the PMK for HBM, Ms. Carmina Ledesma, tested positive for Covid 19 and needed to quarantine for 10 days. Counsel offered the dates of August 1-

4 to take the deposition of the purported PMK of HBM but provided no dates for the deposition of Defendant Ralph Heredia. **See Exhibit A.**

14. On July 25, 2022, I responded to advise we were not available on the dates provided to take the PMK deposition. In the same correspondence I requested that Defendants' counsel confirm that Ms. Ledesma was the actual PMK for each of the specific categories of examination set forth in the notice of deposition. I specifically stated it was the intent of the request to avoid a situation where I spend the time, money and effort to prepare for the deposition, and schedule a court reporter, only to have Ms. Ledesma testify that she does not have the information required of the PMK for each category, or that somebody else at HBM is more knowledgeable. I requested the PMK confirmation and provided further availability to take the depositions. **See Exhibit A.**

15. On July 28, 2022, having received no response to my last email, I again followed up to advise I had received no response to my request for confirmation that Ms. Ledesma was the PMK for each category of examination, or confirming the availability of either the PMK or Ralph Heredia for deposition prior to the August 19, 2022 discovery cut-off. I advised that if no confirmation of Ms. Ledesma's PMK status was received, as well as dates certain for taking each deposition, I would be forced to move forward with a motion to compel the depositions and request sanctions. **See Exhibit A.**

16. Later, on July 28, 2022, Defendants' counsel responded to confirm Ralph Heredia and the PMK of HBM would be made available by remote deposition on August 10 and 11, 2022. Based on the available dates provided, on July 29, 2022, Diaz served amended deposition notices. **See Exhibit A.**

17. Having still received no confirmation from Defendants' counsel that Ms. Carmina Ledesma was the actual PMK for HBM as to each category of examination in the deposition notice, on August 9, 2022, in another effort to avoid unreasonable

expenditure of time, money and effort taking Ms. Ledesma's deposition if she was not the PMK, I followed up to ask that Defendants' counsel confirm her PMK status as to each and every category of examination. I asked that if Ms. Ledesma was not the PMK for certain categories, that Defendants' counsel advise who was and provide available dates before the August 19, 2022 discovery cut-off for a deposition. Attached hereto as **Exhibit B** is a true and correct copy of email correspondence between me and Defendants' counsel described above.

18. Having still received no confirmation of Ms. Ledesma's PMK status, I took the deposition of Ms. Carmina Ledesma who was presented as the PMK for HBM on August 11, 2022. At no time prior to the deposition of Ms. Ledesma did Defendants' counsel respond to confirm that she was the PMK for each and every category of examination in the deposition notice. During the deposition, Ms. Ledesma testified initially that she was the PMK for each category of examination. However, after further questioning regarding each category of examination, as well as regarding a declaration Ms. Ledesma signed under oath supporting another of Defendants' pleadings, it quickly became clear that Ms. Ledesma was not the PMK for many, if not all, of the PMK categories of examination.  For instance, although she signed a declaration under oath that she was an employee of HBM in February 2020, Ms. Ledesma testified that she was not and never has been an employee of HBM. Ms. Ledesma testified that she was aware when signing the declaration that she was signing it under oath and that the penalty of perjury applied. Ms. Ledesma testified she was aware she was signing a declaration containing false information under oath and under the penalty of perjury. Moreover, Ms. Ledesma's own testimony confirmed that either Moses or Ralph Heredia, the only two officers/directors of HBM and only two employees, are more knowledgeable than her on many if not all of the categories. Ms. Ledesma testified that the extent of her knowledge regarding HBM is based on the work she performs as a

favor for Moses Heredia doing data entry for 6 to 8 hours *per year*. Further, Ms. Ledesma's PMK testimony was based not on any independent knowledge gleaned through her status as an employee of HBM or on any preparation based on available information as required by FRCP 30(b)(6), but instead based on HBM's responses to written discovery served in this case prior to the deposition which Ms. Ledesma confirmed in testimony that she had no part in preparing and provided no information with which to prepare such responses, as well as a declaration of Ralph Heredia filed previously in this case. All of Ms. Ledesma's testimony confirmed that she had none of the requisite knowledge to qualify as the PMK of HBM for each and every category of examination and never should have been presented as such. By presenting her as HBM's PMK for each and every category, Defendants' counsel created the exact situation I sought to avoid when I first requested confirmation of Ms. Ledesma's PMK status on July 25, 2022.

19. At the end of Ms. Ledesma's deposition on August 11, 2022, while still on the record, I specifically met and conferred with Defendants' counsel pursuant to the FRCP and Local Rules. After explaining the above timeline of events which resulted in a supreme waste of time, effort and money, I requested that Defendants' counsel provide, by the close of business on Friday, August 12, 2022, a date for the deposition of the actual PMK of HBM (either Moses or Ralph Heredia) to take place before the August 19, 2022, discovery cut-off. I explained that if a date for the PMK deposition was not received by the close of business on Friday, August 12, 2022, I would move on an *ex parte* basis to seek an extension of the current discovery cut-off, and would move to compel such deposition and seek another award of sanctions against Defendants and Defendants' counsel or record. Defendants' counsel responded that he would need time to evaluate Diaz's request and would respond later. As of the

date of this *ex parte* application, Defendants have not responded and have failed to provide a date for the deposition of HBM's PMK prior to August 19, 2022.

20. On behalf of Diaz, I have been forced to file the present application to seek relief on an *ex parte* basis so that I can prepare and file the requisite motion to compel said deposition and seek all available sanctions prior to the discovery cut-off. Without such *ex parte* relief, Diaz will be irreparably prejudiced through no fault of his own.

21. On August 15, 2022, I ordered a copy of the rough transcript of the deposition of HBM's PMK taken on August 11, 2022. As of the date of this application, I have not yet received a copy of the rough transcript. If I were in possession of the rough transcript, I would include citations to the specific deposition testimony of HBM's PMK as referenced in the *Ex Parte* Application, and in my declaration above and attached such testimony as an exhibit hereto.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 16, 2022 in Napa, California.

　　　　　　　　　　　　　　　　*/s/ Andrew D. White*　　　　　
　　　　　　　　　　　　　　　　ANDREW D. WHITE

# CERTIFICATE OF SERVICE

I, Diyari Vázquez, hereby certify that on August 16, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: August 16, 2022            By: */s/ Diyari Vázquez*
                                       Diyari Vázquez