1  Rajan O. Dhungana (SBN: 297794)
   rdhungana@fedpractice.com
2  Eric S. Montalvo (*Pro Hac Vice*)
   emontalvo@fedpractice.com
3  **FEDERAL PRACTICE GROUP**
4  14481 Aspen Street
   Hesperia, CA 92344
5  Telephone: (310) 795-6905
6  *Attorneys for Defendant,*
   HEREDIA BOXING MANAGEMENT
7

8

9          **UNITED STATES DISTRICT COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

11  JOSEPH DIAZ, JR.,                      CASE NO. 5:20-cv-02332-JWH-KK

12          Plaintiff,                     **DEFENDANT HEREDIA BOXING MANAGEMENT'S OPPOSITION TO PLAINTIFF DIAZ' SECOND EX PARTE APPLICATION FOR AN ORDER CONTINUING THE DISCOVERY CUT-OFF DEADLINE**

13       v.

14  RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,

15

16          Defendants.                    **[OPPOSED]**

17                                         Discovery Cut-Off Date: August 19, 2022
                                           Pre-Trial Conference Date: November 18, 2022
18                                         Trial Date: December 5, 2022

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1
II. LEGAL STANDARD............................................................................................1
III. ARGUMENT .......................................................................................................2
  A. Diaz' Crisis Is Solely of His Own Making. ......................................................3
    i. Diaz' complaints about HBM not responding to emails quickly enough does not demonstrate irreparable injury. ...........................................................3
    ii. Diaz did not meet and confer in connection with the Fed. R. Civ. P. 30(b)(6) notice; his lack of diligence is the reason for his complaints. ...............................4
    iii. HBM's witness was properly designated and prepared, even though Diaz refused to confer over the scope of the Rule 30(b)(6) notice. ...............................6
    iv. Diaz attempted to manufacture a dispute by asking HBM's witness irrelevant and offensive questions beyond the scope of the Rule 30(b)(6) notice, including using a picture of an apparently nude Diaz' as a deposition exhibit....8
    v. Diaz will not suffer irreparable harm or prejudice.........................................10
    vi. Diaz' counsel should be held in contempt for violating this Court's July 12, 2022 Order. ........................................................................................................11
IV. CONCLUSION ..................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Compass Bank v. Petersen*, 886 F. Supp. 2d. 1186, 1199 (C.D.Ca. 2012) .............. 13

*Mansour v. Costco Wholesale Corporation*, 2021 WL 6104822 (Nov. 17, 2021 C.D.Ca) ........................................................................................................... 5

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 489 (C.D. Cal. 1995) ............................................................................................................................ 3

*PPM Fin., Inc. v. Norandal USA, Inc.*, 392 F.3d 889, 894–95 (7th Cir.2004) ........... 9

*QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688–89 (S.D. Fla. 2012) ............................................................................................................................ 9

*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006) ..................................................................................................................... 9

*United States v. HVI Cat Canyon, Inc.*, Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at ¶8 (C.D. Cal. Oct. 26, 2016) ............................................................ 9

**Rules**

Fed. R. Civ. P. 30 ........................................................................................................ 7

Fed. R. Civ. P. 30(b)(6) ..................................................................................... 6, 8, 9

Defendant Heredia Boxing Management ("HBM"), by and through undersigned counsel, hereby timely files his opposition to plaintiff Joseph Diaz, Jr.'s Second *[sic]* Ex Parte Application For An Order Continuing The Discovery Cut-Off Deadline [ECF 139] ("Application"), and in support thereof, respectfully states as follows. HBM also submits its proposed order.

## I.     INTRODUCTION

Diaz fails to justify the extraordinary relief he seeks. Diaz' current situation is the result of his own inability to follow the rules and his ill-advised strategy to come to the deposition not to get answers, but to manufacture a dispute for which he now seeks sanctions.

Diaz failed to follow Federal Rule of Civil Procedure 30(b)(6) and with premeditation, manufactured this dispute so that he could seek sanctions from HBM. Diaz' counsel has admitted that sanctions on defendants herein is their current litigation finance strategy, apparently because Diaz is not paying them. Setting aside the obvious ethical problems this poses for VGC, their "legal fees through sanctions" motive is the reason this Application is before the Court, not because HBM improperly designated their witness.

Now Diaz wants to vault ahead of other deserving litigants and seeks the Court's imprimatur of his misconduct through the relief sought in his Application. Such abuse of ex parte applications "is detrimental to the administration of justice." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F.Supp. 488, 489 (C.D. Cal. 1995).

As set forth more fully below, Diaz' Application is unsupportable. The Court should deny it, award HBM its attorneys' fees and costs in opposing this Application, and sanction Diaz' counsel for violating this Court's July 12, 2022 Order.

