1 | Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
2 | Eric S. Montalvo (*Pro Hac Vice*)
emontalvo@fedpractice.com
3 | **FEDERAL PRACTICE GROUP**
4 | 14481 Aspen Street
5 | Hesperia, CA 92344
Telephone: (310) 795-6905
6 | *Attorneys for Defendant,*
7 | HEREDIA BOXING MANAGEMENT

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | CASE NO. 5:20-cv-02332-JWH-KK |
| Plaintiff, | **DEFENDANT HEREDIA BOXING MANAGEMENT'S OPPOSITION TO PLAINTIFF DIAZ' SECOND *EX PARTE* APPLICATION FOR AN ORDER CONTINUING THE DISCOVERY CUT-OFF DEADLINE** |
| v. | |
| RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | [OPPOSED] |
| | **EXHIBIT B**<br>**DECLARATION OF ERIC S. MONTALVO** |
| | Discovery Cut-Off Date: August 19, 2022<br>Pre-Trial Conference Date: November 18, 2022<br>Trial Date: December 5, 2022 |

# EXHIBIT B
# DECLARATION OF ERIC S. MONTALVO

I, Eric S. Montalvo, declare as follows:

1. I am a founding partner in the Federal Practice Group law firm.

2. I am admitted *pro hac vice* to this Court and in that capacity am counsel in this case. I have personal knowledge of the facts stated herein, and, if called upon to do so, could and would testify truthfully and competently with respect thereto.

3. On or about August 10-11, 2022 counsel for Diaz took the deposition of Mr. Ralph Heredia for approximately seven hours and Ms. Ledesma for several hours.

4. Counsel for Diaz deliberately and intentionally attempted to create a record which would provide a basis for the instant motion. This is a tactic now familiar to the undersigned and recently acknowledged by the Magistrate.

5. Counsel's outrageous questions, conduct, and statements on the record make clear that this motion is completely without merit.

6. **Threat to Counsel** - On or about July 19, 2022 during the mediation presided over by Mediator Michael D. Young, VCG counsel demanded that any settlement made would allow any pending sanctions motions to be resolved by the Court because that was "how they were paying for their legal fees," representing that their client had no more money to pay for their representation despite his recent $1,800,000 million dollar purse. Undersigned immediately rejected this demand as unethical, a conflict of interest with their own client, and contrary to the disposition of the matter. At the end of Ms. Ledesma's deposition Mr. White, Diaz's counsel threatened undersigned counsel on the record stating that if I didn't agree to extend discovery that they would move for sanctions again and "get more on top of the 25k already awarded." Undersigned counsel responded by informing

counsel that I was fully aware of their "business model" and would not be intimidated by this tactic.

7. **Discovery Not Previously Produced** – During the 30(b)(6) deposition of HBM's designee, Ms. Ledesma, presented exhibits 8 and 9 which contained no bates numbers. When asked if those documents had been produced in discovery Mr. White indicated that they had not. These documents were not raised in the 30(b)(6) notice.

8. Counsel then produced the likeness of a photo filed under seal in an unrelated case Case 2:22−cv−02344−MEMF−GJS Jane Doe v. Joseph Diaz Jr., which depicts Mr. Diaz showing his penis which he has sent to underaged girls. This is exhibit 12 from Mr. Heredia's deposition. This exhibit was not previously provided in discovery, listed in the notice, completely irrelevant, highly offensive, and provided solely for the purpose of harassment in both Mr. Heredia's deposition and HBM's 30(b)(6). After objecting and directing the witness not to respond Mr. White continued to press. During Ms. Ledesma's deposition undersigned counsel told Mr. White that this was disgusting and uncalled for. Mr. White's sole response was that it wasn't disgusting, and that discovery was broad.

9. **Manufacturing a "PMK Crisis"** - Counsel for Diaz conducted HBM's 30(b)(6) deposition for the sole purpose of creating a contrived bases to extend discovery. Counsel created a definition of his term "Person Most Knowledgeable" ("PMK") in that the person required personal knowledge of all exhibits and subjects. Over numerous objections counsel would select random documents from the over 1300 page production by the Defendant's (noting that Plaintiff has provided virtually no discovery in support of his allegations and worse they prove the contrary). Several of the documents were checks written to Mr. Diaz by Mr. Heredia both in his personal capacity and on behalf of HBM that had been written over the past several years to

cover Diaz's personal bills due to his own financial mismanagement and in support of boxing supplies and training. These specific documents were neither detailed on in the 30(b)(6) notice, nor bates numbers identified in advance, nor specific questions desired to be answered. Counsel asked the witness questions for the sole purpose of eliciting an "I don't know" answer. Referring to the checks that Mr. Heredia had written counsel interposed questions like "why did Mr. Heredia write a check for shorts" in 2016. Noteworthy is that none of these questions had been directed to Mr. Heredia during the previous day's seven hours – both points noted on the record by the undersigned. Counsel repeatedly attempted to commit the witness to answers that had a legal conclusion. The attempt to formal conduct a meet and confer for the purpose of filing while the deposition was still ongoing was not appropriate and another attempt at hostage taking tactics and manufactured conflict that has enshrouded this abuse of process. Indeed – the facts make clear without question that it is Mr. Diaz who has stolen, and it is Mr. Diaz who owes the Heredia's and apology and repayment.

10. Counsel had already drafted an *ex parte* motion which he read in part into the record.

11. Counsel was confronted with the fact that its Firm was persisting in claims it knew to be false, such as the infamous "tickets" given that the receipts were provided for these tickets, during the arbitration, and again in discovery and its refusal to voluntarily dismiss claims for what they have known for over a year to be false. Counsel's response was that they were not there to be questioned. Why they were not a deponent the attorneys present could have certainly worked through the record as it is to narrow the issues moving forward. All attempts to do this both on and off the record were rejected by counsel for Diaz.

12. Diaz' counsel has not attempted to schedule a call with undersigned counsel with the Courtroom Deputy, as directed by the Court's July 12, 2022 Order.

*I declare under penalty of perjury that the foregoing is true and correct.*

Executed on August 17, 2022

/s/ Eric S. Montalvo
Eric S. Montalvo