1  James L. Greeley (SBN 218975)
2     jgreeley@vgcllp.com
   Diyari Vázquez (SBN 222461)
3     dvazquez@vgcllp.com
4  Andrew D. White (SBN 222628)
      awhite@vgcllp.com
5  **VGC, LLP**
6  1515 7th Street, No. 106
   Santa Monica, California 90401
7  Telephone: (424) 272-9885
8  *Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

9

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

12  JOSEPH DIAZ, JR.,                    CASE NO. 5:20-cv-02332-JWH-KK

13             Plaintiff,                **NOTICE OF MOTION AND MOTION
                                         TO STRIKE PORTIONS OF
14         v.                            DEFENDANTS' COUNTERCLAIMS
                                         PURSUANT TO FRCP RULE 12(f)**
15  RALPH HEREDIA, true name
    RAFAEL HEREDIA TARANGO,
16  a/k/a RAFAEL HEREDIA, a/k/a          [Submitted concurrently herewith:
    RAFAEL BUSTAMANTE; JOHN              [Proposed] Order; Declaration of Andrew
17  DOE, ESQ.; and JANE DOES 1           D. White]
    through 20, inclusive,
18                                       Date:        December 16, 2022
               Defendants.
19                                       Time:        9:00 a.m.
                                         Courtroom:   9D
20                                       Judge:       Hon. John W. Holcomb
21
                                         Discovery Cut-Off Date: August 19, 2022
22                                       Pre-Trial Conference Date: Nov. 18, 2022
23                                       Trial Date: December 5, 2022
24
25
26
27
28

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 16, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in courtroom 9D before the Honorable John W. Holcomb, located at 411 W. 4th Street, Santa Ana, California 92701-4516, Plaintiff Joseph Diaz, Jr. shall, and hereby does, move pursuant to Federal Rules of Civil Procedure ("Rule") 12(f) striking selected allegations contained in Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management's ("HBM") (collectively "Defendants") Counterclaims (Dkts. 145 & 146) that are "immaterial, impertinent, [and] scandalous matter."

Specifically, Plaintiff requests that the Court strike the following allegations from the Counterclaims, as further specified in Exhibits E and F to this Motion [See Declaration of Andrew D. White (White Decl.), ¶¶15 & 16]:

**HBM's Counterclaim (Dkt 145) as detailed in Exhibit E:**

- Counterclaim ¶ 137, pages 32:12-33:8
- Counterclaim ¶¶ 143-146, pages 34:18-43:27
- Text messages that appear on pages 36-38
- Email messages that appear on pages 40-43
- Counterclaim ¶ 150, page 45:4-9
- Counterclaim ¶¶ 153-158, page 46:13-49:9
- Images that appear on pages 47-48
- Counterclaim ¶ 166, pages 53:3-54:27
- Counterclaim ¶¶ 168-169, pages 55:21-62:9
- All text messages and emails that appear on pages 56-61
- Counterclaim ¶¶ 174-179, pages 65:12-68:20
- Text messages that appear on page 68
- Counterclaim ¶¶ 180-182, pages 68:21-69:28

///

- Counterclaim ¶ 185, pages 71:24-72:14
- Counterclaim ¶¶ 189-190, page 76:5-21

**Heredia's Counterclaim (Dkt 146) as detailed in Exhibit F:**

- Counterclaim ¶ 137, pages 25:2-26:21
- Counterclaim ¶¶ 143-146, pages 28:2-36:27
- Text messages that appear on pages 29-30
- Email messages that appear on pages 33-36
- Counterclaim ¶ 150, page 38:3-10
- Counterclaim ¶¶ 153-158, pages 39:13-42:9
- Images that appear on pages 40-41
- Counterclaim ¶ 166, pages 46:5-48:1
- Counterclaim ¶¶ 168-169, pages 48:23-55:10
- All text messages and emails that appear on pages 49-54
- Counterclaim ¶¶ 174-179, pages 58:15-61:20
- Text messages that appear on page 61
- Counterclaim ¶¶ 180-182, pages 61:21-62:28
- Counterclaim ¶ 185, pages 64:24-65:14
- Counterclaim ¶¶ 189-190, pages 69:5-21

This motion is made following significant but unsuccessful efforts by Plaintiff to meet and confer with Defendants' counsel pursuant to Local Rule ("LR") 7-3 due to Defendants refusal to engage in meet and confer discussions. As detailed in the Declaration of Andrew D. White, Plaintiff made significant efforts to hold a meet and confer conference with Defendants in an effort to reach a resolution of the issues raised by this motion. Although Plaintiff complied with LR 7-3, Defendants refused to engage in meet and confer discussions requiring the filing of this motion.

