James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
  awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **DECLARATION OF ANDREW D. WHITE IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' COUNTERCLAIMS PURSUANT TO FRCP RULE 12(F)** <br><br> [Submitted concurrently herewith: Notice of Motion; Memorandum of Points and Authorities; [Proposed] Order] <br><br> Date:           December 16, 2022 <br> Time:          9:00 a.m. <br> Courtroom:  9D <br> Judge:         Hon. John W. Holcomb <br><br> Discovery Cut-Off Date: August 19, 2022 <br> Pre-Trial Conference Date: Nov. 18, 2022 <br> Trial Date: December 5, 2022 |

I, Andrew D. White, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz"). I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto. I make this declaration in support of Plaintiff's Motion to Strike Portions of Defendants' Counterclaims Pursuant to FRCP 12(f).

2. This Motion is made following the diligent but unsuccessful efforts by Plaintiff to meet and confer with Defendants' counsel pursuant to Local Rule ("L.R.") 7-3, summarized herein, to avoid having to burden the Court with this motion to strike, as well as a separate FRCP 12(b)(6) motion to dismiss and special motion to strike pursuant to California Code of Civil Procedure section 425.16.

3. On September 23, 2022, Defendants filed an Answer to Plaintiff's Second Amended Complaint and Counterclaim. [See Dkt. 145 & 146] Plaintiff's initial deadline to file an answer or otherwise plead in response to the Counterclaim was October 14, 2022.

4. After reviewing the lengthy Counterclaim, Plaintiff determined the specious allegations therein were subject to a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure section 12(b)(6), and motion to strike pursuant to Federal Rule of Civil Procedure section 12(f), as well as a separate special motion to strike pursuant to California Code of Civil Procedure section 425.16 under California's anti-SLAPP statute. Plaintiff duly sent Defendants a letter on October 3, 2022, to meet and confer pursuant to L.R. 7-3 wherein Plaintiff explained in detail the basis for its contemplated motions and inviting Defendants to schedule a time for a call to meet and confer per L.R. 7-3 on or before Wednesday, October 5, 2022. In order to have a meaningful meet and confer

conference, I also asked in anticipation of the conference for Defendant to provide their position in writing with citation to legal authority to support their position. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's meet and confer letter re: motion to dismiss for failure to state a claim and alternatively to strike portions of the Counterclaim.

5. Defendants failed to respond in any way to my meet and confer letter by October 5, 2022. On October 7, 2022, at 10:55 a.m., I emailed Defendants counsel to confirm we had received no response to my meet and confer letters and would therefore interpret the failure to respond as Defendants' refusal to meet and confer per L.R. 7-3. A true and correct copy of my email to Defendants' counsel is attached hereto as **Exhibit B**.

6. On Friday, October 7, 2022, at 3:30 p.m., I received a voice message from an attorney named David Keesling of the Federal Practice Group who purported to represent Defendants. In his message Mr. Keesling stated he is a Partner at the Federal Practice Group and that he had a copy of my meet and confer letter which he stated "looked pretty good." In his message, Mr. Keesling stated he wanted to coordinate on a meet and confer conference to get the issues resolved and proposed to schedule a meet and confer conference the next week, on either October 12 or 13, 2022. Recognizing a meet and confer conference on those dates would create a potential problem with Plaintiff's October 14, 2022, deadline to file a response to the Counterclaim, in his message Mr. Keesling offered to stipulate to extend Plaintiff's filing deadline.

7. On October 7, 2022, after receiving Mr. Keesling's phone message, I called Mr. Keesling back and we had a conversation. During our conversation, Mr. Keesling offered to draft a stipulation and order to allow Plaintiff a two-week extension from October 14, 2022 to October 28, 2022 to file a response to Defendants'

Counterclaim. During this conversation we also agreed to hold the L.R. 7-3 meet and confer conference on October 14, 2022. During this conversation I also notified Mr. Keesling that in the event we could not obtain an order from the Court granting a stipulation by the end of the day on Wednesday, October 12, 2022, that Plaintiff would need to prepare and file the contemplated motions so time was of the essence in preparing a stipulation and order for filing with the Court.

