James L. Greeley (SBN 218975)
 jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
 dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
 awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., | CASE NO. 5:20-cv-02332-JWH-KK |
| Plaintiff, | **NOTICE OF MOTION AND COMBINED MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(b)(6) AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(f)** |
| v. | |
| RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | |
| | [Submitted concurrently herewith: [Proposed] Order; Declaration of Andrew D. White] |
| | Date:        December 16, 2022 |
| | Time:        9:00 a.m. |
| | Courtroom:   9D |
| | Judge:       Hon. John W. Holcomb |
| | Discovery Cut-Off Date: March 31, 2023 Pre-Trial Conference Date: June 23, 2023 Trial Date: July 10, 2023 |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 16, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in courtroom 9D before the Honorable John W. Holcomb, located at 411 W. 4th Street, Santa Ana, California 92701-4516, Plaintiff Joseph Diaz, Jr. shall, and hereby does, move pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), to dismiss Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management's ("HBM") (collectively "Defendants") Amended Counterclaims (Dkts. 151 & 152). In the alternative, Plaintiff moves to strike selected allegations contained in Defendants Amended Counterclaims pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") that are "immaterial, impertinent, [and] scandalous matter."

Specifically, Plaintiff requests that the Court strike the following allegations from the Counterclaims, as further specified in Exhibits H and I to this Motion [See Declaration of Andrew D. White (White Decl.), ¶¶15 & 16]

**Heredia's Amended Counterclaim (Dkt 151) as detailed in Exhibit H:**

- Amended Counterclaim ¶ 12, page 4:3-7
- Amended Counterclaim ¶¶ 19-26, pages 4:26-5:26
- Amended Counterclaim ¶ 29, page 6:5-9
- Amended Counterclaim ¶ 32, page 6:19-23
- Amended Counterclaim ¶ 33, pages 6:25-7:2
- Amended Counterclaim ¶ 36, pages 7:12-8:13
- Prayer for Relief, No. 3.

**HBM's Amended Counterclaim (Dkt 152) as detailed in Exhibit I:**

- Amended Counterclaim ¶ 14, page 4:13-16
- Amended Counterclaim ¶¶ 26-33, pages 6:6-7:3
- Amended Counterclaim ¶ 36, page 8:1-5

- Amended Counterclaim ¶ 39, page 6:19-23
- Amended Counterclaim ¶ 40, page 8:6-11
- Amended Counterclaim ¶ 50, pages 10:16-12:6
- Prayer for Relief, No. 3

Good cause exists to grant this motion. Defendants wholly fail to state a claim upon which relief may be granted such that the Amended Counterclaims must be dismissed. If the Amended Counterclaims are not dismissed in their entirety, the portions identified above must be stricken per Rule 12(f).

This motion is made following significant but unsuccessful efforts by the parties to meet and confer pursuant to Local Rule ("L.R.") 7-3 to discuss thoroughly the substance of the contemplated motion and any potential resolution. As detailed in the Declaration of Andrew D. White, while Plaintiff made significant but unsuccessful efforts to hold a meet and confer conference with Defendants seven days prior to the filing of this motion, in an effort to reach a resolution of the issues raised by this motion, the parties have communicated their positions regarding the issues but have not been able to reach a resolution which eliminates the necessity of this motion. (White Decl. ¶¶2-14)

This motion is based upon this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the Declaration of Andrew D. White, the [Proposed] Order, the pleadings, records and papers filed in this action, and such other and further evidence as may be presented at or before the hearing on this motion.

Dated:  November 18, 2022         **VGC, LLP**

By:   */s/ Andrew D. White*

James L. Greeley
Diyari Vázquez
Andrew D. White
Gina Simas
Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# **TABLE OF CONTENTS**

**I.** INTRODUCTION.................................................................................................1

**II.** STATEMENT OF FACTS APPLICABLE TO THIS MOTION .........................................2

**III.** DEFENDANTS' COUNTERCLAIMS SHOULD BE DISMISSED PURSUANT TO

FRCP 12(B)(6). ..........................................................................................4

    A.  Plaintiff Objects to the Filing of the Amended Counterclaims. .................................4

    B.  HBM's Amended Counterclaim for Defamation/Business

        Disparagement is Barred. ..........................................................................7

    C.  Defendants' Breach of Oral Contract Counterclaim is Fatally Uncertain………..11

**IV.** DEFENDANTS' REDUNDANT, IMMATERIAL, IMPERTINENT, AND

    SCANDALOUS ALLEGATIONS MUST BE STRICKEN ........................................... 13

**V.**  CONCLUSION ............................................................................................ 16

1

# TABLE OF AUTHORITIES

2

## CASES

3

Anderson v. Davis Polk & Wardwell LLP,

4

    850 F.Supp.2d 392, 416 (SD NY 2012) ...............................................................13, 14

5

Ashcroft v. Iqbal,

6

    556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).....................................7

