James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
  awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone:  (424) 272-9885

Attorneys for Plaintiff
JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 5:20-cv-02332-JWH-KK <br><br> **DECLARATION OF ANDREW D. WHITE IN SUPPORT OF PLAINTIFF'S COMBINED MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(b)(6) AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(f)** <br><br> [Submitted concurrently herewith: Notice of Motion; Memorandum of Points and Authorities; [Proposed] Order] <br><br> Date:          December 16, 2022 <br> Time:         9:00 a.m. <br> Courtroom: 9D <br> Judge:        Hon. John W. Holcomb |

WHITE DECLARATION ISO PLAINTIFF'S  MOTION TO DISMISS AND TO STRIKE DEFENDANTS'
AMENDED COUNTER-CLAIM

Discovery Cut-Off Date: March 31, 2023
Pre-Trial Conference Date: June 23, 2023
Trial Date: July 10, 2023

WHITE DECLARATION ISO PLAINTIFF'S MOTION TO DISMISS AND TO STRIKE DEFENDANTS' AMENDED COUNTER-CLAIM

I, Andrew D. White, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am a partner at VGC, LLP, counsel of record for Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz"). I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently with respect thereto. I make this declaration in support of Plaintiff's Motion to Dismiss Amended Counterclaims for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure section 12(b)(6) and Motion to Strike Portions of Defendants' Amended Counterclaims Pursuant to Federal Rule of Civil Procedure section 12(f).

2. This Motion is made following the diligent but unsuccessful meet and confer efforts by the parties held pursuant to Local Rule ("L.R.") 7-3, to try to resolve the issues and avoid having to burden the Court again with this motion to dismiss and motion to strike portions of Defendants Amended Counterclaims. The meet and confer efforts are summarized herein below.

3. On September 23, 2022, Defendants filed an Answer to Plaintiff's Second Amended Complaint and Counterclaim. [See Dkt. 145 & 146] Plaintiff's initial deadline to file an answer or otherwise plead in response to the Counterclaims was October 14, 2022.

4. After reviewing the lengthy Counterclaims, Plaintiff determined the specious allegations therein were subject to a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure section 12(b)(6), and motion to strike pursuant to Federal Rule of Civil Procedure section 12(f), as well as a special motion to strike pursuant to California Code of Civil Procedure section 425.16 under California's anti-SLAPP statute.

5. After Defendants refused to meet and confer with Plaintiff pursuant to L.R. 7-3 regarding the allegations contained in the Counterclaims, on October 28, 2022, Plaintiff filed a combined Motion to dismiss Defendants' Counterclaims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure section 12(b)(6), and special motion to strike pursuant to California Code of Civil Procedure section 425.16 under California's anti-SLAPP statute. Plaintiff also filed a separate motion to strike portions of Defendants counterclaims. [See Dkts. 149 & 150] These motions are set to be heard on December 16, 2022.

6. On November 4, 2022, in an effort to plead around the motions filed by Plaintiff, without obtaining leave of Court and without Plaintiff's consent, Defendants filed Amended Counterclaims. [See Dkts. 151 & 152]

7. Plaintiff's review of the Amended Counterclaims determined that the Amended Counterclaims did not resolve all of the deficiencies contained in the original Counterclaims. As a result, Plaintiff duly sent Defendants a letter on the morning of November 10, 2022, to meet and confer pursuant to L.R. 7-3 wherein Plaintiff explained in detail the basis for its contemplated motion and inviting Defendants to schedule a time for a call to meet and confer per L.R. 7-3 on or before Friday, November 11, 2022. In order to have a meaningful meet and confer conference, Plaintiff also asked in anticipation of the conference for Defendants to provide their position in writing with citation to legal authority to support their position. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's meet and confer letter re: motion to dismiss for failure to state a claim and to strike portions of the Amended Counterclaims

8. Defendants failed to respond to my meet and confer letter by November 11, 2022. On November 14, 2022, at 3:51 p.m., I emailed Defendants counsel to confirm we had received no response to my meet and confer letter and would therefore

interpret the failure to respond as Defendants' refusal to meet and confer per L.R. 7-3. A true and correct copy of my email to Defendants' counsel is attached hereto as **Exhibit B**.

