# VGC LLP

NEW YORK | LOS ANGELES | SAN FRANCISCO

ANDREW D. WHITE | AWHITE@VGCLLP.COM | T: 714-907-5032

November 10, 2022

**VIA ELECTRONIC MAIL ONLY**

Eric S. Montalvo
Rajan O. Dhungana
David Keesling
Federal Practice Group
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Emontalvo@fedpractice.com
rdhungana@fedpractice.com
dkeesling@fedpractice.com

      Re:    **Diaz v. Heredia, Case No. 5:20-cv-02332-JWH-KKx**
              **Local Rule 7-3 Meet and Confer re Motion to Dismiss and Motion to Strike**

Eric, Rajan and David:

This letter shall serve as Mr. Diaz's attempt to meet and confer pursuant to Local Rule 7-3 prior to the filing of his motion to dismiss pursuant to Federal Rule of Civil Procedure 15(a)(2), 12(b)(6) and motion to strike pursuant to Federal Rule of Civil Procedure 12(f).

**A.    Defendants Must Obtain Leave of Court to File Amended Counterclaims**

As you know, after Defendants failed to timely meet and confer with Mr. Diaz regarding the Counterclaims, Mr. Diaz was forced to prepare and file two motions. Mr. Diaz filed a motion to strike pursuant to Federal Rule of Civil Procedure ("FRCP") 12(f), and a separate motion to dismiss and special motion to strike pursuant to FRCP 12(b)(6) *and* California Code of Civil Procedure section 425.16. These motions are set for hearing on December 16, 2022.

Both of Defendants' Amended Counterclaims were filed pursuant to FRCP 15(a)(1)(B), which allows for a party to amend a pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion **under Rule 12(b), (e), or (f)**, whichever is earlier. Here, Mr. Diaz has filed a motion in response to the original Counterclaims based on California Code of Civil Procedure section 425.16. Therefore, Defendants are unable to file an amended pleading under FRCP 15(a)(1)(B).

Pursuant to FRCP 15(a)(2), in all other cases other than those specified in FRCP 15(a)(1), a party may only amend its pleading with opposing party's written consent or the court's leave.

Eric Montalvo
*Re: Local Rule 7-3 Meet and Confer re MTD and MTS*
Page 2

Defendants have filed the amended Counterclaims with neither our consent, nor leave of court. Mr. Diaz objects to the filing of the amended Counterclaims.

**B.      Defendants' Amended Counterclaims are Subject to Dismissal**

Under Federal Rule of Civil Procedure 12(b)(6), a counter-defendant may move to dismiss for failure to state a claim upon which relief can be granted. A counterclaimant must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the claimant pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Defendants Ralph Heredia and Heredia Boxing Management (collectively, "Defendants") have not met these standards.

   **1.      HBM's Counterclaim for Defamation/Business Disparagement is Barred**

HBM admits that Mr. Diaz's statements that they contend are defamatory were published in the media on December 27, 2020, February 13, 2021, July 9, 2021, and November 5, 2021. The statute of limitations for defamation, however, requires that an action be filed within one year of accrual. *Shively v. Bozanich*, 31 Cal. 4th 1230, 1246-47 (2003) (citing *Cal. Code Civ. Proc.* § 340 (c)). In a claim for defamation, as with other tort claims, the period of limitations commences when the cause of action accrues. *Cal. Code Civ. Proc.* § 312. It is well settled that a cause of action for defamation accrues at the time the defamatory statement is "published." *Bernson v. Browning-Ferris Industries, Inc.* (1994) 7 Cal.4th 926, 931 (1994); *Jolly v. Eli Lilly & Co.*, 44 Cal.3d 1103, 1109 (1988). Therefore, Defendants' defamation claims will fail.

In addition, the statements that Defendants allege are defamatory are statements of opinion and therefore not actionable statements. Indeed, statements of opinion are protected by the First Amendment. *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995). "Even if a statement of pure opinion is harmful to a person's reputation, it cannot give rise to a claim for defamation." *ZURU, Inc. v. Glassdoor, Inc.*, 2022 U.S. Dist. LEXIS 121871 (N.D. Cal. July 11, 2022) (citing *Gardner v. Martino*, 563 F.3d 981, 988 (9th Cir. 2009) (affirming dismissal of a defamation claim because the claim was based on statements of "nonactionable opinion"); *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 695-96 (2012) ("Although statements of fact may be actionable as libel, statements of opinion are constitutionally protected.").) And the statements alleged by Defendants do not specifically refer to either of them. To be defamatory, "[t]he statement also must specifically refer to or concern the defamed plaintiff in some way." *Blatty v. New York Times Co.*, 42 Cal.3d 1033, 1042 (1986). The amendments HBM has made do not cure either of these fatal deficiencies. Defendants' defamation claims will fail.

