UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:20-cv-02332-JWH-KK | Date | November 21, 2022 |
|---|---|---|---|
| Title | *Joseph Diaz, Jr. v. Ralph Heredia, et al.* | | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  **ORDER ON DEFENDANT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER [ECF No. 127] (IN CHAMBERS)**

Before the Court is the motion of Defendant Ralph Heredia for review of his objections to Magistrate Judge Kato's June 22, 2022, Order.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, for the reasons set forth herein.

---

[1]    Def.'s Mot. for Review of Objs. to Magistrate Judge's June 22, 2022, Order (the "Motion") [ECF No. 127].

[2]    The Court considered the documents of record in this case, including the following: (1) the Motion (and its attachments); (2) Pl.'s Opp'n to the Motion (the "Opposition") (and its attachments) [ECF No. 133]; (3) Def.'s Reply in Supp. of the Motion [ECF No. 136]; and (4) Min. Order Denying Def.'s Mot. to Compel [ECF No. 117] and Granting Pl.'s Mot. for Protective Order (the "Order") [ECF No. 122].

## I.   BACKGROUND

In late May 2022,[3] Heredia filed a motion to compel, through which he sought further responses to requests for production and requests for admission.[4] One week later, Plaintiff Joseph Diaz, Jr. filed a motion seeking the entry of a protective order governing the disclosure of confidential information.[5] Both parties sought attorney's fees in their respective motions.[6]

In late June, Magistrate Judge Kato denied Heredia's Motion to Compel and granted-in-part Diaz's Motion for Protective Order.[7] Through the Order, Magistrate Judge Kato awarded Diaz reasonable attorney's fees in the sum of $25,717.50.[8] Heredia objects to the Order under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure.[9]

## II.   LEGAL STANDARD

"When considering objections to a magistrate judge's non-dispositive discovery order under [Rule] 72(a), the district judge must modify or set aside any part of the order 'that is clearly erroneous or is contrary to law.'" *Brooks v. Motsenbocker Advanced Devs., Inc.*, 2008 WL 3049983, at *1 (S.D. Cal. Aug. 1, 2008) (quoting Fed. R. Civ. P. 72(a)).  "The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions." *Id.* (quoting *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal.1999)).  Meanwhile, the "contrary to law standard applies to a magistrate judge's purely legal determinations." *Id.*  A magistrate judge's decision in non-dispositive matters "is entitled to **great deference** by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) (emphasis added).

---

[3]   Unless otherwise noted, all dates are in 2022.

[4]   *See* Def.'s Mot. to Compel (the "Motion to Compel") [ECF No. 117].

[5]   *See* Pl.'s Mot. for Protective Order (the "Motion for Protective Order") [ECF No. 118].

[6]   *See* Motion to Compel; Motion for Protective Order.

[7]   *See* Order.

[8]   *Id.* at 6.

[9]   *See* Motion.  Heredia makes three objections.

## III.   DISCUSSION

### A.   Objection 1

In ruling on Diaz's Motion for Protective Order, Magistrate Judge Kato found that "Defendants fail[ed] to provide any legitimate reason for failing to respond to Plaintiff's requests for entry of a protective order to facilitate discovery."[10] As a factual finding regarding a non-dispositive matter, Magistrate Judge Kato's finding is entitled to "great deference."

In his Motion, Heredia objects to Magistrate Judge Kato's decision "not [to] address why Heredia's reasoning was illegitimate, nor why he should have responded to each and every time Diaz asked Heredia to sign a protective order with terms about which the parties did not agree. But Magistrate Judge Kato *did* address Heredia's reasoning; Magistrate Judge Kato found that Heredia failed "to provide any legitimate reason" for not responding to Diaz's request for entry of a protective order to facilitate discovery.[11] The Court concludes that Magistrate Judge Kato's finding was not clearly erroneous and that Diaz's motion for a protective order was properly granted

With respect to fees, Magistrate Judge Kato correctly observed that "[w]hen a discovery motion is granted, 'the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees,' unless the opposing party's response or objection was substantially justified or other circumstances make an award of expenses unjust."[12] *See* Fed. R. Civ. P. 37(a)(5)(A). Heredia contends that his position was "substantially justified."[13] Magistrate Judge Kato disagreed, and, as the Court discusses above, that finding is not clearly erroneous. Heredia's Objection 1 is **OVERRULED**.

---

[10]   Order 4.

[11]   *Id.* 4.

[12]   *Id.*

[13]   Motion 10:14-16.

B.   **Objection 2**

Heredia contends that he was a prevailing party and, therefore, that he is entitled to attorney's fees.[14]  Heredia supports his argument by pointing to the Order, which directs Diaz to "produce all responsive documents to Defendant's Requests for Production . . . ."[15]  Magistrate Judge Kato's inclusion of that dictate does not make Heredia a prevailing party.  Through the Order, Diaz obtained *all* of the relief that he sought.  Moreover, Magistrate Judge Kato *denied* Heredia's motion.  Heredia is not entitled to Attorney's fees.  Objection 2 is **OVERRULED.**

C.   **Objection 3**

Heredia avers that Diaz's counsel failed to meet-and-confer in compliance with L.R. 7-3.[16]  Heredia contends that, therefore, Magistrate Judge Kato should have stricken Diaz's Motion for Protective Order.[17]  Heredia specifically objects to Magistrate Judge Kato's decision not to address his meet-and-confer arguments.[18]  Diaz responds to that argument by providing evidence that his counsel went to "extreme lengths" to comply with L.R. 7-3.[19]

Whether Diaz complied with L.R. 7-3 is also an issue of fact, with respect to which Magistrate Judge Kato's findings are entitled to great deference.  Diaz provides substantial evidence that he attempted to comply with L.R. 7-3.  Magistrate Judge Kato's decision not to strike the Motion for Protective Order is not clearly erroneous.  Objection 3 is **OVERRULED**.

D.   **Stay Request**

Heredia moves to "stay the imposition of monetary sanctions against him."[20]  Magistrate Judge Kato ordered Heredia to pay the sum of $25,717.50 by

---

[14]    *Id.* at 10:22-24.

[15]    Order 6.

[16]    Motion 13:6-15:7.

[17]    *Id.* at 14:23-25.

[18]    *Id.* at 14:25-15:1.

[19]    Opposition 14:1-4; Decl. of Diyari Vazquez in Supp. of Motion for Protective Order [ECF No. 118-3] ¶¶ 4-27.

[20]    Motion 15:8-9.

no later than July 22.[21]  The instant Motion was set for an *August 5* hearing.  The request was never practical and is now **DENIED as moot**.

## IV.   CONCLUSION

Heredia's Motion is **DENIED**, and Heredia's Objections are **OVERRULED**.  Diaz requests that the Court impose sanctions on Heredia in connection with his instant Motion,[22] but the Court declines to do so.  Nevertheless, the Court notes that the Motion was sufficiently without merit to be borderline sanction-worthy.  All parties are on notice that future meritless motions may result in the imposition of monetary sanctions.

**IT IS SO ORDERED.**

---

[21]   Order 6.

[22]   Opposition 16:7-17:9.