Rajan O. Dhungana (SBN: 297794)
rdhungana@fedpractice.com
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905

Eric S. Montalvo (admitted *Pro Hac Vice*)
emontalvo@fedpractice.com
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6083

*Attorneys for Defendant / Counterclaim Plaintiff*

Ralph Heredia

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (EASTERN DIVISION)

| | |
|---|---|
| Joseph Diaz, Jr., | Case No. 5:20-cv-02332-JWH-KK |
| Plaintiff, | |
| vs. | **DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF JOSEPH DIAZ JR.'S COMBINED MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(b)(6) AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(f)** |
| RALPH HEREDIA; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive, | |
| Defendants. | |

DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF JOSEPH DIAZ JR.'S COMBINED MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(B)(6) AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(F) - 1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

INTRODUCTION AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . 7

I.      PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT AND AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.      LEGAL STANDARD FOR A MOTION TO DISMISS UNDER FED. R. CIV. P.
        12(B)(6)       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.     LEGAL STANDARD FOR A MOTION TO STRIKE UNDER FED. R. CIV. P. 12(F) . . 10

III.    DEFENDANTS WERE PERMITTED TO FILE THEIR AMENDED COUNTERCLAIMS
        UNDER FED. R. CIV. P. 15(A)(1)(B) AS A MATTER OF COURSE . . . . . . . . . . . 10

IV.     HBM HAS PLAUSIBLY ALLEGED A BUSINESS DISPARAGEMENT CLAIM . . . . . 14

V.      DEFENDANTS' BREACH OF CONTRACT CLAIMS ARE SUFFICIENTLY PLED . . . . 18

VI.     NO FACTUAL AVERMENTS WARRANT GRANTING A MOTION TO STRIKE . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ……………………………………….……… 8

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ……………………………………….……… 8

*Blatty v. New York Times Co.,*
    42 Cal.3d 1033 (1986) ……………………………………………..16

*Brown v. Spencer,*
    163 Ca. 589 (Cal. 1912) …………………………………….…… 19

*Cervantes v. City of San Diego*,
    5 F.3d 1273 (9th Cir. 1993) …………………………………………9

*City of Los Angeles v. Citigroup Inc.,*
    24 F.Supp.3d 940 (C.D. Cal. 2014) …………………………………… 20

*Colaprico v. Sun Microsys., Inc.,*
    758 F. Supp. 1335 (N.D. Cal. 1991) ……………………………………10

*Coltrain v. Shewalter,*
    66 Cal. App. 4th 94 (1998), *as modified* (Sept. 4, 1998) ………………..14

*Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.,*
    911 F.2d 242 (9th Cir. Aug. 10, 1990) ………………………………..12

*Cortina v. Goya Foods, Inc.,*
    94 F. Supp. 3d 1174 (S.D. Cal. 2015) ……………………………….. 10

DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF JOSEPH DIAZ JR.'S COMBINED MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(B)(6) AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(F) - 3

