James L. Greeley (SBN 218975)
  jgreeley@vgcllp.com
Diyari Vázquez (SBN 222461)
  dvazquez@vgcllp.com
Andrew D. White (SBN 222628)
  awhite@vgcllp.com
**VGC, LLP**
1515 7th Street, No. 106
Santa Monica, California 90401
Telephone: (424) 272-9885
*Attorneys for Plaintiff,* JOSEPH DIAZ, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| JOSEPH DIAZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RALPH HEREDIA, true name RAFAEL HEREDIA TARANGO, a/k/a RAFAEL HEREDIA, a/k/a RAFAEL BUSTAMANTE; JOHN DOE, ESQ.; and JANE DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 5:20-cv-02332-JWH-KK<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S COMBINED MOTIONS TO DISMISS COUNTERCLAIMS AND AMENDED COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO RULE 12(b)(6), SPECIAL MOTION TO STRIKE DEFENDANTS' COUNTERCLAIMS PURSUANT TO CODE OF CIVIL PROCEDURE §425.16, AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' AMENDED COUNTERCLAIMS PURSUANT TO RULE 12(f); REQUEST FOR SANCTIONS**<br><br>[Submitted concurrently herewith: Declaration of Andrew D. White]<br><br>Date:        December 16, 2022<br>Time:        9:00 a.m.<br>Courtroom:   9D<br>Judge:       Hon. John W. Holcomb<br><br>Discovery Cut-Off Date: March 31, 2023<br>Pre-Trial Conference Date: June 23, 2023<br>Trial Date: July 10, 2023 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Joseph Diaz, Jr. ("Plaintiff" or "Diaz") filed his Second Amended Complaint on September 2, 2022. In response, On September 23, 2022, Defendants Ralph Heredia ("Heredia") and Heredia Boxing Management ("HBM") (Collectively "Defendants") filed Counterclaims which were admittedly brought in retaliation for Plaintiff exercising his constitutional right to file a lawsuit against Defendants and his First Amendment right to free speech, triggering California's anti-SLAPP statute. After Defendants refused to meet and confer with Plaintiff pursuant to L.R. 7-3 regarding the allegations contained in the Counterclaims, on October 28, 2022, Plaintiff filed a combined Motion to dismiss Defendants' Counterclaims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") section 12(b)(6), and special Motion to Strike pursuant to California *Code of Civil Procedure* section 425.16 under California's Anti-SLAPP statute. Plaintiff also filed a separate Motion to Strike Portions of Defendants' Counterclaims. These two motions pertaining to Defendant's originally filed Counterclaims are still set for hearing on December 16, 2022.

On November 4, 2022, Defendants filed Amended Counterclaims[1] [Dkts. 151 & 152]. Defendants failed to agree to remedy the deficiencies still inherent in the Amended Counterclaims so Plaintiff filed a Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted under Rule 12(b)(6), and Motion to Strike Portions of the Amended Counterclaims under Rule 12(f) [Dkt. 155]. The Motions[2] filed by Plaintiff are all set for hearing on December 16, 2022.

---

[1] Plaintiff objected to the filing of the Counterclaims, as Defendants did not obtain leave of court or consent from Plaintiff.

[2] The three motions filed by Plaintiff set for hearing on December 16, 2022 [Dkts. 149, 150, & 155] are referred to herein as "the Motions."

1
REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS AND MOTION TO STRIKE

Pursuant to Local Rule ("L.R.") 7-9, an opposition must be filed twenty-one days prior to the hearing date. Applying L.R. 7-9 to Diaz's noticed hearing date of December 16, 2022, Defendants' Oppositions were due to be filed on November 25, 2022. To date, no Opposition has been filed.

The failure by Defendants to file an Opposition underscores the very nature of Defendants' consistently abusive litigation tactics.[3] Throughout this litigation, Defendants have played fast and loose with regard to compliance with the Court's Local Rules, and have demonstrated a complete lack of professionalism in its dealings with Plaintiff. With regard to Defendants' originally filed Counterclaims, Defendants failed to meet and confer per L.R. 7-3, so Plaintiff was forced to incur a large amount of fees and costs to prepare and file the first Motion to Dismiss under Rule 12(b)(6) and Special Anti-SLAPP Motion to Strike under CCP section 425.16, and separate Rule 12(f) Motion to Strike. These are fees and costs that must be mandatorily awarded to Plaintiff as the prevailing party on the Anti-SLAPP Motion to Strike. Then, in an effort to plead around these motions, Defendants filed the Amended Counterclaims without leave of Court or consent from Plaintiff. Again, Defendants failed to meet and confer to resolve the issues inherent in the Amended Counterclaims, requiring Plaintiff to incur even more fees and costs to prepare and file the present Motion to Dismiss under Rule 12(b)(6), and Motion to Strike under Rule 12(f). Now, after Plaintiff has spent all of the time and effort attempting to meet and confer with Defendants, and incurring the fees and costs inherent in filing said motions, Defendants have failed to