## II.    LEGAL STANDARD

"[F]iling an ex parte motion … is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995). There is no fire here,

and any "emergency" is entirely of Diaz' own making.

To justify ex parte relief, the moving party must show that their "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motions procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as the result of excusable neglect." <u>Id.</u> at 492. The factors are conjunctive, not disjunctive.

"To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying motion, because if it is meritless, failure to hear it cannot be prejudicial. A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success." <u>Id</u>. Here, Diaz has not submitted an accompanying motion, so there is no motion to which HBM or the Court can refer.

"To show that the moving party is without fault, or guilty of only excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of crisis – the necessity for bypassing regular motion procedures – that requires explanation." <u>Id</u>.

The <u>Mission Power</u> test is codified in Local Rule 37-3, which prohibits, subject to the Court's discretion, any discovery motions to "be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice <u>not attributable to the lack of diligence of the moving party</u>." L.R. 37-3 (emphasis added).

### III. ARGUMENT

Diaz' Application is procedurally defective in that he has not lodged a separate proposed order to amend the scheduling order, which is the relief he seeks. Instead, he has attached only a single proposed order granting his Application [ECF 139-4]. Accordingly, his Application should be denied on this ground alone.

Beyond that, Diaz' Application should be denied because he cannot show irreparable injury, and his perceived need for ex parte relief is completely attributable to his own lack of diligence.

Moreover, Diaz' reliance on Mansour v. Costco Wholesale Corporation, 2021 WL 6104822 (Nov. 17, 2021 C.D.Ca) is misplaced. In that matter, there were several depositions still outstanding. Id. at *2. Contrast that procedural posture with the procedural posture in this matter: there are no depositions outstanding. Diaz had the full seven hours to take both Ralph Heredia's and HBM's noticed depositions. Even more, in Mansour, the parties agreed to extend certain deadlines, including the deadlines to take the outstanding depositions, and as a result the Court granted the motion. Id. at 2. Contrast that with this matter: HBM opposes Diaz' request to have a second bite at the HBM deposition apple. In short, Mansour cuts against Diaz' arguments and it provides no basis for his requested relief.

**A. Diaz' Crisis Is Solely of His Own Making.**

Diaz' latest crisis is wholly self-made and the Court should deny his Application.

    **i.    Diaz' complaints about HBM not responding to emails quickly enough does not demonstrate irreparable injury.**

Diaz complains that counsel for HBM did not respond to Diaz' emails quickly enough regarding the scheduling of discovery, despite the parties preparing for and attending an important, court-ordered mediation in this case during that timeframe. HBM's counsel kept Diaz' counsel reasonably informed, and promptly notified counsel for Diaz when HBM's witness was diagnosed with COVID.

This is also an opportune time to note that Diaz' counsel has a history of sending emails that are either redundant or to which they cannot reasonably expect a response, then arguing that undersigned counsel's lack of response to each and every email is somehow damning. Not every email deserves a response, particularly when they are patently a setup for the very kind of dispute currently before the Court.

Ultimately, Diaz proposed deposing Ralph Heredia on August 10, 2022, and HBM's Rule 30(b)(6) witness on August 11. That is precisely what happened. Diaz' attempt to smear HBM's counsel based on emails back and forth concerning scheduling is unwarranted, especially when the depositions *actually occurred as*

*scheduled by Diaz*. Diaz was not harmed by the timing of HBM's responses to scheduling emails – certainly he does not demonstrate irreparable injury – and nothing in connection with the scheduling of the depositions is grounds to grant Diaz the relief he seeks.

        ii.    **Diaz did not meet and confer in connection with the Fed. R. Civ. P. 30(b)(6) notice; his lack of diligence is the reason for his complaints.**

In scheduling the Rule 30(b)(6) deposition of HBM's witness, the parties were required to must confer in good faith about the matters for examination, either before or promptly after t

he deposition notice is served. Fed. R. Civ. P. 30(b)(6). Diaz served the 30(b)(6) notice on July 21, 2022. See Dhungana Decl. at ¶ 4.

Diaz' claim that HBM did not object to the deposition notice is simply incorrect. Because Diaz did not initiate the required Rule 30(b)(6) conference regarding the scope of the matters for examination, HBM counsel Rajan O. Dhungana emailed Diaz' counsel on August 9, 2022 and advised that HBM intended to maintain, during the deposition, its objections set forth in its supplemental document production. HBM further advised Diaz that "Rule 30(b)(6) requires that "the serving party and the organization … confer in good faith about the matters for examination. The rule does not specify which party must initiate the conference, and in the absence of Diaz having done so, this email also serves that purpose." See Dhungana Decl. at ¶ 5.