This motion is based upon this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the Declaration of Andrew D. White, the

1   [Proposed] Order, the pleadings, records and papers filed in this action, and such other

2   and further evidence as may be presented at or before the hearing on this motion.

3

4   Dated:  October 28, 2022          **VGC, LLP**

5                                                        By:___/s/ Andrew D. White_____

6                                                        James L. Greeley
7                                                        Diyari Vázquez
                                                         Andrew D. White
8                                                        Gina Simas
9                                                        Attorneys for Plaintiff
                                                         JOSEPH DIAZ, JR.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO STRIKE

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management ("HBM") (collectively, "Defendants") filed Counterclaims against Plaintiff which are rife with immaterial, impertinent, scandalous, unsubstantiated, defamatory and salacious claims clearly filed with the intention to promote public scandal, circulate defamatory statements about Plaintiff and his counsel and publicize Diaz's private and confidential information. [See Dkts. 145 & 146] In the Counterclaims, which include claims for abuse of process, attempted extortion, defamation, breach of contract, accounting and fraudulent inducement, Defendants include irrelevant allegations regarding Plaintiff's weight, his purported "demons," his private and confidential financial information, his purported legal troubles and gambling habits, and allegations that pertain to a non-party to this action. These allegations add nothing to the purported counterclaims raised by the Defendants. As such, in the event the Court does not dismiss the Counterclaims in their entirety and/or strikes the Counterclaims pursuant to the anti-SLAPP statute, Plaintiff respectfully requests that the Court strike these immaterial, impertinent and scandalous claims from the Counterclaims.

## II.    PROCEDURAL BACKGROUND

On August 15, 2022, the Court issued an Order granting, in part, Defendants' Motions for Judgment on the Pleadings (the "Order"). [See Dkt. 138.]  The Court granted Diaz leave to amend the complaint. [Id.]  Diaz filed a Second Amended Complaint on September 2, 2022. [See Dkt. 144.]

On September 23, 2022, Defendants filed an Answer to Plaintiff's SAC and Counterclaims. [See Dkt. 145 & 146.] After reviewing the lengthy Counterclaims, Plaintiff determined the specious allegations therein were subject to a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), motion to strike pursuant to Rule 12(f), as well as a special motion to strike pursuant to California Code of Civil Procedure section 425.16 pursuant to California's

anti-SLAPP statute. [White Decl., ¶4.] Plaintiff sent Defendants a detailed meet and confer letter on October 3, 2022 explaining in detail the basis for his contemplated motions and inviting Defendants to schedule a time for a call to meet and confer pursuant to L.R. 7-3. [Id.]  In order to have a meaningful meet and confer conference, Plaintiff also asked in anticipation of the conference for Defendant to provide their position in writing with citation to legal authority to support their position. [Id.] Defendants did not respond to Plaintiff's meet and confer letter.  As a result, on October 7, 2022, Plaintiff emailed Defendants to confirm Plaintiff had not received a response to the meet and confer letters and would therefore interpret the failure to respond as Defendants' refusal to meet and confer per L.R. 7-3. [Id. at ¶5.]

Plaintiff then received a voice message from an attorney named David Keesling who purports to represent Defendants. [Id. at ¶6.] In his voice message, Mr. Keesling stated he is a Partner at the Federal Practice Group and that he had a copy of the meet and confer letters which he stated "looked pretty good."  [Id.] In his message, Mr. Keesling stated he wanted to coordinate a meet and confer conference to resolve the issue presented by Plaintiff and proposed to schedule a conference the next week, on either October 12 or 13, 2022. [Id.] Recognizing a conference on those dates would create a potential problem with Plaintiff's October 14, 2022 deadline to file a response to the Counterclaims, in his message, Mr. Keesling offered to stipulate to extend Plaintiff's filing deadline. [Id.]

On October 7, 2022, after receiving Mr. Keesling's phone message, Plaintiff called him back to have a conversation. [Id. at ¶7.] During the conversation, Mr. Keesling offered to draft a stipulation and order to allow Plaintiff a two-week extension from October 14, 2022 to October 28, 2022, to file a response to Defendants' Counterclaims.  [Id.] During this conversation it was also agreed the parties would hold the L.R. 7-3 meet and confer conference on October 14, 2022. [Id.] During this conversation Plaintiff also notified Mr. Keesling that, in the event the parties could not obtain an order from the Court granting a stipulation by the end of the day on

1  Wednesday, October 12, 2022, Plaintiff would need to prepare and file the
2  contemplated motions so time was of the essence in preparing a stipulation and order
3  for filing with the Court. [Id.]