8.  I did not receive the draft stipulation and order to extend Plaintiff's deadline to respond to the Counterclaim until Tuesday, October 11, 2022 at 4:03 p.m. As I was out of the office at that time, I sent back my proposed changes to the draft stipulation on the morning of Wednesday, October 12, 2022, and Defendants filed the stipulation and order the same day. [see Dkts. 147 & 147-1]

9.  On Thursday, October 13, 2022, as we had not received indication that the order extending the deadline for Plaintiff to respond would be signed before the October 14, 2022, deadline, and Defendant declined our alternative solutions short of filing the two contemplated motions, I emailed the Clerk in a final effort to secure an extension of the deadline. Thereafter, on October 13, 2022, the Court graciously confirmed the order extending the deadline for Plaintiff to respond was approved and would hit the docket shortly.

10.  After I received confirmation from the Court that the order extending the deadline for Plaintiff to respond had been approved, at 2:17 p.m. on October 13, 2022, I emailed Mr. Keesling to notify him the Court had approved the order and attached a copy of the signed order. In the same email I asked when Mr. Keesling when he was available the next week to hold our L.R. 7-3 meet and confer conference and provided my availability of October 18 through 20, 2022. A true and correct copy of my email dated October 13, 2022 is attached hereto as **Exhibit C**.

11. Later in the day on October 13, 2022, I spoke with Defendants' counsel David Keesling. During our call we discussed the fact that the Court had expedited the signing of the order extending Plaintiff's deadline to respond to the Counterclaim, and that the parties now had more time to hold an L.R. 7-3 meet and confer conference. Mr. Keesling advised he would review his schedule for the next week and respond to my prior email with his availability to schedule a meet and confer conference in the next week.

12. On Tuesday, October 18, 2022, at 3:51 p.m., having heard nothing from Defendants' counsel since speaking with Mr. Keesling on October 13, 2022, I sent an email to Mr. Keesling to follow up on my previous email seeking to schedule an L.R. 7-3 meet and confer conference. I asked Mr. Keesling to let me know if he was available on either October 19 or 20, 2022, to hold a meet and confer conference. I also advised Mr. Keesling that to avoid the situation Plaintiff was put in before the stipulation extending Plaintiff's deadline to respond was granted, that if we were not able to hold a meet and confer conference by 5:00 p.m. on Friday, October 21, 2022, we would interpret that as Defendants' refusal to meet and confer forcing Plaintiff to prepare and file the motions contemplated in our meet and confer letters. A true and correct copy of my email dated October 18, 2022 is attached hereto as **Exhibit D.**

13. On Monday, October 24, 2022, having received no communication from Defendants' counsel since speaking with Mr. Keesling on October 13, 2022, and having failed to respond to my diligent efforts to schedule a timely L.R. 7-3 meet and confer conference, I tried to call Mr. Keesling in a final effort to avoid having to burden the Court with these motions. Mr. Keesling did not answer my call so I left a detailed voice message. As of the preparation of this motion I have not received a return call or communication of any kind from Mr. Keesling and have not been able to hold an L.R. 7-3 meet and confer conference.

WHITE DECLARATION ISO PLAINTIFF'S
MOTION TO STRIKE PORTIONS OF DEFENDANTS'
COUNTER-CLAIM

14. I have been mindful of the admonitions given by the Court in the Order [Dkt. 138], and as I always do, have strived to act with the professionalism this Court expects. It is not my intention to burden the Court with unnecessary law and motion practice. However, the Counterclaims filed by Defendants are so severely deficient and violative of California's anti-SLAPP statutes that we were forced to take action to remedy such deficiencies. I exhausted all efforts to meet and confer with Defendants pursuant to L.R. 7-3 before filing this motion. Despite my efforts, Defendants have forced the filing of this motion.

15. Attached hereto as **Exhibit E** is a true and correct copy of allegations highlighted from Defendant Heredia Boxing Management's Counterclaim [Dkt. 145] that Plaintiff seeks to have stricken pursuant to this motion.

16. Attached hereto as **Exhibit F** is a true and correct copy of allegations highlighted from Defendant Ralph Heredia's Counterclaim [Dkt. 146] that Plaintiff seeks to have stricken pursuant to this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed October 28, 2022 in Santa Monica, California.

/s/ Andrew D. White
ANDREW D. WHITE

# CERTIFICATE OF SERVICE

I, Diyari Vazquez, hereby certify that on August 16, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: October 28, 2022          By: */s/ Diyari Vazquez*
                                     Diyari Vazquez