7

Asher & Simons, P.A. v. j2 Global Canada, Inc.,

8

    965 F.Supp.2d 701, 704 (2013) .....................................................................................14

9

Bell Atl. Corp. v. Twombly,

10

    550 U.S. 544 (2007)........................................................................................................7

11

Bernson v. Browning-Ferris Industries, Inc.,

12

    7 Cal.4th 926 (1994) ......................................................................................................7

13

Blatty v. New York Times Co.,

14

    42 Cal.3d 1033 (1986) ...........................................................................................8, 9, 10

15

Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.,

16

    217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ...............................................................14

17

Cal. ex rel. State Lands Com. v. United States,

18

    512 F. Supp. 36, 38 (N.D. Cal. 1981) ...........................................................................13

19

Coltrain v. Shewalter,

20

    66 Cal. App. 4th 94, (4th Dist. 1998) .........................................................................5, 6

21

Ecash Technologies v. Gluagliardo,

22

    127 F.Supp.2d 1069, 1084 (C.D.Cal.2000) ....................................................................6

23

Erlich v. Etner,

24

    224 Cal.App.2d 69 ..........................................................................................................9

25

Fantasy, Inc. v. Fogerty,

26

    984 F.2d 1524, 1528 (9th Cir. 1993) ........................................................................13, 14

27

Friedman v. 24 Hour Fitness USA, Inc.,

28

    580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) ...............................................................13, 14

Gardner v. Martino,

   563 F.3d 981 (9th Cir. 2009) ........................................................................8

Gottesman v. Santana,

   2017 U.S. Dist. LEXIS 104548 (S.D. Cal. July 6, 2017) ........................12

Hartford Casualty Ins. Co. v. Swift Distribution, Inc.,

   (2014) 59 Cal.4th 277, 294 ......................................................................10

Jolly v. Eli Lilly & Co.,

   44 Cal.3d 1103 (1988) ...............................................................................7

Kim v. Truck Ins. Exch.,

   No. CV 14-4270 RSWL (VBKx) (C.D. Cal. June 25, 2015) 2015 WL 3912452, *4 ................10

Kyle v. Carmon,

   71 Cal.App.4th 901, 918–19, 84 Cal.Rptr.2d 303 (1999)............................6

Langan v. United Servs. Auto. Ass'n,

   69 F. Supp. 3d 965 (N.D. Cal. 2014) ......................................................11

Law Offices of Andrew L. Ellis v. Yang,

   178 Cal. App. 4th 869, 878–879 (2d Dist. 2009)......................................5

McArdle v. AT&T Mobility LLC,

   657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009) ........................................13

Moore v. Liu,

   69 Cal. App. 4th 745, 752 (2d Dist. 1999)..........................................5, 6

N. Cty. Communs Corp. v. Verizon Global Networks, Inc.,

   685 F. Supp. 2d 1112 (S.D. Cal. 2010)...................................................12

Nichols v. Great American Ins. Companies

   (1985) 169 Cal.App.3d 766 ....................................................................8, 9

Partington v. Bugliosi,

   56 F.3d 1147 (9th Cir. 1995) ..................................................................7, 8

Planned Parenthood Federation of Am., Inc. v. Ctr. for Med. Progress,

   890 F.3d 828 (9th Cir. 2018) .....................................................................5

Shively v. Bozanich,

    31 Cal. 4th 1230 (2003) ..........................................................................................7

Sliger v. Prospect Mortg.,

    789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) ...........................................................13

Summit Bank v. Rogers,

    206 Cal. App. 4th 669 (2012) ...................................................................................8

Taylor v. Kuwatch,

    2004 WL 1463046, at *5 .........................................................................................11

Tucker v. American Int'l Group, Inc.,

    936 F.Supp.2d 1, 16 (2013) ....................................................................................14

Whittlestone, Inc. v. Handi-Craft Co.,

    618 F.3d 970, 973 (9th Cir. 2010) ..........................................................................13

ZURU, Inc. v. Glassdoor, Inc.,

    2022 U.S. Dist. LEXIS 121871 (N.D. Cal. July 11, 2022) ...........................................8

## STATUTES

Cal. Code Civ. Proc. § 312 ...........................................................................................7

Cal. Code Civ. Proc. § 339 ...........................................................................................8

Cal. Code Civ. Proc. § 340 (c) .....................................................................................7

Cal. Civ. Proc. Code § 425.16(b)(1) ........................................................................4, 5, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................4, 5