9. At 4:42 p.m. on November 14, 2022, only after I sent the email to Defendants' counsel to follow up on meet and confer efforts, Defendants' counsel emailed stating he was available to confer on Thursday, November 17, 2022, long after the deadline to meet and confer and one day prior to Plaintiff's deadline to file this motion. Mr. Keesling also used the fact that Friday November 11, 2022, was a holiday as an excuse for his office failing to respond in any way to our efforts to meet and confer. A true and correct copy of the email from Mr. Keesling is attached hereto as **Exhibit C.**

10. I sent a response to Mr. Keesling's email at 7:04 p.m. on November 14, 2022. In my email I reminded Mr. Keesling that Plaintiff's meet and confer letter was sent to Defendants on the morning of November 10, 2022, leaving sufficient time for *any* of Defendants' counsel to at the very least respond to the letter prior to Mr. Keesling's email on November 14, 2022. I reminded Mr. Keesling that because his office altogether failed to respond for 15 days (from October 13 to October 28) to my prior efforts to meet and confer regarding the original counterclaims, I was forced to prepare and file the motions now set for hearing on December 16, 2022. Nevertheless, in my email I advised Mr. Keesling we remained willing to meet and confer to avoid burdening the Court with another motion. As Mr. Keesling was aware, our deadline to respond to the amended counterclaims was November 18, 2022. Therefore, I told Mr. Keesling that his suggestion to meet and confer on Thursday, November 17, 2022 would not allow Plaintiff sufficient time to prepare his response by November 18, 2022 should we be unable to resolve the issues. I requested that Defendants' counsel provide their availability to meet and confer before 5:00 p.m. on Tuesday, November 15, 2022,

or they will again leave Plaintiff with no choice but to prepare and file the motions referenced in my meet and confer letter. Because this scenario where we attempt to meet and confer and receive no timely response from Defendants' counsel has happened on numerous occasions in this case, I requested that Defendants' counsel respond in an efficient manner so that we may carry out productive meet and confer sessions as required by law. A true and correct copy of my email to Defendants' counsel at 7:04 p.m. on November 14, 2022, is attached hereto as **Exhibit D.**

11. I received no response from Defendants until November 16, 2022, at 1:30 p.m. when Defendants' counsel David Keesling sent an email offering to meet and confer that afternoon at 4:30 p.m. A true and correct copy of Mr. Keesling's November 16, 2022 email is attached hereto as **Exhibit E.**

12. As I was not available on November 16, 2022 to meet and confer, and since I had already spent numerous hours preparing the present motion on November 16, 2022 since Defendants' counsel had not responded with availability to meet and confer in a timely fashion on November 15, 2022, I sent an email to Mr. Keesling to notify him as such and invited him to communicate his position to me in writing in lieu of a phone conference and stated if we found his position persuasive we would agree to forego or modify the motion. A true and correct copy of my email to Defendants' counsel on November 16, 2022 is attached hereto as **Exhibit F.**

13. On November 16, 2022, at 4:44 p.m., Mr. Keesling sent me an email with an attached analysis he prepared responding to each of the issues raised in my meet and confer letter point by point. After I carefully reviewed Mr. Keesling's analysis, on November 17, 2022, I responded to Mr. Keesling's email to advise that we did not find the arguments raised or authorities cited to be persuasive and that we would have no choice but to file the contemplated motion to dismiss and to strike unless Defendants

4

provided further information that was persuasive. A true and correct copy of my email to Defendants' counsel on November 17, 2022 is attached hereto as **Exhibit G.**

14. I have been mindful of the admonitions given by the Court in the Order [Dkt. 138], and as I always do, have strived to act with the professionalism this Court expects. It is not my intention to burden the Court with unnecessary law and motion practice. However, after meeting and conferring, the Amended Counterclaims filed by Defendants are still so severely deficient that we were forced to take action to remedy such deficiencies. I exhausted all efforts to meet and confer with Defendants pursuant to L.R. 7-3 before filing this motion. Despite my efforts, the parties have not been able to reach a resolution of the issues to eliminate the necessity for a hearing.

15. Attached hereto as **Exhibit H** is a true and correct copy of allegations highlighted from Defendant Ralph Heredia's Amended Counterclaim [Dkt. 151] that Plaintiff seeks to have stricken pursuant to this motion.

16. Attached hereto as **Exhibit I** is a true and correct copy of allegations highlighted from Defendant Heredia Boxing Management's Amended Counterclaim [Dkt. 152] that Plaintiff seeks to have stricken pursuant to this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed November 18, 2022 in Santa Monica, California.

/s/ Andrew D. White
ANDREW D. WHITE

5

## CERTIFICATE OF SERVICE

I, Diyari Vazquez, hereby certify that on November 18, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: November 18, 2022  By: */s/ Diyari Vazquez*
  Diyari Vazquez

6

WHITE DECLARATION ISO PLAINTIFF'S
MOTION TO DISMISS AND TO STRIKE
DEFENDANTS' AMENDED COUNTER-CLAIM