   **2.      Defendants' Breach of Oral Contract Counterclaims are Fatally Uncertain**

In order to survive a motion to dismiss a breach of oral contract claim, Defendants "must allege the material terms of an agreement which creates the obligation the defendant is said to have breached." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014) (dismissing a breach of contract claims when the complaint offers "no way for the Court [to] know even generally what the terms of the contract or contracts were.") Defendants have not done so.

Eric Montalvo
*Re: Local Rule 7-3 Meet and Confer re MTD and MTS*
Page 3

Instead, Defendants vaguely allege that Heredia would routinely loan sums of money to Mr. Diaz as requested, and vaguely allege those sums were to be repaid and that Mr. Diaz has not paid back the full amount of each loan, but Defendants never detail the actual material terms of any oral agreement entered into *with* Mr. Diaz and fail to sufficiently plead *any* form of contract existed between Mr. Diaz and HBM. For instance, Defendants fail to allege any facts regarding how the purported contracts were formed, the material terms of the purported agreements including but not limited to any purported repayment terms, and the date(s) and manner in which Defendants contend that Mr. Diaz purportedly breached any oral agreement. For example, in paragraph 62, HBM alleges it did all or substantially all of the significant things that the oral contracts required it to do, but fails to specify or allege anywhere what the terms of the purported oral contract between Mr. Diaz and HBM required of the parties. *See*, *e.g.*, *N. Cty. Communs Corp. v. Verizon Global Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (finding that the defendant did not adequately allege a breach of contract claim where it failed to "plead, among other things, the nature of the contract, dates pertinent to the contract, and other relevant terms that would put [plaintiff] on notice of the basis of" the claim); *Gottesman v. Santana*, 2017 U.S. Dist. LEXIS 104548, at * 8-9 (S.D. Cal. July 6, 2017) (finding allegations insufficient to allow a party to appropriately respond when, "[a]mong other things, these allegations do not provide any specifics regarding the material terms of the verbal contract between [the parties], much less when this contract was allegedly formed and breached").) The amended counterclaims, as drafted, offer no way for Mr. Diaz or the Court to know even generally what the terms of the purported oral contracts between Mr. Diaz and Defendants were and accordingly, the causes of action are fatally uncertain.

**C.    Defendants' Counterclaims are Subject to a Motion to Strike**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Scandalous" has been defined to include (i) allegations that "unnecessarily" question a person's moral character; (ii) allegations that cast a "cruelly" derogatory light on a person; and (iii) vulgar or repulsive allegations that diminish the dignity of the court. *Anderson v. Davis Polk & Wardwell LLP*, 850 F.Supp.2d 392, 416 (SD NY 2012); *Righthaven LLC v. Democratic Underground, LLC*, 791 F.Supp.2d 968, 977 (D NV 2011). Even if an allegation is relevant to plaintiff's claim, it may still be stricken if it is scandalous or set out in "needless detail." *Tucker v. American Int'l Group, Inc.*, 936 F.Supp.2d at 16; *Asher & Simons, P.A. v. j2 Global Canada, Inc.*, 965 F.Supp.2d 701, 704 (D MD 2013) (even though Rule that 12(f) motions are disfavored "relaxed" as to allegations deemed scandalous). In addition, "[s]uperfluous historical allegations are a proper subject of a motion to strike." *Fantasy, Inc*., 984 F.2d at 1527. Allegations that cause delay, confusion of issues, and unnecessarily complicate proceedings are examples of prejudice that may properly be stricken. *Id.* at 1528; *see also Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002) (superfluous pleadings causing unwarranted inferences to be drawn by the trier of fact may be properly stricken).

Defendants' amended counterclaims are filled with wholly irrelevant allegations that are undoubtedly included in an attempt to publicly embarrass Mr. Diaz and create scandal. *See, e.g.*,

Eric Montalvo
*Re: Local Rule 7-3 Meet and Confer re MTD and MTS*
Page 4

Paragraphs 14, 27, 28, 30, 31, 32, 39, 40, from HBM's amended counterclaim, and Paragraphs 12, 20, 21, 23, 24, 25, 29, 32, from Heredia's amended counterclaim. Defendants also pray for the recovery of reasonable attorneys' fees when no permissible grounds for recovery of attorneys' fees by Defendants exists or has been alleged. The Court will strike these unnecessary, immaterial, impertinent allegations that were merely inserted to create scandal and further attempt to use the litigation process to damage Mr. Diaz.

We therefore ask that Defendants voluntarily dismiss their amended counterclaims. We are hopeful we can work to resolve these issues without the need of court intervention. To that end, please let me know a convenient time for a call to discuss on or before **Friday, November 11, 2022**. In an effort to have a meaningful meet and confer, we ask that, in anticipation of a phone call, you please provide us with your position in writing along with any legal authority to support that position. If we do not hear from you, we will assume that you are refusing to further meet and confer and will move forward with preparing and filing Mr. Diaz's motions.

Very truly yours,

Andrew D. White
Litigation Partner
VGC, LLP