*Evans v. Diamond,*

    957 F.3d 1098 (10th Cir. 2020) …………………………………………. 9

*Guess Inc. v. Superior Court,*

    176 Ca. App. 3d 473 (Ct. App. 1986) …………………………………..15

*Herring Networks, Inc. v. Maddow,*

    8 F.4th 1148 (9th. Cir. 2021) …………………………………………. 9

*Hunt v. Central Consol. Sch. Dist.,*

    951 F.Supp.2d 1136 (D.N.M. 2013) …………………………............. 9

*Maloney v. T3Media, Inc.,*

    94 F. Supp. 3d 1128 (C.D. Cal. 2015) …………………………………. 12

*McGrory v. Applied Signal Tech., Inc.,*

    212 Cal. App. 4th 1510 (2013) ………………………………….. 17, 18

*Milkovich v. Lorain Journal Co.,*

    497 U.S. 1 (1990) ………………………………………………... 16, 17

*Nichols v. Great American Ins. Companies,*

    169 Cal.App.3d 766 (1985) ………………………………………….. 16

*Novick v. UNUM Life Ins. Co. of America,*

    570 F. Supp. 2d 1207 (C.D. Cal. 2008) ………………………………. 10

*Nunes v. Meredith,*

    2022 WL 2214205 (E.D. Cal. June 21, 2022) ………………………… 12, 13

*Oasis W. Realty, LLC. V. Goldman,*

    250 P.3d 1115 (Ca. 2011) …………………………………………… 18

*Partington v. Bugliosi,*

    56 F.3d 1147 (9th Cir. 1995) …………………..………………… 16, 17

*Penrose Hill, Ltd. v. Mabray,*

    479 F.Supp.3d 840 (N.D. Cal. 2020) …………………………………… 12

*Perez v. Mortg. Elec. Registration Sys.,*

    959 F.3d 334 (9th Cir. May 11, 2020) …………………………………….. 12

*Peterson v. Grisham,*

    594 F.3d 723 (10th Cir. 2010) …………………………………………… 9

*Pigford v. Veneman,*

    215 F.R.D. 2 (D.D.C. 2003) …………………………………………….. 20

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*

    890 F.3d 828 (9th Cir.), *amended,* 897 F.3d 1224 (9th Cir. 2018) ……. 11, 12

*RDF Media Ltd. v. Fox Broad. Co.,*

    372 F. Supp. 2d 556 (C.D. Cal. 2005) ………………………………… 10

*Reichert v. General Ins. Co.,*

    442 P.2d 377 (Cal. 1968) …………………………………………….. 18

*Ricker v. Ricker,*

    270 P.2d 150 (Or. 1954) ……………………………………………... 19

*Rosales v. Citibank,*

    133 F. Supp. 2d 1177 (N.D. Cal. 2001) …………………………………. 10

*Sanchez v. Am. Media, Inc.,*

    2020 WL 8816343 (C.D. Cal. Dec. 29, 2020)

*Scheuer v. Rhodes,*

    416 U.S. 232 (1974) ………………………………………………….. 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Taus v. Loftus,*

    40 Cal. 4th 683 (2007) …………………………………………… 17

*Verizon Delaware, Inc. v. Covad Commc'ns Co.,*

    377 F.3d 1081 (9th Cir. 2004) ………………………………….. 13

*Walker v. Armco Steel Corp.,*

    446 U.S. 740 (1980) …………………………………………… 13

*Wallach v. Dryfoos,*

    140 A.D. 438 (N.Y.App.Div. 1910) …………………………………… 19

*Weng v. Solis,*

    842 F.Supp.2d 147 (D.D.C. 2012) ………………………………… 20

*Z.F. v. Ripon Unified School District,*

    482 Fed.Appx. 239 (9th Cir. 2012) …………………………………… 11

## S<small>TATUTES</small>

Cal. Code Civ. Proc. § 339 …………………………………………….. 15

Cal. Code Civ. Proc. § 340 …………………………………………….. 15

Cal Code Civ. Proc. § 425.16 ………………………………………….. 11

Fed. R. Civ. P. 12(b)(6) …………………………………….. 9, 11, 12, 19

Fed. R. Civ. P. 12(f) …………………………………………….. 10

Fed. R. Civ. P. 15(a) ……………………………………….. 10, 13, 14

## T<small>REATISES</small>

*Prosser and Keaton on Torts* (5th ed. 1984) ………………………………. 15

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management ("HBM"), by and through counsel, present their opposition in response to Plaintiff Joseph Diaz, Jr.'s ("Diaz's") Motion to Dismiss and Motion to Strike [ECF 155], and in support hereof, respectfully states as follows:

I.    PROCEDURAL BACKGROUND

1.  On August 15, 2022, the Court entered its Order Regarding Motions for Judgment on the Pleadings [ECF 138].

2.  In its Order, the Court ordered Diaz to file an amended pleading by September 2, 2022 [ECF 138].

3.  The Court also ordered Defendants to file respective responses to Diaz's amended operative pleading by September 23, 2022 [ECF 138].

4.  Diaz filed his Second Amended Complaint on September 2, 2022 [ECF 144].

5.  Defendants filed their separate Answers and Counterclaims on September 23, 2022 [ECF 145 & 146].

6.  Plaintiff filed his Motion to Dismiss Defendant's Counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) [ECF 149] and Motion to Strike pursuant to Fed. R. Civ. P. 12(f) [ECF 150] on October 28, 2022.

7. Defendants filed their Amended Counterclaims pursuant to Fed. R. Civ. P. 15(a)(1)(B) [ECF 151 & 152] on November 4, 2022.

8. Plaintiff filed his Combined Motion to Dismiss and Motion to Strike Defendants' Amended Counterclaims on November 18, 2022 [ECF 155].