---

[3] Plaintiff reminds the Court of the admonition given in the recent Order Denying Defendants' Motion for Review of Magistrate Judge's Order [Dkt. 156], wherein the Court declined to impose further sanctions against Defendants but found Defendants' motion to be "borderline sanction-worthy." As will be addressed herein, Plaintiff asserts Defendants' conduct in failing to even oppose these motions or voluntarily dismiss the Counterclaims requiring Plaintiff to file three separate motions has taken Defendants conduct from borderline sanction-worthy to unquestionably sanction-worthy (see L.R. 7-13 and L.R. 83-7).

file *any* opposition to the motions, failing to stand behind the very Counterclaims that they continue to press, while simultaneously refusing to meet and confer on such Counterclaims..  These litigation tactics have not occurred by chance; they are a deliberate and consistent strategy that Defendants have used to oppress and harass Plaintiff.  Such tactics cannot and should not be condoned an.

In addition to the grounds set forth in the Motions, Defendants' failure to oppose the Motions must be deemed as consent to dismissal of the Counterclaims, without leave to amend, and the Court should grant the Motions in their entirety.

Additionally, as briefed in the Motions, Plaintiff is entitled to an award of his fees and costs incurred in bringing the CCP 425.16 Anti-SLAPP motion as the prevailing party and requests an order awarding his attorneys' fees in the amount of $12,075.00.  The filing of the Amended Counterclaims does not absolve Defendants from their obligation to pay Plaintiff its mandatory attorneys' fees and costs as the prevailing party.  Further, due to Defendants' continued disregard for the Local Rules and Plaintiff's time and expense incurred in securing compliance, Plaintiff requests an order granting further attorneys' fees and costs and/or sanctions against Defendants based on L.R. 7-13 and L.R. 83-7.

II.  **ARGUMENT**

**A. Defendants' Failure to File an Opposition Should be Deemed Consent to the Granting of the Motions.**

Under the Local Rules of the Central District of California, an opposition must be filed twenty-one days prior to the hearing date.  (L.R. 7–9) "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion" other than a motion for summary judgment. (L.R. 7–12)  The Ninth Circuit has repeatedly reaffirmed that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  Specifically, courts in this district may grant a motion to dismiss under

Local Rule 7–12 where a plaintiff fails to oppose a motion to dismiss. Goulatte v. County of Riverside, 587 Fed.Appx. 374, 376 (9th Cir. 2014) ("The district court did not abuse its discretion in applying Local Rule 7–12 and granting dismissal"); Reynosa v. Bank of America N.A., 585 Fed.Appx. 537, 538 (9th Cir. 2014) ("The district court did not abuse its discretion in dismissing the action because the [plaintiffs] failed to oppose defendants' motions to dismiss," citing Central District Local Rules 7–9 and 7–12).

The Local Rules provide that Defendants must file an opposition to the Motion to Dismiss no later than twenty-one days prior to the hearing date for which the motion is noticed. (L.R. 7–9) Applying Local Rule 7–9 to Plaintiff's noticed hearing date of December 16, 2022, Defendants' Oppositions were due to be filed on November 25, 2022. (See L.R. 7–9) To date, no Opposition has been filed. Defendants did not seek an extension of time or request leave of Court to file any Opposition. There should be consequences. As the First Circuit in Mendez v. Banco Popular De Puerto Rico, explained:

> Rules are rules--and the parties must play by them. In the final analysis, the judicial system depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance.

900 F.2d 4, 7 (1st Cir. 1990).

It is critical that parties adhere to deadlines if the Court is to function effectively and efficiently. See, e.g., Young v. City of Palm, Fl, 358 F.3d 859, 864 ("A district court must be able to exercise its managerial power to maintain control over its docket."). Defendants are in clear violation of the Local Rules and, under Local Rule 7–12, the Court may deem this failure to respond as consent to dismissal of the action.

If Defendants ultimately file an untimely Opposition, Plaintiff respectfully

requests the Court disregard this untimely Opposition pursuant the Court's inherent authority and under Local Rule 7-12. Diaz requests the Court grant the Motion in its entirety without leave to amend, for the substantive reasons discussed in his moving papers and above. A federal trial court has inherent authority to manage its docket. <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 629-30 (1962). This inherent authority includes the ability to disregard untimely motions and oppositions. <u>Id</u>. In addition, Local Rule 7-12 expressly authorizes the Court, at its discretion, to "decline to consider any memorandum or other document not filed within the deadline set by order or local rule." (L.R. 7-12)

Additionally, because the Motions were not opposed, Plaintiff requests that this Court issue an Order on the Motions at its earliest convenience. An expedited Order granting the Motions and dismissing the Counterclaims without leave to amend may facilitate resolution of this matter.