Further, while Rule 30(b)(6) does not specify which party is to initiate the conference, the Advisory Committee Notes to Rule 30(b)(6) suggest that the party serving the notice should initiate it.

> "The amended rule directs that the parties confer either before or promptly after the notice or subpoena is served. If they begin to confer before service, the discussion may be more productive if the serving party provides a draft of the proposed list of matters for examination, which

may then be refined as the parties confer. The process of conferring may be iterative."

Fed. R. Civ. P. 30 Advisory Committee's Note to 2020 Amendment.

The language of the rule, and the Advisory Committee's comment, provides that the conference may take place prior to issuance of the 30(b)(6) notice. This suggests that it is preferred that the noticing party, Diaz, initiate the meet and confer, as he decides whether such a deposition should be taken at all. Diaz failed to confer prior to or after serving the HBM deposition notice about the deposition date or topics.

Regardless, even if Diaz, as the noticing party, was not required to *initiate* the conference process, when HBM's counsel did so explicitly under Rule 30(b)(6), Diaz' counsel chose not to engage in HBM's good faith conference. Instead, they interposed questions to which they already had answers. In light of Diaz' counsel's conduct during HBM's deposition, Diaz' counsel's failure to confer in good faith was part of their dispute manufacturing process. Their reply failed to address the substance of HBM's concerns but merely complained about the timing of the email and demanded to know something to which they already had the answer – namely, who HBM would designate as their witness. (ECF 139-3) This is part of an ongoing campaign, to which VGC has admitted, of using sanctions to finance Diaz' litigation. Specifically, Diaz' counsel admitted during the court-ordered mediation that the only way Diaz' counsel's law firm is paying their legal fees is through sanctions because Diaz had no money, despite having recently had a reported $1,800,000 payday from a bout. See Montalvo Decl. at ¶ 6.

The fact that this dispute is manufactured and not presented in good faith is also supported by the actions of Diaz' counsel during the HBM deposition. Near the end of the HBM deposition, Diaz' counsel threatened HBM's counsel on the record that if HBM did not agree to extend discovery, Diaz would move for sanctions again and "get more on top of the 25k already awarded." See Montalvo Decl. at ¶ 7. Even more, Diaz' counsel came to HBM's deposition with the ex parte application *already prepared*,

parts or all of which he *read into the record*. See Montalvo Decl. at ¶ 7.

Those are not the actions of someone noticing and taking a deposition in good faith. They are the actions of someone using the deposition of an opposing party as a mere pretext from which to manufacture a dispute in an attempt to seek sanctions to finance their non-paying client's ill-advised litigation. Diaz' entire undertaking is an egregious abuse of process.

Diaz' Application should be denied as a result.

### iii. HBM's witness was properly designated and prepared, even though Diaz refused to confer over the scope of the Rule 30(b)(6) notice.

Diaz' favored term, "Person Most Knowledgeable" ("PMK") is a contrived standard not recognized at law, and a noticed party may designate any witness(es) capable of testifying to the designated topics. Put shortly, there is no requirement for corporate designees under Rule 30(b)(6) to be the "person most knowledgeable" of answering questions. As long as the witness is capable of testifying to all information, they are sufficient.

Federal Rule of Civil Procedure 30(b)(6) permits the noticed organization to designate a witness to be deposed on behalf of the company. The notice must describe with reasonable particularity the matters for examination. See Fed. R. Civ. P. 30(b)(6). Diaz' Rule 30(b)(6) notice to HBM identified seventeen broadly-described areas for examination. HBM's witness was prepared to testify to each of the topics in the Rule 30(b)(6) notice.

Diaz cites no authority for his proposition that a party's witness must be the person with the absolute most knowledge about the noticed topics. The "person most knowledgeable" moniker is a fabricated term that misleadingly suggests a standard unsupported by the rules or law. Rule 30(b)(6) does not require the corporate witness to be the "person most knowledgeable" of the deposition topics. As long as the witness is capable of testifying to all information in the Rule 30(b)(6) notice, he or she is

1 sufficient.

2     "The rule does not expressly or implicitly require the corporation or entity to produce the "person most knowledgeable" for the corporate deposition. Nevertheless, many lawyers issue notices and subpoenas which purport to require the producing party to provide "the most knowledgeable" witness. Not only does the rule not provide for this type of discovery demand, but the request is also fundamentally inconsistent with the purpose and dynamics of the rule. As noted, the witness/designee need not have any personal knowledge, so the "most knowledgeable" designation is illogical. PPM Fin., Inc. v. Norandal USA, Inc., 392 F.3d 889, 894–95 (7th Cir.2004) (rejecting argument that trial court should not have credited the testimony of a witness who lacked personal knowledge because the witness was a 30(b)(6) witness and "was free to testify to matters outside his personal knowledge as long as they were within the corporate rubric").