4      Plaintiff did not receive the draft stipulation and order to extend Plaintiff's
5  deadline to respond to the Counterclaims until Tuesday, October 11, 2022 at 4:03 p.m.
6  [Id. at ¶8.] Plaintiff sent back proposed changes to the draft stipulation on the morning
7  of Wednesday, October 12, 2022, and Defendants filed the stipulation and order the
8  same day.  [Id.]

9      On Thursday, October 13, 2022, as Plaintiff had not received indication that the
10  order extending the deadline for Plaintiff to respond would be signed by this Court
11  before the October 14, 2022 deadline, and Defendants declined alternative solutions
12  short of filing the two contemplated motions, Plaintiff emailed the Court's Clerk in a
13  final effort to secure an extension of the deadline. [Id. at ¶9.] Thereafter, on October
14  13, 2022, the Court graciously confirmed the order extending the deadline for Plaintiff
15  to respond was approved and would hit the docket shortly. [Id.]

16      After Plaintiff received confirmation from the Court that the order extending the
17  deadline for Plaintiff to respond had been approved, on October 13, 2022, Plaintiff
18  emailed Mr. Keesling to notify him the Court had approved the order and attached a
19  copy of the signed order. [Id. at ¶10.] In the same email Plaintiff asked when Mr.
20  Keesling was available the next week to hold an L.R. 7-3 meet and confer conference
21  and provided Plaintiff's availability of October 18 through 20, 2022. [Id.]

22      Later in the day on October 13, 2022, Plaintiff spoke with Defendants' counsel
23  David Keesling. [Id. at ¶11.] During the call, Mr. Keesling advised he would review
24  his schedule for the next week and respond to Plaintiff's prior email with his
25  availability to schedule a meet and confer conference in the next week. [Id.]

26      On Tuesday, October 18, 2022, having heard nothing from Defendants' counsel,
27  Plaintiff followed up on previous emails seeking to schedule an L.R. 7-3 meet and
28  confer conference. [Id. at ¶12.]  Plaintiff asked Mr. Keesling if he was available on

1  either October 19 or 20, 2022, to hold a meet and confer conference. [Id.] Plaintiff also

2  advised Mr. Keesling that, to avoid the situation Plaintiff was put in before the

3  stipulation extending Plaintiff's deadline to respond was granted, if the parties were

4  not able to hold a meet and confer conference by 5:00 p.m. on Friday, October 21,

5  2022, Plaintiff would interpret that as Defendants' refusal to meet and confer forcing

6  Plaintiff to prepare and file the motions contemplated.  [Id.]

7        On Monday, October 24, 2022, having received no communication from

8  Defendants' counsel since October 13, 2022, and having failed to respond to Plaintiff's

9  diligent efforts to schedule a timely L.R. 7-3 meet and confer conference, Plaintiff tried

10 to call Mr. Keesling in a final effort to avoid having to burden the Court with this

11 motion. [Id. at ¶13.]  Mr. Keesling did not answer Plaintiff's call, so Plaintiff left a

12 detailed voice message.  [Id.] As of the preparation of this motion Plaintiff has not

13 received a return call or communication of any kind from Defendants and have not

14 been able to hold an L.R. 7-3 meet and confer conference. [Id.]

15       Plaintiff is mindful of the admonitions given by the Court in the Order [Dkt.

16 138], and as it always does, has strived to act with the professionalism this Court

17 expects. [Id. at ¶14.] It is not Plaintiff's intention to burden the Court with unnecessary

18 law and motion practice.  However, the Counterclaims filed by Defendants are so

19 severely deficient and violative of California's anti-SLAPP statutes that Plaintiff was

20 forced to take action to remedy such deficiencies. Plaintiff exhausted all efforts to meet

21 and confer with Defendants pursuant to L.R. 7-3 before filing this motion. [Id.]  Despite

22 Plaintiff's efforts, Defendants have forced the filing of this motion.

23       Defendants' Counterclaims at issue in this motion are just the type of

24 unprofessional, inappropriate and personal attacks on Plaintiff and his counsel that the

25 Court sought to discourage in the Order, and are exactly the type of lawsuit California's

26 anti-SLAPP statute is meant to discourage.  Plaintiff respectfully requests that the

27 Court grant this motion and dismiss the Counterclaims in their entirety based upon

28 ///

Rule 12(b)(6) and/or dismiss or strike the allegations of the Counterclaims as set forth below pursuant to Rule 12(f) and California Code of Civil Procedure §425.16.