Fed. R. Civ. P. 12(e) ..................................................................................................4

Fed. R. Civ. P. 12(f) ..............................................................................................4, 13

Fed. R. Civ. P. 15(a) ...............................................................................................4, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz") commenced this action in state court when he filed a complaint on October 7, 2020, in the Superior Court for San Bernardino County, California.  After being removed to this Court the next month, the parties have been actively litigating this case for the past two plus years, engaging in written discovery, taking depositions, filing various motions and attending hearings before this Court. During this time, Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management ("HBM") (collectively, "Defendants") never raised the possibility of filing a Counterclaim in this matter.  Nevertheless, in response to the Second Amended Complaint ("SAC") filed by Diaz on September 2, 2022, Defendants filed an answer and first Counterclaim against Plaintiff. [See Dkts. 145 & 146]

Defendants' original Counterclaims were admittedly brought in retaliation for Plaintiff exercising his constitutional right to file a lawsuit against Defendants and his First Amendment right to free speech, triggering California's anti-SLAPP statute because the challenged acts giving rise to the Counterclaims are in furtherance of free speech, are protected litigation activity, and are in connection with matters of public interest. Because the allegations in the original Counterclaims were rife with unsubstantiated, defamatory and salacious claims which were clearly filed with the intention to promote public scandal, circulate defamatory statements about Plaintiff and his counsel and publicize Diaz's private and confidential information, on October 28, 2022, Plaintiff filed two motions, a motion to dismiss per Rule 12(b)(6) combined with a special motion to strike based on California's Anti-SLAPP statute, and a separate motion to strike selected portions of the Counterclaims pursuant to Rule 12(f). Those motions are still set to be heard by this Court on December 16, 2022.

In an effort to plead around Plaintiff's motions, without leave of Court or consent from Plaintiff, on November 4, 2022, Defendants filed the subject Amended

Counterclaims, which, although remedying some of the issues contained in the original Counterclaims, continue to entirely fail to state a claim upon which relief may be granted such that the Amended Counterclaims must be dismissed. The Amended Counterclaims are also rife with immaterial, impertinent, scandalous, unsubstantiated, and salacious claims clearly filed with the intention to promote public scandal, circulate defamatory statements about Plaintiff and publicize Diaz's private and confidential information. These allegations add nothing to the purported amended Counterclaims raised by Defendants.  As such, in the event the Court does not dismiss the Amended Counterclaims in their entirety Plaintiff respectfully requests that the Court strike these immaterial, impertinent and scandalous claims from the Amended Counterclaims.

## II.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

Defendant Heredia has asserted one cause of action in the Amended Counterclaim for Breach of Oral Contract. Defendant HBM has asserted two causes of action for (1) Defamation/Business Disparagement, and (2) Breach of Oral Contract.

On August 15, 2022, the Court issued an Order granting, in part, Defendants' Motions for Judgment on the Pleadings (the "Order"). [See Dkt. 138.]  The Court granted Diaz leave to amend the complaint. [Id.]  Diaz filed a Second Amended Complaint on September 2, 2022. [See Dkt. 144.]

On September 23, 2022, Defendants filed an Answer to Plaintiff's SAC and Counterclaims. [See Dkt. 145 & 146.] After reviewing the lengthy Counterclaims, Plaintiff determined the specious allegations therein were subject to a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure section 12(b)(6), and motion to strike pursuant to Federal Rule of Civil Procedure section 12(f), as well as a special motion to strike pursuant to California Code of Civil Procedure section 425.16 under California's anti-SLAPP statute. [Declaration of Andrew D. White ("White Decl.") ¶4.]

///

After Defendants refused to meet and confer with Plaintiff pursuant to L.R. 7-3 regarding the allegations contained in the Counterclaims, on October 28, 2022, Plaintiff filed a combined Motion to dismiss Defendants' Counterclaims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure section 12(b)(6), and special motion to strike pursuant to California Code of Civil Procedure section 425.16 under California's anti-SLAPP statute.  Plaintiff also filed a separate motion to strike portions of Defendants counterclaims. [White Decl. ¶5; See Dkts. 149 & 150] These motions are set to be heard on December 16, 2022. [Id. at ¶5.]

On November 4, 2022, in an effort to plead around the motions filed by Plaintiff, without obtaining leave of Court and without Plaintiff's consent, Defendants filed Amended Counterclaims. [Id. at ¶6; See Dkts. 151 & 152]

Plaintiff's review of the Amended Counterclaims determined that the Amended Counterclaims did not resolve all of the deficiencies contained in the original Counterclaims.  As a result, Plaintiff duly sent Defendants a letter on the morning of November 10, 2022, to meet and confer pursuant to L.R. 7-3 wherein Plaintiff explained in detail the basis for its contemplated motion and inviting Defendants to schedule a time for a call to meet and confer per L.R. 7-3 on or before Friday, November 11, 2022. [Id. at ¶7.]