9. Defendants hereby submit their response in opposition to the granting of Plaintiff's Combined Motions and respectfully urge the Court to deny it.

## ARGUMENT AND AUTHORITIES

### I. LEGAL STANDARD FOR A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be sure, the facts alleged need not be "detailed." *Twombly*, 550 U.S. at 555. But they must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]" *Iqbal*, 556 U.S. at 678 (internal citation omitted). Where a pleading offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," the pleading "will not do." *Id*.

Under Rule 12(b)(6), the Court's review is limited to the allegations in the complaint. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). (Under Rule 12(b)(6), "review is limited to the complaint alone."); *See also Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155-56 (9th. Cir. 2021) (holding district court did not err in refusing to consider evidence submitted by the parties "outside of the pleadings" because plaintiff cannot convert the anti-SLAPP motion into one for summary judgment). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A court presented with a motion to dismiss is not tasked with weighing evidence the parties may use at trial; rather, the court's role is to determine whether the "'complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Evans v. Diamond*, 957 F.3d 1098, 1100 (10th Cir. 2020) (quoting *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)). *See also Hunt v. Central Consol. Sch. Dist*., 951 F.Supp.2d 1136, 1173 (D.N.M. 2013) (noting that the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to "test[] the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true") (citation omitted).

II.   LEGAL STANDARD FOR A MOTION TO STRIKE UNDER FED. R. CIV. P. 12(F)

Motions to strike pursuant to Rule 12(f) "are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.' " *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). As such, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "Courts will not grant motions to strike unless 'convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed.'" *Novick v. UNUM Life Ins. Co. of America*, 570 F. Supp. 2d 1207, 1208 (C.D. Cal. 2008) (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader." *Id.* (citing *RDF Media Ltd.*, 372 F. Supp. 2d at 561).

III.   DEFENDANTS WERE PERMITTED TO FILE THEIR AMENDED COUNTERCLAIMS UNDER FED. R. CIV. P. 15(A)(1)(B) AS A MATTER OF COURSE

A party may amend a pleading as a matter of course within 21 days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). Plaintiff

styled his Motion to Dismiss and Motion to Strike as brought pursuant to Rule 12(b) and Rule 12(f), respectively [ECF 149 & 150]. This should end the inquiry. However, Plaintiff seems to believe that, by virtue of including a "special" motion to strike under California Code of Civil Procedure section 425.16 (the anti-SLAPP statute) in this federal action, he has cleverly forestalled Defendants from taking advantage of the right to amend their pleading afforded by the federal rules of procedure. This argument is erroneous. Anti-SLAPP claims asserted in federal court are analyzed under Rule 12.

Federal procedures to review anti-SLAPP motions differ from California procedures. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,* 890 F.3d 828, 834 (9th Cir.), *amended,* 897 F.3d 1224 (9th Cir. 2018). The *Planned Parenthood* court further elaborated:

> "In *Z.F. v. Ripon Unified School District*, a non-precedential unpublished opinion, we stated: "If a defendant makes an anti-SLAPP motion to strike founded on purely legal arguments, then the analysis is made under Fed. R. Civ. P. 8 and 12 standards; if it is a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted." 482 Fed.Appx. 239, 240 (9th Cir. 2012)."

*Id.* at 833. As Defendants' counterclaims have not been subjected to discovery, the most appropriate analytical framework for any anti-SLAPP challenge would be the

12(b)(6) standard. *Penrose Hill, Ltd. v. Mabray,* 479 F.Supp.3d 840, 849 (N.D. Cal. 2020).

The liberal policy of granting leave to amend on Rule 15 equally applies to anti-SLAPP motions styled as motions to dismiss. *See Maloney v. T3Media, Inc.,* 94 F. Supp. 3d 1128, 1140 (C.D. Cal. 2015), aff'd, 853 F.3d 1004 (9th Cir. 2017) (internal quotations omitted) ("[I]t is generally error to grant a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend."); *see also Sanchez v. Am. Media, Inc.*, 2020 WL 8816343, at *4 (C.D. Cal. Dec. 29, 2020) (explaining how "California and federal courts also differ with respect to granting leave to amend if an anti-SLAPP movant succeeds" because federal courts employ a "more liberal policy"). Even where a party does not request leave to amend, a Court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. Aug. 10, 1990); *Perez v. Mortg. Elec. Registration Sys.*, 959 F.3d 334, 340 (9th Cir. May 11, 2020); *see also Nunes v. Meredith,* No. 121CV00078JLTBAM, 2022 WL 2214205, at *11 (E.D. Cal. June 21, 2022). As such, Defendants were well-entitled to take advantage of their right to amend their counterclaims as a matter of course.