**B. Defendants Should be Sanctioned for Failure to Comply with L.R. 7-13 and L.R. 83-7.**

Defendants' disregard for the Local Rules is not a one-off event; rather such conduct is indicative of a larger and consistent pattern of dilatory conduct by Defendants' counsel[4]. Given the totality of circumstances of this case, Defendants failure to timely file an Opposition, or file *any* Opposition, should be deemed consent to the granting of the motion, without leave to amend, and an order granting attorney

---

[4] See Dkt. 33, in which this Court admonished Defendants for not following the Local Rules. See also Dkt. 122, in which this Court ordered Defendants to pay Plaintiff the sum of $25,717.50 as reasonable attorneys' fees pursuant to FRCP 37(a)(5)(A), and Dkt. 156, in which this Court denied Defendants Review of Magistrate Judge's Order granting the award of fees and costs. Defendants were ordered to pay the award of attorney's fees on or before July 22, 2022. Payment is now over four months overdue as a result of Defendants' delay tactics. After the recent order denying Defendants motion (Dkt. 156), Plaintiff's counsel sent Defendants' counsel an email demanding payment immediately, but in no event later than December 2, 2022. [See Declaration of Andrew D. White, ¶2.] Defendant's counsel has not responded, and, as of the date of this Reply, has not complied with the Court's order to pay Plaintiff these fees and costs. [White Decl. at ¶3]

fees and costs and/or monetary sanctions should follow.  L.R. 7-12; see also L.R. 7-13 (Sanctions for Late Filing). Under Rule 7-12, the Court could grant Diaz's Motion on this basis alone. <u>See, e.g.</u>, <u>Ferrin v. Bias</u>, No. ED CV 02-535 RT (SGLx), 2003 U.S. Dist. LEXIS 27498, 2003 WL 25588274, *1 n. 1 (C.D. Cal. 2003) ("Under Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion.").  Further, under L.R. 7-13, a party filing any document in opposition to any motion noticed for hearing after the time for filing shall have expired <u>shall</u> be subject to sanctions under L.R. 83-7. L.R. 83-7 provides for an award of monetary sanctions and/or the imposition of costs and attorneys' fees to opposing counsel for the violation of or failure to conform to any of the Local Rules.  A further award of monetary sanctions and/or attorneys' fees and costs against Defendants is mandatory under these conditions.  Plaintiff has incurred a total of **$10,465.00** in fees and costs preparing and filing the Motion to Dismiss and to Strike Portions of Defendants Amended Counterclaims. [White Decl. at ¶¶4-10] Plaintiff requests an award of its attorneys' fees and costs, as well as any other sanctions award this Court deems appropriate under the circumstances.

## III. CONCLUSION

The Motions filed by Plaintiff have demonstrated that the Counterclaims filed by Defendants should be dismissed, without leave to amend.  However, for the additional reason that Defendants have failed to file any Opposition to the Motions, Plaintiff respectfully requests that the Court grant the Motions in their entirety, dismissing Defendants' Counterclaims without leave to amend, inclusive of an award of Plaintiff's attorneys' fees and costs in the amount of $12,075.00 as the prevailing party on the special Anti-SLAPP Motion to Strike brought pursuant to CCP 425.16. Further, due to Defendants' continued disregard for the Local Rules, and Plaintiff's time and expense incurred in securing compliance, Plaintiff requests an order granting further attorneys' fees and costs in the amount of **$10,465.00**, and/or sanctions against

Defendants based on L.R. 7-13 and L.R. 83-7, in an amount this Court deems appropriate under the circumstances.

An expedited Order granting the Motions and dismissing the Counterclaims without leave to amend will likely facilitate resolution of this matter. Therefore, Plaintiff respectfully request the Court issue an Order granting the Motions on an expedited basis.

*Respectfully submitted*,

Dated:  December 2, 2022  **VGC, LLP**

By: ___*/s/ Andrew D. White*_____

James L. Greeley
Diyari Vázquez
Andrew D. White
Gina Simas
Attorneys for Plaintiff,
JOSEPH DIAZ, JR.

# CERTIFICATE OF SERVICE

I, Jacqueline Gidney, hereby certify that on December 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document to the non-CM/ECF participants indicated on the Manual Notice List.

Dated: December 2, 2022         By:____/s/*Jacqueline Gidney*_____
                                        Jacqueline Gidney