QBE Ins. Corp. v. Jorda Enterprises, Inc., 277 F.R.D. 676, 688–89 (S.D. Fla. 2012).

Because of the burden and responsibilities imposed on the corporation, the deposing party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "It is simply impractical to expect a Rule 30(b)(6) witness to know the intimate details of everything." United States v. HVI Cat Canyon, Inc., Case No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at ¶8 (C.D. Cal. Oct. 26, 2016). "Thus, to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc., 236 F.R.D. 524, 528 (D. Kan. 2006).

HBM's witness spent many hours being prepared for the deposition and ensuring that she had the requisite knowledge about each of the noticed subject areas for deposition. She had all required documents with her. She adopted all of HBM's

discovery responses, on the record at the deposition, to bind HBM to those responses. She was prepared to be deposed on each of the subject areas in the Rule 30(b)(6) notice, and to bind HBM with her testimony. HBM was diligent in preparing for the deposition. See Montalvo Decl. at ¶ 10.

         **iv.    Diaz attempted to manufacture a dispute by asking HBM's witness irrelevant and offensive questions beyond the scope of the Rule 30(b)(6) notice, including using a picture of an apparently nude Diaz' as a deposition exhibit**

Instead of using his allotted time to depose HBM's witness about the Rule 30(b)(6) topics, Diaz' counsel attempted to convert the deposition to a fishing expedition, exploring matters well outside the scope of the notice. He now complains that HBM's witness was not prepared to testify to these out-of-scope questions.

Considering how far afield from the Rule 30(b)(6) notice Diaz' counsel went in his questioning, it is not a surprise that there were areas that HBM's witness could not answer. For example, Diaz' counsel showed HBM's witness three documents that were not Bates-stamped, identified as exhibit 8, 9, and 12, and said that they had not been produced in discovery. See Montalvo Decl. at ¶ 7. HBM determined after the deposition that, contrary to the on-the-record representation of Diaz' counsel, Diaz had actually produced exhibits 8 and 9 in discovery. See Montalvo Decl. at ¶ 7.

Diaz' counsel picked documents seemingly at random from HBM's over 1300-page discovery production, and several of those documents or subject areas were not described with reasonable particularity in the Rule 30(b)(6) notice. For example, over objections by HBM's counsel, Diaz' counsel asked HBM's witness about several checks written to Diaz by Ralph Heredia, some in his personal capacity, and some on behalf of HBM. See Montalvo Decl. at ¶ 9. Many of the questions asked about Ralph Heredia's state of mind when he wrote the check in question. These questions were outside the scope of the deposition topics, and HBM's witness could not reasonably be expected to know the internal workings of Ralph Heredia's mind when he wrote the

checks. To be clear, in many of these cases, the checks were annotated with the purposed for which they were written. Diaz' counsel wanted to know what Ralph was thinking when he wrote them, some of which were written in 2016 or 2017. It is doubtful that even Ralph would know what was in his mind at the time, but particularly since none of the deposition topics identified the check writer's internal thoughts as a topic to be explored, HBM's witness truthfully testified that she didn't know the answer to Diaz' counsel's question.

One would expect that the best person to ask about a check would be the person who wrote it. That person, Ralph Heredia, was deposed by the same Diaz' counsel for seven hours the day prior. See Montalvo Decl. at ¶ 9. Yet Diaz' counsel never asked Ralph Heredia about the checks. He waited to try for a "gotcha" moment, asking HBM's witness about checks signed by Ralph Heredia – for example, "why did Mr. Heredia write a check for shorts" in 2016 – to which she truthfully answered, "I don't know." See Montalvo Decl. at ¶ 9. If Diaz' counsel truly wanted to know about those checks, he would have asked Ralph Heredia during his deposition the previous day or included it in the 30(b)(6) notice.

Most abhorrent, however, was when Diaz' counsel showed HBM's PMK, a demure and modest woman, a redacted picture of Diaz in the nude. See Montalvo Decl. at ¶ 12. It was exhibit 12 from Mr. Heredia's deposition. This exhibit was not previously provided by any party in discovery, nor was "nude pictures of the plaintiff" listed as a Rule 30(b)(6) topic. It was completely irrelevant, highly offensive, and provided solely for the purpose of harassment in both Mr. Heredia's deposition and HBM's Rule 30(b)(6) deposition. See Montalvo Decl. at ¶ 8.