## III.   DEFENDANTS' REDUNDANT, IMMATERIAL, IMPERTINENT, AND SCANDALOUS ALLEGATIONS MUST BE STRICKEN.

Motions to strike serve the important function of "streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023 (1994); see also Cal. ex rel. State Lands Com. v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (motions to strike are "well taken" where they may have the effect of making the trial of the action "less complicated" or "otherwise streamlining the ultimate resolution of the action"). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fogerty, 984 F.2d at 1527).

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, 618 F.3d at 973. "Immaterial matter is that which has no essential or important relationship to the claim for relief being pled." Fogerty, 984 F.2d at 1527; McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009) (citing Fogerty); Friedman v. 24 Hour Fitness USA, Inc., 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (same). "A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question." Sliger v. Prospect Mortg., 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). "Scandalous" has been defined to include (i) allegations that "unnecessarily" question a person's moral character; (ii) allegations that cast a "cruelly" derogatory light on a person; and (iii) vulgar or

repulsive allegations that diminish the dignity of the court. <u>Anderson v. Davis Polk & Wardwell LLP</u>, 850 F.Supp.2d 392, 416 (SD NY 2012); <u>Righthaven LLC v. Democratic Underground, LLC,</u> 791 F.Supp.2d 968, 977 (D NV 2011). Even if an allegation is relevant to plaintiff's claim, it may still be stricken if it is scandalous or set out in "needless detail." <u>Tucker v. American Int'l Group, Inc</u>., 936 F.Supp.2d at 16; <u>Asher & Simons, P.A. v. j2 Global Canada, Inc.</u>, 965 F.Supp.2d 701, 704 (D MD 2013) (even though Rule that 12(f) motions are disfavored "relaxed" as to allegations deemed scandalous).

Additionally, a motion to strike should be granted where it will prevent prejudice to a party. <u>See</u> <u>24 Hour Fitness USA, Inc.</u>, 580 F. Supp. 2d at 990 (Rule 12(f) motions are granted where "allegations have no possible relation to the controversy and may cause prejudice to one of the parties"). Allegations that cause delay, confusion of issues, and unnecessarily complicate proceedings are examples of prejudice that may properly be stricken. <u>See</u> <u>Fogerty</u>, 984 F.2d at 1528 (stricken allegations created serious risks of prejudice, delay and confusion of the issues, and would have unnecessarily complicated the trial of the copyright claim). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." <u>Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.</u>, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (superfluous pleadings causing unwarranted inferences to be drawn by the trier of fact may be properly stricken).

Here, the majority of the allegations Defendants' Counterclaims are wholly irrelevant to the claims asserted by Defendants and are undoubtedly included in an attempt to publicly embarrass Diaz and create scandal. For instance,

- Paragraphs 150, 153-158 include allegations related to MTK, a non-party to this lawsuit;

- Paragraphs 137, 143-146, 156, 166, 168, 182, 185 include allegations regarding Diaz's "demons";
- Paragraphs 137, 143, 146, 156, 168-169, 174-179, 180, 182 include allegations regarding Diaz's finances;
- Paragraphs 143, 152, 185, 189-190 include allegations regarding Diaz's purported legal troubles;
- Paragraphs 182-183 include allegations regarding Diaz's weight;
- Paragraphs 180-181 include allegations regarding Diaz's supposed gambling habits.

These allegations are completely immaterial to the claims alleged by Defendants and designed to create scandal in this highly publicized lawsuit. Diaz respectfully requests that, to the extent that the Court does not dismiss and strike Defendants' counterclaims in their entirety, the Court strike these unnecessary, immaterial, impertinent allegations that were merely inserted to create scandal and further attempt to use the litigation process to damage Plaintiff.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to strike.

*Respectfully submitted*,

Dated:  October 28, 2022          **VGC, LLP**

By:___*/s/ Andrew D. White*_____
James L. Greeley
Diyari Vázquez
Andrew D. White
Gina Simas
Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

## **CERTIFICATE OF SERVICE**

      I, Diyari Vázquez, hereby certify that on October 28, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: <u>October 28, 2022</u>         By:<u>    /s/*Diyari Vázquez*    </u>
                                    Diyari Vázquez