This Motion is made following the diligent but unsuccessful meet and confer efforts by the parties held pursuant to Local Rule ("L.R.") 7-3, to try to resolve the issues and avoid having to burden the Court again with this motion to dismiss and motion to strike portions of Defendants Amended Counterclaims. (Id. at ¶¶ 2-13)

Plaintiff is mindful of the admonitions given by the Court in the Order [Dkt. 138], and as it always does, has strived to act with the professionalism this Court expects. [Id. at ¶14.] It is not Plaintiff's intention to burden the Court with unnecessary law and motion practice. However, after meeting and conferring, the Amended Counterclaims filed by Defendants are still so severely deficient that Plaintiff was

forced to take action to remedy such deficiencies. Plaintiff exhausted all efforts to meet and confer with Defendants pursuant to L.R. 7-3 before filing this motion. [Id. at ¶14.] Despite Plaintiff's efforts, the parties have not been able to reach a resolution of the issues to eliminate the necessity for a hearing.  [Id. at ¶14.]

Plaintiff respectfully requests that the Court grant this motion and dismiss the Amended Counterclaims in their entirety based upon Rule 12(b)(6) and/or strike the allegations of the Amended Counterclaims as set forth below pursuant to Rule 12(f).

## III.   DEFENDANTS' COUNTERCLAIMS SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6).

Under Rule 12(b)(6), a counter-defendant may move to dismiss for failure to state a claim upon which relief can be granted. A counterclaimant must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the claimant pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Here, Defendants have not met their burden.

### A.   Plaintiff Objects to the Filing of the Amended Counterclaims.

Defendants must obtain leave of court before filing the Amended Counterclaims. As this Court is aware, in response to Defendants original Counterclaims, Plaintiff filed a motion to strike pursuant to Federal Rule of Civil Procedure ("FRCP") 12(f), and a separate motion to dismiss and special motion to strike pursuant to FRCP 12(b)(6) and California Code of Civil Procedure section 425.16.  These motions are set for hearing on December 16, 2022.

Both of Defendants' Amended Counterclaims were filed pursuant to FRCP 15(a)(1)(B), which allows for a party to amend a pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion **under Rule 12(b), (e), or (f)**, whichever is earlier.  Here, Plaintiff has filed a

motion in response to the original Counterclaims based on *California Code of Civil Procedure section 425.16*. Therefore, Defendants are unable to file an amended pleading under FRCP 15(a)(1)(B) as a matter of course.

Pursuant to FRCP 15(a)(2), in all other cases other than those specified in FRCP 15(a)(1), **a party may only amend its pleading with opposing party's written consent or the court's leave.**  Defendants have filed the Amended Counterclaims with neither Plaintiff's consent, nor leave of court.  Plaintiff objects to the filing of the Amended Counterclaims.

Plaintiff anticipates that Defendants will argue that Federal Courts will treat Plaintiff's anti-SLAPP motion brought under California *Code of Civil Procedure* section 425.16, as a Rule 12 motion, and as a result, is permitted to file an Amended Counterclaim as a matter of course. However, even if Plaintiff's anti-SLAPP motion is treated as a Rule 12 motion, or if leave is granted to Defendants, Plaintiff is entitled to his attorney's fees.

As the Ninth Circuit recognized in <u>Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress</u>, a case that Defendants rely on, if an anti-SLAPP motion is "based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) *except* that the attorney's fee provision of §425.16(c) applies." <u>Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress,</u> 890 F.3d 828, 834; emphasis added.  When a plaintiff voluntarily dismisses their complaint while a special motion to strike is pending, the trial court retains jurisdiction to award attorney's fees under § 425.16(c). <u>Coltrain v. Shewalter</u>, 66 Cal. App. 4th 94, (4th Dist. 1998); <u>Moore v. Liu</u>, 69 Cal. App. 4th 745, 752 (2d Dist. 1999); <u>Law Offices of Andrew L. Ellis v. Yang</u>, 178 Cal. App. 4th 869, 878–879 (2d Dist. 2009).  The attorneys' fees provision of CCP § 425.16 applies in federal court, and declares that an award of attorneys' fees to a moving party is mandatory if a special motion to strike is granted. See <u>Cal.Civ.Pro.Code</u> § 425.16(c) ("a prevailing party

1   [ordinarily a defendant, but plaintiff in this case] on a special motion to strike shall be

2   entitled to recover his or her attorneys' fees and costs"). Plaintiff is a "prevailing party."