1   Briefly, Defendants address Plaintiff's assertion that he is entitled to attorney

2   fees as the "prevailing party" on his anti-SLAPP motion. This is not supported by

3   law, and is contrary to the policy underlying federal procedure. As the Ninth Circuit

4   has held, "the purpose of the anti-SLAPP statute, the early dismissal of meritless

5   claims, would still be served if plaintiffs eliminated the offending claims from their

6   original complaint. If the offending claims remain in the first amended complaint,

7   the anti-SLAPP remedies remain available to defendants." *Verizon Delaware, Inc.*

8   *v. Covad Commc'ns Co.,* 377 F.3d 1081, 1091 (9th Cir. 2004). While federal

9   jurisprudence has confirmed that parties defending anti-SLAPP suits in federal court

10  may move to strike such claims and receive entitlement to attorney fees when they

11  prevail, it has also cautioned that "[p]rocedural state laws are not used in federal

12  court if to do so would result in a direct collision with a Federal Rule of Civil

13  Procedure." *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749-50, 100 S.Ct. 1978

14  (1980). The *Verizon Delaware* court, in weighing these issues, found that applying

15  the state procedural law surrounding anti-SLAPP suits would "directly collide with

16  Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." 377 F.3d at 1091. Even

17  California state courts have found that the policies favoring awarding attorney fees

18  for voluntary dismissal of an anti-SLAPP suit "do not support defendants' contention

19  that a voluntary dismissal while a special motion to strike is pending

DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF JOSEPH DIAZ JR.'S COMBINED MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(B)(6) AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(F) - 13

should *automatically* entitle a defendant to attorney's fees. At that point, there has been no determination that the action is in fact a SLAPP suit." *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107, 77 Cal. Rptr. 2d 600, 608 (1998), *as modified* (Sept. 4, 1998).

Defendants will not unnecessarily prolong this pleading by analysis of the validity of Plaintiff's anti-SLAPP claims, as they are not re-urged herein (except in support of his claims for attorney fees). Defendants' amendment of the counterclaims pursuant to the liberal leave granted by Rule 15(a) resolves the issue, and Plaintiff's attempt to maintain the claim for attorney fees directly collides with the same. As such, the controlling law counsels that Defendants must be permitted to amend their counterclaims as a matter of course, and that Plaintiff's state-law claim for attorney fees cannot supersede the policy behind federal procedural rules, and deny the same.

IV.    <u>HBM HAS PLAUSIBLY ALLEGED A BUSINESS DISPARAGEMENT CLAIM</u>

HBM has alleged that it operated as the financial vehicle of Moses and Ralph Heredia's efforts to provide professional boxing management services. The expenses associated with the Heredias' management of professional boxers, including Diaz, ran through HBM. HBM's "product" is the management services provided by Moses and Ralph Heredia; its financial situation lives or dies based on the performance of

that task. Thus, statements disparaging the management competency or integrity of the Heredias **directly** assaults the sole product HBM is in business to produce.

While the average defamation claim is subject to a one-year statute of limitations, claims for business disparagement (also referred to as trade libel) under California law are subject to a *two-year* statute of limitations. Cal. Code Civ. Proc. § 339. This is because business disparagement is injury to *property*, i.e., the business, not an individual. Accordingly, the arguments under § 340 advanced by Diaz have been found unavailing by California courts.

For example, in *Guess, Inc. v. Superior Court,* Guess "urged that the trade libel cause of action was barred … by the one year statute of limitations set for in subdivision (3) of Code of Civil Procedure section 340." *Guess Inc. v. Superior Court,* 176 Ca. App. 3d 473, 476 (Ct. App. 1986). The court found that "[t]rade libel and product disparagement are injurious falsehoods that interfere with business. Unlike classic defamation, they are not directed at the plaintiff's personal reputation, but rather at the goods a plaintiff sells or the character of his other business, as such." *Id.* at 479 (quoting *Prosser and Keaton on Torts* (5th ed. 1984) § 128, p. 964). Thus, each and every statement Diaz is alleged to have made falls within the statute of limitations.