Diaz' counsel's use of a photograph of his client's nudity goes beyond all bounds of human decency, much less relevance. After HBM's counsel objected and directed the witness not to respond, Diaz' counsel continued to press questions about this image. See Montalvo Decl. at ¶ 8. During the deposition of HBM's witness, HBM's counsel told Diaz' counsel that this was disgusting and uncalled for. Diaz' counsel's sole

response was that it wasn't disgusting, and that discovery was broad. See Montalvo Decl. at ¶ 8.

That picture, upon information and belief, was sent by Diaz to an underage girl, and is the subject of an unrelated federal lawsuit where that recipient, no longer underage, is suing Diaz for sending it to her. So sensitive is that case that the unredacted picture is filed under seal and the plaintiff received permission from the court to use a pseudonym. HBM is not a party to that lawsuit. HBM's witness, in her professional or personal capacity, is not a party to that lawsuit. It has *nothing* to do with the allegations Diaz made against HBM. See Montalvo Decl. at ¶ 8.

Had Diaz' counsel been diligent in conferring over the scope of the Rule 30(b)(6) examination, and had Diaz counsel then stuck to that scope, Diaz would not have been able to attempt to manufacture a dispute in an attempt to be awarded sanctions to continue to fund his litigation against HBM and Ralph Heredia. The Court should see through Diaz' transparent attempt to do, deny his Application, and award HBM sanctions for Diaz' abuse of the ex parte process.

   **v.**  **Diaz will not suffer irreparable harm or prejudice.**

Diaz' claim that he will be irreparably prejudiced if he does not get a second bite at HBM to cure the mistakes he made during his first two party depositions in this matter is unavailing.

HBM has already produced all documents in its possession, custody, and control. Those documents speak for themselves. HBM's witness will not be adding new information to Diaz' knowledge base, especially considering that this matter was the subject of an arbitration over one year ago, with the same counsel, where the parties engaged in comprehensive discovery. To the extent there are matters Diaz does not fully understand, he should have asked about them in the deposition instead of bombarding HBM's witness with irrelevant and offensive questions. Moreover, though, Diaz will have the opportunity to examine HBM's witness at trial, where any residual questions will be answered, as they were at the deposition, under oath. There

is no irreparable injury or prejudice to denying Diaz' Application.

### vi. Diaz' counsel should be held in contempt for violating this Court's July 12, 2022 Order.

Finally, Diaz failed to comply with this Court's July 12, 2022 Order extending discovery for the limited purpose of deposing Heredia and HBM. In that Order, the Court directed,

> Counsel for both parties are DIRECTED to meet and confer thoroughly regarding any discovery dispute, in accordance with Rule 37 of the Federal Rules of Civil Procedure. If that conference of counsel does not result in a resolution of the parties' dispute, then counsel may jointly contact the Courtroom Deputy for further instructions.

[ECF 131 2:10-14].

The entire purpose of the Court's July 12, 2022 Order was to accommodate the two depositions for which Diaz now seeks ex parte relief. Counsel for HBM is unaware of any authority that permits a party to disregard a Court Order. Diaz' counsel did not attempt to meet and confer pursuant to Fed. R. Civ. P. 37, and he did not invite counsel for HBM to join him on a call to the Courtroom Deputy for further instructions. Instead, Diaz' counsel filed his Application, which he had already written at least a week prior and brought to HBM's Rule 30(b)(6) deposition. In addition to HBM's request for sanctions, HBM requests that the Court hold Diaz' counsel in contempt for such a blatant violation of the Court's Order.

## IV. CONCLUSION

Among the most fundamental principles in the law is that "no one can take advantage of his own wrong." See, e.g., Compass Bank v. Petersen, 886 F. Supp. 2d. 1186, 1199 (C.D.Ca. 2012). Yet that is precisely what Diaz is attempting to do. The Court should not reward Diaz' counsel's tactics, and HBM respectfully urges the Court to deny Diaz' Application, sanction Diaz and his counsel for their abuse of the ex parte process, and hold Diaz' counsel in contempt for violation of this Court's July 12, 2022

Order.

Dated: August 17, 2022                    Respectfully submitted,

                                                /s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

                                                /s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

*Attorneys for Defendant*

Heredia Boxing Management

# CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2022 at 11:45 a.m., I filed the foregoing Defendant Heredia Boxing Management's Opposition to Plaintiff Diaz' Second Application For An Order Continuing The Discovery Cut-Off Deadline with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
  gsimas@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff*
Joseph Diaz, Jr.

Dated: August 17, 2022

Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

*Attorney for Defendant*
Ralph Heredia