3   <u>Ecash Technologies v. Gluagliardo,</u> 127 F.Supp.2d 1069, 1084 (C.D.Cal.2000).  This

4   conclusion is not diminished by defendants' belated attempt to voluntarily dismiss the

5   claims. <u>Id.</u> The Court in <u>Ecash Technologies</u> states:

> 6   It seems clear that defendants took this action merely to try to avoid an
> 7   award of attorneys' fees and costs under Section 425.16. However, the
> 8   law in California is clear that even though these claims were voluntarily
> 9   dismissed, this does not absolve the Defendants of liability for fees and
> 10   costs incurred by Plaintiff in striking these counterclaims. See, e.g., <u>Kyle
> v. Carmon</u>, 71 Cal.App.4th 901, 918–19, 84 Cal.Rptr.2d 303 (1999)
> 11   (affirming award of attorneys' fees following voluntary dismissal); <u>Liu
> v. Moore</u>, 69 Cal.App.4th 745, 755, 81 Cal.Rptr.2d 807 (1999)
> 12   (voluntary dismissal does not preclude award of attorneys' fees); acord
> <u>Coltrain v. Shewalter</u>, 66 Cal.App.4th 94, 107–108, 77 Cal.Rptr.2d 600
> 13   (1998). In Coltrain, the court even found that when a voluntary dismissal
> 14   follows the filing of a motion to strike, there is a "presumption" that the
> moving party is the "prevailing party." See <u>Coltrain</u>, 66 Cal.App.4th at
> 15   107–08, 77 Cal.Rptr.2d 600 (finding entitlement to fees).

16   <u>Id.</u>

17        Therefore, this Court retains jurisdiction even though Defendants filed the

18   Amended Counterclaims to award Plaintiff his attorneys' fees pursuant CCP section

19   425.16(c).  An award of attorneys' fees to Plaintiff is mandatory per CCP section

20   425.16(c) as a result of Defendants' failure to meet and confer which required Plaintiff

21   to prepare and file the anti-SLAPP motion to strike. The filing of the Amended

22   Counterclaims does not absolve Defendants of liability for fees and costs incurred by

23   Plaintiff in moving to strike the original Counterclaims, and creates a presumption that

24   Plaintiff is the "prevailing party."

25   ///

26   ///

27

28

**B.** **HBM's Amended Counterclaim for Defamation/Business Disparagement is Barred.**

HBM purports to assert a claim for defamation/business disparagement against Plaintiff based on purported statements that it contends were published in the media on December 27, 2020, February 13, 2021, July 9, 2021, and November 5, 2021. [See Dkt 152 at ¶¶ 44 & 70] The statute of limitations for defamation, however, requires that an action be filed within one year of accrual. Shively v. Bozanich, 31 Cal. 4th 1230, 1246-47 (2003) (citing Cal. Code Civ. Proc. § 340 (c)). In a claim for defamation, as with other tort claims, the period of limitations commences when the cause of action accrues. Cal. Code Civ. Proc. § 312. It is well settled that a cause of action for defamation accrues at the time the defamatory statement is "published." Bernson v. Browning-Ferris Industries, Inc. (1994) 7 Cal.4th 926, 931 (1994); Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1109 (1988). Therefore, Defendants' defamation claims fail and must be dismissed.

In addition, the statements that Defendants allege are defamatory are: "Watch who you are dealing with cause a lot of people aren't what they make themselves out to me"; "a lot of people that want to take a part of my exposure and talent and make some money off of me because they feel like they can. I mean these guys are all greedy mother f[]' man and its [sic] bull[]"; "for a manager to come in here and try to rob me and take my money is f[]ing wrong"; "Life [sic] been good after I got rid of s[]t managers and got advisors & my own lawyers to protect me. To all the young fighters that aren't knowledgeable make sure you have your own lawyer before signing to any management or promotional company for your best interest." [See Dkt 152 at ¶¶ 44 & 70] These are undoubtedly statement of opinion.  The amendments Defendants have made have done nothing to change this undeniable fact.

Statements of opinion are not actionable statements. Indeed, statements of opinion are protected by the First Amendment. Partington v. Bugliosi, 56 F.3d 1147,

1153 (9th Cir. 1995). "Even if a statement of pure opinion is harmful to a person's reputation, it cannot give rise to a claim for defamation." <u>ZURU, Inc. v. Glassdoor, Inc.</u>, 2022 U.S. Dist. LEXIS 121871 (N.D. Cal. July 11, 2022) (citing <u>Gardner v. Martino</u>, 563 F.3d 981, 988 (9th Cir. 2009) (affirming dismissal of a defamation claim because the claim was based on statements of "nonactionable opinion"); <u>Summit Bank v. Rogers</u>, 206 Cal. App. 4th 669, 695-96 (2012) ("Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected.").)