Plaintiff's reference to the decision of the *Blatty* court is apt, as that court also held that "to be referred to specifically, we emphasize, the plaintiff need not be mentioned by name, but may be identified by clear implication." *Blatty v. New York Times Co.,* 42 Cal.3d 1033, 1044 n. 1, 232 Cal.Rptr. 542, 728 P.2d 1177 (1986). Here, Diaz's statements directly reference his management in disparaging and inflammatory terms. The statements HBM complains of are not mere "innuendo," as was present in the citation to *Nichols v. Great American Ins. Companies*, 169 Cal.App.3d 766 (1985)[1]. Rather, they are targeted statements, made either to members of the press or posted on Diaz's public social media accounts.

As to the argument that Diaz's statements cannot be defamatory because they are "pure opinion," it is similarly unavailing. Contrary to Diaz's reading on *Partington v. Bugliosi,* the Ninth Circuit does *not* provide that statements of opinion are guaranteed First Amendment protection. As the *Partington* court noted, the Supreme Court had recently rejected this approach in *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990). In *Milkovich,* the Supreme

---

[1] It should also be pointed out that the context of the *Nichols* analysis dealt with statements that the court found were either "ambiguous or susceptible of an innocent meaning," and thereby could not rise to the level of disparagement, as it was unsupported innuendo. *Nichols,* 169 Cal.App. 3d at 774. The statements at issue here are clearly distinguishable.

Court stated that it never intended "to create a wholesale defamation exemption for anything that might be labeled 'opinion.'" *Milkovich,* 497 U.S. at 18. The Court reasoned that "[s]imply couching such statements in terms of opinion does not dispel [the false, defamatory] implications" because a speaker may still imply "a knowledge of facts which lead to the [defamatory] conclusion." *Id.* at 19. The *Partington* court went on to opine that "[e]ven in contexts in which the general tenor of the work suggests that the author is expressing personal opinions, it is possible that a particular statement of opinion may imply a false assertion of objective fact and therefore fall outside the scope of the First Amendment's protection[.]" *Partington v. Bugliosi,* 56 F.3d 1147, 1155 (9th Cir. 1995).

Even if Diaz continues to assert that his statements are "pure opinion" privileged by the First Amendment, his arguments are ineffectual at this state. A plaintiff can defeat a privilege claim at the motion to dismiss stage by plausibly alleging that the defendant acted with actual malice in making the statements at issue. *See Taus v. Loftus*, 40 Cal. 4th 683, 721 (2007). A plaintiff can demonstrate actual malice by "showing that the [statement] was motivated by hatred or ill will towards the plaintiff *or* by showing that the defendant lacked reasonable ground for belief in the truth of the [statement] and therefore acted in reckless disregard of the plaintiff's rights." *Id.* (emphasis original); *see also McGrory v. Applied Signal Tech.,*

*Inc.*, 212 Cal. App. 4th 1510, 1538 (2013) ("[M]alice has been defined as a state of mind arising from hatred or ill will, evidencing a willingness to vex, annoy or injure another person." (internal quotation marks omitted) ). Defendants have adequately pled facts suggesting Diaz's animus and ill will towards them; therefore, his First Amendment arguments are meritless.

V.    DEFENDANTS' BREACH OF CONTRACT CLAIMS ARE SUFFICIENTLY PLED

Diaz's assertion that the breach of contract claims are "fatally uncertain" is unavailing. There are three essential elements to a contract: offer, consideration, and acceptance. The contracts between both parties and Diaz were advances, requested by Diaz, which he acknowledged were premised on his promise to repay. The money was offered by Defendants, in exchange for Diaz' promise to repay it, and he accepted the money. All terms of a contract are satisfied. Diaz' attempt to inject additional requirements for the claim to survive, particularly at this early stage, are inefficacious.

"[T]he elements for a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Oasis W. Realty, LLC. V. Goldman*, 250 P.3d 1115, 1121 (Ca. 2011) (citing *Reichert v. General Ins. Co.*, 442 P.2d 377, 381 (Cal. 1968)). The fact that there are no established terms for

repayment is not a bar to recovery because when money is lent, the law implies a promise to repay the loan. *Brown v. Spencer,* 163 Ca. 589, 595 (Cal. 1912). In an action for recovery of money already lent, it is not necessary that the defendant had specifically agreed to repay the loan on any particular date. *Wallach v. Dryfoos,* 140 A.D. 438, 440 (N.Y.App.Div. 1910). It has generally been recognized that when no time for repayment of a loan is fixed, the loan of money becomes payable either on demand or within a reasonable time. *See, e.g., Ricker v. Ricker*, 270 P.2d 150, 153 (Or. 1954).