Moreover, the statements alleged by Defendant **do not** specifically refer to HBM (or Defendant Heredia). [<u>See</u> Dkt 152 at ¶¶ 44 & 70] To be defamatory, "[t]he statement also must specifically refer to or concern the defamed plaintiff in some way." <u>Blatty v. New York Times Co.</u>, 42 Cal.3d 1033, 1042 (1986). Again, the amendments made by HBM in the amended counterclaim do not cure this fatal deficiency. HBM's defamation claims fail and must be dismissed for this reason alone.

Plaintiff anticipates that Defendants will argue a 2 year statute of limitations applies to the allegedly defamatory statements under Cal. Code Civ. Proc. §339 for trade libel claims and as such the allegedly defamatory statements attributed to Plaintiff fall within the statute of limitations.   However, Defendants argument would be incorrect in its analysis of the law.

As referenced above, nowhere in its claim for defamation is any allegation specifically directed at HBM.  The alleged statements do *not* by express mention or clear implication refer to HBM's product or services and in no way "clearly derogate that product." California courts have defined disparagement in the commercial liability context by reference to the common law. In <u>Nichols v. Great American Ins. Companies</u> (1985) 169 Cal.App.3d 766 (<u>Nichols</u>), the policyholders were sued by California Satellite Systems (Calsat), an official distributor of the Home Box Office 662 (HBO) entertainment service, for selling and distributing devices to illegally intercept the HBO signal. Calsat sought injunctive relief, claiming irreparable injury from loss of

business opportunities, reputation, and goodwill to its exclusive HBO license. (<u>Id</u>. at p. 770.) In considering the scope of disparagement under a "personal injury" provision, the court quoted <u>Erlich v. Etner</u>, 224 Cal.App.2d 69, which defined the tort of trade libel as "an intentional disparagement of the quality of property, which results in pecuniary damage to plaintiff.... 'Injurious falsehood, or disparagement, then, may consist of the publication of matter derogatory to the plaintiff's title to his property, or its quality, or to his business in general.' " (<u>Id.</u> at p. 73.) The court in <u>Nichols</u> noted that trade libel "requires (at a minimum): (1) a publication; (2) which induces others not to deal with plaintiff; and (3) special damages." (<u>Nichols</u>, at p. 773,.) The court then held that "[t]he necessary element of a defamatory publication or utterance is missing from the complaint and **cannot be supplied by reference to reports in which the defamatory innuendo appears only inferentially**." (<u>Id.</u> at p. 775; emphasis added.)

Further, the California Supreme Court in <u>Blatty v. New York Times Co</u>., 42 Cal. 3d 1033 (1986), cert. denied, 485 U.S. 934 (1988), held that the First Amendment's zone of protection applied to all claims whose gravamen is the alleged injurious falsehood of a statement. <u>Id.</u> at 1042. The Court explained that "it is immaterial for First Amendment purposes whether the statement in question relates to the plaintiff himself or merely to his property . . . ." <u>Id.</u> at 1043. In further explication of the rationale for its ruling, California's highest court stated:

> Not only does logic compel the conclusion that First Amendment limitations are applicable to all claims, of whatever label, whose gravamen is the alleged injurious falsehood of a statement, but so too does a very pragmatic concern. If these limitations applied only to actions denominated "defamation," they would furnish little if any protection to free-speech and free-press values: plaintiffs suing press defendants might simply affix a label other than "defamation" to their injurious-falsehood claims -- a task that appears easy to accomplish as a general matter -- and thereby

> avoid the operation of the limitations and frustrate their underlying purpose.
>
> . . . .
>
> It follows that to prevent creative pleading from rendering the limitations nugatory, they must be broadly applicable whenever the gravamen of the claim is injurious falsehood.

Id. at 1044-45 (citation omitted).

"What distinguishes a claim of disparagement is that an injurious falsehood **has been directed specifically at the plaintiff's business or product**, derogating that business or product and thereby causing that plaintiff special damages." Hartford Casualty Ins. Co. v. Swift Distribution, Inc., (2014) 59 Cal.4th 277, 294 (emphasis added) (holding that competitor's action against insured for advertising a product that was allegedly confusing in its resemblance to competitor's product and its similar name was not within "product disparagement" coverage of liability policy, where insured's advertisements did not specifically refer to the competitor's product or business).