Defendants have pled sufficient facts to allege that Diaz was lent money, that he promised and acknowledged his obligation to repay said sums, and that he never repaid said sums. It would be contrary to law, particularly under the standards on a Rule 12(b)(6) motion, to grant any dispositive relief. Accordingly, Diaz's assertion that the breach of contract claims are so "fatally uncertain" as to warrant dismissal should be disregarded.

VI.   <u>No Factual Averments Warrant Granting a Motion to Strike</u>

Briefly, Defendants address Diaz's assertion that certain factual statements should be stricken from their Amended Counterclaims. In short, none of the statements identified remotely rise to the high standards outlined above for granting a Rule 12(f) motion.

It is improper to strike allegations from a pleading, even when they do not specifically refer to any individual defendant, if the allegations "serve a contextual purpose that the Court finds entirely proper." *City of Los Angeles v. Citigroup Inc.*, 24 F.Supp.3d 940, 956 (C.D. Cal. 2014). Furthermore, "[t]he fact that [the] allegations may cast the [defendant] in a 'derogatory light' is insufficient to warrant the striking of allegations from the complaint." *Weng v. Solis*, 842 F.Supp.2d 147, 160 (D.D.C. 2012) (citation omitted) ("The word 'scandalous' in Rule 12(f) generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (quoting *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003).

Diaz largely complains of allegations which cast him in an unfavorable light, particularly in how he manages his finances, or negatively characterize those whom he chooses to do business or associate with. These statements, however, provide necessary context for the allegations Defendants make regarding their counterclaims: Diaz's financial situation provides context for the loans Defendants made to him, while his relationship with MTK, and the unsavory practices said entity engages in, provide context for the deterioration in the relationship between the parties, which gave rise to the "hatred or ill will" underpinning Diaz's motivations

for making disparaging statements regarding the Defendants. Diaz may not like how he and his associates have been characterized, but it is no basis for striking contextually necessary and accurate facts from the counterclaims. Accordingly, Diaz's Motion to Strike should be denied.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs the relief requested in their Combined Motion to Dismiss pursuant to Rule 12(b)(6) and Motion to Strike pursuant to Rule 12(f), and for such other relief as Defendants show themselves entitled.

Dated: December 2, 2022       Respectfully submitted,

/s/ *Rajan O. Dhungana*
Rajan O. Dhungana (SBN: 297794)
FEDERAL PRACTICE GROUP
14481 Aspen Street
Hesperia, CA 92344
Telephone: (310) 795-6905
rdhungana@fedpractice.com

/s/ *Eric S. Montalvo*
Eric S. Montalvo (*Pro Hac Vice*)
FEDERAL PRACTICE GROUP
1750 K Street, N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Fax: (888) 899-6053
emontalvo@fedpractice.com

DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO PLAINTIFF JOSEPH DIAZ JR.'S COMBINED MOTION TO DISMISS AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(B)(6) AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(F) - 21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants / Counterclaim Plaintiffs* Ralph Heredia and Heredia Boxing Management

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2022, I filed the foregoing Defendant's

Joint Response in Opposition to Plaintiff's Motion to Dismiss and Motion to Strike

with the Clerk of the Court and sent a copy of such filing via the CM/ECF system.

Furthermore, I sent a copy via email to the following:

James L. Greeley (SBN 218975)
   jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
   dvazquez@vgcllp.com
Gina M. Simas (SBN 205367)
   gsimas@vgcllp.com
Andrew D. White (SBN 222628)
   awhite@vgcllp.com
VGC, LLP
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 256-8296

*Attorneys for Plaintiff / Counterclaim Defendant*
Joseph Diaz, Jr.


Dated: December 2, 2022

                 Respectfully submitted,


                 /s/ *Eric S. Montalvo*
                 Eric S. Montalvo (Admitted *Pro Hac Vice*)
                 FEDERAL PRACTICE GROUP
                 1750 K Street, N.W., Suite 900
                 Washington, D.C. 20006
                 Telephone: (202) 862-4360
                 emontalvo@fedpractice.com