Hartford Casualty Ins. Co., *supra,* explicitly enumerated the factors must be present to constitute disparagement: a false or misleading statement "(1) must specifically refer to the plaintiff's product or business, and (2) must clearly derogate that product or business." In further explaining this requirement, the court noted that the false or misleading statement must "have a degree of specificity that distinguishes direct criticism of a competitor's product or business from other statements extolling the virtues or superiority of the defendant's product or business." Id. Each requirement must be satisfied by express mention or by clear implication. Kim v. Truck Ins. Exch., No. CV 14-4270 RSWL (VBKx) (C.D. Cal. June 25, 2015) 2015 WL 3912452, *4.

Here, the allegedly defamatory statements attributed to Plaintiff do not by any means make express mention or by clear implication refer to HBM's product or services and in no way "clearly derogate that product." See Hartford, supra, at 294. There is absolutely no mention of HBM anywhere in any of the allegedly defamatory

statements. Therefore, as a matter of law, there is no potential for a business disparagement claim here and as such a 1-year statute of limitations must be applied to the alleged run of the mill defamation claims. A plaintiff cannot "circumvent the statutory limitation by proceeding on a theory other than defamation," where the core of the allegation is that the statements are defamatory. <u>Taylor v. Kuwatch</u>, 2004 WL 1463046, at *5. Defendants themselves label these as defamation claims and that is all they are. Defendants cannot be permitted to escape the 1 year statute of limitations for classic defamation claims through creative yet insufficient pleading.

Because Defendants failed to bring these defamation claims within 1 year of accrual, and because the alleged statements are non actionable statements of opinion which do not refer to or concern HBM, they must be dismissed.

### C.   <u>Defendants' Breach of Oral Contract Counterclaim is Fatally Uncertain.</u>

In the amended counterclaims, Defendants purport to allege breach of an oral contract by vaguely alleging that Plaintiff requested payment of certain sums and Defendants agreed to pay such sums and expected repayment. [Dkt 151 ¶¶ 39-47; Dkt 152 ¶¶ 58-65.] But in order to survive a motion to dismiss a breach of oral contract claim, Heredia "must allege the material terms of an agreement which creates the obligation the defendant is said to have breached." <u>Langan v. United Servs. Auto. Ass'n</u>, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (dismissing a breach of contract claim when the complaint offers "no way for the Court [to] know even generally what the terms of the contract or contracts were.") Defendants have not done so and the claims must be dismissed.

To be sure, Defendants never detail the material terms of any oral agreement they supposedly entered into with Plaintiff. For instance, Defendants fail to allege any facts regarding how and when the purported contracts were formed, the material terms of the purported agreements including but not limited to any purported repayment

terms, and the date(s) and manner in which Defendants contends that Plaintiff purportedly breached any oral agreement. See, e.g., N. Cty. Communs Corp. v. Verizon Global Networks, Inc., 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (finding that the defendant did not adequately allege a breach of contract claim where it failed to "plead, among other things, the nature of the contract, dates pertinent to the contract, and other relevant terms that would put [plaintiff] on notice of the basis of" the claim); Gottesman v. Santana, 2017 U.S. Dist. LEXIS 104548, at * 8-9 (S.D. Cal. July 6, 2017) (finding allegations insufficient to allow a party to appropriately respond when, "[a]mong other things, these allegations do not provide any specifics regarding the material terms of the verbal contract between [the parties], much less when this contract was allegedly formed and breached").) To the contrary, Defendants allege they did all or substantially all of the significant things that the oral contracts required it to do, but fail to allege any facts to specify what the terms of the purported oral contracts between Plaintiff and Defendants required of the parties to confirm whether or not this is true. [Dkt. 152 ¶62] Further, Defendants fail to allege any facts pertaining to the actual terms of the oral contracts such as material terms of the agreements.  Defendants allege these vague oral contracts have been breached, but there are no allegations set forth pertaining to repayment terms such as when repayment of the purported sums paid by Defendants to Plaintiff or on Plaintiff's behalf were due. Defendants conclude that Plaintiff failed to pay back the sums purportedly owed to Defendants pursuant to these alleged oral agreements, but Defendants have failed to allege that the terms of any purported oral agreement required repayment of any of the sums loaned to Plaintiff by a date certain. [Dkt 151 ¶ 46; Dkt 152 ¶ 65.]  Therefore, Defendants' own allegations disprove the existence of an oral agreement with Plaintiff. Defendants have failed to adequately plead a claim for breach of oral contract.

///

///

## IV. DEFENDANTS' REDUNDANT, IMMATERIAL, IMPERTINENT, AND SCANDALOUS ALLEGATIONS MUST BE STRICKEN.

Motions to strike serve the important function of "streamlining the ultimate resolution of the action and focusing the jury's attention on the real issues in the case." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023 (1994); see also Cal. ex rel. State Lands Com. v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (motions to strike are "well taken" where they may have the effect of making the trial of the action "less complicated" or "otherwise streamlining the ultimate resolution of the action"). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fogerty, 984 F.2d at 1527).

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, 618 F.3d at 973. "Immaterial matter is that which has no essential or important relationship to the claim for relief being pled." Fogerty, 984 F.2d at 1527; McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1149 (N.D. Cal. 2009) (citing Fogerty); Friedman v. 24 Hour Fitness USA, Inc., 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (same). "A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question." Sliger v. Prospect Mortg., 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). "Scandalous" has been defined to include (i) allegations that "unnecessarily" question a person's moral character; (ii) allegations that cast a "cruelly" derogatory light on a person; and (iii) vulgar or repulsive allegations that diminish the dignity of the court. Anderson v. Davis Polk &

Wardwell LLP, 850 F.Supp.2d 392, 416 (SD NY 2012); Righthaven LLC v. Democratic Underground, LLC, 791 F.Supp.2d 968, 977 (2011). Even if an allegation is relevant to plaintiff's claim, it may still be stricken if it is scandalous or set out in "needless detail." Tucker v. American Int'l Group, Inc., 936 F.Supp.2d 1, 16 (2013); Asher & Simons, P.A. v. j2 Global Canada, Inc., 965 F.Supp.2d 701, 704 (2013) (even though Rule that 12(f) motions are disfavored "relaxed" as to allegations deemed scandalous).

Additionally, a motion to strike should be granted where it will prevent prejudice to a party. 24 Hour Fitness USA, Inc., 580 F. Supp. 2d at 990 (Rule 12(f) motions are granted where "allegations have no possible relation to the controversy and may cause prejudice to one of the parties"). Allegations that cause delay, confusion of issues, and unnecessarily complicate proceedings are examples of prejudice that may properly be stricken. See Fogerty, 984 F.2d at 1528 (stricken allegations created serious risks of prejudice, delay and confusion of the issues, and would have unnecessarily complicated the trial of the copyright claim). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (superfluous pleadings causing unwarranted inferences to be drawn by the trier of fact may be properly stricken).

Here, the majority of the allegations in Defendants' Counterclaims are wholly irrelevant to the claims asserted by Defendants and are undoubtedly included in an attempt to publicly embarrass Plaintiff and create scandal. The allegations from Defendants' amended counterclaims that must be stricken are set forth in full in **Exhibits H and I** to the Declaration of Andrew D. White [White Decl. ¶¶ 15 & 16].

///

However, for instance, allegations which must be stricken include but are not limited to the following:

- Paragraphs 12 & 14 of Defendants' amended counterclaims regarding Diaz's finances calling Diaz "nearly destitute."

- Paragraphs 21 & 28 of Defendants' amended counterclaims alleging MTK a non-party has cultivated a notorious relationship for "stealing" fights from European managers without consequence;

- Further Paragraphs in Defendants' amended counterclaims include allegations related to MTK, a non-party to this lawsuit;

- Defendants' prayer for recovery of reasonable attorneys' fees when no permissible grounds for recovery has been alleged or exists.

These allegations are completely immaterial to the claims alleged by Defendants and are impertinent or designed to create scandal or confusion in this highly publicized lawsuit. Diaz respectfully requests that, to the extent that the Court does not dismiss Defendants' amended counterclaims in their entirety, the Court strike these unnecessary, immaterial, impertinent allegations that were merely inserted to create scandal and further attempt to use the litigation process to damage Plaintiff.

///
///
///
///
///
///
///
///
///
///

PLAINTIFF'S MOTION TO DISMISS AND MOTION TO STRIKE

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion to dismiss the Amended Counterclaims pursuant to Rule 12(b)(6), or to the extent the Court does not dismiss Defendants amended counterclaims, that the Court grant this motion to strike portions of Defendants' amended counterclaims pursuant to Rule 12(f).

*Respectfully submitted*,

Dated:  November 18, 2022                    **VGC, LLP**

By:___*/s/ Andrew D. White*_____
James L. Greeley
Diyari Vázquez
Andrew D. White
Gina Simas
Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

1

2

## **CERTIFICATE OF SERVICE**

3

4        I, Diyari Vázquez, hereby certify that on November 18, 2022, I electronically

5   filed the foregoing with the Clerk of the Court using the CM/ECF system, which will

6   send notification of such filing to the e-mail addresses denoted on the Electronic Mail

7   Notice List, and I hereby certify that I have mailed the foregoing document to the non-

8   CM/ECF participants indicated on the Manual Notice List.

9

10  Dated: <u>November 18, 2022</u>                    By:_____/s/*Diyari Vázquez*_____

11                                                         Diyari Vázquez

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO DISMISS AND MOTION TO STRIKE